IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re:<br><br>FREE SPEECH SYSTEMS, LLC,<br><br>Debtor. | ) Case No. 22- __60043___<br>)<br>) Chapter 11 (Subchapter V)<br>)<br>)<br>) |

**ORDER (I) APPROVING DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) APPROVING ADEQUATE ASSURANCE PROCEDURES, (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtor for entry of an order (this "Order"): approving the Proposed Adequate Assurance of payment for future Utility Services; approving the Adequate Assurance Procedures for resolving Additional Assurance Requests; prohibiting Utility Providers from altering, refusing or discontinuing services; and granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

"Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtor shall cause a copy of the Motion and this Order to be served on each Utility Provider listed on the Utility Services List no later than two business days after the date this Order is entered.

2. The Debtor's ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by Bankruptcy Code section 366.

3. The following "Adequate Assurance Procedures" are hereby approved:

(i) Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties. An Additional Assurance Request may be made at any time.

(ii) Any Additional Assurance Request must: (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtor's payment history relevant to the affected account(s), including any security deposits; and (iv) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(iii) Upon the Debtor's receipt of any Additional Assurance Request, the Debtor shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request.

(iv) The Debtor may, without further order from the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Provider, and the Debtor may, in connection with any such agreement, provide such Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments or other forms of security if the Debtor believes that such adequate assurance is reasonable in their business judgment, subject to the terms of any collateral or other financing order entered by the Court; provided, however, that the Debtor shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any official committee appointed

        in these chapter 11 cases and the U.S. Trustee upon request.

(v)      If the Debtor and the Utility Provider are not able to reach an alternative resolution within 14 days of receipt of the Additional Assurance Request, the Debtor will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "<u>Determination Hearing</u>"), pursuant to Bankruptcy Code section 366(c)(3). Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing or discontinuing Utility Services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

4.      If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request additional adequate assurance by following the Adequate Assurance Procedures and providing notice to: (i) the Debtor and its counsel and the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002 (collectively, the "<u>Notice Parties</u>").

5.      The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

6.      Unless and until a Utility Provider files an objection or serves an Additional Assurance Request, such Utility Provider shall be: (i) deemed to have received adequate assurance of payment that is "satisfactory" to such Utility Provider in compliance with Bankruptcy Code section 366 and (ii) forbidden from (a) discontinuing, altering or refusing services to, or discriminating against, the Debtor on account of any unpaid prepetition charges, the commencement of these chapter 11 cases or any perceived inadequacy of the Proposed Adequate Assurance, and (b) requiring additional assurance of payment other than the Proposed Adequate Assurance.

7.      The Debtor is authorized, following a time period of 14 days afforded to (i) the affected Utility Provider and (ii) counsel to Notice Parties to object, and the Debtor having received no objection from any such Utility Provider, to remove any Utility Provider from the Utility Services

List. If an objection is received, the Debtor shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtor and the Utility Provider may agree. The Debtor shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Provider that the Debtor seeks to terminate or delete from the Utility Services List unless and until the 14-day notice period has passed and the Debtor has not received any objection to the termination or deletion of such Utility Provider from the Utility Services List, or until such objection has been resolved consensually or by order of the Court.

8.   The Debtor is authorized to add any Utility Provider to the Utility Services List; provided that such amended Utility Services List shall be served on the Notice Parties. This Order shall be binding upon any subsequently-identified Utility Provider. To the extent the Debtor identifies additional Utility Providers, the Debtor will serve on such Utility Provider, within two business days, a copy this Order, including the Adequate Assurance Procedures, and provide such Utility Provider a time period of 14 days to object to the inclusion of such Utility Provider on the Utility Services List. If an objection is received, the Debtor shall request a hearing before this Court. In addition, the Debtor will provide an Adequate Assurance Deposit in an amount equal to the cost for services for 14 days based on historical average payments during the preceding 12 months for any Utility Provider added to the Utility Services List as set forth herein.

9.   The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtor that such entity is, or is not, a "utility" within the meaning of Bankruptcy Code section 366, and the Debtor reserves all rights with respect thereto.

10.  Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable

nonbankruptcy law; (b) a waiver of the Debtor's, or any other party in interest's, right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt or reject any agreement, contract or lease pursuant to Bankruptcy Code section 365; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity or perfection or to seek avoidance of all such liens.

11. Notwithstanding anything in this Order to the contrary, any payment to be made, or any authorization contained hereunder shall be subject to the terms of any orders authorizing use of cash collateral approved by this Court in the chapter 11 case.

12. The Adequate Assurance Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtor and are not limited to those parties or entities listed on the Utility Services List.

13. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

14. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a), and the Bankruptcy Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon entry. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: August ___, 2022

_____
UNITED STATES BANKRUPTCY JUDGE