IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re:<br><br>FREE SPEECH SYSTEMS, LLC,<br><br>Debtor. | Case No. 22- 60043<br><br>Chapter 11 (Subchapter V) |

**DEBTOR'S EMERGENCY MOTION TO EXTEND TIME TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED, IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER, IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

RELIEF IS REQUESTED NOT LATER THAN AUGUST 3, 2022.

The above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>" or "<u>FSS</u>"), in the above-referenced chapter 11 case, hereby files this emergency motion (the "<u>Motion</u>") respectfully submits this Emergency Motion to Extend Time to File Schedules and Statements of Financial Affairs (the "<u>Motion</u>"). In support of the Motion, the Debtor submits and incorporates by reference the *Declaration of Marc Schwartz in Support of Voluntary Petition and First Day Motions* (the "<u>First</u>

1

Day Declaration"), filed concurrently herewith. In further support of the Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. On July 29, 2022 (the "Petition Date"), the Debtor commenced the above captioned cases by filing voluntary petitions for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").

2. The Debtor continues in the possession of its property and is operating and managing its businesses as debtor and debtor-in-possession pursuant to Section 1182(2) of the Bankruptcy Code.

3. No request for a trustee or examiner has been made. No statutory committee of creditors has been appointed.

4. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion are proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief sought in this Motion are 11 U.S.C. §§ 105, 361, and 363 and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

## FSS' BACKGROUND

6. Alex Jones began his career in the broadcasting industry fresh out of high school. Austin Public Access provided the forum from Alex's first broadcast. In 1996 he transitioned to talk radio. After leaving talk radio in 1999, he started broadcasting over the internet with a handful of employees. Revenue was largely generated from advertising and the sale of books, T-shirts and videos.

7. What began as a family business continued to expand and in 2007 FSS was formed. The business continued to grow, adding a full-blown studio and employing over 60 people. By 2013, FSS started selling dietary supplements to its growing listener base.

8. FSS is presently engaged in the business of producing and syndicating Jones' radio and video talk shows and selling products targeted to Jones' loyal fan base via the Internet. Today, FSS produces Alex Jones' syndicated news/talk show (The Alex Jones Show) from Austin, Texas, which airs via the Genesis Communications Network on over 100 radio stations across the United States and via the internet through websites including Infowars.com.

9. On its Infowars.com[1] website today, FSS makes available to customers dietary supplements, ranging from Vitamin D3 Gummies, Ultimate Immune Support Pack, Pollen Block and other health products, including Tea Tree Shampoo. The website also has available books, t-shirts and other products Jones advertises during his radio talk show. The vast majority of FSS revenues comes from sales of dietary supplements which have traditionally been supplied by PQPR Holdings Limited, LLC ("PQPR"), an affiliated entity.

10. As of July 1, 2022, FSS employed a workforce of 58 individuals, the majority of whom had direct reporting relationship to Alex Jones. In one building in Austin, Texas, FSS has four studios. This is the building where Jones produces his shows, including The Alex Jones Show. An adjacent building contains administrative offices and customer support. In a separate location in Austin, Texas, FSS has a building where warehousing and product sales fulfillment takes place. All of the studios and offices are in leased space.

11. Since inception, Alex Jones has been a "single talent business", to wit, without Alex Jones and his show, there would neither be an InfoWars nor any internet sales. Despite the rapid

---

[1] FSS licenses the Inforwars.com domain and trademark for InfoWars from InfoW, LLC.

growth in the scale, diversity of operations and revenue, FSS remained a family run business and did not retain professional management or install professional management systems. FSS failed to bring on board the necessary management skills to manage what was once a small family business but had become a $70 to $80 million enterprise. The Debtor and its employees continued to run the business with an inverted T structure, as though it was still a family business.

12. In 2022, Alex Jones retained professionals to evaluate the status of FSS. Since May 2022, FSS has retained W. Marc Schwartz ("Schwartz" or "CRO") as its Chief Restructuring Officer, with broad powers to review the company's past financial performance, analyze the condition of FSS's books and records and evaluate whether FSS is a business that can be reorganized. Schwartz retained his firm Schwartz Associates to perform various accounting and forensic work associated with his mandate.

13. In addition, FSS has retained Jeffery Shulse as its Business Manager. He has been parachuted into FSS's offices in Austin to (a) implement viable accounting and financial management functions; (b) implement sorely needed internal accounting controls and, (c) establish uniform personnel policies.

14. Throughout the review conducted by the CRO and his team, they have been given complete access to FSS employees, books and records. Among the preliminary conclusions reached in Schwartz' analysis of FSS are:

(a) Although the company had a controller and two bookkeepers (none of which appear to have any formal accounting background), the 2021 general ledger had not been completed and the books for that period were not closed;

(b) Few transactions had been recorded in the 2022 general ledger;

(c) No financial statements were produced for the company for the 18 months preceding

Schwartz' engagement;

(d) The bank accounts had not been reconciled in 2021 or 2022; and

(e) Internal accounting controls were completely inadequate, including lack of segregation of duties, absence of written monthly, quarterly and annual closing schedules, lack of supervisory review of key accounting functions, including vendor set up, bank reconciliations, inventory reconciliations, or intercompany billings;

(f) Payments to vendors were debited to an expense account, but not to the specific vendor account; and

(g) Credit card transactions were not recorded to specific expense accounts.

15. Since their engagement, the CRO and his team have closed the books for 2021 and made significant progress fixing past bookkeeping omissions and oversights.  As a result of these actions, the CRO has a vastly improved understanding of FSS's financial standing and its ability to operate profitably going forward.  Equally importantly, they have renegotiated business terms with PQPR on the allocation of proceeds from product sales to be more favorable to FSS.

16. Because of the state of FSS's books the information required to complete the Schedules and Statement of Financial Affairs is only now becoming available to the CRO. Further the attention required to evaluate and refocus the Debtor's operations and the attention required to prepare for the commencement of this chapter 11 case has captured the CRO's time and attention leaving less time available to prepare the Schedules and Statement of Financial Affairs.

## RELIEF REQUESTED

17. Section 1116(3) of the Bankruptcy Code provides that in a small business case, the debtor in possession shall "timely file all schedules and statements of financial affairs, unless the

court, after notice and a hearing, grants an extension, which shall not extend such period to a date later than 30 days after the date of the order for relief, absent extraordinary and compelling circumstances." 11 U.S.C. § 1116(3). Bankruptcy Code 521(a) and Bankruptcy Rules 1007(b) and (c) require a debtor to file its schedules of assets and liabilities and its statement of financial affairs with the Court within 14 days of the petition date.

18. While the Debtor has endeavored to file its Schedules and Statement of Affairs within the time allotted, it will be unable to do so for the reasons stated above. The Debtor requests that the Court extend the time to file its Schedules and Statements of Affairs for an additional fifteen (15) days for cause shown as provided in Bankruptcy Code §1116(3).

## NO PREVIOUS REQUEST

19. No prior motion for the relief requested herein has been made by the Debtor to this or any other court.

## EMERGENCY CONSIDERATION

20. The Debtor requests emergency consideration of this Motion on August 3, 2022 or as soon thereafter as the Court's schedule will allow. The Schedules and Statement of Financial Affairs would need to be filed on August 12, 2022, absent the relief requested in the Motion and determination of the Motion will enable the CRO and the Debtor's professionals to properly allocate resources among the various matters requiring attention in the early parts of this chapter 11 case.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE PREMISES CONSIDERED, the Debtor moves this Court enter the Order substantially in the form attached hereto extending the time to file its Schedules and Statement of Financial Affairs until August 29, 2022, and granting the Debtor such other and further relief to which it may be justly entitled.

Respectfully submitted this 29th day of July, 2022.

**LAW OFFICES OF RAY BATTAGLIA, PLLC**

/s/*Raymond W. Battaglia*
Raymond W. Battaglia
State Bar No. 01918055
rbattaglialaw@outlook.com
66 Granburg Circle
San Antonio, Texas 78218
Tel. (210) 601-9405

*Proposed Counsel to the Debtor and Debtor-In-Possession*

-and-

**SHANNON & LEE LLP**

/s/*Kyung S. Lee*
Kyung S. Lee
State Bar No. 12128400
klee@shannonleellp.com
R. J. Shannon
State Bar No. 24108062
rshannon@shannonleellp.com
700 Milam Street, STE 1300
Houston, Texas 77002
Tel. (713) 714-5770

*Proposed Co-Counsel to the Debtor and Debtor in Possession*

**CERTIFICATE OF ACCURACY**

I hereby certify that the forgoing statements are true and accurate to the best of my knowledge and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ *Raymond W. Battaglia*

## CERTIFICATE OF SERVICE

      I hereby certify that on the date of filing, a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service, (b) by U.S.P.S. first class mail on all parties indicated in the attached service list, and (c) the following parties by email:

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Alinor C. Sterlin, Christopher Mattei, Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Avi Moshenberg
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
rchapple@cstrial.com

Cliff Walson
Walsont Bowlin Callendar, PLLC
4199 San Filipe Street, STE 300
Houston, TX 77027
cliff@wbctrial.com

Jon Maxwell Beatty
The Beatty Law Firm PC
1127 Eldridge Pkwy, Suite 300, #383
Houston, TX 77077
max@beattypc.com

                                              */s/ Raymond W. Battaglia*

**USPS Service List**

<u>Twenty Largest Unsecured Creditors</u>

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06870

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive STE 301
Coral Springs, FL 33065

Atomial LLC
1920 E. Riverside Dr.
Suite A-120 #124
Austin, TX 78741

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Jacquelyn Blott
200 University Blvd
Suite 225 #251
Round Rock, TX 78665

Joel Skousen
PO Box 565
Spring City, UT 84662

eCommerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405

Paul Watson
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire S10 3FA
United Kingdom

Brennan Gilmore
c/o Civil rights Clinic
600 New Jersey Avenue, NW
Washington, DC 20001

Greenair, Inc
23569 Center Ridge Rd
Westlake, OH 44145

Edgecast, Inc
Dept CH 18120
Palatine, IL 60055

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

WWCR
1300 WWCR Ave
Nashville, TN 37218-3800

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404

CustomTattoNow.com
16107 Kensington Dr. #172
Sugar Land, TX 77479

AT&T
PO Box 5001
Carol Stream, IL 60197-5001

2

Justin Lair
1313 Lookout Ave
Klamath Falls, OR 97601

Parties Claiming Interest or Lien Affected

PQPR Holdings Limited, LLC
c/o Stephen Lemmon
1801 S. Mopac Expressway
Suite 320
Austin, TX 78746

Parties Filing Notice of Appearance

N/A

Subchapter V Trustee

N/A (Not Yet Appointed)

U.S. Trustee

Office of the U.S. Trustee
515 Rusk Ave STE 3516
Houston, TX 77002

Additional Notice Parties

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008

Attn: Alinor C. Sterlin, Christopher Mattei,
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604