# Exhibit 10

1

```
XO6 UWY CV18-6046436-S     :    SUPERIOR COURT

ERICA LAFFERTY, ET AL      :    JUDICIAL DISTRICT OF WATERBURY

V                          :    AT WATERBURY, CONNECTICUT

ALEX EMRIC JONES, ET AL    :    NOVEMBER 15, 2021

---------------------------------------------------------------

XO6 UWY CV18-6046437-S     :    SUPERIOR COURT

WILLIAM SHERLACH, ET AL    :    JUDICIAL DISTRICT OF WATERBURY

V                          :    AT WATERBURY, CONNECTICUT

ALEX EMRIC JONES, ET AL    :    NOVEMBER 15, 2021

---------------------------------------------------------------

XO6 UWY CV18-6046438-S     :    SUPERIOR COURT

WILLIAM SHERLACH, ET AL    :    JUDICIAL DISTRICT OF WATERBURY

V                          :    AT WATERBURY, CONNECTICUT

ALEX EMRIC JONES, ET AL    :    NOVEMBER 15, 2021
```

## COURT'S RULING

B E F O R E:

       THE HONORABLE BARBARA N. BELLIS, JUDGE


A P P E A R A N C E S:


  Representing the Plaintiffs:

     ATTORNEY CHRISTOPHER MATTEI
     ATTORNEY ALINOR STERLING
     ATTORNEY MATTHEW BLUMENTHAL
     Koskoff Koskoff & Bieder
     350 Fairfield Avenue
     Bridgeport, Connecticut  06604

2

Representing the Defendants:

ATTORNEY JAY MARSHALL WOLMAN
Randazza Legal Group
100 Pearl Street
Hartford, Connecticut  06103

ATTORNEY CAMERON L. ATKINSON
Pattis & Smith
383 Orange Street
New Haven, Connecticut  06511

ATTORNEY MARIO CERAME
Brignole Bush & Lewis
73 Wadsworth Street
Hartford, Connecticut  06106

Recorded and Transcribed By:
Patricia Sabol
Court Monitor
400 Grand Street
Waterbury, Connecticut  06702

3

1        THE COURT:  All right.  So I will order a copy of

2    the transcript of the following ruling, and I will

3    sign it and I will place it in the court file as my

4    decision for the purposes of any appeal.

5        So I'll first address the Clinton deposition

6    issue and the conduct of July 1, 2021.  In the July

7    19, 2021 court filing by the defendants Infowars, LLC,

8    Free Speech Systems, LLC, Infowars Health, LLC and

9    Prison Planet, LLC, they described how in the motion

10   to depose Hillary Clinton, testimony designated by the

11   plaintiffs as highly confidential was filed in the

12   Clinton deposition motion.  They explained that this

13   was done because in their opinion, the plaintiffs did

14   not have a good-faith basis to designate the

15   deposition as highly confidential before the

16   deposition had commenced, despite the fact that the

17   Jones defendants had previously done so themselves.

18   And it is not lost on the Court that the highly

19   confidential information was improperly filed in the

20   middle of the first deposition of a plaintiff.

21       The July 19, 2021 filing is in sharp contrast to

22   the Jones defendants' position at the October 20, 2021

23   sanctions hearing where the Court addressed what, if

24   any, sanctions should enter.  At the October 20

25   hearing, the Jones defendants claim they could publish

26   confidential information as long as they did not

27   reveal the name of the witness.  That is, they argued

4

1    unconvincingly that they didn't understand the very

2    protective order that they themselves drafted and

3    asked the Court to approve as a Court order, which the

4    Court did.

5        The position of the Jones defendants at the

6    October 20, 2021 sanctions hearing did nothing but

7    reinforce the Court's August 5th, 2021 order and

8    findings that the cavalier actions on July 1st, 2021

9    constituted willful misconduct and violated the

10   Court's clear and unambiguous protective order.

11       The history of the attorneys who have appeared

12   for the defendants, Alex Jones, Infowars, LLC, Free

13   Speech Systems, LLC, Infowars Health, LLC and Prison

14   Planet TV, LLC is a convoluted one, even putting aside

15   the motions to withdraw appearance, the claims of

16   conflict of interest and the motions for stay advanced

17   by these five defendants.

18       As the record reflects, on June 28, 2018,

19   Attorney Wolman appeared for all five of the Jones

20   defendants.  Eight months later, on March 1st, 2019,

21   Attorney Wolman is out of the case and Pattis & Smith

22   filed an in-lieu-of appearance for all five

23   defendants.  On February 24, 2020, Attorney Latonica

24   also appeared for all five defendants.  Five months

25   later on July 7, 2020, Attorney Latonica and Pattis &

26   Smith is now out of the case and Attorney Wolman is

27   back in the case for all five defendants.  Then on

5

1    June 28, 2020, Pattis and Smith is back in the case,

2    but now only appears for the four LLC defendants.

3        But what is perhaps more significant is the

4    transparent attempt to cloud the issues by Pattis &

5    Smith, for example, by listing the names of only three

6    of the four clients they represent when filing the

7    motion to take the deposition of Hillary Clinton and

8    then listing all four clients in the July 19, 2021

9    filing relating to the issue.  And by Attorney Wolman

10   who then argued in his October 20, 2021 file that

11   Infowars, LLC had no involvement in the motion for

12   commission because their lawyer did not list their

13   name on the motion.  It is simply improper under our

14   rules of practice for an attorney to do so.

15       Turning to the issue of the subsidiary ledgers.

16   The five Jones defendants on November 6, 2020 filed

17   with the Court their discovery objections relating to

18   the deposition of Free Speech Systems' accounting

19   manager and current employee, Melinda Flores.  In

20   response to the plaintiff's request for subsidiary

21   ledgers, the Jones defendants objected on the basis

22   that the production of the subsidiary ledgers was

23   oppressive, unduly burdensome, disproportionate,

24   harassing and that it will require digging through

25   eight years of accounting.  No objection was raised as

26   to the term "subsidiary ledger", although parties

27   frequently will object to a discovery request if they

6

1    consider it vague or confusing.

2        On April 29, 2021, the Court overruled the

3    objection.  On May 6, 2021, the Court ordered the

4    deposition of Flores to take place on June 4, 2021 and

5    ordered the documents to be produced by the close of

6    business on May 14, 2021 stating that failure to

7    comply may result in sanctions.

8        On May 14, 2021, the five Jones defendants

9    responded to the document request and Court order and

10   stating that the subsidiary ledgers were incorporated

11   into the trial balances and had been produced.

12       At her June 4, 2021 deposition, Flores, the

13   accounting manager, testified that subsidiary ledgers

14   or detail was easily accessible and available to her.

15   She testified that it would show the sources of

16   advertising income and she testified repeatedly that

17   Free Speech Systems maintained subsidiary ledger

18   information.  Flores did not believe she was obligated

19   to produce the subsidiary ledgers, and it is unclear

20   as to whether they have been produced.

21       It was impossible to reconcile the expert hired

22   by Free Speech Systems with the November 6, 2020

23   objections filed with the Court and with Flores'

24   deposition testimony.  While the Jones defendants in

25   their May 5th, 2021 motion state that Flores would be

26   the best employee to identify and produce the

27   requested documents and further state that Flores

7

1    would be compelled by Free Speech Systems to produce

2    the requested documents at the deposition, the

3    defendants hired expert, Mr. Roe, said that Flores was

4    wrong and that Free Speech Systems doesn't use or have

5    subsidiary ledgers.

6        The Court, in its August 6, 2021 order, found

7    that the subsidiary ledger information was easily

8    accessible by Flores by clicking on each general

9    account, that, despite the Court orders and although

10   the information exists and is maintained by Free

11   Speech Systems and was required by the Court order to

12   be produced, it had not been produced.  And, again, it

13   is still unclear as to what documents have been

14   produced.

15       The Court rejected Roe's statements in his

16   affidavit as not credible in light of the

17   circumstances.  The Court found that the plaintiffs

18   were prejudiced in their ability to prosecute their

19   claims and conduct further meaningful depositions and

20   that sanctions would be addressed at a future hearing.

21       At the October, 2021 sanctions hearing, the Court

22   addressed whether sanctions should enter.  The Court

23   finds that sanctions are, in fact, appropriate in

24   light of the defendant's failure to fully and fairly

25   comply with the plaintiff's discovery request and the

26   Court's orders of April 29, 2021, May 6, 2021 and

27   August 6, 2021.

8

1    Turning to the trial balances.  In addition to
2    objecting to the deposition of Flores, the Jones
3    defendants, as I mentioned, filed discovery objections
4    to the request for production directed to Flores.  The
5    Court ruled in favor of the defendants on one
6    production request and ruled in favor of the
7    plaintiffs with respect to others.
8        In addition to the subsidiary ledgers, the Court
9    ordered production of the trial balances.  Flores had
10   run trial balances in the past unrelated to this
11   action.  Flores testified at her June 4, 2021
12   deposition that she personally accessed Quick Books
13   and selected the option to generate trial balances for
14   2012 to 2019.  She testified that she ran the reports
15   and printed them out and believed that the reports
16   were produced.  Her testimony the reports that she ran
17   were produced was left uncorrected by counsel at the
18   deposition.
19       The reports were not produced by the
20   Court-ordered deadline of May 14, 2021.  They were not
21   produced at her June 4, 2021 deposition, and they have
22   not been produced to date, despite their obligation to
23   do so.
24       While the Jones defendants, in their May 5, 2021
25   Court filing, emphasized that Flores would be the best
26   employee to identify and produce the requested
27   documents which would include the trial balances and

1    that Flores would be compelled by Free Speech Systems

2    to produce the documents at her deposition, not only

3    were the reports not produced, but the Jones

4    defendants in their October 7, 2021 filing now claim

5    that Flores, a mere bookkeeper, provided flawed

6    information to the defendants that the defendants,

7    through Roe, had to correct.  And the Court rejects

8    that position.

9         The Jones defendants argue that Roe combined some

10   accounts that were not used consistently and

11   consolidated some general accounts because various

12   transactions all involved the same account and those

13   records created by the Jones defendants' outside

14   accountant were the records that were produced.  But

15   these records that removed accounts and consolidated

16   accounts altered the information in the reports that

17   their own accounting manager had produced, and they

18   contain trial balances that did not balance.  These

19   sanitized, inaccurate records created by Roe were

20   simply not responsive to the plaintiff's request or to

21   the Court's order.

22        Turning to the analytics.  The date for the

23   parties to exchange written discovery has passed after

24   numerous extensions by the Court.  On May 14, 2021,

25   the Court ordered that the defendants were obligated

26   to fully and fairly comply with the plaintiff's

27   earlier request for disclosure and production.

10

1       On June 1, 2021, the defendants filed an

2   emergency motion for protective order apparently

3   seeking protection from the Court's own order where

4   the defendants again attempted to argue the scope of

5   appropriate discovery.

6       The Court, on June 2, 2021, declined to do so and

7   extended the deadline for final compliance to June 28,

8   2021 ordering the defendants to begin to comply

9   immediately on a rolling basis.  In its June 2nd

10  order, the Court warned that failure to comply would

11  result in sanctions including default.

12      With respect to analytics, including Google

13  Analytics and social media Analytics, the defendants

14  on May 7, 2019 represented that they had provided all

15  the analytics that they had.  They stated with respect

16  to Google Analytics that they had access to Google

17  Analytics reports, but did not regularly use them.  As

18  the Court previously set forth in its September 30,

19  2021 order, the defendants also claim that on June 17,

20  2019, they informally emailed zip files containing

21  Google Analytics reports to the plaintiffs, but not

22  the codefendants, an email the plaintiffs state they

23  did not receive and that the Court found would not

24  have been in compliance with our rules of practice.

25      On June 28, 2021, the Jones defendants filed a

26  notice of compliance stating that complete final

27  supplemental compliance was made by the defendants,

11

1    Alex Jones and Free Speech Systems, LLC and that

2    Infowars, LLC, Infowars Health, LLC and Prison Planet,

3    LLC, quote:  Had previously produced all documents

4    required to be produced, end quote, representing that

5    with respect to the Google Analytics documents, Free

6    Speech Systems, LLC could not export the dataset and

7    that the only way they could comply was through the

8    sandbox approach.

9         Then on August 8, 2021, the Jones defendants for

10   the first time formally produced Excel spreadsheets

11   limited to Google Analytics apparently for Infowars

12   dot com and not for any of the other websites such as

13   Prison Planet TV or Infowars Health.  Importantly, the

14   Jones defendants to date have still not produced any

15   analytics data from any other platform such as Alexa,

16   Comcast or Criteo.

17        The Jones defendants production of the social

18   media analytics has similarly been insubstantial and

19   similarly has fallen far short both procedurally and

20   substantively, despite prior representations by the

21   Jones defendants that they had produced the social

22   media analytics and despite the May 25, 2021

23   deposition testimony of Louis Certucci, Free Speech

24   Systems social media manager for nearly a decade, that

25   there were no such documents.

26        At the June 28, 2021 deposition of Free Speech

27   Systems corporate designee Zimmerman, Mr. Zimmerman

1    testified that, in fact, he had obtained some

2    responsive documents from Certucci which were then

3    loaded into a deposition chat room by counsel for the

4    Jones defendants.  It appears that these documents

5    were minimal summaries or reports for Facebook and

6    Twitter, but not for other platforms used by the

7    defendants such as You Tube.

8         Any claim of the defendants that the failure to

9    produce these documents was inadvertent falls flat as

10   there was no evidence submitted to the Court that the

11   defendants had a reasonable procedure in place to

12   compile responsive materials within their power,

13   possession or knowledge.

14        Months later, on October 8, 2021, the Jones

15   defendants formally produced six documents for the

16   spring of 2017 for Facebook containing similar

17   information to the Zimmerman chat room documents, but

18   not included in the chat room documents and screen

19   shots of posts by Free Speech Systems to an

20   unidentified social media account with no analytics.

21        The defendants represented that they had produced

22   all the analytics when they had not done so.  They

23   represented in court filings that they did not rely on

24   social media analytics and this, too, is false.

25        I'm going to need to take a thirty second water

26   break, please.

27        (A short break in the proceedings occurred.)

13

```
 1              This response was false.  The plaintiffs in

 2         support of their motion for sanctions on the analytics

 3         issue attached as exhibit D, an email dated December

 4         15, 2014 between former Free Speech Systems business

 5         manager Timothy Fruge and current Free Speech Systems

 6         employee Buckley Hamman.  Fruge attaches annotated

 7         charts of detailed analytics concerning Jones' 2014

 8         social media audience including gender demographics

 9         engagement and social media sites that refer people to

10         Infowars dot com.  As pointed out by the plaintiffs,

11         Fruge's annotations are even more telling than the

12         charts themselves and totally contradict the Jones

13         defendants misrepresentations to the Court that,

14         quote:  There is no evidence to suggest that Mr. Jones

15         or Free Speech Systems ever used these analytics to

16         drive content, end quote.

17              The next image on the document shows key

18         indicators on Twitter.  Those are engagement and

19         influence.  Again, this is reading from Fruge's notes.

20         Again, the next image shows the key indicators on

21         Twitter.  Those are engagement and influence.  Notice

22         our influence is great and our engagement is low.  I

23         bring this up -- again these are Fruge's notes --

24         because we should try and raise our engagement with

25         our audience.  Engagement is how well we are

26         communicating and interacting with our audience.  The

27         higher our engagement, the more valuable our audience
```

1   will become to our business.  And that is the end of
2   Fruge's notes.
3       I would note that regardless of this reliance on
4   social media analytics, the concept is simple.  The
5   defendants were ordered to produce the documents and
6   our law requires them to produce information within
7   their knowledge, possession or power.  Discovery is
8   not supposed to be a guessing game.  What the Jones
9   defendants have produced by way of analytics is not
10  even remotely full and fair compliance required under
11  our rules.
12      The Court finds that the Jones defendants have
13  withheld analytics and information that is critical to
14  the plaintiff's ability to conduct meaningful
15  discovery and to prosecute their claims.  This callous
16  disregard of their obligations to fully and fairly
17  comply with discovery and Court orders on its own
18  merits a default against the Jones defendants.
19      Neither the Court nor the parties can expect
20  perfection when it comes to the discovery process.
21  What is required, however, and what all parties are
22  entitled to is fundamental fairness that the other
23  side produces that information which is within their
24  knowledge, possession and power and that the other
25  side meet its continuing duty to disclose additional
26  or new material and amend prior compliance when it is
27  incorrect.

15

1          Here the Jones defendants were not just careless.

2     Their failure to produce critical documents, their

3     disregard for the discovery process and procedure and

4     for Court orders is a pattern of obstructive conduct

5     that interferes with the ability of the plaintiffs to

6     conduct meaningful discovery and prevents the

7     plaintiffs from properly prosecuting their claims.

8          The Court held off on scheduling this sanctions

9     hearing in the hopes that many of these problems would

10    be corrected and that the Jones defendants would

11    ultimately comply with their discovery obligations and

12    numerous Court orders, and they have not.

13         In addressing the sanctions that should enter

14    here, the Court is not punishing the defendants.  The

15    Court also recognizes that a sanction of default is

16    one of last resort.  This Court previously sanctioned

17    the defendants not by entering a default, but by a

18    lesser sanction, the preclusion of the defendant's

19    special motions to dismiss.  At this point entering

20    other lesser sanctions such as monetary sanctions, the

21    preclusion of evidence or the establishment of facts

22    is inadequate given the scope and extent of the

23    discovery material that the defendants have failed to

24    produce.

25         As pointed out by the plaintiffs, they are

26    attempting to conduct discovery on what the defendants

27    publish and the defendants' revenue.  And the failure

16

1  of the defendants to produce the analytics impacts the

2  ability of the plaintiffs to address what is published

3  and the defendants failure to produce the financial

4  records such as sub-ledgers and trial balances affects

5  the ability of the plaintiffs to address the

6  defendants' revenue.  The prejudice suffered by the

7  plaintiffs, who had the right to conduct appropriate,

8  meaningful discovery so they could prosecute their

9  claims again, was caused by the Jones defendants

10  willful noncompliance, that is, the Jones defendants

11  failure to produce critical material information that

12  the plaintiff needed to prove their claims.

13       For these reasons, the Court is entering a

14  default against the defendants Alex Jones, Infowars,

15  LLC, Free Speech Systems, LLC, Infowars Health, LLC

16  and Prison Planet TV, LLC.  The case will proceed as a

17  hearing in damages as to the defendants.  The Court

18  notes Mr. Jones is sole controlling authority of all

19  the defendants, and that the defendants filed motions

20  and signed off on their discovery issues jointly.  And

21  all the defendants have failed to fully and fairly

22  comply with their discovery obligations.

23       As I said, I will order a copy of the transcript.

24  I will sign it and I will file it in the Court as the

25  Court's order.

26                        _____

27                                Bellis, J.

17

```
 1   XO6 UWY CV18-6046436-S    :    SUPERIOR COURT.
 2   ERICA LAFFERTY, ET AL     :    JUDICIAL DISTRICT OF WATERBURY
 3   V                         :    AT WATERBURY, CONNECTICUT
 4   ALEX EMRIC JONES, ET AL   :    NOVEMBER 15, 2021
 5   -------------------------------------------------------------
 6   XO6 UWY CV18-6046437-S    :    SUPERIOR COURT
 7   WILLIAM SHERLACH, ET AL   :    JUDICIAL DISTRICT OF WATERBURY
 8   V                         :    AT WATERBURY, CONNECTICUT
 9   ALEX EMRIC JONES, ET AL   :    NOVEMBER 15, 2021
10   -------------------------------------------------------------
11   XO6 UWY CV18-6046438-S    :    SUPERIOR COURT
12   WILLIAM SHERLACH, ET AL   :    JUDICIAL DISTRICT OF WATERBURY
13   V                         :    AT WATERBURY, CONNECTICUT
14   ALEX EMRIC JONES, ET AL   :    NOVEMBER 15, 2021
15
16                  C E R T I F I C A T I O N
17       I hereby certify the foregoing pages are a true and
18   correct transcription of the audio recording of the
19   above-referenced case, heard in the Superior Court, Judicial
20   District of Waterbury, at Waterbury, Connecticut, before the
21   Honorable Barbara N. Bellis, Judge, on the 15th day of
22   November, 2021.
23       Dated this 15th day of November, 2021, in Waterbury,
24   Connecticut.
25                                 _____
26                                         Patricia Sabol
27                                         Court Monitor
```