United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 05, 2022
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: § | |
| § | Case No. 22-60043 |
| **FREE SPEECH SYSTEMS, LLC,** § | Chapter 11 (Subchapter V) |
| § | |
| Debtor. § | |

**ORDER (A) AUTHORIZING THE DEBTOR TO PAY PREPETITION OBLIGATIONS OF CERTAIN CRITICAL VENDORS AND (B) GRANTING RELATED RELIEF**

Upon the *Debtor's Motion for Order (A) Authorizing the Debtor to Pay Prepetition Obligations of Certain Critical Vendors and (B) Granting Related Relief* (the "Motion")[1] filed on July 29, 2022; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

2. 1. The Debtor is authorized to pay in the ordinary course of its business to (a) pay the prepetition obligations owed to the Critical Vendors in the amounts set forth in Schedule 1 attached hereto as those obligations come due and shall consult with the Subchapter V Trustee and provide requested information with respect to each proposed payment in advance of remitting the same to Critical Vendors. Any party that accepts payments from the Debtor on account of a

---

[1] Capitalized terms used by not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

Critical Vendor claim shall be deemed to have agreed to the terms and provisions of this order. The payment of the Obligations is conditioned upon the agreement of each Critical Vendor to continue supplying services on terms and based on practices and programs in effect between the Critical Vendor and the Debtor in the year prior to the Petition Date (the "Customary Trade Terms"), or such other trade terms as are agreed to by the Debtor and the Critical Vendor.

3. The Debtor shall have the right to negotiate new trade terms with the Critical Vendor as a condition to payment of a portion of the obligations owed to each Critical Vendor (the "Obligations").

4. Any payments made on Obligations pursuant to this Motion shall be applied first to any claim of such Critical Vendors under section 503(b)(9) of the Bankruptcy Code. Nothing in this Motion or any order of this Court approving this Motion should be construed as a waiver by the Debtor of its rights to contest any invoice of a Critical Vendor under applicable non-bankruptcy law.

5. If a Critical Vendor refuses to supply services to the Debtor on Customary Trade Terms following payment of any portion of the Obligations, the Debtor, in its discretion, and without further order of the Court, may deem any payments made to the Critical Vendor on account of the Obligations to have been in payment of then-outstanding post-petition claims of the Critical Vendor and to terminate the critical vendor status of such a vendor (the "Terminated Obligor").

6. In the event the Debtor chooses not to terminate the critical vendor status of a Critical Vendor immediately upon a refusal by a Critical Vendor to provide services in accordance with Customary Trade Terms, the Debtor shall not be deemed to have waived the ability to terminate a Critical Vendor or waived the ability to deem any payments made to the

Critical Vendor on account of the Obligations to have been in payment of then-outstanding post-petition claims of such Critical Vendor or to compel disgorgement of payments made to such Critical Vendor pursuant to this order.

7. In the event the Debtor exercises the rights set forth in the preceding paragraph, the Terminated Obligor shall be required to immediately return any payments made on account of its Obligations to the extent that such payments exceed the post-petition amounts then owed to the Terminated Obligor, without giving effect to any rights of setoff or reclamation. In the event that the Terminated Obligor refuses to acknowledge such recharacterization and to issue the repayment, the Debtor is authorized to compel such recharacterization and repayment by a motion on such notice as is required by this Court. In addition, the Debtor shall have the right to compel the disgorgement of the Critical Vendor payment repayment by a motion on such notice as is required by this Court.

8. The Debtor shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; and (d) the payment date. On or before the date that is thirty (30) days from entry of this Order, the Debtor shall provide a copy of such matrix/schedule to the U.S. Trustee, the Subchapter V trustee appointed in this case, and any committee appointed in this Chapter 11 Case. Thereafter, the Debtor shall attach a copy of such matrix/schedule to its monthly operating reports filed in the Chapter 11 Case containing the same information set forth above. Parties in interest shall then have fourteen (14) calendar days to file written objections to Critical Third-Party Vendor status or any payment made by the Debtor pursuant to this Order. If the

objection is sustained, the Critical Third-Party Vendor may be required to disgorge any such payments.

9. Nothing in this Order or the Motion shall limit (a) the Debtor's authority to pay obligations to creditors that were incurred by the Debtor after the Petition Date.

10. Nothing in this Order or any actions taken pursuant to such relief is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any ground, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested in this motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate, (g) a waiver or limitation of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession from the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11. Any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's or any other party in interest's rights to subsequently dispute such claim.

12. This Order shall be immediately effective and enforceable upon its entry and shall not be stayed by Bankruptcy Rule 6004(h), if applicable.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: August 05, 2022

_____
Christopher Lopez
United States Bankruptcy Judge

## SCHEDULE 1 TO ORDER

| Vendor | Description | Amount of Critical Vendor Claim | Address | City | State | Zip |
|---|---|---|---|---|---|---|
| Addshoppers, Inc | E Commerce Store | $ 2,191.93 | 222 S. Church Street #410M | Charlotte | NC | 28202 |
| Amazon Web Services | E Commerce Store | $ 77,000.00 | | | | |
| ATXHD,Inc | Satellite uplink | $ 19,334.48 | 602 S. Cowal Drive | Spicewood | TX | 78669 |
| Austin Security & Investigation Solution | Uniformed Security | $ 28,044.34 | P.O. Box 2904 | Pflugerville | TX | 78691 |
| Balcones Recycling Inc. | Trash / Dumpster Service | $ 386.99 | P.O. Box 679912 | Dallas | TX | 75267 |
| Cloudflare, Inc | IT / E Commerce Security | $ 124,162.64 | Dept LA 24609 | Pasadena | CA | 91185-4609 |
| eCommerce CDN LLC | E Commerce Store | $ 1,070.85 | 221 E 63rd Street | Savannah | GA | 31405 |
| Edgecast, Inc. | Radio Station Link | $ 6,449.30 | Dept CH 18120 | Palatine | IL | 60055 |
| Frost Insurance Agency | Company Insurance | $ 2,694.52 | 401 Congress Ave., 14th Floor | Austin | TX | 78701 |
| Getty Images, Inc | Licenses for Pictures / Video | $ 10,121.38 | P.O. Box 953604 | St. Louis | MO | 63195-3604 |
| Haivision Network Video | Streaming Bandwidth | $ 54,851.50 | Dept CH 19848 | Palatine | IL | 60055-9848 |
| Magento | E Commerce Store | $ 7,792.40 | P.O. Box 204125 | Dallas | TX | 75320-4105 |
| mongoDB Cloud | Cloud Storage | $ 3,054.44 | 1633 Broadway 39th Floor | New York | NY | 10019 |
| Protection 1 Alarm | Alarm Service | $ 3,461.42 | | | | |
| Synergy North America Inc | e commerce software | $ 2,061.49 | 11001 W. 120th Ave. Suite 400 | Broomfield | CO | 80021 |
| The Hartford | Company Insurance | $ 2,780.35 | | | | |
| Travelers | Company Insurance | $ 673.48 | | | | |
| TrustArc | | $ 1,221.46 | | | | |
| WMQM-AM 1600 | Advertising | $ 2,291.67 | 21 Stephen Hill Rd | Atoka | TN | 38004 |
| WWCR | Advertising | $ 9,900.00 | 1300 WWCR Avenue | Nashville | TN | 37218-3800 |
| | **Total Critical Vendors** | **$ 359,544.62** | | | | |

United States Bankruptcy Court
Southern District of Texas

| | |
|---|---|
| In re: | Case No. 22-60043-cml |
| Free Speech Systems LLC | Chapter 11 |
| Debtor | |

## CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 2 |
| Date Rcvd: Aug 05, 2022 | Form ID: pdf002 | Total Noticed: 8 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 07, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Free Speech Systems LLC, 3019 Alvin Devane Blvd. STE 300, Austin, TX 78741-7417 |
| cr | + | David Wheeler, et al., c/o Cain & Skarnulis PLLC, 303 Colorado Street, Suite 2850, Austin, TX 78701-4653 |
| cr | + | Leonard Pozner, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| cr | + | Marcel Fontaine, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin, Suite 2700 Houston, TX 77002-6774 |
| cr | + | Neil Heslin, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| cr | + | Scarlett Lewis, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| cr | + | Veronique De La Rosa, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | ^ MEBN | Aug 05 2022 19:44:30 | Texas Comptroller of Public Accounts, Revenue Acco, Christopher J. Dylla, P.O. Box 12548, Austin, TX 78711-2548 |

TOTAL: 1

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| intp | | Shelby A Jordan |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 07, 2022          Signature:     /s/Gustava Winters

District/off: 0541-4 | User: ADIuser | Page 2 of 2
Date Rcvd: Aug 05, 2022 | Form ID: pdf002 | Total Noticed: 8

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 5, 2022 at the address(es) listed below:

**Name**      **Email Address**

Avi Moshenberg
on behalf of Creditor Neil Heslin avi.moshenberg@mhllp.com ana.sanchez@mhllp.com

Avi Moshenberg
on behalf of Creditor Scarlett Lewis avi.moshenberg@mhllp.com ana.sanchez@mhllp.com

Avi Moshenberg
on behalf of Creditor Leonard Pozner avi.moshenberg@mhllp.com ana.sanchez@mhllp.com

Avi Moshenberg
on behalf of Creditor Veronique De La Rosa avi.moshenberg@mhllp.com ana.sanchez@mhllp.com

Avi Moshenberg
on behalf of Creditor Marcel Fontaine avi.moshenberg@mhllp.com ana.sanchez@mhllp.com

Christopher Dylla
on behalf of Creditor Texas Comptroller of Public Accounts  Revenue Accounting Division bk-cdylla@oag.texas.gov, Sherri.Simpson@oag.texas.gov

Ha Minh Nguyen
on behalf of U.S. Trustee US Trustee ha.nguyen@usdoj.gov

Jarrod B. Martin
on behalf of Creditor Neil Heslin jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;ginger.davis@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Marcel Fontaine jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;ginger.davis@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Veronique De La Rosa jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;ginger.davis@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Scarlett Lewis jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;ginger.davis@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Leonard Pozner jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;ginger.davis@chamberlainlaw.com

Jayson B. Ruff
on behalf of U.S. Trustee US Trustee jayson.b.ruff@usdoj.gov

Melissa A Haselden
mhaselden@haseldenfarrow.com
haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com

R. J. Shannon
on behalf of Debtor Free Speech Systems LLC rshannon@shannonpllc.com rshannon@shannonleellp.com;7044075420@filings.docketbird.com

Randy W Williams
on behalf of Creditor David Wheeler  et al. rww@bymanlaw.com, rw13@trustesolutions.com;rw13@trustesolutions.net;rw11@trustesolutions.net;rww.trustee1@gmail.com

Raymond William Battaglia
on behalf of Debtor Free Speech Systems LLC rbattaglialaw@outlook.com rwbresolve@gmail.com

Ryan E Chapple
on behalf of Creditor David Wheeler  et al. rchapple@cstrial.com, aprentice@cstrial.com

Shelby A Jordan
on behalf of Interested Party Shelby A Jordan cmadden@jhwclaw.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

TOTAL: 20