# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 22-60043 |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtor. | § | |

## CONNECTICUT FAMILIES' OBJECTION TO DEBTOR'S EMERGENCY MOTION TO AMEND INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL

David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, and Robert Parker (collectively, the Connecticut Families) file this objection (Objection) to *Debtor's Emergency Motion to Amend Interim Order Authorizing the Use of Cash Collateral* (Emergency Motion) [Dkt. 55][1]. The Connecticut Families respectfully state as follows:

### I.  PRELIMINARY STATEMENT

1. In a vacuum, the Connecticut Families do not oppose reasonable adjustments to Free Speech Systems, LLC's (FSS or the Debtor) interim cash collateral order to help generate increased revenues. But the Debtor's Emergency Motion, filed and set for hearing on barely 24 hours' notice, raises serious questions about the Debtor's operations and its relationship with a fulfillment-operations provider, Blue Ascension, LLC (Blue Ascension). Blue Ascension was formed just weeks before this bankruptcy filing and, as the Debtor admits, was founded by its former employee with a staff wholly comprised of the Debtor's former fulfillment department. The Court and the

---

[1] Debtor's Emergency Motion fails to comply with Bankruptcy Local Rule 9013-1(i) as it does not contain "a detailed statement of why an emergency exists, and the date relief is needed to avoid the consequences of the emergency." The Emergency Motion is also not certified for its accuracy as is required by the rule.

Debtor's creditors are entitled to evidence supporting the Debtor's claims and transparency before any relief is granted.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over the Emergency Motion under 28 U.S.C. §§ 157 and 1334. The Emergency Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (G). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. PROCEDURAL BACKGROUND

3. On July 29, 2022, the Debtor filed its voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code.

4. On that same date, the Debtor filed its *Emergency Motion for an Interim and Final Order (I) Authorizing the Use of Cash Collateral Pursuant to Sections 105, 361, and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b) and (II) Granting Adequate Protection to the Pre-Petition Secured Lender* (the Cash Collateral Motion) [Dkt. 6].

5. On August 3, 2022, the Court heard the Cash Collateral Motion, which was granted in part, authorizing the use of cash collateral with certain modifications to the budget in the Cash Collateral Motion. The *Interim Order Authorizing the Debtor's Use of Cash Collateral and Providing Partial Adequate Protection* (the Interim Order) [Dkt. 41] was entered by the Court on August 5, 2022.

6. On August 11, 2022, the Debtor moved to amend the Interim Order to instruct the credit-card processor to withhold from the daily settlement $20 per order shipped and remit those funds directly to Blue Ascension, while also remitting the appropriate percentage of collected funds to the Debtor and PQPR Holdings Limited LLC.

7. Before moving to amend, the Debtor had not once disclosed Blue Ascension's history and connection with the Debtor to the Court or the creditors.

## IV. OBJECTION

6. The Debtor's Emergency Motion contends that the 13-Week Cash Collateral Budget (the Budget) attached to its Cash Collateral Motion failed to consider the ramifications of an increase in product sales that occurred since its bankruptcy filing. And for that reason, the Debtor seeks this Court's blessing to instruct its unnamed credit-card processor "to withhold from the daily settlement $20 per order shipped and remit those funds directly to Blue Ascension, at the same time it remits the appropriate percentage of collected funds to FSS and PQPR."

7. But the Debtor fails to provide any evidence of its alleged increased sales that would substantiate the need for this change, which essentially greenlights unlimited direct payments to a "fulfillment logistics company" that the Debtor's counsel represents (1) was founded and is owned by a former FSS employee, (2) was formed only weeks ago in mid-July, and (3) is staffed only with the Debtor's former-fulfillment staff.  The Debtor's counsel also represented that the Debtor previously handled fulfillment in-house and just began doing business with Blue Ascension on July 18th or 19th.  The Debtor's Emergency Motion fails to explain why this significant change was made to its operations just days before it filed for bankruptcy.  Nor does it address what analysis it performed, if any, to determine that outsourcing its fulfillment operations is the most cost-effective means of fulfilling that operational need—after performing these operations in-house for years.  And, of course, these concerns rest against a backdrop in which the Debtor offers no evidence of a contract between it and Blue Ascension.

8.     The Debtor only represents that "Alex Jones has no equity or any other stake or interest in Blue Ascension" but fails to affirm the same about Alex Jones's family members, insiders, or affiliated entities, or that none of these parties receive compensation from Blue Ascension.  The Debtor should provide sufficient evidence to show this Court and its creditors that it has a legitimate arm's length relationship with Blue Ascension and the modifications it seeks in its Emergency Motion is not just a vehicle to drain money from the Estate and divert it to Alex Jones or others.

## V.   CONCLUSION

The circumstances here warrant that this Debtor answer all the questions raised in this Objection.  If it fails to do so, and for the reasons stated above, the Connecticut Families respectfully request that this Court deny the relief sought in the Debtor's Emergency Motion.

Respectfully submitted this 12th day of August 2022.

       /s/ Ryan E. Chapple
Ryan E. Chapple
State Bar No. 24036354
rchapple@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

and

Randy W. Williams
State Bar No. 21566850
rww@bymanlaw.com
**BYMAN & ASSOCIATES PLLC**
7924 Broadway, Suite 104
Pearland, Texas 77581
281-884-9262
**ATTORNEYS FOR WHEELER, ET AL.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection has been served on counsel for Debtor, Debtor, and all parties receiving or entitled to notice through CM/ECF on this 12th day of August 2022.

                                                */s/ Ryan E. Chapple*
                                                Ryan E. Chapple