IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22–60043 |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Chapter 11 |
| | § | Subchapter V |
| Debtor. | § | |

**TEXAS PLAINTIFFS' JOINDER TO THE CONNECTICUT PLAINTIFFS' OBJECTION TO DEBTOR'S EMERGENCY MOTION TO AMEND INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL**

Texas Plaintiffs Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine object to the *Debtor's Emergency Motion to Amend the Interim Order Authorizing the Use of Cash Collateral* ("**Emergency Motion**") (ECF No. 55) and file this joinder to the Connecticut Plaintiffs' Objection (ECF No. 56).

The Debtor's Emergency Motion should be denied. The Connecticut Plaintiffs' Objection to the Emergency Motion already details the legitimate questions swirling around Debtor's relationship with Blue Ascension. These questions include: (1) why the Debtor outsourced its fulfillment services to Blue Ascension on the cusp of bankruptcy, (2) why the Debtor doesn't have a written contract with Blue Ascension, (3) what due diligence the Debtor undertook in hiring Blue Ascension, and (4) what financial benefits Alex Jones and his insiders receive from paying Blue Ascension to perform fulfillment services the Debtor performed in-house for years. Equally, important, the Connecticut Plaintiffs rightly questioned whether an emergency actually exists—especially since no evidence was offered to prove that the Debtor has in fact enjoyed bustling business these past few days that requires amending the cash-collateral order. Indeed, the Debtor has not only neglected to offer *any* evidence in support of its emergency motion but also failed to

comply with local rules requiring that emergency motions be certified for their accuracy.[1] Rather than regurgitate the points raised in the Connecticut Plaintiffs' Objection, it suffices to say that the Texas Plaintiffs adopt and join the Objection in full.

The Debtor asks this Court to essentially endorse a blank check to a company the parties know nothing about. And the reason nothing is known is because the Debtor has offered no information about this company.  It provided no such information in its first-day motions, its first-day hearing (even though its CRO testified for hours without ever mentioning Blue Ascension), or even its emergency motion to amend where it has literally offered no evidence to support its request.  The Court should decline the Debtor's request to spend its limited assets on a whim.

For these reasons, and the reasons raised in the Connecticut Plaintiffs' Objection, the Texas Plaintiffs respectfully ask that Emergency Motion be denied.

Dated: August 12, 2022

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

Avi Moshenberg
Texas Bar No. 24083532
1001 Fannin Street
Suite 2700
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: avi.moshenberg@mhllp.com

*Counsel for the Texas Plaintiffs*

*AND*

---

[1] *See* Bankruptcy Local Rule 9013-1(i) (""Some judges allow self-calendaring of emergency motions through the judge's web page. If self-calendaring is not authorized, requests for emergency hearings may be made in the pleading requesting the relief. No separate motion requesting an emergency hearing is required. The emergency motion must contain the word "Emergency" in the title of the motion. *The motion must include a detailed statement why an emergency exists, and the date relief is needed to avoid the consequences of the emergency. The motion seeking an emergency hearing must be certified for its accuracy by the party seeking the emergency relief or by its counsel. . . .*") (emphasis added).

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, PC

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com

***Bankruptcy Counsel for the Texas Plaintiff***

### CERTIFICATE OF SERVICE

The undersigned certifies that on August 12, 2022, a true and correct copy of the foregoing Notice was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Jarrod B. Martin*
Jarrod B. Martin