UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-60043 |
| **FREE SPEECH SYSTEMS, LLC.,** | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtor. | § | |

**DEBTOR'S EMERGENCY MOTION TO AMEND INTERIM ORDER
AUTHORIZING THE USE OF CASH COLLATERAL**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED, IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER, IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ' CONFERENCE ROOM NUMBER IS 590153. YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGELOPEZ" IN THE GOTOMEETTING APP OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE IN THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT-HAND CORNER AND ENTER YOUR NAME UNDER PERSONAL INFORMATION SETTING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtor and debtor-in-possession (the "Debtor" or "FSS"), in the

**EXHIBIT 1**

above-referenced chapter 11 case, hereby files this emergency motion (the "Motion") seeking an order modifying this Court's Interim Order Authorizing Debtor's Use of Cash Collateral and Providing Adequate Protection (the "Interim Order") [Dkt No. 41]. In further support of the Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. On July 29, 2022 (the "Petition Date"), the Debtor commenced the above captioned case by filing a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").

2. The Debtor continues in the possession of its property and is operating and managing its businesses as debtor and debtor-in-possession pursuant to Section 1182(2) of the Bankruptcy Code.

3. No request for a trustee or examiner has been made. No statutory committee of creditors has been appointed.

4. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion are proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief sought in this Motion are 11 U.S.C. §§ 105, 361, and 363 and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND[1]

6. FSS filed *its Emergency Motion for an Interim and Final Order (I) Authorizing the*

---

[1] Additional factual background and information regarding the Debtor and its operations is set forth in the *Declaration of W. Marc Schwartz in Support of Voluntary Petition and First Day Motions*

2

*Use of Cash Collateral Pursuant to sections 105, 361, and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b) and (II) Granting Adequate Protection to the Pre-Petition Secured Lender* (the "Cash Collateral Motion").

7. This Court held a hearing on the Cash Collateral Motion on August 3, 2022. The Cash Collateral Motion incorporated a 13-Week Cash Collateral Budget (the "Budget"). At the hearing, the Court authorized the use of cash collateral with certain modifications to the Budget and other conditions which were incorporated into the Interim Order.

8. A critical component of FSS's sales business is FSS's ability to fill the orders when the customer purchases the product from the InfowarsStore.com website. When a customer purchases a product, they are charged a shipping fee as part of the sales price. Therefore, an expectation is created that the customer will receive his product on a reasonable delivery schedule. If the product is not fulfilled and delay occurs in shipping the product, the chance increases that the customer may ask for a refund or cancel the order. An excessive amount of cancellation of orders is catastrophic to FSS's business and revenue generation. If orders do not timely ship, customers will cancel orders triggering chargebacks on credit cards and a pattern of chargebacks will adversely affect credit card processing, including possible termination of credit card processing services.

9. FSS is facing a crisis in being able to fulfill product sales, as the Budget was prepared in a conservative fashion and did not anticipate a surge in sales of the magnitude actually experienced and the resulting increase in the need for a larger fulfillment budget. The Budget authorized the Debtor to use $95,278 (with a 10% variance that amounts to $104,800) of cash collateral to pay fulfillment costs to Blue Ascension, LLC. ("Blue Ascension").

10. First, Alex Jones has no equity or any other stake or interest in Blue Ascension.

Second, Patrick Riley, a former employee of FSS, started Blue Ascension in order to be a specialized fulfillment logistics company. Third, FSS pays Blue Ascension to handle all FSS order fulfillment operations.

11. Blue Ascension charges a per piece rate for fulfillment of $20 per order. For this, Blue Ascension provides a range of services, including handling of receipt of inventory shipments, stocking shelves, picking merchandise for orders, boxing, and shipping orders. Of the cost of fulfillment, more than $14 consists of shipping costs. Customers are billed an average of $13.24 per order for shipping and handling,

12. But Blue Ascension will not incur shipping costs until it is first paid by FSS for such costs. Blue Ascension, therefore, will not ship products ordered until receipt of the fulfillment charge from the Debtor.

13. The Budget projected weekly revenues of $595,489. FSS projected that weekly revenue amount based on sales for the week ended July 22 (times 1.25%), the first full week following receipt of new product and the last week for which sales figures were available prior to the Petition Date (July 29, 2022). Actual sales have far exceeded the budgeted sales projections, for a number of reasons, including the receipt of new inventory (FSS had lacked product to sell for some time). For the week ended July 29, FSS actual sales revenue was $961,918. For the week ended August 5 (the first week the bankruptcy was pending), FSS actual sales revenue was $898,869. So far this week (we only have sales figures for Monday) FSS sales continue at an $800,000 a week pace.

14. On top of actual sales being robust as compared to budget, the Debtor anticipates receipt of long back ordered inventory and new products that should sell quickly. According to the CRO, orders could increase beyond the current level of sales, and perhaps increase to as high

as $450,000 *per day*, as contrasted with $595,489 *per week*.

15.     While this is good news on the one hand, it could be catastrophically dangerous if FSS cannot timely fulfill these new orders. The use a "static" model to project fulfillment costs in the Budget has led to serious under-budgeting of this expense item of the Debtor's business.

16.     With higher than projected sales, it has become clear to the CRO that the budgeted fulfillment costs are inadequate and the inability to pay fulfillment costs as they are incurred will result in damage to the business unless it is cured now.

17.     On August 9th, 2022, the Debtor become aware of issues with the budget arising from the inadequate funding of fulfillment costs due to the significant growth in orders, as discussed in greater detail *infra*.

18.     Debtor's management began to assess the scale of the issue while Debtor's counsel contacted counsel for PQPR Holdings Limited LLC ("PQPR"), the secured lender, the subchapter V Trustee, the U.S. Trustee and joint counsel for the litigation plaintiffs. All were advised of the nature and scope of the issue by email dated August 11, 2022.

19.     PQPR consents to the relief requested in the Motion. The Subchapter V Trustee, based on phone conversation, does not oppose the relief requested in the Motion, and suggested the Debtor seek consent form joint counsel for litigation plaintiffs and U.S. Trustee. The Debtor has not heard back from these two parties as of filing of this Motion.

## **RELIEF REQUESTED**

20.     In order to eliminate the need to use a static budget (which does not allow the Debtor to capture for the increase in fulfillment costs when sales increase), the Debtor proposes to instruct the credit card processor to withhold from the daily settlement $20.00 per order shipped

and remit those funds directly to Blue Ascension, at the same time it remits the appropriate percentage of collected funds to FSS and PQPR. There will be no net effect to the Debtor's bottom line by implementing this change, however the increased sales volume will be accretive to the ending cash balance.

21. The Debtor believed that this solution is one FSS could adopt in the ordinary course of its business. In an abundance of caution, the Debtor has been transparent with creditor and parties in interest and now seeks an order of this Court modifying the Interim Order to authorize implementation of the proposed solution set forth above effective with the sales reported for Wednesday, August 10, 2022.

22. The Debtor further proposes to submit to the U.S. Trustee, the Subchapter V Trustee, counsel for PQPR and Jarred Martin as a representative of the Connecticut and Texas plaintiffs a report each Tuesday reporting sales and the allocation of distributions of those proceeds for the preceding week.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests the Court enter an Order granting the relief requested and granting such other and further relief as the Court may deem proper.

Respectfully submitted.

        LAW OFFICES OF RAY BATTAGLIA, PLLC

        /S/ *RAYMOND W. BATTAGLIA*
        Raymond W. Battaglia
        State Bar No. 01918055
        rbattaglialaw@outlook.com
        66 Granburg Circle
        San Antonio, Texas 78218
        Tel. (210) 601-9405

*Proposed Counsel to the Debtor and Debtor-In-Possession*

-and-

SHANNON & LEE LLP

/s/ *Kyung S. Lee*
Kyung S. Lee
State Bar No. 12128400
klee@shannonleellp.com
R. J. Shannon
State Bar No. 24108062
rshannon@shannonleellp.com
700 Milam Street, STE 1300
Houston, Texas 77002
Tel. (713) 714-5770

*Proposed Co-Counsel to the Debtor and Debtor in Possession*

7

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service on the date of filing, (b) by U.S.P.S. first class mail on all parties indicated in the attached service list within 24 hours of the filing, and (c) the following parties by email on the date of filing:

                                                                                          */s/Raymond W. Battaglia*
                                                                                            Raymond W. Battaglia

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Alinor C. Sterlin, Christopher Mattei,
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Avi Moshenberg
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Attn: Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
rchapple@cstrial.com

Attn: Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581
rww@bymanlaw.com

Attn: Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002
jarrod.martin@chamberlinlaw.com

Attn: Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711-2548
christopher.dylla@oag.texas.gov

Melissa Haselden
Subchapter V Trustee
700 Milam, Suite 1300
Houston, TX 77002
mhaselden@haseldenfarro.com

Attn: Ha M. Nguyen, Jayson B. Ruff
Office of U.S. Trustee
515 Rusk, Suite 3516
Houston, TX 77002
ha.nguyen@usdoj.gov
jayson.b.ruff@usdoj.gov

## USPS Service List

### Twenty Largest Unsecured Creditors

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06870

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive STE 301
Coral Springs, FL 33065

Atomial LLC
1920 E. Riverside Dr.
Suite A-120 #124
Austin, TX 78741

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Jacquelyn Blott
200 University Blvd
Suite 225 #251
Round Rock, TX 78665

Joel Skousen
PO Box 565
Spring City, UT 84662

Commerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405

Paul Watson
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire S10 3FA
United Kingdom

Brennan Gilmore
c/o Civil rights Clinic
600 New Jersey Avenue, NW
Washington, DC 20001

Greenair, Inc
23569 Center Ridge Rd
Westlake, OH 44145

Edgecast, Inc
Dept CH 18120
Palatine, IL 60055

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

WWCR
1300 WWCR Ave
Nashville, TN 37218-3800

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404

CustomTattoNow.com
16107 Kensington Dr. #172
Sugar Land, TX 77479

AT&T
PO Box 5001
Carol Stream, IL 60197-5001

Justin Lair
1313 Lookout Ave
Klamath Falls, OR 97601

### Parties Claiming Interest or Lien Affected

PQPR Holdings Limited, LLC
c/o Stephen Lemmon
1801 S. Mopac Expressway
Suite 320
Austin, TX 78746

### Parties Filing Notice of Appearance

Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701

Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401

Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002

Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711-2548

**Subchapter V Trustee**

Melissa Haselden
Subchapter V Trustee
700 Milam, Suite 1300
Houston, TX 77002

**U.S. Trustee**

Attn: Ha M. Nguyen, Jayson B. Ruff
Office of the U.S. Trustee
515 Rusk Ave STE 3516
Houston, TX 77002

**Additional Notice Parties**

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008

Attn: Alinor C. Sterling, Christopher Mattei, Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 0660