**EXHIBIT A**

Motion to Modify

5/27/2022 11:59 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-001835
Victoria Benavides

Cause No.: D-1-GN-18-1835

| | |
|---|---|
| NEIL HESLIN and SCARLETT LEWIS,<br><br>    Plaintiffs,<br><br>v.<br><br>ALEX E. JONES, INFOWARS, LLC,<br>FREE SPEECH SYSTEMS, LLC, and OWEN SHROYER,<br><br>    Defendants, | IN THE DISTRICT COURT OF<br><br><br><br>TRAVIS COUNTY, TEXAS,<br><br><br><br>261st JUDICIAL DISTRICT |

Cause No.: D-1-GN-18-1842

| | |
|---|---|
| LEONARD POZNER and VERONIQUE DE LA ROSA,<br><br>    Plaintiffs,<br><br>v.<br><br>ALEX E. JONES, INFOWARS, LLC, &<br>FREE SPEECH SYSTEMS, LLC.<br><br>    Defendants, | IN THE DISTRICT COURT OF<br><br><br><br>TRAVIS COUNTY, TEXAS,<br><br><br><br>345th JUDICIAL DISTRICT |

### DEFENDANTS' PARTIALLY UNOPPOSED MOTION TO CORRECT/MODIFY "ORDER ON ATTORNEY'S FEES FOR PLAINTIFFS' MOTION FOR SANCTIONS REGARDING CORPORATE DEPOSTION [SIC]"

Alex Jones, Free Speech Systems, LLC ("FSS"), and Owen Shroyer, Defendants in the above entitled and numbered causes, file this partially unopposed request that the Court modify its April 15, 2022, sanction order.

**I.    The Order should be modified to reflect that only FSS is being sanctioned.**

On April 1, 2022 in Cause Numbers D-1-GN-18-001835 and D-1-GN-18-001842 the Court issued an Order (the Sanctions Order) against "Defendants" arising from allegations that Defendant FSS failed to properly produce a corporate representatives, awarding, among other things, attorneys fees and costs.

The Court's order provided that Plaintiffs could submit their claim for attorneys fees and costs and further provided Defendants could file an objection on or before April 15, 2022.   Prior to the deadline, on April 15, 2022, the Court issued a second Order in these cases requiring Defendants to pay Plaintiffs as a sanction, $966,182.73 in the aggregate (the "Second Order").

The Order is titled "Order on Attorney's Fees for Plaintiffs' Motion For Sanctions Regarding Corporate Depostion [Sic]."  In paragraph two of the Order the Court writes "Defendants shall pay." The Court's use of the plural rather than the singular has prompted Defendants to file this partially unopposed motion[1], requesting that the Court correct its use of the plural so that the order is directed only at Defendant FSS and not Alex Jones or Owen Shroyer.

As written, the sanctions ordered by the Court apply to all Defendants, including Alex Jones and Owen Shroyer.  Jones and Shroyer are natural persons who were sued in their individual capacity. Neither had the obligation to produce a corporate representative for deposition nor were either Jones or Shroyer asked to do so.

Trial courts may not impose sanctions against parties from whom discovery was not sought. *See Arkla, Inc. v. Harris*, 846 S.W.2d 623, 628–29 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding) (immediate trial setting constitutes improper sanction when not all parties participated in discovery abuse); *Ramirez v. Otis Elevator Co.*, 837 S.W.2d 405, 411 (Tex. App.—Dallas 1992, writ

---

[1] Plaintiffs' agree that the Order should not apply to Mr. Shroyer but dispute whether it should apply to Mr. Jones.

denied) ("extent of the parties' personal responsibility" is one factor to consider in determining whether death penalty sanctions are proper).

Jones and Shroyer are not complaining about the effect that the sanction on their corporate co-defendant will have on them indirectly; rather, the glaring issue is that, unless the Order is corrected, they are being asked to pay the amount individually.

It is inappropriate to hold one party liable for another party's misconduct. *Bodnow Corp. v. Hondo*, 721 S.W.2d 839, 840 (Tex. 1986). In *Hondo*, it was held inappropriate to impose joint and several liability on an intervenor for the misconduct of other plaintiffs. *Id*. The Court reasoned, "[m]aking a party liable for discovery expenses that are caused by another party's misconduct does not further any of the purposes that discovery sanctions were intended to further." *Id*. The Texas Supreme Court has repeatedly reaffirmed this principle. Sanctions must be imposed against the "true offender." *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). The direct relationship requirement "means that the sanction should be visited on the offender," and the trial court must attempt to determine against whom "the offensive conduct is attributable." *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). Because there is no evidence that Mr. Jones or Mr. Shroyer committed any wrongdoing viz-a-viz the corporate representative deposition, neither was the true offender.

## II.    If paid now, the sanctions would materially impair Defendants' ability to continue the litigation.

Under *Braden v. Downey*, 811 S.W.2d 922 (Tex. 1991) this Court should either defer the payment deadline until rendition of an appealable judgement or hold a hearing and make specific written findings about the impact payment would have on Defendants' willingness and ability to continue the litigation through appeal.

Under Texas Rule of Civil Procedure 215.2 sanctions orders are generally not reviewed on mandamus because the sanctioned party has an adequate remedy on appeal. However, large sanction awards that have the potential to materially burden a party's access to the courts, such as the one issued by the Court here, do have some procedural safeguards. These safeguards exist because "monetary sanctions should not ordinarily be used to dispose of litigation." *Id*. at 929. So, when the imposition of a sanction threatens a party's ability to continue the litigation through appeal, it should be deferred until entry of a final judgement, or the Court should hold a hearing and issue specific findings as to why the award will not have a preclusive effect on Defendants' willingness and ability to continue the litigation. *Id*. Finally, when a sanction is so large as to expose risk of repayment if reversed on appeal, payment should be deferred until entry of final judgment.

### III.  Conclusion

Defendants request that the Court issue an Order modifying its previous order to make it effective only against FSS and defer payment until entry of final judgment. If the Court chooses not to defer payment, Defendants request that the Court hold a hearing and issue specific written findings regarding whether ordering immediate payment will burden Defendants' access to the courts.

Respectfully submitted this
27th day of May 2022,

/s/ F. Andino Reynal.
Federico Andino Reynal
SBN: 24060482
917 Franklin; Suite 600
Houston, TX 77002
[Tel.] (713) 228-5900
areynal@frlaw.us

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been delivered this 27th day of May 2022 (by electronic filing) to all counsel and parties of record on the e-filing system.

/s/ F. Andino Reynal
_____
**F. Andino Reynal**

### CERTIFICATE OF CONFERENCE

On May 26, 2022 I conferred by email with Plaintiffs' Counsel who indicated that they agreed that the Court's Order should not apply to Owen Shroyer but believed it should apply to Alex Jones and FSS and that the sanction should not be deferred.

/s/ F. Andino Reynal
_____
**F. Andino Reynal**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tish Swearington on behalf of F. Reynal
Bar No. 24060482
tish@frlaw.us
Envelope ID: 64927422
Status as of 6/2/2022 1:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Scott Weatherford | | sweatherford@jw.com | 5/27/2022 11:59:01 AM | SENT |
| Joshua ARomero | | jromero@jw.com | 5/27/2022 11:59:01 AM | SENT |
| Charles L.Babcock | | cbabcock@jw.com | 5/27/2022 11:59:01 AM | SENT |
| Warren Lloyd Vavra | 786307 | warren.vavra@traviscountytx.gov | 5/27/2022 11:59:01 AM | SENT |
| Velva Lasha Price | 16315950 | velva.price@traviscountytx.gov | 5/27/2022 11:59:01 AM | SENT |
| William Ogden | | bill@fbtrial.com | 5/27/2022 11:59:01 AM | SENT |
| T. Wade Jefferies | | twadejefferies@twj-law.com | 5/27/2022 11:59:01 AM | SENT |
| T. Wade Jefferies | | twadejefferies@twj-law.com | 5/27/2022 11:59:01 AM | SENT |
| Andrew Grant | | aj@fbtrial.com | 5/27/2022 11:59:01 AM | SENT |
| Robert Linkin | | rlinkin@munckwilson.com | 5/27/2022 11:59:01 AM | SENT |
| Marc Randazza | | ecf@randazza.com | 5/27/2022 11:59:01 AM | SENT |
| Norman Pattis | | npattis@pattisandsmith.com | 5/27/2022 11:59:01 AM | SENT |
| Carmen Scott | | carmen@fbtrial.com | 5/27/2022 11:59:01 AM | SENT |
| Jacquelyn W.Blott | | jblott@jblottlaw.com | 5/27/2022 11:59:01 AM | SENT |
| Bradley Reeves | | brad@brtx.law | 5/27/2022 11:59:01 AM | SENT |

Associated Case Party: ALEXEJONES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Federico Reynal | 24060482 | areynal@frlaw.us | 5/27/2022 11:59:01 AM | SENT |
| T. Wade Jefferies | | twadejefferies@twj-law.com | 5/27/2022 11:59:01 AM | SENT |
| Jacquelyn W.Blott | | jblott@jblottlaw.com | 5/27/2022 11:59:01 AM | SENT |

Associated Case Party: OWEN SHROYER

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tish Swearington on behalf of F. Reynal
Bar No. 24060482
tish@frlaw.us
Envelope ID: 64927422
Status as of 6/2/2022 1:20 PM CST

Associated Case Party: OWEN SHROYER

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Joseph C. Magliolo | 12821600 | jmagliolo@frlaw.us | 5/27/2022 11:59:01 AM | SENT |
| Tish Swearington | | tish@frlaw.us | 5/27/2022 11:59:01 AM | SENT |
| Jacquelyn W.Blott | | jblott@jblottlaw.com | 5/27/2022 11:59:01 AM | SENT |
| T. Wade Jefferies | | twadejefferies@twj-law.com | 5/27/2022 11:59:01 AM | SENT |

Associated Case Party: NEIL HESLIN

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Avishay Moshenberg | | avi.moshenberg@mhllp.com | 5/27/2022 11:59:01 AM | SENT |
| Mark D.Bankston | | mark@fbtrial.com | 5/27/2022 11:59:01 AM | SENT |
| William R.Ogden | | bill@fbtrial.com | 5/27/2022 11:59:01 AM | SENT |

Associated Case Party: FREE SPEECH SYSTEMS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jacquelyn W.Blott | | jblott@jblottlaw.com | 5/27/2022 11:59:01 AM | SENT |