**EXHIBIT E**

August 2, 2022, Transcript of Hearing in Connecticut Action

1

```
DKT NO:  X06-UWY-CV18046436-S    :  COMPLEX LITIGATION

ERICA LAFFERTY                   :  JUDICIAL DISTRICT WATERBURY
v.                               :  AT WATERBURY, CONNECTICUT
ALEX EMRIC JONES                 :  AUGUST 2, 2022



DKT NO:  X06-UWY-CV186046437-S

WILLIAM SHERLACH
V.
ALEX EMRIC JONES


DKT NO:  X06-UWY-CV186046438-S

WILLIAM SHERLACH
V.
ALEX EMRIC JONES
```


            BEFORE THE HONORABLE BARBARA N. BELLIS, JUDGE



A P P E A R A N C E S :


  Representing the Plaintiff (s):
    ATTORNEY CHRISTOPHER MATTEI
    ATTORNEY MATT BLUMENTHAL

  Representing the Defendant (s):
    ATTORNEY NORMAN PATTIS


                            Recorded and Transcribed by:
                            Debbie Ellis
                            Court Recording Monitor
                            400 Grand Street
                            Waterbury, CT  06702

1        THE COURT:  We are on the record in the three

2        related Lafftery versus Jones matters.  Lead docket

3        number Waterbury CV186046436.  I'm going to ask counsel

4        to please identify themselves for the record.

5        ATTY. MATTEI:  Good morning, your Honor.  Chris

6        Mattei on behalf of the plaintiffs.  With me is my

7        colleague Matt Blumenthal.

8        THE COURT:  Good morning.

9        ATTY. PATTIS:  Norm Pattis on behalf of Mr. Jones,

10       Free Speech Systems, Judge.  Good morning.

11       THE COURT:  Good morning.

12       ATTY. WILLIAMS:  Good morning, your Honor.  John

13       Williams with a special appearance on behalf of

14       Mr. Jones.

15       THE COURT:  Good morning.  So I think I may be

16       able to avoid the first issue with respect to the

17       objection for the media request.  Mr. Ferraro, have you

18       seen any members of the media here today?

19       THE CLERK:  There's one but nobody who had

20       requested to record.

21       THE COURT:  Okay.  So in light of the fact that no

22       one is here, I can avoid that issue.

23       THE CLERK:  Your Honor, I apologize.  I do think

24       the Connecticut Public Radio person is on his way.  He

25       called me and asked about the address but I don't see

26       him yet.

27       THE COURT:  All right.  I'm not going to delay the

1    proceedings for that, so he will not be able to film

2    today.  Okay.

3        So this may be less than five minutes or we may be

4    here all day depending on how this works.  So my first

5    question and this is really a yes or a no or an I don't

6    know.  That's what I want.  I don't want long

7    explanations.  I'm not looking for argument, just a yes

8    or a no or I don't know.  I'll start with Attorney

9    Mattei and then I will ask Attorney Pattis.

10       So my question is, whether the bankruptcy court

11   granted a motion to extend the bankruptcy stay to Alex

12   Jones who has not filed for bankruptcy?  So Attorney

13   Mattei, yes, no or I don't know?

14       ATTY. MATTEI:  No, your Honor.

15       THE COURT:  Okay.  Attorney Pattis, do you agree

16   or disagree with that, sir?

17       ATTY. PATTIS:  Neither.  I don't know is my

18   answer.

19       THE COURT:  Okay.  I'm happy to pass the matter

20   since your client would know, I assume, since you're

21   representing your client.  Would you like me to pass it

22   for a few minutes and we can make a call?

23       ATTY. PATTIS:  He's testifying today.  I tried to

24   reach him yesterday, a per your order and was

25   unsuccessful.  I don't know if I can reach his trial

26   counsel but I'll try.

27       THE COURT:  I know that you had mentioned, I think

1  you had reached out to Mr. Stuckel actually since

2  Mr. Ferraro was getting back from his Italy trip, with

3  respect to having bankruptcy counsel use the link to

4  watch it on Microsoft Teams so, I assume, they're

5  available.

6      ATTY. PATTIS:  I assume so too.

7      THE COURT:  So maybe they would be the ones that

8  you could try to reach.  And I just simply want to know

9  whether the bankruptcy court granted a motion to extend

10  the bankruptcy stay to Alex Jones who, to my knowledge,

11  has not filed bankruptcy.

12      ATTY. PATTIS:  I will find out, Judge.

13      THE COURT:  Okay.  So we'll take a five-minute

14  recess.  Thank you.

15      (Whereupon, there was a recess.)

16      THE COURT:  You could be seated.  That was quick,

17  Attorney Pattis.

18      ATTY. PATTIS:  It still took two phone calls.

19      THE COURT:  And the answer?

20      ATTY. PATTIS:  No such motion was filed,

21  therefore, no such motion is granted.

22      THE COURT:  Thank you.

23      So the automatic stay that is in effect as to Free

24  Speech System, LLC who filed for bankruptcy, I believe,

25  on Friday, does not automatically extend to solvent

26  codefendants even where they are similarly legal or

27  factually, so and I don't see that any motion for stay

1    has been filed here.

2         I'm going to next turn to the, I have to say

3    untimely cross claim.  I will give Attorney Williams an

4    opportunity to be heard but I do want to start out by

5    saying that it is, everyone has their responsibilities

6    and obligations in this case.  And one of my

7    responsibilities is to maintain the orderly procedure

8    of the court docket and cases and to prevent any

9    interference with the fair administration of justice.

10        And my concern here, Mr. Williams, and I'll give

11    you as much time as you need to respond, is that the

12    cross claim is untimely, improper, and that it delays

13    the trial.  And so I am considering using my statutory

14    authority and inherent authority in sua sponte

15    dismissing or striking the claim at this time.  So I'm

16    happy to have you be heard.

17        I do want to mention one thing before I forget is

18    that your appearance, you're going to need to correct

19    your appearance because your appearance, you didn't use

20    the right form.  There's a specific form that has to be

21    used for limited appearance and that form has different

22    language on it then the standard appearance form that

23    we're all used to.  So, for example, in the limited

24    appearance form you only agree to accept service on

25    your particular issue.  So I do want to tell you that

26    right now you are in for Mr. Jones full force and that

27    you'll need to correct that probably by way of a motion

1 or whatever you think is appropriate.

2  But in any event, let me hear you with respect to

3 your cross claim.

4  ATTY. WILLIAMS:  Your Honor, your Honor has raised

5 as I understand it and I apologize my hearing leaves a

6 lot to be desired but as I understand it, your Honor

7 has raised the question of untimeliness and

8 specifically as I look at the docket, there's no notice

9 of closed pleadings.  The case is proceeding as I

10 understand it as a hearing in damages.  It seems to me

11 that the cross claim is completely collateral to that.

12 There should not in any way have an impact on this

13 trial and in deed is the sort of thing that might well

14 be deferred until the end of the trial.

15  So if I have done something, your Honor used the

16 word improper, if I did something that was improper, I

17 can only tell your Honor it was certainly not my

18 intention and I apologize to the court for any offense

19 that I have given to you or inconvenience to anybody

20 else.  It was in no way my intention.

21  THE COURT:  No offense taken but we just need to

22 follow the rules, that's all.  So I raise the issue of

23 the untimeliness being improper and form and the delay

24 that it would work on the trial.  Is there anything

25 else that you wanted to add?

26  ATTY. WILLIAMS:  Well, your Honor, I didn't

27 believe that it was untimely.  But obviously the Free

1    Speech Systems I would have expected would oppose that

2    if they felt that it was untimely.  Your Honor, as

3    again said it's improper, I don't understand in what

4    way it would be improper except that I didn't request

5    your permission, which I didn't understand was required

6    and I didn't believe it would have any impact on the

7    case.

8         I have read the motion to strike.  Counsel there

9    indicates that --

10        THE COURT:  You're ahead of me Mr. Williams

11   because I haven't read it but --

12        ATTY. WILLIAMS:  I didn't hear you, your Honor.

13        THE COURT:  I said you're ahead of me because I

14   didn't read the motion to strike because it would now

15   require us to engage in pleading practice, request

16   to -- motion to strike, answer, special defenses,

17   motions for summary judgment and obviously we're down

18   for jury selection today.

19        ATTY. WILLIAMS:  Well, your Honor, all I can say

20   is that I did not intend any -- to do anything

21   improper.  I thought I was proceeding appropriately.

22   If I wasn't, I can only say that I am humbly apologetic

23   to the court.

24        THE COURT:  So I don't -- when I say untimely, and

25   please be seated if you like or remain standing

26   wherever you're most comfortable.  But when I say

27   untimely, it was filed well beyond the close of

8

1    pleadings deadline and the operative scheduling order.

2    I can't even find the last scheduling order, it's so

3    old.  And the deadline for the close of pleadings has

4    long passed.  It was not listed in the joint trial

5    management report which was ordered to be filed.  It

6    wasn't filed when the Jones defendants filed their

7    denials with their notice of defenses and their special

8    defenses and it's obviously filed on the eve of trial.

9        And when I say improper, I don't mean that you,

10   sir, did anything, you know, improperly to offend the

11   court by any means, so please don't think that.  But

12   what you would need to do with such a pleading is file

13   either a request to file the pleading, you know, beyond

14   the deadlines, file a motion with it, file a motion to

15   amend pleadings, something because otherwise, nothing

16   would prevent you from in the middle of evidence, you

17   or anyone else just dropping a pleading in the file and

18   expecting the parties and the court to adjudicate it.

19   So, we can't just have generally what we say with an

20   answer is an answer in cross claim or an answer in

21   counterclaim, certainly there was no answer here given

22   the default but there was the denial and the notice as

23   the defenses and the special defenses and I would have

24   expected it bare minimum to have it filed then.

25       And, you know, with respect to the delay, it would

26   delay the trial as it was filed five days before jury

27   selection.  So I have to say that Mr. Jones is not in

9

1   compliance with his obligations to plead in accordance

2   with our rules of practice and the scheduling order.

3       So pursuant to Connecticut General Statute 52-97

4   and Connecticut Practice Book Section 10-21, the cause

5   of action set forth in the untimely cross claim cannot

6   conveniently be heard with the main complaint.  And the

7   issues raised on the cross claim, even had the cross

8   claim been timely and properly filed, do not arise out

9   of the transaction which is the subject of the

10  plaintiff's complaint, which is required by Practice

11  Book 10-10.

12      For example, one of the basis for relief is an

13  injunction requiring someone from Free Speech Systems

14  to attend the trial.  So in short, it would be

15  impossible to hear and adjudicate the cross claim given

16  that jury selection starts today as it cannot

17  conveniently be heard with the main complaint.

18      So for these reasons, the court directs that the

19  cross claim be deleted or dismissed from this case and,

20  of course, nothing prevents Mr. Jones from filing a

21  separate action and if that does occur in the normal

22  course of business, the parties will be at notice that

23  the court will exercise jurisdiction over that matter

24  and bring it to this docket.  That is the most

25  efficient way to proceed.  But it will not be part of

26  this present case.

27      ATTY. WILLIAMS:  Thank you, your Honor.

1        THE COURT:  You're welcome.

2        So I have a couple of housekeeping matters.  I was

3   happy to see that you could agree on the number of

4   alternates which I understand was four and that you had

5   a total of five challenges, but I wasn't sure how you

6   were breaking it down.  Are you doing four and one or

7   three and two?

8        ATTY. MATTEI:  We agree that they be unrestricted,

9   your Honor.

10        THE COURT:  I will not, that I will not agree too.

11   I stick with the statute.  I like that statute.

12        ATTY. MATTEI:  My proposal then, Judge and I --

13        THE COURT:  Why don't you discuss it off the

14   record and then let me know if you have an agreement on

15   it.  Okay.  Thank you.

16        Mr. Pattis, there was one and I didn't pull it up,

17   but there was going to be one late motion in limine.

18   You had an attorney in your office who was not

19   available to file it due to some health issues.  And

20   I'm not sure if that was a motion in limine on behalf

21   of Mr. Jones and Free Speech Systems or just Free

22   Speech Systems because if it is on behalf of Mr. Jones,

23   it's well past filing, so what would you suggest?

24        ATTY. PATTIS:  It was both, but we're not going to

25   file it now.

26        THE COURT:  Okay.

27        ATTY. PATTIS:  He did not get out of the hospital

1   yet.

2          THE COURT:  Sorry to hear that.

3          ATTY. PATTIS:  Yeah, as are we.

4          Given the law of the case and the way things seem

5   to be evolving given the motion practice we can address

6   that interest in the other motions that are to be

7   argued later.

8          THE COURT:  Very good.

9          ATTY. PATTIS:  So there will not be another --

10          THE COURT:  And then I looked last night and I

11   thought yesterday was the deadlines for the replies to

12   the objections to the motions in limine, I saw the

13   plaintiffs' replies, are you not filing replies or are

14   you planning on filing them today because they were due

15   yesterday?

16          And again, I don't know if they're just are

17   directed to Free Speech Systems and of course we're not

18   adjudicating that now.

19          ATTY. PATTIS:  I have been advised by bankruptcy

20   counsel that the stay binds my hands as to Free Speech

21   Systems, and that I cannot act on his behalf it would

22   act as his peril.  They would pertain to both, so I

23   took the position that the stay was applicable as to

24   that.  I understand -- I'm here as to your order and I

25   don't mean to be defiant, but I've been told I act at

26   my peril if I act as to Free Speech Systems.

27          THE COURT:  So you don't want to act on behalf of

1    Mr. Jones in filing replies since you do represent

2    Mr. Jones and Mr. Jones is a nondebtor and there's no

3    stay at this point?  Listen, I'm not saying that at any

4    point the bankruptcy counsel can't file a motion in

5    bankruptcy court and have the stay extended to

6    Mr. Jones but right now, you're telling me that's why I

7    asked, that's why I started --

8         ATTY. PATTIS:  No, I understand.

9         THE COURT:  -- but there is no stay that extends

10   to Mr. Jones.

11        ATTY. PATTIS:  But there is as to a party that I

12   represent so I feel like I have a conflict at this

13   point, because I'm told I can't act with respect to one

14   and should act with respect to others and now I'm in a

15   position where I've got to parse what to do with

16   respect to each and that strikes me as that sort of

17   1.73 issue that I would need a little bit more time,

18   not an infinite amount of time to address.

19        And, you know, the issue you raised about whether

20   they should file the stay to extend to Mr. Jones that

21   hadn't occurred to me, I'm not a bankruptcy -- I had

22   altercate hands.

23        THE COURT:  Well, I think the law is clear that

24   when one defendant in a case files for bankruptcy it

25   doesn't automatically extend to all other defendants

26   even if they are similarly factually or legally and you

27   would have to move in bankruptcy court to extend the

1    stay.

2        Now last time we had this issue when Info Wars and

3    Prison Planet maybe, when they filed for bankruptcy, we

4    had the exact same situation and I believe I entered a

5    very similar order in response to that and then I think

6    what happened and you correct me if I'm wrong, I think

7    that you removed the remaining case to bankruptcy

8    court.  So that it wasn't so much --

9        ATTY. PATTIS:  I understand that.

10       THE COURT:  So here I didn't see and I checked

11   before I came out on the record, I didn't see any

12   removal to bankruptcy court of the pending claims and I

13   didn't see anything about a stay.

14       ATTY. PATTIS:  I was instructed not to file

15   removal papers by bankruptcy counsel for reasons of

16   their own that I didn't inquire as to.  And so I am

17   left in this awkward position now where if we proceed

18   as to Jones but not as to Free Speech that operates

19   almost constructively as a severance and I believe the

20   law is clear that a severance that adversely affects a

21   debtor is prohibited once the debtor is in bankruptcy.

22       So it's my request that and it's my understanding

23   that, I don't know if it's Houston, I don't recall what

24   city in Texas, in the Texas bankruptcy court there's a

25   hearing Friday morning with respect to the plaintiff's

26   emergency motion for relief from stay.

27       THE COURT:  But that emergency motion is a relief

1    from stay as to the debtor, Free Speech Systems --

2        ATTY. PATTIS:  Right.

3        THE COURT:  -- we are all on the same page here.

4    Everyone is on the same page.  They're under federal

5    bankruptcy law which, I believe me, respect.  There is

6    an automatic stay as to the debtor, Free Speech

7    Systems, LLC.  If you told me this is why I started

8    asking this question, if you said to me, yes -- because

9    I tried to look last night and I could not access the

10   through Pacer the records or I would have cancelled

11   this if I saw that it was extended.  As I'm

12   understanding it, clearly there's no doubt that there

13   was no extension of that stay to the solvent remaining

14   defendant Mr. Jones, nor has such a motion been filed,

15   so there is an active claim right now against Alex

16   Jones.  There's causes of action and we're down for

17   jury selection.

18       So, I can't, you know, I can't solve for you what

19   instructions you're getting from your client or

20   bankruptcy counsel but I have a remaining claim, but I

21   understand from what you're telling me it's your

22   position, well you can tell me your position why don't

23   you.

24       ATTY. PATTIS:  I'm asking for a recess until a

25   motion is heard on Friday.  I find myself in a position

26   where I cannot satisfy my obligations to both clients.

27   Mr. Jones expects a defense as does Free Speech.

15

1          I am told Free Speech the action will not proceed

2     as to they may or may not have identical interest in

3     every instance but I don't see how I can proceed as to

4     one client and not the other.

5          THE COURT:  So and then let's just hypothetically

6     say that we either didn't pick until Friday and Friday

7     the motion is heard and the motion it's a motion to --

8          ATTY. PATTIS:  For relief from stay.

9          THE COURT:  Okay, let's say that --

10         ATTY. PATTIS:  That's my understanding of it.  I

11    haven't filed it.

12         THE COURT:  So let's say that's denied and so the

13    stay is in effect as to Free Speech System.

14         ATTY. PATTIS:  At this point, Judge, I would be in

15    touch with bankruptcy counsel saying you left me

16    hanging here without a motion for an application as to

17    Jones or a removal, the trial court takes the position

18    that its capable -- that as a matter of law it would be

19    appropriate to proceed with Mr. Jones and I might have

20    to seek independent ethic's counsel advice because I'm

21    starting to feel a 1.73 (inaudible) because I'm now in

22    a position where I can meet the needs of one client but

23    not the other in a proceeding and I've not been in this

24    position before.

25         THE COURT:  Attorney Mattei.

26         ATTY. MATTEI:  Your Honor, what I see Attorney

27    Pattis be doing is asking for making an oral motion for

1    continuance for jury selection.  We oppose that motion

2    for continuance.  Mr. Jones is more than adequate

3    represented in bankruptcy court in Houston.  They are

4    well aware of this jury selection.  They actually filed

5    a motion to lift the stay as to the ongoing trial in

6    Texas.  And so they're well aware of the implications

7    that --

8        THE COURT:  So that -- excuse me.  The motion to

9    lift the stay was as to the debtor?

10       ATTY. MATTEI:  As to the debtor Free Speech

11   Systems.  And so they're more than aware of occasions

12   of not moving the stay with respect to Mr. Jones,

13   they've not done that knowing that jury selection is

14   scheduled for today.

15       The bankruptcy, which was filed on Friday,

16   Mr. Pattis has had the weekend and now Monday to

17   investigate the extent to which any conflict prevents

18   him from proceeding today on behalf of Mr. Jones.  But

19   the facts of the case establishes that there is no

20   conflict and there can be no conflict because Mr. Jones

21   and Free Speech Systems are all egos to one another.

22   They have been represented by the same counsel

23   throughout.  There's no suggestion or evidence that any

24   position taken by Mr. Jones here would be adverse to a

25   company that he 100 percent controls, Free Speech

26   Systems.

27       And so there's just no basis to grant a

1    continuance here where Mr. Jones is the one that has
2    manufactured this situation on the eve of jury
3    selection to prevent us from going forward.  So we want
4    to proceed today with jury selection.

5        THE COURT:  So here's what I would say, we are
6    going to proceed but if and when a motion is granted in
7    the bankruptcy court, that extends the stay to
8    Mr. Jones, the court needs to be notified immediately
9    and we will cease activity because that would then stay
10   the claim against Mr. Jones as well.  But short of
11   that, listen I suppose Mr. Jones could file for
12   bankruptcy and that would stay the rest of the case
13   under federal law or the bankruptcy court can extend
14   the stay to Mr. Jones.

15       So if either one of those happens, I'm sure you'll
16   let me know immediately and we will stop our
17   proceedings.

18       All right.  So we're going to start jury selection
19   at 10:00.  Just as a reminder please no snapshots or
20   screen shots or whatever you want to call it of the
21   jury confidential jury questionnaires.  Anyone who --
22   so if your clients are here at any point either during
23   jury selection or trial the trial will be in the
24   courtroom next door.

25       But during jury selection and during trial anyone
26   who's seated at counsel table or in the well of the
27   courtroom would have to wait for a recess to leave or

1    you can leave in between jurors if you understand what

2    I'm saying.  I don't want people in the well of the

3    courtroom getting up and leaving in the middle of the

4    voir dire, if they're in the well of the courtroom.

5    Now people in the gallery they can come and go as they

6    please but for trial as well, if we're not in a recess

7    any of your clients or other lawyers that are in the

8    well of the courtroom would have to wait for recess.  I

9    don't want people coming and going.  But if there's any

10   believe me any need for a quick break because someone

11   needs to leave or you have an emergency or whatever,

12   I'm happy to take another recess, so you just let me

13   know and ask for a recess and I'm sure we'll take a

14   recess.  I just don't want any commotion.

15        During the -- I am going to remain on the bench at

16   least for the immediate future.  I don't have any other

17   conflicts right now.  I don't know if that's going to

18   remain the whole time but the juror, potential juror

19   will sit next to me up here.  I don't know if you want,

20   I guess, Mr. Ferraro, maybe we can move the lectern up

21   for the lawyers.

22        THE CLERK:  Wherever counsel wants to.

23        THE COURT:  Why don't you discuss where you want

24   it but I'm telling you now I want you to give the

25   jurors space.  I don't want you leaving that lectern

26   area and clouding the jurors and I'm going to say the

27   same thing for witnesses as well.  So I don't want

1    anybody invading their space.

2         So here's what I would say on the replies to the

3    motions in limine by Mr. Jones.  If Mr. Jones wishes,

4    he's not ordered to, he doesn't have to but if he

5    wishes to file replies to the motions in limine, and

6    that was due yesterday, Mr. Jones will have until the

7    end of business tomorrow to file his replies if he

8    wants to.

9         I'm prepared to go on the introduction to the

10   panel.  I have, thank you, I have all the information

11   that you gave us with respect to the parties and the

12   witnesses and so forth.  So I think for the

13   introduction to the panel, you're going to be very

14   brief.  You're just going to simply say who you are and

15   what other lawyers are with you and if you want to

16   mention if you have clients here or not, that's fine.

17   But I don't want to hear anything beyond that, no

18   description of the case.  It's going to be very very

19   brief otherwise I am going to cut you off.  That's not

20   the opportunity to start any further details.

21        All right.  So we will be back right at 10:00 p.m.

22   for jury selection.

23        ATTY. MATTEI:  Your Honor, I'm sorry.  One

24   housekeeping matter.  I sent to Mr. Stuckel this

25   morning a proposed revised description of the case for

26   the court to consider giving to the jury in light of

27   the fact we now only have one defendant for whom we are

1    picking.  The initial jointly agreed upon statement

2    referred to both defendants and I sent the revision to

3    Mr. Stuckel.  Attorney Pattis I spoke to him

4    beforehand, he indicated that he objects so I just want

5    to flag the court given that right now we are only

6    picking with respect to Mr. Jones.

7        THE COURT:  Well, I planned on deleting Free

8    Speech Systems in the language as a defendant.  I

9    understand that you're objecting basically, Attorney

10   Pattis, even going forward into the proceeding and such

11   but do you have any suggestions on the proposed

12   language or not?

13       ATTY. PATTIS:  Yes.  I don't believe the court can

14   refer to Free Speech Systems.  I don't think the court

15   can refer to Mr. Jones as acting through Free Speech

16   Systems without adversely affecting Free Speech Systems

17   in violation of the stay, so that's the basis of my

18   disagreement.

19       If the court's going to proceed as to Mr. Jones I

20   think it should delete reference to Free Speech Systems

21   from the proposed joint statement.

22       ATTY. MATTEI:  I just in response regardless of

23   Free Speech Systems status that fact is established as

24   a result of fault not, so there's not any question that

25   that is true to be evidence in the case regardless of

26   whether Free Speech --

27       ATTY. PATTIS:  That will be a litigated issue

1    whether he'll be evidence, we think any evidence to

2    that effect would be in violation of the stay because

3    it acts to the detriment of Free Speech Systems while

4    it's --

5          THE COURT:  I think we can be very clear in our

6    preliminary instructions and our jury instructions that

7    this case is proceeding only as to Mr. Jones

8    individually so I'm not concerned that they're going to

9    be confused.  So if you can't come up with your own

10   language I'm more than capable of coming up with my own

11   language.  Okay.

12         ATTY. WILLIAMS:  Your Honor, may I be excused?

13         THE COURT:  Well, Mr. Williams, sure but you're

14   going to have to file --

15         ATTY. WILLIAMS:  A motion to withdraw.

16         THE COURT:  Unless you can somehow assure me as an

17   officer of the court that Mr. Jones retained you solely

18   for the purposes of the cross claim and not for any

19   other reason.  Because I explained to you the issue.

20         ATTY. WILLIAMS:  I understand.

21         THE COURT:  And I don't want to be hasty and make

22   mistakes and informally let you out of the case if in

23   fact that's not true.

24         ATTY. WILLIAMS:  Your Honor, I assure you as an

25   officer of the court that that was the sole purpose

26   that he retained me and I have no other interest in

27   this case whatsoever.

22

1          THE COURT:  All right.  Do you agree with that,

2     Attorney Pattis?

3          ATTY. PATTIS:  I reviewed the papers and I agree.

4          THE COURT:  I'm sorry.

5          ATTY. PATTIS:  I've reviewed the engagement

6     letter, I agree that there's no ambiguity with respect

7     to that.

8          THE COURT:  So your client, Mr. Jones, is not

9     going to object if I informally let Mr. Williams out.

10          ATTY. PATTIS:  On behalf of Mr. Jones, I'll make

11     that representation.

12          THE COURT:  And Attorney Mattei, you don't want to

13     be heard on this, correct?

14          ATTY. MATTEI:  No, your Honor.

15          THE COURT:  All right.  So ordered.

16          ATTY. WILLIAMS:  Thank you, your Honor.

17          THE COURT:  We'll take a recess.

18          (Whereupon, there was a recess.)

19          *          *          *          *          *

20

21

22

23

24

25

26

27

23

```
DKT NO:  X06-UWY-CV18046436-S   :   COMPLEX LITIGATION

ERICA LAFFERTY                  :   JUDICIAL DISTRICT WATERBURY
v.                              :   AT WATERBURY, CONNECTICUT
ALEX EMRIC JONES                :   AUGUST 2, 2022


DKT NO:  X06-UWY-CV186046437-S

WILLIAM SHERLACH
V.
ALEX EMRIC JONES


DKT NO:  X06-UWY-CV186046438-S

WILLIAM SHERLACH
V.
ALEX EMRIC JONES
```

E L E C T R O N I C
C E R T I F I C A T I O N

I hereby certify the electronic version is a true and

correct transcription of the audio recording of the

above-referenced case, heard in Superior Court, G.A. 4 of

Waterbury, Connecticut before the Honorable Barbara N. Bellis,

Judge, on August 2, 2022.


Dated this 2nd day of August, 2022 in Waterbury,

Connecticut.




_____
                      Debbie A. Ellis
                  Court Recording Monitor