**EXHIBIT B**

**Schwartz Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | **Case No. 22--60043** |
| | § | |
| **DEBTOR.** | § | **(Subchapter V Debtor)** |
| | § | **Chapter 11** |

## DECLARATION OF W. MARC SCHWARTZ

I, W. Marc Schwartz, declare under penalty of perjury as follows:

1.      I am a CPA and a founder and chairman of Schwartz Associates, LLC ("SALLC"). On my behalf and SALLC's, I am duly authorized to execute this Declaration in support of the Application filed by Free Speech Systems, LLC  (the "Debtor" or "FSS") in the above-captioned chapter 11 case (the "Chapter 11 Case") seeking approval to retain me as the chief restructuring officer ("CRO") and SALLC to assist me in those duties.

2.      Except as otherwise noted, all facts set forth in this Declaration are based upon my personal knowledge, upon the client and matter records of SALLC reviewed by me or SALLC staff under my supervision and direction or derived from information available to me that I believe to be true and correct or my opinion based upon experience, knowledge and information concerning the restructuring of debtor-creditor relationships, workouts, chapter 11 process and the Debtor.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

### A. Application to Employ CRO

3.      I have reviewed the Application of Debtor for an Order (A) Authorizing Employment of W. Marc Schwartz as Chief Restructuring Officer, (B) Authorizing Employment of Staff of Schwartz Associates, LLC in Discharge of Duties as Chief Restructuring Officer, and (C) Granting Related Relief (the "Application"). The Application accurately describes my proposed role as the CRO.

### B. Disclosure of Connections

4.      SALLC performed the following actions to determine whether it or any of its professionals has any disclosable connections to the Debtor, creditors, any other party in interest, their attorneys or accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas:

> a.      First, SALLC staff sent emails to all email account holders within SALLC requesting the recipient respond to any representation known to be adverse or otherwise connected to the Debtor or its estate. Neither I nor my staff received any responses indicating that a conflict or connection exists.
>
> b.      Second, SALLC staff conducted a computerized search of all clients of SALLC using the list of parties in interest listed in Schedule 1 hereto.
>
> c.      No connections or potential connections were identified.
>
> d.      Analyzed with FSS bankruptcy counsel whether having previously served as the CRO of InfoW, LLC, IWHealth LLC and Prison Planet TV LLC created a disqualifying connection or constituted a connection requiring disclosure in the Rule 2014 Statement.

5.      The email and computerized search uncovered no connections other than I and SALLC have worked with many of the same parties and creditors in connection with serving as the CRO and SALLC serving as my staff in the InfoWDebtors bankruptcy cases. The equity in and to the InfoWDebtors had been transferred by Alex Jones to a separate trust, so that Mr. Jones

2

had no ownership interest or control over the equity of those entities. On the other hand, Alex Jones is the sole owner and managing member of FSS.

6.      The Creditors and Parties in Interest and Attorneys for Creditors and Parties in Interest in Schedule 1 is similar to the creditors and parties in interest in the InfoWDebtors bankruptcy cases. As a result of their decision to withdraw their claims against the InfoWDebtors, these same parties are no longer creditors and parties in interest against InfoWDebtors.

7.      The Creditors and Parties in Interest here are adverse to FSS, similar to the position they were against InfoWDebtors. Applicant submits that previously serving as CRO for InfoWDebtors does not create an actual or potential conflict of interest as against the Creditors and Parties in Interest.

8.      Out of an abundance of caution, Applicant sets forth below the chronology of his involvement with InfoWDebtors, and, FSS, to establish that he did not start serving as the CRO for FSS until his mandate under the InfoWDebtors Engagement Agreement had terminated.

9.      *"Connection" to the InfoWDebtors.*  InfoW, LLC, f/k/a Infowars, LLC, IW Health, LLC f/k/a Infowars Health, LLC, Prison Planet TV, LLC (the "InfoWDebtors") were not financially healthy companies with no need to reorganize. Each of the Plaintiffs brought and continued lawsuits against one or more of the InfoWDebtors for over four (4) years. Both the Texas and Connecticut Plaintiffs had obtained judgments with respect to liability. Absent restructuring, the InfoWDebtors did not have the ability to pay any significant judgment or even the already-imposed sanctions. Chapter 11 relief was necessary for the InfoWDebtors.

10.     On April 17 and 18, 2022 (the "Petition Date"), each of the InfoWDebtors commenced a bankruptcy case by filing a petition for relief under chapter 11, subchapter v, of the

Bankruptcy Code with the United States Bankruptcy Court, Southern District of Texas, Victoria Division.

11.     In the InfoWDebtors' bankruptcy cases, Alex Jones and FSS agreed to pay into a trust pursuant to a Plan Support Agreement ("PSA") to be distributed according to a confirmed plan of reorganization (a) $725,000 initial funding plus any additional costs of the reorganization, (b) $2.0 million in cash on the effective date of a plan of reorganization, and (c) $250,000 per quarter for 60 quarters.

12.     Immediately after the Petition Date, the Texas Plaintiffs, the Connecticut Plaintiffs and the U.S. Trustee all filed emergency motions to dismiss the bankruptcy cases of the InfoWDebtors. The Texas and Connecticut Plaintiffs did not want to engage in negotiations over the proposed plan treatment with the Debtors, FSS or Alex Jones.

13.     While the InfoWDebtors had filed a series of emergency pleadings to have the former Bankruptcy Judges Nelms and Schmidt to Serve as Trustees of the 2022 Litigation Settlement Trust [ECF No. 6](the "Trustee Motion") and Marc Schwartz serve as the CRO for InfoWDebtors approved [ECF No. 7]("CRO Application"), the Texas Plaintiffs, Connecticut Plaintiffs and the U.S. Trustee all opposed hearings on those emergency motions and requested the Court to consider their emergency motions to dismiss the Chapter 11 Cases first. By the time of dismissal of the InfoWDebtors' bankruptcy cases in June, 2022, the Court had not ruled on the Trustee Motion and the CRO Application.

14.     By May 6, 2022, *only 18 days after the Petition Date*, counsel for both the Texas and Connecticut Plaintiffs announced that they were dismissing their claims against the InfoWDebtors from their respective lawsuits. I directed my bankruptcy counsel to work with Plaintiffs' counsel to make sure that their claims were withdrawn with prejudice against the

InfoWDebtors.   The Connecticut Plaintiffs filed motions to dismiss their claims against the InfoWDebtors with prejudice on or about May 13, 2022. The InfoWDebtors finalized, submitted and had the Bankruptcy Court approve the Stipulations of Dismissal of the Texas Plaintiffs Claims with Prejudice by May 19, 2022.

15.      Upon dismissal of the Plaintiffs' claims against the InfoWDebtors, the purpose for the PSA no longer existed and it terminated by its own terms.  While counsel for FSS and Alex Jones advised the Court that the parties would extend the PSA deadlines beyond April, the Amended PSA was negotiated but never executed and the Litigation Trustee's never approved the amendment.

16.      I then conferred with my bankruptcy counsel to determine whether continuation of the subchapter v bankruptcy cases was in the best interest of the estates. First, the InfoWDebtors still had to litigate with the U.S. Trustee as to whether the InfoWDebtors were proper subchapter v debtors. Second, the *raison d'etre* for the bankruptcy (to have the Plaintiffs participate as claimants under the plan of reorganization) no longer existed. Third, I had limited access to funds to administer the estates, in light of breaches under the PSA. Fourth, the dismissals of both Texas and Connecticut Plaintiffs' claims with prejudice left the estate with only four (4) remaining creditors.

17.      I had to decide whether I needed the cost and expense of a chapter 11 to handle the four (4) remaining claims against the InfoWDebtors. I concluded I did not. I then immediately directed my bankruptcy counsel to work with the U.S. Trustee's office in order to have the InfoWDebtors' bankruptcy cases dismissed.

18.     On June 1, 2022, the U.S. Trustee and the Debtors filed a Stipulation and Agreed Order Dismissing Debtors' Chapter 11 Cases. On June 6, 2022, the Bankruptcy Court approved the Stipulation and Agreed Order Dismissing Debtors' Chapter 11 Cases.

19.     Neither I nor SALLC was contacted about serving as a CRO for Free Speech Systems, LLC until May 19, 2022, when my assignment in the InfoWDebtors bankruptcy case had reached a favorable outcome for those debtors. For all practical purposes, my mandate to reorganize the InfoWDebtors had concluded because the bankruptcy cases no longer had the necessary participants to implement the global settlement. I had nothing to restructure or reorganize of InfoWDebtors at that point. The balance of the work I was performing was ministerial.

20.     As of May 19, 2022 and continuing through today, there is no adversity between any of the dismissed InfoWDebtors and FSS. No default exists under the license agreement between InfoW and FSS. To the best of my knowledge, there are no claims that exist between FSS and the InfoWDebtors. Furthermore, my mandate under the InfoW Engagement Agreement to be "in charge of the Client's restructuring process" terminated by its own terms. InfoW Engagement Agreement, P1. InfoWDebtors no longer needed anyone in charge of the restructuring process because the major claims against them had been withdrawn with prejudice.

21.     Out of an abundance of caution and to assure that the Court and the FSS parties that the CRO does not have biases, I submitted a written resignation of my position as CRO and the resignation of SALLC as my staff to InfoWDebtors to the Trustee of the InfoWDebtors prior to my filing this Declaration.

22.     The results of the foregoing connections search process and Declaration confirm that neither I, SALLC, nor any of its employees or shareholders, to the best of my knowledge, have

any disqualifying connections. Neither I nor SALLC (a) have any debt or equity securities in the Debtor, (b) are an insider of the Debtor, or (c) was a creditor of the Debtor on the Petition Date.

### C.  Affirmative Statement of Disinterestedness

23.     Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I can ascertain, I and SALLC are "disinterested persons" within the meaning of Bankruptcy Code § 101(14), as modified by Bankruptcy Code § 1107(b), as required by Bankruptcy Code § 327(a).

24.     I am not a creditor, an equity security holder, or an insider of the Debtor; I am not and was not within 2 years before the Petition Date a director of the Debtor; and I do not have any interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

25.     SALLC is not a creditor, an equity security holder, or an insider of the Debtor; SALLC is not and was not within 2 years before the Petition Date an employee, officer, or director of the Debtor; and SALLC does not have any interest materially adverse to the interests of the Debtor' bankruptcy estates or any class of creditors or equity security holders.

26.     My having previously served as the CRO of InfoWDebtors and the connections to the same parties from that case will not in the slightest degree color my independent and impartial attitude required by the Code. In fact, I believe my previous experience with the parties involved will allow me to negotiate in good faith, foster communication among the constituents and often allow parties to achieve negotiated results rather than litigation.

27.     My previous service as the CRO of InfoWDebtors demonstrates that I faithfully will execute my fiduciary duties. Concerns were expressed at the inception of the InfoWDebtors bankruptcy case whether I would be serving Alex Jones or the creditors of InfoWDebtors. While it would have been beneficial to Alex Jones to contest the withdrawal of claims against the Debtors

and prolong those bankruptcy cases, I directed counsel to assure only one thing in those negotiations: Assure that the InfoWDebtors had no more claims that could be asserted against it by the Texas and Connecticut Plaintiffs. Once that was accomplished, I quickly assessed that the best course for those debtors was to solve the remaining debtor-creditor issues outside of chapter 11.

28.     I do not possess or have any economic interest that would tend to lessen the value of the FSS bankruptcy estate. Nor one that would create either an actual or potential dispute in the which the two estates are rival claimants. Even if such a dispute were to arise, I would be representing FSS at this time, as I have resigned from being a CRO at InfoWDebtors. Furthermore, I would most likely have to recuse myself if it involved a matter on which I had done work for InfoWDebtors prior to my being engaged by FSS.

29.     I do not possess a pre-disposition under the circumstances that render such a bias against the estate. I can serve as an effective disinterested fiduciary at FSS.

30.     Finally, SALLC and I were retained pursuant to the Engagement Letter prior to the Petition Date to prepare for the filing. My understanding is that Bankruptcy Code § 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

### D.  Bankruptcy Rule 2016(b) Disclosures

31.     Pursuant to Bankruptcy Code § 504 and Bankruptcy Rule 2016, neither I nor SALLC have shared or agreed to share (a) any of its compensation from the employment by the Debtor with any other persons or (b) any compensation any other persons have received, may have received, or will receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.


Executed on August 20, 2022,                    By: _____

                                                    W. Marc Schwartz

## SCHEDULE 1

## TO SCHWARTZ DECLARATION

## SEARCHED PARTIES

Debtor & Professionals

    Law Office of Ray Battaglia            Shannon  & Lee, PLLC

Debtor's Equity

    Alexander E. Jones

Creditors & Parties in Interest

| | |
|---|---|
| Brennan Gilmore | Leonard Pozner |
| Carlee Soto-Parisi | Marcel Fontaine |
| Carlos Soto | Mark Barden |
| Christopher Sadowski | Neil Heslin |
| Dona Soto | Nicole Hockley |
| Erica Lafferty | PQPR Holdings Limited, LLC |
| Francine Wheeler | Robert Parker |
| Free Speech Systems, LLC | Scarlett Lewis |
| Ian Hockley | Veronique De La Rosa |
| Jacqueline Barden | William Sherlach |
| Jennifer Hensel | William Aledenberg |
| Jeremy Richman | Larry Klayman |
| Jillian Soto | Randazza Legal Group |

Attorneys for Creditors and Parties in Interest

| | |
|---|---|
| Kaster Lynch Farrar & Ball LLP | McDowell Heterhington LLP |
| Koskoff Koskoff & Bieder | The Akers Law Firm PLLC |
| Fertitta & Reynal LLP | Copycat Legal PLLC |
| Pattis & Smith, LLC | Waller Lansden Dortch & Davis, |
| Zeisler & Zeisler P.C. | LLP |
| Jordan & Ortiz, P.C. | |

U.S. Bankruptcy Judges and Staff

2

| | |
|---|---|
| Chief Judge David R. Jones | Tracey Conrad |
| Judge Marvin Isgur | Jeannie Chavez |
| Judge Christopher M. Lopez | LinhThu Do |
| Judge Jeffrey P. Norman | Tyler Laws |
| Judge Eduardo V. Rodriguez | Kimberly Picota |
| Albert Alonzo | Vriana Portillo |
| Ana Castro | Mario Rios |

U.S. Trustee Personnel

| | |
|---|---|
| Alicia Barcomb | Jayson B. Ruff |
| Jacqueline Boykin | Millie Sall |
| Luci Johnson-Davis | Patricia Schmidt |
| Hector Duran | Christy Simmons |
| Barbra Griffin | Gwen Smith |
| Brian Henault | Stephen Statham |
| Linda Motton | Christopher R. Travis |
| Ha Nguyen | Clarissa Waxton |
| Glenn Otto | Jana Whitworth |
| Yasmin Rivera | |