UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | Case No. 22--60043 |
| | § | |
| **DEBTOR.** | § | Chapter 11 (Subchapter V) |
| | § | |

**DEBTOR'S APPLICATION TO EMPLOY THE LAW OFFICES OF RAY BATTAGLIA, PLLC AS BANKRUPTCY CO-COUNSEL EFFECTIVE AS OF JULY 29, 2022**

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.

AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ' CONFERENCE ROOM NUMBER IS 590153. YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGELOPEZ" IN THE GOTOMEETTING APP OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE IN THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT-HAND CORNER AND ENTER YOUR NAME UNDER PERSONAL INFORMATION SETTING

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Free Speech Systems, LLC (the "Debtor" or "FSS"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby file this application (the "Application") to employ the Law Offices of Ray Battaglia, PLLC (the "Firm") as bankruptcy co-counsel. Subject to approval by the Bankruptcy Court, the Debtor has engaged the Firm to represent

the Debtor as co-counsel commencing as of July 29, 2022, pursuant to an Engagement Agreement, attached hereto as <u>Exhibit A</u>. In support of the Application, the Debtor submits the Declaration of Ray Battaglia (the "<u>Battaglia Declaration</u>"), attached as <u>Exhibit B</u> hereto, and respectfully states as follows:

## **JURISDICTION**

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief sought are sections 327(a) and 330 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Rules for the U.S. Bankruptcy Court for the Southern District of Texas (the "<u>Local Rules</u>").

## **BACKGROUND**

### A. **The Debtor**

4. On July 29, 2022 (the "<u>Petition Date</u>"), the Debtor commenced the Chapter 11 Case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code.

5. The Debtor continues to operate its business and manage its assets as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### B. **Proposed Employment of The Firm**

    *i.*    *Scope of Employment*

6. Subject to the Court's approval, the Firm will serve as general bankruptcy co-counsel along with Shannon & Lee LLP ("THE FIRM") in connection with the Debtor's Chapter 11 Case.

7. The Firm is being retained to serve as co-counsel along with THE FIRM. The two

2

law firms have agreed to a division of labor substantially similar to the manner which multiple attorneys within the same law firm would handle a similar case.  Each firm is aware of the need to avoid duplication of effort and have taken steps to minimize the degree to which their services will overlap.  THE FIRM will be primarily responsible for the day to day management of the case, issues involving the Sandy Hook Litigation, and all routine activities typical to the Chapter 11 Case.  The Firm will provide legal advice regarding strategy for the Chapter 11 Case and implementation of that strategy.  The firms will allocate primary responsibility as appropriate for drafting pleadings and handling contested matters and meetings with the Debtor and opposing counsel.  For certain matters it will be necessary to involve more than one lawyer and the firms will jointly handle such matters, mindful of the need to avoid duplication whenever possible.

        ii.       *Necessity of Employment*

8. The Debtor believes that the assistance of counsel specializing in bankruptcy is necessary and appropriate to administer this Chapter 11 Case.  The Debtor cannot proceed in chapter 11 without counsel and would face extreme difficulty complying with the provisions of the Bankruptcy Code and successfully reorganizing their financial affairs for the benefit of their creditors without attorneys who focus their practice on corporate bankruptcy.

        iii.       *Reasons for Selection*

9. The Debtor selected the Firm as its restructuring co-counsel because of the Firm's recognized expertise in the field of debtors' and creditors' rights and business reorganizations and asset sales under chapter 11 of the Bankruptcy Code. The Debtor believes that the Firm, together THE FIRM as co-counsel, have the knowledge and experience necessary to deal effectively with the issues that will arise in the Chapter 11 Case and that the Firm's representation of the Debtor is critical to the success of the Debtor's reorganization efforts.

10. The Debtor believes that the Firm, and especially Mr. Battaglia, are well-qualified

and able to represent the Debtor in this Chapter 11 Case in an efficient and timely manner, together THE FIRM as co-counsel.

    *iv.*    *Proposed Compensation & Reimbursement*

11.    The Firm intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the guidelines (the "Guidelines") established by the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and any orders of this Court in this Chapter 11 Case (the "Orders"), for all services performed and expenses incurred during its representation of the Debtor.

12.    Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, the Debtor proposes to pay the Firm as set out in the Engagement Agreement attached hereto as Exhibit B and as summarized in the following chart:

| BILLER | HOURLY RATE |
|---|---|
| Raymond Battaglia | $500 |

13.    The Debtor believes that the Firm's agreed terms of reimbursement, compensation, and hourly rates are reasonable. the Firm will notify the Debtor of any change in the hourly rates charged for services rendered while the Chapter 11 Case is pending.

    *v.*    *Retainer*

14.    In connection with entry into the engagement of the Firm, the Debtor agreed that a retainer (the "Retainer") would be applied to the Firm's professional fees, charges, and disbursements. The Retainer in the amount of $72,000 was paid to the Firm on July 29, 2022, through a wire transfer from Schwartz & Associates. That deposit together with the balance remaining in the firm's Trust Account of from prior representation of FSS left a balance in the retainer account of $77,235.00 as of the

Petition Date. The Retainer will remain in the Firm's IOLTA trust account as a post-petition retainer to be applied against post-petition fees and expenses after application to and approval by the Court.

15. As of the Petition Date, the Firm had collected fees and expense in the total amount of $22,150.00 to pay prepetition fees and expenses owed to the Firm in connection with the FSS bankruptcy.

*vi.      Connections*

16. The Battaglia Declaration sets out the Firm's connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee. To the best of the Debtor's knowledge, the Firm does not hold any connections other than those disclosed in the Battaglia Declaration.

17. The Debtor believes that the Firm neither holds nor represents a disqualifying interest that is adverse to the estate and is a "disinterested person." If any new relevant facts or relationships are discovered, the Firm will supplement its disclosure to the Court.

## RELIEF REQUESTED

18. The Debtor requests that the Court enter an order substantially in the form of the proposed order attached hereto (the "Proposed Order") authorizing the Debtor to retain the Firm as general bankruptcy counsel, pursuant to the terms of the Engagement Agreement, commencing on July 29, 2022.

## BASIS FOR RELIEF

19. Subject to bankruptcy court approval, Bankruptcy Code § 327(a) authorizes trustees—and debtors-in-possession—to "employ one or more attorney's accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in performing the trustee's duties . . . ." Bankruptcy Code § 327(c) provides that "[i]n a case under chapter 7, 12, or 11 of this

5

title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest."

20. Bankruptcy Rule 2014 requires certain disclosures prior to the entry of an order approving the employment of a professional. According to Bankruptcy Rule 2014, the application must:

(a) Be filed by the trustee or committee and served on the United States Trustee (except in cases under chapter 9 of the Bankruptcy Code);

(b) State the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; and be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

A. **The Firm Meets the Requirements of Bankruptcy Code § 327(a)**

21. Based on the Battaglia Declaration, the Debtor submits that the Firm neither holds nor represents a disqualifying adverse interest and is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

22. The term "disinterested person" is defined by the Bankruptcy Code. According to Bankruptcy Code § 101(14):

> The term "disinterested person" means a person that— (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

6

23. The Battaglia Declaration discloses no connections with the Debtor that would disqualify the Firm as a "disinterested person" and the Debtor is aware of no connections in addition to those disclosed in the Battaglia Declaration.

**B.  This Application and the Battaglia Declaration Meet the Requirements of Bankruptcy Rule 2014**

24. This Application and the Battaglia Declaration meet the requirements as set out in Bankruptcy Rule 2014. This Application is made by the Debtor and sets out the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, the proposed arrangement for compensation. The Battaglia Declaration is a verified statement pursuant to 28 U.S.C § 1746 that sets out all connections that the Firm has with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. The Debtor is not aware of any other connections in addition to those disclosed in the Battaglia Declaration.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form of the Proposed Order approving the employment of the Firm commencing on July 29, 2022 and grant any other relief that is just and proper.

Dated: August 20, 2022

Respectfully submitted,

*/s/ W. Marc Schwartz*
W. Marc Schwartz
Chief Restructuring Officer and Authorized Representative of Free Speech Systems, LLC, Debtor and Debtor-in-Possession

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service on the date of filing, (b) by U.S.P.S. first class mail on all parties indicated in the attached service list within 1 business day of the filing, and (c) the following parties by email on the date of filing:

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Alinor C. Sterlin, Christopher Mattei,
Matthew Blumenthal
Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Avi Moshenberg
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Attn: Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
rchapple@cstrial.com

Attn: Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581
rww@bymanlaw.com

Attn: Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002
jarrod.martin@chamberlinlaw.com

Attn: Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711-2548
christopher.dylla@oag.texas.gov

| | |
|---|---|
| Melissa Haselden<br>Subchapter V Trustee<br>700 Milam, Suite 1300<br>Houston, TX 77002<br>mhaselden@haseldenfarro.com | Attn: Ha M. Nguyen, Jayson B. Ruff<br>Office of U.S. Trustee<br>515 Rusk, Suite 3516<br>Houston, TX 77002<br>ha.nguyen@usdoj.gov<br>jayson.b.ruff@usdoj.gov |

*/s/ R. J. Shannon*
R. J. Shannon

## USPS Service List

## Twenty Largest Unsecured Creditors

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06870

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive STE 301
Coral Springs, FL 33065

Atomial LLC
1920 E. Riverside Dr.
Suite A-120 #124
Austin, TX 78741

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Jacquelyn Blott
200 University Blvd
Suite 225 #251
Round Rock, TX 78665

Joel Skousen
PO Box 565
Spring City, UT 84662

Commerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405

Paul Watson
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire S10 3FA
United Kingdom

Brennan Gilmore
c/o Civil rights Clinic

600 New Jersey Avenue, NW
Washington, DC 20001
Greenair, Inc
23569 Center Ridge Rd
Westlake, OH 44145

Edgecast, Inc
Dept CH 18120
Palatine, IL 60055

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

WWCR
1300 WWCR Ave
Nashville, TN 37218-3800

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404
10

CustomTattoNow.com
16107 Kensington Dr. #172
Sugar Land, TX 77479


AT&T
PO Box 5001

Carol Stream, IL 60197-5001


Justin Lair
1313 Lookout Ave
Klamath Falls, OR 97601

**Parties Claiming Interest or Lien Affected**

PQPR Holdings Limited, LLC
c/o Stephen Lemmon
1801 S. Mopac Expressway
Suite 320
Austin, TX 78746

**Parties Filing Notice of Appearance**

Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701

Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401

Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002

Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711-2548

**Subchapter V Trustee**

Melissa Haselden
Subchapter V Trustee
700 Milam, Suite 1300
Houston, TX 77002

**U.S. Trustee**

Attn: Ha M. Nguyen, Jayson B. Ruff
Office of the U.S. Trustee
515 Rusk Ave STE 3516
Houston, TX 77002

**Additional Notice Parties**

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008

Attn: Alinor C. Sterling, Christopher Mattei, Matthew Blumenthal
Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 0660

12