**Exhibit A**

Engagement Agreement

**LAW OFFICES OF RAY BATTAGLIA, PLLC**
66 GRANBURG CIRCLE
SAN ANTONIO, TEXAS 78218

RAYMOND W. BATTAGLIA[1]
210 601-9405
rbattaglialaw@outlook.com

June 6, 2022

Free Speech Systems LLC           Via Email: aj76@alexjones.net
Attn: Alex Jones, Manager
3019 Alvin DeVane, Suite 350
Austin, Texas 78741

Re:   Free Speech Systems, LLC - Chapter 11 Bankruptcy Case

We appreciate being selected to represent Free Speech Systems, LLC ("FSS"). This letter sets forth terms of our engagement. If we provide services to FSS before a signed copy of this letter is returned to us, such services are provided under the terms of this letter. If you have any questions about these terms, please call me.

**Client**

Our client is FSS. All communications (including statements for services) will be addressed to you on behalf of FSS. Our representation in this matter is limited to FSS, and the term "FSS" does not include, and our representation of FSS does not mean that we represent any entity owned or controlled by FSS or any of its officers, directors, employees, or agents.

**Scope of Work**

We have been engaged by FSS to serve as bankruptcy counsel. Generally, we have been engaged to advise FSS regarding filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. In this regard, we will prepare a voluntary petition together with other pleadings and documents necessary to file for relief under chapter 11 of Title 11 of the U.S. Code in conformity with the requirements of the Bankruptcy Courts for the Southern District of Texas. We will act as FSS's counsel and give advice in connection with the contemplated Chapter 11 proceeding.

We will render such ordinary and necessary legal services as may be required in the course of the Chapter 11 case, including:

   a. Advising FSS of its rights, powers, and duties as debtors-in-possession in continuing to operate and manage its assets;

   b. Advising FSS concerning, and assisting in a negotiation of documentation of debtor-in-possession financing agreements, debt restructuring, cash collateral orders and related transactions;

   c. Reviewing the nature and validity of agreements related to FSS business and assets and

---

[1] BOARD CERTIFIED IN BUSINESS BANKRUPTCY LAW
BY THE TEXAS BOARD OF LEGAL SPECIALIZATION

Free Speech Systems, LLC
June 6, 2022
Page 2

      advising FSS in connection therewith;

d. Reviewing the nature and validity of liens asserted against FSS and advising FSS concerning the enforceability of such liens;

e. Advising FSS concerning the actions to be taken to collect and recover property for the benefit of its estate;

f. Reviewing and assisting FSS with the preparation of all necessary and appropriate applications, motions, pleadings, orders, notices, schedules, and other documents, and reviewing all financial and other reports to be filed in FSS's Chapter 11 case;

g. Advising FSS concerning, and preparing responses to, applications, motions, pleadings, notices, and other papers which may be filed in FSS's Chapter 11 case;

h. Counseling FSS in connection with the formulation, negotiation, and promulgation of plans of reorganization and related documents; and

i. Performing all other legal services which may be necessary or appropriate in the administration of FSS's Chapter 11 case.

Our engagement is limited to providing legal services and does not include accounting, financial, management, or other non-legal services. Additionally, our engagement does not include any existing or future lawsuits which have been or may be filed against FSS. If FSS desires to hire us to represent it in any lawsuit pending or which may be filed, that engagement will be the subject of a separate engagement letter.

**Conflicts of Interest**

You have provided us with a list of the secured creditors of FSS. We understand that the principal parties that are adverse to FSS are plaintiffs in the following lawsuits:

Marcel Fontaine vs. Alex E., Jones, Infowars, LLC, Free Speech Systems, LLC and Kit Daniels, Cause No. D-1-GN-18-001605 in the 459th Judicial District Court of Travis County, Texas;

Neil Heslin vs. Alex E. Jones, Infowars, LLC, and Free Speech Systems, LLC, Cause No. D-1-GN-18-001835 in the 261st Judicial District Court of Travis County, Texas;

Veronique de la Rosa and Leonard Pozner vs. Alex E. Jones, Inforwars, LLC, and Free Speech Systems, LLC, Cause No. D-1-GN-18-001842 in the 345th Judicial District Court of Travis County, Texas;

Free Speech Systems, LLC
June 6, 2022
Page 3

Scarlett Lewis vs. Alex E. Jones, Inforwars, LLC, Free Speech Systems, LLC and Owen Shroyer, Cause No. D-1-GN-18-006623 in the 98th Judicial District Court of Travis County, Texas;

Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Jeremy Richman, Donna Soto, Carlee Soto-Parisi, Carlos Soto, Jillian Soto, and William Aldenberg v. Alex Emric Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, Prison Planet TV, LLC, Wolfgang Halbig, Corey T. Sklanka, Genesis Communications Network, Inc., and Midas Resources, Inc., Cause No. X06-UWY-CV-18-6046436-S in the Superior Court of Connecticut, Waterbury Division;

William Sherlach and Robert Parker v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, Wolfgang Halbig, Cory T. Sklanka, Genesis Communications Network, Inc., and Midas Resources, Inc., Cause No. X06-UWY-CV-18-6046437-S in the Superios Court of Connecticut, Waterbury Division;

William Sherlach and Robert Parker v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, Wolfgang Halbig, Cory T. Sklanka, Genesis Communications Network, Inc., and Midas Resources, Inc., Cause No. X06-UWY-CV-18-6046438-S in the Superios Court of Connecticut, Waterbury Division; and

Brennan M. Gilmore v. Alexander ("Alex") E. Jones, Infowars, LLC, Free Speech Systems, LLC, Lee Stanahan, Lee Ann McAdoo a/k/a Lee Ann Fleissner, Scott Creighton, James ("Jim") Hoft, Allen B. West, Derrick Wilburn, Michelle Hickford, and Words-n-Ideas, LLC, Cause No. 3:18-cv-00017-GEC in the United States District Court for the Western District of Virginia, Charlottesville Division;

Additional parties that may be adverse to FSS includes PQPR Holdings Limited. We have checked our conflict of interest records and have found no indication of any current or prior representation that would be a conflict of interest in our representation of FSS. Please note that we previously represented you individually in an unrelated matter, but we are comfortable, that our prior representation does not present any conflicts issues.

If during the course of our representation FSS becomes aware of any other person or entity with interests adverse to FSS in connection with this matter, FSS should promptly advise us so that we can check our records for any conflict

**Cooperation**

We will need the full cooperation of FSS and timely and full disclosure of facts. We assume and must rely on the accuracy and completeness of the facts disclosed to us in providing our advice. This is

Free Speech Systems, LLC
June 6, 2022
Page 4

particularly important in order to provide the information necessary to complete the Schedules and Statements of Affairs required to be filed in a chapter 11 case. Accuracy of information is particularly important because many pleadings filed with the Court are filed under penalty of perjury. Failure to provide full disclosure may have other ramifications cause the court to impose sanctions; these may be severe and may include striking defenses or claims, imposing monetary fines or dismissal of the chapter 11 case.

### Certain Relationships

From time to time we represent or may be represented by other lawyers and law firms. We also refer matters to and are referred matters by lawyers and law firms; in some cases, these law firm relationships may be long-standing and involve a network of law firms that regularly refer matters to each other. We do not attempt to determine if any of the lawyers or law firms involved in those relationships are also involved as counsel for any adverse party. We will not advise nor seek the consent of FSS prior to establishing an attorney-client or business referral relationship with a lawyer or law firm in the future.

As a result, it is possible that a party with interests adverse to FSS's interests may be represented by an attorney with a relationship to us of the types described above. None of those relationships will adversely affect or limit our representation of FSS. However, if FSS has concerns regarding specific lawyers or law firms or about our policies generally, please let us know so that we can address those concerns at the outset.

### Personnel

I will have the primary responsibility for representing FSS. On rare occasions, I may sub-contract with other lawyers (including younger lawyers or lawyers who work in different areas from mine), and legal assistants may be involved when I believe it would be beneficial to FSS. We will not charge FSS for services rendered by a lawyer I have retained to assist in this representation without first consulting with FSS and obtaining FSS's approval to engage such a lawyer.

### Evaluations

Although we have discussed the merits of the case, and I may have expressed some tentative views about possible legal strategies that might ultimately lead to a successful result, and we may do so again from time to time, we do not guarantee the outcome of any particular legal controversy or issue. A successful result is not always possible under the applicable facts and law. All of our communications in this matter must necessarily be limited by our knowledge of the facts and will be based on the state of the law as it then exists.

### Records

FSS should retain all originals and copies of documents it desires for future reference. At the conclusion of our representation, we ask that FSS take possession of its file. We will be entitled to make copies if we choose. With respect to all documents FSS delivers to us it is your responsibility to take possession of all documents, such as original contracts, that FSS believe are important and

Free Speech Systems, LLC
June 6, 2022
Page 5

that may be in FSS's file. We shall have no responsibility with regard to such documents.

If FSS does not take possession of FSS's file at the conclusion of the representation, we may store such portions of the file as we believe appropriate for a limited period of time only. Our storage of FSS's file is only for our convenience. We assume no liability for the acts or omissions of the storage facility or for the safekeeping of FSS's file. We may elect at any time to discontinue such storage. During the time that we store the file, FSS may at any time request possession of the file. Ultimately the file will be destroyed if FSS has not taken possession of it. We will not contact FSS prior to such destruction.

### Disclosure to Third Parties

From time to time we use services provided by third parties. These include litigation support, storage, document management, computer systems, information technology services, accounting and financial services, and similar services. We also may use contract lawyers and non-lawyers in certain matters. As a result, these parties may have access to confidential client information. We endeavor to deal only with providers who understand our obligation to maintain the confidences of our clients. If FSS has any concerns about this, please contact us so that we may address those concerns.

### Fees

Our fee is generally based on the time spent by each attorney and legal assistant and the hourly rates we establish based upon the level of expertise of each attorney or legal assistant. The time for which we charge includes all time spent in representing your interests and will include, for example, telephone and office conferences with FSS and its representatives, counsel for other parties, conferences among our legal and non-legal personnel, research and investigation, responses to requests for information, and travel time. Our time is billed in minimum increments of one-tenth of an hour. However, fees derived from these calculations may be modified when we consider other factors involved, such as the novelty and difficulty of the issues involved, the skill required to perform the legal services properly, time constraints which may necessitate extraordinary effort, the amount involved and the results obtained through our services, the likelihood that such employment will preclude other employment, the fee customarily charged by others for similar services, and the nature and length of our relationship with you.

While we do not anticipate doing so, we specifically reserve the right to request that the Bankruptcy Court presiding over the FSS bankruptcy case award enhanced or bonus fees in this case should circumstances (including, but not limited to risk of non-payment and results obtained) warrant such a request.

My current hourly rate for this engagement is $500.00. Our rates are reviewed periodically and may be adjusted without notice.

### Additional Charges

We do not charge for normal internal office expenses such as long-distance telephone charges and facsimile charges, document copying, printing and scanning expenses, computerized legal and other

Free Speech Systems, LLC
June 6, 2022
Page 6

research systems. We will bill at our actual cost travel expenses, filing and recording fees, charges from outside vendors for printing and postage associated with discovery or service of pleadings, as well as charges for messenger and special delivery services. Charges assessed by outside vendors will be billed at our cost.

If consultants or other support services (e.g., mediators, arbitrators, court reporters, investigators, etc.) are retained or required, FSS will be responsible for paying the fees directly to these individuals or firms. We will advise these providers that they are being retained by FSS and for its benefit and that FSS is responsible for payment of their fees. Those providers may bill FSS directly or may send their bills to us, in which case we will forward them for payment directly to the provider. These invoices should be paid upon allowance by the Court.

### Billing Practices and Payment

Prior to filing the bankruptcy petition, we will apply a portion of the retainer to pay the balance of pre-petition fees and expenses, including the court filing fee. After filing the petition, we are not entitled to receive any compensation from the FSS bankruptcy estate, except upon application as provided by the Bankruptcy Code, Bankruptcy Rules, and Local Rules of Bankruptcy Procedure, and only after the Bankruptcy Court's approval. The Bankruptcy Court may establish an interim compensation procedure, under which we would be authorized to be paid by FSS's bankruptcy estate on a periodic basis during the case, with those payments credited against our final fee award. You authorize us to request the Bankruptcy Court to approve such a procedure, under which we may be paid regularly based upon normal guidelines and hourly rates.

We may, subject to ethical requirements and any limitations imposed by a court, terminate our representation of, or cease further work for FSS if its bankruptcy estate is unable to pay our fees and reimbursable expenses.

### Fee Estimates

We may, from time to time, give you estimates of fees and expenses for the matter. However, actual fees and expenses that are incurred are determined by a number of factors, many of which are beyond our control, particularly when other parties are involved. Our estimate is only an estimate, not a budget or cap, and our fees may exceed the estimate.

### Retainer

When undertaking work for a new client, we require a retainer. Our retainer for this particular matter is $72,000.00. The requested retainer is not an estimate of our fees and expenses in this matter. The retainer will be deposited in our trust account, and we will draw against this retainer to satisfy our invoices as of the date of the bankruptcy filing and thereafter as allowed by the Court, copies of all invoices will be sent to you. To the extent funds placed in our pooled trust account bear interest, such interest will be paid to a charitable foundation in accordance with rules of the State Bar of Texas.

Free Speech Systems, LLC
June 6, 2022
Page 7

The retainer may be paid by physical check, eCheck or wire transfer at your election. If you wish to pay by eCheck, I will send you an electronic retainer request containing a link and instructions. If you prefer to pay by wire transfer, our wire transfer information is as follows:

Broadway National Bank
ABA/Routing #: 114021933
For Further Credit to:
Law Offices of Ray Battaglia PLLC
IOLTA Account 4100058943

### Termination

FSS may terminate our employment at any time by notifying us. We may withdraw from our representation of FSS by notifying FSS in writing. In either case, our withdrawal will be accomplished subject to applicable ethical requirements and any necessary court approval. Upon termination of our representation, FSS will be obligated to pay us for all services rendered and expenses incurred through the date of termination.

### Applicable Law

This engagement letter and FSS's and our rights and obligations hereunder are governed by the laws of the State of Texas.

### Independent Legal Review

We have written this engagement letter on our own behalf. FSS should feel free to seek independent legal advice from independent legal counsel regarding this engagement letter. We will provide FSS with names of counsel with whom to discuss the terms of this engagement letter if FSS requests.

### Attorney Complaint Information

Although we intend to maintain the high standard of ethical conduct towards FSS and others as set out and enforced by the State Bar of Texas, if for any reason FSS believes an attorney in our Firm has violated the written rules of professional conduct for lawyers and has questions prior to filing a grievance, FSS may either contact the Office of the Chief Disciplinary Counsel of the State Bar of Texas by calling 1-866-224-5999 (toll free) or writing to P. O. Box 12487, Austin, Texas 78711-2487. Please note that by signing the grievance form any attorney-client privilege which would otherwise keep discussions between FSS's attorney and FSS confidential will be waived.

### Electronic Mail

In the course of our representation, we may have occasion to communicate with FSS and with others by electronic mail. Such communications will not be encrypted. Although interception of such communications by a third party would constitute a violation of federal law, we can offer no assurance that such interception will not occur. We will abide by any instructions FSS may give us concerning electronic mail communications; in the absence of such instructions, we will use our own judgment

Free Speech Systems, LLC
June 6, 2022
Page 8

regarding the advisability of using such means of communication.

**Texas Lawyer's Creed**

On November 7, 1989, the Supreme Court of Texas adopted the Texas Lawyer's Creed - a Mandate for Professionalism. Paragraph II, subparagraph 1 of the Creed requires us to advise FSS of its contents when we undertake representation. A copy of the Creed is enclosed. We intend to abide by the Creed.

Our representation in this matter will not commence until we have received a signed copy of the engagement letter and all other items required by it. Please sign and return the enclosed copy of this letter together with the fixed fee set out above. We look forward to representing FSS.
Very truly yours,

THE LAW OFFICES OF RAY BATTAGLIA, PLLC

By: _____
Ray Battaglia, Managing Member

Enclosure

**FREE SPEECH SYSTEMS, LLC AGREES TO RETAIN
THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
ON THE FOREGOING TERMS.**

By: _____
Name: Alex Jones.
Managing Member

Dated: 6-6, 22

# THE TEXAS LAWYER'S CREED—
# A MANDATE FOR PROFESSIONALISM

## Adopted November 7, 1989

*Table of Contents*

ORDER OF ADOPTION

THE TEXAS LAWYER'S CREED–A MANDATE FOR PROFESSIONALISM

I. Our Legal System
II. Lawyer to Client.
III. Lawyer to Lawyer.
IV. Lawyer to Judge.

## ORDER OF ADOPTION

The conduct of a lawyer should be characterized at all times by honesty, candor, and fairness. In fulfilling his or her primary duty to a client, a lawyer must be ever mindful of the profession's broader duty to the legal system.

The Supreme Court of Texas and the Court of Criminal Appeals are committed to eliminating a practice in our State by a minority of lawyers of abusive tactics which have surfaced in many parts of our country. We believe such tactics are a disservice to our citizens, harmful to clients, and demeaning to our profession.

The abusive tactics range from lack of civility to outright hostility and obstructionism. Such behavior does not serve justice but tends to delay and often deny justice. The lawyers who use abusive tactics instead of being part of the solution have become part of the problem.

The desire for respect and confidence by lawyers from the public should provide the members of our profession with the necessary incentive to attain the highest degree of ethical and professional conduct. These rules are primarily aspirational. Compliance with the rules depends primarily upon understanding and voluntary compliance, secondarily upon re-enforcement by peer pressure and public opinion, and finally, when necessary, by enforcement by the courts through their inherent powers and rules already in existence.

These standards are not a set of rules that lawyers can use and abuse to incite ancillary litigation or arguments over whether or not they have been observed.

We must always be mindful that the practice of law is a profession. As members of a learned art, we pursue a common calling in the spirit of public service. We have a proud tradition. Throughout the history of our nation, the members of our citizenry have looked to the ranks of our profession for leadership and guidance. Let us now as a profession each rededicate ourselves to practice law so we can restore public confidence in our profession, faithfully serve our clients, and fulfill our responsibility to the legal system.

The Supreme Court of Texas and the Court of Criminal Appeals hereby promulgate and adopt "The Texas Lawyer's Creed–A Mandate for Professionalism" as attached hereto and made a part hereof.

In Chambers, this 7th day of November 1989.

## THE TEXAS LAWYER'S CREED–A MANDATE FOR PROFESSIONALISM

I am a lawyer. I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that professionalism

## TEXAS LAWYER'S CREED

requires more than merely avoiding the violation of laws and rules. I am committed to this creed for no other reason than it is right.

### I. OUR LEGAL SYSTEM

A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism.

1. I am passionately proud of my profession. Therefore, "My word is my bond."
2. I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life.
3. I commit myself to an adequate and effective pro bono program.
4. I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed.
5. I will always be conscious of my duty to the judicial system.

### II. LAWYER TO CLIENT

A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate legal means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest.

1. I will advise my client of the contents of this creed when undertaking representation.
2. I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible.
3. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice.
4. I will advise my client that civility and courtesy are expected and are not a sign of weakness.
5. I will advise my client of proper and expected behavior.
6. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct.
7. I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party.
8. I will advise my client that we will not pursue tactics which are intended primarily for delay.
9. I will advise my client that we will not pursue any course of action which is without merit.
10. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel.
11. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

### III. LAWYER TO LAWYER

A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct.

1. I will be courteous, civil, and prompt in oral and written communications.
2. I will not quarrel over matters of form or style, but I will concentrate on matters of substance.
3. I will identify for other counsel or parties all changes I have made in documents submitted for review.
4. I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties.
5. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences, or closings are cancelled.
6. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected.

## TEXAS LAWYER'S CREED

7. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond.

8. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses.

9. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me.

10. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties, and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel.

11. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed.

12. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the Court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court.

13. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence.

14. I will not arbitrarily schedule a deposition, court appearance, or hearing until a good faith effort has been made to schedule it by agreement.

15. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party.

16. I will refrain from excessive and abusive discovery.

17. I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give instructions to a witness for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear.

18. I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable.

19. I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

IV. LAWYER AND JUDGE

Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.

1. I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol.

2. I will conduct myself in Court in a professional manner and demonstrate my respect for the Court and the law.

3. I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility.

4. I will be punctual.

5. I will not engage in any conduct which offends the dignity and decorum of proceedings.

6. I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.

7. I will respect the rulings of the Court.

8. I will give the issues in controversy deliberate, impartial and studied analysis and consideration.

9. I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.