## **EXHIBIT B**

Battaglia Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § | |
| FREE SPEECH SYSTEMS, LLC, | § § | Case No. 22--60043 |
| DEBTOR. | § § § | Chapter 11 (Subchapter V) |

**DECLARATION OF RAYMOND W. BATTAGLIA IN SUPPORT OF THE DEBTOR'S APPLICATION TO EMPLOY THE LAW OFFICES OF RAY BATTAGLIA, PLLC AS BANKRUPTCY CO-COUNSEL**

I, Raymond W. Battaglia, declare under penalty of perjury as follows:

1. I am an attorney at law duly admitted and in good standing to practice in the State of Texas, the United States District Court for the Southern, Western and Northern Districts of Texas, and the Fifth Circuit Court of Appeals. As of July 29, 2022, I am a sole member of the Law Offices of Ray Battaglia, PLLC ("the Firm"), located at 66 Granburg Circle, San Antonio, Texas 78218. My email address is rbattaglialaw@outlook.com.

2. I am making this Declaration in support of the Debtor's Application to Employ the Law Offices of Ray Battaglia, PLLC as Bankruptcy Co-Counsel, Commencing as of July 29, 2022 (the "Application"). Unless otherwise indicated, capitalized terms used but not defined herein have the meanings ascribed in the Application.

3. Except as otherwise noted, all facts set forth in this Declaration are based upon my personal knowledge, upon the client and matter records of the Firm reviewed by me or derived from information available to me that I believe to be true and correct.

1

A. **Scope of Services**

4. Pursuant to the Engagement Agreement, the Application, and the Proposed Order attached thereto, the Firm will serve as bankruptcy co-counsel to the Debtor in connection with the Chapter 11 Case for the period commencing on July 29, 2022. In connection with this representation, the Firm will take all necessary and appropriate actions to administer the Debtor's Chapter 11 Case.

B. **Proposed Compensation**

5. the Firm will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, Guidelines, and Orders for all services performed and expenses incurred during its representation of the Debtor.

6. Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, the Firm intends to request the allowance of its compensation as set out in the Engagement Agreement and as summarized in the following chart:

| BILLER | HOURLY RATE |
|---|---|
| Raymond Battaglia | $500 |

7. These rates reflect the rates that the Firm ordinarily charges clients in bankruptcy and non-bankruptcy matters and are less than or equal to the rates of similarly skilled and experienced attorneys who practice in this district on similar chapter 11 bankruptcy cases. the Firm submits that these agreed terms of reimbursement, compensation, and hourly rates are reasonable. the Firm will notify the Debtor of any change in the hourly rates charged for services rendered.

C.     **Retainer & Prepetition Payments**

8.     The Debtor engaged the Firm to advise the Debtor regarding filing bankruptcy prior to the Petition Date on June 6, 2022.

9.     In connection with entry into the engagement of the Firm, the Debtor agreed that a retainer (the "Retainer") would be applied to the Firm's professional fees, charges, and disbursements. The Initial Retainer in the amount of $72,000 was received which, combined with the balance of the retainer held by the Firm in connection with its prior engagement, resulted in a balance in the Retainer of $77,235 as of the Petition Date.  Prior to the Petition Date, the Firm had been paid $22,150 to pay prepetition fees and expenses owed to the Firm.  The balance of Retainer will remain in the Firm's IOLTA trust account as a post-petition retainer to be applied against post-petition fees and expenses after application to and approval by the Court.

D.     **Disclosure of Connections**

10.    the Firm performed the following actions to determine whether it or any of its attorneys has any disclosable connections, to the Debtor, creditors, any other party in interest, their respect attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas.  I conducted a search of the Firm files to determine using the list of parties listed in Schedule 1 hereto whether the firm had any connections to or represented any of the parties listed on Schedule 1. The search revealed that the Firm has previously represented Alex Jones in connection with an involuntary petition filed by his ex-wife in the U.S. Bankruptcy Court for the Western District of Texas (the "Involuntary").

11.    The Firm substituted in the Involuntary while pending and after prior counsel had filed a motion for summary judgment.  The Firm was engaged on or about May 5, 2020.  The court presiding over the Involuntary granted summary judgment and dismissed the case on May 27, 2020.  The Firm

3

terminated its engagement on the Involuntary and has had no further representation of Alex Jones and has never represented any entity owned, controlled, or affiliated with him.

12. The only other connection to any of the parties on Schedule 1 is by virtue of having represented the Debtor immediately prior to the Petition Date.

13. I may have represented in the last 40 years of my practice a party or parties related to a creditor in the Chapter 11 Case. If such connections exist, they would be on matters wholly unrelated to the service for which the Debtor seeks to engage the Firm.

E. **Affirmative Statement of Disinterestedness**

14. Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I am able to ascertain, the Firm is a "disinterested person" within the meaning of Bankruptcy Code § 101(14). the Firm is not a creditor, an equity security holder, or an insider of the Debtor; the Firm is not and was not within 2 years before the Petition Date a director, officer, or employee of the Debtor; and the Firm does not have any interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

F. **Bankruptcy Rule 2016(b) Disclosures**

15. Pursuant to Bankruptcy Code § 504 and Bankruptcy Rule 2016, the Firm has not shared or agreed to share (a) any of its compensation from the representation of the Debtor with any other persons or (b) any compensation any other persons have received, may have received, or will receive.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2022,  By: _____.
Raymond W. Battaglia

# SCHEDULE 1 TO BATTAGLIA DECLARATION

## SEARCHED PARTIES

Debtor & Professionals

    Shannon & Lee, LLP                      Schwartz Associates

Debtor's Equity

    Alexander E. Jones

Largest 20 Unsecured Creditors & Litigation Claimants

| | |
|---|---|
| Elevated Solutions Group | Dona Soto |
| Atomial LLC | Erica Lafferty |
| Cloudfare, Inc. | Francine Wheeler |
| Jacquelyn Blott | Ian Hockley |
| Joel Skousen | Jacqueline Barden |
| eCommerce CDN LLC | Jennifer Hensel |
| Paul Watson | Jeremy Richman |
| Greenair, Inc. | Jillian Soto |
| Edgecast, Inc. | Leonard Pozner |
| Ready Alliance Group, Inc. | Marcel Fontaine |
| Getty Images, Inc. | Mark Barden |
| RatsMedical.com | Neil Heslin |
| David Icke Books Limited | Nicole Hockley |
| WWCR | PQPR Holdings Limited, LLC |
| CustomTattoNow.com | Robert Parker |
| AT&T | Scarlett Lewis |
| Justin Lair | Veronique De La Rosa |
| Brennan Gilmore | William Sherlach |
| Carlee Soto-Parisi | William Aledenberg |
| Carlos Soto | Larry Klayman |
| Christopher Sadowski | Randazza Legal Group |

Attorneys for Creditors and Parties in Interest

| | |
|---|---|
| Kaster Lynch Farrar & Ball LLP | McDowell Heterhington LLP |
| Koskoff & Bieder | The Akers Law Firm PLLC |
| Fertitta & Reynal LLP | Copycat Legal PLLC |
| Pattis & Smith, LLC | Waller Lansden Dortch & Davis, LLP |
| Zeisler & Zeisler P.C. | Akin Gump Strauss Hauer & Feld LLP |
| Jordan & Ortiz, P.C. | |

U.S. Bankruptcy Judges and Staff

    Chief Judge David R. Jones                      Judge Marvin Isgur

Judge Christopher M. Lopez
Judge Jeffrey P. Norman
Judge Eduardo V. Rodriguez
Albert Alonzo
Ana Castro
Tracey Conrad

Jeannie Chavez
LinhThu Do
Tyler Laws
Kimberly Picota
Vriana Portillo
Mario Rios

U.S. Trustee Personnel

    Alicia Barcomb
    Jacqueline Boykin
    Luci Johnson-Davis
    Hector Duran
    Barbra Griffin
    Brian Henault
    Linda Motton
    Ha Nguyen
    Glenn Otto
    Yasmin Rivera
    Jayson B. Ruff
    Millie Sall
    Patricia Schmidt
    Christy Simmons
    Gwen Smith
    Stephen Statham
    Christopher R. Travis
    Clarissa Waxton
    Jana Whitwort