# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22--60043 |
| | § | |
| DEBTOR. | § | Chapter 11 (Subchapter V) |
| | § | |

## EMERGENCY APPLICATION OF DEBTOR FOR AN ORDER (A) AUHTHORIZING EMPLOYMENT OF PATTIS & SMITH LLC UNDER 11 U.S.C. § 327(e) AND 328(a) AS SPECIAL COUNSEL *NUNC PRO TUNC* TO AUGUST 1, 2022, AND (B) GRANTING RELATED RELIEF

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ' CONFERENCE ROOM NUMBER IS 590153. YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGELOPEZ" IN THE GOTOMEETTING APP OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE IN THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT-HAND CORNER AND ENTER YOUR NAME UNDER PERSONAL INFORMATION SETTING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THE DEBTOR WILL SEEK APPROVAL OF THIS APPLICATION ON AUGUST 24, 2022, AT 10:00 A.M. AT THE SAME TIME WHEN AGREEMENTS ARE ANNOUNCED

REGARDING THE EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY [ECF. NO. 15]

Free Speech Systems, LLC (the "Debtor" or "FSS"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby moves for entry of an order, substantially in the form attached hereto (the "Proposed Order") pursuant to sections 105(a) 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the retention of Pattis & Smith LLC ("P&SLLC" or the "Firm") as special counsel for FSS (the "Application") pursuant to that certain engagement letter agreement by and between the Debtor and P&SLLC, a copy of which is attached hereto as Exhibit A (the "Engagement Agreement"), as modified by the Proposed Order. In support of the Application, the Debtor submits the Declaration of Norm A. Pattis attached hereto as Exhibit B (the "Pattis Declaration") and respectfully represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2. The bases for the relief requested herein are sections 105, 327(e), 328(a), 330, and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1of the Local Rules for the Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## BACKGROUND

### A. Case Background

3. On July 29, 2022 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code with the Court.

4. The Debtor continues to operate its businesses and manage its properties as a Debtor and a Debtor-in-Possession pursuant to Bankruptcy Code § 1182(2).

5. As of the filing of this Application, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for Region 7 (the "U.S. Trustee").

### B. Proposed Employment of P&SLLC

#### i. Scope of Employment

6. Subject to the Court's approval, the Debtor desires to employ and retain P&SLLC *nunc pro tunc* to August 1, 2022, as its special counsel pursuant to Bankruptcy Code § 327(e) and 328(a) in connection the following cases in Connecticut:

> Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Jeremy Richman, Donna Soto, Carlee Soto-Parisi, Carlos M. Soto, Jillian Soto, and William Aldenberg v. Alex Emric Jones and Free Speech Systems, LLC, Case No., X06-UWY-CV-18-6046436-S (the "Lafferty Matter")

> William Sherlach v. Alex Emric Jones and Free Speech Systems, LLC, X06-UWY-CV-18-6046437-S

> William Sherlach and Robert Parker v. Alex Emric Jones and Free Speech Systems, LLC, X06-UWY-CV-18-6046438-S

> All the proceedings described above are before the Connecticut Superior Court, Waterbury District and consolidated in the Lafferty matter state court litigation (collectively, the "Sandy Hook Lawsuits").

#### ii. Necessity of Employment

7. The Debtor desires to retain P&SLLC to represent them as its litigation and trial counsel in the Sandy Hook Lawsuits because (a) the Firm has extensive experience and knowledge

3

with Connecticut trial practice and procedure, with the partners at P&SLLC having tried many cases in Connecticut state courts over the last 40 years; (b) the Firm is intimately familiar with the discovery, the docket, the evidence adduced to date and the law applicable to the Sandy Hook Lawsuits, having represented FSS and other co-defendants prior to the Petition Date; (c) the Firm is already involved in jury selection for a co-defendant and, therefore, is familiar with all the remaining work necessary to meet a trial date in September 2022; (d) due to the subject matter of the Sandy Hook Lawsuits and the parties the Firm is representing, it would be virtually impossible to replace the Firm at this point of the case, without causing great prejudice to FSS and its creditors (even if it could be done, the cost to have a new firm learn the extensive record and discovery in this case, would far exceed the budgeted cost for retaining the Firm).

8. The professional services the Firm may be required to render, in a special counsel role on the Sandy Hook Lawsuits, include but are not limited to: a) handling all pre-trial matters, including but not limited to jury selection, motions in limine, attending pre-trial conferences with Judge Bellis and opposing counsel, b) preparing and submitting any written pleadings or memoranda of law and other documents necessary to represent FSS, c) acting as trial counsel for FSS, d) handling post-trial motions and briefing, e) participating in negotiations on all matters relating to the resolution of the Sandy Hook Lawsuits and f) counseling FSS on any appellate actions to take at the appropriate time, if necessary (collectively, "Professional Services").

9. The Debtor believes that the Firm is well qualified to perform the requested Professional Services.

10. Under the Engagement Letter, the Firm proposes to provide the Professional Services to FSS for a fixed fee of $100,000 per month, which includes all professional fees and out-of-pocket expenses incurred by FSS, beginning as of August 1, 2022. The fixed $100,000 per

month fee arrangement is consistent with the fees charged by the Firm to FSS prior to the Petition Date.

11. The Firm is not receiving any compensation for Professional Services by any other defendant in the Sandy Hook Lawsuits.

12. P&SLLC does not charge clients on an hourly basis in its normal practice and is not willing to represent the Debtor in the Sandy Hook Lawsuits on an hourly basis. The Debtor, through its CRO, has made a business judgement that retaining P&SLLC on a fixed fee basis to handle the trial of the Sandy Hook Lawsuits is in the best interest of the FSS bankruptcy estate. The Debtor believes that it would be unsuccessful in finding alternative counsel to represent the Sandy Hook Lawsuits and that any representation on an hourly fee basis would result in fees exceeding the fixed fee agreed with P&SLLC.

13. No agreement exists, nor will any be made, to share any compensation received by the Firm for its services with any other person or firm, except as permitted by 11 U.S.C. § 504(b) and Bankruptcy Rule 2016.

14. No promises have been made to or received by the Firm as to payment or compensation in connection with the FSS bankruptcy case, other than in accordance with the provisions of the Bankruptcy Code and applicable Bankruptcy Rule.

15. To the best of the Debtor's knowledge, and, as set forth in the proposed attorney's declaration (the "Pattis Declaration") attached to this Motion as Exhibit B, the Firm does not have an adverse interest with respect to the matter on which the Firm is to be employed as required by 11 U.S.C.§ 327(e).

16. In light of the Application being under Bankruptcy Code § 327(e) and 328(a), P&SLLC will comply with applicable orders of this Court for allowance of its fees in accordance

with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the guidelines (the "Guidelines") established by the U.S. Trustee, and any orders of this Court in this Chapter 11 Case (the "Orders"), for all services performed and expenses incurred during its representation of the Debtor.

17. The Debtor believes that P&SLLC's agreed terms of compensation are reasonable.

iii. *The Sound Business Judgement Basis for a Fixed Fee Agreement*

18. The retention of a professional by a debtor on a fixed fee is not prohibited by the Bankruptcy Code. 11 U.S.C. § 328(a) (a debtor may retain a professional person on any reasonable terms and conditions including on a fixed fee).

19. A determination of whether, and, in what amount, a fixed fee, much like a retainer, should be paid is best left to the parties and the discretion of the Bankruptcy Court. Such a determination is made on a case-by-case basis.

20. The moving party has the burden to establish that the proposed terms and conditions of professional employment proposed on a fixed fee basis under Bankruptcy Code § 328(a) in a bankruptcy case are reasonable.

21. The Bankruptcy Court must consider several recognized factors, plus special factors which include, but are not limited to: (1) the fixed fee's economic impact on the debtor's ongoing business operation; (2) the fixed fee's economic impact on the ability of the debtor to reorganize; (3) the amount and reasonableness of the fixed fee; (4) the reputation of the special counsel; and (5) the ability of special counsel to disgorge such payments at the conclusion of the case should this Court determine that the fixed fees paid to counsel are not justified.

22. Here, P&SLLC's request for the $100,000 monthly fixed fee for P&SLLC satisfies the 5 factor criteria: (1) FSS's business, since it has been in chapter 11, has had a positive cash flow, and surge in sales with the delivery of previously unavailable products and marketing of new Supplements; (2) the amount of the fixed fee is modest. $100,000 represents the monthly flat fee in many cases handled by the Firm. Retaining the Firm on an hourly basis would far exceed the $100,000 per month in fixed fee, especially in August, September and October, 2022, when the Connecticut Lawsuits are going to trial; (3) the economic impact of the flat monthly fee on FSS's operations and ability to reorganize is slight; (4) FSS must have competent counsel represent it in the Sandy Hook Lawsuits, as the Plaintiffs are represented by a top-tier Connecticut personal injury law firm, and, the claim arising from the result of the Connecticut Lawsuits will have a bearing on what other unsecured creditors of FSS will receive under a plan of reorganization; (5) P&SLLC is a premier criminal defense and white collar litigation and trial boutique law firm in Connecticut, and its partners have national reputation for defending tough cases, and (6) the ability of the Court to successfully order special counsel to disgorge fees paid is strong, should it become necessary. As the trial is anticipated to conclude by the end of October 2022, this Court will have the right to review the final fee application or pleading the Court wishes from the Firm regarding the Professional Services provided by the Firm. The flat fee protects the Firm from having the payment of its fees and expenses it incurs on the trial of the Connecticut Lawsuits to be stretched out over the term of a plan. The Firm does not have the ability to finance its representation of FSS in the Connecticut Litigation.

### **NUNC PRO TUNC RELIEF IS APPROPRIATE**

23. Pursuant to the Debtor's request, the Firm has agreed to serve as special counsel on and after August 1, 2022, with assurances that the Debtor would seek approval of its employment


and retention *nunc pro tunc* to August 1, 2022, on an emergency basis so that the Firm may be compensated for services it has provided FSS prior to the filing of this Application. No party in interest should be prejudiced as the Firm is providing valuable services in the Sandy Hook Lawsuits at this time, especially with the state court not having taken definite action to "sever" FSS, and, yet continuing with jury selection.

## RELIEF REQUESTED

24. The Debtor requests that the Court enter an order substantially in the form of the Proposed Order authorizing the Debtor to retain P&SLLC as special counsel, pursuant to the terms of the Engagement Agreement, as modified by the Proposed Order, effective as of August 1, 2022.

## BASIS FOR RELIEF

25. Bankruptcy Code § 327(e) provides that subject to bankruptcy court approval, trustees—and debtor-in-possession—"may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and, if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

26. Bankruptcy Code § 328(a) provides for the retention of special litigation counsel on a fixed fee basis:

> The trustee... with the court's approval, may employ or authorize the employment of a professional person under section 327... of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a *fixed* or percentage *fee* basis, or on a contingent *fee* basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the *fixing* of such terms and conditions.

27. To gain approval for the employment of **_special_** litigation **_counsel_** under § 328(a) the terms of such employment must be "reasonable." *In re Contractor Technology, Ltd., 2006 U.S. Dist. LEXIS 34466, 2006 WL 1492250 at \*10 (S.D. Tex. 2006)* (Atlas, J.). "A trustee is given great latitude in the employment of _counsel_." Id.

28. Retaining P&SLLC under an hourly arrangement would far exceed the proposed $100,000 per month fixed fee arrangement. Mr. Pattis, the lead trial lawyer, for FSS on behalf of Pattis & Smith, when he does bill at an hourly rate, charges $800.00 per hour. If he were to work alone in a month, he would consume the $100,000 fixed fee by working 125 hours in a month. It is anticipated that the Firm's lawyers will spend more than 125 hours per month during August, September and October 2022 on the Connecticut Lawsuits.

29. P&SLLC is being paid $100,000 per month by FSS to be in trial in Connecticut. Jury selection has commenced, and it is projected to take the entire month of August 2022, based on the single juror voir dire practice in Connecticut state court system. Moreover, trial has been scheduled by Judge Bellis to commence on September 13, 2022. From August 1 through October 30, 2022, the three months for which P&SLLC is authorized to be paid on a fixed fee, it is anticipated that the Firm will be in pre-trial, trial or post-trial activity, which will consume far more than 125 hours of Mr. Pattis' time.

30. Bankruptcy Rule 2014 requires certain disclosures prior to the entry of an order approving the employment of a professional. According to Bankruptcy Rule 2014, the application must:

 (a) Be filed by the trustee or committee and served on the United States Trustee (except in case under chapter 9 of the Bankruptcy Code).

 (b) State the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in

9

interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; and

   (c) Be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

### A. P&SLLC Meets the Requirements of Bankruptcy Code § 327(e)

31. Based on the Pattis Declaration, the Debtor submits that P&SLLC neither holds nor represents a disqualifying adverse interest. 11 U.S.C. § 327(e).

32. The Pattis Declaration also discloses no connections with the Debtor that would disqualify P&SLLC. The Debtor is not aware of any connections in addition to those disclosed in the Pattis Declaration.

### B. P&SLLC Meets the Requirements of Bankruptcy Code § 328(a)

33. The flat fee arrangement, as discussed above, is reasonable. The fees to try the Sandy Hook Lawsuits by the Firm on an hourly basis would far exceed the $100,000.00 monthly flat fee. Moreover, the Engagement Letter provides for a proportional return of the $100,000.00 flat fee in the event of termination, in accordance with applicable bar association ethical rules for fixed fee agreements. FSS must have competent counsel to try the Sandy Hook Lawsuits. The Firm's Engagement Letter should be approved under Bankruptcy Code § 328(a) because, among other things, the agreement is fair and reasonable to FSS.

### C. This Application and the Pattis Declaration Meet the Requirements of Bankruptcy Rule 2014

34. This Application and the Pattis Declaration meet the requirements as set out in Bankruptcy Rule 2014. This Application is made by the Debtor and sets out the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, the proposed arrangement for compensation. The Pattis Declaration is a

verified statement pursuant to 28 U.S.C § 1746 that sets out all connections that P&SLLC has with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. The Debtor is not aware of any other connections in addition to those disclosed in the Pattis Declaration.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form of the Proposed Order approving the employment of P&SLLC commencing on August 1, 2022, under Bankruptcy Code § 327(e) and 328(a), and grant any other relief that is just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: August 22, 2022

Respectfully submitted,

/s/ *W. Marc Schwartz*
W. Marc Schwartz
Chief Restructuring Officer and Authorized
Representative of Free Speech Systems,
LLC, Debtor and Debtor-in-Possession

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service on the date of filing, (b) by U.S.P.S. first class mail on all parties indicated in the attached service list within 24 hours of the filing, and (c) the following parties by email on the date of filing:

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Alinor C. Sterlin, Christopher Mattei, Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Avi Moshenberg
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Attn: Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
rchapple@cstrial.com

Attn: Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581
rww@bymanlaw.com

Attn: Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002
jarrod.martin@chamberlinlaw.com

| | |
|---|---|
| Attn: Christopher J. Dylla<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, TX 78711-2548<br>christopher.dylla@oag.texas.gov | Melissa Haselden<br>Subchapter V Trustee<br>700 Milam, Suite 1300<br>Houston, TX 77002<br>mhaselden@haseldenfarro.com<br><br>Attn: Ha M. Nguyen, Jayson B. Ruff<br>Office of U.S. Trustee<br>515 Rusk, Suite 3516<br>Houston, TX 77002<br>ha.nguyen@usdoj.gov<br>jayson.b.ruff@usdoj.gov |

/s/*Kyung S. Lee*

## USPS Service List

### Twenty Largest Unsecured Creditors

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06870

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive STE 301
Coral Springs, FL 33065

Atomial LLC
1920 E. Riverside Dr.
Suite A-120 #124
Austin, TX 78741

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Jacquelyn Blott
200 University Blvd
Suite 225 #251
Round Rock, TX 78665

Joel Skousen
PO Box 565
Spring City, UT 84662

Commerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405

Paul Watson
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire S10 3FA
United Kingdom

Brennan Gilmore
c/o Civil rights Clinic
600 New Jersey Avenue, NW
Washington, DC 20001

Greenair, Inc
23569 Center Ridge Rd
Westlake, OH 44145

Edgecast, Inc
Dept CH 18120
Palatine, IL 60055

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

WWCR
1300 WWCR Ave
Nashville, TN 37218-3800

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404

CustomTattoNow.com
16107 Kensington Dr. #172
Sugar Land, TX 77479

AT&T  
PO Box 5001  
Carol Stream, IL 60197-5001

Justin Lair  
1313 Lookout Ave  
Klamath Falls, OR 97601

### Parties Claiming Interest or Lien Affected

PQPR Holdings Limited, LLC  
c/o Stephen Lemmon  
1801 S. Mopac Expressway  
Suite 320  
Austin, TX 78746

### Parties Filing Notice of Appearance

Ryan E. Chapple  
Cain & Skarnulis PLLC  
303 Colorado Street, Suite 2850  
Austin, Texas 78701

Jarrod B. Martin  
Chamberlain Hrdlicka  
1200 Smith Street, Suite 1400  
Houston, TX 77002

Randy W. Williams  
Byman & Associates PLLC  
7924 Broadway, Suite 104  
Pearland, TX 77581

Christopher J. Dylla  
Assistant Attorney General  
Bankruptcy & Collections Division  
PO Box 12548  
Austin, TX 78711-2548

Attn: Shelby Jordan  
Jordan & Ortiz, P.C.  
500 N. Shoreline Blvd. Suite 900  
Corpus Christi, Texas 78401

### Subchapter V Trustee

Melissa Haselden  
Subchapter V Trustee  
700 Milam, Suite 1300  
Houston, TX 77002

### U.S. Trustee

Attn: Ha M. Nguyen, Jayson B. Ruff  
Office of the U.S. Trustee  
515 Rusk Ave STE 3516  
Houston, TX 77002

### Additional Notice Parties

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008

Attn: Alinor C. Sterling, Christopher Mattei,
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 0660