**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22--60043 |
| | § | |
| DEBTOR. | § | Chapter 11 (Subchapter V) |
| | § | |

**EMERGENCY APPLICATION OF DEBTOR FOR AN ORDER (A) AUHTORIZING EMPLOYMENT OF THE REYNAL LAW FIRM, P.C., UNDER 11 U.S.C. § 327(e), AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO JULY 29, 2022, AND (B) GRANTING <u>RELATED RELIEF</u>**

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ' CONFERENCE ROOM NUMBER IS 590153. YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGELOPEZ" IN THE GOTOMEETTING APP OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE IN THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT-HAND CORNER AND ENTER YOUR NAME UNDER PERSONAL INFORMATION SETTING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THE DEBTOR WILL SEEK APPROVAL OF THIS APPLICATION ON AUGUST 24, 2022, AT 10:00 A.M. AT THE SAME TIME WHEN AGREEMENTS ARE ANNOUNCED

REGARDING THE EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY [ECF. NO. 15]

Free Speech Systems, LLC (the "Debtor" or "FSS"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby moves for entry of an order, substantially in the form attached hereto (the "Proposed Order") pursuant to sections 105(a) and 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the retention of The Reynal Law Firm, P.C. (the "Reynal Firm" or the "Firm") as special counsel to FSS (the "Application") pursuant to that certain engagement letter agreement by and between the Debtor and The Reynal Firm, a copy of which is attached hereto as Exhibit A (the "Engagement Agreement"), as modified by the Proposed Order. In support of the Application, the Debtor submits the Declaration of Andino Reynal attached hereto as Exhibit B (the "Reynal Declaration") and respectfully represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2. The bases for the relief requested herein are sections 105, 327(e), 330, and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1of the Local Rules for the Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## BACKGROUND

A. **Case Background**

3.  On July 29, 2022 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code with the Court.

4.  The Debtor continues to operate its businesses and manage its properties as a Debtor and a Debtor-in-Possession pursuant to Bankruptcy Code § 1182(2).

5.  As of the filing of this Application, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for Region 7 (the "U.S. Trustee").

B.  **Proposed Employment of The Reynal Firm**

   *i.    Scope of Employment*

6.  Subject to the Court's approval, the Debtor desires to employ and retain The Reynal Firm *nunc pro tunc* to July 29, 2022 (the "Petition Date"), as its special counsel in connection the following cases (the "Matters"):

Fontaine v. Free Speech Systems, LLC, et al., D-1-GN-18-001605 (459th District Court, Travis County, Texas)

Heslin, et al. v. Free Speech Systems, LLC, et al, D-1-GN18-001835 (459th District Court, Travis County, Texas)

Pozner, et al. v. Free Speech Systems, LLC, et al. D-1-GN-18-001842 (459th District Court, Travis County, Texas)

Corsi et al. v. Free Speech Systems, LLC, et al., 21-50954 (5th Cir. Court of Appeals)

Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Jeremy Richman, Donna Soto, Carlee Soto-Parisi, Carlos M. Soto, Jillian Soto, and William Aldenberg v. Alex Emric Jones and Free Speech Systems, LLC, Case No., X06-UWY-CV-18-6046436-S (the "Lafferty Matter") *

William Sherlach v. Alex Emric Jones and Free Speech Systems, LLC, X06-UWY-CV-18-6046437-S*

William Sherlach and Robert Parker v. Alex Emric Jones and Free Speech Systems, LLC, X06-UWY-CV-18-6046438-S*

*All these proceedings are before the Connecticut Superior Court, Waterbury District and consolidated in the Lafferty matter

   ii.  *Necessity of Employment*

7. The Debtor desires to retain The Reynal Firm to (a) act as FSS's primary special litigation and trial counsel on the three Travis County suits and the Corsi appeal, and (b) assist Pattis & Smith in connection with the trial of the Lafferty Matter in Connecticut, including preparing witnesses for trial, consulting on presentation of the case and briefing on any issues that may arise during the course of the trial (collectively, the "<u>Professional Services</u>").

8. The Debtor desires to retain The Reynal Firm to represent it as its litigation and trial counsel on these Matters because (a) the Firm has extensive experience and knowledge with trial practice and procedure, with the partners at The Reynal Firm having tried many cases in Texas courts and handled many appeals before the Fifth Circuit Court of Appeals; (b) the Firm is intimately familiar with the facts and issues in each of the Matters, including the pleadings filed on the docket, the discovery undertaken, the evidence adduced to date and the law applicable to the Matters, having represented FSS and other co-defendants on these Matters prior to the Petition Date; (c) the Firm has already tried the Heslin\Lewis suit pending in Travis County and is prepared to handle post-jury verdict issues arising from that trial; (d) due to the subject matter of the Matters and the parties involved, it would be virtually impossible to replace the Firm at this point, without causing great prejudice to FSS and its creditors (even if it could be done, the cost to have a new firm learn the extensive record and discovery in this case, would far exceed the budgeted cost for retaining the The Renyal Firm on an hourly basis).

9. The Debtor believes that the Firm is well qualified to perform the requested Professional Services.

10. The Firm's proposed compensation shall continue at the Firm's normal hourly rates set out in the Engagement Letter. While the Firm had charged a flat fee prior to the Petition Date, the Firm has agreed to provide the Professional Services at the hourly rates because the Firm does not believe it will be in trial on the Texas and Court of Appeals matters, and will be consulting with Pattis & Smith, and not actually trying the cases in Connecticut. The hourly rate structure is beneficial to the FSS estate based on the projected type of work The Reynal Firm will be doing in the foreseeable future for the Debtor. If circumstances change, the Debtor will seek an amendment of the retention of The Reynal Firm.

11. No agreement exists, nor will any be made, to share any compensation received by the Firm for its services with any other person or firm, except as permitted by 11 U.S.C. § 504(b) and Bankruptcy Rule 2016.

12. No promises have been made to or received by the Firm as to payment or compensation in connection with the FSS bankruptcy case, other than in accordance with the provisions of the Bankruptcy Code and applicable Bankruptcy Rule.

13. To the best of the Debtor's knowledge, and, as set forth in the proposed attorney's declaration (the "Reynal Declaration") attached to this Motion as Exhibit B, the Firm does not have an adverse interest with respect to the matter on which the Firm is to be employed as special litigation counsel as required by 11 U.S.C.§ 327(e).

14. The Reynal Firm intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the guidelines (the "Guidelines") established by the U.S. Trustee, and any orders of this

Court in this Chapter 11 Case (the "Orders"), for all services performed and expenses incurred during its representation of the Debtor.

15. The Debtor believes that The Reynal Firm's agreed terms of reimbursement, compensation, and hourly rates are reasonable. The Reynal Firm will notify the Debtor and the U.S. Trustee of any change in the hourly rates charged for services rendered while the Chapter 11 Case is pending.

### iii.  Retainer

16. The payment of a post-petition retainer is not prohibited by the Bankruptcy Code. 11 U.S.C. § 328(a) (a debtor may retain a professional person on any reasonable terms and conditions including on a retainer).

17. A determination of whether, and, in what amount, a retainer should be paid is best left to the parties and the discretion of the Bankruptcy Court. Such a determination is made on a case-by-case basis.

18. The moving party has the burden to establish that the proposed terms and conditions of professional employment proposed in a bankruptcy case are reasonable.

19. The Bankruptcy Court must consider several recognized factors, plus special factors which include, but are not limited to: (1) the retainer's economic impact on the debtor's ongoing business operation; (2) the retainer's economic impact on the ability of the debtor to reorganize; (3) the amount and reasonableness of the retainer; (4) the reputation of the special counsel; and (5) the ability of special counsel to disgorge such payments at the conclusion of the case should this Court determine that the fees paid to counsel are not justified.

20. Here, The Reynal Firm's request for the $50,000 post-petition retainer satisfies the 5 factor criteria: (1) FSS's business, since it has been in chapter 11, has had a positive cash flow,

and surge in sales with the delivery of previously unavailable products and marketing of new Supplements; (2) the amount of the proposed retainer is modest; (3) the economic impact of the retainer on FSS's operations and ability to reorganize is slight; (4) FSS must have competent counsel represent it in the Matters, as the Plaintiffs are represented by a top-tier personal injury law firm, and, the claims arising from the results of those matters will have a bearing on what other unsecured creditors of FSS will receive under a plan of reorganization; (5) The Reynal Firm is a premier criminal defense and white collar litigation and trial boutique law firm in Texas; and (6) the ability of the Court to successfully order special counsel to disgorge fees paid is strong, should it become necessary. The Firm is seeking to obtain a retainer but has agreed to hold it and not take the retainer into income until the last invoice.

21. The Proposed Order provides that The Reynal Firm shall continue to hold the Retainer in trust for satisfaction of its final fees and expenses as authorized by the Court, or as otherwise directed by the Court.

## NUNC PRO TUNC RELIEF IS APPROPRIATE

22. Pursuant to the Debtor's request, the Firm has agreed to serve as special counsel on and after the Petition Date, with assurances that the Debtor would seek approval of its employment and retention *nunc pro tunc* to July 29, 2022, so that the Firm may be compensated for services it has provided FSS prior to the filing of this Application. No party in interest should be prejudiced as the Firm is providing valuable services on the Matters at this time.

## RELIEF REQUESTED

23. The Debtor requests that the Court enter an order substantially in the form of the Proposed Order authorizing the Debtor to retain The Reynal Firm as special counsel, pursuant to

the terms of the Engagement Agreement, as modified by the Proposed Order, effective as of July 29, 2022.

## BASIS FOR RELIEF

24. Bankruptcy Code § 327(e) provides that subject to bankruptcy court approval, trustees—and debtor-in-possession—"may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and, if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

25. Bankruptcy Rule 2014 requires certain disclosures prior to the entry of an order approving the employment of a professional. According to Bankruptcy Rule 2014, the application must:

 (a) Be filed by the trustee or committee and served on the United States Trustee (except in case under chapter 9 of the Bankruptcy Code).

 (b) State the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; and

 (c) Be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

### A. The Reynal Firm Meets the Requirements of Bankruptcy Code § 327(e)

26. Based on the Reynal Declaration, the Debtor submits that The Reynal Firm neither holds nor represents a disqualifying adverse interest. 11 U.S.C. § 327(e).

27. The Reynal Declaration also discloses no connections with the Debtor that would disqualify The Reynal Firm. The Debtor is not aware of any connections in addition to those disclosed in the Reynal Declaration.

### B. This Application and the Reynal Declaration Meet the Requirements of Bankruptcy Rule 2014

28. This Application and the Reynal Declaration meet the requirements as set out in Bankruptcy Rule 2014. This Application is made by the Debtor and sets out the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, the proposed arrangement for compensation. The Reynal Declaration is a verified statement pursuant to 28 U.S.C § 1746 that sets out all connections that The Reynal Firm has with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. The Debtor is not aware of any other connections in addition to those disclosed in the Reynal Declaration.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form of the Proposed Order approving the employment of The Reynal Firm commencing on July 29, 2022, and grant any other relief that is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: August 22, 2022

Respectfully submitted,

*/s/ W. Marc Schwartz*
W. Marc Schwartz
Chief Restructuring Officer and Authorized
Representative of Free Speech Systems,
LLC, Debtor and Debtor-in-Possession

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service on the date of filing, (b) by U.S.P.S. first class mail on all parties indicated in the attached service list within 24 hours of the filing, and (c) the following parties by email on the date of filing:

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Alinor C. Sterlin, Christopher Mattei, Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Avi Moshenberg
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Attn: Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
rchapple@cstrial.com

Attn: Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581
rww@bymanlaw.com

Attn: Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002
jarrod.martin@chamberlinlaw.com

Attn: Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711-2548
christopher.dylla@oag.texas.gov

Melissa Haselden
Subchapter V Trustee
700 Milam, Suite 1300
Houston, TX 77002
mhaselden@haseldenfarro.com

Attn: Ha M. Nguyen, Jayson B. Ruff
Office of U.S. Trustee
515 Rusk, Suite 3516
Houston, TX 77002
ha.nguyen@usdoj.gov
jayson.b.ruff@usdoj.gov

/s/Kyung S. Lee

## USPS Service List

## Twenty Largest Unsecured Creditors

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06870

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive STE 301
Coral Springs, FL 33065

Atomial LLC
1920 E. Riverside Dr.
Suite A-120 #124
Austin, TX 78741

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Jacquelyn Blott
200 University Blvd
Suite 225 #251
Round Rock, TX 78665

Joel Skousen
PO Box 565
Spring City, UT 84662

Commerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405

Paul Watson
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire S10 3FA
United Kingdom

Brennan Gilmore
c/o Civil rights Clinic
600 New Jersey Avenue, NW
Washington, DC 20001

Greenair, Inc
23569 Center Ridge Rd
Westlake, OH 44145

Edgecast, Inc
Dept CH 18120
Palatine, IL 60055

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

WWCR
1300 WWCR Ave
Nashville, TN 37218-3800

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404

CustomTattoNow.com
16107 Kensington Dr. #172
Sugar Land, TX 77479

| | |
|---|---|
| AT&T<br>PO Box 5001<br>Carol Stream, IL 60197-5001 | Justin Lair<br>1313 Lookout Ave<br>Klamath Falls, OR 97601 |

### Parties Claiming Interest or Lien Affected

PQPR Holdings Limited, LLC
c/o Stephen Lemmon
1801 S. Mopac Expressway
Suite 320
Austin, TX 78746

### Parties Filing Notice of Appearance

| | |
|---|---|
| Ryan E. Chapple<br>Cain & Skarnulis PLLC<br>303 Colorado Street, Suite 2850<br>Austin, Texas 78701 | Jarrod B. Martin<br>Chamberlain Hrdlicka<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002 |
| Randy W. Williams<br>Byman & Associates PLLC<br>7924 Broadway, Suite 104<br>Pearland, TX 77581 | Christopher J. Dylla<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, TX 78711-2548 |

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401

### Subchapter V Trustee

Melissa Haselden
Subchapter V Trustee
700 Milam, Suite 1300
Houston, TX 77002

### U.S. Trustee

Attn: Ha M. Nguyen, Jayson B. Ruff
Office of the U.S. Trustee
515 Rusk Ave STE 3516
Houston, TX 77002

### Additional Notice Parties

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008

Attn: Alinor C. Sterling, Christopher Mattei,
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 0660

15