**Exhibit B**

Reynal Declaration

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22—60043 |
| | § | |
| DEBTOR. | § | Chapter 11 (Subchapter V) |
| | § | |

**DECLARATION OF FEDERICO REYNAL IN SUPPORT OF
THE DEBTOR' APPLICATION TO EMPLOY THE REYNAL LAW FIRM, P.C.
UNDER 11 U.S.C. § 327(e), AS SPECIAL COUNSEL,
<u>*NUNC PRO TUNC* TO JULY 29, 2022</u>**

I, Federico Reynal, declare under penalty of perjury as follows:

1. I am an attorney at law duly admitted and in good standing to practice in the State of Texas, United States District Court for the Southern District of Texas and the Fifth Circuit Court of Appeals. I am the founder of the Houston office of The Reynal Law Firm, P.C. (the "<u>Firm</u>" or "<u>The Reynal Firm</u>"), located at 917 Franklin, Sixth Floor, Houston, Texas 77002.

2. I am making this declaration in support of the Debtor's Application to Employ The Reynal Law Firm, P.C. Under 11 U.S.C. § 327(e), as Special Counsel, *Nunc Pro Tunc*, to July 29, 2022 (the "<u>Application</u>"). Unless otherwise indicated, capitalized terms used but not defined herein have the meanings ascribed to such terms in the Application.

3. Except as otherwise noted, all facts set forth in this declaration are based upon my personal knowledge, upon the client and matter records of The Reynal Firm reviewed by me or derived from information available to me that I believe to be true and correct or opinion based upon experience, knowledge and information concerning the restructuring of debtor-creditor

relationships, workouts, chapter 11 process, and the Debtor. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

        A.        **Scope of Services**

        4.        Pursuant to the Engagement Agreement, the Application, and the Proposed Order attached thereto, The Reynal Firm will serve as special counsel to the Debtor in connection with the Matters, specified in the Engagement Letter and the Application. More specifically, the Firm shall serve as primary litigation and trial counsel for FSS involving suits against FSS in Travis County and the appeal by Corsi to the Fifth Circuit Court of Appeals. The Reynal Firm will also be retained to assist Pattis & Smith LLC to prepare witnesses for trial, consult on presentation of the case and brief any issues that may arise during the course of the trial with respect to the Lafferty Matter.

        B.        **Proposed Compensation**

        5.        The Reynal Firm will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, Guidelines, and Orders for all services performed and expenses incurred during its representation of the Debtor.

        6.        Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, The Reynal Firm intends to request the allowance of its compensation as set out in the Engagement Agreement. These rates reflect the rates that The Reynal Firm ordinarily charges clients in bankruptcy and non-bankruptcy matters and are less than or equal to the rates of similarly skilled and experienced attorneys in this district. The Reynal Firm submits that these agreed terms of reimbursement, compensation, and hourly

rates are reasonable. The Reynal Firm will notify the Debtor of any change in the hourly rates charged for services rendered.

      **C.**    **Retainer.**

7.    Under the proposed employment with the Debtor, The Reynal Firm seeks a $50,000 post-petition retainer and agrees it will continue to hold the Retainer in trust for satisfaction of its final fees and expenses as authorized by the Court, or as otherwise directed by the Court.

      **D.**    **Disclosure of Connections**

        *i.*    *Search and General Descriptions of Connections*

8.    The Reynal Firm performed the following actions to determine whether it or any of its attorneys has any disclosable connections, to the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas.

9.    I conducted a search of The Reynal Firm files to determine using the list of parties in interest listed in <u>Schedule 1</u> hereto whether the Firm had any connections to or represented any of the parties listed on Schedule 1. The search revealed that the Firm had and did not represent any of the parties listed on Schedule 1. The Reynal Firm may have provided services to creditors or other parties in interest inadvertently omitted from Schedule 1 or the description above. If such connections exist, they would be on matters wholly unrelated to the service for which FSS seeks to engage The Reynal Firm.

10.    The results of the foregoing connections search process confirm that neither I, The Reynal Firm, nor any of its employees or partners, to the best of my knowledge, have any disqualifying connections.

11. Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I can ascertain, I and The Reynal Firm do not hold an interest adverse to the Debtor or the estate with respect to the matter on which the Firm is to be employed.

12. I am not a creditor, an equity security holder, or an insider of the Debtor; I am not and was not within 2 years before the Petition Date a director of the Debtor; and I do not have any interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

13. The Reynal Firm is not a creditor, an equity security holder, or an insider of the Debtor; The Reynal Firm is not and was not within 2 years before the Petition Date an employee, officer, or director of the Debtor; and The Reynal Firm does not have any interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

14. The Reynal Firm does not possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate. The Reynal Firm also does not possess or assert any economic interest that would create either an actual or potential dispute in which the estate is a rival claimant. The Reynal Firm does not have any incentive to act contrary to the best interests of the estate and its creditors.

E. **Bankruptcy Rule 2016(b) Disclosures**

15. Pursuant to Bankruptcy Code § 504 and Bankruptcy Rule 2016, The Reynal Firm has not shared or agreed to share (a) any of its compensation from the representation of the Debtor with any other persons, or (b) any compensation any other persons have received, may have received, or will receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 22, 2022,

By: /s/*Federico Reynal*
Federico Reynal

# SCHEDULE 1

# TO REYNAL DECLARATION

## SEARCHED PARTIES

Debtor & Professionals

    Law Office of Ray Battaglia          Schwartz Associates

    Shannon & Lee LLP

Debtor's Equity

    Alexander E. Jones

Largest 20 Unsecured Creditors & Litigation Claimants

| | |
|---|---|
| Elevated Solutions Group | Dona Soto |
| Atomial LLC | Erica Lafferty |
| Cloudfare, Inc. | Francine Wheeler |
| Jacquelyn Blott | Ian Hockley |
| Joel Skousen | Jacqueline Barden |
| eCommerce CDN LLC | Jennifer Hensel |
| Paul Watson | Jeremy Richman |
| Greenair, Inc. | Jillian Soto |
| Edgecast, Inc. | Leonard Pozner |
| Ready Alliance Group, Inc. | Marcel Fontaine |
| Getty Images, Inc. | Mark Barden |
| RatsMedical.com | Neil Heslin |
| David Icke Books Limited | Nicole Hockley |
| WWCR | PQPR Holdings Limited, LLC |
| CustomTattoNow.com | Robert Parker |
| AT&T | Scarlett Lewis |
| Justin Lair | Veronique De La Rosa |
| Brennan Gilmore | William Sherlach |
| Carlee Soto-Parisi | William Aledenberg |
| Carlos Soto | Larry Klayman |
| Christopher Sadowski | Randazza Legal Group |

Attorneys for Creditors and Parties in Interest

| | |
|---|---|
| Kaster Lynch Farrar & Ball LLP | Zeisler & Zeisler P.C. |
| Koskoff Koskoff & Bieder | Jordan & Ortiz, P.C. |
| Fertitta & Reynal LLP | McDowell Heterhington LLP |

The Akers Law Firm PLLC
Copycat Legal PLLC
Waller Lansden Dortch & Davis, LLP

Akin Gump Strauss Hauer & Feld LLP

## U.S. Bankruptcy Judges and Staff

Chief Judge David R. Jones
Judge Marvin Isgur
Judge Christopher M. Lopez
Judge Jeffrey P. Norman
Judge Eduardo V. Rodriguez
Albert Alonzo
Ana Castro

Tracey Conrad
Jeannie Chavez
LinhThu Do
Tyler Laws
Kimberly Picota
Vriana Portillo
Mario Rios

## U.S. Trustee Personnel

Alicia Barcomb
Jacqueline Boykin
Luci Johnson-Davis
Hector Duran
Barbra Griffin
Brian Henault
Linda Motton
Ha Nguyen
Glenn Otto
Yasmin Rivera

Jayson B. Ruff
Millie Sall
Patricia Schmidt
Christy Simmons
Gwen Smith
Stephen Statham
Christopher R. Travis
Clarissa Waxton
Jana Whitworth