**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Case No. 22-60043 |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtor. | § | |

# EXHIBIT J

```
                         UNITED STATES BANKRUPTCY COURT
                              DISTRICT OF DELAWARE

                                           .    Chapter 11
    IN RE:                                 .
                                           .    Case No. 21-11001 (JTD)
    SHARITY MINISTRIES, INC.,              .
                                           .    Courtroom No. 5
                                           .    824 Market Street
                                           .    Wilmington, Delaware 19801
                                           .
                        Debtor.            .    August 9, 2021
    . . . . . . . . . . . . . . . . .           10:00 A.M.

                          TRANSCRIPT OF TELEPHONIC HEARING
                      BEFORE THE HONORABLE JOHN T. DORSEY
                         UNITED STATES BANKRUPTCY JUDGE


    TELEPHONIC APPEARANCES:

    For the Debtor:             Adam G. Landis, Esquire
                                Matthew B. McGuire, Esquire
                                Nicolas E. Jenner, Esquire
                                LANDIS RATH & COBB LLP
                                919 Market Street, Suite 1800
                                Wilmington, Delaware 19801

                                - and -

                                Jorian L. Rose, Esquire
                                BAKER & HOSTETLER LLP
                                45 Rockefeller Plaza
                                New York, New York 10111


    Audio Operator:             Lisa Brown, ECRO

    Transcription Company:      Reliable
                                1007 N. Orange Street
                                Wilmington, Delaware 19801
                                (302)654-8080
                                Email: gmatthews@reliable-co.com
    Proceedings recorded by electronic sound recording, transcript
    produced by transcription service.
```

```
 1   TELEPHONIC APPEARANCES (Cont'd):

 2   For the U.S. Trustee:      Rosa Sierra, Esquire
                                UNITED STATES DEPARTMENT OF JUSTICE
 3                              OFFICE OF THE UNITED STATES TRUSTEE
                                844 King Street, Suite 2207
 4                              Lockbox 35
                                Wilmington, Delaware 19801
 5
 6   For the State of Texas:    Abigail Ryan, Esquire
                                TEXAS ATTORNEY GENERAL'S OFFICE
 7                              300 W. 15th Street
                                Floor 8, Bankruptcy & Collections
 8                              Austin, Texas 78701

 9   For State Attorneys        Karen Cordry, Esquire
     General:                   NATIONAL ASSOCIATION OF ATTORNEYS
10                                 GENERAL
                                1850 M Street NW, 12th Floor
11                              Washington, DC 20036

12   For AlieraCare             Joseph Huston, Esquire
     Plaintiffs:                STEVENS & LEE, P.C.
13                              1105 North Market Street, Suite 700
                                Wilmington, Delaware 19801
14
15                              - and -

16                              Eleanor Hamburger, Esquire
                                SIRIANNI YOUTZ SPOONEMORE
17                                 HAMBURGER PLLC
                                3101 Western Avenue, Suite 350
18                              Seattle, Washington 98121

19

20

21

22

23

24

25
```

```
 1  MATTER GOING FORWARD:

 2  11.   United States Trustee's Motion to Remove the Debtor-In-
     Possession Pursuant to 11 U.S.C. Section 1185, or
 3  Alternatively, Motion to Authorize the Subchapter V Trustee to
     Investigate the Debtor's Financial Affairs Pursuant to 11
 4  U.S.C. Section 1185 [D.I. 68; Filed on 7/22/21]

 5  CLOSING ARGUMENTS:

 6      By Ms. Sierra          6

 7      By Ms. Hamburger      19

 8      By Ms. Ryan           24

 9      By Ms. Cordry         26

10      By Mr. Rose           31

11
        Ruling:   60
12
```

1 have Mrs. Miller in place, looking at any causes of action,
2 looking at the members payments that came in and the share
3 requests that need to be paid, I believe that is in the best
4 interests of the members as this bankruptcy is winding down.
5         And I am finished for now, Your Honor, unless you
6 have any questions.
7         THE COURT:  No questions.  Thank you, Ms. Ryan.
8         All right, I'm going to take a short recess until
9 noon and then I will come back and let you know what we're
10 going to do.  So we'll stand in recess until 12 o'clock.
11       (Recess taken at 11:43 a.m.)
12       (Proceedings resumed at 12:05 p.m.)
13         THE COURT:  Can everyone hear me okay?  All right.
14         COUNSEL:  Yes, Your Honor.
15         THE COURT:  We are back on the record.
16         Clearly, this case is highly unusual, to say the
17 least, and, as Mr. Luria stated during his testimony, it's a
18 mess.  The paramount issue for this case is clearly how the
19 members are going to be treated and I think it is important
20 that those members have a voice in how they are going to be
21 treated without individual members having to incur the costs
22 of doing so.
23         So, number one, I am going to direct the
24 appointment of a member committee.  Ms. Sierra, how long do
25 you think it would take to get that accomplished?

1          MS. SIERRA: Your Honor, Rosa Sierra on behalf of
2  the U.S. Trustee. I believe I have contact information from
3  various members that were present at the 341 meeting.
4  Without overpromising, I think a week just to contact them
5  and then to confer with my client.
6          THE COURT: All right. Well, we'll -- at the end
7  of this I'm going to say we're going to set a hearing for --
8  a further hearing on this. I want to keep this on a tight
9  schedule, so I will have another hearing in very short order
10 here.
11         At this point in the case, I don't have concerns
12 that Mr. Luria, the CRO, is an independent professional
13 working to ensure that this case moves forward in an
14 expedited fashion. I have some concerns that perhaps he was
15 not provided information by the debtors that he should have
16 received or that the debtors did not move quickly to try to
17 get that information from Aliera, as has been set forth in
18 the evidence during this hearing. Mr. Luria has taken steps
19 to collect the debtor's data and to provide it in a usable
20 format, and I think it's important that we not lose that
21 knowledge or the time that he has spent in preparing to get
22 that data in a usable format.
23         Clearly, there's significant issues involving how
24 the company was managed prepetition and there's open
25 questions about how the case has progressed to date, but

1 while reasonable people might disagree with the way the case
2 has moved so far, I'm not yet prepared to remove the debtors
3 as debtor-in-possession.  I am going to -- I'm not going to
4 deny the motion at this point either, I'm going to hold that
5 motion in abeyance for now until we see how things move over
6 the next few weeks.
7             I am going to increase the powers of the
8 Subchapter V trustee to investigate the financial affairs of
9 the debtor.  That will include working closely with Mr. Luria
10 to see how the data migration is progressing.  And I would
11 expect Mr. Luria to keep the Sub V trustee fully informed on
12 that process, how it's working and how eventually that data
13 will be used by a liquidating trustee in the future.  She
14 will also have the power to investigate whether the debtors
15 are eligible for Subchapter V status and whether or not
16 current employees of the debtors, because I have a number of
17 employees but, frankly, I have no testimony about what they
18 do or why they're needed.  So I would ask Ms. Miller to
19 investigate as a part of the investigation of the financial
20 affairs of the company whether those employees are necessary
21 or not to the operations of the debtors at this point given
22 where this case is heading and whether we can save some money
23 by eliminating those positions if they're no longer needed.
24             She also -- I would also ask Ms. Miller to give me
25 some guidance once you've had the opportunity to conduct an

1   investigation and work with Mr. Luria to determine how long
2   Mr. Luria's services would be needed by the debtors, because
3   it is expensive at $50,000 a week with limited resources
4   available to the debtors.  So I would expect that as soon as
5   Mr. Luria's work is done and could be picked up by a
6   liquidating trustee that his services would be concluded.
7            I'm going to reserve a ruling on appointing the
8   Subchapter V trustee as the liquidating trustee because I've
9   appointed a member committee and that member committee should
10  have some say in that.  So I'm going to wait on that issue
11  until the member committee can have an opportunity to weigh
12  in.
13           At this point, I haven't seen the retention, as
14  it's been revised, Mr. Rose, for Mr. Luria giving him the
15  full powers to direct the debtors, so I would like to see an
16  order that gives Mr. Luria that power and that he cannot be
17  removed without permission of the Court --
18           MR. ROSE:  Yes, Your Honor.
19           THE COURT:  -- and I want to put that into a form
20  of order.
21           MR. ROSE:  Yes, Your Honor.
22           THE COURT:  So, with that, we need to schedule
23  another hearing.  And, as I said, I want to do this --
24  probably do this before the end of the month, given Ms.
25  Sierra's belief that she might be able to get a committee

Case 22-60043-11 Document 1043-13 Filed 08/30/22 Page 64 of 66 Case 1:22-cv-03131-JPB Document 14-13 Filed 08/25/25 Page 9 of 10

64

1 appointed within a week. Let's set a hearing for Monday,
2 August 30th, at 10:00 a.m. That gives us three -- yes, three
3 weeks from now. That will give Ms. Miller time to at least
4 get some of her investigation underway and I would expect a
5 full report on where that investigation is, whether or not
6 the employees are needed, and all the other issues that I
7 laid out. And I would ask the parties to confer and come up
8 with a form of order.
9     MR. ROSE: Thank you, Your Honor.
10     MR. MCGUIRE: Your Honor, Matthew McGuire of
11 Landis Rath & Cobb on behalf of the debtors. With respect to
12 the order expanding Mr. Luria's powers or ensuring that he
13 can't be removed without permission of the Court, I guess I
14 would just suggest that we could add provisions to the SOLIC
15 retention order, which I don't believe are now contested and
16 that we can work that language into that retention order and
17 submit that under a certification of counsel after conferring
18 with Ms. Sierra and the Subchapter V trustee.
19     THE COURT: Yes, that's fine. Thank you.
20     All right, anything else for today?
21     MR. MCGUIRE: Your Honor, it's Matthew McGuire
22 again. Your Honor, we did have a number of other items on
23 the agenda, believe it or not. A vast majority of those
24 orders were submitted under a certification of counsel. I'm
25 not sure if Your Honor wants to walk through those or has had

Case 2:23-cv-11001-JTD   Doc 131   Filed 08/10/21   Page 66 of 66
Case 1:21-cr-00670-JEB   Document 104-3   Filed in TXSB on 08/25/22   Page 67 of 10... of 10

66

1                              CERTIFICATE
2
3       We certify that the foregoing is a correct transcript
4    from the electronic sound recording of the proceedings in the
5    above-entitled matter.
6
7    /s/Mary Zajaczkowski              August 9, 2021
     Mary Zajaczkowski, CET**D-531
8    /s/William J. Garling             August 9, 2021
     William J. Garling, CE/T 543
9
10   /s/ Tracey J. Williams            August 9, 2021
     Tracey J. Williams, CET-914
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25