**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Case No. 22-60043 |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Chapter 11 (Subchapter V) |
| | § | |
|     Debtor. | § | |

# EXHIBIT 8

| | |
|---|---|
| | ORDER   421277 |
| DOCKET NO: UWYCV186046436S | SUPERIOR COURT |
| LAFFERTY, ERICA Et Al<br>  V.<br>JONES, ALEX EMRIC Et Al | JUDICIAL DISTRICT OF WATERBURY<br>   AT WATERBURY<br><br>11/4/2021 |

<u>ORDER</u>

ORDER REGARDING:
10/20/2021 519.00 MOTION FOR ORDER

The foregoing, having been considered by the Court, is hereby:

ORDER:

The request for a hearing is denied. Practice Book § 1-23 does not mandate that a hearing be held on a motion to disqualify. Where there is a factual dispute involved in a claim for disqualification, however, an evidentiary hearing may be required. Szypula v. Szypula, 2 Conn. App. 650, 655-56 (1984). Here, there is no dispute as to the underlying facts that give rise to this motion, as the evidence submitted by the defendants primarily consists of transcripts and orders contained in the official court file. "Vague and unverified assertions of opinion, speculation and conjecture cannot support a motion to recuse. . . . In addition, it is clear that adverse rulings by the judge do not amount to evidence of bias sufficient to support a claim of judicial disqualification." (Internal quotation marks omitted.) Rule 1.2 of the Code of Judicial Conduct states as follows: A judge shall act at all times in a manner that promotes public confidence in the independence, integrity and impartiality of the judiciary and shall avoid impropriety and the appearance of impropriety. The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated this Code or engaged in other conduct that reflects adversely on the judge's honesty, impartiality, temperament, or fitness to serve as a judge." "The standard to be employed is an objective one, not the judge's subjective view as to whether he or she can be fair and impartial in hearing the case. . . . [A] judge should disqualify himself [or herself] in a proceeding in which his [or her] impartiality might reasonably be questioned . . . . Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned is a basis for the judge's disqualification. Thus, an impropriety or the appearance of impropriety . . . that would reasonably lead one to question the judge's impartiality in a given proceeding clearly falls within the scope of the general standard . . . . The question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his [or her] impartiality, on the basis of all of the circumstances." (Citations omitted; emphasis in original; internal quotation marks omitted.) Papa v. New Haven Federation of Teachers, 186 Conn. 725, 745-46 (1982); see also State v. Rizzo, 303 Conn. 71, 118-19, cert. denied, 133 S. Ct. 133 (2012); Bonelli v. Bonelli, 214 Conn. 14, 18-19 (1990) (totality of circumstances test). The burden of establishing judicial bias, partiality, or impropriety rests on the movants. The motion is denied as the movants have not met their burden.

Judicial Notice (JDNO) was sent regarding this order.

421277

Judge: BARBARA N BELLIS

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.