# PATTIS & SMITH, LLC

383 ORANGE STREET, FIRST FLOOR
NEW HAVEN, CT 06511
TELEPHONE 203-393-3017
FACSIMILE   203-393-9745

NORMAN A. PATTIS, ESQ. (npattis@pattisandsmith.com)
KEVIN M. SMITH, ESQ. (ksmith@pattisandsmith.com)
ZACHARY E. REILAND, ESQ. (zreiland@pattisandsmith.com)
CHRISTOPER T. DeMATTEO, ESQ. (cdematteo@pattisandsmith.com)
SHARON ABRAMSON, OFFICE MANAGER (sabramson@pattisandsmith.com)
JONATHAN BRUCE, PARALEGAL (jbruce@pattisandsmith.com)

**PRIVILEGED AND CONFIDENTIAL**

Via E-Mail: mschwartz@schwartzassociates.us

Marc Schwartz
Chief Restructuring Officer
Free Speech Systems, LLC
3019 Alvin Devane Blvd-Suite 300
Austin, Texas 78704

August 21, 2022

Re: Attorney Engagement Letter for Pattis & Smith, LLC

Gentlemen:

Thank you for selecting Pattis & Smith, LLC (the "Firm" or "P&SLLC") as special litigation and trial counsel for Free Speech Systems, LLC ("FSS", "you" or "Client") in connection with the lawsuits set out in **Exhibit A** hereto (the "Connecticut Lawsuits"). We appreciate the trust and confidence that your decision places in us and we look forward to a close and mutually rewarding relationship.

The purpose of this letter and the attached Terms of Retention (together, the "Engagement Letter") is to set forth the terms of legal representation of the above referenced Client.

*Scope of Engagement.* The Firm shall serve as attorney and legal counsel for the Client in connection with the following (the "Matter") effective as of August 1, 2022: The Firm shall act as special litigation and trial counsel for FSS in connection with the Connecticut Lawsuits (the "Professional Services").

*Legal Fees and Expenses.* This is a flat fee agreement. Client understands that Client is NOT entering into an hourly fee arrangement. This means that the Firm will devote such time to the representation as is necessary, but the Firm's fees will not increase or decrease based upon the number of hours spent by the attorneys and paraprofessionals at the Firm.

The Client agrees to pay the Firm $100,000.00 for Professional Services performed during the month of August 2022 upon entry of a Bankruptcy Court order approving the retention of P&SLLC in accordance with this Engagement Letter. The Client will then pay the Firm $100,000.00 on the first of each month for Professional Services to be performed by the Firm for each month thereafter. The maximum number of months the Firm may be retained under this Engagement Letter is three (3) months, provided that the engagement may be extended until the entry of a judgment in the Connecticut Lawsuits and any post-judgment motions and notices of appeal by filing a Notice of Extension specifying cause for such extension with the U.S. Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). If an objection to a Notice of Extension is filed, the Client shall seek by way of an emergency motion an extension of the duration of the Engagement Letter.

**These Fees Are Earned upon Receipt**. The fees paid under this Engagement Letter shall be earned by the Firm when due and upon receipt. By signing below, the Client indicates that the Client understands that these payments will not be deposited into the Firm's IOLTA or Lawyer Trust Account.

The Firm shall bear all the normal and ordinary course out-of-pocket expenses of a trial and litigation counsel, which amounts have been considered in the $100,000,00 per month fee.

*Conflicts.* The Firm has conducted an initial conflicts search based on information you provided. The Firm did not identify any connection that would prevent the Firm from representing you in this Matter. The firm may conduct additional conflicts searches following the commencement of this engagement. If the Firm identifies any conflict, then the Firm shall immediately notify the Client and the Firm and the Client shall take further actions as may reasonably be required to satisfy the Firm's ethical obligations and duties to the Client, all as more particularly described in the Terms of Retention.

While not a conflict, P&SLCC discloses that Alex E. Jones, a co-defendant, in all of the Connecticut Lawsuits, is also a client of the Firm. P&SLCC have represented both FSS and Alex Jones prior to July 29, 2022, the date on which FSS filed its petition for chapter 11 relief (the "Petition Date") and will continue to do so in the Connecticut Litigation.

*General Prospective Waiver and Informed Consent.* The Firm represents many other companies and individuals. It is possible that during the time that we are representing you, some of our present or future Clients will have disputes or transactions with you. You agree that we may continue to represent or may undertake in the future to represent existing or new Client in any business or transactional matter that is not substantially related to our work for you, even if the interests of such Client in those other matters are directly adverse to you. We are not aware of any such matters at the present time. We agree, however, that your prospective consent to conflicting representations contained in the preceding sentence shall not apply in any instance where, because of our representation of you, we have obtained proprietary or other confidential information of a nonpublic nature, that, if known to

Free Speech Systems, LLC
August 21, 2022
Page 3 of 7

such other client, could be used in any such other matter by such client to your material disadvantage. *You are not giving the Firm a prospective waiver as to conflicting representation related to a litigation matter against you.* We encourage you to seek independent counsel regarding the import of the potential conflicts and prospective waiver discussed and this acknowledgment, waiver, and informed consent. We emphasize that you remain completely free to seek independent counsel at any time even if you decide to sign this Engagement Letter agreeing to its terms and the Terms of Retention.

Please call me with any questions you have after you complete your review of this Engagement Letter including the Terms of Retention. If the Engagement Letter is acceptable to you in this form, please indicate so by signing, dating, and returning it to me and filing an Emergency Application to Retain the Firm as Special Litigation and Trial Counsel.

Very truly yours,

*NORMAN A. PATTIS*

Pattis & Smith LLC


ACCEPTED AND AGREED:

Free Speech Systems, LLC. Debtor and Debtor in Possession

*/s/ W. Marc Schwartz, Chief Restructuring Officer*
Authorized Officer of Free Speech Systems, LLC

Dated: August 22, 2022


cc:

Shelby Jordan, esq (via email to sjordan@jhwclaw.com)

TERMS OF RETENTION

These Terms of Retention are part of the Pattis & Smith, LLC Engagement Letter. Because they are an integral part of our agreement to provide legal services, we ask that you review this document carefully. If you have any questions after reading it, please contact us promptly.

*Who Will Provide Legal Services?* In most cases, one attorney will be your principal contact. From time to time, that attorney may delegate parts of your work to other attorneys or to legal assistants or non-legal professionals in the Firm. We do this to involve those with special knowledge or experience in an area and to provide services to you in a timely, efficient, and cost-effective manner. Norman Pattis will be the primary attorney from our Firm who will be representing the Client.

*Scope of the Representation.* As a Firm, we undertake to provide representation and advice on the legal matters for which we are engaged, and it is important that we both have a clear understanding of the legal services that the Firm has agreed to provide. In our Engagement Letter with you, we specify the Matter in which we will provide representation and the scope of the services we will provide. Please note that we do not provide legal advice regarding any tax issues or effects nor are we responsible for notifying any insurance carrier of any lawsuit. If there are any questions about the terms of engagement, including the scope of the representation that we are to provide in the Matter, please raise those questions promptly with your principal contact at the Firm.

*Identity of Client.* It is our policy to represent only the person or entity identified in our Engagement Letter and not any affiliates. For example, unless otherwise specifically stated in our Engagement Letter, if you are a business organization (corporation, partnership, LLC, etc.), our representation does not include any parents, subsidiaries, employees, officers, owners, or affiliates (including commonly owned companies); if you are an individual, our representation does not include your employer, partners, spouse, siblings, or other family members.

*Your Cooperation.* To enable us to provide effective representation, you agree to: (1) disclose to us, fully and accurately and on a timely basis, all facts and documents that are or might be material or that we may request, (2) keep us apprised on a timely basis of all developments relating to the representation that are or might be material, (3) attend meetings, conferences, and other proceedings when it is reasonable to do so, and (4) otherwise cooperate fully with us.

*Outcomes.* We cannot and do not guarantee the outcome of any matter. Any expression of our professional judgment regarding your matter or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control. Any expressions on our part concerning the outcome of the representation, or any other legal matters, are based on our professional judgment and are not guarantees.

*Conflicts of Interest.* We attempt to identify actual and potential conflicts at the outset of any engagement. In some instances, the applicable rules of professional conduct may limit our ability to represent Client with conflicting or potentially conflicting interests. Those rules of conduct often allow us to exercise our independent judgment in determining whether our relationship with one client prevents us from

representing another. In other situations, we may be permitted to represent a client only if both or all Client consent to that representation. If a controversy unrelated to the subject matter of the representation develops between you and any other client of the Firm, we will follow the applicable rules of professional responsibility to determine whether we may represent either you or the other client in the unrelated matter. Unfortunately, sometimes conflicts arise or become apparent after work begins on an engagement. If this happens, we will do our best to address and resolve the situation in the manner that best serves the interests of all of our affected Client. Rules concerning conflicts of interest vary with the jurisdiction. To avoid any uncertainty, the Connecticut Rules of Professional Conduct will be applicable to the representation.

*Fees.* The basis for determining our fee for legal services is set forth in the Engagement Letter itself. If you are unclear about the basis for determining your fee, please contact the attorney responsible for your representation. Clients frequently ask us to estimate the fees and other charges they are likely to incur in connection with a particular matter. We are pleased to respond to such requests, whenever possible, with an estimate based upon our professional judgment. This estimate always carries the understanding that, unless we agree otherwise in writing, it does not represent a maximum, minimum, or fixed-fee quotation.

*Expenses.* Our Firm may incur and pay a variety of charges on your behalf in connection with the engagement. Whenever we incur such charges on your behalf, we have agreed to pay them. You as the Client will have no further payment obligation other than the monthly $100,000.00 payment.

*Delinquent Account and Withdrawal of Engagement.* Should your account become delinquent and satisfactory payment terms are not arranged, as permitted under the rules regulating our profession, we will be required to withdraw from the representation.

*Retention of Complementary Counsel.* From time to time during our engagement it may become prudent to engage additional counsel to work with and complement our representation of you. That complementary representation will only be done with your prior written consent and on terms and conditions which you approve. The engagement of complementary counsel may be done directly with you or through our firm, depending on the nature and extent of the representation involved, and shall be done only after written notice and approval of such retention by the Bankruptcy Court.

*Conclusion of Engagement.* Because our Firm has been engaged to provide legal services in connection with the representation in the Matter as specifically defined in our Engagement Letter, the attorney-client relationship terminates upon our completion of our services related to the representation in the Matter. After completion of the representation, upon written notification by the Firm that the matter is terminated, changes may occur in the applicable laws or regulations that could affect your future rights and liabilities regarding the Matter. Unless we are engaged after the completion of the representation to provide additional legal services, the Firm has no continuing obligation to give advice with respect to any future legal developments that may relate to the Matter. If you later retain us to perform further or additional services, our attorney-client relationship will be subject to the terms of engagement agreed to at that time; in the absence of any specific agreement, these Additional Terms of Engagement shall apply to the further or additional representation.

Free Speech Systems, LLC
August 21, 2022
Page 6 of 7

*Termination.* We look forward to the opportunity to complete our representation of you on the specified matter. You may, however, terminate our representation at any time, with or without cause, by notifying us in writing. We will return your papers and other property to you promptly upon receipt of your request for those materials unless they are appropriately subject to a lien. You agree that we will own and retain our own files pertaining to the matter or case, including, for example, Firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal attorney's work product such as drafts, notes, internal memoranda, and legal and factual research including investigative reports, prepared by or for the internal use of attorneys. Your termination of our services will not affect your responsibility for payment of legal services rendered and other charges incurred before termination and in connection with an orderly transition of the matter.

Subject to Bankruptcy Court approval, the Client may discharge the Firm upon providing appropriate written notice. In that event, the Client may be entitled to a refund of all or part of the flat monthly fee calculated based on number of days the Firm provided services prior to its termination. Hypothetically, if the Client pays the Firm $100,000 on September 1, 2022, and, the Client terminates the Firm on September 10, 2022, then the Client would be entitled to a refund based on the following formular: number of days remaining in month divided by number of days in the month multiplied by $100,000.00. So in this example, the Firm would be entitled to a refund equal to (20/30 x $100,000) which is $66,666.66.

*Document Retention.* You acknowledge and agree that the Firm may maintain all documents related to your matter digitally. The Firm is not required to maintain physical copies of any documents. At the conclusion of our representation of you, it is our firm's policy to return to you any physical documents to you. We will provide you with copies of any other documents you specifically request (such as copies of depositions, court documents, etc.), and you agree to pay for the associated copying costs and any professional time incurred in identifying any such documents you request. You agree that our Firm may elect to keep at its own expense, copies of any documents related to this matter or otherwise returned to you. Anytime following seven (7) years after the conclusion of our representation of you, the Firm may destroy or delete any files related to your engagement.

*Dispute Resolution.* The Engagement Letter is being entered and is to be performed within the State of Connecticut. The Engagement Letter shall be interpreted in accordance with Connecticut law (without application of choice of law principles).

*By returning the executed Engagement Letter, you acknowledge that you have been provided ample opportunity to have counsel explain to you the advantages and disadvantages of binding arbitration to make an informed decision about agreeing to the provision.*

*Modifications.* The Engagement Letter and these Additional Terms of Engagement reflect our entire agreement on the terms of this engagement. These written terms of engagement are not subject to any oral agreements or understandings, and any change in those terms can only be made in writing signed by you and the Firm.

Free Speech Systems, LLC
August 21, 2022
Page 7 of 7

## EXHIBIT A

## Matters For Which FSS is Retaining P&SLLC

Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Jeremy Richman, Donna Soto, Carlee Soto-Parisi, Carlos M. Soto, Jillian Soto, and William Aldenberg v. Alex Emric Jones and Free Speech Systems, LLC, Case No., X06-UWY-CV-18-6046436-S (the "Lafferty Matter")

William Sherlach v. Alex Emric Jones and Free Speech Systems, LLC, X06-UWY-CV-18-6046437-S

William Sherlach and Robert Parker v. Alex Emric Jones and Free Speech Systems, LLC, X06-UWY-CV-18-6046438-S

All the proceedings described above are before the Connecticut Superior Court, Waterbury District and consolidated in the Lafferty matter.