# Fertitta & Reynal LLP

February 28, 2022

Alex Jones
Infowars, LLC.
Free Speech Systems, LLC.

**LEGAL SERVICES AGREEMENT (Subject to Binding Arbitration)** —*Fontaine v. Jones*, D-1-GN-18-001605; *Heslin v. Jones*, D-1-GN18-001835; *Pozner v. Jones*, D-1-GN-18-001842; *Lewis v. Jones*, D-1-GN-18-006623.

Dear Mr. Jones,

You have asked that Fertitta & Reynal LLP (the law firm) represent you; Infowars, LLC; and Free Speech Systems, LLC. in the above-referenced matters. "You" and "Clients" in this agreement refer to the clients to be represented and not to a person who pays any legal fees or expenses for the benefit of the client (a person who pays legal fees for another person is not the client).

We have met, discussed this case, and agreed that the law firm will handle this case based on monthly flat fee of $100,000, beginning March 1, 2022. We have further agreed that if the trials, currently scheduled to commence in April and May, are delayed for any reason, then the firm's monthly fee will be $50,000 per month until such time as the cases are set for trial again, at which point the fee would once more become $100,000 per month for trial.

The scope of our representation at this time is limited to our engagement to represent you regarding these cases and no other matter, including but not limited to any criminal, administrative, civil, forfeiture, immigration, or other matter. Any other legal services will require a written engagement agreement for that purpose.

You have carefully reviewed this letter and asked any questions that you had about the meaning of any language in this agreement (including the scope of representation and any applicable fees), we have agreed on the flat fee arrangement described above. Prior to your signature below on this agreement, we discussed the alternative of charging you on an hourly fee basis, instead of a flat fee. Specifically, we discussed the potential advantages and disadvantages of flat fees versus a fee

1

(Your initials)

based on hourly fees calculated as an hourly rate multiplied by each hour or portion of an hour for all time involved in this representation. For example, Fertitta Reynal's hourly rate is at least $800 an hour, depending on various factors, so the applicable hourly charges would be multiplied by the amount of time spent as measured by the hour (or increment of each hour).   You have consulted with an attorney and determined independently that a monthly flat fee arrangement is to your advantage.

The law firm includes F. Andino Reynal, Zachary Fertitta, Joseph Magliolo, and Lynn Hardaway, and any one of these may work on your case (in addition to interns, law clerks, and other sub-contracted attorneys for legal research and writing that the law firm employs at its own expense, assuming a flat fee) at Fertitta Reynal's discretion. With notice to you, the firm is authorized to employ such other persons who it deems necessary for the proper handling of your case; however, you will be asked to approve the employment of other persons not in our law firm and may be [*If mutually agreed*] required to pay for their services by advance fee retainer or otherwise. These "other persons" may include (but are not limited to) consulting and/or testifying experts, investigators, consultants, translators, and other attorneys.

Court costs, deposition costs, duplication costs, consultant's fees and expenses, room and board, travel, translators, and other professional fees incurred on your behalf will be paid directly by you, or when advanced by the firm, will be borne by and paid for by you upon receipt of a statement for said expenses. Certain expenses will be forwarded to you for payment directly. [*as mutually agreed*]

The firm will provide to you, upon request, at monthly or otherwise appropriate intervals, an itemized statement setting forth in reasonable detail all advances for the above-mentioned expenses and a description in reasonable detail of all work performed on your behalf in these matters with the cost for services performed. Full payment is due on receipt of the statement of expenses.   Interest will be charged at the rate of ten percent (10%) per annum on any balance, whether for fees or expenses, more than thirty (30) days past due.

You understand that no representations have been made concerning the successful outcome of any actions that may be taken on your behalf.

In the event that you desire to terminate the firm and retain other counsel to represent your interests in any manner encompassed by this employment, it is understood that you agree to pay all fees, costs and expenses incurred by you or on your behalf up to and including the date of termination.

2

_____
(Your initials)

The firm may withdraw from your representation in this matter at any time for any reason permitted by law including, but not limited to, if you render the representation unreasonably difficult for the firm to carry out, insist that the firm engage in conduct that is contrary to the judgment and advice of the attorneys and/or ethical requirements or other law, or fail to cooperate and comply fully with all reasonable requests by the firm on any matter encompassed by or made the basis of this representation or contract. The firm may also withdraw from your representation for non-payment of fees and expenses under this contract.

The firm shall withdraw if discharged by you. Such discharge shall be communicated in writing by you to the firm. If permission for withdrawal from employment is required by the rules of the court, the firm shall withdraw if the court approves.

You and the law firm agree that any claim or dispute between them or against any agent, employee, successor, or assign of the other, whether related to this agreement or otherwise, and any claim or dispute related to this agreement or the attorney-client relationship or legal duties contemplated under this argument, including the validity of this arbitration clause, shall be resolved by binding arbitration.

If a dispute should arise under this agreement, either party may make a demand for arbitration by filing a demand in writing with the other.

The parties to this agreement may agree on a single arbitrator, but in the event that they cannot so agree, there shall be three arbitrators, one named in writing by each of the parties within thirty (30) days after demand for arbitration is made, and a third to be chosen by the two arbitrators so named. Should either party fail to timely join in the appointment of the arbitrators, the arbitrators shall be appointed in accordance with the provisions of Texas Civil Practice and Remedies Code Section 171.041.

Any arbitration hearing conducted under the terms of this agreement, and all proceedings to enforce any of the provisions of this agreement, shall take place in Harris County, Texas only or a venue agreed upon by you and the law firm. The hearing before the arbitrator(s) of the matter to be arbitrated shall be at the time and place within that county selected by the arbitrator(s). Notice of hearing shall be given and the hearing conducted in accordance with the provisions of Section 171.044 et seq. of the Texas Civil Practice and Remedies Code. The arbitrator(s) shall hear and determine the matter and shall execute and acknowledge the award

3

(Your initials)

in writing and deliver a copy thereof to each of the parties by registered or certified mail.

If there is only one arbitrator, his or her decision shall be binding and conclusive on the parties. If there are three arbitrators, the decision by any two shall be binding and conclusive. The submission of a dispute to the arbitrator(s) and the rendering of the arbitrator(s)' decision shall be a condition precedent to any right of legal action on the dispute. A judgment confirming the award of the arbitrators may be rendered by any court having jurisdiction; or the court may vacate, modify, or correct the award in accordance with the provisions of the Texas General Arbitration Act (Texas Civil Practice and Remedies Code Section 171.087 et seq.).

The cost and expenses of arbitration, including the fees of arbitrator(s), shall be borne by the losing party, or in such proportions as the arbitrator(s) shall determine. These fees, costs and expenses could be substantial.

The law firm advises you, regarding the advantages and disadvantages of arbitration as compared with a judicial (in court) determination of disputes, the following:

(1)   There could be cost and time savings with an arbitration; however, these cost and time savings are not guaranteed and arbitration could, in some instances, be more expensive and take longer than a judicial determination of a dispute.

(2)   Participation in arbitration results in the waiver of significant rights, such as the right to trial by jury.

(3)   Arbitration could possibly result in a reduced level of discovery; which has the potential of saving costs, but savings are not guaranteed.

(4)   Arbitration generally has the relaxed application of rules of evidence, which has the potential of saving costs, but savings are not guaranteed—and relaxed application of the rules of evidence may mean that certain evidence may be admitted or excluded in ways inconsistent with such rules.

(5)   Arbitration awards are generally final and results in the loss of the right to judicial review because arbitration decisions can be challenged only on very limited grounds; and

4

(Your initials)

(6)     Generally, arbitrations are more private compared to a public trial (i.e., arbitrations are confidential and not open to the public—unlike what occurs in court).

We cite these factors and considerations so that you will be aware that there are some significant advantages and disadvantages of arbitration. Should you need more information about arbitration before signing this agreement, the law firm encourages you to ask questions, until you feel your questions are answered, and encourage you to seek independent counsel to advise you before signing this agreement if you feel that a third party could help you better understand your responsibility under this agreement. While it is not necessary for you to get advice from a third party, the law firm encourages you to do so if you still have questions before signing this agreement. By signing this agreement, you are representing that all your questions have been satisfactorily answered and that you either have, or have not, sought advice from independent counsel and that you are satisfied that entering into this contact of representation with an arbitration provision to handle disputes concerning it, is in your best interest, and you want to proceed accordingly.

Following the final disposition of your case, the firm will place your file in storage. The firm will destroy your file no earlier than five years from the date of the final disposition of your case. Please immediately contact me if you would like anything, especially any original documents or items, from the file.

If you use a credit card to pay legal fees or expenses, a 3% (three percent) convenience/processing fee will be added to the charge. For example, if you pay $1,000 in fees on your credit card, the law firm will charge the card for $1,030. You understand and agree to this charge if you use a credit card. If you do not want to incur the convenience/processing fee, then you are welcome to use another form of payment such as cash, check, money order, cashier's check, or bank wire.

All terms and conditions of our agreement are set forth in this letter and can only be modified in a subsequent writing that you and I sign. Please read this letter carefully and feel free to ask me any questions. If you are satisfied with this letter and the reasonableness of its terms and conditions, sign your initials and name where indicated as evidence that you have fully read, understand, and agree to the terms and conditions. I will provide you with a photocopy of the signed letter. Further, if any language or provision in this agreement is determined by an arbitrator or court to be invalid or unenforceable, then the remaining provisions and language are preserved and shall be interpreted to give them full legal force and effect.

5

_____
(Your initials)

Sincerely,

F. ANDINO REYNAL

I have carefully read, understand, and agree to the terms and conditions as set forth in this fee agreement for legal services.  If I had any questions about the meaning of anything in this agreement, I asked those questions before signing below.

AGREED:

Alex Jones, individually and on behalf of
Infowars, LLC. and Free Speech Sytems, LLC.

6

(Your initials)