UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-60043 |
| FREE SPEECH SYSTEMS, LLC, | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtor. | § | |

**AGREED ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW THE CONNECTICUT LITIGATION TO CONTINUE TO FINAL JUDGMENT**
**[RELATES TO ECF NO. 15, 78]**

At Houston, in said District, came on for consideration the Emergency Motion for Relief from the Automatic Stay (the "Motion") filed by David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, and Robert Parker (collectively, the "Connecticut Plaintiffs"); and it appearing to the Court that notice of the hearing on the Motion is adequate, appropriate and sufficient under the circumstances of this case; and it further appearing to the Court that prior to the Petition Date, Connecticut Plaintiffs commenced three state-court actions against Free Speech Systems, LLC (the "Debtor" or "FSS") and non-debtor Alex Jones ("Jones") in the Connecticut Superior Court: *Lafferty v. Jones* (UWYCV18- 6046436-S), *Sherlach v. Jones* (UWY-CV18-6046437-S), and *Sherlach v. Jones* (UWYCV18- 6046438-S) which have been consolidated under *Lafferty v. Jones* (UWYCV18- 6046436-S) (collectively, the "State Court Litigation"); and it appearing that on July 29, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas, Victoria Division, which was later transferred to the Houston Division (the "Bankruptcy Court"); and the Connecticut Plaintiffs, the Debtor and Jones having reached the following agreement, set

1

forth here below, the Connecticut Plaintiffs and Jones having memorialized the aspects of their agreement pertaining to witnesses at trial separately:

**AGREEMENT BETWEEN THE CONNECTICUT PLAINTIFFS AND THE DEBTOR, WITH JONES AGREEING TO PARAGRAPH 2**

1. This Agreement is contingent on the entry of the lift-stay order set forth below and is integral to the parties' agreement concerning the lifting of the automatic stay.

2. The Debtor agrees to accept all jurors selected in the State Court Litigation prior to the lifting of the stay and agrees to waive, *nunc-pro-tunc,* any objections to the selection of those jurors on the basis of the lifting of the stay and any objections arising from FSS's non-participation in the voir dire process. Jones also waives any objections to the selection of those jurors on the basis of the lifting of the stay and any objections arising from FSS's non-participation in the voir dire process.

3. The Debtor intends that Pattis & Smith, LLC ("Pattis"), present counsel for the Debtor and Jones in the State Court Litigation, shall continue to represent both the Debtor and Jones.

4. To that end, the Debtor agrees to concurrently seek a separate order on an emergency basis from the Bankruptcy Court authorizing Pattis to represent the Debtor, which the Connecticut Plaintiffs will not oppose.

5. The Connecticut Plaintiffs agree not to move to disqualify Pattis so long as Pattis continues to represent both the Debtor and Jones in the State Court Litigation.

6. Jones and the Debtor agree that Pattis will represent them jointly.

7. The Connecticut Plaintiffs agree not to object to the Debtor's retention of Pattis or The Reynal Law Firm LLP ("Reynal") as special litigation counsel jointly representing the Debtor

and Jones in the State Court Litigation, provided no application for admission *pro hac vice* is made for Reynal, or any member of that firm, in the Connecticut State Court, and Reynal is retained as non-appearing counsel only.

8.  The Connecticut Plaintiffs agree not to object to (a) the Debtor's request that Pattis receive a flat monthly fee of $100,000 for a two-month period, beginning on the date of the lift-stay and continuing two months thereafter, such flat fee to cover all legal services and out-of-pocket expenses rendered/incurred by Pattis during that period of time pursuant to sections 327(e) and 328(a) of the Bankruptcy Code or (b) Pattis receiving payment from non-debtor parties for services provided prior to such period. To the extent the Debtor requests Court approval for additional payment to Pattis in excess of this two-month period, the Connecticut Plaintiffs reserve their right to object to any such request to the extent such request is unreasonable.

9.  The Connecticut Plaintiffs agree not to object to the Debtor's retention of Reynal to represent the Debtor and Jones jointly as non-appearing counsel in connection with the State Court Litigation. The Connecticut Plaintiffs further agree not to object to reasonable and necessary fees and expenses of Reynal.

10. The Debtor agrees that the Connecticut Plaintiffs' subpoena served on Jones will be valid for three trial days (not counting Mondays, which are not evidence days), and will be valid continuing until his testimony in the Connecticut Plaintiffs' case-in-chief is completed,  The Connecticut Plaintiffs will identify the start-date of that three day period on September 2, 2022.

11. Any witnesses the Debtor and/or Jones intend to call live will be made available, in Connecticut, for the plaintiff's case-in-chief, at dates agreed upon by the parties. The Debtor will be authorized to pay the reasonable travel expenses and per diems of these witnesses in an amended

cash collateral budget, and the Connecticut Plaintiffs will not object to the budgeting or payment of those amounts.

12.     The Debtor and Jones will notify the Connecticut Plaintiffs as to which witnesses will be produced live on or before August 31, 2022 and will notify the Connecticut Plaintiffs as to the availability of those witnesses to testify in the Connecticut plaintiffs' case-in-chief on August 31 as well.  If those witnesses are not identified by that date and/or their availability not provided, then neither the Debtor nor Jones will call those witnesses live.

13.     The Debtor will not oppose or prevent the appearance of the following employee witnesses to testify live in Connecticut, and the Debtor will seek authorization to pay the reasonable travel expenses and per diems of these witnesses in an amended cash collateral budget, and the Connecticut Plaintiffs will not object to the budgeting or payment of those amounts:

> Owen Shroyer
> Daria Karpova
> Adan Salazar
> Christopher Daniels
> Louis Serrtuche
> Tim Fruge

14.     The Debtor will produce Brittany Paz, as a corporate designee for the Debtor, and the Connecticut Plaintiffs will not object to either the budgeting or payment of her reasonable compensation for testimony as the Debtor's corporate designee and $7,500 she is owed on a pre-petition basis as a critical vendor or by a co-defendant, without such payment being used as evidence in the State Court Litigation.

**NOW, THEREFORE, IT IS AGREED AND ORDERED THAT:**

1.     The automatic stay provision of 11 U.S.C. § 362(a) be and hereby is modified solely for the purpose of allowing the State Court Litigation to continue to proceed to judgment by the

Connecticut State Court, subject to the approval of retention of state court trial counsel for FSS by the Bankruptcy Court, which order is being sought on an emergency basis by separate Motion.

2. Except to assert the claim against the Debtor in the Debtor's bankruptcy case, the automatic stay shall continue to enjoin the Connecticut Plaintiffs and any other party, from exercising against the Debtor any remedies to collect or enforce any judgment against any assets of the Debtor or its bankruptcy estate including all property of the estate. Nothing in this Order shall waive the rights of any party to the State Court Litigation, if any, to a stay of all actions on any judgment pending appeal

3. All appeals of any judgment in the State Court Litigation by the Connecticut State Court are also not stayed and may proceed after judgment without further order of the Bankruptcy Court.

4. Notwithstanding Bankruptcy Rule 4001(a)(3), the 14 days stay of an order granting relief from the automatic stay is waived, as the Court "orders otherwise".

5. This Court shall retain sole and exclusive jurisdiction with respect to the automatic stay, its application to any actions other than those expressly provided for in this Order and any disputes arising in respect of termination of the lifting of the stay by failure to meet a necessary condition of the agreement reached between the parties and approved herein.

Houston, Texas
Dated: August ___, 2022

_____
UNITED STATES BANKRUPTCY JUDGE

*[Signature page follows}*

AGREED TO IN FORM AND SUBSTANCE:

| **FREE SPEECH SYSTEMS, LLC** | **THE CONNECTICUT PLAINTIFFS** |
|---|---|
| */s/Ray Battaglia* | */s/ Ryan Chapple* |
| Raymond W. Battaglia | Ryan E. Chapple |
| State Bar No. 01918055 | State Bar No. 24036354 |
| LAW OFFICES OF RAY BATTAGLIA, PLLC | CAIN & SKARNULIS PLLC |
| *Proposed Co- Counsel to the Debtor* | *Co-Counsel to the Connecticut Plaintiffs* |

**ALEX JONES TO REFLECT AGREEMENT TO PARAGRAPH 2**

*/s/ Shelby Jordan*
Shelby A. Jordan
State Bar No. 11016700
JORDAN & ORTIZ, P.C.

Counsel to Alex Jones