UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22-60043 |
| | § | |
| DEBTOR. | § | Chapter 11 (Subchapter V) |
| | § | |

ORDER APPROVING DEBTOR'S APPLICATION
TO EMPLOY THE REYNAL LAW FIRM, P.C. UNDER 11 U.S.C. § 327(e),
AS SPECIAL COUNSEL, *NUNC PRO TUNC* JULY 29, 2022

Upon the application (the "Application")[1] filed by the Debtor to retain and employ The Reynal Law Firm, P.C. ("The Reynal Firm") pursuant to Bankruptcy Code §§ 327(e) and 330 and Bankruptcy Local Rule 2014-1, as more fully set forth in the Application and all exhibits and attachments to the Application; and upon the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Application, the Reynal Declaration and the Amended Reynal Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Orders and procedures of this Court; (v) The Reynal Firm does not represent an interest adverse to the Debtor's estate with respect to the matters upon which it is to be engaged; (vi) The Reynal Firm is qualified to represent the Debtor's estate under § 327(e) of the Bankruptcy Code; (vii) the terms of The Reynal Firm's employment have been disclosed and are reasonable under

---

[1] Capitalized terms not defined herein have the meaning set forth in the Application or in the Agreed Order Modifying the Automatic Stay to Allow the Connecticut Litigation to Continue to Final Judgement [Relates to ECF No. 17, 78] ("Agreed Lift Stay Order").

the circumstances; (viii) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is necessary; (ix) the legal and factual bases set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interest of the Debtor's estate; (xi) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at the hearing on the Application (xii) the Debtor, Alex Jones and the Connecticut Plaintiffs have announced agreements on the record, including Connecticut Plaintiffs agreement not to object to the Debtor's retention of the Reynal Firm, as special counsel to the Debtor to, among other things, represent the Debtor and Jones jointly in the State Court Litigation, *provided that* no application for admission *pro hac vice* is made for attorney Reynal or any member of the Reynal Firm in the Connecticut State Court, and *further provided that* attorney Reynal is retained as non-appearing counsel in connection with the Connecticut State Court, and not to object to reasonable and necessary fees and expense of The Reynal Firm; (xiii) and it further appearing that the agreement by the Debtor and Alex Jones for the Debtor to pay only 50% of all the reasonable fees and expense of The Reynal Firm incurred under the Engagement Agreement has resolved the objection of the United States Trustee to the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. In accordance with Bankruptcy Code §§ 327(e) and 330 and Bankruptcy Local Rule 2014-1, the Debtor is authorized to employ and retain The Reynal Firm commencing on July 29, 2022, as special counsel, under the terms and conditions set forth in the Application and the Engagement Letter attached to the Application as **Exhibit B** and this Order.

2. The Reynal Firm is authorized to perform Professional Services for the Debtor that are necessary or appropriate in connection with serving as special counsel in connection with the Matters and the agreements described in this Order.

3. The Reynal Firm shall be compensated for its services and reimbursed for related expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application and subject to the procedures Bankruptcy Code §§ 330 and 331 of the Bankruptcy Code, and in accordance with applicable Federal Rules of Bankruptcy Procedure, Local Rules, and any orders of this Court; provided however, the Debtor shall be authorized to pay only 50% of all the fees and expenses allowed by the Court to The Reynal Firm, notwithstanding any provision to the contrary in any other agreement between The Reynal Firm and the Debtor, as long as the Professional Services performed by The Reynal Firm involve both Alex Jones and the Debtor as parties to an action and comes within the scope of Professional Services described in the Engagement Letter.

4. Pursuant to the Engagement Letter, FSS is authorized to provide The Reynal Firm the requested retainer of $50,000 (the "<u>Retainer</u>"). The Secured Lender consents to the provision of the Retainer to The Reynal Firm. The Reynal Firm shall hold the Retainer in trust on behalf of the Debtor, until further Order of the Court.

5. All compensation for services rendered and reimbursement for expenses incurred in connection with the Debtor's bankruptcy case shall be paid after further application to and order of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and any orders of this Court.

6. This Order shall be immediately effective and enforceable upon entry.

7. This Order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

8. Notwithstanding anything to the contrary in the Application, the Engagement Agreement, the Declaration attached to the Application and the Amended Declaration, The Reynal Firm shall not be entitled to reimbursement of expenses or fees from the Debtor in connection with any objection to its fees, without further order of the Court.

9. The Reynal Firm shall not charge a markup to the Debtor with respect to any fees billed by contract attorneys who are hired by The Reynal Firm to provide services to the Debtor and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

10. The Reynal Firm shall provide ten-business-days' notice to the Debtor and the U.S. Trustee before any increases in the rates set forth in the Application or the Engagement Agreement are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code. Furthermore, the Court retains the right to review any rate increases pursuant to § 330 of the Bankruptcy Code.

11. The Reynal Firm shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals.

12. The Reynal Firm will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, The Reynal Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration as required by Fed. R. Bankr. P. 2014(a).

13. To the extent that any of the Application, the Reynal Declaration and Amended Declaration, or the Engagement Agreement are inconsistent with this Order, the terms of the Order shall govern.

14. The Debtor and The Reynal Firm are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2022

_____
**UNITED STATES BANKRUPTCY JUDGE**