UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| FREE SPEECH SYSTEMS, LLC, | § § | Case No. 22-60043 |
| DEBTOR. | § § § | Chapter 11 (Subchapter V) |

ORDER APPROVING DEBTOR'S APPLICATION
TO EMPLOY PATTIS & SMITH LLC UNDER 11 U.S.C. § 327(e) AND 328(a),
AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO AUGUST 1, 2022

Upon the application (the "Application")[1] filed by the Debtor to retain and employ Pattis & Smith LLC ("P&SLLC") pursuant to Bankruptcy Code §§ 327(e), 328(a) and 330 and Bankruptcy Local Rule 2014-1, as more fully set forth in the Application and all exhibits and attachments to the Application; and upon the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Application, the Pattis Declaration and the Amended Pattis Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Orders and procedures of this Court; (v) P&SLLC does not represent an interest adverse to the Debtor's estate with respect to the matters upon which it is to be engaged; (vi) P&SLLC is qualified to represent the Debtor's estate under § 327(e) and 328(a) of the Bankruptcy Code; (vii) the terms of P&SLLC's employment have been disclosed and are reasonable under the circumstances under

---

[1] Capitalized terms not defined herein have the meaning set forth in the Application or in the Agreed Order Modifying the Automatic Stay to Allow the Connecticut Litigation to Continue to Final Judgement [Relates to ECF No. 17, 78] ("Agreed Lift Stay Order").

.

§ 328(a) of the Bankruptcy Code; (viii) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is necessary; (ix) the legal and factual bases set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interest of the Debtor's estate; (xi) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at the hearing on the Application; (xii) the Debtor, Alex Jones and the Connecticut Plaintiffs have agreed that the Connecticut Plaintiffs will not object to Alex Jones and the Debtor bearing and paying 40% and 60% of P&SLLC's 3-months of $100,000 per month flat fee respectively; (xiii) the Connecticut Plaintiffs have agreed not to object to P&SLLC receiving payment from non-debtor parties for services prior to the Starting Payment Date, defined below; (xiv) and it further appearing that the Connecticut Plaintiffs reserve their right to object to request by the Debtor for approval to continue the retention of P&SLLC beyond October 30, 2022, and to make additional payment to P&SLLC for fees for Professional Services beyond the fees to be paid for two months; (xv) and it further appearing that the U.S. Trustee does not oppose the retention and payment of P&SLLC as set out in this Order, while reserving his right to object to any continued retention and additional fees and expenses to P&SLLC beyond October 30, 2022; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. Except as modified by the provisions of and agreements contained in this Order, the Debtor is authorized to employ and retain P&SLLC commencing on August 1, 2022 through and including October 30, 2022 (the "<u>Application Period</u>"), as special counsel, under the terms and conditions set forth in the Application, the Engagement Letter attached to the Application as <u>Exhibit B</u> and this Order, in accordance with Bankruptcy Code §§ 327(e) and 328(a).

2.	P&SLLC is authorized to perform the Professional Services for the Debtor that are necessary or appropriate in connection with serving as special counsel in connection with the Sandy Hook Lawsuits.

3.	P&SLLC shall be compensated for its services and reimbursed for related expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application and subject to Bankruptcy Code §§ 328(a), 330 and 331 of the Bankruptcy Code, and in accordance with applicable Federal Rules of Bankruptcy Procedure, Local Rules, and any orders of this Court.

4.	Notwithstanding any contrary payment provisions in writing between the Debtor and P&SLLC and approval of retention of P&SLLC by the Debtor, effective as of August 1, 2022, the Debtor shall be liable to P&SLLC for only $180,000.00 of the $300,000.00 of the total flat fee for Professional Services performed by P&SLLC during the Application Period. Beginning on the date the automatic stay is lifted in favor of the Connecticut Plaintiffs to proceed with the Connecticut Lawsuits (the "Starting Payment Date") and for two months thereafter, P&SLLC shall be paid $100,000 by the Debtor on the 5th day of September, 2022 for first month of Professional Services, and $80,000 by the Debtor on the 5th day of October, 2022, for the second month of Professional Services.

5.	This Order is without prejudice to the Debtor seeking a further extension and continuation of retention of P&SLLC in connection with the Sandy Hook Lawsuits and the Connecticut Plaintiffs' and U.S. Trustee's reservation of their right to object.

6.	This Order shall be immediately effective and enforceable upon entry.

7.	This Order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further Order of this Court.

8. Notwithstanding anything to the contrary in the Application, the Engagement Agreement, or any Declarations filed in connection with the Application, P&SLLC shall not be entitled to reimbursement of expenses or fees from the Debtor in connection with any objection to its fees, without further Order of the Court.

9. P&SLLC will review its files periodically during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, P&SLLC will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration as required by FED. R. BANKR. P. 2014(a).

10. To the extent that any of the Application, the Pattis Declaration, the Amended Pattis Declaration or the Engagement Agreement are inconsistent with this Order, the terms of the Order shall govern.

11. The Debtor and P&SLLC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2022

_____
**UNITED STATES BANKRUPTCY JUDGE**