UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| **Free Speech Systems LLC,** | § | |
| | § | Case No. 22-60043 (CML) |
| Debtor. | § | |

**PQPR HOLDINGS LIMITED, LLC'S MOTION TO DIRECT SUBCHAPTER V TRUSTEE TO INVESTIGATE FINANCIAL OPERATIONS OF THE DEBTOR**

PQPR Holdings Limited, LLC ("PQPR"), the secured creditor of the Debtor and a party-in-interest, respectfully submits this Motion to Direct the Subchapter V Trustee to Investigate the Financial Operations of the Debtor, as follows:

1. This case incepted with the filing of a Petition for Relief on August 3, 2022, and is designated as a small business case under Subchapter V of the Bankruptcy Code. PQPR is the secured creditor of the Debtor. The Debtor is run by a Chief Restructuring Officer, Marc Schwartz.

2. The bankruptcy case was deemed necessary by the Debtor because of litigation brought against the Debtor by certain tort plaintiffs in Texas and Connecticut (the "Sandy Hook Plaintiffs"). The Debtor's business operations are profitable, and the Shady Hook Plaintiffs have even admitted that the Debtor is extremely solvent and highly profitable.

3. Despite their repeated admissions that the Debtor is solvent and profitable, the Shady Hook Plaintiffs have filed a motion making accusations against the Debtor, PQPR, and Mr. Schwartz. That motion seeks to have management of the Debtor replaced (it does not say who should serve as manager) and seeks a tort committee paid for by the Debtor to conduct a series of inquisitions and litigation.

4. The motion filed by the Shady Hook Plaintiffs is replete with misstatements and contradictions. Presumably these misstatements are a result of incomplete and disorganized discovery that has taken place in the state court litigation. Such discovery failures have led to the entry of "death penalty" sanctions in the state courts.

5. Thus, the parties and the Court are presented with the uncommon situation of a profitable debtor, irredeemably flawed ongoing litigation, and a highly suspicious atmosphere leading to incorrect assertions, such as the charge that Alex Jones received distributions of some $68 million in the last two years. This particular allegation was apparently a result of counsel for the Shady Hook Plaintiffs misunderstanding the difference between a balance sheet and an income statement but is representative of the misunderstandings and misstatements concerning the Debtor's finances.[1]

6. A Subchapter V Trustee is supposed to fulfill a special role in a bankruptcy case. The Subchapter V Trustee is specifically empowered by the code to investigate the financial circumstances of the Debtor:

7. Section 1184 provides:

> Subject to such limitations or conditions as the court may prescribe, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all functions and duties, except the duties specified in paragraphs (2), (3), and (4) of section 1106(a) of this title, of a trustee serving in a case under this chapter, including operating the business of the debtor.

8. Section 1106(a) provides, in part:

> (3) *except to the extent that the court orders otherwise*, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of

---

[1] These misunderstandings resulted in Plaintiffs filing a TUFTA lawsuit in state court asserting that the grant of PQPR's liens was a fraudulent transfer. Of course, that cause of action is now property of the estate and would presumably be treated in some way in a plan of reorganization.

such business, and any other matter relevant to the case or to the formulation of a plan;

(4) as soon as practicable—

(A) file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate; and

(B) transmit a copy or a summary of any such statement to any creditors' committee or equity security holders' committee, to any indenture trustee, and to such other entity as the court designates;

9. Section 1183 deals with the duties of a Subchapter V Trustee, and provides that the trustee, not the debtor, is to conduct a financial examination of the debtor, but only if the Court so orders:

(b) DUTIES.—The trustee shall—

(1) perform the duties specified in paragraphs (2), (5), (6), (7), and (9) of section 704(a) of this title;

(2) perform the duties specified in paragraphs (3), (4), and (7) of section 1106(a) of this title, if the court, for cause and on request of a party in interest, the trustee, or the United States trustee, so orders…

10. Thus, SubchapterV specifically contemplates that the trustee, not the debtor, is specifically to "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor [and] the operation of the debtor's business…" but only after an order from the Court. This makes eminent sense in this particular case. The Subchapter V Trustee is impartial. The Subchapter V Trustee is in the best position, legally and practically, to conduct an investigation into the Debtor's finances, past and present.

11. *In re Corinthian Communications, Inc.,* No. 22-10425 (MG), 2022 WL 3051570 (Bankr. S.D.N.Y. Aug. 3, 2022), is instructive. There, the U.S. Trustee sought to remove the debtor in possession, alleging fraud in PPP loan applications in failing to disclose common management with other businesses, failure to follow corporate formalities, conflicts of interest,

and general mismanagement. *Id*. at *3-4. At the hearing, the debtor argued that it would fail if management was replaced. *Id*. at *5. The Subchapter V Trustee reported that the debtor had not been especially forthcoming in providing information. *Id*. The court noted that "the result of removing the debtor as debtor-in-possession could very well lead to the failure, collapse of the business, which I don't think would benefit anyone." *Id*. at *6, 8. Thus, the court determined to expand the powers of the Subchapter V Trustee to investigate the debtor's business and held off on determination of the motion to replace the debtor-in-possession pending the report of the investigation. *Id*. at *7-8.

12. PQPR suggests the instant case is somewhat similar to *Corinthian* and believes the Subchapter V Trustee should be directed to conduct an investigation. PQPR will agree to the use of up to $100,000 of its cash collateral for an investigation by the Subchapter V Trustee. If the Subchapter V Trustee finds evidence of malfeasance by the Debtor, the Subchapter V Trustee can and should report such to the Court and the parties.

13. PQPR asserts that having a comprehensive and impartial examination of the Debtor's finances is a preferable alternative to protracted and perhaps unfounded, but certainly unnecessary, litigation.[2] Such litigation will likely be deleterious to the Debtor's operations, as it necessarily takes up much of the time of the CRO, not to mention the expenditure of funds for unnecessary litigation. Enough is being spent on the state court litigation as it is. Presumably even the Shady Hook Plaintiffs would agree that having the Debtor make as much money as possible is in everyone's best interest.

14. Therefore, PQPR requests that the Court enter an order:

---

[2] PQPR believes the currently scheduled depositions of PQPR and the Debtor should go forward on September 6 and 8, but believes that any hearing on the Shady Hook Plaintiffs' motion should be deferred until after the Subchapter V Trustee has completed her review.

4

    a. directing the Subchapter V Trustee to conduct an investigation into the Debtor's finances, past and present, and to report back to the Court;

    b. providing that up to $100,000.00 in cash collateral may be spent on such investigation;

    c. providing that the pending motion for appointment of a tort claims committee and removing the debtor in possession be abated until such time as the Subchapter V Trustee has reported to the Court; and

    d. for such other and further relief as is appropriate.

Dated: August 31, 2022                    Respectfully submitted,

By: */s/ Stephen W. Lemmon*
    Stephen W. Lemmon
    Texas Bar. No. 12194500
    STREUSAND, LANDON, OZBURN & LEMMON, LLP
    1801 S. MoPac Expressway, Suite 320
    Austin, Texas 78746
    Telephone: (512) 236-9900
    Facsimile: (512) 236-9904
    lemmon@slollp.com

    **ATTORNEYS FOR PQPR HOLDINGS LIMITED, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 30, 2022, I conferred by email with counsel for the Texas Plaintiffs, the Connecticut Plaintiffs, the Debtor, Alex Jones, the Subchapter V Trustee, and the U.S. Trustee. The Texas Plaintiffs are opposed. The Debtor does not oppose the relief sought. The remaining parties have not responded as of the date of this filing.

*/s/ Stephen W. Lemmon*
Stephen W. Lemmon

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2022, a true and correct copy of the foregoing instrument was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system, and/or U.S.P.S. first class mail, including the following:

Raymond W. Battaglia
**LAW OFFICES OF RAY BATTAGLIA, PLLC**
66 Granburg Circle
San Antonio, Texas 78218
rbattaglialaw@outlook.com
*Proposed Counsel to the Debtor and Debtor-In-Possession*

Kyung S. Lee
R. J. Shannon
**SHANNON & LEE LLP**
700 Milam Street, STE 1300
Houston, Texas 77002
klee@shannonleellp.com
rshannon@shannonleellp.com
*Proposed Counsel to the Debtor and Debtor-In-Possession*

Avi Moshenberg
**MCDOWELL HETHERINGTON LLP**
1001 Fannin Street, Suite 2700
Houston, Texas 77002
E: Avi.Moshenberg@mhllp.com
*Counsel for the Texas Plaintiffs*

Jarrod B. Martin
**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, PC**
1200 Smith Street, Suite 1400
Houston, Texas 77002
E: jarrod.martin@chamberlainlaw.com
*Bankruptcy Counsel for the Texas Plaintiffs*

Ryan E. Chapple
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
Email: rchapple@cstrial.com

Randy W. Williams
**BYMAN & ASSOCIATES PLLC**
7924 Broadway, Suite 104
Pearland, Texas 77581
Email: rww@bymanlaw.com
*Bankruptcy Counsel for Connecticut Plaintiffs*

Melissa Haselden
Subchapater V Trustee
700 Milam, Suite 1300
mhaselden@haseldenfarrow.com
*Trustee*

Ha Nguyn
OFFICE OF THE U.S. TRUSTEE
515 Rusk Ave STE 3516
Houston, TX 77002
Ha.Nguyen@usdoj.gov
*U.S. Trustee*

## USPS Service List

**Twenty Largest Unsecured Creditors**

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06870

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive STE 301
Coral Springs, FL 33065

AtomialLLC
1920 E. Riverside Dr.
Suite A-120 #124
Austin, TX 78741

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Jacquelyn Blott
200 University Blvd
Suite 225 #251
Round Rock, TX 78665

Joel Skousen
PO Box 565
Spring City, UT 84662

eCommerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405

Paul Watson
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire Sl0 3FA
United Kingdom

Brennan Gilmore
c/o Civil rights Clinic
600 New Jersey Avenue, NW
Washington, DC 20001

Greenair, Inc
23569 Center Ridge Rd
Westlake, OH 44145

Edgecast, Inc
Dept CH 18120
Palatine, IL 60055

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DEl 3EE
United Kingdom

WWCR
1300WWCRAve
Nashville, TN 37218-3800

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404

CustomTattoNow.com
16107 Kensington Dr. #172
Sugar Land, TX 77479

AT&T
PO Box 5001
Carol Stream, IL 60197-5001

*/s/ Stephen W. Lemmon*
Stephen W. Lemmon