```
1                        UNITED STATES BANKRUPTCY COURT
                          SOUTHERN DISTRICT OF TEXAS
2                              HOUSTON DIVISION

3                                      )   CASE NO: 22-60043-cml
                                       )
4    FREE SPEECH SYSTEMS, LLC,         )   Houston, Texas
                                       )
5                                      )   Monday, August 29, 2022
                     Debtor.           )
6                                      )   1:00 P.M. to 1:34 P.M.
                                       )
7    ------------------------------)


8
                             MOTIONS HEARING
9
              BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ
10                 UNITED STATES BANKRUPTCY JUDGE


11
     APPEARANCES:
12
     For Free Speech Systems, KYUNG SHIK LEE
13   LLC:                     Kyung S. Lee, PLLC
                              4723 Oakshire Drive, Apt. B
14                            Houston, TX 77027

15                            RAYMOND WILLIAM BATTAGLIA
                              Law Offices of Ray Battaglia, PLLC
16                            66 Granburg Circle
                              San Antonio, TX 78218
17
     For Veronique De La
18   Rosa, et al.:           AVI MOSHENBERG
                              McDowell Hetherington, LLP
19                            1001 Fannin, Suite 2700
                              Houston, TX 770
20
     For David Wheeler,
21   et al.:                  RANDY W. WILLIAMS
                              Byman & Associates, PLLC
22                            7924 Broadway, Suite 104
                              Pearland, TX 77581
23
     For the U.S. Trustee:    HA MINH NGUYEN
24                            Office of the United States Trustee
                              515 Rusk Street, Suite 3516
25                            Houston, TX 77002
```

```
 1
     For Connecticut          ALINOR STERLING
 2   Plaintiffs:              Koskoff Koskoff and Bieder
                              350 Orange Street
 3                            New Haven, CT 06511

 4   For PQPR:                STEPHEN LEMMON
                              Streusand Landon Ozburn and Lemmon
 5                            1801 S Mopac Expressway, Suite 320
                              Austin, TX 78746
 6

 7   For the SubChapter V     MELISSA ANNE HASELDEN
     Trustee:
 8                            Haselden Farrow, PLLC
                              Pennzoil Place
 9                            700 Milam, Suite 1300
                              Houston, TX 77002
10
     Court Reporter:          ZILDE MARTINEZ
11
     Courtroom Deputy:        ZILDE MARTINEZ
12
     Transcribed by:          Veritext Legal Solutions
13                            330 Old Country Road, Suite 300
                              Mineola, NY 11501
14                            Tel: 800-727-6396

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   Transcript produced by transcription service.
```

1          HOUSTON, TEXAS; MONDAY, AUGUST 29, 2022; 1:00 P.M.

2                          (Call to Order)

3          THE COURT:  Okay.  Good afternoon everyone, this

4     is Judge Lopez.  Today is August 29th.  I'm going to call

5     the 1:00 p.m. case, Free Speech Systems, LLC here on Motion

6     for Relief from Stay and two emergency applications to

7     employ special counsel.  Folks, I would remind everyone

8     who's listening that the line is completely unmuted, so I'd

9     ask that everyone please take a look at your phone and put

10    it on mute.  I'm going to try to conduct this hearing that

11    way.  If I hear too much back noise, I will hit 5 star,

12    which will mute everyone's lines, but let's see how that

13    goes today.  So let me take appearances first and I'll start

14    in the courtroom.

15         MR. LEE:  Good afternoon, Your Honor.  Kyung Lee,

16    L-E-E, for the Debtor, with Shannon and Lee LLP.  At

17    counsel's table, I have R.J. Shannon, my partner, as well as

18    Mr. Brock Schultz, who's the Chief Restructure Officer of

19    the Debtor.  On video, we should have the lead bankruptcy

20    counsel for the Debtor, Ray Battaglia, as well as I've asked

21    at least until the settlement's worked out, Andino Reynal

22    from the Reynal Law Firm, the Special Counsel Number 2, and

23    then Mr. Norm Pattis from the Pattis Law Firm, Special

24    Counsel Number 1, and again, so those two also should be in

25    case you have questions for them, Your Honor.

```
 1                THE COURT:  Okay.  Thank you.

 2                MR. MOSHENBERG:  Good morning, Your Honor, Avi

 3   Moshenberg on behalf of the  Texas Plaintiffs.  Also Marty

 4   Brimmage is here with us.

 5                THE COURT:  Good afternoon.

 6                MR. MOSHENBERG:  And I think Jarrod Martin should

 7   be listening by phone, as well.

 8                THE COURT:  Okay.  Thank you.

 9                MR. WILLIAMS:  Good afternoon, Your Honor, Randy

10   Williams for the Connecticut Plaintiffs.

11                THE COURT:  Good afternoon, Mr. Williams.  Good to

12   see you.

13                MR. NGUYEN:  Good morning, Your Honor, Ha Nguyen

14   for the US Trustee.

15                THE COURT:  Good afternoon, Mr. Nguyen.  Okay.

16   Let me just open it up and see who wishes to make an

17   appearance.

18                MS. HASELDEN:  Good afternoon, Your Honor.

19                THE COURT:  Oh, Ms. Haselden.

20                MS. HASELDEN:  Oh I'm sorry, Melissa Haselden.

21                THE COURT:  I apologize, no, no.  Please.

22                MS. HASELDEN:  Subchapter 5 Trustee.

23                THE COURT:  Subchapter 5 Trustee.  Good afternoon.

24   I apologize.  I was sort of starring at the screen and

25   didn't stop to look up.  So I apologize.  Thank you.  Good
```

1     to see you.  Okay.  Mr. Battaglia, I see you there.  I will

2     consider you have a already kind of made an appearance on

3     behalf, with Mr. Lee, so --

4             MR. BATTAGLIA:  Thank you, Your Honor.

5             THE COURT:  Who else wishes to make appearance?

6             MS. STERLING:  Good -- good afternoon, Your Honor.

7     I'm trying to (indiscernible).

8             THE COURT:  Good afternoon, Ms. Sterling.  Okay.

9     Mr. Lemmon?

10            MR. LEMMON:  Yes, Your Honor, I apologize I'm

11    having trouble with my desktop microphone.  Steve Lemmon for

12    PQPR.

13            THE COURT:  Good afternoon.  Anyone else?

14    Alrighty, Mr. Lee, I'll turn it over to you, sir.

15            MR. LEE:  Thank you, Your Honor.  As I reported to

16    the Court and the other parties about 7:00 this morning, we

17    have resolution with respect to all three matters that you

18    indicated at the beginning of the hearing.  So, what I was

19    hoping to do was to basically present those to you in the

20    form of proffers to the attorneys on presentation by the

21    lawyers, and to the extent that you need more evidence

22    afterwards, we can do that.  And so I will start off with

23    the major agreement, which is the agreement on the emergency

24    motion in the stay, ECF 15, which has been resolved by

25    Agreed Order ECF 112.

1             THE COURT:  Okay.

2             MR. LEE:  That project was handled by Mr.

3    Battaglia as well as Ms. Sterling and Mr. Ryan Chapple.  So

4    with respect to that agreement at ECF 112, which

5    memorializes that understanding, I'm going to turn the forum

6    over to Mr. Battaglia and Ms. Sterling and Mr. Chapple to

7    let them explain that to you and walk you through the agreed

8    order.

9             THE COURT:  Okay. Thank you.  Before you begin,

10   Mr. Battaglia, again, I'm going to ask everyone to take a

11   look at your phone and put it on mute.  We're about one

12   second away from me muting the entire line, folks having to

13   hit five star and I'm really trying to avoid doing that,

14   it's just to have some attorneys on the phone and it makes

15   it a little bit easier.  So Mr. Battaglia, let me turn

16   things over to you, sir.

17            MR. BATTAGLIA:  Yes, thank you, Your Honor, Ray

18   Battaglia for Free Speech Systems.  The order -- proposed

19   agreed order lifting the stay has been uploaded to the Court

20   last night.  It was negotiated pretty heavily between the

21   Connecticut Plaintiff's Counsel, Ms. Sterling, the

22   litigation Counsel, Mr. Patterson's office, Mr. Jones'

23   Counsel, with respect to one particular paragraph; and

24   essentially what the order provides is that it modifies the

25   stay, just in the same fashion that we did with respect to

1    the Texas Plaintiffs to allow the case to go forward and be

2    litigated judgment.  It accommodates some matters that are

3    important for the estate to be able to retain counsel.

4    We've reached agreement with respect to and with the

5    Connecticut Plaintiffs about the retention and payment of

6    counsel, obviously subject to the retention and subject to

7    further agreements with the US Trustee's office, which Mr.

8    Nguyen will announce shortly.  It provides for the payment

9    of the Debtor's witnesses to attend the trial.  There are

10   certain witnesses that the Connecticut Plaintiffs wish to

11   appear and we have indicated that we do not oppose their

12   appearance, that we will not interfere with their

13   appearance, and we will provide for payments, should they go

14   per diam and other expenses.  But unfortunately we have no

15   ability to compel and individual to show up for trial.  It's

16   also in the agreement about Mr. Jones and the extent of his

17   subpoena.  I'm not sure it's helpful to go through each and

18   every paragraph, but that's generally what it does.  It

19   facilitates the trial to go forward through judgement.

20          THE COURT:  Okay. And I have had the opportunity

21   to --

22          MR. BATTAGLIA:  And I'm happy to answer any

23   questions to allow Ms. Sterling.

24          THE COURT:  Okay.  Ms. Sterling, I -- and just so

25   everybody knows, I did have an opportunity to read the

1    proposed order at 112.  So if that's the order that we're

2    talking about, that's -- I -- I have had an opportunity to

3    read it.  So Ms. Sterling, I'll turn it over to you.

4             MS. STERLING:  Thank you, Your Honor.  Thank you.

5    Can you hear me okay?

6             THE COURT:  Just fine.

7             MS. STERLING:  I don't have a lot to echo to Mr.

8    Battaglia's presentation.  There are some terms that are in

9    the proposed order (indiscernible) --

10            THE COURT:  Ms. Sterling you -- Ms. Sterling,

11   you're breaking up.  Is it possible for you to just pick up

12   the phone?  That's completely fine with me.

13            MS. STERLING:  Yes, Your Honor.  Is that better?

14            MR. LEE:  That's much better.

15            THE COURT:  Much better, thank you.

16            MS. STERLING:  Okay.  Okay. I'm so glad and thank

17   you for saying something.  But so there are some provisions

18   in the agreement with respect to the -- with respect to the

19   acceptance of the jurors from the Connecticut trial and some

20   other aspects of the agreement that are denied to enable

21   Free Speech Systems to join the -- join the case at it

22   progresses so that we can commence evidence on September

23   13th, as scheduled, and beyond that, I don't have a lot of

24   comments, I mean, the order speaks for itself.

25            THE COURT:  Yeah.  I understood the Order and I

1    appreciate the comments.  Is the stay would lift and then

2    allow the -- essentially it sounds like something has

3    already started and this would help facilitate kind of

4    continuing with that trial without major disruption as to

5    another FSS coming when a process has already started.  So I

6    -- I've read the order and understand what's happening and I

7    think it's smart and it makes a lot of sense to me.  So I

8    have had an opportunity to read it.

9           Look, I know that this is -- for the bankruptcy

10   people, this is extraordinary relief in the first 30 days of

11   a case, and I know a lot of hard work went into that and I

12   appreciate all the professionals working really hard.  It's

13   easy to read a document.  What's not easy is to know how

14   much hard work went behind it.  This was heavily contested,

15   so the fact that the parties have reached agreement on this,

16   I want to thank all the professionals.  And I understand

17   that we still have some applications to cover, but just the

18   fact that we're here, certainly parties are at least talking

19   and I very much appreciate that.

20          Does anyone else wish to be hear in connection

21   with the motion to lift the stay?  Okay.  I just had one

22   quick comment and that is its non-substantive, but I, my law

23   clerk has an eagle eye and she caught something here.  It's

24   on Page 5 of 6 and this is minor, it says, the last sentence

25   says subject to the approval and retention of State Court

1    trial counsel by FSS, by the Bankruptcy Court, which order

2    is being sought on an emergency by separate -- I believe

3    it's applications should be there instead of motion, but I

4    can make that tweak, it's non-substantive.  You all okay

5    with that?

6             MR. LEE:  Yes, Your Honor.

7             THE COURT:  Okay.

8             MR. BATTAGLIA:  Yes, Your Honor.

9             THE COURT:  Okay.  Well, I have reviewed the

10   order, the parties have reached a settlement on this. This

11   will help facilitate the trial in Connecticut.  I'll sign

12   this order today.  Folks can give notice to the Connecticut

13   State Court.  This, to me, resolves any issues with respect

14   to the application of the automatic stay in that case.  So I

15   think this order makes a lot of sense and I will sign it.  I

16   would note, just for the record, that the order allows the

17   litigation to continue to final judgement, including any

18   appeals, but any enforcement of that order with respect to

19   FSS is stayed.  So I just want everybody to be clear and by

20   that I mean folks have to come to this Court.  I just wanted

21   that to be really clear.  Any enforcement actions would need

22   to come back to this Court, but this certainly facilitate

23   that to occur, so -- okay.  I have approved, I believe the

24   Connecticut Plaintiffs have satisfied their duty at

25   requisite cause and there's agreement on the record on that

1    and I will sign the order at 1:12, so let's -- where do we

2    go next?

3              MR. LEE:  Thank you, Your Honor, the next matter

4    will be the Pattis and Smith Application at ECF 93.

5              THE COURT:  Okay.

6              MR. LEE:  When we filed that initial application

7    as ECF 93, it sought to retain Pattis and Smith on a fixed

8    fee basis at $100,000 a month, starting at August 1, 2022,

9    for -- through the trial period.

10             THE COURT:  Um-hum.

11             MR. LEE:  We had objections and discussions

12   regarding the duration of that as well as the payment of

13   that firm and as a result of negotiations and agreements, we

14   have reached resolution, whereby the following will take

15   place.  Number 1, the Pattis Firm will be retained, pursuant

16   to the engagement agreement as was set forth, modified by

17   the following:  A) Mr. Jones, Alex Jones, will bear 40

18   percent of the $300,000 fee associated with the Pattis

19   retention, and he will cover the first $100,000 fee which is

20   associate with the August payment, and then the -- so we'll

21   cover him, except he covered $60,000 of our first month.  So

22   for September we will pay the $100,000, which makes up for

23   some of that for his $40,000 and for October, we will pay

24   $80,000 and he'll pay $20,000 which will then make up for

25   the entire 40/60 formula.

```
1              THE COURT:  Okay.

2              MR. LEE:  Mr. Ha has some comments with respect to

3    the language and the efforts to the process by which we may

4    need him more after the three months because there may be

5    additional activity and he made me take out some language

6    which I put in regarding the method.  Now it comes down to

7    if the Debtor needs Pattis and Smith after October 30th,

8    '22, it's incumbent upon us to come to you and ask for that

9    extension.  So the order that's been uplifted as to Pattis

10   and Smith 93 is Document Number 115, and that --

11             THE COURT:  Um-hum.

12             MR. LEE:  -- and reflects --

13             THE COURT:  Do you know what just happened?  Keep

14   going.

15             MR. LEE:  That reflects the agreement that I've

16   reached with Mr. Ha, this morning, and has all the language

17   changes --

18             THE COURT:  Mr. Battaglia can you hear us?  Put

19   your hand out if you can hear us?  Okay.  Perfect,

20             MR. BATTAGLIA:  Yes, Your Honor, I can hear.

21             THE COURT:  Thank you.  Please continue.

22             MR. LEE:  -- that he has requested.  So in

23   conjunction with that, I would ask the Court to take notice

24   of Docket Number 99, which is a Notice of this hearing, as

25   well as Docket Number 109, which is a witness and exhibit
```

1    list which has all of the agreements attached to it and asks

2    that to be admitted into evidence.  And one of the reasons

3    we had to file an amended disclosure for both of that was

4    because of an error that I made, which is that it recited

5    that they hadn't represented anyone on Schedule I and the

6    Schedule I contained Mr. Jones.

7              THE COURT:  Keep going.

8              MR. LEE:  So I'd ask the Court to take Judicial

9    notice of 109, 99, admit the exhibits in 109, and approve

10   the order set out and uploaded this morning at 115 for

11   Pattis and Smith, Your Honor.

12             THE COURT:  Okay.  Let me just turn to the United

13   States Trustee, Mr. Nguyen?

14             MR. NGUYEN:  Ha for the US Trustee.  Mr. Lee is

15   correct that we did come to an agreement.  We worked over

16   the weekend to make sure that we've addressed, Your Honor's

17   concern of whether FSS gets its fair share.

18             THE COURT:  Um-hum.

19             MR. NGUYEN:  We believe the 40/60 from Mr. Pattis'

20   application is appropriate within the month of August and

21   there was some dispute between whether services was provided

22   to FSS.  So given all the changes that Mr. Lee made to the

23   order this morning, we have an agreement on the retention of

24   Mr. Pattis for his representation of FSS in the Connecticut

25   litigation.

```
 1                THE COURT:  Okay. Does anyone else wish to be
 2     heard in connection with the Pattis and Smith application?
 3     Okay.  All right, folks, again we're about -- all right.
 4     You want to -- can you mute the line?  Okay, folks want to
 5     talk, you have to hit five star.
 6                I will note that for the record, it was an
 7     emergency application to employ Pattis and Smith under
 8     Section 327 E and 328 E, special counsel to the Debtor.
 9     I'll note a couple of things just for the record.  The order
10     says nun pro tunc to August 1st.  I know that -- that's a
11     touchy word.  I think we're all meaning effective as?
12                MR. LEE:  Yes, Your Honor.
13                MR. NGUYEN:  Yes, Your Honor.
14                THE COURT:  Okay. Just -- just for the record is
15     clear, as a matter of fact, I'm going to change it to
16     effective as, just so we're all on the same page.  I believe
17     it's in the best interest of the estate.  I believe that the
18     Debtor have established the need for counsel in light of the
19     motion to -- the agreed order lifting the automatic stay.  I
20     appreciate the work of the United States Trustee here and
21     all the parties involved.  I believe the terms are fair and
22     reasonable under the circumstances.  And quite frankly, Mr.
23     Pattis needs to get out there right away, and so it's
24     important that we took this up on an emergency basis, so I'm
25     approving emergency consideration of this application and I
```

1   will approve the order at 115.  Again, I just have a couple

2   of just a minor, minor, two minor comments.  One is I'm

3   going to change a nun pro tunc to effective as, just to

4   avoid any confusion as to that.

5                    MR. LEE:  Yes, Your Honor.

6                    THE COURT:  Footnote one, refers to ECF Numbers 17

7   and 78, I believe it's 15 and 78 to be consistent with the

8   motion.

9                    MR. LEE:  Yes, Your Honor.

10                   THE COURT:  And then on let's see, Paragraph 1 and

11  someone can tell me I'm wrong, but I believe we're right on

12  this, it says under the terms and conditions set forth in

13  the application, the engagement letter attached to the

14  application as Exhibit B, it's Exhibit A.  Minor change.  I

15  can --

16                   MR. LEE:  Thank you.

17                   THE COURT:  I can -- I can make that change.

18                   MR. LEE:  Thank you, Your Honor, I appreciate

19  that.

20                   THE COURT:  Okay?  And with that, those two

21  tweaks, I will sign the order.  I did -- do appreciate the

22  work and I appreciate the revision. I think it makes a lot

23  of sense and I appreciate the work of the United States

24  Trustee in that effort as well as Debtor's counsel for

25  hearing me out.  So, that takes us to Mr. Reynal and the

1    Reynal Law Firm, I should say.

2            MR. LEE:  Thank you, Your Honor.  With respect to

3    ECF -- Mr. -- the Reynal Law firm application, which is ECF

4    94.  At the time we filed that application, Your Honor, it

5    contemplated the retention of the Reynal firm.  Just as a

6    way of background, that is the firm that represented the

7    Debtor, FSS in connection with the Travis County lawsuit

8    that just went to trial, and we need Mr. -- the Reynal Firm

9    to do really two things that we can define as "Matters" in

10   the application.  And that has to do with the work related

11   to the Texas litigation, the Sandy Hook Texas litigation, as

12   well as assisting Mr. Pattis in Connecticut and as you will

13   note in the lift stay of order, there are certain provisions

14   regarding Mr. Reynal, specifically relating to Paragraph 9

15   where he would be assisting Mr. Pattis but in a non-

16   appearing counsel role and other means that we have made,

17   and that's the basis for the emergency here.  As a result of

18   negotiations over the weekend with the US Trustee, we have

19   also reached an agreement whereby the firm, the Reynal Firm,

20   and the Debtor and the US Trustee have agreed that Alex

21   Jones, again, will pick up 50 percent of the fees to be

22   earned by the Reynal Firm.  So the way we drafted it for the

23   order is that the State will be responsible for 50 percent

24   of the now fees and expenses of the Renal firm at their

25   hourly rates.  We are going back again to July 29th '22.  In

1    this case the petition date, and the order that I've

2    uplifted this morning reflects that agreement that we've

3    reached with the United States Trustee and the corrections

4    that we've made, and again, you'll notice the same

5    corrections have to be made as to nun pro tunc and as well

6    as I believe the footnote one.

7             THE COURT:  Um-hum.  Okay.  And does anyone else

8    wish to be heard in connection with the Reynal Firm

9    retention.

10            MR. NGUYEN:  Yeah Ha Nguyen, for the US Trustee.

11   We did come to an agreement on the Reynal application.  It's

12   50/50 and this is not a 320A application, so there's going

13   to be a fee application, so once Mr. Reynal file his

14   application we're going to be doing our work and taking a

15   look at the application under Section 230.  It is my

16   understanding it's whatever you allowed under the fee

17   application; Mr. Jones would be responsible for 50 percent

18   of the allowed fees.

19            THE COURT:  Okay.

20            MR. LEE:  That's correct.

21            THE COURT:  Okay. Thank you.

22            MR. NGUYEN:  Thank you, Your Honor.

23            THE COURT:  Anyone else wish to be heard and if

24   you do want to be heard, you're going to need to hit five

25   star, so we can recognize you.  Okay.  Before the Court is

1    an application to employ the Reynal Law firm, again, I'm

2    going to grant emergency consideration of the application

3    based on the statements and the revised fee structure that

4    is set forth for the Reynal Law Firm, I believe, certainly

5    satisfies the standard under Section 327E.  Mr. Reynal will

6    be filing fee applications found under Sections 330, so and

7    based on the agreement that Mr. Jones will -- the agreement

8    for Mr. Jones to cover a portion of the fees, that fee

9    structure, I believe it's appropriate under the

10   circumstances, I'm going to approve the Reynal Law Firm

11   retention. I  will make the same changes  including the

12   Exhibit A, changing those minor, they're non-substantive and

13   they will not affect the relief requested there, so I'm

14   going to sign these three orders and I sign that today.  It

15   is my understanding, Mr. Lee, that once I sign these three

16   order, effectively the agreement within the order lifting

17   the stay goes into effect and the Connecticut State Court

18   can take comfort that the trial -- that the automatic stay

19   is lifted to allow that trial to proceed.

20          MR. LEE:  That is correct, Your Honor.

21          THE COURT:  Okay.

22          MR. LEE:  And the only issue that I have with

23   respect to the A and B is I just want to take one second to

24   see if I did it correctly, and the reason why is --

25          THE COURT:  If you're looking for the --

```
 1              MR. LEE:  It's Exhibit A.  That's correct, Your

 2   Honor.  I -- because there was an engagement agreement that

 3   was appended to the Reynal --

 4              THE COURT:  Yep,

 5              MR. LEE:  -- Law Firm, and I just wanted to make

 6   sure it wasn't referencing that, but it was the engagement

 7   agreement that we had with the Reynal Firm post-petition.

 8              THE COURT:  Okay.  No.

 9              MR. LEE:  That is correct, Your Honor.

10              THE COURT:  I very much appreciate it.  So, that's

11   my understanding and that once I sign these orders, and I'll

12   get them signed on the docket within the hour that we're

13   done, they'll hit the docket.  My understanding is the stay

14   is now -- will then be lifted for all purposes in terms of

15   having the trial in Connecticut, FSS will be a full

16   participant in that trial.

17              MR. LEE:  And they're waiting for you to do that

18   so they can start the race.

19              THE COURT:  Okay.  All righty.  Well, that -- that

20   takes us there.  (Indiscernible) can you unmute the line, I

21   suspect folks are going to want to have a thought, and

22   again, everyone please put your phone on mute.  There was

23   another motion filed and should we pick a date for that?

24              MR. LEE:  To argue that motion -- as to that

25   motion?
```

```
 1              THE COURT:  Well no, here's what I'm going to do.
 2    I don't want to take the motion -- well, let me back up for
 3    a second.  There was an expedited motion filed by the
 4    Plaintiffs to appoint a committee and to remove the Debtor
 5    as the Debtor in possession.  It requested expedited
 6    consideration because the cash collateral -- there's a
 7    hearing currently set for cash collateral on September 13th
 8    and they wanted to have it heard at the same time.  I
 9    believe full notice is required for such a important motion.
10    So I'm going to deny emergency consideration of this, but
11    I'm going to give the Debtors two options.  I can hear this
12    on September 20th, which is a week after, and if the parties
13    want to, you can agree to hold cash collateral, I'm sure the
14    parties can agree on a one week extension of the cash
15    collateral so that it doesn't blow the budget.  I think you
16    all can agree to a week and maybe put Mr. Schwartz up once,
17    or you can come back and hold it, Mr. Schwartz will get up
18    the second time if that's what he has to do.  I'm going to
19    leave it up to the Debtors as to what you want to do.  If
20    you all can get agreement on the cash collateral extension
21    for one week, I'm happy to hear them both at the same time
22    and I'll sign that order.  If you want a -- something more -
23    - you want to hold a hearing on the 13th on cash collateral
24    and then the substantive motion on the 20th, I'll do that.
25    But that'll give you full notice -- a full notice period.
```


1    You all just let me know what you want to do.  All righty?

2         MR. LEE:  Are those the only two options we have,

3    Your Honor?

4         THE COURT:  Unless you -- no, I'm open for others,

5    I'm just -- I just know there's got to be full notice on

6    that.  But I can hold that hearing on the 20th unless

7    somebody tells me otherwise and we can start at 1 p.m.,

8    unless you all want to agree on another date, I'm just

9    saying that's the earliest that I could hear it, to make

10   sure that the -- that the Debtor gets full notice.  So you

11   all can just give it some thought, but you all can come up

12   with, you know, everybody knows you reach out to my case

13   manager, she can get you a date.  But I don't want to wait a

14   long time on this, so I don't want this getting pushed into,

15   you know, late October or early or mid-October.  I want it

16   dealt with right away because there's some serious

17   allegations in there and we have to find out what's going

18   on.  Okay?

19        MR. LEE:  We'll confer internally and also discuss

20   it with both the Connecticut and Texas Plaintiffs.

21        THE COURT:  Okay.  Okay.  Let me just hear from

22   the Connecticut and Texas plaintiffs, are you all okay with

23   that?  I just want to -- I -- it won't be the 13th, but you

24   can get the 20th, if that's what you want.  The soonest,

25   which is just a week after.  It's a really important motion

1    and I -- there's a lot of moving pieces today with the

2    lifting of the stay and I want to make sure that the Debtor

3    gets every opportunity, because the request is, is serious,

4    and I'm going to take it seriously.

5            MR. MOSHENBERG:  I appreciate, Your Honor, and we

6    are very serious (indiscernible) in the relief that we

7    sought.  Given, we were very careful with the facts of law

8    before we requested that relief.

9            THE COURT:  Um-hum.

10           MR. MOSHENBERG:  So we agree with you about how

11   serious it is.  Are we open to the 20th?  I want to check

12   without counsel, I think that --

13           THE COURT:  I was just giving you a date.  Don't

14   hold me to the 20th.  I'm not going to lock it in, I want

15   you all to talk, but that would be the soonest.

16           MR. MOSHENBERG:  Right and I think -- I think the

17   issue is are we okay with doing an interim cash collateral

18   order to get us to have the hearing both at the same time?

19           THE COURT:  Yeah, I'm completely fine with that

20   and I think there's a way to do it and I don't want -- I

21   think we're done with the large PQPR payments in terms of

22   what I would call the repayment.

23           MR. MOSHENBERG:  Right.

24           THE COURT:  And there -- there's a way to extend

25   the budget where it makes sense and you just kick it out for

1    a week, on the appropriate week and Mr. Schwartz would know

2    what week it coincides so it doesn't, you know if there's a

3    payroll week, obviously the payroll would get paid, that

4    kind of stuff to kick it out a week, make sure, you know on

5    the same terms and conditions as on the interim, you know,

6    something that makes sense.  I think we can do that.

7         MR. MOSHENBERG:  Yeah, I think that makes total

8    sense for the Texas Plaintiffs vantage point.  The one thing

9    I want to caution against is I think we should have the cash

10   collateral final hearing at the same time as the motion on

11   the --

12        THE COURT:  Well, I'm going to let Mr. Schwartz

13   figure out if he wants to get up once or twice.  I'm going

14   to let them talk about it --

15        MR. MOSHENBERG:  Okay.

16        THE COURT:  -- because I suspect he will have to

17   get up both times, though if it's -- I agree, from a

18   practical standpoint, it makes sense, but it's --

19        MR. MOSHENBERG:  And there's --

20        THE COURT:  -- the Debtors motion on cash

21   collateral, it's your motion on for the relief that you're

22   requesting.  Technically not two sides are asking for it, so

23   everybody kind of gets their own day.

24        MR. MOSHENBERG:  Okay.

25        THE COURT:  All right?

1            MR. WILLIAMS:  Your Honor, Randy Williams for the

2    Connecticut Plaintiffs --

3            THE COURT:  Yes, sir.

4            MR. WILLIAMS:  Hear you loud and clear.  We had

5    already been considering if we could get them together to

6    have an extension.  I mean, after they confer, I'm sure

7    we'll be in touch and we can --

8            THE COURT:  Yeah.

9            MR. WILLIAMS:  -- we'll try and get it worked out.

10           THE COURT:  And I will tell you if it's just

11   pushing it out a week or two on the same terms and

12   conditions as it was there, obviously not the -- I think

13   we're -- you know which payments I'm talking about, Mr.

14   Schwartz, the 250 and the -- none of that.  But we can --

15   you can push it out in a way and I'll sign the order.  If

16   there's agreement among the parties so that it makes sense.

17   I'll leave that up to the parties.  But I'm willing to sign

18   that order and I don't think we need a hearing for it, if

19   that's what the parties can agree on.  Okay?

20           MR. LEE:  Your Honor, I would just raise issue

21   it's unlikely to happen in this case, but what happens if

22   the parties have a --

23           THE COURT:  Mute the lines. Sorry folks. Go ahead.

24           MR. LEE:   What would you like for us to do in the

25   event there's a impasse between the parties?  Do you want us

1    to come to the Court or --

2              THE COURT:  If there is an impasse between the

3    parties on the proposed date?

4              MR. LEE:  Yes, Your Honor.

5              THE COURT:  Then you're leaving it up to me.  I'm

6    just telling everyone now.

7              MR. LEE:  Okay.

8              THE COURT:  Ms. Saldano pick a date and then we'll

9    go forward on --

10             MR. LEE:  Thank you, Your Honor.

11             THE COURT:  Honestly, if there's an impasse, on an

12   extended date then cash collateral's already set for the

13   13th.  The question is --

14             MR. LEE:  Right.  Right.

15             THE COURT:  -- that going to get pushed to another

16   date?  And if there's another date that the parties can't

17   agree upon, yeah --

18             MR. LEE:  Is that the cash collateral that we're

19   concerned about, it's the date for the hearing on the Tort

20   Committee motion.

21             THE COURT:  Yeah.

22             MR. LEE:  We cannot agree on that date.

23             THE COURT:  You know look, I will -- I will tell

24   everyone that I'm just looking at my calendar now.  All

25   right, in my mind it will be the 20th or the 27th.  I mean,

1    it'll be in September.  Late September at that point and you

2    all can figure that out.  Okay?  But I want to make sure

3    that a minimum, you have due notice -- due process and

4    notice and an opportunity to get your story out, and I don't

5    want that done on an expedited basis.

6              MR. LEE:  Thank you, Your Honor.

7              THE COURT:  Okay?  So you all can agree to that if

8    you can.  If not, then we'd all -- it's -- it's not a

9    problem for the Court.  The Court will be here on the 13th.

10   The Court will be here on the 20th or the 27th.  I'll let

11   you all work it out and I know Mr. Schwartz, you're going to

12   have to confer, figure out what witnesses you're going to

13   want to appear, and I think you should have an opportunity

14   to think about that, but not today.

15             MR. SCHWARTZ:  Thank you, Your Honor, appreciate

16   that.

17             THE COURT:  Okay?  So, yeah, if we do it, we're

18   going to -- it will be the 20th or the 27th, in the

19   afternoon, both days and we will start and then we'll finish

20   when we're finished.

21             MR. NGUYEN:  Your Honor, we're going to be back on

22   the 20th anyway because we have the September five status

23   hearing and that was set for September 20th for

24   (indiscernible) FSS.

25             THE COURT:  Got it.  Got it.  Okay.  We'll I'll

1    let you all -- you needed to hear that from me, and so I

2    think it's unfair for me to set a date today without having

3    everyone  have a opportunity to huddle up and have that

4    conversation.

5            I would ask, and again, I won't know. I really

6    won't, if there is, just like someone did with the Texas or

7    whenever that trial is over, if there's some order of, you

8    know, kind of judgement or something in the jury, I just

9    want to know that it's over.  Just so I know that that stage

10   has concluded.  If someone could file something on the

11   docket, that would just be very helpful to me.  I don't need

12   a blow by blow; I need it ended.  That kind of -- that kind

13   of stuff, okay?  Anything else we need to talk about today?

14           MR. LEE:  No, Your Honor, on the Debtor's part,

15           THE COURT:  Mr. Lee, the other thing we have and

16   we don't need to pick a date right now, but I do think we

17   need, at some point, within one of these dates, we have the

18   Schwartz and -- and the Debtor's professionals applications

19   to take up and we got to just take that up and we can pick a

20   date on that as well, but we don't need to do it right now.

21   I just want to keep it on the radar, but while everybody's

22   talking date, maybe we can all agree and see what makes the

23   most sense.

24           MR. LEE:  Music to my ears, Your Honor.

25           THE COURT:  Okay?  All righty.  And I want to make

1   sure whatever date that the parties pick, it's still

2   important to me the US Trustee be here, Subchapter V Trustee

3   be here for those dates, so whatever date, if you all can

4   just loop them in, I want to make sure that they have an

5   opportunity to be here and to participate in whatever manner

6   they so choose.  And I would note in one of the

7   applications, this is probably more information, there's a

8   reservation of rights if someone has to come back to the

9   Court if someone has to come back to ask for an extension.

10  Everybody's rights are reserved obviously if somebody needs

11  to come back after October, US Trustee's right, Subchapter V

12  Trustees, everybody's rights are reserved for things that

13  are not in there but sounds like today was -- all right.

14        Sounds like there's going to be a trial in

15  Connecticut and I appreciate everybody's hard work, and I

16  will see everyone at maybe the 13th, maybe the 20th, maybe

17  the 27th.  You all let me know.  Thank you.

18        MR. LEE:  Thank you, Your Honor.

19        OFFICER:  All rise.

20     (Proceedings adjourned at 1:35 p.m.)

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                      CERTIFICATION

 2

 3    I certify that the foregoing is a correct transcript from

 4    the electronic sound recording of the proceedings in the

 5    above-entitled matter.

 6

 7

 8

 9

10    Sonya Ledanski Hyde

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  August 31, 2022
```