# Exhibit 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Free Speech Systems LLC, | § § | Chapter 11 |
| Debtor. | § § § | Case No. 22-60043 (CML) |

**PQPR HOLDINGS LIMITED, LLC'S OBJECTIONS AND ANSWERS TO TEXAS PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION**

TO:   Counsel for the Texas Plaintiffs, Avi Moshenberg, McDowell Hetherington, LLP, 1001 Fannin Street, Suite 2700, Houston, Texas 77002; Bankruptcy Counsel for the Texas Plaintiffs, Jarrod B. Martin, Chamberlain, Hrdlicka, White, Williams & Aughtry, PC, 1200 Smith Street, Suite 1400, Houston, Texas 77002.

PQPR Holdings Limited, LLC ("PQPR") serves its Objections and Responses to Neil Heslin, Scartlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine (collectively, the "Texas Plaintiffs") First Set of Interrogatories and First Requests for Production of Documents (the "Discovery Requests") in the above-entitled and numbered cause pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable hereto by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure. PQPR expressly reserves the right to amend or supplement these responses in accordance with Rule 26 of the Federal Rules of Civil Procedure.

**RESERVATION OF RIGHTS**

These responses are made solely for the purposes of this action. Each response is subject to all objections as to confidence, attorney-client communication and/or work-product privilege, relevance, materiality, admissibility, and any and all other objections and grounds that would require the exclusion of any statement, admission, or document, if any requests were made, or any statement contained herein were made by a witness present and testifying in court or at a hearing, or any documents produced herein were proffered as evidence in a court or at a hearing, all of

which objections and grounds are expressly reserved and may be interposed at the time of trial or hearing.

The following responses and objections are based upon information presently available and, except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that PQPR has responded or objected to any of the requests or part thereof should not be taken as an admission that PQPR accepts or admits the existence of any facts set forth or assumed by such request and/or that such response constitutes admissible evidence. The fact that PQPR has responded to all or part of a request is not intended and shall not be construed to be a waiver by PQPR of all or any part of any objection(s) to any request.

Any statement hereinafter that inspection will be permitted does not signify that responsive documents actually exist but means only that if responsive documents are located after a reasonable search, subject to PQPR's objections, they will be produced for inspection at a mutually agreeable time and location.

PQPR reserves the right to amend or supplement the following responses in accordance with the Federal Rules of Civil Procedure, as this matter proceeds and new or additional information is obtained.

## GENERAL OBJECTIONS

PQPR incorporates by reference, as if fully set forth herein, its August 17, 2022, Preliminary Objection to the Texas Plaintiffs' First Set of Interrogatories and First Requests for Productions of Documents. Specifically, the Discovery Requests are improper under Federal Rules 29, 33, and 34.

PQPR objects to the instructions and definitions listed in the Discovery Requests to the extent such instructions or definitions impose obligations on PQPR that are not required by, or that exceed the scope within, the Federal Rules of Civil Procedure. Further, PQPR objects to any attempt by the Texas Plaintiffs to seek to describe any persons or entities other than PQPR itself,

2

and PQPR does not have sufficient information to enable it to answer or respond on the basis of information known to other persons or entities.

PQPR further objects that much of the propounded discovery is irrelevant at this time, and thus premature. PQPR volunteered to produce documents to the Texas Plaintiffs prior to any Discovery Requests being served. PQPR has already produced documents relating to the cash collateral issue. PQPR is willing to produce documents to the sub V trustee as part of her examination, but it is not proper at this time for the Texas Plaintiffs to make inquiry into other matters that either relate to the ongoing state court litigation or to the motions filed by the Texas Plaintiffs after the Discovery Requests were served.

All of PQPR's responses are subject to these general objections, which are incorporated into each specific response below as if fully set forth therein. PQPR will supplement these answers, responses and objections to the extent required by the Federal Rules of Civil Procedure. Without waiving the foregoing, PQPR further responds as follows:

## OBJECTIONS AND ANSWERS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Produce all agreements, contracts, and/or promissory notes between FSS and PQPR.

> **OBJECTION:** PQPR objects to this request because documents and information that is not relevant to the Texas Plaintiffs' claims. The request is irrelevant and unreasonably broad because it seeks documents regardless of when they were created and that are irrelevant to Plaintiff's claims.
>
> **ANSWER:** PQPR has produced the promissory notes at issue in this matter the work papers used to determine the debt underlying the notes.

**REQUEST NO. 2:** Produce all documents and communications evidencing any agreements, contracts, and/or promissory notes between FSS and PQPR.

> **OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. The request is unreasonably broad because it seeks documents regardless of when they were created and that are irrelevant to Plaintiff's claims. PQPR further objects because the request is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit.

**ANSWER:** PQPR has produced the promissory notes at issue in this matter the work papers used to determine the debt underlying the notes.

**REQUEST NO 3:** Produce all communications (internal and with FSS) relating to the negotiation of terms and execution of any agreements, contracts, and/or promissory notes between FSS And PQPR—including but not limited to exchange of drafts of any agreements, contracts, and/or promissory notes and all documentation evidencing their transmittals in real time.

**OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. The request is unreasonably broad because it seeks documents regardless of when they were created and that are irrelevant to Plaintiff's claims. PQPR further objects because the request is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit.

**ANSWER:** PQPR has produced the promissory notes at issue in this matter the work papers used to determine the debt underlying the notes.

**REQUEST NO. 4:** Produce all communications (internal and with FSS) evidencing the alleged debts memorialized by the promissory notes between FSS and PQPR dated August 2020 and November 2021.

**OBJECTION:** PQPR objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues.

**ANSWER:** PQPR has produced the promissory notes at issue in this matter the work papers used to determine the debt underlying the notes.

**REQUEST NO. 5:** Produce all communications (internal and with FSS) relating to security agreement between FSS and PQPR dated August 2020.

**OBJECTION:** PQPR objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues.

**ANSWER:** PQPR has produced the promissory notes at issue in this matter the work papers used to determine the debt underlying the notes.

**REQUEST NO. 6:** Produce all documents and communications evidencing any efforts by FSS or PQPR to enforce the terms of any agreements, contracts, and/or promissory notes between FSS and PQPR.

**OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. The request is unreasonably broad because it seeks documents regardless of when they were created and that are irrelevant to Plaintiff's claims. PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request

outweighs its likely benefit and the information requested is of low importance to resolving the issues.

**ANSWER:** PQPR has produced the promissory notes at issue in this matter the work papers used to determine the debt underlying the notes.

**REQUEST NO. 7:** Produce all communications (internal and with FSS) relating to the negotiation of terms of any forbearance agreement with FSS—including but not limited to exchange of drafts and all documentation evidencing transmittals in real time.

**OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. The request is unreasonably broad because it seeks documents regardless of when they were created and that are irrelevant to Plaintiff's claims. PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues.

**ANSWER:** PQPR has produced the promissory notes at issue in this matter the work papers used to determine the debt underlying the notes.

**REQUEST NO. 8:** Produce unredacted copies of all financial statements (balance sheets, income statements, statements of equity or retained earnings, cash flow), profit and loss reports, reports of expenditures, bank statements, ledgers, Quickbooks (or other accounting software) entries, and the like, from September 1, 2013, to present.

**OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. The request is unreasonably broad and ambiguous because it does not specify that the documents sought are those of PQPR and because it seeks documents for a time period that far precedes the promissory notes at issue. PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues. Furthermore, potentially responsive documents are confidential and proprietary.

**ANSWER:** PQPR has produced the promissory notes at issue in this matter the work papers used to determine the debt underlying the notes.

**REQUEST NO. 9:** Produce all documents and communications evidencing PQPR's payment of products it bought on behalf of or sold to FSS.

**OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. This request is overly broad because it seeks all documents regardless of when they were created. PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues. Furthermore, potentially responsive documents are confidential and proprietary.

5

>**ANSWER:**  PQPR has produced the promissory notes at issue in this matter the work papers used to determine the debt underlying the notes.

**REQUEST NO. 10:**  Produce all documents and communications evidencing payments made by FSS to PQPR.

>**OBJECTION:**  PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue.  This request is overly broad because it seeks all documents regardless of when they were created.  PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues. Furthermore, potentially responsive documents are confidential and proprietary.

>**ANSWER:**   PQPR has produced the promissory notes at issue in this matter the work papers used to determine the debt underlying the notes.

**REQUEST NO. 11:**  Produce all documents and communications evidencing PQPR's requests to FSS to pay for goods and services bought by PQPR on behalf of or sold to FSS.

>**OBJECTION:**  PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue.  This request is overly broad because it seeks all documents regardless of when they were created.  PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues.  Furthermore, potentially responsive documents are confidential and proprietary.

>**ANSWER:**   PQPR has produced the promissory notes at issue in this matter the work papers used to determine the debt underlying the notes.

**REQUEST NO. 12:**  Produce all documents and communications evidencing the services that were provided by FSS to PQPR, and evidencing PQPR's payment for such services.

>**OBJECTION:**  PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue.  This request is overly broad because it seeks all documents regardless of when they were created.  The request is ambiguous because it is not clear what "services" it refers to.  PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues.

>**ANSWER:**.   PQPR has produced the promissory notes at issue in this matter the work papers used to determine the debt underlying the notes.

**REQUEST NO. 13:**  Produce all organizational charts and/or employee lists for PQPR, from September 1, 2013, to present.

>**OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues. Furthermore, potentially responsive documents are confidential and proprietary.

**REQUEST NO. 14:** Produce all documents and communications related to the ownership of the warehouse in which PQPR operates, including any lease or purchase agreements.

>**OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues. Furthermore, potentially responsive documents are confidential and proprietary.

**REQUEST NO. 15:** Produce all documents and communication evidencing the ownership of PQPR, from its inception to the present.

>**OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues. Furthermore, potentially responsive documents are confidential and proprietary.

**REQUEST NO. 16:** Produce all records of payments made by PQPR to its owner(s), from September 1, 2013, to present.

>**OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues. Furthermore, potentially responsive documents are confidential and proprietary.

**REQUEST NO. 17:** Produce all records identified in response to the interrogatories listed below.

>**OBJECTION:** PQPR incorporates by reference the objections set forth in the Answers to Interrogatories below.

**REQUEST NO. 18:** Produce all wage and employment records of any employees of PQPR, and/or documents sufficient to identify the PQPR employee payroll, the wages paid each employee, the dates the employee performed services for PQPR, and what services were performed.

>**OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. PQPR further objects to this request because it is not proportional to the needs of the case because the

burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues. Furthermore, potentially responsive documents are confidential and proprietary.

**REQUEST NO. 19:** If any manager or member of the PQPR received compensation for services to PQPR, produce documents sufficient to identify the amounts paid to such manager or member, and what services were performed in exchange for such payments.

> **OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues. Furthermore, potentially responsive documents are confidential and proprietary.

**REQUEST NO. 20:** Produce all leases to which PQPR is a party, and all title to any real property PQPR holds.

> **OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues. Furthermore, potentially responsive documents are confidential and proprietary.

**REQUEST NO. 21:** Produce all tax returns filed by PQPR or on behalf of PQPR, from September 1, 2013 to the present.

> **OBJECTION:** PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue. PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues. Furthermore, potentially responsive documents are confidential and proprietary.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify, by year, all amounts paid by PQPR for products and services which PQPR bought on behalf of or sold to FSS, from January 1, 2013 to present.

>   **OBJECTION:**  PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue.  This request is overly broad because it seeks all documents regardless of when they were created.  PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues.  Furthermore, potentially responsive documents are confidential and proprietary.

>   **ANSWER:**    See the work papers used to determine the debt underlying the promissory notes, which have been produced.

**INTERROGATORY NO. 2:**  Identify, by year, all amounts paid by FSS to PQPR for products and services which PQPR bought on behalf, or sold to FSS from January 1, 2013 to present.

>   **OBJECTION:**  PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue.  This request is overly broad because it seeks all documents regardless of when they were created.  PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues.  Furthermore, potentially responsive documents are confidential and proprietary.

>   **ANSWER:**    See the work papers used to determine the debt underlying the promissory notes, which have been produced.

**INTERROGATORY NO. 3:**  Identify who participated in the negotiations of any agreements, contracts, and/or promissory notes between FSS and PQPR.

>   **OBJECTION:**  PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue.  The request is unreasonably broad because it seeks documents regardless of when they were created and that are irrelevant to Plaintiff's claims.  PQPR further objects because the request is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit.

>   **ANSWER:**    See the work papers used to determine the debt underlying the promissory notes, which have been produced.

**INTERROGATORY NO. 4:**  Identify who participated in any efforts by FSS or PQPR to enforce any agreements, contracts, and/or promissory notes between FSS and PQPR.

>   **OBJECTION:**  PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue.   The request is unreasonably broad because it seeks documents regardless of when they were created and

9

that are irrelevant to Plaintiff's claims.  PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues.

**ANSWER:**   See the work papers used to determine the debt underlying the promissory notes, which have been produced.

**INTERROGATORY NO. 5:**  Identify all employees of PQPR from January 1, 2013, to present.  For purposes of this request, "employees" means all persons paid, by PQPR, wages reportable on either IRS forms 1099 or W-2, and for which PQPR was not reimbursed by any other entity.

**OBJECTION:**   PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue.  PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues.  Furthermore, potentially responsive documents are confidential and proprietary.

**INTERROGATORY NO. 6:**  Identify all facilities, including warehouses, offices, and physical locations, used by, maintained by, or owned by PQPR.

**OBJECTION:**   PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue.  PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues.  Furthermore, potentially responsive documents are confidential and proprietary.

**INTERROGATORY NO. 7:**  Identify all payments made by PQPR to its owner(s), from January 1, 2013, to present.

**OBJECTION:**   PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue.  PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues.  Furthermore, potentially responsive documents are confidential and proprietary.

**INTERROGATORY NO. 8:**  Identify who provided accounting or bookkeeping services to FSS, in what time frame, and what services were provided.

**OBJECTION:**   PQPR objects to this request because it seeks documents that are not relevant to the Texas Plaintiffs' claims or the promissory notes at issue.  PQPR further objects to this request because it is not proportional to the needs of the case because the burden or expense of the request outweighs its likely benefit and the information requested is of low importance to resolving the issues.  Furthermore, potentially responsive documents are confidential and proprietary.

Respectfully submitted,

*/s/ Stephen W. Lemmon*
Stephen W. Lemmon
Texas Bar. No. 12194500
STREUSAND, LANDON, OZBURN & LEMMON, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
lemmon@slollp.com
**ATTORNEYS FOR
PQPR HOLDINGS LIMITED, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served on this 30th day of August, 2022 via electronic mail, first-class mail and/or certified mail return receipt requested, on the following:

**MCDOWELL HETHERINGTON LLP**
Avi Moshenberg
Texas Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Email: Avi.Moshenberg@mhllp.com
*Counsel for the Texas Plaintiffs*

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, PC**
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
Email: jarrod.martin@chamberlainlaw.com
*Bankruptcy Counsel for the Texas Plaintiffs*

                                                */s/ Stephen W. Lemmon*
                                                Stephen W. Lemmon