UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| **Free Speech Systems LLC,** | § | |
| | § | Case No. 22-60043 (CML) |
| Debtor. | § | |

**PQPR HOLDINGS LIMITED, LLC'S RESPONSE TO THE TEXAS PLAINTIFFS'
EMERGENCY MOTION TO COMPEL DISCOVERY**
[Related Docket No. 137]

PQPR Holdings Limited, LLC ("PQPR") respectfully submits this Response to the Texas Plaintiffs' Emergency Motion to Compel Discovery [Dkt. 137] (the "Emergency Motion"), as follows:

1. The Emergency Motion makes a series of complaints. PQPR will not be able to respond to each of them in the time before the hearing set on the Emergency Motion.

2. Movants served the First Set of Interrogatories and First Requests for Production of Documents to PQPR (the "Discovery Requests") on August 9, 2022, demanding a response in just eight days. The Discovery Requests were allegedly in the context of Debtor's Emergency Motion for Interim and Final Orders (I) Authorizing the Use of Cash Collateral Pursuant to Section 105, 361, and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b) and (II) Granting Adequate Protection to the Pre-Petition Secured Lender [Dkt. 6] (the "Cash Collateral Motion"). Despite the fact that the Discovery Requests improperly demanded a response in less than the 30 days provided by the rules, PQPR responded early and produced documents relevant to the Cash Collateral Motion. PQPR voluntarily scheduled the deposition of its representative concerning the circumstances of the debt and notes and voluntarily produced the work papers

relating to the forensic investigation of the debt. PQPR volunteered to produce that witness for deposition on September 8. Movants, instead, requested to take such deposition on October 4.

3. PQPR respectfully suggests that the Emergency Motion is not necessary nor a good use of the Court's time. Movants seem to agree that discovery should be limited to the question of whether PQPR's debt is valid. While PQPR has produced the documents from the forensic review of the debt, movants' discovery seeks clearly irrelevant documents, including what are effectively requests for all documents and communications between PQPR and the Debtor from the beginning of time. The objections were not boilerplate, but necessary to protect the objections to irrelevant or over broad requests.[1]

4. Finally, the Emergency Motion itself highlights the overall point that a continuation of the course of the state-court litigation in this Court would be wasteful and work against the best interests of the estate and its constituents. As PQPR has noted, the state-court litigation (to which PQPR is not a party) has been a continuing discovery nightmare. The Debtor and other defendants have been severely sanctioned, even though thousands of documents have been produced and a multitude of depositions taken at incredible expense. PQPR is not suggesting that the defendants' conduct in the state-court litigation was proper, or that the state courts did not properly rule – that is the province of those courts. But PQPR does not have access to those deposition transcripts or to the documents produced by the defendants and does not want to engage in "gotcha discovery."

5. The Subchapter V Trustee has engaged counsel and begun a review and investigation of the Debtor, including a comprehensive review of PQPR's debt. PQPR is fully cooperating with such investigation and review and has already met at length with the Subchapter V Trustee and counsel. PQPR has pointed out that such a review by an impartial party is the most

---

[1] The Court may recall that PQPR, before any request at all, at the initial cash collateral proceeding, volunteered to produce documents relating to the debt.

efficient way to obtain information. PQPR has suggested that litigation efforts by movants not be heard until after the Subchapter V Trustee has reported the results of its investigation. Nevertheless, PQPR will honor movants' request to have PQPR's representative on the debt be deposed October 4. PQPR suggests the instant emergency motion to compel is premature, at best. Therefore, PQPR requests that movant's Emergency Motion be denied

Dated:  September 12, 2022

Respectfully submitted,

By: /s/ Stephen W. Lemmon
    Stephen W. Lemmon
    Texas Bar. No. 12194500
    STREUSAND, LANDON, OZBURN & LEMMON, LLP
    1801 S. MoPac Expressway, Suite 320
    Austin, Texas 78746
    Telephone: (512) 236-9900
    Facsimile: (512) 236-9904
    lemmon@slollp.com

ATTORNEYS FOR
PQPR HOLDINGS LIMITED, LLC