## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 22–60043** |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | **Subchapter V** |
| | § | |

---

## SANDY HOOK FAMILIES' OBJECTION TO PQPR HOLDINGS LIMITED, LLC'S MOTION TO EXPEDITE CONSIDERATION OF AMENDED MOTION TO DIRECT SUBCHAPTER V TRUSTEE TO INVESTIGATE FINANCIAL OPERATIONS OF THE DEBTOR

---

**TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine ("**Texas Plaintiffs**") and David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, and Robert Parker ("**Connecticut Plaintiffs**") (together, "**Sandy Hook Families**"), creditors and parties-in-interest file this objection to *PQPR Holdings Limited, LLC's Motion to Expedite Consideration of Amended Motion to Direct Subchapter V Trustee to Investigate Financial Operations of the Debtor* ("**Motion to Expedite**")[1] filed by PQPR Holdings Limited, LLC ("**PQPR**") and respectfully show the Court the following:

---

[1] ECF No. 136.

1.      PQPR's Motion to Expedite is a self-serving attempt to derail the currently pending *Sandy Hook Families' Motion to (I) Appoint a Tort Claimants Committee and (II) Remove the Debtor in Possession*.[2]  PQPR provides no true rationale or justification for expedited relief and was only prompted to file the underlying *Amended Motion to Direct Subchapter V Trustee to Investigate Financial Operations of the Debtor* ("**Motion to Investigate**")[3] when Free Speech Systems, LLC ("**Debtor**" or "**FSS**")—which, like PQPR, is controlled by the Jones family—was at risk of being removed as Debtor in Possession. Thereafter, the instant Motion to Expedite came in response to numerous, and largely unanswered, meet-and-confer requests on discovery disputes between PQPR and the Sandy Hook Families.  Indeed, the relief requested in the Motion to Expedite is particularly dubious given that PQPR's claimed debt with FSS has accrued for five or more years without any action by PQPR—until now.

2.      In any event, emergency relief is only appropriate where a delay in the relief requested will cause material harm to the moving party or the bankruptcy estate. Bankruptcy Local Rule 9013-1(i) requires a "detailed statement why an emergency exists, and the date relief is needed to avoid the emergency."  Emergency relief is not appropriate here because PQPR has not come close to detailing the material harm necessary to establish an emergency.

3.      On the contrary, the real harm would be hearing PQPR's motion on an emergency basis—for three reasons:

---

[2]  ECF No. 102.
[3]  ECF No. 127.

4.      ***First***, allowing for a full notice period allows all parties in interest to consider the implications of the Motion to Investigate and file a well-thought out response if parties deem necessary.   While the Sandy Hook Families have every confidence in the independence of the Subchapter V Trustee, the Sandy Hook Families have serious concerns with the relief requested in the underlying Motion to Investigate and need an opportunity to raise those concerns to the Court and other stakeholders with diligence and thoroughness.

5.      ***Second***, PQPR's proposed method of investigation is to provide the Subchapter V Trustee with a PQPR consultant.   A true "comprehensive and impartial examination," as requested by PQPR,[4] would require independent analysis by the Subchapter V Trustee of the Debtor's organizational structure, financial obligations, contracts, and agreements, which includes transactions between PQPR and the Debtor. Thus, the PQPR consultant should not be the main scope of such investigation, let alone a reason to expedite the requested relief.   Moreover, if PQPR is asking for an investigation of the *Debtor*, how will the *PQPR* consultant be able to "more quickly help the Subchapter V Trustee understand the operations?"[5]   Rather, an investigation of the *Debtor* would primarily consist of thorough meetings with a *Debtor* representative.   There is simply no reason to seek expedited relief based on the unavailability of PQPR's consultant.

6.      ***Third***, even assuming PQPR's consultant was necessary to (or even welcome to participate in) any investigation by the Subchapter V Trustee, PQPR has not provided a

---

[4] *Id.* at ¶ 13.
[5] ECF No. 136 at ¶ 2.

"detailed statement" of material harm to the Debtor's estate if the PQPR consultant became involved in an investigation that was authorized by the Court *after* a regular briefing period.

7.      In conclusion, there is no date of relief that would avoid PQPR's concocted emergency.  The unavailability of PQPR's consultant is not an emergency, and PQPR's "desire[] that the investigation be commenced as soon as possible" does not an emergency create.[6]  For the foregoing reasons, the Sandy Hook Families request that the Court deny PQPR's Motion to Expedite and that the Motion to Investigate be heard on regular notice.

Dated: September 12, 2022

Respectfully submitted,

**McDowell Hetherington LLP**

By: *_/s/ Avi Moshenberg_____*
Avi Moshenberg
Texas Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, Texas 77002
D: 713-337-5580
F: 713-337-8850
E: Avi.Moshenberg@mhllp.com

*Counsel for the Texas Plaintiffs*

and

---

[6] ECF No. 136 at ¶ 2.

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, PC**

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
Tara T. LeDay
Texas Bar No. 24106701
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com
E: tara.leday@chamberlainlaw.com

*Bankruptcy Counsel for the Texas Plaintiffs*

By: */s/ Ryan Chapple*
Ryan E. Chapple
State Bar No. 24036354
Email: rchapple@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

and

Randy W. Williams
State Bar No. 21566850
Email: rww@bymanlaw.com
**BYMAN & ASSOCIATES PLLC**
7924 Broadway, Suite 104
Pearland, Texas 77581
281-884-9262

*Bankruptcy Counsel for Connecticut Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on September 12, 2022, a true and correct copy of this Objection was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Jarrod B. Martin*
Jarrod B. Martin
