UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| FREE SPEECH SYSTEMS, LLC, | § § | Case No. 22-60043 |
| DEBTOR. | § § § | Chapter 11 (Subchapter V) |

**APPLICATION OF DEBTOR FOR AN ORDER (A) AUHTHORIZING EMPLOYMENT OF MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P. UNDER 11 U.S.C. § 327(e), AS SPECIAL COUNSEL, EFFECTIVE AS OF AUGUST 30, 2022, AND (B) GRANTING RELATED RELIEF**

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Free Speech Systems, LLC (the "Debtor" or "FSS"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby moves for entry of an order, substantially in the form attached hereto (the "Proposed Order") pursuant to sections 105(a) and 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the retention of Martin, Disiere, Jefferson & Wisdom L.L.P. (the "MDJW Law Firm" or the "Firm") as special counsel to FSS (the "Application") pursuant to that certain engagement letter agreement by and between the Debtor and the MDJW Law Firm, a copy of which is attached hereto as Exhibit A

(the "Engagement Agreement"), as modified by the Proposed Order. In support of the Application, the Debtor submits the Declaration of Christopher W. Martin, attached hereto as Exhibit B (the "Martin Declaration") and respectfully represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2. The bases for the relief requested herein are sections 105, 327(e), 330, and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## BACKGROUND

### A. Case Background

3. On July 29, 2022 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code with the Court.

4. The Debtor continues to operate its businesses and manage its properties as a Debtor and a Debtor-in-Possession pursuant to Bankruptcy Code § 1182(2).

5. As of the filing of this Application, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for Region 7 (the "U.S. Trustee").

### B. Proposed Employment of the MDJW Law Firm

    *i.*    *Scope of Employment*

2

6. Subject to the Court's approval, the Debtor desires to employ and retain the MDJW Law Firm effective as of August 30, 2022 ("Effective Retention Date"), as its special counsel in connection with the appeal of the following cases:

> Fontaine v. Free Speech Systems, LLC, et al., D-1-GN-18-001605 (459th District Court, Travis County, Texas) [Chris, the engagement letter says Fontaine is 160, and I have it as 605. Can you check? I think you are missing a digit.
>
> Heslin, et al. v. Free Speech Systems, LLC, et al, D-1-GN18-001835 (459th District Court, Travis County, Texas)
>
> Pozner, et al. v. Free Speech Systems, LLC, et al. D-1-GN-18-001842 (459th District Court, Travis County, Texas)
>
> Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, Marcel Fontaine vs. Alex Jones, Free Speech Systems LLC, PQPR Holdings Limited LLC, PLJR Holdings, LLC, Carol Jones, Case No. D-1-Gn-22-001610 (collectively, the "Travis County Sandy Hook Lawsuits")

7. The Debtor also desires to retain the MDJW Law Firm to assist The Reynal Firm in any capacity needed on the Travis County Sandy Hook Lawsuits, including but not limited to discovery, law and motion briefing and pleadings, witness preparations to testify, strategy development and execution, pre-trial jury research, trial preparation and assisting in trial in any way needed ( serving as appellate counsel and on the matters in this paragraph, collectively, the "Professional Services").

    *ii.    Necessity of Employment*

8. The Debtor desires to retain the MDJW Law Firm to represent it as its primary appellate counsel and supportive litigation counsel on the Travis County Sandy Hook Lawsuits because (a) the Firm has extensive experience and knowledge with Texas appellate practice and procedure, with the partners at the MDJW Law Firm having handled appeals in Texas courts, the Firm's appellate section lead by Board Certified Appellate attorney and senior partner, Levon Hovnatanian; (b) due to the subject matter of the Travis Country Sandy Hook Lawsuits and the

parties involved, it would be virtually impossible to retain an appellate Firm of the MDJW Law Firm stature or a trial firm to serve as support trial counsel at this point and at these rates, without causing great prejudice to FSS and its creditors (even if it could be done, the cost to have another firm learn the extensive record and discovery in this case, would far exceed the budgeted cost for retaining the MDJW Law Firm on an hourly basis).

9. The Debtor believes that the Firm is well qualified to perform the requested Professional Services.

10. The Firm's proposed compensation shall continue at the Firm's normal hourly rates set out in the Engagement Letter. The hourly rate structure is beneficial to the FSS estate based on the projected type of work the MDJW Law Firm will be doing in the foreseeable future for the Debtor. If circumstances change, the Debtor will seek an amendment of the retention of the MDJW Law Firm.

11. No agreement exists, nor will any be made, to share any compensation received by the Firm for its services with any other person or firm, except as permitted by 11 U.S.C. § 504(b) and Bankruptcy Rule 2016.

12. No promises have been made to or received by the Firm as to payment or compensation in connection with the FSS bankruptcy case, other than in accordance with the provisions of the Bankruptcy Code and applicable Bankruptcy Rule.

13. To the best of the Debtor's knowledge, and, as set forth in the proposed attorney's declaration (the "Martin Declaration") attached to this Motion as Exhibit A, the Firm does not have an adverse interest with respect to the matters on which the Firm is to be employed as special litigation counsel as required by 11 U.S.C.§ 327(e).

14. The MDJW Law Firm intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the guidelines (the "Guidelines") established by the U.S. Trustee, and any orders of this Court in this Chapter 11 Case (the "Orders"), for all services performed and expenses incurred during its representation of the Debtor.

15. Alex E. Jones ("Jones") has agreed to bear and pay 40% of the allowed fees and expenses of MDJW Law Firm, and, therefore, the FSS estate shall only be liable for 60% of the allowed fees and expenses of the MDJW Law Firm.

16. The Debtor believes that the MDJW Law Firm's agreed terms of reimbursement, compensation, and hourly rates are reasonable. The MDJW Law Firm will notify the Debtor and the U.S. Trustee of any change in the hourly rates charged for services rendered while the Chapter 11 Case is pending.

## RELIEF AS OF AUGUST 30, 2022, IS APPROPRIATE

17. Pursuant to the Debtor's request, the Firm has agreed to serve as special counsel on and begun work, as deadlines arise from the jury verdicts in the Travis County Sandy Hook Lawsuits, with assurances that the Debtor would seek approval of its employment and retention effective as of August 30, 2022, so that the Firm may be compensated for services it has provided FSS prior to the filing of this Application. No party in interest should be prejudiced as the Firm is providing valuable services to the estate at this time.

**RELIEF REQUESTED**

18. The Debtor requests that the Court enter an order substantially in the form of the Proposed Order authorizing the Debtor to retain the MDJW Law Firm as special counsel, pursuant to the terms of the Engagement Agreement, as modified by the Proposed Order, effective as of August 30, 2022.

**BASIS FOR RELIEF**

19. Bankruptcy Code § 327(e) provides that subject to bankruptcy court approval, trustees—and debtor-in-possession—"may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and, if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

20. Bankruptcy Rule 2014 requires certain disclosures prior to the entry of an order approving the employment of a professional. According to Bankruptcy Rule 2014, the application must:

(a) Be filed by the trustee or committee and served on the United States Trustee (except in case under chapter 9 of the Bankruptcy Code).

(b) State the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; and

(c) Be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

### A. The MDJW Law Firm Meets the Requirements of Bankruptcy Code § 327(e)

21. Based on the Martin Declaration, the Debtor submits that the MDJW Law Firm neither holds nor represents a disqualifying adverse interest. 11 U.S.C. § 327(e).

22. The Martin Declaration also discloses no connections with the Debtor that would disqualify the MDJW Law Firm. The Debtor is not aware of any connections in addition to those disclosed in the Martin Declaration.

### B. This Application and the Martin Declaration Meet the Requirements of Bankruptcy Rule 2014

23. This Application and the Martin Declaration meet the requirements as set out in Bankruptcy Rule 2014. This Application is made by the Debtor and sets out the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, the proposed arrangement for compensation. The Martin Declaration is a verified statement pursuant to 28 U.S.C § 1746 that sets out all connections that the MDJW Law Firm has with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. The Debtor is not aware of any other connections in addition to those disclosed in the Martin Declaration.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form of the Proposed Order approving the employment of the MDJW Law Firm commencing on August 30, 2022 and grant any other relief that is just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 14, 2022

Respectfully submitted,

*/s/ W. Marc Schwartz*
W. Marc Schwartz
Chief Restructuring Officer and Authorized Representative of Free Speech Systems, LLC, Debtor and Debtor-in-Possession

**CERTIFICATE OF SERVICE**

[Service List Updated as of 9.14.22]

      I hereby certify that a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service on the date of filing, (b) by U.S.P.S. first class mail on all parties indicated in the attached service list within 24 hours of the filing, and (c) the following parties by email within 24 hours of the date of filing:

Attn: Mark Bankson
William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Alinor C. Sterling
Christopher Mattei,
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Avi Moshenberg
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Attn: Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
rchapple@cstrial.com

Attn: Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581
rww@bymanlaw.com

| | |
|---|---|
| Attn: Jarrod B. Martin<br>Chamberlain Hrdlicka<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002<br>jarrod.martin@chamberlinlaw.com | Melissa Haselden<br>Subchapter V Trustee<br>700 Milam, Suite 1300<br>Houston, TX 77002<br>mhaselden@haseldenfarro.com |
| Attn: Christopher J. Dylla<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, TX 78711-2548<br>christopher.dylla@oag.texas.gov | Attn: Ha M. Nguyen<br>Jayson B. Ruff<br>Office of U.S. Trustee<br>515 Rusk, Suite 3516<br>Houston, TX 77002<br>ha.nguyen@usdoj.gov<br>jayson.b.ruff@usdoj.gov |

/s/Kyung S. Lee

**USPS Service List**
**Twenty Largest Unsecured Creditors**

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06870

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive STE 301
Coral Springs, FL 33065

Atomial LLC
1920 E. Riverside Dr.
Suite A-120 #124
Austin, TX 78741

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Jacquelyn Blott
200 University Blvd
Suite 225 #251
Round Rock, TX 78665

Joel Skousen
PO Box 565
Spring City, UT 84662

Commerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405

Paul Watson
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire S10 3FA
United Kingdom

Brennan Gilmore
c/o Civil rights Clinic
600 New Jersey Avenue, NW
Washington, DC 20001

Greenair, Inc
23569 Center Ridge Rd
Westlake, OH 44145

Edgecast, Inc
Dept CH 18120
Palatine, IL 60055

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

WWCR
1300 WWCR Ave
Nashville, TN 37218-3800

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404

CustomTattoNow.com
16107 Kensington Dr. #172
Sugar Land, TX 77479

AT&T
PO Box 5001
Carol Stream, IL 60197-5001

Justin Lair
1313 Lookout Ave
Klamath Falls, OR 97601

### Parties Claiming Interest or Lien Affected

PQPR Holdings Limited, LLC
c/o Stephen Lemmon
1801 S. Mopac Expressway
Suite 320
Austin, TX 78746

### Parties Filing Notice of Appearance

Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701

Stephen A. Roberts
Stephen A. Roberts PC
1400 Marshall Ln
Austin, Texas 78703

Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401

Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002

Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711-2548

Jason A. Starks
Delia Garza
Travis County Attorney
P.O. Box 1748Austin, Texas 78767

## Subchapter V Trustee

Melissa Haselden
Subchapter V Trustee
700 Milam, Suite 1300
Houston, TX 77002

## U.S. Trustee

Attn: Ha M. Nguyen
Jayson B. Ruff
Office of the U.S. Trustee
515 Rusk Ave STE 3516
Houston, TX 77002

## Additional Notice Parties

Attn: Mark Bankson
William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008

Attn: Alinor C. Sterling
Christopher Mattei
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 0660

Attn: Trent Thomas
BCC UBC LLC
1608 W. 5th Street, Suite 240
Austin, Texas 78703