## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22--60043 |
| | § | |
| DEBTOR. | § | |
| | § | Chapter 11 (Subchapter V) |

## APPLICATION OF DEBTOR FOR AN ORDER (A) AUHTORIZING EMPLOYMENT OF SHANNON & LEE LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTOR, AND (B) GRANTING RELATED RELIEF

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Free Speech Systems, LLC (the "Debtor" or "FSS"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby moves for entry of an order, substantially in the form attached hereto (the "Proposed Order") pursuant to sections 105(a) and 327 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the retention of Shannon & Lee LLP ("S&L" or the "Firm") as bankruptcy co-counsel for FSS (the "Application") pursuant to that certain engagement letter agreement by and between the Debtor and S&L, a copy of which is attached hereto as Exhibit A (the "Engagement Agreement"), as modified by the Proposed

Order. In support of the Application, the Debtor submits the Declaration of Kyung S. Lee attached hereto as Exhibit B (the "Lee Declaration") and respectfully represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2. The bases for the relief requested herein are sections 105, 327, and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## BACKGROUND

### A. Case Background

3. On July 29, 2022 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (the "Chapter 11 Case") with the Court.

4. The Debtor continues to operate its businesses and manage its properties as a Debtor and a Debtor-in-Possession pursuant to Bankruptcy Code § 1182(2).

5. As of the filing of this Application, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for Region 7 (the "U.S. Trustee").

### B. Proposed Employment of S&L

*i. Scope of Employment*

6. Subject to the Court's approval, S&L will serve as bankruptcy co-counsel in connection with the Debtor's Chapter 11 Case, commencing on July 29, 2022.

2

      *ii.*      *Necessity of Employment*

7. The Debtor believes that the assistance of counsel specializing in bankruptcy was and is necessary and appropriate to administer this Chapter 11 Case with the goal of ultimately confirming a plan of reorganization. The Debtor cannot proceed in chapter 11 without counsel and would face extreme difficulty complying with the provisions of the Bankruptcy Code and successfully reorganizing its financial affairs for the benefit of its creditors without attorneys who focus their practice on corporate bankruptcy.

      *iii.*      *Reasons for Selection*

8. The Debtor seeks to retain S&L because of the extensive experience of its attorneys. Mr. Shannon and Mr. Lee have extensive experience in all aspects of corporate bankruptcy and in representing chapter 11 debtors in this district. Further, due to their involvement in the bankruptcy cases of the InfoWDebtors (defined below), S&L attorneys have familiarity with the Debtor's corporate structure, the litigation brought against the Debtor related to statements after the Sandy Hook mass shooting (the "<u>Sandy Hook Litigation</u>"), and many of the relevant creditors and parties in interest. Familiarity with the Sandy Hook Litigation has been particularly important in the early stages of the Chapter 11 Case.

9. S&L is familiar with the Debtor's financial condition in connection with the preparation of the Debtor's petition, schedules, and statement prior to the Petition Date. Substantial effort was also expended by the CRO to bringing the books and records of FSS up to speed prior to the Petition Date. The CRO also spent significant time to understanding the commercial and vendor relationship forming the core basis of FSS's business. S&L was intimately involved in that entire learning process.

10. Any other firm would need to expend significant time and effort to become familiar with the Debtor's business and business model that would delay making progress in administering the Chapter 11 Case.

11. The Debtor therefore believes that S&L is well-qualified and uniquely able to represent the Debtor in the Chapter 11 Case in an efficient and timely manner as bankruptcy co-counsel for FSS.

   *iv. Proposed Compensation & Reimbursement*

12. S&L intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the guidelines (the "Guidelines") established by the U.S. Trustee, and any orders of this Court in this Chapter 11 Case (the "Orders"), for all services performed and expenses incurred during its representation of the Debtor.

13. Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, the Debtor proposes to pay S&L as set out in the Engagement Agreement attached hereto as Exhibit B and as summarized in the following chart:

| BILLER | RATE |
|---|---|
| Kyung S. Lee | $850 |
| RJ Shannon | $650 |
| Associate Attorneys | $300 - $650 |
| Paralegals | $150 - $250 |
| Legal Assistants | $50-$100 |

14. The Debtor believes that S&L's agreed terms of reimbursement, compensation, and hourly rates are reasonable. S&L will notify the Debtor and the U.S. Trustee of any change in the hourly rates charged for services rendered while the Chapter 11 Case is pending.

      *v.*      *Retainer*

15. Effective as of June 1, 2022, Kyung Lee and R. J. Shannon formed the law firm of Shannon & Lee LLP to practice corporate bankruptcy law. Mr. Shannon and Lee are the only two attorneys of S&L. On June 6, 2022, FSS executed the Engagement Letter and retaining S&L.[1] FSS paid S&L a retainer of $100,000 on or about June 7, 2022, that was held in trust in S&L's IOLTA account.

16. On July 28, 2022, (a) FSS paid S&L $84,034.12 for work performed by S&L during the month of June 2022 and (b) S&L took into income $99,177.32 from the $100,000 retainer for work performed by S&L from July 1 to July 29, 2022.[2] $822.68 remained in the S&L IOLTA account.

17. On July 29, 2022, prior to the filing of its petition for chapter 11 relief, FSS replenished S&L's IOLTA account with a wire transfer of $50,000. The total amount of retainer S&L held in its IOLTA account on behalf of FSS on the Petition Date was $50,822.68 (the "Retainer"). S&L continues to hold the Retainer in trust in its IOLTA Account.

18. The Proposed Order provides that S&L shall continue to hold the Retainer in trust for satisfaction of its final fees and expenses as authorized by the Court, or as otherwise directed by the Court.

      *vi.*      *Connections*

19. The Lee Declaration sets out S&L's connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and

---

[1] The Engagement Letter was effective May 24, 2022, on which date Kyung Lee began providing services to FSS, practicing through Kyung S. Lee PLLC ("KSLPLLC"). KSLPLLC received payment from the Debtor of $21,986.59 for services provided to FSS from May 24, 2022, through May 31, 2022.

[2] This amount included an estimate of six hours of services for each of Mr. Shannon and Mr. Lee on July 28 and July 29, 2022. The actual time expended exceeded the estimate.

5

any person employed in the office of the United States Trustee. To the best of the Debtor's knowledge, S&L does not hold any connections other than those disclosed in the Lee Declaration.

20. Mr. Shannon and Mr. Lee previously represented InfoW, LLC, IWHealth, LLC, and Prison Planet TV, LLC (the "InfoWDebtors"), in the cases jointly administered as Case No. 22-60020 before this Court.[3] One or more of the InfoWDebtors were defendants in the Sandy Hook Litigation. On May 13, 2022, the Connecticut Sandy Hook plaintiffs filed notices of dismissal with prejudice as to their claims against the InfoWDebtors.[4] *See* Dkt. No. 98, Case No. 22-60020 (Bankr. S.D. Tex.). On May 18, 2022, the Texas Sandy Hook plaintiffs and the InfoWDebtors entered a stipulation to resolve their claims against the InfoWDebtors, which was approved and ordered by the Court on May 19, 2022. *See* Dkt. Nos. 96 and 98, Case No. 22-60020 (Bankr. S.D. Tex.). The InfoWDebtors and the U.S. Trustee agreed to the dismissal of the InfoWDebtors' chapter 11 cases on June 1, 2022, which dismissal was ordered by the Court on June 10, 2022. Dkt. Nos. 110 and 114, Case No. 22-60020 (Bankr. S.D. Tex.). The Debtor does not have any claims against the InfoWDebtors and does not believe that the InfoWDebtors have any claims against the Debtor.

21. The Debtor believes that S&L neither holds nor represents a disqualifying interest that is adverse to the estate and is a "disinterested person." If any new relevant facts or relationships are discovered, S&L will supplement its disclosure to the Court.

---

[3] The InfoWDebtors' applications to employ of Parkins & Rubio LLP and KSLPLLC were never approved in the InfoWDebtors' chapter 11 cases.

[4] Upon the dismissal with prejudice of the Connecticut Sandy Hook plaintiffs' claims against the InfoWDebtors—and the then forthcoming dismissal of claims with prejudice of the Texas Sandy Hook plaintiffs—the restructuring contemplated by the Plan Support Agreement at in the InfoWDebtors' bankruptcy case was no longer possible.

      *vii.*    *Co-Counsel Relationship*

22.    S&L is being retained to serve as co-counsel for FSS along with The Law Offices of Ray W. Battaglia, PLLC (the "Battaglia Firm"). The two law firms have agreed to a division of labor substantially like the manner which multiple attorneys within the same law firm would handle a similar case. Each firm is aware of the need to avoid duplication of effort and have taken steps to minimize the degree to which their services will overlap. S&L will be primarily responsible for the day-to-day management of the case, issues involving the Sandy Hook Litigation, and all routine activities typical to the Chapter 11 Case. The Battaglia Firm will provide legal advice regarding strategy for the Chapter 11 Case and implementation of that strategy. The firms will allocate primary responsibility as appropriate for drafting pleadings and handling contested matters and meetings with the Debtor and opposing counsel. For certain matters it will be necessary to involve more than one lawyer and the firms will jointly handle such matters, mindful of the need to avoid duplication whenever possible.

## RELIEF REQUESTED

23.    The Debtor requests that the Court enter an order substantially in the form of the Proposed Order authorizing the Debtor to retain S&L as bankruptcy co-counsel, pursuant to the terms of the Engagement Agreement, as modified by the Proposed Order, effective as of July 29, 2022.

## BASIS FOR RELIEF

24.    Subject to bankruptcy court approval, Bankruptcy Code § 327(a) authorizes trustees—and Debtor-in-Possession—to "employ one or more attorney's accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the

7

trustee's duties . . . ." Bankruptcy Code § 327(c) provides that "[i]n a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest."

25. Bankruptcy Rule 2014 requires certain disclosures prior to the entry of an order approving the employment of a professional. According to Bankruptcy Rule 2014, the application must:

(a) Be filed by the trustee or committee and served on the United States Trustee (except in case under chapter 9 of the Bankruptcy Code);

(b) State the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; and

(c) Be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

**A.     S&L Meets the Requirements of Bankruptcy Code § 327(a)**

26. Based on the Lee Declaration, the Debtor submits that S&L neither holds nor represents a disqualifying adverse interest and is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

27. The term "disinterested person" is defined by the Bankruptcy Code. According to Bankruptcy Code § 101(14):

> The term "disinterested person" means a person that— (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have

8

>an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

28. The Lee Declaration discloses no connections with the Debtor that would disqualify S&L as a "disinterested person" and the Debtor is aware of no connections in addition to those disclosed in the Lee Declaration.

**B. This Application and the Lee Declaration Meet the Requirements of Bankruptcy Rule 2014**

29. This Application and the Lee Declaration meet the requirements as set out in Bankruptcy Rule 2014. This Application is made by the Debtor and sets out the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, the proposed arrangement for compensation. The Lee Declaration is a verified statement pursuant to 28 U.S.C § 1746 that sets out all connections that S&L has with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. The Debtor is not aware of any other connections in addition to those disclosed in the Lee Declaration.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form of the Proposed Order approving the employment of S&L commencing on July 29, 2022, and grant any other relief that is just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: August 20, 2022

Respectfully submitted,

/s/ W. Marc Schwartz
W. Marc Schwartz
Chief Restructuring Officer and Authorized Representative of Free Speech Systems, LLC, Debtor and Debtor-in-Possession

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service on the date of filing, (b) by U.S.P.S. first class mail on all parties indicated in the attached service list within 1 business day of the filing, and (c) the following parties by email on the date of filing:

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Alinor C. Sterlin, Christopher Mattei, Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Avi Moshenberg
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Attn: Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
rchapple@cstrial.com

Attn: Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581
rww@bymanlaw.com

Attn: Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002
jarrod.martin@chamberlinlaw.com

Attn: Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711-2548
christopher.dylla@oag.texas.gov

Melissa Haselden
Subchapter V Trustee
700 Milam, Suite 1300
Houston, TX 77002
mhaselden@haseldenfarro.com

Attn: Ha M. Nguyen, Jayson B. Ruff
Office of U.S. Trustee
515 Rusk, Suite 3516
Houston, TX 77002
ha.nguyen@usdoj.gov
jayson.b.ruff@usdoj.gov

        */s/R. J. Shannon*

## USPS Service List

## Twenty Largest Unsecured Creditors

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06870

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive STE 301
Coral Springs, FL 33065

Atomial LLC
1920 E. Riverside Dr.
Suite A-120 #124
Austin, TX 78741

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Jacquelyn Blott
200 University Blvd
Suite 225 #251
Round Rock, TX 78665

Joel Skousen
PO Box 565
Spring City, UT 84662

Commerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405

Paul Watson
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire S10 3FA
United Kingdom

Brennan Gilmore
c/o Civil rights Clinic
600 New Jersey Avenue, NW
Washington, DC 20001

Greenair, Inc
23569 Center Ridge Rd
Westlake, OH 44145

Edgecast, Inc
Dept CH 18120
Palatine, IL 60055

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

WWCR
1300 WWCR Ave
Nashville, TN 37218-3800

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404

CustomTattoNow.com
16107 Kensington Dr. #172
Sugar Land, TX 77479

13

| | |
|---|---|
| AT&T<br>PO Box 5001<br>Carol Stream, IL 60197-5001 | Justin Lair<br>1313 Lookout Ave<br>Klamath Falls, OR 97601 |

### Parties Claiming Interest or Lien Affected

PQPR Holdings Limited, LLC
c/o Stephen Lemmon
1801 S. Mopac Expressway
Suite 320
Austin, TX 78746

### Parties Filing Notice of Appearance

| | |
|---|---|
| Ryan E. Chapple<br>Cain & Skarnulis PLLC<br>303 Colorado Street, Suite 2850<br>Austin, Texas 78701 | Jarrod B. Martin<br>Chamberlain Hrdlicka<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002 |
| Randy W. Williams<br>Byman & Associates PLLC<br>7924 Broadway, Suite 104<br>Pearland, TX 77581 | Christopher J. Dylla<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, TX 78711-2548 |

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401

### Subchapter V Trustee

Melissa Haselden
Subchapter V Trustee
700 Milam, Suite 1300
Houston, TX 77002

### U.S. Trustee

Attn: Ha M. Nguyen, Jayson B. Ruff
Office of the U.S. Trustee
515 Rusk Ave STE 3516
Houston, TX 77002

### Additional Notice Parties

14

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008

Attn: Alinor C. Sterling, Christopher Mattei,
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 0660