**Exhibit B**

Lee Declaration

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| FREE SPEECH SYSTEMS, LLC, | § § | Case No. 22—60043 |
| DEBTOR. | § § § | Chapter 11 (Subchapter V) |

### DECLARATION OF KYUNG S. LEE IN SUPPORT OF THE DEBTOR' APPLICATION TO EMPLOY SHANNON & LEE LLP AS BANKRUPTCY CO-COUNSEL

I, Kyung S. Lee, declare under penalty of perjury as follows:

1. I am an attorney at law duly admitted and in good standing to practice in the State of Texas and United States District Court for the Southern District of Texas. As of June 1, 2022, I am a partner in the Houston office of the law firm Shannon & Lee LLP ("S&L"), located at 700 Milam Street, Suite 1300, Houston, Texas 77002.

2. I am making this declaration in support of the Debtor's Application to Employ Shannon & Lee LLP as Bankruptcy Co-Counsel, effective as of July 29, 2022 (the "Application"). Unless otherwise indicated, capitalized terms used but not defined herein have the meanings ascribed to such terms in the Application.

3. Except as otherwise noted, all facts set forth in this declaration are based upon my personal knowledge, upon the client and matter records of S&L reviewed by me or derived from information available to me that I believe to be true and correct or opinion based upon experience, knowledge and information concerning the restructuring of debtor-creditor relationships, workouts, chapter 11 process and the Debtor. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

A. **Scope of Services**

4. Pursuant to the Engagement Agreement, the Application, and the Proposed Order attached thereto, S&L will serve as bankruptcy co-counsel to the Debtor in connection with the Chapter 11 Case for the period commencing on July 29, 2022. In connection with this representation, S&L will take all necessary and appropriate actions to administer the Debtor's Chapter 11 Case.

B. **Proposed Compensation**

5. S&L will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, Guidelines, and Orders for all services performed and expenses incurred during its representation of the Debtor.

6. Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, S&L intends to request the allowance of its compensation as set out in the Engagement Agreement and as summarized in the following chart:

| BILLER | RATE |
| --- | --- |
| Kyung S. Lee | $850 |
| R.J. Shannon | $650 |
| Other Associate Attorneys | $300 - $600 |
| Paralegals | $150 - $250 |
| Legal Assistants | $50-$100 |

7. These rates reflect the rates that S&L ordinarily charges clients in bankruptcy and non-bankruptcy matters and are less than or equal to the rates of similarly skilled and experienced attorneys in this district. S&L submits that these agreed terms of reimbursement, compensation,

2

and hourly rates are reasonable. S&L will notify the Debtor of any change in the hourly rates charged for services rendered.

### C. Retainer & Prepetition Payments

8. Pursuant to the Engagement Agreement, FSS retained S&L to represent it in connection with its restructuring, effective as of May 24, 2022. Pursuant to the Engagement Agreement, FSS paid S&L a $100,000 retainer.

9. S&L invoiced FSS for work it did during the month of June 2022 in the total amount of $84,034.12. Prior to the Petition Date, FSS paid the June invoice.

10. S&L then invoiced FSS for work it did during the period July 1-July 29, 2022 in the total amount of $99,177.32. Prior to the Petition Date, the Firm took into income $99,177.32 from the Retainer, leaving a balance of $822.68 in S&L's IOLTA account.

11. Prior to the Petition Date, FSS wired $50,000 to S&L's IOLTA account to replenish the Retainer. As of the Petition Date, S&L's IOLTA account balance was $50,822.68 (the "Retainer").

12. Under the proposed employment with the Debtor, S&L will continue to hold the Retainer in trust for satisfaction of its final fees and expenses as authorized by the Court, or as otherwise directed by the Court.

### D. Disclosure of Connections

*i. Search and General Descriptions of Connections*

13. S&L performed the following actions to determine whether it or any of its attorneys has any disclosable connections, to the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas.

14. I conducted a search of S&L files to determine using the list of parties in interest listed in Schedule 1 hereto whether the Firm had any connections to or represented any of the parties listed on Schedule 1. The search revealed that the Firm had and did not represent any of the parties listed on Schedule 1. S&L may have provided services to creditors or other parties in interest inadvertently omitted from Schedule 1 or the description above. If such connections exist, they would be on matters wholly unrelated to the service for which FSS seeks to engage S&L.

15. The email and computerized search uncovered no connections other than the following:

   a. S&L represented the Debtor prior to the Petition Date.

   b. Mr. Shannon and I previously represented the InfoWDebtors in their chapter 11 cases jointly administered under Case No. 22-60020. Certain creditors of the InfoWDebtors are also creditors of FSS. Additionally, Mr. Shannon and I represented the InfoWDebtors in the negotiations of the Plan Support Agreement under which FSS and Alex Jones committed to provide funding for the InfoWDebtors' contemplated reorganization, prior to the dismissal of the Sandy Hook plaintiffs' decision to dismiss their claims against the InfoWDebtors with prejudice.

   c. Mr. Schwartz was the CRO of the InfoWDebtors while S&L attorneys represented the InfoWDebtors.

   d. Mr. Shannon was previously employed by Akin Gump Strauss Hauer & Feld LLP.

   ii. *Further Description of Connections to the InfoWDebtors*

16. Beginning on or about March 23, 2022, I, as a partner of Parkins Lee & Rubio LLP, and R.J. Shannon, as an associate, represented the InfoWDebtors in connection with their chapter 11 cases that were filed on April 17 and 18, 2022. On May 15, 2022, I began representing the InfoWDebtors, practicing under Kyung S. Lee PLLC. On June 1, 2022, S&L began business and provided services to the InfoWDebtors in connection with the hearing on the stipulation and order dismissing the InfoWDebtors cases and final administrative matters after the dismissal of the cases.

17. After extensive negotiations prior to filing their petitions, Alex Jones assigned his interests in the InfoWDebtors to a litigation Settlement Trust (the "<u>LST</u>") and Mr. Jones and FSS entered into a Plan Support Agreement (the "<u>PSA</u>"). Mr. Shannon and I represented the InfoWDebtors in connection with those negotiations.

18. Section 8 of the PSA contained various provisions under which the PSA and the obligations of the parties thereto would terminate. The provisions under which the PSA would terminate under its terms included, among other things: (i) dismissal of the InfoWDebtors' chapter 11 cases; (ii) failure to obtain appointment of the trustees for LST; (iii) failure to file a plan pursuant to the terms of the PSA; (iv) failure to obtain confirmation of a plan pursuant to the terms of the PSA; and (v) the remand of the Sandy Hook Actions and continuation of the state court proceedings.

19. On April 17 and April 18, 2022, the InfoWDebtors filed petitions for relief under chapter 11, subchapter v, of the Bankruptcy Code.

20. The Texas Sandy Hook plaintiffs, the Connecticut Sandy Hook plaintiffs, and the U.S. Trustee immediately filed emergency motions to dismiss the bankruptcy cases of the InfoWDebtors.

21. Although the InfoWDebtors filed emergency motions to appoint trustees for the LST and retain W. Marc Schwartz to serve as the CRO for InfoWDebtors, the Texas Sandy Hook plaintiffs, Connecticut Sandy Hook plaintiffs, and the U.S. Trustee each opposed hearings on those emergency motions prior to their motions to dismiss.

22. By May 6, 2022, counsel for both the Texas and Connecticut plaintiffs announced that they were dismissing their claims against the InfoWDebtors from their respective lawsuits. CRO Schwartz directed me to work with plaintiffs' counsel to make sure that their claims were

withdrawn with prejudice against the InfoWDebtors. The InfoWDebtors finalized, submitted and had the Bankruptcy Court approve the Stipulations of Dismissal of the Texas plaintiffs Claims with prejudice by May 19, 2022. The Connecticut plaintiffs filed pleadings to dismiss their claims against the InfoWDebtors with prejudice in the removed actions on or about May 13, 2022.

23. After dismissal of the Sandy Hook plaintiffs' claims against the InfoWDebtors, the PSA could no longer serve its intended purpose and had terminated by its own terms. While counsel for Alex Jones and FSS advised the Court that the parties would extend the PSA deadlines beyond April 30, 2022, the Amended PSA was negotiated but never executed because the LST trustees were never appointed.

24. The CRO of the InfoWDebtors and I then analyzed the best way to go forward with the remaining claims against the InfoWDebtors and concluded that, in light of the U.S. Trustee's continued opposition to the bankruptcy cases, dismissal of the InfoWDebtors' bankruptcy cases was in the best interest of the estate. First, the InfoWDebtors still had to litigate with the U.S. Trustee regarding dismissal. Second, the *raison d'etre* for the bankruptcy (to have the plaintiffs participate as claimants under the plan of reorganization) no longer existed. Third, the estate had limited access to funds to administer the estate, in light of the termination of the PSA. Fourth, dismissals of both Texas and Connecticut plaintiffs' claims with prejudice left the estate with only four remaining creditors.

25. The CRO then directed me to work with the U.S. Trustee's office to have the InfoWDebtors' bankruptcy cases dismissed. On June 1, 2022, the U.S. Trustee and the Debtors filed a Stipulation and Agreed Order Dismissing Debtors' Chapter 11 Cases. On June 10, 2022, the Bankruptcy Court approved the Stipulation and Agreed Order Dismissing Debtors' Chapter 11 Cases.

26.     The first services any attorney of Shannon & Lee LLP provided to FSS occurred on May 24, 2022, were provided by me through Kyung S. Lee PLLC when I traveled to Austin, Texas to discuss the potential restructuring relating to FSS. The InfoWDebtors were negotiating the terms of the stipulation with the U.S. Trustee to dismiss the case that was filed on June 1, 2022, at this time.

27.     As of May 19, 2022, and continuing through today, the InfoWDebtors and FSS are not adverse. No default exists under the license agreement between InfoW and FSS. To the best of my knowledge, there are no claims between FSS and the InfoWDebtors.

28.     Out of an abundance of caution and to assure the Court and the FSS creditors that S&L does not have a bias or an adverse interest against FSS or its estate, Kyung S. Lee PLLC submitted a written resignation of its engagement to serve as restructuring counsel to InfoWDebtors prior to submission of the Application.

29.     The results of the foregoing connections search process confirm that neither I, S&L, nor any of its employees or partners, to the best of my knowledge, have any disqualifying connections. Neither I, S&L, or any partner of S&L (a) have any debt or equity securities in the Debtor, (b) are an insider of the Debtor, or (c) was a creditor of the Debtor on the Petition Date.

### E. Affirmative Statement of Disinterestedness

30.     Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I can ascertain, I and S&L are "disinterested persons" within the meaning of Bankruptcy Code § 101(14), as modified by Bankruptcy Code § 1107(b), as required by Bankruptcy Code § 327(a).

31.     I am not a creditor, an equity security holder, or an insider of the Debtor; I am not and was not within 2 years before the Petition Date a director of the Debtor; and I do not have any

interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

32. S&L is not a creditor, an equity security holder, or an insider of the Debtor; S&L is not and was not within 2 years before the Petition Date an employee, officer, or director of the Debtor; and S&L does not have any interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

33. S&L does not possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate. S&L also does not possess or assert any economic interest that would create either an actual or potential dispute in which the estate is a rival claimant. S&L does not have any incentive to act contrary to the best interests of the estate and its creditors.

**F.      Bankruptcy Rule 2016(b) Disclosures**

34. Pursuant to Bankruptcy Code § 504 and Bankruptcy Rule 2016, S&L has not shared or agreed to share (a) any of its compensation from the representation of the Debtor with any other persons, or (b) any compensation any other persons have received, may have received, or will receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 20, 2022,

By: /s/*Kyung S. Lee*
Kyung S. Lee

# SCHEDULE 1

# TO LEE DECLARATION

## SEARCHED PARTIES

Debtor & Professionals

| | |
|---|---|
| Law Office of Ray Battaglia | Schwartz Associates |

Debtor's Equity

Alexander E. Jones

Largest 20 Unsecured Creditors & Litigation Claimants

| | |
|---|---|
| Elevated Solutions Group | Dona Soto |
| Atomial LLC | Erica Lafferty |
| Cloudfare, Inc. | Francine Wheeler |
| Jacquelyn Blott | Ian Hockley |
| Joel Skousen | Jacqueline Barden |
| eCommerce CDN LLC | Jennifer Hensel |
| Paul Watson | Jeremy Richman |
| Greenair, Inc. | Jillian Soto |
| Edgecast, Inc. | Leonard Pozner |
| Ready Alliance Group, Inc. | Marcel Fontaine |
| Getty Images, Inc. | Mark Barden |
| RatsMedical.com | Neil Heslin |
| David Icke Books Limited | Nicole Hockley |
| WWCR | PQPR Holdings Limited, LLC |
| CustomTattoNow.com | Robert Parker |
| AT&T | Scarlett Lewis |
| Justin Lair | Veronique De La Rosa |
| Brennan Gilmore | William Sherlach |
| Carlee Soto-Parisi | William Aledenberg |
| Carlos Soto | Larry Klayman |
| Christopher Sadowski | Randazza Legal Group |

Attorneys for Creditors and Parties in Interest

| | |
|---|---|
| Kaster Lynch Farrar & Ball LLP | Jordan & Ortiz, P.C. |
| Koskoff Koskoff & Bieder | McDowell Heterhington LLP |
| Fertitta & Reynal LLP | The Akers Law Firm PLLC |
| Pattis & Smith, LLC | Copycat Legal PLLC |
| Zeisler & Zeisler P.C. | |

Waller Lansden Dortch & Davis, LLP

Akin Gump Strauss Hauer & Feld LLP

U.S. Bankruptcy Judges and Staff

Chief Judge David R. Jones
Judge Marvin Isgur
Judge Christopher M. Lopez
Judge Jeffrey P. Norman
Judge Eduardo V. Rodriguez
Albert Alonzo
Ana Castro

Tracey Conrad
Jeannie Chavez
LinhThu Do
Tyler Laws
Kimberly Picota
Vriana Portillo
Mario Rios

U.S. Trustee Personnel

Alicia Barcomb
Jacqueline Boykin
Luci Johnson-Davis
Hector Duran
Barbra Griffin
Brian Henault
Linda Motton
Ha Nguyen
Glenn Otto
Yasmin Rivera

Jayson B. Ruff
Millie Sall
Patricia Schmidt
Christy Simmons
Gwen Smith
Stephen Statham
Christopher R. Travis
Clarissa Waxton
Jana Whitworth