# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | |
|---|---|
| In re: | Case No. 22-60020 |
| INFOW, LLC, *et al.*, | Chapter 11 (Subchapter V) |
| Debtors.[1] | Jointly Administered |

## NOTICE OF AMENDED AND RESTATED DECLARATION
## OF TRUST AND PLAN SUPPORT AGREEMENT
[Relating to ECF No. 6]

PLEASE TAKE NOTICE that on April 18, 2022, the above-captioned debtors and debtors-in-possession (the "Debtors") filed the *Debtors' Emergency Motion for Order Authorizing Appointment of Russell F. Nelms and Richard S. Schmidt as Trustees of the 2022 Litigation Settlement Trust and Granting Related Relief* [ECF No. 6] (the "Trustee Motion").[2]

PLEASE TAKE FURTHER NOTICE that after negotiations among the proposed Trustees, the Debtors, and the Third-Party Funding Contributors, the parties have agreed to amended and restated versions of the Declaration of Trust and Plan Support Agreement attached to the Trustee Motion (as amended and restated, the "Amended and Restated Plan Support Agreement" and "Amended and Restated Plan Support Agreement").

PLEASE TAKE FURTHER NOTICE that the Amended and Restated Declaration of Trust is attached hereto as **Exhibit A** hereto. The changes to the Declaration of Trust are reflected in **Exhibit B** hereto.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Trustee Motion.

PLEASE TAKE FURTHER NOTICE that the Amended and Restated Plan Support Agreement is attached hereto as **Exhibit C** hereto. The changes to the Plan Support Agreement are reflected in **Exhibit D** hereto.

PLEASE TAKE FURTHER NOTICE that the proposed Trustees have agreed to enter into the Amended and Restated Plan Support Agreement and Amended and Restated Plan Support Agreement upon entry of an order authorizing their appointment pursuant to the Trustee Motion.

Dated: April 29, 2022            **PARKINS LEE & RUBIO LLP**

*/s/ R.J. Shannon*
Kyung S. Lee
TX Bar No. 12128400
R.J. Shannon
TX Bar No. 24108062
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 77002
Email: klee@parkinslee.com
       rshannon@parkinslee.com
Phone: 713-715-1660
Fax:    713-715-1699

*Proposed Counsel to the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify, a true and correct copy of the foregoing document was served (a) by the Court's CM/ECF system on all parties registered to receive such service and (b) on the following parties by email:

Kaster Lynch Farrar & Ball, LLP
Attn: Mark Bankson, William Ogden
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Koskoff Koskoff & Bieder
Attn: Alinor C. Sterlin, Christopher Mattei,
Matthew Blumenthal
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Fertitta & Reynal LLP
Attn: F. Andino Reynal
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Pattis & Smith, LLC
Attn: Norman A Pattis, Cameron L.
Atkinson
383 Orange Street
New Haven, CT 06511
npattis@pattisandsmith.com
catkinson@pattisandsmith.com

Zeisler & Zeisler P.C.
Attn: Eric Henzy
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Jordan & Ortiz, P.C.
Attn: Shelby Jordan
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Law Office of Ray Battaglia, PLLC
Attn: Ray Battaglia
66 Granburg Circle
San Antonio, TX
rbattaglialaw@outlook.com

McDowell Heterhington LLP
Attn: Avi Moshenberg, Nick Lawson,
Matthew Caldwell
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com
nick.lawson@mhllp.com
matthew.caldwell@mhllp.com

The Akers Law Firm PLLC
Attn: Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Copycat Legal PLLC
Attn: Daniel DeSouza
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Richard S. Schmidt
615 Leopard, #635
Corpus Christi, TX 78401
rss@judgerss.com

Russell F. Nelms
115 Kay Lane
Westworth Village, TX 76114
rfargar@yahoo.com

Attn: W. Marc Schwartz
Schwartz Associates
712 Main Street, Ste. 1830
Houston, TX 77002
MSchwartz@schwartzassociates.us

Matthew Okin
Okin Adams LLP
1113 Vine St., Ste. 240
Houston, TX 77002
mokin@okinadams.com

Office of the United States Trustee
Attn: Ha Minh Nguyen, Jayson Ruff
515 Rusk St
Ste 3516
Houston, TX 77002
ha.nguyen@usdoj.gov
jayson.b.ruff@usdoj.gov

Melissa Haselden
700 Milam, Suite 1300
Houston, TX 77002
mhaselden@haseldenfarrow.com

Cain & Skarnulis, PLLC
Attn: Ryan E. Chapple
303 Colorado St., Ste. 2850
Austin, TX 78701
rchapple@cstrial.com

Byman & Associates PLLC
Randy W. Williams
7924 Broadway, Suite 104
Pearland, TX 77581
rww@bymanlaw.com

J. Maxwell Beatty
The Beatty Law Firm PC
1127 Eldridge Pkwy, Ste. 300, #383
Houston, TX 77077
max@beattypc.com

Walston Bowlin Callendar, PLLC
Attn: Cliff Walston
San Felipe Street, Suite 300
Houston, TX 77027
cliff@wbctrial.com

*/s/ R. J. Shannon*
R. J. Shannon

3

# EXHIBIT A

**Amended and Restated Declaration of Trust**

# FIRST AMENDED AND RESTATED

# DECLARATION OF TRUST

# FOR THE

# 2022 Litigation Settlement Trust

---

BY AND AMONG

**DEBTORS:**
**INFOW, L.L.C., IWHEALTH, L.L.C. AND**
**PRISON PLANET TV, L.L.C.**

AND

**THIRD-PARTY FUNDING CONTRIBUTORS**

AND

**The 2022 LITIGATION SETTLEMENT TRUSTEES**
**(AS NAMED HEREIN AND FROM**
**TIME TOTIME)**

Dated as of April 28, 2022

# DECLARATION OF TRUST

This First Amended and Restated Declaration of Trust (this "Amendment")[1] governing the 2022 Litigation Settlement Trust (the "Litigation Settlement Trust" or the "Trust")[2] dated as of April 28, 2022 (the "Amendment Date"), is entered into by and among the

        i.        Debtors InfoW, LLC (formerly known as Inforwars, Inc.), IWHealth, LLC (formerly known as Infowars Health, LLC) and Prison Planet TV, LLC ("PPTV") (IWI, IWHealth and PPTV collectively the "Debtors");

        ii.        Richard S. Schmidt and Russell F. Nelms, as successor trustees (the "Litigation Settlement Trustees"); and

        iii.        Alex Jones and Free Speech Systems, LLC (the "Third-Party Funding Contributor[s]").

## W I T N E S S E T H

WHEREAS the Litigation Settlement Trust was established and settled pursuant to that Declaration of Trust (the "Declaration," and, collectively with the Amendment, the "Agreement") dated April 14, 2022 (the "Trust Settlement Date"), executed by and among the Debtors, Robert Dew, as the initial trustee (the "Initial Trustee"), and the Third-Party Funding Contributor[s]; and

WHEREAS, on April 18, 2022 (the "Petition Date") each of the Debtors filed voluntary petitions for relief chapter 11, subchapter v, of title 11 of the United States Code (the "Bankruptcy Code"), commencing jointly administered cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Court"); and

WHEREAS the Litigation Settlement Trust was established to facilitate the administration of the Chapter 11 Cases as directed by the Litigation Settlement Trustees and to pursue confirmation of a chapter 11 plan of reorganization in accordance with the terms of the PSA; and

WHEREAS the Debtors and the Third-Party Funding Contributor[s] desire the appointment of the Litigation Settlement Trustees as successors to the Initial Trustee[3];

---

[1] Capitalized terms used in this Agreement and not otherwise defined herein shall have the respective meanings ascribed to them in the Glossary of Defined Terms (attached hereto as Exhibit "A") or in that Plan Support Agreement, by and between the Debtors and the Third-Party Funding Contributor[s] (as may be amended from time to time, the "PSA").

[2] The Trust's federal tax ID # references the full name of the Trust as the "2022 FSS Litigation Settlement Trust" but is often referred to as the 2022 Litigation Settlement Trust, LST or simply "Trust" in various filings and related documents.

[3] Individually, each of the Litigation Settlement Trustees and the Initial Trustee may be referred to herein as a "Trustee" and collectively with any successor trustees may be referred to as the "Trustees."

WHEREAS the Litigation Settlement Trustees require certain amendments and revisions to the terms of the Declaration as set forth herein in this Amendment as a condition of their willingness to serve as trustees of the Litigation Settlement Trust; and

WHEREAS all other Parties to the Litigation Settlement Trust have approved the amendments;

NOW, THEREFORE, pursuant to Article 10.1(a) of the Declaration, the Debtors, the Third-Party Funding Contributor[s] (herein sometimes the "Settlors"), the Initial Trustee and the Litigation Settlement Trustees agree to this amended and restated declaration of trust as follows:

## ARTICLE 1
## ESTABLISHMENT OF THE LITIGATION SETTLEMENT TRUST

1.1     Declaration of Trust.  Pursuant to the Declaration, the Debtors and the Third-Party Funding Contributor[s] established the Litigation Settlement Trust, which shall be known as the "2022 Litigation Settlement Trust" on behalf of the Debtors' Estates[4] and the Estates' creditors the "Litigation Settlement Trust Beneficiaries" or "Beneficiaries") and the Litigation Settlement Trustees, as successors to the Initial Trustee, hereby accept such rights and properties assigned and transferred to them and the trust imposed upon them pursuant to this Agreement.

1.2     Litigation Settlement Trust Assets.

(a)     As of the Trust Settlement Date, the Third-Party Funding Contributor[s], in accordance with the Declaration, transferred, assigned, and delivered to the Initial Trustee, for the benefit of the Litigation Settlement Trust Beneficiaries, and the Initial Trustee has accepted the following assets (the "Assets"):

(i)     all of the ownership rights, title, and voting rights in and to the Debtors, provided that, subject to such assignment, Alex Jones, his affiliate Free Speech Systems, LLC, their agents, or anyone in any way related or affiliated to or related to them are barred and excluded from any active, direct or indirect control or participation in the management of any Debtor;

(ii)     the "Litigation-Settlement Expense Fund" of not less than an aggregate of $725,000.00 in cash, some of which has already been paid, designated to pay the costs of administration, including the Debtors' professionals, the Initial Trustee and the Litigation Settlement Trustees, and retention by the Trustees of all professionals deemed necessary to accomplish the purpose of this trust, including costs and expenses of the Chapter 11 Cases (as set forth on Exhibit B to the Declaration); and

---

[4] As used herein, "Estate(s)" shall refer to the estate created upon the commencement of the Chapter 11 Cases pursuant to and as defined in § 541 of the Bankruptcy Code.

(iii) the "Funding Commitment," pursuant to which, the Third-Party Funding Contributor[s] shall advance such funds as are necessary to fund the payment of the costs of administration of the Trust and the Chapter 11 Cases for a period of not less than 120 days, provided, however, that such Funding Commitment shall be subject to and limited by the terms and conditions set forth in the PSA.

(b) Notwithstanding any provision of the Declaration to the contrary, all assets of the Debtors shall be deemed property of the Estates subject to entry of any final order of the Bankruptcy Court authorizing the sale, transfer, or other disposition of such assets, including but, not limited to, any order confirming a plan of reorganization providing for the vesting of such assets with the Litigation Settlement Trust or such other trust as may be established pursuant to such Plan.[5] Further, the Litigation-Settlement Expense Fund and all the subsequent Funding Commitment shall be property of the Debtors' Estates to the extent such funds are budgeted by the Litigation Settlement Trustees in consultation with the Debtors' CRO for the costs of the administration of the Chapter 11 Cases including all professional fees incurred by the Debtors.

(c) On or as promptly as practicable after entry of the Trustee Order (defined herein) the Debtors shall (i) deliver or cause to be delivered to the Litigation Settlement Trustees any and all documents (or copies thereof) to the extent relating to the Litigation Settlement Trust Claims held by the Debtors, their employees, agents, advisors, attorneys, accountants, or any other professionals hired by the Debtors and (ii) provide reasonable access to the Litigation Settlement Trustees and their advisors to such employees of the Debtors, their agents, advisors, attorneys, accountants, or any other professionals hired by the Debtors with knowledge of matters relevant to the Litigation Settlement Trust Claims for the purpose of enabling the Litigation Settlement Trustees to fulfill their obligations under this Agreement, including the liquidation of the Litigation Settlement Trust Claims. The Debtors shall further facilitate access to the Litigation Settlement Trustees and their advisors to the employees, books and records of the Third-Party Funding Contributor[s] in connection with the obligations of the Litigation Settlement Trustees under this Agreement, including the settlement or defense and liquidation of the Litigation Settlement Trust Claims. All such information, disclosures, and documents shall be held in the utmost confidence, subject to a written confidentiality agreement approved by the bankruptcy court from time to time.

(d) Upon execution of the Declaration, the Third-Party Funding Contributor[s] assigned to the Initial Trustee all governance rights as to each Debtor, which assignment of the governance excludes Alex Jones and his affiliate Free Speech Systems, LLC from any active, direct or indirect control or participation in the management of the Debtors. As part of the assignment of governance, the Litigation Settlement Trustees, as successors to the Initial Trustee, shall be permitted to file any further Title 11 case the Litigation Settlement Trustees deem advisable or proper from time to time (other than any involuntary case against any Third-Party Funding Contributor) and to prosecute these Chapter 11 Cases as the sole and exclusive governing body of the Debtors.

---

[5] As used herein, the term "Plan" shall refer to any chapter 11 plan of reorganization or liquidation, as the case may be, proposed by the Debtors and confirmed in the Chapter 11 Cases by final order of the Bankruptcy Court.

(e)     At any time and from time to time on and after the Trust Settlement Date, the Debtors and the Third-Party Funding Contributor[s] agree (i) at the reasonable request of the Litigation Settlement Trustees to execute and/or deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed) and (ii) to take, or cause to be taken, all such further actions as the Litigation Settlement Trustees may reasonably request, in each case, in order to evidence or effectuate the transfer of the Assets to the Litigation Settlement Trustees and to otherwise carry out the intent of the Agreement.

(f)     All property, cash and rights described in this Section 1.2 as property of the Litigation Settlement Trust are collectively referred to herein as the "Assets." Upon the transfer of any cash assets to the Litigation Settlement Trust, the Third-Party Funding Contributors shall have no interest in or obligation with respect to such assets.  Notwithstanding any provision of this Agreement except Section 2.2 and Section 4.1(b), upon deposit and receipt of fund from the Third-Party Funding Contributors, in no event shall any such funds be returned to any Third-Party Funding Contributor(s).

1.3     <u>Funding of the Litigation Settlement Trust</u>.

(a)     All costs and expenses associated with administration of the Litigation Settlement Trust and all costs and expenses of administration of the Debtors' operations and the Chapter 11 Cases shall paid by the Litigation Settlement Trustees and the Debtors, respectively, from the Litigation-Settlement Expense Fund and subsequent Funding Commitment payments pursuant to a budget established by the Litigation Settlement Trustees in consultation with the Debtors' CRO.

(b)     In accordance with this Agreement and the Funding Commitment, and subject to the terms and conditions of the PSA, the Third-Party Funding Contributor[s] shall from time to time hereafter deliver additional Cash to the Litigation-Settlement Expense Fund to the extent requested by the Litigation Settlement Trustees.  Specifically, from the Petition Date until the earlier of (x) 120 days after the Petition Date, or (y) the effective date of any Plan, the Third-Party Funding Contributor[s] shall contribute such funding as is necessary to maintain a cash balance of $200,000.00 in the Litigation-Settlement Expense Fund.  Such additional funding shall be provided in Cash to the Litigation-Settlement Expense Fund by the Third-Party Funding Contributor[s] within five (5) business days of receipt of a written request by the Litigation Settlement Trustees.  To the extent that the Third-Party Funding Contributor[s] fail to make such Cash deposits within the applicable five-day period, the Litigation Settlement Trustees, in their sole discretion, may move to dismiss the Chapter 11 Cases or covert the same to cases under chapter 7 of the bankruptcy and the seeking of such relief shall not constitute a breach of any obligation under this Agreement or the PSA. In the sole discretion of the Litigation Settlement Trustees, the five-day period may be extended to accommodate funding reasonably anticipated from the Third-Party Funding Contributor[s].

(c)     The Litigation Settlement Trustees shall use the Litigation-Settlement Expense Fund consistent with the purposes of this Litigation Settlement Trust and subject to the terms and conditions of this Agreement and any the PSA.  Except as may be agreed and set forth under a Plan, none of the Debtors nor the Third-Party Funding

Contributor[s] shall have any further obligation to provide any funding with respect to the Litigation Settlement Trust other than as set forth herein and in the PSA.

## ARTICLE 2
## TRUSTEES

2.1     Initial Trustee.  This Trust shall be initially administered by the Initial Trustee designated by the Third-Party Funding Contributor[s] upon the initial funding.  The sole duty of the Initial Trustee shall be to preserve the Assets.  The Initial Trustee shall serve until the earlier of (i) entry of the Trustee Order (defined herein), at which time the Initial Trustee shall resign and have no further rights or obligations under this Agreement, or (ii) termination of this Litigation Settlement Trust.

(a)     The Initial Trustee shall have only the following rights and authority unless additional authority is expressly approved by all parties to the Agreement:

(i)     To receive the Assets and all contributions of Cash, if banking privileges are obtained for such deposits;

(ii)     To safeguard all Assets and Cash and open bank accounts or otherwise provide for the handling and accounting of all transactions prior to the approval and appointment of the Litigation Settlement Trustees;

(iii)     To act on behalf of all of the Debtors as the sole officer and director of each respective Debtor, including the authority to authorize the filing of the Chapter 11 Cases for each or all of the Debtors;

(iv)     To cause to be made, or authorize any funds-holder to make, distributions of cash only with respect to retention of counsel and other case professionals retained by the Debtors in connection with the filing of the Chapter 11 Cases, which shall be expressly authorized to include such related expenses and execute the retention agreement of such counsel;

(v)     To turn-over, or cause to be turned over by any funds-holder, all such Assets to the Litigation Settlement Trustees upon their appointment and approval, at which time all duties, rights and responsibilities shall end, and provided, however, all indemnity, exculpations, releases and protections of the Trustees shall apply equally to the Initial Trustee, who shall have no liability whatsoever for service as the Initial Trustee except for willful fraud or theft.

(vi)     The Third-Party Funding Contributor[s] shall be solely responsible for all compensation of the Initial Trustee who shall not be compensated by this Trust.

(b) Upon entry of the Trustee Order, the Litigation Settlement Trustees shall collect and accept title to the Assets and any (i) income earned with respect to, derivative of, or attributable to the Assets; or (ii) proceeds or payments made on account of the Assets (collectively, "Litigation-Settlement Proceeds"), which shall thereupon be added to the Assets of the Litigation Settlement Trust and held as a part thereof (and which title shall be vested in the Litigation Settlement Trustees).

2.2 <u>Litigation Settlement Trustees</u>. In accordance with this Agreement, Richard S. Schmidt and Russell F. Nelms, two individuals that are each citizens of the State of Texas, are hereby named and appointed as Litigation Settlement Trustees, which appointment shall become effective upon entry of an order of the Bankruptcy Court approving such appointment (the "Trustee Order") and the terms of this Amendment, which order shall be in form and substance agreeable to the Litigation Settlement Trustees. In the event that the Trustee Order is not entered within 45 days following the Trust Settlement Date, this Litigation Settlement Trust shall terminate, and all funds remaining in the Litigation-Settlement Expense Fund shall be returned to the respective Third-Party Funding Contributor. Upon entry of and subject to terms of the Trustee Order, the Litigation Settlement Trustees shall promptly commence service and have all the rights, powers, and duties set forth herein and as otherwise provided by law, which shall be broadly and liberally construed to accomplish the purpose of this Litigation Settlement Trust, including:

(a) All of the powers and duties of managers of the Litigation Settlement Trust and of the Debtors for all purposes, including filing of any proceeding, case, suit, or other legal proceeding; provided, however, that such authority as managers of the Debtors may include appropriate delegation of authority to the Chief Restructuring Officer (the "CRO") as the principal officer of the Debtors, as Debtors-in-Possession, and shall not abridge the CRO's obligations as a fiduciary of the Debtors and their Estates, or any other obligations of the CRO as an Estate professional under section 327 of the Bankruptcy Code;

(b) All of the powers referenced, granted, or provided herein or as may be required to perform the duties of a Trustee provided herein;

(c) All of the powers and duties provided under the laws of the State of Texas; and

(d) All other powers and duties set out in this Agreement, including those powers set out in §3.2 hereof.

Each of the Litigation Settlement Trustees is willing and does hereby accept the appointment to act and serve as Litigation Settlement Trustees of the Litigation Settlement Trust.

2.3 <u>Tenure, Removal, and Replacement of the Litigation Settlement Trustees</u>.

(a) The Litigation Settlement Trustees (each, a "Trustee" and, together, the "Trustees") will each serve until resignation pursuant to subsection (b) below, removal pursuant to subsection (c) below, or death (if applicable).

(b)     A Trustee may resign by giving not less than ten (10) days' prior written notice to the Debtors.  Such resignation will become effective on the day specified in such notice.

(c)     A Trustee may be removed by order of the Bankruptcy Court.  Any motion to remove a Trustee shall be "for cause" shown by clear and convincing evidence, and all costs and fees for the successful defense of any such action for cause shall be the obligation of the Litigation Settlement Trust.

(d)     In the event of a vacancy in the position of a Trustee (whether by removal, resignation, or (if applicable) death), the vacancy will be filled by the appointment of a successor trustee by (i) the Third-Party Funding Contributor[s], and the acceptance by the successor trustee in accordance with Section 2.3(e) or (ii) an order of the Bankruptcy Court after an opportunity for a hearing; *provided, however,* that only the Debtors shall have standing to seek such an order.  If a successor trustee is appointed by resolution, as provided in clause (i) of the preceding sentence, and such appointment is accepted by the successor trustee, the Debtors shall file notice of such appointment and acceptance with the Bankruptcy Court, which notice will include the name, address, and telephone number of the successor trustee; provided that the filing of such notice shall not be a condition precedent to the vesting in the successor Trustee of all the estates, properties, rights, powers, trusts, and duties of its predecessor.

(e)     Any successor trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the predecessor Trustee hereunder and thereupon the successor trustee shall, without any further act, become vested with all the estates, properties, rights, powers, privileges, authorities, and duties of its predecessor in the Litigation Settlement Trust hereunder with like effect as if originally named herein and the successor trustee will not be liable personally for any act or omission of the predecessor Trustee.

(f)     Upon the appointment of a successor trustee, the predecessor Trustee (or the duly appointed legal representative of a deceased Trustee) shall, if applicable, when requested in writing by the successor trustee, execute and deliver an instrument or instruments conveying and transferring to such successor trustee upon the trust herein expressed, without recourse to the predecessor Trustee, all the estates, properties, rights, powers, and trusts of such predecessor Trustee, and shall duly assign, transfer, and deliver to such successor trustee all property and money held hereunder, and all other assets and documents relating to the Litigation Settlement Trust then in its possession and held hereunder.

(g)     The death, resignation, retirement, removal, bankruptcy, dissolution, liquidation, incompetence, or incapacity to perform the duties of a Trustee shall not operate to dissolve, terminate, or annul the Litigation Settlement Trust.

2.4     Compensation of the Trustees.

(a)     As compensation, the Litigation Settlement Trustees shall be entitled to receive initially an hourly rate set out below for all time involving Trustee services (or such other amount as agreed to from time to time by the Litigation Settlement Trustees and the

Debtors or as approved by the Bankruptcy Court, as the case may be), payable for the performance of services provided under and pursuant to this Agreement, and shall be reimbursed for all reasonable and documented expenses incurred in connection with the performance of its services hereunder.

(b)  The Litigation Settlement Trustees shall be entitled to receive compensation for services on an hourly rate and shall be reimbursed for all reasonable and documented expenses incurred in connection with the performance of their services hereunder, or as may be ordered by the Bankruptcy Court.  For notice purposes only, the Litigation Settlement Trustees shall file in the Bankruptcy Court a monthly fee statement not later than the 15th day of each month following the months such services were rendered and shall be entitled to receive payment from the Litigation-Settlement Expense Fund on the 20th day of said month.

2.5  No Bond. The Trustees shall serve without bond.

## ARTICLE 3
## DUTIES AND LIMITATIONS OF TRUSTEES

3.1  Role of the Litigation Settlement Trustees.  In furtherance of and consistent with the purpose of this Litigation Settlement Trust, the Litigation Settlement Trustees shall engage in acts that would constitute ordinary performance of the obligations of a trustee under a Texas law, make timely distributions of Cash and not unduly prolong the duration of the Litigation Settlement Trust.  In all circumstances, the Litigation Settlement Trustees shall act in a manner reasonably expected to maximize the value of the Assets for the Litigation Settlement Trust Beneficiaries and in furtherance of the purpose of the Litigation Settlement Trust.

3.2  Authority of Litigation Settlement Trustees.  Subject to any limitations contained herein, the Litigation Settlement Trustees shall have the full power, authority, and discretion to take any and all actions as are necessary or advisable to carry out their responsibilities hereunder and to effectuate the purposes of the Litigation Settlement Trust, including, without limitation:

(a)  full power, authority, and discretion to interpret, construe, and decide all questions and issues arising under any provision of this Agreement, and the decisions of the Litigation Settlement Trustees with respect to all such matters shall be final, conclusive, and binding on all parties who have an interest in the Litigation Settlement Trust;

(b)  receiving (and accepting), managing, supervising, and protecting the assets of the Litigation Settlement Trust on behalf of and for the benefit of the Litigation Settlement Trust Beneficiaries;

(c)  holding legal title to any and all rights of the Litigation Settlement Trust Beneficiaries in or arising from the Assets, and protecting and enforcing the rights to the Assets vested in the Litigation Settlement Trustees by this Agreement by any method deemed appropriate, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law, and general principles of equity;

(d)  commencing and/or pursuing any and all actions involving Assets

that could arise or be asserted at any time;

(e)    distributing to some or all of the Litigation Settlement Trust Beneficiaries (as deemed appropriate by the Litigation Settlement Trustees) information regarding the Litigation Settlement Trust Claims upon executing confidentiality agreements with such Litigation Settlement Trust Beneficiaries satisfactory to the Litigation Settlement Trustees in connection therewith, and the Litigation Settlement Trustees shall have the full power, authority, and discretion to withhold or restrict the delivery of any such information to any Litigation Settlement Trust Beneficiary if the Litigation Settlement Trustees determine in their reasonable discretion that such action is in the best interests of the Litigation Settlement Trust;

(f)    making all necessary filings in accordance with any applicable law, statute or regulation, and in consultation with counsel, seeking any advice or determination that may be necessary or appropriate under any such laws, statutes, or regulations;

(g)    filing of all required tax and information returns and paying of taxes and all other obligations of the Litigation Settlement Trust;

(h)    requesting any appropriate tax determination with respect to the Litigation Settlement Trust;

(i)    paying all expenses and making all other payments relating to any Assets of the Litigation Settlement Trust;

(j)    obtaining insurance coverage with respect to (i) the liabilities and obligations of the Trustees under this Agreement (in the form of an errors and omissions policy or otherwise) and (ii) real and personal property, which may become Assets, if any;

(k)    negotiating, receiving, or accepting of the assignment or transfer of claims, rights, suits, judgments, causes of action, recoveries and/or proceeds therefrom, from the holders thereof, to the extent that an assignment and/or transfer to the Litigation Settlement Trust is deemed to be in the best interests of maximizing the value of the Asset;

(l)    determining the amount of consideration to be provided for the assignment or transfer of claims, rights, suits, judgments, causes of action, recoveries, and/or proceeds therefrom;

(m)    compromising, adjusting, arbitrating, suing on or defending, abandoning, or otherwise dealing with and settling claims in favor of or against the Litigation Settlement Trust as the Litigation Settlement Trustees shall deem advisable;

(n)    determining and satisfying any and all liabilities created, incurred or assumed by the Litigation Settlement Trust;

(o)    retaining and paying such law firms, investment bankers, accounting firms, experts, advisors, consultants, investigators, appraisers, agents, employees, or other professionals and third parties as the Litigation Settlement Trustees may deem necessary or appropriate to assist the Litigation Settlement Trustees in carrying out the Litigation Settlement

Trustees' powers and duties under this Agreement. The Litigation Settlement Trustees may commit the Litigation Settlement Trust to and shall pay all persons or entities retained or employed by the Litigation Settlement Trust reasonable compensation for services rendered and reasonable expenses incurred;

(p)     investing any moneys held as part of the assets of the Litigation Settlement Trust in accordance with, and subject to the limitations of, the terms of <u>Section 3.7</u> and <u>3.8</u> hereof;

(q)     performing such other responsibilities as may be vested in the Litigation Settlement Trustees pursuant to this Agreement, orders of the Bankruptcy Court, or as may be necessary and proper to discharge the duties and obligations of a debtor-in-possession or estate fiduciary; and

(r)     conducting the affairs of the Litigation Settlement Trust and operating the Litigation Settlement Trust in a manner consistent with the terms of this Agreement.

3.3     <u>Payment of Litigation Settlement Trust Expenses</u>.

(a)     The Litigation Settlement Trustees shall maintain the Litigation-Settlement Expense Fund and expend the assets of the Litigation-Settlement Expense Fund as are reasonably necessary to meet contingent liabilities and to maintain the value of the Assets during these Chapter 11 Cases, and to pay reasonable administrative expenses (including but not limited to, (i) costs and expenses of the Litigation Settlement Trustees, (ii) reasonable fees, costs, and expenses of professionals retained by the Litigation Settlement Trustees, (iii) any taxes imposed on the Litigation Settlement Trust, (iv) fees and expenses in connection with, arising out of or related to the Litigation Settlement Trust Claims or the performance by the Litigation Settlement Trustees of their duties hereunder in accordance with this Agreement, and (v) to satisfy other liabilities incurred or assumed by the Litigation Settlement Trust (or to which the Assets are otherwise subject) in accordance with this Agreement (collectively the "<u>Litigation Trust Expenses</u>").

(b)     The Litigation Settlement Trustees may retain from the Litigation Settlement Trust Proceeds and add to the Litigation-Settlement Expense Fund, at any time and from time to time, such amounts as the Litigation Settlement Trustees deems reasonable and appropriate to ensure that the Litigation-Settlement Expense Fund will be adequate to meet the expenses and liabilities described in <u>Section 3.3(a)</u>.

(c)     Notwithstanding any other provision of this Agreement to the contrary, the Litigation Settlement Trustees shall not be required to take any action or enter into or maintain any claim, demand, action, or proceeding relating to the Litigation Settlement Trust unless it shall have sufficient funds in the Litigation-Settlement Expense Fund for that purpose.

3.4     <u>Books and Records</u>.

(a)     The Litigation Settlement Trustees shall maintain books and records relating to the assets and income of the Litigation Settlement Trust and the payment of

expenses of, liabilities of, or claims against or assumed by the Litigation Settlement Trust in such detail and for such period of time as may be necessary to enable the Litigation Settlement Trustees to make full and proper accounting in respect thereof in accordance with the provisions hereof and to comply with applicable provisions of law.  Nothing in this Agreement requires the Litigation Settlement Trustees to file any accounting or seek approval of any court with respect to the administration of the Litigation Settlement Trust, or as a condition for any payment or distribution out of the assets of the Litigation Settlement Trust.

(b)     Upon distribution of all Litigation-Settlement Proceeds and all other Cash from the Litigation Settlement Trust or the termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall retain the books, records, and files which shall have been delivered to or created by the Litigation Settlement Trustees for a period of two (2) years.

3.5     Compliance with Laws.  Any and all distributions of Assets and proceeds of borrowings, if any, shall follow applicable laws, including, without limitation, applicable federal and state securities laws.

3.6     Reliance by Litigation Settlement Trustees.  Except as otherwise provided herein:

(a)     the Litigation Settlement Trustees may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by the Litigation Settlement Trustees to be genuine and to have been signed or presented by the proper party or parties;

(b)     persons dealing with the Litigation Settlement Trustees shall look only to the Assets to satisfy any liability incurred by the Litigation Settlement Trustees to such Person in carrying out the terms of this Agreement, and neither the Litigation Settlement Trustees nor any member of the Debtors shall have any personal obligation to satisfy any such liability; and

(c)     the Litigation Settlement Trustees shall have the right at any time to seek instructions concerning the administration of this Agreement from the Bankruptcy Court or, in the event that the Chapter 11 Cases are closed, any Texas court.

3.7     Standard of Care; Exculpation.  To the fullest extent permitted by law, neither the Litigation Settlement Trustees or persons acting under the direction of the Litigation Settlement Trustees, nor any of their respective members, designees or professionals, nor any of their duly designated agents or representatives, shall be liable, responsible, or accountable in damages or otherwise for any loss, damage, or claim incurred by reason of any act or omission taken or omitted to be taken by any other Trustee or such Trustee's agents or representatives, nor shall the Litigation Settlement Trustees be liable, responsible, or accountable in damages or otherwise for any loss, damage, or claim incurred by reason of any act or omission taken or omitted to be taken by the Litigation Settlement Trustees in good faith, provided, however, that such limitation of liability shall not apply to any acts or omissions that shall be shown by clear and convincing evidence to have resulted from each such Trustee's own bad faith, willful

misconduct, gross negligence, actual fraud, or knowing violation of law. Each of the Litigation Settlement Trustees may, in connection with the performance of their respective functions, and in each of their sole and absolute discretion, consult with their respective attorneys, accountants, financial advisors, and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such Persons. Notwithstanding such authority, neither Litigation Settlement Trustee shall be under any obligation to consult with their respective attorneys, accountants, financial advisors, or agents, and the good faith determination not to do so shall not result in the imposition of liability on either of the Litigation Settlement Trustees or, as applicable, their respective designees.

## ARTICLE 4
## DISTRIBUTIONS

4.1     Distributions Subject to Confirmation of Plan.

(a)     The Litigation Settlement Trustees shall distribute the Assets to the Litigation Settlement Trust Beneficiaries or to such other parties as the case may be at such times and in such manner and amounts as shall be provided in any Plan or other order of the Bankruptcy Court.

(b)     Except as otherwise ordered by the Bankruptcy Court, in the event that the Litigation Settlement Trust shall terminate prior to confirmation of a Plan, each respective Third-Party Funding Contributor shall be entitled to receive its pro-rata share of any residual Assets, if any, and provided, however, that all costs of administration of the Litigation Settlement Trust and the Chapter 11 Cases shall be chargeable against and paid from such Assets prior to any distribution.

(c)     Notwithstanding any other provision of this Agreement, the cost of administration of the Litigation Settlement Trust shall be charged against and shall be paid prior to any distributions from the Assets. Such costs shall include, but are not limited to: (i) the Litigation Trust Expenses, and (ii) other liabilities incurred or assumed by the Litigation Settlement Trustees in their capacity as trustees (or to which the Assets are otherwise subject) in accordance with this Agreement. Further, the Litigation Settlement Trustees shall be entitled to hold such amounts in reserve as they deem reasonably necessary to meet future expenses, contingent liabilities and to maintain the value of the Assets during the term of the Litigation Settlement Trust.

## ARTICLE 5
## INDEMNIFICATION

5.1     Indemnification of Litigation Settlement Trustees

(a)     To the fullest extent permitted by law, the Litigation Settlement Trust, to the extent of its Assets, shall indemnify and hold harmless each present and former Trustee and each of their respective directors, members, shareholders, partners, officers, agents, employees, attorneys, and other professionals (collectively, the "Indemnified Persons") from and against any and all losses, costs, damages, reasonable and documented out-of-pocket expenses (including, without limitation, reasonable fees and expenses of attorneys and other advisors and

any court costs incurred by any Indemnified Person) or liability arising out of or relating to the Litigation Settlement Trust, the Litigation Settlement Trust Interests, the Assets, the Litigation Settlement Trust Claims, or any acts or omissions of any Indemnified Person in their capacity as a Litigation Settlement Trustee or agent, employee, or representative thereof; *provided, however,* that such act or omission was reasonably believed to be within the scope of authority granted to such Person under this Agreement and did not constitute bad faith, gross negligence, fraud, willful misconduct, or knowing violation of law established by clear and convincing evidence.

(b)     In their sole discretion, the Litigation Settlement Trustees may pay in advance or reimburse reasonable and documented out-of-pocket expenses (including reasonable costs of defense) incurred by an Indemnified Person who is or is threatened to be named or made a defendant or a respondent in a proceeding concerning the business and affairs of the Litigation Settlement Trust.  To the extent that any such expenses are paid or reimbursed in advance of the final disposition of any such action, suit or proceeding, the Indemnified Person shall provide the Litigation Settlement Trust with an undertaking by or on behalf of such Indemnified Person to repay such amount if it shall ultimately be determined that such Person is not entitled to be indemnified by the Litigation Settlement Trust as authorized in this Article 5. Such expenses (including attorneys' fees) may be so paid upon such terms and conditions, if any, as the Litigation Settlement Trustees deem appropriate.

(c)     Any Indemnified Person may waive the benefits of indemnification under this Article 5, but only by an instrument in writing executed by such Indemnified Person.

(d)     The Litigation Settlement Trustees shall have power to purchase and maintain insurance on behalf of any potentially Indemnified Person against any liability asserted against such Person and incurred by such Person in connection with such Person's obligations under this Agreement, whether or not such Person would be entitled to indemnification against such liability under the provisions of this Article 5.

(e)     The rights to indemnification under this Article 5 are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution.  Nothing in this Article 5 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under this Agreement or any other agreement or instrument to which that Person is a party.

## ARTICLE 6
## REPORTS

6.1     Financial, Tax, and Other Information.

(a)     The Litigation Settlement Trustees shall be responsible for filing all federal, state, and local tax returns for the Litigation Settlement Trust and paying any taxes imposed on the Litigation Settlement Trust, which amounts shall be funded solely from Assets. The Litigation Settlement Trustees shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority.

6.2 <u>Other Required Reports</u>.

(a) Promptly following the occurrence of a material event or change which effects either the Litigation Settlement Trust or the rights of the Litigation Settlement Trust Beneficiaries hereunder, the Litigation Settlement Trustees shall cause to be prepared and delivered to the Litigation Settlement Trust Beneficiaries notice of such occurrences.

(b) The Litigation Settlement Trustees shall also file (or cause to be filed) any other statements, returns, or disclosures relating to the Litigation Settlement Trust that are required by any governmental unit or regulatory agency.

6.3 <u>Certain Non-Public Information</u>. As provided in ¶ 1.2(c) the Litigation Settlement Trustees may deliver certain non-public information to one or more Litigation Settlement Trust Beneficiaries and such delivery shall in no way entitle any other Litigation Settlement Trust Beneficiary to receive such information. Notwithstanding anything in this Agreement to the contrary, the Litigation Settlement Trustees may, in their sole discretion, withhold information from any Litigation Settlement Trust Beneficiary if the Litigation Settlement Trustees believes in good faith that the delivery of such information to such Litigation Settlement Trust Beneficiary (i) is or would be prohibited by any agreement with a Third-Party or (ii) is not in the best interest of the Litigation Settlement Trust or the purpose of maximizing the value of the assets of the Litigation Settlement Trust or (iii) could damage or prejudice the Litigation Settlement Trust, the Assets or the business, operations, or purpose of the Litigation Settlement Trust.

6.4 <u>Electronic Reporting</u>. Notwithstanding anything herein to the contrary, the Litigation Settlement Trustees may post any report, notice, or other information required to be provided to the Litigation Settlement Trust Beneficiaries on a web site maintained by the Litigation Settlement Trustees in lieu of actual delivery of such report, notice, or other information to the Litigation Settlement Trust Beneficiaries, subject to providing notice that such a procedure is being (or will be) implemented.

## ARTICLE 7
## TERM; TERMINATION OF THE LITIGATION SETTLEMENT TRUST

7.1 <u>Term; Termination of the Litigation Settlement Trust</u>. The Litigation Settlement Trust shall continue for such time as is reasonably necessary to accomplish its purposes as set forth in this Agreement, provided, however, that, except as otherwise ordered by the Bankruptcy Court or as set forth in a Plan, the Litigation Settlement Trust shall be terminated upon the occurrence of the following:

(a) Dismissal of the Chapter 11 Cases;

(b) Conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code; or

(c) The effective date (the "<u>Effective Date</u>") of a Plan.

7.2 <u>Continuance of Trust for Winding Up</u>. Notwithstanding the termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall continue to act as Trustees and shall have such powers and be authorized to take such actions as are reasonably necessary to wind-down the affairs of the Litigation Settlement Trust, provided that such powers and actions shall not be inconsistent with the terms of this Agreement or applicable law. Prior to the final distribution of any of the residual Assets of the Litigation Settlement Trust, the Litigation Settlement Trustees shall be entitled to reserve from such Assets any and all amounts required to provide for their own costs and expenses, in accordance with section 4.1 herein, until such time as the winding-up of the Litigation Settlement Trust is completed. Upon termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall retain for a period of two (2) years the books, records, the Litigation Settlement Trust, and certificates and other documents and files that have been delivered to or created by the Litigation Settlement Trustees. At the Litigation Settlement Trustees' discretion, all of such records and documents may, but need not, be destroyed at any time after two years from the completion and winding-up of the affairs of the Litigation Settlement Trust. Except as otherwise specifically provided herein, upon the termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall have no further duties or obligations hereunder.

## ARTICLE 8
## AMENDMENT AND WAIVER

8.1 <u>Amendment and Waiver</u>. The Litigation Settlement Trustees, with the consent of the Third-Party Funding Contributors, up to and until entry of an order confirming a Plan in these Chapter 11 Cases, may amend, supplement or waive any provision of, this Agreement, without notice to or the consent of any Litigation Settlement Trust Beneficiary or the approval of the Bankruptcy Court: (i) to cure any ambiguity, omission, defect, or inconsistency in this Agreement, provided that such amendments, supplements, or waivers shall not materially modify the rights, duties, or obligations of the Litigation Settlement Trustees under this Agreement; (ii) to comply with any requirements in connection with maintaining any exemptions from or exceptions to the registration or reporting requirements of the Exchange Act, the Trust Indenture Act, or the Investment Company Act as deemed necessary or appropriate from time to time by the Litigation Settlement Trustees; and (iii) to evidence and provide for the acceptance of appointment hereunder by a successor trustee in accordance with the terms of this Agreement or a Plan.

## ARTICLE 9
## MISCELLANEOUS PROVISIONS

9.1 <u>Reimbursement of Trust Litigation-Settlement Costs</u>. If the Litigation Settlement Trustees, the Debtors, or the Litigation Settlement Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Agreement or the enforcement thereof, the Litigation Settlement Trustees, the Debtors, or the Litigation Settlement Trust, as the case may be, shall be entitled to collect any and all costs, reasonable and documented out-of-pocket expenses, and fees, including attorneys' fees, from the non-prevailing party incurred by the Litigation Settlement Trustees, the Debtors, or the Litigation Settlement Trust, as the case may be, in connection with such dispute or enforcement action.

9.2    <u>Laws as to Construction</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas and U.S. bankruptcy laws, as applicable, without regard to whether any conflicts of law would require the application of the law of another jurisdiction.

9.3    <u>Jurisdiction</u>. Without limiting any Person or entity's right to appeal any order of the Bankruptcy Court or to seek withdrawal of the reference with regard to any matter, and subject to the rights of the Litigation Settlement Trustees pursuant to Section 2.3(b) of this Agreement, (i) prior to the closure of the Chapter 11 Cases (a) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (b) any and all actions related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and (ii) following the closure of the Chapter 11 Cases, (x) the districts courts for Texas shall retain exclusive jurisdiction to enforce the terms of this Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (y) any and all actions related to the foregoing shall be filed and maintained only in a Texas federal district court, and the parties, including the Litigation Settlement Trust Beneficiaries, hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court and the federal district courts of Texas, as applicable.

9.4    <u>Severability</u>. If any provision of this Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement , or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Agreement shall be valid and enforced to the fullest extent permitted by law.

9.5    <u>Notices</u>. All notices, requests, or other communications to the parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic mail or facsimile communication (as evidenced by a confirmed fax transmission report); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier. Until a change of address is communicated, as provided below, all notices, requests, and other communications shall be sent to the parties at the following addresses or facsimile numbers:

**If to the Initial Trustee Robert Dew**:

Kyung S. Lee
Parkins Lee & Rubio LLP
Pennzoil Place-13[th] Floor
700 Milam
Houston, Texas 77002
klee@parkinslee.com

**If to the Litigation Settlement Trustees**:

Matthew S. Okin
Okin Adams LLP
1113 Vine St. Suite 240
Houston, TX 77002
mokin@okinadams.com

**If to Debtors**:

To:  Marc Schwartz
Chief Restructuring Officer
of the Debtors
Schwartz Associates LLC
712 Main Street, Ste 1830
Houston, Texas 77002

**With a copy to:**

Kyung S. Lee
Parkins Lee & Rubio LLP
Pennzoil Place-13th Floor
700 Milam
Houston, Texas 77002
klee@parkinslee.com

**If to Free Speech Systems, LLC**
**As a Third-Party Funding Contributor**

To:  Ray Battaglia
rbattaglialaw@outlook.com

**If to Alex Jones**
**As a Third-Party Funding Contributor**

To:  Shelby A. Jordan
sjordan@jkhwclaw.com

All notices shall be effective and shall be deemed delivered (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail or facsimile communication, on the date of receipt or confirmed transmission of the communication; and (iii) if by mail, on the date of receipt.  Any party from time to time may change its address, facsimile number, or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

   9.6 <u>Fiscal Year</u>.  The fiscal year of the Litigation Settlement Trust will begin on the first day of January and end on the last day of December of each year.

9.7 <u>Headings</u>. The section headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

9.8 <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

9.9 <u>Confidentiality</u>. The Litigation Settlement Trustees, and each successor trustee and each member of each Debtor and each successor member of each Debtor (each a "<u>Covered Person</u>") including any member or counsel to either as well as any member of any Committee Representative having access to information defined below shall, during the period that they serve in such capacity under this Agreement and following either the termination of this Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the assets of the Litigation Settlement Trust relates or of which it has become aware in its capacity (the "<u>Information</u>"), except to the extent disclosure is first obtained by a federal court and is shown to be required by applicable law, order, regulation, or legal process. In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand, or similar legal process) to disclose any Information, such Covered Person shall notify the Debtors reasonably promptly (unless prohibited by law) so that the Debtors may seek an appropriate protective order or other appropriate remedy or, in its discretion, waive compliance with the terms of this Section (and if the Debtors seeks such an order, the relevant Covered Person will provide cooperation as the Debtors shall reasonably request). In the event that no such protective order or other remedy is obtained, or that the Debtors waive compliance with the terms of this Section and that any Covered Person is nonetheless legally compelled to disclose the Information, the Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and will give the Debtors written notice (unless prohibited by law) of the Information to be disclosed as far in advance as practicable and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

9.10 <u>Entire Agreement</u>. This Agreement (including the Recitals) and the PSA shall constitute, the entire agreement by and among the parties hereto and there are no representations, warranties, covenants or obligations except as set forth herein or therein. This Agreement and the PSA supersede all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. Except as otherwise specifically provided herein, nothing in this Agreement is intended or shall be construed to confer upon or to give any person other than the named parties thereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Agreement.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Amendment or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

Effective Date:  April 28, 2022.

***INITIAL*** **LITIGATION SETTLEMENT TRUSTEE**

By: _____
Name:   Robert Dew
Title:   Initial Trustee, and as sole member of each
Debtor entity InfoW, LLC, InfoHealth,
LLC, Prison Planet TV, LLC

**INFOW, LLC**

By: _____
Name:   W. Marc Schwartz
Title:   Chief Restructuring Officer

**IWHEALTH, LLC**

By: _____
Name:   W. Marc Schwartz
Title:   Chief Restructuring Officef

**PRISON PLANET TV, LLC**

By: _____
Name:   W. Marc Schwartz
Title:   Chief Restructuring Officer

**THIRD-PARTY FUNDING CONTRIBUTOR
ALEX JONES**

By: _____
Name:

**THIRD-PARTY FUNDING CONTRIBUTOR
FREE SPEECH SYSTEMS, LLC**

By: _____
Name:
Title:

**SIGNATURES LEFT BLANK PENDNG
APPOINTMENT BY BANKRUPTCY
COURT ORDER**

_____
Name:  Russell F. Nelms
Title:   Litigation Settlement Trust Trustee
        and Debtors' Managing Member

_____
Name:  Richard S. Schmidt
Title:   Litigation Settlement Trust Trustee
        and Debtors' Managing Member

## **EXHIBIT B**

**Changes to Declaration of Trust**

# FIRST AMENDED AND RESTATED

# DECLARATION OF TRUST

# FOR THE

# 2022 Litigation Settlement Trust

---

BY AND AMONG

**DEBTORS:**
**INFOW, L.L.C., IWHEALTH, L.L.C. AND**
**PRISON PLANET TV, L.L.C.**

AND

**THIRD-PARTY FUNDING CONTRIBUTORS**

AND

**The 2022 LITIGATION SETTLEMENT TRUSTEES**
**(AS NAMED HEREIN AND FROM**
**TIME TOTIME)**

Dated as of April ~~14~~28, 2022

TABLE OF CONTENTS

**ARTICLE 1 ESTABLISHMENT OF THE LITIGATION SETTLEMENT TRUST** .......... 1
    1.1    Declaration of Trust. .......... 1
    1.2    2022 Litigation Settlement Trust Assets. .......... 2
    1.3    Funding of the Litigation Settlement Trust & Exhibit "B". .......... 3
    1.4    Tax Matters. .......... 3
    1.5    Nature and Purpose of the Litigation Settlement Trust. .......... 4
    1.6    Incorporation of a future Plan. .......... 4
    1.7    Appointment as Representative. .......... 4

**ARTICLE 2 TRUSTEES** .......... 5
    2.1    Litigation Settlement Trustees. .......... 5
    2.2    Third-Party Funding Contributors .......... 5
    2.3    Tenure, Removal, and Replacement of the Litigation Settlement Trustees. .......... 5
    2.4    Compensation of the Trustees. .......... 6
    2.5    No Bond. .......... 7
    2.6    Inquiries into Trustee's Authority. .......... 7

**ARTICLE 3 DUTIES AND LIMITATIONS OF TRUSTEES** .......... 7
    3.1    Role of the Litigation Settlement Trustees. .......... 7
    3.2    Authority of Litigation Settlement Trustees. .......... 7
    3.3    Payment of Litigation Settlement Trust Expenses. .......... 10
    3.4    Books and Records. .......... 10
    3.5    Compliance with Laws. .......... 11
    3.6    Reliance by Litigation Settlement Trustees. .......... 11
    3.7    Investment and Safekeeping of Litigation Settlement Trust Assets. .......... 11
    3.8    Limitation of Litigation Settlement Trustees's Authority. .......... 12
    3.9    Responsibilities of the Litigation Settlement Trustees. .......... 12
    3.10  Standard of Care; Exculpation. .......... 12

**ARTICLE 4 LITIGATION SETTLEMENT TRUST BOARD** .......... 13
    4.1    Litigation Settlement Trust Board. .......... 13
    4.2    Authority of the Litigation Settlement Trust Board. .......... 13
    4.3    Meetings of the Litigation Settlement Trust Board. .......... 13
    4.4    Notice and Waiver of Notice for Litigation Settlement Trustees and Litigation Settlement Trust Board. .......... 14
    4.5    Manner of Acting. .......... 14
    4.6    Litigation Settlement Trust Board's Action Without a Meeting. .......... 15
    4.7    Tenure, Removal, and Replacement of the Members of the Litigation Settlement Trust Board. .......... 15
    4.8    Compensation of the Litigation Settlement Trust Board. .......... 18
    4.9    Standard of Care; Exculpation. .......... 18

**ARTICLE 5 LITIGATION SETTLEMENT TRUST INTERESTS** .......... 18
    5.1    Issuance of Litigation Settlement Trust Interests. .......... 18
    5.2    Interests Beneficial Only. .......... 19

5.3     Evidence of Beneficial Interests.                                           19
5.4     Securities Law Matters.                                                     20
5.5     Transfer and Exchange.                                                      20
5.6     Access to the Litigation Settlement Trust Register by the Litigation
        Settlement Trust Beneficiaries.                                            22
5.7     Absolute Owners.                                                            22
5.8     Limitation on Suits by Litigation Settlement Trust Beneficiaries.          22

**ARTICLE 6 DISTRIBUTIONS**                                                         23
6.1     Use of  Proceeds.                                                           23
6.2     Manner of Payment of Distributable Proceeds.                               25

**ARTICLE 7 INDEMNIFICATION**                                                       26
7.1     Indemnification of Litigation Settlement Trustees.                         26

**ARTICLE 8 REPORTS**                                                               27
8.1     Financial, Tax, and Other Information.                                      27
8.2     Other Required Reports.                                                     28
8.3     Certain Non-Public Information.                                             28
8.4     Electronic Reporting.                                                       29

**ARTICLE 9 TERM; TERMINATION OF THE LITIGATION SETTLEMENT TRUST**  29
9.1     Term; Termination of the Litigation Settlement Trust.                      29
9.2     Continuance of Trust for Winding Up.                                        29

**ARTICLE 10 AMENDMENT AND WAIVER**                                                 30
10.1    Amendment and Waiver.                                                       30

**ARTICLE 11 MISCELLANEOUS PROVISIONS**                                             31
11.1    Intention of Parties to Establish the Litigation Settlement Trust.         31
11.2    Reimbursement of Trust Litigation  Settlement Costs.                        31
11.3    Laws as to Construction.                                                    31
11.4    Jurisdiction.                                                               31
11.5    Severability.                                                               31
11.6    Notices.                                                                    32
11.7    Fiscal Year.                                                                33
11.8    Definitions.                                                               33
11.9    Headings.                                                                   33
11.10   Counterparts.                                                              33
11.11   Confidentiality.                                                           33
11.12   Entire Agreement.                                                          34
11.13   Modification of this Declaration or the Litigation Settlement Trust Terms..
11.14   Jurisdiction and Venue.

## DECLARATION OF TRUST

This First Amended and Restated Declaration of Trust (this "Declaration") establishing Amendment")[1] governing the "2022 Litigation Settlement Trust" (the "Litigation Settlement Trust) " or the "Trust")[2] dated as of April 1428, 2022, (the "Amendment Date"), is entered into by and among the

      i.      Debtors InfoW, LLC (formerly known as Inforwars, Inc.), IWHealth, LLC (formerly known as Infowars Health, LLC) and Prison Planet TV, LLC ("PPTV") (IWI, IWHealth and PPTV collectively the "Debtors" and later the "Reorganized Debtors");

      ii.     the initial Trustee Robert Dew ("Initial Trustee Richard S. Schmidt and Russell F. Nelms, as successor trustees (the "Litigation Settlement Trustees"); and

      iii.     the two (2) Trustees named in any order entered by a Court of competent jurisdiction and approved by the Alex Jones and Free Speech Systems, LLC (the "Third-Party Funding Contributor[s] (the "Litigation Settlement Trustees" or "Trustees");.

      iv.     the Third-Party Funding Contributor[s] that initially fully fund this 2022 Litigation Settlement Trust (the "Litigation Settlement Trust" or "Declaration") as provided herein and that may, from time to time, fund this Trust to accomplish "Payment in Full" as provided herein; and

      v.     the Plan Support Agreement (the "PSA") and its parties ("PSA Parties") by which certain covenants and provided toward Payment in Full and by which the following assets are furnished by the Third-Party Funding Contributor[s], including cash and the transfer and assignment of ownership and voting rights of InfoW, LLC, IWHealth, LLC and PPTV, as provided herein

is executed in order to establish this Litigation Settlement Trust in connection with the proposal for "Payment in Full" of the "Litigation Settlement Trust Claims" (hereinafter defined) to ultimately be included in a confirmed plan of reorganization for the Debtors under Chapter 11 of the United States Bankruptcy Code, which filing shall be on or before April 17, 2022 (as it may be amended, modified, or supplemented, prior to confirmation the "Plan" and upon confirmation "Confirmed Plan") as may be authorized by the Initial Trustee. Capitalized terms used in this Declaration and not otherwise defined herein shall have the respective meanings ascribed to them in this Declaration, in the Glossary of Defined Terms (attached hereto as Exhibit "A"), or

---

[1] Capitalized terms used in this Agreement and not otherwise defined herein shall have the respective meanings ascribed to them in the Glossary of Defined Terms (attached hereto as Exhibit "A") or in that Plan Support Agreement, by and between the Debtors and the Third-Party Funding Contributor[s] (as may be amended from time to time, the "PSA").

[2] The Trust's federal tax ID # references the full name of the Trust as the "2022 FSS Litigation Settlement Trust" but is often referred to as the 2022 Litigation Settlement Trust, LST or simply "Trust" in various filings and related documents.

~~in the Plan Support Agreement; all other capitalized terms used herein are defined in Section 11.8 hereof.~~

W I T N E S S E T H

WHEREAS~~, this~~ the Litigation Settlement Trust~~, created for the benefit of the Debtors~~ was established and settled pursuant to that Declaration of Trust (the "Declaration," and, collectively with the Amendment, the "Agreement") dated April 14, 2022 (the "Trust Settlement Date"), executed by and among the Debtors, Robert Dew, as the initial trustee (the "Initial Trustee"), and the Third-Party Funding Contributor[s]~~, is intended to facilitate and underwrite the "Payment in Full" of the Litigation Settlement Trust Beneficiaries filed and allowed claims (the "Litigation Settlement Trust Claims"), as may exist from time to time and as may be funded for this purpose from time to time to achieve Payment in Full; and~~; and

WHEREAS, ~~one or more~~on April 18, 2022 (the "Petition Date") each of the Debtors ~~referenced herein may file its respective~~filed voluntary petitions ~~pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code with~~for relief chapter 11, subchapter v, of title 11 of the United States Code (the "Bankruptcy Code"), commencing jointly administered cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Court")~~, commencing a case and seeking to jointly administered the cases (the "Chapter 11 Cases") under the exclusive control of the Trustees named herein, as provided herein, and funded by Third-Party Funding Contributor[s] as herein provided; and~~; and

WHEREAS ~~in order for~~the Litigation Settlement Trust ~~to achieve the stated goal of Payment in Full of all~~was established to facilitate the administration of the Chapter 11 Cases as directed by the Litigation Settlement ~~Trust Claims, the Trust will be funded from time to time through funding committed by~~ Trustees and to pursue confirmation of a chapter 11 plan of reorganization in accordance with the terms of the PSA; and

WHEREAS the Debtors and the Third-Party Funding Contributor[s]~~, initially being Alex Jones and Free Speech Systems, LLC, agreeing to initially fund the obligations of this~~ desire the appointment of the Litigation Settlement ~~Trust with cash, assets and liens (as set out and limited herein) to support the goal of providing and assuring "Payment in Full" of all Litigation Settlement Trust Claims as provided herein and to receive the Resulting Releases as provided herein; and~~Trustees as successors to the Initial Trustee[3];

WHEREAS~~,~~ the Litigation Settlement ~~Trust is created pursuant to, and to effectuate, the confirmation of Confirmed Plan(s) and shall exist for such purpose only and shall administer, as the case may be, each and all of the claims of all of the Plaintiffs' arising out of~~Trustees require certain amendments and revisions to the terms of the Declaration as set forth herein in this Amendment as a condition of their willingness to serve as trustees of the Litigation Settlement Trust ~~Claims filed in and administered by the Trustees in the Chapter 11 Cases and~~

---

[3] Individually, each of the Litigation Settlement Trustees and the Initial Trustee may be referred to herein as a "Trustee" and collectively with any successor trustees may be referred to as the "Trustees."

liquidated as set out herein by settlements, channeling injunction and mediation, or jury trial or trial in the United States District Court; and

WHEREAS, in the Bankruptcy Court, through a Confirmed Plan, the Trustees shall seek an order that incorporates into any Confirmed Plan this pre-filing established and created Litigation Settlement Trust to (a) in an expeditious but orderly manner, prosecute, settle, or otherwise dispose of the Litigation Settlement Trust Claims by Payment in Full, as successor to and representative of the estates of the Debtors in accordance with Sections 1145(a)(1) and 1123(b)(3)(B) of the Bankruptcy Code and (b) make timely distributions to the Litigation Settlement Trust Beneficiaries in conformity with the Confirmed Plan to achieve Payment in Full;

WHEREAS all other Parties to the Litigation Settlement Trust have approved the amendments;

WHEREAS, in fulfilling its purpose, the Litigation Settlement Trust shall have both the objective and authority to continue or engage in the conduct of a trade or business to the extent reasonably necessary to, and consistent with, the purpose of the Litigation Settlement Trust; to conduct discovery under Rule 2004, of the Bankruptcy Rules of Procedure, compel production of documents as to any third party authorized under the Rule, and to protect the Debtors and the funding of the Debtors for the purposes of this Litigation Settlement Trust.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Confirmed Plan pursuant to Article 10.1(a) of the Declaration, the Debtors, the Third-Party Funding Contributor[s] (herein sometimes the "Settlors"), the Initial Trustee and the Litigation Settlement Trustees agree to this amended and restated declaration of trust as follows:

## ARTICLE 1
## ESTABLISHMENT OF THE LITIGATION SETTLEMENT TRUST

1.1     Declaration of Trust. The Pursuant to the Declaration, the Debtors and the Third-Party Funding Contributor[s] established the Litigation Settlement Trustees hereby establish the Litigation Settlement Trust, which shall be known as the "2022 Litigation Settlement Trust" on behalf of the Debtors' Estates[4] and the Estates' creditors the "Litigation Settlement Trust Beneficiaries" or "Beneficiaries") and the Litigation Settlement Trustees, as successors to the Initial Trustee, hereby accept such rights and properties assigned and transferred to them and the trust imposed upon them pursuant to this Declaration Agreement.

(b) The principal office of the Litigation Settlement Trust is Heritage Mark Building, 5606 N. Navarro, Suite 300-W and 302-C, Victoria, TX 77904 [Mail Address: IwHealth, LLC, PO Box 1819 Houston, TX 77251-1819] and all Trust affairs, assets, books and records, shall be in care of the Initial Trustee in Austin, Texas acting on behalf of the two Litigation Settlement Trustees at such offices or other offices as designated from time to time by the Litigation Settlement Trustees.

---

[4] As used herein, "Estate(s)" shall refer to the estate created upon the commencement of the Chapter 11 Cases pursuant to and as defined in § 541 of the Bankruptcy Code.

1.2     Litigation Settlement Trust Assets.

(a) In accordance with this Declaration and any future Confirmed Plan, as of the Effective Date, the Third-Party Funding Contributor[s], subject to the provisions of this Declaration and any subsequent Confirmation Order, hereby transfer, assign, and deliver to the Litigation Settlement Trustees for the benefit of the Litigation Settlement Trust Beneficiaries, and the Initial Trustee, on behalf of the two (2) Litigation Settlement Trustees hereby accepts on behalf of the Litigation Settlement Trust Beneficiaries:

(a)     As of the Trust Settlement Date, the Third-Party Funding Contributor[s], in accordance with the Declaration, transferred, assigned, and delivered to the Initial Trustee, for the benefit of the Litigation Settlement Trust Beneficiaries, and the Initial Trustee has accepted the following assets (the "Assets"):

(i)     all of the ownership rights, title, and voting rights in and to the Debtors and all of the Debtors' rights, title and interest in all, each and every tangible and intangible asset which such assignment of the ownership and governance shall specially provide that, provided that, subject to such assignment, Alex Jones, his affiliate Free Speech Systems, LLC, their agents, or anyone in any way related or affiliated to or related to them are barred and excluded from any active, direct or indirect control or participation in the management of any Chapter 11 Case Debtor; and

(ii)     all of the Debtors' respective rights, title, and interest in the Debtors' Privileges, defenses, counterclaims, and cross claims associated with the Litigation Settlement Trust Claims; and

(iiiii)     the "Litigation-Settlement Expense Fund" of not less than an aggregate of $725,000.00 in cash, some of which has already been paid, designated to pay the costs of administration, including the Debtors' professionals, the Initial Trustee and the Litigation Settlement Trustees retention, and retention by the Trustees of all professionals deemed necessary to accomplish the purpose of this Trusttrust, including costs and expenses of the Chapter 11 proceedings authorized by thisCases (as set forth on Exhibit B to the Declaration and the Initial Trustee); and provided that

(iii)     the "Funding Commitment," pursuant to which, the Third-Party Funding Contributor[s] shall maintain for not less than 120 days a balance after payment of all initial administrative expense retainers to Trustees and the Debtor's professionals, the minimum sum of $200,000.00 for continuedadvance such funds as are necessary to fund the payment of the costs of Administrationadministration of the Trust and the Chapter 11 Cases for a period of not less than 120 days, provided, however, that such Funding Commitment shall be subject to and limited by the terms and conditions set forth in the PSA.

(b)      Notwithstanding any provision of the Declaration to the contrary, all assets of the Debtors shall be deemed property of the Estates subject to entry of any final order of the Bankruptcy Court authorizing the sale, transfer, or other disposition of such assets, including but, not limited to, any order confirming a plan of reorganization providing for the vesting of such assets with the Litigation Settlement Trust or such other trust as may be established pursuant to such Plan.[5]  Further, the Litigation-Settlement Expense Fund and all the subsequent Funding Commitment shall be property of the Debtors' Estates to the extent such funds are budgeted by the Litigation Settlement Trustees in consultation with the Debtors' CRO for the costs of the administration of the Chapter 11 Cases including all professional fees incurred by the Debtors.

(iv)      Upon the transfer of these cash assets to the Litigation Settlement Trust, the Debtors shall have no interest in or obligation with respect to such assets or, except as described in this Section 1.2, Section 1.3 or Section 1.4, the Litigation Settlement Trust.

(v)      such other assets and interests provided by the Third Party Funding Contributor[s] or as provided in the Plan Support Agreement or as may be required under the agreed terms of the Confirmed Plan to be contributed by Third Parties.

All property, cash and rights described in this Section 1.2 are collectively referred to as the "Assets")

(b) The Initial Trustee shall only have only the following rights and authority unless additional authority is expressly approved by all parties to this Declaration:

(i)      To receive Assets and all contributions of cash;

(ii)      To safeguard all Assets and cash and open bank accounts or otherwise provide for the handling and accounting of all transactions prior to the approval and appointment of the two Trustees;

(iii)      To act on behalf of all of the Debtors as the sole officer and director of each respective Debtor, including the authority to authorize the filing of Chapter 11 (11 U.S.C.§ 1101, et seq) cases for each or all of the Debtors;

(iv)      To cause to be made distributions of cash only with respect to retention of counsel and other case professionals retained by the Debtors in connection with the filing of the Chapter 11Cases, which shall be expressly authorized to include such related expenses and execute the retention agreement of such counsel;

---

[5] As used herein, the term "Plan" shall refer to any chapter 11 plan of reorganization or liquidation, as the case may be, proposed by the Debtors and confirmed in the Chapter 11 Cases by final order of the Bankruptcy Court.

(v) To turn over all such Assets to the two (2) Litigation Settlement Trustees upon their appointment and approval, at which time all duties, rights and responsibilities shall end, and provided, however, all indemnity, exculpations, releases and protections of the Trustees shall apply equally to the Initial Trustee, who shall have no liability whatsoever for service as the Initial Trustee except for willful fraud or theft.

(vi) The Third-Party Funding Contributor[s] shall be solely responsible for all compensation of the Initial Trustee who shall not be compensated by this Trust.

(c) Upon approval and appointment, the Litigation Settlement Trustees shall collect all Assets and income earned with respect to, and all Litigation Settlement Proceeds being the aggregate of, and derivative of, or attributable to, all proceeds available for payments made on account of, the Assets of the Litigation Settlement Trust, and contributed from any source, including the Third Party Funding Contributors, which shall thereupon be added to the assets of the Litigation Settlement Trust and held as a part thereof (and which title shall be vested in the Litigation Settlement Trustees).

(c) (d) On or as promptly as practicable after the Effective Date of any Confirmed Plan the Reorganized entry of the Trustee Order (defined herein) the Debtors shall (i) deliver or cause to be delivered to the Litigation Settlement Trustees any and all documents (or copies thereof) to the extent relating to the Litigation Settlement Trust Claims held by the Debtors, their employees, agents, advisors, attorneys, accountants, or any other professionals hired by the Debtors and (ii) provide reasonable access to the Litigation Settlement Trustees and its their advisors to such employees of the Debtors, their agents, advisors, attorneys, accountants, or any other professionals hired by the Debtors with knowledge of matters relevant to the Litigation Settlement Trust Claims for the purpose of enabling the Litigation Settlement Trustees to fulfill its their obligations under this Declaration Agreement, including the prosecution liquidation of the Litigation Settlement Trust Claims. Reorganized The Debtors shall, pursuant to and subject to the terms and conditions of the Confirmed Plan, further facilitate access to the Litigation Settlement Trustees and its their advisors to the employees and, books and records of the Plan Support Agreement Third-Party Funding Contributor[s] in connection with the obligations of the Litigation Settlement Trustees under this Declaration Agreement, including the settlement or defense and liquidation of the Litigation Settlement Trust Claims. Requests for such access shall be made through Reorganized Debtors or its representatives only and all All such information, disclosures, and documents shall be held in the utmost confidence, subject to a written confidentiality agreement approved by the bankruptcy court from time to time.

(e) At any time and from time to time on and after the Effective Date, the Trustees and Reorganized Debtors agree (i) at the reasonable request of the Litigation Settlement Trustees to execute and/or deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed) and (ii) to take, or cause to be taken, all such further actions as the Litigation Settlement Trustees may reasonably request, in each case, in order to evidence or effectuate the transfer of the Litigation

Settlement Trust Claims to the Litigation Settlement Trustees and to otherwise carry out the intent of the Confirmed Plan.

1.3 Funding of the Litigation Settlement Trust.

(a) In accordance with this Litigation Settlement Trust, and as may be later provided in the Plan Support Agreement and the Confirmed Plan, Debtors and Reorganized Debtors shall, on the Effective Date:

(i) transfer to the Litigation Settlement Trust the Initial Litigation Settlement Expense Fund and

(ii) from time to time thereafter may deliver additions to the Litigation Settlement Expense Fund to the extent required by this Trust, the Plan Support Agreement and the Confirmed Plan.

(d) (iii) The Upon execution of the Declaration, the Third-Party Funding Contributor[s] shall upon execution of this Declaration, assign to the Litigation Settlement Trust, all governance, in form satisfactory to the Trustees, of the respective Reorganized Debtors as may have filed from time to time a Chapter 11 Case, which such assigned to the Initial Trustee all governance rights as to each Debtor, which assignment of the governance shall exclude excludes Alex Jones and his affiliate Free Speech Systems, LLC from any active, direct or indirect control or participation in the management of any Chapter 11 Case Debtor the Debtors. As part of the assignment of governance, the Litigation Settlement Trustees, as successors to the Initial Trustee, shall be permitted to file any further Title 11 case the Litigation Settlement Trustees deem advisable or proper from time to time (other than any involuntary case against any Third-Party Funding Contributor) and to prosecute such these Chapter 11 Case Cases as the sole and exclusive governing body of such the Debtors upon approval of such governance by the respective Bankruptcy Court in which the Chapter 11 Case is filed.

(iv). Except pursuant to the terms of the Confirmed Plan, none of the Debtors and the Third-Party Funding Contributors shall have any further obligation to provide any funding with respect to the Litigation Settlement Trust; provided, however, to the extent that Payment in Full is not achieved as set out herein, none of the Third-Party Funding Contributor[s] shall be entitled to the Resulting Release provided herein. The Litigation Settlement Trustees shall use the Litigation Settlement Expense Fund consistent with the purposes of this Litigation Settlement Trust and subject to the terms and conditions of this Declaration, and any Confirmed Plan.

(b) All of the initial liquidity of the Litigation Settlement Trust shall be funded by the Third-Party Funding Contributor[s] in an amount estimated to provide for all costs and expenses associated with the administration of the Litigation Settlement Trust as such amounts are reasonably estimated, and thereafter, may be funded to accomplish, as the case may be, the "Payment in Full" of all Litigation Settlement Trust Claims, in exchange for a Resulting Release in favor of the Third-Party Funding Contributor(s) upon Payment in Full, but not prior Payment in Full. The initial funding shall be in amounts as agreed between the Third-Party

Funding Contributor[s] and the Initial Trustee, as set for on Exhibit "B" [the Initial Litigation Settlement Expense Fund] executed as a part and term of this Litigation Settlement Trust providing for future commitments to such funding for all purposes of this Litigation Settlement Trust; provided, however, nothing in this Litigation Trust obligates the Third-Party Funding Contributor(s) to fund any additional funds (whether by cash, cash equivalents, property or assets on liens on tangible and intangible property, after the payment of all initial funding set out on Exhibit "B"). It is the intention of the Third-Party Funding Contributor[s] to continue, prior to Plan Confirmation, to contribute sufficient liquidity to maintain a cash balance of $200,000.00 in the Litigation Settlement Trust, after the initial payment of Trustee and professional retainers, and thereafter for 120 days to be certain that all Administrative Expenses are paid, and thereafter as determined by the Third-Party Funding Contributors in each Third-Party's sole discretion. Nothing in this Litigation Trust or Declaration creates a right or cause of action in any respect against any Third-Party Funding Contributor for any funding beyond the initial funding set out in Exhibit "B" and for the express purpose of clarity, no person or entity, claimant, creditor, Interest Holder may bring any action directly against any Third-Party Funding Contributor under this Litigation Settlement Trust or Declaration nor may any third party seize, attach, garnish or otherwise assert in any manner a lien or claim of any nature or origin to the Litigation Settlement Fund assets at any time.

(e)     At any time and from time to time on and after the Trust Settlement Date, the Debtors and the Third-Party Funding Contributor[s] agree (i) at the reasonable request of the Litigation Settlement Trustees to execute and/or deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed) and (ii) to take, or cause to be taken, all such further actions as the Litigation Settlement Trustees may reasonably request, in each case, in order to evidence or effectuate the transfer of the Assets to the Litigation Settlement Trustees and to otherwise carry out the intent of the Agreement.

(f)     All property, cash and rights described in this Section 1.2 as property of the Litigation Settlement Trust are collectively referred to herein as the "Assets." Upon the transfer of any cash assets to the Litigation Settlement Trust, the Third-Party Funding Contributors shall have no interest in or obligation with respect to such assets. Notwithstanding any provision of this Agreement except Section 2.2 and Section 4.1(b), upon deposit and receipt of fund from the Third-Party Funding Contributors, in no event shall any such funds be returned to any Third-Party Funding Contributor(s).

1.3     Funding of the Litigation Settlement Trust.

(a)     (c)   All costs and expenses associated with the Administrationadministration of the Litigation Settlement Trust, or the and all costs and expenses of administration of the Debtors' operations and the Chapter 11 Cases shall be the responsibility of and paid by the Litigation Settlement Trust as approved and funded herein.Trustees and the Debtors, respectively, from the Litigation-Settlement Expense Fund and subsequent Funding Commitment payments pursuant to a budget established by the Litigation Settlement Trustees in consultation with the Debtors' CRO.

~~Tax Matters.~~ In accordance with this Agreement and the Funding Commitment, and subject to the terms and conditions of the PSA, the Third-Party Funding Contributor[s] shall from time to time hereafter deliver additional Cash to the Litigation-Settlement Expense Fund to the extent requested by the Litigation Settlement Trustees.  Specifically, from the Petition Date until the earlier of (x) 120 days after the Petition Date, or (y) the effective date of any Plan, the Third-Party Funding Contributor[s] shall contribute such funding as is necessary to maintain a cash balance of $200,000.00 in the Litigation-Settlement Expense Fund.  Such additional funding shall be provided in Cash to the Litigation-Settlement Expense Fund by the Third-Party Funding Contributor[s] within five (5) business days of receipt of a written request by the Litigation Settlement Trustees.  To the extent that the Third-Party Funding Contributor[s] fail to make such Cash deposits within the applicable five-day period, the Litigation Settlement Trustees, in their sole discretion, may move to dismiss the Chapter 11 Cases or covert the same to cases under chapter 7 of the bankruptcy and the seeking of such relief shall not constitute a breach of any obligation under this Agreement or the PSA. In the sole discretion of the Litigation Settlement Trustees, the five-day period may be extended to accommodate funding reasonably anticipated from the Third-Party Funding Contributor[s].

~~(a) Solely for tax purposes, the Litigation Settlement Trust Beneficiaries and Reorganized Debtors (to the extent of its retained interest in the Litigation Settlement Trust for federal income tax purposes) (collectively, the "Trust Tax Owners") are treated as grantors and owners of the Litigation Settlement Trust pursuant to Section 671 et seq. of the Internal Revenue Code and the Treasury Regulations promulgated thereunder (the "Treasury Regulations") and any similar provisions of state or local law. It is intended that the Litigation Settlement Trust be classified as a liquidating trust under Section 301.7701-4(d) of the Treasury Regulations.~~

~~(b)  For all federal, state and local income tax purposes, all persons (including, without limitation, the Debtors, the Trustees, and the Trust Tax Owners) shall take the position, subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary, that the transfer of assets to the Litigation Settlement Trust is a deemed transfer to the Trust Tax Owners (as of the Initial Distribution Date), followed by a deemed transfer by such Trust Tax Owners to the Litigation Settlement Trust.~~

~~(c) The fair market value of the portion of the Litigation Settlement Trust Assets that is treated as having been transferred to each Trust Tax Owner pursuant to Section 1.4(b) hereof, and the fair market value of the portion of the Litigation Settlement Trust Assets that is treated for federal income tax purposes as having been transferred to any Trust Tax Owner or other distributee as a result of the allowance or disallowance of a Disputed Claim, shall be determined by the Litigation Settlement Trustees, and all persons (including, without limitation, the Litigation Settlement Trustees, the Trust Tax Owners, and the transferors, for tax purposes, of any assets transferred to the Litigation Settlement Trust) shall utilize the fair market value determined by the Litigation Settlement Trustees for all federal income tax purposes.~~

(c) ~~(d)~~ The Litigation Settlement Trustees shall ~~allocate any items of income, gain, loss, deduction, and credit of the~~ use the Litigation-Settlement Expense Fund consistent with the purposes of this Litigation Settlement Trust and subject to the terms and conditions of this Agreement and any the PSA.  Except as may be agreed and set forth under a

Plan, none of the Debtors nor the Third-Party Funding Contributor[s] shall have any further obligation to provide any funding with respect to the Litigation Settlement Trust for federal income tax purposes among current and/or former Trust Tax Owners, such allocation shall be binding on all current and former Trust Tax Owners for all federal, state, and local income tax purposes and the current and former Trust Tax Owners shall be responsible (on a current basis) for the payment of any federal, state, and local income tax due on the income and gain so allocated to them.other than as set forth herein and in the PSA.

## ARTICLE 2
## TRUSTEES

2.1 1.5 Nature and Purpose of the Litigation Settlement Trust and Initial Trustee. Purpose. Upon compliance with Section 3810 of the Delaware Statutory Trust Act, 12 Del. C., § 3801 et seq. (hereinafter the "Act"), the Litigation Settlement Trust shall be organized and established as a statutory trust pursuant to which the Litigation Settlement Trustees, subject to the terms and conditions contained herein and in a Confirmed Plan, is to (i) hold the assets of the Litigation Settlement Trust and dispose of the same in accordance with this Declaration and a Confirmed Plan in accordance with Treasury Regulation Section 301.7701-4(d) and (ii) oversee and direct the expeditious but orderly liquidation of the assets of the Litigation Settlement Trust received from time to time. Accordingly, the primary purpose of the Litigation Settlement Trust is to liquidate the Litigation Settlement Trust Claims and accomplish Payment in Full, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Litigation Settlement Trust.

(b) Relationship. This Declaration is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust under Texas law. The Litigation Settlement Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Settlement Trustees, or the Litigation Settlement Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Litigation Settlement Trust Beneficiaries to the Litigation Settlement Trustees and the Litigation Settlement Trust Board shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Declaration and as set forth in the Confirmed Plan. In every event, the Trustees are not deemed in a fiduciary relationship to any Third Party or any Litigation Settlement Trust Beneficiaries and in every event shall only have liability for their actual fraud or gross misconduct established under clear and convincing evidence standards.

(c) Initial Trustee: This Trust shall be initially administered by the Initial Trustee designated by the Third-Party Funding ContributorsContributor[s] upon the initial funding. The sole duty of the Initial Trustee shall be to preserve all Trust Assets contributed by the Third-Party Funding Contributors, including cash, equity and control rights in not fewer than the four entities listed on Exhibit "C" including the new entity resulting from the Merger transaction between Free Speech Systems, LLC and the new entitythe Assets. The Initial Trustee shall serve as the control person for each entity asset of the Litigation Settlement Trust until the replacement two (2)

Trustees are approved and commence service as Trustees under the provisions of this Trust until the earlier of (i) entry of the Trustee Order (defined herein), at which time the Initial Trustee shall resign and have no further rights or obligations under this Agreement, or (ii) termination of this Litigation Settlement Trust.

Incorporation of Confirmed Plan. Upon confirmation of a Plan, if any, pursuant to 11 U.S.C. § 1129, the Confirmed Plan and the Confirmation Order are each hereby incorporated into this Declaration and made a part hereof by this reference; *provided, however*, to the extent that there is conflict between the provisions of this Declaration, the provisions of the Confirmed Plan, and/or the Confirmation Order, each such document shall have controlling effect in the following rank order: (i) this Declaration [which may not be modified or expanded by any Plan or Order unless fully agreed and consented to by all parties to this Declaration]; (ii) the Confirmation Order; and (iii) the Confirmed Plan; provided, however, nothing in any Confirmed Plan shall create a liability or obligation of any Third-Party Funding Contributor not expressly and in writing assumed; that is, a Confirmed Plan shall not compel payments of contributions by the Third-Party Funding Contributor not required under the Plan Support Agreement, nor grant a release until Payment in Full is reached.

Appointment as Representative.. Pursuant to this Declaration, and thereafter pursuant to section 1123(b)(3) of the Bankruptcy Code, the Confirmed Plan appoints the then-serving Litigation Settlement Trustees (as the duly appointed representative of the Debtors' Estates) and, as such, the Litigation Settlement Trustees succeeds to all of the rights and powers of a trustee in bankruptcy with respect to prosecution, sale, transfer, or other disposition, as applicable, of the Litigation Settlement Trust Claims for the ratable benefit of the Litigation Settlement Trust Beneficiaries on all Litigation Trust Claims. To the extent that any Litigation Settlement Trust Claims cannot be transferred to the Litigation Settlement Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Litigation Settlement Trust Claims shall be deemed to have been retained by Reorganized Debtors, and the Litigation Settlement Trustees shall be deemed to have been designated as a representative of the Estates pursuant to section 1123 (b)(3)(B) of the Bankruptcy Code to enforce, pursue, sale, transfer, or otherwise dispose of, as applicable, such Litigation Settlement Trust Claims on behalf of the Estates.

## ARTICLE 2
## TRUSTEES

(a)     The Initial Trustee shall have only the following rights and authority unless additional authority is expressly approved by all parties to the Agreement:

(i)     To receive the Assets and all contributions of Cash, if banking privileges are obtained for such deposits;

(ii)     To safeguard all Assets and Cash and open bank accounts or otherwise provide for the handling and accounting of all

transactions prior to the approval and appointment of the Litigation Settlement Trustees;

(iii)     To act on behalf of all of the Debtors as the sole officer and director of each respective Debtor, including the authority to authorize the filing of the Chapter 11 Cases for each or all of the Debtors;

(iv)     To cause to be made, or authorize any funds-holder to make, distributions of cash only with respect to retention of counsel and other case professionals retained by the Debtors in connection with the filing of the Chapter 11 Cases, which shall be expressly authorized to include such related expenses and execute the retention agreement of such counsel;

(v)     To turn-over, or cause to be turned over by any funds-holder, all such Assets to the Litigation Settlement Trustees upon their appointment and approval, at which time all duties, rights and responsibilities shall end, and provided, however, all indemnity, exculpations, releases and protections of the Trustees shall apply equally to the Initial Trustee, who shall have no liability whatsoever for service as the Initial Trustee except for willful fraud or theft.

(vi)     The Third-Party Funding Contributor[s] shall be solely responsible for all compensation of the Initial Trustee who shall not be compensated by this Trust.

(b)     Upon entry of the Trustee Order, the Litigation Settlement Trustees shall collect and accept title to the Assets and any (i) income earned with respect to, derivative of, or attributable to the Assets; or (ii) proceeds or payments made on account of the Assets (collectively, "Litigation-Settlement Proceeds"), which shall thereupon be added to the Assets of the Litigation Settlement Trust and held as a part thereof (and which title shall be vested in the Litigation Settlement Trustees).

2.2     2.1 Litigation Settlement Trustees.   In accordance with this ~~Litigation Settlement Trust, to be later incorporated in the Confirmed Plan and subject to the Confirmation Order~~Agreement, Richard S. Schmidt and Russell F. Nelms, two individuals ~~and~~that are each citizens of the State of Texas, are hereby named, ~~constituted,~~ and appointed as Litigation Settlement Trustees ~~effective not later than 45 days after the date of funding and appointment of the Initial Trustee.  Absence of such appointed Trustees, this,~~ which appointment shall become effective upon entry of an order of the Bankruptcy Court approving such appointment (the "Trustee Order") and the terms of this Amendment, which order shall be in form and substance agreeable to the Litigation Settlement Trustees.  In the event that the Trustee Order is not entered within 45 days following the Trust Settlement Date, this Litigation Settlement Trust shall terminate, and all funds remaining in the Litigation-Settlement Expense Fund shall be returned to the respective Third-Party Funding Contributor.  Upon ~~the appointment of the two~~entry of and

subject to terms of the Trustee Order, the Litigation Settlement Trustees, each shall promptly commence service and have all the rights, powers, and duties set forth herein and as otherwise provided by law including, which shall be broadly and liberally construed to accomplish the purpose of this Litigation Settlement Trust, including:

(b)       All of the powers and duties of managers of the Trust and of the Debtors for all purposes, including filing of any proceeding, case, suit, or other legal proceeding; operation of the Debtors as debtors, Debtors-in-Possession (with all rights and powers of a Trustee under 11 U.S.C. § 101, et. seq); and

(a)       All of the powers and duties of managers of the Litigation Settlement Trust and of the Debtors for all purposes, including filing of any proceeding, case, suit, or other legal proceeding; provided, however, that such authority as managers of the Debtors may include appropriate delegation of authority to the Chief Restructuring Officer (the "CRO") as the principal officer of the Debtors, as Debtors-in-Possession, and shall not abridge the CRO's obligations as a fiduciary of the Debtors and their Estates, or any other obligations of the CRO as an Estate professional under section 327 of the Bankruptcy Code;

(b)                               (c)       All of the powers referenced, granted, or provided herein or as may be requirerequired to perform the duties of a Trustee provided herein and or in any proceeding brought under Title 11 U.S.C. ¶ 101 et. seq; and

(c)                               (d)       All of the powers and duties provided under the laws of the State of Texas; and

(e)       All of the powers and duties provided in the Confirmed Plan.

(d)       All other powers and duties set out in this Agreement, including those powers set out in §3.2 hereof.

Each of the Litigation Settlement Trustees is willing and does hereby accept the appointment to act and serve as Litigation Settlement Trustees of the Litigation Settlement Trust.

(f)       All other powers and duties set out in this Declaration, including those powers set out in §3.2 hereof.

Third-Party Funding Contributor(s).       In accordance with this Litigation Settlement Trust, to be incorporated in the Confirmed Plan and subject to the Confirmation Order, the Third-Party Funding Contributor(s) shall agree to contribute, from time to time for the purpose of the initial funding of the Litigation Settlement Trust and thereafter payment of all minimum balance of the Administrative Expenses (as that term is used in cases under 11 U.S.C.1101, et seq.) for the time provided herein, and thereafter, may agree to contribute, from time to time, sufficient funds to assure Payment in Full of all Litigation Settlement Trust Claims as may be provided in the Confirmed Plan, and until Termination as herein provided or until Payment in Full and recognition of the Resulting Releases to the Third Party Contributor(s).

(a) From time to time the Trustees may request of the Third-Party Funding Contributors current financial information, operating information, assets or account information

("Information") as reasonably needed to determine that each Third-Party Funding Contributor is maintaining operations and business sufficient to not only maintain the minimum balance in the Litigation Settlement Trust, but also to Pay in Full, on such terms as may be incorporated the Confirmed Plan, so as reasonably to allow the Trustees to have adequate assurances of future performance of any required Payment Stream to accomplish Payment in Full. The Information shall be produced only under this provision, and to the extent that there is any disagreement on Information production requested, the Trustees may seek orders from any Federal Court having jurisdiction over the Litigation Settlement Trust. In every event the Information shall be held absolutely confidential and held pursuant to the confidentiality term of this Litigation Settlement Trust and such other confidentiality terms reasonably requested by the any Third-Party Funding Contributor and shall be received and held by the Trustees as "Trustees and Trustees' Professionals Eyes Only."

(b) The Trustees shall not be subject to any subpoenas or efforts to pierce this confidentiality agreement other than the federal court having jurisdiction over the trust (this Trust being considered a Barton Doctrine Trust); provided, however, to the extent that the Litigation Claimants have formed a committee or a recognized *ad hoc* committee, and designated a representative of that committee (the "Committee Representative"), then in such event, the Trustees may, after disclosure to any Third-Party Funding Contributor with an opportunity to file any objections with any Federal Court having jurisdiction, allow such Committee Representative access to such Information upon execution of a sufficient confidentiality agreement to protect such Information for the purpose of Settlement, but not otherwise.

(c) Nothing in this confidentiality agreement terms or other term in the Litigation Trust shall create any separate liability of any Third-Party Funding Contributor for any sums other than the obligation to maintain the Settlement Trust balances for payment of Administrative Expenses, including any Chapter 11 Administrative Expenses, but not otherwise unless agreed to in writing by any such Third-Party Funding Contributor.

(d) Nothing in this § 2.2 replaces the terms and restriction on Information set out in Section 11.11.

2.3 Tenure, Removal, and Replacement of the ~~Litigation Settlement and~~ Litigation Settlement Trustees.

(a) The Litigation Settlement Trustees (each, a "Trustee" and, together, the "Trustees") will each serve until resignation ~~and the appointment of a successor~~ pursuant to subsection (b) below, removal pursuant to subsection (c) below, or death (if applicable).

(b) A Trustee may resign by giving not less than ~~60~~ten (10) days' prior written notice to the Debtors~~, or post confirmation, to the Litigation Settlement Trust Board~~. Such resignation will become effective on the ~~later to occur of: (i) the~~ day specified in such notice ~~and (ii) the appointment of a successor trustee as provided herein and the acceptance by such successor trustee of such appointment. If a successor trustee is not appointed or does not accept its appointment within 60 days following delivery of notice of resignation, the Litigation~~

~~Settlement Trustee(s) may file a motion with the Bankruptcy Court or with the Delaware Court of Chancery (at the discretion of the Litigation Settlement Trustees and at the expense of the Litigation Settlement Trust), upon notice and hearing, for the appointment of a successor Trustee.~~.

(c)     A Trustee may be removed by order of the Bankruptcy Court ~~on motion of a majority of the members of the Litigation Settlement Trust Board~~.  Any motion to remove a Trustee shall be "for cause" shown by clear and convincing evidence, and all costs and fees for the successful defense of any such action for cause shall be the obligation of the Litigation Settlement Trust.

(d)     In the event of a vacancy in the position of a Trustee (whether by removal, resignation, or (if applicable) death), the vacancy will be filled by the appointment of a successor trustee by (i) ~~majority vote and resolution of the Litigation Settlement Trust Board~~the Third-Party Funding Contributor[s], and the acceptance by the successor trustee in accordance with Section 2.3(e) or (ii) an order of the Bankruptcy Court after an opportunity for a hearing; *provided, however*, that only the ~~Litigation Settlement Trust Board~~Debtors shall have standing to seek such an order~~, except as provided in Section 2.3(b)~~.  If a successor trustee is appointed by resolution, as provided in clause (i) of the preceding sentence, and such appointment is accepted by the successor trustee, the ~~Litigation Settlement Trust Board~~Debtors shall file notice of such appointment and acceptance with the Bankruptcy Court, which notice will include the name, address, and telephone number of the successor trustee; provided that the filing of such notice shall not be a condition precedent to the vesting in the successor Trustee of all the estates, properties, rights, powers, trusts, and duties of its predecessor.

(e)     Any successor trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the predecessor Trustee hereunder and thereupon the successor trustee shall, without any further act, become vested with all the estates, properties, rights, powers, privileges, authorities, and duties of its predecessor in the Litigation Settlement Trust hereunder with like effect as if originally named herein and the successor trustee will not be liable personally for any act or omission of the predecessor Trustee.

(f)     Upon the appointment of a successor trustee, the predecessor Trustee (or the duly appointed legal representative of a deceased Trustee) shall, if applicable, when requested in writing by the successor trustee, execute and deliver an instrument or instruments conveying and transferring to such successor trustee upon the trust herein expressed, without recourse to the predecessor Trustee, all the estates, properties, rights, powers, and trusts of such predecessor Trustee, and shall duly assign, transfer, and deliver to such successor trustee all property and money held hereunder, and all other assets and documents relating to the Litigation Settlement Trust~~, the Litigation Settlement Trust Claims, or the Litigation Settlement Trust Interests~~ then in its possession and held hereunder.

~~(g)     During any period in which there is a vacancy in the position of a Trustee, the Litigation Settlement Trust Board may (to the extent permitted by the Act) appoint one of its members to serve as an interim Trustee, (the "Interim Trustee"). The Interim Trustee shall be subject to all the terms and conditions applicable to a Litigation Settlement Trustees~~

hereunder. Such Interim Trustee shall not be limited in any manner from exercising any rights or powers as a member of the Litigation Settlement Trust Board merely by its appointment as Interim Trustee.

(g)  (h)  The death, resignation, retirement, removal, bankruptcy, dissolution, liquidation, incompetence, or incapacity to perform the duties of a Trustee shall not operate to dissolve, terminate, or annul the Litigation Settlement Trust.

### 2.4  Compensation of the Trustees.

(a)  As compensation, the Litigation Settlement Trustees shall be entitled to receive initially an ~~hour~~hourly rate set out below for all time involving Trustee services (or such other amount as agreed to from time to time by the Litigation Settlement Trustees and the ~~Litigation Settlement Trust Board~~Debtors or as approved by the Bankruptcy Court, as the case may be), payable for the performance of services provided under and pursuant to this ~~Declaration~~Agreement, and shall be reimbursed for all reasonable and documented expenses incurred in connection with the performance of its services hereunder.

(b)  The Litigation Settlement Trustees shall be entitled to receive compensation for services on an hourly rate~~, payable monthly on the 20th day of each month following the months such services were rendered,~~ and shall be reimbursed for all reasonable and documented expenses incurred in connection with the performance of ~~its~~their services hereunder, or as may be ordered by the Bankruptcy Court.  For notice purposes only, the Litigation Settlement Trustees shall file in the Bankruptcy Court a monthly fee statement not later than the 15th day of each month following the months such services were rendered and shall be entitled to receive payment from the Litigation-Settlement Expense Fund on the 20th day of said month.

### 2.5  No Bond. The Trustees shall serve without bond.

Inquiries into Trustee's Authority.  Except as otherwise set forth in the Litigation Settlement Trust or in the Confirmed Plan, no Person dealing with the Litigation Settlement Trust shall be obligated to inquire into the authority of the Litigation Settlement Trustees in connection with the prosecution, protection, conservation, sale, or other disposition, as applicable, of the Litigation Settlement Trust Claims.

## ARTICLE 3
## DUTIES AND LIMITATIONS OF TRUSTEES

3.1 <u>Role of the Litigation Settlement Trustees</u>. In furtherance of and consistent with the purpose of this Litigation Settlement Trust ~~from execution date and as the Confirmed Plan shall include~~, the Litigation Settlement Trustees~~, subject to the terms and conditions contained herein and later in the Confirmed Plan, shall, in an expeditious but orderly manner, liquidate and convert to Cash the assets of the Litigation Settlement Trust~~, <u>shall</u> engage in acts that would constitute ordinary performance of the obligations of a trustee under a ~~liquidating litigation trust~~<u>Texas law</u>, make timely distributions of ~~such~~ Cash and not unduly prolong the duration of the Litigation Settlement Trust. ~~The liquidation of the Litigation Settlement Trust Claims may be accomplished either through the prosecution, compromise and settlement, abandonment, dismissal, or other disposition of any or all claims, rights, or causes of action, or otherwise.~~ In all circumstances, the Litigation Settlement Trustees shall act in ~~the best interests of maximizing~~<u>a manner reasonably expected to maximize</u> the value of the ~~assets of the Litigation Settlement Trust~~<u>Assets</u> for the Litigation Settlement Trust Beneficiaries and in furtherance of the purpose of the Litigation Settlement Trust~~and shall, where required pursuant to the terms of this Declaration, consult with the Litigation Settlement Trust Board. All of the Litigation Settlement Trustees' decisions with respect to the pursuit or settlement of the Litigation Settlement Trust Claims shall be taken in good faith.~~<u>.</u>

3.2 <u>Authority of Litigation Settlement Trustees</u>. Subject to any limitations contained herein ~~(including, without limitation, Article 4 hereof) or in the Confirmed Plan~~, the Litigation Settlement Trustees shall have the full power, authority, and discretion to take any and all actions as are necessary or advisable to carry out ~~its~~<u>their</u> responsibilities hereunder and to effectuate the purposes of the Litigation Settlement Trust, including, without limitation:

(a) full power, authority, and discretion to interpret, construe, and decide all questions and issues arising under any provision of this ~~Declaration or of any agreement, notification, certificate, or document relating to or evidencing a Litigation Settlement Trust Interest (including, without limitation, the power, authority, and discretion to determine whether any particular holder or beneficial owner of a Litigation Settlement Trust Interest shall be entitled to exercise any right conferred hereunder or under any other relevant agreement, notification, certificate, document, or similar instrument),~~<u>Agreement,</u> and the decisions of the Litigation Settlement Trustees with respect to all such matters shall be final, conclusive, and binding on all parties who have an interest in the Litigation Settlement Trust ~~or any Litigation Settlement Trust Interest~~;

(b) receiving (and accepting), managing, supervising, and protecting the assets of the Litigation Settlement Trust on behalf of and for the benefit of the Litigation Settlement Trust Beneficiaries;

(c) holding legal title to any and all rights of the Litigation Settlement Trust Beneficiaries in or arising from the ~~assets of the Litigation Settlement Trust, and, in consultation with the Litigation Settlement Trust Board,~~<u>Assets, and</u> protecting and enforcing the rights to the ~~assets of the Litigation Settlement Trust~~<u>Assets</u> vested in the Litigation Settlement Trustees by this ~~Declaration~~<u>Agreement</u> by any method deemed appropriate, including, without

limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law, and general principles of equity;

(d) commencing and/or pursuing any and all actions involving Assets that could arise or be asserted at any time;

(d) in consultation with the Litigation Settlement Trust Board, filing, initiating, prosecuting, and if necessary and appropriate, selling, compromising and settling, abandoning, or dismissing the Litigation Settlement Trust Claims;

(e) in consultation with the Litigation Settlement Trust Board, commencing and/or pursuing any and all actions involving assets of the Litigation Settlement Trust that could arise or be asserted at any time, unless otherwise waived or relinquished in the Confirmed Plan;

(e) (f) distributing to some or all of the Litigation Settlement Trust Beneficiaries (as deemed appropriate by the Litigation Settlement Trustees) information regarding the Litigation Settlement Trust Claims and upon executing confidentiality agreements with such Litigation Settlement Trust Beneficiaries satisfactory to the Litigation Settlement Trustees in connection therewith, and the Litigation Settlement Trustees shall have the full power, authority, and discretion to withhold or restrict the delivery of any such information to any Litigation Settlement Trust Beneficiary if the Litigation Settlement Trustees determines in its determine in their reasonable discretion that such action is in the best interests of the Litigation Settlement Trust;

(f) (g) making all necessary filings in accordance with any applicable law, statute or regulation, and in consultation with counsel, seeking any advice or determination that may be necessary or appropriate under any such laws, statutes, or regulations;

(h) executing and filing one or more registration statements and prospectuses (including any amendments or supplements thereto) under the Securities Act (if applicable) relating to the Litigation Settlement Trust Beneficial Interests and the preparation and filing of all periodic and other reports, forms, and other filings required under the Exchange Act and any other applicable federal or state securities laws;

(i) taking of any action to cause the Litigation Settlement Trust to not be deemed an Investment Company under the Investment Act or subject to the Trust Indenture Act;

(j) calculating and implementing of all distributions to be made to the Litigation Settlement Trust Beneficiaries;

(g) (k) filing of all required tax and information returns and paying of taxes and all other obligations of the Litigation Settlement Trust;

(h) (l) requesting any appropriate tax determination with respect to the Litigation Settlement Trust;

(i) (m) paying all expenses and making all other payments relating to any ~~assets~~Assets of the Litigation Settlement Trust;

(j) (n) obtaining insurance coverage with respect to (i) the liabilities and obligations of the Trustees under this Agreement (in the form of an errors and omissions policy or otherwise) and (ii) real and personal property, which may become ~~assets of the Litigation Settlement Trust~~Assets, if any;

(k) ~~(o) in consultation with the Litigation Settlement Trust Board,~~ negotiating, receiving, or accepting of the assignment or transfer of claims, rights, suits, judgments, causes of action, recoveries and/or proceeds therefrom, from the holders thereof, to the extent that an assignment and/or transfer to the Litigation Settlement Trust is deemed to be in the best interests of maximizing the value of the ~~assets of the Litigation Settlement Trust for the Litigation Settlement Trust Beneficiaries~~Asset;

(l) ~~(p) in consultation with the Litigation Settlement Trust Board,~~ determining the amount of consideration to be provided for the assignment or transfer of claims, rights, suits, judgments, causes of action, recoveries, and/or proceeds therefrom;

(m) ~~(q) in consultation with the Litigation Settlement Trust Board,~~ compromising, adjusting, arbitrating, suing on or defending, abandoning, or otherwise dealing with and settling claims in favor of or against the Litigation Settlement Trust as the Litigation Settlement Trustees shall deem advisable;

(n) (r) determining and satisfying any and all liabilities created, incurred or assumed by the Litigation Settlement Trust;

(o) ~~(s) in consultation with the Litigation Settlement Trust Board,~~ retaining and paying such law firms, investment bankers, accounting firms, experts, advisors, consultants, investigators, appraisers, agents, employees, or other professionals and third parties as the Litigation Settlement Trustees may deem necessary or appropriate to assist the Litigation Settlement Trustees in carrying out the Litigation Settlement ~~Trustees's~~Trustees' powers and duties under this ~~Declaration~~Agreement. The Litigation Settlement Trustees may commit the Litigation Settlement Trust to and shall pay all persons or entities retained or employed by the Litigation Settlement Trust reasonable compensation for services rendered and reasonable expenses incurred;

(p) (t) investing any moneys held as part of the assets of the Litigation Settlement Trust in accordance with, and subject to the limitations of, the terms of Section 3.7 and 3.8 hereof;

(q) (u) performing such other responsibilities as may be vested in the Litigation Settlement Trustees pursuant to ~~the Confirmed Plan,~~ this ~~Declaration~~Agreement, orders of the Bankruptcy Court, or as may be necessary and proper to ~~carry out the provisions of the Confirmed Plan~~discharge the duties and obligations of a debtor-in-possession or estate fiduciary; and

(r) ~~(v)~~ conducting the affairs of the Litigation Settlement Trust and operating the Litigation Settlement Trust ~~so that the Litigation Settlement Trust will not fail to be classified as a liquidating trust within the meaning of Treasury Regulation 301.7701-4(d)~~in a manner consistent with the terms of this Agreement.

3.3     Payment of Litigation Settlement Trust Expenses.

(a)     The Litigation Settlement Trustees shall maintain the Litigation-Settlement Expense Fund and expend the assets of the Litigation-Settlement Expense Fund as are reasonably necessary to meet contingent liabilities and to maintain the value of the ~~assets of the Litigation Settlement Trust during liquidation~~Assets during these Chapter 11 Cases, and to pay reasonable administrative expenses (including but not limited to, (i) costs and expenses of the Litigation Settlement Trustees, (ii) reasonable fees, costs, and expenses of professionals retained by the Litigation Settlement Trustees, (iii) ~~the expenses of members of the Litigation Settlement Trust Board permitted under this Declaration, (iv)~~ any taxes imposed on the Litigation Settlement Trust, (~~iv~~iii) fees and expenses in connection with, arising out of or related to the Litigation Settlement Trust Claims or the performance by the Litigation Settlement Trustees of ~~his~~their duties hereunder in accordance with this ~~Declaration~~Agreement, and (~~vi~~iv) to satisfy other liabilities incurred or assumed by the Litigation Settlement Trust (or to which the ~~assets~~Assets are otherwise subject) in accordance with ~~the Confirmed Plan or~~ this ~~Declaration~~Agreement (collectively the "Litigation Trust Expenses").

(b)     The Litigation Settlement Trustees may retain from the Litigation Settlement Trust Proceeds and add to the Litigation-Settlement Expense Fund, at any time and from time to time, such amounts as the Litigation Settlement Trustees deems reasonable and appropriate to ensure that the Litigation-Settlement Expense Fund will be adequate to meet the expenses and liabilities described in Section 3.3(a).

(c)     Notwithstanding any other provision of this ~~Declaration~~Agreement to the contrary, the Litigation Settlement Trustees shall not be required to take any action or enter into or maintain any claim, demand, action, or proceeding relating to the Litigation Settlement Trust unless it shall have sufficient funds in the Litigation-Settlement Expense Fund for that purpose.

3.4     Books and Records.

(a)     The Litigation Settlement Trustees shall maintain ~~in respect of the Litigation Settlement Trust and the Litigation Settlement Trust Beneficiaries,~~ books and records relating to the assets and income of the Litigation Settlement Trust and the payment of expenses of, ~~and~~ liabilities of, or claims against or assumed by~~,~~ the Litigation Settlement Trust in such detail and for such period of time as may be necessary to enable the Litigation Settlement Trustees to make full and proper accounting in respect thereof in accordance with the provisions hereof and to comply with applicable provisions of law.  Nothing in this ~~Declaration~~Agreement requires the Litigation Settlement Trustees to file any accounting or seek approval of any court with respect to the administration of the Litigation Settlement Trust, or as a condition for any payment or distribution out of the assets of the Litigation Settlement Trust.

(b)　　Upon distribution of all Litigation-Settlement Proceeds and all other Cash from the Litigation Settlement Trust or the termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall retain the books, records, and files which shall have been delivered to or created by the Litigation Settlement Trustees for a period of two (2) years.

3.5　　Compliance with Laws.　Any and all distributions of ~~assets of the Litigation Settlement Trust~~Assets and proceeds of borrowings, if any, shall ~~be in compliance with~~follow applicable laws, including, without limitation, applicable federal and state securities laws.

3.6　　Reliance by Litigation Settlement Trustees.　Except as otherwise provided herein:

(a)　　the Litigation Settlement Trustees may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by the Litigation Settlement Trustees to be genuine and to have been signed or presented by the proper party or parties;

(b)　　persons dealing with the Litigation Settlement Trustees shall look only to the ~~assets of the Litigation Settlement Trust~~Assets to satisfy any liability incurred by the Litigation Settlement Trustees to such Person in carrying out the terms of this ~~Declaration~~Agreement, and neither the Litigation Settlement Trustees nor any member of the ~~Litigation Settlement Trust Board~~Debtors shall have any personal obligation to satisfy any such liability; and

(c)　　the Litigation Settlement Trustees shall have the right at any time to seek instructions concerning the administration of this ~~Declaration~~Agreement from the Bankruptcy Court or, in the event that the ~~Bankruptcy~~Chapter 11 Cases are closed, any ~~Delaware Court of Chancery~~Texas court.

~~Investment and Safekeeping of Litigation Settlement Trust Assets.　The Litigation Settlement Trustees shall invest all assets transferred to the Litigation Settlement Trustees (other than Litigation Settlement Trust Claims), all Litigation Settlement Trust Proceeds, the Litigation Settlement Expense Fund and all income earned by the Litigation Settlement Trust (pending periodic distributions in accordance with the provisions of the Confirmed Plan) only in cash demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary, liquid investments, such as Treasury bills; provided, however, that (i) the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the guidelines of the IRS, whether set forth in IRS rulings, other IRS pronouncements or otherwise, (ii) under no circumstances, shall the Litigation Settlement Trustees segregate the assets of the Litigation Settlement Trust on the basis of classification of the holders of Litigation Settlement Trust Interests, other than in accordance with the provisions of the Confirmed Plan, and (iii) the~~

Litigation Settlement Trustees shall not "vary the investment" of the Litigation Settlement Trust Beneficiaries, within the meaning of Treasury Regulation Section 301.7701-4(c).

Limitation of Litigation Settlement Trustees's Authority. Notwithstanding anything herein to the contrary, the Litigation Settlement Trustees shall not (i) be authorized to engage in any trade or business, (ii) take such actions inconsistent with the prompt and orderly liquidation of the assets of the Litigation Settlement Trust as are required or contemplated by applicable law, the Confirmed Plan, and this Declaration, (iii) be authorized to engage in any activities inconsistent with the treatment of the Litigation Settlement Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684, or (iv) take any action to cause the Litigation Settlement Trust to be treated as a publicly traded partnership within the meaning of Section 7704 of the Internal Revenue Code, including, without limitation, any action to cause the Litigation Settlement Trust Interests, or any of them, to be traded on an established securities market or to be readily tradeable on a secondary market or the substantial equivalent thereof (if and only to the extent such limitation described in this clause (iv) is required to qualify and maintain the qualification of the Litigation Settlement Trust as a liquidating trust within the meaning of Treasury Regulation 301.7701-4(d)).

Responsibilities of the Litigation Settlement Trustees.

(a) The Litigation Settlement Trustees shall have no obligation or duty to manage the assets of the Litigation Settlement Trust or to take any other act except as expressly required hereunder. The Litigation Settlement Trustees's duties shall be limited to the following:

i. serve as registered agent for service of process for the Litigation Settlement Trust under Section 3804(b) of the Act;

ii. serve as the Delaware resident trustee under Section 3807(a) of the Act;

iii. maintain the registered office of the Litigation Settlement Trust and forward to the Litigation Settlement Trustees within a reasonable time any process served upon it; and

iv. perform all other requirements so that the Litigation Settlement Trust qualifies as a Delaware statutory trust under the Act.

(b) The Litigation Settlement Trustees shall not have any duty or obligation with respect to the Litigation Settlement Trust Claims or any other assets of the Litigation Settlement Trust or the Litigation Settlement Trust except as otherwise specifically provided in this Agreement, and the Litigation Settlement Trustees shall be a trustee of the Litigation Settlement Trust for the sole and limited purpose of fulfilling the requirements of Section 3807 of the Act. No implied duties or obligations shall be read into this Agreement against the Litigation Settlement Trustees. Notwithstanding the foregoing, the Litigation Settlement Trustees are authorized to take all actions which the Litigation Settlement Trustees deems necessary, convenient, or incidental to effect the purposes of the Litigation Settlement Trust, all as set forth in written instructions from the Litigation Settlement Trustees in

accordance with this Declaration. The right of the Litigation Settlement Trustees to perform any act enumerated herein shall not be construed as a duty.

3.7 ~~3.10~~ Standard of Care; Exculpation. To the fullest extent permitted by law, neither the Litigation Settlement Trustees or persons acting under the direction of the Litigation Settlement Trustees, nor any of their respective members, designees or professionals, nor any of their duly designated agents or representatives, shall be liable, responsible, or accountable in damages or otherwise for any loss, damage, or claim incurred by reason of any act or omission taken or omitted to be taken by ~~the~~any other Trustee or such Trustee's agents or representatives, nor shall the Litigation Settlement Trustees ~~or the Litigation Settlement Trustees~~ be liable, responsible, or accountable in damages or otherwise for any loss, damage, or claim incurred by reason of any act or omission taken or omitted to be taken by ~~either such Trustee~~the Litigation Settlement Trustees in good faith ~~other than~~, provided, however, that such limitation of liability shall not apply to any acts or omissions ~~resulting~~that shall be shown by clear and convincing evidence to have resulted from each such Trustee's own bad faith, willful misconduct, gross negligence, actual fraud, or knowing violation of law ~~determined by clear and convincing evidence~~. Each of the Litigation Settlement Trustees ~~and each of their respective members~~ may, in connection with the performance of their respective functions, and in each of their sole and absolute discretion, consult with their respective attorneys, accountants, financial advisors, and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such Persons. Notwithstanding such authority, neither ~~the~~ Litigation Settlement ~~Trustees nor the Litigation Settlement Trustees nor any of their respective members~~Trustee shall be under any obligation to consult with their respective attorneys, accountants, financial advisors, or agents, and the good faith determination not to do so shall not result in the imposition of liability on either of the Litigation Settlement Trustees or, as applicable, their respective ~~members or designees, unless such determination is based on bad faith, willful misconduct, gross negligence, or knowing violation of law. As provided herein, the Litigation Settlement Trustees shall not be in a fiduciary relationship in any respect, such relationship being expressly disclaimed by this Declaration.~~designees.

## ARTICLE 4
## ~~LITIGATION SETTLEMENT TRUST BOARD PROVIDED IN THE PLAN~~DISTRIBUTIONS

4.1 ~~Litigation Settlement Trust Board~~Distributions Subject to Confirmation of Plan.

~~The Litigation Settlement Trust Board shall, if a Confirmed Plan occurs, be comprised of three Persons. The initial members of the Litigation Settlement Trust Board shall be appointed as described in and in accordance with the Confirmed Plan. Successor members of the Litigation Settlement Trust Board shall be appointed as described in Section 4.7 below. The Litigation Settlement Trust Board shall be in all respect advisory only and shall not have the power or authority to direct or instruct the Trustees, provided, however, Litigation Settlement Trust Board acting by a majority of members, shall have standing to bring actions only in the bankruptcy court to enforce the provisions of the Confirmed Plan, but not otherwise.~~

Authority of the Litigation Settlement Trust Board. The Litigation Settlement Trust Board shall have the post-confirmation authority and responsibility to oversee, review, and guide and advise, but not direct or instruct, the activities and performance of the Litigation Settlement Trustees and shall have the authority to remove the Litigation Settlement Trustees in accordance with Section 2.3 "for cause" only. The Litigation Settlement Trustees shall reasonably consult with and provide information reasonably requested from to the Litigation Settlement Trust Board in accordance with and pursuant to the terms of the Confirmed Plan. At the sole expense of the Litigation Settlement Trust Board, it shall have the authority to select and engage such Persons, and select and engage such professional advisors, including, without limitation, any professional previously retained by the Debtors in accordance with the terms of the Confirmed Plan and this Declaration, as the Litigation Settlement Trust Board deems necessary and desirable to assist the Litigation Settlement Trust Board in fulfilling its obligations under the Confirmed Plan, and the Litigation Settlement Trustees may pay the reasonable fees of such Persons (including on an hourly, contingency, or modified contingency basis) and reimburse such Persons for their reasonable and documented out-of-pocket costs and expenses consistent with the terms of the Confirmed Plan if in the exclusive discretion of the Trustees such payment reimburses work in and for the actual benefit to the Litigation Trust Estate . All of the Litigation Settlement Trust Board's decisions with respect to the pursuit or settlement of the Litigation Settlement Trust Claims shall be taken in good faith and reflect their duties to use their best efforts to pursue only the legitimate issues and concerns of Trust performance.

Meetings of the Litigation Settlement Trust Board.Regular meetings of the Litigation Settlement Trust Board are to be held with such frequency and at such place as the members of the Litigation Settlement Trust Board may determine in their reasonable discretion, but in no event shall such meetings be held less frequently than quarterly. The Litigation Settlement Trustees shall attend and participate in these regularly scheduled meetings. The Litigation Settlement Trust Board shall establish by resolution the time or times and place or places for the holding of such meetings. Notice of any such regular meetings of the Litigation Settlement Trust Board need not be given.

(b) Special meetings of the Litigation Settlement Trust Board may be held whenever and wherever called by the Litigation Settlement Trustees or any two members of the Litigation Settlement Trust Board. The Litigation Settlement Trustees shall attend and participate in any special meeting called by the Litigation Settlement Trustees and any other special meeting as requested by at least one member of the Litigation Settlement Trust Board.

Notice and Waiver of Notice for Litigation Settlement Trustees and Litigation Settlement Trust Board. Notice of the time and place (but not necessarily the purpose or all of the purposes) of any special meeting, or any change in time or place of a regular meeting, will be given to the Litigation Settlement Trustees and the members of the Litigation Settlement Trust Board in person or by telephone, or via mail, electronic mail, or facsimile transmission. Notice to the Litigation Settlement Trustees and the members of the Litigation Settlement Trust Board of any such special meeting or change in a regular meeting will be deemed given sufficiently in advance when (i) if given by electronic mail or facsimile transmission, the same is transmitted at least one business day prior to the convening of the meeting, or (ii) if personally delivered (including by overnight courier) or given by telephone, the same is handed, or the substance thereof is communicated over the telephone to the Litigation Settlement Trustees and

the members of the Litigation Settlement Trust Board or to an adult member of his/her office staff or household, at least one business day prior to the convening of the meeting. Each of the Litigation Settlement Trustees and any member of the Litigation Settlement Trust Board may waive notice of any meeting and any adjournment thereof at any time before, during, or after it is held, as provided by law. Except as provided in the next sentence below, the waiver must be in writing, signed by the Litigation Settlement Trustees or the applicable member or members of the Litigation Settlement Trust Board entitled to the notice, and filed with the minutes or records of the Litigation Settlement Trust. The attendance of the Litigation Settlement Trustees or a member of the Litigation Settlement Trust Board at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.

Manner of Acting.

(a) A majority of the total number of members of the Litigation Settlement Trust Board then in office shall constitute a quorum for the transaction of business at any meeting of the Litigation Settlement Trust Board. The affirmative vote of a majority of the members of the Litigation Settlement Trust Board present and entitled to vote at a meeting at which a quorum is present shall be the act of the Litigation Settlement Trust Board, except as otherwise required by law or as provided in this Declaration.

(b) Each of the Litigation Settlement Trustees and any or all of the members of the Litigation Settlement Trust Board may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Each of the Litigation Settlement Trustees and any member of the Litigation Settlement Trust Board participating in a meeting by this means is deemed to be present in person at the meeting. Voting may, if approved by the majority of the members at a meeting, be conducted by electronic mail or individual communications by the Litigation Settlement Trustees and each member of the Litigation Settlement Trust Board.

(c) Any member of the Litigation Settlement Trust Board who is present and entitled to vote at a meeting of the Litigation Settlement Trust Board when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Settlement Trust Board, unless: (i) such member of the Litigation Settlement Trust Board objects at the beginning of the meeting (or promptly upon his/her arrival) to holding it or transacting business at the meeting; or (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic or facsimile transmission) of his/her dissent or abstention to the Litigation Settlement Trust Board before its adjournment. The right of dissent or abstention is not available to any member of the Litigation Settlement Trust Board who votes in favor of the action taken.

(d) Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each of the Litigation Settlement Trustees and each

member of the Litigation Settlement Trust Board shall report to the Litigation Settlement Trust Board any conflict of interest such member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such member might have with respect to or in connection with such matter or issue, other than solely as, or as a representative of, a Litigation Settlement Trust Beneficiary). A Litigation Settlement Trust Board member who has or who may have a conflict of interest shall be deemed to be a "conflicted member" who shall not be entitled to vote or take part in any action with respect to such matter or issue (however such member shall be counted for purposes of determining the existence of a quorum); the vote or action with respect to such matter or issue shall be undertaken only by members of the Litigation Settlement Trust Board who are not "conflicted members."

Litigation Settlement Trust Board's Action Without a Meeting. Any action required or permitted to be taken by the Litigation Settlement Trust Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Settlement Trust Board as evidenced by one or more written consents describing the action taken, signed by all members of the Litigation Settlement Trust Board and recorded in the minutes or other transcript of proceedings of the Litigation Settlement Trust Board.

Tenure, Removal, and Replacement of the Members of the Litigation Settlement Trust Board. The authority of the members of the Litigation Settlement Trust Board will be effective as of the Effective Date and will remain and continue in full force and effect until the Litigation Settlement Trust is terminated in accordance with Article 9. The service of the members of the Litigation Settlement Trust Board will be subject to the following:

(a) the members of the Litigation Settlement Trust Board will serve until death or resignation pursuant to subsection (b) below, or removal pursuant to subsection (c) below.

(b) a member of the Litigation Settlement Trust Board may resign at any time by providing a written notice of resignation to the remaining members of the Litigation Settlement Trust Board. Such resignation will be effective upon the date received by the Litigation Settlement Trust Board or such later date specified in the written notice.

(c) members of the Litigation Settlement Trust Board may be removed as follows:

i. the member originally selected by the Debtors' Committee (the "Committee Board Member" or "Committee Representative") may be removed by the affirmative vote of the then-current Eligible Holders holding at least a majority of the Litigation Settlement Trust Interests;

ii. the Trustees or the Committee Representative may petition the Bankruptcy Court for removal, and the Bankruptcy Court may order such removal, of any member of the Litigation Settlement Trust Board for cause shown.

(d) In the event of a vacancy on the Litigation Settlement Trust Board (whether by removal, death, or resignation), new members may be appointed to fill such vacancy.

(e) For purposes of this Declaration, "Eligible Holder" means each Litigation Settlement Trust Beneficiary in the Litigation Settlement Trust.

(f) If there are no Eligible Holders of Litigation Settlement Trust Interests to select as a member of the Litigation Settlement Trust Board, the Litigation Settlement Trust Board shall proceed without a member selected by that class.

(g) Only persons who are nominated in accordance with the procedures set forth in this Litigation Settlement Trust Agreement shall be eligible to serve as a replacement as the case may be, of the Litigation Settlement Trust Board. Nominations of persons for election as a replacement member of the Litigation Settlement Trust Board may be made by any Eligible Holder of Litigation Settlement Trust Interests who (i) is an interest holder of record both as of the record date established by the Litigation Settlement Trustees for such purpose and at the time of giving of notice provided for in this Section 4.7(g), (ii) shall be entitled to vote for the election of a replacement member of the Litigation Settlement Trust Board and (iii) complies with the notice procedures set forth in this Section 4.7(f). Such nominations shall be made pursuant to timely notice in writing to the Litigation Settlement Trustees. To be timely, an interest holder's notice shall be delivered to or mailed and received by the Litigation Settlement Trustees at the address set forth herein not later than the close of business on the calendar day prior to the date established by the Litigation Settlement Trustees for such purpose. Such interest holder's notice shall set forth (A) as to the person whom the interest holder proposes to nominate for election as a replacement member of the Litigation Settlement Trust Board detailed information relating to the qualifications of such person to serve as a member of the Litigation Settlement Trust Board, including such person's written consent to being named as a nominee and to serving as a member of the Litigation Settlement Trust Board if elected and being bound by the terms and conditions of this Declaration, and the number of Litigation Settlement Trust Interests owned beneficially and/or of record by such individual or any Person affiliated with such individual; and (B) as to the Litigation Settlement Trust Beneficiary giving the notice (i) the name and address, as they appear on the Litigation Settlement Trust Registrar, of such Litigation Settlement Trust Beneficiary and (ii) the number of Litigation Settlement Trust Interests owned beneficially and/or of record by such by such Litigation Settlement Trust Beneficiary. No person shall be eligible to serve as a Board Member of the Litigation Settlement Trust Board unless nominated in accordance with the procedures set forth in this Section 4.7(f).

(h) Following the receipt of nominations for a replacement a Board Member, of the Litigation Settlement Trust Board in accordance with Section 4.7(f), the Litigation Settlement Trustees shall mail a ballot to all Litigation Settlement Trust Beneficiaries who are entitled to vote in the election of the replacement member of the Litigation Settlement Trust Board. With respect to the election of a replacement member of the Litigation Settlement Trust Board, each Litigation Settlement Trust Beneficiary shall be entitled to one vote for each outstanding Litigation Settlement Trust Interest held by such Litigation Settlement Trust Beneficiary and such Litigation Settlement Trust Beneficiary shall submit such vote in

accordance with the procedures established from time to time by the Litigation Settlement Trustees.

(i) Immediately upon the appointment of any successor member of the Litigation Settlement Trust Board, all rights, powers, duties, authority, and privileges of the predecessor member of the Litigation Settlement Trust Board hereunder will be vested in and undertaken by the successor member of the Litigation Settlement Trust Board without any further act; and the successor member of the Litigation Settlement Trust Board will not be liable personally for any act or omission of the predecessor member of the Litigation Settlement Trust Board.

Compensation of the Litigation Settlement Trust Board.    Each member of the Litigation Settlement Trust Board shall be paid the amount of $2,500.00 per quarter, plus $250.00 per meeting from proceeds of the Litigation Settlement Trust, when such member is required to attend a Litigation Settlement Trust Board meeting in person, as compensation for his or her services under this Agreement, and shall be reimbursed for all reasonable and documented expenses incurred by such member in connection with the performance of his or her services hereunder.    The Litigation Settlement Trust shall have no further obligation for payment or reimbursement under this section to any member of Litigation Settlement Trust Board.

Standard of Care; Exculpation.    To the fullest extent permitted by law, none of the Litigation Settlement Trust Board, its members, designees or professionals, nor any of their duly designated agents or representatives, shall be liable, responsible, or accountable in damages or otherwise for any loss, damage, or claim incurred by reason of any act or omission taken or omitted to be taken by any other member, agent or representative of the Litigation Settlement Trust Board, nor shall the Litigation Settlement Trust Board or any of its members be liable, responsible, or accountable in damages or otherwise for any loss, damage, or claim incurred by reason of any act or omission taken or omitted to be taken by the Litigation Settlement Trust Board in good faith using its best efforts, other than acts or omissions resulting from the Litigation Settlement Trust Board's bad faith, willful misconduct, gross negligence, or knowing violation of law. The Litigation Settlement Trust Board and each of its members may, in connection with the performance of their respective functions, and in each of their sole and absolute discretion, consult with its attorneys, accountants, financial advisors, and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in good faith in accordance with advice or opinions rendered by such Persons. Notwithstanding such authority, neither the Litigation Settlement Trust Board nor any of its members shall be under any obligation to consult with their respective attorneys, accountants, financial advisors or agents, and its good faith determination not to do so shall not result in the imposition of liability on the Litigation Settlement Trust Board or, as applicable, its members or designees, unless such determination is based on bad faith, willful misconduct, gross negligence, or knowing violation of law.

## ARTICLE 5
## LITIGATION SETTLEMENT TRUST INTERESTS

Issuance of Litigation Settlement Trust Interests.    The issuance of the Litigation Settlement Trust Interests, shall be accomplished as set forth in the Confirmed Plan, including,

and in every event shall be based on the filing of a Proof of Claim in these respective Debtor's case (an "Interest").

Interests Beneficial Only.

(a) The ownership of a Litigation Settlement Trust Interest shall not entitle any Litigation Settlement Trust Beneficiary to any title in or to the assets of the Litigation Settlement Trust as such (which title shall be vested in the Litigation Settlement Trustees) or to any right to call for a partition or division of the assets of the Litigation Settlement Trust or to require an accounting.

(b) The Litigation Settlement Trust Beneficiaries have no rights with respect to, or interest in the Debtors (or any successor thereto).

(a) (c) The Litigation Settlement Trust Beneficiaries have no rights to direct Trustees shall distribute the Assets to the Litigation Settlement Trustees, the Litigation Settlement Trustees, or the Litigation Settlement Trust Board, except as set forth in Section 5.8 herein. Trust Beneficiaries or to such other parties as the case may be at such times and in such manner and amounts as shall be provided in any Plan or other order of the Bankruptcy Court.

(d) (i) The Litigation Settlement Trust Claims are solely assets of the Litigation Settlement Trust; (ii) the Litigation Settlement Trust Claims shall be conducted on behalf of the Litigation Settlement Trust Beneficiaries solely in accordance with the instructions of the Litigation Settlement Trustees pursuant to this Declaration; (iii) the Litigation Settlement Trustees shall have the sole and exclusive right (subject to consultation with the Litigation Settlement Trust Board as set forth herein), to take (or not take), actions relating to such Litigation Settlement Trust Claims as contemplated by this Declaration and may, among other things, dismiss, settle, or cease prosecuting such Litigation Settlement Trust Claims at any time without obtaining any cash or other recovery, or upon obtaining such cash or other recovery as the Litigation Settlement Trustees may determine; (iv) the Litigation Settlement Trustees has the sole and exclusive right (subject to consultation with the Litigation Settlement Trust Board as set forth herein), to take or not take other actions contemplated by this Declaration on behalf of the Litigation Settlement Trust Beneficiaries relating to such Litigation Settlement Trust Claims (including, without limitation, any decision with respect to the incurrence of expenses); and (v) any liability of the Litigation Settlement Trustees, or any member of the Litigation Settlement Trust Board, is limited to the extent set forth in this Declaration.

Evidence of Beneficial Interests. The Litigation Settlement Trustees shall have full power, authority and discretion to determine whether ownership of any Litigation Settlement Trust Interest shall be represented by physical certificates, by book entries in lieu of physical certificates, or in any other form or manner. Regardless of such determination, the record holders of the Litigation Settlement Trust Interests shall be recorded and set forth in the Litigation Settlement Trust Register maintained by the Litigation Settlement Trust Registrar expressly for such purpose pursuant to Section 5.5. All references in this Declaration to Litigation Settlement Trust Beneficiaries shall be read to mean holders of record as set forth in the official register maintained by the Litigation Settlement Trust Registrar and shall not mean any beneficial owner not recorded on such official register. Unless expressly provided herein,

the Litigation Settlement Trustees may establish a record date, which the Litigation Settlement Trustees deems practicable for determining the holders for a particular purpose.

(b) In the event certificates are to be issued to evidence ownership of any Litigation Settlement Trust Interests, (i) the form and content of such certificates shall be determined by the Litigation Settlement Trustees subject to approval by the Litigation Settlement Trust Board, and (ii) the Litigation Settlement Trustees shall cause to be placed on such certificates such legends as it deems to be necessary or appropriate under tax laws or regulations, securities laws or regulations or otherwise. Any Litigation Settlement Trust Beneficiary to whom such a certificate is issued or transferred, by virtue of the acceptance thereof, shall assent to and be bound by the terms and conditions of this Declaration and the Confirmed Plan.

Securities Law Matters. To the extent the Litigation Settlement Trust Interests are deemed to be "securities," the issuance of Litigation Settlement Trust Interests under the Confirmed Plan are exempt, pursuant to Section 1145 of the Bankruptcy Code, from registration under the Securities Act of 1933, as amended, and any applicable state and local laws requiring registration of securities. If the Litigation Settlement Trustees determines, with the advice of counsel, that the Litigation Settlement Trust is required to comply with registration and reporting requirements of the Exchange Act, then the Litigation Settlement Trustees shall take any and all actions deemed necessary or appropriate by the Litigation Settlement Trustees to comply with such registration and reporting requirements, if any, and to file periodic reports with the Securities and Exchange Commission (the "SEC"). Notwithstanding the foregoing procedure, nothing in the Confirmed Plan shall be deemed to preclude the Litigation Settlement Trustees from amending this Declaration to make such changes as deemed necessary or appropriate by the Litigation Settlement Trustees, with the advice of counsel, to ensure that the Litigation Settlement Trust is not subject to registration or reporting requirements of the Exchange Act, the Trust Indenture Act, or the Investment Company Act.

(b) Exemptions may be sought from the SEC from all or some of the registration and reporting requirements that may be applicable to Except as otherwise ordered by the Bankruptcy Court, in the event that the Litigation Settlement Trust pursuant to the Exchange Act, the Trust Indenture Act, or the Investment Company Act, if it is determined that compliance with such requirements would be burdensome on shall terminate prior to confirmation of a Plan, each respective Third-Party Funding Contributor shall be entitled to receive its pro-rata share of any residual Assets, if any, and provided, however, that all costs of administration of the Litigation Settlement Trust and the Chapter 11 Cases shall be chargeable against and paid from such Assets prior to any distribution.

(c) The Litigation Settlement Trust is organized as a liquidating entity in the process of liquidation, and therefore should not be considered, and the Litigation Settlement Trust does not and will not hold itself out as, an "investment company" or any entity "controlled" by an "investment company," as such terms are defined in the Investment Company Act.

Transfer and Exchange.

(a) The Litigation Settlement Trustees shall appoint a Litigation Settlement Trust Registrar, which may be the Litigation Settlement Trustees, for the purpose of registering and transferring the Litigation Settlement Trust Interests as herein provided. The Litigation Settlement Trust Registrar may be a duly qualified institution or the Litigation Settlement Trustees itself. For its services hereunder, the Litigation Settlement Trust Registrar, unless it is the Litigation Settlement Trustees, shall be entitled to receive reasonable compensation from the Litigation Settlement Trust as an expense of the Litigation Settlement Trust.

(b) The Litigation Settlement Trustees shall cause to be kept at the office of the Litigation Settlement Trust Registrar, or at such other place or places as shall be designated by it from time to time, the Litigation Settlement Trust Register. The Litigation Settlement Trust Register shall contain the names, addresses for payment and notice, and number of Litigation Settlement Trust Interests of each of the Litigation Settlement Trust Beneficiaries and shall be maintained pursuant to such reasonable regulations as the Litigation Settlement Trustees and the Litigation Settlement Trust Registrar may prescribe.

(c) Pursuant to such reasonable regulations as the Litigation Settlement Trustees and the Litigation Settlement Trust Registrar may prescribe, and subject to the Litigation Settlement Trustees' review and approval of any such proposed transaction in its sole and absolute discretion, the Litigation Settlement Trustees may permit to be transferred, assigned, pledged, hypothecated, or registered on the Litigation Settlement Trust Register any Litigation Settlement Trust Interests issued pursuant to this Declaration. Subject to the review and approval of any such proposed transaction by the Litigation Settlement Trustees and the other limitations set forth herein, any registered Litigation Settlement Trust Beneficiary may transfer, assign, pledge, or hypothecate, in whole or in part, Litigation Settlement Trust Interests upon presentation of a duly executed written instrument of transfer in the form approved by the Litigation Settlement Trustees and the Litigation Settlement Trust Registrar, which instrument must be executed by the transferor and the transferee and must clearly identify the Litigation Settlement Trust Interests being transferred, assigned, pledged, or hypothecated, and such other documents as they may reasonably require. The transferor shall pay reasonable transfer charges established by the Litigation Settlement Trustees or the Litigation Settlement Trust Registrar for the purpose of reimbursing the Litigation Settlement Trust and the Litigation Settlement Trust Registrar for the expense's incident thereto, including any legal fees, taxes, or other governmental charges.

(d) No Litigation Settlement Trust Beneficiary may transfer, assign, pledge, hypothecate, or otherwise dispose of any Litigation Settlement Trust Interests unless in compliance with the Securities Act and other state and federal securities laws. No transfer, assignment, pledge, hypothecation, or other disposition of a Litigation Settlement Trust Interest may be effected until (i) the Litigation Settlement Trustees has approved such proposed transaction in its sole and absolute discretion, and (ii) the Litigation Settlement Trustees and the Litigation Settlement Trust Board shall have received such legal or other information that they, in their sole discretion, deem necessary or appropriate to evidence such compliance.

(e) In the event that the Litigation Settlement Trustees determines that the Litigation Settlement Trust Interests shall be represented by physical certificates, subject to the foregoing conditions of this Section 5.5, whenever any certificate shall be presented for transfer or exchange, the Litigation Settlement Trustees shall cause the Litigation Settlement Trust Registrar to issue, authenticate, and deliver in exchange therefor, the certificate for the Litigation Settlement Trust Interest(s) that the person(s) presenting such certificates shall be entitled to receive.

(f) In the event that the Litigation Settlement Trustees determines that the Litigation Settlement Trust Interests shall be represented by physical certificates, if a Litigation Settlement Trust Beneficiary claims that his/her certificate (the "Original Certificate") has been mutilated, defaced, lost, stolen, or destroyed, the Litigation Settlement Trustees shall issue, and the Litigation Settlement Trust Registrar shall authenticate, a replacement certificate if such Litigation Settlement Trust Beneficiary submits a notarized affidavit certifying that (i) he/she is the true, lawful, present, and sole owner of the Original Certificate, (ii) he/she has diligently searched all of his/her financial and other records and the Original Certificate is nowhere to be found, (iii) the Original Certificate and any rights or interests therein were not endorsed, and have not been pledged, sold, delivered, transferred, or assigned under any agreement, hypothecated or pledged for any loan, or disposed of in any manner by the Litigation Settlement Trust Beneficiary or on his/her behalf, (iv) no other person or other entity has any right, title, claim, equity, or interest in, to, or respecting the Original Certificate, and (v) in the event of the recovery of the Original Certificate at any time after the issuance of a new certificate in exchange thereof, the Litigation Settlement Trust Beneficiary will cause the recovered Original Certificate to be returned to the Litigation Settlement Trust for cancellation. In addition, such Litigation Settlement Trust Beneficiary will indemnify, and if required by the Litigation Settlement Trustees or the Litigation Settlement Trust Registrar, provide a bond or other security sufficient in the reasonable judgment of the Litigation Settlement Trustees, the Litigation Settlement Trust Registrar or any authenticating agent, from any loss which any of them may suffer if the Original Certificate is replaced, including a loss resulting from the assertion by any entity or person of the right to payment under the Original Certificate. Such Litigation Settlement Trust Beneficiary shall pay reasonable charges established by the Litigation Settlement Trustees and the Litigation Settlement Trust Registrar for the purpose of reimbursing the Litigation Settlement Trust and the Litigation Settlement Trust Registrar for the expenses incident thereto, including any tax or other governmental charges. The Litigation Settlement Trustees shall incur no liability to anyone by reason of anything done or omitted to be done by it in good faith under the provisions of this Section 5.5(f). All Litigation Settlement Trust Interests shall be held and owned upon the express condition that the provisions of this Section 5.5(f) are exclusive in respect of the replacement or payment of mutilated, defaced, lost, stolen, or destroyed certificates and shall, to the extent permitted by law, preclude any and all other rights or remedies respecting such replacement or the payment in respect thereto. Any duplicate certificate issued pursuant to this Section 5.5(f) shall constitute original interests in the Litigation Settlement Trust. The Litigation Settlement Trustees and the Litigation Settlement Trust Registrar shall not treat the Original Certificate as outstanding.

Access to the Litigation Settlement Trust Register by the Litigation Settlement Trust Beneficiaries.. Litigation Settlement Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Litigation

Settlement Trust Registrar and the Litigation Settlement Trustees, and in accordance with the reasonable regulations prescribed by the Litigation Settlement Trust Registrar and the Litigation Settlement Trustees, to inspect and, at the sole expense of the Litigation Settlement Trust Beneficiary seeking the same, make copies of the Litigation Settlement Trust Register, in each case for a purpose reasonably related to such Litigation Settlement Trust Beneficiary's interest in the Litigation Settlement Trust.

Absolute Owners.  The Litigation Settlement Trustees may deem and treat the Litigation Settlement Trust Beneficiary of record in the Litigation Settlement Trust Register as the absolute owner of such Litigation Settlement Trust Interests for the purpose of receiving distributions and payment thereon or on account thereof and for all other purposes whatsoever and the Litigation Settlement Trustees shall not be charged with having received notice of any claim or demand to such Litigation Settlement Trust Interests or the interest therein of any other Person.

Limitation on Suits by Litigation Settlement Trust Beneficiaries.  To the fullest extent permitted by law, no Litigation Settlement Trust Beneficiary shall have any right by virtue of or by availing itself of any provision of this Declaration to institute any action or proceeding (other than a suit by such Litigation Settlement Trust Beneficiary for nonpayment of amounts due and owing hereunder with respect to such Litigation Settlement Trust Beneficiary's Litigation Settlement Trust Interest) at law or in equity or in bankruptcy or otherwise upon or under or with respect to this Declaration, or for the appointment of any trustee, receiver, liquidator, custodian, or other similar official or for any other remedy hereunder, unless such Litigation Settlement Trust Beneficiary previously shall have given to the Litigation Settlement Trustees written notice of default, and unless such Litigation Settlement Trust Beneficiary shall also have made written request upon the Litigation Settlement Trustees to institute such action or proceeding in its own name as Litigation Settlement Trustees hereunder and shall have offered to the Litigation Settlement Trustees such reasonable indemnity as it may require against the costs, expenses and liabilities to be incurred therein or thereby and the Litigation Settlement Trustees for 60 days after its receipt of such notice, request and offer of indemnity shall have failed to institute any such action or proceeding; it being understood and intended, and being expressly covenanted by every Litigation Settlement Trust Beneficiary with every other Litigation Settlement Trust Beneficiary and the Litigation Settlement Trustees, that no one or more Litigation Settlement Trust Beneficiaries shall have any right in any manner whatsoever by virtue or by availing itself or themselves of any provision of this Declaration to effect, disturb or prejudice the rights of any other such Litigation Settlement Trust Beneficiary, or to obtain or seek to obtain priority over or preference to any other such Litigation Settlement Trust Beneficiary or to enforce any right under this Declaration, except in the manner herein provided and for the ratable and common benefit of all Litigation Settlement Trust Beneficiaries. For the protection and enforcement of the provisions of this Section, each and every Litigation Settlement Trust Beneficiary and the Litigation Settlement Trustees shall be entitled to such relief as can be given either at law or in equity.

## ARTICLE 6
## DISTRIBUTIONS

Use of Proceeds.

(a) Pursuant to the Confirmed Plan, all Litigation Settlement Proceeds, any proceeds therefrom, and any other Cash of the Litigation Settlement Trust (other than the Litigation Settlement Trust Expense Fund) received by the Litigation Settlement Trustees shall be applied as follows:

i. first, to (i) Litigation Trust Expenses (ii) satisfy other liabilities incurred or assumed by the Litigation Settlement Trust (or to which the assets are otherwise subject) in accordance with the Confirmed Plan or this Declaration, (iii) hold such amounts in reserve as the Litigation Settlement Trustees deems reasonably necessary to meet future expenses, contingent liabilities and to maintain the value of the assets of the Litigation Settlement Trust during liquidation (including the Litigation Settlement Expense Fund) and (iv) pay the Trustees serving as the Plan Administrators such amounts as the Trustees are authorized to receive from time to time for the purpose of paying, or indemnifying Reorganized Debtors for, any taxes incurred or expected to be incurred by Reorganized Debtors in connection with the Litigation Settlement Trust as a result of the allocation of tax items by the Litigation Settlement Trustees or the allowance or disallowance of Disputed Claims;

ii. second, to pay any remaining amounts to the Litigation Settlement Trust Beneficiaries (including to the Plan Administrator for deposit into the Disputed Claims Reserve on account of the Claims of any Claimant that would be a Litigation Settlement Trust Beneficiary absent such objection) pro rata based on their Litigation Settlement Trust Interests. If the Plan Administrator holds proceeds of the Litigation Settlement Trust in the Disputed Claims Reserve on account of a Disputed Claim that is finally determined adversely to such Claimant, in whole or in part, the Plan Administrator shall return to the Litigation Settlement Trust the disallowed portion that the Plan Administrator received from the Litigation Settlement Trust on account of such Claim and shall pay any Allowed portion to such Claimant in accordance with the Confirmed Plan; and

(b) Subject to clauses (i), and (ii) of Section 6.1(a), the Litigation Settlement Trustees shall distribute in accordance with Section 6.1(a) at least annually its net income and all net proceeds from the liquidation of the assets of the Litigation Settlement Trust (except to the extent any such failure to distribute is not inconsistent with the classification of the Litigation Settlement Trust as a liquidating trust under Section 301.7701-4(d) of the Treasury Regulations).

(c) If, upon termination of the Litigation Settlement Trust, the Litigation Settlement Trust Expense Fund has funds remaining after the payment of all of the Litigation Settlement Trust's expenses, such remaining funds shall be paid to the Litigation Settlement Trust Beneficiaries holding a Litigation Settlement Trust Interests (including the Plan

Administrator on behalf of the Disputed Claims Reserve) pro rata based on their Litigation Settlement Trust Interests.

(d) Notwithstanding the foregoing clauses of this Section 6.1, the Litigation Settlement Trustees may withhold from amounts distributable to any Person any and all amounts, determined in the Litigation Settlement Trustees' reasonable sole discretion, required by any law, regulation, rule, ruling, directive, or other governmental requirement to be withheld. Any amount so withheld from a distribution to a Litigation Settlement Trust Beneficiary (or its designee) shall be treated as having been paid to, and received by, such Litigation Settlement Trust Beneficiary for purposes of the Confirmed Plan and the Plan Documents consisting of all Exhibits, the Confirmation Order, and other schedules attached to either the Plan or the Confirmation Order.

Manner of Payment of Distributable Proceeds. Notwithstanding any other provision of this Agreement, the cost of administration of the Litigation Settlement Trust shall be charged against and shall be paid prior to any distributions from the Assets. Such costs shall include, but are not limited to: (i) the Litigation Trust Expenses, and (ii) other liabilities incurred or assumed by the Litigation Settlement Trustees in their capacity as trustees (or to which the Assets are otherwise subject) in accordance with this Agreement. Further, the Litigation Settlement Trustees shall be entitled to hold such amounts in reserve as they deem reasonably necessary to meet future expenses, contingent liabilities and to maintain the value of the Assets during the term of the Litigation Settlement Trust.

(a) All distributions made by the Litigation Settlement Trustees to holders of Litigation Settlement Trust Interests shall be payable to the holders of Litigation Settlement Trust Interests of record as of the 20th day prior to the date scheduled for the distribution, unless such day is not a Business Day, then such day shall be the following Business Day. The Litigation Settlement Trustees shall promptly notify the Litigation Settlement Trust Registrar in writing of any such dates and the Litigation Settlement Trust Registrar shall promptly notify the Litigation Settlement Trust Beneficiaries of the same.

(b) If the distribution shall be in Cash, the Litigation Settlement Trustees shall distribute such Cash by wire, check, or such other method as the Litigation Settlement Trustees deems appropriate under the circumstances.

(c) All distributions under this Declaration to any holder of Litigation Settlement Trust Interests shall be made at the address or to the account (as applicable) of such holder as set forth in the Litigation Settlement Trust Register or at such other address or in such other manner as such holder of Litigation Settlement Trust Interests shall have specified for payment purposes in a written notice to the Litigation Settlement Trustees and the Litigation Settlement Trust Registrar at least 20 days prior to such distribution date. In the event that any distribution to any holder is returned as undeliverable, the Litigation Settlement Trustees shall be entitled to rely on the most current information available from the Plan Administrator, as applicable, to determine the current address or account information of such holder, but no distribution to such holder shall be made unless and until the Litigation Settlement Trustees has determined the then current address or account (as applicable) of such holder, at which time such distribution shall be made to such holder without interest; *provided, however*, that such

~~undeliverable or unclaimed distributions shall be deemed unclaimed property at the expiration of one year from the date of distribution. The Litigation Settlement Trustees shall reallocate the undeliverable and unclaimed distributions for the benefit of all other Litigation Settlement Trust Beneficiaries.~~

~~(d) Notwithstanding anything herein to the contrary, the Litigation Settlement Trustees shall not be required to make distributions or payments of fractions of dollars. Whenever any payment of a fraction of a dollar under the Confirmed Plan or this Declaration would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars or more being rounded up.~~

~~(e) The Litigation Trustees shall have the exclusive power and authority to deem any Litigation Settlement Trust Claim, or all Litigation Settlement Trust Claims, "Paid in Full" in compliance with this Declaration and the Confirmed Plan and recognize the Resulting Release of the Third-Party Funding Contributor(s). The Confirmed Plan shall include a provision for the reservation of jurisdiction to enter orders deeming the Payment in Full as determined by the Litigation Settlement Trust beneficiaries, upon notice and hearing.~~

## ARTICLE 5~~ARTICLE 7~~
### INDEMNIFICATION

### 5.1 ~~7.1~~ Indemnification of Litigation Settlement Trustees

(a) To the fullest extent permitted by law, the Litigation Settlement Trust, to the extent of its ~~assets legally available for that purpose~~Assets, shall indemnify and hold harmless each present and former ~~Litigation Settlement Trustees~~Trustee and each of their respective directors, members, shareholders, partners, officers, agents, employees, attorneys, and other professionals (collectively, the "Indemnified Persons") from and against any and all losses, costs, damages, reasonable and documented out-of-pocket expenses (including, without limitation, reasonable fees and expenses of attorneys and other advisors and any court costs incurred by any Indemnified Person) or liability arising out of or relating to the Litigation Settlement Trust, the Litigation Settlement Trust Interests, the ~~assets of the Litigation Settlement Trust~~Assets, the Litigation Settlement Trust Claims, or any acts or omissions of ~~the Litigation Settlement Trust or~~ any Indemnified Person in ~~its~~their capacity as a Litigation Settlement ~~Trustees~~Trustee or agent, employee, or representative thereof; *provided, however,* that such act or omission was reasonably believed ~~by the applicable Indemnified Person~~ to be within the scope of authority granted to such Person under this ~~Declaration~~Agreement and did not constitute bad faith, gross negligence, fraud, willful misconduct, or knowing violation of law established by clear and convincing evidence.

(b) ~~To the extent reasonable~~In their sole discretion, the Litigation Settlement ~~Trust~~Trustees may pay in advance or reimburse reasonable and documented out-of-pocket expenses (including ~~advancing~~ reasonable costs of defense) incurred by ~~the~~an Indemnified Person who is or is threatened to be named or made a defendant or a respondent in a proceeding concerning the business and affairs of the Litigation Settlement Trust. To the extent that any such expenses are paid or reimbursed in advance of the final disposition of any such action, suit or proceeding, the Indemnified Person shall provide the Litigation Settlement Trust

with an undertaking by or on behalf of such Indemnified Person to repay such amount if it shall ultimately be determined that such Person is not entitled to be indemnified by the Litigation Settlement Trust as authorized in this Article ~~7~~5.  Such expenses (including attorneys' fees) may be so paid upon such terms and conditions, if any, as the Litigation Settlement Trustees ~~deems~~deem appropriate.

(c)  Any Indemnified Person may waive the benefits of indemnification under this Article ~~7~~5, but only by an instrument in writing executed by such Indemnified Person.

(d)  The Litigation Settlement ~~Trust~~Trustees shall have power to purchase and maintain insurance on behalf of any potentially Indemnified Person against any liability asserted against such Person and incurred by such Person in connection with such Person's obligations under this ~~Declaration~~Agreement, whether or not ~~the Litigation Settlement Trust would have the power to indemnify~~ such Person would be entitled to indemnification against such liability under the provisions of this Article ~~7~~5.

(e)  The rights to indemnification under this Article ~~7~~5 are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution.  Nothing in this Article ~~7~~5 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under this ~~Declaration~~Agreement or any other agreement or instrument to which that Person is a party.

## ARTICLE 6~~ARTICLE 8~~
## REPORTS

6.1  ~~8.1~~Financial, Tax, and Other Information.

~~(a) At such times as may be required by the Exchange Act, if applicable, or otherwise as soon as practicable~~

~~i. after the end of each calendar year, and as soon as practicable upon termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall cause to be prepared, and shall submit to each Litigation Settlement Trust Beneficiary a written report including: (a) audited financial statements of the Litigation Settlement Trust at the end of the calendar year or period and the receipts and disbursements of the Litigation Settlement Trustees for the period; (b) a description of any action taken by the Litigation Settlement Trustees in the performance of the Litigation Settlement Trustees's duties which materially affects the Litigation Settlement Trust and of which notice has not previously been given to the Litigation Settlement Trust Beneficiaries; and (c) a description of any material judicial or arbitral decision with respect to, or any agreement to settle, the Litigation Settlement Trust Claims included in the assets of the Litigation Settlement Trust.~~

~~ii. after the end of each calendar quarter, the Litigation Settlement Trustees shall cause to be prepared, and shall submit to each Litigation Settlement Trust Beneficiary a written report including: (a) unaudited financial statements of the Litigation~~

Settlement Trust at the end of the calendar quarter, and the receipts and disbursements of the Litigation Settlement Trustees for the quarter; and (b) a description of any action taken by the Litigation Settlement Trustees in the performance of the Litigation Settlement Trustees' duties which materially affects the Litigation Settlement Trust and of which notice has not previously been given to the Litigation Settlement Trust Beneficiaries.

iii. promptly following the occurrence of a material event or change which effects either the Litigation Settlement Trust or the rights of the Litigation Settlement Trust Beneficiaries hereunder, the Litigation Settlement Trustees shall cause to be prepared and shall submit additional reports to the Litigation Settlement Trust Beneficiaries relating to such occurrences.

The information to be provided pursuant to this Section 8.1(a) shall satisfy any rights under the Delaware Statutory Trust Act, 12 Del. C. § 3801 et seq., or otherwise of the Litigation Settlement Trust Beneficiaries to access to information regarding the business and financial condition of the Litigation Settlement Trust.

(b) As soon as practicable after the end of each calendar year, and as soon as practicable upon the termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall cause to be prepared and shall submit to current and former Trust Tax Owners, as applicable, a statement setting forth, for federal income tax purposes, their allocable portions of items of income, gain, loss, deduction and credit of the Litigation Settlement Trust for such calendar year (as determined pursuant to Section 1.4(d) hereof), and the fair market value of the assets deemed to have been transferred to such current or former Trust Tax Owner during such calendar year (as determined pursuant to Section 1.4(d) hereof).

(c) The Litigation Settlement Trustees shall submit to Reorganized Debtors, as soon as practicable after the Effective Date (but no later than January 20th of the year following the Effective Date), a statement setting forth, for federal income tax purposes, the total fair market value (as of the Effective Date) of each asset transferred to the Litigation Settlement Trust (including, without limitation, the Litigation Settlement Trust Claims), and the portion of such fair market value allocated to each Trust Tax Owner. The Litigation Settlement Trustees shall submit to Reorganized Debtors, as soon as practicable after the end of each calendar year, a statement setting forth the fair market value (as of the applicable deemed transfer dates) of the portion of the Litigation Settlement Trust's assets that is treated for federal income tax purposes as having been transferred to Trust Tax Owners or other Persons by Reorganized Debtors as a result of the allowance or disallowance of Disputed Claims during such year and the portion of such fair market value allocated to each Trust Tax Owner.

(a) (d) The Litigation Settlement Trustees shall be responsible for filing all federal, state, and local tax returns for the Litigation Settlement Trust and paying any taxes imposed on the Litigation Settlement Trust, which amounts shall be funded solely from Assets. The Litigation Settlement Trustees shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority. Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Litigation Settlement

Trustees of a private letter ruling if the Litigation Settlement Trustees so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Litigation Settlement Trustees), the Litigation Settlement Trustees shall file tax returns (including all federal returns, and to the extent permitted under state and local law, state and local returns) for the Litigation Settlement Trust as a grantor trust of which the Trust Tax Owners are the deemed owners pursuant to Treasury Regulation Section 1.671-4(a) and any comparable provisions under applicable state and local law.

6.2 8.2 Other Required Reports.

(a) Promptly following the occurrence of a material event or change which effects either the Litigation Settlement Trust or the rights of the Litigation Settlement Trust Beneficiaries hereunder, the Litigation Settlement Trustees shall cause to be prepared and delivered to the Litigation Settlement Trust Beneficiaries notice of such occurrences.

(b) The Litigation Settlement Trustees shall also file (or cause to be filed) any other statements, returns, or disclosures relating to the Litigation Settlement Trust that are required by any governmental unit or regulatory agency.

6.3 8.3 Certain Non-Public Information. TheAs provided in ¶ 1.2(c) the Litigation Settlement Trustees may deliver certain non-public information to one or more Litigation Settlement Trust Beneficiaries and such delivery shall in no way entitle any other Litigation Settlement Trust Beneficiary to receive such information. Notwithstanding anything in this DeclarationAgreement to the contrary, the Litigation Settlement Trustees may, in itstheir sole discretion, withhold information from any Litigation Settlement Trust Beneficiary if the Litigation Settlement Trustees believes in good faith that the delivery of such information to such Litigation Settlement Trust Beneficiary (i) is or would be prohibited by any agreement with a Third-Party or (ii) is not in the best interest of the Litigation Settlement Trust or in the purpose of maximizing the value of the assets of the Litigation Settlement Trust or (iii) could damage or prejudice the Litigation Settlement Trust, the assets of the Litigation Settlement Trust (including the Litigation Settlement Trust Claims and Privileges)Assets or the business, operations, or purpose of the Litigation Settlement Trust.

6.4 8.4 Electronic Reporting. Notwithstanding anything herein to the contrary, the Litigation Settlement Trustees may post any report, notice, or other information required to be provided to the Litigation Settlement Trust Beneficiaries on a web site maintained by the Litigation Settlement Trustees in lieu of actual delivery of such report, notice, or other information to the Litigation Settlement Trust Beneficiaries, subject to providing notice that such a procedure is being (or will be) implemented.

## ARTICLE 7ARTICLE 9
## TERM; TERMINATION OF THE LITIGATION SETTLEMENT TRUST

7.1 9.1 Term; Termination of the Litigation Settlement Trust.The Litigation Settlement Trust shall terminate on:continue for such time as is reasonably necessary to accomplish its purposes as set forth in this Agreement, provided, however, that, except as

otherwise ordered by the Bankruptcy Court or as set forth in a Plan, the Litigation Settlement Trust shall be terminated upon the occurrence of the following:

(a) ~~(i) Conversion or dismissal~~Dismissal of the ~~Debtors'~~ Chapter 11 ~~case~~Cases;

(b) Conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code; or

(c) The effective date (the "Effective Date") of a Plan.

~~(ii) On the failure to confirm a plan within 18 months of the date of this Declaration;~~

~~(iii) Upon Plan confirmation, the earlier of: (1) 30 days after the distribution of all of the assets of the Litigation Settlement Trust in accordance with the terms of this Declaration and the Confirmed Plan to reach Payment in Full; or (2) the seventh anniversary of the Effective Date; *provided, however,* that, on or prior to a date less than six months (but not less than three months) prior to such termination after Plan confirmation, the Bankruptcy Court, upon motion by a party in interest, may extend the term of this Litigation Settlement Trust for a finite period if, based on the facts and circumstances, the Bankruptcy Court finds that such extension is necessary to the liquidating purpose of the Litigation Settlement Trust to accomplish Payment in Full of Claims. The Bankruptcy Court may approve multiple extensions of the term of the Litigation Settlement Trust; provided that (x) any such extension is so approved on or prior to a date less than six months (but not less than three months) prior to termination of the immediately preceding extended term and (y) the Litigation Settlement Trustees receives an opinion of counsel or a favorable ruling from the IRS that any further extension would not adversely affect the status of the Litigation Settlement Trust as a grantor trust for federal income tax purposes.~~

~~(b) The Litigation Settlement Trustees and any Committee shall endeavor not to unduly prolong the duration of the Litigation Settlement Trust and shall at all times endeavor to resolve, settle, or otherwise dispose of all of the Litigation Settlement Trust Claims and to effect the distribution of the assets of the Litigation Settlement Trust to the holders of the Litigation Settlement Trust Interests in accordance with the terms of the Confirmed Plan as soon as practicable.~~

7.2 ~~9.2~~ Continuance of Trust for Winding Up. ~~After~~Notwithstanding the termination of the Litigation Settlement Trust ~~and for the purpose of liquidating and winding up~~

the affairs of the Litigation Settlement Trust, the Litigation Settlement Trustees shall continue to act as ~~such until its duties have been fully performed~~Trustees and shall have such powers and be authorized to take such actions as are reasonably necessary to wind-down the affairs of the Litigation Settlement Trust, provided that such powers and actions shall not be inconsistent with the terms of this Agreement or applicable law.  Prior to the final distribution of ~~all~~any of the ~~remaining assets~~residual Assets of the Litigation Settlement Trust ~~and upon approval of the Litigation Settlement Trust Board~~, the Litigation Settlement Trustees shall be entitled to reserve from such ~~assets~~Assets any and all amounts required to provide for ~~its~~their own costs and expenses, in accordance with ~~Section 6.2~~section 4.1 herein, until such time as the ~~winding up~~winding-up of the Litigation Settlement Trust is completed.  Upon termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall retain for a period of two (2) years the books, records, ~~Litigation Settlement Trust Beneficiary lists,~~ the Litigation Settlement Trust ~~Register~~, and certificates and other documents and files that have been delivered to or created by the Litigation Settlement Trustees. At the Litigation Settlement Trustees' discretion, all of such records and documents may, but need not, be destroyed at any time after two years from the completion and ~~winding up~~winding-up of the affairs of the Litigation Settlement Trust. Except as otherwise specifically provided herein, upon the termination of the Litigation Settlement Trust, the Litigation Settlement Trustees shall have no further duties or obligations hereunder.

### ARTICLE 8~~ARTICLE 10~~
### AMENDMENT AND WAIVER

8.1    ~~10.1~~ Amendment and Waiver.  The Litigation Settlement Trustees, with the consent of the Third-Party Funding Contributors, up to and ~~including Confirmation of a Plan~~until entry of an order confirming a Plan in these Chapter 11 Cases, may amend, supplement or waive any provision of, this ~~Declaration~~Agreement, without notice to or the consent of any Litigation Settlement Trust Beneficiary or the approval of the Bankruptcy Court: (i) to cure any ambiguity, omission, defect, or inconsistency in this ~~Declaration~~Agreement, provided that such amendments, supplements, or waivers shall not materially ~~adversely affect the distributions to be made under this Declaration to any~~modify the rights, duties, or obligations of the Litigation Settlement ~~Trust Beneficiaries, or materially adversely affect the U.S. federal income tax status of the Litigation Settlement Trust as a "liquidating trust" that is a grantor trust; (ii) to comply with any requirements in connection with the U.S. Federal income tax status of the Litigation Settlement Trust as a "liquidating trust" that is a grantor trust; (iii)~~Trustees under this Agreement; (ii) to comply with any requirements in connection with maintaining any exemptions from or exceptions to the registration or reporting requirements of the Exchange Act, the Trust Indenture Act, or the Investment Company Act as deemed necessary or appropriate from time to time by the Litigation Settlement Trustees~~, including, without limitation, subject to the Asbestos Trust's rights under the Put Option (which rights may not be infringed or otherwise affected by the Debtors or the Litigation Settlement Trustees), to cause the Litigation Settlement Trust Interests (other than those interests subject to the Put Option) to be non-transferable; (iv) to make the Litigation Settlement Trust a reporting entity and, in such event, to comply with any requirements in connection with satisfying the registration or reporting requirements of the Exchange Act, the Trust Indenture Act, or the Investment Company Act as deemed necessary or appropriate from time to time by the Litigation Settlement Trustees; (v) to cause the Litigation Settlement Trust Interests to be non-transferable to the extent the Litigation Settlement Trustees~~

determines such restraint on transferability to be in the best interests of the Litigation Settlement Trust; and (viiii) to evidence and provide for the acceptance of appointment hereunder by a successor trustee in accordance with the terms of this ~~Declaration and the Confirmed~~Agreement or a Plan.

(b) Except as provided in the foregoing subsection after Confirmation of a Confirmed Plan (a), any substantive provision of this Declaration may be amended or waived by the Litigation Settlement Trustees, subject to the prior approval of the Litigation Settlement Trust Board which shall not be unreasonably withheld, with the approval of the Bankruptcy Court upon notice and an opportunity for a hearing; *provided, however*, that no change may be made to this Declaration that would materially adversely affect the distributions to be made under this Declaration to any of the Litigation Settlement Trust Beneficiaries, or materially adversely affect the U.S. Federal income tax status of the Litigation Settlement Trust as a "liquidating trust" that is a grantor trust, nor increase the obligations of any Third-Party Funding Contributor to increase the obligations to accomplish Payment in Full and the Resulting Releases. Notwithstanding this Section 10.1, any amendments to this Declaration shall not be inconsistent with the purpose and intention of the Litigation Settlement Trust to liquidate in an expeditious but orderly manner the Litigation Settlement Trust Claims in accordance with Treasury Regulation Section 301.7701-4(d).

(c) For the purpose of this Declaration and any subsequent Confirmed Plan, the term "Payment in Full" means the amount of any Litigation Claim (i) settled by the Claimant and Interest Holder with the Trustees and the Third-Party Funding Contributors; (ii). resolved as to amount pursuant to the channeling injunction or other provisions of the Confirmed Plan for Claims resolution; or (iii). resolved by a trial in federal district court that preserves the Claimants right to a jury if timely and properly demanded; with such amount to be paid, including payments over time bearing interest at the federal judgment rate, to the settled Litigation Claim Claimant. For the purpose of this Declaration and any subsequent Confirmed Plan, the term "Resulting Release" in regards a Third-Party Funding Contributor means the full and complete release from any and all possible liability on a Claim that is Paid in Full, which release shall be as a matter of law, and as a matter of the binding effects of the terms of the Confirmation Order and Confirmed Plan which shall provide for this Resulting Release.

### ARTICLE 9~~ARTICLE 11~~
### MISCELLANEOUS PROVISIONS

~~Intention of Parties to Establish the Litigation Settlement Trust. This Declaration is intended to create a liquidating trust that is a grantor trust for federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Declaration may be amended in accordance with Section 10.1 to comply with such federal income tax laws, which amendments may apply retroactively.~~

9.1     ~~11.2~~ Reimbursement of Trust Litigation-Settlement Costs. If the Litigation Settlement Trustees, the ~~Litigation Settlement Trust Board~~Debtors, or the Litigation Settlement Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this ~~Declaration~~Agreement or the enforcement thereof, the Litigation Settlement Trustees, the

~~Litigation Settlement Trust Board~~Debtors, or the Litigation Settlement Trust, as the case may be, shall be entitled to collect any and all costs, reasonable and documented out-of-pocket expenses, and fees, including attorneys' fees, from the non-prevailing party incurred by the Litigation Settlement Trustees, the ~~Litigation Settlement Trust Board~~Debtors, or the Litigation Settlement Trust, as the case may be, in connection with such dispute or enforcement action.

9.2 ~~11.3~~ Laws as to Construction. This ~~Declaration~~Agreement shall be governed by and construed in accordance with the laws of the State of ~~Delaware~~Texas and U.S. bankruptcy laws, as applicable, without regard to whether any conflicts of law would require the application of the law of another jurisdiction.

9.3 ~~11.4~~ Jurisdiction. Without limiting any Person or entity's right to appeal any order of the Bankruptcy Court or to seek withdrawal of the reference with regard to any matter, and subject to the rights of the Litigation Settlement Trustees pursuant to Section 2.3(b) of this ~~Declaration~~Agreement, (i) prior to the closure of the ~~Bankruptcy~~Chapter 11 Cases (a) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this ~~Declaration~~Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this ~~Declaration~~Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (b) any and all actions related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and (ii) following the closure of the ~~Bankruptcy~~Chapter 11 Cases, (x) the ~~Delaware Courts of Chancery~~districts courts for Texas shall retain exclusive jurisdiction to enforce the terms of this ~~Declaration~~Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this ~~Declaration~~Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (y) any and all actions related to the foregoing shall be filed and maintained only in a ~~Delaware Court of Chancery~~Texas federal district court, and the parties, including the Litigation Settlement Trust Beneficiaries, ~~and Holders of Claims and Equity Interests,~~ hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court and the ~~Delaware Courts of Chancery~~federal district courts of Texas, as applicable.

9.4 ~~11.5~~ Severability. If any provision of this ~~Declaration~~Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this ~~Declaration~~Agreement , or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this ~~Declaration~~Agreement shall be valid and enforced to the fullest extent permitted by law.

9.5 ~~11.6~~ Notices. All notices, requests, or other communications to the parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic mail or facsimile communication (as evidenced by a confirmed fax transmission report); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier. Until a change of address is communicated, as provided below, all notices, requests, and other communications shall be sent to the parties at the following addresses or facsimile numbers:

**If to the Initial Trustee Robert Dew**:

Kyung S. Lee
Parkins Lee & Rubio LLP
Pennzoil Place-13th Floor
700 Milam
Houston, Texas 77002
klee@parkinslee.com

**If to the Litigation Settlement Trustees**:

Matthew S. Okin
To be named by Bankruptcy Court Order
With a copy to: To be named by LST Trustees
Okin Adams LLP
1113 Vine St. Suite 240
Houston, TX 77002
mokin@okinadams.com

**If to Debtors and Reorganized Debtors**:

To: Marc Schwartz
Chief Restructuring Officer
of the Debtors
Schwartz & Associates LLC
712 Main Street, Ste 1830
Houston, Texas 77002

**With a copy to:**

Kyung S. Lee
Parkins Lee & Rubio LLP
Pennzoil Place-13th Floor
700 Milam
Houston, Texas 77002
klee@parkinslee.com

**If to Free Speech Systems, LLC**
**As a Third-Party Funding Contributor**

To: Ray Battaglia
rbattaglialaw@outlook.com

**If to Alex Jones**
**As a Third-Party Funding Contributor**

To: Shelby A. Jordan

sjordan@jkhwclaw.com

All notices shall be effective and shall be deemed delivered (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail or facsimile communication, on the date of receipt or confirmed transmission of the communication; and (iii) if by mail, on the date of receipt.  Any party from time to time may change its address, facsimile number, or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

9.6  ~~11.7~~ Fiscal Year.  The fiscal year of the Litigation Settlement Trust will begin on the first day of January and end on the last day of December of each year.

~~Definitions.  Each of the terms set forth below has the meaning set forth in the provision set forth opposite such term in the following table:~~

| ~~Term~~ | ~~Provision~~ |
|---|---|
| ~~Act~~ | ~~Section 1.5(a)~~ |
| ~~Bankruptcy Court~~ | ~~Recitals~~ |
| ~~Chapter 11 Cases~~ | ~~Preamble~~ |
| ~~Covered Person~~ | ~~Section 11.11~~ |
| ~~Declaration~~ | ~~Preamble~~ |
| ~~Litigation Settlement Trustees~~ | ~~Preamble~~ |
| ~~Eligible Holder~~ | ~~Section 4.7(e)~~ |
| ~~Information~~ | ~~Sections 2.2(a) and 11.11~~ |
| ~~Indemnified Persons~~ | ~~Section 7.1(a)~~ |
| ~~Interim Trustee~~ | ~~Section 2.3(g)~~ |
| ~~Initial Trustee~~ | ~~Preamble~~ |
| ~~Original Certificate~~ | ~~Section 5.5(f)~~ |
| ~~Payment in Full~~ | ~~Section 10.1(c)~~ |
| ~~Plan and Plan Documents~~ | ~~Section 6.1(d)~~ |
| ~~Litigation Settlement Trust~~ | ~~Preamble~~ |
| ~~Litigation Settlement Proceeds~~ | ~~Section 2.1(c)~~ |
| ~~Litigation Settlement Trustees~~ | ~~Preamble~~ |
| ~~Confirmed Plan~~ | ~~Preamble~~ |
| ~~Reorganized Debtors~~ | ~~Preamble~~ |
| ~~Resulting Release~~ | ~~Section 10.1(c)~~ |
| ~~Treasury Regulations~~ | ~~Section 1.4(a)~~ |
| ~~Third-Party Funding Contributor(s)~~ | ~~Preamble, Section 2.2~~ |
| ~~Trust Tax Owners~~ | ~~Section 1.4(a)~~ |
| ~~Trustee(s)~~ | ~~Section 2.3(a)~~ |

9.7 ~~11.9~~ Headings. The section headings contained in this ~~Declaration~~Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this ~~Declaration~~Agreement or of any term or provision hereof.

9.8 ~~11.10~~ Counterparts. This ~~Declaration~~Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

9.9 ~~11.11~~ Confidentiality. The Litigation Settlement Trustees, ~~the Litigation Settlement Trustees~~ and each successor trustee and each member of ~~the Litigation Settlement Trust Board~~each Debtor and each successor member of ~~the Litigation Settlement Trust Board~~each Debtor (each a "Covered Person") including any member or counsel to either as well as any member of any Committee Representative having access to information defined below shall, during the period that they serve in such capacity under this ~~Declaration~~Agreement and following either the termination of this ~~Declaration~~Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the assets of the Litigation Settlement Trust relates or of which it has become aware in its capacity (the "Information"), except to the extent disclosure is first obtained by a federal court and is shown to be required by applicable law, order, regulation, or legal process. In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand, or similar legal process) to disclose any Information, such Covered Person shall notify the ~~Litigation Settlement Trust Board~~Debtors reasonably promptly (unless prohibited by law) so that the ~~Litigation Settlement Trust Board~~Debtors may seek an appropriate protective order or other appropriate remedy or, in its discretion, waive compliance with the terms of this Section (and if the ~~Litigation Settlement Trust Board~~Debtors seeks such an order, the relevant Covered Person will provide cooperation as the ~~Litigation Settlement Trust Board~~Debtors shall reasonably request). In the event that no such protective order or other remedy is obtained, or that the ~~Litigation Settlement Trust Board waives~~Debtors waive compliance with the terms of this Section and that any Covered Person is nonetheless legally compelled to disclose the Information, the Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and will give the ~~Litigation Settlement Trust Board~~Debtors written notice (unless prohibited by law) of the Information to be disclosed as far in advance as practicable and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

9.10    11.12 Entire Agreement.    This Declaration Agreement (including the Recitals) together with the later Confirmed Plan, and the Confirmation Order PSA shall constitute, the entire agreement by and among the parties hereto and there are no representations, warranties, covenants or obligations except as set forth herein or therein. This Declaration, the Confirmed Plan and the Confirmation Order Agreement and the PSA supersede all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.    Except as otherwise specifically provided herein, in the Confirmed Plan or in the Confirmation Order, nothing in this Declaration Agreement is intended or shall be construed to confer upon or to give any person other than the named parties thereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Declaration Agreement.

11.13    Modification of this Declaration or the Litigation Settlement Trust Terms: The Trustees may make changes and modifications of this Declaration or the Litigation Settlement Trust Terms to clarify its terms, or as the Trustees deem necessary to remedy any conflict in terms or to further the accomplishment of the purpose of this Trust.    All such modifications shall require no approval of the bankruptcy court provided that within 20 days of the modification the Trustees cause a "Notice of Modification" is filed with the clerk of the Bankruptcy Court in the Chapter 11 Cases.

11.14    Jurisdiction and Venue:    All actions, disputes, performance, declarations or determinations of or claims of breach of performance, by any Party or by any Third Party, including any action seeking to determine or establish the rights or obligations of any Party or any Litigation Settlement Trustee shall be governed by the laws of the United States, including Title 11 § 101, et. seq. and the applicable laws of the State of Texas, with exclusive and continuing jurisdiction and venue in the United States Bankruptcy Court or the United States District Court, as the case may be, for the Southern District of Texas, Victoria Division, (collectively the Federal Court).

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this ~~Declaration~~Amendment or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

Effective Date:  April ~~14~~28, 2022.

*INITIAL* **LITIGATION SETTLEMENT TRUSTEE**

By: _____
Name:   Robert Dew
Title:    Initial Trustee, and as sole ~~officer and~~ member ~~Director~~ of each
Debtor entity InfoW, LLC, InfoHealth, LLC, Prison Planet TV, LLC

**INFOW, LLC**

By: _____
Name:    W. Marc Schwartz
Title:      Chief Restructuring Officer

**IWHEALTH, LLC**

By: _____
Name:    W. Marc Schwartz
Title:      Chief Restructuring Officef

**PRISON PLANET TV, LLC**

By: _____
Name:    W. Marc Schwartz
Title:      Chief Restructuring Officer

**THIRD-PARTY FUNDING CONTRIBUTOR ALEX JONES**

By: _____
Name:

**THIRD-PARTY FUNDING CONTRIBUTOR
FREE SPEECH SYSTEMS, LLC**

By: _____
Name:
Title:

**SIGNATURES LEFT BLANK PENDNG
APPOINTMENT BY BANKRUPTCY
COURT ORDER**

_____
Name:  Russell F. Nelms
Title:  Litigation Settlement Trust Trustee ~~and~~
and Debtors' ~~Independent Board~~Managing Member

_____
Name:  Richard S. Schmidt
Title:  Litigation Settlement Trust Trustee ~~and~~
and Debtors' ~~Independent Board~~Managing Member

# EXHIBIT A

## GLOSSARY OF CERTAIN DEFINED TERMS

Applicable definitions contained in the Bankruptcy Code are incorporated into this Declaration except as modified in this Glossary of Defined Terms. The following definitions shall have the meanings as specified herein, and shall be designated, when such special definitions are applicable, with capital letters, and these definitions shall be enforceable as terms of the Declaration in conjunction with the respective matters to which they reference or define.

*"Allowed"* or *"Allowed Claim"* means a Litigation Settlement Trust Claims or Claim that is allowed: (i) in any stipulation executed by the Debtor (or the Litigation Settlement Trustees after the Confirmation Order becomes a Final Order), the Third Party Funding Contributors and the holder of the Litigation Settlement Trust Claim; (ii) in a Final Order; or (iii) pursuant to the terms of the Plan.

*"Bankruptcy Cases"* means collectively or individually the cases filed by the Debtors pursuant to 11 U.S.C. §1101, *et seq.*

*"Bankruptcy Code"* means title 11 of the United States Code.

*"Confirmation Order"* means the order of the Bankruptcy Court confirming the Plan(s) pursuant to section 1191 of the Bankruptcy Code.

*"Confirmed Plan"* means a Plan for which the Bankruptcy Court has entered a Confirmation Order which is a Final Order.

"**Debtor**" or "**Debtors**" shall refer individually and collectively to InfoW, LLC (XXXX), InfoHealth, LLC (XXXX), and Prison planet TV, LLC (XXXX), including any and all affiliated, predecessor, successors, assigns, agents, employees, partners, attorneys, representatives, administrators, investigators, consultants and other persons, acting or purporting to act on behalf of any of the above entities.

"**Definitive Documents**" means, with respect to the Plan(s), all material documents (including any related Bankruptcy Court orders, agreements, schedules, pleadings, motions, filings, or exhibits) that are contemplated by this Agreement and that are otherwise necessary or desirable to implement the Plan(s) and this Agreement, including (as applicable): (i) the Plan(s); (ii) Disclosure Statement(s) if ordered by the Bankruptcy Court; (iii) any other operative documents and/or agreements relating to the Plan(s) (including any documents necessary to implement the distributions contemplated thereunder); (iv) the Confirmation Order.

"**Effective Date**" means April 8, 2022.

"**Final Order**" means an order or judgment of a court of competent jurisdiction that has been entered on the docket maintained by the clerk of such court and has not been reversed, vacated or stayed and as to which (a) the time to appeal, petition for certiorari, or move for a stay, new trial, re-argument, or rehearing has expired and as to which no appeal, petition for certiorari or other proceedings for a stay, new trial, reargument or rehearing shall then be pending or (b) if an appeal, writ of certiorari, stay, new trial, reargument or rehearing thereof has been sought, (i) such order or judgment shall have been affirmed by the highest court to which such order was appealed, certiorari shall have been denied or a stay, new trial, reargument or rehearing shall have been denied or resulted in no modification of such order and (ii) the time to take any further appeal, petition for certiorari, or move for a stay, new trial, reargument or rehearing shall have expired; provided, however, that no order or judgment shall fail to be a "Final Order" solely because of the possibility that a motion pursuant to section 502(j) or 1144 of the Bankruptcy Code or under Rule 60 of the Federal Rules of Civil Procedure, or Bankruptcy Rule 9024 has been or may be filed with respect to such order or judgment.

"**Litigation**" means pending civil lawsuits, including but not limited to the following:

Marcel Fontaine vs. Alex E., Jones, Infowars, LLC, Free Speech Systems, LLC and Kit Daniels, Cause No. D-1-GN-18-001605 in the 459th Judicial District Court of Travis County, Texas;

Neil Heslin vs. Alex E. Jones, Infowars, LLC, and Free Speech Systems, LLC, Cause No. D-1-GN-18-001835 in the 261st Judicial District Court of Travis County, Texas;

Veronique de la Rosa and Leonard Pozner vs. Alex E. Jones, Inforwars, LLC, and Free Speech Systems, LLC, Cause No. D-1-GN-18-001842 in the 345th Judicial District Court of Travis County, Texas;

Scarlett Lewis vs. Alex E. Jones, Inforwars, LLC, Free Speech Systems, LLC and Owen Shroyer, Cause No. D-1-GN-18-006623 in the 98th Judicial District Court of Travis County, Texas;

Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Jeremy Richman, Donna Soto, Carlee Soto-Parisi, Carlos Soto, Jillian Soto, and William Aldenberg v. Alex Emric Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, Prison Planet TV, LLC, Wolfgang Halbig, Corey T. Sklanka, Genesis Communications Network, Inc., and Midas Resources, Inc., Cause No. X06-UWY-CV-18-6046436-S in the Superior Court of Connecticut, Waterbury Division;

William Sherlach and Robert Parker v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, Wolfgang Halbig, Cory T. Sklanka, Genesis Communications Network, Inc., and Midas Resources, Inc., Cause No. X06-UWY-CV-18-6046437-S in the Superios Court of Connecticut, Waterbury Division; William Sherlach and Robert Parker v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, Wolfgang Halbig, Cory T. Sklanka, Genesis Communications Network, Inc., and Midas Resources, Inc., Cause No. X06-UWY-CV-18-6046438-S in the Superios Court of Connecticut, Waterbury Division; and

Brennan M. Gilmore v. Alexander ("Alex") E. Jones, Infowars, LLC, Free Speech Systems, LLC, Lee Stanahan, Lee Ann McAdoo a/k/a Lee Ann Fleissner, Scott Creighton, James ("Jim") Hoft, Allen B. West, Derrick Wilburn, Michelle Hickford, and Words-n-Ideas, LLC, Cause No. 3:18-cv-00017-GEC in the United States Districrt Court for the Western District of Virginia, Charlottesville Division;

together with any other pending lawsuits against any of the Parties on the Effective Date of this Agreement (collectively, the "Litigation Claims").

**"Initial Trust Funding"** means $725,000 in cash funded to the Litigation Settlement Trust by AJ from his Exempt property upon the Effective Date of this Agreement to pay the costs of administration of the Debtors' Bankruptcy Cases and the Litigation Settlement Trust, including retention of the Litigation Settlement Trustees and retention by the Trustees of all professionals deemed necessary to accomplish the purpose of this Trust and the commitment of the Third Party Funding Contributors to maintain for not less than 120 days after the Petition Date a balance of $200,000 after payment of all initial administrative expense retainers to newly appointed Litigation Settlement Trustees and as the only members of the Debtors acting as independent Members, together with the Debtors' professionals from time to time, to be paid directly, or thereafter maintained in the Litigation Settlement Trust for continued payment of the costs of Administration of the Litigation Settlement Trust and the Debtors' Bankruptcy Cases.

**"Litigation Settlement Trust"** means the Litigation Settlement Trust dated April 14, 2022 for the benefit of the Debtors' as provided therein, including that Third Party Funding Contributor[s] intended to facilitate and underwrite the "Payment in Full" Plan Class of Allowed Litigation Settlement Trust Claims and the Litigation Settlement Trust Beneficiaries Litigation Settlement Trust Claims, as may exist from time to time and as may be funded by the Third Party Funding Contributors for this purpose from time to time to achieve Payment in Full.(s).

**"Litigation Settlement Trustees" or "Trustees"** means two individuals approved by the Bankruptcy Court to serve as Trustees of Litigation Settlement Trust who will replace the interim trustee serving in that capacity prior to the filing of the Bankruptcy Cases.

**"Litigation Settlement Trust Claims Bar Date"** means the bar date for filing Claims or Litigation Claims in the Bankruptcy Cases established by Order of the Bankruptcy Court;

**"Litigation Settlement Trust Claims"** means the Claims of any party arising out of or related to the Litigation Claims and evidenced by a proof of claim timely filed in the Debtors' Chapter 11 case(s).

"**Litigation Settlement Trust Claims Estimation**" means the estimation of the Litigation Settlement Trust Claims by the Bankruptcy Court in these Bankruptcy Cases pursuant to Sections 502(c) and 105 of the Bankruptcy Code and Rule 3018 of the Bankruptcy Rules of

Procedure.

*"Litigation Settlement Trust Beneficiary"* Means the holder of a Litigation Settlement Trust Claim.

*"Litigation Trust Expenses"* means all costs, expenses and professional fees incurred by the Litigation Settlement Trust and the Litigation Settlement Trustees during the Support Period, specifically including, but not limited to the allowed fees and expenses of the Debtors and their professionals incurred in connection with the prosecution of the Bankruptcy Cases and those incurred after the Plan Effective Date, approved by the Litigation Settlement Trustees.

*"Petition Date"* means the date upon which the earliest of the Debtors' Bankruptcy Cases was commenced as a voluntary bankruptcy case.

*"Plan(s)"* or *"Plan(s) of Reorganization"* means the chapter 11 plan(s) to be jointly proposed by the Debtors supported by the Third-Party Funding Contributors in each of the Bankruptcy Cases, that contains the same terms set forth in, and is otherwise materially consistent with this Agreement and that is an Approved Plan Document, as the same may be amended, supplemented, or otherwise modified as provided herein.

*"Plan Effective Date"* means the date on which the Plan, as confirmed, becomes effective, as defined therein.

*"Reorganized Debtor(s)"* means one or more of the Debtors after the Plan Effective Date, surviving after confirmation of the Plan.

*"Support Period"* means, with respect to any Party, the period commencing on the later of (a) the Agreement Effective Date and (b) the Petition Date and ending on the date on the earlier of (i) 120 days following the commencement date and (ii) termination of this Agreement, *provided* however that if a Confirmation Order is entered, the Support Period shall remain in effect for not less than 5 years from the Plan Effective Date.

**EXHIBIT "B"**

(Deleted graphics)Wire 4/6/22 - $715,000.00 to Fund 2022LST

| Date | Description | Amount | |
|------|-------------|--------|---|
| 4/6/22 | J&O IOLTA Deposit | $715,000.00 | Exempt Proceeds from Homestead sale |
| | Parkins, Kyun, Rubio - Debtor Counsel Retainer | $175,000.00 | Debors' counsel |
| | Jordan & Ortiz Fees (Dec, Jan, Feb, March) | $98,150.00 | Alex Jones Counsel |
| | Battaglia Fees - Balance to Retainer | $40,000.00 | Free Speech Counsel |
| | Victoria Lease - 6 months - 2 suites | $6,000.00 | 2022 LST Office Space |
| | M. Schwartz CRO* | $25,000.00 | CRO retainer |
| | **BALANCE** | **$370,850.00** | |
| | Transfer to Litigation Settlement Trust | $370,000.00 | Balance of Exempt Proceeds from Homestead sale |
| | Proposed Judge Schmidt Trustee Retainer-Indpt Mgr | $50,000.00 | Chapter 11 Trustee's fees |
| | proposed Judge Nelms Trustee Retainer - Indpt Mgr | $50,000.00 | Chapter 11 Trustee's fees |
| | Proposed Trustees' counsel | $30,000.00 | Chapter 11 Trustees' counsel fees |
| | Conn. Local Bankruptcy Counsel | $20,000.00 | Special Conn. BR counsel retainer |
| | **Operating 2022 LST Balance**** | **$220,000.00** | |

**Note: These balances may change based on authorized distributions of the Initial Trustee and additional contributions by the Third-Party Funding Contributors prior to the appointment of the two Trustees by the bankruptcy court.**

| | |
|---|---|
| **Summary report:**<br>**Litera Compare for Word 11.0.0.61 Document comparison done on**<br>**4/29/2022 8:55:09 AM** | |
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** 1.0 - IW - 4.14.2022 Declaration of Trust.doc | |
| **Modified filename:** 1.1 - IW - 4.28.2022 Amended and Restated Declaration of Trust.doc | |
| **Changes:** | |
| Add | 372 |
| Delete | 714 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 1 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 1088 |

## **EXHIBIT C**

**Amended and Restated Plan Support Agreement**

## AMENDED AND RESTATED PLAN SUPPORT AGREEMENT

This AMENDED AND RESTATED PLAN SUPPORT AGREEMENT (as the same may be amended, modified or supplemented from time to time in accordance with the terms hereof, the "Agreement") is made and entered into as of April 28, 2022 by and among the following parties (each individually a "Party" and collectively referred to as the "Parties"):

(a)        Free Speech Systems, LLC, a Texas limited liability company ("FSS");

(b)        Alex E. Jones, an individual residing in Texas ("AEJ," and, collectively with FSS, the "Third-Party Funding Contributor[s]");

(c)        InfoW, LLC,[1] a Texas limited liability company ("IW");

(d)        InfoHealth, LLC,[2] a Texas limited liability company ("IWH"); and

(e)        Prison Planet TV, LLC, a Texas limited liability company ("PTV").

## RECITALS[3]

WHEREAS, the Debtors have determined that it would be in their best interests and the best interest of their creditors to implement a restructuring of their indebtedness and other obligations through the prosecution of the Chapter 11 Cases (defined herein) managed by a Chief Restructuring Officer, with the membership interest of the Debtors in a trust, under the exclusive governance and control of independent trustees to be approved by the Bankruptcy Court and funded by the Third-Party Funding Contributor[s] as herein provided;

WHEREAS, on April 18, 2022 (the "Petition Date"), IW, IWH and PTV (collectively the "Debtors" and each individually a "Debtor") filed voluntary petitions for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing jointly administered cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Court");

WHEREAS, prior to the Petition Date, the Debtors, the Third-Party Funding Contributor[s], and the Initial Trustee (as defined therein) executed that Declaration of Trust (as may be amended or restated, the "Trust Agreement") establishing the 2022 Litigation Settlement Trust (the "Litigation Settlement Trust") to facilitate the independent administration of the Chapter 11 Cases and to pursue confirmation of a chapter 11 plan of reorganization in accordance with the terms of this Agreement;

---

[1]    Formerly known as InfoWars, LLC

[2]    Formerly known as InfoWars Health, LLC

[3]    Unless otherwise indicated, capitalized terms used in these Recitals shall have the meanings ascribed in the body of this Agreement.

WHEREAS, also prior to the Petition Date, the Parties entered into this Agreement and agreed upon certain material terms of a proposed chapter 11 plan(s) for the Debtors, as may be amended, modified, or supplemented from time to time, including any schedules and exhibits attached thereto, in each case, in accordance with the terms hereof (the "Proposed Plan");

WHEREAS, subject to the terms and limitations set forth herein, the Proposed Plan shall provide for Payment in Full of all Allowed Litigation Settlement Trust Claims, which payments shall be administered by the Litigation Settlement Trustees and funded by the Third-Party Funding Contributor[s] with cash, assets and liens (as set out and limited herein, the "Exit Funding Commitment");

WHEREAS, in consideration for the performance and fulfillment of the Funding Commitment (as defined in the Trust Agreement) and the Exit Funding Commitment, the Third-Party Funding Contributor[s] shall be entitled to receive the Resulting Releases subject to the terms of this Agreement and the Plan, provided, however, for the avoidance of doubt, that the granting of such Resulting Releases shall be expressly conditioned upon satisfaction in full of any and all joint and several liabilities of each or all of the Debtors and the Third-Party Funding Contributor[s] and arising from the Litigation Settlement Trust Claims;

WHEREAS the Debtors and the Third-Party Funding Contributor[s] desire the appointment of the Litigation Settlement Trustees as successors to the Initial Trustee of the Litigation Settlement Trust;

WHEREAS the Litigation Settlement Trustees require certain amendments and revisions to the terms of this Agreement as set forth herein as a condition of their willingness to serve as trustees of the Litigation Settlement Trust; and

WHEREAS, subject to the terms hereof and appropriate approvals of the Bankruptcy Court, as may be required, the following sets forth the amended and restated agreement among the Parties concerning their respective obligations in connection with the Plan(s) and the Chapter 11 Cases.

NOW, THEREFORE, in consideration of the premises and mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound hereby, agree as follows:

## Section 1      CERTAIN DEFINITIONS

Applicable definitions contained in (i) the Bankruptcy Code; and (ii) the Litigation Settlement Trust (and associated documents) are incorporated into this Agreement except as modified in this Section 1 or except as conflicting with the defined the terms herein. The following definitions shall have the meanings as specified herein, and shall be designated, when such special definitions are applicable, with capital letters, and these definitions shall be enforceable as terms of the Agreement in conjunction with the respective matters to which they reference or define.

***"Allowed"*** or ***"Allowed Claim"*** means, with respect to any Claim, except as otherwise provided

in the Proposed Plan, a Claim allowable under Bankruptcy Code section 502 that (i) has been allowed by a Final Order, including but not limited to any Final Order estimating claims for purposes of confirming this Plan, (ii) either has been Scheduled as a liquidated, non-contingent, undisputed Claim in an amount greater than zero in the Debtors' schedules, as the same may from time to time be amended in accordance with the Bankruptcy Code, Bankruptcy Rules or order of the Bankruptcy Court, or is the subject of a timely filed and liquidated Proof of Claim as to which either no objection to its allowance has been filed (either by way of objection or amendment to the Schedules) within the periods of limitation fixed by the Bankruptcy Code or by any order of the Bankruptcy Court, or any objection to its allowance has been settled, waived through payment, or withdrawn, or has been denied by a Final Order, (iii) is expressly allowed in a liquidated amount in the Plan; or (iv) has been allowed in any stipulation executed by the Debtor (or the Litigation Settlement Trustees), the Third-Party Funding Contributors and the holder of the Litigation Settlement Trust Claim.

**"Claim(s)"** means a "claim" against the Debtors, as defined in Section 101(5) of the Bankruptcy Code.

**"Confirmation Order"** means a final, non-appealable order of the Bankruptcy Court confirming the Proposed Plan pursuant to section 1191 of the Bankruptcy Code.

"**Definitive Documents**" means, with respect to the Plan(s), all material documents (including the Plan itself as well as any related Bankruptcy Court orders, agreements, schedules, pleadings, motions, filings, or exhibits) that are contemplated by this Agreement , in form and substance acceptable to the Litigation Settlement Trustees and the Third-Party Funding Contributor[s], and that are otherwise necessary or desirable to implement the Plan(s) and this Agreement, including (as applicable): (i) the Plan(s); (ii) Disclosure Statement(s) if ordered by the Bankruptcy Court; (iii) any other operative documents and/or agreements relating to the Plan(s) (including any documents necessary to implement the distributions contemplated thereunder); and (iv) the Confirmation Order.

**"Litigation"** means pending civil lawsuits against one or more of the Debtors, including but not limited to the following (as may be removed to federal court):

- *Marcel Fontaine vs. Alex E., Jones, Infowars, LLC, Free Speech Systems, LLC and Kit Daniels*, Cause No. D-1-GN-18-001605 in the 459th Judicial District Court of Travis County, Texas;

- *Neil Heslin vs. Alex E. Jones, Infowars, LLC, and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001835 in the 261st Judicial District Court of Travis County, Texas;

- *Veronique de la Rosa and Leonard Pozner vs. Alex E. Jones, Inforwars, LLC, and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001842 in the 345th Judicial District Court of Travis County, Texas;

- *Scarlett Lewis vs. Alex E. Jones, Inforwars, LLC, Free Speech Systems, LLC and Owen Shroyer*, Cause No. D-1-GN-18-006623 in the 98th Judicial District Court of Travis County, Texas;

- *Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Jeremy Richman, Donna Soto, Carlee Soto-Parisi, Carlos Soto, Jillian Soto, and William Aldenberg v. Alex Emric Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, Prison Planet TV, LLC, Wolfgang Halbig, Corey T. Sklanka, Genesis Communications Network, Inc., and Midas Resources, Inc.*, Cause No. X06-UWY-CV-18-6046436-S in the Superior Court of Connecticut, Waterbury Division;

- *William Sherlach and Robert Parker v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, Wolfgang Halbig, Cory T. Sklanka, Genesis Communications Network, Inc., and Midas Resources, Inc.*, Cause No. X06-UWY-CV-18-6046437-S in the Superios Court of Connecticut, Waterbury Division;

- *William Sherlach and Robert Parker v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, Wolfgang Halbig, Cory T. Sklanka, Genesis Communications Network, Inc., and Midas Resources, Inc.*, Cause No. X06-UWY-CV-18-6046438-S in the Superios Court of Connecticut, Waterbury Division; and

- *Brennan M. Gilmore v. Alexander ("Alex") E. Jones, Infowars, LLC, Free Speech Systems, LLC, Lee Stanahan, Lee Ann McAdoo a/k/a Lee Ann Fleissner, Scott Creighton, James ("Jim") Hoft, Allen B. West, Derrick Wilburn, Michelle Hickford, and Words-n-Ideas, LLC*, Cause No. 3:18-cv-00017-GEC in the United States Districrt Court for the Western District of Virginia, Charlottesville Division;

- *Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique de la Rosa, Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, PQPR Holdings Limited LLC, JLJR Holdings Limited LLC, JLJR Holdings, LLC, PLJR Holdings, LLC, Carol Jones, David Jones, PQPR Holdings, LLC, JLJR Holdings Limited, LLC, AEJ Holdings, LLC, AEJ Trust 2018*, Cause No. D-1-GN-22-001610 in the District Court Travis County, Texas 200th District Court.

together with any other pending lawsuits against any of the Debtors on the Petition Date.

**"Litigation Claims"** means any and all Claims arising out of the Litigation against any of the Parties for which a Debtor is or has at any time been alleged to be jointly and severally liable under theory of law or equity.

**"Litigation Settlement Trustees"** means, subject to entry of the Trustee Order (as defined in the Trust Agreement), Richard S. Schmidt and Russell F. Nelms.

**"Litigation Settlement Trust Claims"** means the Claims of any party arising out of or related to the Litigation Claims and evidenced by a proof of claim timely filed in the Debtors' Chapter 11 case(s).

*"Litigation Settlement Trust Claims Bar Date"* means the bar date for filing Claims or Litigation Claims in the Chapter 11 Cases established by Order of the Bankruptcy Court;

*"Liquidated Litigation Settlement Trust Claim Amount"* shall have the meaning set forth in Section 2.2(a) of this Agreement.

"*Payment in Full*" shall have the meaning set forth in Section 2.2(d) of this Agreement.

*"Effective Date"* means the date on which the Proposed Plan, as confirmed, becomes effective, as defined therein.

"*Resulting Release*" shall have the meaning set forth in Section 2.2(d).

### Section 2        Prosecution of the Chapter 11 Cases.

2.1    <u>Chapter 11 Case Administration</u>.  The Parties agree that as soon as practical after the Petition Date:

a.        the Debtors shall file a Motion to establish a Litigation Settlement Trust Claims Bar Date;

b.        after such diligence and deliberation as the Litigation Settlement Trustees shall in their sole discretion require, the Debtors shall initiate, including by seeking such approvals as may be required from the Bankruptcy Court, protocol(s) for the establishment of the Allowed Litigation Settlement Trust Claims subject to the terms of this Agreement, which protocols may, in the discretion of the Litigation Settlement Trustees, include, but shall not be limited to, liquidation of the Litigation Settlement Trust Claims through (i) subject to Section 6.2(b) herein, settlement by the holder of an Litigation Settlement Trust Claims with the Debtors and the Third-Party Funding Contributors; (ii) estimation pursuant to section 502(c) of the Bankruptcy Code; (iii) a consolidated trial in court of competent jurisdiction over all Litigation Settlement Trust Claims subject to the mandates of 28 U.S.C. § 157(b)(5) (as applicable); or (iv) such other process permitted under applicable law as is determined by the Litigation Settlement Trustees under the facts and circumstances then applicable to be most suitable to liquidating the Litigation Settlement Trust Claims such that the amount necessary to satisfy the Exit Funding Commitment may be reasonably determined; and

c.        promptly initiate and negotiate the Definitive Documents in good faith, consistent in all respects with this Agreement, and otherwise in form and substance reasonably acceptable to the Parties.

2.2    <u>Material Terms of the Proposed Plan</u>.  Pursuant to the terms of this Agreement and subject to negotiation of the Definitive Documents, the Debtors shall file and seek confirmation of the Proposed Plan, which Proposed Plan shall include the following material terms:

a.        <u>Conditions to Effectiveness</u>.  Occurrence of the Effective Date shall be conditioned upon (i) entry of a final, non-appealable Confirmation Order in form and substance agreeable to the Litigation Settlement Trustees and the Third-Party Funding

Contributor[s]; (ii) estimation of the Liquidated Litigation Settlement Trust Claim Amount, pursuant to section 502(c) of the Bankruptcy Code or such other method as may be reasonably acceptable to the Third-Party Funding Contributor[s], in an amount acceptable to the Third-Party Funding Contributor[s]; and (iii) such other reasonable conditions as the Parties may require.

      b.    <u>Binding Liquidation of the Allowed Litigation Settlement Trust Claims</u>.  To the extent that any Allowed Litigation Settlement Trust Claim(s) remains unliquidated, the Proposed Plan shall authorize the Litigation Settlement Trustees, as representatives of the Debtors or reorganized Debtors, to engage in such proceedings reasonably required for the liquidation of such Claims, provided that any final ruling, order, or judgment in such proceedings as to the liquidated amount of the Allowed Litigation Settlement Trust Claims shall represent the aggregate liability on account of the Litigation Claims. Collectively with such liquidated amounts determined pursuant to Section 2.1(b) above, such aggregate liability shall be referred to herein as the Liquidated Litigation Settlement Trust Claim Amount.

      c.    <u>Channeling Injunction and Tolling of Limitations</u>.  To the fullest extent permissible under applicable law, the Proposed Plan shall prohibit and enjoin the continuation of any Litigation against the Debtors or any Third-Party Funding Contributor for so long as neither the Debtors nor the Third-Party Funding Contributor[s] are in material default under the terms of this Agreement or the Proposed Plan (the "<u>Channeling Injunction</u>"), provided, however, that the Proposed Plan shall further provided that any and all statutes of limitation or repose, and all time-related legal doctrines, whether equitable or legal, including but not limited to the doctrines of estoppel or laches, that may apply or relate to any claim or cause action enjoined pursuant to the Channeling Injunction described herein shall be tolled for a period of not less than 120 days following the termination of such Channeling Injunction.

      d.    <u>Payment Allowed Litigation Settlement Trust Claims</u>.  Upon a final, non-appealable determination (a "<u>Determination</u>") of the Liquidated Litigation Settlement Trust Claim Amount, the Proposed Plan shall provide for distributions, either through the Litigation Settlement Trust or such other mechanism as may be appropriate, to the holders of Allowed Litigation Settlement Trust Claims, in an amount equal to the Liquidated Litigation Settlement Trust Claim Amount plus accrued interest at the statutory judgment rate ("<u>Payment in Full</u>").  Such distributions shall be funded by the Third-Party Funding Contributor[s] pursuant to the Exit Funding Commitment.

      e.    <u>The Resulting Releases</u>.  Only upon Payment in Full, and provided that there exists no uncured material default under this Agreement or the Proposed Plan, the Third-Party Funding Contributor[s] shall be entitled to receive the Resulting Releases, which may be memorialized in the form of a final order of the Bankruptcy Court or such other court of competent jurisdiction enjoining any party from asserting any claim, cause of action, or other right of recovery whatsoever, arising from or relating to the Litigation Claims against any Third-Party Funding Contributor.

    **Section 3**    **Third-Party Funding Contributor Agreements.**

4858-9477-4556, v. 19

3.1 <u>Funding Commitment</u>. In accordance with the Trust Agreement, the Third-Party Funding Contributor[s] agree from time to time to deliver Cash to the Litigation Settlement Trust to fund all costs of administration to the extent requested by the Litigation Settlement Trustees as necessary to maintain a cash balance of $200,000.00 in the Litigation-Settlement Expense Fund (as defined in the Trust Agreement). The Funding Commitment shall be subject to the following terms and conditions:

     a. <u>Term</u>. Commencing upon the Petition Date and continuing until the earlier of (x) 120 days after the Petition Date, or (y) the Effective Date, which date may be extended by agreement of Third-Party Funding Contributor[s] and the Trustees.

     b. <u>Timing</u>. Such additional funding shall be provided in Cash to the Litigation-Settlement Expense Fund by the Third-Party Funding Contributor[s] within five (5) business days of receipt of a written request by the Litigation Settlement Trustees, unless extended by written consent of the Litigation Settlement Trustees as set out in the Trust Agreement.

     c. <u>Failure to Fund</u>. To the extent that the Third-Party Funding Contributor[s] fail to make any Cash deposit requested pursuant to Section 3.1(b) above within the applicable three-day period, the Litigation Settlement Trustees, in their sole discretion, shall be entitled to seek dismissal of the Chapter 11 Cases or conversion of the same to cases under chapter 7 of the Bankruptcy Code.

3.2 <u>Exit Funding Commitment</u>. Subject to the occurrence of the Effective Date, the Third-Party Funding Contributor[s] shall provide such funding as is necessary (i) to satisfy the continuing administrative expenses of the Litigation Settlement Trust and, to the extent no final decree has been entered, the Chapter 11 Cases; and (ii) to fund Payment in Full of the Liquidated Litigation Settlement Trust Claim Amount; provided, however, that in the event a Deficiency is determined pursuant to 3.2(c) of this Agreement, the Third-Party Funding Contributors, in their sole discretion, may agree whether to fund such Deficiency Payment to meet the Payment in Full of the Liquidated Litigation Settlement Trust Claim Amount(s) obligations pursuant to the Plan. The Exit Funding shall be provided on the following terms:

     a. <u>Initial Exit Funding</u>. Upon the Effective Date, the Third-Party Funding Contributor[s] shall transfer **$2,000,000.00** (including any balance remaining in the Litigation Settlement Trust pursuant to ¶ 3.1 above) to the Litigation Settlement Trust (or such other entity provided in the Proposed Plan or Confirmation Order).

     b. <u>Quarterly Payments</u>. Not less than once per fiscal quarter, the Third-Party Funding Contributor[s] shall transfer and pay to the Litigation Settlement Trust, **$250,000.00** for a period of not less than twenty (20) consecutive quarters, and (v) and contribute additional funds to the Litigation Settlement Trust as may be requested by the Litigation Settlement Trustees and agreed to by the Third-Party Funding Contributors in writing, or pursuant to an agreed budget, from time to time in accordance with the Plan to Pay in Full Allowed Litigation Settlement Trust Claims or Allowed Claims.

c.  Deficiency Payments.  If at any time during the term of this Agreement, the Litigation Settlement Trustees shall determine that sum of the Initial Exit Funding and the Quarterly Payments shall be insufficient to satisfy the administrative costs of the Chapter 11 Cases, the Litigation Settlement Trust, and to fund Payment in Full of the Liquidated Litigation Settlement Trust Claim Amount, the Trustees shall notify the Third-Party Funding Contributor[s] in writing of such deficiency (a "Deficiency Notice").  Within thirty (30) days of receipt of any Deficiency Notice, the Third-Party Funding Contributor[s] shall either (i) transfer to the Litigation Settlement Trust assets sufficient to cure such deficiency; (ii) agree to amend the terms of the Exit Funding Commitment on terms acceptable to the Litigation Settlement Trustees to increase the amount or frequency of the Quarterly Payments in an amount sufficient to cure such deficiency; or (iii) terminate this Agreement and declare the Proposed Plan to have failed.

d.  Termination After Confirmation.  To the extent that this Agreement is terminated after the occurrence of both (i) the Effective Date and (ii) a Determination, then the Litigation Settlement Trustees shall be entitled to retain and distribute in accordance with the terms of the Proposed Plan any cash or other assets previously transferred to the Litigation Settlement Trust by either the Third-Party Funding Contributor[s], the Debtors, or their Estates (as defined in the Trust Agreement) as may be approved by the Bankruptcy Court.  Further, subject to the tolling provisions set forth in Section 3.4 hereof, the Litigation Settlement Trustees shall be authorized to liquidate the assets of the Debtors and their Estates for the benefit of the Litigation Settlement Trust Beneficiaries.

e.  Security.  As security against the post confirmation funding obligations in this Agreement, the Proposed Plan and Confirmation Order shall provide that the Litigation Settlement Trustees shall hold a first in priority perfected lien and security interest in and to certain of the assets of each Third-Party Funding Contributor as may be provided in the Confirmed Plan.  The Parties acknowledge that the assets may be subject to existing liens and agreement from 3rd parties may be required to grant the required liens.  The Litigation Settlement Trustees will have discretion to determine the scope and priority of the liens to be granted to the Litigation Settlement Trust and may terminate this Agreement pursuant to Section 7 below if the required liens cannot be granted.

3.3  Confidential Information.  Subject to execution of confidentiality agreements in a form acceptable to the Third-Party Funding Contributors, the Third-Party Funding Contributor[s] shall:

a.  Deliver or cause to be delivered to the Litigation Settlement Trustees  and the Debtors' Chief Restructuring Officer any and all documents and communications in whatever form (or copies thereof) requested by the Litigation Settlement Trustees for the purpose of enabling the Litigation Settlement Trustees, in their sole discretion, to fulfill their obligations under this Agreement or the Proposed Plan (the "Information"), held by the Third-Party Contributors and/or any company related to, affiliated, or under the control of the Third-Party Contributors, their employees, agents, advisors, attorneys, accountants, or any other professionals hired by the Third-Party Contributors and/or any company related to, affiliated, or under the control of the Third-Party Contributors;

b. Provide reasonable access to the Litigation Settlement Trustees, the Debtors and their respective advisors to such employees of the Third-Party Contributors and/or any company related to, affiliated, or under the control of the Third-Party Contributors their agents, advisors, attorneys, accountants, or any other professionals hired by the Third-Party Contributors and/or any company related to, affiliated, or under the control of the Third-Party Contributors for the purpose of enabling the Litigation Settlement Trustees, in their sole discretion, to fulfill their obligations under this Agreement or the Proposed Plan;

c. To the extent that there is any disagreement on Information production requested, the Third-Party Contributors or the Litigation Settlement Trustees or the Debtors may seek orders from any Court having jurisdiction over the Litigation Settlement Trust. In every event the Information shall be confidential and held pursuant to the confidentiality terms of the Litigation Settlement Trust Agreement and such other confidentiality terms reasonably requested by any Third-Party Funding Contributor.

3.4    Tolling of Claims.  Subject to the tolling provisions of this Section, the Third-Party Funding Contributor[s] and the Debtors agree and covenant not to sue or otherwise assert against the Third-Party Funding Contributor[s] any claims or causes of action for the avoidance and recovery of any transfers of an interest of the Debtors in property arising under the Bankruptcy Code, applicable state law, or otherwise (the "Avoidance Claims") during the term of this Agreement provided that:

a. The Third-Party Funding Contributor[s] agree that any and all statutes of limitation or repose, including but not limited to the time limitations set forth in section 546 of the Bankruptcy Code, and all time-related legal doctrines, whether equitable or legal, including but not limited to the doctrines of estoppel or laches, that may apply or relate to any action, complaint, claim, counterclaim or third-party complaint that may hereafter be commenced by the Debtors or the Debtors' bankruptcy estates against the Third-Party Funding Contributor[s] or any company related to, affiliated, or under the control of the Third-Party Contributors with respect to the Avoidance Claims shall be tolled and suspended until the date that is the third anniversary of the date that this Agreement terminates (the "Tolling Period").  The Third-Party Funding Contributor[s] agree not to assert as an objection or defense to the Avoidance Claims, or otherwise, that it has been prejudiced in any manner by the passage of the time during the Tolling Period.  Upon termination of the Tolling Period, the Litigation Settlement Trustees shall have the right to assert Avoidance Claims.

b. Except as expressly provided in this Agreement, nothing in this Section is or shall be deemed to constitute a waiver of any rights, claims or defenses of any party to this Agreement and the Parties expressly reserve all rights, claims, and defenses they may have against one another in connection with or related to the Avoidance Claims.

### Section 4        Duration of the Agreement.

Section 4.1    The Amendment shall become effective upon entry of the Trustee Order and, subject to the provisions of Section 7 herein, this Agreement shall remain in effect for a period of not less than 120 days, and not more than 180 days following the Petition Date, provided, however,

that, upon the occurrence of the Effective Date, the term of this Agreement shall be extended for a period of not less than five (5) years from the Effective Date or as may otherwise be provided in the Confirmed Plan. This Agreement may be extended by the written agreement of all parties to this Agreement: (i) the Litigation Settlement Trustees, (ii) the Debtors or their Estates, and (iii) the Third-Party Funding Contributors.

**Section 5**      **Representations and Warranties.**

Section 5.1    <u>Third-Party Funding Contributor[s]</u>. The Third-Party Funding Contributors jointly and severally represent and warrant that the following statements are true, correct, and complete as of the date hereof:

         a.      <u>Organization and Good Standing</u>. FSS is a limited liability company duly organized, validly existing and in good standing under the laws of the State of Texas.

         b.      <u>Authority to Contract</u>. Each of the Third-Party Funding Contributors has the requisite power and authority to execute this Agreement and to consummate the transactions contemplated hereby. The execution and delivery of this Agreement by the Third-Party Funding Contributors and the consummation of the transactions contemplated hereby has been duly authorized by FSS' managers and no other corporate proceedings on the part of the Third-Party Funding Contributors are necessary to authorize this Agreement or to consummate the transaction contemplated hereby. This Agreement has been duly executed and delivered by the Third-Party Funding Contributors and, assuming due execution and delivery by the Debtors of this Agreement, this Agreement constitutes a valid and binding obligation of the Third-Party Funding Contributors, enforceable against the Third-Party Funding Contributors in accordance with its terms.

         c.      <u>Due Diligence</u>. The Third-Party Funding Contributors have completed their due diligence, and this Agreement is not subject to a due diligence condition, *provided* that the Debtors shall continue to provide information regarding the Chapter 11 Cases and the process surrounding confirmation of the Proposed Plan(s).

         d.      <u>No Securities; No Third-Party Financing</u>. No securities are being issued and the obligation of the Third-Party Funding Contributors to perform under this Agreement is not conditioned on obtaining third-party financing.

         e.      <u>Financial Capability</u>. The Third-Party Funding Contributors have and will have upon Effective Date, sufficient cash and/or cash flow available to consummate the transactions contemplated by this Agreement and the Proposed Plan.

         f.      <u>No Violation; Consents</u>. The execution and delivery by the Third-Party Funding Contributors of this Agreement and the consummation of the transactions contemplated hereby do not and will not (1) violate any provision of the organizational documents of FSS, (2) violate any order of any governmental authority to which the Third-Party Funding Contributors are bound or subject, (3) violate any applicable law, or (4) violate any legal agreements to which a Third-Party Funding Contributor is a party.

4858-9477-4556, v. 19

g. <u>No Third-Party Approvals Required</u>. No regulatory or other third-party approvals, consents or filings are required to be obtained or made by the Third-Party Funding Contributors in order to consummate this Agreement, except for any such requirements, the failure of which to be obtained or made would not reasonably be expected to prevent, impede or materially delay or otherwise affect in any material respect the transactions contemplated by this Agreement.

h. <u>Bankruptcy</u>. There are no bankruptcy, reorganization or arrangement proceedings pending against, being contemplated by or, to the knowledge of the Third-Party Funding Contributors, threatened against the Third-Party Funding Contributors.

i. <u>Representation by Counsel</u>. The Third-Party Funding Contributors acknowledge that they have been represented by counsel in connection with this Agreement and the transactions contemplated by this Agreement.

j. <u>Negotiated in Good Faith and Arm's Length Transaction</u>. The Third-Party Funding Contributors acknowledge that they have negotiated in good faith and this Agreement represents an arm's length transaction.

Section 5.2 <u>The Debtors</u>. The Debtors represent and warrant that the following statements are true, correct, and complete as of the date hereof:

a. <u>Organization and Good Standing</u>. The Debtors are limited liability companies duly formed, validly existing and in good standing under the laws of the State of Texas.

b. <u>Authority to Contract</u>. Subject to entry of the Trustee Order, the Debtors have the requisite limited liability company power and authority to execute this Agreement and, subject to Bankruptcy Court approval, to consummate the transactions contemplated herein. Subject to entry of the Trustee Order, the execution and delivery of this Agreement by the Debtors and the consummation by the Debtors of the transaction contemplated hereby have been duly authorized by the Litigation Settlement Trustees and no other limited liability company proceedings on the part of the Debtors are necessary to authorize this Agreement or to consummate the transactions contemplated herein. This Agreement has been duly executed and delivered by the Debtors and, assuming due execution and delivery by the Third-Party Funding Contributors and subject to entry of the Trustee Order, shall constitute a valid and binding obligation of the Debtors, enforceable against the Debtors in accordance with its terms.

c. <u>No Violation; Consents</u>. The execution and delivery by the Debtors of this Agreement and the consummation of the transactions contemplated hereby do not and will not (1) violate any provision of the organizational documents of the Debtors, (2) violate any Order of any governmental authority to which the Debtors are bound or subject, or (3) violate any applicable law.

d. <u>No Third-Party Approvals Required</u>. Other than approval of the Bankruptcy Court, no order or permit issued by, or declaration or filing with, or notification to, or waiver from any governmental authority is required on the part of the Debtors in

4858-9477-4556, v. 19

connection with the execution and delivery of this Agreement, or the compliance or performance by the Debtors with any provision contained in this Agreement, except for any such requirements, the failure of which to be obtained or made would not reasonably be expected to prevent, impede or materially delay or otherwise affect in any material respect the transactions contemplated by this Agreement.

     e.    <u>Representation by Counsel</u>.  The Debtors acknowledge that they have been represented by counsel in connection with this Agreement and the transactions contemplated by this Agreement.

     f.    <u>Negotiated in Good Faith and Arm's Length Transaction</u>.  The Debtors acknowledge that they have negotiated in good faith and this Agreement represents an arm's length transaction.

### Section 6    Covenants.

Section 6.1    <u>Covenants of the Third-Party Funding Contributor[s]</u>.  The Third-Party Funding Contributor[s] covenant and agree that subsequent to the date of this Amendment and prior to termination of this Agreement pursuant to Section 7 hereof:

     a.    <u>Financial Condition</u>.  The Litigation Settlement Trustees and the Third-Party Funding Contributors shall determine from time to time an appropriate budget for FSS to be operated properly during the term of this Agreement and an appropriate compensation for AEJ, excluding exempt assets and wages for his personal services, consistent with the anticipated needs of individual contributions during the term of this Agreement and consistent with his usual and ordinary needs.  The Third-Party Contributor[s] shall not initiate or make any transfers in excess of 5% of the approved budgets unless specifically authorized by the Litigation Settlement Trustees.

     b.    <u>No Material Transfers</u>.  The Third-Party Funding Contributors covenant and agree that they shall not divert, secret, hide or hinder assets subject to this Agreement, Proposed Plan, or Definitive Document, including but not limited to initiation or making any transfer outside of the ordinary course of business, as determined by the Litigation Settlement Trustees. Any litigation relating to allegations of any breach of this provision shall be brought exclusively in the Bankruptcy Court and shall entitle the Litigation Settlement Trustees to injunctive relief, costs and attorneys' fees.

     c.    <u>Timely Payment of Royalties and Fees</u>.  During the term of this Agreement the Third-Party Funding Contributor[s] covenant and agree not to divert or cause to be diverted (i) any royalty owed to the Debtors arising from the sales of products sold by any Third-Party Contributor; or (ii) any licensing fees generated by the Third-Party Contributor[s]' use of any intellectual property, copyrights, and trademarks owned by the Debtors, and shall cause such amounts to be paid to the Debtors or to the Litigation Settlement Trust, as may be provided in a Proposed Plan.

Section 6.2    <u>Covenants of the Debtors</u>.  The Debtors covenant and agree that prior to the Effective Date and prior to termination of this Agreement pursuant to Section 7 hereof, the Debtors will:

Plan Support Agreement        Page 12

a.      Access to Information.  Permit the Third-Party Funding Contributors and their representatives to have reasonable access, during normal business hours and upon reasonable advance notice, to the books and records and senior management personnel of the Debtors pertaining to the Agreement.  The Parties shall cooperate to resolve issues where such disclosure would result in violation of applicable law or would jeopardize any privilege available to the Debtors or any of their affiliates relating to such information or would cause the Debtors or any of their affiliates to breach a confidentiality obligation to which they are bound.  In connection with such access, the Third-Party Funding Contributors' representatives shall cooperate with Debtors' representatives and shall use their best efforts to minimize any disruption of business.  The Third-Party Funding Contributors shall indemnify, defend and hold harmless the Debtors, the Debtors' officers, directors, employees and agents, including the Chief Restructuring Officer, from and against all liabilities asserted against or suffered by them relating to, resulting from, or arising out of, examinations or inspections made by Third-Party Funding Contributors or its representatives pursuant to this Section 6.2(a).

b.      Notice; Settlements.  Keep the Third-Party Funding Contributor[s] apprised of any settlement discussions, negotiations or meetings related to the Proposed Plan and the Litigation Settlement Trust Claims, provided, however, that the Litigation Settlement Trustees shall be entitled to enter into a settlement of any Litigation Settlement Trust Claim against the Debtor(s) without the prior consent of the Third-Party Funding Contributors.

c.      Conduct of Business Pending the Consummation of Plan.  Unless otherwise expressly permitted by this Agreement, the Debtors shall conduct their business in the ordinary course.

6.3     Mutual Covenants.

a.      Consents and Filings.  From and after the date hereof and until prior to the termination of this Agreement pursuant to Section 7 hereof, unless otherwise expressly permitted by this Agreement, the Parties shall cooperate with each other and use (and will cause their respective representatives to use) commercially reasonable efforts (1) to take, or to cause to be taken, all actions, and to do, or to cause to be done, all things reasonably necessary, proper or advisable on their part under this Agreement, applicable law or otherwise to consummate and make effective the transactions contemplated by this Agreement as promptly as practicable; (2) to obtain promptly from any person or governmental authority any consent, order or permit required to be obtained by the Parties or any of their respective affiliates in connection with the authorization, execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated hereby and thereby; (3) to promptly make all necessary filings and thereafter make any other required submissions with respect to this Agreement and prompt consummation of the transactions contemplated hereby and thereby required under any applicable law; and (4) to provide prompt notification to the other Party hereto of any actions pursuant to clauses (1) – (3) of this Section 6.3(a).

b.      Cooperation.  In addition, no Party shall take any action after the date hereof (other than any action required to be taken under this Agreement or to which the other

Parties shall have granted their consent) that could reasonably be expected to materially delay the obtaining of, or result in not obtaining, any consent, order, permit, qualification, exemption or waiver from any governmental authority or other person required to be obtained prior to the effective date of the Plan; including, without limitation, the Disclosure Statement (if required), the Plan, all documents, instruments and pleadings necessary for the approval of the Disclosure Statement (if required) and confirmation of the Plan.

      c.      <u>Joint Prosecution</u>.  If permitted by applicable law and subject to any limitations on access to information provided for in Section 3.3, each party shall consult with the other parties with respect to, and provide any information reasonably requested by the other party in connection with, all material filings made with the Bankruptcy Court or any governmental authority in connection with this Agreement and the transactions contemplated hereby.  If any party or any of its affiliates receives a request for information or documentary material from any governmental authority with respect to this Agreement or any of the transactions contemplated hereby, then such party shall endeavor in good faith to make, or cause to be made, as soon as reasonably practicable and, to the extent permitted by applicable law, after consultation with the other parties, an appropriate response in compliance with such request.

      d.      <u>Bankruptcy Matters</u>.  The Parties shall use commercially reasonable efforts to cooperate, negotiate, assist and consult with each other to secure the entry of an order confirming the Proposed Plan following the date hereof, and to consummate the transactions contemplated by this Agreement, including, without limitation, the Plan, all documents, instruments and pleadings necessary for the approval of a disclosure statement (if necessary) regarding the Plan and confirmation of the Plan.  In the event that any order of the Court relating to this Agreement shall be appealed by any person (or a petition for certiorari or motion for reconsideration, amendment, clarification, modification, vacation, stay, rehearing or reargument shall be filed with respect to any such order), the Parties will cooperate in taking such steps to diligently defend against such appeal, petition or motion and the Parties shall use their commercially reasonable efforts to obtain an expedited resolution of any such appeal, petition or motion.  The Parties shall not, without the prior written consent of the other parties, file, join in, or otherwise support in any manner whatsoever any motion or other pleading relating to a sale or plan of reorganization, other than the Proposed Plan, unless the Debtors through the Litigation Settlement Trustees determine in their business judgment their fiduciary obligations require them to do so.

      **Section 7**      **Termination.**  This Agreement shall terminate upon the election of any party with the right to declare a termination set out below, and the obligations of the Parties shall thereupon terminate and be of no further force and effect, upon the occurrence of the earlier of the following events (each, a "<u>Termination Event</u>"):

      (i)      Upon mutual written consent of the Debtors, on the one hand, and the Third-Party Funding Contributors, on the other hand.

      (ii)      The Chapter 11 Cases are (a) dismissed, or (b) converted to a case under chapter 7 of the Bankruptcy Code; the Bankruptcy Court enters an order appointing a trustee or examiner under chapter 11 of the Bankruptcy Code.

(iii)    The Bankruptcy Court enters an order granting relief from the automatic stay imposed by §362 of the Bankruptcy Code to allow the continued litigation of a Litigation Settlement Trust Claim without the consent of the Third-Party Funding Contributor[s] in any court other than as provided in 28 U.S.C. 157(b)(5) (to the extent applicable).

(iv)    The Debtor or the Third-Party Funding Contributors shall (a) fail to comply with any of its obligations under this Agreement (it being understood that only the non-breaching party may invoke the Termination Event); (b) has breached any representation, warranty, covenant or agreement contained in this Agreement; or (c) notwithstanding ¶ 7(iv)(a) above, a settlement is proposed or agreed to, or a claim allowed by the Bankruptcy Court or by any other Court properly authorized to liquidate a claim or claims that is in an amount the Third-Party Funding Contributors determine, in their sole discretion, to be impractical or impossible to timely pay in full as contemplated by the Plan.

(v)    Any court of competent jurisdiction or other competent governmental or regulatory authority shall have issued an order making illegal or otherwise restricting, preventing, or prohibiting the Plan in a way that cannot be reasonably remedied or otherwise grants relief to any party that is materially inconsistent with the Plan or this Agreement.

(vi)    The relevant court remands the Litigation Claims and lifts the automatic stay to allow the State Court to proceed to Judgment without the consent of the Third-Party Funding Contributor[s].

(vii)    Upon termination, the Third-Party Funding Contributor[s] shall have no rights in any funds remaining in the Litigation Settlement Trust or otherwise deposited to pay claims and the Third-Party Funding Contributor[s] shall have no further liability under the Litigation Settlement Trust or under this Agreement.

**Section 8    Amendments.**  This Agreement may not be modified, amended, or supplemented, except in a writing signed by all Parties.

**Section 9    Governing Law; Jurisdiction.**  This Agreement shall be governed by, and construed in accordance with, the laws of the State of Texas or the United States, without regard to the applicable principles of conflict of laws.

**Section 10    Notices.**    All demands, notices, requests, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given if personally delivered by courier service, messenger, telecopy, facsimile, or if duly deposited in the mails, by certified or registered mail, postage prepaid-return receipt requested, to the following addresses, or such other addresses as may be furnished hereafter by notice in writing, as follows:

*If to the Debtor, to:*

Marc Schwartz
Chief Restructuring Officer
of the Debtors
Schwartz Associates LLC
712 Main Street, Ste 1830

Houston, Texas 77002


With a copy to:

Kyung S. Lee
Parkins Lee & Rubio LLP
Pennzoil Place-13th Floor
700 Milam
Houston, Texas 77002
klee@parkinslee.com

**If to the Third-Party Funding Contributors:**

Free Speech Systems, LLC
To:  Law Offices of Ray Battaglia, PLLC
Attn: Ray Battaglia
66 Granburg Circle
San Antonio, Texas 78218
rbattaglialaw@outlook.com

Alex Jones
To:  Shelby A. Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Dr., Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com


**Section 11    Litigation Settlement Trustees' Fiduciary Obligations**. Notwithstanding anything to the contrary in this Agreement, nothing in this Agreement, the Proposed Plan, or anything included in any Definitive Document shall require the Litigation Settlement Trustee(s), after consulting with counsel, to take any action or to refrain from taking any action with respect to this Agreement, the Plan, or Definitive Document to the extent taking or failing to take such action would be inconsistent with applicable law or each of the Litigation Settlement Trustee's fiduciary obligations under applicable law, and any such action or inaction pursuant to such exercise of fiduciary duties shall not be deemed to constitute a breach of this Agreement, the Plan, or any Definitive Document; provided that the Litigation Settlement Trustees shall give prompt written notice to counsel to the Third-Party Funding Contributor(s) (electronic mail among counsel being sufficient) of any such determination by the Litigation Settlement Trustees, in their sole discretion, that any such action or refrainment from taking such action with respect to this Agreement, the Plan, or and Definitive Document would be inconsistent with applicable law or each of the Litigation Settlement Trustee's fiduciary obligations under applicable law.  For the avoidance of doubt, notwithstanding anything to the contrary in this Section 11, the Debtors' failure to comply with the terms of this Agreement may constitute a Termination Event under Section 7, above.

**Section 12    Entire Agreement.**  This Agreement constitutes the entire understanding and agreement among the Parties with regard to the subject matter hereof, and supersedes all prior agreements with respect thereto.

**Section 13    Headings.**  The headings of the paragraphs and subparagraphs of this Agreement are inserted for convenience only and shall not affect the interpretation hereof.

**Section 14    Successors and Assigns.**  This Agreement is intended to bind and inure to the benefit of the Parties and their respective permitted successors and assigns.

**Section 15    Specific Performance.**  Each Party hereto recognizes and acknowledges that a breach by it of any covenant or agreement contained in this Agreement may cause the other Parties to sustain damages for which such Parties would not have an adequate remedy at law, and therefore each Party hereto agrees that in the event of any such breach the other Parties shall be entitled to seek the remedy of specific performance of such covenant and agreement and injunctive and other equitable relief in addition to any other remedy to which such Parties may be entitled, at law or in equity.

**Section 16    Remedies Cumulative.**  All rights, powers, and remedies provided under this Agreement or otherwise available in respect hereof at law or in equity shall be cumulative and not alternative, and the exercise of any right, power or remedy by any Party shall not preclude the simultaneous or later exercise of any other such right, power, or remedy by such Party.

**Section 17    No Waiver.**  The failure of any Party to exercise any right, power, or remedy provided under this Agreement or otherwise available to it at law or in equity, or to insist upon compliance by any other Party with its obligations hereunder, and any custom or practice of the Parties at variance with the terms hereof, shall not constitute a waiver by such Party of its right to exercise any such or other right, power, or remedy or to demand such compliance.

**Section 18    Counterparts.**  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same Agreement.  Delivery of an executed signature page of this Agreement by telecopier or facsimile shall be as effective as delivery of a manually executed signature page of this Agreement.

**Section 19    Severability.**  Any provision of this Agreement that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any other jurisdiction.  The provisions of this Agreement shall be interpreted in a reasonable manner to effect the intent of the Parties hereto.

**Section 20    No Third-Party Beneficiaries.**  Unless expressly stated herein, this Agreement shall be solely for the benefit of the Parties, and no other person or entity shall be a third-party beneficiary hereof.

**Section 21    Jurisdiction and Venue:**  Notwithstanding any provision herein to the contrary no action or proceeding by any Party or any third-party may be brought to determine, enforce, prohibit, enjoin, or otherwise determine any rights or obligations of any Party to this

Agreement except in the United States Bankruptcy Court or the United States District Court, as the case may be, for the Division and District in which the Chapter 11 Cases are pending.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Declaration or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

Effective Date:  April 28, 2022.

**_INITIAL_ LITIGATION SETTLEMENT TRUSTEE**

By: _____
Name:   Robert Dew
Title:    Initial Trustee, and as sole officer and
            Director of each Debtor entity
            InfoW, LLC, InfoHealth, LLC,
            Prison Planet TV, LLC

**INFOW, LLC**

By: _____
Name:   W. Marc Schwartz
Title:     Chief Restructuring Officer

**IWHEALTH, LLC**

By: _____
Name:   W. Marc Schwartz
Title:     Chief Restructuring Officer

**PRISON PLANET TV, LLC**

By: _____
Name:   W. Marc Schwartz
Title:     Chief Restructuring Officer

**THIRD-PARTY FUNDING CONTRIBUTOR ALEX JONES**

By: _____
Name:

**THIRD-PARTY FUNDING CONTRIBUTOR FREE SPEECH SYSTEMS, LLC**

By: _____
Name:
Title:

**SIGNATURES LEFT BLANK PENDNG
APPOINTMENT BY BANKRUPTCY
COURT ORDER**

_____
Name:
Title: Litigation Settlement Trustee and
Debtors' Managing Member

_____
Name:
Title: Litigation Settlement Trustee and
Debtors' Managing Member

# EXHIBIT D

**Changes to Plan Support Agreement**

*[Different first page setting changed from off in original to on in modified.].*

## **AMENDED AND RESTATED** PLAN SUPPORT AGREEMENT

This AMENDED AND RESTATED PLAN SUPPORT AGREEMENT (as the same may be amended, modified or supplemented from time to time in accordance with the terms hereof, the "Agreement") is made and entered into as of April ~~14~~28, 2022 by and among the following parties (each individually a "Party" and collectively referred to as the "Parties"):

(a)     Free Speech Systems, LLC, a Texas limited liability company ("FSS");

(b)     Alex E. Jones, an individual residing in Texas ("~~AJ~~AEJ," and, collectively with FSS, the "Third-Party Funding Contributor[s]");

(c)     InfoW, LLC,[1] a Texas limited liability company ("IW");

(d)     InfoHealth, LLC,[2] a Texas limited liability company ("IWH"); and

(e)     Prison Planet TV, LLC, a Texas limited liability company ("PTV").

## **RECITALS**[3]

~~WHEREAS, IW, IWH and PTV (collectively the "Debtors" and each individually a "Debtor") intend to commence voluntary reorganization cases (the "Bankruptcy Cases") under subchapter V of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Court") to affect the resolution and payment of certain claims and litigation claims through one or more chapter 11 plan(s) of reorganization;~~

WHEREAS, the Debtors have determined that it would be in their best interests and the best interest of their creditors to implement a restructuring of their indebtedness and other obligations through the prosecution of the ~~Bankruptcy Cases~~Chapter 11 Cases (defined herein) managed by a Chief Restructuring Officer, with the membership interest of the Debtors in a trust, under the exclusive governance and control of independent trustees to be approved by the Bankruptcy Court and funded by ~~AJ and FSS (collectively the "~~the Third-Party Funding Contributor[s]"~~)~~ as herein provided;

WHEREAS, on April 18, 2022 (the "Petition Date"), IW, IWH and PTV (collectively the "Debtors" and each individually a "Debtor") filed voluntary petitions for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing jointly administered cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Court");

---

[1]     Formerly known as InfoWars, LLC

[2]     Formerly known as InfoWars Health, LLC

[3]     Unless otherwise indicated, capitalized terms used in these Recitals shall have the meanings ascribed in the body of this Agreement.

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

WHEREAS, prior to the Petition Date, the Debtors, the Third-Party Funding Contributor[s], and the Initial Trustee (as defined therein) executed that Declaration of Trust (as may be amended or restated, the "Trust Agreement") establishing the 2022 Litigation Settlement Trust (the "Litigation Settlement Trust") to facilitate the independent administration of the Chapter 11 Cases and to pursue confirmation of a chapter 11 plan of reorganization in accordance with the terms of this Agreement;

WHEREAS, also prior to the Petition Date, the Parties ~~have agreed on the terms of~~entered into this Agreement and ~~the elements~~agreed upon certain material terms of a proposed chapter 11 plan(s) for the Debtors, ~~each~~as may be amended, modified, or supplemented from time to time, including any schedules and exhibits attached thereto, in each case, in accordance with the terms hereof (the "Proposed Plan");

WHEREAS, subject to the terms and limitations set forth herein, the Proposed Plan shall provide for Payment in Full of all Allowed Litigation Settlement Trust Claims, which payments shall be administered by the Litigation Settlement Trustees and funded by the Third-Party Funding Contributor[s] with cash, assets and liens (as set out and limited herein, the "Exit Funding Commitment");

WHEREAS, in consideration for the performance and fulfillment of the Funding Commitment (as defined in the Trust Agreement) and the Exit Funding Commitment, the Third-Party Funding Contributor[s] shall be entitled to receive the Resulting Releases subject to the terms of this Agreement and the Plan, provided, however, for the avoidance of doubt, that the granting of such Resulting Releases shall be expressly conditioned upon satisfaction in full of any and all joint and several liabilities of each or all of the Debtors and the Third-Party Funding Contributor[s] and arising from the Litigation Settlement Trust Claims;

WHEREAS the Debtors and the Third-Party Funding Contributor[s] desire the appointment of the Litigation Settlement Trustees as successors to the Initial Trustee of the Litigation Settlement Trust;

WHEREAS the Litigation Settlement Trustees require certain amendments and revisions to the terms of this Agreement as set forth herein as a condition of their willingness to serve as trustees of the Litigation Settlement Trust; and

WHEREAS, subject to the terms hereof and appropriate approvals of the Bankruptcy Court, as may be required, the following sets forth the amended and restated agreement among the Parties concerning their respective obligations in connection with the Plan(s) and the ~~Bankruptcy~~Chapter 11 Cases.

NOW, THEREFORE, in consideration of the premises and mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound hereby, agree as follows:

## Section 1    CERTAIN DEFINITIONS

*[Different first page setting changed from off in original to on in modified.].*

Applicable definitions contained in (i) the Bankruptcy Code; and (ii) the Litigation Settlement Trust (and associated documents) are incorporated into this Agreement except as modified in this Section 1 or except as conflicting with the defined the terms herein. The following definitions shall have the meanings as specified herein, and shall be designated, when such special definitions are applicable, with capital letters, and these definitions shall be enforceable as terms of the Agreement in conjunction with the respective matters to which they reference or define.

***"Allowed"*** or ***"Allowed Claim"*** means ~~a Litigation Settlement Trust Claims or Claim that is allowed: (i),~~ with respect to any Claim, except as otherwise provided in the Proposed Plan, a Claim allowable under Bankruptcy Code section 502 that (i) has been allowed by a Final Order, including but not limited to any Final Order estimating claims for purposes of confirming this Plan, (ii) either has been Scheduled as a liquidated, non-contingent, undisputed Claim in an amount greater than zero in the Debtors' schedules, as the same may from time to time be amended in accordance with the Bankruptcy Code, Bankruptcy Rules or order of the Bankruptcy Court, or is the subject of a timely filed and liquidated Proof of Claim as to which either no objection to its allowance has been filed (either by way of objection or amendment to the Schedules) within the periods of limitation fixed by the Bankruptcy Code or by any order of the Bankruptcy Court, or any objection to its allowance has been settled, waived through payment, or withdrawn, or has been denied by a Final Order, (iii) is expressly allowed in a liquidated amount in the Plan; or (iv) has been allowed in any stipulation executed by the Debtor (or the Litigation Settlement Trustees ~~after the Confirmation Order becomes a Final Order~~), the Third-Party Funding Contributors and the holder of the Litigation Settlement Trust Claim~~; (ii) in a Final Order; or (iii) pursuant to the terms of the Plan~~.

***"Claim(s)"*** means a "claim" against the Debtors, as defined in Section 101(5) of the Bankruptcy Code.

~~***"Approved Plan Documents"*** means those agreements and documents executed and or submitted in conjunction with the Plan or as a supplement to the Plan which have been approved by the Third-Party Funding Contributors.~~

~~***"Bankruptcy Cases"*** means collectively or individually the cases filed by the Debtors pursuant to 11 U.S.C. §1101, *et seq*.~~

~~***"Bankruptcy Code"*** means title 11 of the United States Code.~~

***"Confirmation Order"*** means ~~the~~a final, non-appealable order of the Bankruptcy Court confirming the Proposed Plan~~(s)~~ pursuant to section 1191 of the Bankruptcy Code.

~~"***Debtor***" or "***Debtors***" shall refer individually and collectively to InfoW, LLC (XXXX), InfoHealth, LLC (XXXX), and Prison planet TV, LLC (XXXX), including any and all affiliated, predecessor, successors, assigns, agents, employees, partners, attorneys, representatives, administrators, investigators, consultants and other persons, acting or purporting to act on behalf of any of the above entities.~~

"***Definitive Documents***" means, with respect to the Plan(s), all material documents (including the Plan itself as well as any related Bankruptcy Court orders, agreements, schedules, pleadings, motions, filings, or exhibits) that are contemplated by this Agreement , in form and substance acceptable to the Litigation Settlement Trustees and the Third-Party Funding Contributor[s], and

*[Different first page setting changed from off in original to on in modified.].*

that are otherwise necessary or desirable to implement the Plan(s) and this Agreement, including (as applicable): (i) the Plan(s); (ii) Disclosure Statement(s) if ordered by the Bankruptcy Court; (iii) any other operative documents and/or agreements relating to the Plan(s) (including any documents necessary to implement the distributions contemplated thereunder); and (iv) the Confirmation Order.

***"Effective Date"*** means April 8, 2022.

***"Final Order"*** ~~means an order or judgment of a court of competent jurisdiction that has been entered on the docket maintained by the clerk of such court and has not been reversed, vacated or stayed and as to which (a) the time to appeal, petition for certiorari, or move for a stay, new trial, reargument, or rehearing has expired and as to which no appeal, petition for certiorari or other proceedings for a stay, new trial, reargument or rehearing shall then be pending or (b) if an appeal, writ of certiorari, stay, new trial, reargument or rehearing thereof has been sought, (i) such order or judgment shall have been affirmed by the highest court to which such order was appealed, certiorari shall have been denied or a stay, new trial, reargument or rehearing shall have been denied or resulted in no modification of such order and (ii) the time to take any further appeal, petition for certiorari, or move for a stay, new trial, reargument or rehearing shall have expired; provided, however, that no order or judgment shall fail to be a "Final Order" solely because of the possibility that a motion pursuant to section 502(j) or 1144 of the Bankruptcy Code or under Rule 60 of the Federal Rules of Civil Procedure, or Bankruptcy Rule 9024 has been or may be filed with respect to such order or judgment.~~

***"Litigation"*** means pending civil lawsuits against one or more of the Debtors, including but not limited to the following (as may be removed to federal court):

- *Marcel Fontaine vs. Alex E., Jones, Infowars, LLC, Free Speech Systems, LLC and Kit Daniels*, Cause No. D-1-GN-18-001605 in the 459th Judicial District Court of Travis County, Texas;

- *Neil Heslin vs. Alex E. Jones, Infowars, LLC, and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001835 in the 261st Judicial District Court of Travis County, Texas;

- *Veronique de la Rosa and Leonard Pozner vs. Alex E. Jones, Inforwars, LLC, and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001842 in the 345th Judicial District Court of Travis County, Texas;

- *Scarlett Lewis vs. Alex E. Jones, Inforwars, LLC, Free Speech Systems, LLC and Owen Shroyer*, Cause No. D-1-GN-18-006623 in the 98th Judicial District Court of Travis County, Texas;

- *Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Jeremy Richman, Donna Soto, Carlee Soto-Parisi, Carlos Soto, Jillian Soto, and William Aldenberg v. Alex Emric Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, Prison Planet TV, LLC, Wolfgang Halbig, Corey T. Sklanka, Genesis Communications Network, Inc., and*

*[Different first page setting changed from off in original to on in modified.].*

*Midas Resources, Inc.*, Cause No. X06-UWY-CV-18-6046436-S in the Superior Court of Connecticut, Waterbury Division;

- *William Sherlach and Robert Parker v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, Wolfgang Halbig, Cory T. Sklanka, Genesis Communications Network, Inc., and Midas Resources, Inc.*, Cause No. X06-UWY-CV-18-6046437-S in the Superios Court of Connecticut, Waterbury Division;

- *William Sherlach and Robert Parker v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, Wolfgang Halbig, Cory T. Sklanka, Genesis Communications Network, Inc., and Midas Resources, Inc.*, Cause No. X06-UWY-CV-18-6046438-S in the Superios Court of Connecticut, Waterbury Division; and

- *Brennan M. Gilmore v. Alexander ("Alex") E. Jones, Infowars, LLC, Free Speech Systems, LLC, Lee Stanahan, Lee Ann McAdoo a/k/a Lee Ann Fleissner, Scott Creighton, James ("Jim") Hoft, Allen B. West, Derrick Wilburn, Michelle Hickford, and Words-n-Ideas, LLC*, Cause No. 3:18-cv-00017-GEC in the United States Districrt Court for the Western District of Virginia, Charlottesville Division;

- *Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique de la Rosa, Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, PQPR Holdings Limited LLC, JLJR Holdings Limited LLC, JLJR Holdings, LLC, PLJR Holdings, LLC, Carol Jones, David Jones, PQPR Holdings, LLC, JLJR Holdings Limited, LLC, AEJ Holdings, LLC, AEJ Trust 2018*, Cause No. D-1-GN-22-001610 in the District Court Travis County, Texas 200th District Court.

together with any other pending lawsuits against any of the ~~Parties on the Effective Date of this Agreement (collectively, the "Litigation Claims")~~Debtors on the Petition Date.

**"Litigation Claims"** means any and all Claims arising out of the Litigation against any of the Parties for which a Debtor is or has at any time been alleged to be jointly and severally liable under theory of law or equity.
~~**"Initial Trust Funding"** means $725,000 in cash funded to the Litigation Settlement Trust by AJ from his Exempt property upon the Effective Date of this Agreement to pay the costs of administration of the Debtors' Bankruptcy Cases and the Litigation Settlement Trust, including retention of the Litigation Settlement Trustees and retention by the Trustees of all professionals deemed necessary to accomplish the purpose of this Trust and the commitment of the Third-Party Funding Contributors to maintain for not less than 120 days after the Petition Date a balance of $200,000 after payment of all initial administrative expense retainers to newly appointed Litigation Settlement Trustees and as the only members of the Debtors acting as independent Members, together with the Debtors' professionals from time to time, to be paid directly, or thereafter maintained in the Litigation Settlement Trust for continued payment of the costs of Administration of the Litigation Settlement Trust and the Debtors' Bankruptcy Cases.~~
**"Litigation Settlement ~~Trust"~~** means the 2022 Litigation Settlement Trust dated effective April 1, 2022 for the benefit of the Debtors' as provided therein, including that Third-Party Funding

*[Different first page setting changed from off in original to on in modified.].*

Contributor[s] intended to facilitate and underwrite the "Payment in Full" Plan Class of Allowed Litigation Settlement Trust Claims and the Litigation Settlement Trust Beneficiaries Litigation Settlement Trust Claims, as may exist from time to time and as may be funded by the Third-Party Funding Contributors for this purpose from time to time to achieve Payment in Full.(s). ***Trustees"*** means, subject to entry of the Trustee Order (as defined in the Trust Agreement), Richard S. Schmidt and Russell F. Nelms.

***"Litigation Settlement Trustees"*** means two individuals approved by the Bankruptcy Court to serve as Trustees of Litigation Settlement Trust who will replace the interim trustee serving in that capacity prior to the filing of the Bankruptcy Cases.

***"Litigation Settlement Trust Claims Bar Date"*** means the bar date for filing Claims or Litigation Claims in the Bankruptcy Cases established by Order of the Bankruptcy Court;

**"Litigation Settlement Trust Claims"** means the Claims of any party arising out of or related to the Litigation Claims and evidenced by a proof of claim timely filed in the Debtors' Chapter 11 case(s).

**"Litigation Settlement Trust Claims** ~~Estimation~~" means the estimation of the Litigation Settlement Trust Claims by ***Bar Date"*** means the bar date for filing Claims or Litigation Claims in the Chapter 11 Cases established by Order of the Bankruptcy Court ~~in these Bankruptcy Cases pursuant to Sections 502(e) and 105 of the Bankruptcy Code and Rule 3018 of the Bankruptcy Rules of Procedure.~~ ;

"***Liquidated*** Litigation Settlement Trust ***~~Beneficiary"~~*** ~~Means the holder of a Litigation Settlement Trust Claim~~ ***Claim Amount"*** shall have the meaning set forth in Section 2.2(a) of this Agreement.

***"Litigation Trust Expenses"*** means all costs, expenses and professional fees incurred by the Litigation Settlement Trust and the Litigation Settlement Trustees during the Support Period, specifically including, but not limited to the allowed fees and expenses of the Debtors and their professionals incurred in connection with the prosecution of the Bankruptcy Cases and those incurred after the Plan Effective Date, approved by the Litigation Settlement Trustees.

***"Petition Date"*** means the date upon which the earliest of the Debtors' Bankruptcy Cases was commenced as a voluntary bankruptcy case.

"***Payment in Full***" shall have the meaning set forth in Section 2.2(d) of this Agreement.

***"Plan(s)"*** or ***"Plan(s) of Reorganization"*** means the chapter 11 plan(s) to be jointly proposed by the Debtors supported by the Third-Party Funding Contributors in each of the Bankruptcy Cases, that contains the same terms set forth in, and is otherwise materially consistent with this Agreement and that is an Approved Plan Document, as the same may be amended, supplemented, or otherwise modified as provided herein.

"***~~Plan~~* Effective Date"** means the date on which the Proposed Plan, as confirmed, becomes effective, as defined therein.

*[Different first page setting changed from off in original to on in modified.].*

~~**"Support Period"** means, with respect to any Party, the period commencing on the later of (a) the Agreement Effective Date and (b) the Petition Date and ending on the date on the earlier of (i) 180 days following the commencement date and (ii) termination of this Agreement, *provided* however that if a Confirmation Order is entered, then on and after the Effective Date the Support Period shall remain in effect for the earlier of not less than 5 years from the Plan Effective Date or until Payment in Full, or full liquidation of all available assets in the Litigation Settlement Trust, which ever first occurs.~~

"***Resulting Release***" shall have the meaning set forth in Section 2.2(d).

**Section 2** ~~**The Plan(s) and the Litigation Settlement Trust Claims Estimation**~~**Prosecution of the Chapter 11 Cases.**

2.1    Chapter 11 Case Administration.    The Parties agree that as soon as practical after the Petition Date~~, and during the Support Period that they will~~:

a.                         ~~(i)        promptly~~the Debtors shall file a Motion to ~~set~~establish a Litigation Settlement Trust Claims Bar Date;

b.    after such diligence and deliberation as the Litigation Settlement Trustees shall in their sole discretion require, the Debtors shall initiate, including by seeking such approvals as may be required from the Bankruptcy Court, protocol(s) for the establishment of the Allowed Litigation Settlement Trust Claims subject to the terms of this Agreement, which protocols may, in the discretion of the Litigation Settlement Trustees, include, but shall not be limited to, liquidation of the Litigation Settlement Trust Claims through (i) subject to Section 6.2(b) herein, settlement by the holder of an Litigation Settlement Trust Claims with the Debtors and the Third-Party Funding Contributors; (ii) estimation pursuant to section 502(c) of the Bankruptcy Code; (iii) a consolidated trial in court of competent jurisdiction over all Litigation Settlement Trust Claims subject to the mandates of 28 U.S.C. § 157(b)(5) (as applicable); or (iv) such other process permitted under applicable law as is determined by the Litigation Settlement Trustees under the facts and circumstances then applicable to be most suitable to liquidating the Litigation Settlement Trust Claims such that the amount necessary to satisfy the Exit Funding Commitment may be reasonably determined; and

c.    promptly initiate and negotiate the Definitive Documents in good faith, consistent in all respects with this Agreement, and otherwise in form and substance reasonably acceptable to the Parties.

2.2    Material Terms of the Proposed Plan.    Pursuant to the terms of this Agreement and subject to negotiation of the Definitive Documents, the Debtors shall file and seek confirmation of the Proposed Plan, which Proposed Plan shall include the following material terms:

a.    Conditions to Effectiveness.    Occurrence of the Effective Date shall be conditioned upon (i) entry of a final, non-appealable Confirmation Order in form and substance agreeable to the Litigation Settlement Trustees and the Third-Party Funding Contributor[s]; (ii) estimation of the Liquidated Litigation Settlement Trust Claim Amount, pursuant to section 502(c) of the Bankruptcy Code or such other method as may

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

be reasonably acceptable to the Third-Party Funding Contributor[s], in an amount acceptable to the Third-Party Funding Contributor[s]; and (iii) such other reasonable conditions as the Parties may require.

b.      Binding Liquidation of the Allowed Litigation Settlement Trust Claims. To the extent that any Allowed Litigation Settlement Trust Claim(s) remains unliquidated, the Proposed Plan shall authorize the Litigation Settlement Trustees, as representatives of the Debtors or reorganized Debtors, to engage in such proceedings reasonably required for the liquidation of such Claims, provided that any final ruling, order, or judgment in such proceedings as to the liquidated amount of the Allowed Litigation Settlement Trust Claims shall represent the aggregate liability on account of the Litigation Claims. Collectively with such liquidated amounts determined pursuant to Section 2.1(b) above, such aggregate liability shall be referred to herein as the Liquidated Litigation Settlement Trust Claim Amount.

c.      Channeling Injunction and Tolling of Limitations. To the fullest extent permissible under applicable law, the Proposed Plan shall prohibit and enjoin the continuation of any Litigation against the Debtors or any Third-Party Funding Contributor for so long as neither the Debtors nor the Third-Party Funding Contributor[s] are in material default under the terms of this Agreement or the Proposed Plan (the "Channeling Injunction"), provided, however, that the Proposed Plan shall further provided that any and all statutes of limitation or repose, and all time-related legal doctrines, whether equitable or legal, including but not limited to the doctrines of estoppel or laches, that may apply or relate to any claim or cause action enjoined pursuant to the Channeling Injunction described herein shall be tolled for a period of not less than 120 days following the termination of such Channeling Injunction.

d.      Payment Allowed Litigation Settlement Trust Claims. Upon a final, non-appealable determination (a "Determination") of the Liquidated Litigation Settlement Trust Claim Amount, the Proposed Plan shall provide for distributions, either through the Litigation Settlement Trust or such other mechanism as may be appropriate, to the holders of Allowed Litigation Settlement Trust Claims, in an amount equal to the Liquidated Litigation Settlement Trust Claim Amount plus accrued interest at the statutory judgment rate ("Payment in Full"). Such distributions shall be funded by the Third-Party Funding Contributor[s] pursuant to the Exit Funding Commitment.

e.      The Resulting Releases. Only upon Payment in Full, and provided that there exists no uncured material default under this Agreement or the Proposed Plan, the Third-Party Funding Contributor[s] shall be entitled to receive the Resulting Releases, which may be memorialized in the form of a final order of the Bankruptcy Court or such other court of competent jurisdiction enjoining any party from asserting any claim, cause of action, or other right of recovery whatsoever, arising from or relating to the Litigation Claims against any Third-Party Funding Contributor.

*[Different first page setting changed from off in original to on in modified.].*

(ii) promptly file a Motion to Estimate all Litigation Settlement Trust Claims pursuant to Section 502(c) to determine for all purposes, except, allowance of the amount of all Litigation Claims, and shall set an Estimation Protocol to initiate and conduct such estimations.

(iii) promptly initiate the protocol for settlement negotiations of the allowed amounts of all Litigation Settlement Trust Claims, the Plan treatment, and all related issues and matters toward a Plan Confirmation of a "Payment in Full" Plan; and

(iv) promptly initiate and negotiate the Definitive Documents in good faith, and such Definitive Documents will be materially consistent in all respects with this Agreement, and otherwise in form and substance reasonably acceptable to the Parties, and that, upon execution, the terms and conditions set forth in this Agreement are not subject to further negotiation or change. Notwithstanding anything to the contrary herein, in no event shall the Plan or the Definitive Documents (x) increase or decrease directly or indirectly the settlement consideration or otherwise require any amount to be payable, directly or indirectly, by the Third-Party Funding Contributors or (y) change the conditions precedent for funding by the Third-Party Funding Contributors. If the Plan and the Definitive Documents satisfy the criteria in this Section 2, they will be considered the "Approved Plan Documents." This provision, however, is not intended in any way to abrogate, abridge or affect in any way the fiduciary duties and obligations of the Debtors.

**Section 3 Joint Agreements**

During the Support Period, the Parties agree to the following:

(a) The Debtors and the Litigation Settlement Trust along with the Third-Party Funding Contributors shall jointly file and prosecute a motion to establish (x) a Litigation Settlement Trust Claims Bar Date, (y) a Litigation Settlement Trust Claims Estimation protocol, and (z) the Plan(s).

(b) Each Party agrees to (i) support and take all reasonable actions necessary to facilitate the confirmation, implementation and consummation of, the Plan and (ii) not take any action that is inconsistent with the implementation or consummation of this Agreement or the Plan.

(c) No Party shall:

(i) object to, delay, or take any other action to interfere, directly or indirectly, in any respect with acceptance or implementation of the Plan(s), nor encourage any person or entity to do any of the foregoing;

(ii) directly or indirectly seek, solicit, propose, file, support, encourage, or vote for any plan of reorganization other than the Plan;

(iii) take any other action, including but not limited to, initiating any legal proceeding, that is materially inconsistent with, or that would prevent or delay consummation of, the Plan; and

*[Different first page setting changed from off in original to on in modified.].*

(iv) impede either in the Bankruptcy Court or any other court reasonable efforts to have the Plan confirmed by the Court as during the Support Period.

**Section 3** ~~Section 4~~ **Third-Party Funding Contributor Agreements.**

(a) During the Plan Support Period the Third-Party Funding Contributors shall:

(i) fund the Initial Trust Funding to the Litigation Settlement Trust;

(ii) subject to execution of confidentiality agreements in a form acceptable to the Third-Party Funding Contributors, (A) deliver or cause to be delivered to the Litigation Settlement Trustees any and all documents (or copies thereof) relating to the Litigation Settlement Trust Claims, held by the Debtors, their employees, agents, advisors, attorneys, accountants, or any other professionals hired by the Debtors, and (B) provide reasonable access to the Litigation Settlement Trustees and their advisors to such employees of the Debtors, their agents, advisors, attorneys, accountants, or any other professionals hired by the Debtors with knowledge of matters relevant to the Litigation Settlement Trust Claims for the purpose of enabling the Litigation Settlement Trustees to fulfill their obligations under this Plan and the Litigation Settlement Trust, including the prosecution of the Litigation Settlement Trust Claims.

(iii) subject to execution of confidentiality agreements in a form acceptable to the Third-Party Funding Contributors or the Bankruptcy Court, upon request from the Litigation Settlement Trustees, the Third-Party Funding Contributors shall deliver current financial information, operating information, assets or account information ("Information") as reasonably needed to determine that each Third-Party Funding Contributor has the financial ability to pay Allowed Litigation Settlement Trust Claims in full, in accordance with the Plan. The Information shall be produced only under this provision, and if there is any disagreement on Information production requested, the Litigation Settlement Trustees may seek orders from any Federal Court.

(b) After the Confirmation Order becomes a Final Order and continuing until the Third-Party Funding Contributors declare that they will not Pay in Full a settlement proffered by the Litigation Settlement Trustees:

(i) From time to time thereafter, transfer to the Litigation Settlement Trust additional funds to the extent required by the Litigation Settlement Trust and the confirmed Plan to pay Litigation Trust Expenses during the Support Period.

(ii) The Plan shall provide that the Litigation Settlement Trustees shall hold a perfected lien and security interest in and to all of FSS's and all

*[Different first page setting changed from off in original to on in modified.].*
Plan Support Agreement        Page 10
4858-9477-4556, v. 18

*[Different first page setting changed from off in original to on in modified.].*

~~non-exempt AJ assets to secure their obligations hereunder, subject to this Section 4(b) hereof. The Litigation Settlement Trustees and the Third-Party Funding Contributors shall determine from time to time an appropriate budget for FSS to be operated properly during the Support Period and an appropriate personal budget for AJ consistent with the anticipated needs of individual contributions during the Support Period and consistent with his usual and ordinary needs. No agreed budget term or provision will waive any right to an exemption in property otherwise available to AJ and his family. The Third-Party Funding Contributors covenant that they shall not divert, secret, hide or hinder assets subject to this agreement, other than those available to each under the agreed budgets during the Support Period prior to termination. In any Litigation relating to allegations of breach of this provision shall be brought exclusively in the bankruptcy court and shall entitle the Litigation Settlement Trustees to injunctive relief and costs.~~

3.1     Funding Commitment.  In accordance with the Trust Agreement, the Third-Party Funding Contributor[s] agree from time to time to deliver Cash to the Litigation Settlement Trust to fund all costs of administration to the extent requested by the Litigation Settlement Trustees as necessary to maintain a cash balance of $200,000.00 in the Litigation-Settlement Expense Fund (as defined in the Trust Agreement).  The Funding Commitment shall be subject to the following terms and conditions:

a.     Term.  Commencing upon the Petition Date and continuing until the earlier of (x) 120 days after the Petition Date, or (y) the Effective Date, which date may be extended by agreement of Third-Party Funding Contributor[s] and the Trustees.

b.     Timing.  Such additional funding shall be provided in Cash to the Litigation-Settlement Expense Fund by the Third-Party Funding Contributor[s] within five (5) business days of receipt of a written request by the Litigation Settlement Trustees, unless extended by written consent of the Litigation Settlement Trustees as set out in the Trust Agreement.

c.     Failure to Fund.  To the extent that the Third-Party Funding Contributor[s] fail to make any Cash deposit requested pursuant to Section 3.1(b) above within the applicable three-day period, the Litigation Settlement Trustees, in their sole discretion, shall be entitled to seek dismissal of the Chapter 11 Cases or conversion of the same to cases under chapter 7 of the Bankruptcy Code.

3.2     Exit Funding Commitment.  Subject to the occurrence of the Effective Date, the Third-Party Funding Contributor[s] shall provide such funding as is necessary (i) to satisfy the continuing administrative expenses of the Litigation Settlement Trust and, to the extent no final decree has been entered, the Chapter 11 Cases; and (ii) to fund Payment in Full of the Liquidated Litigation Settlement Trust Claim Amount; provided, however, that in the event a Deficiency is determined pursuant to 3.2(c) of this Agreement, the Third-Party Funding Contributors, in their sole discretion, may agree whether to fund such Deficiency Payment to meet the Payment in Full

*[Different first page setting changed from off in original to on in modified.]*

of the Liquidated Litigation Settlement Trust Claim Amount(s) obligations pursuant to the Plan. The Exit Funding shall be provided on the following terms:

a.      Initial Exit Funding.  Upon the Effective Date, the Third-Party Funding Contributor[s] shall transfer **$2,000,000.00** (including any balance remaining in the Litigation Settlement Trust pursuant to ¶ 3.1 above) to the Litigation Settlement Trust (or such other entity provided in the Proposed Plan or Confirmation Order).

b.      Quarterly Payments.  Not less than once per fiscal quarter, the Third-Party Contributor[s] shall transfer and pay to the Litigation Settlement Trust, **$250,000.00** for a period of not less than twenty (20) consecutive quarters, and (v) and contribute additional funds to the Litigation Settlement Trust as may be requested by the Litigation Settlement Trustees and agreed to by the Third-Party Funding Contributors in writing, or pursuant to an agreed budget, from time to time in accordance with the Plan to Pay in Full Allowed Litigation Settlement Trust Claims or Allowed Claims.

c.      Deficiency Payments.  If at any time during the term of this Agreement, the Litigation Settlement Trustees shall determine that sum of the Initial Exit Funding and the Quarterly Payments shall be insufficient to satisfy the administrative costs of the Chapter 11 Cases, the Litigation Settlement Trust, and to fund Payment in Full of the Liquidated Litigation Settlement Trust Claim Amount, the Trustees shall notify the Third-Party Funding Contributor[s] in writing of such deficiency (a "Deficiency Notice").  Within thirty (30) days of receipt of any Deficiency Notice, the Third-Party Funding Contributor[s] shall either (i) transfer to the Litigation Settlement Trust assets sufficient to cure such deficiency; (ii) agree to amend the terms of the Exit Funding Commitment on terms acceptable to the Litigation Settlement Trustees to increase the amount or frequency of the Quarterly Payments in an amount sufficient to cure such deficiency; or (iii) terminate this Agreement and declare the Proposed Plan to have failed.

d.      Termination After Confirmation.  To the extent that this Agreement is terminated after the occurrence of both (i) the Effective Date and (ii) a Determination, then the Litigation Settlement Trustees shall be entitled to retain and distribute in accordance with the terms of the Proposed Plan any cash or other assets previously transferred to the Litigation Settlement Trust by either the Third-Party Funding Contributor[s], the Debtors, or their Estates (as defined in the Trust Agreement) as may be approved by the Bankruptcy Court.  Further, subject to the tolling provisions set forth in Section 3.4 hereof, the Litigation Settlement Trustees shall be authorized to liquidate the assets of the Debtors and their Estates for the benefit of the Litigation Settlement Trust Beneficiaries.

e.      Security.  As security against the post confirmation funding obligations in this Agreement, the Proposed Plan and Confirmation Order shall provide that the Litigation Settlement Trustees shall hold a first in priority perfected lien and security interest in and to certain of the assets of each Third-Party Funding Contributor as may be provided in the Confirmed Plan.  The Parties acknowledge that the assets may be subject to existing liens and agreement from 3rd parties may be required to grant the required

*[Different first page setting changed from off in original to on in modified.]*

*[Different first page setting changed from off in original to on in modified.].*

liens. The Litigation Settlement Trustees will have discretion to determine the scope and priority of the liens to be granted to the Litigation Settlement Trust and may terminate this Agreement pursuant to Section 7 below if the required liens cannot be granted.

(iii) 3.3 Confidential Information. Subject to execution of confidentiality agreements in a form acceptable to the Third-Party Funding Contributors, upon request from the Litigation Settlement Trustees, the Third-Party Funding Contributors shall deliver the current financial information, operating information, assets or account information ("Information") as reasonably needed to determine that each the Third-Party Funding Contributor is maintaining operations and business sufficient to not only maintain the minimum balance in the Litigation Settlement Trust, but also to pay Allowed Litigation Settlement Trust Claims in full, in accordance with the Plan[s] shall:

> a. Deliver or cause to be delivered to the Litigation Settlement Trustees and the Debtors' Chief Restructuring Officer any and all documents and communications in whatever form (or copies thereof) requested by the Litigation Settlement Trustees for the purpose of enabling the Litigation Settlement Trustees, in their sole discretion, to fulfill their obligations under this Agreement or the Proposed Plan (the "Information"), held by the Third-Party Contributors and/or any company related to, affiliated, or under the control of the Third-Party Contributors, their employees, agents, advisors, attorneys, accountants, or any other professionals hired by the Third-Party Contributors and/or any company related to, affiliated, or under the control of the Third-Party Contributors;

> b. Provide reasonable access to the Litigation Settlement Trustees, the Debtors and their respective advisors to such employees of the Third-Party Contributors and/or any company related to, affiliated, or under the control of the Third-Party Contributors their agents, advisors, attorneys, accountants, or any other professionals hired by the Third-Party Contributors and/or any company related to, affiliated, or under the control of the Third-Party Contributors for the purpose of enabling the Litigation Settlement Trustees, in their sole discretion, to fulfill their obligations under this Agreement or the Proposed Plan;

> c. . The Information shall be produced only under this provision, and to To the extent that there is any disagreement on Information production requested, the Third-Party Contributors or the Litigation Settlement Trustees or the Debtors may seek orders from any Federal Court. having jurisdiction over the Litigation Settlement Trust. In every event the Information shall be confidential and held pursuant to the confidentiality terms of the Litigation Settlement Trust Agreement and such other confidentiality terms reasonably requested by any Third-Party Funding Contributor.

> > (iv) In accordance with the confirmed Plan, (i) transfer $2 million to the Litigation Settlement Trust, (ii) , contribute $250,000 per quarter for 20 consecutive quarters to the Litigation Settlement Trust, and contribute additional funds to the Litigation Settlement Trust as may be requested by the Litigation Settlement Trustees and agreed to by the Third-Party Funding Contributors in writing, or pursuant to an agreed budget, from

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

~~time to time in accordance with the Plan to Pay in Full Allowed Litigation Settlement Trust Claims or Allowed Claims.~~

**~~Section 5 Duration of the Agreement.~~**

3.4    Tolling of Claims.  Subject to the tolling provisions of this Section, the Third-Party Funding Contributor[s] and the Debtors agree and covenant not to sue or otherwise assert against the Third-Party Funding Contributor[s] any claims or causes of action for the avoidance and recovery of any transfers of an interest of the Debtors in property arising under the Bankruptcy Code, applicable state law, or otherwise (the "Avoidance Claims") during the term of this Agreement provided that:

a.    The ~~Agreement shall become effective on the date it is executed by all Parties, *provided*, however, that if the Agreement is not executed by the Debtors on or before 5:00 p.m. (Central Daylight Time) on April 15, 2022, or such later date as agreed by~~Third-Party Funding Contributor[s] agree that any and all statutes of limitation or repose, including but not limited to the time limitations set forth in section 546 of the Bankruptcy Code, and all time-related legal doctrines, whether equitable or legal, including but not limited to the doctrines of estoppel or laches, that may apply or relate to any action, complaint, claim, counterclaim or third-party complaint that may hereafter be commenced by the Debtors or the Debtors ~~and~~' bankruptcy estates against the Third-Party Funding ~~Contributors (the "Expiration Date"), this Agreement shall no longer be available for acceptance by the Debtors.  The Agreement will remain in effect and be irrevocable by the Parties during the Support Period.  Upon implementation under the Plan, the Agreement shall remain in effect for not less than 5 years from the Plan Effective Date.~~Contributor[s] or any company related to, affiliated, or under the control of the Third-Party Contributors with respect to the Avoidance Claims shall be tolled and suspended until the date that is the third anniversary of the date that this Agreement terminates (the "Tolling Period").  The Third-Party Funding Contributor[s] agree not to assert as an objection or defense to the Avoidance Claims, or otherwise, that it has been prejudiced in any manner by the passage of the time during the Tolling Period.  Upon termination of the Tolling Period, the Litigation Settlement Trustees shall have the right to assert Avoidance Claims.

b.    Except as expressly provided in this Agreement, nothing in this Section is or shall be deemed to constitute a waiver of any rights, claims or defenses of any party to this Agreement and the Parties expressly reserve all rights, claims, and defenses they may have against one another in connection with or related to the Avoidance Claims.

**Section 4       Duration of the Agreement.**

Section 4.1    The Amendment shall become effective upon entry of the Trustee Order and, subject to the provisions of Section 7 herein, this Agreement shall remain in effect for a period of not less than 120 days, and not more than 180 days following the Petition Date, provided, however, that, upon the occurrence of the Effective Date, the term of this Agreement shall be extended for a period of not less than five (5) years from the Effective Date or as may otherwise be provided in the Confirmed Plan.  This Agreement may be extended by the written agreement

*[Different first page setting changed from off in original to on in modified.].*

of all parties to this Agreement: (i) the Litigation Settlement Trustees, (ii) the Debtors or their Estates, and (iii) the Third-Party Funding Contributors.

## Section 5 ~~Section 6~~ Representations and Warranties.

~~(a)~~Section 5.1 Third-Party Funding Contributor[s].  The Third-Party Funding Contributors jointly and severally represent and warrant that the following statements are true, correct, and complete as of the date hereof:

a. ~~(viii)~~ Organization and Good Standing.  FSS is a limited liability company duly organized, validly existing and in good standing under the laws of the State of Texas.

b. ~~(ix)~~ ~~Authorization of Agreement~~Authority to Contract.  Each of the Third-Party Funding Contributors has the requisite power and authority to execute this Agreement and to consummate the transactions contemplated hereby.  The execution and delivery of this Agreement by the Third-Party Funding Contributors and the consummation ~~by the Plan of the transaction~~of the transactions contemplated hereby has been duly authorized by FSS' managers and no other corporate proceedings on the part of the Third-Party Funding Contributors are necessary to authorize this Agreement or to consummate the transaction contemplated hereby.  This Agreement has been duly executed and delivered by the Third-Party Funding Contributors and, assuming due execution and delivery by the Debtors of this Agreement, this Agreement constitutes a valid and binding obligation of the Third-Party Funding Contributors, enforceable against the Third-Party Funding Contributors in accordance with its terms.  ~~The Third-Party Funding Contributors are prepared to consummate this Agreement immediately upon its acceptance by the Debtors.~~

c. ~~(x)~~ Due Diligence.  The Third-Party Funding Contributors have completed their due diligence, and this Agreement is not subject to a due diligence condition, *provided* that the Debtors shall continue to provide information regarding the ~~Bankruptcy~~Chapter 11 Cases and the process surrounding confirmation of the Proposed Plan(s).

d. ~~(xi)~~ No Securities; No Third-Party Financing.  No securities are being issued and the obligation of the Third-Party Funding Contributors to perform under this Agreement is not conditioned on obtaining third-party financing.

e. ~~(xii)~~ Financial Capability.  The Third-Party Funding Contributors have and will have upon ~~Plan~~ Effective Date, sufficient cash and/or cash flow available to consummate the transactions contemplated by this Agreement and the Proposed Plan.

f. ~~(xiii)~~ No Violation; Consents.  The execution and delivery by the Third-Party Funding Contributors of this Agreement and the consummation of the transactions contemplated hereby do not and will not (1) violate any provision of the organizational documents of FSS, (2) violate any ~~Order~~order of any governmental authority to which the Third-Party Funding Contributors are bound or subject, (3) violate

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

any applicable law, or (4) violate any legal agreements to which a Third-Party Funding Contributor is a party.

g. (xiv) No Third-Party Approvals Required. No regulatory or other third-party approvals, consents or filings are required to be obtained or made by the Third-Party Funding Contributors in order to consummate this Agreement, except for any such requirements, the failure of which to be obtained or made would not reasonably be expected to prevent, impede or materially delay or otherwise affect in any material respect the transactions contemplated by this Agreement.

h. (xv) Bankruptcy. There are no bankruptcy, reorganization or arrangement proceedings pending against, being contemplated by or, to the knowledge of the Third-Party Funding Contributors, threatened against the Third-Party Funding Contributors.

i. (xvi) Representation by Counsel. The Third-Party Funding Contributors acknowledge that they have been represented by counsel in connection with this Agreement and the transactions contemplated by this Agreement.

j. Negotiated in Good Faith and Arm's Length Transaction. The Third-Party Funding Contributors acknowledge that they have negotiated in good faith and this Agreement represents an arm's length transaction.

(b) Section 5.2 The Debtors. The Debtors represent and warrant that the following statements are true, correct, and complete as of the date it executes this Agreement hereof:

a. (ii) Organization and Good Standing. The Debtors are limited liability companies duly formed, validly existing and in good standing under the laws of the State of Texas.

b. (iii) Authorization of Agreement. The Authority to Contract. Subject to entry of the Trustee Order, the Debtors have the requisite limited liability company power and authority to execute this Agreement and, subject to Bankruptcy Court approval, to consummate the transactions contemplated hereby. The herein. Subject to entry of the Trustee Order, the execution and delivery of this Agreement by the Debtors and the consummation by the Debtors of the transaction contemplated hereby have been duly authorized by the managers of the Debtors Litigation Settlement Trustees and no other limited liability company proceedings on the part of the Debtors are necessary to authorize this Agreement or to consummate the transaction transactions contemplated hereby herein. This Agreement has been duly executed and delivered by the Debtors and, assuming due execution and delivery by the Third-Party Funding Contributors, this Agreement constitutes and subject to entry of the Trustee Order, shall constitute a valid and binding obligation of the Debtors, enforceable against the Debtors in accordance with its terms.

c. (iv) No Violation; Consents. The execution and delivery by the Debtors of this Agreement and the consummation of the transactions contemplated hereby do not and will not (1) violate any provision of the organizational documents of the Debtors,

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

(2) violate any Order of any governmental authority to which the Debtors are bound or subject, or (3) violate any applicable law.

d. (v) No Third-Party Approvals Required. Other than approval of the Bankruptcy Court, no order or permit issued by, or declaration or filing with, or notification to, or waiver from any governmental authority is required on the part of the Debtors in connection with the execution and delivery of this Agreement, or the compliance or performance by the Debtors with any provision contained in this Agreement, except for any such requirements, the failure of which to be obtained or made would not reasonably be expected to prevent, impede or materially delay or otherwise affect in any material respect the transactions contemplated by this Agreement.

e. (vi) Representation by Counsel. The Debtors acknowledge that they have been represented by counsel in connection with this Agreement and the transactions contemplated by this Agreement.

f. Negotiated in Good Faith and Arm's Length Transaction. The Debtors acknowledge that they have negotiated in good faith and this Agreement represents an arm's length transaction.

(vii) Binding on Debtors in Possession and Reorganized Debtors. This Agreement shall become binding on the Debtors in Possession and the Reorganized Debtors upon the Bankruptcy Court approving the Agreement on a standalone basis or as the terms of the Agreement may be contained and incorporated into a Plan and a confirmation order approving this Agreement.

(viii) The obligations and rights of the Third-Party Funding Contributors shall be as set out in the Litigation Settlement Trust and this Agreement and in the event of a conflict among such terms of either agreements, the Litigation Settlement Trust shall control.

**Section 6** ~~Section 7~~ Covenants.

Section 6.1 Covenants of the Third-Party Funding Contributor[s]. The Third-Party Funding Contributor[s] covenant and agree that subsequent to the date of this Amendment and prior to termination of this Agreement pursuant to Section 7 hereof:

a. Financial Condition. The Litigation Settlement Trustees and the Third-Party Funding Contributors shall determine from time to time an appropriate budget for FSS to be operated properly during the term of this Agreement and an appropriate compensation for AEJ, excluding exempt assets and wages for his personal services, consistent with the anticipated needs of individual contributions during the term of this Agreement and consistent with his usual and ordinary needs. The Third-Party Contributor[s] shall not initiate or make any transfers in excess of 5% of the approved budgets unless specifically authorized by the Litigation Settlement Trustees.

b. No Material Transfers. The Third-Party Funding Contributors covenant and agree that they shall not divert, secret, hide or hinder assets subject to this

Agreement, Proposed Plan, or Definitive Document, including but not limited to initiation or making any transfer outside of the ordinary course of business, as determined by the Litigation Settlement Trustees. Any litigation relating to allegations of any breach of this provision shall be brought exclusively in the Bankruptcy Court and shall entitle the Litigation Settlement Trustees to injunctive relief, costs and attorneys' fees.

c.      Timely Payment of Royalties and Fees.  During the term of this Agreement the Third-Party Funding Contributor[s] covenant and agree not to divert or cause to be diverted (i) any royalty owed to the Debtors arising from the sales of products sold by any Third-Party Contributor; or (ii) any licensing fees generated by the Third-Party Contributor[s]' use of any intellectual property, copyrights, and trademarks owned by the Debtors, and shall cause such amounts to be paid to the Debtors or to the Litigation Settlement Trust, as may be provided in a Proposed Plan.

(a)      ~~Access to Information~~Section 6.2      Covenants of the Debtors.      The Debtors covenant and agree that prior to the ~~Plan~~ Effective Date and prior to termination of this Agreement pursuant to Section 8~~7~~ hereof, the Debtors will ~~permit~~ :

a.      Access to Information.  Permit the Third-Party Funding Contributors and their representatives to have reasonable access, during normal business hours and upon reasonable advance notice, to the books and records and senior management personnel of the Debtors pertaining to the Agreement.  The Parties shall cooperate to resolve issues where such disclosure would result in violation of applicable law or would jeopardize any privilege available to the Debtors or any of their affiliates relating to such information or would cause the Debtors or any of their affiliates to breach a confidentiality obligation to which they are bound.  In connection with such access, the Third-Party Funding Contributors' representatives shall cooperate with Debtors' representatives and shall use their best efforts to minimize any disruption of business.  The Third-Party Funding Contributors shall indemnify, defend and hold harmless the Debtors, the Debtors' officers, directors, employees and agents, including the Chief Restructuring Officer, from and against all liabilities asserted against or suffered by them relating to, resulting from, or arising out of, examinations or inspections made by Third-Party Funding Contributors or its representatives pursuant to this Section 6.2~~7~~(a).

b.                          ~~(b)~~      Notice; Settlements.      ~~The Debtors covenant and agree that prior to the Plan Effective Date and prior to termination of this Agreement, pursuant to Section 8 hereof, the Debtors shall (i) keep~~Keep the Third-Party Funding ~~Contributors~~Contributor[s] apprised of any settlement discussions, negotiations or meetings related to the Proposed Plan and the Litigation Settlement Trust Claims, ~~and (ii) will~~provided, however, that the Litigation Settlement Trustees shall be entitled to enter into a settlement of any Litigation Settlement Trust Claim against the Debtor(s) without the prior consent of the Third-Party Funding Contributors, ~~but shall not be entitle to bind such Third-Party Funding Contributors except to the extent of their respective consent and agreement;  provided, further, the absence of any such consent shall not impair or effect the Trustees' binding settlement(s) reached nor shall it prohibit the respective Third-Party Funding Contributors from later consenting and causing the "Payment in~~

*[Different first page setting changed from off in original to on in modified.].*

~~Full" event to entitle the Third-Party Funding Contributor to their respective "Resulting Releases."~~.

c.     ~~(e)~~     Conduct of Business Pending the Consummation of Plan.  ~~The Debtors agree that prior to the Plan Effective Date and termination of this Agreement pursuant to Section 8 hereof, unless~~Unless otherwise expressly permitted by this Agreement, the Debtors shall conduct their business in the ordinary course.

6.3     ~~(d)~~     ~~Cooperation; Consents and Filings~~Mutual Covenants.

a.     ~~(i)~~ Consents and Filings.  From and after the date hereof and until ~~prior to the Plan Effective Date and~~ termination of this Agreement pursuant to Section 8̶7 hereof, unless otherwise expressly permitted by this Agreement, the Parties shall cooperate with each other and use (and will cause their respective representatives to use) commercially reasonable efforts (1) to take, or to cause to be taken, all actions, and to do, or to cause to be done, all things reasonably necessary, proper or advisable on their part under this Agreement, applicable law or otherwise to consummate and make effective the transactions contemplated by this Agreement as promptly as practicable; (2) to obtain promptly from any person or governmental authority any consent, order or permit required to be obtained by the Parties or any of their respective affiliates in connection with the authorization, execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated hereby and thereby; (3) to promptly make all necessary filings and thereafter make any other required submissions with respect to this Agreement and prompt consummation of the transactions contemplated hereby and thereby required under any applicable law~~, including, without limitation, the Disclosure Statement (if required), the Plan, all documents, instruments and pleadings necessary for the approval of the Disclosure Statement (if required) and confirmation of the Plan~~; and (4) to provide prompt notification to the other Party hereto of any actions pursuant to clauses (1) – (3) of this Section 7̶6.3(d̶a).

b.     Cooperation.  In addition, no Party shall take any action after the date hereof (other than any action required to be taken under this Agreement or to which the other Parties shall have granted their consent) that could reasonably be expected to materially delay the obtaining of, or result in not obtaining, any consent, order, permit, qualification, exemption or waiver from any governmental authority or other person required to be obtained prior to the effective date of the Plan; including, without limitation, the Disclosure Statement (if required), the Plan, all documents, instruments and pleadings necessary for the approval of the Disclosure Statement (if required)  and confirmation of the Plan.

c.     ~~(ii)~~ Joint Prosecution.  If permitted by applicable law and subject to any limitations on access to information provided for in Section 4̶(a̶)3.3, each party shall consult with the other parties with respect to, and provide any information reasonably requested by the other party in connection with, all material filings made with the Bankruptcy Court or any governmental authority in connection with this Agreement and the transactions contemplated hereby.  If any party or any of its affiliates receives a request for information or documentary material from any governmental authority with

*[Different first page setting changed from off in original to on in modified.].*

respect to this Agreement or any of the transactions contemplated hereby, then such party shall endeavor in good faith to make, or cause to be made, as soon as reasonably practicable and, to the extent permitted by applicable law, after consultation with the other parties, an appropriate response in compliance with such request.

  d.   (g) <u>Bankruptcy Matters</u>. The Parties shall use commercially reasonable efforts to cooperate, negotiate, assist and consult with each other to secure the entry of an order confirming the <u>Proposed</u> Plan following the date hereof, and to consummate the transactions contemplated by this Agreement, including, without limitation, the Plan, all documents, instruments and pleadings necessary for the approval of a disclosure statement (if necessary) regarding the Plan and confirmation of the Plan.  In the event that any order of the Court relating to this Agreement shall be appealed by any person (or a petition for certiorari or motion for reconsideration, amendment, clarification, modification, vacation, stay, rehearing or reargument shall be filed with respect to any such order), the Parties will cooperate in taking such steps to diligently defend against such appeal, petition or motion and the Parties shall use their commercially reasonable efforts to obtain an expedited resolution of any such appeal, petition or motion.  The Parties shall not, without the prior written consent of the other parties, file, join in, or otherwise support in any manner whatsoever any motion or other pleading relating to a sale or plan of reorganization, other than the <u>Proposed</u> Plan, unless the Debtors through the Litigation Settlement Trustees determine in their business judgment their fiduciary obligations require them to do so.

  **Section 7** ~~Section 8~~**Termination.** This Agreement shall terminate <u>upon the election of any party with the right to declare a termination set out below</u>, and the obligations of the Parties shall thereupon terminate and be of no further force and effect, upon the occurrence of the earlier of the following events (each, a "<u>Termination Event</u>"):

  (i) Upon mutual written consent of the Debtors, on the one hand, and the Third-Party Funding Contributors, on the other hand~~:~~<u>;</u>

  ~~(ii)~~ The ~~Bankruptcy~~<u>Chapter 11</u> Cases are (a) dismissed, <u>or</u> (b) converted to a case under chapter 7 of the Bankruptcy Code~~, or (c) converted into a case under Chapter 11 of Title 11 of the Bankruptcy Code other than under Subchapter V thereof;~~

  ~~(iii)~~ <u>;</u> <u>the</u> ~~The~~ Bankruptcy Court enters an order appointing a trustee or examiner under chapter 11 of the Bankruptcy Code~~:~~<u>;</u>

  (iii) ~~(iv)~~The Bankruptcy Court enters an order granting relief from the automatic stay imposed by §362 of the Bankruptcy Code to allow the continued litigation of a Litigation Settlement Trust Claim without the consent of the Third-Party Funding ~~Contributors;~~<u>Contributor[s] in any court other than as provided in 28 U.S.C. 157(b)(5) (to the extent applicable).</u>

  (iv) ~~(v)~~The Debtor or the Third-Party Funding Contributors shall (a) fail to comply with any of its obligations under this Agreement (it being understood that only the non-breaching party may invoke the Termination Event)~~, or~~<u>;</u> (b) has breached any

representation, warranty, covenant or agreement contained in this Agreement; or (c) notwithstanding ¶ 7(iv)(a) above, a settlement is proposed or agreed to, or a claim allowed by the Bankruptcy Court or by any other Court properly authorized to liquidate a claim or claims that is in an amount the Third-Party Funding Contributors determine, in their sole discretion, to be impractical or impossible to timely pay in full as contemplated by the Plan.

~~(vi)  the Debtors shall withdraw (or move to withdraw) the Plan;~~

~~(vii) The Third-Party Funding Contributors have terminated participation under the Agreement, including ¶ 4(b).~~

~~(viii) The Bankruptcy Court enters an order denying confirmation of the Plan;~~

~~(ix)  The Bankruptcy Court does not enter an order approving the appointment of the Litigation Settlement Trustees on or before April 30, 2022;~~

~~(ix)    The Plan has not been filed with the Court on or before April 30, 2022;~~

~~(x)    The Plan has not been confirmed by the Court on or before the expiration of the Support Period;~~

~~(xi)    The order confirming the Plan fails to become a Final Order on or before 90 days after the expiration of the Support Period; *provided*, that the requirement for finality shall be waived as to any appeal as to which the appellant fails to obtain a stay pending appeal of the confirmation order; or~~

(v)    ~~(xii)~~ Any court of competent jurisdiction or other competent governmental or regulatory authority shall have issued an order making illegal or otherwise restricting, preventing, or prohibiting the Plan in a way that cannot be reasonably remedied or otherwise grants relief to any party that is materially inconsistent with the Plan or this Agreement.

(vi)    ~~(xiii)~~ The relevant court remands the Litigation Claims and lifts the automatic stay to allow the State Court to proceed to Judgment without the consent of the Third-Party Funding Contributor[s].

(vii)    Upon termination, the Third-Party Funding Contributor[s] shall have no rights in any funds remaining in the Litigation Settlement Trust or otherwise deposited to pay claims and the Third-Party Funding Contributor[s] shall have no further liability under the Litigation Settlement Trust or under this Agreement.

**Section 8**    ~~**Section 9**~~ **Amendments.**  This Agreement may not be modified, amended, or supplemented, except in a writing signed by all Parties.

*[Different first page setting changed from off in original to on in modified.].*

**Section 9** ~~Section 10~~ **Governing Law; Jurisdiction.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Texas or the United States, without regard to the applicable principles of conflict of laws.

**Section 10** ~~Section 11~~ **Notices.** All demands, notices, requests, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given if personally delivered by courier service, messenger, telecopy, facsimile, or if duly deposited in the mails, by certified or registered mail, postage prepaid-return receipt requested, to the following addresses, or such other addresses as may be furnished hereafter by notice in writing, as follows:

*If to the Debtor, to:*

Marc Schwartz
Chief Restructuring Officer
of the Debtors
Schwartz ~~&~~ Associates LLC
712 Main Street, Ste 1830
Houston, Texas 77002


With a copy to:

Kyung S. Lee
Parkins Lee & Rubio LLP
Pennzoil Place-13[th] Floor
700 Milam
Houston, Texas 77002
klee@parkinslee.com

*If to the Third-Party Funding Contributors:*

Free Speech Systems, LLC
~~To:~~
To: Law Offices of Ray Battaglia, PLLC
Attn: Ray Battaglia
66 Granburg Circle
San Antonio, Texas 78218
rbattaglialaw@outlook.com

Alex Jones
To: Shelby A. Jordan
~~Shelby A. Jordan~~
Jordan & Ortiz, P.C.
500 N. Shoreline Dr., Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

~~**Section 12 Reservation of Rights.** This Agreement is part of a proposed settlement of all disputes among the Parties. Except as expressly provided in this Agreement or the Plan, nothing therein is intended to, or does, in any manner waive, limit, impair, or restrict the ability of the Parties to protect and preserve their respective rights, remedies, and interests, including, without limitation, any claims against any other Party. If the transactions contemplated herein or in the Plan are not consummated, or if this Agreement is terminated for any reason, the Parties fully reserve any and all of their respective rights and remedies. Pursuant to Federal Rule of Evidence 408 and any applicable state rules of evidence, this Agreement and all negotiations relating hereto, shall not be admissible into evidence in any proceeding other than a proceeding to enforce its terms.~~

**Section 11     Litigation Settlement Trustees' Fiduciary Obligations.** Notwithstanding anything to the contrary in this Agreement, nothing in this Agreement, the Proposed Plan, or anything included in any Definitive Document shall require the Litigation Settlement Trustee(s), after consulting with counsel, to take any action or to refrain from taking any action with respect to this Agreement, the Plan, or Definitive Document to the extent taking or failing to take such action would be inconsistent with applicable law or each of the Litigation Settlement Trustee's fiduciary obligations under applicable law, and any such action or inaction pursuant to such exercise of fiduciary duties shall not be deemed to constitute a breach of this Agreement, the Plan, or any Definitive Document; provided that the Litigation Settlement Trustees shall give prompt written notice to counsel to the Third-Party Funding Contributor(s) (electronic mail among counsel being sufficient) of any such determination by the Litigation Settlement Trustees, in their sole discretion, that any such action or refrainment from taking such action with respect to this Agreement, the Plan, or and Definitive Document would be inconsistent with applicable law or each of the Litigation Settlement Trustee's fiduciary obligations under applicable law. For the avoidance of doubt, notwithstanding anything to the contrary in this Section 11, the Debtors' failure to comply with the terms of this Agreement may constitute a Termination Event under Section 7, above.

**Section 12** ~~**Section 13**~~ **Entire Agreement.** This Agreement, ~~together with the Reorganization Plan, constitute~~ constitutes the entire understanding and agreement among the Parties with regard to the subject matter hereof, and supersedes all prior agreements with respect thereto.

**Section 13** ~~**Section 14**~~ **Headings.** The headings of the paragraphs and subparagraphs of this Agreement are inserted for convenience only and shall not affect the interpretation hereof.

**Section 14** ~~**Section 15**~~ **Successors and Assigns.** This Agreement is intended to bind and inure to the benefit of the Parties and their respective permitted successors and assigns.

**Section 15** ~~**Section 16**~~ **Specific Performance.** Each Party hereto recognizes and acknowledges that a breach by it of any covenant or agreement contained in this Agreement may cause the other Parties to sustain damages for which such Parties would not have an

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

adequate remedy at law, and therefore each Party hereto agrees that in the event of any such breach the other Parties shall be entitled to seek the remedy of specific performance of such covenant and agreement and injunctive and other equitable relief in addition to any other remedy to which such Parties may be entitled, at law or in equity.

**Section 16** ~~Section 17~~ **Remedies Cumulative.** All rights, powers, and remedies provided under this Agreement or otherwise available in respect hereof at law or in equity shall be cumulative and not alternative, and the exercise of any right, power or remedy by any Party shall not preclude the simultaneous or later exercise of any other such right, power, or remedy by such Party.

**Section 17** ~~Section 18~~ **No Waiver.** The failure of any Party to exercise any right, power, or remedy provided under this Agreement or otherwise available to it at law or in equity, or to insist upon compliance by any other Party with its obligations hereunder, and any custom or practice of the Parties at variance with the terms hereof, shall not constitute a waiver by such Party of its right to exercise any such or other right, power, or remedy or to demand such compliance.

**Section 18** ~~Section 19~~ **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same Agreement. Delivery of an executed signature page of this Agreement by telecopier or facsimile shall be as effective as delivery of a manually executed signature page of this Agreement.

**Section 19** ~~Section 20~~ **Severability.** Any provision of this Agreement that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any other jurisdiction. The provisions of this Agreement shall be interpreted in a reasonable manner to effect the intent of the Parties hereto.

**Section 20** ~~Section 21~~ **No Third-Party Beneficiaries.** Unless expressly stated herein ~~as to direct or indirect beneficiaries of the Litigation Settlement Trust~~or the ~~Confirmed Plan~~, this Agreement shall be solely for the benefit of the Parties, and no other person or entity shall be a third-party beneficiary hereof.

**Section 21** ~~Section 22~~ **Jurisdiction and Venue:** Notwithstanding any provision herein to the contrary no action or proceeding by any Party or any third-party may be brought to determine, enforce, prohibit, enjoin, or otherwise determine any rights or obligations of any Party to this Agreement except in the United States Bankruptcy Court or the United States District Court, as the case may be, for the Division and District in which the ~~Bankruptcy~~Chapter 11 Cases ~~have been filed~~are pending.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK

*[Different first page setting changed from off in original to on in modified.].*
Plan Support Agreement       Page 24
4858-9477-4556, v. 18

*[Different first page setting changed from off in original to on in modified.].*

        IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Declaration or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

Effective Date:  April —28, 2022.

                                              ***INITIAL* LITIGATION SETTLEMENT TRUSTEE**

By: _____
Name:   Robert Dew
Title:    Initial Trustee, and as sole officer and
           Director of each Debtor entity
           InfoW, LLC, InfoHealth, LLC,
           Prison Planet TV, LLC

**INFOW, LLC**

By: _____
Name:   W. Marc Schwartz
Title:    Chief Restructuring Officer

**IWHEALTH, LLC**

By: _____
Name:   W. Marc Schwartz
Title:    Chief Restructuring Officer

**PRISON PLANET TV, LLC**

By: _____
Name:   W. Marc Schwartz
Title:    Chief Restructuring Officer

**THIRD-PARTY FUNDING CONTRIBUTOR ALEX JONES**

By: _____
Name:

**THIRD-PARTY FUNDING CONTRIBUTOR FREE SPEECH SYSTEMS, LLC**

By: _____
Name:

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

Title:

**SIGNATURES LEFT BLANK PENDNG
APPOINTMENT BY BANKRUPTCY
COURT ORDER**

_____
Name:
Title: Litigation Settlement ~~Trust~~ Trustee and
Debtors' ~~Independent Board Members~~<u>Managing Member</u>

_____
Name:
Title: Litigation Settlement ~~Trust~~ Trustee and
Debtors' ~~Independent Board Members~~<u>Managing Member</u>

*[Different first page setting changed from off in original to on in modified.].*
Plan Support Agreement      Page 26
<u>4858-9477-4556, v. 18</u>

| Summary report: Litera Compare for Word 11.0.0.61 Document comparison done on 4/29/2022 8:57:09 AM | |
| --- | --- |
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** 2.0 - 4.14.2022 Plan Support Agreement.docx | |
| **Modified filename:** 2.1 - 4.28.2022 Amended and Restated Plan Support Agreement.docx | |
| **Changes:** | |
| Add | 250 |
| Delete | 197 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 447 |