UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22--60043 |
| | § | |
| DEBTOR. | § | (Subchapter V Debtor) |
| | § | Chapter 11 |

ORDER (A) AUTHORIZING EMPLOYMENT OF W. MARC SCHWARTZ AS CHIEF RESTRUCTURING OFFICER, (B) AUTHORIZING EMPLOYMENT OF STAFF OF SCHWARTZ ASSOCIATES, LLC IN DISCHARGE OF DUTIES AS CHIEF RESTRUCTURING OFFICER, AND (C) GRANTING RELATED RELIEF

Upon the *Debtor's Application for Order (A) Authorizing Employment of W. Marc Schwartz as Chief Restructuring Officer, (B) Authorizing Employment of Staff of Schwartz Associates, LLC in Discharge of Duties as Chief Restructuring Officer, and (C) Granting Related Relief* (the "Application")[1]; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Application is granted, to the extent set forth herein.

---

[1] Capitalized terms used by not otherwise defined in this Order shall have the meanings ascribed to such terms in the Application.

2. In accordance with Bankruptcy Code §§ 327(a) and 330 and Bankruptcy Local Rule 2014-1, the Debtor is authorized to employ and retain W. Marc Schwartz, effective as of the Petition Date, as its chief restructuring officer (the "CRO"), under the terms and conditions set forth in the Application and the Engagement Agreement attached to the Application as Exhibit A thereto, as modified herein.

3. The CRO shall hold confidential any material, non-public information of or pertaining to FSS and/or Alexander E. Jones delivered to the CRO, except to the extent that such information and the person to whom such information is disclosed are subject to a protective order that is entered in these Chapter 11 Case.

4. The CRO is authorized to delegate appropriate tasks to Schwartz Associates, LLC ("SALLC"), pursuant to the terms of the Engagement Agreement.

5. The CRO and SALLC shall be compensated for their services and reimbursed for actual expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application and subject to §§ 330 and 331 of the Bankruptcy Code, and in accordance with applicable Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, and any orders of this Court; *provided*, *however*, that the CRO and SALLC shall not seek reimbursement from the Debtor's estate for any fees incurred in defending any fee applications in this Chapter 11 Case.

6. All compensation for services rendered and reimbursement for expenses incurred in connection with the above-captioned Chapter 11 Case shall be paid after further application to and order of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules, the Guidelines, and any orders of this Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the CRO and SALLC shall hold any prepetition retainer, pending a final order allowing compensation and reimbursement in these cases or order otherwise directing disposition of the retainer amounts.

8. Notwithstanding anything to the contrary in the Application, the Engagement Agreement, or the Declaration attached to the Application, the CRO and SALLC shall not be entitled to reimbursement or fees and expenses in connection with any objection to their fees, without further order of the Court.

9. The CRO and SALLC shall provide ten (10) business days' notice to the Debtor and the U.S. Trustee before any increases in the rates set forth in the Application or the Engagement Agreement are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code.

10. The CRO and SALLC shall use reasonable efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this Chapter 11 Case.

11. The CRO and SALLC will review their files periodically during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the CRO and SALLC will use reasonable efforts to identify such further developments and will promptly file a supplemental Declaration, as required by Fed. R. Bankr. P. 2014(a).

12. To the extent the Application, the Schwartz Declaration, or the Engagement Agreement is inconsistent with this Order, the terms of this Order shall govern.

13. The Debtor, the CRO, and SALLC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated this ___ day of August, 2022.

_____
UNITED STATES BANKRUPTCY JUDGE

Case 22-60043 Document 163-29 Filed in TXSB on 08/20/22 Page 4 of 4