**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| In re: | Case No. 22 - 60020 |
| INFOW, LLC, *et al.*, | Chapter 11 (Subchapter V) |
| Debtors.[1] | Jointly Administered |

**DEBTORS' APPLICATION TO EMPLOY KYUNG S. LEE PLLC AS BANKRUPTCY**
**COUNSEL EFFECTIVE AS OF MAY 16, 2022**

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE CHRISTOPHER LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

InfoW, LLC ("InfoW"), IWHealth, LLC ("IW Health"), and Prison Planet TV, LLC ("Prison Planet TV", and together with InfoW and IW Health, the "Debtors"), the debtors in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), hereby file this application (the "Application") to employ Kyung S. Lee PLLC ("KSLPLLC") as bankruptcy counsel, effective as of May 16, 2022.  As discussed in detail below, Mr. Kyung S. Lee, the partner at Parkins Lee & Rubio LLP ("PLR") exclusively handling the representation of the Debtors, withdrew as a partner

---

[1]    The Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

from PLR as of May 15, 2022 and went back to practice under Kyung S. Lee PLLC starting on May 16, 2022. Subject to approval by the Bankruptcy Court, the Chief Restructuring Officer, Marc Schwartz, the Chief Restructuring Officer of the Debtors has engaged KSLPLLC to represent the Debtors commencing as of May 16, 2022, pursuant to an Engagement Agreement, attached hereto as Exhibit B. In support of the Application, the Debtors submit the Declaration of Kyung S. Lee (the "Lee Declaration"), attached as Exhibit A hereto, and respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief sought are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the U.S. Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## BACKGROUND

### A.      The Debtors

4.      On April 18, 2022 (the "Petition Date"), each of the Debtors commenced the Chapter 11 Cases by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code.

5.      Marc Schwartz is the Chief Restructuring Officer of the Debtors. No request for the removal of the Debtors as debtors-in-possession has been made in these Chapter 11 Cases.

6.      Additional background information on the Debtors can be found in the Debtors' *Emergency Motion For Order Authorizing Appointment of Russell F. Nelms and Richard S.*

*Schmidt As Trustees of the 2022 Litigation Settlement Trust and Granting Related Relief* [Dkt No. 6].

**B.     Proposed Employment of Kyung S. Lee PLLC**

        *i.     Scope of Employment*

7.     Subject to the Court's approval, KSLPLLC will serve as general bankruptcy counsel in connection with the Debtors' Chapter 11 Cases, commencing on May 16, 2022.

        *ii.     Necessity of Employment*

8.     The Debtors believe that the assistance of counsel specializing in bankruptcy is necessary and appropriate to administer these Chapter 11 Cases. The Debtors cannot proceed in chapter 11 without counsel and would face extreme difficulty complying with the provisions of the Bankruptcy Code and successfully reorganizing their financial affairs for the benefit of their creditors without attorneys who focus their practice on corporate bankruptcy.

        *iii.     Reasons for Selection*

9.     The Debtors are retaining KSLPLLC because of the extensive experience of Mr. Lee, in all aspects of corporate bankruptcy and representing chapter 11 debtors in this district and because of his familiarity with the Debtors and the Chapter 11 Cases, having been the primary partner in charge of the cases while he was at PLR.

10.     Mr. Lee is familiar with the Debtors' financial condition in connection with the preparation of the Debtors' Petitions, Schedules, and SOFAs. The Debtors expended substantial efforts prior to the Petition Date to developing a structure for a global resolution of litigation claims against the Debtors and affiliated co-defendants. Mr. Lee was intimately involved in that process.

11.     Since the Petition Date, Mr. Lee has been involved in all aspects of the Debtors' Chapter 11 Cases, ranging from reporting to the Court at Status Conferences to negotiating with

counsel for the Texas and Connecticut Plaintiffs regarding their withdrawal of claims and dismissals of suits with prejudice.

12.      Any other firm would need to spend significant time and effort to become familiar with the Debtors, the Plan Support Agreement, the Debtors' liabilities, and related agreements that would delay administering the subchapter v bankruptcy cases.

13.      The Debtors therefore believe that KSLPLLC, and especially Mr. Lee, is well-qualified and uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

        iv.      *Proposed Compensation & Reimbursement*

14.      KSLPLLC intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the guidelines (the "Guidelines") established by the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and any orders of this Court in these Chapter 11 Cases (the "Orders"), for all services performed and expenses incurred during its representation of the Debtors.

15.      Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, the Debtors propose to pay KSLPLLC as set out in the Engagement Agreement attached hereto as Exhibit B and as summarized in the following chart:

| BILLER | RATE |
|---|---|
| Kyung S. Lee | $850 |
| Other Associate Attorneys | $300 - $650 |
| Paralegals | $150 - $250 |
| Legal Assistants | $50-$100 |

16.     The Debtors believe that KSLPLLC's agreed terms of reimbursement, compensation, and hourly rates are reasonable. KSLPLLC will notify the Debtors of any change in the hourly rates charged for services rendered while the Chapter 11 Cases are pending.

    *v.*    *Retainer*

17.     The Debtors did not engage KSLPLLC prior to the Petition Date.   Although KSLPLLC has requested a retainer, KSLPLLC has not received a retainer to secure the payment of KSLPLLC's fees in connection with the representation as of the time of filing the Application. KSLPLLC shall report to the Court if circumstances change, and a retainer is provided to the firm.

    *vi.*    *Connections*

18.     The Lee Declaration sets out KSLPLLC's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee. To the best of the Debtors' knowledge, KSLPLLC does not hold any connections other than those disclosed in the Lee Declaration.

19.     The Debtors believe that KSLPLLC neither holds nor represents a disqualifying interest that is adverse to the estate and is a "disinterested person." If any new relevant facts or relationships are discovered, KSLPLLC will supplement its disclosure to the Court.

## RELIEF REQUESTED

20.     The Debtors request that the Court enter an order substantially in the form of the proposed order attached hereto (the "Proposed Order") authorizing the Debtors to retain KSLPLLC as general bankruptcy counsel, pursuant to the terms of the Engagement Agreement, commencing on May 16, 2022.

## **BASIS FOR RELIEF**

21.      Subject to bankruptcy court approval, Bankruptcy Code § 327(a) authorizes

trustees—and debtors-in-possession—to "employ one or more attorney's accountants, appraisers,

auctioneers, or other professional persons, that do not hold or represent an interest adverse to the

estate, and that are disinterested persons, to represent or assist the trustee in carrying out the

trustee's duties . . . ." Bankruptcy Code § 327(c) provides that "[i]n a case under chapter 7, 12, or

11 of this title, a person is not disqualified for employment under this section solely because of

such person's employment by or representation of a creditor, unless there is objection by another

creditor or the United States trustee, in which case the court shall disapprove such employment if

there is an actual conflict of interest."

22.      Bankruptcy Rule 2014 requires certain disclosures prior to the entry of an order

approving the employment of a professional. According to Bankruptcy Rule 2014, the application

must:

       (a)      Be filed by the trustee or committee and served on the United States Trustee
(except in cases under chapter 9 of the Bankruptcy Code);

       (b)      State the specific facts showing the necessity for the employment, the name
of the person to be employed, the reasons for the selection, the professional services to be
rendered, any proposed arrangement for compensation, and, to the best of the applicant's
knowledge, all of the person's connections with the debtor, creditors, any other party in
interest, their respective attorneys and accountants, the United States Trustee, or any person
employed in the office of the United States Trustee; and

       (c)      Be accompanied by a verified statement of the person to be employed
setting forth the person's connections with the debtor, creditors, any other party in interest,
their respective attorneys and accountants, the United States trustee, or any person
employed in the office of the United States trustee.

**A.     KSLPLLC Meets the Requirements of Bankruptcy Code § 327(a)**

23.     Based on the Lee Declaration, the Debtors submit that KSLPLLC neither holds nor

represents a disqualifying adverse interest and is a "disinterested person" as that term is defined in

§ 101(14) of the Bankruptcy Code.

24.     The term "disinterested person" is defined by the Bankruptcy Code. According to

Bankruptcy Code § 101(14):

> The term "disinterested person" means a person that— (A) is not a
> creditor, an equity security holder, or an insider; (B) is not and was
> not, within 2 years before the date of the filing of the petition, a
> director, officer, or employee of the debtor; and (C) does not have
> an interest materially adverse to the interest of the estate or of any
> class of creditors or equity security holders, by reason of any direct
> or indirect relationship to, connection with, or interest in, the debtor,
> or for any other reason.

25.     The Lee Declaration discloses no connections with the Debtors that would

disqualify KSLPLLC as a "disinterested person" and the Debtors are aware of no connections in

addition to those disclosed in the Lee Declaration.

**B.     This Application and the Lee Declaration Meet the Requirements of
Bankruptcy Rule 2014**

26.     This Application and the Lee Declaration meet the requirements as set out in

Bankruptcy Rule 2014. This Application is made by the Debtors and sets out the necessity for the

employment, the name of the person to be employed, the reasons for the selection, the professional

services to be rendered, the proposed arrangement for compensation. The Lee Declaration is a

verified statement pursuant to 28 U.S.C § 1746 that sets out all connections that KSLPLLC has

with the Debtors, creditors, any other party in interest, their respective attorneys and accountants,

the U.S. Trustee, or any person employed in the office of the U.S. Trustee. The Debtors are not

aware of any other connections in addition to those disclosed in the Lee Declaration.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form of the Proposed Order approving the employment of KSLPLLC commencing on May 16, 2022 and grant any other relief that is just and proper.

Dated: May 19, 2022

Respectfully submitted,

W. Marc Schwartz
Chief Restructuring Officer and Authorized
Representative of InfoW, LC, IW Health,
LLC and Prison Planet TV, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service, (b) by U.S.P.S. first class mail on the parties indicated in the attached service list, and (c) the following parties by email:

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Alinor C. Sterlin, Christopher Mattei,
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Norman A Pattis, Cameron L. Atkinson
Pattis & Smith, LLC
383 Orange Street
New Haven, CT 06511
npattis@pattisandsmith.com
catkinson@pattisandsmith.com

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Ray Battaglia
Law Office of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX
rbattaglialaw@outlook.com

Attn: Avi Moshenberg, Nick Lawson, Matthew
Caldwell
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com
nick.lawson@mhllp.com
matthew.caldwell@mhllp.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Richard S. Schmidt
615 Leopard, #635
Corpus Christi, TX 78401
rss@judgerss.com

Russell F. Nelms
115 Kay Lane
Westworth Village, TX 76114
rfargar@yahoo.com

Attn: W. Marc Schwartz
Schwartz Associates
712 Main Street, Ste. 1830
Houston, TX 77002
mschwartz@schwartzassociates.us

Attn: Matthew Okin
Okin Adams LLP
1113 Vine St., Ste. 240
Houston, TX 77002
mokin@okinadams.com

/s/ Kyung S. Lee
Kyung S. Lee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| INFOW, LLC, *et al.*, | ) | Case No. 22 - 60020 |
| | ) | |
| Debtors.[2] | ) | Chapter 11 (Subchapter V) |
| | ) | |
| | ) | Jointly Administered |

**DECLARATION OF KYUNG S. LEE IN SUPPORT OF**
**THE DEBTORS' APPLICATION TO EMPLOY**
**KYUNG S. LEE PLLC AS BANKRUPTCY COUNSEL**

I, Kyung S. Lee, declare under penalty of perjury as follows:

1.      I am an attorney at law duly admitted and in good standing to practice in the State of Texas and New York, the  United States District Court for the Southern District of Texas, the Fifth Circuit Court of Appeals and the United State Supreme Court.  As of May 16, 2022, I am a sole member of the law firm Kyung S. Lee PLLC ("KSLPLLC"), located at 700 Milam Street, Suite 1300, Houston, Texas 77002. My email address is klee@kslpllc.com.

2.      I am making this Declaration in support of the Debtors' Application to Employ Kyung S. Lee PLLC as Bankruptcy Counsel, Commencing As of May 16, 2022 (the "Application").  Unless otherwise indicated, capitalized terms used but not defined herein have the meanings ascribed in the Application.

3.      Except as otherwise noted, all facts set forth in this Declaration are based upon my personal knowledge, upon the client and matter records of KSLPLLC reviewed by me or derived from information available to me that I believe to be true and correct.

---

[2]      The Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

### A.  Scope of Services

4.  Pursuant to the Engagement Agreement, the Application, and the Proposed Order attached thereto, KSLPLLC will serve as bankruptcy counsel to the Debtors in connection with the Chapter 11 Cases for the period commencing on May 16, 2022.  In connection with this representation, KSLPLLC will take all necessary and appropriate actions to administer the Debtors' Chapter 11 Cases.

### B.  Proposed Compensation

5.  KSLPLLC will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, Guidelines, and Orders for all services performed and expenses incurred during its representation of the Debtors.

6.  Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, KSLPLLC intends to request the allowance of its compensation as set out in the Engagement Agreement and as summarized in the following chart:

| BILLER | RATE |
|---|---|
| Kyung S. Lee | $850 |
| Other Associate Attorneys | $ 300 - $600 |
| Paralegals | $150 - $250 |
| Legal Assistants | $ 50-$100 |

7.  These rates reflect the rates that KSLPLLC ordinarily charges clients in bankruptcy and non-bankruptcy matters and are less than or equal to the rates of similarly skilled and experienced attorneys who practice in this district on similar chapter 11 bankruptcy cases. KSLPLLC submits that these agreed terms of reimbursement, compensation, and hourly rates are

2

reasonable. KSLPLLC will notify the Debtors of any change in the hourly rates charged for services rendered.

### C.    Retainer & Prepetition Payments

8.    The Debtors did not engage KSLPLLC to advise the Debtors regarding filing bankruptcy prior to the Petition Date.

9.    KSLPLLC has requested a retainer, but as of the filing of the Application, a retainer has not been provided to the firm. If circumstances change, KSLPLLC shall notify the Court of receipt of any retainers and its disposition by KSLPLLC.

### D.    Disclosure of Connections

10.    KSLPLLC performed the following actions to determine whether it or any of its attorneys has any disclosable connections, to the Debtors, creditors, any other party in interest, their respect attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas. I conducted a search of KSLPLLC files to determine using the list of parties listed in Schedule 1 hereto whether the firm had any connections to or represented any of the parties listed on Schedule 1. The search revealed that the firm had not and did not presently represent any of the parties listed on Schedule 1.

11.    The results of the foregoing connections search process confirm that neither I, KSLPLLC, nor any of its employees or shareholders, to the best of my knowledge, have any disqualifying connections. KSLPLLC does not hold any debt or equity securities in the Debtors, is not an insider of the Debtors, and was not a creditor of the Debtors on the Petition Date.

12.    The only connection to any of the parties on Schedule 1 is by virtue of having represented the three Debtors while a partner at PLR.

3

13.    As to Marc Schwartz, the Chief Restructuring Officer, I, as a partner in a previous firm, represented a party adverse to Mr. Schwartz, in a bankruptcy case where Mr. Schwartz acted as the chapter 7 trustee. That cases conclude over 10 years ago.

14.    More recently, I have acted as special fee counsel for Mr. Schwartz when he served as a state court receiver. My representation of Mr. Schwartz as a receiver on that matter concluded in 2021.

15.    I have also worked with Mr. Schwartz as the Chief Restructuring Officer of Consolidated Wealth Management, a debtor before Judge Jones. I have not worked with him in that capacity since my departure from PLR on May 15, 2022.

16.    I may have represented in the last 40 years of my practice a party or parties related to a creditor in the Chapter 11 Cases. If such connections exist, they would be on matters wholly unrelated to the service for which the Debtors seeks to engage KSLPLLC.

E.    **Affirmative Statement of Disinterestedness**

17.    Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I am able to ascertain, KSLPLLC is a "disinterested person" within the meaning of Bankruptcy Code § 101(14). KSLPLLC is not a creditor, an equity security holder, or an insider of the Debtors; KSLPLLC is not and was not within 2 years before the Petition Date a director, officer, or employee of the Debtors; and KSLPLLC does not have any interest materially adverse to the interests of the Debtors' bankruptcy estates or any class of creditors or equity security holders.

F.    **Bankruptcy Rule 2016(b) Disclosures**

18.    Pursuant to Bankruptcy Code § 504 and Bankruptcy Rule 2016, KSLPLLC has not shared or agreed to share (a) any of its compensation from the representation of the Debtors with

4

any other persons or (b) any compensation any other persons have received, may have received, or will receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2022.       By: /s/*Kyung S. Lee*
                                    Kyung S. Lee

## SCHEDULE 1 TO LEE DECLARATION

## SEARCHED PARTIES

Debtors & Professionals

> InfoWars, LLC
> InfoWars Health, LLC
> Prison Planet TV, LLC
> Free Speech Systems LLC
> Russell Nelms
> Richard Schmidt

Debtors' Equity

> Alex Jones

Creditors & Parties in Interest

> Leonard Pozner
> Veronique De La Roase
> Erica Lafferty
> Neil Heslin
> Scarlet Lewis

2



**Kyung S. Lee**
Attorney at Law

Pennzoil Place
700 Milam St.
Suite 1300
Houston, TX 77002

# Kyung S. Lee PLLC

klee@KSLPLLC.com | Direct: 713-301-4751

May 16, 2022

## PRIVILEGED AND CONFIDENTIAL

*Via email mschwartz@schwartzassociates.us*

W. Marc Schwartz
Chief Restructuring Officer of
InfoW, LLC
c/o SchwartzAssociates
712 Main Street-Suite 1830
Houston, Texas 77002

W. Marc Schwartz
Chief Restructuring Officer of
IWHealth, LLC
c/o SchwartzAssociates
712 Main Street-Suite 1830
Houston, Texas 77002

W. Marc Schwartz
Chief Restructuring Officer of
Prison Planet TV, LLC
c/o SchwartzAssociates
712 Main Street-Suite 1830
Houston, Texas 77002

> Re: Attorney Engagement Letter by InfoW, LLC, Debtor ("Infowars") IWHealth LLC, Debtor ("Health") and Prison Planet TV, LLC, Debtor ("Planet")(collectively "you" or "Clients")

Dear Mr. Schwartz:

Thank you for selecting Kyung S. Lee PLLC ("KSLPLLC" or the "Firm") as legal counsel for the above referenced entities. We appreciate the trust and confidence that your decision places in us and we look forward to building a close and mutually rewarding relationship.

The purpose of this letter and the attached Terms of Retention (together, the "Engagement Letter") is to set forth the terms of legal representation of the above referenced Clients.

W. Marc Schwartz
May 16, 2022
Page 2 of 11

*Scope of Engagement.* Subject to Bankruptcy Court approval, KSLPLLC shall serve as attorney and legal counsel for the Clients in connection with the following (the "Matter"): Serve as general bankruptcy counsel for the Debtors, effective as of May 16, 2022.

*Legal Fees and Expenses.* For the work performed by KSLPLLC for the Clients, KSLPLLC shall be entitled to a fee in the amount equal to the time expended by each attorney, paralegal and other staff member multiplied by the hourly rates set forth in the attached Hourly Billing Rate Schedule. The Clients are responsible for reimbursing the Firm for expenses incurred on behalf of the Clients pursuant to the attached Client Expense Policy.

*Retainer.* The Firm has not requested a retainer from the Client in connection with this Matter. The Firm reserves the right to request a retainer and to have the retainer replenished by the Client if the Firm anticipates that there is a risk in collecting future attorney's fees and/or reimbursement of costs.

*Invoices/Fee Statements.* The Firm's invoices will be issued to you during the month, if not more often, following the month that services are provided. The invoice will include a fee statement providing the details of the legal services performed, and the expenses incurred, for the Clients. The invoices shall be informational only and shall be paid upon allowance by a Bankruptcy Court order.

*Conflicts.* The Firm has conducted an initial conflicts search based on information you provided. The Firm did not identify any connection that would prevent the Firm from representing you in this Matter. KSLPLLC may conduct additional conflicts searches following the commencement of this engagement. If the Firm identifies any conflict, then the Firm shall immediately notify the Clients and the Firm and the Clients shall take further actions as may reasonably be required to satisfy the Firm's ethical obligations and duties to the Clients, all as more particularly described in the Terms of Retention.

*General Prospective Waiver and Informed Consent.* The Firm represents many other companies and individuals. It is possible that during the time that we are representing you, some of our present or future clients will have disputes or transactions with you. You agree that we may continue to represent or may undertake in the future to represent existing or new clients in any business or transactional matter that is not substantially related to our work for you, even if the interests of such clients in those other matters are directly adverse to you. We are not aware of any such matters at the present time. We agree, however, that your prospective consent to conflicting representations contained in the preceding sentence shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a nonpublic nature, that, if known to such other client, could be used in any such other matter by such client to your material disadvantage. *You are not giving the Firm a prospective waiver as to conflicting representation related to a litigation matter against you.* We encourage you to seek independent counsel regarding the import of the potential conflicts and prospective waiver discussed and this acknowledgment, waiver and informed consent. We emphasize that you remain completely free to seek independent counsel at any time even if you decide to sign this Engagement Letter agreeing to its terms and the Terms of Retention.

W. Marc Schwartz
May 16, 2022
Page 3 of 11

Please call me with any questions you have after you complete your review of this Engagement Letter including the Terms of Retention. If the Engagement Letter is acceptable to you in this form, please indicate so by signing, dating, and returning it to me and funding the Retainer.

Very truly yours,

*Kyung S. Lee*

Kyung S. Lee
Kyung S. Lee PLLC

ACCEPTED AND AGREED:

InfoW, LLC
*W. Marc Schwartz*
_____
Chief Restructuring Officer of InfoW, LLC
*May 18, 2022*
_____
Dated

IWHealth, LLC
*W. Marc Schwartz*
_____
Chief Restructuring Officer of IWHealth, LLC
*May 18, 2022*
_____
Dated

Prison Planet TV, LLC
*W. Marc Schwartz*
_____
Chief Restructuring Officer of Prison Planet TV, LLC
*May 18, 2022*
_____
Dated

W. Marc Schwartz
May 16, 2022
Page 4 of 11

## ADDENDUM TO ENGAGEMENT LETTER

The appropriate Client point of contact to address payment status:

Name:
Title:
Phone:
Work Email:


Invoices are to be delivered as follows:

☐ By email:     _____

    Email:       _____

☐ By regular mail:

Address:    _____

            _____

            _____

W. Marc Schwartz
May 16, 2022
Page 5 of 11

TERMS OF RETENTION

These Terms of Retention are part of the KSLPLLC Engagement Letter. Because they are an integral part of our agreement to provide legal services, we ask that you review this document carefully. If you have any questions after reading it, please contact us promptly.

*Who Will Provide Legal Services?* In most cases, one attorney will be your principal contact. From time to time, that attorney may delegate parts of your work to other attorneys or to legal assistants or non-legal professionals in the Firm. We do this to involve those with special knowledge or experience in an area and to provide services to you in a timely, efficient, and cost-effective manner. I will be the primary attorney from our Firm who will be representing the Clients.

*Scope of the Representation.* As a Firm, we undertake to provide representation and advice on the legal matters for which we are engaged, and it is important that we both have a clear understanding of the legal services that the Firm has agreed to provide. In our Engagement Letter with you, we specify the matter in which we will provide representation and the scope of the services we will provide. Please note that we do not provide legal advice regarding any tax issues or effects nor are we responsible for notifying any insurance carrier of any lawsuit. If there are any questions about the terms of engagement, including the scope of the representation that we are to provide in the matter, please raise those questions promptly with your principal contact at the Firm.

*Identity of Clients.* It is our policy to represent only the person or entity identified in our Engagement Letter and not any affiliates. For example, unless otherwise specifically stated in our Engagement Letter, if you are a business organization (corporation, partnership, LLC, etc.), our representation does not include any parents, subsidiaries, employees, officers, owners, or affiliates (including commonly owned companies); if you are an individual, our representation does not include your employer, partners, spouse, siblings, or other family members.

*Your Cooperation.* To enable us to provide effective representation, you agree to: (1) disclose to us, fully and accurately and on a timely basis, all facts and documents that are or might be material or that we may request, (2) keep us apprised on a timely basis of all developments relating to the representation that are or might be material, (3) attend meetings, conferences, and other proceedings when it is reasonable to do so, and (4) otherwise cooperate fully with us.

*Outcomes.* We cannot and do not guarantee the outcome of any matter. Any expression of our professional judgment regarding your matter or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control. Any expressions on our part concerning the outcome of the representation, or any other legal matters, are based on our professional judgment and are not guarantees.

*Conflicts of Interest.* We attempt to identify actual and potential conflicts at the outset of any engagement. In some instances, the applicable rules of professional conduct may limit our ability to represent clients with conflicting or potentially conflicting interests. Those rules of conduct often allow us to exercise our independent judgment in determining whether our relationship with one client prevents us from representing another. In other situations, we may be permitted to represent a client only if both or all

W. Marc Schwartz
May 16, 2022
Page 6 of 11

clients consent to that representation. If a controversy unrelated to the subject matter of the representation develops between you and any other client of the Firm, we will follow the applicable rules of professional responsibility to determine whether we may represent either you or the other client in the unrelated matter. Unfortunately, sometimes conflicts arise or become apparent after work begins on an engagement. If this happens, we will do our best to address and resolve the situation in the manner that best serves the interests of all of our affected clients. Rules concerning conflicts of interest vary with the jurisdiction. In order to avoid any uncertainty, the Texas Disciplinary Rules of Professional Conduct will be applicable to the representation.

Texas law requires that we inform clients of the existence of a grievance process. The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of Chief Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 for more information. Also, the Supreme Court of Texas has promulgated The Texas Lawyer's Creed - A Mandate for Professionalism, which states that an attorney should inform a client of the creed's contents when undertaking a representation. We will send you a copy of the creed upon request. It is also available online at https://www.texasbar.com.

*Fees.* The basis for determining our fee for legal services is set forth in the Engagement Letter itself. If you are unclear about the basis for determining your fee, please contact the attorney responsible for your representation. Clients frequently ask us to estimate the fees and other charges they are likely to incur in connection with a particular matter. We are pleased to respond to such requests, whenever possible, with an estimate based upon our professional judgment. This estimate always carries the understanding that, unless we agree otherwise in writing, it does not represent a maximum, minimum, or fixed-fee quotation.

*Expenses.* Our Firm may incur and pay a variety of charges on your behalf in connection with the engagement. Whenever we incur such charges on your behalf, we will bill them to you as part of your invoice in accordance with the attached Client Expense Policy.

*Delinquent Account and Withdrawal of Engagement.* We will bill you on a periodic basis, for fees and other charges, as described in the Engagement Letter. Should your account become delinquent and satisfactory payment terms are not arranged, as permitted under the rules regulating our profession, we will be required to withdraw from the representation. In most cases, and except as prohibited by ethical considerations, if your account becomes more than 30 days delinquent, we will cease representation until we can arrive at a mutually satisfactory arrangement for payment of the delinquent account and the resumption of services. At such time we may charge interest on the outstanding amount due of one and a half percent per month or the maximum amount allowed under applicable law, whichever is less.

*Additional Retainer.* If the representation will require a concentrated period of activity, such as a trial, arbitration, or hearing, we reserve the right to require the payment of all amounts then owing to us and the payment to us of an additional retainer for the fees and expenses we estimate will be incurred in preparing for and completing the trial, arbitration, or hearing, as well as arbitration fees likely to be assessed. If you fail to timely pay any    retainer deposit requested, we will have the right to cease performing further work for you and withdraw from the representation.

W. Marc Schwartz
May 16, 2022
Page 7 of 11

*Obligation to Pay Fees and Expenses.* Unless your Engagement Letter expressly provides that a third-party is agreeing to pay your attorney's fees and such third-party has agreed in writing, regardless of whether you are insured to cover the particular risk or you are pursuing parties for recovery of attorneys' fees and other charges, it remains your obligation to pay all amounts due to us within the time periods reflected in the Engagement Letter.

*Retention of Complementary Counsel.* From time to time in the course of our engagement it may become prudent to engage additional counsel to work with and complement our representation of you. That complementary representation will only be done with your prior written consent and on terms and conditions which you approve. The engagement of complementary counsel may be done directly with you or through our firm, depending on the nature and extent of the representation involved.

*Conclusion of Engagement.* Because our Firm has been engaged to provide legal services in connection with the representation in the matter as specifically defined in our Engagement Letter, the attorney-client relationship terminates upon our completion of our services related to the representation in the matter. After completion of the representation, upon written notification by the Firm that the matter is terminated, changes may occur in the applicable laws or regulations that could affect your future rights and liabilities in regard to the matter. Unless we are actually engaged after the completion of the representation to provide additional legal services, the Firm has no continuing obligation to give advice with respect to any future legal developments that may relate to the matter.  If you later retain us to perform further or additional services, our attorney-client relationship will be subject to the terms of engagement agreed to at that time; in the absence of any specific agreement, these Additional Terms of Engagement shall apply to the further or additional representation.

*Termination.* We look forward to the opportunity to complete our representation of you on the specified matter. You may, however, terminate our representation at any time, with or without cause, by notifying us in writing. We will return your papers and other property to you promptly upon receipt of your request for those materials unless they are appropriately subject to a lien. You agree that we will own and retain our own files pertaining to the matter or case, including, for example, Firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal attorney's work product such as drafts, notes, internal memoranda, and legal and factual research including investigative reports, prepared by or for the internal use of attorneys. Your termination of our services will not affect your responsibility for payment of legal services rendered and other charges incurred before termination and in connection with an orderly transition of the matter.

*Document Retention.* You acknowledge and agree that the Firm may maintain all documents related to your matter digitally. The Firm is not required to maintain physical copies of any documents. At the conclusion of our representation of you, it is our firm's policy to return to you any physical documents to you. We will provide you with copies of any other documents you specifically request (such as copies of depositions, court documents, etc.), and you agree to pay for the associated copying costs and any professional time incurred in identifying any such documents you request. You agree that our Firm may elect to keep at its own expense, copies of any documents related to this matter or otherwise returned to you. Anytime following seven (7) years after the conclusion of our representation of you, the Firm may destroy or delete any files related to your engagement.

W. Marc Schwartz
May 16, 2022
Page 8 of 11

*Dispute Resolution.* The Engagement Letter is being entered and is to be performed within the State of Texas. The Engagement Letter shall be interpreted in accordance with Texas law (without application of choice of law principles). All parties to the Engagement Letter agree that Houston, Harris County, Texas is the only permitted location (the venue) for the resolution of all disputes that arise under or relate in any way to the Engagement Letter or to any of the services provided by our Firm.

*Binding Arbitration.* Any dispute arising out of or relating to this agreement, our interactions leading to it, or our performance of the agreement or of the representation of you shall be resolved through binding arbitration in Harris County, Texas. First, sixty (60) days before filing any arbitration proceeding, the party requesting relief must demand and attend mandatory mediation before a mutually acceptable mediator to attempt to resolve any dispute. In the event the parties are unable to resolve such dispute, the affected party shall initiate an arbitration proceeding utilizing the rules of (but not employing) the American Arbitration Association ("AAA") for the arbitration of complex commercial cases. In any dispute of less than $250,000, the parties shall jointly appoint a single arbitrator. In any dispute of a greater amount, each party shall appoint his/her or its own party arbitrator, and these two-party arbitrators shall in turn appoint a third, neutral arbitrator. All party arbitrators' conduct and tests for eligibility shall be governed by AAA rules of disinterest. The time limits hereunder shall not apply in the event emergency injunctive relief is required, but only to the extent of such emergency injunctive relief itself. The decision by the arbitration panel will be final and binding.

You should know that for your agreement to arbitrate to be effective under Texas law, you as the client must receive sufficient information about the differences between litigation and arbitration to permit you to make an informed decision about whether to agree to binding arbitration. Under the Texas Rules of Disciplinary Procedure, we can explain the significant advantages and disadvantages of binding arbitration to the extent we reasonably believe is necessary for an informed decision by you. The scope of the explanation will depend on the sophistication, education and experience of the client.

In the case of a highly sophisticated client such as a large business entity that frequently employs outside lawyers, no explanation at all may be necessary. In situations involving clients who are individuals or small businesses, we normally advise the client of the following possible advantages and disadvantages of arbitration as compared to a judicial resolution of disputes: (1) the cost and time savings frequently found in arbitration, (2) the waiver of significant rights, such as the right to a jury trial, (3) the possible reduced level of discovery, (4) the relaxed application of the rules of evidence, and (5) the loss of the right to a judicial appeal because arbitration decisions can be challenged only on very limited grounds.

Additional factors you as the client should consider are: (1) the privacy of the arbitration process compared to a public trial; (2) the method for selecting arbitrators; and (3) the obligation, if any, of the client to pay some or all of the fees and costs of arbitration, if those expenses could be substantial. Although the disclosure can vary from client to client, depending on the circumstances, the overriding concern is that we should provide information necessary for the client to make an informed decision.

W. Marc Schwartz
May 16, 2022
Page 9 of 11

*By returning the executed Engagement Letter, you acknowledge that you have been provided ample opportunity to have counsel explain to you the advantages and disadvantages of binding arbitration to make an informed decision about agreeing to the provision.*

*Modifications.* The Engagement Letter and these Additional Terms of Engagement reflect our entire agreement on the terms of this engagement. These written terms of engagement are not subject to any oral agreements or understandings, and any change in those terms can only be made in writing signed by you and the Firm.

*Joint Representation Agreement and Waiver.* The Clients have requested that KSLPLLC represent the Clients jointly for both strategic and cost reasons. Because joint representations involve unique issues of conflicts of interest and confidentiality, we wanted to clarify the terms of our joint representation as set forth herein. The Firm is willing to undertake this joint representation in the Matter so long as the following terms and conditions are understood and agreed to by each Client. Each Client waives any objection to, or any possible conflict in, our joint representation of each other Client in the Matter, and each consent to our joint representation of each other Client in the Matter. Each Client acknowledges and agree that communications between the Firm and any or all of you concerning the Matter will be treated by us as confidential and not disclosed to anyone other than the Clients without your consent or as otherwise provided by law. The Clients further acknowledge and agree that whatever communications or information the Firm receives from any one or more of you concerning the Matter will be shared with each of you as we deem appropriate. If we receive material information about any one of you from one of the others that we believe any other Client should have to make decisions regarding your interests, we will give you that information. The Clients acknowledge and agree that there exists the possibility that a conflict of interest may arise during the multiple representation by the Firm.

The Clients acknowledge and agree that in the event a conflict of interest arises regarding the joint representation by the Firm, then we may withdraw from the representation of the Client who has created the conflict (the "<u>conflicted Client</u>") and may continue to represent the other Client(s). In such event, the conflicted Client understands that he/she/it would be responsible for obtaining his/her/its own legal representation and for the cost of that representation. The Clients acknowledge and agree that if the Firm withdraws as one or more of their attorneys, we may continue to represent the other remaining Clients, even if such representation is contrary to the interests of the conflicted Client. Moreover, in the unlikely event that you commence litigation against one another regarding the subject of the joint representation, you each understand that our advice to you and our prior communications with each of you during the joint representation may not be shielded from disclosure in such litigation. Finally, in the event a conflict of interest arises regarding the multiple representations by the Firm, a court may nevertheless disqualify us from continuing our representation of any of the Clients, notwithstanding the terms of this Engagement Letter. KSLPLLC is advising you of these possibilities solely to comply with our ethical requirements and are not suggesting that you may have claims against one another.

W. Marc Schwartz
May 16, 2022
Page 10 of 11

### Hourly Billing Rate Schedule

| BILLER | RATE |
|---|---|
| Kyung S. Lee | $850 |
| Associate Attorneys | $300 - $600 |
| Paralegals | $150 - $250 |
| Legal Assistants | $50 - $100 |

W. Marc Schwartz
May 16, 2022
Page 11 of 11

Client Expense Policy

In connection with the representation of a client, the Firm may incur expenses. Unless the Engagement Letter expressly provides to the contrary, the Firm's and the Client's rights and responsibilities related to such expenses are as follows:

*Legal Research and Related Services.* The Firm subscribes to certain online research services. These subscription-based services are part of the Firm's overhead and not charged to the Client. Certain services are charged on a per-transaction including, without limitation, the following examples: UCC searches, lien searches, title searches and other record searches. The Client is responsible for these pre-transaction charges. The Firm will advance the costs for all such services and submit bills to you for reimbursement. The Firm may seek prior approval from you if the anticipated aggregate monthly expense for such services exceeds $500.00. The Firm reserves the right to have the Client pay these expenses directly.

*Document Management and eDiscovery Services.* The Firm subscribes to advanced document management software systems. These subscription-based systems are part of the Firm's overhead and not charged to the Client. The Client is responsible for eDiscovery services. eDiscovery service providers typically charge per gigabyte of information stored. Additional services from the outside vendor may be required other than storage of the information and typically these are separately charged. If the Firm uses an eDiscovery service during the representation, then the Firm will seek the Client's prior approval before incurring expenses for such services. Rather than billing these expenses through the Firm, the Firm reserves the right to have the Client contract directly with the outside vendor to pay for these expenses. For the avoidance of doubt, the Client is responsible to the Firm for the payment of all fees and expenses incident to the firm's review and processing of discovery materials that are not handled by an outside vendor.

*Printing, Shipping, Postage and Related Expenses.* For all printing, shipping, postage, and related services the Firm may handle them in house or use an outside vendor. The Client is responsible for all such printing, shipping, postage, and related services at costs or the prevailing market rate if handled in house. The Firm may seek prior approval from the Client if the anticipated aggregate monthly expense for printing, shipping, postage, and related services exceeds $500.00. The Firm reserves the right to have the Client pay these expenses directly.

*Travel Expenses.* The Client will reimburse the Firm for expenses incurred in connection with out-of-town travel, but only for coach class travel and, where appropriate, the cost of a rental car. All related travel expenses, i.e., lodging and meals, must be reasonable under the circumstances. The Firm will advance all such travel expenses and submit bills to you for reimbursement which will be included in the regular invoices to the Client. The attorney handling your matter will confer with you prior to traveling for your matter. Consistent with local bankruptcy rules, the Firm bills travel at ½ billable hourly rate when the lawyer is not working on the Client matter while travelling. The Firm will endeavor to locate a substitute service agent.

*Court Costs.* If requested by the Firm, the Client will advance court filing fees and all similar expenses prior to the Firm incurring such expenses. Any such expenses incurred by the Firm, will be included in the Firm's invoices to the Client for payment.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| INFOW, LLC, *et al.*, | )    Case No. 22 - 60020 |
|  | ) |
| Debtors.[1] | )    Chapter 11 (Subchapter V) |
|  | ) |
|  | )    Jointly Administered |
|  | ) |

## ORDER APPROVING DEBTORS' APPLICATION
## TO EMPLOY KYUNG S. LEE PLLC AS BANKRUPTCY
## COUNSEL COMMNECING ON MAY 16, 2022
## [RELATES TO DKT. NO. ___]

Upon the application (the "Application")[2] filed by the Debtors to employ Kyung S. Lee

PLLC ("KSLPLLC") as bankruptcy counsel commencing on May 16, 2022, pursuant to

Bankruptcy Code §§ 327(a) and 330 and Bankruptcy Local Rule 2014-1, as more fully set forth in

the Application and all exhibits and attachments to the Application; and upon the Court's finding

that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core

proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; (iv) the Application and the Lee Declaration are in full compliance with all

applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and

Orders and procedures of this Court; (v) KSLPLLC does not represent an interest adverse to the

Debtors' estates with respect to the matters upon which it is to be engaged and is a "disinterested

person" within the meaning of that term under § 101(14) of the Bankruptcy Code; (vi) KSLPLLC

---

[1]    The Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

[2]    Capitalized terms not defined herein have the meaning set forth in the Application.

is qualified to represent the Debtors' estates under § 327 of the Bankruptcy Code; (vii) the terms of KSLPLLC's employment have been disclosed and are reasonable under the circumstances; (viii) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is necessary; (ix) the legal and factual bases set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interests of the Debtors' estates; (xi) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at any hearing on the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      In accordance with Bankruptcy Code §§ 327(a) and 330 and Bankruptcy Local Rule 2014-1, the Debtors are authorized to employ and retain KSLPLLC  commencing on May 16, 2022, as bankruptcy counsel, under the terms and conditions set forth in the Application and the Engagement Letter attached to the Application as Exhibit B.

2.      KSLPLLC is authorized to perform any and all legal services for the Debtors that are necessary or appropriate in connection with the Chapter 11 Cases.

3.      KSLPLLC shall be compensated for its services and reimbursed for related expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application and subject to the procedures Bankruptcy Code §§ 330 and 331 of the Bankruptcy Code, and in accordance with applicable Federal Rules of Bankruptcy Procedure, Local Rules, and any orders of this Court.

4.      All compensation for services rendered and reimbursement for expenses incurred in connection with the above-captioned Chapter 11 Cases shall be paid after further application to

and order of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and any orders of this Court.

5.      This order shall be immediately effective and enforceable upon entry.

6.      This order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

7.      The Debtors and KSLPLLC are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: _____, 2022

_____
**UNITED STATES BANKRUPTCY JUDGE**

3