IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 22–60043 |
| FREE SPEECH SYSTEMS, LLC, | § § | Chapter 11 |
| Debtor. | § § | Subchapter V |

### THE TEXAS PLAINTIFFS' NOTICE OF DEPOSITION TO FREE SPEECH SYSTEMS, LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)

**TO:** Free Speech Systems, LLC, Debtor
3019 Alvin Devane Boulevard, Suite 300
Austin, TX 78741

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, applicable to this proceeding under Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine ("**Texas Plaintiffs**") will conduct the oral deposition of one or more officers, directors, agents or other representatives of Free Speech Systems, LLC ("**FSS**") on **September 23, 2022 at 10:00 a.m.**, prevailing central time, at the law offices of Akin, Gump, Strauss, Hauer & Feld, LLP, 1111 Louisiana St., 44th Floor, Houston, TX 77002.

FSS shall produce one or more officers, directors, agents or other representatives most knowledgeable and prepared to testify regarding the topics described in **Exhibit A**. The Texas Plaintiffs request that FSS provide written notice at least five (5) business days before the deposition of the name(s) and employment position(s) of the individual(s) designated to testify on FSS's behalf.

The deposition shall be taken before a person duly authorized by law to administer oaths, and may be recorded by stenographic, audiographic, and/or videotaped means. The deposition shall continue from day to day thereafter or as otherwise agreed by the parties, until completed.

Dated: September 16, 2022

    Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

Avi Moshenberg
Texas Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, Texas 77002
D: 713-337-5580
F: 713-337-8850
E: Avi.Moshenberg@mhllp.com

*Counsel for the Texas Plaintiffs*

and

**CHAMBERLAIN, HRDLICKA, WHITE,
   WILLIAMS & AUGHTRY, P.C.**

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
Tara T. LeDay
Texas Bar No. 24083068
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com
E: tara.leday@chamberlainlaw.com

*Bankruptcy Counsel for Texas Plaintiffs*

## CERTIFICATE OF SERVICE

This will certify that on September 16, 2022, a true and correct copy of the foregoing document was served via electronic transmission to all registered ECF users appearing in the case and will be sent via first-class, postage prepaid, United States mail on September 19, 2022 as follows:

Free Speech Systems, LLC, Debtor
3019 Alvin Devane Boulevard, Suite 300
Austin, TX 78741

Raymond William Battaglia
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218

Kyung Shik Lee
Shannon & Lee LLP
Pennzoil Place – 13th Floor
700 Milam
Houston, TX 77002

R.J. Shannon
Shannon & Lee LLP
Pennzoil Place – 13th Floor
700 Milam
Houston, TX 77002

             */s/ Jarrod B. Martin*
             Jarrod B. Martin

# **EXHIBIT A**

In accordance with Fed. R. Civ. P. 30(b)(6), Texas Plaintiffs designate the matters identified below for examination.

1. Communications and documents FSS exchanged with Blue Asension.

2. FSS's internal communications and documents about outsourcing Free Speech Systems' product-fulfillment services.

3. Communications and documents exchanged with PQPR Holdings Limited, LLC ("**PQPR**") regarding any debts, agreements, contracts, promissory notes, invoices, product orders, product sales, and forbearance agreements—including any negotiations regarding these items.

4. Communications between W. Marc Schwartz ("**Mr. Schwartz**") and PQPR relating to FSS's alleged debt to PQPR.

5. The items budgeted for in the Debtor's proposed 13-week budget in support of its cash-collateral motion.

6. Alex Jones's annual compensation, including salaries and draws and any other form of payment, from FSS since the company's inception.

7. Declarations of Mr. Schwartz in connection with this bankruptcy case.

8. Communications and documents produced by FSS in response to discovery requests in this bankruptcy.

9. Deposition testimony of FSS in any of the cases brought by the Texas or Connecticut Plaintiffs as it relates to PQPR, product fulfillment, and any items in Free Speech Systems' proposed 13-week budget in support of its cash-collateral motion.

10. Communications and documents exchanged between Free Speech Systems and Alex Jones regarding Jones's compensation from FSS (including draws, salary, and any other compensation).

11. Communications and documents exchanged between FSS and David Jones since January 1, 2018 as it relates to PQPR, product fulfillment, and any items in FSS's proposed 13-week budget in support of its cash-collateral motion.

12. Communications and documents exchanged between FSS and Carol Jones since January 1, 2018 as it relates to PQPR, product fulfillment, and any items in FSS's proposed 13-week budget in support of its cash-collateral motion.

13. Communications and documents exchanged between FSS and Alex Jones regarding donations (including cryptocurrency) that FSS has received since January 1, 2018.

14. Internal communications and documents regarding donations (including cryptocurrency) that FSS has received since January 1, 2018.

15. FSS's accounting and bookkeeping since January 1, 2012—including (1) who was responsible for or helped with its accounting and bookkeeping; (2) what systems and software were used for accounting and bookkeeping; and (3) how accounting and bookkeeping records were created and kept in the ordinary course of business.

16. The offices and facilities FSS owns, leases, or operates since January 1, 2012.

17. The claimed debt FSS owes PQPR and any investigation by Schwartz regarding the validity of that debt.

18. Any filed or contemplated objection or response by FSS or any other party in interest to the Motion by the Sandy Hook Families to (i) Appoint Tort Claimants Committee and (ii) Remove the Debtor in Possession.

19. The selection and role of Mr. Schwartz and Schwartz Associates, LLC to act as Restructuring Advisors, including the identity of the party that employed Mr. Schwartz and any communications.

20. All Communications between any owner, manager, board member, or employee of Schwartz Associates, LLC and Alex Jones or anyone acting on Alex Jones's behalf.

21. Any agreements between FSS and Mr. Schwartz and Schwartz Associates, LLC concerning compensation.

22. Any discussions with any advisors between Mr. Schwartz and Schwartz Associates, LLC, including any attorneys retained and advice sought.

23. All work performed by Mr. Schwartz and Schwartz Associates LLC on behalf of the bankruptcy estate and any efforts taken to obtain FSS's prepetition financial records.

24. Any evaluation or analysis of any claims that FSS believes it holds against other entities arising out of its chapter 11 case, including claims that Mr. Schwartz evaluated and the merits of pursuing those claims.

25. Any common interest agreement between PQPR and FSS.

26. Any confidentiality agreements between PQPR and FSS.

27. Communications between FSS and Auriam, including Auriam's relationship with FSS.

28. The memorandum of understanding between FSS, PQPR, and Auriam.

29. The relationship between FSS and any credit card processor or financial institution it does business with.

30. FSS's bank accounts and accounts with any financial institution pre-petition.

31. The Debtors' impressions and evaluations of the trustworthiness of any person with whom its done business or employed, including Alex Jones.

32. All documents, communications, and evidence concerning the accrual of debt to PQPR memorialized by the notes between PQPR and the Debtor.

33. The timing and circumstances of the reasons that FSS sought Chapter 11 bankruptcy.

34. Factual statements FSS agrees with and disagrees with in the Motion by the Sandy Hook Families to (i) Appoint Tort Claimants Committee and (ii) Remove the Debtor in Possession.

*****