United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 20, 2022
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § | |
| FREE SPEECH SYSTEMS, LLC, | § § | Case No. 22--60043 |
| DEBTOR. | § § § | Chapter 11 (Subchapter V) |

### ORDER APPROVING DEBTOR'S APPLICATION TO EMPLOY THE LAW OFFICES OF RAY BATTAGLIA, PLLC AS BANKRUPTCY COUNSEL COMMNECING ON JULY 29, 2022

Upon the application (the "<u>Application</u>")[1] filed by the Debtor to employ the Law Offices of Ray Battaglia, PLLC ("<u>the Firm</u>") as bankruptcy co-counsel commencing on July 29, 2022, pursuant to Bankruptcy Code §§ 327(a) and 330 and Bankruptcy Local Rule 2014-1, as more fully set forth in the Application and all exhibits and attachments to the Application; and upon the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334;(ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Application and the Battaglia Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Orders and procedures of this Court; (v) the Firm does not represent an interest adverse to the Debtor's estate with respect to the matters upon which it is to be engaged and is a "disinterested person" within the meaning of that term under § 101(14) of the Bankruptcy Code; (vi) the Firm is qualified to represent the Debtor's estate under § 327 of the Bankruptcy Code; (vii) the terms of the Firm's employment have been disclosed and are reasonable under the circumstances; (viii) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is necessary; (ix) the legal and factual bases

---

[1] Capitalized terms not defined herein have the meaning set forth in the Application

set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interests of the Debtor's estate; (xi) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at any hearing on the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. In accordance with Bankruptcy Code §§ 327(a) and 330 and Bankruptcy Local Rule 2014-1, the Debtor is authorized to employ and retain the Firm commencing on July 29, 2022, as bankruptcy co-counsel, under the terms and conditions set forth in the Application and the Engagement Letter attached to the Application as <u>Exhibit B</u>.

2. The Firm is authorized to perform any and all legal services for the Debtor that are necessary or appropriate in connection with the Chapter 11 Case.

3. The Firm shall be compensated for its services and reimbursed for related expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application and subject to the procedures Bankruptcy Code §§ 330 and 331 of the Bankruptcy Code, and in accordance with applicable Federal Rules of Bankruptcy Procedure, Local Rules, and any orders of this Court.

4. The Firm shall continue to hold the Retainer (as defined in the Application) in trust on behalf of the Debtor, until further order of the Court.

5. All compensation for services rendered and reimbursement for expenses incurred in connection with the above-captioned Chapter 11 Case shall be paid after further application to and order of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and any orders of this Court.

6. The Firm shall provide ten-business-days' notice to the Debtor and the U.S. Trustee before any increases in the rates set forth in the Application or the Engagement Agreement are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code.

7. The Firm shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals.

8. The Firm will review its files periodically during the pendency of this Chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration as required by FED. R. BANKR. P. 2014(a).

9. This order shall be immediately effective and enforceable upon entry.

10. This order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

11. The Debtor and the Firm are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Signed: September 20, 2022

_____
Christopher Lopez
United States Bankruptcy Judge