United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 30, 2022
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE: | Case No. 22-60034 |
| FREE SPEECH SYSTEMS, LLC, | Chapter 11 |
| DEBTOR. | (Subchapter V Debtor) |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS**

This matter coming before the Court on the *Debtor's Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* (the "Motion"),[1] filed by Free Speech Systems, LLC (the "Debtor"); the Court having reviewed the Motion and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (d) notice of the Motion and the Hearing was sufficient under the circumstances and (e) the Compensation Procedures set forth below are reasonable and appropriate for this Chapter 11 Case; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

2

2. Except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in the Chapter 11 Case and the subchapter v trustee and her professionals (collectively, the "Retained Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

a. Each Retained Professional seeking monthly compensation must submit a monthly fee statement (a "Monthly Fee Statement"), which submission may be via hand delivery, overnight courier, first class mail or e-mail, so as to be received no later than 30 days after the end of the month for which the fees are sought, to the following parties (collectively, the "Notice Parties"):

   i. The Debtor, the Chief Restructuring Officer of FSS, at the address indicated in this Court's docket;
   ii. The Debtor' Counsel, Law Offices of Ray Battaglia, PLLC, 766 Granburg Circle, San Antonio, Texas 78218 (Attn: Ray Battaglia, rbattaglialaw@outlook.com);
   iii. Ha Minh Nguyen, Office of the United States Trustee, 515 Rusk St. Ste 3516, Houston, TX 77002 (ha.nguyen@usdoj.gov);
   iv. Melissa Anne Haselden, Haselden Farrow PLLC, Pennzoil Place, 700 Milam, Suite 1300, Houston, TX 77002 (mhaselden@haseldenfarrow.com); and
   v. Any other parties that the Court may designate.

b. Unless otherwise provided in the order authorizing the Retained Professional's retention, each Retained Professional's Monthly Fee Statement, in accordance with Local Bankruptcy Rule 2016-1, shall include (i) a monthly invoice with fee and expense detail that describes the fees and expenses incurred by such Retained Professional and (ii) any additional information required by the Local Bankruptcy Rules, the Bankruptcy Rules, the Court, or applicable law.

c. Time spent traveling without actively working on the Chapter 11 Case shall be billed at 50% of the professional's normal hourly rate.

d. Any Retained Professional who fails to submit a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for multiple months provided that separate fee and expense information for each applicable month is provided in the consolidated statement.

e. All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable law.

f. Each Notice Party will have 14 days after service of a Monthly Fee Statement to object to such statement (the "Objection Deadline"). Upon the expiration of the

    Objection Deadline, the Debtor will be authorized to pay each Retained Professional an amount (the "<u>Authorized Payment</u>") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Statement (the "<u>Maximum Payment</u>") and (ii) the aggregate amount of fees and expenses not subject to an unresolved objection pursuant to paragraph 2(g) below.

g. If any Notice Party objects to a Retained Professional's Monthly Fee Statement, it must serve on the affected Retained Professional and each of the other Notice Parties a written objection (the "<u>Objection</u>") so that it is received on or before the Objection Deadline. Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, or such later date as may be agreed upon by the objecting Notice Party and the affected Retained Professional, the affected Retained Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Authorized Payment made to the affected Retained Professional (the "<u>Incremental Amount</u>") and schedule such matter for hearing on at least 14 days' notice; or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Retained Professional. Failure by a Notice Party to object to a Monthly Fee Statement shall not constitute a waiver of any kind nor prejudice that Notice Party's right to object to any Interim Fee Application (as defined below) subsequently filed by a Retained Professional.

h. Following the Objection Deadline, each Retained Professional that has not already submitted an electronic bill to the Debtor shall email to [account@freespeechsytems.com](mailto:account@freespeechsytems.com) an invoice reflecting amounts then payable pursuant to paragraph 2(f) above to the Debtor's e-billing system in .PDF format (or in such other format reasonably requested by the Debtor).

i. Each Retained Professional may submit its first Monthly Fee Statement on or before September 15, 2022 and such Monthly Fee Statement shall be for the period from July 29, 2022 through and including August 31, 2022.

j. Commencing with the four-month period ending November 29, 2022, and at four-month intervals thereafter (each, an "<u>Interim Fee Period</u>"), each of the Retained Professionals will file with the Court and serve on the Notice Parties an application pursuant to sections 330 and 331 of the Bankruptcy Code (an "<u>Interim Fee Application</u>") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Retained Professional in its Monthly Fee Statements for the applicable Interim Fee Period, including: (i) any revisions to the fee detail previously submitted with a Monthly Fee Statement; (ii) any consensual resolution of an Objection to one or more Monthly Fee Statements; and (iii) any

    difference between any amounts owed to the Retained Professional and the Authorized Payments made with respect to the Interim Fee Period. Retained Professionals also will file a notice of opportunity for hearing in accordance with Local Bankruptcy Rule 9013-1(d), which shall be served on the Notice Parties and all parties that have filed a notice of appearance with the Clerk of this Court and requested such notice. To the extent practicable, all Interim Fee Applications will be noticed together to be heard on the same hearing date and with the same objection deadline.

k. Interim Fee Applications must be filed on or before the 40th day after the end of the Interim Fee Period for which the application seeks allowance of fees and reimbursement of expenses. An Interim Fee Application must include a basic summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Rules and the Local Bankruptcy Rules. A Retained Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable law.

l. The first Interim Fee Application must be filed on or before December 10, 2022 for the Interim Fee Period from July 29, 2022 through November 29, 2022. Any objections to an Interim Fee Application (an "Additional Objection") shall be filed with the Court and served upon the affected Retained Professional and the Notice Parties so as to be received on or before the 14th day (or the next business day if such day is not a business day) following the filing and service of the Interim Fee Application, which service may be via e-mail, hand delivery, overnight courier or first class mail. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Retained Professional all requested fees and expenses not previously paid (including any Incremental Amount).

m. Upon allowance by the Court of a Retained Professional's Interim Fee Application, with or without a hearing, Retained Professionals shall email to account@freespeechsytems.com an invoice reflecting all allowed, requested fees and expenses not previously paid (including any Incremental Amount) to the Debtor's e-billing system in .PDF format (or in such other format reasonably requested by the Debtor). For the avoidance of doubt, Retained Professional shall not be required to include in such invoices fee and expense detail or other information already submitted to the Notice Parties in connection with Monthly Fee Statements or otherwise.

n. The pendency of an Objection or Additional Objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses

was improper as to a particular Monthly Fee Statement will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless the Court orders otherwise.

o.  There will be no penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner; provided, however, that if any Interim Fee Application covers more than a four-month period, the Bankruptcy Administrator shall have an additional 14 days beyond the period set forth in paragraph 2(l) above to file an Additional Objection.

p.  Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an Objection to any Monthly Fee Statement or an Additional Objection to any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Retained Professionals.

q.  Any Notice Party may request that a Retained Professional deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties.

3.  Notice given in accordance with the Compensation Procedures is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

4.  The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.  This Court shall retain exclusive jurisdiction over all matters arising from or related to the implementation, enforcement or interpretation of this Order.

Houston. Texas

Signed:  September 30, 2022

_____
Christopher Lopez
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

In re:                                                                                  Case No. 22-60043-cml
Free Speech Systems LLC                                             Chapter 11
     Debtor

# CERTIFICATE OF NOTICE

District/off: 0541-4                                          User: ADIuser                                           Page 1 of 3
Date Rcvd: Sep 30, 2022                             Form ID: pdf002                                  Total Noticed: 12

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+                  Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^                  Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 02, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Free Speech Systems LLC, 3019 Alvin Devane Blvd. STE 300, Austin, TX 78741-7417 |
| aty | | Kyung Shik Lee, Shannon & Lee LLP, Pennzoil Place-Suite 1300, HOUSTON, TX 77027, UNITED STATES |
| cr | + | David Wheeler, et al., c/o Cain & Skarnulis PLLC, 303 Colorado Street, Suite 2850, Austin, TX 78701-4653 |
| cr | + | Leonard Pozner, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| cr | + | Marcel Fontaine, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin, Suite 2700 Houston, TX 77002-6774 |
| cr | + | Neil Heslin, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| cr | + | Scarlett Lewis, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| cr | + | Security Bank of Crawford, P.O. BOx 90, Crawford, Tx 76638-0090 |
| cr | + | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |
| cr | + | Veronique De La Rosa, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |

TOTAL: 10

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: lemaster@slollp.com | Sep 30 2022 19:59:00 | PQPR Holdings Limited, LLC, c/o Streusand Landon Ozburn & Lemmon LLP, attn: Stephen Lemmon, 1801 S. Mopac Expressway, Suite 320, Austin, TX 78746-9817 |
| cr | ^ | MEBN | Sep 30 2022 19:59:06 | Texas Comptroller of Public Accounts, Revenue Acco, Christopher J. Dylla, P.O. Box 12548, Austin, TX 78711-2548 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | ADP TotalSource, Inc. |
| intp | | David Ross Jones |
| intp | | Shelby A Jordan |

TOTAL: 3 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the**

District/off: 0541-4        User: ADIuser        Page 2 of 3
Date Rcvd: Sep 30, 2022        Form ID: pdf002        Total Noticed: 12

**complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 02, 2022        Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 30, 2022 at the address(es) listed below:**

**Name**        **Email Address**

Avi Moshenberg
on behalf of Creditor Neil Heslin avi.moshenberg@mhllp.com  patricia.flores@mhllp.com

Avi Moshenberg
on behalf of Creditor Scarlett Lewis avi.moshenberg@mhllp.com  patricia.flores@mhllp.com

Avi Moshenberg
on behalf of Creditor Leonard Pozner avi.moshenberg@mhllp.com  patricia.flores@mhllp.com

Avi Moshenberg
on behalf of Creditor Marcel Fontaine avi.moshenberg@mhllp.com  patricia.flores@mhllp.com

Avi Moshenberg
on behalf of Creditor Veronique De La Rosa avi.moshenberg@mhllp.com  patricia.flores@mhllp.com

Christopher Dylla
on behalf of Creditor Texas Comptroller of Public Accounts  Revenue Accounting Division bk-cdylla@oag.texas.gov, Sherri.Simpson@oag.texas.gov

Elizabeth Carol Freeman
on behalf of Trustee Melissa A Haselden efreeman@jw.com kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net

Ha Minh Nguyen
on behalf of U.S. Trustee US Trustee ha.nguyen@usdoj.gov

Jarrod B. Martin
on behalf of Creditor Neil Heslin jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;ginger.davis@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Marcel Fontaine jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;ginger.davis@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Leonard Pozner jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;ginger.davis@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Veronique De La Rosa jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;ginger.davis@chamberlainlaw.com

Jarrod B. Martin
on behalf of Creditor Scarlett Lewis jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;ginger.davis@chamberlainlaw.com

Jason Starks
on behalf of Creditor Travis County bkecf@traviscountytx.gov

Jayson B. Ruff
on behalf of U.S. Trustee US Trustee jayson.b.ruff@usdoj.gov

John D Malone
on behalf of Creditor Security Bank of Crawford myra@johnmalonepc.com  myra@johnmalonepc.com

Joseph S.U. Bodoff
on behalf of Creditor ADP TotalSource  Inc. jbodoff@rubinrudman.com

Kyung Shik Lee
on behalf of Debtor Free Speech Systems LLC kslee50@gmail.com  Courtnotices@kasowitz.com

Kyung Shik Lee
on behalf of Attorney Kyung Shik Lee kslee50@gmail.com  Courtnotices@kasowitz.com

Melissa A Haselden
mhaselden@haseldenfarrow.com

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 3 of 3 |
| Date Rcvd: Sep 30, 2022 | Form ID: pdf002 | Total Noticed: 12 |

haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com

Melissa Anne Haselden
    on behalf of Trustee Melissa A Haselden mhaselden@haseldenfarrow.com haseldenbankruptcy@gmail.com,haselden.melissaa.r104367@notify.bestcase.com

R. J. Shannon
    on behalf of Debtor Free Speech Systems LLC rshannon@shannonpllc.com rshannon@shannonleellp.com;7044075420@filings.docketbird.com

Randy W Williams
    on behalf of Creditor David Wheeler et al. rww@bymanlaw.com, rw13@trustesolutions.com;rw13@trustesolutions.net;rw11@trustesolutions.net;rww.trustee1@gmail.com

Raymond William Battaglia
    on behalf of Debtor Free Speech Systems LLC rbattaglialaw@outlook.com rwbresolve@gmail.com

Richard A. Cochrane
    on behalf of Creditor Leonard Pozner rcochrane@akingump.com jlangmack@akingump.com

Richard A. Cochrane
    on behalf of Creditor Veronique De La Rosa rcochrane@akingump.com jlangmack@akingump.com

Richard A. Cochrane
    on behalf of Creditor Scarlett Lewis rcochrane@akingump.com jlangmack@akingump.com

Richard A. Cochrane
    on behalf of Creditor Marcel Fontaine rcochrane@akingump.com jlangmack@akingump.com

Richard A. Cochrane
    on behalf of Creditor David Wheeler et al. rcochrane@akingump.com, jlangmack@akingump.com

Richard A. Cochrane
    on behalf of Creditor Neil Heslin rcochrane@akingump.com jlangmack@akingump.com

Ryan E Chapple
    on behalf of Creditor David Wheeler et al. rchapple@cstrial.com, aprentice@cstrial.com

Shelby A Jordan
    on behalf of Interested Party Shelby A Jordan cmadden@jhwclaw.com

Stephen A Roberts
    on behalf of Interested Party David Ross Jones sroberts@srobertslawfirm.com 1222805420@filings.docketbird.com

Stephen Wayne Lemmon
    on behalf of Creditor PQPR Holdings Limited LLC lemmon@slollp.com, mates@slollp.com

US Trustee
    USTPRegion07.HU.ECF@USDOJ.GOV

TOTAL: 35