**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | Case No. 22--60043 |
| | § | |
| DEBTOR. | § | (Subchapter V Debtor) |
| | § | Chapter 11 |

**EMERGENCY APPLICATION OF DEBTOR FOR AN ORDER (A) AUTHORIZING EMPLOYMENT OF PATRICK MAGILL AS CHIEF RESTRUCTURING OFFICER AND (B) GRANTING RELATED RELIEF**

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

**EMERGENCY RELIEF HAS BEEN REQUESTED**. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ' CONFERENCE ROOM NUMBER IS 590153. YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGELOPEZ" IN THE GOTOMEETTING APP OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE IN THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE

CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT-HAND CORNER AND ENTER YOUR NAME UNDER PERSONAL INFORMATION SETTING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Free Speech Systems, LLC (the "Debtor" or "FSS"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby moves for entry of an order substantially in the form attached hereto (the "Proposed Order") pursuant to sections 105(a) and 327 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the retention of Patrick Magill (the "CRO" or "Magill") of Magill PC ("Firm") as the Chief Restructuring Officer (the "Application") pursuant to that certain engagement letter agreement by and between the Debtor and Magill, a copy of which is attached hereto as Exhibit A (the "Engagement Agreement"). In support of the Application, the Debtor submits the Declaration of Magill attached hereto as Exhibit B (the "Magill Declaration") and respectfully represents as follows:

## REQUESTED RELIEF

1. Appointment of Magill to perform the services set forth in the Engagement Agreement as the CRO for FSS is necessary for the Debtor to adequately perform its duties as a debtor-in-possession, including overseeing daily business affairs and operations of FSS, interfacing with the Sub Chapter V Trustee, the creditors, Alex Jones ("Jones"), PQPR Holdings Limited, LLC ("PQPR") and vendors on selection of Supplements and Non-Supplements to stock, preparation of schedules of assets and liabilities, compliance with reporting requirements and various orders of this Court, preparation of financial information and testimony and formulation of bankruptcy strategy and plan of reorganization for FSS.

2. Especially for a subchapter v debtor, this Court's approval of the retention of the CRO and Firm by the Debtor is critical and indispensable to assuring that the chapter 11 process

begins smoothly, and, that the Debtor has the optimal managers to help formulate a sound business and reorganization plan quickly. Without the CRO and Firm, the Debtor cannot survive in chapter 11.

## JURISDICTION

3. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

4. The bases for the relief requested herein are sections 105, 327, and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1of the Local Rules for the Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## BACKGROUND

A. **Case Background**

5. On July 29, 2022 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code with the Court.

6. The Debtor continue to operate its businesses and manage its properties as a Debtor and a Debtor-in-Possession pursuant to Bankruptcy Code § 1182(2).

7. As of the filing of this Application, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for Region 7 (the "U.S. Trustee").

B. **The Debtor**

8. Jones owns one hundred percent (100%) of the equity in FSS.

9. FSS is presently engaged in the business of producing and syndicating Jones' and other radio and video talk shows and selling products targeted to Jones' audience via the Internet.

3

Today, FSS produces Jones' syndicated news/talk show (The Alex Jones Show) and other programs from Austin, Texas, which airs via the Genesis Communications Network on over 100 radio stations across the United States and via the internet through websites including Infowars.com.

10.     On its InfowarsStore.com website, FSS makes available to customers dietary supplements, including Bodease, Vitamin Mineral Fusion, Vitamin D3 Gummies, Ultimate Immune Support Pack, Pollen Block, Tea Tree Shampoo, and other health products (collectively, "Supplements"). The website also has available books, videos, t-shirts, and other products (collectively, "Non-Supplements") Jones advertises during his radio talk show. The vast majority of FSS revenues comes from sales of Supplements which have traditionally been supplied by or through PQPR, an affiliated entity.

**C. The Debtor Needs a CRO and Firm**

11.     Since inception, FSS has been a "single talent business," *to wit*, without Jones and his show, there would neither be an InfoWars nor any internet sales. Despite the rapid growth in the diversity of operations and revenue, FSS remained a family run business and did not retain professional management or install professional management systems. FSS failed to bring on board the necessary management skills to manage what was once a small family business but had become a $70 to $80 million a year enterprise. The Debtor and its employees continued to run the business with an inverted T structure, as though it was still a family business.

12.     In June of 2022, FSS retained W. Marc Schwartz as its CRO with broad powers to review the company's past financial performance, analyze the condition of FSS's books and records and evaluate whether FSS is a business that can be reorganized. W. Marc Schwartz retained his Firm Schwartz & Associates to perform various accounting and forensic work associated with his mandate.

13. This Court denied the application to retain W. Marc Schwartz as CRO and Schwartz & Associates. The Debtor's counsel sought input from the Subchapter V trustee and her counsel, counsel for the secured creditor, PQPR, and counsel for the Texas and Connecticut tort plaintiffs in selecting a replacement CRO. The Debtor was particularly focused on the ability of a CRO to take over primary operating responsibilities and the cost to the estate.

14. Emergency relief is necessary to replace W. Marc Schwartz as CRO and Schwartz & Associates. The prior CRO replaced the prior accounting staff of the Debtor with the CRO's staff and was the sole signatory on the Debtor's accounts. The lack of a CRO leaves the debtor without day to day operational and financial management.

**D. Proposed Employment of Magill as the CRO**

                        i. *Scope of Employment*

15. The Debtor seeks to engage Magill as the CRO to advise and lead the day-to-day restructuring efforts of the Debtor, pursuant to the Engagement Agreement. The Debtor contemplates that the CRO will perform some or all the following tasks:

    a. Assist in managing the day-to-day operation and business FSS

    b. Assist FSS with managing due diligence requests and other items that may be requested by its various constituents as part of the restructuring process

    c. Prepare cash flow forecasts and related financial and business models

    d. Hire and terminate professionals

    e. Assist FSS in seeking to obtain credit as needed

    f. Prepare Amended Statements of Financial Affairs and Schedules, as necessary

    g. Prepare Monthly Operating Reports, and other similar regular Chapter 11 administrative, financial, and accounting reports required by the United States Bankruptcy Court

    h. Review inventory marketability and provide monetization alternatives as deemed appropriate

i. Make operational decisions, with consultation of current ownership, directed to maximizing the value of FSS. Notwithstanding the same, CRO shall be solely responsible for making all operational decisions

j. Supervise the banking relationships, cash management and budgeting process of FSS and act as a primary signatory and authority on all bank accounts, with full rights to add or remove any signatory authority

k. Supervise management, employees, and other personnel of FSS

l. Hire and terminate personnel of FSS

m. Develop and implement restructuring plans, including plans contemplating restructuring of debts, sales of assets, divestitures, liquidations, or dispositions of assets of FSS

n. Formulate all strategic direction and alternatives

o. Implement cost containment measures

p. Negotiate with creditors, prospective purchasers, equity holders, equity committees, official committee of unsecured creditors, and all other parties in interest

q. Be in charge of all business decisions on behalf of FSS as necessary or required, utilizing CRO's business judgment in aid of the restructuring

r. Execute all documents and take all other actions necessary to effectuate restructuring of FSS, including in the Bankruptcy Case, in consultation with current ownership

ii. *Necessity of Employment*

16. The Debtor believes that the retention and employment of the CRO is necessary and appropriate to operate the Debtor's business properly and administer the Chapter 11 Case and ultimately prepare and obtain confirmation of a plan of reorganization. While Jones produces his show and markets products on his show, the Debtor needs a professional with financial expertise to serve as an officer of the Debtor to perform the services indicated in the Engagement Agreement.

### iii. Reasons for Selection

17. The Debtor believes that the CRO is well qualified to provide management services that will assist and enhance the Debtor's efforts to maximize value to their creditors. A copy of Magill's CV is included with the Engagement Agreement as hereto as Exhibit "A."

18. Magill is a licensed CPA (in retired status) with more than 40 years' experience providing as an accountant, with significant experience as an officer of public and private corporations, investment banker, expert witness, and financial advisor to financially troubled companies. He frequently serves as a chief restructuring officer, and as a federal and state court appointed receiver, in bankruptcy and non-bankruptcy proceedings. He understands how to be a fiduciary. Magill is the only professional in the Firm.

19. Further, the Subchapter V Trustee has indicated support for the selection of Magill as CRO.

### iv. Proposed Compensation & Reimbursement

20. Mr. Magill has agreed to act as CRO on the following terms. The compensation to be paid to Mr. Magill shall be a flat rate of $50,000 per month, payable semi-monthly in the amount of $25,000 per payment. Mr. Magill shall not be required to file a fee application or Monthly Fee Statement. Mr. Magill shall also require remittance of a retainer in the amount of $50,000 which shall be held in trust and applied as a credit at the conclusion of Magill's engagement as the CRO.

21. The Debtor believes that the agreed terms of compensation are reasonable.

### v. Disinterested

22. Neither Magill nor Firm is a creditor, equity security holder or an insider of FSS. Under Bankruptcy Code § 101(31)(B), the "corporation" is the closest entity similar to an LLC, which FSS is. An "insider" if the debtor is a corporation, includes " (i) director of the debtor; (ii)

7

officer of the debtor; (iii) person in control of the debtor; (iv) partnership in which the debtor is a general partner; (v) general partner of the debtor; or (vi) relative of a general partner, director, officer, or person in control of the debtor. 11 U.S.C. § 101(31)(B).

23. Neither Magill nor Firm are insiders under 11 U.S.C. § 101(31)(B).

24. Neither Magill nor Firm have been within 2 years before the date of filing of the petition, a director, officer, or employee of the debtor.

25. Neither Magill nor Firm have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason. Prior to entry into the Engagement Agreement, Magill and Firm did not have a materially adverse interest to FSS.

## vi. *Connections*

26. The Magill Declaration sets out the connections of the CRO and Firm with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee. To the best of the Debtor's knowledge, neither the CRO nor Firm hold any connections other than those disclosed in the Magill Declaration.

27. The Debtor believes that neither the CRO nor Firm holds or represents any disqualifying interest that is adverse to the estate, and each is a "disinterested person." If any new relevant facts or relationships are discovered, the CRO and Firm will supplement its disclosure to the Court and the U.S. Trustee.

**RELIEF REQUESTED**

28. The Debtor requests that the Court enter an order substantially in the form of the Proposed Order authorizing the Debtor to retain the CRO and Firm, effective as of the Petition Date pursuant to the terms of the Engagement Agreement, as modified by the Proposed Order.

**BASIS FOR RELIEF**

29. Subject to Court approval, Bankruptcy Code § 327(a) authorizes trustees—and Debtor-in-Possession—to "employ one or more attorney's accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties . . . ." Bankruptcy Code § 327(c) says that "[i]n a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest."

30. Bankruptcy Rule 2014 requires certain disclosures prior to the entry of an order approving the employment of a professional. According to Bankruptcy Rule 2014, the application must:

    a. Be filed by the trustee or committee and served on the United States Trustee (except in cases under chapter 9 of the Bankruptcy Code);

    b. State the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; and

    c. Be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in

9

interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

### E. The CRO and Firm Meet the Requirements of Bankruptcy Code § 327(a)

31. Based on the Magill Declaration, the Debtor submits that neither the CRO nor Firm hold or represent any disqualifying adverse interest and is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

32. The Bankruptcy Code defines what it means to be a "disinterested person" Bankruptcy Code § 101(14):

> The term "disinterested person" means a person that— (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

The Magill Declaration discloses no connections with the Debtor that would disqualify the CRO or Firm as a "disinterested person" and the Debtor is not aware of any connections in addition to those disclosed in the Magill Declaration.

### F. This Application and the Magill Declaration Meet the Requirements of Bankruptcy Rule 2014.

33. This Application and the Magill Declaration meet the requirements as set out in Bankruptcy Rule 2014. The Application is made by the Debtor and sets out the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, and the proposed arrangement for compensation. The Magill Declaration is a verified statement pursuant to 28 U.S.C. § 1746 that sets out all connections that the CRO and Firm has with the Debtor, creditors, any other party in interest, their respective attorneys and

accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. The Debtor is not aware of any other connections in addition to those disclosed in the Magill Declaration.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form of the Proposed Order approving the employment of the CRO and Firm effective as of the Petition Date, pursuant to the terms of the Engagement Agreement and grant any other appropriate relief.

Dated: October 3, 2022

**FREE SPEECH SYSTEMS, LLC**

*/s/ Ray Battaglia*
Law Office of Raymond W. Battaglia
Raymond W. Battaglia
State Bar No. 01918055
rbattaglialaw@outlook.com
66 Granburg Circle
San Antonio, Texas 78218

Counsel to FSS, Debtor and Debtor-in-Possession

## CERTIFICATE OF ACCURACY

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

 */s/ Raymond W. Battaglia            .*
Raymond W. Battaglia

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service on the date of filing, (b) by U.S.P.S. first class mail on all parties indicated in the attached service list within 24 hours of the filing, and (c) the following parties by email on the date of filing:

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Avi Moshenberg
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com

Attn: Alinor C. Sterlin, Christopher Mattei, Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersFirm.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
rchapple@cstrial.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581
rww@bymanlaw.com

| | |
|---|---|
| Attn: Jarrod B. Martin<br>Chamberlain Hrdlicka<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002<br>jarrod.martin@chamberlinlaw.com | Melissa Haselden<br>Subchapter V Trustee<br>700 Milam, Suite 1300<br>Houston, TX 77002<br>mhaselden@haseldenfarro.com |
| Attn: Christopher J. Dylla<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, TX 78711-2548<br>christopher.dylla@oag.texas.gov | Attn: Ha M. Nguyen, Jayson B. Ruff<br>Office of U.S. Trustee<br>515 Rusk, Suite 3516<br>Houston, TX 77002<br>ha.nguyen@usdoj.gov<br>jayson.b.ruff@usdoj.gov |

*/s/ Raymond W. Battaglia*

**USPS Service List**

**Twenty Largest Unsecured Creditors**

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06870

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive STE 301
Coral Springs, FL 33065

Atomial LLC
1920 E. Riverside Dr.
Suite A-120 #124
Austin, TX 78741

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Jacquelyn Blott
200 University Blvd
Suite 225 #251
Round Rock, TX 78665

Joel Skousen
PO Box 565
Spring City, UT 84662

Commerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405

Paul Watson
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire S10 3FA
United Kingdom

Brennan Gilmore
c/o Civil rights Clinic
600 New Jersey Avenue, NW
Washington, DC 20001

Greenair, Inc
23569 Center Ridge Rd
Westlake, OH 44145

Edgecast, Inc
Dept CH 18120
Palatine, IL 60055

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

WWCR
1300 WWCR Ave
Nashville, TN 37218-3800

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404

14

CustomTattoNow.com
16107 Kensington Dr. #172
Sugar Land, TX 77479


AT&T
PO Box 5001
Carol Stream, IL 60197-5001

Justin Lair
1313 Lookout Ave
Klamath Falls, OR 97601

### Parties Claiming Interest or Lien Affected

PQPR Holdings Limited, LLC
c/o Stephen Lemmon
1801 S. Mopac Expressway
Suite 320
Austin, TX 78746

### Parties Filing Notice of Appearance

Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701

Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401

John D Malone
Attorney at Law
5400 Bosque Blvd., Ste. 650
Waco, TX 76710

Jason Starks
Travis County Attorney's Office
P.O. Box 1748
Austin, TX 78767

Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002

Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711-2548

Richard A. Cochrane
Akin Gump Strauss Hauer & Feld
2300 N. Field Street
Suite 1800
Dallas, TX 75201

Stephen A Roberts
Stephen A Roberts, P.C.
1400 Marshall Ln
Austin, TX 78703

15

**Subchapter V Trustee**

Melissa Haselden
Subchapter V Trustee
700 Milam, Suite 1300
Houston, TX 77002

**U.S. Trustee**

Attn: Ha M. Nguyen, Jayson B. Ruff
Office of the U.S. Trustee
515 Rusk Ave STE 3516
Houston, TX 77002