## EXHIBIT B

**Magill Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| FREE SPEECH SYSTEMS, LLC, | § § | Case No. 22--60043 |
| DEBTOR. | § § § | (Subchapter V Debtor)<br>Chapter 11 |

### DECLARATION OF PATRICK MAGILL

I, Patrick Magill ("Magill"), declare under penalty of perjury as follows:

34.  I am a CPA (in retired status) and a founder and the owner of Magill P.C. ("Firm"). On my behalf and on behalf of the Firm, I am duly authorized to execute this Declaration in support of the Application filed by Free Speech Systems, LLC (the "Debtor" or "FSS") in the above-captioned chapter 11 case (the "Chapter 11 Case") seeking approval to retain me as the chief restructuring officer ("CRO") and Firm to assist me in those duties.

35.  Except as otherwise noted, all facts set forth in this Declaration are based upon my personal knowledge, upon the client and matter records of Firm reviewed by me or derived from information available to me that I believe to be true and correct or my opinion based upon experience, knowledge and information concerning the restructuring of debtor-creditor relationships, workouts, chapter 11 process and the Debtor. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

**G. Application to Employ CRO**

36.  I have reviewed the Application of Debtor for an Order (A) Authorizing Employment of Magill as Chief Restructuring Officer, and (B) Granting Related Relief_(the

2

"Application"). The Application accurately describes my proposed role as chief restructuring officer (the "CRO").

### H. Disclosure of Connections

37. Firm performed the following actions to determine whether it or any of its professionals has any disclosable connections to the Debtor, creditors, any other party in interest, their attorneys or accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas:

   a. First, I reviewed the following related to the FSS bankruptcy case: case docket sheet, Voluntary Petition, list of 20 largest unsecured, schedules, Statement of Financial Affairs, and Master Service list;

   b. .

   c. Second, I conducted a review of all active clients of Firm using the list of parties in interest listed in Schedule 1 hereto.

   d. No connections or potential connections were identified except as described below.

   e. Analyzed with FSS bankruptcy counsel whether having previously served as the CRO, consultant or liquidating trustee in cases in which Melissa Haselden served as the subchapter V trustee or debtor's counsel constituted a conflict of interest.

38. The above referenced searches uncovered no connections other than I and Firm have or may have worked with some of the same parties and creditors in connection with serving as the CRO in unrelated cases. I have also identified the following:

   a. I am acquainted with Charlie Cicak who is a vendor of and does business with FSS. I have known Mr. Cicack's father, Walter Cicack, an attorney in Houston, since around 1990 on a personal and social basis and have worked Walter Cicack on several unrelated bankruptcy and other cases.

   b. I have served as a consultant, CRO, or liquidating trustee in several cases in which Melissa Haselden has been engaged as counsel to the Debtor or as the subchapter

    V trustee. Those cases are unrelated to FSS and the matters upon which I am to be retained.[2]

  c. Iron Mountain is a creditor in Cypress Creek Emergency Medical Services Association, case no 21,33733 in which I have served as CRO. There is currently an ongoing dispute with Iron Mountain.

  d. Travelers Insurance provided insurance coverage in Cypress Creek Emergency Medical Services Association, case no 21,33733 and participated in the mediation in that case.

39.   I do not believe that any of these connections are disqualifying or create an adverse relationship with the Debtor.

40.   The results of the foregoing connections search process confirm that neither I, Firm, nor any of its employees or shareholders, to the best of my knowledge, have any disqualifying connections. Neither I nor Firm (a) have any debt or equity securities in the Debtor, (b) are an insider of the Debtor, or (c) was a creditor of the Debtor on the Petition Date.

## I. Affirmative Statement of Disinterestedness

41.   Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I can ascertain, I and Firm are "disinterested persons" within the meaning of Bankruptcy Code § 101(14), as modified by Bankruptcy Code § 1107(b), as required by Bankruptcy Code § 327(a).

42.   I am not a creditor, an equity security holder, or an insider of the Debtor; I am not and was not within 2 years before the Petition Date a director of the Debtor; and I do not have any interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

---

[2] I worked with Ms. Haselden in the following chapter 11 bankruptcy cases: Cypress Creek Emergency Medical Services Association, case no 21,33733, GoldStar EMS, case no. 05-36446, Diagnostic Clinic of Houston, case no 07-30396, Apex Katy Pin Oak Medical, case no 12-31848, Victory Healthcare, case 15-42373 (N.C. TX) Tifaro, case no 17-80171.

4

43. The Firm is not a creditor, an equity security holder, or an insider of the Debtor; Firm is not and was not within 2 years before the Petition Date an employee, officer, or director of the Debtor; and Firm does not have any interest materially adverse to the interests of the Debtor' bankruptcy estates or any class of creditors or equity security holders.

44. I have been informed that the third prong of Bankruptcy Code § 101 - the absence of a materially adverse interest - is often referred to as a "catch-all" provision designed to prevent the retention of a professional "who in the slightest degree might have some relationship that would color the independent and impartial attitude required by the Code. *In re Consolidated Bancshares, Inc.*, 785. F.2d 1249, 1256 (5th Cir. 1986).

45. My having previously served as the in a professional capacity in other cases that may have involved some of the same counsel in this case will not in the slightest degree color my independent and impartial attitude required by the Code. In fact, I believe my previous experience with the parties involved will allow me to negotiate in good faith, foster communication among the constituents and often allow parties to achieve negotiated results rather than litigation.

46. Holding an interest adverse to the estate, I have been advised, also means "to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate that would create either an actual or potential dispute in which the estate is a rival claimant," or "to possess a pre-disposition under circumstances that render such a bias against the estate."[3] *In re West Delta Oil Co., Inc.*, 432 F.3d 347, 356 (5th Cir. 2005). Such an interest creates a meaningful incentive for a professional "to act contrary to the best interests of the estate and its sundry creditors - an incentive to place those parties at more than acceptable risk - or the reasonable perception of one." *In re Martin*, 817 F.2d 175, 179 n. 4 (1st Cir. 1987).

---

[3] The existence of an adverse interest is inherently fact-bound and must be determined on a case-by-case basis.

47.  I do not possess a pre-disposition under the circumstances that render such a bias against the estate. I can serve as an effective disinterested fiduciary at FSS."

### J. Bankruptcy Rule 2016(b) Disclosures

48.  Pursuant to Bankruptcy Code § 504 and Bankruptcy Rule 2016, neither I nor Firm have shared or agreed to share (a) any of its compensation from the employment by the Debtor with any other persons or (b) any compensation any other persons have received, may have received, or will receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 3, 2022,

By: _____
Patrick Magill

**SCHEDULE 1**

**TO MAGILL DECLARATION**

**SEARCHED PARTIES**

Debtor & Professionals

 Law Office of Ray Battaglia      Shannon & Lee, PLLC

Debtor's Equity

 Alexander E. Jones

Creditors & Parties in Interest

| | |
|---|---|
| Brennan Gilmore | Leonard Pozner |
| Carlee Soto-Parisi | Marcel Fontaine |
| Carlos Soto | Mark Barden |
| Christopher Sadowski | Neil Heslin |
| Dona Soto | Nicole Hockley |
| Erica Lafferty | PQPR Holdings Limited, LLC |
| Francine Wheeler | Robert Parker |
| Free Speech Systems, LLC | Scarlett Lewis |
| Ian Hockley | Veronique De La Rosa |
| Jacqueline Barden | William Sherlach |
| Jennifer Hensel | William Aledenberg |
| Jeremy Richman | Larry Klayman |
| Jillian Soto | Randazza Legal Group |

Attorneys for Creditors and Parties in Interest

| | |
|---|---|
| Kaster Lynch Farrar & Ball LLP | Melissa Haselden, subchapter V Trustee |
| Koskoff & Bieder | |
| Fertitta & Reynal LLP | Elizabeth Freeman, Jackson Walker PC |
| Pattis & Smith, LLC | |
| Zeisler & Zeisler P.C. | Haselden Farrow PLLC |
| Jordan & Ortiz, P.C. | |
| McDowell Heterhington LLP | |
| The Akers Law Firm PLLC | |
| Copycat Legal PLLC | |
| Waller Lansden Dortch & Davis, LLP | |

U.S. Bankruptcy Judges and Staff

    Chief Judge David R. Jones
    Judge Marvin Isgur
    Judge Christopher M. Lopez
    Judge Jeffrey P. Norman
    Judge Eduardo V. Rodriguez

U.S. Trustee Personnel

    Alicia Barcomb
    Jacqueline Boykin
    Luci Johnson-Davis
    Hector Duran
    Barbra Griffin
    Brian Henault
    Linda Motton
    Ha Nguyen

Albert Alonzo
Ana Castro
Tracey Conrad
Jeannie Chavez
LinhThu Do
Tyler Laws
Kimberly Picota
Vriana Portillo
Mario Rios
Glenn Otto
Yasmin Rivera
Jayson B. Ruff
Millie Sall
Patricia Schmidt
Christy Simmons
Gwen Smith
Stephen Statham Christopher R. Travis
Clarissa Waxton
Jana Whitworth