IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-60043 |
| FREE SPEECH SYSTEMS, LLC | § | Chapter 11 (Subchapter V) |
| Debtor. | § | |

**RESPONSE AND INITIAL OBJECTION OF ALEX E. JONES TO THE MOTION TO RECONSIDER THIS COURTS RULING DECLINING TO EMPLOY THE FIRM OF SHANNON AND LEE, PLLC [DKT #206] AND MARC SCHWARTZ AND SCHWARTZ ASSOCIATES, LLC [DKT #207] AND ALTERNATIVELY, FOR CONTINUANCE OF THE HEARING NOW SET FOR OCTOBER 12, 2022**

TO THE HON. CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

ALEX E. JONES files this Initial OBJECTION to the Motions to Reconsider filed by Shannon & Lee, PLLC and Marc Schwartz and Marc Schwartz Associates, LLC (collectively "Movants") [Dkt #'s 206 and 207] (collectively the "Reconsideration Motions "or the "Motions") and would show as follows:

I.
PRELIMINARY STATEMENT

1.     Both Shannon & Lee, PLLC and Marc Schwartz and Schwartz Associates, LLC, "Movants" initially sought to be retained *by Motion of the Debtor Free Speech Systems, LLC* ("FSS"), with the consent and approval of Alex E. Jones ("Alex Jones"), the sole managing member of FSS, by Application filed on August 20, 2022 [Dkt #'s 83 and 85]. The Motions sought to retain Movants *on behalf of the Debtor* as its professionals, along with the existing professionals.

2.     The Reconsideration Motions were subject to Objections by the United States Trustee and after a properly noticed and full hearing on September 20, 2022, the Court entered its Order denying such relief. [Dkt #'s 181 and 182]. The Court stated on the record the reasons for its ruling.

3.    On October 4, 2022, the day the courts Order would have been final, Movants filed their Reconsideration Motion without any prior consultation with Alex Jones (then the sole managing member of FSS). Most important:

   a. The Debtor had not sought to retain either Movants subsequent to the denial of the Motions for Reconsideration and have not filed nor joined in the Motion to Reconsider filed by Movants.

   b. Instead, the Debtor with the approval of Alex Jones, has determined to retain a new CRO and have spent hours in that effort unaided by Movants.

   c. The Reconsiderations Motions do not allege that the Debtor is seeking the relief of reconsideration, nor do the Motions allege that the Debtor is in support of the Motions or even approves of the Motions.

   d. The Motions filed by or on behalf of both Movants attach as Exhibits containing significant attorney client privileged and work product privileged communications involving communications only among counsel with, and subject to, common interests[1] with the Debtor and its sole owner. This filing was without seeking the consent of the sole owner or the Debtor prior to disclosing the privileged and confidential attorney client communications and wok product.

   e. The motive in Movants' publishing the privileged communications were to further their self-serving suggestion at a narrative on behalf of Movants,

---

[1] The Debtor's Co-counsel Ray Battaglia, prior to filing of the Chapter 11, and Alex Jones counsel, along with litigation counsel Andino Reynal, executed a Common Interest Agreement designed to maintain counsels communications of their confidential attorney opinions, analysis and work product as privileged. Although Movant Shannon & Lee were requested to sign the agreement, it is unclear whether one was executed. In any event, all counsel knew of the Joint Communications Agreement and the need to share communications among the common interest counsel for Alex Jones and FSS and the need to protect that privileged communications and the work product reflected therein from publication, at least without a Court's order.

contrary and not supported by the common interest parties or communication, in an effort to apparently disclose the substantial debate among these common interests. Even though such debate always takes place among common interest counsel, such debate is not the basis authorizing unilateral disclosures of those communications and work product (research, status of law, and prediction of court treatment of those issues) and in fact, there would be no disclosure or debate among common interest counsel if disagreeing with a counsel's opinion authorizes disclosures of such communications.

4. Importantly, *previous to the September 20, 2022 hearing* this Court announced its concern about certain conduct of the Movants as initially serving before approval as prior Debtor's counsel and prior Debtor's CRO, including:

   a. concerns of the failure by Movants to disclose certain potential or actual conflicts of the Movants involving prior affiliates' Chapter 11 cases; and

   b. (at a hearing on the Debtor's operating budget) the expressed concerns by this Court on the record regarding certain of the Debtor's proposed budget payments for Connecticut litigation expenses (travel and legal fees) that included amounts to be incurred by Alex Jones yet budgeted to be paid for by only the Debtor; and

   c. (alleged by Movants as an issue) Alex Jones[2] asserted indemnity by the Debtor reflected in his employment agreement and proof of claim filed in this case.

---

[2] The Court did not mention indemnity of Alex Jones by the Debtor as suggested by Movants, but in fact both by statute and by written agreement, Alex Jones has a right to be indemnified from all litigation costs, most recently of which he has paid 100% of his and FSS's professional fees. The Court did mention a possible indemnity by FSS of PQPR but that is not relevant to Alex Jones' requested costs and fees reimbursements.

Remarkably nothing in the Movants' Applications or any pleading addressed any of these prior Court concerns, and in particular, the pleadings and the Affidavits/Declarations of the Movants contained repeated and multiple errors and mistakes (making certain facts alleged untrue), and statements of facts of experience and qualifications that were disclosed upon examination of the Movants by the United States Trustee ("UST") and the Court, to be of further concern.

5. Also remarkable was the Movants' failure to acknowledge (or maybe realize) that the written Objection of the UST was based almost exclusively on the concerns expressed on the record *by this Court* and yet only one of the matters were partially addressed in any meaningful degree in writing. Instead, Movants filed a Response to the Objection of the UST containing *ad hominem* attacks both personal and professional on the contents of the UST's objection and their dishonest and unethical motives in filing same (filed without even showing, much less consulting, Alex Jones or co-counsel to the Debtor about the inflammatory and incorrect nature of this Response) [Dkt #176].

6. By denial of the Movants' Applications to be employed, Alex Jones was returned to the status as the only operating member with authority to retain professionals. The Debtor, under the direction of its remaining counsel and with assistance and input of Alex Jones, immediately began the process of a selection and replacement CRO. On October 5-7, 2022 the current counsel for the Debtor, Alex Jones, along with key employees of the Debtor, met with and extensively interviewed, and ultimately approved a new Chief Restructuring Officer. Application to approve and appoint Patrick Magill as the new CRO has been filed [Dkt #205].

7. As with the prior CRO-Marc Schwartz, upon filing of the application (still subject to approval) the authority and powers of the new CRO will be as Managing Member or President

of the Debtor, with its only obligation to Alex Jones as the owner being consulted on material matters.

## II.
## RELIEF SOUGHT
## DENIAL OF THE MOTIONS TO RECONSIDER
## AND AUTHORITIES

8. Professionals such as Movants seeking employment by and on behalf of a Chapter 11 Debtor have no standing to file an application on the proposed professional's own behalf, without the request of the Debtor. In fact, all "Applications to Employ" are made by the Debtor usually with the agreement of the Professional(s). *See*, Rule 2014(a) ["Application for and Order of Employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to §327, §1103, or §1114 of the Code *shall be made **only on application of the trustee*** " (Emphasis added.)].

9. In this case, as to the Motion of Marc Schwartz, the Debtor has selected a new CRO and does not intend to request that Marc Schwartz remain in that position, except for transitional matters.

10. It is the exclusive right of the Debtor to seek employment of its professionals, not that of a prospective professional seeking employment. Once an application is denied, or at any time during that process or after, the Debtor may determine, in its discretion, not to retain the professional. Neither of the Motions are filed by the Debtor and since this Court's Order a new CRO has been selected.

11. Accordingly, pursuant to Bankruptcy Rule 2014(a), these professionals have no standing to seek employment of the Debtor without the Debtors' express request and without the Debtor making the application.

12. At the time these Motions to Reconsider were made by Movants, the Debtor was not only not the party making the Motions, but also not asked to file, or even agree with the Motions.

13. In particular, Alex Jones was shocked that prior counsel and the prior CRO sought to publish and use confidential attorney client privileged joint communication documents to further their own narrative that begins with their failure to have furnished this Court with the clear and precise answers to the Court's expressed concerns [*See*, *e.g.*, Exhibits "G" and "J" attached to the Motions]. This failure cannot now in some fashion be corrected by Movants' unilateral decision to disclose privileged communications of the Debtor and Alex Jones, the only parties that own these privileges. Especially so when all parties were not even asked if they concurred, or would consent, or if there were other non-offensive methods to accomplish the results Movants desired.

14. In fact, as to each question the Court sought specific and clear explanation of the Movants' conduct and decisions the Debtor and Alex Jones had relevant and reasonable answer – yet to date no pleading filed by these Movants nor facts testified by these Movants has addressed the Court's questions other than to touch on the "failure to disclose" topic. Neither Movants made any effort to discuss, much less to clearly set out, the explanation and reasoning for the decisions regarding Alex Jones sharing of expenses. Alex Jones intends to file his pleading shortly to deal with the Court's concerns about expense and cost sharing so that at least these as-yet unanswered questions regarding Alex Jones and expense sharing will be answered.[3]

## III.
## ALTERNATIVE RELIEF SOUGHT

---

[3] This Court denied without prejudice the travel budget proposed by the Debtor pending an explanation as to why these and other litigation expenses were not being shared by Alex Jones. The Court made clear it was not denying those budged reimbursements but also not allowing the budgeted expense *until the Court received an explanation* upon application for those reimbursements. Up through the filing of these Reconsideration Motions, neither Movants has made any effort to furnish this Court with that explanation. The Reconsideration Motion should be denied for that reason alone.

### ONLY IN THE EVENT MOVANTS MOTIONS ARE NOT DENIED, ALEX JONES SEEKS A CONTINUANCE ON THE HEARING SET FOR THESE MOTIONS TO RECONSIDER

15. Movants' Reconsideration Motions and the Exhibits published in support of the Motion were a complete shock to Alex Jones and his counsel. Neither had been consulted about the Motions, much less the disclosure of attorney client jointly privileged communications, even though several of the attached privileged documents were sent and received by Alex Jones counsel (and included no outside third-parties to such communications). In fact, it is in recognition of the application of a joint privilege that as among parties with "common interests" there will be debate over both facts, events, legal authority and legal strategies, as well as opinions expressed and predictions made by those counsel of the expected outcome of presenting those facts, legal theories and authorities to the courts. Were those communications not privileged, or if the mere "disagreement" as to privileged communication topics waived the privilege, no "common interest" counsel would ever risk participating, in particular, if a disagreement would allow one part to disclose to opposing parties in the litigation those communications.

16. Here, after the Movants were no longer acting on behalf of the Debtor or the common interest of the parties, the Debtor's prior lawyer and prior CRO elected to disclose those privileged communications in a public filing to further a narrative for their own self-serving purpose of seeking to be re-employed by the Debtor.

17. The extraordinary manner in which Movants seek reconsideration of their failure to have disclosed (i) potential or actual conflicts, and (ii) the actual reasons for the expense sharing of these common interest parties, cannot be cured or reconsidered in the manner by which the Movants unilaterally disclose privileged and confidential communications to which they were participating parties. This attempt by Movants to be re-employed by furthering a narrative of the

"give and take" among all counsel faced with common issues of law and strategy, legal arguments and predictions of likely or potential outcomes (communications evidenced by a written joint communication privilege agreement), cannot be addressed by Alex Jones in the brief period of time afforded from notice of the filing on October 4, 2022 to a hearing, *if on the merits*, on October 12, 2022.[4] In fact, the difficulty of how to respond to these Motions in a manner that does not further cause breach the Debtor's and Alex Jones' right to maintain the joint attorney client common interest privileges, and to fully address these Motions, requires more time than eight (8) days to accomplish.

18. Alex Jones requests in good faith that in the event this Court determines to consider the Merits of the Reconsider Motions, that Alex Jones be given additional time to fully respond.

## IV.
## CONCLUSION

19. Alex Jones seeks the denial of the Motions to Reconsider on the grounds set out above, including the lack of Movants' standing to file or prosecute these Motions without joinder or filing by the Debtor. The Debtor is moving forward with its new CRO and does not seek the reconsideration of employment of the prior counsel.

20. In the event this Court desires a hearing on the merits of this motion, Alex Jones requests a brief continuance of the October 12, 2022 scheduled hearing to allow a reasonable time for a response, hearing preparation, and participation.

Dated: October 10, 2022

---

[4] However, Alex Jones does not believe a hearing is required under the law regarding employment of professionals on behalf of a Debtor.

Respectfully submitted,

*/s/ Shelby A. Jordan*
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
***Jordan & Ortiz, P.C.***
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
         aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**COUNSEL FOR ALEX JONES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on counsel for Debtor, Debtor, and all parties receiving or entitled to notice through CM/ECF as shown in the attached service list on October 10, 2022.

*/s/ Shelby A. Jordan*
Shelby A. Jordan

**E-SERVICE LIST**

Raymond William Battaglia on behalf of Debtor Free Speech Systems LLC
rbattaglialaw@outlook.com, rwbresolve@gmail.com

Joseph S.U. Bodoff on behalf of Creditor ADP TotalSource, Inc.
jbodoff@rubinrudman.com

Ryan E Chapple on behalf of Creditor David Wheeler, et al.
rchapple@cstrial.com, aprentice@cstrial.com

Richard A. Cochrane on behalf of Creditor David Wheeler, et al.
rcochrane@akingump.com, jlangmack@akingump.com

Richard A. Cochrane on behalf of Creditor Leonard Pozner, Marcel Fontaine, Neil Heslin, Scarlett Lewis, Veronique De La Rosa
rcochrane@akingump.com, jlangmack@akingump.com

Christopher Dylla on behalf of Creditor Texas Comptroller of Public Accounts, Revenue Accounting Division
bk-cdylla@oag.texas.gov, Sherri.Simpson@oag.texas.gov

Elizabeth Carol Freeman on behalf of Trustee Melissa A Haselden
efreeman@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net

Melissa Anne Haselden on behalf of Trustee Melissa A Haselden
mhaselden@haseldenfarrow.com, haseldenbankruptcy@gmail.com,haselden.melissaa.r104367@notify.bestcase.com

Kyung Shik Lee on behalf of Attorney Kyung Shik Lee
kslee50@gmail.com, Courtnotices@kasowitz.com

Stephen Wayne Lemmon on behalf of Creditor PQPR Holdings Limited, LLC
lemmon@slollp.com, mates@slollp.com

John D Malone on behalf of Creditor Security Bank of Crawford
myra@johnmalonepc.com, myra@johnmalonepc.com

Jarrod B. Martin on behalf of Creditor Leonard Pozner, Marcel Fontaine, Neil Heslin, Scarlett Lewis and Veronique De La Rosa
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;ginger.davis@chamberlainlaw.com

Avi Moshenberg on behalf of Creditor Leonard Pozner, Marcel Fontaine, Neil Heslin, Scarlett Lewis, Veronique De La Rosa
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Ha Minh Nguyen on behalf of U.S. Trustee US Trustee
ha.nguyen@usdoj.gov

Michael P Ridulfo on behalf of Other Prof. Schwartz Associates, LLC
mridulfo@krcl.com, rcoles@krcl.com

Stephen A Roberts on behalf of Interested Party David Ross Jones
sroberts@srobertslawfirm.com, 1222805420@filings.docketbird.com

Jayson B. Ruff on behalf of U.S. Trustee US Trustee
jayson.b.ruff@usdoj.gov

R. J. Shannon on behalf of Debtor Free Speech Systems LLC
rshannon@shannonpllc.com, rshannon@shannonleellp.com;7044075420@filings.docketbird.com

Jason Starks on behalf of Creditor Travis County
bkecf@traviscountytx.gov

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Randy W Williams on behalf of Creditor David Wheeler, et al.
rww@bymanlaw.com, rw13@trustesolutions.com;rw13@trustesolutions.net;rw11@trustesolutions.net;rww.trustee1@gmail.com