## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22 - 60043 |
| | § | |
| DEBTOR. | § | |
| | § | Chapter 11 (Subchapter V) |

### SHANNON & LEE LLP'S REPLY TO THE RESPONSE AND INITIAL OBJECTION OF ALEX E. JONES TO SHANNON & LEE LLP'S RULE 59 MOTION

Shannon & Lee LLP ("S&L") replies to the Response and Initial Objection of Alex E. Jones to the Motion to Reconsider this Court's Ruling Declining to Employ the Firm of Shannon and Lee, PLLC [sic] [Dkt # 206] and Marc Schwartz and Schwartz Associates, LLC [Dkt #207] and Alternatively, for Continuance of the Hearing Now Set for October 12, 2022 [ECF No. 217] (the "AEJ Response") as follows:

### PRELIMINARY STATEMENT

1. Alex E. Jones ("AEJ") objects to Shannon & Lee LLP's Motion Pursuant to Rule 59 of the Federal Rules of Civil Procedure for Rehearing on the Issue of Disinterestedness with Respect to the Debtor's Application to Employ Shannon & Lee LLP [ECF No. 206] (the "Rule 59 Motion") on the basis that the Rule 59 Motion was not filed by Free Speech Systems, LLC ("FSS") as debtor in possession. The AEJ Response also asserts that the evidence S&L seeks to present at a rehearing on the issue of disinterestedness is subject to a common interest privilege. S&L responds to both points below.

**ARGUMENT**

**A. S&L Has Standing to File the Motion for Reconsideration.**

2. Through the Rule 59 Motion, S&L seeks a rehearing on the issue of disinterestedness in connection with FSS's application to employ S&L as co-counsel [ECF No. 85]. S&L has statutory and constitutional standing to seek the relief requested in the Rule 59 Motion.

3. Rule 59 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to the above-captioned chapter 11 case by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), provides in relevant part, that "[t]he court may grant a new trial on all or some of the issues—*and to any party* . . . ." (emphasis added). Neither Federal Rule 59 nor Bankruptcy Rule 9023 limit relief to the original moving party.

4. Title 11 of the United States Code (the "Bankruptcy Code") provides expansive rights to be heard in chapter 11 cases. Bankruptcy Code § 1109(b) provides that any "party in interest . . . may raise and may appear and be heard on any issue in a case under [chapter 11]." A "party in interest" is a party with a personal stake in the outcome that can be addressed by a favorable decision. *See In re Cypresswood Land Partners, I*, 409 B.R. 396, 417 (Bankr. S.D. Tex. 2009); *see also In re Am. Appliance*, 272 B.R. 587, 595 (Bankr. D.N.J. 2002) (holding that the test for whether an entity is a "party in interest" is whether it has a sufficient stake in the outcome of the proceeding to require representation).

5. Further, as the Bankruptcy Appellate Panel for the Sixth Circuit held in *Bingham Greenebaum Doll, LLP v. Glenview Health Care Facility, Inc. (In re Glenview Health Care Facility, Inc.)*, 620 B.R. 582 (B.A.P. 6th Cir. 2020), the pecuniary interest of a professional in its fees is sufficient for Article III and appellate standing with respect to a denied application to employ. *Id.* at 585; *see also KLG Gates LLP v. Brown*, 506 B.R. 177, 190 (E.D.N.Y. 2014) (holding that a disqualified attorney had standing to appeal the disqualification order). Addressing the exact

argument raised in the AEJ Response, the Sixth Circuit BAP noted that, as a procedural rule, Bankruptcy Rule 2014(a) does not limit or extend jurisdiction. *In re Glenview Health Care Facility, Inc.)*, 620 B.R. at 585, n.2. S&L has standing to bring the Rule 59 Motion because the outcome of the motion directly affects the firm.

**B. The Additional Evidence S&L Seeks to Submit is Not Subject to Common Interest Privilege.**

6. Nor are any of the communications (the "Disputed Communications") attached to the Rule 59 subject to a common interest privilege.[1] For the common interest privilege to apply, the communication be (a) independently privileged but for the disclosure, and (b) be disclosed to an aligned party to further that common legal interest. *Osherow v. Vann (In re Hardwood P-G, Inc.)*, 403 B.R. 445, 460 (Bankr. W.D. Tex. 2009) (quoting *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 251 F.R.D. 316, 2008 U.S. Dist. LEXIS 45011, *26-27 (N.D. Ill. Jun. 9, 2008)). And "because the privilege is 'an obstacle to truth seeking,' it must 'be construed narrowly to effectuate necessary consultation between legal advisers and clients.'" *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

   *i. The Disputed Communications Do Not Contain Any Information of AEJ that Would Be Privileged but for Disclosure to FSS.*

7. As the Fifth Circuit explained in *In re Santa Fe Int'l Corp.*, the common interest privilege makes "[d]isclosure of privileged information by an attorney to actual or potential co-defendants, or to their counsel, in the course of a joint defense does not constitute a waiver of the

---

[1] The AEJ Response references a "Common Defense Agreement." S&L was not a party to such agreement and was never asked to become a party to the agreement or a similar agreement. Further, to the extent that the AEJ Response is referring to the "Joint Defense Agreement Among Affiliates or Named Defendants" dated December 1, 2021, the agreement was limited by its terms to (a) written or oral information that is subject to the attorney-client privilege, the work produce doctrine, the privilege of self-critical analysis and any other applicable privileges or immunities or any other confidential research or commercial information including experts and persons or entities retained by counsel on behalf of their respective counsel that is (b) shared to defend or investigate the claims "arising out of allegations of defamation, intentional infliction of emotional distress, certain statutory claims, and damages." Even if the agreement *did* apply to S&L and binds FSS post-petition, it would not cover communications regarding AEJ's request for FSS to (a) seek a stay of the Connecticut Remand Order, (b) seek extension of the automatic stay, or (c) FSS to bear 100% of the litigation costs for the special counsel. It certainly would not cover AEJ's asserted indemnity against FSS.

attorney-client privilege." *Id.* at 712 (quoting *In re LTV Securities Litigation*, 89 F.R.D. 595 (N.D. Tex. 1981)). "It is not a separate privilege, in and of itself, but is instead 'a rule of non-waiver.'" *United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543, 2016 U.S. Dist. LEXIS 32967, at *15 (E.D. Tex. Mar. 15, 2016); *see also Finalrod IP, LLC v. John Crane, Inc.*, No. MO:15-CV-097-DC, 2019 U.S. Dist. LEXIS 105420, at *8-9 (W.D. Tex. Mar. 22, 2019) ("[T]he Court must first assess whether privilege exists as to the documents . . . .").

8. The Disputed Communications do not contain any information from AEJ that would be privileged but for disclosure to FSS. Exhibit F to the Rule 59 Motion (S&L Exhibit 7) contains a request from AEJ's counsel for FSS to seek a stay of the Remand Order and the preliminary response by S&L on behalf of FSS. Exhibit G to the Rule 59 Motion (S&L Exhibit 8) contains a request from AEJ's counsel to discuss FSS's ongoing business considering FSS's decision to not take action to prevent the Connecticut Litigation from going forward against AEJ. Exhibit J to the Rule 59 Motion (S&L Ex. 11) is a request from AEJ's counsel for FSS's ideas of how to address the business fallout of AEJ being in trial in Connecticut.[2] Exhibit K to the Rule 59 Motion (S&L Ex. 12) are emails between AEJ's counsel and Mr. Lee about the divisions of costs between AEJ and FSS for Connecticut Litigation Counsel with AEJ's counsel referencing an indemnity with respect to which AEJ had already filed a proof of claim.[3] None of this constitutes privileged information.

9. Without underlying privileged information, AEJ's assertion of common interest privilege is a legal impossibility. The AEJ Response does not point out any such privileged information. There is not any. The additional evidence S&L seeks to submit with respect to the issue of disinterestedness is therefore not subject to any common interest privilege.

---

[2] There is also the obvious implied threat if no solution was reached, AEJ will attend the entire trial and drastically reduce FSS's revenue.

[3] Moreover, Mr. Lee referenced particularly that this was information that the Plaintiffs would want to know in connection with forthcoming applications to employ the special counsel.

> ii. *There Was No Common Legal Interest with Respect to the Matters at Issue in the Disputed Communications.*

10. The common interest privilege is also limited to communications or documents furthering a joint or common legal interest. *Ackerman McQueen, Inc. v. Stinchfield*, No. 3:19-cv-3016-X, 2020 U.S. Dist. LEXIS 241209, at *11 (N.D. Tex. Dec. 22, 2020) ("Communications may be protected by the common legal interest privilege only if those communications 'further a joint or common interest.'"). This requires more than simply desiring a successful outcome of the case but rather that the relevant *legal* interest is common to the parties. *See United States ex rel. Fisher v. Homeward Residential, Inc.*, No. 4:12-CV-461, 2016 U.S. Dist. LEXIS 32910, at *15 (E.D. Tex. Mar. 15, 2016) ("'A shared rooting interest in the "successful outcome of a case". . . is not a common legal interest.'").

11. FSS and AEJ did not have common legal interests with respect to the matters at issue in the Disputed Communications. At the most fundamental level, FSS's interest is not necessarily minimizing the claims of the Connecticut Plaintiffs but rather liquidating the claims in a way that preserves the value of its estate for all creditors. But even looking more granularly, the legal interests of FSS and AEJ were not the same:

   a. <u>Exhibit F to Rule 59 Motion/S&L Ex. 7</u>—In these communications, AEJ's counsel requested that FSS take action to seek a stay of the Connecticut Remand Order. In response, S&L informed AEJ's counsel that it did not make sense for FSS as debtor-in-possession to seek a stay of the Remand order or seek an extension of the automatic stay to AEJ. Because FSS was the only party that opposed the Connecticut Plaintiffs' motion to remand, it had a different legal interest from AEJ with respect to the Remand Order. FSS also had a different legal interest with respect to the automatic stay than AEJ.

   b. <u>Exhibit G to Rule 59 Motion/S&L Ex. 8</u>—In this communication, AEJ's counsel requested to discuss FSS's ongoing business and indicated that he would "leave it to the Debtor[] to decide how to keep Alex supporting the efforts." In this communication AEJ's counsel points to the difference of legal interests between FSS as debtor-in-possession and AEJ as a non-debtor co-defendant in the Connecticut Litigation. Although FSS and AEJ may have had a common business interest that is insufficient. *See In re Hardwood P-G, Inc.*, 403 B.R. at 460.

  c. <u>Exhibit J to Rule 59 Motion/S&L Ex. 11</u>—In this communication, AEJ's counsel indicated he was waiting to hear the Debtor[']s Plan when Alex['s] sales go dark because he is in trial in Conn." Again, this communication highlights the difference in legal interests between AEJ and FSS. AEJ had the legal right to attend the entire Connecticut Trial even though that would interfere with FSS's business and diminish FSS's estate. FSS sought to induce AEJ to give up that right for the benefit of the FSS bankruptcy estate.

  d. <u>Exhibit K to Rule 59 Motion/S&L Ex. 12</u>—In these communications, S&L inquired about the portion of the costs of litigation counsel that AEJ would bear and AEJ's counsel responded that he believed the response would be "none if FSS has funds." This is despite FSS, through S&L, having already raised questions about the asserted indemnity. FSS and AEJ did not have a common legal interest in AEJ's asserted indemnity and were directly and unambiguously adverse with respect to who would bear the costs of the legal services.

12. Further, each of the Disputed Communications are examples of S&L taking positions adverse to AEJ for the benefit of the FSS bankruptcy estate. Negotiations on issues where the parties are adverse is not protected by the common interest privilege. *Mack Energy Co. v. Red Stick Energy, L.L.C.*, No. 16-1696, 2019 U.S. Dist. LEXIS 167246, at *25 (W.D. La. Sep. 26, 2019) ("Communications in which the parties are negotiating issues on which they are adverse would be unlikely to be protected by the common-interest privilege.").

13. While some communications among FSS and AEJ may be subject to common interest privilege—e.g., communications with state court counsel about trial strategy—the Disputed Communications do not fall into that category. Each communication must be evaluated separately where a parties are aligned on some interests and adverse on others. *Id.* at 24-25. "The fact that two parties share a common interest in in pending litigation does not cloak all of their communications with a privilege." *Id.* at 23-24. The Disputed Communications are related to matters on which AEJ and FSS, as debtor-in-possession, had diverging legal interests rather than the substance of the claims asserted against them jointly and therefore are not covered by any otherwise applicable common interest privilege.

6

## CONCLUSION

14. The Rule 59 Motion should be granted. S&L has standing to bring the Rule 59 Motion and the Disputed Communications are not subject to any common interest privilege. The reason behind the Rule 59 Motion is to present evidence that S&L is disinterested and does not have a predisposition limiting or interfering with its ability to represent positions adverse to AEJ and PQPR where those interests diverge from the interests of the FSS bankruptcy estate.

15. In filing the Rule 59 Motion, S&L does not intend to force FSS to retain S&L. The point of the motion is to establish S&L's disinterestedness so the S&L Employment Application can be granted through September 20, 2022, removing the uncertainty around S&L's ability to receive compensation for services provided to FSS as debtor in possession prior to that date. While S&L submits that the evidence it seeks to adduce in a rehearing would conclusively establish the issue, the finding that S&L is not biased in favor of AEJ or PQPR is all S&L seeks from the Court.

Dated: October 10, 2022

**SHANNON & LEE LLP**

/s/*R. J. Shannon*
Kyung S. Lee
State Bar No. 12128400
klee@shannonleellp.com
R. J. Shannon
State Bar No. 24108062
rshannon@shannonleellp.com
700 Milam Street, STE 1300
Houston, Texas 77002
Tel. (713) 714-5770

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all parties registered to receive such service on the date of filing.

/s/*R. J. Shannon*