**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 22-60043** |
| | § | |
| **FREE SPEECH SYSTEMS, LLC** | § | **CHAPTER 11** |
| | § | |
| **DEBTOR** | § | |

**UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO THE MOTIONS OF**
**SHANNON & LEE LLP AND W. MARC SCHWARTZ FOR REHEARING ON THE**
**ISSUE OF DISINTERESTEDNESS [DKT NOS. 206 AND 207]**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), by and through his undersigned counsel, hereby submits his omnibus objection (the "Objection") to Shannon & Lee LLP's ("S & L") and W. Marc Schwartz's ("Schwartz") requests (collectively referred to as the "Rehearing Motions") for a rehearing pursuant to Rule 59 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (Dkt. Nos. 206 and 207).

**INTRODUCTION[1]**

The Court should deny the Rehearing Motions and uphold its decision denying the Applications to employ S & L and Schwartz (collectively referred to as the "Professionals") for the following reasons:

**First**, the Professionals do not have the requisite authority to seek reconsideration of the Applications. The Rehearing Motions were signed by the Professionals. The Debtor, which brought the underlying employment applications and is the only party with the authority to file

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them below.

1

such a motion, did not seek reconsideration of its applications to employ the Professionals. On the contrary, the Debtor has already filed a motion to approve a different CRO.

**Second**, the Rehearing Motions fail to satisfy the requirements of Federal Rule 59 for a new hearing. The Professionals have not demonstrated (i) any manifest error of law or mistake of fact by the Court, (ii) any newly discovered evidence, nor (iii) any prejudicial error that crept into the record that would entitle them to a rehearing on the denial of the applications. The Professionals' arguments that they were "surprised" when questions of disinterestedness were asked, during a hearing where they had the burden to prove disinterestedness as a condition of their retention under the Bankruptcy Code, are without merit and contrary to the facts.

**Third**, and lastly, the purported additional evidence that the Professionals seek to admit was readily available and could have been raised at the hearing on September 20, 2022.

## PROCEDURAL HISTORY

1.   On July 29, 2022, Free Speech Systems, LCC (the "Debtor") filed a chapter 11 voluntary petition and elected to proceed under Subchapter V of chapter 11.

2.   On August 20, 2022, the Debtor filed applications to employ Schwartz as the Debtor's Chief Restructuring Officer ("CRO") and S & L as co-counsel (collectively referred to as the "Applications"). *See* Dkt. Nos. 83 and 85.

3.   On September 12, 2022, the U.S. Trustee filed objections to both Applications.  *See* Dkt. Nos. 145 and 146. The Sandy Hook Families filed joinders to the objections. *See* Dkt. Nos. 147 and 159.

4.   On September 20, 2022, the Court conducted an evidentiary hearing to consider the Applications (the "September 20 Hearing"). After hearing the evidence, the Court denied the Applications for the reasons stated on the record. *See* Dkt. Nos. 182 and 183.

5.    The Debtor neither appealed the orders denying the Applications nor requested reconsideration of the Court's ruling. The time to appeal has expired. *See* Bankruptcy Rule 8002(a). Instead, the Debtor filed a motion to approve a new CRO, scheduled for hearing on the same date as the Rehearing Motions. *See* Dkt. No. 205.

## LEGAL STANDARD

6.    The Court may grant a motion for a new trial or hearing under Federal Rule 59 "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). A Federal Rule 59 motion must clearly establish either a manifest error of law or fact or present newly discovered evidence, and it cannot be used to raise arguments which could and should have been made before the judgment was issued. *See Simon v. United States*, 891 F.2d. 1154, 1159 (5th Cir. 1990); *see also Reeves v. MCI Telecomms. Corp.*, 1991 WL 574975, at *1, *12 (S.D. Tex. June 5, 1991) (stating that the movant must show "manifest error of law, manifest error of fact, or newly discovered evidence" to prevail on a Federal Rule 59(a)(2) motion). Relief under Federal Rule 59 should be used sparingly as the movant must show that "it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) (citations omitted).

## ARGUMENT

7.    The Rehearing Motions should be denied because the Professionals are not the appropriate party to bring this type of request—notably, the Debtor already filed a motion to replace one of the Professionals—and because they have not satisfied the requirements under Federal Rule 59 and are thus not entitled to a rehearing on the Applications. The Court conducted an evidentiary hearing on September 20, 2022, that was fair to all parties, and gave the Debtor more than ample

opportunities to introduce evidence of the Professionals' disinterestedness. Indeed, as described more fully below, the subject matter of the additional evidence that the Professionals now seek to introduce was discussed in substance at the September 20 Hearing, and the Rehearing Motions appear to be an effort to relitigate the Applications. A Federal Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

### A. The Professionals Are Not the Appropriate Party to Seek Reconsideration.

8.   The Bankruptcy Code provides a statutory scheme for retaining estate paid professionals under 11 U.S.C. § 327. Section 327(a) provides that the trustee may employ, with the Court's approval, professionals who are disinterested and who do not hold or represent an interest adverse to the estate. In turn, Section 1107 places the debtor-in-possession in the position of a fiduciary, with rights and powers of a trustee, and it requires the debtor to perform all duties of a trustee. Under this statutory scheme, only the Debtor may seek authority from the Court to employ an estate professional.

9.   Although the Debtor initially sought to retain the Professionals, the Court denied the Applications. The Debtor did not appeal the order denying the Applications nor did it request reconsideration of the Court's ruling. The time to appeal has expired. *See* Bankruptcy Rule 8002. With respect to Mr. Schwartz, the Debtor is presently seeking to employ a new chief restructuring officer and is not seeking to employ Mr. Schwartz. *See* Dkt. No. 205.[2] The Professionals cannot now unilaterally reinsert themselves into the case by improperly seeking reconsideration of the *Debtor's* Applications. The plain language of Section 327 provides that the authority to employ

---

[2] The Debtor is seeking to employ Patrick Magill as the Chief Restructuring Officer. Additionally, on October 10, 2022, Alex Jones, as the sole member of the Debtor, filed an objection to the Rehearing Motions stating that "[t]he Debtor is moving forward with its new CRO and does not seek the reconsideration of employment of prior counsel." *See* Dtk. No. 217, ¶ 19.

4

estate professionals is within the sole purview of the Debtor as debtor-in-possession, and the Debtor is the appropriate party to seek reconsideration of the Applications. The Debtor did not do so here, and accordingly, the Professionals do not have the requisite authority to seek reconsideration.

**B. The Professionals Have Not Identified a Manifest Error of Law or Fact in the Court's Decision to Deny the Applications nor Any Newly Discovered Evidence.**

10. The Professionals moved for a rehearing pursuant to Federal Rule 59, which applies in this matter under Bankruptcy Rule 9023. To be entitled to a new trial or hearing, "a party must show a manifest error of law, manifest error of fact, or newly discovered evidence." *Trevino v. Caliber Home Loans (In re Trevino)*, 564 B.R. 890, 909 (Bankr. S.D. Tex. 2017); *see also Templet v. HydroChem Inc.*, 367 F.3d at 479 ("Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.") (internal quotation and citation omitted). A manifest error "is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(internal quotation and citations omitted). Courts should consider "newly discovered evidence" that "(1) [would] probably change the outcome of the case; (2) could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching." *Molina v. Equistar Chems LP*, 261 F. App'x 729, 733 (5th Cir. 2008).

11. Though it is not entirely clear, the Professionals do not appear to argue that the Court committed a manifest error of law or fact when it denied the Applications. Even if the Court had erred, which it did not, the error is not plain and indisputable, and does not amount to a complete disregard of controlling law. Moreover, the Professionals do not argue that the additional evidence that they seek to admit satisfies the standard of newly discovered evidence under Federal Rule 59, which would entitle them to a rehearing on the Applications. Although proceeding under Federal

Rule 59, the Professionals have not articulated any of the general bases for which the Court may grant them a rehearing.

12. Instead, the Professionals argue that they were unable to address the issues of disinterestedness at the September 20 Hearing "because they were not raised prior to the close of evidence or in the UST Objection."[3] Rehearing Mot. ¶ 11.[4] The Professionals assert that "among the reasons for granting a new trial or rehearing is surprise that is inconsistent with substantial justice" and "but for the surprise, [the Professionals] would have been able to present evidence [of disinterestedness]." Rehearing Mot. ¶ 12. The Professionals cite to *Conway v. Chemical Leaman Tank Lines, Inc*., 687 F.2d 108 (5th Cir. 1982), as support for their request for a rehearing. *Id*.

13. The Professionals' assertions are contrary to both the law and the facts of this case. Most notably, as a requirement to employ the Professionals, the Debtor always had the burden to demonstrate disinterestedness. *See In re Bigler, LP*, 422 B.R. 638, 643 (Bankr. S.D. Tex. 2010)("It is the burden of the party who files the application to prove that the applicant should be retained"). Now, the Professionals attempt to improperly shift the burden to the U.S. Trustee, to wit: "[A]nd despite the Court's invitation, the U.S. Trustee did not argue at the September 20 Hearing that [the Professionals] [were] not disinterested with respect to FSS …or that any relationship [the Professionals] had with Alex Jones or PQPR created a bias…" Rehearing Mot. ¶ 4. But it was not the U.S. Trustee's burden to "adduce evidence that [the Professionals] had any bias with respect to the FSS bankruptcy estate" *Id*.; instead, it was the Debtor's burden to show that the Professionals

---

[3] S & L separately argues that its application should be approved pursuant to Section 327(e). The Debtor did not request this relief at the September 20 Hearing and S & L should not be authorized to use a Rule 59 motion to introduce a new legal theory to justify its retention. Rehearing Mot. 59.

[4] Both S & L and Schwartz make identical arguments in the Rehearing Motions. References to Rehearing Mot. refers to S & L's Rehearing Motion (Dkt. No. 206).

were disinterested as required by the plain language of Section 327(a).

14. Moreover, the Court has an independent duty to ensure that professionals are disinterested to meet the requirements of Section 327. *See In re HML Enters, LLC*, 2016 WL 5939737, at *1, *6 (Bankr. E.D. Tex.)(citing *Interwest Bus. Equip., Inc. v. U.S. Trustee (In re Interwest Bus. Equip., Inc.)*, 23 F.3d 311, 316 (10th Cir. 1994)). The Court correctly recognized this at the hearing: "I have an independent duty, though. That's my concern, so you're going to have to address that." Tr. September 20, 2022, at 29, 12-13.

15. As early as August 3, 2022, the Professionals were on notice that the Court was concerned about their ability to impartially represent the Debtor.[5] And the issue of disinterestedness was not raised after the close of evidence as the Professionals suggested; rather, at the outset of the Debtor's opening statement, the Court clearly signaled its concerns:

> And I'm going to tell you something because I want you to engage in a dialogue with me. The concern, when you really boil it down, I think you're looking at this too – you know, looking at this kind of through a check the box perspective, right? If the behavior, the non-disclosures began in one case and [if] there are potential conflicts through acts that Mr. Schwartz and Mr. Lee have taken that continue into this case, then the history is important.
>
> For example, if, for example, you know, Mr. Lee or Mr. Schwartz's relationship with Mr. Jones or PQPR is concerning, it raises an issue as to whether either one of them can provide sound legal advice to the estate or sound financial advice to the estate, then the history is important, right?

---

[5] At that hearing, the Court stated:

> [T]he Debtor is going to have to make some tough decisions at some point. And it's going to have to really analyze those claims and see whether those claims have any merit…[and] I'm not sure that parties who were introduced in the last case could fill that role either. But the Debtor needs to hear that from me, and I think debtors are entitled, especially early on in a case, to think about what the judge may have to say. And these are certainly rare comments, but these are certainly uncommon cases.

Tr. August 3, 2022, at 241, 5-19.

Tr. September 20, 2022, at 27, 12-25. The questions of control, independence, and loyalty were raised at prior hearings[6], in pleadings filed by creditors[7], and even acknowledged by Mr. Schwartz in his declaration, stating: "Concerns were expressed at the inception of the InfoW Debtors' bankruptcy case[s] whether I would be serving Alex Jones or the creditors of InfoW Debtors." Docket No. 83-3, ¶ 27. The Professionals ignored the history of this case, the Court's comments, and their burden to demonstrate their disinterestedness. Any suggestion that the Court's ruling on the basis of disinterestedness came at the eleventh hour and out of left field constituting a "surprise that is inconsistent with substantial justice" is not grounded in the reality of this case.

16. Lastly, the Professionals' reliance on *Conway v. Chemical Leaman Tank Lines, Inc.* is misplaced. The facts in *Conway* are not remotely aligned with the facts in this case. As the Fifth Circuit noted, the surprise in *Conway* consisted of the following:

> In the instant case, Hay was a previously unidentified witness who was called without any forewarning to testify as an expert at the second trial. Hay's testimony was not cumulative; rather, it introduced the theory that the questioned eastbound tire marks were asphalt marks from another vehicle. No other party—plaintiff or defendant—had presented this theory. Under the circumstances, plaintiffs had no time or opportunity to prepare a response to this unexpected turn of events. The interrogatories answered by the jury in the second trial leave no doubt that the jury was influenced by Hay's testimony.

687 F.2d. at 112.

17. As previously discussed, the facts in the present case provided the Debtor ample opportunity to address disinterestedness at the September 20 Hearing. Simply put, there is no surprise here that is inconsistent with substantial justice that is akin to the surprise described in *Conway*.

---

[6] *See* Tr. August 3, 2022, at 147-48, 21:19 & 241, 5-19.

[7] *See* Sandy Hook Families' Motion to (i) Appoint Tort Claimants Committee and (ii) Remove the Debtor in Possession (Dkt. No. 102), at ¶¶ 16, 31-39.

**C. The Additional Evidence is Cumulative and the Professionals Seek to Relitigate the Applications.**

18. The Professionals seek to introduce additional evidence that is cumulative of the evidence previously heard at the September 20 Hearing in an effort to re-argue the Applications. "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co*., 130 F.R.D. 625, 626 (S.D. Miss. 1990)(citation omitted).

19. For example, the Professionals assert, in paragraphs 23 to 32 of the Rehearing Motions, that they should be allowed to introduce additional evidence to show that they can provide impartial advice with respect to PQPR's asserted claim. Rehearing Mot. ¶ 23-32. The proposed additional evidence is cumulative of other evidence introduced at the September 20 Hearing, during the Debtor's direct examination of Mr. Lee, and should have been introduced then and there. Specifically, Mr Lee was asked the following:

> Q And what about PQPR; were there any, you know, contrary positions taken?
>
> A To be blunt about it, there were almost fistfights over the negotiations between PQPR and FSS and Mr. Jones, so to suggest that we're all in bed together is just nonsense. We've had many disputes over all the terms of the relationship among us, and there's not been one group of people getting into bed together and arranging something secret. It has been very hardily fought. It's been very hardily – it's been negotiated very hard and there have been terms that had to require lots of negotiations to get to a final resolution.

Tr. September 20, 2022, at 65, 5-16.

20. As another example, the Professionals propose to introduce evidence of their analysis of a potential extension of the automatic stay to Alex Jones, *see* Rehearing Mot. ¶ 34, but the Debtor questioned Mr. Lee on this specific topic at the September 20, 2022, hearing.

> Q Has -- strike that question. Has the Debtor, Free

Speech Systems LLC, in this bankruptcy case ever taken any
position contrary to Alex Jones?

A Yes.

Q And could you describe one of them?

A In this bankruptcy case, as an example?

Q Yes.

A We've taken lots of adverse positions to Alex Jones. One, there's been
a request by Mr. Jones to extend the automatic stay to him; we've told him
we can't do that. Number two, he's asked us to bear 100 percent of the
costs of all these things, including legal, in connection with these lawsuits;
we've told him we're not going to do that, and we've had to fight him on
that.

Tr. September 20, 2022, at 62-63, 21:9.

21. The Rehearing Motions are devoid of any explanation as to why the proposed additional
evidence—which was all within the Debtor's and Professionals' possession and which appears to
simply be an attempt to bolster testimony already given—was not introduced at the September 20
Hearing. A Federal Rule 59 motion "is not the proper vehicle for rehashing evidence, legal
theories, or arguments that could have been offered or raised before the entry of judgment."
*Templet v. HydroChem Inc.*, 367 at 479. The Professionals' requested use of Federal Rule 59 for
the purpose of relitigating the Applications should be denied.

## CONCLUSION

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court deny the Rehearing

Motions and grant such other relief as is just and proper.

RESPECTFULLY SUBMITTED:
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

DATED: 10/11/2022                    */s/ HA M NGUYEN*
Ha Nguyen, Trial Attorney
CA Bar #305411
FED ID NO. 3623593
United States Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
E-mail: Ha.Nguyen@usdoj.gov
Cell: 202-590-7962

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means
via ECF transmission to all Pacer System participants in these bankruptcy cases, on the 11th day
of October, 2022.

/s/ Ha M. Nguyen
Ha M. Nguyen