### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| . | § | Case No. 22-60043 (CML) |
| | § | |
| Debtor. | § | Jointly Administered |

### NOTICE OF RULE 2004 SUBPOENA DUCES TECUM

TO:   Free Speech Systems, LLC, by and through its counsel of record, Raymond William Battaglia, Law Offices of Ray Battaglia, PLLC 66 Granburg Circle San Antonio, Texas 78218.

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Bankruptcy Local Rules of the Southern District of Texas, Melissa Haselden ("Subchapter V Trustee") hereby serves the attached Rule 2004 Request upon Free Speech Systems, LLC ("FSS") and requests production of the documents listed in **Exhibit A** attached hereto.

The Debtors must produce the requested documents listed on the Subpoena Duces Tecum attached hereto as **Exhibit A** to the undersigned counsel at the offices of Jackson Walker LLP, 100 Congress Ave. Suite 1100, Austin, Texas 78701 within fourteen (14) days of service of this Notice.   Alternatively to physical production, FSS may produce the requested documents electronically via ShareFile.

Dated: October 7, 2022

/s/ *Elizabeth Freeman*

**JACKSON WALKER LLP**
Elizabeth Freeman (TX Bar No. 2400922)
Sean Gallagher (TX Bar No. 24101781)

1

1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: efreeman@jw.com
Email: sgallagher@jw.com

*Proposed Counsel for Melissa Haselden,*
*Subchapter V Trustee*

**CERTIFICATE OF SERVICE**

I certify that on October 7, 2022 a true and correct copy of the above and foregoing was served via CM/ECF to all parties registered to receive electronic notice.

/s/ Elizabeth Freeman
Elizabeth Freeman

**CERTIFICATE OF CONFERENCE**

I certify that on October 7, 2022, I conferred with counsel for FSS regarding this Notice of Rule 2004 Subpoena Duces Tecum.

/s/ Elizabeth Freeman
Elizabeth Freeman

## **DEFINITIONS**

All definitions apply throughout without regard to capitalization.  Terms are defined as follows:

1.      The terms "and" and "or" are to be read and applied inclusively to have the broadest reasonable meaning.

2.      The terms "any" or "all" are synonymous and are to be read and applied inclusively to have the broadest reasonable meaning.

3.      "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written.

4.      "████████  refers to ████████████████.

5.      "Blue Ascension" refers to Blue Ascension Logistics, LLC the warehouse logistics company currently employed by or on behalf of FSS.

6.      "Communication" shall mean and include, without limitation, any documents, telephone conversations, discussions, facsimiles, e-mails, meetings, memorandum and any other medium through which any information is conveyed.

7.      The terms "concerning," "regarding," "relating to," "referring to," and "arising out of" are to be understood in their broadest sense and each means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, consisting of, dealing with, comprising, or in any way pertaining to the subject matter identified, in whole or in part.

8.      The terms "document" or "documents" have the broadest meaning that can be ascribed to them, including, without limitation, all final forms and all drafts and revisions of any type of written or graphic matter, original or reproduced, and all copies thereof which are different in any way from the original, regardless of whether designated "confidential," "privileged," or otherwise restricted. Without limiting the foregoing, the term "document" includes video tapes, films, audio tapes, electronic mail, computer disks, compact disks, books, papers, letters, telegrams, memoranda, communications, minutes, notes, schedules, tabulations, vouchers, accounts, statements, affidavits, reports, abstracts, agreements, contracts, diaries, calendars, plans, specifications, drawings, sketches, photographs, charts, graphs and other similar objects, summaries or records of telephone conversations, and any kind of transcript, transcription or recording of any conversation, discussion or oral presentation of any kind, and any information stored on and reproducible in documentary form from a computer or other electronic information storage device.

9.      "FSS" refers to Free Speech Systems, LLC.

10.      The terms "Person" and "Persons" mean any and all natural persons, male or female, and all types and kinds of businesses or other entities, including, but not limited to,

corporations, partnerships, joint ventures, sole proprietorships, and governmental agencies (state or federal) or their employees.

11.     "PQPR" refers to PQPR Holdings Limited, LLC.

12.     "Promissory Notes" refers to those certain agreements between FSS and PQPR executed on August 13, 2020 and November 10, 2021.

13.     The terms "you" and "your" shall mean FSS and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, legacies, divisions, departments and operating units, funds, any Persons acting on its behalf or under its control, and its respective advisors, attorneys, agents, directors, employees, members, partners, representatives, and staff.

14.     The use of the singular form of any word includes the plural and vice versa.

15.     The past tense shall include the present tense and vice versa.

## <u>INSTRUCTIONS</u>

1.      In responding to these requests, furnish all information that is available to FSS regardless of whether the records are possessed directly by FSS or FSS's agents, attorneys, employees, representatives, superiors, or investigators.

2.      If any records cannot be produced in full, FSS should produce to the extent possible, specifying FSS's reason(s) for its inability to produce the records in full and stating whatever information, knowledge, or beliefs FSS has concerning the unproduced portion.

3.      For a record that no longer exists or cannot be located, identify the record, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each record that cannot be located.

4.      If any record, or any part of a record, called for herein has been destroyed, discarded, lost, or otherwise disposed of or placed beyond FSS's custody or control, then it shall furnish a list setting forth as to each such record (a) the paragraph(s) of this request which call for the production of the record; (b) the type of record (e.g., statement of account, email); (c) the identity of the author(s) or prepare(s) of the record; (d) the identity of the addressee(s) and of every other person who received, read, viewed, or has had access to the record; (e) the date of the record; (f) the subject matter(s) of the record and title, if any, of the record; (g) the date of destruction or other disposition of the record; (h) the reason(s) for destruction or other disposition; (i) the person authorizing destruction or other disposition; and (j) the person(s) destroying or disposing of the record.

5.      If after producing the records, FSS obtains or become aware of any further records that are responsive to the requests for production, FSS must timely produce such additional records.

6.      If FSS, after investigation, determines that it has no records that are responsive to a Request, FSS's statement that it has no such records constitutes a representation that it has conducted a search for the records and represents that it has no records that are responsive.

7.      To the extent that FSS has previously produced in this case a record responsive to the requests contained herein, it need not produce such record again in connection with these requests.

8.      To the extent that any of the following requests for production may call for what FSS believes to be information subject to a claim of privilege, answer so much of each Request for Production and each part thereof as does not request, in FSS's view, privileged information and set forth, in writing in a privilege log, with particularity, the basis for FSS's claim of privilege with respect to the information it withholds, including the sender and recipient of the information and the date the information was created ("<u>Privilege Log</u>"), and provide a copy of the Privilege Log contemporaneously with FSS's production of the records requested in the Requests for Production.

9.      The scope, definitions, and instructions applicable to these discovery requests are coextensive with the applicable sections of the Federal Rules of Civil Procedure, and each discovery request requires the production of documents and information to the fullest extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

10.      You are requested to serve copies of all responsive documents with your response pursuant to Federal Rule of Civil Procedure 34. However, if responsive documents are voluminous, produce the responsive documents for inspection at the office of Jackson Walker LLP, 100 Congress Ave. Suite 1100, Austin, Texas 78701.  You may also produce documents electronically to proposed counsel to the Subchapter V Trustee via email to **efreeman@jw.com** and **sgallagher@jw.com**.

11.      In producing documents, please produce them in their original form.  Documents shall be produced in the same sequence as they are contained or found in their original file folder.

## EXHIBIT A

### DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:**  All master services agreements between FSS and PQPR.

**REQUEST FOR PRODUCTION NO. 2:**  All written agreements between FSS and PQPR.

**REQUEST FOR PRODUCTION NO. 3:**  All communications between FSS and PQPR concerning the managerial relationship between FSS and PQPR.

**REQUEST FOR PRODUCTION NO. 4:**  All advertising agreements between FSS and PQPR.

**REQUEST FOR PRODUCTION NO. 5:**  All agreements between FSS and PQPR regarding product procurement.

**REQUEST FOR PRODUCTION NO. 6:**  All communications between FSS and PQPR regarding the Promissory Notes.

**REQUEST FOR PRODUCTION NO. 7:**  All internal communications or meeting minutes of FSS regarding the Promissory Notes.

**REQUEST FOR PRODUCTION NO. 8:**  All communications related to profit distributions by FSS from January 1, 2016 through the present.

**REQUEST FOR PRODUCTION NO. 9:**  All communications related to FSS's tax liability from January 1, 2016 through the present.

**REQUEST FOR PRODUCTION NO. 10:** Copies of all invoices received by FSS sent from PQPR from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to show how the amounts FSS owed to PQPR were calculated or determined from June 2016 through December 2018.

**REQUEST FOR PRODUCTION NO. 12:** Documents sufficient to show how the amounts FSS paid to PQPR were calculated or determined from June 2016 through December 2018.

**REQUEST FOR PRODUCTION NO. 13:** All communications, agreements, or documents in 2014 related to the decision by FSS or PQPR to shift from FSS paying PQPR invoices to whole number payments.

**REQUEST FOR PRODUCTION NO. 14:** All communications to or from █████ from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 15:** All documents related to any written agreements or understandings between FSS and █████ or █████████ from 2016 through the present.

**REQUEST FOR PRODUCTION NO. 16:** All communications to or from ████████████ from 2016 through the present.

**REQUEST FOR PRODUCTION NO. 17:** All agreements between FSS and ██████

**REQUEST FOR PRODUCTION NO. 18:** All corporate governance documents or operating agreements for FSS from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 19:** All contracts with any credit processing providers from 2014 to the present.

**REQUEST FOR PRODUCTION NO. 20:** All agreements between FSS and Blue Ascension.

**REQUEST FOR PRODUCTION NO. 21:** Copies of FSS tax documents sent to members from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 22:** Copies of any and all payments, distributions, or draws from the last two years to and or from the following individuals and companies:

- PQPR;
- █████
- █████████;
- ████████;

- o ▉▉▉▉▉▉▉▉▉▉▉;

- o Blue Ascension;

- o Patrick Riley;

- o Elevated Solutions 512 Group Holdings, LLC fka ESG Holdings, LLC;

- o Patriot Collectibles;

- o Joe Dalessio;

- o MRJR;

- o Acuity CxO;

- o Robert Roe;

- o AEJ Holdings, Inc.;

- o AEJ Austin Holdings Logistics, LLC;

- o Alex Jones;

- o Dr. David Jones;

- o Dr. J's Naturals; and

- o Healthy Happy Body

**REQUEST FOR PRODUCTION NO. 23:** Copies of any and all payments made for rent or leasing of office, warehouse, studio, or storage space for the last two years.

**REQUEST FOR PRODUCTION NO. 24:** Documents sufficient to show the amounts and recipients of any distributions by FSS to its members from 2014 through the present.

**REQUEST FOR PRODUCTION NO. 25:** Documents sufficient to show the source(s) and amounts of FSS's initial capital contributions.

**REQUEST FOR PRODUCTION NO. 26:** All written agreements and term sheets between FSS and its product providers.

**REQUEST FOR PRODUCTION NO. 27:** Copies of any and all payments made for security services for FSS or Alex Jones for the last two years.

**REQUEST FOR PRODUCTION NO. 28:** Any agreements between FSS and any other entity related to invoice factoring services.

**REQUEST FOR PRODUCTION NO. 29:** Monthly bank statements for FSS from June 2014 through the present.

**REQUEST FOR PRODUCTION NO. 30:** Complete copies of the books and records maintained by FSS in the ordinary course of its business for 2014 through the present.