IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| FREE SPEECH SYSTEMS LLC, | ) Case No. 22-60043 ) |
| Debtor. | ) ) |

**SUBCHAPTER V TRUSTEE'S APPLICATION TO RETAIN JACKSON WALKER LLP**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Melissa Haselden, Subchapter V Trustee ("Trustee"), files this application (this "Application") for entry of an order (the "Order"), authorizing the retention and employment of Jackson Walker LLP as her general bankruptcy counsel in the above-captioned bankruptcy case. In further support of this Application, the Trustee submits the Declaration of Elizabeth Freeman, a Partner with Jackson Walker (the "Freeman Declaration"), attached as Exhibit A, and represents as follows:

## I. APPLICATION

1. The Trustee is the duly qualified and acting Subchapter V Trustee for the estate of the Free Speech Systems, LLC ("Debtor"). The Debtor initiated the bankruptcy case on July 29, 2022 (the "Petition Date") via the filing of a voluntary chapter 11 petition.

2. On September 20, 2022, the Court entered the *Order Expanding the Subchapter V Trustee's Duties Pursuant to 11 U.S.C. § 1183(b)(2) of the Bankruptcy Code* [Docket No. 183].

34075192v.1

3.  In recognition of the unique complexities involved in this matter, the Trustee seeks approval to retain Jackson Walker LLP as general bankruptcy counsel. The Trustee identified the need for JW as her general bankruptcy counsel to assist with general matters related to the investigation mandated by the Court as well as the fulfillment of her duties in this unusual case.

4.  To accomplish these goals, the Trustee hereby files this Application pursuant to §§ 327(a), 328, and 704 of the Bankruptcy Code. The Trustee requests authority to retain JW, as counsel pursuant to the terms of the attached proposed engagement agreement (the "Engagement Letter"), which is attached as Exhibit B. The Trustee requests that the employment be effective as of September 11, 2022.

5.  The Trustee selected JW to render professional services to her in her role as Subchapter V Trustee, which include, but are not limited to, the following:

    a) Conducting an investigation required by the Court;

    b) Assisting the Trustee in analyzing claims owned by the estate against third parties arising under chapter 5 of the Bankruptcy Code and other applicable law;

    c) Conducting appropriate examinations of witnesses, claimants, and other parties-in-interest in connection with the Trustee's duties in the case;

    d) Representing the Trustee in the bankruptcy case, any adversary proceedings, and other proceedings before the Bankruptcy Court, and in any other judicial or administrative proceeding;

    e) Performing any other legal services that may be appropriate in connection with the foregoing.

6. The Trustee selected JW because its attorneys have extensive experience in matters relating to bankruptcy, commercial litigation, and asset collection. This case presents unique questions of law and procedure. JW has the expertise and capacity to address the needs of the estate. The Trustee believes that JW can provide the estate with the required legal expertise to allow the Trustee to administer the estate and discharge her fiduciary duties under the circumstances effectively and prudently. Because of the anticipated complexity investigating the matters ordered by the Court and facilitating development of a confirmable plan in this complicated case, the Trustee believes retention of JW is necessary due to its array of expertise in various, relevant areas of law and with complex bankruptcy matters.

7. JW maintains its Houston offices at 1400 McKinney St., Suite 1900, Houston, Texas 77010. JW's main Houston telephone number is (713) 752-4200 and Houston facsimile number is (713) 752-4221. JW attorneys are duly licensed and qualified attorneys before this Court, and are qualified to act as general counsel for the Trustee.

## II. COMPENSATION[1]

8. The Trustee negotiated a compensation agreement designed to fit the particular needs and possibilities of this case. JW is sensitive to the equities of this case and therefore agreed to a reduction in compensation below its standard rates. JW's standard hourly rates as of September 6, 2022, with a 20% discount, will apply. JW agrees to not raise its rates with regards to the matters for which it is being retained without seeking further order of this Court.

9. Elizabeth Freeman will be designated as attorney-in-charge and will be responsible for JW's representation of the Trustee as set forth in this Application. The following is a list of JW attorneys and paraprofessionals who primarily will be providing services for the Trustee in

34075192v.1

connection with this case in conjunction with Ms. Freeman, as well as their current standard hourly rates as discounted for this matter:

|  |  |
|---|---|
| **Attorneys**: | Elizabeth C. Freeman - $750 |
|  | Sean Gallagher - $492 |
| **Legal Assistants**: | Kendra E. Gradney - $164 |
|  | Daniela M. Trevino - $156 |
|  | Jolene Pupo - $148 |

10. JW agreed to a 20% reduction in its standard rates for the General Representation in this matter. The rate of each professional working on this engagement will be clearly reflected in the invoices and fee applications. JW will maintain detailed records of costs and expenses incurred in connection with its legal services, and these will be set forth in detail as part of the invoices and fee applications.

11. Ms. Freeman has been licensed to practice in the State if Texas since 1998 and is admitted to practice before the Southern District of Texas. Ms. Freeman has over 20 years of experience in complex bankruptcy and reorganization matters and representation of trustees. Ms. Freeman is Board Certified in Business Bankruptcy Law by the Texas Board of Legal Specialization.

12. Mr. Gallagher has been licensed to practice in the State of Texas since 2016 and is admitted to practice before the Southern District of Texas. Mr. Gallagher has represented a variety of parties in a wide array of bankruptcy and litigation matters, including avoidance actions.

## STATEMENT REGARDING CONNECTION TO THE CASE

13. To the best of the Trustee's knowledge, JW does not represent or hold any interest adverse to the Debtor, its estate, creditors, equity security holders, or affiliates that would preclude JW from serving as counsel for the purposes stated herein. JW has no connection with the Trustee, Debtor, the creditors, or any other party-in-interest, their respective attorneys and advisors, the

United States Trustee, or any person employed in the office of the United States Trustee other than what is disclosed in the Freeman Declaration and are "disinterested persons" within the definition of § 101(14) of the Bankruptcy Code on the matters for which it is to be engaged as general bankruptcy counsel.

## CONCLUSION

14. Section 327(a) authorizes the Trustee's retention of JW as general bankruptcy counsel for the Trustee to be compensated in accordance with § 328 as set forth herein and in the Engagement Agreement. The Trustee has not given any compensation or promised any compensation to JW, except as set forth in the Engagement Agreement. In addition, the Trustee has not sought or obtained leave to employ any other professional to represent the Trustee on the same matters as she proposes JW represent her.

15. In reaching her decision, the Trustee has evaluated the estate's available resources, the complexity of the case, the investigation and associated risks. Under the circumstances, the Trustee believes that the terms of the proposed compensation arrangement are both reasonable and prudent and provide her the necessary assistance for the case.

WHEREFORE, the Trustee respectfully requests that an order be entered (a) approving this Application and authorizing the Trustee to employ and retain Jackson Walker LLP to represent the Trustee as her general bankruptcy counsel consistent with the terms set forth herein and in the Engagement Agreement; and (b) granting the Trustee any other relief that is just and proper.

Dated: October 11, 2022.

*/s/ Melissa Haselden*
Melissa Haselden, Subchapter V Trustee
Free Speech Systems LLC

34075192v.1

**Certificate of Service**

   I certify that on October 11, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                     */s/ Elizabeth C. Freeman*
                     Elizabeth C. Freeman

34075192v.1

**Exhibit A**

**Engagement Letter**



Elizabeth Freeman
(713) 752-4328
mcavenaugh@jw.com

September 16, 2022

Melissa Haselden
Sub Chapter V Trustee Free Speech Systems LLC
Haselden Farrow PLLC
Pennzoil Place
700 Milam, Suite 1300
Houston, TX 77002

Re:    Retention of Counsel

Dear Ms. Haselden:

**GENERAL**. We are honored that you have asked us to represent you in the Free Speech Systems LLC, Chapter 11 bankruptcy case as counsel to you, the subchapter V trustee ("Client"). We are pleased to do so. This letter summarizes our billing and payment arrangements, and the terms of our agreement.

**COOPERATION AND PRESERVATION**. In order to provide effective legal services to Client, it is essential that Client disclose to us fully and accurately all material facts pertaining to our engagement and inform us of all developments, and that Client give us prompt instructions. Additionally, Client will undertake to preserve relevant documents and materials, including electronic information that may be necessary for our representation of Client.

**FEES**. Our fees are normally determined primarily on the basis of our time at current hourly rates. Our rates vary with experience and seniority and are adjusted by us from time to time, normally once a year on October 1. However, JW will not raise its rates in this matter without seeking approval of the Court. I will be the lawyer primarily responsible for this matter. Sean Gallagher will be the primary associate assisting on the matter. For this matter, my rate will be $750. Mr. Gallagher's rate will be $492. JW agrees to discount our fees as of the date of this letter by 20%. Any estimates of fees and expenses we may give are merely approximations and are often based on many circumstances not within our control. Such estimates are not binding and the fees and expenses owed will be as set forth in our statements to Client.

**EXPENSES**. Costs and expenses related to our legal services will be included in our statements. Costs may include travel expenses, messenger charges, filing and recording fees, and other costs. We intend to bill such expenses to Client at our cost. Certain other expenses, such as photocopying will be billed in accordance with our standard schedule of charges.

Melissa Haselden
September 16, 2022
Page 2

---

**STATEMENTS**. Our statements are rendered monthly and are due upon receipt (**subject to bankruptcy court approval**). If there is any question concerning a bill, we ask that it be raised within thirty (30) days. In the event that our statements are not timely paid, we reserve the right to suspend our services until satisfactory payment arrangements are made, or if necessary, to terminate such services.

**RETAINER**. As an accommodation to you, the Firm agreed to waive its requirement of a retainer.

**CLIENT AND SCOPE OF REPRESENTATION**. In this engagement, our representation is solely of Client. Our engagement is limited to the matter described above and if we agree to perform additional legal services, this letter will apply to such services. Unless specifically agreed to by us in a letter like this one, we will not be representing other related persons or entities, including any subsidiaries, affiliates or shareholders. In addition, we will provide only legal advice and services, and not financial, accounting, business or other advisory services.

**TERMINATION**. Client is free to terminate this engagement at any time for any reason, as are we. If this engagement is terminated, Client remains responsible for the payment of fees and expenses incurred until termination, and since court approval is required, both of us will cooperate in obtaining it.

**CONTACT PERSON**. Unless Client otherwise directs, I will be your principal contact. However, if Client wishes to address any concerns regarding this engagement with someone other than me, please feel free to contact Wade Cooper, our firm-wide Managing Partner.

**CONFLICTS**. Please be aware that Jackson Walker represents many other companies and individuals. It is possible that while we are representing Client, some of our present or future clients will have disputes or transactions with Client. By entering into this engagement letter, Client agrees that Jackson Walker may continue to represent, or may undertake in the future to represent, existing or new clients in any matter that is not substantially related to our work for Client in this matter, even if the interests of such clients in those other matters are directly adverse to Client. We agree, however, that Client's prospective consent shall not apply in any instance where, as a result of representing Client, we have obtained proprietary or other material, confidential, non-public information, that, if known to such other client, could be used by such client to Client's material disadvantage in the other matter.

**GUARANTEE DISCLAIMER**. We will do our best to provide Client with the legal services reasonably necessary to achieve a result satisfactory to Client. However, the outcome of all transactions or lawsuits is subject to uncertainties and risks, and we make no promises, warranties or guarantees to Client concerning the outcome of our legal representation. Any statements we may make are expressions of opinion only.

---

***CONCLUSION AND DISPOSITION OF DOCUMENTS***. Our representation of Client will terminate when we send the final statement for services rendered. Upon the conclusion of this matter, Client will promptly advise us which, if any, documents Client wish us to return to Client. Client agrees that we need not return or provide any electronic information, except upon payment of our reasonable costs. We may retain copies for our records. We will retain or dispose of any documents, including electronic information, in accordance with our record retention policy then in effect.

***ONLY AGREEMENT***. This written agreement supersedes all prior oral or written agreements and may be amended or changed only in writing signed by both parties.

Once again, we are very pleased to represent Client. Please confirm acceptance of the terms of our engagement by having an authorized representative of Client sign the enclosed copy of this agreement in the space provided below and return it to me.

If you have any questions concerning this letter or the engagement, please do not hesitate to call.

Sincerely,

Elizabeth C. Freeman

Agreed to and accepted 10/11/, 2022.

MELISSA HASELDEN, SUB CHAPTER V TRUSTEE FOR FREE SPEECH SYSTEMS LLC.

By: ____________________
Name: ____________________
Title: ____________________

THE STATE BAR OF TEXAS INVESTIGATES AND PROSECUTES PROFESSIONAL MISCONDUCT COMMITTED BY TEXAS ATTORNEYS. ALTHOUGH NOT EVERY COMPLAINT AGAINST OR DISPUTE WITH A LAWYER INVOLVES PROFESSIONAL MISCONDUCT, THE STATE BAR'S OFFICE OF GENERAL COUNSEL WILL PROVIDE YOU WITH INFORMATION ABOUT HOW TO FILE A COMPLAINT. PLEASE CALL 1-800-932-1900 TOLL-FREE FOR MORE INFORMATION.

## Exhibit B

**Freeman Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| FREE SPEECH SYSTEMS LLC, ) | Case No. 22-60043 |
| ) | |
| Debtor. ) | |
| ) | |

**DECLARATION OF ELIZABETH FREEMAN
IN SUPPORT OF THE APPLICATION TO RETAIN JACKSON WALKER LLP
AS COUNSEL FOR THE SUBCHAPTER V TRUSTEE**

The undersigned proposed attorney for the above-captioned debtor and debtor-in-possession submits this verified statement of disinterestedness pursuant to Bankruptcy Rule 2014(a).

1. My name is Elizabeth Freeman. I am over the age of 18 years, I am competent to make this declaration, and I have personal knowledge of the facts stated herein. Each and every statement contained herein is true and correct.

2. I am an attorney admitted to practice in the State of Texas and in this Court.

3. I am a partner in the law firm of Jackson Walker LLP (the "Firm"). The Firm maintains offices for the practice of law in seven Texas cities including one at 1401 McKinney Street, Suite 1900, Houston, Texas 77010. The Firm's main telephone number is (713) 752-4200 and the Firm's main facsimile number is (713) 752-4221.

4. In conjunction with the Trustee's retention of JW, I directed a search of JW's conflict system for each of the Debtor, the Debtor's creditors, affiliates, and insiders, principals of the Debtor, officers and directors of the Debtors (the "Potential Parties in Interest").

34075192v.1

5. The Firm may represent other affiliates whose identities and affiliation did not show up on the conflicts system. It is possible that there are creditors whom the Debtor did not identify in their records that are clients of the Firm. The following summarizes the findings gleaned from my review of the information available on the Firm's conflicts system divided into current clients of the Firm that are also creditors of the Debtor, former clients, and affiliates of current clients of the Firm that are also creditors of the Debtor, and my and the Firm's connections with the Debtors and their current and former officers, directors, and professionals.

A. **The Firm's Prior Relationship to the Trustee**

6. The Firm and the Trustee entered into the Engagement on October 11, 2022. The Firm has no other representation of the Trustee. The Trustee and I have known one another for a number of years and have worked on matters as opposing counsel and also as counsel representing parties with common interests. On occasion, myself and others with JW refer potential clients to the Trustee.

B. **Current Clients of the Firm that are Creditors of the Debtor**

7. The Firm currently represents or has represented entities or affiliates of AT&T including, but not limited to AT&T Corporation, AT&T Mobility, AT&T Knowledge Ventures, L.P., and Southwestern Bell Telephone Company d/b/a AT&T Texas (collectively, the "AT&T Entities"). It appears that AT&T is a creditor of the Debtor. In the event that any matters or issues arise that are directly adverse to these current clients of the Firm, these matters or issues will be handled by other counsel, as appropriate. Revenues from the Firm's representation of AT&T is less than 1% of the Firm's annual revenues.

C. **Creditors of the Debtor that are Adverse to the Firm's Clients**

8. The Firm did not find that it represents, or has represented in the past, clients that are adverse or potentially adverse to numerous creditors (or affiliates of creditors) of the Debtor.

34075192v.1

**D.     The Firm's Connections with the Debtor, Officers, and Professionals**

9.     Lucy Johnson-Davis, with the United States Trustee's Office in Houston, was previously employed by the Firm.

10.    Except as set forth herein, neither I nor the Firm have had any connection with the Debtor, insiders or affiliates of the Debtor, the Debtor's creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the Office of the United States Trustee, and are disinterested persons within the meaning of 11 U.S.C. § 101(14), to the best of my knowledge.

**E.     Statement Regarding United States Trustee Guidelines**

11.    The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. The Firm also intends to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Fee Guidelines"), both in connection with this Application as well as any interim and final fee applications that may be filed by the Firm in connection with this chapter 11 case.

12.    The Firm will periodically review both the changes in identifiable parties in interest of the Debtor and clients of the Firm as such information becomes available or relevant, and will update this disclosure as appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed October 11, 2022

/s/ *Elizabeth C. Freeman*
Elizabeth C. Freeman

4

34075192v.1

**Schedule 1**

**Schedule of Searched Parties/Terms**

Elevated Solution
Free Speech
Greenair
Christopher Sadowski
Copycat Legal
Edgecast
Atomial
Ready Alliance
Cloudfare
Getty Images
Jacquelyn Blott
RatsMed
Rapid Med
Joel Skousen
David Icke
Icke Book
Ickonic
Commerce Con
WWCR
Paul Watson
JW JIB
Brennan Gilmore
Civil Rights Clinic
CustomTattoo
AT&T
Justin Lair
PQPR

Stephen Lemmon
Melissa Haselden
Anthony Gucciardi
Aurium
Patrick Riley
Blue Ascension
Neil Heslin
Scarlett Lewis
Leonard Pozner
Veronique De La Rosa
Marcel Fontaine
David Wheeler
Francine Wheeler
Jacqueline Barden
Mark Barden
Nicole Hockley
Ian Hockley
Jennifer Hensel
Donna Soto
Carlee Soto Parisi
Carlos M. Soto
Jillian Soto-Marino
William Aldenberg
William Sherlach
Robert Parker
Joey Delassio
Elevated Solutions
Ray Battaglia

34075192v.1

**Schedule 2**

| JW Client Name | Name Checked Against Database | Relation to Debtors | Status |
|---|---|---|---|
| AT&T Corporation | AT&T | | Client |
| AT&T Mobility | AT&T | | Client |
| AT&T Knowledge Ventures, L.P. | AT&T | | Client |
| Southwestern Bell Telephone Company d/b/a AT&T Texas | AT&T | | Client |

34075192v.1