United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| FREE SPEECH SYSTEMS LLC, | ) Case No. 22-60043 |
| Debtor. | ) |

## STIPULATION AND AGREED ORDER

Free Speech Systems, LLC ("Debtor") initiated the bankruptcy case on July 29, 2022 via the filing of a voluntary chapter 11 petition. Alex E. Jones is the sole member of the Debtor ("Jones"). Melissa Haselden is the duly qualified and acting Subchapter V Trustee (the "Trustee"). PQPR Holdings Limited, LLC asserts a claim secured by substantially all assets of the Debtor ("PQPR"). Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine ( the "Texas Plaintiffs") and David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, and Robert Parker (the "Connecticut Plaintiffs") (together the "Sandy Hook Families"). The Debtor, Jones, the Trustee, PQPR, and the Sandy Hook Families are referred to as the "Parties".

Upon the request and agreement of the Parties, it is ORDERED THAT.

1. Judge Marvin Isgur is appointed as a mediator in this case. At all times in the performance of his mediation duties, Judge Isgur will be acting in his official capacity as a United States Bankruptcy Judge, with all of the privileges and immunities of a United States Bankruptcy Judge.

2. The Court adopts Section S of the Procedures for Complex Cases in the Southern District of Texas (Effective August 1, 2021).

3. <u>Effects of Mediation on Pending Matters</u>. Unless otherwise ordered by the Court, the assignment to mediation does not delay or stay discovery, pretrial hearing dates or trial schedules.

4. <u>Time and Place of Mediation</u>. The mediator will schedule a time and place for the mediation and any pre-mediation conferences.

5. <u>Submission Materials</u>. Each party must submit directly to the mediator such materials (the "Submission") in form and content as the mediator directs. Prior to the mediation, the mediator may talk with the participants to determine what materials would be helpful. The Submission must not be filed with the Court.

6. <u>Protection of Information Disclosed at Mediation</u>. The mediator and the participants in mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties in the course of the mediation. No person may rely on or introduce as evidence in any arbitral, judicial or other proceeding, evidence pertaining to any aspect of the mediation effort, including but not limited to: (A) views expressed or suggestions made by a party with respect to a possible settlement of the dispute; (B) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator, (C) proposals made or views expressed by the mediator; (D) statements or admissions made by a party in the course of the mediation; and (E) documents prepared for the purpose of, in the course of, or pursuant to the mediation. Without limiting the foregoing, the parties are bound by (i) FED. R. EVID. 408, and (ii) any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediations or other alternative dispute resolution procedures. Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a party in the mediation.

7. <u>Discovery from Mediator</u>. The mediator may not be compelled to disclose to the Court or to any person any of the records, reports, summaries, notes, communications or other documents received or made by the mediator while serving in such capacity. The mediator may not testify or be compelled to testify regarding the mediation in connection with any arbitral, judicial or other proceeding. The mediator will not be a necessary party in any proceedings relating to the mediation. Nothing contained in this paragraph prevents the mediator from reporting (i) the status, but not the substance, of the mediation effort to the Court; or (ii) whether a party failed to participate in good faith in the mediation.

8. <u>Protection of Proprietary Information</u>. The parties, the mediator and all mediation participants shall protect proprietary information.

9. <u>Preservation of Privileges</u>. The disclosure by a party of privileged information to the mediator does not waive or otherwise adversely affect the privileged nature of the information.

10. <u>Service of Process</u>. No party may be served with a summons, subpoena, notice or other pleading during the mediation or at the location where the mediation is occurring.

11. At least one representative with full settlement authority for each of Parties shall attend the mediation to occur with Judge Isgur at a date agreed upon by the Judge Isgur and the Parties.

12. The scope, location, time and procedures for the mediation will be determined by Judge Isgur, following such consultation with the Parties as he deems appropriate.

Signed: October 12, 2022

_____
Christopher Lopez
United States Bankruptcy Judge

AGREED

/s/ *Shelby A. Jordan*
Shelby A. Jordan (TX State Bar # 11016700)
JORDAN & ORTIZ, P.C.
500 North Shoreline Blvd, Suite 900
Corpus Christi, Texas 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com Copy to: cmadden@jhwclaw.com

**Counsel for Alex E. Jones**

/s/ *Raymond W. Battaglia*
Raymond W. Battaglia (TX State Bar # 01918055)
Law Offices of Raymond W. Battaglia
66 Granburg Circle
San Antonio, Texas 78218
Telephone: 210-601-9405
Email: rbattaglialaw@outlook.com

**Counsel for Free Speech Systems, LLC**

/s/ *Stephen W. Lemmon*
Stephen W. Lemmon (TX State Bar # 12194500)
1801 South Mopac Expressway, Ste. 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
Email: lemmon@slollp.com

**Counsel for PQPR Holdings Limited, LLC**

/s/ *Elizabeth Freeman*
Elizabeth Freeman (TX State Bar # 24009222)
**JACKSON WALKER LLP**
1401 McKinney Suite 1900
Houston, TX 77010
Federal I.D. 24564
Telephone: 713-752-4328
Facsimile: 713-752-4221
Email: efreeman@jw.com

**Counsel for Melissa Haselden, subchapter V trustee**

(Signatures Continued on Next Page)

/s/ *Jarrod B. Martin*
Jarrod B. Martin (TX State Bar # 24070221)
**CHAMBERLAIN HRDLICKA**
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone: 713.356.1280
Facsimile: 713.658.2553
Email: jarrod.martin@chamberlainlaw.com

**Counsel for Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine**


/s/ *Ryan E. Chapple*
Ryan E. Chapple (TX State Bar # 24036354)
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
Telephone: 512-477-5000
Facsimile: 512-477-5011
Email: rchapple@cstrial.com

**Counsel for David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, and Robert Parker**