UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | **Case No. 22-60043** |
| | § | |
| **DEBTOR.** | § | **Chapter 11 (Subchapter V)** |
| | § | |

**MOTION OF W. MARC SCHWARTZ AND SCHWARTZ ASSOCIATES, LLC FOR
ORDER ALLOWING ADMINISTRATIVE EXPENSE CLAIM
AND GRANTING RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY
CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU
AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A
REPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST
FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE
THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY
THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A
TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT
FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND
HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE
HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT
MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE
THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR
ATTORNEY**

W. Marc Schwartz and Schwartz Associates, LLC (collectively "Schwartz"), hereby move

for entry of an order substantially in the form attached hereto (the "Proposed Order") pursuant to

sections 105(a), 327, 330, 363(b) and 503 of title 11 of the United States Code (the "Bankruptcy

Code") as follows:

**SUMMARY**

| | |
|---|---|
| Name of applicant: | W. Marc Schwartz and Schwartz Associates, LLC |

| Applicant's professional role in case: | | Proposed Chief Restructuring Officer and Financial Advisor |
|---|---|---|
| Indicate whether this is an interim or final application: | | Final |
| Date order of employment was signed: | | N/A (Requested via this Motion) |
| | Beginning of Period | Ending of Period |
| Total period covered in application | July 30, 2022 | September 20, 2022 |
| Time periods covered by any prior applications | N/A | N/A |
| Total amounts awarded in all prior applications | | $0.00 |
| Amount of retainer received in the case | | $0.00 |
| Total fees applied for in this application and in all prior applications (include any retainer amounts applied or to be applied) | | $ |
| Total professional fees requested in this application | | $347,152.50[1] |
| Total professional hours covered by this application | | 899.20 |
| Average hourly rate for professionals | | $325.00 |
| Total paraprofessional hours covered by this application | | 0.0 |
| Average hourly rate for paraprofessionals | | N/A |
| Reimbursable expenses sought in this application | | $1,311.39 |
| Total amount to be paid to Priority Unsecured Creditors | | TBD |
| Anticipated % Dividend to Priority Unsecured Creditors | | TBD |
| Total to be paid to General Unsecured Creditors | | TBD |
| Anticipated % Dividend to General Unsecured Creditors | | TBD |
| Date of confirmation hearing | | TBD |
| Indicate whether the plan has been confirmed | | No |

## RELIEF REQUESTED

1.      Schwartz requests that the Court enter an order, substantially in the form of the Proposed Order (a) allowing Schwartz an administrative expense claim in the amount of $348,463.89 (the "Requested Administrative Expense Claim") or other amount as agreed to by the

---

[1] This amount represents a reduction of $12,197.00 in fees associated with the disputed Schwartz Employment Application.

parties and announced at or prior to any hearing on this Motion or determined by the Court and (b) authorizing Schwartz to draw the allowed amount of the administrative expense claim allowed against Schwartz's prepetition retainer of $75,000.00(the "Retainer").

## JURISDICTION

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

3.      The bases for the relief requested herein are sections 105(a), 327, 363(c), and/or 503(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014, 2016, and/or 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### A.  Bankruptcy Case and Procedural Posture

4.      On July 29, 2022 (the "Petition Date"), the Free Speech Systems, LLC (the "Debtor") commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (the "Chapter 11 Case") with the Court.

5.      The Debtor filed an application to employ Schwartz on August 20, 2022 [ECF No. 83] (the "Schwartz Employment Application"). The Debtor sought to employ Schwartz as CRO to adequately perform its duties as debtor-in-possession including overseeing daily business affairs and operation of FSS, interfacing with Alex Jones ("Alex Jones" or "Jones"), PQPR Holdings Limited, LLC ("PQPR") and vendors on selection of Supplements and Non-Supplements to stock, preparation of schedules of assets and liabilities, compliance with reporting requirements and various orders of this Court, preparation of final information and testimony and formulation of bankruptcy strategy and plan of reorganization for FSS under the terms set out in the engagement

9165701 v1 (72863.00002.000)

letter attached to the Schwartz Employment Application. Schwartz Employment Application at ¶ 1.

6.     The U.S. Trustee objected to the employment of Schwartz on September 12, 2022, and amended the objection on September 14, 2022 [ECF No. 145] (the "UST Objection").

7.     The UST Objection argued that the Court should deny the Schwartz Employment Application because of the failure of W. Marc Schwartz to supplement his disclosures required under Bankruptcy Rule 2014 in the cases of (the "IW Cases") of InfoW, LLC, IWHealth, LLC, and Prison Planet, LLC to indicate that he had begun working for the Debtor prior to the dismissal of the IW Cases. The U.S. Trustee argued that it was appropriate for the Court to exercise its broad discretion under Section 327(a) to address Mr. Schwartz's prior acts in the related cases—which this case is essentially a continuation of—and deny the Schwartz Application. UST Objection ¶ 2.

8.     The Court denied the Schwartz Employment Application at the September 20, 2022, hearing on the Schwartz Employment Application (the "September 20 Hearing"). The Court left open, however, the issue of whether Schwartz was entitled to compensation for the work performed:

> I understand that that's going to require some questions as to where that leaves Shannon and Lee and Mr. Schwartz in terms of you know, retention and the work that they've done. And I'll be looking to the Subchapter 5 trustee for guidance here, but there was good work done here. And I think Schwartz and Associates, right, helped the process. We've got cash collateral budgets in place and there was folks who would answer phone calls. From what I hear, what Mr. Schwartz encountered -- and I don't want anyone to leave thinking that I don't think they should be compensated for -- for good work in this case.

Hrg. Tr. 256:14-24. The Court ruled that all rights were reserved with respect to that issue. *Id.* at 257:3-4.

9165701 v1 (72863.00002.000)

9.      On October 4, 2022, Schwartz filed a motion under Rule 59 of the Federal Rules of Civil Procedure seeking a rehearing on the issue of disinterestedness and employment under Bankruptcy Code § 327(e) [ECF No.207] (the "Rule 59 Motion"). Alex Jones [ECF No. 217] and the U.S. Trustee [ECF No. 223] filed objections to the Rule 59 Motion.[2] Both Jones and the U.S. Trustee disputed the standing/authority of Schwartz to seek the relief requested in the Rule 59 Motion.

10.     The Court set the Rule 59 Motion for hearing on October 12, 2022. So that negotiations could continue with the U.S. Trustee and other parties in interest, and to prevent potential conflicting outcomes, Schwartz requested that the hearing on the Rule 59 Motion be continued to November 16, 2022. In the absence of opposition from the parties that objected to the Rule 59 Motion, the Court continued the hearing.

**B. Services Provided by Schwartz Prior to Denial of the Schwartz Employment Application.**

11.     Schwartz maintained detailed written records of the time expended by its professionals rendering professional services to the Debtor during the period from July 30, 2022, through September 20, 2022 (the "Engagement Period"). These time records are reflected in the fee statement attached as **Exhibit A** hereto.

12.     As reflected in the time records, Schwartz professionals provided 899.20 hours of services to the Debtor, as debtor-in-possession, in connection with this chapter 11 case, , as summarized in the following chart which is also attached as **Exhibit C** hereto:

| Timekeeper | Rate | Hours | Fees | Years of Experience |
|---|---|---|---|---|
| Alex Taylor | 150.00 | 31.60 | $ 4740.00 | 8 |
| Christian Schwartz | 470.00 | 130.90 | $ 61,523.00 | 14 |

---

[2] The Sandy Hook Plaintiffs joined in the U.S. Trustee's objection [ECF No. 226].

| | | | | |
|---|---|---|---|---|
| Harold Lee | 280.00 | 115.40 | $ 32,312.00 | 4 |
| Marc Schwartz | 690.00 | 225.60 | $ 155,644.00 | 48 |
| Mary English | 210.00 | 128.30 | $ 26,943.00 | 7 |
| Priya Salagundla | 325.00 | 220.90 | $ 71,792.50 | 5 |
| Susan Schwartz | 150.00 | 46.50 | $ 6,975.00 | 49 |
| TOTAL: | | 899.20 | $359,949.50 | |

13.    Schwartz professionals provided services to the Debtor on several categories of matters necessary in this chapter 11 case. A summary of the time spent by Schwartz professionals on the various aspects of the chapter 11 case are reflected in the following chart which is attached as **Exhibit B**:

| Category | Total Hours | Total Fees |
|---|---|---|
| Preparation and maintenance of bankruptcy scheduled and Statement of Financial Affairs | 80.90 | $ 28,265.00 |
| Prepare and maintain rolling 13 week cash flow budgets | 45.70 | $ 17,738.00 |
| Maintaining books of account | 158.30 | $ 51,074.50 |
| Court filings | 30.70 | $ 19,385.00 |
| Prepare for and attend court hearings and creditor meetings | 82.10 | $ 48,317.00 |
| Inventory management and acquisition | 10.40 | $ 7,176.00 |
| Payroll | 19.10 | $ 9,157.00 |
| Managing accounts payable and banking | 306.20 | $ 85,456.50 |
| Attention to operations | 23.30 | $ 13,936.00 |
| Working on plan of reorganization | 9.10 | $ 6,279.00 |
| Travel time (1/2 time charged) | 17.00 | $ 8,840.00 |
| Meetings with bankruptcy counsel | 67.80 | $ 38,285.00 |
| Internal meetings | 17.40 | $ 6,407.50 |
| Other | 14.50 | $ 8,110.00 |
| Investigations | 2.90 | $ 2,001.00 |
| Discovery | 13.80 | $ 9,552.00 |

9165701 v1 (72863.00002.000)

| | TOTAL: | 899.20 | $ | 359,949.50 |
|---|---|---|---|---|

14.    In connection with providing the services set out above for the Debtor as debtor-in-possession, Schwartz incurred out-of-pocket expenses totaling $1,311.39. These expenses are reflected in the following chart which is also attached as **Exhibit D**:

| Date | Category | Description | Quantity | Unit Price | Amount |
|---|---|---|---|---|---|
| 7/30/2022 | Prepare for and attend court hearings and creditor meetings | Documents for 1st day hearing | 58 | $   0.25 | $   14.50 |
| 8/17/2022 | Prepare for and attend court hearings and creditor meetings | (Hyatt) Hotel stay in Austin, TX. on 8/18/22 for Dr. Joe | 1 | $ 266.85 | $   266.85 |
| 8/16/2022 | Prepare for and attend court hearings and creditor meetings | (American airlines) Flight from DFW to AUS for Dr. Joe | 1 | $ 744.19 | $   744.19 |
| 8/16/2022 | Prepare for and attend court hearings and creditor meetings | (Allianz) Trip Insurance from DFW to AUS for Dr. Joe | 1 | $   42.20 | $   42.20 |
| 8/11/2022 | Managing accounts payable and banking | Endorsement stamps for checks | 1 | $   53.41 | $   53.41 |
| 8/03/2022 | Travel | Miles from SALLC office to Austin, TX and back | 328 | $   .58 | $   190.24 |
| | | | | TOTAL: | $1,311.39 |

15.    These expenses were necessary expenses for the Debtor to incur to administer its chapter 11 case and, to preserve the value of the Debtor's estate.

16.    Pursuant to the Local Rules of Bankruptcy Procedure, Schwartz has segregated its time spent on this engagement into project billing categories as follows:

a.      Schedules and SOFA.  Schwartz spent a total of 80.90 hours working on preparing Debtor's Schedules and Statement of Financial Affairs for which Schwartz requests allowance of an administrative expense of $28,265.00. Time spent in this category was devoted to tasks such as: researching the accounting records and recording the information contained therein in the appropriate sections of the Bankruptcy Schedules and Statement of Financial Affairs.

b.      Preparing and Maintaining Rolling 13 Week Cash Flow Budgets. Schwartz spent 45.70 hours preparing and maintaining Debtor's rolling 13 week cash flow budgets for which Schwartz requests allowance of an administrative expense of $17,738.00.  Time spent in this category was devoted to tasks such as:  analyzing Debtor's weekly operations as recorded in the Debtor's books of account for the two months preceding bankruptcy to identify recurring income and expenditures by the approximate week they were paid or received.  Following preparation of the initial 13 Week Budget, Schwartz updated the Budget as circumstance dictated and prepared actual to budget comparisons and variance reports which were provided to creditors representatives and the Subchapter V Trustee.

c.      Maintaining Books of Account.  Schwartz spent 158.30 hours maintaining Debtor's books of account for which Schwartz requests allowance of an administrative expense of $51,074.50.  Time spent in this category was devoted to tasks such as:  as the Debtor had no accounting personnel and was unable to locate a bookkeeping service willing to work for the Debtor, Schwartz personnel continued to maintain the books of account following the bankruptcy filing.  This involved recording all financial transactions in the books of account, and reconciling the bank and accounts payable ledgers each month.

d.      Court filings.  Schwartz spent 30.70 hours on court filings for which Schwartz requests allowance of an administrative expense of $19,385.00.  Time spent in this

9165701 v1 (72863.00002.000)

category was devoted to tasks such as: This task principally consists of time spent reviewing court filings and drafts of proposed filings provided by counsel.

       e.    <u>Preparation for and Attendance at Court Hearings and Creditor Meeting</u>. Schwartz spent 82.10 hours preparing for and attending Court hearings and the Creditor Meeting for which Schwartz requests allowance of an administrative expense of 48,317.00. Time spent in this category was devoted to tasks such as: This task involved reviewing documents and schedules in preparation for attending court hearings, attending Initial Debtors Conference and the 341 meeting and respond to questions, and locating an expert on inventory fulfillment issues in preparation for probable testimony at a cash collateral hearing.

       f.    <u>Inventory Management and Acquisition</u>. Schwartz spent 10.40 hours on Debtor's inventory management and acquisition for which Schwartz requests allowance of an administrative expense of $7,176.00. Time spent in this category was devoted to tasks such as: This task was time spent by the CRO in working on solutions to acquiring new inventory without incurring additional liabilities and in evaluating inventory on hand and Debtor's proposed inventory acquisitions.

       g.    <u>Payroll</u>. Schwartz spent 19.10 hours with respect to Debtor's payroll for which Schwartz requests allowance of an administrative expense of $9,157.00. Time spent in this category was devoted to tasks such as: Following the filing of the Bankruptcy Petition, ADP, the Debtor's payroll service, advised the Debtor that it was terminating the business relationship. This time was incurred in locating a viable alternative payroll solution as well as replacement life, health and disability insurance for the Debtor's employees.

       h.    <u>Maintaining Accounts Payable and Banking</u>. Schwartz spent 306.20 hours maintaining Debtor's accounts payable and banking transactions for which Schwartz requests

9165701 v1 (72863.00002.000)

allowance of an administrative expense of $85,456.50. Time spent in this category was devoted to tasks such as: This task involved making changes to the Debtor's accounts payable system to permit accounting to receive all vendor invoices when submitted by the vendor and clearing a large backlog of past due invoices. Daily Schwartz personnel received vendor invoices, processed them into accounts payable and set them up for payment. Ultimately, Schwartz personnel were paying the unpaid invoices every Friday.

      i.     <u>Operations</u>. Schwartz spent 23.30 hours with respect to Debtor's operations for which Schwartz requests allowance of an administrative expense of $13,936.00. Time spent in this category was devoted to tasks such as: This task primarily involved reviewing daily reports on merchandise sales and fulfillment, meeting with Debtor senior management on personnel, inventory, and explaining new health care plan to employees.

      j.     <u>Plan of Reorganization</u>. Schwartz spent 9.10 hours with respect to Debtor's Plan of Reorganization for which Schwartz requests allowance of an administrative expense of $6,279.00. Time spent in this category was devoted to tasks such as: This time principally consists of time spent analyzing operations and developing an estimate of probable disposable income for use in the proposed Plan of Reorganization.

      k.     <u>Travel Time</u>. Schwartz spent 17.00 hours of travel time that was billed ay ½ the standard hourly rate for which Schwartz requests allowance of an administrative expense of $8,840.00. Time spent in this category was devoted to tasks such as: This is time spent traveling to and from the Debtor's principal place of business in Austin.

      l.     <u>Meetings with Bankruptcy Counsel</u>. Schwartz spent 67.80 hours meeting with bankruptcy counsel for which Schwartz requests allowance of an administrative expense of $38,285.00. Time spent in this category was devoted to tasks such as: This task consists of time

9165701 v1 (72863.00002.000)

expended attending daily meetings with the Debtor's bankruptcy counsel to review issues, status of work in process, pending filings and hearings, and problems.

      m.    <u>Internal Meetings</u>.  Schwartz spent 17.40 hours for internal meetings for which Schwartz requests allowance of an administrative expense of $6,407.50.  Time spent in this category was devoted to tasks such as:  This task consists of meetings of Schwartz' personnel for the purpose of reviewing work completed, making assignments of work, and communicating information needed to complete assigned tasks.

      n.    <u>Other</u>.  Schwartz spent 14.50 hours on other miscellaneous matters for which Schwartz requests allowance of an administrative expense of $8,110.00.  Time spent in this category was devoted to tasks such as:  This involves a variety of miscellaneous tasks such as virtual meeting with the Debtor's corporate representative to brief her on current developments at the Debtor, reviewing proposed engagement agreements to employ counsel, and responding to questions from trial counsel.

      o.    <u>Investigations</u>.  Schwartz spent 2.90 hours on investigations for which Schwartz requests allowance of an administrative expense of $2,001.00.  Time spent in this category was devoted to tasks such as:  Researching transactions with PQPR and the Debtor, owner draws, and legal bills incurred by the Debtor.

      p.    <u>Discovery</u>.  Schwartz spent 13.80 hours on discovery for which Schwartz requests allowance of an administrative expense of $9,522.00.  Time spent in this category was devoted to tasks such as:  Responding to interrogatories and requests for production served on the Debtor.

## BASIS FOR RELIEF

**A.**    **Compensation and Reimbursement of Expenses under Bankruptcy Code § 330 for Services Provided Prior to September 20, 2022**

9165701 v1 (72863.00002.000)

17.     While the Court questioned Schwartz's ability to impartially represent the Debtor regarding difficult decisions that may become necessary related to Alex Jones and PQPR (Hrg. Tr. 247:6-11), it also stated that its decision left open questions about where that left Schwartz in terms of retention and the work it performed prior to the ruling (Hrg. Tr. 256:14-17). Further, the Court stated that all parties' rights were reserved with respect to compensation for the services provided in the case. (Hrg. Tr. 257:3-4).

18.     The Debtor has elected to leave this issue for the relevant professionals to pursue.[3] On October 3, 2022, the Debtor filed an emergency application to employ Patrick Magill as replacement CRO and the Court entered an order approving the employment of Mr. Magill on October 13, 2022. The Court entered an order compelling mediation on October 12, 2022 [ECF No. 233].

19.     Courts have held that a professional may seek approval of its employment in connection with an application for compensation. In *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474 (B.A.P. 9th Cir. 1996), *aff'd* 139 F.3d 1303 (9th Cir. 1998), the debtor-in-possession entered an agreement to retain a broker and filed an application to employ the broker with the bankruptcy court. *Id.* at 477. After the broker began marketing the debtor's real property, the debtor later withdrew the application upon learning that the broker was a business partner for the successful purchaser and loaned the successful purchaser the escrow deposit to participate in an auction. *Id.* The broker later filed an application to employ on its own behalf. The Court denied the broker's application to employ because it was not filed by the debtor but that it should seek

---

[3] Schwartz has and will continue to offer its assistance to the new CRO and has done so directly and through counsel for FSS. Through this Motion, Schwartz seeks only allowance of an administrative expense and related relief. Schwartz does not seek to require the Debtor to continue to engage Schwartz going forward.

9165701 v1 (72863.00002.000)

compensation under Bankruptcy Code § 503(b). *Id.* The bankruptcy court subsequently granted the broker's motion for administrative expense under section 503(b). *Id.* In ruling on the debtor's appeal, the Ninth Circuit B.A.P. reasoned that the broker *did* have standing to seek its employment and treated the request for administrative expense as an application to employ. *See Id.* at 479-80 ("The bankruptcy court's award of fees was de facto approval of [the broker's] employment."). Other courts have also considered and approved retroactive employment of the in the context of applications for compensation. *E.g.*, *In re McKenzie*, No. 08-16378, 2013 Bankr. LEXIS 2672 (Bankr. E.D. Tenn. July 2, 2013); *In re Little Greek Rest.*, 205 B.R. 484 (Bankr. E.D. La. 1996); *In re Saybrook Mfg. Co.*, 108 B.R. 366 (Bankr. M.D. Ga. 1989); *see also In re Triangle Chems.*, 697 F.2d 1280, 1289 (5th Cir. 1983) (reversing a bankruptcy court's decision on the basis that the court had discretion to approve such employment).

20.     While the Court denied the Schwartz Employment Application—employment of Schwartz as CRO and FA going forward— Schwartz submits that it was a disinterested person with respect to the services provided from the Petition Date through September 20, 2022, and is therefore eligible to be employed and compensated for such services. As set out in the declaration of W. Marc Schwartz accompanying the Schwartz Employment Application and presented in evidence at the September 20 Hearing, Schwartz was not  (a) a creditor, equity security holder, or insider of the Debtor during that period or (b) or within two years before the Petition Date a director, officer, or employee of the debtor.  Schwartz does not have any economic interest that would tend to lessen the value of the estate or create an actual or potential dispute in which the estate is a rival claimant. And, as set out in detail in the Rule 59 Motion, Schwartz had no predisposition that renders bias against the estate under the circumstances with respect to the

9165701 v1 (72863.00002.000)

services provided during the Engagement Period.[4]

21.     The Court has the authority to allow compensation for Schwartz for the services provided to the Debtor through September 20, 2022, that are not related to any potential conflict, without disturbing the order entered on September 20, 2022.  As described in *In re Mehdipour*—summarized above—while compensation must be denied while a professional has a conflict, the "bankruptcy court has discretion to award or deny compensation for services performed outside of a conflict" and "[t]he court is not required to deny fees for work actually performed." 202 B.R. at 478. Other courts have similarly held that professionals may be retained and compensated for work performed unrelated to an adverse interest that they hold or represent. *See, e.g., In re Relativity Media, LLC*, No. 18-11358 (MEW), 2018 Bankr. LEXIS 2037, at *20 (Bankr. S.D.N.Y. July 6, 2018) (authorizing employment of attorney for debtor-in-possession on the condition of obtaining separate counsel to address disputes against a party with respect to which the attorney had a conflict); *Exco Res. v. Milbank*, 2003 U.S. Dist. LEXIS 1442, at *26 (S.D.N.Y. Jan. 28, 2003) (affirming employment of counsel where attorney would not be handling any matter with respect to the matter in which the attorney had an adverse interest); *In re Granite Partners, L.P.*, 219 B.R. 22, 41 (Bankr. S.D.N.Y. 1998) ("[A] conflict does not necessarily taint every aspect of the representation. Where the professional has performed some service of unquestioned value, total denial of fees might result in an inequitable windfall to the estate.") (allowing fees for services not related to any conflict); *In re Leslie Fay Cos.*, 175 B.R. 525, 539 (Bankr. S.D.N.Y. 1994) (authorizing attorney to continue to provide services on matters that it had already started but not take on new matters and allowing fees for unconflicted matters).

**B.     The Requested Administrative Expense Claim meets the Standards of Compensation and Reimbursement Under Bankruptcy Code §330.**

22.     Subject to employment for the services Schwartz provided through September 20, 2022, the Requested Administrative Expense Claim is compensable under Bankruptcy Code § 330. The compensation awarded must be reasonable for services that were actually provided and

---

[4] As set out in detail in the Rule 59 Motion, Schwartz identified and advocated for positions directly contrary to the positions asserted by Alex Jones and PQPR during and prior to the Engagement Period.

9165701 v1 (72863.00002.000)

necessary for administration of the bankruptcy estate or to achieve a reasonably likely benefit to the estate. *See* 11 U.S.C. § 330(a); *In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015). Reimbursement must be for actual and necessary expenses. *See* 11 U.S.C. § 330(a)(1)(B). Section 330(a)(3) indicates that courts should take into account all relevant factors in determining the amount of reasonable compensation and lists six (6) non-exclusive factors.

23.     The Fifth Circuit has instructed that additional factors apply with respect to attorneys. In *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977), the Fifth Circuit adopted twelve factors to apply to the determination of awards of attorneys' fees in bankruptcy cases: (i) time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal service properly; (iv) the preclusion of other employment by the professional due to acceptance of the case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *In re First Colonial*, 544 F.2d at 1298-99. These factors were borrowed from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), a non-bankruptcy case, and are commonly referred to as the "*Johnson* factors."

24.     Applied to the services of Schwartz in this Case, those factors are addressed as follows:

      a.   <u>Time and Labor Required.</u> The professional services rendered by Schwartz on behalf of the Debtor required a high degree of professional competence and expertise. **Exhibit A** to this Motion contains copies of Schwartz's time entries for services provided to the Debtor, as debtor in possession, in this chapter 11 case through September 20, 2022, and sets forth in detail all the time for which

9165701 v1 (72863.00002.000)

compensation is sought, as well as the specific actions or matters addressed by each of the professionals.

b.  <u>Novelty and Difficulty of Questions Presented.</u> This Johnson factor examines the degree of novelty and difficulty of the issues encountered by Schwartz in representing the Debtor.  Schwartz faced several difficult and complex legal issues, including:

    i.  The General Ledger had not been posted for 2022;

    ii.  Devising mechanisms and strategy to locate the information to accurately post the General Ledger;

    iii.  ADP notified the Debtor that it had terminated the contract and Schwartz was forced to find a replacement payroll service;

    iv.  Obtaining health, life and disability insurance to replace that offered by ADP;

    v.  Creating the Schedules and SOFA;

    vi.  Addressing inventory fulfillment issues;

    vii.  Bookkeeping issues;

    viii.  Banking challenges;

    ix.  Balancing issues relating to the Texas and Connecticut Litigation;

    x.  Issues relating to PQPR; and

    xi.  Addressing the numerous emergencies arising related to the Debtor's daily business operations.

c.  <u>Skill Requisite to Perform Service.</u> The services provided by Schwartz required a high level of skill, particularly because of the compressed time periods and finding creative ways to finance the Debtor's business;

d.  <u>Preclusion of Other Employment Due to Acceptance of Case.</u> The complexity and urgency of this case severely curtailed Schwartz' ability to develop business;

e.  <u>Customary Fee.</u> The hourly rates sought herein are commensurate with the rates charged and approved in other bankruptcy proceedings pending in the Southern District of Texas;

9165701 v1 (72863.00002.000)

f.  <u>Whether the Fee is Fixed or Contingent.</u> Schwartz charges its customary hourly rate and no part of its fee is contingent;

g.  <u>Time Limitations Imposed by Client or Other Circumstances.</u> The time requirements of this Case have been significant given the circumstances surrounding the Debtor;

h.  <u>Amount Involved and Results Obtained.</u> Schwartz provided 899.20 hours of CRO and related services to the Debtor. As a result of Schwartz's efforts, the Debtor was able to balance its books, prepare weekly financials, resolve issues with its vendors, implement a new payroll service and find alternative sources of funding;

i.  <u>Experience, Reputation and Ability of Professionals.</u> W. Marc Schwartz is experience bankruptcy professional with a stellar reputation. The professionals reflected on **Exhibit C**, hereto are experienced restructuring professionals of significant integrity in the Southern District of Texas;

j.  <u>Undesirability of Case.</u> Representation of the Debtor in this chapter 11 case was undesirable. The Debtor's principal is a controversial figure and the subject of public ire. Further, given the contentious nature of the Sandy Hook Litigation and the underlying claims, even matters that should be easily agreed on are fiercely contested;

k.  <u>Nature and Length of Professional Relationship with Client.</u> Schwartz acted as CRO in the IW Cases and thereafter was retained by this Debtor; and

l.  <u>Award in Similar Cases.</u> The compensation requested herein is comparable to, if not less than, the compensation allowed in other cases similar in size and complexity to this case.

C.  **Administrative Expense under Bankruptcy Code Bankruptcy Code § 503(b)(1)(A) for Costs and Expenses Necessary to Preserve the Estate**

25.     *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474 (B.A.P. 9th Cir. 1996), *aff'd* 139 F.3d 1303 (9th Cir. 1998)—summarized above—additionally provides support for a professional seeking limited compensation under Bankruptcy Code § 503(b)(1)(A). According to the 9th Circuit B.A.P., "[c]ourts may allow compensation for professional services under § 503(b)(1)(A) as administrative expenses if the services provided by a disinterested professional were necessary to preserve the estate." *Id.* at 478. The standard for an administrative expense for such services is higher than for compensation under Bankruptcy Code § 330. *See id.*

9165701 v1 (72863.00002.000)

at 479 ("[I]n order for the court to grant compensation under § 503, the services 'must benefit all the creditors, be necessary for a successful reorganization, and generally arise from operating the estate in the overall interests of the creditors.'").

26.      This is consistent with the Fifth Circuit Court of Appeals' decision in *McBride v. Riley (In re Riley)*, 923 F.3d 433 (5th Cir. 2019). Although *In re Riley* involved a chapter 13 case, the Court of Appeals reasoned that there were two ways that payments owed to a debtor's attorney could be classified as an administrative expense claim: "(1) if the payments are necessary expenses to preserve the estate under § 503(b)(1); or (2) if the payments are compensation or reimbursement under § 503(b)(2) (which links to 11 U.S.C. § 330(a), which, in turn, under § 330(a)(4)(B), permits 'reasonable compensation' for attorneys based on services rendered)."[5] *Id.* at 436.

27.      In analyzing whether particular expenses advanced by the attorney in *In re Riley* fell under the rubric, the Fifth Circuit applied the standard two-prong test of whether an obligation was an "administrative expense." *Id.* at 439. The first prong is that the obligation must arise from a post-petition transaction with the estate, rather than the debtor personally. *Id.* The second prong is that the goods or services received in exchange for the obligation must directly benefit the estate. *Id.* As indicated in the Court of Appeals' ultimate ruling that the relevant expenses could be considered and allowed as part of the attorney's compensation and reimbursement under section 330—but not as section 503(b)(1)(A) administrative expenses—the standard under section 503(b)(1)(A) is stricter. *See id.* at 441. The costs and expenses must maintain or add value to the estate to fall under Bankruptcy Code § 503(b)(1)(A). *Id.* at 440.

28.      Schwartz submits that all of the Requested Administrative Expense Claims is for services provided to and expenses incurred on behalf of the Debtor that directly preserved the

---

[5] In a chapter 11 case, section 330(a)(1)—rather than section 330(a)(4)(B)—applies with respect to professional compensation.

9165701 v1 (72863.00002.000)

Debtor's bankruptcy estate, including, without limitation (a) creating accounting information to facilitate a Plan of Reorganization; (b) managing vendor relationships; (c) preserving employee value and employee benefits; (d) providing a new inventory funding mechanism; and (e) preserving the Debtor's banking relationships.

**D. Application of Retainer.**

29.     Schwartz holds the Retainer in the amount of $75,000.00 in its trust account. Schwartz requests that, upon allowance of this Motion, Schwartz be permitted to apply the retainer it is holding to its allowed administrative claim.   To the extent not otherwise authorized pursuant to this Motion, Schwartz requests authority to draw on the Retainer that was provided for these expenses pursuant to Bankruptcy Code § 363(c).

## CONCLUSION

WHEREFORE, Schwartz respectfully requests that this Court enter an order substantially in the form of the Proposed Order (a) in the amount of the Requested Administrative Expense Claim or other amount as agreed to by the parties and announced at or prior to any hearing on this Motion or determined by the Court and (b) authorizing Schwartz to draw the allowed amount of the administrative expense claim allowed against the Retainer. This relief is consistent with the Court's ruling at the September 20 Hearing and does not require disturbing the related order.

Respectfully submitted,

KANE RUSSELL COLEMAN & LOGAN PC

By:   */s/ Michael P. Ridulfo*
Michael P. Ridulfo
State Bar No. 16902020
Federal Bar No. 27086
5151 San Felipe, Suite 800
Houston, Texas 77056
(713) 425-7400
(713) 425-7700 (fax)
E-mail: mridulfo@krcl.com

9165701 v1 (72863.00002.000)

*Counsel for W. Marc Schwartz and Schwartz Associates, LLC*

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served (a) at the time of filing, by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive such service and (b) within 24 hours of the filing, on the parties on the attached service list by U.S.P.S. first class mail.

*/s/Michael P. Ridulfo*
Michael P. Ridulfo

## SERVICE LIST

Debtor and Counsel

Free Speech Systems, LLC
3019 Alvin Devane Blvd., STE 300
Austin, TX 78741

Attn: Ray Battalia
Law Offices of Raymond W. Battaglia
66 Granburg Cir.
San Antonio, TX 78218

Twenty Largest Unsecured Creditors

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06870

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive STE 301
Coral Springs, FL 33065

Atomial LLC
1920 E. Riverside Dr.
Suite A-120 #124
Austin, TX 78741

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Jacquelyn Blott
200 University Blvd
Suite 225 #251
Round Rock, TX 78665

Joel Skousen
PO Box 565
Spring City, UT 84662

eCommerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405

Paul Watson
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire S10 3FA
United Kingdom

Brennan Gilmore
c/o Civil rights Clinic
600 New Jersey Avenue, NW
Washington, DC 20001

Greenair, Inc
23569 Center Ridge Rd
Westlake, OH 44145

Edgecast, Inc
Dept CH 18120
Palatine, IL 60055

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

WWCR
1300 WWCR Ave
Nashville, TN 37218-3800

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404

CustomTattoNow.com
16107 Kensington Dr. #172
Sugar Land, TX 77479

AT&T
PO Box 5001
Carol Stream, IL 60197-5001

Justin Lair
1313 Lookout Ave
Klamath Falls, OR 97601

26

Parties Claiming Interest or Lien Affected

PQPR Holdings Limited, LLC
c/o Stephen Lemmon
1801 S. Mopac Expressway. Suite 320
Austin, TX 78746

Parties Filing Notice of Appearance

Ryan E. Chapple Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 7870

Randy W. Williams
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581

Attn: Shelby Jordan Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401

John D Malone Attorney at Law
5400 Bosque Blvd., Ste. 650
Waco, TX 76710

Jason Starks
Travis County Attorney's Office
P.O. Box 1748
Austin, TX 78767

Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite
1400 Houston, TX 77002

Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548 Austin, TX 78711-254

Richard A. Cochrane
Akin Gump Strauss Hauer & Feld
2300 N. Field Street Suite 1800
Dallas, TX 7520

Stephen A Roberts
Stephen A Roberts, P.C.
1400 Marshall Ln Austin, TX 7870

Subchapter V Trustee

Melissa Haselden
Subchapter V Trustee
700 Milam, Suite 1300
Houston, TX 77002

Attn: Elizabeth C. Freeman
Jackson Walker LLP
1401 McKinney St., STE 1900
Houston, TX 77010

U.S. Trustee

Attn: Ha M. Nguyen, Jayson B. Ruff
Office of the U.S. Trustee
515 Rusk Ave STE 3516
Houston, TX 77002

Additional Notice Parties

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008

Attn: Alinor C. Sterlin, Christopher Mattei,
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

27