## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | **Case No. 22 - 60043** |
| | § | |
| **DEBTOR.** | § | |
| | § | **Chapter 11 (Subchapter V)** |

**SHANNON & LEE LLP'S REPLY TO THE UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO THE MOTIONS OF SHANNON & LEE LLP AND W. MARC SCHWARTZ FOR REHEARING ON THE ISSUE OF DISINTERESTEDNESS**

Shannon & Lee LLP ("S&L") replies to the United States Trustee's Omnibus Objection to the Motions of Shannon & Lee LLP and W. Marc Schwartz for Rehearing on the Issue of Disinterestedness [ECF No. 223] (the "UST Response") as follows:

### PRELIMINARY STATEMENT

1.     The U.S. Trustee objects to Shannon & Lee LLP's Motion Pursuant to Rule 59 of the Federal Rules of Civil Procedure for Rehearing on the Issue of Disinterestedness with Respect to the Debtor's Application to Employ Shannon & Lee LLP [ECF No. 206] (the "Rule 59 Motion") on the grounds that (a) the Rule 59 Motion was not filed by Free Speech Systems, LLC as debtor in possession (the "Debtor"), (b) the Rule 59 Motion does not meet the applicable standard for relief, and (c) the additional evidence that S&L seeks to present at the rehearing is cumulative of the evidence presented at the hearing. S&L responds to these points below.

2.     Giving credit to the UST Response, S&L filed Shannon & Lee LLP's Motion for Order Allowing Administrative Expense Claim and Granting Related Relief [ECF No. 251] (the "Administrative Expense Motion") on October 24, 2022. To the extent that the Administrative Expense Motion is not prejudiced by the Court's ruling on the S&L Employment Application, the

Rule 59 Motion will be either moot or so nearly so that it will be voluntarily withdrawn.[1] S&L does not seek to require the Debtor to engage S&L going forward or to continue to represent the Debtor in this chapter 11 case. Rather, the Rule 59 Motion seeks a rehearing on disinterestedness to resolve any uncertainty about S&L's ability to receive compensation for services provided to the Debtor through September 20, 2022.

3.       The U.S. Trustee's objection to the S&L Employment Application requested that the Court exercise its discretion and fashion an equitable remedy because Mr. Lee did not supplement his Bankruptcy Rule 2014 disclosures for employment of Kyung S. Lee PLLC ("KSLPLLC") in the IW Cases. The Court indicated at the September 20 Hearing that its ruling should not be interpreted as deciding that S&L or Schwartz Associates were prevented from receiving compensation for work done prior to the ruling. (Sept. 20, 2022, Hrg. Tr. 256:14-257:8). The Court's ruling and comments can be understood as granting the equitable remedy of denying S&L's employment because of the non-disclosure requested by the U.S. Trustee while leaving open S&L's ability to seek compensation through a separate pleading. Absent a ruling to that effect, however, the Court should grant the Rule 59 Motion and allow S&L a fair opportunity to present evidence and arguments on the issues raised by the Court in its ruling.

## ARGUMENT

### A.  S&L Has Standing and Statutory Authority to File and Pursue the Rule 59 Motion.

4.       Through the Rule 59 Motion, S&L seeks a rehearing on the issue of disinterestedness—an in particular, whether S&L had a predisposition under circumstances that render such a bias against the estate—in connection with the Debtor's application to employ S&L

---

[1] Reputational harm and loss of fees earned in the future may be sufficient to provide standing. *See KLG Gates LLP v. Brown*, 506 B.R. 177, 190-91 (E.D.N.Y. 2014). However, S&L would not pursue a remedy under the Rule 59 Motion if there was no pecuniary interest.

as co-counsel [ECF No. 85] (the "<u>S&L Employment Application</u>"). S&L has statutory and constitutional standing to seek the relief requested in the Rule 59 Motion.

5.      Rule 59(a)(1)(B) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), made applicable to the above-captioned chapter 11 case by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), provides in relevant part, that "[t]he court may grant a new trial on all or some of the issues—*and to any party*— . . . after a non-jury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." (emphasis added). Neither Federal Rule 59 nor Bankruptcy Rule 9023 limit relief to the original moving party.

6.      Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") provides expansive rights to be heard in chapter 11 cases. Bankruptcy Code § 1109(b) provides that any "party in interest . . . may raise and may appear and be heard on any issue in a case under [chapter 11]." A "party in interest" is an entity that has a personal stake in the outcome that can be addressed by a favorable decision. *See In re Cypresswood Land Partners, I*, 409 B.R. 396, 417 (Bankr. S.D. Tex. 2009); *see also In re Am. Appliance*, 272 B.R. 587, 595 (Bankr. D.N.J. 2002) (holding that the test for whether an entity is a "party in interest" is whether it has a sufficient stake in the outcome of the proceeding to require representation).

7.      Further, as the Bankruptcy Appellate Panel for the Sixth Circuit held in *Bingham Greenebaum Doll, LLP v. Glenview Health Care Facility, Inc. (In re Glenview Health Care Facility, Inc.)*, 620 B.R. 582 (B.A.P. 6th Cir. 2020), the pecuniary interest of a professional in its fees is sufficient for Article III and appellate standing with respect to a denied application to employ. *Id.* at 585; *see also KLG Gates LLP v. Brown*, 506 B.R. 177, 190 (E.D.N.Y. 2014) (holding that a disqualified attorney had standing to appeal the disqualification order). Unless the denial of

the S&L Employment Application does not prejudice S&L's ability to seek compensation through the Administrative Expense Motion for the period from the petition date through September 20, 2022, S&L has a pecuniary interest sufficient for standing and to be a party in interest that can bring the Rule 59 Motion.[2]

8.       The U.S. Trustee argues that the plain language of Bankruptcy Code § 327 provides that the Debtor is the only party that can seek employment of S&L and seek a rehearing of the S&L Employment Application. UST Response ¶ 9. But section 327(a) is silent on which party must seek approval of the employment.[3] The real question is the effect of Bankruptcy Rule 2014(a), which provides that "[a]n order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to §327, §1103, or §1114 of the Code shall be made only on application of the trustee or committee."

9.       Applicable authority confirms that professionals may raise and be heard on issues involving their own employment in bankruptcy proceedings. Addressing a similar argument as that raised in the UST Response, the Sixth Circuit BAP in *In re Glenview Health Care Facility, Inc.* noted that, as a procedural rule, Bankruptcy Rule 2014(a) does not limit or extend jurisdiction. 620 B.R. at 585, n.2. The Bankruptcy Appellate Panel for the Ninth Circuit similarly reasoned in *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474 (B.A.P. 9th Cir. 1996), *aff'd* 139 F.3d 1303 (9th Cir. 1998), that allowing a professional to seek court approval of its retention was *not* inconsistent with Bankruptcy Code § 327 or Bankruptcy Rule 2014. *Id.* at 479. Bankruptcy

---

[2] S&L submits that there is authority supporting the proposition that S&L is not precluded or prejudiced in seeking compensation through the Administrative Expense Motion. *See* Administrative Expense Motion ¶¶ 24-30. This is also consistent with the Court's ruling at the September 20 Hearing. (Sept. 20, 2022, Hrg. Tr. 256:14-257:4). If the Administrative Expense Motion is not prejudiced by the Court's ruling at the September 20 Hearing, then S&L arguably would not have a pecuniary interest in seeking a rehearing on the S&L Employment Application.

[3] Bankruptcy Code § 327(a) provides that the trustee—and debtors in possession pursuant to Bankruptcy Code §§ 1107—"with the court's approval, may employ one or more attorneys . . . ." However, "[s]ection 327 does not, by its terms, limit standing of a professional to seek employment." *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 479 (B.A.P. 9th Cir. 1996), *aff'd* 139 F.3d 1303 (9th Cir. 1998).

Local Rule 2014-1(a) even indicates that applications to employ debtor's counsel would be filed by the attorney. And various courts have authorized the retroactive employment of professionals in connection with requests for compensation. *E.g.*, *In re McKenzie*, No. 08-16378, 2013 Bankr. LEXIS 2672 (Bankr. E.D. Tenn. July 2, 2013); *In re Little Greek Rest.*, 205 B.R. 484 (Bankr. E.D. La. 1996); *In re Saybrook Mfg. Co.*, 108 B.R. 366 (Bankr. M.D. Ga. 1989); *see also In re Triangle Chems.*, 697 F.2d 1280, 1289 (5th Cir. 1983) (reversing a bankruptcy court's decision denying an application for compensation on the basis that the court had discretion to approve such employment in connection with the application).

10.     While the U.S. Trustee might be correct if S&L was seeking to require the Debtor to continue to engage S&L after the September 20 Hearing, that is not the relief requested through the Rule 59 Motion.[4] Rather, S&L seeks to resolve the dispute regarding its ability to receive compensation for the services it provided to the Debtor through September 20, 2022. If the Court's ruling at the September 20 Hearing does not prevent S&L from applying for and receiving allowed compensation, then the Rule 59 Motion would be unnecessary.[5]

**B.  The Rule 59 Motion Meets the Standard for a Rehearing under Rule 59(a).**

   i.  *Surprise from a new theory arising at trial is a valid basis for a rehearing.*

11.     The U.S. Trustee argues that the Rule 59 Motion does not meet the relevant standard for a rehearing under Rule 59(a). Quoting *Trevino v. Caliber Home Loans, Inc. (In re Trevino)*, 564 B.R. 890 (Bankr. S.D. Tex. 2017), the U.S. Trustee contends that "'[t]o be entitled to a new trial or hearing a party must show a manifest error of law, manifest error of fact, or newly

---

[4] Some caselaw supports the proposition that an attorney still has standing based on reputational effects and fees earned in the future. *See KLG Gates LLP v. Brown*, 506 B.R. 177, 190-91 (E.D.N.Y. 2014). However, S&L does not seek approval to continue to represent the Debtor through the Rule 59 Motion.

[5] S&L continues to negotiate with the parties to this chapter 11 case to obtain a consensual resolution of both the Rule 59 Motion and the Administrative Expense Motion.

discovered evidence." UST Response ¶ 10. But that is not what *Trevino* says. According to *Trevino*—a decision about newly discovered evidence— "[t]he plain language of Rule 59(a)(2) indicates that a motion under that rule may be brought for many purposes, including seeking a new trial based on newly discovered evidence.)" *Id.* at 908. The case does not address the other "many purposes" for which a rehearing is appropriate.

12.     The language quoted in the U.S. Trustee's objection comes from a parenthetical to a "see also" citation to *Simon v. United States*, 891 F.2d 1154 (5th Cir. 1990). But *Simon* was an appeal of the denial of a motion under *Rule 59(e)* to alter or amend the judgement—rather than a rule 59(a) motion for rehearing—where the defendant did not raise an affirmative defense at or before trial. *Id.* at 1159. Courts have frequently held that amendment of a judgment under Rule 59(e) requires manifest error. *E.g.*, *Wease v. Ocwen Loan Servicing, L.L.C.*, 852 F. App'x 807, 809 (5th Cir. 2021); *In re Cyr*, 2020 U.S. Dist. LEXIS 255998, at *2 (W.D. Tex. July 16, 2020) (2020 WL 10056295); *Culpepper v. United States Fire Ins. Co.*, 2013 U.S. Dist. LEXIS 76555, at *5 (N.D. Tex. May 31, 2013) (2013 WL 2370550). But Rule 59(e) seeks different relief than a Rule 59(a) motion based on surprise—Rule 59(e) calls into question the correctness of a judgment, rather than whether the movant was on notice of the factual and legal issues that would be the focus of the trial and had a fair opportunity to present its best case. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (reasoning that "Rule 59(e) 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'").

13.     S&L submits that the Court should apply the standard with respect to surprise under Rule 59(a) described in *Conway v. Chem. Leaman Tank Lines, Inc.*, 687 F.2d 108 (5th Cir. 1982). According to *Conway*:

> It is well settled that Rule 59 provides a means of relief in cases in which a party has been unfairly made the victim of surprise. . . . The surprise, however, must be "inconsistent with substantial justice" in order to justify a grant of a new trial. . . . The district court is therefore entitled to grant a new trial only if the admission of the surprise testimony actually prejudiced the plaintiffs' case. . . .This Court has limited reversible error from unfair surprise to situations where a completely new issue is suddenly raised or a previously unidentified expert witness is suddenly called to testify.

*Id.* at 112 (citations omitted). "'[S]urprise during trial, by major variance in theory of recovery or defense, undisclosed until after the trial is underway, is a long-established ground for granting a [Rule 59(a)] motion.'" *Burdyn v. Old Forge Borough*, 330 F.R.D. 399, 410 (M.D. Pa. 2019) (quoting *Sanford v. Crittenden Memorial Hosp.*, 141 F.3d 882, 886 (8th Cir. 1998)).

14.    In a contested matter in a bankruptcy proceeding, the relevant question for a rehearing under Rule 59(a) due to surprise is whether the focus of the hearing was evident to the movant prior to the hearing. *See Kingsley Const., Inc. v. DDS Materials, Inc. (In re DDS Materials, Inc.)*, No. 92-2922, 1993 U.S. App. LEXIS 39036, at *7 (5th Cir. Sep. 9, 1993) (holding that that the bankruptcy court did not abuse its discretion because "[t]he bankruptcy court further found that any surprise which may have occurred was not inconsistent with substantial justice, since it was evident that to the parties that the focus of the full hearing would be upon which party breached the contracts.") (citing *Conway*, 687 F.2d at 111). The inquiry is on the factual and legal theories that the moving party should have anticipated would be litigated at the hearing.

15.    There was no indication that the September 20 Hearing would be about any predisposition of S&L or circumstances that might render such predisposition a bias against the Debtor's bankruptcy estate. All signs were that the focus of the hearing on the S&L Employment Application would the circumstances surrounding Mr. Lee not supplementing his Rule 2014 disclosures in the InfoW Cases. The Debtor and the U.S. Trustee communicated this to the Court

at the September 13, 2022, hearing at which the September 20 Hearing was scheduled.[6] (Sept. 13, 2022, Hrg. Tr. 36:1-9). This was the only issue addressed in the parties' briefing to the Court and it was the focus of their presentation to the Court. (Sept. 20, 2022, Hrg. Tr. 210:13-18; ECF Nos. 154 & 166). S&L submits that fairness and substantial justice require that S&L have the opportunity to prepare and present evidence and argument regarding the issue of its predisposition, irrespective of whether there are manifest errors based on the record at the September 20 Hearing.[7]

---

[6] At the September 13 hearing, Mr. Shannon for the Debtor and Mr. Nguyen for the U.S. Trustee represented to the Court as follows:

> MR. SHANNON: And again, Your Honor, I do believe that the U.S. Trustee's primary objection is about the disclosures in the InfoW case. That's really the crux of the objection and what will need to be investigated, so it's not -- I don't think it goes beyond that.

> MR. NGUYEN: That's correct. There was a prior nondisclosure that occurred before you. There's going to be some legal arguments on how you should address that, but that's where we are with the objection.

(Sept. 13, 2022, Hrg. Tr. 36:1-9). The U.S. Trustee also indicated that the discovery would be "very limited in terms of the scope of the employment – the scope of the engagement that occurred between May 24th through May 31st, and Mr. Lee in his declaration, here was about $21,000 of services." (Sept. 13, 2022, Hrg. Tr. 35:8-11).

[7] To the extent that manifest error is required for a rehearing based on surprise under Rule 59(a)—rather than applying only to Rule 59(e)—S&L submits that there were manifest errors of fact underlying the Court's ruling. A manifest error is one that is plain, indisputable, and disregards the credible evidence and controlling law. *Bender Square Partners v. Factory Mut. Ins. Co.*, No. 4:10-cv-4295, 2012 U.S. Dist. LEXIS 74709, at *7-8 (S.D. Tex. May 27, 2012) (2012 WL 1952265). Among the factual findings amounting to manifest error are:

a) <u>Mr. Lee's Statements at the May 19, 2022, Hearing</u>—The Court referenced in its ruling that Mr. Lee stated at the May 19, 2022, hearing in the IW Cases that he had to renegotiate the Plan Support Agreement. (Sept. 20, 2022, Hrg. Tr. 239:14-16). As reflected in the transcript of that hearing, however, Mr. Lee stated that the IW Debtors were going to evaluate "whether these debtors need to proceed with trying to confirm a plan with an amended plan support agreement or whether we are able to handle these creditors, the remaining creditors, outside of bankruptcy." (Debtor's Ex. 22, May 19, 2022, Hrg. Tr. 8:16-21). Mr. Lee also represented that he "hope[d] to do that very quickly." (May 19, 2022, Hrg. Tr. 8:23-24). The evidence at the September 20 Hearing was that the evaluation occurred and the decision to agree to dismiss the IW Cases in light of the costs of continuing those cases was made by May 23, 2022. (Debtor's Exs. 24 & 25).

b) <u>Omnibus Response to MTDs in IW Cases</u>—The Court referenced the Debtors' Omnibus Response to Motions to Dismiss (U.S. Trustee Ex. 7) (the "<u>IW MTD Response</u>") in its ruling, indicating that the statements in the IW MTD Response that there remained a bankruptcy purpose were inconsistent with the representations that only ministerial work remained in the IW Cases on May 24, 2022. (Sept. 20, 2022, Hrg. Tr. 243:3-9). This disregards the evidence that the reason for IW Debtors decision to agree to the dismissal was the cost of litigating with the U.S. Trustee's motion to dismiss the IW Cases, as indicated in the IW MTD Response (IW MTD Response ¶ 6) and confirmed by the testimony of Mr. Lee (Sept. 20, 2022, Hrg. Tr. 80:10-25, 88:12-23, 89:2-18, 90:15-25, & 91:2-3) and Mr. Schwartz (Sept. 20, 2022, Hrg. Tr. 163:7-25). The evidence was that the IW MTD Response required discovery and that the U.S. Trustee argued that estate funds could be better used to address claims outside of bankruptcy. (Debtor's Ex. 18). The IW Debtors, through Mr. Lee and Mr. Schwartz, ultimately agreed to dismiss the IW Cases to avoid this cost.

ii.   *Issues of control, independence, and loyalty were not raised in connection with the Debtor's application to employ S&L prior to the September 20 Hearing.*

16.   The U.S. Trustee also argues that "questions of control, independence, and loyalty were raised at prior hearings, in pleadings filed by creditors, and even acknowledged by Mr. Schwartz in his declaration, stating: 'Concerns were expressed at the inception of the InfoW

c)   Focus Group re Heslin/Lewis Suit— The Court referenced in its ruling that on July 1, 2022, that Mr. Lee attended and participated in a focus group on juror perception of Alex Jones but did not separate time billed by client. (Sept. 20, 2022, Hrg. Tr. 243:16-244:1). But the evidence at the September 20 Hearing was that Mr. Lee attended the focus group to understand the magnitude of the claims *against the Debtor* in the Heslin/Lewis Suit (Sept. 20, 2022, Hrg. Tr. 67:3-24). The very first motion considered in the Debtor's chapter 11 case, and argued by S&L attorney Mr. Shannon, was related to the Heslin/Lewis Suit (Sept. 20, 2022, Hrg. Tr. 68:4-12). Further, neither S&L nor any of its attorneys represented any other party in the Heslin/Lewis Suit that *could* have been billed for that time. The claims of Heslin and Lewis against InfoW, LLC were resolved on May 19, 2022 (Debtor's Ex. 21) and neither S&L nor its attorneys represented Alex Jones. (Sept. 20, 2022, Hrg. Tr. 62:19; Debtor's Ex. 4, 5, & 6).

d)   AmEx Charges—The Court referenced in its ruling the payment of AmEx charges in the Debtor's first proposed cash collateral budget, indicating that such charges "consisted primarily of personal charges not related to the business." (Sept. 20, 2022, Hrg. Tr. 247:21-24). The transcript of the August 3, 2022, hearing at which such charges were discussed was introduced into evidence by the U.S. Trustee. (U.S. Trustee's Ex. 15). Mr. Schwartz's testimony was that business expenses of the Debtor were paid through the AmEx card and that the amounts averaged approximately $300,000 per month. (Aug. 3, 2022, Hrg. Tr. 168:1-15). Although Mr. Schwartz testified that Alex Jones had in the past paid certain personal expenses that were recorded as owner draws and that the largest number of line items posted to the draw account was for Alex Jones's housekeeper (Aug. 3, 2022, Hrg. Tr. 168:20-25), there was *no evidence* that the AmEx obligation the Debtor sought authority to pay in the proposed first interim cash collateral order reflected primarily personal charges of Alex Jones. Further, the evidence was that the AmEx charges going forward would only be for business expenses. (Aug. 3, 2022, Hrg. Tr. 169:1-8, 187:19-22). Mr. Schwartz also testified that the Debtor was "probably going to have to just let American Express shave the wind and see what we can do." (Aug. 3, 2022, Hrg. Tr. 168:1-3). The proposed first interim cash collateral order does not indicate any predisposition.

e)   Proposed Third Cash Collateral Order—The Court referenced the Debtor's proposed Third Cash Collateral Order [ECF No. 148] that provided $80,000 in travel expenses related to Alex Jones attending the trial in the Connecticut Litigation and that the Court's attention was not directed to that proposed expense. (Sept. 20, 2022, Hrg. Tr. 244:2-12). If relevant to the Court's decision with respect to the S&L Employment Application, this disregarded that Mr. Battaglia filed and presented the proposed Third Cash Collateral Order to the Court. (Sept. 13, 2022, Hrg. Tr. 7:7-14:8; Sept. 20, 2022, Hrg. Tr. 13:4-14). Further, the evidence was that the proposed budget was communicated, negotiated, and agreed among the parties. (Sept. 13, 2022, Hrg. Tr. 5:24-6:2, 7:16-22). There was no failure of disclosure by S&L or indication that S&L had a predisposition causing bias against the Debtor's bankruptcy estate.

f)   Relationship with PQPR—The Court indicated that it had issues with the relationship with the Debtor and PQPR with their professionals having engaged extensively pre-petition. (Sept. 20, 2022, Hrg. Tr. 246:12-14). But the evidence at the September 20 Hearing was that issues with PQPR were hardly negotiated and at times contentious. (Sept. 20, 2022, Hrg. Tr. 65:7-16). The evidence also indicated that S&L never represented and has no connection to PQPR. (Sept. 20, 2022, Hrg. Tr. 61:23-62:15).

g)   Post-Petition Analysis of PQPR's Asserted Claim—The Court stated in its ruling that there was no evidence that the Debtor or its professionals analyzed the PQPR claim extensively post-petition and that the estate had not brought claims against PQPR. (Sept. 20, 2022, Hrg. Tr. 246:14-15). This disregarded the evidence that the Debtor scheduled PQPR's asserted claim as disputed (U.S. Trustee's Ex. 1 at p.15) and took the position that there was a basis for the avoidance of PQPR's asserted claim. [ECF No. 113 at n.4].

Debtors' bankruptcy cases whether I would be serving Alex Jones or the creditors of InfoW Debtors.'" UST Response ¶ 15 (footnotes omitted). The U.S. Trustee referenced the Court's questions about when Mr. Schwartz was retained by the Debtor and comments after the Plaintiff's oral motion for appointment of a tort claimant's committee, allegations about the IW Cases in the Plaintiff's motion to appoint a tort claimant's committee and remove the Debtor as debtor-in-possession about the IW Cases, and Mr. Schwartz's declaration regarding the IW Cases.

17.     None of these questions were about *S&L* or implied that S&L had any predisposition under circumstances that rendered the predisposition a bias against the estate. Nor were any of the issues raised by the U.S. Trustee or the Plaintiffs made in opposition to the S&L Employment Application or the application to employ Schwartz Associates. That made sense perfect sense—Bankruptcy Code § 327(a) is concerned with whether the professional has a *present* interest adverse to the estate or *concurrently* represents a party with such adverse interest. *Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 623 (2d Cir. 1999); *In re Muma Servs., Inc.*, 286 B.R. 583, 590 (Bankr. D. Del. 2002); *Greene v. InforMD, LLC*, No. 17-1779-SDD-EWD, 2018 U.S. Dist. LEXIS 124062, at *8 (M.D. La. July 25, 2018) (2018 WL 3579470). The inquiry under section 327(a) is whether S&L had a "meaningful incentive" to act contrary to the best interests of the estate. *In re Quality Bev. Co.*, 216 B.R. 592, 595 (Bankr. S.D. Tex. 1995). The Debtor and S&L did not have reason to believe that the September 20 Hearing was on the allegations raised in the tort claimants committee motion or questions about Mr. Schwartz's independence in the IW Cases instead of the issues presented in the U.S. Trustee's objection to the S&L Employment Application.[8]

---

[8] The U.S. Trustee's objection to the S&L Employment Application raised only a single issue—what action should the Court take as the result of Mr. Lee not supplementing the Rule 2014 verified statement for the employment of KSLPLLC in the IW Cases. This was confirmed by the U.S. Trustee at the September 13, 2022, hearing. (Sept. 13, 2022 Hrg. Tr. 36:1-9).

18.     The U.S. Trustee also asserts the Court clearly signaled its concerns during the Debtor's opening statement at the September 20, 2022, hearing. However, the crux of the Court's question was whether was a "throughline" between the non-disclosure in the InfoW Cases and the Debtor's chapter 11 case. The evidence and argument at the September 20 Hearing was focused on the issue of why Mr. Lee did not supplement his disclosures for KSLPLLC in the IW Cases after the May 24 meeting with the Debtor. The evidence prepared and introduced at the September 20 Hearing was that Mr. Lee did not supplement his disclosures because the IW Debtors had decided to agree with the U.S. Trustee's demanded dismissal of their cases and were no longer seeking to employ Mr. Lee or KSLPLLC under section 327(a).[9]

19.     Further, the Court identified the issue being Mr. Lee's relationship with Alex Jones and PQPR. (Sept. 20, 2022, Hrg. Tr. 27:21-28:1). The evidence presented at the September 20 Hearing was that S&L does not currently and has not previously represented either PQPR or Alex Jones. (Sept. 20, 2022, Hrg. Tr. 59:12-62:20; Debtor's Exs. 4, 5, & 6).

20.     Whether S&L had a material adverse interest arising from some predisposition was *not* raised prior to the close of evidence. The issue came up the first time in the Court's questions after the Debtor had finished its closing presentation. (Sept. 20, 2022, Hrg. Tr. 210:13-211:18). The evidence pointed to in the record in response to this question was that the Debtor refused Alex Jones's request to seek an extension of the automatic stay (Sept. 20, 2022, Hrg. Tr. 63:3-9), that the IW Debtors represented by Mr. Lee had considered the appropriate factors in agreeing to dismiss their cases (Sept. 20, 2022, Hrg. Tr. 87:16-91:3; Debtor's Ex. 24), and that the IW Debtors

---

[9] As the U.S. Trustee argued in the objection to the S&L Employment Application, "Rule 2014 has one primary purpose—to facilitate strict compliance with section 327." [ECF No. 154 at ¶ 154]. Evidence of whether Mr. Lee's supplemental disclosure was necessary, his reasoning for believing supplemental disclosure was not necessary, and the appropriate action of the Court in the Debtor's chapter 11 case appeared beforehand to be the only factual issues to be addressed at the September 20 Hearing.

represented by Mr. Lee focused on the benefit to their estates when obtaining dismissal with prejudice of the Sandy Hook Litigation claims against them rather than the effect of any related party.[10] (Sept. 20, 2022, Hrg. Tr. 83:10-84:3). The reason other relevant evidence was not introduced—including the evidence that S&L seeks to submit at a rehearing—was because the issue of a potential predisposition amounting to bias against the Debtor's estate was not raised prior to the September 20 Hearing.

       *iii.*    *S&L did not have the ability to address the issues on which the Court's ruling appears to rely.*

    21.    S&L did not have a fair opportunity to address the issues identified by the Court in its ruling that went beyond the limited basis of the U.S. Trustee's objection or S&L's relationship with Alex Jones or PQPR. These included (a) Mr. Lee not billing any other party related to his attendance at the focus group on potential juror's perception of Alex Jones in connection with the Heslin/Lewis Suit (Sept. 20, 2022, Hrg. Tr. 243:18-19); (b) the proposed Third Amended Cash Collateral Order providing for payment Alex Jones's travel expenses and security during the Connecticut Sandy Hook trial (Sept. 20, 2022, Hrg. Tr. 244:5-12); (c) the Debtor's initial proposed payment of all legal fees for Connecticut state court counsel (Sept. 20, 2022, Hrg. Tr. 244:21-25); (d) Alex Jones's asserted indemnity (Sept. 20, 2022, Hrg. Tr. 247:14-16), (e) the Debtor's requested authority to pay the AmEx obligation in the first proposed interim cash collateral order (Sept. 20, 2022, Hrg. Tr. 247:21-24); and (f) post-petition analysis of PQPR's asserted secured claim and the estate's assertion of a claim against PQPR (Sept. 20, 2022, Hrg. Tr. 246:14-16). The issues referenced by the Court go beyond the limited basis of U.S. Trustee's

---

[10] S&L submits that there was no competent evidence that S&L had a predisposition that created a bias against the estate. *See supra* note 7. However, at a rehearing, the U.S. Trustee, the Sandy Hook Plaintiffs, and the Subchapter V Trustee would also be able to present evidence on the issue.

objection to the S&L Employment Application or any relationship between S&L and Alex Jones or PQPR.

22.     Even if those issues had been raised prior to the close of evidence, the Debtor and S&L did not have the opportunity to gather and present evidence on the issues. The documentary evidence reflected and referenced in the Rule 59 Motion had to be gathered, prepared, and submitted to the Court and other parties in interest prior to the hearing. But the issues were not raised until after the September 20 Hearing had begun and there was no reason for the Debtor or S&L to believe that the evidence would be relevant to the matters litigated at the September 20 Hearing.[11] There was no practicable way for the Debtor or S&L to provide this evidence of S&L's predisposition at the September 20 Hearing without the issues being raised beforehand.

23.     Moreover, in the absence of allegations regarding S&L's disinterestedness, S&L— for itself and representing the Debtor—was limited in its ability to present the relevant evidence by applicable ethical rules. Under Texas Disciplinary Rule of Professional Conduct 1.05(d)(2), an attorney can disclose confidential client information that is not subject to attorney-client privilege

> [w]hen the lawyer has reason to believe it is necessary to do so in order to:
>
> (i)     carry out the representation effectively;

---

[11] S&L contends that there was no basis prior to the September 20 Hearing to suspect that evidence of the following— that S&L anticipates that it would submit at a rehearing—would be relevant to the issues litigated: (a) the prepetition negotiations with PQPR, representations by the Debtor through S&L that it would need to pursue an immediate avoidance action against PQPR absent a superior negotiated solution, or the reasoning that the solution negotiated with PQPR was superior; (b) S&L's response to PQPR's request to destroy certain information provided by PQPR; (c) S&L's representation of the Debtor in connection with scheduling PQPR's claim as disputed; (d) S&L's initial response to Alex Jones's request that the Debtor seek to stay enforcement of the Remand Order and extend the automatic stay to Alex Jones; (e) S&L's questioning of Alex Jones's asserted indemnity claim; (f) the alter ego finding in the Texas Litigation, including the Heslin/Lewis Suit with respect to which Mr. Lee attended the Juror perception focus group; and (g) the negotiations and analysis behind the Debtor's agreement to the Connecticut Lift Stay Motion and division of costs for Connecticut state court counsel, including the material risk that Alex Jones would cease supporting the Debtor. While this evidence would have addressed the issues raised on the Court's ruling, it was not relevant to any objection to, or issue raised with, the S&L Employment Application prior to the September 20 Hearing.

(ii)    defend the lawyer or the lawyer's employees or associates against a claim of wrongful conduct;

(iii)   respond to allegations in any proceeding concerning the lawyer's representation of the client; or

(iv)    prove the services rendered to a client, or the reasonable value thereof, or both, in an action against another person or organization responsible for the payment of the fee for services rendered to the client.

But S&L had no reason to believe that disclosing the client information *was* necessary and there were no allegations concerning S&L's representation of the Debtor in this chapter 11 case made prior to the September 20 Hearing to which such evidence would respond. The ability of S&L to present evidence on these points was therefore significantly limited.

### C.  The Evidence that S&L Seeks to Present at the Rehearing Is Appropriate for a Rule 59(a) Motion Based on Surprise.

24.     The U.S. Trustee argues that the additional evidence that S&L seeks to introduce at a rehearing is cumulative of the evidence already introduced at the September 20 Hearing. UST Response ¶ 18. The UST Response points to evidence presented at the September 20 Hearing that the Debtor, represented by S&L, took contrary positions to Alex Jones and PQPR and engaged in arm's-length negotiations with such parties that were at times contentious. UST Response ¶ 19.

25.     The additional evidence discussed in the Rule 59 Motion is not merely cumulative. "Cumulative evidence" is evidence that only corroborates, strengthens, or confirms other evidence. *See Chang v. City of Albany*, 150 F.R.D. 456, 461 (N.D.N.Y. 1993). The thrust of the additional evidence S&L seeks to introduce at a rehearing addresses a different issue than the evidence that was introduced at the September 20 Hearing. It seeks to show that S&L did not have a predisposition that created a bias against the Debtor's estate, whereas the evidence submitted at the September 20 Hearing addressed the existence of a relationship between Mr. Lee and Alex Jones or PQPR preventing S&L from representing the Debtor in taking positions opposed to the

14

interests of those parties. The additional evidence described in the Rule 59 Motion focuses on the *initial reactions* of S&L, which is directly relevant to whether S&L had a predisposition adverse to the Debtor's bankruptcy estate.

26.     Moreover, while newly discovered evidence that *is* merely cumulative does not provide a basis for altering or amending judgment under Rule 59(e), it is not clear that presenting cumulative evidence is inappropriate in a rehearing based on surprise. The rationale behind allowing rehearing under Rule 59(a) on the basis of surprise is that a major variance in theory that is not disclosed until after the trial is underway may deprive litigants of a fair hearing and be inconsistent with substantial justice. *See Twigg v. Norton Co.*, 894 F.2d 672, 675 (4th Cir. 1990) ("[S]urprise does not warrant a new trial unless it deprives the party of a fair hearing."); *Knowles v. Mut. Life Ins. Co.*, 788 F.2d 1038, 1040 (4th Cir. 1986) (affirming trial court decision to grant new trial based on surprise where new defense asserted at trial and plaintiff did not have a reasonable opportunity to prepare to address that defense prior to the hearing). Where there is a prejudicial surprise, the litigant is not able to prepare the evidence and arguments that would otherwise be available for the litigant to present its best case.

## **CONCLUSION**

27.     The Rule 59 Motion should be granted unless the Court's ruling on the S&L Employment Application does not prejudice the Administrative Expense Motion. S&L has the requisite authority to bring the Rule 59 Motion and the relevant facts meet the standard for a rehearing under Rule 59(a) based on surprise. Through the Rule 59 Motion, S&L seeks to present evidence and arguments that S&L is disinterested and does not have any predisposition limiting or interfering with its ability to advise or represent the Debtor on positions adverse to Alex Jones or PQPR. The Debtor and S&L did not have a fair and full opportunity to present evidence and

arguments on this point at the September 20 Hearing because the issue was not raised until after the hearing had begun.

28.     S&L does not seek to require the Debtor to engage S&L or for authority to continue representing the Debtor in this chapter 11 case. The point of the Rule 59 Motion is to provide S&L with a fair opportunity to establish S&L's disinterestedness and remove the uncertainty surrounding S&L's ability to receive compensation for services provided to the Debtor through the September 20 Hearing.

Dated: November 15, 2022                    **SHANNON & LEE LLP**

                                            /s/*R. J. Shannon*
                                            Kyung S. Lee
                                            State Bar No. 12128400
                                            klee@shannonleellp.com
                                            R. J. Shannon
                                            State Bar No. 24108062
                                            rshannon@shannonleellp.com
                                            700 Milam Street, STE 1300
                                            Houston, Texas 77002
                                            Tel. (713) 714-5770

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all parties registered to receive such service on the date of filing.

                                            /s/*R. J. Shannon*