IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> **FREE SPEECH SYSTEMS, LLC** § <br> § **Case No. 22-60043-11** <br> **Debtor** § **(Subchapter V)** | |

## SUBCHAPTER V TRUSTEE'S SECOND INTERIM STATUS REPORT

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:

NOW COMES, MELISSA A. HASELDEN, Subchapter V Trustee ("Trustee") in the above-referenced bankruptcy proceeding, and files this Subchapter V Trustee's Second Interim Status Report, and would respectfully show the Court as follows:

### I.
### BACKGROUND

1. Debtor commenced this bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and electing to proceed under subchapter V of chapter 11 on July 29, 2022 (the "Petition Date").

2. On August 2, 2022, the Office of the United States Trustee for Region 7 appointed Melissa A. Haselden as the Trustee in this case [Dkt. No. 22].

3. On September 20, 2022, the Court entered its Order Expanding Subchapter V Trustee's Duties under 11 U.S.C. §1183(b)(2) and requiring Trustee to file a report pursuant to 11 U.S.C. §1106(a)(3) & (4) ("Trustee Order") [Docket #183].

## II.

### STATUS UPDATE

4. Since the entry of the Trustee Order, Trustee begun certain investigatory steps required by the Court which are preliminarily outlined in Trustee First Interim Status Report (Doc. No. 227) and worked with the Debtor to effectuate the following:

   a. Received approval to engage counsel for Trustee to assist with Trustee's duties (Doc. No. 265).

   b. Collaborate with counsel for the Debtor to engage CRO, whose employment was approved by the Court on October 13, 2022 (Doc. No. 239).

   c. Finalize engagement of financial adviser to Trustee and seek approval of employment of the same (Doc. No. 282).,

   d. Trustee and her counsel met with:
      i. FSS owner, Alex Jones and his counsel,
      ii. Mark Schwartz and counsel and previously proposed counsel for the Debtor;
      iii. Dr. David Jones, a principal of PQPR and its counsel and accountant,
      iv. FSS' CRO,
      v. Patrick Riley, principal of Blue Ascension;
      vi. Anthony Gucciardi, principal of the terminated credit card processor;
      vii. Certain parties selling items through the FSS website;
      viii. the principal of the new proposed processor and fulfillment consultant and his counsel; and
      ix. and various employees of FSS to continue to identify cost savings measures and correct operational issues.

   e. Work with CRO and Debtor's counsel to finalize new inventory and fulfillment agreement with non-related, third-party provider which is anticipated to provide significant cost savings to the Debtor.

   f. Work with CRO and Debtor's counsel to finalize a new credit card processing agreement with a non-related third-party provider which will result in significant cost savings for credit card transactions.

g. Trustee, through counsel, has negotiated with the Debtor and primary constituents in this case to facilitate a mediation of disputes in this case and obtained Court approval to proceed with a mediation with Judge Marvin Isgur (Doc. No. 233).

h. Trustee's counsel worked with Judge Isgur and the parties to the mediation to begin initial pre-mediation steps.

i. Trustee has begun reviewing financial information from the Debtor with the assistance of M3. Evaluation of Bitcoin donations and utilization of the funds are included in that investigation.

j. Trustee, through counsel, propounded discovery on various parties. The Trustee has received information from the following parties:

   i. FSS;
   ii. PQPR;
   iii. Alex Jones;
   iv. Auriam; and
   v. Blue Ascension.

Additional documents are anticipated from several of these parties. The Trustee reserves the ability to seek to compel production by seeking relief with from Court.

k. Trustee continues to work with CRO to address operational issues, including fulfillment and staffing. Further, the Debtor through the CRO is continuing to provide information to M3 to assist in the investigation as well as operational improvements.

l. The Trustee has identified a number of potential claims and causes of actions. Certain of these are expected to be the subject of the mediation. The Trustee has not become aware of any ongoing activity which would give rise to new claims of the Debtor.

Respectfully Submitted,

**HASELDEN FARROW PLLC**

*/s/ Melissa A. Haselden*
Melissa A. Haselden
State Bar No. 00794778
700 Milam, Suite 1300
Pennzoil Place
Houston, Texas 77002
Telephone: (832) 819-1149
Facsimile: (866) 405-6038
Email: mhaselden@haseldenfarrow.com

**SUBCHAPTER V TRUSTEE**

## CERTIFICATE OF SERVICE

  I certify that a true and correct copy of the foregoing Subchapter V First Interim Status Report was served on the following parties in interest via ECF November 21, 2022:

                     */s/ Melissa A. Haselden*
                     Melissa A. Haselden