IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | Case No. 22-60043 |
| | § | |
| Debtor. | § | |
| ----------------------------------------------------- | § | |
| In re: | § | |
| | § | |
| **ALEXANDER E. JONES,** | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |

**DEBTORS' JOINT MOTION FOR ENTRY OF ORDER AUTHORIZING
JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO
RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Free Speech Systems, LLC ("FSS") and Alexander E. Jones ("Jones") (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned Chapter 11 cases, file this *Debtors' Joint Motion for Entry of an Order Authorizing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure* (the "Motion") and in support thereof, respectfully state as follows:

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.      BACKGROUND

2.      On July 29, 2022, FSS filed its voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Jones, an employee of FSS, filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 2, 2022.

3.      FSS continues to manage and operate its business as debtor-in-possession pursuant to Bankruptcy Code § 1182(2). Jones continues in possession of his holdings and is managing same as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4.      Melissa A. Haselden has been appointed as the Chapter 11 Subchapter V Trustee in FSS's chapter 11 case. No committee of unsecured creditors has been appointed in either Debtor's chapter 11 case. No trustee or examiner has been requested or appointed in Jones's Chapter 11 case.

5.      FSS as an entity is engaged in producing and syndicating radio and video talk shows hosted by Jones. FSS additionally offers dietary supplement products, books, t-shirts, and other products, which are advertised by Jones during his radio and video talk shows, for online sale to customers. Jones owns 100% of the outstanding membership interests in FSS.

## III.      RELIEF REQUESTED

6.      Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of

Texas (the "<u>Bankruptcy Local Rules</u>"), the Debtors request authorization to jointly administer their Chapter 11 cases for procedural purposes only.

7.      Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). An "affiliate" is an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." Jones owns 100% of the outstanding voting securities of FSS. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

8.      Joint administration will save time and money and will avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases. Joint administration will also protect parties in interest by ensuring that parties in each Debtor's chapter 11 case will be apprised of all filings and matters before the Court relating to the respective chapter 11 cases. Finally, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.

9.      Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates. This Motion does not seek substantive consolidation. As such, each creditor may still file its claim against a particular estate. FSS and

Jones will file separate operating reports, and will not file a joint Chapter 11 Plan as long as FSS

seeks relief under subchapter V.[1]

        10.      Accordingly, the Debtors respectfully request that the caption of their cases be

modified as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11 (Subchapter V)[2]** |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** *et al.,*[1] | § | **Case No. 22-60043** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are set forth in the Order Directing Joint Administration of Chapter 11 Cases [Docket No. ___].

[2] Only Debtor Free Speech Systems, LLC is seeking relief under subchapter V.

        11.      The Debtors also seek the Court's direction that a notation substantially similar to

the following notation be entered on the docket in each of the Debtors' Chapter 11 Cases to reflect

the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation
> and joint administration of the Chapter 11 Cases of Free Speech Systems,
> LLC, and Alexander E. Jones. The docket in Case No. 22-60043 should be
> consulted for all matters affecting this case.

        12.      Based on the foregoing, the Debtors submit that the relief requested is necessary

and appropriate, is in the best interests of their estates and creditors and should be granted in all

respects.

---

[1] FSS intends to continue to proceed under subchapter V and this Motion is not a waiver of its rights to proceed under subchapter V nor does it constitute consent to substantive consolidation or conversion to a case under any other section of the Bankruptcy Code.

13.     An order of joint administration is related to the routine administration of a case and may be entered by the Court in its sole discretion. Moreover, the *ex parte* entry of joint administration orders in related cases such as these is common and generally noncontroversial in this District and others.

## IV.     NOTICE

14.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for any official committees appointed by this Court; (vi) the 20 largest unsecured creditors of each of the Debtors; and (vii) all governmental agencies having a regulatory or statutory interest in these cases. No other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: December 2, 2022.

**CROWE & DUNLEVY, P.C.**

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

-and-

**LAW OFFICES OF RAY BATTAGLIA, PLLC**

*/s/Raymond W. Battaglia*
Raymond W. Battaglia
State Bar No. 01918055
rbattaglialaw@outlook.com
66 Granburg Circle
San Antonio, Texas 78218
Telephone: (210) 601-9405

**COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION, FREE SPEECH SOCIETY, LLC**

Shelby A. Jordan
State Bar No. 11016700
S.D. No. 2195
Antonio Ortiz
State Bar No. 24074839
S.D. No. 1127322
**JORDAN & ORTIZ, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
             aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

**PROPOSED  ATTORNEYS  FOR  DEBTOR
ALEXANDER E. JONES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon the parties listed below via e-mail, U.S. Mail, and/or electronic transmission via the Court's ECF noticing system on this 2nd day of December, 2022.

(a) The Office of the United States Trustee for the Southern District of Texas;

(b) The 20 largest unsecured creditors for the Debtor regarding which the pleading impacts, unless and until such time as an official committee of unsecured creditors is appointed, if any;

(c) Counsel to any official committee established in these Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code, if any;

(d) The Office of the Attorney General of the State of Texas;

(e) The United States Attorney's Office for the Southern District of Texas;

(f) The Internal Revenue Service; and

(g) All parties who have filed a notice of appearance and request for notice or service of all pleadings pursuant to Bankruptcy Rule 2002.

*/s/Vickie L. Driver*
Vickie L. Driver