UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-60043 |
| **FREE SPEECH SYSTEMS, LLC.,** | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtor. | § | |

**MOTION FOR ENTRY OF ORDER APPROVING REJECTION OF AUTOMOBILE LEASE AGREEMENT WITH ALLY BANK AND GRANTING RELATED RELIEF**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Free Speech Systems, LLC ("FSS" or the "Debtor"), the debtor and debtor-in-possession in the above captioned case (the "Case"), and files this *Motion for Entry Order Approving Rejection of Automobile Lease Agreement with Ally Bank and Granting Related Relief* (the "Motion"). In support of the Motion, the Debtor respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 365, and 502 of the Bankruptcy Code ("Bankruptcy Code"), and Rules 6006 of the Federal Rules of

---
MOTION TO REJECT VEHICLE LEASE AGREEMENT

1

Bankruptcy Procedure (the "Bankruptcy Rules"). Such relief requested is also consistent with the Local Rules of Bankruptcy Procedure for the Southern District of Texas (the "Local Rules").

## BACKGROUND

3. On July 29, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued to operate its businesses and manage its affairs as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. On June 8, 2020, the Debtor and Ally Bank ("Ally") entered into a Lease Agreement (the "Agreement"). Under the Agreement, Ally leased the Debtor a 2020 Chevrolet Tahoe (the "Leased Vehicle"). The Agreement was for a term of 48 months.

## LAW AND AUTHORITIES

5. Rejection of an executory contract is governed by section 365(a) of the Bankruptcy Code, which permits a debtor-in-possession to assume or reject an executory contract. A debtor's decision to reject an executory contract must be based on the debtor's business judgment. *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.),* 872 F.2d 36, 39-40 (3d Cir. 1989).

6. The business judgment test is not a strict standard and merely requires a showing that either assumption or rejection of a contract will benefit the debtors' estate. *In re Orion Pictures Corp.,* 4 F.3d 1095, 1099 (2d Cir. 1993); *see Lubrizol Enter., Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.),* 756 F.2d 1043, 1047 (4th Cir. 1985) ("Transposed to the bankruptcy context [from corporate litigation], the [business judgment] rule . . . requires that the decision be accepted by courts unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of the bankrupt's retained business discretion.").

7. The Leased Vehicle is no longer suitable for the Debtor's needs due to mechanical issues. The Debtor has determined that the cost of repair is not economical in comparison with its

residual value.

8. The Debtor submits that rejection of the Agreement is in the best interests of the Debtor's estate and falls squarely within the business discretion of the Debtor.

WHEREFORE, the Debtor respectfully request that the Court grant the relief requested herein by entering an order, in the form annexed hereto as Exhibit A, (i) approving the rejection of the Agreement; (ii) relieving the estate from future performance obligations under the Agreement; (iii) establishing a bar date for Ally to file a proof of claim(s) for damages they allege to have resulted from the rejection of Agreement; and granting such further relief to which the Debtor may be entitled.

Respectfully submitted, December 6, 2022

THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
66 Granburg Circle
San Antonio, Texas 78218
Telephone (210) 601-9405
Email: rbattaglialaw@outlook.com

By: /s/ Raymond W. Battaglia
    Raymond W. Battaglia
    Texas Bar No. 01918055

**ATTORNEYS FOR FREE SPEECH SYSTEMS, LLC.**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system. I further certify that it has been transmitted by first class mail to the parties on the attached service list and those listed below.

Ally Bank
c/o AIS Portfolio Services, LLC
Arvind Nath Rawal
4515 N Santa Fe Ave., Dept. APS
Oklahoma City, OK 73118

/s/ Raymond W. Battaglia
Raymond W. Battaglia