IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 22-60043** |
| | § | |
| **FREE SPEECH SYSTEMS, LLC** | § | **(Chapter 11) Subchapter V** |
| | § | |
| Debtor. | § | **JUDGE CHRISTOPHER M. LOPEZ** |
| | § | |

### JONES'S EMERGENCY MOTION TO MODIFY STAY ORDERS

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**EMERGENCY RELIEF IS REQUESTED NOT LATER THAN DECEMBER 15, 2022.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones (the "Jones"), a creditor and party in interest in this case, files this *Emergency Motion to Modify Stay Orders* (the "Motion") and in support thereof, respectfully represents as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    BACKGROUND

2.    On or about July 29, 2022, Free Speech Systems, LLC ("FSS" or the "Debtor") filed a voluntary petition for relief under subchapter v of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## III.    RELIEF REQUESTED

3.    Jones hosts a syndicated radio and video talk show in Austin, Texas. FSS is a single member LLC, 100% owned by Jones, that produces and syndicates much of the show. On December 2, 2022, Jones filed his voluntary petition for relief under chapter 11 of title 11 of the Bankuptcy Code.

4.    On the day it filed its bankruptcy petition, FSS also filed an *Emergency Motion for an Order Modifying the Automatic Stay to Allow the Heslin/Lewis State Court Suit to Continue to Judgment* [Docket No. 2], for the purpose of allowing the consolidated state court action styled *Neil Heslin and Scarlett Lewis v. Alex E. Jones and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001835, in the 261st District Court of Travis County, Texas (the "Heslin/Lewis Suit") to proceed to judgment, but no further. On August 1, 2022, the Court entered an *Order Modifying Automatic Stay to Allow Heslin/Lewis Trial to Continue to Final Judgment* [Docket No. 16] (the "Texas Stay Order") granting such relief. The stay remained intact as to any collection or enforcement of such judgment against FSS or its estate.

5.    On or about July 31, 2022, a group of Connecticut Plaintiffs from the state court

**JONES'S EMERGENCY MOTION TO MODIFY STAY ORDERS - Page 2**

cases styled *Lafferty v. Jones* (UWYCV18- 6046436- S), *Sherlach v. Jones* (UWY-CV18- 6046437-S), and *Sherlach v. Jones* (UWYCV18- 6046438-S) which have been consolidated under *Lafferty v. Jones* (UWYCV18- 6046436-S) (collectively, the "Connecticut State Court Litigation") filed an *Emergency Motion for Relief from the Automatic Stay* [Docket No. 15] seeking relief in the FSS case. An *Agreed Order Modifying the Automatic Stay to Allow the Connecticut Litigation to Continue to Final Judgment* [Docket No. 117] (the "Connecticut Stay Order") was entered on August 29, 2022, wherein the parties agreed to modify the automatic stay in the FSS case solely to allow the Connecticut State Court Litigation to proceed to judgment. The stay in the FSS case would continue to enjoin all parties, including the Connecticut parties from exercising any remedies against FSS to collect or enforce any assets of FSS or its estate, and nothing within waived the rights of any party to the litigation to a stay of all actions on any judgment pending appeal. Jones signed the agreed order indicating agreement only as to paragraph 2 (the paragraph delineating continued injunction against collection or enforcement and non-waiver of rights).

6. The Texas Stay Order and the Connecticut Stay Order (collectively, the "Stay Orders") indicate that FSS agreed for the underlying litigation to proceed to judgment. Jones has not and does not agree to this relief in his individual capacity or as against himself individually. Since the filing of his bankruptcy petition, Jones is entitled to relief pursuant to Section 362(a) of the Bankruptcy Code. Section 362(a)(1) protects Jones from "the commencement or *continuation*, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title" 11 U.S.C. §362(a)(1) (emphasis added). Section 362(a)(2) further protects Jones from "the enforcement, against the debtor or against property of

the estate, of a judgment obtained before the commencement of the case under this title" 11 U.S.C. §362(a)(2).

7. Jones requests that the Stay Orders be modified to prevent the entry of a judgment in either the Heslin/Lewis Lawsuit or the Connecticut State Court Lawsuit pending further order of this Court. In the event judgment is entered in either action, appellate deadlines will begin to run. In the event judgment is entered as to FSS but not as to Jones, appellate deadlines will be staggered, creating confusion and increased costs. Further, a mediation is expected in this Debtor's case, with Jones's participation. In the event this is successful, the fees and expenses associated with appeals would be for naught, and further deplete the limited resources available to fund such a settlement.

8. In addition, Jones seeks relief pursuant to Sections 105 and 362 of the Bankruptcy Code to modify the Texas Stay Order and the Connecticut Stay Order to ensure that there is no ambiguity or ability for the state courts directed by those Stay Orders to misinterpret those Stay Orders as applying to Jones individually, or as modifying the automatic stay as to Jones.

9. Jones has sought emergency relief on this matter, because, upon information and belief, the courts for the Heslin/Lewis Suit and the Connecticut State Court Litigation could soon enter judgments that would impact FSS, and as 100% owner of FSS, Jones individually and thus violate the automatic stay in his Chapter 11 Case.

FOR THE ABOVE REASONS, Jones respectfully requests that the Court enter an order (i) granting the Motion and (ii) granting such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 6th day of December 2022.

**CROWE & DUNLEVY, P.C.**

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

-and-

Shelby A. Jordan
State Bar No. 11016700
S.D. No. 2195
Antonio Ortiz
State Bar No. 24074839
S.D. No. 1127322
**JORDAN & ORTIZ, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
         aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

**PROPOSED ATTORNEYS FOR ALEXANDER E. JONES**

## CERTIFICATE OF CONFERENCE

   I hereby certify that I conferred with counsel for the Debtor, Ray Battaglia, on December 5, 2022, and the Debtor is not opposed to the relief requested in this Motion.  I further certify that I conferred with counsel for the Subchapter V Trustee for this case, Elizabeth Freeman, on December 5, 2022 and Ms. Freeman indicated that the Subchapter V Trustee is not opposed to the relief requested in concept.  I further certify that I attempted to confer with counsel for the Plaintiffs in the underlying litigation in this case on December 5, 2022 and as of the time of filing of this Motion, I had not yet received a response.

              */s/ Vickie L. Driver*
              Vickie L. Driver

## CERTIFICATE OF ACCURACY

I hereby certify that the forgoing statements are true and accurate to the best of my knowledge and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Vickie L. Driver*
Vickie L. Driver

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon the parties listed below via e-mail, U.S. Mail, and/or electronic transmission via the Court's ECF noticing system on this 6th day of December 2022.

(a) The Debtor;

(b) The Office of the United States Trustee for the Southern District of Texas;

(c) The 20 largest unsecured creditors for the Debtor regarding which the pleading impacts, if any;

(d) Sub V Trustee for the Debtor;

(e) The Office of the Attorney General of the State of Texas;

(f) The United States Attorney's Office for the Southern District of Texas;

(g) The Internal Revenue Service; and

(h) All parties who have filed a notice of appearance and request for notice or service of all pleadings pursuant to Bankruptcy Rule 2002 in this case.

*/s/ Christina W. Stephenson*
Christina W. Stephenson