UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § § § | Chapter 11 (Subchapter V) |
| Free Speech Systems, LLC, | | |
| Debtor. | | Case No. 22–60043 (CML) |

**VERIFIED STATEMENT PURSUANT TO RULE 2019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the undersigned counsel submits this verified statement (the "**Verified Statement**"), and in support thereof respectfully states as follows:

1. Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C. ("**CHWWA**"), McDowell Hetherington LLP ("**MH**"), and Kaster Lynch Farrar & Ball, LLP ("**KLFB**," and together with CHWWA and MH, the "**Texas Plaintiffs' Counsel**")[1] represent the following parties (collectively, the "**Texas Plaintiffs**")[2] in the above-captioned matter:

    A.  Neil Heslin
    B.  Scarlett Lewis
    C.  Leonard Pozner
    D.  Veronique De La Rosa
    E.  The Estate of Marcel Fontaine

2. In accordance with Bankruptcy Rule 2019, the address for each of the Texas Plaintiffs is shown on **Exhibit A** attached hereto.

---

[1] Akin, Gump, Strauss, Hauer, & Feld, LLP has provided advice to both the Texas Plaintiffs and the Connecticut Plaintiffs in connection with this chapter 11 case strictly on a pro bono basis and will continue to do so.

[2] The Texas Plaintiffs and their counsel have worked closely with the Connecticut Plaintiffs and their counsel and will continue to do so.

3. The Texas Plaintiffs are each a creditor, and the nature and principal amount of each of their claims is described on **Exhibit A** attached hereto. In accordance with Bankruptcy Rule 2019, **Exhibit A** provides all disclosable economic interests held by each Texas Plaintiff in relation to Free Speech Systems, LLC (the "**Debtor**").

4. The Debtor operates as a media company under the brand name "InfoWars," and is owned by Alexander E. Jones ("**Jones**").

5. The Debtor and Jones are defendants in lawsuits brought by the Texas Plaintiffs.

6. The Texas Plaintiffs are monitoring the Debtor's case. Neither CHWWA, MH, nor KLFB hold any interest in the Debtor or its estate. None of the Texas Plaintiffs' disclosable economic interests have been assigned subsequent to the commencement of the Debtor's case and have not been solicited for purchase by CHWWA, MH, or KLFB.

7. Nothing contained in this Verified Statement (or **Exhibit A** hereto) should be construed as a limitation upon, or waiver of any Texas Plaintiff's right to assert, file, and/or amend its claim(s) in accordance with applicable law and any orders entered in this case establishing procedures for filing proofs of claim.

8. The Texas Plaintiffs' Counsel reserve the right to amend or supplement this Verified Statement in accordance with the requirements set forth in Bankruptcy Rule 2019.

*[Remainder of page intentionally left blank]*

Dated: December 7, 2022

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: */s/ Avi Moshenberg*
Avi Moshenberg
Texas Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, Texas 77002
D: 713-337-5580
F: 713-337-8850
E: Avi.Moshenberg@mhllp.com

&

**CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & AUGHTRY, PC**

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
Tyler W. Greenwood
Texas Bar No. 24123219
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com
E: tyler.greenwood@chamberlainlaw.com

&

**KASTER LYNCH FARRAR & BALL, LLP**

By: */s/ Mark D. Bankston*
Mark D. Bankston
Texas Bar No. 24071066
1117 Herkimer
Houston, Texas 77008
D: 713.221.8300
F: 713.221.8301
E: mark@fbtrial.com

*Attorneys for the Texas Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 7, 2022, a true and correct copy of the foregoing Verified Statement was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Jarrod B. Martin*
Jarrod B. Martin

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11, Subchapter V |
| | § | |
| Free Speech Systems, LLC | § | Case No. 22–60043 (CML) |
| | § | |
| Debtor | § | |

## DECLARATION OF AVI MOSHENBERG

I, Avi Moshenberg, declare that the following is true to the best of my knowledge, information, and belief:

I am one of the attorneys of record for Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine. I have read the *Verified Statement Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* and know the contents to be true and correct to the best of my knowledge and belief.

Dated: December 7, 2022

DocuSigned by:
*Avi Moshenberg*
91D45E2A168E4C5...
Avi Moshenberg

## EXHIBIT A

| Name & Address | Nature of Claim Against the Debtor | Principal Amount of Claim[3] |
|---|---|---|
| Scarlett Lewis<br>c/o McDowell Hetherington<br>1001 Fannin Street<br>Suite 2700<br>Houston, Texas 77002 | Plaintiff in cases alleging defamation, intentional infliction of emotional distress, and TUFTA | At least $22,847,962.90 |
| Neil Heslin<br>c/o McDowell Hetherington<br>1001 Fannin Street<br>Suite 2700<br>Houston, Texas 77002 | Plaintiff in cases alleging defamation, intentional infliction of emotional distress, and TUFTA | At least $27,197,249.90 |
| Leonard Pozner<br>c/o McDowell Hetherington<br>1001 Fannin Street<br>Suite 2700<br>Houston, Texas 77002 | Plaintiff in cases alleging defamation, intentional infliction of emotional distress, and TUFTA | Unliquidated |
| Veronique De La Rose<br>c/o McDowell Hetherington<br>1001 Fannin Street<br>Suite 2700<br>Houston, Texas 77002 | Plaintiff in cases alleging defamation, intentional infliction of emotional distress, and TUFTA | Unliquidated |
| The Estate of Marcel Fontaine<br>c/o McDowell Hetherington<br>1001 Fannin Street<br>Suite 2700<br>Houston, Texas 77002 | Plaintiff in cases alleging defamation and TUFTA | Unliquidated |

---

[3] This statement is not intended as consent pursuant to 28 U.S.C. § 157(c)(2), waiver of the right to liquidation or estimation of unliquidated claims for purposes of distribution outside of the bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), or waiver of the right to trial by jury pursuant to 28 U.S.C. § 1411.