UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| Free Speech Systems LLC, | § | |
| | § | Case No. 22-60043 (CML) |
| Debtor. | § | |

**PQPR HOLDINGS LIMITED, LLC'S LIMITED OBJECTION TO SUBCHAPTER TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION OF M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR TO THE SUBCHAPTER V TRUSTEE**

PQPR LIMITED, LLC ("PQPR") respectfully submits this Objection to Subchapter V Trustee's Motion for Entry of an Order Authorizing Retention of M3 Advisory Partners, LP as Financial Advisor to the Subchapter V Trustee (the "M3 Application") [Docket No. 282] as follows:

1. PQPR is a creditor secured by a perfected lien on virtually all assets of the Debtor, together with proceeds.

2. The Debtor filed this Subchapter V bankruptcy case on July 29, 2022 (the "Petition Date"). On September 20, 2022, the Court entered an Order Expanding the Subchapter V Trustee's Duties Pursuant to 11 U.S.C. § 1183(b)(2) of the Bankruptcy Code [Docket No. 183] and, at PQPR's urging, directed the Subchapter V Trustee to investigate the Debtor and file a report pursuant to 11 U.S.C. §§ 1106(a)(3) & (4) as soon as practicable.

3. Two months later, on November 19, 2022, the Subchapter V Trustee (the "Trustee") requested that the Court authorize, effective as of October 20, 2022, the retention of M3 Advisory Partners LP ("M3") as financial advisor for the Trustee to be compensated in accordance with §328. The M3 Application contains insufficient information for the Court to approve retention and

compensation of M3 under 11 U.S.C. § 328. Specifically, the professional services to be provided by M3, as proposed by the Trustee, are extremely broad and open-ended ("provide such other services as M3 and the [Trustee] shall otherwise agree in writing"). This is especially concerning given the fact that there is no proposed budget for M3's fees and the fees are not capped. M3's ability to recover its direct expenses is also seemingly unlimited, which is problematic given the potential costs associated with travel from its office in New York to the Debtor's business in Austin and the Court in Houston.

4. Furthermore, although the Trustee informs the Court that M3 has agreed to reduce its hourly rates by 30%, this discount is considerably less than was originally negotiated between the Trustee and M3. When the Trustee first proposed hiring M3, the undersigned counsel was told that M3 would reduce its hourly rate by 50%. The Debtor's funds are not limitless, and this case simply cannot afford to write a blank check to M3 for ill-defined services that are not restrained by a budget.

5. Finally, PQPR notes that it has fully cooperated with the Trustee by providing unfettered access to its books and records for the purpose of facilitating and expediting the investigation. This access was also subject to an agreement that such information would not be disseminated to any other parties absent a Court order. PQPR has requested assurance that M3 would similarly treat any information that PQPR previously provided to the Trustee or subsequently provides to M3 but has received no such assurances.

6. Therefore, PQPR makes this limited objection to the M3 Application subject to an agreed-upon or Court-approved budget and cap on the fees to be charged.

Dated:  December 9, 2022           Respectfully submitted,

By: */s/ Stephen W. Lemmon*
Stephen W. Lemmon
Texas Bar. No. 12194500
STREUSAND, LANDON, OZBURN &
LEMMON, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
lemmon@slollp.com

ATTORNEYS FOR
PQPR HOLDINGS LIMITED, LLC

## CERTIFICATE OF SERVICE

    I hereby certify that on December 9, 2022, a true and correct copy of the foregoing instrument was served via this Court's ECF notification system upon all parties registered to receive electronic notice of filings in this case.

                                              */s/ Stephen W. Lemmon*
                                              Stephen W. Lemmon