IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-60043 |
| | § | |
| FREE SPEECH SYSTEMS, LLC | § | (Chapter 11, Subchapter V) |
| | § | |
| Debtor. | § | JUDGE CHRISTOPHER M. LOPEZ |
| | § | |

**LIMITED OBJECTION OF ALEXANDER E. JONES TO
DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I)
AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO SECTIONS 105,
361, AND 363 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF
BANKRUPTCY PROCEDURE 4001(B) AND (II) GRANTING ADEQUATE
PROTECTION TO THE PREPETITION SECURED LENDER**

Alexander E. Jones ("Jones"), by and through his undersigned counsel, hereby submits his limited objection to Free Speech Systems, LLC's *Emergency Motion for an Interim and Final Orders (I) Authorizing the Use of Cash Collateral Pursuant to Sections 105, 361, and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(B) and (II) Granting Adequate Protection* [(Doc. 6], and in support thereof, would show the Court as follows.

### I.   BACKGROUND

1. Jones hosts a syndicated radio and video talk show from Austin, Texas. Debtor Free Speech Systems, LLC ("FSS") is a single member LLC, 100% owned by Jones, that produces and syndicates much of the show.

2. On or about April 14, 2022, FSS and Jones executed an Employment Agreement (the "Agreement"), under which FSS agreed to pay Jones the annual salary of $1,300,000.00 via twenty-four biweekly payments, each in the amount of $54,166.67.

3.      The Agreement additionally provides that Jones will receive reimbursement for expenses, including travel, meals, lodging, and cell phone costs, incurred in the course of his employment.

4.      On or about July 29, 2022 (the "Petition Date"), FSS filed a voluntary petition for relief under Subchapter V of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      On or about August 5, 2022, the Court in this case entered an *Interim Order Authorizing Debtor's Use of Cash Collateral and Providing Partial Adequate Protection* [Doc. 41], the first of six such orders (each an "Interim Order" and together, the "Interim Orders"), with the most recent having been entered on November 21, 2022 [Doc. 287].

6.      The First Interim Order approved a budget containing a line item for "Alex Jones Salary," which provided for biweekly payments of $10,000.00.

7.      The Second through Sixth Interim Orders approved a budget where the line item for "Alex Jones Salary" provided for biweekly payments of $20,000.00.

8.      On December 2, 2022, Jones filed his voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

9.      The Court has set a "Further Hearing" on the Motion for December 19, 2022 [Doc. 289].

## II.     OBJECTION AND ARGUMENT

10.     Jones files this limited objection to the Court's entry of any further order authorizing the use of cash collateral, interim or final, to the extent that such order does not authorize Debtor to pay Jones's full salary as set forth in the Agreement.

11. Since the Petition Date in this case and continuing to and past the date of this filing, Jones has wholly fulfilled his employment obligations to render the content creation, advertisement, and promotional services set forth in his Agreement with FSS.

12. FSS has not made a full salary payment to Jones pursuant to the Agreement since the Petition Date. The amount authorized for FSS's payment of Jones's salary in the Interim Orders to date is a severe reduction from the salary Jones is due under the Agreement.

13. Additionally, Jones continues to expend personal funds for FSS expenses. Jones seeks authorization from the Court that FSS be permitted and directed to reimburse Jones for any expenses included within the approved cash collateral budget that Jones personally advances on behalf of FSS.

THEREFORE, Jones respectfully requests that (i) in any forthcoming order(s), interim or final, authorizing Debtor's use of cash collateral, the Court authorize Debtor's payment of Jones's full contractually agreed salary, (ii) in any forthcoming order(s), interim or final, authorizing Debtor's use of cash collateral, the Court authorize Debtor's reimbursement of Jones for FSS expenses, and (iii) the Court grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 16th day of December 2022.

**CROWE & DUNLEVY, P.C.**

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

-and-

Shelby A. Jordan
State Bar No. 11016700
S.D. No. 2195
Antonio Ortiz
State Bar No. 24074839
S.D. No. 1127322
**JORDAN & ORTIZ, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
             aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

**PROPOSED ATTORNEYS FOR ALEXANDER E. JONES**