IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § § | Case No. 22-60043 (CML) |
| . | § § | |
| Debtor. | § | Jointly Administered |

**SUBCHAPTER V TRUSTEE'S RESPONSE TO PQPR HOLDINGS LIMITED, LLC'S LIMITED OBJECTION AND SUPPLEMENTAL OBJECTION TO SUBCHAPTER TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION OF M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR TO THE SUBCHAPTER V TRUSTEE**

Melissa Haselden, the subchapter v trustee (the "Subchapter V Trustee") files this response regarding *PQPR Holdings Limited, LLC's Limited Objection to Subchapter Trustee's Motion for Entry of an Order Authorizing Retention of M3 Advisory Partners, LP as Financial Advisor to the Subchapter V Trustee* (the "Objection") [Docket No. 305] and supplemental objection (the "Supplemental Objection") [Docket No. 325] and states the following:

1. On November 19, 2022, the Subchapter V Trustee filed its *Motion for Entry of an Order Authorizing Retention of M3 Advisory Partners, LP as Financial Advisor to the Subchapter V Trustee* (the "M3 Application") [Docket No. 282]. On December 9, 2022, PQPR Holdings Limited, LLC ("PQPR") filed its Objection [Docket No. 305] and then filed its Supplemental Objection on December 16, 2022 [Docket No. 325].

2. As further described in the M3 Application, the Subchapter V Trustee seeks retention of M3 Advisory Partners, LP ("M3") as financial advisor to assist in executing her duties as Subchapter V Trustee. Pursuant to this Court's order, the Subchapter V Trustee's duties were

expanded and she was tasked with undertaking an investigation.[1] The Investigation includes reviewing many years worth of transfers and transactions with numerous parties. The records maintained by the parties are incomplete and generally not in good order. The scattered information complicates the process. The Subchapter V Trustee requires the assistance of a financial advisor in fulfilling her duties.

3. PQPR initially objected to the M3 Application subject to an agreed-upon or Court-approved budget and cap on the fees to be charged by M3. [Docket No. 305]. PQPR filed its Supplemental Objection indicating confusion about whether M3's compensation would be subject to review. [Docket No. 325].

4. First, with regards to compensation, in addition to the Declaration of Brian Griffith stating the intention to file a fee application with the Court, the proposed M3 retention order itself provides in paragraph 2:

> M3 shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with §§ 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, applicable provisions of the Bankruptcy Local Rules, and any other applicable orders of the Court.

If the M3 retention is approved, the Court is *ordering* M3 to apply for any compensation it seeks to be paid, full stop.

5. PQPR also requests that M3 be subject to a compensation cap and limits on its scope of work. The Subchapter V Trustee has duties under the Bankruptcy Code. Further, the Court expanded the Subchapter V Trustee's powers. The Subchapter V Trustee tasked by the Court with undertaking an the investigation in this case.

---

[1] *See Order Expanding the Subchapter V Trustee's Duties Pursuant to 11 U.S.C. § 1183(b)(2) of the Bankruptcy Code* [Docket No. 183].

6.      It is not appropriate for a fiduciary in these circumstances to have its investigation budget capped.  It is particularly inappropriate when the party seeking to impose the limits on an investigation is an insider that is subject to that investigation.  The Trustee shares the concern regarding the economics of the case.  However, the retention phase is not the proper place to address such worries.  Retained professionals are entrusted to be vigilant and responsible with their efforts.  The hearing regarding consideration of an application for compensation is the reckoning.

December 16, 2022

*/s/ Elizabeth C. Freeman*
**LAW OFFICE OF LIZ FREEMAN**
Elizabeth C. Freeman (TX Bar No. 2400922)
PO Box 61209
Houston, TX 77208-1209
Telephone: (832) 779-3580
Email: liz@lizfreemanlaw.com

*Counsel for Melissa Haselden,*
*Subchapter V Trustee*

**JACKSON WALKER LLP**
Sean Gallagher (TX Bar No. 24101781)
Emily Meraia (TX Bar No. 24129307)
100 Congress Avenue, Suite 1100
Austin, TX 78701
Telephone: 512-236-2000
Email: sgallagher@jw.com
Email: emeraia@jw.com

*Counsel for Melissa Haselden,*
*Subchapter V Trustee*

## **CERTIFICATE OF SERVICE**

I certify that on December 16, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Elizabeth Freeman*
Elizabeth Freeman