United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 19, 2022

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) (Chapter 11) Subchapter V |
| | ) |
| FREE SPEECH SYSTEMS, LLC, | ) Case No. 22-60043 (CML) |
| | ) |
| Debtor. | ) |
| | ) |

### AGREED ORDER MODIFYING THE AUTOMATIC STAY

Upon *Jones's Emergency Motion to Modify Stay Orders* [ECF. No. 300] (the "Stay Modification Motion") filed in the above-captioned chapter 11 case (this "Chapter 11 Case") of Free Speech Systems, Inc. (the "Debtor"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Sandy Hook Post-Trial Families,[1] the Debtor and Alexander E. Jones ("Jones" and together with the Debtor and the Sandy Hook Post-Trial Families, the "Parties") having reached the following agreement, the Parties stipulate and agree, and the Court hereby orders (the "Agreed Order") that:

1.      This Agreement is contingent upon the entry of the Agreed Order and is integral to the Parties' agreement concerning the modification of the automatic stay.

---

[1] Neil Heslin and Scarlett Lewis (the "Texas Post-Trial Plaintiffs") and David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach and Robert Parker (the "Connecticut Plaintiffs" and, together with the Texas Post-Trial Plaintiffs, the "Sandy Hook Post-Trial Families").  Actions filed by Leonard Pozner, Veronique De La Rosa and Marcel Fontaine (the "Texas Pre-Trial Plaintiffs" and, together with the Texas Post-Trial Plaintiffs, the "Texas Plaintiffs") have not yet been tried.  For ease of reference, this Agreed Order refers to all of the Texas Plaintiffs and Connecticut Plaintiffs together as the "Sandy Hook Families."

2.      This Agreement does not alter the terms of the *Agreed Order Modifying the Automatic Stay to Allow the Connecticut Litigation to Continue to Final Judgment* [ECF. No. 117], except as such terms are specifically implicated herein.

3.      Jones agrees to withdraw the Stay Modification Motion.

4.      The automatic stay under section 362(a) of title 11 of the United States Code (the "Bankruptcy Code") is modified immediately to (i) allow the Sandy Hook Post-Trial Families' Cases[2] to continue to proceed to entry of final judgment and (ii) once judgments are entered, to allow appeals, if any, to proceed and the Sandy Hook Post-Trial Families to pursue, respond to and participate in any such appeals without further order of the Court.

5.      Except to assert actions or claims against the Debtor in this Chapter 11 Case, Jones's chapter 11 case[3] or related proceedings, the automatic stay shall continue to enjoin the Sandy Hook Post-Trial Families and any other party, from exercising against the Debtor any remedies to collect or enforce any judgment against any assets of the Debtor or its bankruptcy estate including all property of the estate.

6.      Notwithstanding any prior agreements between or among the Parties, the Sandy Hook Post-Trial Families agree not to object to the joint retention by the Debtor and Jones of appellate counsel[4] in connection with appellate proceedings in the Sandy Hook Post-Trial Families' Cases (the "Joint Appellate Counsel"), with the reasonable and documented fees and expenses incurred by Joint Appellate Counsel to be shared equally by the Debtor and Jones;

---

[2] The "Sandy Hook Post-Trial Families' Cases" means the following cases pending against the Debtor and Jones: (i) *Neil Heslin and Scarlett Lewis v. Alex E. Jones and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001835, in the 261st District Court of Travis County, Texas; and (ii) *Erica Lafferty,* et al. *v. Alex Jones,* et al., Case No. UWY-CV18-6046436-S; Sherlach v. Jones, No. UWY-CV18-6046437-S; and *Sherlach v. Jones*, No. UWYCV18- 6046438-S, in the Superior Court, Complex Litigation Docket at Waterbury, Connecticut.

[3] Case No. No. 22-33553 (the "Jones Chapter 11 Case").

[4] To the extent separate appellate counsel is needed for Texas and Connecticut appellate proceedings, the Debtor and Jones shall seek same.

*provided* that such retention shall be approved by the Court and otherwise comply with Bankruptcy Code section 327 and all other applicable standards or be subject to a cap to be agreed upon by the Sandy Hook Families and the Official Committee of Unsecured Creditors appointed in the Jones Chapter 11 Case (the "UCC"); *provided further* that if approved by the Court and absent consent by the Sandy Hook Families and the UCC regarding any cap, Joint Appellate Counsel shall be required to file fee applications pursuant to Bankruptcy Code sections 327, 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas and any order setting forth procedures for interim compensation and reimbursement of expenses for professionals in this Chapter 11 Case including, but not limited to, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [ECF No. 202].

7.     For the avoidance of doubt, the Debtor and Jones shall be required to file and obtain approval by this Court of a retention application for the Joint Appellate Counsel on notice to all parties in interest in each of the Jones Chapter 11 Case and this Chapter 11 Case, and the Sandy Hook Post-Trial Families retain the right to evaluate and object to, if necessary, the terms of such retention to the extent they do not comply with applicable legal standards.  For the further avoidance of doubt, the Sandy Hook Post-Trial Families reserve the right to evaluate and object to, if necessary, any and all fee applications filed by Joint Appellate Counsel and all other estate compensated professionals to the extent such fees do not comply with applicable legal standards.

8.      Notwithstanding Bankruptcy Rule 4001(a)(3), this Agreed Order shall be effective immediately upon entry of it by the Court.

9.     The Court shall retain sole and exclusive jurisdiction with respect to the automatic stay and its application to any actions other than those expressly provided for in this Agreed Order

and any disputes arising in respect of termination of the lifting of the stay by failure to meet a necessary condition of the agreement reached between the Parties and approved herein.

Signed: December 19, 2022

Christopher Lopez
United States Bankruptcy Judge

**AGREED IN FORM AND SUBSTANCE**:

**Free Speech Systems, LLC**

By: /s/ Raymond W. Battaglia
Raymond W. Battaglia
Law Offices of Ray Battaglia, PLLC

*Counsel to the Debtor*

**Alexander E. Jones**

By: /s/ Vickie L. Driver
Vickie L. Driver
Crowe & Dunlevy PC

*Proposed Counsel to Alexander E. Jones*

**The Sandy Hook Post-Trial Families**

By: /s/ David Zensky
David Zensky
Akin Gump Strauss Hauer & Feld LLP

*Co-Counsel to the Sandy Hook Post-Trial Families*