IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | Case No. 22-60043 |
| | § | |
| **FREE SPEECH SYSTEMS, LLC** | § | (Chapter 11, Subchapter V) |
| | § | |
| Debtor. | § | JUDGE CHRISTOPHER M. LOPEZ |
| | § | |

### EMERGENCY MOTION OF ALEXANDER E. JONES TO FIX A DATE BY WHICH DEBTOR MUST ASSUME OR REJECT EXECUTORY CONTRACT

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**EMERGENCY RELIEF IS REQUESTED NOT LATER THAN JANUARY 15, 2023.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones (the "Jones"), a creditor and party in interest in this case, files this

*Emergency Motion to Fix a Date by Which Debtor Must Assume or Reject Executory Contract* (the

"Motion") and in support thereof, respectfully represents as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. Jones hosts a syndicated radio and video talk show in Austin, Texas. FSS is a single member LLC, 100% owned by Jones, that produces and syndicates much of the show.

3. On or about April 14, 2022, Free Speech Systems, LLC ("FSS" or the "Debtor") and Jones executed an Employment Agreement under which, among other things, FSS agreed to pay Jones the annual sum of $1,300,000.00 via twice-monthly payments (the "Contract").

4. On or about July 29, 2022, FSS filed a voluntary petition for relief under subchapter v of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On or about August 5, 2022, the Court in this case entered an *Interim Order Authorizing Debtor's Use of Cash Collateral and Providing Partial Adequate Protection* [Doc. 41], the first of seven such orders (the "Interim Orders"), with the most recent having been entered on December 19, 2022 [Doc. 333]. Each of the Interim Orders budgeted for a biweekly salary payment to Jones, initially in the amount of $10,000.00, but raised in the Third Interim Order [Doc. 151] to $20,000.00.

6. On December 2, 2022, Jones filed his voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

## III. RELIEF REQUESTED

7. Pursuant to 28 U.S.C. § 365(d)(2), Jones requests that the Court enter an order fixing a date by which the Debtor must assume or reject the Contract.

8. FSS has not made a payment to Jones pursuant to the Contract postpetition, and the amount allotted by the court in the Interim Orders does not equal the salary promised to Jones under the Contract.

9. This court has the authority under Section 365(d)(2) of the Bankruptcy Code to require the Debtor to determine whether to assume or reject an Agreement within a specified period of time.

10. The best interests of the Debtor, its creditors, and the estate require that the Debtor be ordered to assume or reject the Agreement on or before January 31, 2023.

11. Jones has sought emergency relief on this matter because, having recently filed his own petition for bankruptcy relief, he is in need of definitive information as to the amount he will receive in salary each month as soon as possible, in order to construct and propose a budget in his own proceeding.

FOR THE ABOVE REASONS, Jones respectfully requests that the Court enter an order (i) granting the Motion and (ii) granting such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 21st day of December 2022.

**CROWE & DUNLEVY, P.C.**

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

-and-

Shelby A. Jordan
State Bar No. 11016700
S.D. No. 2195
Antonio Ortiz
State Bar No. 24074839
S.D. No. 1127322
**JORDAN & ORTIZ, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
         aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

**PROPOSED ATTORNEYS FOR ALEXANDER E. JONES**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for the Debtor, Ray Battaglia, on December 21, 2022, via telephone and as of the filing of this Motion, the Debtor is unable to agree to the relief requested.

*/s/ Christina W. Stephenson*
Christina W. Stephenson

## CERTIFICATE OF ACCURACY

I hereby certify that the forgoing statements are true and accurate to the best of my knowledge and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Christina W. Stephenson*
Christina W. Stephenson

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing pleading was served upon the parties listed below via e-mail, U.S. Mail, and/or electronic transmission via the Court's ECF noticing system on this 21st day of December, 2022.

(a) The Debtor

(b) The Office of the United States Trustee for the Southern District of Texas;

(c) The 20 largest unsecured creditors for the Debtor regarding which the pleading impacts, if any;

(d) Sub V Trustee for the Debtor;

(e) The Office of the Attorney General of the State of Texas;

(f) The United States Attorney's Office for the Southern District of Texas;

(g) The Internal Revenue Service; and

(h) All parties who have filed a notice of appearance and request for notice or service of all pleadings pursuant to Bankruptcy Rule 2002.

                                                */s/ Christina W. Stephenson*
                                                Christina W. Stephenson