IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | Case No. 22-60043 (CML) |
| Debtor. | |

**RESERVATION OF RIGHTS OF THE
SANDY HOOK FAMILIES WITH RESPECT TO THE
EMERGENCY MOTION OF ALEXANDER E. JONES TO FIX A DATE BY
WHICH DEBTOR MUST ASSUME OR REJECT EXECUTORY CONTRACT**

1. The Sandy Hook Families,[1] as creditors and parties in interest in the above-captioned chapter 11 case, hereby submit this reservation of rights (this "Reservation of Rights") in response to the *Emergency Motion of Alexander E. Jones to Fix a Date by Which Debtor Must Assume or Reject Executory Contract* [Docket No. 349] (the "Motion").

2. The Sandy Hook Families obtained multiple judgments in the aggregate amount more than one-and-a-half billion dollars through lawsuits against Free Speech Systems, LLC (the "Debtor"), among others, in both Texas and Connecticut. The Sandy Hook Families are—by far—the largest creditors in this chapter 11 case.

3. The Sandy Hook Families take no position on Mr. Jones' Motion to the extent it merely requests that the Court fix a date by which the Debtor must either assume

---

[1] The individual plaintiffs that, together, comprise the "Sandy Hook Families" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, and Robert Parker, who are plaintiffs in the Connecticut litigation (together, the "Connecticut Plaintiffs"), and Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine, who are plaintiffs in the Texas actions (together, the "Texas Plaintiffs").

or reject the employment agreement that the Debtor purportedly executed with Mr. Jones on or about April 14, 2022 (as may be modified from time to time, the "Employment Agreement").

4. The Motion, however, improperly asks the Court to do more than just fix a date by which the Debtor must decide whether to assume or reject the Employment Agreement. For example, the Proposed Order conflates the issue of fixing a decision date with the actual assumption of the Employment Agreement itself, thereby suggesting that—should the Debtor determine to assume the Employment Agreement—then such assumption would be effective on January 31, 2023, and that the Debtor must cure prior defaults and provide adequate assurance of future performance at such time. See Proposed Order ¶ 3.

5. Based on the extremely limited information currently available, the Sandy Hook Families oppose the Debtor's assumption of the Employment Agreement.

6. More fundamentally, whether the Debtor elects to assume the Employment Agreement is not an issue before the Court, because no party has properly presented that question to the Court. If the Debtor elects to pursue assumption of the Employment Agreement, it must file a motion seeking permission to do so from the Court and setting forth the bases for such assumption. The Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") require that the Debtor—in the event it wishes to assume or reject any executory contract or unexpired lease—must seek permission from the Court to do so via motion with reasonable notice and opportunity for a hearing. See Fed. R. Bankr. P. 6006(a), 9014(a).

7.      If the Debtor files such a motion, then the Sandy Hook Families will respond based on the legal arguments and factual record set forth therein, as well as any discovery produced in connection therewith.  But neither Mr. Jones nor the Debtor should be permitted to short-circuit the procedural safeguards set forth in the Bankruptcy Rules by assuming the Employment Agreement without the filing of an assumption motion with due notice to the Debtor's creditors.

8.      For the avoidance of doubt, the Sandy Hook Families reserve their rights to amend or supplement this Reservation of Rights on any basis and reserve all rights and remedies with respect to the Employment Agreement and otherwise in this chapter 11 case.

Dated: December 30, 2022

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**
By: */s/ Avi Moshenberg*
Avi Moshenberg
State Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, TX 77002
Telephone:  (713) 337-5580
Fax:  (713) 337-8850
Email:  Avi.Moshenberg@mhllp.com

**CHAMBERLAIN, HRDLICKA,**
**WHITE, WILLIAMS & AUGHTRY, PC**
By: */s/ Jarrod B. Martin*
Jarrod B. Martin
State Bar No. 24070221
Tyler W. Greenwood
State Bar No. 24123219
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone:  (713) 356-1280
Fax:  (713) 658-2553
Email:  jarrod.martin@chamberlainlaw.com

*Co-Counsel to the Texas Plaintiffs*

**CAIN & SKARNULIS PLLC**
By: */s/ Ryan E. Chapple*
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone:  (512) 477-5000
Fax:  (512) 477-5011
Email:  rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone:  (203) 336-4421
Email:  asterling@koskoff.com

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Alexander Woolverton (admitted *pro hac vice*)
Martin J. Salvucci (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3000
Fax:  (212) 757-3990
Email:  kkimpler@paulweiss.com
Email:  awoolverton@paulweiss.com
Email:  msalvucci@paulweiss.com

*Co-Counsel to the Connecticut Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Reservation of Rights has been served on counsel for Debtor, Debtor, and all parties receiving or entitled to notice through CM/ECF on this 30th day of December 2022.

/s/ Ryan E. Chapple
Ryan E. Chapple