IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS, LLC, | ) Case No. 22-60043 (CML) |
| Debtor. | ) |

## NOTICE OF BANKRUPTCY RULE 2004 EXAMINATION OF PQPR HOLDINGS LIMITED, LLC BY THE SANDY HOOK FAMILIES

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), PQPR Holdings Limited, LLC ("**PQPR**") is commanded to produce documents and electronically stored information ("**ESI**"), and respond to the request for production (the "**Request**"), identified in the attached **Exhibit A**, to **Avi Moshenberg,** McDowell Hetherington, LLP, 1001 Fannin Street, Suite 2700 Houston, Texas 77002, and by electronic mail to the undersigned, counsel to Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine (collectively, the "**Texas Plaintiffs**") and David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, and Robert Parker (collectively, the "**Connecticut Plaintiffs**," and together with the Texas Plaintiffs, the "**Sandy Hook Families**"), no later than **February 11, 2023 at 5:00 p.m. CT** (the "**Production Date**").

Please take further notice that the Sandy Hook Families reserve their rights under title 11 of the United States Code (the "**Bankruptcy Code**"), the Bankruptcy Rules, the Local Rules, and any applicable law regarding the subject matter of this Notice and to amend, supplement, and/or

modify **Exhibit A** attached hereto in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable law.

Dated: January 12, 2023

Respectfully submitted,

| | |
|---|---|
| **MCDOWELL HETHERINGTON LLP**<br>By: */s/ Avi Moshenberg*<br>Avi Moshenberg<br>State Bar No. 24083532<br>1001 Fannin Street, Suite 2700<br>Houston, TX 77002<br>Telephone:  (713) 337-5580<br>Fax:  (713) 337-8850<br>Email:  Avi.Moshenberg@mhllp.com | **CAIN & SKARNULIS PLLC**<br>By: */s/ Ryan Chapple*<br>Ryan E. Chapple<br>State Bar No. 24036354<br>303 Colorado Street, Suite 2850<br>Austin, TX 78701<br>Telephone:  (512) 477-5000<br>Fax:  (512) 477-5011<br>Email:  rchapple@cstrial.com |
| **CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, PC**<br>By: */s/ Tyler W. Greenwood*<br>Jarrod B. Martin<br>State Bar No. 24070221<br>Tyler W. Greenwood<br>State Bar No. 24123219<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002<br>Telephone:  (713) 356-1280<br>Fax:  (713) 658-2553<br>Email:  jarrod.martin@chamberlainlaw.com<br>            tyler.greenwood@chamberlainlaw.com<br>*Co-Counsel to the Texas Plaintiffs* | **KOSKOFF KOSKOFF & BIEDER PC**<br>Alinor C. Sterling (admitted *pro hac vice*)<br>350 Fairfield Avenue<br>Bridgeport, CT 06604<br>Telephone:  (203) 336-4421<br>Email:  asterling@koskoff.com<br><br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>Kyle J. Kimpler (admitted *pro hac vice*)<br>Martin J. Salvucci (admitted *pro hac vice*)<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Telephone:  (212) 373-3000<br>Fax:  (212) 757-3990<br>Email:  kkimpler@paulweiss.com<br>Email:  msalvucci@paulweiss.com<br><br>*Co-Counsel to the Connecticut Plaintiffs* |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 2004-1, I hereby certify that counsel for the Sandy Hook Families emailed counsel for PQPR about the Sandy Hook Families' Rule 2004 request in the form reflected in **Exhibit A** on December 21 and 27, 2022 but PQPR's counsel never responded.

*/s/ Avi Moshenberg*
Avi Moshenberg

## CERTIFICATE OF SERVICE

I certify that on January 12, 2023, a true and correct copy of the foregoing and the attached **Exhibit A** was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Tyler W. Greenwood*
Tyler W. Greenwood

# EXHIBIT A

# DEFINITIONS

The following definitions apply to the Request. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. The term "*Affiliate*" or "*Affiliates*" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

2. The terms "*all*," "*any*," and "*each*" shall each be construed as encompassing any and all of these terms.

3. The connectives "*and*" and "*or*" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all Documents or responses that might otherwise be construed to be outside of its scope.

4. The term "*Communication*" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, email messages, text messages, Bloomberg messages, chat messages, Instant Bloomberg chat messages, social media messages (e.g., Facebook), WhatsApp chat messages, GroupMe chat messages, or other messaging platforms, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

5. The term "*Document*" is defined to be synonymous in meaning and equal in scope to the usage of the term "*documents or electronically stored information*" in Fed. R. Civ. P. 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations. This

includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, including but not limited to emails, texts, chats, spreadsheets, and power points.  A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "*including*" shall mean "including, but not limited to."

7. The term "*Person*" shall mean any natural person or any legal entity, and their Affiliates and Professionals, including, without limitation, any business or governmental entity or association.

8. The terms "*You*", and "*Your*" shall mean PQPR Holdings Limited, LLC and any of its affiliates, parents, subsidiaries, predecessors and successors in interest, and any of its former or current employees, members, managers, officers, directors, beneficial owners, agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

9. The term "*Professional*" shall mean any Person or entity engaged to provide or involved in providing professional services of any kind at any time, including without limitation, any attorneys, consultants, independent contractors, advisors, and testifying or non-testifying experts.

10. The term "*Trustee*" shall mean the subchapter V trustee appointed in the above-captioned case, and any of its former or current employees, agents, advisors, attorneys, Professionals, or anyone else acting on its behalf.

11. The definitions described above shall apply regardless of whether such term is capitalized or not capitalized.

12. Any references to a Person shall be deemed to include such Person's agents, accountants, advisors, employees, attorneys and other Professionals, officers, directors, direct or

indirect shareholders, members, representatives, Affiliates, subsidiaries, predecessors, successors, assigns, or any other individual or entity acting or purporting to act on behalf of such Person.

13. The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

## INSTRUCTIONS

1. These instructions incorporate by reference the requirements and duties of the Federal Bankruptcy Rules, the Federal Rules, and the Local Rules.

2. Each Request is continuing in nature. If at any time additional Documents responsive to the Request come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to this Request is required.

3. You are requested to produce all Documents and information requested herein that are within Your possession, custody, or control or in the possession, custody, or control of Your current and former officers, directors, agents, employees, representatives, Affiliates, Professionals, or any other Person or entity acting or purporting to act on Your behalf.

4. All Documents shall be produced in TIFF format with OCR images, provided, however, that documents in Excel format shall be provided in native format. All Documents shall be produced with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, bcc-blind copies, and whether the document contains redactions.

5. If the response to any Request consists, in whole or in part, of an objection on the basis of or including burdensomeness, then provide those documents that can be produced without undue burden. For such documents that are too burdensome to produce, describe the process or method required to obtain said documents, the quantity and location of the documents involved, and the estimated costs of the search.

6. Any Document or other information that falls within the scope of this Request that is withheld on the basis of a claim of privilege, work product protection, or any other grounds should be identified in writing by date, title/file name/"re line"/subject, addressee/to/cc/bcc, addressor/from, document type, and topic covered and listed with a statement of the grounds alleged for withholding such document, communication, or other information, including any common interest or joint defense privilege claimed.

7. If Your response to any Request is any other objection, You must indicate if information is being withheld based on the objection(s), provide all information not covered by the objection, and state the specific basis of the objection.

8. If any Document responsive to this Request has been destroyed, state when the Document was destroyed, identify the Person who destroyed the Document, and the Person who directed that it be destroyed. Additionally, detail the reasons for the destruction, describe the nature of the Document, identify the Persons who created, sent, received, or reviewed the Document, and state in as much detail as possible the contents of the Document.

9. Subject to Instruction No. 4 above, Documents should be produced in the manner they are kept in the ordinary course of business. In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.

10. Except where otherwise specified, the Request seeks Documents dated, created, or otherwise obtained at any time through the date of Your response. For the avoidance of doubt, this Request seeks Documents created before and after the Petition Date.

11. By serving this Request, the Sandy Hook Families reserve all rights, do not waive any of their rights, and expressly reserve the right to modify or otherwise to supplement this Request.

## REQUEST FOR PRODUCTION

1. Produce all Documents and Communications that You have provided to the Trustee through the Production Date and all Documents and Communications that You will provide to the Trustee after the Production Date.