# R. J. Shannon

| | |
|---|---|
| **From:** | R. J. Shannon |
| **Sent:** | Monday, August 8, 2022 7:09 PM |
| **To:** | Martin, Jarrod B.; rbattaglialaw@outlook.com; Kyung S. Lee |
| **Subject:** | Re: FSS |

Jarrod—

Your clients have alleged that PQPR was an insider in the TUFTA action, but below are the bases for PQPR being an insider that we have identified. There may be others, but I don't think that PQPR disputes that it is an insider so I'm not going to try to parse them.

**Way 1 (Statutory):**

1) Bankruptcy Code § 101(31)(E) includes in the definition of an insider an "affiliate, or insider of an affiliate as if such affiliate were the debtor";

2) Bankruptcy Code § 101(2)(B) in the definition of "affiliate" a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, . . . by an entity that directly or indirectly owns controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .";

3) Alex Jones indirectly owns or controls 20% or more of PQPR and directly owns 20% or more of the Debtor;

4) Therefore, PQPR and the Debtor are affiliates and insiders.

**Way 2 (Statutory):**

1) Bankruptcy Code § 101(31)(E) includes as the definition of an insider an "affiliate, or insider of an affiliate as if such affiliate were the debtor";

2) Alex Jones is an affiliate of Free Speech Systems;
    a. Bankruptcy Code § 101(2)(A) provides that an "affiliate" includes an "entity that directly owns, controls with the power to vote, 20 percent or more of the outstanding voting securities by the debtor";
    b. Alex Jones directly owns more that 20% of the outstanding voting securities of the Debtor.

3) PQPR is an insider to Alex Jones.
    a. Bankruptcy Code § 101(2)(B) provides that an "affiliate" also includes a "corporation 20% or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with the power to vote, but the debtor";
    b. Alex Jones indirectly owns or controls 20% or more of the outstanding voting securities in PQPR and is thus an affiliate;

4) Therefore, PQPR is an affiliate and insider of the Debtor.

**Way 3 (Non-Statutory)*:**

1) Bankruptcy Code § 101(31)(E) includes as the definition of an insider an "affiliate, or insider of an affiliate as if such affiliate were the debtor";

1

2) Alex Jones is an affiliate of Free Speech Systems;
   a. Bankruptcy Code § 101(2)(A) provides that an "affiliate" includes an "entity that directly owns, controls with the power to vote, 20 percent or more of the outstanding voting securities by the debtor";
   b. Alex Jones directly owns more that 20% of the outstanding voting securities of the Debtor.

3) PQPR is controlled by Dr. David Jones;

4) Dr. David Jones is Alex Jones' father, and thus an insider of Alex Jones if he was a debtor under Bankruptcy Code § 101(31)(A)(i);

5) This is substantially similar to statutory insiders under the Bankruptcy Code and PQPR is therefore a non-statutory insider.

*Bankruptcy Code § 1182(1)(A) does not except only the debt to *statutory* insiders from the cap.

Your clients may just be looking for a way to challenge PQPR's lien on the grounds that it is avoidable (I don't think that gets around the need for permission to use cash collateral prior to that avoidance but good for you if you are successful) but you should think long and hard about where the path leads if you are looking for a ruling that PQPR is **not** an insider. Plaintiffs in the TUFTA action have already quixotically asserted and put on evidence in the Heslin/Lewis trial that FSS was solvent to the tune of at least $135 million, which I'm sure had Steve Lemmon jumping for joy. If you get a finding that establishes that PQPR is not an insider, we lose the extended preference lookback period w/r/t PQPR and make getting its lien avoided more of an up-hill battle. An unavoidable PQPR lien also opens up paths for Alex Jones to terminate his employment with the Debtor, force it into liquidation, credit bid for the assets, and continue on at a different entity to the detriment of the bankruptcy estate and your clients.

Thanks,
R. J.

**R. J. Shannon**
Partner
**Shannon & Lee LLP**
Cell: (512) 693-9294

---

**From:** Martin, Jarrod B. <Jarrod.Martin@chamberlainlaw.com>
**Date:** Monday, August 8, 2022 at 4:41 PM
**To:** R. J. Shannon <rshannon@shannonleellp.com>, rbattaglialaw@outlook.com <rbattaglialaw@outlook.com>, Kyung S. Lee <klee@shannonleellp.com>
**Subject:** Re: FSS

Following up.

Also, Ray, discovery is about to be sent to FSS and PQPR. I think everyone is aiming for depositions for august 19 and 22. Can we agree that discovery will be produced by August 16? Call me if you want to discuss. 832-580-6261. If I don't hear from you I'll call you tomorrow.

Get Outlook for iOS

---

**From:** Martin, Jarrod B.
**Sent:** Sunday, August 7, 2022 2:15:36 PM
**To:** R. J. Shannon <rshannon@shannonleellp.com>; rbattaglialaw@outlook.com <rbattaglialaw@outlook.com>; Kyung S.

Lee <klee@shannonleellp.com>
**Subject:** RE: FSS

RJ, a follow-up question: Could you explain how PQPR is a statutory insider or affiliate for purposes of the sub v debt limit?

Jarrod B. Martin
Shareholder

Chamberlain Hrdlicka
Attorneys at Law

Direct: 713.356.1280
E-Mail: jarrod.martin@chamberlainlaw.com

---

**From:** R. J. Shannon <rshannon@shannonleellp.com>
**Sent:** Saturday, August 6, 2022 8:07 PM
**To:** Martin, Jarrod B. <Jarrod.Martin@chamberlainlaw.com>; rbattaglialaw@outlook.com; Kyung S. Lee <klee@shannonleellp.com>
**Subject:** Re: FSS

**\*\*EXTERNAL EMAIL\*\***

---

Jarrod—See attached. Kelly Jones' interest was apparently transferred to Alex Jones in connection with their divorce, but we don't have a copy of the divorce decree.

**R. J. Shannon**
Partner
**Shannon & Lee LLP**
Cell: (512) 693-9294

---

**From:** Martin, Jarrod B. <Jarrod.Martin@chamberlainlaw.com>
**Date:** Saturday, August 6, 2022 at 7:16 PM
**To:** R. J. Shannon <rshannon@shannonleellp.com>, rbattaglialaw@outlook.com <rbattaglialaw@outlook.com>, Kyung S. Lee <klee@shannonleellp.com>
**Subject:** RE: FSS

Thanks. Can you send me the relevant corporate documents for the Debtor (LLC agreement, etc.)?

Jarrod B. Martin
Shareholder

Chamberlain Hrdlicka
Attorneys at Law

Direct: 713.356.1280
E-Mail: jarrod.martin@chamberlainlaw.com

---

**From:** R. J. Shannon <rshannon@shannonleellp.com>
**Sent:** Friday, August 5, 2022 10:51 AM
**To:** Martin, Jarrod B. <Jarrod.Martin@chamberlainlaw.com>; rbattaglialaw@outlook.com; Kyung S. Lee <klee@shannonleellp.com>
**Subject:** RE: FSS

**\*\*EXTERNAL EMAIL\*\***

---

Jarrod,

See the attached employment agreement between the Debtor and Alex Jones.

Thanks,
R. J.

--

**R. J. Shannon**
Partner
**Shannon & Lee LLP**
Cell: (512) 693-9294
rshannon@shannonleellp.com

**From:** Martin, Jarrod B. <Jarrod.Martin@chamberlainlaw.com>
**Sent:** Thursday, August 4, 2022 2:29 PM
**To:** rbattaglialaw@outlook.com; Kyung S. Lee <klee@shannonleellp.com>; R. J. Shannon <rshannon@shannonleellp.com>
**Subject:** FSS

Can you guys send me the April 2022 Jones employment agreement?

Jarrod

Get Outlook for iOS

4