

1

# BACKGROUND

2

1

## Court's Ruling on the S&L Employment Application
_____

- **Court denied the S&L Employment Application in its ruling at the September 20 Hearing.**
    - Order entered on September 20, 2022 [ECF No. 182], referencing the ruling on the record.

- **The Court's ruling appears to be based on the conclusion that S&L was at least potentially not a disinterested person due to an actual or potential predisposition under circumstances that rendered the predisposition an interest materially adverse to the Debtor's bankruptcy estate.**
    - Referenced the "catch-all" provision of Bankruptcy Code § 101(14)(C).
    - "The term 'disinterested person' means a person that . . . does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

- **But the Court left open questions about _(a)_ where the ruling leaves S&L "in terms of retention and the work that they've done" and _(b)_ compensation for the services provided by S&L. (Sept. 20, 2022, Hrg. Tr. 256:14-257:4).**
    - Consistent with the way that bankruptcy courts in this district have handled new issues raised by the court *sua sponte* in connection with the employment of professionals. *See In re LTHM Houston-Operations, LLC*, 2014 Bankr. LEXIS 4495, at *9-*10 (Bankr. S.D. Tex. Oct. 24, 2014) (2014 WL 5449737) (setting an additional hearing on an issue identified by the court but not briefed by the parties).

3

## Rule 59 Motion
_____

- **Motion for Relief**
    - Shannon & Lee's Motion Pursuant to Rule 59 of the Federal Rules of Civil Procedure for Rehearing on the Issue of Disinterestedness with Respect to the Debtor's Application to Employ Shannon & Lee LLP [ECF No. 206] (the "<u>Rule 59 Motion</u>").

- **Objections/Responses**
    - Response and Initial Objection of Alex E. Jones to the Motion to Reconsider this Court's Ruling Declining to Employ the Firm of Shannon and Lee, PLLC [sic] [Dkt #206] and Marc Schwartz and Schwartz Associates, LLC [Dkt #207] and Alternatively, for Continuance of the Hearing Now Set for October 12, 2022 [ECF No. 217].
    - United States Trustee's Omnibus Objection to the Motions of Shannon & Lee LLP and W. Marc Schwartz for Rehearing on the Issue of Disinterestedness [Dkt. Nos. 206 and 207] [ECF No. 223].
    - Sandy Hook Families' Joinder to United States Trustee's Omnibus Objection to the Motions of Shannon & Lee LLP and W. Marc Schwartz for Rehearing on the Issue of Disinterestedness [ECF No. 226].

- **Replies**
    - Shannon & Lee LLP's Reply to the Response and Initial Objection of Alex E. Jones to Shannon & Lee LLP's Rule 59 Motion [ECF No. 218]
    - Shannon & Lee LLP's Reply to the United States Trustee's Omnibus Objection to the Motions of Shannon & Lee LLP and W. Marc Schwartz for Rehearing on the Issue of Disinterestedness [ECF No. 270].

4

## Administrative Expense Motion

- **Motion for Relief**
    - Shannon & Lee's Motion for Order Allowing Administrative Expense Claim and Granting Related Relief [ECF No. 251].
    - Asked the Court to allow administrative expense in the amount of $325,215,95 or as otherwise agreed among the parties and requested at the hearing.
- **Objections**
    - United States Trustee's Omnibus Objection to the Motions of Shannon & Lee LLP and W. Marc Schwartz for Orders Allowing Administrative Expense Claims [Dkt. Nos. 251 and 252] [ECF No. 267].
    - Alex E. Jones Limited Objection to Shannon & Lee LLP, Marc Schwartz and Schwartz Associates, LLC's Motions for Order Allowing Administrative Expense Claim and granted Related Relief [DOC #251 and #252] [ECF No. 268].
    - The Debtor and Subchapter V Trustee's Joint Objection to W. Marc Schwartz and Shannon & Lee LLP's Motions for Order Allowing Administrative Expense Claims [ECF No. 269].
- **Replies**
    - Shannon & Lee LLP's Omnibus Reply to Objections to Administrative Expense Motion [ECF No. 362]

5

## Comparison of Relief Requested

**Rule 59 Motion**

- Rehearing on issue of disinterestedness with respect to S&L Employment Application.
- Present additional evidence and arguments and the Court to rule on that basis.

**Administrative Expense Motion**

- Retroactive approval of employment on a limited basis, award of compensation pursuant to Bankruptcy Code § 330, and allowance of an administrative expense claim pursuant to Bankruptcy Code § 503(b)(2).
- *De facto* retroactive approval of employment on a limited basis and allowance of an administrative expense claim pursuant to Bankruptcy Code § 503(b)(1).
- Allowance of an administrative expense claim for expenses that would have otherwise been borne by the estate.
- Authority to apply prepetition retainer to payment of the filing fee.

6

# Basis for Relief Requested in the Rule 59 Motion

7

# Rule 59(a) of the Federal Rules of Civil Procedure
_____

- **Rule 59(a) of the Federal Rules of Civil Procedure**
  - Made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure.

- **Rule 59(a)(1)(B)**
  - "The court may, on motion, grant a new trial on all or some of the issues—and to any party— . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."

- **Rule 59(a)(2)**
  - "After a nonjury trial, the court may, on motion for a new trial, open the judgement if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."

- **The question is whether the reason that S&L seeks a rehearing is something for which a rehearing has been granted before by a court sitting in equity.**

8

## Unfair Surprise

- *Conway v. Chem. Leaman Tank Lines, Inc.*, 687 F.2d 108 (5th Cir. 1982).
    - "It is well settled that Rule 59 provides a means of relief in cases in which a party has been unfairly made the victim of surprise." *Id.* at 111.
    - The surprise must have caused prejudice and thus been inconsistent with substantial justice. *Id.*
- Other courts recognize this as a basis for Rule 59(a).
    - "'[S]urprise during trial, by a major variance in theory of recovery or defense, undisclosed until after the trial is underway, is a long-established ground for granting a new trial motion.'" *Burdyn v. Old Forge Borough*, 330 F.R.D. 399, 410 (M.D. Pa. 2019) (quoting *Sanford v. Crittenden Memorial Hosp.*, 141 F.3d 882, 886 (8th Cir. 1998)).
    - *See also Perez-Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 286-288 (1st Cir. 1993); *Twigg V. Norton Co.*, 894 F.2d 672, 674-675 (4th Cir. 1990).
- The relevant question in a contested matter in a bankruptcy proceeding for a rehearing under Rule 59(a) due to surprise is *whether the focus of the hearing was evident to the movant prior to the hearing*.
    - *See Kingsley Const., Inc. v. DDS Materials, Inc. (In re DDS Materials, Inc.)*, 1993 U.S. App. LEXIS 39036, at *7 (5th Cir. Sep. 9, 1993) (1993 WL 373500) (holding that that the bankruptcy court did not abuse its discretion because "[t]he bankruptcy court further found that any surprise which may have occurred was not inconsistent with substantial justice, since it was evident that to the parties that the focus of the full hearing would be upon which party breached the contracts.") (citing *Conway*, 687 F.2d at 111).

9

## Evident Focus—Prior to the September 20 Hearing

- **All indications prior to the September 20 Hearing were that dispute was about the circumstances surrounding the decision of Mr. Lee not to supplement his disclosures for Kyung S. Lee PLLC in the IW Cases**
- **U.S. Trustee's Objection to the S&L Employment Application.**
    - The only basis raised in the objection was that Mr. Lee did not supplement his disclosures in the IW Cases for Kyung S. Lee PLLC after meeting with the Debtor on May 24, 2022.
    - Bankruptcy Local Rule 9013-1(g) incorporates Bankruptcy Rule 7008, which in turn incorporates Rule 8 of the Federal Rules of Civil Procedure.
    - Rule 8(b) of the Federal Rules of Civil Procedure requires responses to allegations in a pleading or those allegations are deemed admitted.
- **Discussions with the U.S. Trustee prior to the September 20 Hearing.**
- **Representations at the September 13, 2022, Hearing.**
    - Mr. Shannon: And again, Your Honor, I do believe that that U.S. Trustee's primary objection is about the disclosures in the InfoW case. That's really the crux of the objection and what will need to be investigated, so it's not—I don't think it goes beyond that.
    - Mr. Nguyen: That's correct. There was a prior nondisclosure that occurred before you. There's going to be some legal arguments on how you should address that, but that's where we are with the objection.
    - (Sept. 13, 2022, Hrg. Tr. 36:1-9).
- **Plaintiff's Joinder to the U.S. Trustee's Objection.**

10

## Evident Focus—At the September 20 Hearing

- **In the Debtor's opening statement, S&L indicated what the dispute was just about the disclosures.**
    - "There is no dispute that the CRO, proposed CRO and Shannon & Lee are disinterested in this case. There's no dispute that the retention of these applicants is in the best interests of the Debtor['s] bankruptcy estate. That's not what the U.S. Trustee is objecting about." (Sept. 20, 2022, Hrg. Tr. 20:2-7).
    - The Court indicated that what it wanted to know was whether there was a "throughline" from the IW Cases to the Debtor's chapter 11 case. (Sept. 20, 2022, Hrg. Tr. 28:2-8).

- **U.S. Trustee's opening statement also indicated that the only issue was the non-disclosure.**
    - "But, Your Honor, all we're saying here is there was a serious non-disclosure that occurred with this very connection." (Sept. 20, 2022, Hrg. Tr. 44:5-7).

- **Court questioned disinterestedness for the first time _after_ the Debtor's closing presentation.**
    - "So nobody's actually talked about the fifth circuit standards for retention. There's been responses to – (indiscernable) going back and forth which was the problem with the pleadings and no ones ever talked about, right, what it means to hold an adverse interest to the debtor or to the estate." (Sept. 20, 2022, Hrg. Tr. 210:13-18).

11

## Prejudice

- **The Court's decision referenced the catchall provision of Bankruptcy Code § 101(14)(C) relating to an interest materially adverse to the estate for "any other reason" based on a predisposition under circumstances that rendered the predisposition an interest materially adverse to the Debtor's estate.**
    - Inherently something that needs to be raised and articulated to prepare and present evidence and argument about.

- **But for the surprise, S&L would have been able to:**
    - Present evidence relevant to predisposition regarding Alex Jones and PQPR but not the issue raised in the objection to the S&L Employment Application;
    - Direct the Court to the other evidence in the record that was not the focus of the hearing; and
    - Argue to the Court the correct application of the law.

- **S&L was particularly hindered because under Rule 1.05 of the Texas Disciplinary Rules of Professional Conduct it was not able to disclose confidential information—including attorney-client privileged or other information—because it was not responding to any allegations or reasonably necessary.**

- **Even if none of this would have changed the Court's decision, it would still matter with respect to establishing the record on appeal.**
    - A request for rehearing under Rule 59(a) based on surprise is not about correcting judicial error. It is about ensuring a full and fair opportunity to present evidence and arguments. _See Twigg v. Norton Co_., 894 F.2d 672, 675 (4th Cir. 1990).

12

## Additional Evidence Regarding Predisposition Toward Alex Jones

- **The rejection of Alex Jones's request for extension of the stay and other actions was S&L's _initial_ reaction.**
    - August 16, 2022, Email from R. Shannon to S. Jordan [ECF No. 206-7] (Ex. 13).
- **The Debtor's proposed payment of Jones's travel expenses and state court counsel fees was negotiated (a) to enable an agreement with the Connecticut Plaintiffs, (b) in the context of Jones's demand with Jones indicating he may cease involvement with the Debtor, and (c) with S&L initially taking the position that Jones should bear some cost.**
    - August 16, 2022, Email from R. Shannon to S. Jordan [ECF No. 206-7] (Ex. 13).
    - August 16, 2022, Email from S. Jordan to R. Battaglia and K. Lee [ECF No. 206-8] (Ex. 14).
    - August 17, 2022, Email from S. Jordan to R. Shannon [ECF No. 206-11] (Ex. 15).
    - August 19, 2022, Email from K. Lee to S. Jordan and response [ECF No. 206-12] (Ex. 16).
- **S&L questioned Jones's asserted indemnity on its own initiative.**
    - August 16, 2022, Email from R. Shannon to S. Jordan [ECF No. 206-7] (Ex. 16).
    - August 6, 2022, Email from R. Shannon to K. Lee, R. Battaglia, and M. Schwartz (Ex. 26 ¶ 5.b).
- **S&L's services related to providing information to Connecticut Plaintiffs contrary to statements of Alex Jones.**
    - Schwartz Affidavit in Connecticut Litigation (Exs. 17 & 18)
    - Roddy Affidavit in Connecticut Litigation (Exs. 17 & 19)
- **S&L attorneys did not take direction from Alex Jones in the Debtor's case or the IW Cases. (Ex. 26 ¶ 7.i)**
- **Addressing the Court's particular concerns.**
    - Default alter ego finding in the Heslin/Lewis suit related to jury focus group attended by Lee [ECF No. 206-10] (Ex. 20)
    - Lee "assist[ed]" Jones's counsel on indemnity issue on July 11, 2022, by working to secure separate counsel for Jones on the issue to ensure no conflict preventing existing state court counsel from continuing to represent the Debtor [ECF No. 206-5] (Ex. 21)

13

## Additional Evidence Regarding Predisposition Toward PQPR

- **S&L's initial reaction and statements with respect to PQPR's asserted lien and claim.**
    - Memorandum dated June 5, 2022, regarding PQPR's asserted lien and note (Ex. 26 ¶ 5.a)
    - Debtor's position asserted through S&L in prepetition negotiations with PQPR (Ex. 26 ¶ 7.m)
    - Email dated August 8, 2022, from R. Shannon to J. Martin [ECF No. 362-1] (Ex. 22)
- **S&L's position with respect to PQPR's request for the Debtor to destroy certain information.**
    - Email dated June 30, 2022, from R. Shannon to various parties [ECF No. 206-3] (Ex. 23)
- **Post-petition negotiations with PQPR regarding treatment of asserted lien and claim.**
    - Potential subordination of PQPR claim raised by S&L (Ex. 26 ¶ 7.q)
- **S&L first suggested expansion of the Subchapter V Trustee's duties to investigate PQPR's asserted lien and note to address the Sandy Hook Plaintiffs' desire for independent review.**
    - At the August 3, 2022, hearing, S&L raised with Jarrod Martin, Stephen Lemmon, and Melissa Haselden (Ex. 26 ¶ 7.r)
- **S&L worked to secure a replacement for PQPR, Blue Asension, and Aurium that was ultimately finalized by the Debtor under management of Patrick Magill and approved by the Court**
    - Redacted & related time entries in fee statement [ECF No. 251-2] (Ex. 17)
    - Motions for approval to enter into the Financial Services Agreement [ECF No. 273] and Fulfilment Agreement [ECF No. 276]

14

### Evidence Already Admitted Regarding Predisposition Toward Alex Jones
_____

- **Debtor's response to Jones's request to extend the automatic stay.**
    - Lee's Testimony (Sept. 20, 2022, Hrg. Tr. 63:3-5)
- **Steps taken by S&L to ensure that Alex Jones did not control the Debtor or its restructuring.**
    - June 5, 2022, Redline of Schwartz Engagement Letter and related emails [ECF Nos. 178-1, 178-2, 178-3]
    - Lee's Testimony (Sept. 20, 2022, Hrg. Tr. 95:14-96:19)
    - Schwartz's Testimony (Aug. 3, 2022, Hrg. Tr. 60:25-62:10, 163:7-19)
- **S&L does not and has never represented Alex Jones.**
    - S&L Engagement Letter [ECF No. 163-3]
    - Lee's Testimony (Sept. 20, 2022, Hrg. Tr. 62:19-20, 131:15-132:5, 150:1-4)
    - S&L Client Database Search [ECF Nos. 163-5, 163-6]
- **Decisions in the IW Cases were made for benefit of those bankruptcy estates, not Alex Jones.**
    - Lee's Testimony (Sept. 20, 2022, Hrg. Tr. 83:10-84:3, 88:12-91:3, 142:17-144:2)
    - Schwartz's Testimony (Sept. 20, 2022, Hrg. Tr. 162:1-24, 163:7-11, 170:4-11, 175:20-176:10, 177:11-15, 206:11-207:9)
    - IW Trustee Motion [ECF No. 163-12]
- **Negotiations with Jones regarding division of fees for state court counsel.**
    - Lee's Testimony (Sept. 20, 2022, Hrg. Tr. 64:17-65:4)
- **Schwartz was making decisions for the Debtor.**
    - Schwartz Testimony (Sept. 20, 2022, Hrg. Tr. 196:7-9); (Aug. 3, 2022, Hrg. Tr. 60:25-62:10, 163:7-19)

15

### Evidence Already Admitted Regarding Predisposition Toward PQPR
_____

- **Evidence regarding the prepetition negotiations with PQPR.**
    - Lee's Testimony (Sept. 20, 2022, Hrg. Tr. 65:7-16)
    - *Schwartz's Testimony (August 3, 2022, Hrg. Tr. 69:17-70:20; 224:8-225:18)*
    - *Forbearance Agreement [ECF No. 26-8]*
- **Evidence that S&L does not and never has represented PQPR.**
    - Lee's Testimony (Sept. 20, 2022, Hrg. Tr. 61:23-61:1)
    - Client Database Search [ECF Nos. 163-5 & 163-6]
    - S&L Engagement Letter [ECF No. 163-3]
- **Debtor's Schedule D listed PQPR's asserted secured claim as disputed.**
    - [ECF Nos. 121 & 165-1]
- **S&L immediately identified PQPR's asserted claim and lien as an issue and prepared a memorandum.**
    - S&L time records [ECF No. 163-7]
- **Reasons the Debtor did not immediately bring an action against PQPR.**
    - Schwartz's Testimony (Aug. 3, 2022, Hrg. Tr. 163:20-166:19, 228:21-231:15, 232:13-25)

16

## Evidence Appropriate For Judicial Notice

- **Debtor's actions and representations since the September 20 Hearing.**
  - **Continued to seek and obtained *interim* cash collateral orders under the same framework. [ECF Nos. 238, 258, 287, & 333].**
  - **Still proposes to pay PQPR for prepetition purchase of product. (Dec. 19, 2022, Hrg. Tr. 11:4:-6); ECF No. 333].**
  - **More than 100 days has passed since the September 20 Hearing and still no action brought against PQPR or Alex Jones.**
  - **Continued to seek retention of state-court counsel under 60/40 division of costs until Jones's agreement with Plaintiffs.**

- **Subchapter V Trustee's actions and representations since the September 20 Hearing.**
  - **Investigation has gone on for more than 100 days.**
  - **Investigation required significant information gathering. [ECF Nos. 227 & 285]**
  - **Subchapter V Trustee and counsel required separate expert financial analysis to perform the investigation. [ECF Nos. 282 & 327]**

- **Alex Jones's actions and representations since the September 20 Hearing.**
  - **Represented that the caveat to agreement to 50/50 division of costs for joint appellate counsel was that Jones would seek full salary from the Debtor. (Dec. 19, 2022, Hrg. Tr. 14:2-10).**
  - **Represented to the Court that may need to seek separate employment. (Dec. 19, 2022, Hrg. Tr. 38:17-20, 40:23-25).**
  - **Filed a motion to set a date by which the Debtor must assume or reject employment agreement. [ECF No. 349].**

- **The Battaglia Firm filed and presented to the Court the proposed Third Interim Cash Collateral Order.**
  - **[ECF No. 148]; (Sept. 13, 2022, Hrg. Tr. 5:24-14:11); (Sept. 20, 2022, Hrg. Tr. 13:4-12).**

- **The Debtor, through the Battaglia Firm, represented that it was contemplating mediation at the time of the September 20 Hearing.**
  - **(Sept. 20, 2022, Hrg. Tr. 9:11-16).**

17

## Legal Arguments that Would Have Been Made If the Issue Was in Controversy at the September 20, 2022, Hearing

- **What constitutes an adverse interest for purposes of Bankruptcy Code §§ 327(a) and 101(14).**
  - An adverse interest requires (a) material incentive to act contrary to the interests of the estate or (b) a personal interest that is contrary to the estate.
  - Inquiry is whether S&L *presently* has or represents an adverse interest.
  - The questions about why the Debtor proposed to pay Alex Jones's travel expenses and 100% of the state court fees in order to reach a deal with the Connecticut Plaintiffs were, at most, merely appearances of conflict that are legally insufficient for denial of an application to employ.
  - In chapter 11, only trustees and examiners, not debtors in possession have authority to investigate the acts, conduct, assets, liabilities, and financial condition of the debtor.

- **Approval of the S&L Employment Application was appropriate under Bankruptcy Code § 327(e) was appropriate even if S&L had an adverse interest that would prevent it from serving as general bankruptcy co-counsel.**
  - The S&L Employment Application contemplated already that S&L's primary responsibility would be limited to matters related to the Sandy Hook Litigation and day-to-day administrative matters.
  - More tightly limiting the scope of S&L's employment would still allow the Battaglia Firm additional bandwidth to handle matters amounting to "conducting the case."

- **Mr. Lee's failure to supplement his disclosures in the IW Cases does not suggest an adverse interest against the Debtor's estate.**
  - Even if Mr. Lee's belief was incorrect that the duty to supplement Rule 2014 disclosures implied by the purpose of ensuring compliance with Bankruptcy Code § 327 does not continue when a debtor in possession has agreed to the dismissal of its case expressly prior to court approval of its employment of professionals, that belief was reasonable based on the relevant authority.

18

# Objections and Replies

19

## U.S. Trustee & Alex Jones—Standing/Authority to Bring Motion

- **Contrary to the language in Rule 59(a)(1).**
  - "The court may, on motion, grant a new trial on all or some of the issues—*and to any party*—as follows. . . ."
- **Contrary to Bankruptcy Code § 1109(b).**
  - "A party in interest . . . may raise and may appear and be heard on any issue in a case under this chapter."
  - A person is a party in interest where it has a personal stake in the outcome that can be addressed by a favorable decision. *In re Cypresswood Land Partners, I*, 409 B.R. 396, 417 (Bankr. S.D. Tex. 2009).
- Courts have held that a professional can seek relief with respect to a denied application to employ.
  - *Bingham Greenebaum Doll, LLP v. Glenview Health Care Facility, Inc. (In re Glenview Health Care Facility, Inc.)*, 620 B.R. 582, 584 (B.A.P. 6th Cir. 2020); *KLG Gates LLP v. Brown*, 506 B.R. 177, 190 (E.D.N.Y. 2014), *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 479 (B.A.P. 9th Cir. 1996), *aff'd* 139 F.3d 1303 (9th Cir. 1998) ("Section 327 does not, by its terms, limit standing of a professional to seek employment.").
- *But* they have a point if—and only if—the Court's ruling does not prejudice S&L in seeking approval of a limited scope of employment for period from the Petition Date through September 20, 2022, in connection with a request for compensation.
  - It does not get everything, but most of S&L's personal stake. *See KLG Gates LLP v. Brown*, 506 B.R. 177, 190 (E.D.N.Y. 2014).
  - Unclear that there is a dispute about this.
    - No objection to Administrative Expense Motion from the Sandy Hook Plaintiffs and Jones only filed limited objection.
    - In their objections to the Administrative Expense Motion neither the U.S. Trustee, the Debtor, nor the Subchapter V Trustee argue that the Court *cannot* or *should not* retroactively approve S&L's employment for the limited period.
  - Collateral estoppel and law of the case do not apply for some of the same reasons that a rehearing would be appropriate.

20

## U.S. Trustee—Manifest Error

- **Manifest error is _not_ required for a rehearing based on surprise.**
  - What is required is that there was a new legal theory that arose at the hearing.
- **The cases that require manifest error involve motions under Rule 59(e) to alter or amend judgment.**
  - *Wease v. Ocwen Loan Servicing, L.L.C.*, 852 F. App'x 807, 809 (5th Cir. 2021); *In re Cyr*, 2020 U.S. Dist. LEXIS 255998, at *2 (W.D. Tex. July 16, 2020) (2020 WL 10056295); *Culpepper v. United States Fire Ins. Co.*, 2013 U.S. Dist. LEXIS 76555, at *5 (N.D. Tex. May 31, 2013) (2013 WL 2370550).
  - Rule 59(e) is about altering or amending a judgment based on the existing evidence to correct judicial error. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
  - Rule 59(a) based on surprise is about grating a rehearing to allow a party a full and fair opportunity to litigate the relevant issues. *See Twigg v. Norton Co.*, 894 F.2d 672, 675 (4th Cir. 1990) (["Surprise does not warrant a new trial unless it deprives the party of a fair hearing"); *Burdyn v. Old Forge Borough*, 330 F.R.D. 399, 410 (M.D. Pa. 2019) ("Courts will grant a new trial on the basis of 'surprise' only when it deprives the movant of a fair hearing.") (quoting *Becton Dickinson & Co. v. Tyco Healthcare Grp. LP*, 2006 U.S. Dist. LEXIS 14999, at *33 (D. Del. Mar. 31, 2006)).
- **S&L contends that there was manifest error with respect to factual findings that appear to underlie the Court's decision.**
  - Mr. Lee's Statements at the May 19, 2022, hearing in the IW Cases
  - Omnibus Response to the Motions to Dismiss in the IW Cases
  - American Express Payment in the Proposed First Interim Cash Collateral Order
  - Proposed Third Amended Cash Collateral Order
  - Relationship with PQPR
  - Post-Petition Analysis of PQPR's Asserted Claim

21

## U.S. Trustee—Additional Evidence is Cumulative

- **Cumulative evidence is not an issue for a rehearing based on surprise.**
- **The cases that discuss cumulative evidence involve Rule 59 motions that are based on newly discovered evidence.**
  - *See Trans Miss. Corp. v. United States*, 494 F.2d 770, 773 (5th Cir. 1974) ("Among others which might be made, a sufficient answer to this claim of error is that evidence merely cumulative or impeaching is not generally within the cannon of 'newly discovered evidence' for Rule 59 or Rule 60(b) purposes.").
  - The issue here is not newly discovered evidence, but that there was not a full and fair opportunity to present case with respect to disinterestedness or the purported adverse interest "for any other reason."
- **The evidence that S&L seeks to introduce at a rehearing is not "cumulative."**
  - Cumulative evidence is evidence that only corroborates, strengthens, or confirms other evidence. *See Chang v. City of Albany*, 150 F.R.D. 456, 461 (N.D.N.Y. 1993).
- **Among other things, the additional evidence that S&L seeks to introduce would:**
  - Go to the initial reactions of S&L to provide evidence of predisposition.
  - Show that Alex Jones's attorney represented that Jones may cease his involvement with the Debtor in response to the rejection of his requests with respect to the Connecticut Litigation and extension of the automatic stay.
  - Show that S&L's initial position was that Jones should bear some cost with respect to the Connecticut state court counsel.
  - Show that S&L questioned Jones's asserted indemnity on its own initiative.
  - Show that S&L immediately recognized PQPR's asserted claim and lien was an issue and analyzed that issue.
  - Show that the Debtor represented in negotiations with PQPR that the alternative to a negotiated solution was an immediate action in bankruptcy to avoid the lien.
  - Show that S&L warned the Plaintiffs from taking actions that might make avoidance of PQPR's asserted lien more difficult.

22

## Alex Jones—Common Interest Privilege

- **Issue for the actual rehearing.**
  - Alex Jones does not contend that this covers all of the evidence that S&L seeks to submit.
  - Under Rule 1.05 of the Texas Disciplinary Rules of Professional Conduct, S&L can disclose (a) confidential information necessary to establish its requested administrative expense claim against the Debtor and (b) non-attorney client privileged information necessary to address allegations in a proceeding concerning its representation of the Debtor.
- **Common interest privilege.**
  - Prevents waiver of otherwise privileged evidence.
  - Requires that the communication must be (a) independently privileged but for the disclosure and (b) disclosed to an aligned party to further that common legal interest. *Osherow v. Vann (In re Hardwood P-G, Inc.)*, 403 B.R. 445, 460 (Bankr. W.D. Tex. 2009) (quoting *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 251 F.R.D. 316, 2008 U.S. Dist. LEXIS 45011, *26-27 (N.D. Ill. Jun. 9, 2008)).
  - Because the common interest privilege is an obstacle to truth seeking, it must be construed narrowly to achieve the goal of allowing consultation between legal advisors and clients. *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).
- **The evidence is not independently privileged.**
  - Attorney-client privilege protects confidential communications from the client to the attorney for the purposes of seeking legal representation and communications from the attorney that would tend to disclose those confidential communications from the client. *Hodges, Grant & Kaufmann v. United States Gov't, Dep't of Treasury, IRS*, 768 F.2d 719, 720-21 (5th Cir. 1985).
  - Work product privilege is not a substantive privilege but rather a protection from discovery encapsulated in Rule 26(b)(3). *United States ex rel. Fisher v. Homeward Residential, Inc.*, 2015 U.S. Dist. LEXIS 100109, at *6 (E.D. Tex. July 31, 2015).
- **The additional evidence is not about matters within the common legal interest.**
  - Common legal interest requires more than simply desiring a successful outcome of the case but rather that the relevant legal interest is common to the parties. *United States ex rel. Fisher v. Homeward Residential, Inc.*, 2016 U.S. Dist. LEXIS 32910, at *15 (E.D. Tex. Mar. 15, 2016) ("'A shared rooting interest in the "successful outcome of a case" . . . is not a common legal interest").

23

## Conclusion

24

# Considerations

1. **Was the basis of the Court's ruling the evident focus of the September 20 Hearing prior to the hearing?**
   - The U.S. Trustee's objection raised a different issue and disinterestedness deemed admitted under Bankruptcy Local Rule 9013-1(g).
   - Representations at the September 13, 2022, hearing at which the September 20 Hearing was scheduled.
   - Joinder by the Sandy Hook Plaintiffs.
   - Parties' opening statements.
   - The Court noted itself during the September 20 Hearing that "nobody's actually talked about the fifth circuit standards for retention . . . No one ever talked about, right, what it means to hold an adverse interest to the debtor or the estate." (Sept. 20, 2022, Hrg. Tr. 210:13-18).

2. **Did S&L have a full and fair opportunity to prepare and present evidence and arguments about whether it had a predisposition under circumstances that made such predisposition adverse to the estate?**
   - Adverse interest for "any other reason" based on a predisposition is inherently something that must be articulated in order to prepare a response.
   - The issue was put in controversy for the first time after the hearing had begun while Bankruptcy Local Rule 9013-2 required exchanging and filing witness and exhibit lists and exhibits prior to the hearing.
   - Rule 1.05 of the Texas Disciplinary Rules of Professional Conduct limited S&L's ability to present confidential information.

3. **What outcome that puts all the evidence in the record?**
   - Transparency would be furthered by granting a rehearing.

25

# How the Court Should Rule

- **The Court should either (a) grant the Rule 59 Motion _or_ (b) deny the Rule 59 Motion *because it is unnecessary* as S&L can seek retroactive approval of its employment through the Administrative Expense Motion, which is not prejudiced by the Court's ruling.**
   - Relief under Rule 59(a)(1)(B) is be appropriate and would be required but for the Court's actual ruling and the particular circumstances.
   - <u>But</u> the Court's ruling indicated that it would require further questions about S&L's retention and compensation for the work already done, and at most the Court's ruling was that the Debtor failed to meet its burden of proof with respect to disinterestedness.
   - Collateral estoppel or law of the case does not apply to the relief requested in the Administrative Expense Motion.
   - Holding further hearing is consistent with the way that courts in this district have addressed issues raised by the Court but not addressed in the parties' briefing or the focus of the hearing. *In re LTHM Houston-Operations, LLC*, 2014 Bankr. LEXIS 4495, at *9-*10 (Bankr. S.D. Tex. Oct. 24, 2014) (2014 WL 5449737).
- **Set a hearing on the remaining issues.**
   - Whether S&L meets the standards under Bankruptcy Code § 327 for employment for the limited period from the Petition date through September 20, 2022.
   - Whether S&L is entitled to an administrative expense either under Bankruptcy Code §§ 330 and 503(b)(2) or through some other mechanism and what amount.

26

13