EXHIBIT 7

```
 1                 UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF TEXAS
 2                      HOUSTON DIVISION

 3                              )  CASE NO: 22-60020-cml
                                )
 4    INFOW, LLC. and IWHealth,  )  Houston, Texas
      LLC.,                      )
 5                               )  Thursday, May 19, 2022
              Debtors.           )
 6                               )  2:01 p.m. - 2:28 p.m.
                                )
 7    ---------------------------)

 8                            MOTION

 9         BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ
              UNITED STATES BANKRUPTCY JUDGE
10

11    APPEARANCES:

12    For U.S. Trustee:        JASON RUFF
                               HA NGUYEN
13                             MELISSA HAZELTON
                               U.S. Trustee
14                             950 Pennsylvania Avenue NW
                               Washington, D.C. 20530
15
      For Debtor:             KYUNG S. LEE
16                            MARK SCHWARTZ
                              Kyung S. Lee, PLLC
17                            700 Milan Street, Suite 1300
                              Houston, TX 77002
18
      For Connecticut Plaintiff:
19                             RANDY WILLIAMS
                               Byman & Associates, PLLC
20                             7924 Broadway, Suite 104
                               Pearland, TX 77581
21
                               RYAN CHAPPLE
22                             Cain & Skarnulis, PLLC
                               303 Colorado Street, Suite 2850
23                             Austin, TX 78701

24

25
```

EXHIBIT
7

```
 1    For Texas Plaintiff:      MAX BEATTY
                                The Beatty Law Firm
 2                              1127 Eldridge Parkway, Suite 300
                                Houston, TX 77077
 3                              AVI MOSHENBERG
                                McDowell Hetherington
 4                              First City Tower
                                1001 Fannin Street, #2700
 5                              Houston, TX 77002

 6    For Free Speech Systems: RAY BATTAGLIA
                               Law Offices of Ray Battaglia, PLLC
 7                             66 Granburg Circle
                               San Antonio, TX 78218
 8

 9    Court Reporter:           KIMBERLY PICOTA

10    Courtroom Deputy:         KIMBERLY PICOTA

11    Transcribed by:           Veritext Legal Solutions
                                330 Old Country Road, Suite 300
12                              Mineola, NY 11501
                                Tel: 800-727-6396
13

14

15    Proceedings recorded by electronic sound recording;
      Transcript produced by transcription service.
16

17

18

19

20

21

22

23

24

25
```

1              HOUSTON, TEXAS; THURSDAY, MAY 19, 2022; 2:01 P.M.

2              THE COURT:  Okay.  Okay.  Good afternoon,

3    everyone.  This is Judge Lopez here on an emergency request

4    for a continuance in Infowars.  Why don't we take

5    appearances.  Why don't I begin with appearances in the

6    courtroom.

7              Mr. Lee?

8              MR. LEE:  Good afternoon, Your Honor.  Kyung Lee

9    with the law firm of Kyung S. Lee PLLC for the three

10   debtors.  I am here in the courtroom with Mr. Mark Schwartz,

11   the chief restructuring officer of the three debtors.

12             THE COURT:  Okay.  Good afternoon, sir.

13             MR. SCHWARTZ:  Thank you, Your Honor.

14             THE COURT:  Mr. Ruff, good afternoon.

15             MR. RUFF:  Yes.  Good afternoon, Your Honor.  With

16   me today -- Jayson Ruff on behalf of the U.S. Trustee's

17   Office.  And Ha Nguyen with me today.

18             THE COURT:  Okay.  Good afternoon.

19             MR. WILLIAMS:  Good afternoon, Your Honor.  Randy

20   Williams for the Connecticut plaintiffs.  Ryan Chapple and

21   Connecticut counsel are all on the Zoom.

22             THE COURT:  Okay.  Good afternoon.

23             MR. BEATTY:  Your Honor, Max Beatty on behalf of

24   the Texas plaintiffs.  I also have Mr. Avi Moshenberg with

25   me here today.

1          THE COURT:  Good afternoon.  Good afternoon to

2    both of you.

3          Okay.  Anyone else in the courtroom wish to make

4    an appearance?  Okay.

5          Ms. Hazelton, I see you there, the Subchapter V

6    trustee.  Good afternoon.  I think -- oh, I muted you,

7    didn't I?  I've got everyone muted.  So if anyone wishes to

8    make an appearance, you can hit five-start.  Ms. Hazelton,

9    just hit it just so I know that -- and I'll keep your line

10   unmuted.  All right.  There is a 210-601 number.

11         MR. BATTAGLIA:  Yes, Your Honor.  This is Ray

12   Battaglia on behalf of Free Speech Systems.  I don't know

13   that I will be participating today, but I will make an

14   appearance.

15         THE COURT:  Okay.  And I'll keep your line

16   unmuted, Mr. Battaglia, just in case.  Good afternoon, sir.

17         MR. BATTAGLIA:  Thank you, Judge.

18         THE COURT:  Okay.  Ms. Hazelton, can you hit five-

19   star?  I want to make sure I've got your line unmuted as

20   well.  There's a 281-846 number.

21         MS. HAZELTON:  Your Honor, Melissa Hazelton,

22   Subchapter V Trustee.

23         THE COURT:  Okay.  Good afternoon.  Does anyone

24   else wish to make an appearance on the phone?  Just hit

25   five-star and I will recognize you.  Okay.

1          Mr. Lee, why don't I turn it over to you, sir.

2          MR. LEE:  Good afternoon, Your Honor.  May it

3    please the Court.  Before I hit emergency motion Docket 95

4    requesting the continuances of the hearing for next week as

5    well as the various answer dates, I would like to address

6    the Court with respect to some of the procedural issues that

7    are taking place --

8          THE COURT:  Okay.

9          MR. LEE:  -- and update you on those.  Number one,

10   the initial debtor interview is taking place tomorrow

11   afternoon.  And Mr. Schwartz and I will be handling that

12   with the U.S. Trustee's Office.  The data has been provided

13   to them yesterday, and we will handle that hearing or the

14   call tomorrow.

15         Number two, Mr. Beatty and I concluded

16   negotiations and finalization of the dismissals with

17   prejudice of the Texas plaintiff's lawsuits yesterday, and

18   Mr. Beatty will probably want to speak to you about those

19   issues today.  But that is done.

20         THE COURT:  Okay.

21         MR. LEE:  And so wanted you to know that.  And I

22   believe the stipulation, the general one has been filed.

23   There are subsidiary stipulations which you also agreed to,

24   and he can speak to those issues if you'd like to have him

25   discuss those.

1          THE COURT:  Okay.

2          MR. LEE:  Number Three.  The Connecticut

3    plaintiffs have decided to move by way of motion to dismiss

4    their lawsuits in Connecticut against the three debtors.

5    And there is a status conference that Judge Manning has set

6    for next Tuesday at 2:00 p.m. Eastern Standard time, and

7    there is going to be a conference call on that matter for

8    that time.

9          THE COURT:  Okay.

10         MR. LEE:  So I can tell you a little bit more

11    about that after it's occurred, but I just wanted to let you

12    know the timing on that.

13         THE COURT:  Thank you.

14         MR. LEE:  Number four.  The 341 meeting of

15    creditors will take place next Thursday, on May 26th.  And

16    Mr. Ruff and I have talked about what we need to get ready

17    to do that.

18              Number five.  I just got a notice during lunch

19    today that the Western District of Texas has set a hearing

20    on June 21-22 in connection with the removal and abstention

21    and remand hearing on the "TUFTA" lawsuit that some of the

22    plaintiffs filed against the debtors and other parties.  And

23    again, I think that can be handled administratively, but I

24    just wanted you to know that matter is out there for setting

25    at that time.

1        THE COURT:  Thank you.

2        MR. LEE:  Now, addressing Docket 95.  And I don't

3    think I need to go into it in any substantive detail.  But I

4    just wanted to let you know that what we moved to do was to

5    extend the answer date from May 20th to June 17th, the

6    exhibit designation date from May 25th to June 22nd, and we

7    requested a hearing date from May 27th through June 24th and

8    to have discovery be available to especially Mr. Ruff, who

9    has been working with -- on behalf of the U.S. Trustee's

10   Office so that he could have discovery pending.

11        It is contemplated that after this week, there

12   should be only one motion to dismiss or on file that should

13   be active, hopefully.  But again, the implementation of the

14   dismissals with prejudice has taken a little longer time

15   than I expected.  And again, I built in when I filed my

16   emergency motion time to be able to carefully implement all

17   of those.  And again, that's the reason for the time that

18   I've requested so that I don't have to prepare for the

19   motions to dismiss as well as trying to get all those things

20   correctly done.

21        I'm happy to work and do both if I'm forced to do

22   that.  But as I set out in my motion, I think it's not a

23   good use of judicial or financial resources of this estate

24   to do that.  And that's why I've asked for some time.

25        Mr. Ruff has indicated that he wants a shorter

1    time.  And I've tried to discuss that with him this morning.

2    And it's all been very friendly.  And so again, I am

3    amenable to another deadline, a shorter deadline if they

4    wish.  But again, the reasons for the requests I've made for

5    my deadlines is because I anticipate having to implement all

6    the dismissals.  And I want to make sure I have done it

7    correctly and that I've given the other courts other than

8    the home court here time to get those things done.  And

9    that's the basis for my asking for the specific dates I

10   have.

11           Again, I am also amenable to the idea of having a

12   shorter period but having -- an intermediate status

13   conference would be like every Friday where we can check in

14   and say, Your Honor, we need more time or we're good with

15   the time schedule that we have.  So we are very flexible on

16   that.  And again, Mr. Schwartz and I are going to evaluate

17   whether after the dismissals would prejudice the Texas and

18   Connecticut plaintiffs, whether these debtors need to

19   proceed with trying to confirm a plan with an amended plan

20   support agreement or whether we are able to handle these

21   creditors, the remaining creditors, outside of bankruptcy.

22           THE COURT:  Okay.

23           MR. LEE:  So that's an evaluation we are going to

24   make.  And we hope to do that very quickly.

25           THE COURT:  Thank you.  Actually, sir, is it okay

1    if I hear from Mr. Beatty first?

2            MR. RUFF:  That would be just fine, Your Honor.

3    It's your court.

4            THE COURT:  No, no, no.  I'm just -- I saw the

5    stipulation.  I just wanted to hear from you, Mr. Beatty,

6    just confirmation.  Does the stip that is on file cover what

7    we would call the Texas litigation?

8            MR. BEATTY:  Yes, Your Honor, it does.  And Mr.

9    Lee referred to some other stipulations that I would call

10   them supporting stipulations.  They're just simplified to

11   make it easy for the Court in each of the Western District

12   cases.  So we do have this larger stipulation that we filed

13   with the Bankruptcy Court, but Mr. Lee and I have already

14   passed back and forth, agreed, and actually put on file the

15   Rule 41 stipulations of dismissal with the court for the

16   Western District of Texas.  One of the cases.  The TUFTA

17   case is a little bit different in the following sense.

18   There's a couple of procedural differences there dealing

19   with whether or not the parties were served and whether or

20   not the removal was done correctly.  There we have actually,

21   due to concurrent jurisdiction with both the Western

22   District of Texas as well as the underlying state court, we

23   have filed a non-suit in the state court with prejudice

24   there.  So we think we've implemented the initial steps on

25   whatever we have to do for those to get everything

1    dismissed.  It's really the remand that Mr. Lee referred to

2    it as taking some amount of time there.  We did file

3    yesterday additional motions for remand noting our

4    agreement.  Hopefully those things can be resolved rather

5    quickly.

6            THE COURT:  Okay.  I guys the question is are you

7    -- maybe I -- Mr. Ruff, Ms. Hazelton, is there any issue

8    with me signing this right now?

9            MR. RUFF:  Your Honor, the stipulation that was

10   filed?

11           THE COURT:  Mm-hmm.

12           MR. RUFF:  No issue from the U.S. Trustee's Office

13   perspective.

14           THE COURT:  Ms. Hazelton?

15           MS. HAZELTON:  No issues here, Your Honor.

16           THE COURT:  Anyone in the room?  Anyone have any

17   issues?  Okay.  I'm going to sign it now.

18           MR. BEATTY:  Thank you, Your Honor.

19           THE COURT:  The parties are in agreement with

20   that.  I told everybody I wasn't going to stand in the way

21   of an agreement.  I have read it.  It's the parties'

22   agreement.  I'll sign it.  I'll sign it right now.  It at

23   least allows the parties the clarity I think that they need,

24   and I think it will certainly -- something you can present

25   to the courts in the Western District of Texas.  And I think

1    it at least clears a little bit of the road that Mr. Lee was

2    referring to in terms of what may be coming for him at a

3    future point in time.

4          MR. BEATTY:  And that was the intent, Your Honor.

5    And what we had hoped to do is I was actually going to ask

6    you to sign it today because our intent is to in addition to

7    the stipulation that we filed already, to take this

8    stipulation with the Court's signature, file it in the

9    Western District of Texas so that there the court can be

10   comfortable that you had the opportunity to look at it as

11   the home court and that you're also comfortable with what we

12   are doing.

13         THE COURT:  Okay.  I have signed it.  It is off to

14   docketing and it will hit the docket in the next ten, 15

15   minutes, Mr. Beatty.

16         MR. BEATTY:  Thank you, Your Honor.  Mr. Beatty, I

17   don't know what that means for your participating going

18   forward, but I would say in a few minutes you'll have

19   greater clarity on that as well.

20         MR. BEATTY:  Well, I think the answer is that

21   means you won't get to see my smiling face here anymore.

22   But yes, thank you very much, Your Honor.

23         THE COURT:  Okay.  Thank you.  Mr. Ruff, I just

24   wanted to -- actually, go ahead.  Go ahead.  Let me hear

25   from the Connecticut plaintiffs.

1          Let me just say I was able to read the pleadings

2     that were filed.  I very much appreciate the notice.  Was

3     very helpful for me to just kind of keep track of what's

4     going on.  So I thought the updates were very helpful, and I

5     very much appreciate it.  I'm not going to comment obviously

6     on what's going to happen in Connecticut.  But I just would

7     ask if Judge Manning issues any rulings or anything

8     substantive happens, if someone can just provide an update

9     just like you did, I think it would be very helpful for me

10    if she enters something.  I don't need any commentary or

11    anything.  I just need more of a docket entry just to

12    understand if anything happened or if there is any further

13    hearing schedule.  It just helps me kind of keep track of

14    stuff.

15          MR. WILLIAMS:  Yes, Your Honor.  I just wanted to

16    make the announcement on behalf of the Connecticut

17    plaintiffs that as to the Debtor's emergency motion to

18    continue, we really believe those issues are now between

19    them and the U.S. Trustee as far as timing because we had

20    filed the motions to dismiss with prejudice.  That was put

21    in the notice.

22          THE COURT:  Got it.

23          MR. WILLIAMS:  The Court has now set that for

24    status conference on Tuesday.  We're going to ask the Court

25    since there is no opposition to that, to enter the

1     dismissal.  And then once it's dismissed, the Debtors have

2     agreed they will no longer have objection to remand and that

3     the Court then pick that up and remand the cases.  So

4     hopefully by next Tuesday we will -- after that's concluded

5     and if that happened, then we would be filing our notice of

6     withdrawal of our motion to dismiss.  But until we hear from

7     the Connecticut court, we're not able to do that.  But we

8     will -- to the extent we are still in it, because we are

9     waiting on that, whatever the Court decides between the

10    Debtors and the U.S. Trustee as far as timing, we are not

11    going to impose on that.  We'll follow the Court's guidance

12    with what their argument are and timing.

13            THE COURT:  Okay.  Thank you very much.

14            MR. RUFF:  Again, Your Honor.  Thank you.  You

15    know what, the U.S. Trustee's Office, we appreciate and are

16    supportive of the Plaintiffs being able to resolve their

17    issues with these debtors and the way that they're doing

18    that.  And we certainly are agreeable to pushing out the

19    hearing on our motion so that those issues can be resolved

20    definitively.  That's fine.

21            But, Your Honor, I still don't think that we

22    really need more than a couple-week extension.  And that

23    would be our preference.  You know, we are happy to move

24    forward as soon as possible.  It seems, based on

25    representations that have been made by both Plaintiff's

1   counsel that Texas plaintiffs are out.  They're withdrawn

2   now as of today.  And it sounds like Connecticut, as soon as

3   they get their answer and the court up in Connecticut there,

4   that they will agree to withdraw as well, too.  So if they

5   do that, then Mr. Lee no longer has to focus on their

6   motions to dismiss and he no longer has to worry about

7   those.  It will just be ours.  And we would like to move

8   forward with it as expeditiously as possible. After that.

9         The only other comment I would say is to the

10   extent that the Court does push that out, assuming these

11   cases are dismissed, then we don't think that any of the

12   other pending motions applications should be heard until

13   that same date after that time.  We have already provided

14   comments as far as the CRO motion assuming that these case

15   are going to go forward.  So we've already started that

16   process.  We're not just waiting until the very last moment

17   on that.  To the extent that there are any substantive

18   issues, we can work those out and resolve those.

19         But, for example, it's a little unclear, and I

20   think Mr. Lee has to -- is working out with his client as

21   far as the -- there is no longer a litigation settlement

22   trust and there's no longer that mechanism of management by

23   the trustees I don't think, or the service managers for the

24   equity of these debtors that the CRO would report to.  So I

25   think things like that need to be cleaned up if these cases

1    are to continue.  If these cases aren't to continue, then

2    none of that is really necessary.  The cases can get

3    dismissed.  You know, the debtors can go ahead and pay their

4    creditors, including their professionals however they want

5    to.  The only thing we probably would want to have some

6    treatment for in the dismissal order, again, assuming that's

7    the route that we end up toing, is to allow for Ms. Hazelton

8    to apply for her fees and make sure that this Court retains

9    jurisdiction for the payment of her fees.

10            THE COURT:  So Mr. Ruff, are you agreeing to a

11   continuance or not?

12            MR. RUFF:  Yes.  We are not opposed to a

13   continuance, Your Honor.

14            THE COURT:  And how long?

15            MR. RUFF:  Two weeks.  That's what we think would

16   be -- somewhere around June 10th is what we had proposed.

17            THE COURT:  Okay.  Okay.  Mr. Beatty, your stip

18   has hit the docket.

19            MR. BEATTY:  Thank you, Your Honor.

20            THE COURT:  I'm not kicking you out.  I'm just

21   telling you.

22            MR. BEATTY:  As much as you'd like to.

23            THE COURT:  Okay.  Mr. Lee, why do you need more

24   time than the 10th?

25            MR. LEE:  Your Honor, things tend to take a longer

1    time than we initially planned.  I think it was four weeks

2    ago everybody declared that they did not want to be

3    creditors of this estate.  And it started off with

4    dismissals without prejudice and having to negotiate all of

5    those to get it right.  And it's not because we didn't want

6    to get it right or do it the right way, but it just takes

7    some time in light of the fact that the parties have been

8    litigating these issues and there's a lot of distrust.  And

9    we've had to build that.

10          With respect to the implementation of the

11   dismissals, I don't think it's as simple as Mr. Ruff

12   describes it.  It's not just a matter of dismissals that

13   takes place and then we're done.  There is implementation

14   that has to take place both in Connecticut and in Texas.

15   And the Debtors are going to have to be involved in that

16   process and implementing that.  So I need some time to do

17   that.

18          And secondly, there are claims that need to be

19   addressed in connection with the remaining estate that our

20   creditors have nothing to do with the Sandy Hook issues.

21          And then number three, Your Honor, the other part

22   that I have to do is renegotiate a plan support agreement if

23   the debtors intend to move forward with respect to a smaller

24   subchapter V plan to see if we can get something confirmed.

25          So I've built in some time to be able to do all of

1   that without having the -- sort of Damocles sword over me

2   every two weeks in saying I've got to go and try a motion to

3   dismiss.  But if the Court thinks that that sword should be

4   over me, I'm fine with that, too.

5            THE COURT:  I don't want to say it's a sword,

6   because I don't think it is.  I think the Debtor filed a

7   case and people have filed motions, and they get a chance

8   for a hearing.  And the Debtor has to respond to it.  I'm

9   assuming the Debtor was prepared to go on the 27th.  So if

10  we push it out for June the 10th, that feels right to me.

11  And I'm going to tell you why.

12            I certainly understand the dynamics of change.

13            MR. LEE:  Yes, Your Honor.

14            THE COURT:  And I still don't how much -- look, I

15  know according to the schedules and the statements, the

16  Debtor has no cash.  I don't know where cash is coming from.

17  The Debtor doesn't generate income.  I don't know who the --

18  if there's a trust, I don't know how administrative expenses

19  are going to get paid.  And this is still a Subchapter V

20  case.  We are about 30 days in.  I think everybody is going

21  to have to put their cards on the table and figure out

22  what's there.  And I think you and Mr. Schwartz are going to

23  have to figure out -- it sounds like Connecticut plaintiffs

24  are out, signed the order for the Texas plaintiffs.  I think

25  you all have got to figure out now that that's gone,

1    assuming that everything goes through -- and again, I don't

2    want to wish -- I don't want to speak for any other court

3    and the work that they have to do.  But assuming that they

4    go, Mr. Lee, I think you're going to have to ask yourself

5    what's left and what kind of case and what chapter it should

6    proceed in.  And I think the trustee gets a right to know

7    what your plans are.  To me, that's where I see the

8    extension for.  I think they've got to kind of figure out

9    what's left and how do you proceed.  Is it still under

10   Subchapter V?  Is it something else?  And so I think you've

11   got to figure all that out.  But I don't know -- pushing it

12   out a month without knowing where there's any source of

13   revenue coming from and what the third-party contributors

14   are or are not doing, I think we've got to know some answers

15   before then to see what kind of case -- if we have a case at

16   all.  And I'm not saying we don't.  I just don't know what's

17   out there.

18            MR. LEE:  Your Honor, let me allay your concerns.

19            THE COURT:  I'm not sure you're going to be able

20   to do it today.

21            MR. LEE:  I'm going to do it today for you, Your

22   Honor, by saying --

23            THE COURT:  That would be impressive.

24            MR. LEE:  You're actually right.  I'm not going to

25   argue with trying to get any more time.  They've set it for

```
 1    June 10th.  We'll be ready.  We'll work like dogs to get
 2    there.  And if we don't, we'll come back to you and ask for
 3    more time if we run into a jam.  But I hear all the concerns
 4    that you're saying.  I think they are very legitimate as
 5    Debtor's counsel and as you pronounced it.  And let's get it
 6    on.  Let's do it on June 10th.  And let's just get it done.
 7              THE COURT:  Okay.
 8              MR. LEE:  I agree with you.
 9              THE COURT:  Mr. Lee, I've got one question for
10    you.  Just since -- and this has nothing to do with what we
11    were just describing.  It's just trying to understand -- I
12    understand kind of procedurally where the Texas Plaintiffs
13    are and the Connecticut plaintiffs.
14              MR. LEE:  Sure.
15              THE COURT:  The trust.  Is the initial trustee
16    still involved, Mr. Du?
17              MR. LEE:  Yes.
18              THE COURT:  And who represents Mr. Du?
19              MR. LEE:  I don't know right now.  I just know
20    that Mr. Du is the trustee of the trust that was given the
21    obligation to put the company into bankruptcy.
22              THE COURT:  Okay.  Okay.  I know Mr. Du had
23    noticed parties in the trustee agreement, but I didn't know
24    if those remained the noticed parties for the trust or
25    whether Mr. Du was still involved.  So Mr. Schmidt and Mr.
```

1   (indiscernible) are at this point not -- they're still

2   waiting?

3          MR. LEE:  Yes, Your Honor.  That's correct.  That

4   is correct.  And I think by virtue of the Texas and

5   Connecticut plaintiff having withdrawn, I think the bigger

6   concept of trying to go global resolution, that's probably

7   become moot at this point in time.

8          THE COURT:  Okay.

9          MR. LEE:  So yes, Your Honor.  And you have made

10  all the issues that you've identified.  We are on it.

11         THE COURT:  I know.  I know I'm not raising -- I'm

12  just trying to -- we are all here.  I might as well just try

13  to understand kind of procedurally where we are and kind of

14  where the case is.  I think I -- look, I like where we are

15  going.  The Trustee is not opposed to a two-week extension.

16  Let's do a two-week extension.  And without prejudice,

17  obviously, to the ability to come back to ask for more time.

18         MR. LEE:  Absolutely.

19         THE COURT:  But I'm going to tell you though, if

20  we go further out, I'm going to need all parties to agree to

21  it.  If not, we'll just have to take them up and see where

22  we go.  I don't want to take up any other motions before

23  then because I don't know what kind of case we have and

24  what's going on.  And I want to give you an opportunity to

25  get it done.  So we'll push this out for a couple of weeks.

1    And I'm sure -- and I would ask you as well, Mr. Beatty, if

2    there's any updates, if you will.  I know that with respect

3    to what happens in the Texas courts, just -- I think just

4    providing for informational purposes.  I mean it.  I want no

5    spin on any of it.  I mean, as boring as it comes, I am at

6    docket entry and I don't need whereas clauses, and I know I

7    have jurisdiction.  I mean, where we are, just plain docket

8    entries.  And I would ask the Connecticut plaintiffs to do

9    as well.  Just the notice.  Just so everybody knows what's

10   going on and everybody can just see and we all have

11   transparency in the process.

12             MR. WILLIAMS:  More than happy to do so.

13             THE COURT:  Okay.  Thank you.  So that would push

14   out the hearing to Friday, June 10th at -- what time are we

15   -- we were going to start at 9:00 a.m.  Why don't we start

16   at 9:00 a.m. on Friday, June 10th.  And the witness and

17   exhibit list would then get pushed out to Wednesday, June

18   8th.

19             MR. LEE:  Yes.

20             THE COURT:  Okay.  And the objection deadline,

21   what are we going to do about -- what are you all agreeing

22   on that?

23             MR. LEE:  We had talked about objection deadline

24   of being a week before whenever the hearing is.

25             THE COURT:  So maybe June 3rd?

1          MR. LEE:  So June 3rd.

2          THE COURT:  Okay.

3          MR. LEE:  And then a reply deadline be the same

4     day as the witness and exhibit on the 8th.

5          THE COURT:  Okay.  So I would ask June 8th at noon

6     exhibits, June 3rd, just any time on June 3rd for your

7     response, Mr. Lee.

8          MR. LEE:  That's perfectly fine with the Debtor's,

9     Your Honor.

10          THE COURT:  I don't care what time you get it on

11     file there.

12          Mr. Ruff, your response is fine with me.  I don't

13     care when you --

14          MR. RUFF:  We'll get it on file before close of

15     business, Your Honor.  It won't be a midnight filling.

16          THE COURT:  Okay.

17          MR. RUFF:  We'll give Your Honor some time to read

18     it.

19          THE COURT:  No, no.  Old habits die hard.  So I'm

20     up early and stay up late.  So don't worry about me.

21          I think we had a hearing scheduled for June 3rd.

22     It probably makes sense to push that out, don't you think?

23          MR. LEE:  Could we move it all to the June 10th?

24          THE COURT:  Yeah.

25          MR. RUFF:  We agree with that, Your Honor.

Page 23

```
 1              THE COURT:  What did we have on June --

 2              MR. LEE:  Both the trustee motion, and I think the

 3    CRO motion has been on a 21-day notice as well as the bar

 4    date motion, Your Honor.

 5              THE COURT:  Oh yeah.  I don't want to touch those

 6    until we know what -- yeah.  But I agree.  We'll take them

 7    up -- original plan.  Take them up after we know on the

 8    motion to dismiss.

 9              MR. RUFF:  We'll be ready to go, Your Honor.

10              THE COURT:  Okay.

11              MR. LEE:  Your Honor?

12              THE COURT:  Yes.

13              MR. LEE:  I do want you to know that Mr. Schwartz

14    in his fiduciary capacity is evaluating all alternatives.

15              THE COURT:  Oh, I'm sure he is.

16              MR. LEE:  I just want you to know that.

17              THE COURT:  No doubt.  I've got no doubt.  And I'm

18    sure -- I've got no doubt about that.  I know Mr. Schwartz

19    is professional.  He's doing his job.  I've got no doubt

20    about it.

21              MR. LEE:  Thank you, Your Honor.

22              THE COURT:  Okay.  Anyone in the courtroom,

23    anything else anyone wishes to say at this time?  Anyone on

24    the phone, if you wish to hit five-star.

25              Okay.  All right, folks.  It sounds like we will
```

1    not see each other on the 27th.  It looks like we will see

2    each other potentially on June 10th.  Thanks, everyone.

3    Have a good day.

4              (Whereupon these proceedings were concluded at

5    2:28 PM)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                         CERTIFICATION

 2

 3    I certify that the foregoing is a correct transcript from

 4    the electronic sound recording of the proceedings in the

 5    above-entitled matter.

 6

 7

 8

 9

10    Sonya Ledanski Hyde

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  May 23, 2022
```