# EXHIBIT 25

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | **Case No. 22-60043** |
| | § | |
| **DEBTOR.** | § | **Chapter 11 (Subchapter V)** |
| | § | |

## <u>DECLARATION OF W. MARC SCHWARTZ</u>

I, W. Marc Schwartz, declare under penalty of perjury as follows:

1.      I am making this declaration in connection with the Motion of W. Marc Schwartz and Schwartz Associates, LLC (collectively "<u>Schwartz</u>"). Pursuant to Rule 59 of the Federal Rules of Civil Procedure for Rehearing on the Issue of Disinterestedness with Respect to the Debtor's Application to Employ Schwartz [ECF No. 207] (the "<u>Rule 59 Motion</u>").

2.      Except as otherwise noted, all facts set forth in this declaration are based upon my personal knowledge.

3.      Along with potentially other documentary evidence, Schwartz anticipates introducing into evidence either at a rehearing requested in the Rule 59 Motion and/or the hearing on Schwartz's Motion for Order Allowing Administrative Expense Claim and Granting Related Relief [ECF No. 252] (the "<u>Administrative Expense Motion</u>") the documents attached to the Witness and Exhibit List filed with the Court on January 18, 2023, as Exhibits 13 through 26 (the "<u>Demonstrative Exhibits</u>").

4.      Schwartz also anticipates introducing into evidence at a rehearing requested in the Rule 59 Motion and/or the hearing on the Administrative Expense Motion the following documents (the "<u>Non-Demonstrative Exhibits</u>" and together with the Demonstrative Exhibits and


EXHIBIT
25

9828526 v1 (72053.00005.000)

other exhibits submitted at such rehearing and/or hearing on the Administrative Expense Motion, the "Additional Documentary Evidence"):

    a.  Memorandum dated June 5, 2022, regarding PQPR's asserted lien and note;

    b.  Email dated August 6, 2022, from R. Shannon to K. Lee, R. Battaglia, and M. Schwartz regarding Alex Jones's asserted indemnity; and

    c.  Spreadsheet prepared by Schwartz Associates LLC of the costs that that the Debtor would incur to prevent interruption to the Debtor's business if Alex Jones attended the entire trial in Connecticut.

5.    Schwartz anticipates submitting testimony related to the Additional Documentary Evidence and other matters that it contends will show, among other things demonstrating that Schwartz does not have or represent any interest adverse to the Debtor's estate, that:

    a.  Schwartz's initial reaction to Alex Jones's request for the Debtor to seek extension of the automatic stay to Mr. Jones and take other actions preventing the Connecticut Litigation from continuing was that the Debtor should reject the request;

    b.  Schwartz analyzed and did not find support for Jones' asserted indemnity on its own initiative;

    c.  The Debtor's proposed payment of Mr. Jones's travel expenses to attend the Connecticut Litigation and 100% of state court counsel fees was negotiated to allow the Debtor to reach agreement with the Connecticut Plaintiffs with respect to their motion to modify the automatic stay to allow the Connecticut Litigation to continue;

    d.  The Connecticut Plaintiffs required in order to reach the contemplated deal with the Debtor that Mr. Jones to agree to certain aspects of the agreed order modifying the automatic stay to allow the Connecticut Litigation to continue;

    e.  The Debtor's proposed payment of Jones's travel expenses to attend the Connecticut Litigation and 100% of state court counsel fees was negotiated by the Debtor in the context of Mr. Jones asserting through his counsel that Mr. Jones may cease his involvement with the Debtor;

    f.  Schwartz believed that (i) Mr. Jones's agreement to joint representation by the existing state court counsel was necessary to allow such joint representation and (ii) finding replacement counsel was problematic and would likely cost significantly more than paying 100% of the fees for the existing counsel;

g.  When the Court indicated that it would not approve the Debtor bearing 100% of fees for the existing state court counsel, Schwartz used that as additional leverage to renegotiate the division of costs with Mr. Jones;

h.  The non-existence of a management agreement between FSS and PQPR;

i.  Schwartz did not take direction from Mr. Jones in the Debtor's case or the IW Cases;

j.  Schwartz adopted the recommendations of counsel that PQPR's asserted secured claim was that, at a minimum, the lien was likely avoidable;

k.  In prepetition negotiations with PQPR, Schwartz, in conjunction with S&L, represented that the alternative to a negotiated solution was an immediate action in bankruptcy court to avoid PQPR's asserted lien and/or note;

l.  As the result of the prepetition negotiations with PQPR, the Debtor negotiated the Forbearance Agreement that provided benefits to the Debtor, and subsequently its bankruptcy estate, that could not have been achieved non-consensually through an avoidance action;

m.  The possibility of potential subordination of PQPR's asserted secured claim in postpetition discussions with PQPR;

n.  Schwartz first suggested at the August 3, 2022, hearing the expansion of the Subchapter V Trustee's duties in response to the Sandy Hook Plaintiffs' stated desire for independent review of PQPR's asserted secured claim;

o.  Schwartz worked to secure a replacement for PQPR, Blue Asension, and Aurium that was ultimately finalized by the Debtor under management of Patrick Magill and approved by the Court in connection with the Debtor's motions for approval to enter into the financial services agreement [ECF No. 273] and fulfilment agreement [ECF No. 276];

p.  Schwartz assisted in the preparation of the Third Interim Cash Collateral Order [ECF No. 148] and will discuss adverse positions taken by Alex Jones; and

q.  Schwartz worked to determine a means for the Debtor to be able to agree to modification of the automatic stay with respect to the Connecticut Litigation in a manner that would not cause untenable disruption to the Debtor's operations; and

r.  S&L assisted Mr. Schwartz in locating and providing information and documents in the Connecticut Litigation that allegedly had not been provided to the Connecticut Plaintiffs despite numerous requests.

6.       I did not believe that that the evidence described above was relevant to the U.S.

Trustee's objection to the Schwartz employment application based on (i) the contents of the

objection; (ii) discussions with the attorneys for the U.S. Trustee and Sandy Hook Plaintiffs; (iii) the representations at the September 13, 2022, hearing; and (iv) the joinder by the Sandy Hook Plaintiffs. I therefore did not prepare the Additional Documentary Evidence, the additional testimony that Schwartz seeks to submit at the rehearing and/or hearing on the Administrative Expense Motion, or legal arguments about what constitutes a predisposition under circumstances that renders that predisposition an interest adverse to the estate for the September 20, 2022, hearing.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 18, 2023,

By: /s/ *W. Marc Schwartz*
    W. Marc Schwartz