UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| FREE SPEECH SYSTEMS, LLC, | § § | Case No. 22-60043 |
| DEBTOR. | § § § | Chapter 11 (Subchapter V) |

### DECLARATION OF ROBERT JOSEPH SHANNON

I, Robert Joseph Shannon, declare under penalty of perjury as follows:

1. I am an attorney at law duly admitted and in good standing to practice in the State of Texas and United States District Court for the Southern District of Texas among other courts. I am a partner at Shannon & Lee LLP ("S&L").

2. I am making this declaration in connection with Shannon & Lee's Motion Pursuant to Rule 59 of the Federal Rules of Civil Procedure for Rehearing on the Issue of Disinterestedness with Respect to the Debtor's Application to Employ Shannon & Lee LLP [ECF No. 206] (the "Rule 59 Motion").

3. Except as otherwise noted, all facts set forth in this declaration are based upon my personal knowledge.

4. Along with potentially other documentary evidence, S&L anticipates introducing into evidence either at a rehearing requested in the Rule 59 Motion and/or the hearing on Shannon & Lee's Motion for Order Allowing Administrative Expense Claim and Granting Related Relief [ECF No. 251] (the "Administrative Expense Motion") the documents attached to the Witness and Exhibit List filed with the Court on January 18, 2023, as Exhibits 13 through 25 (the "Demonstrative Exhibits").

5. S&L also anticipates introducing into evidence at a rehearing requested in the Rule 59 Motion and/or the hearing on the Administrative Expense Motion the following documents (the "Non-Demonstrative Exhibits" and together with the Demonstrative Exhibits and other exhibits submitted at such rehearing and/or hearing on the Administrative Expense Motion, the "Additional Documentary Evidence"):

   a. Memorandum dated June 5, 2022, regarding PQPR's asserted lien and note;

   b. Email dated August 6, 2022, from R. Shannon to K. Lee, R. Battaglia, and M. Schwartz regarding Alex Jones's asserted indemnity; and

   c. Spreadsheet prepared by Schwartz Associates LLC of the costs that that the Debtor would incur to prevent interruption to the Debtor's business if Alex Jones attended the entire trial in Connecticut.

6. S&L contends that it can disclose these the Non-Demonstrative Exhibits in connection with a rehearing or a hearing Administrative Expense Motion notwithstanding any potential attorney-client privilege pursuant to Rule 1.05(c)(5) of the Texas Disciplinary Rules of Professional Conduct.

7. S&L anticipates submitting testimony related to the Additional Documentary Evidence and other matters that it contends will show, among other things demonstrating that S&L does not have or represent any interest adverse to the Debtor's estate, that:

   a. S&L's initial reaction to Alex Jones's request for the Debtor to seek extension of the automatic stay to Mr. Jones and take other actions preventing the Connecticut Litigation from continuing was that the Debtor should reject the request;

   b. S&L questioned Jones's asserted indemnity on its own initiative;

   c. The Debtor's proposed payment of Mr. Jones's travel expenses to attend the Connecticut Litigation and 100% of state court counsel fees was negotiated to allow the Debtor to reach agreement with the Connecticut Plaintiffs with respect to their motion to modify the automatic stay to allow the Connecticut Litigation to continue;

d. The Connecticut Plaintiffs required in order to reach the contemplated deal with the Debtor that Mr. Jones to agree to certain aspects of the agreed order modifying the automatic stay to allow the Connecticut Litigation to continue;

e. The Debtor's proposed payment of Jones's travel expenses to attend the Connecticut Litigation and 100% of state court counsel fees was negotiated by the Debtor in the context of Mr. Jones asserting through his counsel that Mr. Jones may cease his involvement with the Debtor;

f. S&L believed that (i) Mr. Jones's agreement to joint representation by the existing state court counsel was necessary to allow such joint representation and (ii) finding replacement counsel was dubious and would likely cost significantly more than paying 100% of the fees for the existing counsel;

g. When the Court indicated that it would not approve the Debtor bearing 100% of fees for the existing state court counsel, the Debtor, through S&L used that as additional leverage to renegotiate the division of costs with Mr. Jones;

h. In its representation of the Debtor prior to the September 20 Hearing related to the Connecticut Litigation, S&L worked to provide information to the Connecticut Plaintiffs that contradicted previous testimony of Mr. Jones;

i. S&L attorneys did not take direction from Mr. Jones in the Debtor's case or the IW Cases;

j. There was a previous default alter ego finding in the Heslin/Lewis Suit related to the jury focus group attended by Kyung Lee on July 1, 2022;

k. Mr. Lee assisted Mr. Jones's counsel on the indemnity issue on July 11, 2022, by helping to secure separate counsel for Mr. Jones on Mr. Jones's asserted indemnity to ensure there would be no conflict preventing the existing state court counsel from continuing to represent the Debtor;

l. S&L's initial reaction to PQPR's asserted secured claim was that, at a minimum, the lien was likely avoidable;

m. In prepetition negotiations with PQPR, the Debtor, through S&L, represented that the alternative to a negotiated solution was an immediate action in any bankruptcy to avoid PQPR's asserted lien and/or note;

n. As the result of the prepetition negotiations with PQPR, the Debtor negotiated the Forbearance Agreement that provided benefits to the Debtor, and subsequently its bankruptcy estate, that could not have been achieved non-consensually through an avoidance action;

o. S&L informed the Plaintiffs in connection with providing requested information that it believed there was a basis to avoid PQPR's asserted lien and cautioned the Plaintiffs from taking actions that could make avoidance more difficult;

p. On its own initiative, S&L analyzed and advised against the prepetition request from PQPR to destroy certain information about PQPR's finances;

q. S&L raised the possibility of potential subordination of PQPR's asserted secured claim in postpetition discussions and negotiations with PQPR;

r. S&L first suggested at the August 3, 2022, hearing the expansion of the Subchapter V Trustee's duties in response to the Sandy Hook Plaintiffs' stated desire for independent review of PQPR's asserted secured claim;

s. S&L worked to secure a replacement for PQPR, Blue Asension, and Aurium that was ultimately finalized by the Debtor under management of Patrick Magill and approved by the Court in connection with the Debtor's motions for approval to enter into the financial services agreement [ECF No. 273] and fulfilment agreement [ECF No. 276];

t. S&L did not prepare the proposed Third Interim Cash Collateral Order [ECF No. 148] or present it to the Court;

u. S&L's services related to the proposed payment of Mr. Jones travel expenses contained in the proposed Third Interim Cash Collateral Order was limited to working with Mr. Schwartz to determine a means for the Debtor to be able to agree to modification of the automatic stay with respect to the Connecticut Litigation in a manner that would not cause untenable disruption to the Debtor's operations but not the particular $80,000 amount that was ultimately proposed through the Third Interim Cash Collateral Order; and

v. S&L assisted Mr. Schwartz in locating and providing information and documents in the Connecticut Litigation that allegedly had not been provided to the Connecticut Plaintiffs despite numerous requests.

8. I did not believe that that the evidence described above was relevant to the U.S. Trustee's objection to the S&L employment application based on (i) the contents of the objection; (ii) discussions with the attorneys for the U.S. Trustee and Sandy Hook Plaintiffs; (iii) the representations at the September 13, 2022, hearing; and (iv) the joinder by the Sandy Hook Plaintiffs. I therefore did not prepare the Additional Documentary Evidence, the additional testimony that S&L seeks to submit at the rehearing and/or hearing on the Administrative Expense

4

Motion, or legal arguments about what constitutes a predisposition under circumstances that renders that predisposition an interest adverse to the estate for the September 20, 2022, hearing.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 18, 2023,

By: /s/*R. J. Shannon*
Robert Joseph Shannon