UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> **Free Speech Systems LLC,** § <br> § <br> Debtor. § | Chapter 11 <br><br> Case No. 22-60043 (CML) |

**PQPR HOLDINGS LIMITED, LLC'S MOTION TO QUASH AND FOR PROTECTION AND OBJECTIONS TO NOTICE OF BANKRUPTCY RULE 2004 EXAMINATION OF PQPR HOLDINGS LIMITED LLC BY THE SANDY HOOK FAMILIES**

PQPR Holdings Limited, LLC ("PQPR") files this Motion to Quash and For Protection and Objections to the *Notice of Bankruptcy Rule 2004 Examination of PQPR by the Sandy Hook Families* [Docket No. 381] (the "2004 Notice").

1. PQPR is not the Debtor, nor is it a debtor in any bankruptcy proceeding. Through the 2004 Notice, the Sandy Hook Families (as defined therein) seek "all Documents and Communications that You have provided to the Trustee through the Production Date and all Documents and Communications that You will provide to the Trustee after the Production Date." PQPR was an advocate for the Subchapter V Trustee's investigation. PQPR agreed to help further the investigation by supplying the Subchapter V Trustee with a variety of information. The Subchapter V Trustee in turn agreed to keep such information confidential. The use of a 2004 exam to bypass the agreement between PQPR and the Subchapter V Trustee is improper.

2. The 2004 Notice is improper because PQPR and the Sandy Hook Families are parties to pending adversary proceeding (Case No. 22-03331). "[O]nce an actual adversary proceeding has been initiated, 'the discovery devices provided for in Rules 7026–7037 ... apply and Rule 2004 should not be used.' 8 *Collier on Bankruptcy* para. 2004.03[1] at pp. 2004–5—2004–6. Rule 2004 may not be used to circumvent the protections offered under the discovery rules, 7026 to 7037. *See In re Silverman,* 36 B.R. 254, 10 C.B.C.2d 1219, 1226 (Bankr.S.D.N.Y.1984)." *In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988).

3. Further, the Sandy Hook Families bear the burden of proving that good cause exists for examining PQPR pursuant to Rule 2004. "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992). In this case, the Court authorized the Subchapter V Trustee's investigation, which protects the interests of all parties-in-interest. No unsecured creditors committee has been formed in this case. Therefore, Sandy Hook Families, acting as individual unsecured creditors, have no legitimate interests in pursuing a 2004 examination of PQPR other than as an improper discovery tool for pending litigation.

4. PQPR respectfully requests that the Court grant this Motion to Quash the Sandy Hook Families' 2004 Notice, and grant such further relief to which PQPR is justly entitled.

Respectfully submitted,

*/s/ Stephen W. Lemmon*
Stephen W. Lemmon
Texas Bar. No. 12194500
STREUSAND, LANDON, OZBURN & LEMMON, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
lemmon@slollp.com
**ATTORNEYS FOR
PQPR HOLDINGS LIMITED, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2023, a true and correct copy of the foregoing instrument was served electronically on all parties registered to receive notice of filings in this case via the Courts ECF notification system.

                */s/ Stephen W. Lemmon*
                Stephen W. Lemmon