UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 22–60043 (CML) |
| **Free Speech Systems, LLC,** | § § | **Chapter 11** |
| Debtor. | § § § | **Subchapter V** |

**LEONARD POZNER AND VERONIQUE DE LA ROSA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AGAINST FREE SPEECH SYSTEMS, LLC**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST SEVEN DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**A HEARING HAS BEEN SCHEDULED ON THIS MATTER FOR <u>FEBRUARY 14, 2023 AT 1:30 PM</u> BEFORE THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE, UNITED STATES BANKRUPTCY COURT, COURTROOM 401, 515 RUSK, HOUSTON, TX 77002.**

**TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

Leonard Pozner and Veronique De La Rosa, parties-in-interest in the above-captioned bankruptcy case (this "**Case**"), hereby offer the following in support of their *Motion for Relief from the Automatic Stay against Free Speech Systems, LLC* (the "**Motion**"):

### I.   PRELIMINARY STATEMENT

1.   Leonard Pozner and Veronique De La Rosa are parents of Noah Pozner, a six-year-old victim of the Sandy Hook Elementary shooting. For the years that followed, they endured even

more pain as Alexander E. Jones ("**Jones**" or the "**Debtor**") and his media empire denied that their child was real—telling an audience of millions that the shooting was staged and that the parents were paid actors. Jones even urged his audience to investigate, knowing they would respond by cyberstalking, harassing, and threatening these grieving parents. In doing so, Jones and his company, Free Speech Systems, LLC ("**FSS**" or "**Debtor**") inflicted on Pozner and De La Rosa immense harm.

2. And they, like other Sandy Hook families, refused to accept it. Starting in 2018, Jones and FSS faced a barrage of lawsuits brought by victims of his lies:

   a. *Neil Heslin v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Owen Shroyer*, Cause No. D-1-GN-18-001835, in the 261st District Court of Travis County, Texas;

   b. *Scarlett Lewis v. Alex E. Jones, Infowars, LLC, and Free Speech Systems, LLC*, Cause No. D-1-GN-18-006623, in the 53d District Court for Travis County, Texas;

   c. *Leonard Pozner and Veronique De La Rosa v. Alex E. Jones, Infowars, LLC, and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001842, in the 345th District Court of Travis County, Texas (the "**Texas Action**");

   d. *Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Kit Daniels*, Cause No. D-1-GN-18-001605, in the 459th District Court for Travis County, Texas;

   e. *Lafferty, et al. v. Alex Jones, et al.*, Case No. UWY-CV-18-6046436-S, in the Superior Court of Connecticut, Judicial District of Waterbury;

   f. *Sherlach v. Jones, et al.*, Case No. UWY-CV-18-6046437-S, in the Superior Court of Connecticut, Judicial District of Waterbury; and

   g. *Sherlach, et al. v. Jones, et al.*, Case No. UWY-CV-18-6046438-S, in the Superior Court of Connecticut, Judicial District of Waterbury.[1]

---

[1] *See also Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, PQPR Holdings Limited LLC, JLJR Holdings, LLC, PLJR Holdings, LLC, Carol Jones, David Jones, PQPR Holdings, LLC, JLJR Holdings Limited, LLC, AEJ Holdings, LLC, and AEJ Trust 2018*, Cause No. D-1-GN-22-001610, in the 200th District Court for Travis County (lawsuit claiming that Jones and FSS fraudulently transferred assets away while the Sandy Hook families were prosecuting their claims defamation and intentional infliction of emotional distress).

3.     Two of the Texas state-court suits by Sandy Hook family members *Neil Heslin* and *Scarlett Lewis* were consolidated into the *Heslin/Lewis* suit; similarly, the Connecticut cases were consolidated into the *Lafferty* suit.[2]

4.     After more than four years of litigation before courts in Texas and Connecticut—including recent verdicts and punitive damages awarded in the *Heslin/Lewis* and *Lafferty* suits—Pozner and De La Rosa are on the cusp of having their day in court.  But the automatic stay triggered by this bankruptcy—the third one in a year—has needlessly halted their case.

5.     The first stay stemmed from the bankruptcy cases commenced by Jones's shell companies, InfoW, LLC, IWHealth, LLC and Prison Planet TV, LLC (the "**Shell Companies**" and such cases, the "**Shell Company Cases**")—which were defendants before they were ultimately nonsuited.[3]  After those Shell Company Cases were dismissed, another automatic stay was imposed when FSS petitioned for bankruptcy under subchapter V during the *Heslin/Lewis* trial.  The filing of this Case cost Pozner and De La Rosa their September 2022 trial setting.  To avoid further delay, Pozner and De La Rosa chose to focus on Jones only, with a trial calendared for March 2023.[4]

6.     But then Alex Jones petitioned for bankruptcy (the "**Jones Bankruptcy**").[5]

7.     Now, with a third automatic stay imposed in one year, Pozner and De La Rosa seek to lift the stay to let their case proceed.  Liability has already been established through discovery

---

[2] *See Neil Heslin and Scarlett Lewis v. Alex E. Jones and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001835, in the 261st District Court of Travis County, Texas; and (ii) *Erica Lafferty, et al. v. Alex Jones, et al.*, Case No. UWY-CV18-6046436-S, in the Superior Court of the Judicial District of Fairfield at Bridgeport, Connecticut.
[3] *In re InfoW, LLC, et al.*, Case Nos. 22-60020, 22-60021, 22-60022 (Bankr. S.D. Tex. 2022).
[4] Counsel for Pozner and De La Rosa invited FSS to agree to lift the stay as to FSS so it could participate in the March 2023 trial too, but before any meaningful conference could occur on the subject, Jones filed this Chapter 11 case.
[5] *In re Alexander E. Jones*, Case No. 22-33553 (Bankr. S.D. Tex. 2022).

sanctions, so all that remains is a damages trial followed by a judgment and potential appeal.

8. For the reasons set forth in this motion, Pozner and De La Rosa respectfully ask that this Court reject Jones's attempt to prevent trial from happening. Pozner and De La Rosa deserve their day in court not only as creditors seeking to liquidate their unliquidated claims but also as parents determined to protect Noah's legacy. And because Pozner and De La Rosa's requested relief reserves collection against the Debtor to this Case only, allowing them their day in court to liquidate their claims will only benefit, not hinder, this bankruptcy process.

## II. JURISDICTION AND VENUE AND CONSTITUTIONAL AUTHORITY

9. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

10. The statutory and procedural bases for the relief requested here are §§ 105(a) and 362 of the Bankruptcy Code,[6] Bankruptcy Rules 4001, and 9014, and Rule 9013-1 of the *Bankruptcy Local Rules for the Southern District of Texas*.

11. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

12. The Court has constitutional authority to enter a final order regarding the Motion. The Motion concerns essential bankruptcy matters which have no equivalent in state law, rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[7] Also, all the matters addressed here are essential bankruptcy matters that trigger the public-rights exception.[8]

## III. FACTUAL BACKGROUND

---

[6] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise. Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise
[7] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).
[8] *See id.*

13. After the Sandy Hook Elementary School shooting in December 2012, the notorious conspiracy theorist Jones started broadcasting to an audience around the world the shooting was a hoax, and the parents of the slain children were crisis actors feigning as grieving parents. For over five years, Jones, through his media program, fixated on the Sandy Hook victims and their families. Jones and his InfoWars "contributors" told an audience of millions that Sandy Hook was fake, staged to take away their guns, and that the victims' families were paid actors. And perhaps worst of all, he denied that those slain children were even real—all while the parents were mourning their deaths. Jones urged his audience to "investigate," knowing his audience would respond by cyberstalking, harassing, and threatening the families.

14. Pozner and De La Rosa eventually sued Jones and his media outlet for the harm they endured from the lies Jones and FSS uttered. In other words, Pozner and De La Rosa are not creditors in the traditional sense. They neither loaned FSS and Jones money nor fell victim to some fraudulent scheme. Rather, they are victims of FSS and Jones's defamation and intentional infliction of emotional distress.

15. The *Heslin/Lewis* suit in Texas was set to commence on April 25, 2022, with the *Pozner/De La Rosa* suit to proceed later that summer. The *Lafferty* case in Connecticut was similarly scheduled to start jury selection on August 2, 2022.

16. The first of the Texas actions was set to commence on April 25, 2022, with others to proceed throughout the summer. The Connecticut action was then scheduled to commence with jury selection on August 2, 2022.

17. Facing imminent trials, however, Jones used the bankruptcy process to stall these actions. At his direction, on April 17 and 18, 2022, the Shell Companies that Jones also controls, and defendants in the Texas and Connecticut actions, petitioned for relief under chapter 11,

subchapter V of the Code.[9]  Within hours of these Chapter 11 filings, the Connecticut and Texas actions were then removed to bankruptcy courts on "related to" jurisdiction.  The sole basis for each removal was the pending bankruptcy.  The removals effectively stayed the Connecticut and Texas actions, even against those entities that were not debtors in the Chapter 11 case (including Jones).

18.     The U.S. Trustee promptly moved to dismiss the case, arguing that "[t]he strategy employed here—filing bankruptcy for three non-operating members of a larger enterprise to channel and cap liability against the other, revenue-generating members of that enterprise and its owner using a bankruptcy subchapter designed to aid small, struggling businesses—is a novel and dangerous tactic that is abusive and undermines the integrity of the bankruptcy system."[10]  The U.S. Trustee also argued that "Alex Jones and FSS hand-picked these three holding companies for bankruptcy as part of a scheme engineered solely to limit their own legal liability, to deny parties in interest a full accounting of their assets, and to deny individuals their day in court and imminent recovery for established liability."[11]

19.     The plaintiffs in the Texas and Connecticut actions also promptly moved to dismiss the Shell Company Cases as bad-faith filings.[12]  But to obtain immediate remand and retain their trial date, the Connecticut Families dismissed their state-court causes of action against these shell companies, resulting in the case being remanded back to state court.

20.     The Texas plaintiffs exited the bankruptcy in a slightly different way.  They nonsuited their claims against the Shell Companies in the Texas actions and obtained remand.

21.     The U.S. Trustee and the three debtors then agreed to dismiss the Chapter 11 cases,

---

[9] *See In re InfoW, LLC, et al.*, Case Nos. 22-60020, 22-60021, and 22-60022 (Bankr. S.D. Tex. 2022).
[10] *In re InfoW, LLC*, Case No. 22-60020, ECF No. 50 at 2 (Bankr. S.D. Tex. Apr. 29, 2022).
[11] *Id.* at 16.
[12] *In re InfoW, LLC*, Case No. 22-60020, ECF Nos. 36, 42.

which this Court ordered on June 10, 2022.[13]

22. Jones and FSS are now the only remaining defendants in both the Connecticut and Texas actions.

23. Because the original trial dates for the Texas state court actions had passed, the Texas state court reset the *Heslin/Lewis* trial date for July 2022, and the *Pozner/De La Rosa* trial date for September 2022.

24. While the *Heslin/Lewis* trial was pending, and with the Connecticut action set to begin jury selection on August 2, 2022, Jones had FSS commence this Case on July 29, 2022. With its filing, FSS sought emergency relief from the automatic stay to allow the *Heslin/Lewis* action to continue to final judgment.[14] Given the timing of the *Heslin/Lewis* and *Lafferty* suits, a lift-stay could not be sought and granted in time to save the *Pozner/De La Rosa* September trial date. Instead, Pozner and De La Rosa sought to obtain a trial setting against Alex Jones. The trial court allowed it with a trial date set for late March 2023.

25. But mere days after the trial court set the *Pozner/De La Rosa* trial for March 2023, Alex Jones filed for bankruptcy—triggering yet another automatic stay. Pozner and De La Rosa now seek relief in this Case against FSS to preserve their trial setting against Jones and potentially FSS.

## IV. BASES FOR RELIEF

26. The *Pozner/De La Rosa* suit contemplates the adjudication of personal-injury claims, the liquidation of which is properly excluded from the jurisdiction of any bankruptcy court.[15] As such, and for the reasons set forth, the automatic stay protecting the Debtor and Jones

---

[13] *In re InfoW, LLC*, Case No. 22-60020, ECF No. 114.
[14] ECF No. 2.
[15] 28 U.S.C. 157(b)(2)(o), (b)(5)

in this case should be lifted for cause to allow the *Pozner/De La Rosa* suit to proceed and damages to be determined.[16] Because "cause" is not defined in the Bankruptcy Code, courts usually decide whether cause exists on a case-by-case basis.[17]  Within this Circuit, there is no set standard for finding "cause," but rather bankruptcy courts have flexibility and broad discretion in determining whether to lift the automatic stay.[18]  Indeed, the Fifth Circuit has recognized cause as "any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy process."[19]  Further, bankruptcy courts have given meaning to the term based on a three-prong test for determining whether the stay should be lifted, including: (i) whether any great prejudice to either the bankruptcy estate or the debtor will result in prosecution of the lawsuit; (ii) whether the hardship to the non-debtor party by the continuation of the automatic stay outweighs the hardship of the debtor; and (iii) whether the creditor has a probability of success on the merits of his or her case.[20]  Courts in this district have utilized this method.[21]  Here, all three prongs favor modifying the automatic stay to allow the he *Pozner/De La Rosa* action to proceed.

27. Specifically, Pozner and De La Rosa seek relief from the automatic stay to (i) permit the jury trial to adjudicate their claims to final judgment; (ii) pursue collection against non-debtor defendants; and (iii) establish their rights to recover from the Debtor within this Case.  This relief is necessary and warranted to allow Pozner and De La Rosa a prompt trial setting, protecting

---

[16] 11 U.S.C. § 362(d)(1); *see also In re JCP Properties, Ltd.*, 540 B.R. 596, 613 (Bankr. S.D. Tex. 2015).

[17] *In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998); *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017) (citing *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014)).

[18] *In re Choice ATM Enters., Inc.*, Case No. 14-44982-DML, 2015 WL 1014617, at *5 (Bankr. N.D. Tex. Mar. 4, 2015) (citation omitted)); *see also Bonneville Power Admin. v. Mirant Corp.* (*In re Mirant Corp.*), 440 F.3d 238, 253 (5th Cir. 2006).

[19] *In re Northbelt, LLC*, 630 B.R. 228, 284 (Bankr. S.D. Tex. 2020) (citing *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986)).

[20] *Int'l Business Machines v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d 731, 735 (7th Cir. 1991); *In re Bock Laundry Machine Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984).

[21] *See In re Kao*, Case No. 15-31193-H3-13, 2015 WL 9412744, at *2 (Bankr. S.D. Tex., December 21, 2015) (citing *In re Namazi*, 106 B.R. 93, 94 (Bankr. E.D. Va. 1989)).

**LEONARD POZNER AND VERONIQUE DE LA ROSA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AGAINST FREE SPEECH SYSTEMS, LLC**                                                                                                                          **PAGE | 8**

against prejudicial delay and to promote judicial efficiency in respect of a final determination regarding claims the Court cannot adjudicate.

A. ***No great prejudice will result to the Debtor or the bankruptcy estate from prosecuting the Pozner/De La Rosa action.***

26. Pozner and De La Rosa are personal-injury tort claimants. Their claims require adjudication outside the bankruptcy court and liquidation for purposes of receiving a distribution in this Case. That adjudication is statutorily excluded from the jurisdiction of any bankruptcy court.[22] They have also preserved their rights to a jury trial outside the bankruptcy case with the jury selection that was previously scheduled September 2022. But the *Heslin/Lewis* and *Lafferty* cases made it impossible to preserve this September trial date. Nevertheless, Pozner and De La Rosa's claims continue to exist, and must be resolved. So the issue before the Court is when these claims should be liquidated.[23] Although the automatic stay currently prevents adjudication of these pending claims, the stay was not intended to indefinitely prevent such adjudication.[24] Instead, "[c]ourts often grant creditors relief from the automatic stay so they can adjudicate their unliquidated claims against a debtor outside of bankruptcy court, particularly when the claims are already the subject of pending litigation."[25]

27. Pozner and De La Rosa's claims have been pending for over four years. These claims have been investigated, litigated, and prepared for trial. Substantial costs for litigation have already been borne. There is no prejudice to the Debtor in adjudicating these claims to final judgment now, particularly given that Pozner and De La Rosa's requested relief limits collection

---

[22] *See* 28 U.S.C. § 157(b)(2)(B), (b)(2)(O), and (b)(5); *see also In re Schepps Food Stores, Inc.*, 169 B.R. 374, 377 & nn.3-4 (Bankr. S.D. Tex. 1994) (analyzing the exclusion of personal injury claims and scope of bankruptcy court power).
[23] *See In re Fuchs*, No. 05-3595-BJH, 2006 WL 6543977, at *2-3 (Bankr. N.D. Tex. 2006) (finding adjudication of personal injury claims sufficient to establish cause for granting relief from the automatic stay).
[24] *See In re Bock Laundry Machine Co.*, 37 B.R. at 567 ("The automatic stay was never intended to preclude a determination of tort liability and the attendant damages.").
[25] *Kipp Flores Architects, L.L.C. v. Mid-Continent Cas. Co.*, 852 F.3d 405, 414 (5th Cir. 2017).

of any judgment outside this Case to non-debtor codefendants and third parties, while reserving collection against Debtor to this Case. As such, judicial efficiency and conservation of party resources are best served by permitting the adjudication of the *Pozner/De La Rosa* case.

### B.   *Pozner and De La Rosa's hardship substantially outweighs any impact on the Debtor under the requested modification.*

28.   The adjudication of Pozner and De La Rosa's claims against the Debtor depends upon lifting the automatic stay.[26] The harm they have endured is inherent in the nature of their claims. They are not only the parents of a child murdered at Sandy Hook but also victims of Jones's lies surrounding that tragedy. As personal-injury claimants, Pozner and De La Rosa look to a jury trial to hold the Jones defendants accountable, to find justice and personal closure for the harms done to them, and to liquidate their damages. They have been litigating for years to obtain that relief and closure, which has only been delayed and frustrated by the Debtor's obstruction.

29.   Pozner and De La Rosa and their counsel have expended considerable time and expense preparing for trial. Witnesses have been and are being prepared. Travel arrangements are being remade and parties and expert and fact witnesses' schedules are being re-coordinated. And these families have prepared themselves mentally for an emotional trial. To impose more of a burden and cost of delay on Pozner and De La Rosa is a great hardship, one that outweighs any hardship of the Debtor. On the contrary, bankruptcy does not relieve the Debtor of the burden of liquidating existing claims. So a delay will not lessen that burden; it will only increase it.

### C.   *Pozner and De La Rosa have a probability of success on the merits of their claims.*

30.   Even a slight probability of success on the merits supports lifting the automatic stay.[27] Here, liability against the Debtor is already established. All that remains is a determination

---

[26] *See* 28 U.S.C. § 157(b)(2)(B), (b)(2)(O), (b)(5); 28 U.S.C. § 1411.
[27] *See In re SCO Group, Inc.*, 395 B.R. 852, 859 (Bankr. D. Del. 2007); *Int'l Business Machines v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d at 737.

of damages. And Pozner and De La Rosa are likely to obtain a substantial damages award, especially given that a $49 million jury verdict was secured in the *Heslin/Lewis* trial this past August, and a $965 million jury verdict was secured in the *Lafferty* trial this October in Connecticut.

### D.   *Additional factors weigh in favor of modifying the automatic stay.*

31.   Bankruptcy courts have also considered other factors[28] in determining whether to lift the automatic stay to allow litigation to proceed in another forum, including:

- whether relief will result in a partial or complete resolution of the issues;
- the lack of any connection with or interference with the bankruptcy case;
- whether the other proceeding involves the debtor as a fiduciary;
- whether a specialized tribunal has been established to hear the particular cause of action;
- whether the debtor's insurer has assumed full responsibility;
- whether the action primarily involves third parties;
- whether litigation in the other forum would prejudice the interests of the other creditors;
- whether the judgment claim arising from the other action is subject to equitable subordination;
- whether the movant's success would result in a judicial lien avoidable by the debtor;
- interests of judicial economy and the expeditious and economical resolution of litigation;
- whether the proceedings have progressed to the point that the parties are ready for trial; and

---

[28] These same factors go into the various tests used by the courts in the Fifth Circuit to determine abstention and remand. *In re Viper Prods. & Servs., LLC*, Case No. 21–50187, Adv. No. 22–05003, 2022 WL 2707879, at *2 (Bankr. N.D. Tex. July 11, 2022).

- impact of the stay on the parties and the balance of harm.[29]

(Collectively, the "**Xenon Factors**"). These factors need not be assigned equal weight, and only those factors relevant to the particular case need to be considered.[30] Courts have recognized that a decision to lift the automatic stay may be upheld on the ground of judicial economy alone.[31]

32. Significantly, here, most of the Xenon Factors weigh strongly in favor of lifting the stay. Specifically, factors 1, 2, 4, and 7–12 support the requested relief. The remaining factors are neutral or inapplicable, and none weigh in favor of denying such relief.

> ### i. *Lifting the Automatic Stay will result in a complete resolution, will facilitate, rather than interfere with this Chapter 11 Case, and will not prejudice other parties in interest*[32]

33. As matters presently stand, the trial is ready to proceed against FSS as to damages, but such are stayed as to Jones. Pozner and De La Rosa dispute that any material problem would be presented by going forward with the damages portion of the trial.

34. Rather, permitting the case to proceed to assessment of damages against FSS will result in finality regarding one of the largest claims in this Case. In turn, such finality will facilitate a resolution by solidifying the quantum of claims that cannot be liquidated or otherwise adjudicated by this Court. There is also no contention that Pozner and De La Rosa's claims would be subject to equitable subordination or give rise to an avoidable judicial lien. These claims cannot be undone in bankruptcy, and fixing the final liquidated amount of these claims will be final and binding on FSS and any other creditors it may have.

---

[29] *See In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (S.D. Tex. 2014); *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984); *In re U.S. Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Texas 1994).
[30] *In re U.S. Brass Corp.*, 176 B.R. at 13; *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).
[31] *See In re Kao*, Case No. 15–31193, 2015 WL 9412744, at *2 (Bankr. S.D. Tex. Dec. 21, 2015).
[32] Xenon Factors 1, 2, 4, 7, 8, and 9.

35. Moreover, such claims would be nondischargeable under §523(a)(6)[33] in this case.[34] Therefore, preventing a judgment from being entered and appeals from commencing does nothing more than delay the inevitable.[35] And allowing FSS to continue to delay the final resolution of the *Pozner/De La Rosa* case, after years of "unprecedented" abuse and delay imposed on them in the state court cases, is wholly inequitable. As illustrated earlier, the underlying cases have been delayed repeatedly by Jones's procedural gamesmanship. To the extent FSS intends to litigate and appeal, that process should proceed now.

36. Given the factors that are applicable here, lifting the stay is warranted. Liability has been determined and lifting the stay will allow Pozner and De La Rosa to promptly liquidate their claims. Liquidating their claims is essential to this bankruptcy case. No one denies that the Texas and Connecticut families are the largest creditors in this case.[36] Having an early and final determination of these claims against the Debtor will best allow this case to progress forward.

37. Moreover, proceeding with the *Pozner/De La Rosa* case will not interfere with this Case, whereas denial will result in substantial harm to Pozner and De La Rosa. The *Pozner/De La Rosa* case is ready for jury trial in state court for purposes of determining damages. Lifting the stay will not prejudice other creditors as it merely allows Pozner and De La Rosa to liquidate

---

[33] *See* Connecticut Punitive Damages Opinion at 43-44 (the "record clearly supports the plaintiffs' argument that the defendants' conduct was intentional and malicious, and certain to cause harm;" was "wanton… and heinous" and reflected "depravity" and "reprehensibility").

[34] *See McClendon v. Springfield (In re McClendon)*, 765 F.3d 501 (5th Cir. 2014) (finding state court defamation judgment was a nondischargeable debt pursuant to section 523(a)(6)); *Purser v. Scarbrough (In re Scarbrough)*, 516 B.R. 897 (Bankr. W.D. Tex. 2014), *aff'd*, 836 F.3d 447 (5th Cir. 2016) (same); *Cantwell-Cleary Co. v. Cleary Packaging, LLC (In re Cleary Packaging, LLC)*, 36 F.4th 509 (4th Cir. 2022) (finding the discharge exceptions in section 523(a) applicable in subchapter V cases).

[35] *See Disciplinary Bd. of Pa. Sup. Ct. v. Feingold (In re Feingold)*, 730 F.3d 1268, 1278 (11th Cir. 2013) (finding the nondischargeability of a debt may be "a weighty factor[] in a bankruptcy court's evaluation of 'cause.'").

[36] The only other material claim, FSS's alleged PQPR Note, is subject to pending claims for fraudulent transfer in *Heslin v. Jones*, No. D-1-GN-22-001610, in the 200th Judicial District Court, Travis County, Texas.

claims that already exist. Any judgment against the Debtor for Pozner and De La Rosa will only be enforced against the Debtor here in this Case.[37]

38. In contrast, an ongoing delay of the state-court action only prejudices Pozner and De La Rosa, who have waited four years to have their claims heard by a jury, only to encounter yet another effort at delay by Jones and his company, FSS.[38]

> ii. *The underlying proceedings have progressed to the point where trial is ready, and the interests of judicial economy and the expeditious and economical resolution of litigation would be served by lifting the Automatic Stay*[39]

39. Judicial economy favors lifting the stay given the trial posture of Pozner and De La Rosa's claims against the Debtor in that action as well as their pending claims against the non-debtor defendants. The experienced Texas trial judge who has presided over this case and the *Heslin/Lewis* trial is prepared to proceed with the trial, as are Pozner and De La Rosa. The most efficient use of judicial resources is to allow the action to proceed.

40. And again, lifting the stay will not burden the bankruptcy court's docket, but will swiftly allow Pozner and De La Rosa their day in court before a jury of their peers.

41. Further, without question, the Texas appellate courts are the only forums that can determine any appeals. As such, judicial economy would be served by lifting the stay. Entry of judgment, and any appellate processes, are quite literally the final steps in these cases.

42. Furthermore, Pozner and De La Rosa's claims are not only personal-injury tort claims—as to which a jury-trial right exists—but also claims based on state law.

---

[37] As stated previously, Mr. Pozner and Ms. De La Rosa will seek enforcement of the judgment against non-debtor defendants.
[38] *See In re Fernstrom Storage & Van Co.*, 938 F.2d at 736-37 ("A decision continuing application of the stay to IBM's action would cause it great prejudice by forcing it, in effect, to write off the expenses it incurred in litigating its case against Fernstrom to the eve of trial. Where the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed.").
[39] Xenon Factors 10 and 11.

### iii. *The balance of harms weighs in favor of lifting the stay*[40]

43. For all these reasons, the balance of harms weighs heavily in favor of lifting the stay. After four years of litigation, Pozner and De La Rosa deserve finality as to their claims. That finality, in turn, will facilitate resolution in this Case, and will not otherwise prejudice any party. Lifting the automatic stay will not prejudice any other creditors in this Case for the reasons discussed already.

44. Moreover, comity considerations warrant lifting the stay. In both Texas and Connecticut, the Debtor and Jones were sanctioned for their misconduct in the litigation. The matter should be adjudicated in the Texas court for that reason alone. A bankruptcy court within the Southern District of Texas, cited with approval by the Fifth Circuit in *Kipp Flores Architects, L.L.C.*,[41] granted relief from the stay for the claimant to proceed with a contempt citation in state court:

> The state court has been involved in the litigation between these parties since its inception more than two years ago. The state court case has been set for trial twice and both sides are ready to proceed to have the matter resolved. The state court is familiar with the causes of action alleged, the parties involved, and the facts of the state court litigation. The state court has rendered numerous rulings and orders in connection with the state court litigation. The state court is entitled to consummate the exercise of its inherent power to punish a contemnor for improper past acts that affronted the state court's dignity and authority.[42]

Accordingly, the Court should lift the automatic stay for cause to permit Pozner and De La Rosa to proceed to trial.

45. Lastly, Pozner and De La Rosa respectfully request that the stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived to allow them to

---

[40] Xenon Factor 12.
[41] 852 F.3d at 414.
[42] *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. at 110.

immediately proceed with their suit. Pozner and De La Rosa request this relief (1) to prevent abuse of the bankruptcy process; (2) to allow them an imminent trial setting and protect against prejudicial delay; and (3) to promote judicial efficiency.

## V. CONCLUSION

For these reasons, Pozner and Ms. De La Rosa respectfully requests that this Court (i) grant them relief from the automatic stay to proceed to judgment and appeal; (ii) waive the stay requirement under Rule 4001(a)(3); and (iii) grant such other and further relief to which they are justly entitled.

Dated: January 20, 2023  Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: */s/ Avi Moshenberg*
Avi Moshenberg
Texas Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, Texas 77002
D: 713-337-5580
F: 713-337-8850
E: Avi.Moshenberg@mhllp.com

&

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, PC**

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
Tyler W. Greenwood
Texas Bar No. 24123219
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com
E: tyler.greenwood@chamberlainlaw.com

*Counsel for Mr. Pozner and Ms. De La Rosa*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 20, 2023, a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Jarrod B. Martin*
Jarrod B. Martin

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on January 19, 2023, I conferred with Debtor's counsel via email, and Debtor's counsel is opposed to the relief requested in this Motion.

*/s/ Jarrod B. Martin*
Jarrod B. Martin