UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22--60043 |
| | § | |
| DEBTOR. | § | (Subchapter V Debtor) |
| | § | Chapter 11 |

### DEBTOR'S EMERGENCY MOTION TO APPROVE ASSUMPTION OF COMMERCIAL REAL PROPERTY LEASE WITH BCC UBC LLC.

> **Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**
>
> **A hearing will be conducted on this matter on February 14, 2023, at 1:00 p.m.**
>
> **Participation in the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "judgelopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "electronic appearance" link on Judge Lopez's home page. Select the case name, complete the required fields, and click "submit" to complete your appearance.**

1. Free Speech Systems, LLC (the "Debtor" or "FSS"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), respectfully files this *Emergency Motion to Approve Assumption of Commercial Real Property Lease with BCC UBC LLC* ("Motion") requesting entry of an order substantially in the form attached hereto (the "Proposed Order") In support of the Motion, the Debtor respectfully represents as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter under 28 U.S.C. § 1334. The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for relief requested herein are pursuant to 11 U.S.C. §§ 105(a) and 365(a) of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas.

**BACKGROUND**

3. On July 29, 2022 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code with the Court.

4. The Debtor continues to operate its businesses and manage its properties as a Debtor and a Debtor-in-Possession pursuant to Bankruptcy Code § 1182(2).

5. As of the filing of this Motion, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for Region 7 (the "U.S. Trustee").

6. FSS is engaged in the business of producing and syndicating Alex Jones' and other radio and video talk shows and selling products targeted to Jones' audience via the Internet. Today, FSS produces Jones' syndicated news/talk show (The Alex Jones Show) and other programs from Austin, Texas, which airs via the Genesis Communications Network on over 100 radio stations across the United States and via the internet through websites including Infowars.com.

7. FSS's programming is produced at its leased premises located at 3019 Alvin Devane in Austin, Texas (the "Leased Premises"). The Debtor has multiple fully equipped broadcast studios in the Leased Premises along with its business offices. In order to produce and

broadcast from the Leased Premises, Debtor has installed extensive sophisticated video and audio recording, production and broadcasting equipment.

8. The lessor of the Leased Premises is BCC UBC, LLC pursuant to a Lease executed on June 9, 2008 (the "Lease Agreement"). The original term of the Lease Agreement was 40 months and the Leased Premises originally included 7,905 square feet of improved property. In the ensuing years, the Debtor and the Landlord have extended and modified the Lease Agreement by executing a series of six amendments. Through those amendments the parties have extended the term of the Lease Agreement, modified the base rent and significantly increased the square footage leased to FSS.

9. The Lease Premises currently consists of 31,189 square feet. The base monthly rent under the Lease Agreement has increased from approximately $8,816 in 2009 to $34,410.77 as of January 1, 2023. The termination date of the Lease Agreement as amended is December 31, 2024. No further renewal options exist under the Lease Agreement. A copy of the Lease Agreement and the Sixth Amendment to the Lease Agreement are attached hereto as Exhibits A and B respectively.

## RELIEF REQUESTED

10. Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 521 (1984) (noting that section 365(a) "by its terms includes all executory contracts except those expressly exempted"); *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.,* 83 F.3d 735, 741 (5th Cir. 1996) ("Although the Code does not define 'executory contract,' generally an agreement is considered executory 'if at the time of the bankruptcy filing, the failure of either party to complete performance would constitute a material breach of the contract, thereby excusing the performance

of the other party.'" (quoting *In re Murexco Petroleum, Inc.*, 15 F. 3d 60, 62 (5th Cir. 1994))). This allows the debtor in possession to maximize the value of its estate by assuming executory contracts or unexpired leases that benefit the estate and by rejecting those that do not. *In re Nat'l Gypsum Co.,* 208 F.3d 498, 504–05 (5th Cir. 2000).

11. The standard applied to determine whether the assumption of an executory contract or unexpired lease should be authorized is the "business judgment" standard. *See, e.g., Richmond Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985). The business judgment standard requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Idearc Inc.,* 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009) (holding that the business judgment standard "requires a showing that the proposed course of action will be advantageous to the estate"); *In re Wolflin Oil, L.L.C.,* 318 B.R. 392, 396 (Bankr. N.D. Tex. 2004) ("[T]he act of assumption must be grounded, at least in part, in the conclusion that maintenance of the contract is more beneficial to the estate than doing without the other party's services." (quoting *In re Liljeberg Enters., Inc.,* 304 F.3d 410, 438 (5th Cir. 2002))).

12. Assumption of the Leases Agreement represents a reasonable exercise of the Debtor's business judgment and will benefit the Debtor's estate. The Leased Premises is absolutely necessary for the continued operation of the Debtor's business. The cost of renting equivalent space and relocating the Debtor's production and broadcast equipment to a new location would be prohibitive. The disruption in production and transmission of content would impair the Debtor's ability to generate revenue from product sales which are generated by product promotion during broadcasts.

13. The current terms of the Lease Agreement are favorable to the Debtor. The rent and term provisions in the Real Property Leases are market.

14. Section 365(b)(1) of the Bankruptcy Code provides that if there has been a default under an executory contract or unexpired lease, other than a default as described in section 365(b)(2) of the Bankruptcy Code, a debtor may not assume such contract or lease unless the debtor (i) cures, or provides adequate assurance that it will promptly cure, the default (with the exception of certain defaults arising from the failure to perform nonmonetary obligations under an unexpired lease of real property), (ii) compensates, or provides adequate assurance that it will promptly compensate, a non-debtor party to such contract or leases for any actual pecuniary loss to such party resulting from the default, and (iii) provides adequate assurance of future performance under such contract or lease. See 11 U.S.C. § 365(b)(1).

15. The words "adequate assurance of future performance" must be given a "practical, pragmatic construction" in light of the proposed assumption. *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1309 (5th Cir. 1985); se*e also Texas Health Enterprises Inc. v. Lytle Nursing Home (In re Texas Health Enterprises Inc.),* 72 Fed. Appx. 122, 126 (5th Cir. 2003) (same); *In re PRK Enterprises, Inc.,* 235 B.R. 597, 603 (Bankr. E.D. Tex. 1999) (same); see also *In re Vitanza*, Case No. 98-19611 (DWS) 1998 WL 808629, at *26 (Bankr. E.D. Pa. Nov. 13, 1998) ("The test is not one of guaranty but simply whether it appears that the rent will be paid, and other lease obligations met").

16. The Debtor submits that no prepetition obligations are owed with respect to the Lease Agreement. In addition, as required by section 365(d)(3) of the Bankruptcy Code, the Debtor has timely performed all of its post-petition obligations under the Lease Agreement. Accordingly, the Debtor asserts that there are no cure amounts due with respect to the Lease Agreement.

Moreover, the Debtor has demonstrated a willingness and ability to meet its Lease Agreement obligations during these chapter 11 cases as evidenced by the Debtor remaining current on all obligations under the Lease Agreement since the Petition Date. Consequently, the Debtor submits that no further showing of adequate assurance of future performance is necessary.

17. Accordingly, in an exercise of its business judgment, the Debtor has determined and respectfully submits that assuming the Lease Agreement as modified and extended is in the best interests of the Debtor's estate, its creditors and all parties-in-interest in this Bankruptcy Case.

18. Bankruptcy Rules 6006 and 9014 generally require that any proceeding to assume, reject or assign an executory contract or unexpired lease be made only upon motion and on notice to the other party to the contract, the committee appointed under the Code and any other party in-interest.

## Basis for Emergency Relief

19. The Debtors respectfully request emergency consideration of this Motion in accordance with Bankruptcy Local Rule 9013-1(i). Given that the failure to assume the Lease Agreement by February 24, 2023, will allow Lessor to terminate the Lease Agreement, the Debtor requires emergency relief to prevent such termination. The Debtor believes that emergency relief is warranted under the circumstances to ensure that the Debtor and its estate receive the benefit of the Lease Agreement. Accordingly, the Debtor respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

## Reservation of Rights

20. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver or limitation of the Debtor or any other party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a

waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy, other than the Lease Agreement, under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor or any other party in interest's rights to dispute such claim subsequently.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form of the Proposed Order and grant any other appropriate relief.

Dated: January 31, 2023

**FREE SPEECH SYSTEMS, LLC**

*/s/ Ray Battaglia*
Law Office of Raymond W. Battaglia
Raymond W. Battaglia
State Bar No. 01918055
rbattaglialaw@outlook.com
66 Granburg Circle
San Antonio, Texas 78218

Counsel to Free Speech Systems, LLC,
Debtor and Debtor-in-Possession

## **CERTIFICATE OF ACCURACY**

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

          */s/ Raymond W. Battaglia*
          Raymond W. Battaglia

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the parties on the attached service list and those listed below.

          */s/ Raymond W. Battaglia*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | Case No. 22--60043 |
| | § | |
| **DEBTOR.** | § | (Subchapter V Debtor) |
| | § | Chapter 11 |

**ORDER GRANTING EMERGENCY MOTION TO APPROVE ASSUMPTION OF COMMERCIAL REAL PROPERTY LEASE WITH BCC UBC LLC.**

Upon the *Debtor's Emergency Motion to Approve Assumption of Commercial Real Property Lease with BCC UBC LLC* ("Motion")[1]; for authority to assume the Lease Agreement, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish (i) the exercise of business judgment by the Debtor, (ii) demonstration of adequate assurance of future performance under the Lease Agreement; and (iii) just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, **IT IS HEREBY ORDERED THAT**:

1. Pursuant to sections 365(a) and 105(a) of the Bankruptcy Code, the Lease Agreement, as modified and amended, is deemed to be assumed in its entirety.

---

[1] Capitalized terms used by not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

2

2. The Debtor is authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

3. The Debtor is current on its obligations under the Lease Agreement and no cure is required pursuant to Section 365(b)(1).

4. The Court retains exclusive jurisdiction with respect to all matters arising or related to the implementation, interpretation, and enforcement of this Order.

Dated this ___ day of February 2023.

_____
UNITED STATES BANKRUPTCY JUDGE