UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| | § | Case No. 22-60043 |
| **FREE SPEECH SYSTEMS, LLC.,** | § | Chapter 11 (Subchapter V) |
| | § § | |
| **Debtor.** | § | |

### DEBTOR'S OBJECTION TO LEONARD POZNER AND VERONIQUE DE LA ROSA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Free Speech Systems, LLC ("FSS" or "Debtor") debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to *Leonard Pozner and Veronique De La Rosa's Motion for Relief from the Automatic Stay against Free Speech Systems, LLC* (Dkt. No. 406) (the "Motion").

#### I.  PRELIMINARY STATEMENT

1. The automatic stay is one of the central features of the U.S. bankruptcy system. It protects the debtor's assets, provides temporary relief from creditors, and enables equity of distribution by preventing a race to the courthouse. *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985). The purpose of the automatic stay is to give an ailing business "a breathing spell and time to work constructively with its creditors" without the financial and operational pressure from ongoing or new litigation. H.R. Rep. 95-595, 174, 1978 U.S.C.C.A.N. 5963, 6135.

2. The automatic stay goes hand-in-hand with the traditional bankruptcy function embodied in the claims allowance process where against a debtor's bankruptcy estate are adjudicated to provide for the orderly allocation of estate property. *See In re Brown*, 521 B.R. 205, 213 (Bankr. S.D. Tex. 2014). Together, the automatic stay and claims allowance process provide

**DEBTOR'S OBJECTION TO LEONARD POZNER AND VERONIQUE DE LA ROSA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AGAINST FREE SPEECH SYSTEMS - PAGE 1**

a mechanism to efficiently adjudicate claims against a debtor's estate without undue expense, thereby maximizing the value of the estate for all creditors and enabling equitable distribution of that value.

3.      Because of the importance of the automatic stay to the bankruptcy process, relief from the automatic stay should be granted to liquidate an unsecured claim <u>only</u> where the "balance of hardships" favors determining the claim in the creditors preferred forum. *See In re UTEX Communs. Corp.*, 457 B.R. 549, 570 (Bankr. W.D. Tex. 2011) (quoting *In re U.S. Brass Corp.*, 173 B.R. 1000 (Bankr. E.D. Tex. 1994); *see also In re Kao*, No. 15-31193-H3-13, 2015 Bankr. LEXIS 4293, at *6 (Bankr. S.D. Tex. Dec. 21, 2015); *In re Young*, No. 06-80397-G3-7, 2006 Bankr. LEXIS 2934, at *6 (Bankr. S.D. Tex. Oct. 20, 2006).

4.      The balance of harms here favors maintaining the automatic stay with respect to the State Court Litigation. The cost of litigating the Movants' claims and the revenue lost by the Debtor from Alex Jones being off the air in preparation for and during the trial would place at risk the continued existence of the Debtor. On the other hand, the Movants allege no pecuniary loss from the continuation of the automatic stay.

5.      The other factors pointed to by the Connecticut Plaintiffs also do not favor lifting the automatic stay at this time. The applicable case law from this district indicates that physical injury is required for a claim to be a "personal injury claim" within the meaning of 28 U.S.C. § 157(b)(5). *See Hurtado v. Blackmore*, No. B-06-149, 2007 U.S. Dist. LEXIS 108019, at *5 (S.D. Tex. July 18, 2007). Therefore, the assertions in the Lift Stay Motion that the Movants' claims cannot be determined without a jury trial is without merit. The claims set out in the State Court Litigation can be determined through the claims allowance process by this Court at substantially less expense to all parties involved.

6. To be clear, the Debtor does not oppose the liquidation of the Movants' claims, when doing so does not create an existential threat to the continued viability of the Debtor's business and its ability to reorganize in chapter 11. But the benefits that the Movants would obtain from a jury trial-- i.e., holding the Debtor accountable for its actions in the eyes of the public and finding personal closure for the harms done them, --is still available with the bankruptcy court, even if the stay remains in place. The Debtor therefore requests that the Court deny the Lift Stay Motion without prejudice.

## II. PROCEDURAL HISTORY

7. Beginning in 2018, several claimants filed lawsuits including claims of defamation against FSS and Jones in state court in Connecticut and Texas. Movants were among these claimants, instituting the matter styled *Leonard Pozner and Veronique De La Rosa v. Alex E. Jones, Infowars, LLC, and Free Speech Systems, LLC*, Cause No. D-1-GN-18-001605, in the 459th District Court for Travis County, Texas (for purposes of this Motion, the "State Court Litigation").

8. On July 29, 2022, FSS filed a voluntary chapter 11 petition and elected to proceed under subchapter V of chapter 11. Melissa A. Haselden has been appointed as the Chapter 11 Subchapter V Trustee in FSS's subchapter V chapter 11 case.

9. On December 2, 2022, Alex Jones ("Jones") filed his voluntary chapter 11 petition. The United States Trustee appointed an official Committee of Unsecured Creditors on December 13, 2022 (the "Committee"). No trustee or examiner has been requested or appointed in this chapter 11 case.

## III. LEGAL STANDARD

10. The United States Bankruptcy Code (the "Code") provides that the filing of a bankruptcy petition operates as a stay of the continuation of a judicial proceeding against the debtor

to collect or recover a claim that arose before the commencement of the case. 11 U.S.C. § 362(a)(1), (6). The automatic stay is intended to protect creditors as well as debtors, as it is intended to prevent a "race to the courthouse" wherein creditors attempt to obtain the largest portion possible of a debtor's limited estate. *In re Chesnut*, 422 F.3d 298, 301 (5th Cir. 2005).

11. A bankruptcy court may grant relief from the automatic stay to a party in interest "for cause." 11 U.S.C. § 362(d)(1). In the Fifth Circuit, there is no mandatory standard for a finding of cause, which affords bankruptcy courts the discretion to determine the propriety of lifting or modifying the automatic stay on a case-by-case basis, considering only those factors that are relevant. *See In re Mirant Corp.*, 440 F.3d 238, 253 (5th Cir. 2006).

12. Although there are no compulsory factors a bankruptcy court must consider when determining whether to grant relief from the automatic stay, in a case determining whether to lift the automatic stay to permit continued litigation between the debtor and a creditor, one Texas bankruptcy court found relevant whether: "(1) judicial economy is better achieved through continuing the litigation in district court or estimating the claims in bankruptcy court, (2) either forum avoids unnecessary expense and delay, (3) the claim is critical to the success or failure of the reorganization, and (4) the nature of the claim requires expertise beyond the abilities of the bankruptcy court." *In re Choice ATM Enterprises, Inc.*, No. 14-44982-DML, 2015 WL 1014617, at *5 (Bankr. N.D. Tex. Mar. 4, 2015). Another court opined that the decision to lift the automatic stay may be based solely on grounds of judicial economy. *See In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014).

13. While bankruptcy courts do not have jurisdiction to liquidate or estimate contingent "personal injury tort" claims against a debtor, there is substantial disagreement among the courts as to what constitutes a personal injury tort claim, and relevantly, the law is not fixed as to whether

defamation claims should be so categorized. 28 U.S.C. § 157(b)(5); *see, e.g., In re Byrnes*, 638 B.R. 821, 826-30 (Bankr. D.N.M. 2022) (holding that "defamation is not a personal injury tort.").

14. The United States District Court for the Southern District of Texas as well as bankruptcy courts both in Texas and elsewhere have adopted a narrow definition of the term "personal injury tort," limiting the exception to claims that involve actual bodily injury or trauma. *See Hurtado v. Blackmore*, No. CV B-06-149, 2007 WL 9753286, at *2 (S.D. Tex. July 18, 2007); *Belcher v. Doe*, No. AP 06-05005-RBK, 2008 WL 11450550, at *4 (W.D. Tex. Mar. 11, 2008), *aff'd as modified sub nom. In re Belcher*, No. 08-50335, 2009 WL 260573 (5th Cir. Feb. 4, 2009); *In re Gawker Media LLC*, 571 B.R. 612, 625 (Bankr. S.D.N.Y. 2017); *Massey Energy Co. v. W. Virginia Consumers for Just.*, 351 B.R. 348, 351 (E.D. Va. 2006).

## IV. ARGUMENT

15. The relevant factors weigh in favor of denying the Motion. Lifting the automatic stay to permit Movants' claims to proceed to trial on damages in the State Court Litigation will cause Debtor's estate to incur a great deal of unnecessary expense, to the detriment of all creditors other than Movants, both in this case and the Jones Case. Judicial economy will be best served through the "speedy, efficient, and economical method for the determination . . . of claims" provided by the Code in Section 502(c); and Movants' claims in the State Court Litigation, particularly as the sole remaining issue is determination of damages, do not present any novel or unique issues beyond the expertise of this Court. *In re Curtis*, 40 B.R. 795, 801 (Bankr. D. Utah 1984).

16. As Movants set forth in the Motion, discovery and pre-trial motions in the State Court Litigation have been completed, and indeed, the state court has already rendered a finding on liability as a discovery sanction; the only issue remaining to be adjudicated is the amount of

damages. Under such circumstances, the parties may use the already-obtained discovery "without redundancy" to assist the Court in liquidating Movants' claims through the estimation process supplied by the Bankruptcy Code. *Choice ATM,* 2015 WL 1014617, at *5.

17. Movants argue that leaving the automatic stay in place will cause unnecessary expense and delay. Proceeding with estimation in this Court would greatly reduce, if not eliminate, both any delay in liquidation of Movants' claims and the monetary expenditure on both sides, particularly as the Court has the ability to accomplish estimation of claims through "whatever method is best suited to the circumstances." *Matter of Brints Cotton Mktg., Inc.*, 737 F.2d 1338, 1341 (5th Cir. 1984).

18. Indeed, lifting the stay as requested by Movants will accomplish little other than substantially diminishing the estates of both Jones and FSS. Trial counsel for Debtor estimates that the expense of trying the issue of damages in the State Court Litigation will exceed $600,000; half of this cost would be borne by Debtor, and half by Jones. This amount will thereafter be unavailable to the creditors in either case. Movants' insistence on trying damages through the State Court will only reduce the potential amount recoverable for all creditors, Movants included.

19. The bankruptcy estates of both FSS and Debtor will be further damaged by granting the Motion because, during the pendency of the trial (estimated to last two to three weeks), Jones will not be available to host the radio and video talk shows through which FSS and Jones derive their income. The product sales which are the primary source of FSS's revenue stream are reduced by approximately 50% when Jones is not on the show and presenting to the audience—an amount which would otherwise be available for recovery by the creditors of both Debtor and Jones.

20. While the Debtor has been cash flow positive on an EBITDAR basis, post-petition it requires a significant capital cushion in order to support continued operations. The Debtor lacks

any source of financing and therefore must maintain adequate capital to replenish inventory and bear the administrative costs of this bankruptcy case. The combination of an additional financial obligation to pay trial fees and expesnses together with the loss of revenue from sales will jeopardize the Debtor's viability as a going concern, to the detriment of all of the Debtor's creditors.

## V.     ADMISSIONS AND DENIALS

The Debtor responds to the factual allegations in the Motion pursuant to Local Bankruptcy Rule 4001-1(a)(10) and Rule 8 of the Federal Rules of Civil Procedure, for purposes of the contested matter initiated by the Motion only:

21.     The Debtor (a) admits the factual allegations of the first sentence of paragraph 1 of the Lift Stay Motion; (b) Debtor disputes the characterization of the Debtor's operations as an empire (c) admits that Jones or other individuals on programs that were broadcast by the Debtor stated the words similar to those quoted in the second sentence of paragraph 1 of the Motion; (d) Alex Jones urged his audience to "investigate", but the Debtor specifically denies that Mr. Jones knew his audience would respond to his urge to "investigate" by cyberstalking, harassing, and threatening the Movants, denies that his audience engaged in such conduct and further denies causing Movants harm. By way of further answer, the Debtor asserts that Mr. Jones has since retracted his statements and apologized to the Movants.

22.     Debtor has no knowledge as to the allegations in the first sentence of paragraph 2 of the Motion but admits that lawsuits were filed as alleged in the balance of paragraph 2 of the Motion.

23.     Debtor Admits the allegations in the first sentence of paragraph 4 of the Motion but denies that they are "on the cusp of having their day in court". On information and belief, Movants

are not currently set for trial against FSS. Debtor further denies that the automatic stay "needlessly" halted Movant's case.

24. Debtor admits that its affiliated entities filed bankruptcy cases as alleged in paragraph 5 of the Motion but denies the characterization of those companies as "Shell Companies". Debtor denies the balance of the allegations in paragraph 5 of the Motion and for further response would show that Movant's unilaterally non-suited their claims with prejudice, abandoning a claim they steadfastly maintained for over four years.

25. Debtor admits Jones filed for relief under chapter 11 as alleged in paragraph 6.

26. Debtor admits the allegations in paragraph 7 of the Motion.

27. Paragraph 8 of the Motion consists of arguments to which a response is not required. To the extent a response is necessary, the Debtor denies them.

28. Debtor admits the allegations contained in paragraphs 9, 10,11 and 12 of the Motion.

29. Debtor denies the allegations in paragraph 13 of the Motion except that Jones or other individuals on programs that were broadcast by the Debtor stated words similar to those quoted in the first and second sentences of paragraph 13 of the Motion and has since apologized and retracted those comments.

30. Debtor admits that Movants have sued FSS and Jones stating claims for defamation and intentional infliction of emotional distress as alleged in paragraph 14 of the Motion.

31. Debtor admits the allegations repeated in paragraphs 15 and 16 of the Motion.

32. Debtor denies the allegations in paragraph 17 of the Motion.

33. Debtor admits that the U.S. Trustee filed pleadings in the related entity chapter 11 cases as alleged in paragraph 18 of the Motion, but denies the balance of the allegations and avers that the pleadings of the U.S. Trustee and the responses thereto speak for themselves.

34. Debtor admits the allegations in paragraph 19 and 20 of the Motion but would add that Movants along with the other plaintiffs unilaterally dismissed or non-suited their state court claims with prejudice.

35. Debtor admits the allegations in paragraphs 21, 22 and 23 of the Motion.

36. Debtor admits the allegations in the first and second sentences of paragraph 24 of the Motion, denies the allegations in the third sentence of paragraph 24 and admits the fourth sentence of paragraph 24 with the addition of the fact that there is no trial setting currently against FSS in the State Court Litigation.

37. Debtor admits the allegations in paragraph 25 of the Motion with the addition of the fact that there is no trial setting currently against FSS in the State Court Litigation.

38. Debtor denies the allegations in the first sentence of paragraph 26 of the Motion and would show that the claims against the Debtor in the State Court Litigation do not include personal injury claims as discussed *infra*. The balance of paragraph 26 consists of an argument to which a response is not required. To the extent that a response is required, Debtor denies those statements.

39. Paragraph 26 consists of an argument to which a response is not required. To the extent that a response is required, Debtor denies those allegations and legal arguments.

40. Debtor denies the allegations in paragraph 27 of the Motion.

41. Debtor denies the allegations in paragraph 28 of the Motion.

42. Debtor denies the allegations in paragraph 29 of the Motion.

43. Paragraph 30 of the Motion consists of arguments to which a response is not required. To the extent a response is necessary, the Debtor denies them.

44. Paragraphs 31 and 32 of the Motion consists of arguments to which a response is not required. To the extent a response is necessary, the Debtor denies them.

45. Debtor denies the allegations in paragraph 33 of the Motion.

46. Paragraphs 34, 35 and 36 of the Motion consists of arguments to which a response is not required. To the extent a response is necessary, the Debtor denies them.

47. Debtor denies the allegations in paragraph 37 of the Motion. Lifting the stay will substantially interfere with the Debtor's operations and this Case. The cost of litigating the State Court Litigation will consume hundreds of thousands of dollars in legal fees, reduce capital needed to replenish inventory for resale to customers, and prevent Jones from broadcasting for extended periods of time, resulting in significant reductions in revenue. In addition, lifting the stay will disrupt mediation efforts.

48. Debtor denies the allegations in paragraph 38, 39, 40, 41, 42, 43, 44 and 45 of the Motion.

49. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, the Debtor generally denies all allegations except those specifically admitted or about which the Debtor has indicated it lacks knowledge or information sufficient to form a belief as to truth.

## VI. STATEMENT OF EFFORTS TO REACH AGREEMENT

50. Movant's counsel and counsel for the Debtor have previously discussed Movants' intention to seek relief from the stay and the Debtor advised of its opposition to the relief requested. Debtor has not been able to engage in further efforts to reach an agreement with the Movants

regarding the Motion prior to filing this response. Movants have engaged in no communication with the Debtor regarding the Motion since it was filed.

## VII.   CONCLUSION

One of the recognized policies underlying Chapter 11 is "maximizing property available to satisfy creditors." *Bank of Am. Nat. Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 435 (1999). By denying the Motion and retaining Movants' claims, which is within the jurisdiction of this Court, Movants' claims can swiftly proceed through the estimation process, avoiding the aforementioned unnecessary expenses and financial losses to Debtor's estate, and maximizing the amount available for recovery by creditors.

WHEREFORE, Debtor respectfully requests that the Court deny the Motion and grant any other relief that is just and proper.

Dated: February 7, 2023

                                          Respectfully submitted.

                                          LAW OFFICES OF RAY BATTAGLIA, PLLC

                                          /s/ *Raymond W. Battaglia*
                                          Raymond W. Battaglia
                                          State Bar No. 01918055
                                          rbattaglialaw@outlook.com
                                          66 Granburg Circle
                                          San Antonio, Texas 78218
                                          Tel. (210) 601-9405

                                          *Counsel to the Debtor and Debtor-In-Possession*

## CERTIFICATE OF SERVICE

    A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the parties on the attached service list.

        */s/Raymond W. Battaglia*
        Raymond W. Battaglia

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 22-60043 |
| **FREE SPEECH SYSTEMS, LLC.,** § | Chapter 11 (Subchapter V) |
| § | |
| Debtor. § | |

**ORDER DENYING LEONARD POZNER AND VERONIQUE DE LA ROSA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AGAINST FREE SPEECH SYSTEMS**

Before the Court for consideration is *Debtor's Objection to Leonard Pozner and Veronique De La Rosa's Motion for Relief from the Automatic Stay against Free Speech Systems, LLC* (the "Objection"). After due deliberation and sufficient cause appearing therefor, and for the reasons set forth on the record, it is hereby **ORDERED THAT**:

1. The Objection is **SUSTAINED**;

2. *Leonard Pozner and Veronique De La Rosa's Motion for Relief from the Automatic Stay against Free Speech Systems, LLC* (Dkt. No. 406) is **DENIED**.

Dated: February _____, 2023

_____
**UNITED STATES BANKRUPTCY JUDGE**