**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22--60043 |
| | § | |
| DEBTOR. | § | (Subchapter V Debtor) |
| | § | Chapter 11 |

**DEBTOR'S EMERGENCY MOTION TO APPROVE SALE OF WAREHOUSE RACKS AND RELATED PROPERTY.**

> **Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**
>
> **A hearing will be conducted on this matter on February 14, 2023, at 1:00 p.m.**
>
> **Participation in the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "judgelopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "electronic appearance" link on Judge Lopez's home page. Select the case name, complete the required fields, and click "submit" to complete your appearance.**

1.  Free Speech Systems, LLC (the "Debtor" or "FSS"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), respectfully files this *Emergency Motion to Approve Sale of Warehouse Racks and Related Property* ("Motion") requesting entry of an order substantially in the form attached hereto (the "Proposed Order") In support of the Motion, the Debtor respectfully represents as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter under 28 U.S.C. § 1334. The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for relief requested herein are pursuant to 11 U.S.C. §§ 105(a) and 365(a) of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas.

**BACKGROUND**

3. On July 29, 2022 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code with the Court.

4. The Debtor continues to operate its businesses and manage its properties as a Debtor and a Debtor-in-Possession pursuant to Bankruptcy Code § 1182(2).

5. As of the filing of this Motion, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for Region 7 (the "U.S. Trustee").

6. FSS is engaged in the business of producing and syndicating Alex Jones' and other radio and video talk shows and selling products targeted to Jones' audience via the Internet.

7. FSS conducted fulfillment of product sales at a warehouse space located at 6231 E. Stassney Lane, Austin, Texas (the "Leased Premises"). The Leased Premises was outfitted with storage racks owned by the Debtor.

8. Recently the Debtor sought and obtained Court approval to enter into a new product acquisition and sales fulfillment agreement [ECF # 286] through a third party logistics provider ("3PL"). Under the "Fulfillment Agreement" the 3PL sources inventory, picks, pulls and ships merchandise sold through FSS' sales channel. The Debtor moved all of its inventory from the

Leased Premises to the 3PL's location. The change in operations eliminated the need for the Leased Premises. Accordingly, the Debtor sought and obtained approval of the rejection of its lease for the Leased Premises.

9. Personal property remaining in the Leased Premises consisting of storage racks and related property (collectively the "Warehouse Racks") are no longer necessary for the Debtor's operations. The Debtor has been actively soliciting the sale of the storage racks and miscellaneous related assets since December 2022. Interest has been limited. The Debtor has received expressions of interest from several parties, but none has made a firm commitment to purchase.

10. PQPR Holdings Limited, LLC ("PQPR"), an affiliated entity, asserts a lien on all of the Debtor' personal property. That lien is disputed.

11. By this Motion, the Debtor seeks authority to sell the Warehouse Racks. Specifically, the Debtor seeks permission to market and sell the Warehouse Racks in the manner that the Debtor's CRO, Patrick Magill believed will result in the most beneficial return to the Debtor's estate. The Debtor seeks authorization to solicit cash offers for the Warehouse Racks and be authorized to sell that property as is, where is, without warranty, for the highest cash offer not less than $20,000, provided that the Debtor may not sell the Warehouse Racks to Alex Jones or any insider of the Debtor or Alex Jones.

**RELIEF REQUESTED**

12. The Court should approve the proposed sale pursuant to Section 363 of the Bankruptcy Code. Section 363(b)(a) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business property of the estate." 11 U.S.C. § 363(b)(1). "Notice and hearing" is defined in Section 102 of the Bankruptcy Code, to mean "such notice as is appropriate in the particular circumstances,

and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(a). The sale of property under Section 363(b) is committed to the Trustee's business judgment. *ASARCO, Inc. v. Elliott Mgmt. (In re Asarco, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) ("Section 363 of the Bankruptcy Code addresses the debtor's use of property of the estate and incorporates a business judgment standard.").

13. The Debtor's CRO believes that the sale of the Warehouse Racks in the manner requested is in the best interest of the Debtor's estate based on his business judgment. The Warehouse Racks are not necessary for the Debtor's operations, they are burdensome to the estate and selling them for the best attainable price is in the best interest of the estate.

14. Sale of the Warehouse Racks free and clear of liens is proper under 11 U.S.C. § 363(f)(4) because any liens against the Warehouse Racks are subject to a bona fide dispute.

## Basis for Emergency Relief

15. The Debtors respectfully request emergency consideration of this Motion in accordance with Bankruptcy Local Rule 9013-1(i). The Warehouse Racks are presently located in the Leased Premises which has been rejected. The Debtor believes that emergency relief is warranted under the circumstances to ensure that the Debtor and its estate receive the benefit of the any value of the Warehouse Racks. Accordingly, the Debtor respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

## Reservation of Rights

16. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver or limitation of the Debtor or any other party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any

other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an admission as to the validity of any liens satisfied pursuant to this Motion. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor or any other party in interest's rights to dispute such claim subsequently.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form of the Proposed Order and grant any other appropriate relief.

Dated: February 8, 2023

**FREE SPEECH SYSTEMS, LLC**

*/s/ Ray Battaglia*
Law Office of Raymond W. Battaglia
Raymond W. Battaglia
State Bar No. 01918055
rbattaglialaw@outlook.com
66 Granburg Circle
San Antonio, Texas 78218

Counsel to Free Speech Systems, LLC,
Debtor and Debtor-in-Possession

## CERTIFICATE OF ACCURACY

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Raymond W. Battaglia*
Raymond W. Battaglia

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the parties on the attached service list.

*/s/ Raymond W. Battaglia*