United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 14, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALEXANDER E. JONES | ) | Case No. 22-33553 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | (Chapter 11) Subchapter V |
| | ) | |
| FREE SPEECH SYSTEMS, LLC, | ) | Case No. 22-60043 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order (the "Protective Order")

is entered into by and among: (a) Alexander E. Jones ("Jones"); (b) the official committee of

unsecured creditors (the "UCC") appointed in Jones's chapter 11 case (the "Jones Case"); (c) Free

Speech Systems, LLC and its Chief Restructuring Officer ("CRO"), Patrick Magill (together,

"FSS" and together with Jones, the "Debtors"); (d) Melissa Haselden (the "Subchapter V Trustee")

appointed in the FSS chapter 11 case (the "FSS Case" and together with the Jones Case, the

"Chapter 11 Cases"); (e) Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa and

Marcel Fontaine (the "Texas Plaintiffs") and David Wheeler, Francine Wheeler, Jacqueline

Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto

Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach and Robert

Parker (the "Connecticut Plaintiffs" and, together with the Texas Plaintiffs, the "Sandy Hook

Families"); and (f) any other parties in interest in the Chapter 11 Cases or parties to any adversary

proceeding relating to the Chapter 11 Cases and become bound by this Protective Order by signifying their assent through execution of **Exhibit A** hereto (a "Declaration").  Each of the persons or entities identified in the foregoing clauses (a) through (f) shall be referred to herein individually as a "Party" and, collectively, as the "Parties."

The Parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Protective Order pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, with respect to any existing or future contested matter or adversary proceeding, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

### Recitals

WHEREAS, FSS commenced the FSS Case under subchapter V of chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code") in this Court on July 29, 2022;

WHEREAS, Jones commenced the Jones Case under chapter 11 the Bankruptcy Code in this Court on December 2, 2022;

WHEREAS, the Chapter 11 Cases are closely connected because, *inter alia*, Jones owns 100% of the membership interests in FSS, and the Chapter 11 Cases are pending before the same Court; and the Parties therefore expect that documents and information sought from Parties and Non-Parties (as defined below) will often be relevant to both such cases;

WHEREAS, no prior protective order has been entered in either of the Chapter 11 Cases;

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) in or in connection with either or both of the Chapter 11 Cases (including adversary proceedings), including through informal requests, Rule 2004 requests or motions, or service of document requests, interrogatories, depositions, subpoenas, and other discovery requests (collectively, "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"); and

WHEREAS, the Parties anticipate that Discovery Requests will be propounded to persons or entities other than the Parties ("Non-Parties");

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material (as defined below) that a Party seeks to maintain as confidential, IT IS HEREBY STIPULATED, AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED that the following terms will govern any Discovery Requests and handling of Discovery Material (as defined below) during the course of the Chapter 11 Cases or any appeal therefrom:

1.      The Parties shall submit this Protective Order to the Court for approval.  The Parties shall abide by the terms of this Protective Order even if this Protective Order is not entered by the Court for any reason, unless the Court determines otherwise.

2.      Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Bankruptcy Rule 9006.

### Scope of Protective Order

3.      This Protective Order applies to all information, documents, and things provided or exchanged in response to Discovery Requests , either by a Party or a Non-Party in either case (each a "Producing Party"), to any other Party  (each a "Receiving Party"), including without limitation, deposition testimony, interviews, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, electronically stored information, and things produced (collectively, "Discovery Material").  For the avoidance of doubt, nothing in this Protective Order—including the fact that a party is a Party to this Protective Order—entitles or is intended to entitle any Party or Non-Party to any specific Discovery Material.

4.      Non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon designating Discovery Material or signing a Declaration in the form provided as **Exhibit A** hereto and agreeing to be bound by the terms of this Protective Order (for receiving information).

5.      Any Party or its counsel serving a Discovery Request upon a Non-Party shall provide a copy of this Protective Order along with such Discovery Request and instruct the Non-Party that it may designate documents or testimony according to the provisions herein.  In the event a Non-Party has already been served with a subpoena or other discovery request, formal or informal, at the time this Protective Order is entered by the Court, the serving Party or its counsel shall provide the service and notice of this Protective Order required by the preceding sentence as soon as reasonably practicable after entry of this Protective Order.

**Designating Discovery Material**

6.      Any Producing Party may designate Discovery Material as "Confidential Material" or "Professionals' Eyes Only Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

      (a)    Confidential Material:   A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains proprietary, commercially sensitive, or confidential technical, business, financial, personal, or other information of a nature that can be protected under Bankruptcy Rules 7026 and 9014 and Federal Rule 26(c) or Bankruptcy Rule 9018, (B) constitutes or contains personally identifiable information ("PII"), or (C) is subject by law or by contract to a legally protected right of privacy; or (ii) a Producing Party (A) is under a preexisting obligation to a third party to treat such Discovery Material as confidential or (B) has in good faith been requested by another Party or Non-Party to so designate such Discovery Material on the grounds that such other Party or Non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or Non-Party.

      (b)    Professionals' Eyes Only Material:   A Producing Party may designate Discovery Material as "Professionals' Eyes Only" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes Professionals' Eyes Only Material that is of such a nature that a material risk of competitive or other injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 11 of this Protective Order, which may include medical information relating to any individual, certain trade secrets, sensitive personal, financial or business information, or material prepared by its industry professionals, advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff), and only to the extent that the Producing Party believes in good faith that such Discovery Material is of such a nature that Professionals' Eyes Only Material treatment is warranted.

      (c)    Undesignated Material:   Subject to the rights and obligations of the Parties under Paragraphs 8, 9, and 22 of this Protective Order, no Party shall have

any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material.

7.  <u>Manner Of Designating Discovery Material:</u>  Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking each such page "Confidential" or "Professionals' Eyes Only" as applicable.  Such markings should not obliterate or obscure the content of the material that is produced.  Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as Designated Material by including such terms (or similar terms) in the file name thereof and with corresponding metadata.  Discovery Material produced in the Chapter 11 Cases prior to the execution of this Protective Order pursuant to an agreement that such Discovery Material would be treated as Designated Material, if any, shall be treated as Designated Material pursuant to this Protective Order notwithstanding such Discovery Material not bearing such markings, provided, however, that the Producing Party will provide a replacement production that includes a "Confidential" or "Professionals' Eyes Only" marking, or designation in the file name, as applicable, of any such productions as soon as reasonably practicable after entry of this Protective Order.  A Party that was not the Producing Party may request that the Producing Party designate any Discovery Material as Designated Material and re-produce the Material under paragraph 8 below.

8.  <u>Late Designation Of Discovery Material:</u>  The failure to designate particular Discovery Material as Designated Material at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Protective Order ("<u>Misdesignated Material</u>").  Upon

6

receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Protective Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation or non-designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court or otherwise made publicly available (other than in violation of this Protective Order), no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or Non-Party that failed to make the designation.

### Use and Disclosure of Confidential or Professionals' Eyes Only Material

9.    <u>General Limitations On Use And Disclosure Of All Discovery Material:</u>  All Discovery Material shall be used by the Receiving Parties solely for the purposes of either of the Chapter 11 Cases (including, for the avoidance of doubt, mediation, any adversary proceedings arising in either of the Chapter 11 Cases or any litigation for which standing to pursue claims on behalf of either of the Debtors has been sought or for which the Court has granted a party standing to pursue claims on behalf of either of the Debtors, and any appeals therefrom), and not for any

other purpose, including any other litigation or judicial proceedings, or any business, competitive,

governmental, commercial, or administrative purpose or function.

      10.    <u>Confidential Material:</u> Confidential Material, and any and all information contained

therein, shall be given, shown, made available, or communicated only to the following:

        (a)    Jones;

        (b)    FSS;

        (c)    the UCC;

        (d)    the members of the UCC;

        (e)    Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "<u>U.S. Trustee</u>"), and other attorneys in office of U.S. Trustee assigned to the Chapter 11 Cases;

        (f)    the Subchapter V Trustee;

        (g)    the Sandy Hook Families;

        (h)    any other Party who has signed a Declaration, in the form provided as **Exhibit A** hereto; and

        (i)    any other persons specified in Paragraph 11 below.

      11.    <u>Professionals' Eyes Only Material:</u>  Professionals' Eyes Only Material, and any

and all information contained therein, shall be given, shown, made available, or communicated

only to the following:

        (a)    outside counsel, staff working under the express direction of such counsel, industry advisors, financial advisors, accounting advisors, testifying and non-testifying experts, and consultants (and their respective staff) that are retained by any person listed in Paragraph 10 above;

        (b)    any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

8

(c)    for purposes of witness preparation, and upon signing a Declaration, in the form provided as **Exhibit A** hereto, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Discovery Material is determined by counsel in good faith to be necessary to the anticipated subject matter of the questioning or testimony, provided, however, that such Professionals' Eyes Only Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Professionals' Eyes Only Material;

(d)    any witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the Discovery Material is necessary and appropriate;

(e)    outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Chapter 11 Cases;

(f)    court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Chapter 11 Cases;

(g)    the Court, its officers, and clerical staff in any judicial proceeding that may result from the Chapter 11 Cases;

(h)    the mediator appointed in the FSS Case (the "Mediator"); and

(i)    any other person or entity with respect to whom the Producing Party may consent in writing.

12.    Prerequisite To Disclosure Of Designated Material:  Before any person or organization identified in Paragraph 11(a) hereof (other than outside counsel who have already signed this Protective Order) is given access to Designated Material, such person or their representative shall be provided with a copy of this Protective Order and shall execute a Declaration, in the form provided as **Exhibit A** hereto.  Such executed Declarations shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders.

13.     <u>Sealing Of Designated Material Filed With Or Submitted To Court</u>:  The Court's approval and entry of this Protective Order shall constitute authority for the Parties to file Designated Material under seal without the necessity of filing a separate motion under Local Rule 9037-1.  Parties filing Designated Material under seal pursuant to this Protective Order shall reference this Protective Order in the pleading accompanying such documents.  Designated Material may only be filed with this Court if such filing is made under seal.  Before or contemporaneously with filing documents with the Court that contain Confidential or Professionals' Eyes Only Material, the filing party must notify the Producing Party of the filing. Where possible, however, only those portions of the filings with the Court that disclose Designated Material shall be filed under seal.  Parties filing documents under seal shall to the extent feasible also file redacted documents simultaneously.  This paragraph is without prejudice to the right of any Party to move upon notice to the applicable Party to unseal any papers filed under seal.  Except as otherwise ordered by the Court or agreed to by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Designated Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules.

14.     <u>Use Of Discovery Material In Open Court:</u>  The limitations on disclosure in this Protective Order shall not apply to any Discovery Material offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable, at least 24 hours prior to the deadline for filing any witness and exhibit lists

with the Court of any Designated Material for use at trial or any hearing to be held in open court,

counsel for any Party who desires to offer or use such Designated Material (the "Offering Party")

shall meet and confer in good faith with the Producing Party together with any other Parties who

have expressed interest in participating in such meet and confer to discuss ways that the material

may be offered or otherwise used by any party given the subject designations, in accordance with

the provisions of the Bankruptcy Code and Bankruptcy Rules.  If the Offering Party and the

Producing Party cannot reach an agreement concerning the treatment of such Designated Material,

the Offering Party shall file such Designated Material under seal, without the necessity of filing a

separate motion under Local Rule 9037-1, until the Court can resolve the dispute.

**Depositions**

15.    <u>Deposition Testimony - Manner Of Designation:</u> In the case of depositions, if

counsel for a Party or Non-Party believes that a portion of the testimony given at a deposition

should be Designated Material of such Party or Non-Party, such testimony may be designated as

appropriate by:

(a)    Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

(b)    Providing written notice within seven (7) days of the Party's or Non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 19 below.  Until expiration of the aforesaid seven (7) day or three (3) business day period, as applicable, following receipt of the transcript by the Parties or Non-Parties, all deposition transcripts and videotapes shall be

considered and treated as Professionals' Eyes Only unless otherwise agreed on the record at the deposition.

16.     Designated Material Used As Exhibits During Depositions: Nothing in Paragraph 15 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

17.     Witness Review Of Deposition Testimony:  Nothing in Paragraph 15 hereof shall preclude the witness from reviewing his or her deposition transcript.

18.     Presence Of Persons During Deposition Testimony:  Anyone who is not counsel to a Party or otherwise permitted access under the terms of this Protective Order to Confidential Information and/or Professionals' Eyes Only Material and who wishes to attend a deposition must become a Party to this Protective Order prior to such deposition.  When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Protective Order shall, upon request, be excluded from the portion of the deposition so designated.

19.     Responsibilities And Obligations Of Court Reporters:  In the event that testimony is designated as Confidential or Professionals' Eyes Only, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Professionals' Eyes Only," as appropriate.  If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as

the transcript and include the legend "Confidential" or "Professionals' Eyes Only," as appropriate, if any portion of the transcript itself is so designated.

### General Provisions

20.     This Protective Order is a procedural device intended to protect Designated Material.  Nothing in this Protective Order shall affect any Party's or Non-Party's rights or obligations unrelated to the confidentiality of Discovery Material.

21.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or Non-Party of any objection to any Discovery Request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Protective Order by application on notice.

22.     <u>Unauthorized Disclosure Of Designated Material:</u>  In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Protective Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Protective Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further review, dissemination, or use by the person or entity to whom the unauthorized disclosure was made; immediately notify the Producing Party of the unauthorized disclosure; and immediately  take steps to ensure against further review, dissemination, or use thereof.

23.     <u>Manner Of Objecting To Designated Material:</u>  If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent

basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing, and then confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Protective Order.  If within three (3) business days after receipt of an objection in writing (which may take the form of an email), the Producing Party does not agree to change the designation of the Designated Material, the Receiving Party may seek relief from the Court by filing a pleading of no more than five (5) double-spaced pages succinctly describing the basis of its objection ("Objection") and seeking an order from the Court altering or removing the designation; if the Producing Party opposes the relief sought it must, within three (3) business days of receipt by the Court of the Objection, file a pleading of no more than five (5) double-spaced pages succinctly explaining the basis of its opposition.  The Producing Party shall have the burden to establish that Designated Material is appropriately designated.  Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated by the Producing Party.  Upon a motion, the Court may order the removal of the Designated Material designation from any Discovery Material so designated subject to the provisions of this Protective Order.  Notwithstanding the foregoing, circumstances may exist which require a party to seek Court authority to remove the Designated Material designation of Designated Material on a more expedited basis.  In such a circumstance, the moving party will provide advance notice to the Producing Party.

24.    <u>Timing Of Objections To Designated Material:</u>  A Receiving Party shall not be obliged to challenge the propriety of a Designated Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Receiving

Party to challenge the designation by a Producing Party of Discovery Material as Designated Material during the discovery period shall not be a waiver of that Receiving Party's right to object to such designation at an evidentiary hearing or trial.

25.   <u>Inadvertent Production Of Privileged Discovery Material:</u>  This paragraph is so ordered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Inadvertent production of any Discovery Material which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("<u>Inadvertently Produced Privileged Information</u>"), will not by itself constitute a waiver of any applicable privilege.  Within three days after a Producing Party discovers (or upon receipt of notice from another Party or Non-Party) that it has produced Inadvertently Produced Privileged Information, the Producing Party shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Material inadvertently produced, and the basis for seeking to withhold such Discovery Material from production.  If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph (a "<u>Clawback Request</u>"), the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Inadvertently Produced Privileged Information (and copies thereof) and (following the later of ten (10) days from receipt of the Clawback Request or the resolution of a dispute concerning such request) shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information.  If the Receiving Party disputes the Clawback Request, it must notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the Clawback Request.

The Parties shall thereafter meet and confer regarding the disputed Clawback Request.  If the Parties cannot resolve their dispute, either Party may seek a determination from the Court.  The Producing Party must preserve all Discovery Material over which privilege or protection is asserted and, other than in connection with seeking a determination by the Court, the Receiving Party may not use the document over which the privilege or protection is asserted, any copies, or any information derived therefrom for any purpose until the dispute is resolved.

26.    Use Of Non-Confidential Material:  To the extent that any Party has documents or information (other than the Cellphone Contents, as described below) that (i) were already in its possession at the time the same document or information is received from a Producing Party and are not subject to any other confidentiality agreement, non-disclosure agreement, or other confidentiality obligation; (ii) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (iii) were independently developed by such Party without violating its obligations hereunder; or (iv) are published or become publicly available in a manner that is not in violation of this Protective Order or of any obligation of confidentiality to any other person, including a Party (collectively "Non-Confidential Material"), nothing in this Protective Order shall limit a Party's ability to provide or produce Non-Confidential Material to other parties in the Chapter 11 Case or to use Non-Confidential Material for any purpose, including in a deposition, hearing, briefing, trial or otherwise in connection with the Chapter 11 Cases, or otherwise.  Nothing in this Protective Order shall affect the obligation of any Receiving Party to comply with any other confidentiality

agreement with, or undertaking to, any other person or Party, including but not limited to, any confidentiality obligations arising from agreements entered into prior to the Chapter 11 Cases.

27.     <u>Production of Documents From Pre-Petition Litigation:</u>  With respect to the digital copy of Jones's cellphone that was produced to the Texas Plaintiffs (the "<u>Cellphone Contents</u>"), the Parties agree that any alleged waiver of confidentiality that previously may have occurred shall not apply in the Chapter 11 Cases.  Jones may designate the Cellphone Contents in compliance with this Protective Order and such materials shall thereafter be governed in all respects in the Chapter 11 Cases by this Protective Order.  Jones shall produce the Cellphone Contents to the Committee by no later than February 25, 2023.  All other discovery material or anything else produced or provided to any of the Sandy Hook Families in connection with any pre-petition litigation concerning Jones or FSS may be provided or produced to the UCC and the Subchapter V Trustee in the form provided to the Sandy Hook Families, and without application of additional redactions; *provided however*, that the Parties agree to redact personally identifying information from any filing with the Court consistent with Southern District of Texas General Order 2004-11. For the avoidance of doubt, with the exception of the Cellphone Contents, no Party shall have any right under this Protective Order to designate materials already produced to the Sandy Hook Families in the pre-petition litigation concerning Jones or FSS as Designated Material.

28.     <u>Obligations Following Conclusion Of The Chapter 11 Cases:</u>  At such time provided for in any confirmed plan of reorganization or court order dismissing either or both Chapter 11 Cases, all Receiving Parties shall, upon the request of the Producing Party, take all reasonable steps to return to counsel for the respective Producing Party, or to destroy, all

Designated Material, and all copies thereof in the possession of any person, except that counsel may retain for their records (a) their work product; (b) a copy of court filings, transcripts, deposition/examination recordings, deposition/examination exhibits, expert reports; (c) exhibits introduced at any hearing or trial; and (d) existing email communications.  A Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as consistent with the provisions in this Protective Order.  If a Receiving Party chooses to take all reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party.  Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Protective Order shall remain binding.

29.     <u>Continuing Applicability Of Stipulated Confidentiality Agreement And Protective Order:</u>  The provisions of this Protective Order shall survive the final termination of the Debtors' emergence from bankruptcy for any retained Discovery Material.  The final termination of the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Protective Order, and the Court shall retain jurisdiction to enforce this Protective Order.

30.     <u>Amendment Of Stipulated Confidentiality Agreement And Protective Order:</u>  Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of

this Protective Order at any time.  The Parties may also agree by written stipulation by all Parties to amend the provisions of this Protective Order, subject to Court approval, and shall abide by the terms of the proposed amendment unless and until the Court orders otherwise.

31.    <u>Disclosure Of Discovery Material In Other Proceedings:</u>  Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, or a demand or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall notify the Producing Party within three (3) business days of receipt of such process or demand (where reasonably practical and unless such notice is prohibited by applicable law, rule, or regulation) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

32.    <u>Use Of Discovery Material By Producing Party:</u>  Nothing in this Protective Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Subject to clause (c) of Paragraph 6, and Paragraph 26, such disclosure will not waive the protections of this Protective Order and will not entitle other Parties, Non-Parties, or their attorneys to use or disclose such Discovery material in violation of this Protective Order.

33.    <u>Obligations Of Parties:</u>  Nothing herein shall relieve a Party or Non-Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future

stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests.

34.    Advice Of Counsel:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Chapter 11 Cases and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

35.    Material Non-Public Information:  Any Receiving Party acknowledges that by receiving Designated Materials it may be receiving material non-public information about companies that issue securities and that the determination as to whether it has received material non-public information shall be the sole responsibility of such Receiving Party.  For the avoidance of doubt, the Producing Party is under no obligation to designate or mark, or cause to be designated or marked, any Designated Material that may be determined to constitute material non-public information.

36.    Notice:  When notice is permitted or required by the provisions hereof, such notice shall be in writing, directed to the undersigned counsel of the Party to receive such notice, at the corresponding addresses or email addresses indicated below, or to counsel of any Non-Party receiving such notice.  Notice shall be delivered by first-class mail, Federal Express (or an equivalent delivery service), hand delivery, or email, and shall be effective upon receipt.

37.    <u>Enforcement:</u>  The provisions of this Protective Order constitute an order of this

Court and violations of the provisions of this Protective Order are subject to enforcement and the

imposition of legal sanctions in the same manner as any other order of the Court.

**AGREED IN FORM AND SUBSTANCE**:

Dated:  February 11, 2023

**Alexander E. Jones**
By: */s/ Vickie L. Driver*
Vickie L. Driver
Crowe & Dunlevy PC
*Proposed Counsel to Alexander E. Jones*

**Free Speech Systems, LLC**
By: */s/ Raymond W. Battaglia*
Raymond W. Battaglia
Law Offices of Ray Battaglia, PLLC
*Counsel to FSS*

**Melissa Haselden, Subchapter V Trustee in the FSS Case**
By: */s/ Elizabeth C. Freeman*
Elizabeth C. Freeman
Law Office of Liz Freeman
*Counsel for Melissa Haselden, Subchapter V Trustee*

**The Official Committee of Unsecured Creditors of Alexander E. Jones**
By: */s/ David M. Zensky*
David M. Zensky
Akin Gump Strauss Hauer & Feld LLP
*Proposed Counsel to the Official Committee of Unsecured Creditors of Alexander E. Jones*

**The Texas Sandy Hook Plaintiffs**
By: */s/ Avi Moshenberg*
Avi Moshenberg
McDowell Hetherington LLP
*Counsel to the Texas Plaintiffs*

*-and-*

Jarrod B. Martin
Chamberlain, Hrdlicka, White, Williams & Aughtry, PC
*Bankruptcy Counsel to the Texas Plaintiffs*

*-and-*

Jennifer Hardy
Rachel Strickland
Stuart Lombardi
Willkie Farr & Gallagher LLP
*Bankruptcy Co-Counsel to the Texas Plaintiffs*

**The Connecticut Sandy Hook Plaintiffs**
By: /s/ Alinor C. Sterling
Alinor C. Sterling
Koskoff Koskoff & Bieder PC
*Counsel to the Connecticut Plaintiffs*

-and-

Ryan E. Chapple
Cain & Skarnulis PLLC
*Bankruptcy Co-Counsel to the Connecticut
Plaintiffs*

-and-

Kyle J. Kimpler
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
*Bankruptcy Co-Counsel to the Connecticut
Plaintiffs*

THE FOREGOING STIPULATION IS SO ORDERED:

Signed: February 14, 2023

Christopher Lopez
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

In re:                                                          Case No. 22-60043-cml

Free Speech Systems LLC                                         Chapter 11

Official Committee of Unsecured Creditor
   Debtors

# CERTIFICATE OF NOTICE

District/off: 0541-4                    User: ADIuser                    Page 1 of 5
Date Rcvd: Feb 14, 2023                 Form ID: pdf002                  Total Noticed: 17

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 16, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Free Speech Systems LLC, 3019 Alvin Devane Blvd. STE 300, Austin, TX 78741-7417 |
| aty | | Kyung Shik Lee, Shannon & Lee LLP, Pennzoil Place-Suite 1300, HOUSTON, TX 77027, UNITED STATES |
| aty | + | Shannon & Lee LLP, 700 Milam Street, STE 1300, Houston, TX 77002-2736 |
| intp | + | Alex E Jones, c/o Jordan & Ortiz PC, 500 N Shoreline Blvd, Ste 900, Corpus Christi, TX 78401-0658 |
| cr | + | David Wheeler, et al., c/o Cain & Skarnulis PLLC, 303 Colorado Street, Suite 2850, Austin, TX 78701-4653 |
| cr | #+ | Leonard Pozner, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| cr | #+ | Marcel Fontaine, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin, Suite 2700 Houston, TX 77002-6774 |
| cr | #+ | Neil Heslin, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| crcm | + | Official Committee of Unsecured Creditors of Alexa, c/o Marty L. Brimmage, Jr., Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, TX 75201-4675 |
| cr | + | Reeves Law, PLLC, 702 Rio Grande St., Ste. 203, Austin, TX 78701-2720 |
| cr | #+ | Scarlett Lewis, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| cr | + | Security Bank of Crawford, P.O. BOx 90, Crawford, Tx 76638-0090 |
| cr | + | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |
| cr | #+ | Veronique De La Rosa, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |

TOTAL: 14

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | Feb 14 2023 20:20:52 | Ally Bank, c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| cr | + | Email/Text: lemaster@slollp.com | Feb 14 2023 20:15:00 | PQPR Holdings Limited, LLC, c/o Streusand Landon Ozburn & Lemmon LLP, attn: Stephen Lemmon, 1801 S. Mopac Expressway, Suite 320, Austin, TX 78746-9817 |
| cr | ^ | MEBN | Feb 14 2023 20:11:16 | Texas Comptroller of Public Accounts, Revenue Acco, Christopher J. Dylla, P.O. Box 12548, Austin, TX 78711-2548 |

TOTAL: 3

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| aty | | Akin Gump Strauss Hauer & Feld LLP |
| cr | | ADP TotalSource, Inc. |
| intp | | David Ross Jones |

| | |
|---|---|
| op | Marc Schwartz |
| op | Marc Schwartz |
| op | Schwartz Associates, LLC |
| op | Schwartz and Associates, LLC |
| intp | Shelby A Jordan |
| intp | Sweetwater Holdings Group, Inc. |
| op | W. Marc Schwartz |

TOTAL: 10 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 16, 2023                          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 14, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Avi Moshenberg | on behalf of Plaintiff Marcel Fontaine avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Neil Heslin avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Scarlett Lewis avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Plaintiff Neil Heslin avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Plaintiff Scarlett Lewis avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Plaintiff Leonard Pozner avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Leonard Pozner avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Marcel Fontaine avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Plaintiff Veronique De La Rosa avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Veronique De La Rosa avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Bradley J. Reeves | on behalf of Creditor Reeves Law  PLLC bradley.reeves@pillsburylaw.com |
| Christina Walton Stephenson | on behalf of Debtor Free Speech Systems LLC Crissie.Stephenson@crowedunlevy.com elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com |
| Christina Walton Stephenson | on behalf of Interested Party Alex E Jones Crissie.Stephenson@crowedunlevy.com elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com |

District/off: 0541-4       User: ADIuser       Page 3 of 5
Date Rcvd: Feb 14, 2023       Form ID: pdf002       Total Noticed: 17

Christopher Dylla

on behalf of Creditor Texas Comptroller of Public Accounts  Revenue Accounting Division bk-cdylla@oag.texas.gov, Sherri.Simpson@oag.texas.gov

Elizabeth Carol Freeman

on behalf of Trustee Melissa A Haselden liz@lizfreemanlaw.com kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net

Federico Andino Reynal

on behalf of Defendant Alex E. Jones areynal@frlaw.us

Federico Andino Reynal

on behalf of Defendant AEJ HOLDINGS  LLC areynal@frlaw.us

Federico Andino Reynal

on behalf of Defendant AEJ TRUST 2018 areynal@frlaw.us

Federico Andino Reynal

on behalf of Defendant Free Speech Systems  LLC areynal@frlaw.us

Ha Minh Nguyen

on behalf of U.S. Trustee US Trustee ha.nguyen@usdoj.gov

Jarrod B. Martin

on behalf of Creditor Marcel Fontaine jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin

on behalf of Plaintiff Veronique De La Rosa jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin

on behalf of Creditor Scarlett Lewis jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin

on behalf of Plaintiff Neil Heslin jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin

on behalf of Creditor Neil Heslin jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin

on behalf of Plaintiff Leonard Pozner jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin

on behalf of Plaintiff Scarlett Lewis jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin

on behalf of Creditor Leonard Pozner jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin

on behalf of Plaintiff Marcel Fontaine jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin

on behalf of Creditor Veronique De La Rosa jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jason Starks

on behalf of Creditor Travis County bkecf@traviscountytx.gov

Jayson B. Ruff

on behalf of U.S. Trustee US Trustee jayson.b.ruff@usdoj.gov

Jennifer Jaye Hardy

on behalf of Creditor Leonard Pozner jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Creditor Marcel Fontaine jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Creditor Scarlett Lewis jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Creditor Neil Heslin jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy

on behalf of Creditor Veronique De La Rosa jhardy2@willkie.com  mao@willkie.com

District/off: 0541-4
Date Rcvd: Feb 14, 2023

User: ADIuser
Form ID: pdf002

Page 4 of 5
Total Noticed: 17

John D Malone
on behalf of Creditor Security Bank of Crawford myra@johnmalonepc.com  myra@johnmalonepc.com

Joseph S.U. Bodoff
on behalf of Creditor ADP TotalSource  Inc. jbodoff@rubinrudman.com

Kyung Shik Lee
on behalf of Debtor Free Speech Systems LLC kslee50@gmail.com  Courtnotices@kasowitz.com

Kyung Shik Lee
on behalf of Attorney Kyung Shik Lee kslee50@gmail.com  Courtnotices@kasowitz.com

Marty L Brimmage
on behalf of Creditor Scarlett Lewis mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Marty L Brimmage
on behalf of Creditor Veronique De La Rosa mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Marty L Brimmage
on behalf of Creditor Neil Heslin mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Marty L Brimmage
on behalf of Creditor Marcel Fontaine mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Marty L Brimmage
on behalf of Creditor David Wheeler  et al. mbrimmage@akingump.com,
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Marty L Brimmage
on behalf of Creditor Leonard Pozner mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Marty L Brimmage
on behalf of Creditor Committee Official Committee of Unsecured Creditors of Alexander E. Jones mbrimmage@akingump.com
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Melissa A Haselden
mhaselden@haseldenfarrow.com
haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com

Melissa Anne Haselden
on behalf of Trustee Melissa A Haselden mhaselden@haseldenfarrow.com
haseldenbankruptcy@gmail.com,haselden.melissaa.r104367@notify.bestcase.com

Michael P Ridulfo
on behalf of Other Prof. W. Marc Schwartz mridulfo@krcl.com  rcoles@krcl.com

Michael P Ridulfo
on behalf of Other Prof. Schwartz Associates  LLC mridulfo@krcl.com, rcoles@krcl.com

Michael P Ridulfo
on behalf of Other Prof. Schwartz and Associates  LLC mridulfo@krcl.com, rcoles@krcl.com

Michael P Ridulfo
on behalf of Other Prof. Marc Schwartz mridulfo@krcl.com  rcoles@krcl.com

R. J. Shannon
on behalf of Debtor Free Speech Systems LLC rshannon@shannonpllc.com
rshannon@shannonleellp.com;7044075420@filings.docketbird.com

R. J. Shannon
on behalf of Attorney Shannon & Lee LLP rshannon@shannonpllc.com
rshannon@shannonleellp.com;7044075420@filings.docketbird.com

Raymond William Battaglia
on behalf of Interested Party Alex E Jones rbattaglialaw@outlook.com  rwbresolve@gmail.com

Raymond William Battaglia
on behalf of Debtor Free Speech Systems LLC rbattaglialaw@outlook.com  rwbresolve@gmail.com

Richard A. Cochrane
on behalf of Creditor Marcel Fontaine rcochrane@akingump.com  jlangmack@akingump.com

Richard A. Cochrane
on behalf of Creditor Leonard Pozner rcochrane@akingump.com  jlangmack@akingump.com

Richard A. Cochrane
on behalf of Creditor Veronique De La Rosa rcochrane@akingump.com  jlangmack@akingump.com

District/off: 0541-4       User: ADIuser       Page 5 of 5
Date Rcvd: Feb 14, 2023       Form ID: pdf002       Total Noticed: 17

Richard A. Cochrane

on behalf of Creditor Scarlett Lewis rcochrane@akingump.com  jlangmack@akingump.com

Richard A. Cochrane

on behalf of Creditor David Wheeler  et al. rcochrane@akingump.com, jlangmack@akingump.com

Richard A. Cochrane

on behalf of Creditor Neil Heslin rcochrane@akingump.com  jlangmack@akingump.com

Ryan E Chapple

on behalf of Creditor David Wheeler  et al. rchapple@cstrial.com, aprentice@cstrial.com

Shelby A Jordan

on behalf of Interested Party Alex E Jones cmadden@jhwclaw.com

Shelby A Jordan

on behalf of Interested Party Shelby A Jordan cmadden@jhwclaw.com

Stephen A Roberts

on behalf of Interested Party David Ross Jones sroberts@srobertslawfirm.com  1222805420@filings.docketbird.com

Stephen Wayne Lemmon

on behalf of Creditor PQPR Holdings Limited  LLC lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon

on behalf of Defendant PLJR HOLDINGS LIMITED  LLC lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon

on behalf of Defendant PLJR HOLDINGS  LLC lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon

on behalf of Defendant PQPR HOLDINGS LIMITED  LLC lemmon@slollp.com, mates@slollp.com

US Trustee

USTPRegion07.HU.ECF@USDOJ.GOV

Vickie L Driver

on behalf of Interested Party Alex E Jones Vickie.Driver@crowedunlevy.com
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Walter J Cicack

on behalf of Interested Party Sweetwater Holdings Group  Inc. wcicack@hcgllp.com, mallen@hcgllp.com


TOTAL: 75