IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-60043 |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | CHAPTER 11 (Subchapter V) |
| | § | |
| DEBTOR. | § | |

**UNITED STATES TRUSTEE'S RESPONSE IN SUPPORT OF JOINT MOTION OF THE CONNECTICUT PLAINTIFFS AND THE TEXAS PLAINTIFFS TO REVOKE THE DEBTOR'S SUBCHAPTER V ELECTION**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), hereby submits his response (the "Response") to the Joint Motion of the Connecticut Plaintiffs and the Texas Plaintiffs to Revoke the Debtor's Subchapter V Election (the "Motion"). *See* DC. No. 468. In support of the Motion, the U.S. Trustee states the following:

1. The Connecticut Plaintiffs and the Texas Plaintiffs (collectively referred to as the "Sandy Hook Plaintiffs") raised an issue of first impression in the Motion concerning the eligibility of Free Speech Systems, LLC ("FSS") to proceed under subchapter V of the Bankruptcy Code. The U.S. Trustee files this Response to address the issue of whether, under Section 1182(1)(B)(i) of the Bankruptcy Code, the subsequent bankruptcy filing of an affiliate with more than $7.5 million in noncontingent liquidated debts disqualifies a debtor from continuing under subchapter V. The U.S. Trustee is not aware of case law addressing this issue but based on the principles of statutory construction and the plain language of Section 1182 answers in the affirmative.

2. Section 1182 of the Bankruptcy Code provides as follows:

> In this subchapter:
> (1) DEBTOR.—The term "debtor"—

1

> (A) subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) that has aggregate noncontingent liquidated secured and unsecured debts *as of the date of the filing of the petition* or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor; and
>
> (B) does not include—
> (i) any member of a group of affiliated debtors under this title that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders);
> (ii) any debtor that is a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m, 78o(d)); or
> (iii) any debtor that is an affiliate of a corporation described in clause (ii).

11 U.S.C. § 1182 (emphasis added).

3. The Supreme Court in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240-41 (1989), has held that "as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." "[W]here . . . the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *Id*. at 241 (quoting *Casinett v. United States*, 242 U.S. 470, 485 (1917)).

4. The plain language of Section 1182 is coherent and consistent that the term "debtor" under subchapter V excludes "any member of a group of affiliated debtors under this title that has aggregated noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders)." 11 U.S.C. § 1182(1)(B)(i). Congress did not include the temporal restriction, "as of the date of the filing of the petition," contained in Section 1182(1)(A) concerning the *debtor's* debts when it drafted Section 1182(1)(B)(i) concerning a *group of affiliated debtors'* debts. "Where Congress includes particular

language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (quotation and citation omitted).

5.  Alex Jones ("Mr. Jones") filed an individual chapter 11 petition on December 2, 2022, with approximately $1.4 billion of noncontingent liquidated debts. Under Section 101(2)(A) of the Bankruptcy Code, Mr. Jones, as the owner of the 100% membership interest in FSS, is an affiliate debtor of FSS. Section 1182(1)(A) precludes Mr. Jones from electing to file under subchapter V, because he had liabilities exceeding $7,500,000 as of the date of the filing of his petition. Based on its plain language, Section 1182(1)(B)(i) further precludes FSS from proceeding under subchapter V because Mr. Jones is an affiliate debtor whose debts aggregate with FSS's debts to an amount exceeding $7,500,000.[1] As such, FSS cannot meet the definition of "debtor" in Section 1182 and therefore is not eligible for relief under subchapter V of Chapter 11.

6.  Lastly, the Sandy Hook Plaintiffs also request that, if the Court grants the Motion and FSS's case is converted to chapter 11, the subchapter V trustee be appointed as an examiner with substantially the same responsibilities as her current mandate. *See* Mot. ¶ 45. This request is premature. While the U.S. Trustee recognizes the significant work of the subchapter V trustee in this case, should the Court revoke the election, the Sandy Hook Plaintiffs may file a separate motion demonstrating the requisite cause under Section 1104 for the appointment of an examiner. Should the Court direct the appointment of an examiner after revoking FSS' subchapter V election, the U.S. Trustee will, pursuant to Section 1104(d), consult with all parties in interest in selecting

---

[1] Although it did not concern a later filing affiliate, the bankruptcy court in *In re 305 Petroleum, Inc.*, 622 B.R. 209 (Bankr. N.D. Miss. 2020) did interpret Section 1182(1)(B)(i) to include the debt of a single asset real estate debtor that was not eligible to file under subchapter V with the debts of three other affiliated debtors for the purposes of their eligibility to be small business debtors.

the appropriate examiner for that case. The U.S. Trustee conferred with the Sandy Hook Plaintiffs who have agreed this would be the appropriate process for seeking an examiner.

**WHEREFORE**, the U.S. Trustee supports the Sandy Hook Plaintiffs' request to revoke the subchapter V designation for FSS. The U.S. Trustee further respectfully requests that the Court deny without prejudice the Sandy Hook Plaintiffs' request for appointment of an examiner unless and until the case is converted to chapter 11 and a motion under Section 1104 of the Code is granted by the Court.

RESPECTFULLY SUBMITTED:
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

DATED: 3/8/23

/s/ Ha M. Nguyen
Ha Nguyen, Trial Attorney
CA Bar #305411
FED ID NO. 3623593
United States Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002
E-mail: Ha.Nguyen@usdoj.gov
Cell: 202-590-7962

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in this bankruptcy case, on the 8th day of March, 2023.

/s/ Ha M. Nguyen
Ha M. Nguyen