# Exhibit 8



D-1-GN-18-001835

NEIL HESLIN and § IN DISTRICT COURT OF
SCARLETT LEWIS §
§
VS. § TRAVIS COUNTY, TEXAS
§
ALEX E. JONES and §
FREE SPEECH SYSTEMS, LLC § 261ST DISTRICT COURT

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. In the case of an emergency, others may contact you through my Judicial Executive Assistant at the number previously provided.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the Judicial Executive Assistant when you leave the Courthouse. We will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, we will collect your notes; when you are released from jury duty, we will promptly destroy your notes so nobody can read what you wrote.

Alternate jurors serve a valuable purpose. Without them, much time and money would be spent in the re-trial of cases. Thank you to my alternate jurors. You will be released from your oath and are free to go about your business, including observing the remainder of the trial if you would like.

**Here are the instructions for answering the questions:**

1. Do not let bias, prejudice, or sympathy play any part in your decision.

Heslin & Lewis v. Jones & Free Speech Systems, LLC FINAL Charge                     Page 1 of 11

Everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes that we may not be aware of but that can affect what we see and hear, how we remember what we see and hear, and how we make decisions. Because you are making important decisions as the jurors in this case, you must evaluate the evidence carefully, and you must not jump to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. Techniques to identify and check one's implicit biases include: slowing down and examining your thought processes thoroughly to identify where you may be relying on reflexive, gut reactions or making assumptions that have no basis in the evidence; asking yourself whether you would view the evidence differently if the players were reversed or other types of people were involved; and listening carefully to the opinions of your fellow jurors, each of whom brings a different, valid perspective to the table. Our system of justice is counting on you to render a just verdict based on the evidence, not on biases.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

    The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

10. The answers to the questions must be based on the decision of at least ten of the twelve jurors. The same ten jurors must agree on every answer. Do not agree to be bound by a vote of anything less than ten jurors, even if it would be a majority.

11. A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

12. You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider their relationship to the party; their interest, if any, in the outcome of the case; their demeanor or manner of testifying; their opportunity to observe or acquire knowledge concerning the facts about which they have testified; their candor, fairness, and intelligence; and the extent to which they have been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and it would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## CAUSE OF ACTION NO. 1 – Defamation Committed Against Neil Heslin

You are instructed that Defendants Alex Jones and Free Speech Systems, LLC committed defamation against Neil Heslin.

You are further instructed that Defendants Alex Jones and Free Speech Systems, LLC published statements that were false and defamatory concerning Neil Heslin on June 26, 2017 and July 20, 2017.

> "Publish" means intentionally or negligently to communicate the matter to a person other than Neil Heslin who is capable of understanding its meaning.
>
> "False" means that a statement is not literally true or not substantially true. A statement is not "substantially true" if, in the mind of the average person, the gist of the statement is more damaging to the person affected by it than a literally true statement would have been.
>
> "Defamatory" means an ordinary person would interpret the statement in a way that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue, or reputation.

You are further instructed that Defendants Alex Jones and Free Speech Systems, LLC knew or should have known, in the exercise of ordinary care, that the statements published on June 26, 2017 and July 20, 2017 were false and had the potential to be defamatory.

> "Ordinary care" concerning the truth of the statement and its potential to be defamatory means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

You are further instructed that at the time Defendants Alex Jones and Free Speech Systems, LLC published the statements on June 26, 2017 and July 20, 2017, Defendants knew the statements were false as it related to Neil Heslin, or that Defendants published the statements with a high degree of awareness that they were probably false, to an extent that Defendants in fact had serious doubts as to the truth of the statements.

Under Texas law, Defendants are responsible for all damages proximately caused by their actions which were reasonably foreseeable; including damages, if any, caused by participating in this litigation.

**QUESTION NO. 1**

What sum of money, if paid now in cash, would fairly and reasonably compensate Neil Heslin for his damages, if any, that were proximately caused by Defendants' defamatory publications on June 26, 2017 and July 20, 2017?

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Neil Heslin.

Do not include any amount for any condition existing before the defamatory publications, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the defamatory publications.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for the damages listed below, if any.

a.  Injury to reputation that Neil Heslin sustained in the past.

    Answer: $50,000

b.  Injury to reputation that, in reasonable probability, Neil Heslin will sustain in the future.

    Answer: $10,000

c.  Mental anguish that Neil Heslin sustained in the past.

    Answer: $50,000

d.  Mental anguish that, in reasonable probability, Neil Heslin will sustain in the future.

    Answer: $0

### CAUSE OF ACTION NO. 2 – Intentional Infliction of Emotional Distress
### Committed Against Neil Heslin and Scarlett Lewis

You are instructed that Defendants Alex Jones and Free Speech Systems, LLC committed intentional infliction of emotional distress against Neil Heslin and Scarlett Lewis in a continuing course of conduct from 2013 to 2018.

> "Intentional infliction of emotional distress" means the defendant acts intentionally or recklessly with extreme and outrageous conduct to cause the plaintiff emotional distress and the emotional distress suffered by plaintiff was severe.

> "Extreme and outrageous conduct" means the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

Under Texas law, Defendants are responsible for all damages proximately caused by their actions which were reasonably foreseeable; including damages, if any, caused by participating in this litigation.

**QUESTION NO. 2**

What sum of money, if paid now in cash, would fairly and reasonably compensate Neil Heslin for his damages, if any, that were proximately caused by Defendants' intentional infliction of emotional distress from 2013 to 2018?

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Neil Heslin.

Do not include any amount for any condition existing before the extreme and outrageous conduct, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the extreme and outrageous conduct.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for each person for the damages listed below, if any.

a. Mental anguish that Neil Heslin sustained in the past.

   Answer: $1,500,000

b. Mental anguish that, in reasonable probability, Neil Heslin will sustain in the future.

   Answer: $500,000

**QUESTION NO. 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Scarlett Lewis for her damages, if any, that were proximately caused by Defendants' intentional infliction of emotional distress from 2013 to 2018?

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Scarlett Lewis.

Do not include any amount for any condition existing before the extreme and outrageous conduct, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the extreme and outrageous conduct.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for each person for the damages listed below, if any.

a.  Mental anguish that Scarlett Lewis sustained in the past.

    Answer: $1,500,000

b.  Mental anguish that, in reasonable probability, Scarlett Lewis will sustain in the future.

    Answer: $500,000

Presiding Juror:

When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

The presiding juror has these duties:

- a. have the complete charge read aloud if it will be helpful to your deliberations;
- b. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;
- c. give written questions or comments to the Judicial Executive Assistant who will give them to the judge;
- d. write down the answers on which you agree;
- e. get the signatures for a verdict certificate; and
- f. Notify the Judicial Executive Assistant that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

Heslin & Lewis v. Jones & Free Speech Systems, LLC FINAL Charge        Page 9 of 11

## Instructions for Signing the Verdict Certificate:

1. Unless otherwise instructed, you may answer the questions on a vote of ten jurors. The same ten jurors must agree on every answer in the charge. This means you may not have one group of ten jurors agree on one answer and a different group of ten jurors agree on another answer.

2. If ten jurors agree on every answer, those ten jurors sign the verdict. If eleven jurors agree on every answer, those eleven jurors sign the verdict. If all twelve of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3. All jurors should deliberate on every question. You may end up with all twelve of you agreeing on some answers, while only ten or eleven of you agree on other answers. But when you sign the verdict, only those ten who agree on every answer will sign the verdict.

*Maya Guerra Gamble, Judge Presiding*

Submitted on: _____

Returned on: _____

## Verdict Certificate

Check one:

\_\_\_\_\_ Our verdict is unanimous. All twelve of us have agreed to each and every answer. The presiding juror has signed the certificate for all twelve of us.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
Signature of Presiding Juror     Printed Name of Presiding Juror

\_\_\_\_\_ Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

✓ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.



| | SIGNATURE | NAME PRINTED |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |