# Exhibit 9

**ORIGINAL**

D-1-GN-18-001835

| | | |
|---|---|---|
| NEIL HESLIN and<br>SCARLETT LEWIS | §<br>§<br>§ | IN DISTRICT COURT OF |
| VS. | §<br>§ | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES and<br>FREE SPEECH SYSTEMS, LLC | §<br>§ | 261ST DISTRICT COURT |

Filed In The District Court
of Travis County, Texas

AUG 0 5 2022  JG

**CHARGE OF THE COURT**

MEMBERS OF THE JURY:

At _12:26_ P M.
Velva L. Price, District Clerk

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. In the case of an emergency, others may contact you through my Judicial Executive Assistant at the number previously provided.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the Judicial Executive Assistant when you leave the Courthouse. We will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, we will collect your notes; when you are released from jury duty, we will promptly destroy your notes so nobody can read what you wrote.

**Here are the instructions for answering the questions:**

1. Do not let bias, prejudice, or sympathy play any part in your decision.

   Everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes that we may not be aware of but that can affect what we see and hear, how we remember what we see and hear, and how we make decisions. Because you are making important decisions as the jurors in this case, you must evaluate the evidence carefully, and you must not jump to conclusions based on personal likes or dislikes, generalizations about

feelings, prejudices, sympathies, stereotypes, or biases. Techniques to identify and check one's implicit biases include: slowing down and examining your thought processes thoroughly to identify where you may be relying on reflexive, gut reactions or making assumptions that have no basis in the evidence; asking yourself whether you would view the evidence differently if the players were reversed or other types of people were involved; and listening carefully to the opinions of your fellow jurors, each of whom brings a different, valid perspective to the table. Our system of justice is counting on you to render a just verdict based on the evidence, not on biases.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

   The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

10. The answers to the questions must be based on the decision of all twelve jurors.

11. A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

12. You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider their relationship to the party; their interest, if any, in the outcome of the case; their demeanor or manner of testifying; their opportunity to observe or acquire knowledge concerning the facts about which they have testified; their candor, fairness, and intelligence; and the extent to which they have been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and it would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## CAUSE OF ACTION NO. 1 – Defamation Committed Against Neil Heslin

You are instructed that Defendants Alex Jones and Free Speech Systems, LLC committed defamation against Neil Heslin.

You are further instructed that Defendants Alex Jones and Free Speech Systems, LLC published statements that were false and defamatory concerning Neil Heslin on June 26, 2017 and July 20, 2017.

> "Publish" means intentionally or negligently to communicate the matter to a person other than Neil Heslin who is capable of understanding its meaning.

> "False" means that a statement is not literally true or not substantially true. A statement is not "substantially true" if, in the mind of the average person, the gist of the statement is more damaging to the person affected by it than a literally true statement would have been.

> "Defamatory" means an ordinary person would interpret the statement in a way that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue, or reputation.

You are further instructed that Defendants Alex Jones and Free Speech Systems, LLC knew or should have known, in the exercise of ordinary care, that the statements published on June 26, 2017 and July 20, 2017 were false and had the potential to be defamatory.

> "Ordinary care" concerning the truth of the statement and its potential to be defamatory means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

You are further instructed that at the time Defendants Alex Jones and Free Speech Systems, LLC published the statements on June 26, 2017 and July 20, 2017, Defendants knew the statements were false as it related to Neil Heslin, or that Defendants published the statements with a high degree of awareness that they were probably false, to an extent that Defendants in fact had serious doubts as to the truth of the statements.

## QUESTION NO. 1

What sum of money, if any, should be assessed against Defendants and awarded to Neil Heslin as exemplary damages for the conduct related to Defendants' defamatory publications on June 26, 2017 and July 20, 2017?

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

> "Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any, are:

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of the wrongdoer.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of Defendants.

Answer in dollars and cents, if any.

$ __4,200,000.00 ($4.2M)__

### CAUSE OF ACTION NO. 2 – Intentional Infliction of Emotional Distress
### Committed Against Neil Heslin and Scarlett Lewis

You are instructed that Defendants Alex Jones and Free Speech Systems, LLC committed intentional infliction of emotional distress against Neil Heslin and Scarlett Lewis in a continuing course of conduct from 2013 to 2018.

> "Intentional infliction of emotional distress" means the defendant acts intentionally or recklessly with extreme and outrageous conduct to cause the plaintiff emotional distress and the emotional distress suffered by plaintiff was severe.

> "Extreme and outrageous conduct" means the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

**QUESTION NO. 2**

What sum of money, if any, should be assessed against Defendants and awarded to Neil Heslin as exemplary damages for the conduct related to Defendants' intentional infliction of emotional distress from 2013 to 2018?

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

> "Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any, are:

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of the wrongdoer.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of Defendants.

Answer in dollars and cents, if any.

$ _20,500,000.00 ($20.5M)_

## QUESTION NO. 3

What sum of money, if any, should be assessed against Defendants and awarded to Scarlett Lewis as exemplary damages for the conduct related to Defendants' intentional infliction of emotional distress from 2013 to 2018?

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

> "Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any, are:

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of the wrongdoer.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of Defendants.

Answer in dollars and cents, if any.

$ _20,500,000.00 ($20.5M)_

Presiding Juror:

When you go into the jury room to answer the questions, remember that the presiding juror has these duties:

1. have the complete charge read aloud if it will be helpful to your deliberations;

2. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

3. give written questions or comments to the Judicial Executive Assistant who will give them to the judge;

4. write down the answers on which you agree;

5. get the signatures for a verdict certificate; and

6. Notify the Judicial Executive Assistant that you have reached a verdict.

**Instructions for Signing the Verdict Certificate:**

MEMBERS OF THE JURY:

In discharging your responsibility on this jury, you will observe all the instructions that have been previously given you.

_____
Maya Guerra Gamble, Judge Presiding


Submitted on: _____


Returned on: _____

## Verdict Certificate

I certify that the jury was unanimous in answering the preceding questions. All twelve of us agreed to each of the answers. The presiding juror has signed the certificate for all twelve of us.


_____
Signature of Presiding Juror


_____
Printed Name of Presiding Juror