# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| . | § | Case No. 22-60043 (CML) |
| | § | |
| Debtor. | § | Jointly Administered |

## NOTICE OF RULE 2004 SUBPOENA DUCES TECUM

TO:  Alex Jones, by and through his counsel of record, Vickie L. Driver, Crowe & Dunlevy, P.C., 2525 McKinnon St., Suite 425, Dallas, Texas 75201, and Shelby A. Jordan, Jordan & Ortiz, P.C. 500 North Shoreline Blvd., Suite 900, Corpus Christi, Texas 78401.

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Bankruptcy Local Rules of the Southern District of Texas, Melissa Haselden ("Subchapter V Trustee") hereby serves the attached Rule 2004 Request upon Alex Jones ("Jones") and requests production of the documents listed in **Exhibit A** attached hereto.

Jones must produce the requested documents listed on the Subpoena Duces Tecum attached hereto as **Exhibit A** to the undersigned counsel at the offices of Jackson Walker LLP, 100 Congress Ave. Suite 1100, Austin, Texas 78701 within fourteen (14) days of service of this Notice. Alternatively to physical production, Jones may produce the requested documents electronically via ShareFile.

Houston, Texas
March 13, 2023

*/s/ Elizabeth C. Freeman*
**LAW OFFICE OF LIZ FREEMAN**
Elizabeth C. Freeman (TX Bar No. 2400922)
PO Box 61209
Houston, TX 77208-1209
Telephone: (832) 779-3580

Email: liz@lizfreemanlaw.com

*Counsel for Melissa Haselden,*
*Subchapter V Trustee*

**JACKSON WALKER LLP**
Sean Gallagher (TX Bar No. 24101781)
Emily Meraia (TX Bar No. 24129307)
100 Congress Avenue, Suite 1100
Austin, TX 78701
Telephone: 512-236-2000
Email: sgallagher@jw.com
Email: emeraia@jw.com

*Counsel for Melissa Haselden,*
*Subchapter V Trustee*

## **CERTIFICATE OF SERVICE**

I certify that on March 13, 2023 a true and correct copy of the above and foregoing was served via CM/ECF to all parties registered to receive electronic notice.

*/s/ Elizabeth Freeman*
Elizabeth Freeman

## **CERTIFICATE OF CONFERENCE**

I certify that on March 13, 2023, I conferred with counsel for Jones regarding this Notice of Rule 2004 Subpoena Duces Tecum.

*/s/ Elizabeth Freeman*
Elizabeth Freeman

## **DEFINITIONS**

All definitions apply throughout without regard to capitalization. Terms are defined as follows:

1. The term "1776coin" shall refer to the business associated with the website www.1776coin.com.

2. The term "Alex-Jones-Live" shall refer to the business associate with the website https://alexjones.live.

3. The terms "and" and "or" are to be read and applied inclusively to have the broadest reasonable meaning.

4. The terms "any" or "all" are synonymous and are to be read and applied inclusively to have the broadest reasonable meaning.

5. "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written.

6. "Communication" shall mean and include, without limitation, any documents, telephone conversations, discussions, facsimiles, e-mails, meetings, memorandum and any other medium through which any information is conveyed.

7. The terms "concerning," "regarding," "relating to," "referring to," and "arising out of" are to be understood in their broadest sense and each means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, consisting of, dealing with, comprising, or in any way pertaining to the subject matter identified, in whole or in part.

8. The term "cryptocurrency" means any digital currency.

9. The term "cryptocurrency wallet" means any software or hardware that stores and uses cryptocurrency.

10. The terms "document," "documents," "record," or "records" have the broadest meaning that can be ascribed to them, including, without limitation, all final forms and all drafts and revisions of any type of written or graphic matter, original or reproduced, and all copies thereof which are different in any way from the original, regardless of whether designated "confidential," "privileged," or otherwise restricted. Without limiting the foregoing, the term "document" includes video tapes, films, audio tapes, electronic mail, computer disks, compact disks, books, papers, letters, telegrams, memoranda, communications, minutes, notes, schedules, tabulations, vouchers, accounts, statements, affidavits, reports, abstracts, agreements, contracts, diaries, calendars, plans, specifications, drawings, sketches, photographs, charts, graphs and other similar objects, summaries or records of telephone conversations, and any kind of transcript, transcription or recording of any conversation, discussion or oral presentation of any kind, and any information

stored on and reproducible in documentary form from a computer or other electronic information storage device.

11. The term "Gift" refers to any transfer to a Person, either directly or indirectly, where full consideration (measured in money or money's worth) is not received in return.

12. The term "FSS" refers to Free Speech Systems, LLC.

13. The term "Jones" shall mean Alex Jones.

14. The term "Mountain Way" means Mountain Way Marketing LLC and/or FSS employee John Haarmann.

15. The term "Patriot Collectibles" refers to the business associated with the website https://www.patriotcollectibles.com, which appears to include 1776coin.

16. The term "PQPR" refers to PQPR Holdings Limited, LLC.

17. The term "Promissory Notes" refers to the agreements between PQPR and FSS on August 13, 2020 and November 10, 2021.

18. The terms "Person" and "Persons" mean any and all natural persons, male or female, and all types and kinds of businesses or other entities, including, but not limited to, corporations, partnerships, joint ventures, sole proprietorships, and governmental agencies (state or federal) or their employees.

19. The term "wallet ID" shall mean the unique string of 36 letters, numbers, and dashes generated for each cryptocurrency wallet.

20. The terms "you" and "your" shall mean Jones, any Persons acting on Jones's behalf or under Jones's control, and Jones's respective advisors, attorneys, agents, directors, employees, members, partners, representatives, and staff.

21. The use of the singular form of any word includes the plural and vice versa.

22. The past tense shall include the present tense and vice versa.

## **INSTRUCTIONS**

1. In responding to these requests, furnish all information that is available to Jones regardless of whether the records are possessed directly by Jones or Jones's agents, attorneys, employees, representatives, superiors, or investigators.

2. If any records cannot be produced in full, Jones should produce to the extent possible, specifying Jones's reason(s) for his inability to produce the records in full and stating whatever information, knowledge, or beliefs Jones has concerning the unproduced portion.

3. For a record that no longer exists or cannot be located, identify the record, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each Person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each record that cannot be located.

4. If any record, or any part of a record, called for herein has been destroyed, discarded, lost, or otherwise disposed of or placed beyond Jones's custody or control, then it shall furnish a list setting forth as to each such record (a) the paragraph(s) of this request which call for the production of the record; (b) the type of record (e.g., statement of account, email); (c) the identity of the author(s) or prepare(s) of the record; (d) the identity of the addressee(s) and of every other Person who received, read, viewed, or has had access to the record; (e) the date of the record; (f) the subject matter(s) of the record and title, if any, of the record; (g) the date of destruction or other disposition of the record; (h) the reason(s) for destruction or other disposition; (i) the Person authorizing destruction or other disposition; and (j) the Person(s) destroying or disposing of the record.

5. If after producing the records, Jones obtains or become aware of any further records that are responsive to the requests for production, Jones must timely produce such additional records.

6. If Jones, after investigation, determines that it has no records that are responsive to a Request, Jones's statement that it has no such records constitutes a representation that it has conducted a search for the records and represents that it has no records that are responsive.

7. To the extent that Jones has previously produced in this case a record responsive to the requests contained herein, it need not produce such record again in connection with these requests.

8. To the extent that any of the following requests for production may call for what Jones believes to be information subject to a claim of privilege, answer so much of each Request for Production and each part thereof as does not request, in Jones's view, privileged information and set forth, in writing in a privilege log, with particularity, the basis for Jones's claim of privilege with respect to the information it withholds, including the sender and recipient of the information and the date the information was created ("<u>Privilege Log</u>"), and provide a copy of the Privilege Log contemporaneously with Jones's production of the records requested in the Requests for Production.

9. The scope, definitions, and instructions applicable to these discovery requests are coextensive with the applicable sections of the Federal Rules of Civil Procedure, and each discovery request requires the production of documents and information to the fullest extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

10. You are requested to serve copies of all responsive documents with your response pursuant to Federal Rule of Civil Procedure 34. However, if responsive documents are voluminous, produce the responsive documents for inspection at the office of Jackson Walker LLP, 100 Congress Ave. Suite 1100, Austin, Texas 78701. You may also produce documents electronically to proposed counsel to the Subchapter V Trustee via email to **liz@lizfreemanlaw.com** and **sgallagher@jw.com**.

11. In producing documents, please produce them in their original form. Documents shall be produced in the same sequence as they are contained or found in their original file folder.

## EXHIBIT A

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:** All bank statements for any accounts to which Jones is an authorized signatory from 2016 to present.

**REQUEST FOR PRODUCTION NO. 2:** All tax returns for Jones from 2016 to present.

**REQUEST FOR PRODUCTION NO. 3:** Documents sufficient to show all of Jones's draws, salary, or compensation in any form from FSS.

**REQUEST FOR PRODUCTION NO. 4:** All documents reflecting any other money or property Jones received from FSS, such as a car allowance, payment of personal obligations, etc.

**REQUEST FOR PRODUCTION NO. 5:** All communications between Jones and FSS related to Jones's compensation, benefits, and/or other money received by Jones from FSS.

**REQUEST FOR PRODUCTION NO. 6:** Documents sufficient to show all cryptocurrency transactions to or from Jones for each of Jones's cryptocurrency wallets from January 2016 through the present.

**REQUEST FOR PRODUCTION NO. 7:** The wallet address or public key of each cryptocurrency wallet owned or controlled by Jones.

**REQUEST FOR PRODUCTION NO. 8:** Documents reflecting the transfer of the proceeds from the liquidation of the contents of the cryptocurrency wallet.

**REQUEST FOR PRODUCTION NO. 9:** Documents reflecting the use of the proceeds from the liquidation of the contents of the cryptocurrency wallet.

**REQUEST FOR PRODUCTION NO. 10:** All communications from or to Jones, on the one hand, and any representative or employee at PQPR, on the other hand, from January 2016 through the present regarding PQPR and FSS business relationship.

**REQUEST FOR PRODUCTION NO. 11:** All communications between from or to Jones regarding the Promissory Notes.

**REQUEST FOR PRODUCTION NO. 12:** All communications from or to Jones related to profit distributions by PQPR or FSS from January 1, 2016 through the present.

**REQUEST FOR PRODUCTION NO. 13:** All communications from or to Jones regarding any payments made to or from PQPR from January 1, 2016 through the present.

**REQUEST FOR PRODUCTION NO. 14:** All communications from or to Jones regarding payments to or from Auriam.

**REQUEST FOR PRODUCTION NO. 15:** All communications from or to Jones regarding payments to or from Mountain Way.

**REQUEST FOR PRODUCTION NO. 16:** All communications from or to Jones regarding payments to or from persons advertising through FSS or on an FFS broadcast.

**REQUEST FOR PRODUCTION NO. 17:** All documents, including bank statements and tax returns, related to any trust where Jones is or was the settlor, trustee, or beneficiary.

**REQUEST FOR PRODUCTION NO. 18:** All documents sufficient to identify all owners, employees, contractors, contributors, sponsors, affiliates, and agents of Alex-Jones-Live.

**REQUEST FOR PRODUCTION NO. 19:** All documents and communications concerning any actual or potential funding, backers, or financial, logistical, or other support for Alex-Jones-Live.

**REQUEST FOR PRODUCTION NO. 20:** All documents and communications concerning the source of any equipment, infrastructure, intellectual property, or other resources utilized by Alex-Jones-Live.

**REQUEST FOR PRODUCTION NO. 21:** All documents sufficient to identify the resources, funding, infrastructure, and personnel used to create all media, podcasts, shows, streams, videos, articles, links, reports, and live events for Alex-Jones-Live.

**REQUEST FOR PRODUCTION NO. 22:** All documents and communications concerning expenses associated with Alex-Jones-Live, including but not limited to rent, travel expenses,

**REQUEST FOR PRODUCTION NO. 23:** All documents and communications regarding businesses owned by employees or contractors of FSS from whom or through you are sharing income or being paid by or through. .

**REQUEST FOR PRODUCTION NO. 24:** All documents sufficient to identify any Gifts, payments, loans, or transfers made by Mountain Way to You.

**REQUEST FOR PRODUCTION NO. 25:** All documents and communications concerning expenses associated with Alex-Jones-Live, including but not limited to rent, travel expenses,

**REQUEST FOR PRODUCTION NO. 26:** All documents and communications concerning 1776coin or Patriot Collectibles, Mountain Way and Alex-Jones-Live.