**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| . | § | Case No. 22-60043 (CML) |
| | § | |
| Debtor. | § | Jointly Administered |

**SUBCHAPTER V TRUSTEE'S LIMITED RESPONSE TO THE JOINT MOTION OF**
**THE CONNECTICUT PLAINTIFFS AND THE TEXAS PLAINTIFFS TO REVOKE**
**THE DEBTOR'S SUBCHAPTER V ELECTION**

Melissa Haselden, the subchapter V trustee (the "Subchapter V Trustee") files this Limited Response (the "Response") to the Joint Motion of the Connecticut Plaintiffs and the Texas Plaintiffs to Revoke the Debtor's Subchapter V Election [Docket No. 468] (the "Motion") and states the following:

1.      The Trustee reviewed the Motion, the Limited Response of the US Trustee [Docket No 501] and the response of the  Debtor [Docket No 504].  The Trustee will not comment on the arguments regarding the merits of the Motion, and related responses.  Instead, the Trustee files this limited response as an officer of the Court with the intent of assisting the Court in its analysis.  The Trustee focuses this limited response on the question of whether the debt of Alexander E. Jones, debtor in Case No. 22-33553, should be included in determining the eligibility of FSS to be a debtor under subchapter V.

2.      Section 1182 could be written in a clearer fashion.  However, it is evident that section 1182(1) is drafted with (A) and (B) to work in conjunction, rather than as independent subsections.  Language in section 1182 which is key to the eligibility question before the Court is bolded below:

(1) Debtor – The term "**debtor**" –

(A) **subject to subparagraph (B)**, means **a person** engaged in commercial or business activities (**including any affiliate of such person that is also a debtor** under this title and excluding a person whose primary activity is the business of owning single asset real estate) **that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition** or the date of the order for relief **in an amount not more than $7,500,000** (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor; **and**

(B) does not include-(i) **any member of a group of affiliated debtors** under this title that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders)[.]

3.     Given the youth of the statute, there is a dearth of authority with regards to subchapter V eligibility.  The Trustee was not able to find any helpful information in the legislative history.  This is indeed a case of first impression.  While there is no authority directly on point, there are cases that can inform the reasoning of this Court.  For example, the court in *In re Parking Mgmt.*, 620 B.R. 544 (Bankr.D.Md. 2020), evaluated whether the post-petition fixing of debt caused a debtor to no longer be eligible to proceed under subchapter V.   The court considered whether a rejection damage claim that arose from the post-petition rejection of leases caused the debtor to lose eligibility because its debts were greater than the eligibility cap.[1]  In analyzing section 1182, the court drew a comparison to eligibility to be a debtor under chapter 13 of the Bankruptcy Code and determining what constitutes property of the estate. *Id.* at 550-552.  The court reasoned that subsequent post-petition events should generally not factor into the determination of eligibility under subchapter V debt limit.  *Id.* at 554.

4.     A logical reading of the plain language of the entirety of section 1182 yields the conclusion that eligibility is determined as of the petition date.  This interpretation comports with

---

[1] The court also evaluated the impact of a PPP loan.

other provisions of the Bankruptcy Code.  For example, section 109(e) provides that only an individual "that owes, on the date of the filing of the petition, debts of less . . ." is eligible to be a debtor under chapter 13.  *See In re Gamble*, 570 B.R. 272, 276 (Bankr. S.D. Tex. March 30, 2017); *In re Xeons*, 2013 Bankr. LEXIS 4238, *3, 2013 WL 5567266 (Bankr. S.D. Tex. Oct. 9, 2013) (Chapter 13 eligibility should normally be determined by a debtor's originally filed schedules, checking only to see whether the schedules were filed in good faith).

5.      The subsequent bankruptcy filing of Alexander E. Jones, many months after the filing of FSS's voluntary petition, should not cause Mr. Jones' debts to be considered in determining FSS' eligibility to be a debtor under subchapter V.

<div style="margin-left:40%">

*/s/ Elizabeth C. Freeman*
**LAW OFFICE OF LIZ FREEMAN**
Elizabeth C. Freeman (TX Bar No. 2400922)
PO Box 61209
Houston, TX 77208-1209
Telephone: (832) 779-3580
Email: liz@lizfreemanlaw.com


*Counsel for Melissa Haselden, Subchapter V Trustee*

and


**JACKSON WALKER LLP**
Sean Gallagher (TX Bar No. 24101781)
Emily Meraia (TX Bar No. 24129307)
100 Congress Avenue, Suite 1100
Austin, TX 78701
Telephone: 512-236-2000
Email: sgallagher@jw.com
Email: emeraia@jw.com


*Counsel for Melissa Haselden, Subchapter V Trustee*

</div>

## **CERTIFICATE OF SERVICE**

I certify that on March 14, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Elizabeth Freeman*
Elizabeth Freeman