IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-60043 |
| **FREE SPEECH SYSTEMS, LLC,** | § | |
| | § | |
| DEBTOR. | § | Chapter 11 (Subchapter V) |
| | § | |

### DEBTOR'S MOTION FOR ORDER APPROVING SETTLEMENT

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Free Speech Systems, LLC, the debtor and debtor-in-possession in the above captioned chapter 11 case (the "Debtor"), files this motion (the "Motion") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form annexed hereto (the "Proposed Order"), approving the settlement described herein (the "Settlement") among the Debtor, Melissa Haselden, the subchapter V trustee (the "Subchapter V Trustee") appointed in this case, Shannon & Lee LLP ("S&L"), and Schwartz Associates LLC ("SALLC" and collectively with the Debtor, the Subchapter V Trustee, and S&L, the "Parties"). In support of the Motion, the Debtor respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought herein are Bankruptcy Code §§ 105(a) and 363 and Bankruptcy Rule 9019.

## BACKGROUND

### A. Case Background

4. On July 29, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, subchapter v, of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas.

5. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to Bankruptcy Code § 1184.

6. The Subchapter V Trustee was appointed in the case on or about August 2, 2022. The Court expanded the Subchapter V Trustee's duties under Bankruptcy Code § 1183(b)(2) on September 20, 2022.

7. The Debtor is currently participating in mediation with various parties before Hon. Marvin Isgur in an effort to arrive at a consensual plan of reorganization.

### B. The Dispute Among the Parties

8. On August 20, 2022, the Debtor filed applications to employ SALLC [ECF No. 83] and S&L [ECF No. 85].

9. The Court held a hearing on the employment applications on September 20, 2022 (the "September 20 Hearing"). For the reasons stated on the record, the Court denied the SALLC and S&L Employment Applications.

10. On October 4, 2022, S&L and SALLC filed motions for a rehearing under Bankruptcy Rule 7023, incorporating Rule 59 of the Federal Rules of Civil Procedure. The Court held a hearing and denied the Rule 59 motions on January 20, 2023.

11. S&L and SALLC filed notices of appeal with respect to the Court's orders denying the employment applications and Rule 59 motions on February 4, 2023. The appeals (the "Appeals") are pending before the U.S. District Court for the Southern District of Texas.

12. Separately, S&L and SALLC filed motions for the allowance of administrative expense [ECF Nos. 251 & 252] (the "Administrative Expense Motions") on October 24, 2022. S&L seeks an administrative expense claim of $325,215.85, and SALLC seeks an administrative expense claim of $348,463.89.

13. On November 14, 2022, the Debtor and the Subchapter V Trustee filed a joint objection [ECF No. 269], Alex Jones filed a limited objection [ECF No. 268], and the U.S. Trustee filed an objection [ECF No. 267] to the Administrative Expense Motions. No hearing has been set for the Administrative Expense Motions.

## TERMS OF PROPOSED SETTLEMENT

14. After negotiations, the Parties have reached a consensual resolution of the disputes among them resolving the Appeals and the Administrative Expense Motions. S&L shall receive its prepetition retainer of $50,822.68 and SALLC shall receive its prepetition retainer of $75,000.00. Upon the entry of a final order approving the Settlement, the Appeals and the Administrative Expense motions shall be dismissed or withdrawn by S&L and SALLC.

15. Patrick Magill, the Debtor's CRO, has evaluated the Settlement and believes that the Settlement is in the best interests of the Debtor's estate and its creditors. The Settlement resolves the dispute in a manner advantageous to the Debtor's estate in light of the legal uncertainties surrounding the dispute, the expense of continued litigation, and the anticipated

duration, delay and inconvenience of the litigation. The Settlement was negotiated at arms'-length by the Parties.

## RELIEF REQUESTED

16. By this Motion, pursuant to Bankruptcy Code §§ 105(a) and 363 and Bankruptcy Rule 9019, Debtor seeks entry of an order, substantially in the form of the Proposed Order, approving the Settlement and granting related relief to implement the terms of the Settlement.

## BASIS FOR RELIEF

### A. Standard for Approving Settlement or Compromise

17. Bankruptcy Rule 9019 governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." FED. R. BANKR. P. 9019(a). Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

18. Court should approve a proposed settlement or compromise under Bankruptcy Rule 9019 if the settlement is within a range of reasonableness, fair and equitable, and in the best interest of the bankruptcy estate. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation." *In re Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (citations omitted); *see also Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (1968); *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599 (5th Cir. 1980). A bankruptcy court need not be convinced that the proposed settlement is the best

Page | 4

possible, but "need only conclude that the settlement falls within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008).

19. The Fifth Circuit has directed that, in determining whether to approve a proposed settlement, a bankruptcy court should evaluate the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise. *In re Age Refining, Inc.*, 801 F.3d 530 (5th Cir. 2015); *In re Jackson Brewing Co.*, 624 F.2d at 602.

20. Under the third, catch-all provision, the Fifth Circuit has specified two additional considerations. First, the court should consider the best interests of the creditors, "with proper deference to their reasonable views." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1996). Second, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.* at 918 (internal citations omitted).

**B. The Settlement Meets the Standards for Approval**

21. The Settlement satisfies the requirements set out by the Fifth Circuit. The Settlement results in an expedient and favorable outcome for the Debtor's bankruptcy estate within the range of a litigated outcome, while avoiding the attendant expense of the litigation.

    *i.)* <u>*Probability of Success in Litigation in Light of Uncertainties of Fact and Law*</u>

22. S&L and SALLC set out a basis for the relief requested in the Administrative Expense Motions and in S&L's omnibus reply [ECF No. 362]. While there is a dispute among the Parties, there is some uncertainty in the underlying law at issue.

23. The range of litigation possibilities from $0.00 to $673,679.74 from the Debtor's estate. The total amount reflected in in the Settlement—$125,822.68—reflects approximately

18.7% of the total amount that may result from litigation of the Appeals and/or Administrative Expense Request. The Debtor believes that the Settlement appropriately reflects the uncertainty present.

  ii.) *Complexity, Duration, Expense, Inconvenience, and Delay*

24. Continuing to litigate the Appeals and/or Administrative Expense Motions would result in additional expense to the Debtor's estate that further make the Settlement the superior outcome. The Debtor's estate would incur expenses in the litigation that could otherwise be used to satisfy creditors.

25. It is unlikely that the dispute would be resolved quickly through continued litigation. S&L and SALLC would likely appeal any ruling denying the Administrative Expense Motions in light of the unsettled law on the issue and take the position that any plan of reorganization would account for such potential administrative expense liability.

  iii.) *Best Interests of Creditors with Proper Deference to their Views*

26. Due to the uncertainties involved, the expense of continuing the litigation, and the delay and inconvenience of continuing the litigation, the Settlement is in the best interests of the Debtor's creditors. Moreover, no creditors opposed the Administrative Expense Motions seeking administrative expense claims totaling $673,679.74. While the Debtor could not agree to the full amount of the Administrative Expense Motions in light of the uncertainty present, the Settlement is consistent with the views that creditors have expressed.

  iv.) *Arms-length Negotiations*

27. The Settlement was negotiated at arms-length among the parties. The Debtor, Subchapter V Trustee, and SALLC were represented by separate counsel. And the Debtor exercised its decision through its CRO who was not involved with the Debtor at the time that S&L or SALLC were involved.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, approving the Settlement and granting related relief, and granting such other relief that is just.

Dated: March 16, 2023

Respectfully submitted,

LAW OFFICES OF RAY BATTAGLIA, PLLC

*/s/Raymond W. Battaglia*
Raymond W. Battaglia
State Bar No. 01918055
rbattaglialaw@outlook.com
66 Granburg Circle
San Antonio, Texas 78218
Tel. (210) 601-9405

*Counsel to the Debtor and Debtor-in-Possession.*

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing document was filed with the Court and serviced electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system. I further certify that it has been transmitted by first class mail on the parties on the attached service list.

*/s/Raymond W. Battaglia*