# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| . | § | Case No. 22-60043 (CML) |
| | § | |
| Debtor. | § | Jointly Administered |

## NOTICE OF RULE 2004 SUBPOENA DUCES TECUM

TO:  Anthony Gucciardi, by and through his attorney of record, Lynn Butler, Husch Blackwell, 111 Congress Ave., Suite 1400, Austin, TX 78701.

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Bankruptcy Local Rules of the Southern District of Texas, Melissa Haselden ("Subchapter V Trustee") hereby serves the attached Rule 2004 Request upon Anthony Gucciardi ("Gucciardi") and requests production of the documents listed in **Exhibit A** attached hereto.

The Debtors must produce the requested documents listed on the Subpoena Duces Tecum attached hereto as **Exhibit A** to the undersigned counsel at the offices of Jackson Walker LLP, 100 Congress Ave. Suite 1100, Austin, Texas 78701 within fourteen (14) days of service of this Notice. Alternatively, to physical production, Gucciardi may produce the requested documents electronically via Sharefile.

Houston, TX
Dated: March 16, 2023

/s/ *Elizabeth Freeman*
**LAW OFFICE OF LIZ FREEMAN**
Liz Freeman (TX Bar No.
PO Box 61209
Houston, TX 77208-1209
Telephone: (832) 779-3580
Email: liz@lizfreemanlaw.com

1

**JACKSON WALKER LLP**
Sean Gallagher (TX Bar No. 24101781)
100 Congress Ave., Suite 1100
Austin, TX 78701
Telephone: (512) 236-2014
Facsimile: (713) 752-4221
Email: sgallagher@jw.com

*Counsel for Melissa Haselden, Subchapter V Trustee*

## **CERTIFICATE OF SERVICE**

I certify that on March 16, 2022 a true and correct copy of the above and foregoing was served via CM/ECF to all parties registered to receive electronic notice.

                                         */s/ Elizabeth Freeman*
                                         Elizabeth Freeman

## **DEFINITIONS**

All definitions apply throughout without regard to capitalization. Terms are defined as follows:

1. The terms "and" and "or" are to be read and applied inclusively to have the broadest reasonable meaning.

2. The terms "any" or "all" are synonymous and are to be read and applied inclusively to have the broadest reasonable meaning.

3. "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written.

4. "Auriam" refers to Auriam Services LLC and its agents, attorneys, assigns, representatives, affiliates, businesses, entities, any individuals or entities acting in concert with it, and any of its "insiders" as that term is defined in 11 U.S.C. § 101(31).

5. "Gucciardi" refers to Anthony Gucciardi and his agents, attorneys, assigns, representatives, affiliates, businesses, entities, any individuals or entities acting in concert with him, and any of his "insiders" as that term is defined in 11 U.S.C. § 101(31).

6. "Alex Jones" refers to Alex Jones and his agents, attorneys, assigns, representatives, affiliates, businesses, entities, any individuals or entities acting in concert with him, and any of his "insiders" as that term is defined in 11 U.S.C. § 101(31).

7. "Blue Ascension" refers to Blue Ascension Logistics, LLC, the warehouse logistics company currently employed by or on behalf of PQPR.

8. "Communication" shall mean and include, without limitation, any documents, telephone conversations, discussions, facsimiles, e-mails, meetings, memorandum and any other medium through which any information is conveyed.

9. The terms "concerning," "regarding," "relating to," "referring to," and "arising out of" are to be understood in their broadest sense and each means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, consisting of, dealing with, comprising, or in any way pertaining to the subject matter identified, in whole or in part.

10. The terms "document" or "documents" have the broadest meaning that can be ascribed to them, including, without limitation, all final forms and all drafts and revisions of any type of written or graphic matter, original or reproduced, and all copies thereof which are different in any way from the original, regardless of whether designated "confidential," "privileged," or otherwise restricted. Without limiting the foregoing, the term "document" includes video tapes, films, audio tapes, electronic mail, computer disks, compact disks, books, papers, letters, telegrams, memoranda, communications, minutes, notes, schedules, tabulations, vouchers,

accounts, statements, affidavits, reports, abstracts, agreements, contracts, diaries, calendars, plans, specifications, drawings, sketches, photographs, charts, graphs and other similar objects, summaries or records of telephone conversations, and any kind of transcript, transcription or recording of any conversation, discussion or oral presentation of any kind, and any information stored on and reproducible in documentary form from a computer or other electronic information storage device.

11.     "FSS" refers to Free Speech Systems, LLC and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, legacies, divisions, departments and operating units, funds, any Persons acting on its behalf or under its control, and its respective advisors, attorneys, agents, directors, employees, members, partners, representatives, and staff as well as any "insider" of FSS as that term is defined in 11 U.S.C. § 101(31).

12.     The terms "Person" and "Persons" mean any and all natural persons, male or female, and all types and kinds of businesses or other entities, including, but not limited to, corporations, partnerships, joint ventures, sole proprietorships, and governmental agencies (state or federal) or their employees.

13.     "PQPR" refers to PQPR Holdings Limited, LLC.

14.     The terms "you" and "your" shall mean Gucciardi as defined above. and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, legacies, divisions, departments and operating units, funds, any Persons acting on its behalf or under its control, and its respective advisors, attorneys, agents, directors, employees, members, partners, representatives, and staff.

15.     The use of the singular form of any word includes the plural and vice versa.

16.     The past tense shall include the present tense and vice versa.

**INSTRUCTIONS**

1. In responding to these requests, furnish all information that is available to Gucciardi regardless of whether the records are possessed directly by the company or Gucciardi's owners, members, agents, attorneys, employees, representatives, superiors, or investigators.

2. If any records cannot be produced in full, Gucciardi should produce to the extent possible, specifying the Gucciardi's reason(s) for its inability to produce the records in full and stating whatever information, knowledge, or beliefs the Gucciardi has concerning the unproduced portion.

3. To the extent that Gucciardi has previously produced in this case a record responsive to the requests contained herein, it need not produce such record again in connection with these requests.

4. To the extent that any of the following requests for production may call for what Gucciardi believes to be information subject to a claim of privilege, answer so much of each Request for Production and each part thereof as does not request, in Gucciardi's view, privileged information and set forth, in writing in a privilege log, with particularity, the basis for Gucciardi's claim of privilege with respect to the information it withholds, including the sender and recipient of the information and the date the information was created ("Privilege Log"), and provide a copy of the Privilege Log contemporaneously with Gucciardi's production of the records requested in the Requests for Production.

5. The scope, definitions, and instructions applicable to these discovery requests are coextensive with the applicable sections of the Federal Rules of Civil Procedure, and each discovery request requires the production of documents and information to the fullest extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

6. You are requested to serve copies of all responsive documents with your response pursuant to Federal Rule of Civil Procedure 34. However, if responsive documents are voluminous, produce the responsive documents for inspection at the office of Jackson Walker LLP, 100 Congress Ave., Suite 1100, Austin, Texas 78701. You may also produce documents electronically to proposed counsel to the Subchapter V Trustee via email to **liz@lizfreemanlaw.com** and **sgallagher@jw.com**.

7. In producing documents, please produce them in their original form. Documents shall be produced in the same sequence as they are contained or found in their original file folder.

## EXHIBIT A

### DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:** All agreements between Gucciardi, on the one hand, and Alex Jones, Dr. David Jones or FSS, on the other.

**REQUEST FOR PRODUCTION NO. 2:** Any written agreements between Gucciardi and FSS.

**REQUEST FOR PRODUCTION NO. 3:** Any written agreements between Gucciardi and PQPR.

**REQUEST FOR PRODUCTION NO. 4:** Any written agreements between Gucciardi and Dr. David Jones.

**REQUEST FOR PRODUCTION NO. 5:** All documents sufficient to show all payments made to Gucciardi by Alex Jones, Dr. David Jones and any associated entities, including FSS.

**REQUEST FOR PRODUCTION NO. 6:** All internal communications or meeting minutes of Gucciardi regarding FSS.

**REQUEST FOR PRODUCTION NO. 7:** All internal communications or meeting minutes of Gucciardi regarding PQPR.

**REQUEST FOR PRODUCTION NO. 8:** Copies of all invoices sent by Gucciardi to FSS from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 9:** Copies of all invoices sent by Gucciardi to PQPR from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 10:** All communications between Gucciardi and FSS from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 11:** All communications between Gucciardi and PQPR from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 12:** All communications between Gucciardi and Alex Jones from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 13:** All documents related to any written agreements or understandings between FSS and Gucciardi from 2016 through the present.

**REQUEST FOR PRODUCTION NO. 14:** All documents related to any written agreements or understandings between PQPR and Gucciardi from 2016 through the present.

**REQUEST FOR PRODUCTION NO. 15:** All corporate governance documents or operating agreements for any entities owned, in whole or in part, by Gucciardi that have done business with Alex Jones or FSS from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 16:** Copies of Gucciardi's books and records from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 17:** Copies of Gucciardi's tax returns from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 18:** Copies of any tax documents provided by FSS, Alex Jones, or PQPR to Gucciardi from 2016 to the present.

**REQUEST FOR PRODUCTION NO. 19:** Documents sufficient to show any and all distributions, draws or payments of any kind or character from January 1, 2021 through the present from or to the following individuals and companies to Gucciardi:

- FSS;
- PQPR;
- Auriam;
- ▮
- ▮

- Blue Ascension;
- Patrick Riley;
- Blue Ascension;
- Elevated Solutions 512 Group Holdings, LLC;
- Patriot Collectibles;
- Joseph Dalessio;
- MRJR;
- AEJ Holdings, Inc.;
- AEJ Austin Holdings Logistics, LLC;
- Alex Jones;
- Dr. David Jones;
- Dr. J's Naturals; and
- Healthy Happy Body

**REQUEST FOR PRODUCTION NO. 20:** Copies of any and all advances made or received to or from any other entity or individual for the last three years.