**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| . | § | Case No. 22-60043 (CML) |
| | § | |
| Debtor. | § | Jointly Administered |

**NOTICE OF RULE 2004 SUBPOENA DUCES TECUM**

TO: Elevated Solutions 512Group Holdings, LLC via its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 East 7th Street, Suite 620 Austin, TX 78701-3218.

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Bankruptcy Local Rules of the Southern District of Texas, Melissa Haselden ("Subchapter V Trustee") hereby serves the attached Rule 2004 Request upon Elevated Solutions 512Group Holdings, LLC ("ESG") and requests production of the documents listed in **Exhibit A** attached hereto.

The Debtors must produce the requested documents listed on the Subpoena Duces Tecum attached hereto as **Exhibit A** to the undersigned counsel at the offices of Jackson Walker LLP, 100 Congress Ave., Suite 1100, Austin, Texas 78701 within fourteen (14) days of service of this Notice. Alternatively to physical production, ESG may produce the requested documents electronically via ShareFile to liz@lizfreemanlaw.com or sgallagher@jw.com.

1

Houston, TX
Dated: March 17, 2023

/s/ *Elizabeth Freeman*
**LAW OFFICE OF LIZ FREEMAN**
Liz Freeman (TX Bar No. 2400922)
PO Box 61209
Houston, TX 77208-1209
Telephone: (832) 779-3580
Email: liz@lizfreemanlaw.com


**JACKSON WALKER LLP**
Sean Gallagher (TX Bar No. 24101781)
100 Congress Ave., Suite 1100
Austin, TX 78701
Telephone: (512) 236-2014
Facsimile: (713) 752-4221
Email: sgallagher@jw.com

*Counsel for Melissa Haselden, Subchapter V Trustee*

## **CERTIFICATE OF SERVICE**

I certify that on March 17, 2023 a true and correct copy of the above and foregoing was served via CM/ECF to all parties registered to receive electronic notice.

*/s/ Elizabeth Freeman*
Elizabeth Freeman

## **DEFINITIONS**

All definitions apply throughout without regard to capitalization. Terms are defined as follows:

1. The terms "and" and "or" are to be read and applied inclusively to have the broadest reasonable meaning.

2. The terms "any" or "all" are synonymous and are to be read and applied inclusively to have the broadest reasonable meaning.

3. "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written.

4. "Communication" shall mean and include, without limitation, any documents, telephone conversations, discussions, facsimiles, e-mails, meetings, memorandum and any other medium through which any information is conveyed.

5. The terms "concerning," "regarding," "relating to," "referring to," and "arising out of" are to be understood in their broadest sense and each means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, consisting of, dealing with, comprising, or in any way pertaining to the subject matter identified, in whole or in part.

6. The terms "document" or "documents" have the broadest meaning that can be ascribed to them, including, without limitation, all final forms and all drafts and revisions of any type of written or graphic matter, original or reproduced, and all copies thereof which are different in any way from the original, regardless of whether designated "confidential," "privileged," or otherwise restricted. Without limiting the foregoing, the term "document" includes video tapes, films, audio tapes, electronic mail, computer disks, compact disks, books, papers, letters, telegrams, memoranda, communications, minutes, notes, schedules, tabulations, vouchers, accounts, statements, affidavits, reports, abstracts, agreements, contracts, diaries, calendars, plans, specifications, drawings, sketches, photographs, charts, graphs and other similar objects, summaries or records of telephone conversations, and any kind of transcript, transcription or recording of any conversation, discussion or oral presentation of any kind, and any information stored on and reproducible in documentary form from a computer or other electronic information storage device.

7. "FSS" refers to Free Speech Systems, LLC and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, legacies, divisions, departments and operating units, funds, any Persons acting on its behalf or under its control, and its respective advisors, attorneys, agents, directors, employees, members, partners, representatives, and staff as well as any "insider" of FSS as that term is defined in 11 U.S.C. § 101(31).

8. The terms "Person" and "Persons" mean any and all natural persons, male or female, and all types and kinds of businesses or other entities, including, but not limited to, corporations, partnerships, joint ventures, sole proprietorships, and governmental agencies (state or federal) or their employees.

9. "ESG" refers to Elevated Solutions 512Group Holdings, LLC, and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, legacies, divisions, departments and operating units, funds, any Persons acting on its behalf or under its control, and its respective advisors, attorneys, agents, directors, employees, members, partners, representatives, and staff as well as any "insider" of FSS as that term is defined in 11 U.S.C. § 101(31).

10. The terms "you" and "your" shall mean ESG as defined above.

11. The use of the singular form of any word includes the plural and vice versa.

12. The past tense shall include the present tense and vice versa.

**INSTRUCTIONS**

1. In responding to these requests, furnish all information that is available to ESG regardless of whether the records are possessed directly by the company or ESG's owners, members, agents, attorneys, employees, representatives, superiors, or investigators.

2. If any records cannot be produced in full, ESG should produce to the extent possible, specifying the ESG's reason(s) for its inability to produce the records in full and stating whatever information, knowledge, or beliefs the ESG has concerning the unproduced portion.

3. If after producing the records, ESG obtains or become aware of any further records that are responsive to the requests for production, ESG must timely produce such additional records.

4. To the extent that ESG has previously produced in this case a record responsive to the requests contained herein, it need not produce such record again in connection with these requests.

5. To the extent that any of the following requests for production may call for what ESG believes to be information subject to a claim of privilege, answer so much of each Request for Production and each part thereof as does not request, in ESG's view, privileged information and set forth, in writing in a privilege log, with particularity, the basis for ESG's claim of privilege with respect to the information it withholds, including the sender and recipient of the information and the date the information was created ("Privilege Log"), and provide a copy of the Privilege Log contemporaneously with ESG's production of the records requested in the Requests for Production.

6. The scope, definitions, and instructions applicable to these discovery requests are coextensive with the applicable sections of the Federal Rules of Civil Procedure, and each discovery request requires the production of documents and information to the fullest extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

7. You are requested to serve copies of all responsive documents with your response pursuant to Federal Rule of Civil Procedure 34. However, if responsive documents are voluminous, produce the responsive documents for inspection at the office of Jackson Walker LLP, 100 Congress Ave., Suite 1100, Austin, Texas 78701. You may also produce documents electronically to proposed counsel to the Subchapter V Trustee via email to **liz@lizfreemanlaw.com** and **sgallagher@jw.com**.

8. In producing documents, please produce them in their original form. Documents shall be produced in the same sequence as they are contained or found in their original file folder.

# EXHIBIT A

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:** All agreements between ESG, on the one hand, and any individual or entity associated with or doing business with Alex Jones, Dr. David Jones or FSS, on the other.

**REQUEST FOR PRODUCTION NO. 2:** All agreements between ESG and FSS.

**REQUEST FOR PRODUCTION NO. 3:** All agreements between ESG and Alex Jones.

**REQUEST FOR PRODUCTION NO. 4:** Documents sufficient to show any compensation paid to ESG related to work performed for or on behalf of Alex Jones or FSS.

**REQUEST FOR PRODUCTION NO. 5:** All agreements between ESG, on the one hand, and any individual or entity associated with or doing business with Alex Jones, Dr. David Jones, or FSS, on the other hand, related to supplying, procuring, or selling products to, for, or through FSS or Alex Jones.

**REQUEST FOR PRODUCTION NO. 6:** For any products ESG procured for, purchased from, or sold to or through FSS, Alex Jones, Dr. David Jones or any entity or individual working on behalf of FSS, Dr. David Jones or Alex Jones, please produce documents sufficient to show the following information:

   i. All Agreements related to the products that were procured, purchased, or sold;

   ii. The cost paid by ESG for the products;

   iii. ESG's profit margin per product;

   iv. Any additional compensation or costs paid, charged, or received by ESG its services.

**REQUEST FOR PRODUCTION NO. 7:** All communications between ESG and Alex Jones from January 1, 2021 through the present.

**REQUEST FOR PRODUCTION NO. 8:** All communications between ESG and FSS from January 1, 2021 through the present.

**REQUEST FOR PRODUCTION NO. 9:** All communications between ESG and Dr. David Jones from January 1, 2021 through the present.

**REQUEST FOR PRODUCTION NO. 10:**

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to show the equity ownership of ESG, including any changes in ownership, from its initial formation through the present.

**REQUEST FOR PRODUCTION NO. 12:** Copies of ESG's corporate governance documents, including its formation documents, operating agreements, and any amendments to the same.

**REQUEST FOR PRODUCTION NO. 13:** All communications related to profit distributions by ESG from January 1, 2021 through the present.

**REQUEST FOR PRODUCTION NO. 14:** Documents sufficient to show all profit distributions or draws paid by ESG form January 1, 2021 through the present.

**REQUEST FOR PRODUCTION NO. 15:** Copies of all invoices relating to products ESG sold through or supplied to FSS or Alex Jones.

**REQUEST FOR PRODUCTION NO. 16:** All communications to or from ESG related to supplying products to FSS or Alex Jones.

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to show any and all distributions, draws or payments of any kind or character from January 1, 2021 through the present from or to the following individuals and companies:

i. FSS;
ii. PQPR;
iii. Auriam;
iv. ███████████████
v. ███████████
vi. Blue Ascension;
vii. Patrick Riley;
viii. Blue Ascension;
ix. Elevated Solutions 512 Group Holdings, LLC;
x. Patriot Collectibles;
xi. Joseph Dalessio;
xii. MRJR;
xiii. AEJ Holdings, Inc.;
xiv. AEJ Austin Holdings Logistics, LLC;

    xv.      Alex Jones;

    xvi.     Dr. David Jones;

    xvii.    Dr. J's Naturals; and

    xviii.   Healthy Happy Body.

**REQUEST FOR PRODUCTION NO. 18:** Copies of any and all advances made or received to or from any other entity or individual for the last three years.

**REQUEST FOR PRODUCTION NO. 19:** Documents sufficient to show the source(s) and amounts of ESG's initial capital contributions.

**REQUEST FOR PRODUCTION NO. 20:** All written agreements and term sheets between ESG and its product providers.

**REQUEST FOR PRODUCTION NO. 21:** Any agreements between ESG and any other entity related to invoice factoring services.