UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-60043 |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | CHAPTER 11 |
| | § | |
| | § | (Subchapter V) |
| Debtor | § | |

## MEMORANDUM ORDER DENYING THE PLAINTIFFS' MOTION TO REVOKE THE DEBTOR'S SUBCHAPTER V ELECTION
**(RE: Docket No. 468)**

The Debtor filed a voluntary bankruptcy petition in July 2022 and elected to proceed under Subchapter V of the Bankruptcy Code. In December 2022, Alex Jones—who owns the Debtor—filed a separate chapter 11 case. The Connecticut Plaintiffs and the Texas Plaintiffs[1] acknowledge that the Debtor was eligible as a Subchapter V debtor at the time of filing, but argue it lost eligibility after Jones started his bankruptcy case. So they seek an order revoking the Debtor's Subchapter V election and changing this case to a traditional chapter 11 one. After carefully analyzing the text and structure of the Bankruptcy Code and Bankruptcy Rules, the Court denies the Plaintiffs' motion. The Debtor remains eligible under Subchapter V.

## Background

By now it is well known that the Plaintiffs sued the Debtor and Jones in Texas and Connecticut state courts. These lawsuits eventually resulted in default judgments. But before the damages trial in Texas concluded and the damages trial in Connecticut began, the Debtor started this bankruptcy case and elected to proceed under Subchapter V.

Early into this case, the Court entered agreed orders modifying the automatic stay to allow the state court actions to conclude.[2] In October 2022, a jury awarded about $1.5 billion in damages to the Connecticut Plaintiffs. In December 2022,

---

[1] As defined in the Joint Mot. to Revoke the Debtor's Subchapter V Election 1 nn.1–2, Docket No. 468.

[2] Order Granting Emergency Mot. to Lift Stay, Docket No. 16, and Agreed Order Modifying the Automatic Stay to Allow the Conn. Litig. to Continue to Final J., Docket No. 117.

Jones started his bankruptcy case.[3] About three months later, in February 2023, the Plaintiffs moved to revoke the Debtor's Subchapter V election.[4] They argue the Debtor stopped qualifying as an eligible Subchapter V debtor once Jones filed his chapter 11 case.[5] The Plaintiffs ask the Court to revoke the Debtor's Subchapter V election—rather than dismiss the case or convert it to a chapter 7—because they believe it serves the best interests of the Debtor's estate and its creditors, reflects the Congressional intent in enacting Subchapter V, and is the most constructive path forward.[6] The US Trustee filed a response supporting the Plaintiffs' motion.[7]

The Debtor disagrees for several reasons. First, it argues the Court lacks authority to revoke a Subchapter V election because no provision of the Bankruptcy Code allows for it.[8] Second, the Debtor maintains its Subchapter V eligibility was not impacted by Jones's case and that the text of the Bankruptcy Code supports its position.[9] And finally, it believes that staying in Subchapter V serves the best interests of all parties given the current stage of this case and the costs involved in a traditional chapter 11.[10]

## Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The Court has jurisdiction under 28 U.S.C. § 1334. The parties' express and implied consent also provides this Court constitutional authority to enter a final judgment under *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 678–83 (2015) and *Kingdom Fresh Produce, Inc. v. Stokes Law Off., L.L.P. (In re Delta Produce, L.P.)*, 845 F.3d 609, 617 (5th Cir. 2016).

## Analysis

This legal dispute requires an in-depth analysis of Subchapter V of the Bankruptcy Code. Thus, as always, the Court begins with the text. *See Whitlock v. Lowe* (*In re DeBerry*), 945 F.3d 943, 947 (5th Cir. 2019) ("In matters of statutory interpretation, text is always the alpha."). Words and phrases in a statute are considered holistically, including the "full text, language as well as punctuation, structure, and subject matter." *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.,*

---

[3] Case No. 22-33553.

[4] Joint Mot.

[5] *Id.* ¶¶ 2, 18–31.

[6] *Id.* ¶¶ 37–43.

[7] US Trustee Resp., Docket No. 501.

[8] Debtor Obj. ¶ 15, Docket No. 504.

[9] *Id.* ¶¶ 16–19.

[10] *Id.* ¶¶ 27–30.

2

*Inc.*, 508 U.S. 439, 455 (1993). "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (internal citation omitted). Finally, "[t]he preeminent canon of statutory interpretation requires [the court] to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'" *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)).

### A.   Jones's Bankruptcy Case Did Not Affect the Debtor's Eligibility Under Subchapter V

Section 1182(1) of the Bankruptcy Code defines a Subchapter V "debtor" and lists the eligibility requirements.[11] Section 1182(1)(A) says, among other things, that subject to Subparagraph B, the debtor may not have more than $7.5 million in aggregate noncontingent liquidated secured and unsecured debts "as of the date of the filing of the petition."[12] Subparagraph B says that the term "debtor" does not include any member of a group of affiliated debtors in bankruptcy that has aggregate debts above the $7.5 million cap.[13]

The Plaintiffs focus on the fact that Subparagraph B does not include the phrase "as of the date of the filing of the petition." So, according to them, the $7.5 million cap under Subparagraph A is determined as of the petition date, whereas Subparagraph B is a continuing obligation. Thus, if an affiliate of a debtor later files a bankruptcy case with debts exceeding the cap, it makes the first debtor ineligible under Subchapter V. The Plaintiffs believe that the Debtor lost eligibility under Subchapter V once Jones filed a bankruptcy case because he is an affiliate of the Debtor whose debts exceed the $7.5 million cap. The Bankruptcy Code and the Bankruptcy Rules, however, provide a different answer.

Bankruptcy Rule 1020(a) requires a debtor to state in a voluntary petition if it elects to proceed under Subchapter V. Question 8 of the voluntary chapter 11 petition (Official Form 201) requires a debtor choosing to proceed under Subchapter V to check a box stating that "[t]he debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11."

---

[11] 11 U.S.C. § 1182(1).

[12] *Id.* § 1182(1)(A).

[13] *Id.* § 1182(1)(B).

Section 1182(1)(A) states that it is "subject to [S]ubparagraph B." So a debtor must satisfy both prongs on the petition date before it should check the box electing to proceed under Subchapter V. Subparagraph B is a petition date check on the filing debtor to make sure there isn't already an affiliate in bankruptcy with debts exceeding the cap, and a check that the debtor isn't part of a group of affiliated debtors filing on the same day. Subparagraphs A and B must be construed together at the same time, all the time.[14] No one disputes the Debtor's election to proceed under Subchapter V on its petition date. Jones, on the other hand, is in a traditional chapter 11 case. He did not elect to proceed under Subchapter V. He also could not because the Debtor had started a bankruptcy case and the judgments in the Texas and Connecticut lawsuits were liquidated. In other words, he would have failed both Section 1182(1)(A) and (B).

The Bankruptcy Rules confirm a petition date eligibility analysis for this Debtor. Bankruptcy Rule 1020(a) says a bankruptcy case proceeds in accordance with the debtor's statement of election in the petition "unless and until the court enters an order finding that the debtor's statement is incorrect." Rule 1020(b) allows parties to challenge the debtor's statement of election no later than 30 days after the meeting of creditors held under Section 341(a) of the Bankruptcy Code, or within 30 days after any amendment to the statement, whichever is later.[15] So to recap, the debtor makes the statement of election to proceed under Subchapter V in a bankruptcy petition. That case proceeds in accordance with the statement of election unless the court finds that the statement is incorrect. In this case, the Debtor's statement of election in its voluntary petition—and the basis for making it as of that day—remain true. So the Debtor remains eligible under Subchapter V. And, moreover, the challenge period provided for under Rule 1020(b) has long expired.[16] But even if Plaintiffs timely objected, the relief requested would still be denied for the reasons stated above.

---

[14] While not an issue here, the Court also rejects Plaintiffs' argument that the requirement under Subparagraph A that a debtor to be "engaged in commercial or business activities" is also a continuing obligation. In addition to the reasons stated in this Memorandum Order, the Court also notes that Subchapter V permits debtors to file liquidating chapter 11 plans.

[15] FED. R. BANKR. P. 1020(b).

[16] The Plaintiffs argue that they satisfy the excusable neglect standard to enlarge the challenge period. The Court rejects this argument. Bankruptcy Rule 9006(b) requires a motion, and the first time the Plaintiffs raised excusable neglect was in their reply brief. In any case, challenging the Debtor's eligibility over 60 days after Jones's petition date is not timely. *See W. Wilmington Oil Field Claimants v. Nabors Corp. Servs., Inc. (In re CJ Holding Co.)*, 27 F.4th 1105, 1112 (5th Cir. 2022) (analyzing "the reason for delay, including whether it was within the reasonable control of the movant" as part of an excusable neglect analysis). And revoking the Debtor's Subchapter V election at this time would lead to substantial harm to the Debtor given the length of the delay and current stage of this proceeding. *See id.* (also considering "the danger of prejudice to the debtor" as well as "the length of the delay and its potential impact on judicial proceedings").

Limiting eligibility challenges to the debtor's statement of election also makes practical sense in a Subchapter V case. Subchapter V is a streamlined chapter 11 process and a debtor has to work from the outset to try to achieve a consensual plan. For example, the court must hold a status conference 60 days into a Subchapter V case "to further the expeditious and economical resolution of a case."[17] A Subchapter V Trustee is also appointed to, among other things, "facilitate the development of a consensual plan of reorganization."[18] And only the debtor can file a plan.[19] If postpetition affiliate filings lead to ineligibility and revocation, it means that debtors could float in and out of Subchapter V at any time. That contradicts the text and purpose of Subchapter V. *See In re Parking Mgmt.*, 620 B.R. 544, 554 (Bankr. D. Md. 2020) ("[o]pening up eligibility determinations to post-petition events, even if deemed to apply retroactively, is contrary to the purpose and spirit of Subchapter V, and could nullify the very benefits it is intended to convey.") A roaming eligibility trap could also punish an innocent Subchapter V debtor. For example, a corporate debtor with its own board could decide to file a Subchapter V case and be subject to losing eligibility (presumably even while soliciting a plan) if a parent company with a separate board, and perhaps with unrelated debts, filed a bankruptcy case later on. The better reasoned approach is to allow the first case to proceed under Subchapter V and prohibit the second case from doing so.

In sum, Jones's bankruptcy case did not render the Debtor ineligible as a Subchapter V debtor.

### B.   No Revoking the Subchapter V Designation

The Bankruptcy Code and the Bankruptcy Rules don't provide a standard for assessing a motion to either amend a bankruptcy petition to revoke a Subchapter V election or for the Court to revoke it outright. There is, however, a decision holding that a court is empowered to de-designate a Subchapter V case and allow it to proceed as a regular chapter 11, under, among other things, Section 105 of the Bankruptcy Code. *See In re Nat'l Small Bus. Alliance, Inc.*, 642 B.R. 345, 349 (Bankr. D.D.C. 2022). But the facts in that case, including a failed attempt to confirm a fifth amended and revised chapter 11 plan, are far from present here.

---

[17] 11 U.S.C. § 1188(a).

[18] *Id.* § 1183(b)(7).

[19] *Id.* § 1189(a).

And as the Bankruptcy Court for the District of Delaware recently explained in *In re ComedyMX, LLC*, 647 B.R. 457, 463–64 (Bankr. D. Del. 2022):

> [t]he decision to proceed under subchapter V is within the exclusive province of the debtor (internal citation omitted). There can be no suggestion that a creditor may move a court to amend a petition to designate a case as one under subchapter V over a debtor's objection. So notwithstanding the language of Rule 1009(a), [stating that a petition may be amended "[o]n motion of a party in interest"] it cannot be argued that parties in interest have *carte blanche* to file motions seeking to move debtors in or out of subchapter V as they see fit.

Section 103(i) of the Bankruptcy Code states that Subchapter V only applies when a debtor elects to proceed under it.[20] And the Code expressly provides for dismissal or conversion to a chapter 7 case, not revoking a debtor's election.[21] Regardless, even assuming this Court could revoke the Debtor's Subchapter V election, it would not do so here. A primary reason the damages portion of the Texas and Connecticut actions concluded was that the Court entered agreed orders modifying the automatic stay. And the Debtor, the Plaintiffs, and Jones are currently engaged in mediation. The Debtor has also filed a Subchapter V plan, and several nondischargeability adversary proceedings have started against the Debtor. The issues that will define this case are quickly coming to a head. And this Court is ready to address them.

## Conclusion

Thus, for the reasons stated above, it is ORDERED that the Plaintiffs' joint motion to revoke the Debtor's Subchapter V election is denied.

Signed: March 31, 2023

Christopher Lopez
United States Bankruptcy Judge

---

[20] 11 U.S.C. § 103(i) states, "Subchapter V of chapter 11 of this title applies only in a case under chapter 11 in which a debtor (as defined in section 1182) elects that subchapter V of chapter 11 shall apply."

[21] *Id.* § 1112.