United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 31, 2023
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-60043 |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | CHAPTER 11 |
| | § | |
| | § | (Subchapter V) |
| Debtor | § | |

**MEMORANDUM ORDER DENYING THE PLAINTIFFS' MOTION**
**TO REVOKE THE DEBTOR'S SUBCHAPTER V ELECTION**
**(RE: Docket No. 468)**

The Debtor filed a voluntary bankruptcy petition in July 2022 and elected to proceed under Subchapter V of the Bankruptcy Code. In December 2022, Alex Jones—who owns the Debtor—filed a separate chapter 11 case. The Connecticut Plaintiffs and the Texas Plaintiffs[1] acknowledge that the Debtor was eligible as a Subchapter V debtor at the time of filing, but argue it lost eligibility after Jones started his bankruptcy case. So they seek an order revoking the Debtor's Subchapter V election and changing this case to a traditional chapter 11 one. After carefully analyzing the text and structure of the Bankruptcy Code and Bankruptcy Rules, the Court denies the Plaintiffs' motion. The Debtor remains eligible under Subchapter V.

## Background

By now it is well known that the Plaintiffs sued the Debtor and Jones in Texas and Connecticut state courts. These lawsuits eventually resulted in default judgments. But before the damages trial in Texas concluded and the damages trial in Connecticut began, the Debtor started this bankruptcy case and elected to proceed under Subchapter V.

Early into this case, the Court entered agreed orders modifying the automatic stay to allow the state court actions to conclude.[2] In October 2022, a jury awarded about $1.5 billion in damages to the Connecticut Plaintiffs. In December 2022,

---

[1] As defined in the Joint Mot. to Revoke the Debtor's Subchapter V Election 1 nn.1–2, Docket No. 468.

[2] Order Granting Emergency Mot. to Lift Stay, Docket No. 16, and Agreed Order Modifying the Automatic Stay to Allow the Conn. Litig. to Continue to Final J., Docket No. 117.

Jones started his bankruptcy case.[3] About three months later, in February 2023, the Plaintiffs moved to revoke the Debtor's Subchapter V election.[4] They argue the Debtor stopped qualifying as an eligible Subchapter V debtor once Jones filed his chapter 11 case.[5] The Plaintiffs ask the Court to revoke the Debtor's Subchapter V election—rather than dismiss the case or convert it to a chapter 7—because they believe it serves the best interests of the Debtor's estate and its creditors, reflects the Congressional intent in enacting Subchapter V, and is the most constructive path forward.[6] The US Trustee filed a response supporting the Plaintiffs' motion.[7]

The Debtor disagrees for several reasons. First, it argues the Court lacks authority to revoke a Subchapter V election because no provision of the Bankruptcy Code allows for it.[8] Second, the Debtor maintains its Subchapter V eligibility was not impacted by Jones's case and that the text of the Bankruptcy Code supports its position.[9] And finally, it believes that staying in Subchapter V serves the best interests of all parties given the current stage of this case and the costs involved in a traditional chapter 11.[10]

## Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The Court has jurisdiction under 28 U.S.C. § 1334. The parties' express and implied consent also provides this Court constitutional authority to enter a final judgment under *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 678–83 (2015) and *Kingdom Fresh Produce, Inc. v. Stokes Law Off., L.L.P. (In re Delta Produce, L.P.)*, 845 F.3d 609, 617 (5th Cir. 2016).

## Analysis

This legal dispute requires an in-depth analysis of Subchapter V of the Bankruptcy Code. Thus, as always, the Court begins with the text. *See Whitlock v. Lowe* (*In re DeBerry*), 945 F.3d 943, 947 (5th Cir. 2019) ("In matters of statutory interpretation, text is always the alpha."). Words and phrases in a statute are considered holistically, including the "full text, language as well as punctuation, structure, and subject matter." *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*,

---

[3] Case No. 22-33553.

[4] Joint Mot.

[5] *Id.* ¶¶ 2, 18–31.

[6] *Id.* ¶¶ 37–43.

[7] US Trustee Resp., Docket No. 501.

[8] Debtor Obj. ¶ 15, Docket No. 504.

[9] *Id.* ¶¶ 16–19.

[10] *Id.* ¶¶ 27–30.

*Inc.*, 508 U.S. 439, 455 (1993). "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (internal citation omitted). Finally, "[t]he preeminent canon of statutory interpretation requires [the court] to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'" *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)).

### A. Jones's Bankruptcy Case Did Not Affect the Debtor's Eligibility Under Subchapter V

Section 1182(1) of the Bankruptcy Code defines a Subchapter V "debtor" and lists the eligibility requirements.[11] Section 1182(1)(A) says, among other things, that subject to Subparagraph B, the debtor may not have more than $7.5 million in aggregate noncontingent liquidated secured and unsecured debts "as of the date of the filing of the petition."[12] Subparagraph B says that the term "debtor" does not include any member of a group of affiliated debtors in bankruptcy that has aggregate debts above the $7.5 million cap.[13]

The Plaintiffs focus on the fact that Subparagraph B does not include the phrase "as of the date of the filing of the petition." So, according to them, the $7.5 million cap under Subparagraph A is determined as of the petition date, whereas Subparagraph B is a continuing obligation. Thus, if an affiliate of a debtor later files a bankruptcy case with debts exceeding the cap, it makes the first debtor ineligible under Subchapter V. The Plaintiffs believe that the Debtor lost eligibility under Subchapter V once Jones filed a bankruptcy case because he is an affiliate of the Debtor whose debts exceed the $7.5 million cap. The Bankruptcy Code and the Bankruptcy Rules, however, provide a different answer.

Bankruptcy Rule 1020(a) requires a debtor to state in a voluntary petition if it elects to proceed under Subchapter V. Question 8 of the voluntary chapter 11 petition (Official Form 201) requires a debtor choosing to proceed under Subchapter V to check a box stating that "[t]he debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11."

---

[11] 11 U.S.C. § 1182(1).

[12] *Id.* § 1182(1)(A).

[13] *Id.* § 1182(1)(B).

Section 1182(1)(A) states that it is "subject to [S]ubparagraph B." So a debtor must satisfy both prongs on the petition date before it should check the box electing to proceed under Subchapter V. Subparagraph B is a petition date check on the filing debtor to make sure there isn't already an affiliate in bankruptcy with debts exceeding the cap, and a check that the debtor isn't part of a group of affiliated debtors filing on the same day. Subparagraphs A and B must be construed together at the same time, all the time.[14] No one disputes the Debtor's election to proceed under Subchapter V on its petition date. Jones, on the other hand, is in a traditional chapter 11 case. He did not elect to proceed under Subchapter V. He also could not because the Debtor had started a bankruptcy case and the judgments in the Texas and Connecticut lawsuits were liquidated. In other words, he would have failed both Section 1182(1)(A) and (B).

The Bankruptcy Rules confirm a petition date eligibility analysis for this Debtor. Bankruptcy Rule 1020(a) says a bankruptcy case proceeds in accordance with the debtor's statement of election in the petition "unless and until the court enters an order finding that the debtor's statement is incorrect." Rule 1020(b) allows parties to challenge the debtor's statement of election no later than 30 days after the meeting of creditors held under Section 341(a) of the Bankruptcy Code, or within 30 days after any amendment to the statement, whichever is later.[15] So to recap, the debtor makes the statement of election to proceed under Subchapter V in a bankruptcy petition. That case proceeds in accordance with the statement of election unless the court finds that the statement is incorrect. In this case, the Debtor's statement of election in its voluntary petition—and the basis for making it as of that day—remain true. So the Debtor remains eligible under Subchapter V. And, moreover, the challenge period provided for under Rule 1020(b) has long expired.[16] But even if Plaintiffs timely objected, the relief requested would still be denied for the reasons stated above.

---

[14] While not an issue here, the Court also rejects Plaintiffs' argument that the requirement under Subparagraph A that a debtor to be "engaged in commercial or business activities" is also a continuing obligation. In addition to the reasons stated in this Memorandum Order, the Court also notes that Subchapter V permits debtors to file liquidating chapter 11 plans.

[15] FED. R. BANKR. P. 1020(b).

[16] The Plaintiffs argue that they satisfy the excusable neglect standard to enlarge the challenge period. The Court rejects this argument. Bankruptcy Rule 9006(b) requires a motion, and the first time the Plaintiffs raised excusable neglect was in their reply brief. In any case, challenging the Debtor's eligibility over 60 days after Jones's petition date is not timely. *See W. Wilmington Oil Field Claimants v. Nabors Corp. Servs., Inc. (In re CJ Holding Co.)*, 27 F.4th 1105, 1112 (5th Cir. 2022) (analyzing "the reason for delay, including whether it was within the reasonable control of the movant" as part of an excusable neglect analysis). And revoking the Debtor's Subchapter V election at this time would lead to substantial harm to the Debtor given the length of the delay and current stage of this proceeding. *See id.* (also considering "the danger of prejudice to the debtor" as well as "the length of the delay and its potential impact on judicial proceedings").

Limiting eligibility challenges to the debtor's statement of election also makes practical sense in a Subchapter V case. Subchapter V is a streamlined chapter 11 process and a debtor has to work from the outset to try to achieve a consensual plan. For example, the court must hold a status conference 60 days into a Subchapter V case "to further the expeditious and economical resolution of a case."[17] A Subchapter V Trustee is also appointed to, among other things, "facilitate the development of a consensual plan of reorganization."[18] And only the debtor can file a plan.[19] If postpetition affiliate filings lead to ineligibility and revocation, it means that debtors could float in and out of Subchapter V at any time. That contradicts the text and purpose of Subchapter V. *See In re Parking Mgmt.*, 620 B.R. 544, 554 (Bankr. D. Md. 2020) ("[o]pening up eligibility determinations to post-petition events, even if deemed to apply retroactively, is contrary to the purpose and spirit of Subchapter V, and could nullify the very benefits it is intended to convey.") A roaming eligibility trap could also punish an innocent Subchapter V debtor. For example, a corporate debtor with its own board could decide to file a Subchapter V case and be subject to losing eligibility (presumably even while soliciting a plan) if a parent company with a separate board, and perhaps with unrelated debts, filed a bankruptcy case later on. The better reasoned approach is to allow the first case to proceed under Subchapter V and prohibit the second case from doing so.

In sum, Jones's bankruptcy case did not render the Debtor ineligible as a Subchapter V debtor.

### B. No Revoking the Subchapter V Designation

The Bankruptcy Code and the Bankruptcy Rules don't provide a standard for assessing a motion to either amend a bankruptcy petition to revoke a Subchapter V election or for the Court to revoke it outright. There is, however, a decision holding that a court is empowered to de-designate a Subchapter V case and allow it to proceed as a regular chapter 11, under, among other things, Section 105 of the Bankruptcy Code. *See In re Nat'l Small Bus. Alliance, Inc.*, 642 B.R. 345, 349 (Bankr. D.D.C. 2022). But the facts in that case, including a failed attempt to confirm a fifth amended and revised chapter 11 plan, are far from present here.

---

[17] 11 U.S.C. § 1188(a).

[18] *Id.* § 1183(b)(7).

[19] *Id.* § 1189(a).

And as the Bankruptcy Court for the District of Delaware recently explained in *In re ComedyMX, LLC*, 647 B.R. 457, 463–64 (Bankr. D. Del. 2022):

> [t]he decision to proceed under subchapter V is within the exclusive province of the debtor (internal citation omitted). There can be no suggestion that a creditor may move a court to amend a petition to designate a case as one under subchapter V over a debtor's objection. So notwithstanding the language of Rule 1009(a), [stating that a petition may be amended "[o]n motion of a party in interest"] it cannot be argued that parties in interest have *carte blanche* to file motions seeking to move debtors in or out of subchapter V as they see fit.

Section 103(i) of the Bankruptcy Code states that Subchapter V only applies when a debtor elects to proceed under it.[20] And the Code expressly provides for dismissal or conversion to a chapter 7 case, not revoking a debtor's election.[21] Regardless, even assuming this Court could revoke the Debtor's Subchapter V election, it would not do so here. A primary reason the damages portion of the Texas and Connecticut actions concluded was that the Court entered agreed orders modifying the automatic stay. And the Debtor, the Plaintiffs, and Jones are currently engaged in mediation. The Debtor has also filed a Subchapter V plan, and several nondischargeability adversary proceedings have started against the Debtor. The issues that will define this case are quickly coming to a head. And this Court is ready to address them.

## Conclusion

Thus, for the reasons stated above, it is ORDERED that the Plaintiffs' joint motion to revoke the Debtor's Subchapter V election is denied.

Signed: March 31, 2023

Christopher Lopez
United States Bankruptcy Judge

---

[20] 11 U.S.C. § 103(i) states, "Subchapter V of chapter 11 of this title applies only in a case under chapter 11 in which a debtor (as defined in section 1182) elects that subchapter V of chapter 11 shall apply."

[21] *Id.* § 1112.

United States Bankruptcy Court
Southern District of Texas

In re:  Case No. 22-60043-cml
Free Speech Systems LLC  Chapter 11
Official Committee of Unsecured Creditor
    Debtors

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 6 |
| Date Rcvd: Apr 03, 2023 | Form ID: pdf002 | Total Noticed: 18 |

The following symbols are used throughout this certificate:
**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^    Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

#    Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 05, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Free Speech Systems LLC, 3019 Alvin Devane Blvd. STE 300, Austin, TX 78741-7417 |
| aty | | Kyung Shik Lee, Shannon & Lee LLP, Pennzoil Place-Suite 1300, HOUSTON, TX 77027, UNITED STATES |
| aty | + | Shannon & Lee LLP, 700 Milam Street, STE 1300, Houston, TX 77002-2736 |
| intp | + | Alex E Jones, c/o Jordan & Ortiz PC, 500 N Shoreline Blvd, Ste 900, Corpus Christi, TX 78401-0658 |
| cr | + | David Wheeler, et al., c/o Cain & Skarnulis PLLC, 303 Colorado Street, Suite 2850, Austin, TX 78701-4653 |
| cr | #+ | Leonard Pozner, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| cr | #+ | Marcel Fontaine, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin, Suite 2700 Houston, TX 77002-6774 |
| cr | #+ | Neil Heslin, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| crcm | + | Official Committee of Unsecured Creditors of Alexa, c/o Marty L. Brimmage, Jr., Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, TX 75201-4675 |
| cr | + | Reeves Law, PLLC, 702 Rio Grande St., Ste. 203, Austin, TX 78701-2720 |
| cr | + | Richard M. Coan, c/o Cain & Skarnulis PLLC, 303 Colorado Street, Suite 2850, Austin, TX 78701-4653 |
| cr | #+ | Scarlett Lewis, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| cr | + | Security Bank of Crawford, P.O. BOx 90, Crawford, Tx 76638-0090 |
| cr | + | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |
| cr | #+ | Veronique De La Rosa, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |

TOTAL: 15

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | Apr 03 2023 20:23:42 | Ally Bank, c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| cr | + | Email/Text: lemaster@slollp.com | Apr 03 2023 20:15:00 | PQPR Holdings Limited, LLC, c/o Streusand Landon Ozburn & Lemmon LLP, attn: Stephen Lemmon, 1801 S. Mopac Expressway, Suite 320, Austin, TX 78746-9817 |
| cr | ^ | MEBN | Apr 03 2023 20:12:57 | Texas Comptroller of Public Accounts, Revenue Acco, Christopher J. Dylla, P.O. Box 12548, Austin, TX 78711-2548 |
| cr | + | Email/Text: BKECF@traviscountytx.gov | Apr 03 2023 20:15:00 | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |

TOTAL: 4

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| District/off: 0541-4 | User: ADIuser | Page 2 of 6 |
|---|---|---|
| Date Rcvd: Apr 03, 2023 | Form ID: pdf002 | Total Noticed: 18 |

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| aty | | Akin Gump Strauss Hauer & Feld LLP |
| cr | | ADP TotalSource, Inc. |
| wit | | Charles "Charlie" Cicack |
| intp | | David Ross Jones |
| op | | Marc Schwartz |
| op | | Marc Schwartz |
| op | | Schwartz Associates, LLC |
| op | | Schwartz and Associates, LLC |
| intp | | Shelby A Jordan |
| intp | | Sweetwater Holdings Group, Inc. |
| op | | W. Marc Schwartz |

TOTAL: 11 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 05, 2023                    Signature:      /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 31, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Avi Moshenberg | on behalf of Creditor Marcel Fontaine avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Plaintiff Veronique De La Rosa avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Veronique De La Rosa avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Plaintiff Marcel Fontaine avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Neil Heslin avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Scarlett Lewis avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Plaintiff Estate of Marcel Fontaine avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Plaintiff Neil Heslin avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Plaintiff Scarlett Lewis avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Plaintiff Leonard Pozner avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Avi Moshenberg | on behalf of Creditor Leonard Pozner avi.moshenberg@mhllp.com  patricia.flores@mhllp.com |
| Bradley J. Reeves | on behalf of Creditor Reeves Law  PLLC bradley.reeves@pillsburylaw.com |

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 3 of 6 |
| Date Rcvd: Apr 03, 2023 | Form ID: pdf002 | Total Noticed: 18 |

Christina Walton Stephenson
    on behalf of Interested Party Alex E Jones Crissie.Stephenson@crowedunlevy.com elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Christina Walton Stephenson
    on behalf of Debtor Free Speech Systems LLC Crissie.Stephenson@crowedunlevy.com elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Christopher Dylla
    on behalf of Creditor Texas Comptroller of Public Accounts  Revenue Accounting Division bk-cdylla@oag.texas.gov, Sherri.Simpson@oag.texas.gov

Elizabeth Carol Freeman
    on behalf of Trustee Melissa A Haselden liz@lizfreemanlaw.com kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net

Elyse M Farrow
    on behalf of Trustee Melissa A Haselden EFarrow@HaseldenFarrow.com  elysefarrow@gmail.com

Federico Andino Reynal
    on behalf of Defendant Free Speech Systems  LLC areynal@frlaw.us

Federico Andino Reynal
    on behalf of Defendant Alex E. Jones areynal@frlaw.us

Federico Andino Reynal
    on behalf of Defendant AEJ HOLDINGS  LLC areynal@frlaw.us

Federico Andino Reynal
    on behalf of Defendant AEJ TRUST 2018 areynal@frlaw.us

Ha Minh Nguyen
    on behalf of U.S. Trustee US Trustee ha.nguyen@usdoj.gov

Jarrod B. Martin
    on behalf of Creditor Leonard Pozner jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
    on behalf of Plaintiff Estate of Marcel Fontaine jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
    on behalf of Plaintiff Marcel Fontaine jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
    on behalf of Creditor Veronique De La Rosa jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
    on behalf of Creditor Marcel Fontaine jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
    on behalf of Plaintiff Veronique De La Rosa jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
    on behalf of Creditor Scarlett Lewis jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
    on behalf of Plaintiff Neil Heslin jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
    on behalf of Creditor Neil Heslin jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
    on behalf of Plaintiff Leonard Pozner jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin
    on behalf of Plaintiff Scarlett Lewis jarrod.martin@chamberlainlaw.com Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jason Starks
    on behalf of Creditor Travis County bkecf@traviscountytx.gov

Jayson B. Ruff
    on behalf of U.S. Trustee US Trustee jayson.b.ruff@usdoj.gov

| District/off: 0541-4 | User: ADIuser | Page 4 of 6 |
|---|---|---|
| Date Rcvd: Apr 03, 2023 | Form ID: pdf002 | Total Noticed: 18 |

Jennifer Jaye Hardy
    on behalf of Creditor Veronique De La Rosa jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
    on behalf of Plaintiff Estate of Marcel Fontaine jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
    on behalf of Creditor Leonard Pozner jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
    on behalf of Plaintiff Veronique De La Rosa jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
    on behalf of Creditor Marcel Fontaine jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
    on behalf of Creditor Scarlett Lewis jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
    on behalf of Creditor Neil Heslin jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
    on behalf of Plaintiff Neil Heslin jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
    on behalf of Plaintiff Leonard Pozner jhardy2@willkie.com  mao@willkie.com

Jennifer Jaye Hardy
    on behalf of Plaintiff Scarlett Lewis jhardy2@willkie.com  mao@willkie.com

John D Malone
    on behalf of Creditor Security Bank of Crawford myra@johnmalonepc.com  myra@johnmalonepc.com

Joseph S.U. Bodoff
    on behalf of Creditor ADP TotalSource  Inc. jbodoff@rubinrudman.com

Kyung Shik Lee
    on behalf of Debtor Free Speech Systems LLC kslee50@gmail.com  Courtnotices@kasowitz.com

Kyung Shik Lee
    on behalf of Attorney Kyung Shik Lee kslee50@gmail.com  Courtnotices@kasowitz.com

Marty L Brimmage
    on behalf of Creditor Committee Official Committee of Unsecured Creditors of Alexander E. Jones mbrimmage@akingump.com
    lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Marty L Brimmage
    on behalf of Creditor Scarlett Lewis mbrimmage@akingump.com
    lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Marty L Brimmage
    on behalf of Creditor Veronique De La Rosa mbrimmage@akingump.com
    lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Marty L Brimmage
    on behalf of Creditor Neil Heslin mbrimmage@akingump.com
    lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Marty L Brimmage
    on behalf of Creditor Marcel Fontaine mbrimmage@akingump.com
    lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Marty L Brimmage
    on behalf of Creditor David Wheeler  et al. mbrimmage@akingump.com,
    lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Marty L Brimmage
    on behalf of Creditor Leonard Pozner mbrimmage@akingump.com
    lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com

Melissa A Haselden
    mhaselden@haseldenfarrow.com
    haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com

Melissa Anne Haselden
    on behalf of Trustee Melissa A Haselden mhaselden@haseldenfarrow.com
    haseldenbankruptcy@gmail.com,haselden.melissaa.r104367@notify.bestcase.com

Michael P Ridulfo
    on behalf of Other Prof. W. Marc Schwartz mridulfo@krcl.com  rcoles@krcl.com

Michael P Ridulfo
    on behalf of Other Prof. Schwartz Associates  LLC mridulfo@krcl.com, rcoles@krcl.com

District/off: 0541-4                          User: ADIuser                                 Page 5 of 6
Date Rcvd: Apr 03, 2023                       Form ID: pdf002                               Total Noticed: 18

| | |
|---|---|
| Michael P Ridulfo | on behalf of Other Prof. Schwartz and Associates LLC mridulfo@krcl.com, rcoles@krcl.com |
| Michael P Ridulfo | on behalf of Other Prof. Marc Schwartz mridulfo@krcl.com rcoles@krcl.com |
| R. J. Shannon | on behalf of Debtor Free Speech Systems LLC rshannon@shannonpllc.com rshannon@shannonleellp.com;7044075420@filings.docketbird.com |
| R. J. Shannon | on behalf of Attorney Shannon & Lee LLP rshannon@shannonpllc.com rshannon@shannonleellp.com;7044075420@filings.docketbird.com |
| Raymond William Battaglia | on behalf of Debtor Free Speech Systems LLC rbattaglialaw@outlook.com rwbresolve@gmail.com |
| Raymond William Battaglia | on behalf of Interested Party Alex E Jones rbattaglialaw@outlook.com rwbresolve@gmail.com |
| Richard A. Cochrane | on behalf of Creditor David Wheeler et al. rcochrane@akingump.com, jlangmack@akingump.com |
| Richard A. Cochrane | on behalf of Creditor Neil Heslin rcochrane@akingump.com jlangmack@akingump.com |
| Richard A. Cochrane | on behalf of Creditor Marcel Fontaine rcochrane@akingump.com jlangmack@akingump.com |
| Richard A. Cochrane | on behalf of Creditor Leonard Pozner rcochrane@akingump.com jlangmack@akingump.com |
| Richard A. Cochrane | on behalf of Creditor Veronique De La Rosa rcochrane@akingump.com jlangmack@akingump.com |
| Richard A. Cochrane | on behalf of Creditor Scarlett Lewis rcochrane@akingump.com jlangmack@akingump.com |
| Ryan E Chapple | on behalf of Plaintiff Wlliam Aldenberg rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff William Sherlach rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Carlos M. Soto rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Nicole Hockley rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Jacqueline Barden rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Creditor David Wheeler et al. rchapple@cstrial.com, aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Richard M. Coan rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Jennifer Hensel rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Francine Wheeler rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Robert Parker rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Ian Hockley rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Jillian Soto Marino rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Carlee Soto-Parisi rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Mark Barden rchapple@cstrial.com aprentice@cstrial.com |
| Ryan E Chapple | on behalf of Plaintiff Donna Soto rchapple@cstrial.com aprentice@cstrial.com |

| District/off: 0541-4 | User: ADIuser | Page 6 of 6 |
|---|---|---|
| Date Rcvd: Apr 03, 2023 | Form ID: pdf002 | Total Noticed: 18 |

Ryan E Chapple
    on behalf of Creditor Richard M. Coan rchapple@cstrial.com aprentice@cstrial.com

Ryan E Chapple
    on behalf of Plaintiff David Wheeler rchapple@cstrial.com aprentice@cstrial.com

Shelby A Jordan
    on behalf of Defendant Alexander E. Jones cmadden@jhwclaw.com

Shelby A Jordan
    on behalf of Interested Party Alex E Jones cmadden@jhwclaw.com

Shelby A Jordan
    on behalf of Interested Party Shelby A Jordan cmadden@jhwclaw.com

Stephen A Roberts
    on behalf of Interested Party David Ross Jones sroberts@srobertslawfirm.com 1222805420@filings.docketbird.com

Stephen Wayne Lemmon
    on behalf of Defendant PLJR HOLDINGS  LLC lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon
    on behalf of Defendant PQPR HOLDINGS LIMITED  LLC lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon
    on behalf of Creditor PQPR Holdings Limited  LLC lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon
    on behalf of Defendant PLJR HOLDINGS LIMITED  LLC lemmon@slollp.com, mates@slollp.com

US Trustee
    USTPRegion07.HU.ECF@USDOJ.GOV

Vickie L Driver
    on behalf of Interested Party Alex E Jones Vickie.Driver@crowedunlevy.com elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Walter J Cicack
    on behalf of Witness Charles "Charlie" Cicack wcicack@hcgllp.com mallen@hcgllp.com

Walter J Cicack
    on behalf of Interested Party Sweetwater Holdings Group  Inc. wcicack@hcgllp.com, mallen@hcgllp.com

TOTAL: 101