IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | ) Case No. 22-60043 (CML) |
| Debtor. | ) |

**JOINDER OF THE SANDY HOOK FAMILIES IN SUPPORT
OF THE UNITED STATES TRUSTEE'S OBJECTION TO THE
DEBTOR'S MOTION FOR ORDER APPROVING SETTLEMENT**
[Docket Nos. 515, 553]

1. The Connecticut Plaintiffs[1] and the Texas Plaintiffs[2] (collectively, the "Sandy Hook Families") object to Free Speech Systems LLC's (the "Debtor") *Motion for Order Approving Settlement* [Docket No. 515] (the "Motion") and file this joinder in support of the *United States Trustee's Objection to Debtor's Motion for Order Approving Settlement* [Docket No. 553] (the "Objection").

2. The Debtor filed the Motion, pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019"), seeking the Court's approval of a settlement between the Debtor, the subchapter V Trustee, Shannon & Lee LLP ("S&L"), and Schwartz Associates LLC ("Schwartz").[3] Notwithstanding the Court's decision to deny

---

[1] The "Connecticut Plaintiffs" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, Robert Parker, and Richard M. Coan, as chapter 7 trustee for the estate of Erica Lafferty.

[2] The "Texas Plaintiffs" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine. For purposes of this joinder, Marcel Fontaine is one of the "Sandy Hook Families" for ease of identification, but his claims against the Debtor are distinct and not "Sandy Hook" related.

[3] The Objection recites the factual and procedural background underpinning the Motion, *see* ¶¶ 3–12, and is incorporated by reference.

the retention applications of S&L and Schwartz in the above-captioned chapter 11 case, the Motion purports to "settle," (a) appeals filed by S&L and Schwartz in connection with this decision; and (b) motions filed by S&L and Schwartz for approval of administrative expense claims for their professional services in this case.

3. The Sandy Hook Families object to the Motion for the reasons set forth in the Objection. *First*, because S&L and Schwartz have filed notices of appeal with respect to the Court's denial of their respective retention applications, the Court lacks jurisdiction to approve the settlement or grant the relief requested in the Motion. *See, e.g.*, *Wooten* v. *Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (quoting *Griggs* v. *Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)) ("The filing of a notice of appeal is an event of jurisdictional significance.").

4. *Next*, the Motion seeks relief well beyond the ambit of Rule 9019. The Debtor cannot—via Rule 9019 or otherwise—usurp the Court's prerogative to approve applications for the retention and compensation of estate professionals. Nor can the Debtor simply bargain away the rights of other parties, including the United States Trustee and the Sandy Hook Families, to object to improper applications.[4] Moreover, as is further detailed in the Objection, such creative misuse of Rule 9019 ignores well-settled precedent that professional compensation from estate funds cannot be paid

---

[4] The United States Trustee and the Sandy Hook Families did, in fact, object to the retention of S&L and Schwartz. *United States Trustee's Objection to the Application of the Debtor for an Order (A) Authorizing Employment of W. Marc Schwartz as Chief Restructuring Officer, (B) Authorizing Employment of Staff of Schwartz Associates, LLC in Discharge of Duties as Chief Restructuring Officer, and (C) Granting Related Relief* [Docket No. 145]; *United States Trustee's Amended Objection to the Application of Debtor for an Order (A) Authorizing the Employment of Shannon & Lee LLP as Bankruptcy Co-Counsel for the Debtor and (B) Granting Related Relief* [Docket No. 154]; *Sandy Hook Families' Joinder to United States Trustee's Amended Objection to the Application of Debtor for an Order (A) Authorizing Employment of Shannon & Lee LLP as Bankruptcy Co-Counsel for the Debtor and (B) Granting Related Relief* [Docket No. 159].

2

under section 330 of the Bankruptcy Code where retention was not previously authorized under section 327. *See Lamie* v. *United States Trustee*, 540 U.S. 526, 538 (2010) (recognizing, in the chapter 7 context, that section 330(a)(1) of the Bankruptcy Code "does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by [section] 327").

5. *Finally*—even if the Court were to retain jurisdiction over this dispute, despite the pendency of appeals from S&L and Schwartz, *and* a motion under Rule 9019 *were* an appropriate vehicle, which it is not—the Court should nonetheless sustain the Objection and deny the Motion. The Bankruptcy Code establishes clear guardrails to govern the retention and compensation of estate professionals, and bankruptcy courts regularly decline to sanction settlements that contravene the statutory requirements, basic purposes, and fundamental policies of the Bankruptcy Code. *See, e.g.*, *In re Roqumore*, 393 B.R. 474, 482 (Bankr. S.D. Tex. 2008).

6. For these reasons, more fully discussed in the Objection, the Court should decline to grant the relief requested by the Motion.

Dated: April 14, 2023

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**
By: */s/ Avi Moshenberg*
Avi Moshenberg
State Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, TX 77002
Telephone: (713) 337-5580
Fax: (713) 337-8850
E-mail: Avi.Moshenberg@mhllp.com

**CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY, PC**
By: */s/ Jarrod B. Martin*
Jarrod B. Martin
State Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone: (713) 356-1280
Fax: (713) 658-2553
E-mail: jarrod.martin@chamberlainlaw.com

**WILLKIE FARR & GALLAGHER LLP**
By: */s/ Jennifer J. Hardy*
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Fax: (713) 510-1799
E-mail: jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: rstrickland@willkie.com
E-mail: slombardi@willkie.com
E-mail: csisco@willkie.com

*Co-Counsel to the Texas Plaintiffs*

**CAIN & SKARNULIS PLLC**
By: */s/ Ryan E. Chapple*
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
E-mail: rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (admitted *pro hac vice*)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
E-mail: asterling@koskoff.com

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Martin J. Salvucci (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Fax: (212) 757-3990
E-mail: kkimpler@paulweiss.com
E-mail: chopkins@paulweiss.com
E-mail: msalvucci@paulweiss.com

*Co-Counsel to the Connecticut Plaintiffs*