## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-60043 |
| **FREE SPEECH SYSTEMS, LLC,** | § | |
| | § | |
| DEBTOR. | § | Chapter 11 (Subchapter V) |
| | § | |

### DEBTOR'S MOTION FOR ORDER APPROVING SETTLEMENT

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Free Speech Systems, LLC, the debtor and debtor-in-possession in the above captioned chapter 11 case (the "Debtor"), files this motion (the "Motion") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form annexed hereto (the "Proposed Order"), approving the settlement described herein (the "Settlement") among the Debtor, Melissa Haselden, the subchapter V trustee (the "Subchapter V Trustee") appointed in this case, Shannon & Lee LLP ("S&L"), and Schwartz Associates LLC ("SALLC" and collectively with the Debtor, the Subchapter V Trustee, and S&L, the "Parties"). In support of the Motion, the Debtor respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief sought herein are Bankruptcy Code §§ 105(a) and 363 and Bankruptcy Rule 9019.

## BACKGROUND

### A. Case Background

4.      On July 29, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, subchapter v, of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas.

5.      The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to Bankruptcy Code § 1184.

6.      The Subchapter V Trustee was appointed in the case on or about August 2, 2022. The Court expanded the Subchapter V Trustee's duties under Bankruptcy Code § 1183(b)(2) on September 20, 2022.

7.      The Debtor is currently participating in mediation with various parties before Hon. Marvin Isgur in an effort to arrive at a consensual plan of reorganization.

### B. The Dispute Among the Parties

8.      On August 20, 2022, the Debtor filed applications to employ SALLC [ECF No. 83] and S&L [ECF No. 85].

9.      The Court held a hearing on the employment applications on September 20, 2022 (the "September 20 Hearing"). For the reasons stated on the record, the Court denied the SALLC and S&L Employment Applications.

10.     On October 4, 2022, S&L and SALLC filed motions for a rehearing under Bankruptcy Rule 7023, incorporating Rule 59 of the Federal Rules of Civil Procedure. The Court held a hearing and denied the Rule 59 motions on January 20, 2023.

11.     S&L and SALLC filed notices of appeal with respect to the Court's orders denying the employment applications and Rule 59 motions on February 4, 2023. The appeals (the "Appeals") are pending before the U.S. District Court for the Southern District of Texas.

12.     Separately, S&L and SALLC filed motions for the allowance of administrative expense [ECF Nos. 251 & 252] (the "Administrative Expense Motions") on October 24, 2022. S&L seeks an administrative expense claim of $325,215.85, and SALLC seeks an administrative expense claim of $348,463.89.

13.     On November 14, 2022, the Debtor and the Subchapter V Trustee filed a joint objection [ECF No. 269], Alex Jones filed a limited objection [ECF No. 268], and the U.S. Trustee filed an objection [ECF No. 267] to the Administrative Expense Motions. No hearing has been set for the Administrative Expense Motions.

## TERMS OF PROPOSED SETTLEMENT

14.     After negotiations, the Parties have reached a consensual resolution of the disputes among them resolving the Appeals and the Administrative Expense Motions. S&L shall receive its prepetition retainer of $50,822.68 and SALLC shall receive its prepetition retainer of $75,000.00. Upon the entry of a final order approving the Settlement, the Appeals and the Administrative Expense motions shall be dismissed or withdrawn by S&L and SALLC.

15.     Patrick Magill, the Debtor's CRO, has evaluated the Settlement and believes that the Settlement is in the best interests of the Debtor's estate and its creditors. The Settlement resolves the dispute in a manner advantageous to the Debtor's estate in light of the legal uncertainties surrounding the dispute, the expense of continued litigation, and the anticipated

duration, delay and inconvenience of the litigation. The Settlement was negotiated at arms'-length by the Parties.

## RELIEF REQUESTED

16.     By this Motion, pursuant to Bankruptcy Code §§ 105(a) and 363 and Bankruptcy Rule 9019, Debtor seeks entry of an order, substantially in the form of the Proposed Order, approving the Settlement and granting related relief to implement the terms of the Settlement.

## BASIS FOR RELIEF

### A.  Standard for Approving Settlement or Compromise

17.     Bankruptcy Rule 9019 governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." FED. R. BANKR. P. 9019(a).  Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate."  *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

18.     Court should approve a proposed settlement or compromise under Bankruptcy Rule 9019 if the settlement is within a range of reasonableness, fair and equitable, and in the best interest of the bankruptcy estate. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation." *In re Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (citations omitted); *see also Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (1968); *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599 (5th Cir. 1980). A bankruptcy court need not be convinced that the proposed settlement is the best

possible, but "need only conclude that the settlement falls within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008).

19.     The Fifth Circuit has directed that, in determining whether to approve a proposed settlement, a bankruptcy court should evaluate the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise. *In re Age Refining, Inc.*, 801 F.3d 530 (5th Cir. 2015); *In re Jackson Brewing Co.*, 624 F.2d at 602.

20.     Under the third, catch-all provision, the Fifth Circuit has specified two additional considerations. First, the court should consider the best interests of the creditors, "with proper deference to their reasonable views." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1996). Second, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.* at 918 (internal citations omitted).

## B.  The Settlement Meets the Standards for Approval

21.     The Settlement satisfies the requirements set out by the Fifth Circuit. The Settlement results in an expedient and favorable outcome for the Debtor's bankruptcy estate within the range of a litigated outcome, while avoiding the attendant expense of the litigation.

### i.)     *Probability of Success in Litigation in Light of Uncertainties of Fact and Law*

22.     S&L and SALLC set out a basis for the relief requested in the Administrative Expense Motions and in S&L's omnibus reply [ECF No. 362]. While there is a dispute among the Parties, there is some uncertainty in the underlying law at issue.

23.     The range of litigation possibilities from $0.00 to $673,679.74 from the Debtor's estate. The total amount reflected in in the Settlement—$125,822.68—reflects approximately

18.7% of the total amount that may result from litigation of the Appeals and/or Administrative Expense Request. The Debtor believes that the Settlement appropriately reflects the uncertainty present.

### ii.)  *Complexity, Duration, Expense, Inconvenience, and Delay*

24.     Continuing to litigate the Appeals and/or Administrative Expense Motions would result in additional expense to the Debtor's estate that further make the Settlement the superior outcome. The Debtor's estate would incur expenses in the litigation that could otherwise be used to satisfy creditors.

25.     It is unlikely that the dispute would be resolved quickly through continued litigation. S&L and SALLC would likely appeal any ruling denying the Administrative Expense Motions  in light of the unsettled law on the issue and take the position that any plan of reorganization would account for such potential administrative expense liability.

### iii.)  *Best Interests of Creditors with Proper Deference to their Views*

26.     Due to the uncertainties involved, the expense of continuing the litigation, and the delay and inconvenience of continuing the litigation, the Settlement is in the best interests of the Debtor's creditors. Moreover, no creditors opposed the Administrative Expense Motions seeking administrative expense claims totaling $673,679.74. While the Debtor could not agree to the full amount of the Administrative Expense Motions in light of the uncertainty present, the Settlement is consistent with the views that creditors have expressed.

### iv.)  *Arms-length Negotiations*

27.     The Settlement was negotiated at arms-length among the parties. The Debtor, Subchapter V Trustee, and SALLC were represented by separate counsel. And the Debtor exercised its decision through its CRO who was not involved with the Debtor at the time that S&L or SALLC were involved.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, approving the Settlement and granting related relief, and granting such other relief that is just.

Dated: March 16, 2023

Respectfully submitted,

LAW OFFICES OF RAY BATTAGLIA, PLLC

*/s/Raymond W. Battaglia*
Raymond W. Battaglia
State Bar No. 01918055
rbattaglialaw@outlook.com
66 Granburg Circle
San Antonio, Texas 78218
Tel. (210) 601-9405

*Counsel to the Debtor and Debtor-in-Possession.*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed with the Court and serviced electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system. I further certify that it has been transmitted by first class mail on the parties on the attached service list.

*/s/Raymond W. Battaglia*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 22-60043** |
| **FREE SPEECH SYSTEMS, LLC,** | § | |
| | § | |
| **DEBTOR.** | § | **Chapter 11 (Subchapter V)** |
| | § | |

## ORDER GRANTING DEBTOR'S MOTION FOR ORDER APPROVING SETTLEMENT

The Court, having considered the *Debtor's Motion for Order Approving Settlement (*the "Motion"),[1] any responses to the Motion, the statements of counsel, and the record in this case, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; (d) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (e) good and sufficient cause exists to grant the relief requested. Therefore, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      In full satisfaction of any and all claims or rights to payment from the Debtor and its estate, Shannon & Lee LLP ("S&L") shall receive the $50,822.68 prepetition retainer held by S&L from the Debtor (the "S&L Retainer"). S&L is authorized to take possession of the S&L Retainer upon entry of this Order.

3.      In full satisfaction of any and all claims or rights to payment from the Debtor and its estate, Schwartz Associates LLC ("SALLC") shall receive the $75,000.00 prepetition retainer held by SALLC (the "SALLC Retainer"). SALLC is authorized to take possession of the SALLC Retainer upon entry of this Order.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4.     Upon this Order becoming a final, non-appealable order S&L and SALLC shall cause their respective Appeals and Administrative Expense Motions to be dismissed or withdrawn.

5.     The Parties are authorized to take any and all actions necessary and appropriate to implement and carry out the provisions of this Order and the Settlement.

6.     This Court shall retain exclusive jurisdiction with respect to all matters relating to the interpretation or implementation of this Order or the Settlement Agreement.


Dated: _____, 2023

_____
**UNITED STATES BANKRUPTCY JUDGE**

## SERVICE LIST

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008

Attn: Alinor C. Sterlin,
Christopher Mattei,
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401

Attn: Avi Moshenberg
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065

Jennifer J. Hardy
WILLKIE FARR & GALLAGHER LLP
600 Travis Street
Houston, Texas 77002

Attn: Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701

Attn: Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002

Attn: Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711-2548

Melissa Haselden
Subchapter V Trustee
700 Milam, Suite 1300
Houston, TX 77002

Attn: Ha M. Nguyen, Jayson B. Ruff
Office of U.S. Trustee
515 Rusk, Suite 3516
Houston, TX 77002

Elevated Solutions Group
706 W. Ben White Blvd,
Austin, Texas 78704

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive STE 301
Coral Springs, FL 33065

Atomial LLC
1920 E. Riverside Dr.
Suite A-120 #124
Austin, TX 78741

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

## SERVICE LIST

Jacquelyn Blott
200 University Blvd
Suite 225 #251
Round Rock, TX 78665

Joel Skousen
PO Box 565
Spring City, UT 84662

Commerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405

Paul Watson
9 Riverdale Road
Ranmoor Sheffield
South Yorkshire S10 3FA
United Kingdom

Brennan Gilmore
c/o Civil rights Clinic
600 New Jersey Avenue, NW
Washington, DC 20001

Greenair, Inc
23569 Center Ridge Rd
Westlake, OH 44145

Edgecast, Inc
Dept CH 18120
Palatine, IL 60055

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

WWCR
1300 WWCR Ave
Nashville, TN 37218-3800

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404

CustomTattoNow.com
16107 Kensington Dr. #172
Sugar Land, TX 77479

AT&T
PO Box 5001
Carol Stream, IL 60197-5001

Justin Lair
1313 Lookout Ave
Klamath Falls, OR 97601

PQPR Holdings Limited, LLC
c/o Stephen Lemmon
1801 S. Mopac Expressway
Suite 320
Austin, TX 78746

Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401

Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002

## SERVICE LIST

Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711-2548

Richard A. Cochrane
Akin Gump Strauss Hauer & Feld
2300 N. Field Street
Suite 1800
Dallas, TX 75201

Elizabeth Carol Freeman
The Law Office of Liz Freeman
PO Box 61209
Houston, TX 77208-1209

John D Malone
Attorney at Law
5400 Bosque Blvd., Ste. 650
Waco, TX 76710

Bradley J. Reeves
Pillsbury Winthrop Shaw Pittman
909 Fannin St
Ste 2000
Houston, TX 77010

Michael P Ridulfo
Kane Russell Coleman Logan
5151 San Felipe, Suite 800
Houston, TX 77056

Stephen A Roberts
Stephen A Roberts, P.C.
1400 Marshall Ln
Austin, TX 78703

Jason Starks
Travis County Attorney's Office
P.O. Box 1748
Austin, TX 78767

Christina Walton Stephenson
Crowe & Dunlevy
2525 McKinnon St.
Ste 425
Dallas, TX 75201

AKIN GUMP STRAUSS HAUER & FELD
LLP
Marty L. Brimmage, Jr.
Lacy M. Lawrence
2300 N. Field Street, Suite 1800
Dallas, TX 75201

Walter J. Cicack
HAWASH CICACK & GASTON LLP
3401 Allen Parkway, Suite 200
Houston, Texas 77019

Kyle J. Kimpler
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Martin J. Salvucci
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Alexander Woolverton
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Attn: Ally Bank Department
AIS Portfolio Services, LLC
Account: XXXXXXXX4933
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Christopher Hopkins
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064