IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-60043 |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | CHAPTER 11 (SUBCHAPTER V) |
| | § | |
| DEBTOR. | § | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION
FOR ORDER APPROVING SETTLEMENT**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), hereby submits his objection to Free Speech Systems, LLC's (the "Debtor") Motion for Order Approving Settlement ("Motion") [ECF No. 515]. In support of his objection to the Motion, the U.S. Trustee states the following:

**PRELIMINARY STATEMENT**

1. By the Motion, the moving parties—the Debtor, Shannon & Lee LLP ("S&L"), Schwartz Associates LLC ("SALLC"), and Melissa Haselden, in her capacity as the Subchapter V Trustee (the "Subchapter V Trustee") (collectively, the "Movants")—seek authorization for the estate to compensate S&L and SALLC, two unretained professionals whose employment applications were previously rejected by the Court. In so doing, the Motion would purport to fully resolve several pending matters, including appeals by S&L and SALLC related to their employment applications (the "Appeals"), as well as contested administrative expense applications by S&L and SALLC (the "Compensation Motions").

2. While consensual resolutions to disputes are encouraged in bankruptcy proceedings, the relief requested here should be denied for at least three reasons: First, because notices of appeal have been filed with respect to the S&L and SALLC employment orders, this

1

Court lacks jurisdiction to grant relief with respect to matters that are now the subject of the Appeals. Second, the Motion exceeds the proper scope of a Rule 9019 motion because it is the Court, and not the Debtor, who must approve professional employment and compensation applications in a bankruptcy case, and for that reason a chapter 11 debtor cannot bargain away the right of other parties—including the U.S. Trustee—to object to improper employment or compensation applications, nor can it bargain away the Court's own independent obligation to review those applications. Third, the Motion requests payments of SALLC and S&L under an incorrect legal standard because Rule 9019 does not displace the more stringent legal requirements that a professional must meet in order to be retained or compensated under Bankruptcy Code sections 327, 330, and 503, nor does it create an exception to the Bankruptcy Code's prohibition against compensation for unretained professionals.

## FACTUAL BACKGROUND

3. On July 29, 2022, the Debtor filed a petition for relief under subchapter V of chapter 11 of the Bankruptcy Code.

4. On August 20, 2022, the Debtor filed applications for the retention of SALLC [ECF No. 83] and S&L [ECF No. 85].

5. On September 12, 2022, the U.S. Trustee filed an objection to the retention of SALLC [ECF No. 145], and on September 14, 2022, the U.S. Trustee filed an objection to the retention of S&L [ECF No. 154]. Among other grounds, the U.S. Trustee argued that the employment of SALLC and S&L should not be approved due to their nondisclosure and other misconduct in a related bankruptcy case.

6. On September 15, 2022, a group consisting of the principal creditors in this case (the "Sandy Hook Plaintiffs") filed a joinder to the U.S. Trustee's objections.

7. On September 15, 2022, the Subchapter V Trustee filed a Statement in which she took no position for or against the SALLC and S&L retention applications [ECF No. 158].

8. On September 20, 2022, the Court entered orders denying the retention applications for SALLC [ECF No. 181] and S&L [ECF No. 182] (the "Retention Orders").

9. Notwithstanding the Court's disapproval of their retention applications, on October 24, 2022, S&L and SALLC each filed applications for administrative expenses for their alleged professional services in this case [ECF Nos. 251, 253] (the "Compensation Motions").

10. Objections to the Compensation Motions were filed by the U.S. Trustee [ECF No. 267], jointly by the Debtor and the Subchapter V Trustee [ECF No. 269], and by interested party Alex Jones [ECF No. 268].

11. On February 3, 2023, SALLC and S&L filed notices of appeal of the Court's September 20 ruling denying retention applications as well as its subsequent rulings denying reconsideration (the "Appeals") [ECF Nos. 414, 415, 416, 418]. The notices of appeal list the U.S. Trustee and the Sandy Hook Plaintiffs as the sole appellees and list the Debtor as an "other interested party."

12. The Motion reflects a settlement among the SALLC, S&L, the Debtor, and the Subchapter V Trustee and purports to resolve both the Appeals and the Compensation Motions by awarding S&L and SALLC payments respectively of $75,000 and $50,822.68, both on account of their pre-petition retainers. Because the settlement is conditioned on the Court's final approval of the payment to S&L and SALLC, approval of the settlement would necessarily also dispose of the objections of parties who have not joined the settlement, including the U.S. Trustee and the Sandy Hook Plaintiffs.

**BASIS FOR OBJECTION**

A. **The Court Lacks Jurisdiction to Approve the Settlement**

13. The proposed settlement purports to resolve disputes over both the administrative expense requests of S&L and SALLC as well as their underlying employment applications. With respect to the employment applications, however, this Court lacks jurisdiction to approve any settlement because it was divested of jurisdiction over that matter upon the filing of a notice of appeal. *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir.1995) (noting the "familiar and usual rule" that a perfected appeal divests the trial court of jurisdiction). Furthermore, because the failure of SALLC and S&L to be retained is an absolute bar to their ability to be compensated under section 503, any payment to them under that section would necessarily require the Court to vacate its Retention Orders. For this reason, the Court also lacks jurisdiction to approve the compensation portions of the settlement.[1]

B. **The Motion Cannot Resolve the Objections of Non-Settling Parties**

14. Because the Motion requires the Court to approve a payment to S&L and SALLC, it has the effect not only of resolving the Debtor and Subchapter V Trustee's objections to the Compensation Motion, but also the objections of the U.S. Trustee, who has not joined or consented to the settlement. In addition, the Motion purports to resolve the Appeals of the Retention Orders despite the fact that neither of the appellees—the U.S. Trustee or the Sandy Hook Plaintiffs—have joined the settlement, and neither the Debtor nor the Subchapter V Trustee had even objected to the underlying retention applications.

---

[1] Although Rule 8008 of the Federal Rules of Bankruptcy Procedure allows a party to request an "indicative ruling" while an appeal is pending that states how the trial court would rule on a particular issue in the event a remand is ordered, none of the Movants has requested such a ruling or identified the issues, if any, as to which an indicative ruling could be given. Even in the event that a request for an 8008 ruling were to be properly raised, however, the Court should indicate that it would deny the Motion on its merits for the reasons discussed below.

15. The relief sought by the Motion is well beyond the scope of Rule 9019. While Rule 9019 permits the estate to compromise its own causes of action, it does not allow a debtor to resolve objections that are independently raised by other parties in interest. *See In re SportStuff, Inc.*, 430 B.R. 170, 181 (B.A.P. 8th Cir. 2010) (noting that "[a] 'settlement' between only two parties to a multi-party lawsuit is not a settlement, and the procedure to approve a compromise under Fed. R. Bankr.P. 9019(a) cannot be used to impose an injunction on the non-settling parties"); *see also In re Louise's, Inc.*, 211 B.R. 798, 802 (D. Del. 1997) (denying approval of Rule 9019 settlement between debtor and creditor that would have circumvented ability of other creditors to object to plan). Furthermore, while the Debtor and the Subchapter V Trustee may choose to advance or not advance their own objections to the Compensation Motion, nothing in Rule 9019 allows them to unilaterally resolve the separate objection of the U.S. Trustee, nor can a settlement divest the Court of its own independent obligation to ensure that any administrative payment complies with the Bankruptcy Code. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 (2010) (noting that bankruptcy courts are obliged to ensure compliance with Bankruptcy Code on their own initiative even if no creditor objects).

16. The relief requested with respect to the Appeals is an even more glaring misuse of Rule 9019. Rather than being an agreement between the appellants and appellees to an appeal, the settlement here is an agreement between the appellants and two parties—the Debtor and the Subchapter V Trustee—who are strangers to the appeal, without the consent or participation of any of the actual appellees. And although the settlement is styled as an agreement for the withdrawal of an appeal, its actual effect is to give SALLC and S&L the very relief they failed to obtain from this Court and are now seeking through the appellate process. As unretained professionals, SALLC and S&L are categorically ineligible to receive any compensation from the

bankruptcy estate. *See Lamie vs. United States Trustee,* 540 U.S. 526, 538 (2010) (holding that "§ 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327"). Moreover, under the comprehensive scheme for the allowance of administrative expenses under section 503(b) of the Bankruptcy Code, fees may be paid to professionals of the debtor only to the extent they have been awarded under section 330(a). *See* 11 U.S.C. § 503(b)(2). Because they cannot be awarded fees under section 330 unless their retention has been approved under section 327, any payment to SALLC and S&L under the Compensation Motion would necessarily require reversal of the Retention Orders. Nothing in Rule 9019 authorizes such sweeping relief in the guise of a one-sided "settlement" that notably fails to include any of the actual appellees.

### C. SALLC and S&L Cannot Circumvent the Bankruptcy Code's Requirements for Professional Compensation

17. Even if SALLC and S&L's fee requests were properly before the Court through a Rule 9019 motion, the Court should deny the Motion because the Movants cannot bargain around the professional compensation limitations set by the Bankruptcy Code, which SALLC and S&L have not satisfied (and cannot satisfy). Here, the Movants' agreement to allow payments of estate funds to S&L and SALLC through Rule 9019 and its "lowest range of reasonableness" standard appears intended as a backchannel to avoid the more stringent requirements of Sections 327, 330, and 503 of the Bankruptcy Code. The Bankruptcy Code's limitations on professional retention and compensation—including the prohibition of payment to unretained professionals—cannot be bypassed in this manner.

18. The Fifth Circuit has explained that "[t]hough settlements in accord and satisfaction are favored in law, they may not be sanctioned and enforced when they contravene and tend to nullify the letter and spirit of an Act of Congress." *Atl. Co. v. Broughton*, 146 F.2d

6

480, 482 (5th Cir. 1944). Courts at all levels have rejected settlements that are inconsistent with the statutory requirements or basic purposes and policies of the Bankruptcy Code. For example, the Supreme Court in *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451 (2017), held that a bankruptcy court cannot approve a settlement that would result in a structured dismissal providing distributions that do not follow the ordinary priority scheme. In doing so, the Court remarked that "the distributions at issue here more closely resemble proposed transactions that lower courts have refused to allow on the ground that they circumvent the Code's procedural safeguards." *Id.* at 468 (citations omitted). Similarly, in this district, in *In re Roqumore*, 393 B.R. 474 (Bankr. S.D. Tex. 2008), the court denied a proposed settlement resolving a nondischargeability claim against a debtor. The court reasoned that the Chapter 7 Trustee's allegations in the complaint—that the debtor engaged in inequitable and unlawful conduct—were serious, and approval of the settlement would be "inconsistent with the basic purposes and public policies embodied by the Bankruptcy Code," specifically the fresh start policy for the honest but unfortunate debtor. *Id.* at 484.

19. The Bankruptcy Code, through Sections 326-331 and 503, provides comprehensive regulations for payments to professionals that the Movants are not free to rewrite through a Rule 9019 settlement. *See* 11 U.S.C. §§ 326-331, 503; *see also Davis v. Elliot Mgmt. Corp. (In re Lehman Bros. Holdings, Inc.)*, 508 B.R. 283, 294 (S.D.N.Y. 2014) ("The Bankruptcy Code is meant to be a "comprehensive federal scheme . . . to govern" the bankruptcy process. Although flexibility is necessary[,] the federal scheme cannot remain comprehensive if interested parties and bankruptcy courts in each case are free to tweak the law to fit their preferences . . .") (citations omitted). Just as a debtor cannot consent to the payment of unreasonable or unnecessary compensation to its professionals, *see* 11 U.S.C. § 330(a)(1)(A), it also cannot consent to the payment of a professional whose employment was never approved by the court. *See Lamie*, 540

U.S. at 534. Additionally, even if the Movants consent to the fees, "the Court is not bound to award the fees sought, and it has the duty to independently examine the reasonableness of the fees." *In re King*, 546 B.R. 682, 701 (Bankr. S.D. Tex. 2016) (citing *In re Poseidon Pools of Am., Inc.*, 180 B.R. 718, 728 (Bankr.E.D.N.Y.1995). Approving the Movants' proposed settlement to pay professionals whose retention was not approved by the Court would undermine the comprehensive federal scheme articulated by Congress in Sections 326-331 and 503.

## CONCLUSION

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court deny the Motion and grant such other relief as is just and proper.

                                                  RESPECTFULLY SUBMITTED:
                                                  KEVIN M. EPSTEIN
                                                  UNITED STATES TRUSTEE

DATED: 04/6/2023                                       */s/ Ha Nguyen*
                                                  Ha Nguyen, Trial Attorney
                                                  CA Bar #305411
                                                  FED ID NO. 3623593
                                                  United States Department of Justice
                                                  Office of the United States Trustee
                                                  515 Rusk Street, Suite 3516
                                                  Houston, Texas 77002
                                                  E-mail: Ha.Nguyen@usdoj.gov
                                                  Cell: 202-590-7962

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in this bankruptcy case, on the 6th day of April, 2023.

                                                  /s/ Ha M. Nguyen
                                                  Ha M. Nguyen