# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | **Case No. 22--60043** |
| | § | |
| **DEBTOR.** | § | **Chapter 11 (Subchapter V)** |
| | § | |

## SHANNON & LEE LLP'S MOTION FOR ORDER ALLOWING ADMINISTRATIVE EXPENSE CLAIM AND GRANTING RELATED RELIEF

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**SUMMARY**

| Name of applicant: | | Shannon & Lee LLP |
| --- | --- | --- |
| Applicant's professional role in case: | | Attorney for Debtor |
| Indicate whether this is an interim or final application: | | Final |
| Date order of employment was signed: | | N/A (Requested via this Motion) |
| | Beginning of Period | Ending of Period |
| Total period covered in application | July 29, 2022 | September 20, 2022 |
| Time periods covered by any prior applications | N/A | N/A |
| Total amounts awarded in all prior applications | $0.00 | |
| Amount of retainer received in the case | $0.00 | |
| Total fees applied for in this application and in all prior applications (include any retainer amounts applied or to be applied) | $320,196.25 | |
| Total professional fees requested in this application | $320,196.25 | |
| Total professional hours covered by this application | 523.1 | |
| Average hourly rate for professionals | $612.11 | |
| Total paraprofessional hours covered by this application | 0.0 | |
| Average hourly rate for paraprofessionals | N/A | |
| Reimbursable expenses sought in this application | $5,019.60 | |
| Total amount to be paid to Priority Unsecured Creditors | TBD | |
| Anticipated % Dividend to Priority Unsecured Creditors | TBD | |
| Total to be paid to General Unsecured Creditors | TBD | |
| Anticipated % Dividend to General Unsecured Creditors | TBD | |
| Date of confirmation hearing | TBD | |
| Indicate whether the plan has been confirmed | No | |

Shannon & Lee LLP (the "S&L") hereby moves for entry of an order substantially in the form attached hereto (the "Proposed Order") pursuant to sections 105(a), 327, 330, 363, and 503 of title 11 of the United States Code (the "Bankruptcy Code") as follows.

## RELIEF REQUESTED

1.      S&L requests that the Court enter an order, substantially in the Proposed Order (a) allowing S&L an administrative expense claim in the amount of $325,215.85 (the "Requested Administrative Expense Claim") or other amount as agreed to by the parties and announced at or prior to any hearing on this Motion or determined by the Court and (b) authorizing S&L to draw the allowed amount of the administrative expense claim allowed against S&L's prepetition retainer of $50,822.68 (the "Retainer").

## JURISDICTION

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

3.      The bases for the relief requested herein are sections 105(a), 327, 363(c), and/or 503(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014, 2016, and/or 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### A.  Bankruptcy Case and Procedural Posture

4.      On July 29, 2022 (the "Petition Date"), the Free Speech Systems, LLC (the "Debtor") commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (the "Chapter 11 Case") with the Court.

5.      The Debtor filed an application to employ S&L on August 20, 2022 [ECF No. 83] (the "S&L Employment Application"). The Debtor sought to employ S&L to "be primarily responsible for the day-to-day management of the case, issues involving the Sandy Hook Litigation, and all routine activities typical to the Chapter 11 Case" under the terms set out in the

3

engagement letter attached to the S&L Employment Application.[1] S&L Employment Application at ¶ 22.

6.      The U.S. Trustee objected to the employment of S&L on September 12, 2022, and amended his objection on September 14, 2022 [ECF No. 154] (the "UST Objection"). The Sandy Hook Plaintiffs joined the UST Employment Application Objection on September 15, 2022 [ECF No. 166].

7.      The UST Objection argued that the Court should deny the S&L Employment Application because of the failure of S&L partner Kyung Lee to supplement his disclosures required under Bankruptcy Rule 2014 in the cases of (the "IW Cases") of InfoW, LLC, IWHealth, LLC, and Prison Planet, LLC to indicate that he had begun working for the Debtor here prior to the dismissal of the IW Cases. The U.S. Trustee argued that it was "appropriate for the Court to exercise its broad discretion under Section 327(a) to address Attorney Lee's prior acts in the related cases—which this case is essentially a continuation of—and deny the S & L Application." UST Objection ¶ 51.

8.      The Court denied the S&L Employment Application at the September 20, 2022, hearing on the S&L Employment Application (the "September 20 Hearing"). The Court left open, however, the issue of whether S&L was entitled to compensation for the work performed:

> I understand that that's going to require some questions as to where that leaves Shannon and Lee and Mr. Schwartz in terms of you know, retention and the work that they've done. And I'll be looking to the Subchapter 5 trustee for guidance here, but there was good work done here. And I think Schwartz and Associates, right, helped the process. We've got cash collateral budgets in place and there was folks who would answer phone calls. From what I hear, what Mr. Schwartz encountered -- and I don't want anyone to leave thinking

---

[1] The Debtor sought to retain The Law Offices of Raymond Battaglia (the "Battaglia Firm") to "provide legal advice regarding strategy for the Chapter 11 Case and implementation of that strategy." S&L Employment Application at ¶ 22.

> that I don't think they should be compensated for -- for good work
> in this case.

Hrg. Tr. 256:14-24. The Court ruled that all rights were reserved with respect to that issue. *Id.* at 257:3-4.

      9.      On October 4, 2022, S&L filed a motion under Rule 59 of the Federal Rules of Civil Procedure seeking a rehearing on the issue of disinterestedness and employment under Bankruptcy Code § 327(e) [ECF No. 206] (the "Rule 59 Motion"). Alex Jones [ECF No. 217] and the U.S. Trustee [ECF No. 223] filed objections to the Rule 59 Motion.[2] Both Jones and the U.S. Trustee disputed the standing/authority of S&L to seek the relief requested in the Rule 59 Motion. The U.S. Trustee also opposed the Rule 59 Motion on the grounds that employment under Section 327(e) was a new legal theory that was not raised in the S&L Employment Application.

      10.      The Court set the Rule 59 Motion for hearing on October 12, 2022. So that negotiations could continue with the U.S. Trustee and other parties and interest, and to prevent potential conflicting outcomes, S&L requested that the hearing on the Rule 59 Motion be continued to November 16, 2022. In the absence of opposition from the that objected to the Rule 59 Motion, the Court continued the hearing.

## B. Services Provided by S&L Prior to the Denial of the S&L Employment Application

    *i.*   *Professional Services Provided by S&L to the Debtor as Debtor-in-Possession*

      11.      S&L maintained detailed written records of the time expended by its professionals rendering professional services to the Debtor during the period from July 29, 2022, through September 20, 2022 (the "Engagement Period"). These time records are reflected in the fee statement attached as **Exhibit A** hereto.

---

[2] The Sandy Hook Plaintiffs joined in the U.S. Trustee's objection [ECF No. 226].

12.     As reflected in the time records, S&L professionals provided 523.1 hours of services to the Debtor, as debtor-in-possession, in connection with this chapter 11 case during the Engagement Period, representing $523.1 in fees at S&L's standard hourly rates (prior to reductions), as summarized in the following chart:

| Timekeeper | Year of First Bar Admission | Rate | Hours | Fees |
|---|---|---|---|---|
| Kyung S. Lee | 1984 | $850.00 | 263.4 | $223,890.00 |
| R. J. Shannon | 2014 | $625.00 | 248.4 | $155,250.00 |
| | | $312.50 | 11.3 | $3,531.25 |
| TOTAL: | | | 523.1 | $382,671.25 |

13.     S&L professionals provided services to the Debtor on several categories of matters necessary in this chapter 11 case. A summary of the time spent by S&L professionals on the various aspects of the chapter 11 case are reflected in the following chart:

| Category | Total Hours | Total Fees |
|---|---|---|
| Business Operations | 14.4 | $12,172.50 |
| Case Administration | 87.7 | $62,777.50 |
| Claims Administration and Objections | 2.70 | $1,687.50 |
| Fee/Employment Applications | 71.9 | $55,535.00 |
| Fee/Employment Objections[3] | 86.1 | $62,475.00 |
| Financing & Cash Collateral | 38.9 | $28,880.00 |
| Litigation | 116.4 | $80,536.25 |
| Meetings of Creditors | 6.6 | $5,137.50 |
| Plan and Disclosure Statement | 15.5 | $12,837.50 |
| Relief from Stay Proceedings | 82.9 | $60,632.50 |
| TOTAL: | 523.1 | $382,671.25 |

---

[3] The "Fee/Employment Objections" category reflects services provided related to responding and litigating the U.S. Trustee's objections to the Debtor's applications to employ S&L and Schwartz Associates, LLC.

6

14. The largest portion of the services provided by S&L to the Debtor was related to the Sandy Hook Litigation and reflected in the Litigation (116.4 hours), Relief from Stay Proceedings (82.9 hours), and Fee/Employment Applications (71.9 hours) categories.[4] As the result of these services, (a) the Debtor was able to obtain or agree to modification of the automatic stay to allow certain of the Sandy Hook Litigation to continue without the expense of a contested hearing on the matters, (b) defend and try the Connecticut Litigation through the ongoing trial, thereby minimizing the interruption with the Debtor's operations and revenue generation, and (c) obtain the employment of its prepetition state-court counsel at a significantly reduced cost than obtaining new trial counsel.

15. S&L professionals provided 87.7 hours of professional services related to Case Administration. Of this, at least 32.6 hours was related to responding to the Connecticut Plaintiffs' motion to appoint an official committee of tort claimants and remove the Debtor as debtor-in-possession [ECF No. 102] (the "Tort Committee Motion") and the motion to expedite the Tort Committee Motion [ECF No. 106]. Also falling under this category were services related to the preparation of and conferences with parties required under the Bankruptcy Code about the initial debtor interview (the "IDI") and related report, Debtor's schedules of assets and liabilities (the "Schedules"), Statement of Financial Affairs (the "SOFA"), and status report required under subchapter v. These services enabled the Debtor to avoid expensive litigation with respect to the Tort Committee Motion and instead direct the case to mediation with the goal of a consensual plan

---

[4] The "Fee/Employment Applications" category also represents services related to the Debtor's application to employ S&L, Schwartz Associates, and the Battaglia Firm. The "Litigation" category also represents services related to hearings on the Debtor's first day motions, preparing and responding to discovery requests on contested matters in the chapter 11 case, and analysis of potential avoidance actions.

of reorganization.[5] The services also enabled the Debtor to timely attend and provide the information required at the IDI, file its Schedules and SOFA, and file the status report.

16.     S&L professionals provided 86.1 hours of professional services falling under the Fee/Employment Objections category. These services are related to responding and litigating the U.S. Trustee's objections to the Debtor's applications to employ S&L and Schwartz Associates, LLC. Although these services were reasonably likely to benefit the estate by avoiding disruption to administration of this chapter 11 case, the Requested Administrative Expense Claim does *not* include amounts for these services. S&L has reduced the total amount reflected in the fee statement attached as Exhibit A—$387,690.85—by the $62,475.00 reflected in the Fee/Employment Claims Objection category to arrive at the Requested Administrative Expense Claim.

17.     S&L professionals provided 38.9 hours of professional services related to Financing and Cash Collateral. These services primarily relate to the Debtor's requests for use of cash collateral, with a significant portion of these services related to addressing issues in the Debtor's fulfillment of orders.[6] S&L also provided services in this category related to producing documents related to formal and informal discovery requests by the Sandy Hook Plaintiffs. As the result of these services, the Debtor was able to obtain use of cash collateral on an interim basis and obtain amendment of the first interim cash collateral order to allow the Debtor to fulfill orders and clear the backlog of orders to be shipped to its customers.

18.     S&L professionals provided 15.5 hours of services under the Plan and Disclosure Statement category. These services include (i) legal research and analysis related to the "disposable

---

[5] The Sandy Hook Plaintiffs filed a motion to continue the hearing on the Tort Committee Motion [ECF No. 216], which was granted by the Court on October 12, 2022 [ECF No. 234].

[6] At the beginning of the case, the Debtor had a significant backlog in shipping orders that had been paid for by its customers. Addressing these issues required amendments to the Debtor's first amended cash collateral order. Additionally, the Debtor called upon S&L to assist with procuring a new source of inventory purchasing and related financing so that it would be less reliant on PQPR.

income" definition to enable the Debtor to prepare financial projections related to a forthcoming plan of reorganization, issues of confidentiality of plan negotiations, and potential subordination of PQPR's asserted claim through a plan, (ii) drafting an outline of a plan concept, and (iii) a meeting in Austin, Texas on September 13, 2022, to discuss plan concepts with the Debtor. As the result of these services, the Debtor was able to begin a framework to use in discussions and negotiations with creditors on a plan of reorganization, which will likely be carried on by the new CRO in the mediation ordered by the Court at the October 12, 2022, hearing.

19.     S&L professionals provided 14.4 hours of services related to Business Operations. These relate to addressing inventory issues faced by the Debtor, issues related to lost revenue from unavailability of Alex Jones related to the trial in Connecticut, the Debtor's ongoing business relationship with PQPR, negotiation of a new agreement with an unrelated third party for ordering goods on consignment and processing order fulfilment, and issues regarding bitcoin donations. As the result of these services, the Debtor made improvements to its financial performance, improved its margins, was able to satisfy its obligations to its customers, and evaluated its ability to proceeding with the Connecticut Litigation to judgment. These services benefitted the Debtor's business operations and without the services the Debtor's estate would not have been able to achieve the results it did from the Petition Date through September 20, 2022.

20.     S&L professionals provided 6.6 hours of services falling under the Meetings of Creditors category. These services were related to discussions with creditors and attending and representing Marc Schwartz as the Debtor's representative at the section 341 meeting of creditors. As the result of these services, the Debtor attended the section 341 meeting of creditors, which was concluded on September 7, 2022. These services enabled the Debtor to meet is requirements under the Bankruptcy Code and Bankruptcy Rules.

21.     S&L professionals provided 2.7 hours of services related to Claims Administration and Objections. These services entailed (a) reviewing and analyzing Alex Jones's asserted proof of claim and analysis of relevant corporate documents, (b) analysis of the punitive damages verdict in the Heslin/Lewis Suit and research into the Texas caps on the same, and (c) analysis into claims against FSS that were also potential claims against the IW Debtors. As the result of these services, the Debtor was able to make an informed business decision with respect to Alex Jones's request for extension of the automatic stay and evaluate certain of the potential claims against the Debtor's bankruptcy estate. The work done by S&L provided the Debtor the necessary legal analysis and data points for the Debtor, through its CRO, to exercise its business judgment.

  *ii. Out-of-Pocket Expenses Incurred by S&L for the Benefit of the Debtor as Debtor-in-Possession*

22.     In connection with providing the services set out above for the Debtor as debtor-in-possession, S&L incurred out-of-pocket expenses totaling $5,019.60. These expenses are reflected in the following chart:

| Date | Description | Amount |
|------|-------------|--------|
| 7/29/2022 | Service of Filings: Printing and mailing of Utility Motion (printing and service through vendor). | $87.26 |
| 7/29/2022 | Service of Filings: Printing and mailing of Heslin/Lewis Stay Motion, Cash Collateral Motion, Critical Vendor Motion, and Motion to Extend time for Schedules and Statements (printing and service through vendor). | $176.88 |
| 7/29/2022 | Filing Fees: Chapter 11 Filing Fee (paid by S&L though filed through R. Battaglia ECF at his direction). | $1,738.00 |
| 7/31/2022 | Copy Costs: Copy two original sets of proposed Exhibits to share with Marc Schwartz at La Madeleine meeting on Sunday in Preparation for Hearing on Motion to Lift Stay. | $50.23 |
| 7/31/2022 | Copy Costs: Rush order binding of 6 Exhibit books for Hearing on Motion to Lift Stay in Favor of Heslin/Lewis on 8.1.22. | $221.90 |
| 8/8/2022 | RJS flight to Connecticut for hearing on motion to remand for Connecticut Litigation and return to Houston, TX, on United Airlines (Economy Plus). | $861.20 |
| 8/9/2022 | RJS charge for internet access on 8/9/22 flight from Houston, TX to Hartford, CT | $10.00 |

| Date | Description | Amount |
|------|-------------|--------|
| 8/10/2022 | Rental Car: RJS car rental to travel from Windsor Locks, CT/Bradley Int'l Airport to Bridgeport, CT for hearing on Connecticut Plaintiffs' motion to remand. | $167.25 |
| 8/11/2022 | Hotel: RJS hotel, taxes, and 1 day internet charge for scheduled in-person hearing before Connecticut Bankruptcy Court related to removed Connecticut Litigation (Stay 8/9/22 to 8/11/22). | $394.70 |
| 8/11/2022 | RJS charge for Internet access on return flight on 8/ 11/22. | $10.00 |
| 8/24/2022 | Service of Filings: Service of Pleadings (printing and postage through vendor). | $259.00 |
| 9/3/2022 | Form of Consignment Agreement to use with ███ Group. | $29.99 |
| 9/6/2022 | Printing copies of Exhibits to Motion to Appoint Tort Committee. | $54.65 |
| 9/8/2022 | Service of Filings: Service of pleadings on retaining special counsel (printing and postage through vendor). | $124.20 |
| 9/13/2022 | Milage: KSL travel to and from Austin after meetings with company and professionals re plan of reorganization. | $202.10 |
| 9/15/2022 | Service of Filings: Service of Pleadings (printing and postage through vendor). | $98.19 |
| 9/18/2022 | Printing copies of exhibits for hearings on Application | $49.08 |
| 9/19/2022 | Binders and dividers for Exhibit Binders for Trial | $109.02 |
| 9/19/2022 | Copy costs of exhibits 3X for hearing on Application | $375.95 |
| | TOTAL: | $5,019.60 |

23.     These expenses were necessary expenses for the Debtor to incur to administer its chapter 11 case and, except for the travel cost of Mr. Lee from Houston to Austin to discuss the Plan, necessary to preserve the value of the Debtor's estate. The categories of expenses are described below:

a.  Chapter 11 Filing Fee ($1,738.00)—S&L paid the chapter 11 filing fee on behalf of the Debtor through the Court's CM/ECF system. This was the largest category of expenses.

b.  RJS Travel to Connecticut for Remand Hearing ($1,443.15)—The Connecticut Plaintiffs sought fees and expenses against the Debtor in their motion for remand in the removed Connecticut Litigation. The hearing was set on an expedited basis

as an in-person hearing.[7] Mr. Shannon traveled to Connecticut to represent the Debtor as debtor-in-possession at the hearing and incurred these expenses. The U.S. Bankruptcy Court for Connecticut did not assess fees or expenses against the Debtor.

c. Printing of Exhibits for Hearings ($860.83)—S&L printed and prepared the exhibit binders for the hearings at which the Debtor presented evidence using a third-party vendor.

d. Service of Filings ($745.53)—S&L served most of the filings by the Debtor in this case that required service. This was accomplished by a third-party service provider that is also used by the Battaglia Firm.

e. KSL Travel to Austin re Plan Discussions ($202.10)—On September 13, 2022, Mr. Lee traveled to Austin, Texas, to attend discussions with the Debtor and its professionals regarding a proposed plan of reorganization. Mr. Lee returned that same day to Houston, Texas.

f. Cost for Form Consignment Agreement ($29.99)—S&L provided services to the Debtor with respect to a potential agreement with an unrelated third-party for consignment/financing of inventory for the Debtor and an alternative fulfilment provider. Rather than creating a draft consignment agreement from scratch, S&L paid for a form consignment agreement from which to work.

## BASIS FOR RELIEF

### A. Compensation and Reimbursement of Expenses under Bankruptcy Code § 330 for Services Provided Prior to September 20, 2022

*i. Ability to Seek Compensation Despite Denial of S&L Employment Application*

24. While the Court questioned S&L's ability to impartially represent the Debtor regarding difficult decisions that may become necessary related to Alex Jones and PQPR (Hrg. Tr. 247:6-11), it also stated that its decision left open questions about where that left S&L in terms of retention and the work it performed prior to the ruling (Hrg. Tr. 256:14-17). Further, the Court stated that all parties' rights were reserved with respect to compensation for the services provided in the case. (Hrg. Tr. 257:3-4).

---

[7] The hearing was continued and changed to a remote hearing because of a positive COVID-19 test from counsel for the Connecticut Plaintiffs. The request for the continuance occurred the morning before the hearing. Mr. Shannon returned to Houston for the continued hearing rather than remaining in Connecticut.

25.     The Debtor has elected to leave this issue for the relevant professionals to pursue.[8] On October 3, 2022, the Debtor filed an emergency application to employ Patrick Magill as replacement CRO and the Court entered an order approving the employment of Mr. Magill on October 13, 2022. The Court entered an order compelling mediation on October 12, 2022 [ECF No. 233]. On information and belief, the Debtor does not anticipate retaining co-counsel pending the outcome of the mediation.

26.     Courts have held that a professional may seek approval of its employment in connection with an application for compensation. In *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474 (B.A.P. 9th Cir. 1996), *aff'd* 139 F.3d 1303 (9th Cir. 1998), the debtor-in-possession entered an agreement to retain a broker and filed an application to employ the broker with the bankruptcy court. *Id.* at 477. After the broker began marketing the debtor's real property, the debtor later withdrew the application upon learning that the broker was a business partner for the successful purchaser and loaned the successful purchaser the escrow deposit to participate in an auction. *Id.* The broker later filed an application to employ on its own behalf. The Court denied the broker's application to employ because it was not filed by the debtor but that it should seek compensation under Bankruptcy Code § 503(b). *Id.* The bankruptcy court subsequently granted the broker's motion for administrative expense under section 503(b). *Id.* In ruling on the debtor's appeal, the Ninth Circuit B.A.P. reasoned that the broker *did* have standing to seek its employment and treated the request for administrative expense as an application to employ. *See Id.* at 479-80 ("The bankruptcy court's award of fees was de facto approval of [the broker's] employment."). Other courts have also considered and approved retroactive employment of the in the context of

---

[8] S&L has and will continue to seek the new CRO's views and has requested his input directly and through counsel for FSS. Through this Motion, S&L seeks only allowance of an administrative expense and related relief. S&L does not seek to require the Debtor to continue to engage S&L going forward.

applications for compensation. *E.g.*, *In re McKenzie*, No. 08-16378, 2013 Bankr. LEXIS 2672 (Bankr. E.D. Tenn. July 2, 2013); *In re Little Greek Rest.*, 205 B.R. 484 (Bankr. E.D. La. 1996); *In re Saybrook Mfg. Co.*, 108 B.R. 366 (Bankr. M.D. Ga. 1989); *see also In re Triangle Chems.*, 697 F.2d 1280, 1289 (5th Cir. 1983) (reversing a bankruptcy court's decision on the basis that the court had discretion to approve such employment).

27.     While the Court denied the relief requested S&L Employment Application— employment of S&L as bankruptcy co-counsel going forward—S&L submits that it was a disinterested person with respect to the services provided from the Petition Date through September 20, 2022, and is therefore eligible to be employed and compensated for such services. As set out in the declaration of Kyung Lee accompanying the S&L Employment Application and presented in evidence at the September 20 Hearing, neither S&L nor its attorneys (a) were a creditor, equity security holder, or insider of the Debtor during that period or (b) are or were within two years before the Petition Date a director, officer, or employee of the debtor.[9] Neither S&L nor its attorneys have any economic interest that would tend to lessen the value of the estate or create an actual or potential dispute in which the estate is a rival claimant. And, as set out in detail in the Rule 59 Motion, neither S&L nor its attorneys have a predisposition that renders bias against the estate under the circumstances with respect to the services provided during the Engagement Period.[10]

28.     The Court has the authority to allow compensation for S&L for the services provided to the Debtor through September 20, 2022, that are not related to any potential conflict, without disturbing the order entered on September 20, 2022.  As described in *In re Mehdipour*—

---

[9] S&L submits that it is entitled to an administrative expense claim for the services provided and expenses incurred.

[10] As set out in detail in the Rule 59 Motion, S&L identified and advocated for positions directly contrary to the positions asserted by Alex Jones and PQPR during and prior to the Engagement Period.

summarized above—while compensation must be denied while a professional has a conflict, the "bankruptcy court has discretion to award or deny compensation for services performed outside of a conflict" and "[t]he court is not required to deny fees for work actually performed." 202 B.R. at 478. Other courts have similarly held that professionals may be retained and compensated for work performed unrelated to an adverse interest that they hold or represent. *See, e.g.*, *In re Relativity Media, LLC*, No. 18-11358 (MEW), 2018 Bankr. LEXIS 2037, at *20 (Bankr. S.D.N.Y. July 6, 2018) (authorizing employment of attorney for debtor-in-possession on the condition of obtaining separate counsel to address disputes against a party with respect to which the attorney had a conflict); *Exco Res. v. Milbank*, 2003 U.S. Dist. LEXIS 1442, at *26 (S.D.N.Y. Jan. 28, 2003) (affirming employment of counsel where attorney would not be handling any matter with respect to the matter in which the attorney had an adverse interest); *In re Granite Partners, L.P.*, 219 B.R. 22, 41 (Bankr. S.D.N.Y. 1998) ("[A] conflict does not necessarily taint every aspect of the representation. Where the professional has performed some service of unquestioned value, total denial of fees might result in an inequitable windfall to the estate.") (allowing fees for services not related to any conflict); *In re Leslie Fay Cos.*, 175 B.R. 525, 539 (Bankr. S.D.N.Y. 1994) (authorizing attorney to continue to provide services on matters that it had already started but not take on new matters and allowing fees for unconflicted matters).

29.     In the alternative, S&L submits that it is eligible for employment under Bankruptcy Code § 327(e) for the limited purposes set out as S&L's primary responsibility in the S&L Employment Application.[11] These include (a) administrative matters such as the preparing and

---

[11] The U.S. Trustee's objection to the Rule 59 Motion argues that the Debtor did not request relief under Bankruptcy Code § 327(e) and therefore the Rule 59 Motion is the incorrect procedure to introduce this legal theory. If so, then the Court has not considered employment under section 327(e) previously and S&L submits that this Motion is an appropriate procedure to present this legal theory. Similarly, if the U.S. Trustee's position is correct, the reasoning would also apply to the employment of S&L for the limited time of the Engagement Period and matters unrelated to pursuing claims against Alex Jones or PQPR.

filing of notices, serving pleadings, and complying with local rules requirements, (b) matters related to enabling the Sandy Hook Litigation to continue to judgment, and (c) specific matters requested by the Debtor or lead bankruptcy counsel.[12] S&L was first retained by the Debtor prior to the Petition Date, the employment of S&L to represent the estate on these limited matters was in the best interests of the Debtor's bankruptcy estate, and these matters do not involve asserting claims against Alex Jones or PQPR.

30.     Courts have authorized limited employment of a professional under Bankruptcy Code § 327(e) where employment was denied under section 327(a). In *Stapleton v. Woodworkers Warehouse, Inc. (In re Woodworkers Warehouse, Inc.)*, 323 B.R. 403 (D. Del. 2005), the debtor-in-possession sought to employ an attorney under section 327(a), but the application was denied because the attorney had a conflict of interest. *Id.* at 404. The debtor then filed an application to employ the attorney under section 327(e) to perform certain bankruptcy functions related to the attorney's prepetition work for the debtor. *Id.* The application under section 327(e) was approved by the bankruptcy court and the U.S. Trustee for Region 3 appealed. *Id.* The U.S. District Court for the District of Delaware affirmed the bankruptcy court's ruling.[13] *Id.* at 407. Other courts have also approved the retention of an attorney for a limited purpose where retention as general bankruptcy counsel would not be appropriate. *See, e.g., In re Star Ready Mix, Inc.*, Nos. 07-13753-B-7, TGM-4, 2008 Bankr. LEXIS 3400, at *5 (Bankr. E.D. Cal. Dec. 18, 2008) ("This court has

---

[12] These services would not include any services falling under the Claims Administration and Objections or Plan & Disclosure Statement Categories.

[13] The debtor in *In re Woodworkers Warehouse, Inc*. sought to retain the attorney to perform functions including to perform functions including (1) obtaining court approval for the use of cash collateral, (2) liquidating the Debtor's assets through a "going out of business sale" and disposing of related executory contracts, and (3) preparing and negotiating a key employee retention program and providing payment to critical personnel of the Debtor. 323 B.R. at 404. The general bankruptcy counsel's role was to conduct the basics of the chapter 11 case "including advising the Debtor with respect to its duties and powers; formulating, negotiating, finalizing and seeking confirmation of a plan of reorganization; reviewing and objecting to claims; and if appropriate, pursuing recovery of preferences and fraudulent conveyances, and providing for asset distribution to creditors." *Id.*

already denied the Trustee's application to employ Klein as general counsel based on Klein's prior and concurrent representation of a creditor with interests adverse to the bankruptcy estate and that ruling is now final. That ruling, however, did not foreclose the possibility of Klein's employment under § 327(e).").

  ii. *The Requested Administrative Expense Claim Meets the Standards for Compensation and Reimbursement of Expenses under Bankruptcy Code § 330*

  31. Subject to employment for the services S&L provided through September 20, 2022, the Requested Administrative Expense Claim is compensable under Bankruptcy Code § 330. The compensation awarded must be reasonable for services that were actually provided and necessary for administration of the bankruptcy estate or to achieve a reasonably likely benefit to the estate. *See* 11 U.S.C. § 330(a); *In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015). Reimbursement must be for actual and necessary expenses. *See* 11 U.S.C. § 330(a)(1)(B). Section 330(a)(3) indicates that courts should take into account all relevant factors in determining the amount of reasonable compensation and lists six (6) non-exclusive factors.

  32. The Fifth Circuit has instructed that additional factors apply with respect to attorneys. In *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977), the Fifth Circuit adopted twelve factors to apply to the determination of awards of attorneys' fees in bankruptcy cases: (i) time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal service properly; (iv) the preclusion of other employment by the professional due to acceptance of the case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *In re First*

*Colonial*, 544 F.2d at 1298-99.  These factors were borrowed from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), a non-bankruptcy case, and are commonly referred to as the "*Johnson* factors."

33.     The original *Johnson* factors, as embraced by *First Colonial*, remain applicable to the determination of reasonableness of fees awarded under the Bankruptcy Code.  *In re ASARCO LLC*, No. 05-21207, 2011 WL 2975691, at *14 (Bankr. S.D. Tex. July 20, 2011). The principal change enacted through Bankruptcy Code § 330 is that compensation for estate professionals should be commensurate with fees awarded for comparable services in non-bankruptcy cases rather than strictly limited. *See In re Woerner*, 783 F.3d at 274.

34.     As reflected in Exhibit A hereto, the compensation S&L seeks in the Requested Administrative Expense Claim is on account of the actual and necessary services rendered and the reimbursement sought is on account of actual expenses incurred. Analysis of the factors in *First Colonial* and *Johnson* supports the reasonableness of the fees and expenses requested:

a.     Time and labor required. The professional services rendered by S&L on behalf of the Debtor required a high degree of professional competence and expertise. Exhibit A to this Motion contains copies of S&L's time entries for services provided to the Debtor, as debtor in possession, in this chapter 11 case through September 20, 2022, and sets forth in detail all the time for which compensation is sought, as well as the specific actions or matters addressed by each of the professionals.

b.     Novelty and difficulty of legal problems involved. This *Johnson* factor examines the degree of novelty and difficulty of the issues encountered by S&L in representing the Debtor.  S&L faced several difficult and complex legal issues, including:

- Devising mechanisms and strategy to enable the Sandy Hook Litigation to continue without interrupting the Debtor's operations in order to prevent diminution of the Debtor's bankruptcy estate or expensive litigation while presenting credible opposition to allow negotiations with the Connecticut Plaintiffs;

18

- Advising the Debtor on complex issues regarding the Sandy Hook Litigation, including whether the claims are personal injury tort claims under 28 U.S.C. § 157(d);

- Advising the Debtor with respect to the Tort Committee Motion and the uncertainty of issues surrounding subchapter v of chapter 11;

- Coordinating with the CRO data from the Debtor based on incomplete books and records to distill information necessary to complete the IDI, Schedules and SOFA; and

- Addressing the numerous emergencies arising related to the Debtor's daily business operations, fulfillment of orders, procurement of new products, management of inventory, and analyzing with the CRO financial records and projections to determine viable business plans in the context of the chapter 11 case.

c.  <u>The skill requisite to perform the legal services properly</u>.  The services provided by S&L required a high level of skill, particularly because of the compressed time periods often involved.

d.  <u>Preclusion of other employment due to the acceptance of this case</u>. S&L was largely precluded from seeking other employment while representing the Debtor in this chapter 11 case. There were thirty-six business days between the Petition Date and September 20, 2022. S&L provided 523.1 hours of billable services to the Debtor.[14] This amounts to 14.5 hours a day or 7.25 hours per business day per attorney at S&L. Additionally, because of the frequent emergencies, S&L had to maintain capacity.

e.  <u>Customary fee</u>.  S&L's hourly billing rates charged in this matter are the rates that S&L regularly charges its hourly non-bankruptcy clients. In its prepetition practice with the Debtor, S&L applied a 10% discount for its role as co-counsel. The reduction reflected in the Requested Administrative Expense Claim reflects a 16.1% discount ($62,475.00) related to services falling under the Fee/Employment Objections category.

---

[14] The 523.1 hours of services includes time spent on the Fee/Employment Objections category. S&L has voluntarily reduced the amount of the Requested Administrative Expense Claim by $62,475.00—the amount reflected by the services under that category—based on discussions with the U.S. Trustee. However, these services were reasonably likely to benefit the estate by avoiding disruption to administration of this chapter 11 case when performed.

f.   <u>Whether the fee is fixed or contingent</u>. S&L charges customary hourly rates, as adjusted annually, for the time expended by its attorneys and paraprofessionals in representing the Trustee.  S&L's fee is not outcome dependent.

g.   <u>The amount of time involved and the results obtained</u>. S&L provided 523.1 hours of billable services to the Debtor. S&L's actions in this case have allowed the Debtor, among other things, to (a) litigate to verdict 16 of the 19 claims of the Sandy Hook Litigation under negotiated terms that minimized interruptions to the Debtor's operations and revenue generation and avoided the expense to the estate of retaining new state court counsel, (b) continue fulfilling orders and generating revenue, (c) continue in the case so that a mediation could be set to resolve the numerous disputes; (d) avoid having to pay fees related to the removal of the Connecticut Litigation based on the misunderstanding of the Connecticut Superior Court with its bifurcation; and (e) provide discovery documents to the Plaintiffs, including documents that the Connecticut Plaintiffs assert were not provided in the Connecticut Litigation.

h.   <u>The experience, reputation, and ability of the professionals who performed virtually all of the services in the case</u>.  Mr. Lee has approximately 38 years of experience as an attorney focusing his practice on bankruptcy matters and Mr. Shannon has approximately 9 years of experience as judicial law clerk and attorney focusing his practice on bankruptcy matters. Both are experienced in all aspects of bankruptcy matters, possesses a high level of expertise, and an excellent reputation in the business and legal communities.

i.   <u>At all times during the Engagement Period, S&L diligently fulfilled its duty as attorney for the Debtor as debtor-in-possession</u>. All services rendered by S&L were necessary, proper, and beneficial to the chapter 11 case. Services performed by S&L were done in a professional, skilled, and expeditious manner, requiring substantially less time than would have been required by counsel with less experience in bankruptcy matters.

j.   <u>The undesirability of the case</u>. Representation of the Debtor in this chapter 11 case was undesirable. The Debtor's principal is a controversial figure and the subject of public ire. Further, given the contentious nature of the Sandy Hook Litigation and the underlying claims, even matters that should be easily agreed are fiercely contested.  On information and belief, the Debtor initially attempted to secure replacement co-counsel without success.

k.   <u>Awards in similar cases</u>. The compensation requested in this case is comparable to, if not less than, the compensation allowed in other cases similar in size and complexity to this case.

l.    <u>Disbursements</u>.  S&L disbursed at least the sum of $5,019.60 for necessary expenses incurred in the rendition of professional services or on behalf of the Debtor.[15]  S&L's policy regarding charging of expenses is set forth in the retention agreement attached to its application to employ. This does not include additional amounts related to PACER searches, legal research, and similar matters, for which S&L is not seeking an administrative expense claim.

35.    S&L submits that the compensation and reimbursement sought in this Motion is for services provided and expenses incurred that were clearly necessary for the administration of the bankruptcy estate, in fact benefited the estate, or were reasonably likely to benefit the estate at the time they were performed. The compensation and reimbursement should therefore be allowed under the standard described by the Fifth Circuit described in *In re Woerner*, 783 F.3d 266 (5th Cir. 2015).

**B.    Administrative Expense under Bankruptcy Code Bankruptcy Code § 503(b)(1)(A) for Costs and Expenses Necessary to Preserve the Estate**

i.    *Ability of Professional to Seek Costs and Expenses under Bankruptcy Code § 503(b)(1)(A)*

36.    *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474 (B.A.P. 9th Cir. 1996), *aff'd* 139 F.3d 1303 (9th Cir. 1998)—summarized above—additionally provides support for a professional seeking limited compensation under Bankruptcy Code § 503(b)(1)(A). According to the 9th Circuit B.A.P., "[c]ourts may allow compensation for professional services under § 503(b)(1)(A) as administrative expenses if the services provided by a disinterested professional were necessary to preserve the estate." *Id.* at 478. The standard for an administrative expense for such services is higher than for compensation under Bankruptcy Code § 330. *See id.* at 479 ("[I]n order for the court to grant compensation under § 503, the services 'must benefit all

---

[15] S&L incurred certain additional out-of-pocket expenses that were not recorded contemporaneously. Rather than attempting to recreate these expenses, S&L has not included such expenses in the Requested Administrative Expense Claim.

the creditors, be necessary for a successful reorganization, and generally arise from operating the estate in the overall interests of the creditors.'").

37.     This is consistent with the Fifth Circuit Court of Appeals' decision in *McBride v. Riley (In re Riley)*, 923 F.3d 433 (5th Cir. 2019). Although *In re Riley* involved a chapter 13 case, the Court of Appeals reasoned that there were two ways that payments owed to a debtor's attorney could be classified as an administrative expense claim: "(1) if the payments are necessary expenses to preserve the estate under § 503(b)(1); or (2) if the payments are compensation or reimbursement under § 503(b)(2) (which links to 11 U.S.C. § 330(a), which, in turn, under § 330(a)(4)(B), permits 'reasonable compensation' for attorneys based on services rendered)."[16] *Id.* at 436.

38.     In analyzing whether particular expenses advanced by the attorney in *In re Riley* fell under the rubric, the Fifth Circuit applied the standard two-prong test of whether an obligation was an "administrative expense." *Id.* at 439. The first prong is that the obligation must arise from a post-petition transaction with the estate, rather than the debtor personally. *Id.* The second prong is that the goods or services received in exchange for the obligation must directly benefit the estate. *Id.* As indicated in the Court of Appeals' ultimate ruling that the relevant expenses could be considered and allowed as part of the attorney's compensation and reimbursement under section 330—but not as section 503(b)(1)(A) administrative expenses—the standard under section 503(b)(1)(A) is stricter. *See id.* at 441. The costs and expenses must maintain or add value to the estate to fall under Bankruptcy Code § 503(b)(1)(A). *Id.* at 440.

---

[16] In a chapter 11 case, section 330(a)(1)—rather than section 330(a)(4)(B)—applies with respect to professional compensation.

     *ii.*    *Certain Amounts of the Requested Administrative Expense Claim Reflect Costs and Expenses Necessary to Preserve the Estate*

39.    A significant portion of the Requested Administrative Expense Claim is for services provided to and expenses incurred on behalf of the Debtor, as debtor-in-possession, that directly preserved the Debtor's bankruptcy estate rather than simply benefit administration of the bankruptcy case. Among other things, these include:

    a.   Representing the Debtor at the August 1 Lift Stay Hearing—S&L attorneys provided services to the Debtor in connection with the Debtor's emergency motion to modify the automatic stay to allow the Heslin/Lewis Suit to go forward [ECF No. 2]. This motion was necessary on an emergency basis to prevent plaintiffs Heslin and Lewis from filing a similar motion and the required response to the factual allegations under the relevant Bankruptcy Local Rules. The result was a substantial savings to the Debtor's bankruptcy estate.

    b.   Addressing the Debtor's Fulfillment Issues—S&L attorneys provided services to the Debtor related to addressing issues with fulfilment of orders that had already been paid for by the Debtor's customers but not yet shipped by the Debtor. If the Debtor was unable to fulfill the backlogged orders, the Debtor's estate would be subject to credit card "charge-backs" that would either need to be paid by the Debtor post-petition or the Debtor would lose access to credit card processing altogether. These services were necessary to avoid a substantial diminution in the Debtor's estate.

    c.   Representing the Debtor in Connection with the Motion to Remand—As described in the Rule 59 Motion and by Mr. Battaglia's statements at the September 20 Hearing, the Debtor removed the Connecticut Litigation based on incorrect information about the actions of the Connecticut Superior Court when it was continuing with the proceedings without severing the Debtor. In the Connecticut Plaintiff's motion to remand, they sought not only remand of the litigation but also fees and expenses, requiring the Debtor to respond to avoid resulting diminution of the Debtor's estate. S&L represented the Debtor in the response, which required travel to Connecticut for a scheduled in-person hearing set on an expedited basis. Although the U.S. Bankruptcy Court for the District of Connecticut ultimately remanded the Connecticut Litigation, it did not award fees and expenses to the Connecticut Plaintiffs as the result of the S&L's services.

    d.   Opposing the Emergency Setting of the Tort Committee Motion—S&L provided services to the Debtor in connection with opposing the emergency setting of the Tort Committee Motion. This was necessary to prevent interruption to the Debtor's reorganization efforts and significant expense for a contested matter that ultimately did not need to occur at that time and, if the scheduled mediation is successful, may be avoided altogether. This prevented substantial administrative expense to the

Debtor's bankruptcy estate and benefited the estate by allowing the Debtor to focus on operations matters from which the Debtor generates revenue.

e.  Addressing Motion to Compel in the Connecticut Litigation—S&L attorneys provided services related to providing documents requested in the Connecticut Litigation and that were subject to a motion to compel filed after the Petition Date. These documents were related to "Google Analytics" and a "management agreement" testified to by the Debtor's employees pre-petition but that the Connecticut Plaintiffs asserted had not been produced in the litigation. The services provided by S&L were necessary for the Debtor to comply with its post-petition discovery obligations and to prevent additional sanctions—including potential monetary sanctions—that would have diminished the Debtor's bankruptcy estate. The Connecticut Plaintiffs asserted that certain of the documents ultimately provided through affidavits of the Debtor's employee Blake Roddy and Marc Schwartz as the result of S&L's services had been requested previously but were not been provided by the Debtor prior to the Petition Date.

f.  Enabling the Connecticut Litigation to Continue with Minimal Interruption to the Debtor's Operations or Revenue Generation—S&L provided services to the Debtor that enabled the Connecticut Litigation to continue in a manner that (a) minimized the disruption to the Debtor's operations and ability to generate revenue and (b) avoided expensive litigation on the Connecticut Plaintiff's motion for relief from stay. The services S&L provided were necessary to achieve this outcome that preserved the Debtor's estate by avoiding the interruption and the expense of the litigation.

g.  Various Out-of-Pocket Expenses in Addition to the Above—S&L incurred out-of-pocket expenses related to the service of pleadings filed by the Debtor in this chapter 11 case. These pleadings were filed in the Debtor's role as debtor-in-possession and the service of such pleadings was required by the Debtor in such role. Additionally, S&L incurred out-of-pocket expenses related to the preparation of exhibit binders for the hearings in the Debtor's chapter 11 case. These expenses were necessary to allow the Debtor to proceed in its chapter 11 case and obtain approval of matters critical to preserving the value of the Debtor's bankruptcy estate.

40.     The services provided by S&L professionals directly related to preserving the assets of the Debtor's bankruptcy estate described above that reflect costs of at least $120,547.50.

**Exhibit B** hereto details the services provided that meet the higher standard required by Bankruptcy Code § 503(b)(1)(A).

41.     The out-of-pocket expenses incurred by S&L on behalf of the Debtor directly related to preserving the assets of the Debtor's bankruptcy estate reflect expenses of at least

$3,049.51. **Exhibit C** hereto details these out-of-pocket expenses incurred that meet the higher stated required by Bankruptcy Code § 503(b)(1)(A).

### C. Application of Retainer for Payment of Filing Fee and Service Costs.

42.    S&L holds the Retainer in the amount of $50,822.68 in its IOLTA trust account. Under the Debtor's engagement agreement with the Debtor, the Debtor agreed to advance court filing fees. Additionally, the engagement agreement provided that the Debtor would be responsible for all printing, shipping, postage, and related services.

43.    S&L paid the filing fee of $1,738.00 in this chapter 11 case, $860.83 in printing and other costs related to the preparation of exhibits for hearings, and $745.53 in costs related to the service of filings with the Bankruptcy Court. S&L asserts that these are ordinary course expenses of the Debtor. To the extent not otherwise authorized pursuant to this Motion, S&L requests authority to draw on the Retainer that was provided for these expenses pursuant to Bankruptcy Code § 363(c).

### CONCLUSION

WHEREFORE, S&L respectfully requests that this Court enter an order substantially in the form of the Proposed Order (a) in the amount of the Requested Administrative Expense Claim or other amount as agreed to by the parties and announced at or prior to any hearing on this Motion or determined by the Court and (b) authorizing S&L to draw the allowed amount of the administrative expense claim allowed against the Retainer. This relief is consistent with the Court's ruling at the September 20 Hearing and does not require disturbing the related order.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 24, 2022        **SHANNON & LEE LLP**

/s/*R. J. Shannon*
Kyung S. Lee
State Bar No. 12128400
klee@shannonleellp.com
R. J. Shannon
State Bar No. 24108062
rshannon@shannonleellp.com
700 Milam Street, STE 1300
Houston, Texas 77002
Tel. (713) 714-5770

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served (a) at the time of filing, by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive such service and (b) within 24 hours of the filing, on the parties on the attached service list by U.S.P.S. first class mail.

/s/*R. J. Shannon*
R. J. Shannon

## SERVICE LIST

Patrick Magill
Chief Restructuring Officer
Free Speech Systems, LLC
3019 Alvin Devane Blvd., STE 300
Austin, TX 78741

Attn: Ray Battalia
Law Offices of Raymond W. Battaglia
66 Granburg Cir.
San Antonio, TX 78218

Elevated Solutions Group
28 Maplewood Drive
Cos Cob, CT 06870

Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive STE 301
Coral Springs, FL 33065

Atomial LLC
1920 E. Riverside Dr.
Suite A-120 #124
Austin, TX 78741

Cloudflare, Inc
Dept LA 24609
Pasadena, CA 91185-4609

Jacquelyn Blott
200 University Blvd
Suite 225 #251
Round Rock, TX 78665

Joel Skousen
PO Box 565
Spring City, UT 84662

eCommerce CDN, LLC
221 E 63rd Street
Savannah, GA 31405

Brennan Gilmore
c/o Civil rights Clinic
600 New Jersey Avenue, NW
Washington, DC 20001

Greenair, Inc
23569 Center Ridge Rd
Westlake, OH 44145

Edgecast, Inc
Dept CH 18120
Palatine, IL 60055

Ready Alliance Group, Inc
PO Box 1709
Sandpoint, ID 83864

Getty Images, Inc
PO Box 953604
St. Louis, MO 63195-3604

RatsMedical.com
c/o Rapid Medical
120 N Redwood Rd
North Salt Lake, UT 84054

David Icke Books Limited
c/o Ickonic Enterprises Limited
St. Helen's House King Street
Derby DE1 3EE
United Kingdom

WWCR
1300 WWCR Ave
Nashville, TN 37218-3800

JW JIB Productions, LLC
2921 Carvelle Drive
Riviera Beach, FL 33404

CustomTattoNow.com
16107 Kensington Dr. #172
Sugar Land, TX 77479

AT&T
PO Box 5001
Carol Stream, IL 60197-5001

Justin Lair
1313 Lookout Ave
Klamath Falls, OR 97601

PQPR Holdings Limited, LLC
c/o Stephen Lemmon
1801 S. Mopac Expressway. Suite 320
Austin, TX 78746

Ryan E. Chapple
Cain & Skarnulis PLLC
303 Colorado Street, Suite 2850
Austin, Texas 7870

Attn: Shelby Jordan Jordan & Ortiz,
P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401

John D Malone Attorney at Law
5400 Bosque Blvd., Ste. 650
Waco, TX 76710

Jason Starks
Travis County Attorney's Office
P.O. Box 1748
Austin, TX 78767

Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite
1400 Houston, TX 77002

Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
PO Box 12548 Austin, TX 78711-254

Richard A. Cochrane
Akin Gump Strauss Hauer & Feld
2300 N. Field Street Suite 1800
Dallas, TX 7520

Stephen A Roberts
Stephen A Roberts, P.C.
1400 Marshall Ln Austin, TX 7870

Melissa Haselden
Subchapter V Trustee
700 Milam, Suite 1300
Houston, TX 77002

Attn: Elizabeth C. Freeman
Jackson Walker LLP
1401 McKinney St., STE 1900
Houston, TX 77010

Attn: Ha M. Nguyen, Jayson B. Ruff
Office of the U.S. Trustee
515 Rusk Ave STE 3516
Houston, TX 77002

Attn: Mark Bankson
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008

Attn: Alinor C. Sterling, Christopher
Mattei
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | **Case No. 22-60043** |
| | § | |
| **DEBTOR.** | § | **Chapter 11 (Subchapter V)** |
| | § | |

## ORDER GRANTING SHANNON & LEE LLP'S MOTION FOR ORDER ALLOWING ADMINISTRATIVE EXPENSE CLAIM AND GRANTING RELATED RELIEF

Came for consideration Shannon & Lee LLP's Motion for Order Allowing Administrative Expense Claim and Granting Related Relief (the "Motion"). Upon consideration of the Motion, the record and evidence in the above-captioned case, it is hereby ORDERED THAT:

1.      Shannon & Lee LLP ("S&L") is allowed an administrative expense claim in the above-captioned chapter 11 case in the amount of ***$325,215.85*** (the "Allowed Administrative Expense Claim").

2.      S&L is authorized to draw on its prepetition retainer received from the Debtor in an amount up to the amount of the Allowed Administrative Expense Claim.

3.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: _____, 2022

_____
**UNITED STATES BANKRUPTCY JUDGE**

**EXHBIT A**

**Shannon & Lee Fee and Expense Statement**



# FEE STATEMENT

Internal # 16
Date: 10/07/2022

700 Milam, Suite 1300
Houston, Texas 77002
United States

Free Speech Systems, LLC

## 00010-Free Speech Systems, LLC
## Debtor in Possession

### Services

| Date | Attorney | Description | Hours | Rate | Total |
|------|----------|-------------|-------|------|-------|
| 07/30/2022 | KSL | Relief from Stay Proceedings: Handle requests from Marc Schwartz and team for copies of witness outlines, documents related to witness outline and cases relating to standard for lifting automatic stay to litigate in non-bankruptcy forum (.5) | 0.50 | $850.00 | $425.00 |
| 07/31/2022 | KSL | Relief from Stay Proceedings: Draft and finalize Witness and Exhibit List for Monday Hearing on Heslin\Lewis Lift Stay Matter (1.0); review 5th Circuit Cases on standard for permitting litigation to be conducted in separate forum (1.0); prepare Q&A and revise same for Marc Schwartz in connection with Heslin\Lewis hearing (1.0); o/c with Marc Schwartz at LaMadeleine to review exhibits, cases on lift stay and standard for same for Marc Schwartz testimony at Heslin\Lewis Hearing (1.0) | 4.00 | $850.00 | $3,400.00 |
| 07/31/2022 | RJS | Relief from Stay Proceedings: Attention to emails from K. Lee re witness and exhibit list re stay motion re Heslin/Lewis matter (.2); revise same and prepare exhibits for filing (.5); file and serve same (.2); prepare legal argument re same (1.0). | 1.90 | $625.00 | $1,187.50 |
| 08/01/2022 | RJS | Relief from Stay Proceedings: Prepare for (.6) and attend (1.1) hearing re Debtor's stay motion re Heslin/Lewis matter. | 1.70 | $625.00 | $1,062.50 |
| 08/01/2022 | RJS | Litigation: Attention to emails from N. Pattis re hearing scheduled in Connecticut litigation (.1); analyze order re same (.5); attend in person and Zoom call re same at M. Schwartz office (1.0). | 1.60 | $625.00 | $1,000.00 |
| 08/01/2022 | RJS | Relief from Stay Proceedings: Analyze Connecticut Plaintiffs lift-stay motion (.9); attention and respond to K. Lee emails re applicable law (.5); attention to N. Pattis email re estimate of cost for Connecticut | 1.40 | $625.00 | $875.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | litigation. | | | |
| 08/01/2022 | KSL | Relief from Stay Proceedings: Prepare for hearing on Lift Stay to Permit Heslin\Lewis suits to proceed to judgment (1.0); attend hearing and handle same with Marc Schwarz, CRO (1.5); post-hearing conference with counsel and CRO to discuss next steps in chapter 11 case (1.0); continue to work on researching and preparing response as to Curtis Factors in connection with Connecticut Plaintiffs' Motion to Lift Stay (2.0). | 5.50 | $850.00 | $4,675.00 |
| 08/01/2022 | KSL | Financing: Numerous t/c with S. Lemmon, counsel for PQPR, on various issues relating to use of cash collateral (.6); follow-up call with Marc Schwartz and counsel to discuss preparation for First Day Motions not handled on 8/1/22 (1.5) | 2.10 | $850.00 | $1,785.00 |
| 08/02/2022 | RJS | Litigation: Attention to email from K. Lee re hearing in Connecticut litigation (.1); attend video conference with K. Lee, M. Schwartz, and R. Battaglia re same (1.0); attention to email from C. Atkinson from Pattis & Smith re removal of Connecticut litigation in light of state court continuing action with Debtor as party and analyze drafts of removal papers (.5); attention to email from C. Atkinson of filed versions of same (.2); follow up teleconference with N. Pattis, K. Lee, R. Battaglia, and M. Schwartz re same (1.0). | 2.80 | $625.00 | $1,750.00 |
| 08/02/2022 | RJS | Relief from Stay Proceedings: Analyze Connecticut Plaintiffs' motion for relief from stay (.5); various emails with K. Lee and M. Schwartz re evidence required (.5); outline response re same (4.7). | 5.70 | $625.00 | $3,562.50 |
| 08/02/2022 | KSL | Litigation: Conference call with Conn. counsel to obtain update on timetable for jury selection, trial and cost figures (1.0); extended conference calls with counsel for Debtor, CRO and Schwartz Associates on preparing for First Day Hearings (3.0); continue to provide various inserts to First Day Orders and coordinate with Ray Battaglia on finalization of Utility, Critical Vendor, Extension of Time to File Schedules and Cash Collateral (1.0); review new issues raised by objectors as to use of cash collateral, and, provide responses to same (1.0); respond to and discuss issues raised by Texas and Conn Plaintiffs through Jarrod Martin and discuss with Ray Battaglia (1.5); respond to call from N. Pattis on whether there has been an extension of the automatic stay to Alex Jones (.5) | 8.00 | $850.00 | $6,800.00 |
| 08/03/2022 | RJS | Financing: Prepare for (1.0) and attend (7.0) hearing on use of cash collateral and other first-day motions; post-hearing meeting with M. Schwartz, K. Lee, and R. Battaglia (1.2). | 9.20 | $625.00 | $5,750.00 |
| 08/03/2022 | RJS | Relief from Stay Proceedings: Begin drafting response for motion for relief from automatic stay. | 3.00 | $625.00 | $1,875.00 |

| 08/03/2022 | KSL | Litigation: Review objections to First Day Motions and prepare responses to same for counsel and client (1.5); attend hearing on First Day Motions and hearing on First Day Motion to Use Cash Collateral of PQPR and discuss strategy and testimony with clients (7.0). | 8.50 | $850.00 | $7,225.00 |
|---|---|---|---|---|---|
| 08/04/2022 | RJS | Relief from Stay Proceedings: Continue drafting Motion for relief from automatic stay and conducting related research (5.0); draft witness and exhibit list re same (.4); send same to M. Schwartz, K. Lee, and R. Battaglia (.1); call re evidence for Connecticut Plaintiffs' lift stay motion (1.0); attention to email re Connecticut Plaintiffs' requested continuance of same and confirm agreement of Debtor (.1). | 6.70 | $625.00 | $4,187.50 |
| 08/04/2022 | KSL | Relief from Stay Proceedings: Analyze "cause" as set out in Conn. Plaintiffs' Emergency Motion to Lift Stay and discuss strategy on how to defend with CRO and co-counsel (1.5); t/c with S. Lemmon re: PQPR position on lift stay motion and budget (.5); review email stating that Connecticut Plaintiffs are continuing hearing on Emergency Motion to Lift Stay scheduled for August 5 to August 24 (.4). | 2.40 | $850.00 | $2,040.00 |
| 08/04/2022 | KSL | Fee/Employment Applications: Begin editing and revising Application to Employ Shannon & Lee LLP, especially the Declaration and connections wto InfoW bankruptcy cases (2.0); edit and revise Application to retain CRO and Schwartz Associates as advisors for CRO (1.0). | 3.00 | $850.00 | $2,550.00 |
| 08/05/2022 | RJS | Financing: Attention to J. Martin email re FSS company agreement (.1); draft response to same with attached documents (.5). | 0.60 | $625.00 | $375.00 |
| 08/05/2022 | RJS | Claims Administration and Objections: Analyze A. Jones proof of claim filed in Bankruptcy case (.1); review relevant documents for contractual indemnity (.9); draft email to M. Schwartz, K. Lee, and M. Schwartz re same (.1). | 1.10 | $625.00 | $687.50 |
| 08/05/2022 | RJS | Litigation: Attention to order of U.S. Bankruptcy Court for the District of Connecticut order setting hearing on Connecticut Plaintiffs' motion for remand on expedited basis (.2); outline response to same and motion for withdrawal of reference (3.3). | 3.50 | $625.00 | $2,187.50 |
| 08/05/2022 | KSL | Litigation: Handle drafting of Suggestions of Bankruptcy for A. Reynal in appellate and state court actions (.5); analyze and document state court evidence of values by Expert Witness Pettingill on FSS Values (1.0). | 1.50 | $850.00 | $1,275.00 |
| 08/05/2022 | KSL | Fee/Employment Applications: Analyze issues relating to Applications for CRO and Schwartz Associates (1.0). | 1.00 | $850.00 | $850.00 |
| 08/06/2022 | RJS | Claims Administration and Objections: Attention to verdict on punitive damages and research Texas caps | 1.50 | $625.00 | $937.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | re same (1.3); draft email to K. Lee and R. Battaglia re same (.2). | | | |
| 08/06/2022 | RJS | Litigation: Draft motion for pro hac vice for Connecticut bankruptcy court re removed Connecticut litigation (.9); draft motion for to withdrawal of the reference re same (2.5); analyze Connecticut Plaintiffs' motion to remand and draft response to same (5.6); draft email to M. Schwartz, K. Lee, N. Pattis, and R. Battaglia re same (.1). | 9.30 | $625.00 | $5,812.50 |
| 08/06/2022 | KSL | Fee/Employment Applications: Review comments provided by M. Schwartz to Application (.2); review and analyze new sections for Declaration iso Application to Retain and disclosures relating to InfoW (.8) | 1.00 | $850.00 | $850.00 |
| 08/07/2022 | RJS | Litigation: Updated pro hac vice application, motion to withdraw the reference, and response to motion to remand re Connecticut Litigation in response to K. Lee and R. Battaglia comments (1.5). | 1.50 | $625.00 | $937.50 |
| 08/07/2022 | RJS | Business Operations: Attention and respond to M. Schwartz emails re inventory issues (.3). | 0.30 | $625.00 | $187.50 |
| 08/07/2022 | KSL | Litigation: Work on building base case pleading for Motion to Withdraw the Reference to the District Court in Connecticut (2.0); edit and revise Pro Hac for RJ Shannon (.3); review and edit Response to Motion to Remand (1.0) | 3.30 | $850.00 | $2,805.00 |
| 08/08/2022 | RJS | Litigation: Call with N. Pattis re pleadings to file in Connecticut litigation (.1); draft email re visiting attorney application re same (.1); finalize motion to withdraw the reference and response to motion for remand re same (1.5); send same to N. Pattis and staff (.1); two calls with N. Pattis staff re filing of same (.1); confirm filing of same (.1); call with M. Schwartz, K. Lee, R. Battaglia, and N. Pattis re same (.5). | 2.40 | $625.00 | $1,500.00 |
| 08/08/2022 | RJS | Case Administration: Daily status call with M. Schwartz, K. Lee, R. Battaglia, with S. Jordan attending for part of call. | 1.00 | $625.00 | $625.00 |
| 08/08/2022 | KSL | Case Administration: Numerous t/cs with R. Battaglia, Norm Pattis, R. Shannon and M. Schwartz to discuss operational issues at FSS, retention issues with Connecticut counsel, and backlog on fulfillment of orders and additional cash collateral needed to complete same (1.5); extended call on daily FSS Team meeting to discuss issues on chapter 11 process and action plan (1.0). | 2.00 | $850.00 | $1,700.00 |
| 08/08/2022 | KSL | Litigation: Review of expert witness Pettingill's testimony in Heslin/Lewis Suit re valuation of FSS and methodology behind his opinion (.5). | 0.50 | $850.00 | $425.00 |
| 08/09/2022 | RJS | Litigation: Travel to Connecticut for 08/10/2022 | 6.50 | $312.50 | $2,031.25 |

| | | | | | |
|---|---|---|---|---|---|
| | | expedited hearing on Connecticut Plaintiffs' motion to remand (1/2 rate for non-working travel time). | | | |
| 08/09/2022 | RJS | Relief from Stay Proceedings: Attention to email from ADP re intention to terminate payroll services and respond to same. | 0.20 | $625.00 | $125.00 |
| 08/09/2022 | KSL | Business Operations: Work with Marc Schwartz and Ray Battaglia to understand extent of "backlog" issue and determine most appropriate solution (1.5); t/c with Norm Pattis to determine dislocation of Alex Jones with a Connecticut trial on his ability to do show and create sales for FSS (.5); extended call with FSS Team and Shelby Jordan, counsel for Alex Jones, on funding of fulfilling back orders and necessity for Alex Jones to be in Connecticut and absent from studio during Connecticut trial (1.0). | 3.00 | $850.00 | $2,550.00 |
| 08/09/2022 | KSL | Case Administration: Extended daily call with FSS Team to discuss daily assignments and action items requiring attention (1.0). | 1.00 | $850.00 | $850.00 |
| 08/09/2022 | KSL | Fee/Employment Applications: Continue to review and make additional edits to Application to Retain CRO, Declaration of Marc Schwartz, Application to Retain S&L and Declaration of Kyung S. Lee (2.0). | 2.00 | $850.00 | $1,700.00 |
| 08/10/2022 | RJS | Litigation: Calls with K. Lee re hearing on motion to remand re Connecticut Litigation (.2); prepare for hearing (2.3); call with N. Pattis re motion to continue filed by Connecticut Plaintiffs and attention to filing of same on docket (.2); call with K. Lee after hearing continued after traveling to vicinity of Bridgeport, Connecticut bankruptcy court (.1); call with N. Pattis after conclusion of disciplinary proceeding in Connecticut Superior Court related to Connecticut Plaintiffs' claims (.1); attention to filing by N. Pattis in Connecticut Bankruptcy Court and email M. Schwartz, K. Lee, and R. Battaglia about authorization (.2). | 3.10 | $625.00 | $1,937.50 |
| 08/10/2022 | RJS | Litigation: Travel from Windsor Locks, Connecticut to Pattis & Smith office in Newport, Connecticut in advance of hearing in Bridgeport, Connecticut, confirm hearing had been continued to 8/12/22, and return to Windsor Locks(1/2 non-working travel rate). | 2.00 | $312.50 | $625.00 |
| 08/10/2022 | RJS | Litigation: Travel time related to return rental car and proceed to Hartford, CT airport for return flight to Houston prior to delay and ultimate cancelation of flight due to storms in DC area and Houston (1/2 travel time). | 2.80 | $312.50 | $875.00 |
| 08/10/2022 | KSL | Litigation: T/c with R. Shannon to discuss arguments in Connecticut on Motions to Remand and response to same (.5); conference call with FSS Team to determine division of work and action plan of items to handle for FSS in Texas and Connecticut (1.0). | 1.50 | $850.00 | $1,275.00 |

| 08/10/2022 | KSL | Financing: Numerous t/cs with S. Lemmon to update on negotiations over cash collateral and discovery propounded by Plaintiffs' counsel (.8). | 0.80 | $850.00 | $680.00 |
|---|---|---|---|---|---|
| 08/10/2022 | KSL | Business Operations: Conference calls with M. Schwartz, C. Schwartz and Ray Battaglia on issues relating to fulfillment and backlog of shipping orders (1.0); conference call to review status of ADP proposed termination of FSS as client and whether alternative third-party administrator is required for FSS (1.0); continue to obtain facts and approaches to solving backlog and fulfillment issues at FSS and its dealings with Blue Asension Logistics, LLC (2.0). | 4.00 | $850.00 | $3,400.00 |
| 08/11/2022 | RJS | Litigation: Travel time to return to Houston from Connecticut (1/2 rate non-working travel). | 6.50 | $625.00 | $4,062.50 |
| 08/11/2022 | KSL | Case Administration: Draft, edit, and file notice of appearance for case (.5). | 0.50 | $850.00 | $425.00 |
| 08/11/2022 | KSL | Financing: Contact R. Saldana to determine availability of court to hear emergency motion to amend cash collateral order (.5); review fulfillment issue, cash collateral required in order to overcome backlog, factoring arrangement between Blue Asension and Alex Jones, extent of backlog and handle issues relating to handling same without affecting credit card processor and bank relating to same (3.0); numerous conference calls to discuss fulfillment issue and cash collateral amendment required (2.0); assist R. Battaglia in preparing for hearing on amendment to cash collateral hearing with drafts of Witness and Exhibit List, strategy considerations, topical areas to cover with both Patrick Riley and Marc Schwartz (2.0). | 7.50 | $850.00 | $6,375.00 |
| 08/12/2022 | RJS | Litigation: Prepare for (2.0); and attend (.7) remote hearing in Connecticut Bankruptcy Court re motion for remand; call with K. Lee re outcome of same (.1); respond to S. Jordan email re same (.1). | 2.90 | $625.00 | $1,812.50 |
| 08/12/2022 | RJS | Financing: Prepare for (.2) and attend (4.1) hearing on motion to amend interim cash collateral order. | 4.30 | $625.00 | $2,687.50 |
| 08/12/2022 | KSL | Financing: Prepare for hearings on amendment to cash collateral order and assist R. Battaglia in presentation of case and assist in cross-examination of witnesses (2.0); emails on negotiations with Plaintiffs counsel, subchapter v trustee and US Trustee on cash collateral amendment and issues relating to fulfillment and Blue Asension agreement (1.0); assist in preparation of witnesses Marc Schwartz and Patrick Riley by Ray Battaglia (1.5); assist Ray Battaglia at hearing on Emergency Motion to Amend Cash Collateral, review exhibits and formulate objections to admission of same to Objector's exhibits, and analyze revised 13 week budget and attend hearing by video (3.5); post-hearing discussions with M. Schwartz to make sure all issues | 8.30 | $850.00 | $7,055.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | covered(.3) | | | |
| 08/13/2022 | RJS | Litigation: Review discovery request from plaintiffs and gather relevant documents from email. | 3.10 | $625.00 | $1,937.50 |
| 08/15/2022 | KSL | Litigation: Conference call with FSS Team to discuss issues relating to discovery, Connecticut Plaintiffs Emergency Motion to Lift Stay, Connecticut litigation and status of remand (1.0); Zoom call to discuss issues relating to extension of the automatic stay, the necessity of Alex Jones on the air, the effect it will have on FSS sales and testimony required at hearing on same (1.5) | 2.50 | $850.00 | $2,125.00 |
| 08/15/2022 | RJS | Fee/Employment Applications: Review application to employ drafted by K. Lee (.3); Revise and comments to application to employ S&L (2.2). | 2.50 | $625.00 | $1,562.50 |
| 08/15/2022 | RJS | Case Administration: Attend daily status call re matter. | 0.50 | $625.00 | $312.50 |
| 08/15/2022 | RJS | Meetings of Creditors: Call with Steve Lemmon appended to daily status call. | 0.30 | $625.00 | $187.50 |
| 08/15/2022 | RJS | Litigation: Gather emails re disciplinary hearing of N. Pattis and A. Reynal related to estate's potential retention of attorneys for Connecticut litigation (1.0); send same to K. Lee for submission to Connecticut disciplinary counsel (.1); calls with K. Lee re same (.2). | 1.30 | $625.00 | $812.50 |
| 08/15/2022 | RJS | Litigation: Attention to order of remand of removed Connecticut Litigation (.2); attention and response to K. Lee email re appeal/other action with respect to remand order or extension of automatic stay requested by S. Jordan (.3). | 0.50 | $625.00 | $312.50 |
| 08/16/2022 | KSL | Litigation: Respond to emails and undertake analysis relating to extension of the automatic stay, the requirements for such extension under 5th Circuit law, Divine Ripe and cases discussed (2.0); interview Fulfillment Expert from Fort Worth Texas and follow-up with M. Schwartz (1.0). | 3.00 | $850.00 | $2,550.00 |
| 08/16/2022 | RJS | Litigation: Attention to, research regarding, and detailed response to email from S. Jordan re appeal/other action in response to the order remanding removed Connecticut litigation (2.0); draft follow up email re same proposing path forward allowing Connecticut litigation to continue (.8). | 2.80 | $625.00 | $1,750.00 |
| 08/16/2022 | RJS | Financing: Attend teleconference with potential expert regarding Blue Asension in connection with Debtor's request for use of cash collateral with K. Lee, M. Schwartz, and C. Schwartz and draft emails to M. Schwartz during teleconference. | 1.00 | $625.00 | $625.00 |
| 08/16/2022 | RJS | Case Administration: Attend daily status call re matter. | 0.50 | $625.00 | $312.50 |
| 08/16/2022 | RJS | Relief from Stay Proceedings: Research and case | 3.30 | $625.00 | $2,062.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | analysis re extension of the automatic stay to A. Jones in Connecticut litigation requested by S. Jordan (2.5); draft detailed email responding to K. Lee email re same (.6); draft follow up email re same issue for remaining Texas litigation (.2). | | | |
| 08/16/2022 | RJS | Fee/Employment Applications: Finalize comments to application to employ S&L as co-counsel to the Debtor (.6); confirm computerized connections search re K. Lee declaration (no charge); draft email to S. Lee re same (.1). | 0.70 | $625.00 | $437.50 |
| 08/16/2022 | KSL | Case Administration: Attend daily call to discuss status of Emergency Motion to Lift Stay and Emergency Motion to use Cash Collateral (1.0). | 1.00 | $850.00 | $850.00 |
| 08/16/2022 | KSL | Fee/Employment Applications: Edit and revise draft Application to Retain CRO and Declaration of Marc Schwartz and circulate for review (1.0); review and revise Application to Retain S&L and Declaration of Kyung S. Lee (1.0). | 2.00 | $850.00 | $1,700.00 |
| 08/16/2022 | KSL | Financing: Several phone calls to S. Lemmon to discuss status of cash collateral order negotiations, new PQPR issues and discovery of PQPR documents (.6). | 0.60 | $850.00 | $510.00 |
| 08/17/2022 | KSL | Litigation: Numerous t/c with S. Jordan, counsel for Alex Jones, on issues relating to Connecticut Action (.5). | 0.50 | $850.00 | $425.00 |
| 08/17/2022 | RJS | Fee/Employment Applications: Research need for application to employ testifying expert re Blue Asencion (.7); draft email re same to M. Schwartz, C. Schwartz, and K. Lee (.1); revise J. Michaels engagement letter as counter proposal (.8); draft email re changes to M. Schwartz, C. Schwartz, and K. Lee re same (.1). | 1.70 | $625.00 | $1,062.50 |
| 08/17/2022 | RJS | Relief from Stay Proceedings: Revise response to Connecticut Plaintiffs' lift stay motion (3.8); incorporate comments re same (1.2); finalize response to Connecticut Plaintiffs' lift stay motion (.5); file and serve same (.4); draft email re availability of FSS employee witnesses in Connecticut litigation proceeding against A. Jones only to M. Schwartz, C. Schwartz, R. Battaglia, and K. Lee (.3). | 6.20 | $625.00 | $3,875.00 |
| 08/17/2022 | RJS | Case Administration: Attend daily status call re matter. | 0.50 | $625.00 | $312.50 |
| 08/17/2022 | KSL | Relief from Stay Proceedings: T/c with R. Battaglia, M. Schwartz and R. Shannon on various issues relating to Emergency Motion to Lift Stay by Connecticut Plaintiffs (1.0); review and edit final version of FSS Response to Emergency Motion to Lift Stay (1.0). | 2.00 | $850.00 | $1,700.00 |
| 08/17/2022 | KSL | Business Operations: Conference call with CR3 Partners and Ray Battaglia to retain loss revenue due | 1.40 | $850.00 | $1,190.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | to unavailability of Alex Jones and fulfillment process at Blue Asension (1.0); t/c with S. Lemmon, counsel for PQPR, on issues relating to products shipped and not paid for by FSS pre-petition (.4). | | | |
| 08/17/2022 | KSL | Fee/Employment Applications: Review and revise final versions of Applications to Retain S&L and CRO (1.5) | 1.50 | $850.00 | $1,275.00 |
| 08/18/2022 | KSL | Fee/Employment Applications: Locate executed engagement letters for R. Shannon re: completion of Applications to Employ (.3). | 0.30 | $850.00 | $255.00 |
| 08/18/2022 | RJS | Relief from Stay Proceedings: Email to K. Lee re case law re S. Jordan request to extend automatic stay to A. Jones (.4); outline proposal of potential resolution of Connecticut Plaintiffs lift stay motion in advance of daily status call (.5); teleconference with N. Pattis, S. Jordan, M. Schwartz, R. Battaglia, and K. Lee re Connecticut litigation and stay (.8); update proposal drafted previously and send same to R. Battaglia (.1). | 1.80 | $625.00 | $1,125.00 |
| 08/18/2022 | RJS | Case Administration: Attend daily status call re matter. | 1.00 | $625.00 | $625.00 |
| 08/18/2022 | RJS | Fee/Employment Applications: Email to K. Lee re executed copy of S&L engagement letter (.1); revise applications to employ CRO and S&L (1.8); prepare proposed final versions of same and draft email to M. Schwartz re for review, approval, and signature (.2). | 2.10 | $625.00 | $1,312.50 |
| 08/18/2022 | KSL | Relief from Stay Proceedings: Numerous emails and discussions with R. Shannon on whether Fifth Circuit law allows extension of the automatic stay without identity of interest under Divine Ripe (1.0); extended conference call with Norm Pattis and FSS Team to discuss proof for Emergency Motion to Lift Stay filed by Conn Plaintiffs (1.0); conference call with lost revenue expert and FSS Team in anticipation of hearing on Lift Stay Motion (1.0); conference call with FSS Team to discuss outline of topics to handle, strategy on lift stay and handling of issues relating to Connecticut and Texas trial dates in August and September 2022 (2.0); analyze issues relating to whether the FSS Company Agreement and any amendment provides for indemnification of member and manager (.5); analyze whether by operation of law a manager and member are entitled to indemnification as a matter of Texas law (1.0). | 6.50 | $850.00 | $5,525.00 |
| 08/18/2022 | KSL | Financing: Numerous t/cs with S. Lemmon to discuss status of negotiations on cash collateral and discovery with Plaintiffs (.5). | 0.50 | $850.00 | $425.00 |
| 08/19/2022 | KSL | Relief from Stay Proceedings: Outline issues raised in Emergency Motion to Lift Stay and responses to same in preparation for witness outlines (1.5). | 1.50 | $850.00 | $1,275.00 |
| 08/19/2022 | RJS | Fee/Employment Applications: Review, revise, and | 1.40 | $625.00 | $875.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| | | prepare proposed final version of R. Battaglia application to employ (.7); draft email to R. Battaglia re same (.1); draft email to M. Schwartz re proposed final versions of applications to employ (.1); attention and respond to K. Lee email re draft engagement letter for Pattis & Smith LLC (.2); attention and respond to K. Lee email re captions for Connecticut litigation in connection with application to employ Pattis & Smith LLC (.2); attention and respond to various emails with K. Lee re same (.1). | | | |
| 08/19/2022 | RJS | Relief from Stay Proceedings: Research compliance of Connecticut state court procedure with the automatic stay (1.8); draft email to K. Lee re same (.2). | 2.00 | $625.00 | $1,250.00 |
| 08/19/2022 | RJS | Case Administration: Attend daily status call re matter. | 0.50 | $625.00 | $312.50 |
| 08/19/2022 | KSL | Case Administration: Extended conference call with FSS Team on daily call to determine status of various projects and work plan (1.0); numerous t/cs with Ray Battaglia, Norm Pattis, Andino Reynal, S. Lemmon, Marc Schwartz and R. Shannon on comments to retention pleadings, cash collateral order and budget, new product sale issues, and matters related to defense of the Connecticut Plaintiffs' Emergency Motion to Lift the Automatic Stay (.5). | 1.50 | $850.00 | $1,275.00 |
| 08/19/2022 | KSL | Fee/Employment Applications: Work on creating and revising retention pleadings, editing engagement letters, disclosures and forms of orders for Pattis & Smith on a flat fee basis and Reynal Law Firm on an hourly basis as special counsel for FSS in Connecticut litigation (4.0). | 4.00 | $850.00 | $3,400.00 |
| 08/20/2022 | RJS | Fee/Employment Applications: Final review applications to employ CRO, The Law Offices of Ray Battaglia, and Shannon & Lee LLP prior to filing (.3); finalize, file, and serve same (.5). | 0.80 | $625.00 | $500.00 |
| 08/21/2022 | KSL | Relief from Stay Proceedings: Arrange for calls among FSS professionals and Alex Jones team to discuss status of negotiations and agreements on cash collateral motion and Conn Plaintiffs' Emergency Motion to Lift Stay (.5); analyze issues on negotiations over the Lift Stay and discuss provisions acceptable to N. Pattis to allow representation of FSS and necessity of Pattis & Smith to the agreements (.5). | 1.00 | $850.00 | $850.00 |
| 08/21/2022 | RJS | Relief from Stay Proceedings: Teleconference with M. Schwartz, K. Lee, R. Battaglia, and S. Jordan re resolution of AEJ issues with agreement to Connecticut lift stay motion and retention of state court counsel (.5); follow up call re same with A. Reynal and N. Pattis present (.7). | 1.20 | $625.00 | $750.00 |
| 08/21/2022 | KSL | Relief from Stay Proceedings: Extended calls among FSS professionals, proposed state court litigation | 1.00 | $850.00 | $850.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | counsel, and J. Jordan to discuss resolution of Alex Jones issues regarding Connecticut Lift Stay Motion and retention of state court counsel (1.0). | | | |
| 08/21/2022 | KSL | Fee/Employment Applications: Work on editing various pleadings and retention letters reflecting changes as a result of calls and updates from parties (2.0). | 2.00 | $850.00 | $1,700.00 |
| 08/22/2022 | KSL | Fee/Employment Applications: Edit and revise comments and formula for compensating Connecticut and Texas state court litigation counsel by editing and revising retention agreement, Emergency Applications, Rule 2014 Disclosures and forms of orders (4.0). | 4.00 | $850.00 | $3,400.00 |
| 08/22/2022 | RJS | Case Administration: Attend daily status call re matter including preliminary views of J. Michels re Blue Asension. | 0.50 | $625.00 | $312.50 |
| 08/22/2022 | RJS | Fee/Employment Applications: Provide comments to K. Lee draft application to employ Pattis & Smith (.5); teleconferences with N. Pattis and A. Reynal re draft applications to employ same (1.0). | 1.50 | $625.00 | $937.50 |
| 08/22/2022 | KSL | Relief from Stay Proceedings: Extended call with FSS Team to discuss issues relating to Cash Collateral Order and Lfit Stay Matter (1.0); numerous conference calls with co-counsel, CRO, State Court counsel and opposing counsel on Stay Lift Motion and issues relating to retention of state court counsel (2.0). | 3.00 | $850.00 | $2,550.00 |
| 08/23/2022 | RJS | Case Administration: Attend daily status call re matter. | 0.50 | $625.00 | $312.50 |
| 08/23/2022 | RJS | Relief from Stay Proceedings: Attention and respond to various emails re stipulation further abating requirement to file W&E list, finalize same, and file and serve same (.5); teleconference with M. Schwartz, R. Battaglia, and K. Lee re Connecticut Plaintiffs comments to proposed agreed order (.6); teleconference with R. Chapple re same (.2); provide Debtor comments to proposed order to R. Chapple re same (.1). | 1.40 | $625.00 | $875.00 |
| 08/23/2022 | RJS | Fee/Employment Applications: Review and finalize applications to employ Pattis & Smith and the Reynal Law firm (1.1); file and serve same (.5). | 1.60 | $625.00 | $1,000.00 |
| 08/23/2022 | KSL | Fee/Employment Applications: Edit and revise comments and formula for compensating Connecticut and Texas state court litigation counsel by editing and revising retention agreement, Emergency Applications, Rule 2014 Disclosures and forms of orders (3.0). | 3.00 | $850.00 | $2,550.00 |
| 08/23/2022 | KSL | Relief from Stay Proceedings: Extended call with FSS Team to discuss issues relating to Cash Collateral Order and Lift Stay Matter (1.0); extended call with FSS Team to discuss issues relating to Cash Collateral Order and Lift Stay Matter (1.0); numerous conference calls with co-counsel, CRO, State Court counsel and | 5.00 | $850.00 | $4,250.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | opposing counsel on Lift Stay Motion and issues relating to retention of state court counsel (2.0); edit and file order on extending deadlines to file Witness and Exhibit List for Lift Stay Motion (1.0). | | | |
| 08/24/2022 | RJS | Relief from Stay Proceedings: Attention and respond to K. Lee emails re lift stay motion (.2); attend part of hearing on lift stay motion after conflicting hearing concluded (.2); draft notice of continued hearing re lift stay motion and applications to employ (.5); file and serve same (.3); draft email to R. Chapple re inclusion of lift stay motion in notice along with the applications to employ (.1); teleconference re lift stay issues (1.0). | 2.30 | $625.00 | $1,437.50 |
| 08/24/2022 | RJS | Fee/Employment Applications: Conduct research into UST comments about potential causes of action against state court counsel in connection with applications to employ Pattis and Reynal (.2); draft email to K. Lee, M. Schwartz, R. Battaglia, and S. Jordan re same (.1). | 0.30 | $625.00 | $187.50 |
| 08/24/2022 | KSL | Relief from Stay Proceedings: Prepare notes for meetings with Marc Schwartz and court in connection with Lift Stay Motion and Cash Collateral Extension Motion (1.0); breakfast meeting with M. Schwartz on same (1.0); handle portions of hearing relating to FSS on Lift Stay Motion (1.0). | 3.00 | $850.00 | $2,550.00 |
| 08/24/2022 | KSL | Fee/Employment Applications: Handle dialogue and exchange of data relating to agreements, terms and conditions of retaining special counsel for Connecticut and Texas litigation (3.0). | 3.00 | $850.00 | $2,550.00 |
| 08/24/2022 | KSL | Meetings of Creditors: Discuss with counsel for interested parties latest developments on case issues with client and co-counsel (1.5). | 1.50 | $850.00 | $1,275.00 |
| 08/25/2022 | RJS | Fee/Employment Applications: Various emails with K. Lee and team re information requested by UST re applications to employ Pattis and Reynal. | 0.50 | $625.00 | $312.50 |
| 08/25/2022 | RJS | Financing: Review communications and documents re Plaintiffs requests for production re cash collateral (2.5); prepare privilege log re same (.5); prepare shell response and send same to R. Battaglia (.5.). | 3.50 | $625.00 | $2,187.50 |
| 08/25/2022 | RJS | Case Administration: Attend daily status call re matter (.5); attention to and analysis of motion to appoint tort committee and remove Debtor as DIP (3.7); draft email to Plaintiffs' counsel re exhibits attached to motion (.1). | 4.30 | $625.00 | $2,687.50 |
| 08/25/2022 | KSL | Fee/Employment Applications: Revise and edit Amended Declarations for Pattis and Reynal (1.0); revise and edit engagement letters for Reynal and Pattis (1.0); negotiate with Alex Jones over the share of fees to be borne by Alex Jones as to special counsel fees (1.0) | 3.00 | $850.00 | $2,550.00 |

| 08/26/2022 | RJS | Case Administration: Attend daily status call re matter (.5); draft proposed written discovery on Plaintiffs re motion for tort claimants committee/remove DIP (4.1); draft response to motion to expedite same (6.3). | 10.90 | $625.00 | $6,812.50 |
| 08/26/2022 | RJS | Relief from Stay Proceedings: Attention to emails re Ally Auto repossessing Tahoe (.1); search docket to confirm service on Ally Auto and send proof of same to team (.3); prepare witness and exhibit list for August 29 hearing (1.3); finalize and file same (.5). | 2.20 | $625.00 | $1,375.00 |
| 08/26/2022 | RJS | Fee/Employment Applications: Review and provide comments/revisions to updated declaration of N. Pattis and A. Reynal. | 0.20 | $625.00 | $125.00 |
| 08/26/2022 | KSL | Case Administration: Prepare for and attend FSS Daily Team call to coordinate activities for CRO of FSS (1.5); analyze action items requiring attention over Labor Day weekend for FSS (1.0). | 3.50 | $850.00 | $2,975.00 |
| 08/26/2022 | KSL | Fee/Employment Applications: Handle issues relating to amendments for the Declarations for new special counsel firms (1.0); analyze action items requiring attention over Labor Day weekend for FSS (1.0). | 2.00 | $850.00 | $1,700.00 |
| 08/27/2022 | KSL | Case Administration: Undertake initial research and prepare first draft of Response to Motion to Expedite (1.0) (reduced to 1 hour from 5 to avoid duplication with RJ Shannon work on project previously started). | 1.00 | $850.00 | $850.00 |
| 08/27/2022 | RJS | Relief from Stay Proceedings: Respond to various emails to N. Pattis re effect of automatic stay on the Connecticut proceeding absent agreed order (.5); draft emails to S. Jordan re A. Jones agreement to paragraphs of proposed order re Connecticut Plaintiffs' motion for relief from stay (.1). | 0.60 | $625.00 | $375.00 |
| 08/27/2022 | RJS | Case Administration: Status call re negotiations re lift stay and applications to employ (.5); call with M. Haselden re matter and PQPR request for investigation (.2); follow-up call among M. Haselden, S. Lemmon, R. Battaglia, and K. Lee re same (.4); incorporate comments from K. Lee and R. Battaglia into response to Motion to Expedite Plaintiffs' motion for tort claimants committee/removal of DIP (3.2). | 4.30 | $625.00 | $2,687.50 |
| 08/27/2022 | KSL | Fee/Employment Applications: Work on revising Amended Disclosures for Special Counsel and gathering facts relating to each firm's payment and amendments from original agreement (3.0). | 3.00 | $850.00 | $2,550.00 |
| 08/27/2022 | KSL | Relief from Stay Proceedings: Numerous conferences with R. Battaglia on issues relating to Lift Stay Motion agreement and negotiations relating to same (.5); coordinate with Connecticut counsel and R. Battaglia issues to be negotiated with opposing counsel on Lift Stay Motion (1.5); consult CRO on various outstanding | 3.50 | $850.00 | $2,975.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | issues and walk him through the overlap of issues on retention and Lift Stay Agreement (.5); Zoom call to discuss status of negotiations and outstanding asks from parties (1.0). | | | |
| 08/28/2022 | KSL | Fee/Employment Applications: Work on multiple revisions to the retention orders for special counsel Pattis & Smith and The Reynal Firm (1.0); communicate with CRO and special counsel on forms of order and revisions thereto (.5); handle Amended Declaration to reflect corrections and necessary updates to Declarations (1.5); update US Trustee and negotiate with same on forms of orders for retention of Pattis and Reynal Firm (1.0). | 4.00 | $850.00 | $3,400.00 |
| 08/28/2022 | RJS | Case Administration: Further incorporate comments to response to motion to expedite Plaintiffs' motion for tort claimants committee (4.0); detailed read through and revisions to the same (2.3); finalize, file, and serve same (.5). | 6.80 | $625.00 | $4,250.00 |
| 08/28/2022 | KSL | Case Administration: Work on multiple edits and revisions to draft of Response to Motion to Expedite filed by the Conn Plaintiffs (3.0); numerous t/c with R. Battaglia to discuss sections in the Response (.4). | 3.40 | $850.00 | $2,890.00 |
| 08/28/2022 | KSL | Financing: Conference with S. Lemmon and M. Schwartz to discuss clawback capacity re PQPR (.5). | 0.50 | $850.00 | $425.00 |
| 08/29/2022 | RJS | Relief from Stay Proceedings: Prepare for (1.5) and attend (.6) hearing re lift stay motion and applications to employ Pattis and Reynal. | 2.10 | $625.00 | $1,312.50 |
| 08/29/2022 | RJS | Case Administration: Attend daily status call re matter (.5); review and finalize schedules through in person conference with M. Schwartz and K. Lee and various emails with same and R. Battaglia (6.5); file same (.4). | 7.40 | $625.00 | $4,625.00 |
| 08/29/2022 | KSL | Fee/Employment Applications: Edit and revise retention orders for Special Counsel for Pattis & Smith and The Reynal Firm (1.0); review issues on retention of special counsel with US Trustee and objecting creditors (1.0); analyze issues for hearing with Marc Schwartz (.5); handle matters at the scheduled hearing on Motion to Lift Stay and Retention of Special Counsel (1.0). | 3.50 | $850.00 | $2,975.00 |
| 08/29/2022 | KSL | Case Administration: Work on comments to IDI draft and to drafts of Schedules and SOFA (2.0). | 2.00 | $850.00 | $1,700.00 |
| 08/30/2022 | RJS | Case Administration: Attend daily status call (.5); outline notes re response to Plaintiffs' motion for tort claimants committee/remove DIP (1.0). | 1.50 | $625.00 | $937.50 |
| 08/30/2022 | RJS | Plan and Disclosure Statement: Various emails with K. Lee re beginning drafting plan of reorganization. | 0.50 | $625.00 | $312.50 |
| 08/30/2022 | KSL | Case Administration: Review and analyze IDI answers | 2.50 | $850.00 | $2,125.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | with M. Schwartz and prepare for and handle IDI with US Trustee's office (2.5). | | | |
| 08/30/2022 | KSL | Fee/Employment Applications: Handle further amendments and changes to any orders and agreements with respect to retention of Chris Martin as appellate counsel, including amending engagement letter and Application, Declaration and form of order (2.0). | 2.00 | $850.00 | $1,700.00 |
| 08/30/2022 | KSL | Litigation: Assist N. Pattis with issues in connection with starting trial in Connecticut (1.0); analyze issues relating to PQPR involvement in case and discovery (1.5) | 2.50 | $850.00 | $2,125.00 |
| 08/31/2022 | RJS | Case Administration: Attend daily status call re matter. | 0.50 | $625.00 | $312.50 |
| 08/31/2022 | RJS | Litigation: Prepare various documents related to removal of cases in InfoW cases in connection with Plaintiffs' request for sanctions in Connecticut Litigation. | 0.70 | $625.00 | $437.50 |
| 08/31/2022 | KSL | Fee/Employment Applications: Continue to edit, revise and negotiate Chris Martin engagement letter and application with firm and counsel for Alex Jones (2.0). | 2.00 | $850.00 | $1,700.00 |
| 08/31/2022 | KSL | Case Administration: Analyze issues relating to whether the subchapter v trustee should investigate versus Tort Committee and analyze subchapter V cases of Corinthian on same (3.0). | 3.00 | $850.00 | $2,550.00 |
| 09/01/2022 | KSL | Litigation: Review response by PQPR and issues relating to use of incorrect term for Sandy Hook Plaintiffs and communications with counsel regarding same (1.5). | 1.50 | $850.00 | $1,275.00 |
| 09/01/2022 | KSL | Business Operations: Handle issues relating to emails from M. Randazza on claims arising from depositions, issues from reporters and handling of PQPR business issues (1.0); conference call among FSS business and legal to discuss developments in the case (1.0) | 2.00 | $850.00 | $1,700.00 |
| 09/01/2022 | KSL | Plan and Disclosure Statement: Collect cases and update M. Schwartz on "disposable income" definition to assist in modeling 3-5 year forecasts (1.0) | 1.00 | $850.00 | $850.00 |
| 09/01/2022 | RJS | Plan and Disclosure Statement: Draft detailed email to K. Lee and R. Battaglia about limits of common interest privilege and applicability to bankruptcy and plan negotiations. | 0.80 | $625.00 | $500.00 |
| 09/02/2022 | RJS | Case Administration: Draft email to K. Lee re timing of matters (.1); attend daily status call (.5). | 0.60 | $625.00 | $375.00 |
| 09/02/2022 | KSL | Litigation: Gather data and paper on preference payment made to Bankston and the Texas Plaintiffs (.5); analyze and gather data on recovery actions against PQPR (1.0). | 1.50 | $850.00 | $1,275.00 |

| 09/02/2022 | KSL | Case Administration: Draft, circulate and edit Motion to Compel Compliance with Bankruptcy Rule 2019 (2.5) | 2.50 | $850.00 | $2,125.00 |
|---|---|---|---|---|---|
| 09/02/2022 | KSL | Relief from Stay Proceedings: Follow-up on issues relating to ADP (.3). | 0.30 | $850.00 | $255.00 |
| 09/02/2022 | KSL | Case Administration: Draft, circulate and edit Motion to Compel Compliance with Bankruptcy Rule 2019 (2.5); | 2.50 | $850.00 | $2,125.00 |
| 09/02/2022 | RJS | Plan and Disclosure Statement: Draft email to K. Lee re projected disposable income calculation in subchapter v cases. | 0.20 | $625.00 | $125.00 |
| 09/02/2022 | RJS | Litigation: Revise written discovery requests re motion to appoint TCC and remove DIP (.3); draft email to K. Lee re same (.1); attention and respond to K. Lee email re exhibits to TCC motion (.2). | 0.60 | $625.00 | $375.00 |
| 09/02/2022 | RJS | Fee/Employment Applications: Attention to K. Lee draft of Interim Compensation Motion (.2); draft email re service of same (.1). | 0.30 | $625.00 | $187.50 |
| 09/03/2022 | RJS | Litigation: Attention and respond to emails from K. Lee re claims and avoidance actions (.2); follow up emails re particular potential avoidance actions and applicability of section 502(d) (.3). | 0.50 | $625.00 | $312.50 |
| 09/03/2022 | KSL | Business Operations: Study and analyze M. Schwartz term sheet from ███ outlining $500,000 per week additional consignment financing agreement bullet points prepared by M. Schwartz (2.0); edit and revise first draft of Consignment and Financing Agreement (1.0); conference call with M. Schwartz and S. Jordan to discuss Consignment Agreement (.5) | 3.50 | $850.00 | $2,975.00 |
| 09/04/2022 | RJS | Litigation: Attention to emails re certified copies of bankruptcy documents for litigation (.1); request same from the Clerk of Court (.2). | 0.30 | $625.00 | $187.50 |
| 09/04/2022 | KSL | Litigation: Review and gather certain financial data requested by Norm Pattis in connection with Connecticut trial relating to financial condition of FSS, and, to be used with corporate representative B. Paz (2.0) | 2.00 | $850.00 | $1,700.00 |
| 09/05/2022 | KSL | Litigation: Follow up on gathering data for preference demand on payments made to Bankston and Connecticut Plaintiffs counsel, if any (1.0) | 1.00 | $850.00 | $850.00 |
| 09/05/2022 | KSL | Plan and Disclosure Statement: Study facts and conclusions from the Logistics Giving case and email S. Lemmon on plan concept re potential subordination of any allowed unsecured portion of asserted PQPR claim (2.5). | 2.50 | $850.00 | $2,125.00 |
| 09/05/2022 | KSL | Business Operations: Email review of bitcoin account issue by Marc Schwartz (.2) | 0.20 | $850.00 | $170.00 |

| 09/06/2022 | RJS | Claims Administration and Objections: Attention to K. Lee email re claims remaining against InfoW also against FSS and respond to same. | 0.10 | $625.00 | $62.50 |
|---|---|---|---|---|---|
| 09/06/2022 | RJS | Case Administration: Preliminary research re motion to appoint tort claimant committee (.3); attend daily status conference (.9); further research, outline, and begin drafting response to motion to appoint tort claimant committee (5.1). | 6.30 | $625.00 | $3,937.50 |
| 09/06/2022 | RJS | Litigation: Call with S. Lemmon, S. Jordan, K. Lee, and R. Battaglia re discovery matters. | 1.50 | $625.00 | $937.50 |
| 09/06/2022 | KSL | Fee/Employment Applications: Handle emails inquiring into recovery of out-of-pocket expenses for Pattis & Smith LLP and review of files to determine whether FSS should pay (.5) | 0.50 | $850.00 | $425.00 |
| 09/06/2022 | KSL | Litigation: Respond to requests from Connecticut counsel for affidavits relating to certain contentions made which are not accurate re: management agreement between FSS and PQPR, and other statements (2.0); review status of discovery and outstanding issues between Plaintiffs and Debtor with emails from J. Martin and R. Battaglia (1.0); respond to requests for information on previous cases and appearances by Connecticut counsel on disciplinary matters (2.0). | 5.00 | $850.00 | $4,250.00 |
| 09/06/2022 | KSL | Case Administration: Prepare for daily call with draft agenda (1.0); daily FSS call with CRO and counsel (1.0) | 2.00 | $850.00 | $1,700.00 |
| 09/06/2022 | RJS | Litigation: Emails with K. Lee re transcripts attached as exhibits to TCC motion (.2); draft email to J. Martin and R. Chapple re same (.1); send M. Schwartz drafts of written discovery requests re TCC motion (.1). | 0.40 | $625.00 | $250.00 |
| 09/07/2022 | RJS | Case Administration: Attend daily status call re matter (.4); outline factual background section for response to motion for TCC/removal of DIP (1.9). | 2.30 | $625.00 | $1,437.50 |
| 09/07/2022 | RJS | Meetings of Creditors: Listen and take notes re 341 meeting of creditors. | 1.80 | $625.00 | $1,125.00 |
| 09/07/2022 | KSL | Meetings of Creditors: Prepare M. Schwartz for 341 Meeting of Creditors (1.0); attend 341 Meeting of Creditors and represent Debtor through CRO at same (2.0). | 3.00 | $850.00 | $2,550.00 |
| 09/08/2022 | KSL | Litigation: Work on revising affidavit drafts for Norm Pattis from employees of FSS (1.0); edit and revise affidavit of Blake Roddy (.5); continue to review and revise affidavits relating to Google Analytics, analyze state court discovery on same and report findings to Marc Schwartz and counsel and discuss same with Norm Pattis (2.0); review same with Norm Pattis, Blake | 5.00 | $850.00 | $4,250.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | Roddy and R.Shannon and update affidavit (1.5). | | | |
| 09/08/2022 | RJS | Litigation: Attention to request from N. Pattis/M. Schwartz re "management agreement" referenced in testimony in Connecticut Litigation and respond to same (.2); attention and respond to various emails re same (.2); draft affidavit re same for M. Schwartz re same for use in Connecticut Litigation (1.5); attention to emails re "Google Analytics" issue (.1); attend calls with N. Pattis, FSS employee Roddy, K. Lee, and M. Schwartz re same (.7); prepare draft Roddy affidavit providing the "Google Analytics" to Connecticut Plaintiffs (2.8); send same to Roddy and N. Pattis for review and editing (.1). | 5.60 | $625.00 | $3,500.00 |
| 09/08/2022 | KSL | Case Administration: Prepare for and attend daily FSS call with CRO and counsel (1.0); t/c with R. Battaglia on new developments in case (.5). | 1.00 | $850.00 | $850.00 |
| 09/09/2022 | KSL | Case Administration: Handle connection issue pointed out by M. Haselden as to A. Reynal and B. Shulse (.5); review emails relating to consignment agreement with ▮▮▮▮ (.5); review discovery against PQPR (.5); review Shurwest case and facts (.5); analyze on FSS call status of case matters and division of responsibility (.5) | 2.00 | $850.00 | $1,700.00 |
| 09/09/2022 | RJS | Litigation: Attention to court setting hearing re PQPR/ Plaintiff discovery dispute and internal emails re same (.1); respond to same that able to attend hearing instead of Plan discussions in Austin (.1); research issues re appointing TCC and removal of DIP in subchapter v cases (3.7). | 3.90 | $625.00 | $2,437.50 |
| 09/10/2022 | KSL | Litigation: Review emails and schedules to determine how to staff hearing on Monday relating to PQPR discovery dispute, and, role of FSS (.5); handle subsidiary issues relating to Motion to Compel Discovery Against PQPR and effect on litigation overall (.5) | 1.00 | $850.00 | $850.00 |
| 09/10/2022 | KSL | Plan and Disclosure Statement: Continue to analyze with FSS Team issues affecting Debtor from discovery schedule and hearings on motions and plan formulation to determine strategy on how to approach creditors on plan concepts (2.0). | 2.00 | $850.00 | $1,700.00 |
| 09/11/2022 | KSL | Fee/Employment Applications: Handle retainer issue for special counsel Reynal (.3). | 0.30 | $850.00 | $255.00 |
| 09/11/2022 | KSL | Case Administration: Researching Young on removal of debtor in possession and procedure to handle (1.0); analyze Neosho case denying removal (.5); study and analyze secondary materials on standards for "cause" as to removal of debtor in possession, and, whether a party other than a debtor may propose a plan and what alternatives are available to court and creditors (1.5); review emails from S. Lemmon re: David Jones -Marc | 3.50 | $850.00 | $2,975.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | Schwartz dialogue (.5) | | | |
| 09/11/2022 | KSL | Litigation: Handle issues relating to comments requested by Norm Pattis as to strategic concerns on Connecticut trial (1.5) | 1.50 | $850.00 | $1,275.00 |
| 09/12/2022 | KSL | Plan and Disclosure Statement: Continue to gather and collect data needed to discuss with Marc Schwartz and Ray Battaglia going forward on tasks requested by them, including outlining plan issues, plan drafting and conceptualizing disposable income, and whether avoidance actions are above or below the disposable income line (3.0) | 3.00 | $850.00 | $2,550.00 |
| 09/12/2022 | RJS | Fee/Employment Objections: Attention to and analyze objections to employment applications of Schwartz and Associates and S&L. | 3.50 | $625.00 | $2,187.50 |
| 09/13/2022 | KSL | Plan and Disclosure Statement: Travel to and from Austin, Texas for meetings with client representatives Shulse, Schwartz and Battaglia to discuss business and operational issues (7)(billed at 1/2 travel time 3.5); o/c in Austin to review data on sales and operational issues and discuss next steps, including assignments and plan drafting (2.0) | 5.50 | $850.00 | $4,675.00 |
| 09/13/2022 | RJS | Case Administration: Prepare for and attend hearing re PQPR/Plaintiffs discovery dispute and update Court about status report and scheduling hearings on U.S. Trustee Objections to employment applications (1.0); draft status report for subchapter v case (.9); revise same based on conversations with M. Schwartz, K. Lee, and R. Battaglia based on discussions in Austin (.3); file same (.2). | 2.40 | $625.00 | $1,500.00 |
| 09/13/2022 | RJS | Fee/Employment Objections: Provide relevant documents to U.S. Trustee re objections to applications to employ S&L (.5); research into U.S. Trustee objections to applications to employ S&L and CRO (2.1). | 2.60 | $625.00 | $1,625.00 |
| 09/14/2022 | RJS | Fee/Employment Applications: Prepare reply to S&L application to employ and gather relevant documents. | 11.20 | $625.00 | $7,000.00 |
| 09/15/2022 | RJS | Fee/Employment Objections: Draft reply to objection to S&L employment application (8.5); gather relevant documents for inclusion on W&E List (1.0); draft W&E list (.6). | 10.10 | $625.00 | $6,312.50 |
| 09/16/2022 | RJS | Fee/Employment Objections: Send H. Nguyen documents related to U.S. Trustee objection to Schwartz Employment Application (.3); finalize W&E list and exhibits re same (1.0); file same (.3); finalize reply re U.S. Trustee objection to S&L employment application (2.5); file and serve same (.2); outline witness questions (3.4). | 7.70 | $625.00 | $4,812.50 |

| 09/17/2022 | KSL | Fee/Employment Objections: Continue to prepare for hearing on Application to Retain Schwartz Associates (4.0); review and revise pleadings and continue to prepare for hearings on Application to Retain S&L as bankruptcy counsel (4.0) | 8.00 | $850.00 | $6,800.00 |
| 09/17/2022 | RJS | Fee/Employment Objections: Provide comments on reply to U.S. Trustee objection to Schwartz application to employ (3.0); revise witness questions re same (1.2); call with J. Martin re Plaintiffs' joinder and contemplated plan provisions (.4). | 4.60 | $625.00 | $2,875.00 |
| 09/18/2022 | KSL | Fee/Employment Objections: Prepare for hearings on Application to Retain Schwartz and to Retain Shannon & Lee LLP (4.0); continue to edit and revise Reply for Schwartz in connection with US Trustee Objection to Retention (4.5) | 8.50 | $850.00 | $7,225.00 |
| 09/18/2022 | RJS | Fee/Employment Objections: Proofread and comment on reply to U.S. Trustee Objection to Schwartz objection (5.0); file and serve final version of same (.3). | 5.30 | $625.00 | $3,312.50 |
| 09/19/2022 | KSL | Fee/Employment Objections: Prepare for hearing on Applications to Retain CRO and Shannon & Lee with witness preparation and exhibits review (5.0); handle further email and document review to determine exact date of Engagement Letter for Marc Schwartz (2.0); analyze cases and legal arguments made in Reply and cases in connection with hearing on Application (4.0) | 12.00 | $850.00 | $10,200.00 |
| 09/19/2022 | RJS | Fee/Employment Objections: Prepare for hearing on U.S. Trustee objection to S&L and CRO employment applications. | 5.00 | $625.00 | $3,125.00 |
| 09/20/2022 | KSL | Case Administration: Prepare for hearing on Status Report to the Court on Administration of FSS case (.5). | 0.50 | $850.00 | $425.00 |
| 09/20/2022 | KSL | Fee/Employment Objections: Continue to prepare for hearing on Application to Retain CRO and S&L as co-counsel for FSS (4.0); attend hearing on Application, testify at hearing on Application and examine witnesses at hearing on Application (6.0). | 10.00 | $850.00 | $8,500.00 |
| 09/20/2022 | RJS | Fee/Employment Objections: Prepare and file supplemental W&E list for hearing on U.S. Trustee objection to application to employ S&L and CRO (.8); prepare for (2.0) and attend (6.5) hearing on employment applications. | 8.80 | $625.00 | $5,500.00 |

|  |  | **Quantity Subtotal** | **523.1** |
|  |  | **Services Subtotal** | **$382,671.25** |

## Expenses

| Type | Date | Description | Quantity | Rate | Total |
| --- | --- | --- | --- | --- | --- |

| | | | | | |
|---|---|---|---|---|---|
| Expense | 07/29/2022 | Service of Filings: Printing and mailing of Utility Motion (printing and service through vendor). | 1.00 | $87.26 | $87.26 |
| Expense | 07/29/2022 | Service of Filings: Printing and mailing of Heslin/Lewis Stay Motion, Cash Collateral Motion, Criticial Vendor Motion, and Motion to Extend time for Schedules and Statements (printing and service through vendor). | 1.00 | $176.88 | $176.88 |
| Expense | 07/29/2022 | Filing Fees: Chapter 11 Filing Fee (paid by S&L though filed through R. Battaglia ECF at his direction). | 1.00 | $1,738.00 | $1,738.00 |
| Expense | 07/31/2022 | Copy Costs: Copy two original sets of proposed Exhibits to share with Marc Schwartz at La Madeleine meeting on Sunday in Preparation for Hearing on Motion to Lift Stay. | 1.00 | $50.23 | $50.23 |
| Expense | 07/31/2022 | Copy Costs: Rush order binding of 6 Exhibit books for Hearing on Motion to Lift Stay in Favor of Heslin/Lewis on 8.1.22. | 1.00 | $221.90 | $221.90 |
| Expense | 08/08/2022 | RJS flight to Connecticut for hearing on motion to remand for Connecticut Litigation and return to Houston, TX, on United Airlines (Economy Plus). | 1.00 | $861.20 | $861.20 |
| Expense | 08/09/2022 | RJS charge for internet access on 8/9/22 flight from Houston, TX to Hartford, CT | 1.00 | $10.00 | $10.00 |
| Expense | 08/10/2022 | Rental Car: RJS car rental to travel from Windsor Locks, CT/Bradley Int'l Airport to Bridgeport, CT for hearing on Connecticut Plaintiffs' motion to remand. | 1.00 | $167.25 | $167.25 |
| Expense | 08/11/2022 | Hotel: RJS hotel, taxes, and 1 day internet charge for scheduled in-person hearing before Connecticut Bankruptcy Court related to removed Connecticut Litigation (Stay 8/9/22 to 8/11/22). | 1.00 | $394.70 | $394.70 |
| Expense | 08/11/2022 | RJS charge for Internet access on return flight on 8/11/22. | 1.00 | $10.00 | $10.00 |
| Expense | 08/24/2022 | Service of Filings: Service of Pleadings (printing and postage through vendor). | 1.00 | $259.00 | $259.00 |
| Expense | 09/03/2022 | Form of Consignment Agreement to use with ██████ Group. | 1.00 | $29.99 | $29.99 |
| Expense | 09/06/2022 | Printing copies of Exhibits to Motion to Appoint Tort Committee. | 1.00 | $54.65 | $54.65 |
| Expense | 09/08/2022 | Service of Filings: Service of pleadings on retaining special counsel (printing and postage through vendor). | 1.00 | $124.20 | $124.20 |
| Expense | 09/13/2022 | Mileage: KSL travel to and from Austin after meetings with company and professionals re plan of reorganization. | 1.00 | $202.10 | $202.10 |
| Expense | 09/15/2022 | Service of Filings: Service of Pleadings (printing and postage through vendor). | 1.00 | $98.19 | $98.19 |

| Expense | 09/18/2022 | Printing copies of exhibits for hearings on Application | 1.00 | $49.08 | $49.08 |
| Expense | 09/19/2022 | Binders and dividers for Exhibit Binders for Trial | 1.00 | $109.02 | $109.02 |
| Expense | 09/19/2022 | Copy costs of exhibits 3X for hearing on Application | 1.00 | $375.95 | $375.95 |
| | | | | **Expenses Subtotal** | **$5,019.60** |

| Time Keeper | Position | Hours | Rate | Total |
|---|---|---|---|---|
| Kyung Lee | Attorney | 263.4 | $850.00 | $223,890.00 |
| R. J. Shannon | Attorney | 248.4 | $625.00 | $155,250.00 |
| R. J. Shannon | Attorney | 11.3 | $312.50 | $3,531.25 |
| | | | **Quantity Total** | **523.1** |
| | | | **Subtotal** | **$387,690.85** |
| | | | **Total** | **$387,690.85** |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 16 | 11/06/2022 | $387,690.85 | $0.00 | $387,690.85 |
| | | | **Outstanding Balance** | **$387,690.85** |
| | | | **Total Amount Outstanding** | **$387,690.85** |

### IOLTA Trust Account

| Date | Type | Description | Matter | Receipts | Payments | Balance |
|---|---|---|---|---|---|---|
| | | | **IOLTA Trust Account Balance** | | **$50,822.68** | |

**EXHBIT B**

**Fees Allowable under Bankruptcy Code § 503(b)(1)**

| Date | Atty | Description | Hours | Rate | Ammount |
|------|------|-------------|-------|------|---------|
| 7/30/2022 | KSL | Relief from Stay Proceedings: Handle requests from Marc Schwartz and team for copies of witness outlines, documents related to witness outline and cases relating to standard for lifting automatic stay to litigate in nonbankruptcy forum (.5) | 0.5 | $ 850.00 | $ 425.00 |
| 7/31/2022 | KSL | Relief from Stay Proceedings: Draft and finalize Witness and Exhibit List for Monday Hearing on Heslin\Lewis Lift Stay Matter (1.0); review 5th Circuit Cases on standard for permitting litigation to be conducted in separate forum (1.0); prepare Q&A and revise same for Marc Schwartz in connection with Heslin\Lewis hearing (1.0); o/c with Marc Schwartz at LaMadeleine to review exhibits, cases on lift stay and standard for same for Marc Schwartz testimony at Heslin\Lewis Hearing (1.0) | 4.0 | $ 850.00 | $ 3,400.00 |
| 7/31/2022 | RJS | Relief from Stay Proceedings: Attention to emails from K. Lee re witness and exhibit list re stay motion re Heslin/Lewis matter (.2); revise same and prepare exhibits for filing (.5); file and serve same (.2); prepare legal argument re same (1.0). | 1.9 | $ 625.00 | $ 1,187.50 |
| 8/1/2022 | RJS | Relief from Stay Proceedings: Prepare for (.6) and attend (1.1) hearing re Debtor's stay motion re Heslin/Lewis matter. | 1.7 | $ 625.00 | $ 1,062.50 |
| 8/1/2022 | KSL | Relief from Stay Proceedings: Prepare for hearing on Lift Stay to Permit Heslin\Lewis suits to proceed to judgment (1.0); attend hearing and handle same with Marc Schwarz, CRO (1.5); post-hearing conference with counsel and CRO to discuss next steps in chapter 11 case (1.0); continue to work on researching and preparing response as to Curtis Factors in connection with Connecticut Plaintiffs' Motion to Lift Stay (2.0). | 5.5 | $ 850.00 | $ 4,675.00 |
| 8/5/2022 | RJS | Litigation: Attention to order of U.S. Bankruptcy Court for the District of Connecticut order setting hearing on Connecticut Plaintiffs' motion for remand on expedited basis (.2); outline response to same and motion for withdrawal of reference (3.3). | 3.5 | $ 625.00 | $ 2,187.50 |
| 8/6/2022 | RJS | Litigation: Draft motion for pro hac vice for Connecticut bankruptcy court re removed Connecticut litigation (.9); analyze Connecticut Plaintiffs' motion to remand and draft response to same (5.6); draft email to M. Schwartz, K. Lee, N. Pattis, and R. Battaglia re same (.1). | 6.6 | $ 625.00 | $ 4,125.00 |
| 8/7/2022 | RJS | Litigation: Updated pro hac vice application, motion to withdraw the reference, and response to motion to remand re Connecticut Litigation in response to K. Lee and R. Battaglia comments (1.5). | 1.5 | $ 625.00 | $ 937.50 |

| 8/7/2022 | KSL | Litigation: [E]dit and revise Pro Hac for RJ Shannon (.3); review and edit Response to Motion to Remand (1.0) | 1.3 | $ 850.00 | $ 1,105.00 |
|---|---|---|---|---|---|
| 8/7/2022 | RJS | Litigation: [E]dit and revise Pro Hac for RJ Shannon (.3); review and edit Response to Motion to Remand (1.0) | 1.3 | $ 625.00 | $ 812.50 |
| 8/8/2022 | RJS | Litigation: Call with N. Pattis re pleadings to file in Connecticut litigation (.1); draft email re visiting attorney application re same (.1); finalize motion to withdraw the reference and response to motion for remand re same (1.5); send same to N. Pattis and staff (.1); two calls with N. Pattis staff re filing of same (.1); confirm filing of same (.1); call with M. Schwartz, K. Lee, R. Battaglia, and N. Pattis re same (.5). | 2.4 | $ 625.00 | $ 1,500.00 |
| 8/9/2022 | RJS | Litigation: Travel to Connecticut for 08/10/2022 expedited hearing on Connecticut Plaintiffs' motion to remand (1/2 rate for non-working travel time) | 6.5 | $ 312.50 | $ 2,031.25 |
| 8/9/2022 | KSL | Business Operations: Work with Marc Schwartz and Ray Battaglia to understand extent of "backlog" issue and determine most appropriate solution (1.5); t/c with Norm Pattis to determine dislocation of Alex Jones with a Connecticut trial on his ability to do show and create sales for FSS (.5); extended call with FSS Team and Shelby Jordan, counsel for Alex Jones, on funding of fulfilling back orders and necessity for Alex Jones to be in Connecticut and absent from studio during Connecticut trial (1.0). | 3.0 | $ 850.00 | $ 2,550.00 |
| 8/10/2022 | RJS | Litigation: Calls with K. Lee re hearing on motion to remand re Connecticut Litigation (.2); prepare for hearing (2.3); call with N. Pattis re motion to continue filed by Connecticut Plaintiffs and attention to filing of same on docket (.2); call with K. Lee after hearing continued after traveling to vicinity of Bridgeport, Connecticut bankruptcy court (.1)[.] | 2.8 | $ 625.00 | $ 1,750.00 |
| 8/10/2022 | RJS | Litigation: Travel from Windsor Locks, Connecticut to Pattis & Smith office in Newport, Connecticut in advance of hearing in Bridgeport, Connecticut, confirm hearing had been continued to 8/12/22, and return to Windsor Locks(1/2 non-working travel rate). | 2.0 | $ 312.50 | $ 625.00 |
| 8/10/2022 | RJS | Litigation: Travel time related to return rental car and proceed to Hartford, CT airport for return flight to Houston prior to delay and ultimate cancelation of flight due to storms in DC area and Houston (1/2 travel time). | 2.8 | $ 312.50 | $ 875.00 |
| 8/10/2022 | KSL | Litigation: T/c with R. Shannon to discuss arguments in Connecticut on Motions to Remand and response to same (.5)[.] | 0.5 | $ 850.00 | $ 425.00 |

| 8/10/2022 | KSL | Business Operations: Conference calls with M. Schwartz, C. Schwartz and Ray Battaglia on issues relating to fulfillment and backlog of shipping orders (1.0)[.] | 1.0 | $ 850.00 | $ 850.00 |
|---|---|---|---|---|---|
| 8/11/2022 | RJS | Litigation: Travel time to return to Houston from Connecticut (1/2 rate non-working travel). | 6.5 | $ 312.50 | $ 2,031.25 |
| 8/11/2022 | KSL | Financing: Contact R. Saldana to determine availability of court to hear emergency motion to amend cash collateral order (.5); review fulfillment issue, cash collateral required in order to overcome backlog, factoring arrangement between Blue Asension and Alex Jones, extent of backlog and handle issues relating to handling same without affecting credit card processor and bank relating to same (3.0); numerous conference calls to discuss fulfillment issue and cash collateral amendment required (2.0); assist R. Battaglia in preparing for hearing on amendment to cash collateral hearing with drafts of Witness and Exhibit List, strategy considerations, topical areas to cover with both Patrick Riley and Marc Schwartz (2.0). | 7.5 | $ 850.00 | $ 6,375.00 |
| 8/12/2022 | RJS | Litigation: Prepare for (2.0); and attend (.7) remote hearing in Connecticut Bankruptcy Court re motion for remand; call with K. Lee re outcome of same (.1); respond to S. Jordan email re same (.1). | 2.9 | $ 625.00 | $ 1,812.50 |
| 8/12/2022 | KSL | Financing: Prepare for hearings on amendment to cash collateral order and assist R. Battaglia in presentation of case and assist in cross-examination of witnesses (2.0); emails on negotiations with Plaintiffs counsel, subchapter v trustee and US Trustee on cash collateral amendment and issues relating to fulfillment and Blue Asension agreement (1.0); assist in preparation of witnesses Marc Schwartz and Patrick Riley by Ray Battaglia (1.5); assist Ray Battaglia at hearing on Emergency Motion to Amend Cash Collateral, review exhibits and formulate objections to admission of same to Objector's exhibits, and analyze revised 13 week budget and attend hearing by video (3.5); post-hearing discussions with M. Schwartz to make sure all issues covered (.3)[.] | 8.3 | $ 850.00 | $ 7,055.00 |
| 8/17/2022 | RJS | Fee/Employment Applications: Research need for application to employ testifying expert re Blue Asencion (.7); draft email re same to M. Schwartz, C. Schwartz, and K. Lee (.1); revise J. Michaels engagement letter as counter proposal (.8); draft email re changes to M. Schwartz, C. Schwartz, and K. Lee re same (.1). | 1.7 | $ 625.00 | $ 1,062.50 |

| 8/19/2022 | KSL | Fee/Employment Applications: Work on creating and revising retention pleadings, editing engagement letters, disclosures and forms of orders for Pattis & Smith on a flat fee basis and Reynal Law Firm on an hourly basis as special counsel for FSS in Connecticut litigation (4.0). | 4.0 | $ 850.00 | $ 3,400.00 |
|---|---|---|---|---|---|
| 8/21/2022 | KSL | Relief from Stay Proceedings: Arrange for calls among FSS professionals and Alex Jones team to discuss status of negotiations and agreements on cash collateral motion and Conn Plaintiffs' Emergency Motion to Lift Stay (.5); analyze issues on negotiations over the Lift Stay and discuss provisions acceptable to N. Pattis to allow representation of FSS and necessity of Pattis & Smith to the agreements (.5). | 1.0 | $ 850.00 | $ 850.00 |
| 8/21/2022 | RJS | Relief from Stay Proceedings: Teleconference with M. Schwartz, K. Lee, R. Battaglia, and S. Jordan re resolution of AEJ issues with agreement to Connecticut lift stay motion and retention of state court counsel (.5); follow up call re same with A. Reynal and N. Pattis present (.7). | 1.2 | $ 625.00 | $ 750.00 |
| 8/21/2022 | KSL | Relief from Stay Proceedings: Extended calls among FSS professionanls, proposed state court litigation counsel, and J. Jordan to discuss resolution of Alex Jones issues regarding Connecticut Lift Stay Motion and retention of state court counsel (1.0). | 1.0 | $ 850.00 | $ 850.00 |
| 8/22/2022 | KSL | Fee/Employment Applications: Edit and revise comments and formula for compensating Connecticut and Texas state court litigation counsel by editing and revising retention agreement, Emergency Applications, Rule 2014 Disclosures and forms of orders (4.0). | 4.0 | $ 850.00 | $ 3,400.00 |
| 8/22/2022 | RJS | Fee/Employment Applications: Provide comments to K. Lee draft application to employ Pattis & Smith (.5); teleconferences with N. Pattis and A. Reynal re draft applications to employ same (1.0). | 1.5 | $ 625.00 | $ 937.50 |
| 8/22/2022 | KSL | Relief from Stay Proceedings: Extended call with FSS Team to discuss issues relating to Cash Collateral Order and Lfit Stay Matter (1.0); numerous conference calls with co-counsel, CRO, State Court counsel and opposing counsel on Stay Lift Motion and issues relating to retention of state court counsel (2.0). | 3.0 | $ 850.00 | $ 2,550.00 |
| 8/23/2022 | RJS | Relief from Stay Proceedings: Attention and respond to various emails re stipulation further abating requirement to file W&E list, finalize same, and file and serve same (.5); teleconference with M. Schwartz, R. Battaglia, and K. Lee re Connecticut Plaintiffs comments to proposed agreed order (.6); teleconference with R. Chapple re same (.2); provide Debtor comments to proposed order to R. Chapple re same (.1). | 1.4 | $ 625.00 | $ 875.00 |
| 8/23/2022 | RJS | Fee/Employment Applications: Review and finalize applications to employ Pattis & Smith and the Reynal Law firm (1.1); file and serve same (.5) | 1.6 | $ 625.00 | $ 1,000.00 |

| 8/23/2022 | KSL | Fee/Employment Applications: Edit and revise comments and formula for compensating Connecticut and Texas state court litigation counsel by editing and revising retention agreement, Emergency Applications, Rule 2014 Disclosures and forms of orders (3.0). | 3.0 | $ 850.00 | $ | 2,550.00 |
|-----------|-----|------|------|----------|----|----------|
| 8/23/2022 | KSL | Relief from Stay Proceedings: [N]umerous conference calls with co-counsel, CRO, State Court counsel and opposing counsel on Lift Stay Motion and issues relating to retention of state court counsel (2.0); edit and file order on extending deadlines to file Witness and Exhibit List for Lift Stay Motion (1.0). | 3.0 | $ 850.00 | $ | 2,550.00 |
| 8/24/2022 | RJS | Relief from Stay Proceedings: Attention and respond to K. Lee emails re lift stay motion (.2); attend part of hearing on lift stay motion after conflicting hearing concluded (.2); draft notice of continued hearing re lift stay motion and applications to employ (.5); file and serve same (.3); draft email to R. Chapple re inclusion of lift stay motion in notice along with the applications to employ (.1); teleconference re lift stay issues (1.0). | 2.3 | $ 625.00 | $ | 1,437.50 |
| 8/24/2022 | RJS | Fee/Employment Applications: Conduct research into UST comments about potential causes of action against state court counsel in connection with applications to employ Pattis and Reynal (.2); draft email to K. Lee, M. Schwartz, R. Battaglia, and S. Jordan re same (.1). | 0.3 | $ 625.00 | $ | 187.50 |
| 8/24/2022 | KSL | Relief from Stay Proceedings: Prepare notes for meetings with Marc Schwartz and court in connection with Lift Stay Motion and Cash Collateral Extension Motion (1.0); breakfast meeting with M. Schwartz on same (1.0); handle portions of hearing relating to FSS on Lift Stay Motion (1.0). | 3.0 | $ 850.00 | $ | 2,550.00 |
| 8/24/2022 | KSL | Fee/Employment Applications: Handle dialogue and exchange of data relating to agreements, terms and conditions of retaining special counsel for Connecticut and Texas litigation (3.0). | 3.0 | $ 850.00 | $ | 2,550.00 |
| 8/25/2022 | RJS | Case Administration: [A]ttention to and analysis of motion to appoint tort committee and remove Debtor as DIP (3.7)[.] | 3.7 | $ 625.00 | $ | 2,312.50 |
| 8/25/2022 | KSL | Fee/Employment Applications: Revise and edit Amended Declarations for Pattis and Reynal (1.0); revise and edit engagment letters for Reynal and Pattis (1.0); negotiate with Alex Jones over the share of fees to be borne by Alex Jones as to special counsel fees (1.0) | 3.0 | $ 850.00 | $ | 2,550.00 |
| 8/26/2022 | RJS | Case Administration: [D]raft response to motion to expedite same [motion for tort claimants committee/remove DIP] (6.3). | 6.3 | $ 625.00 | $ | 3,937.50 |
| 8/26/2022 | RJS | Relief from Stay Proceedings: [P]repare witness and exhibit list for August 29 hearing (1.3); finalize and file same (.5). | 1.8 | $ 625.00 | $ | 1,125.00 |

| 8/26/2022 | RJS | Fee/Employment Applications: Review and provide comments/revisions to updated declaration of N. Pattis and A. Reynal. | 0.2 | $ 625.00 | $ 125.00 |
|---|---|---|---|---|---|
| 8/26/2022 | KSL | Fee/Employment Applications: Handle issues relating to amendments for the Declarations for new special counsel firms (1.0)[.] | 2.0 | $ 850.00 | $ 1,700.00 |
| 8/27/2022 | KSL | Case Administration: Undertake initial research and prepare first draft of Response to Motion to Expedite (1.0) (reduced to 1 hour from 5 to avoid duplication with RJ Shannon work on project previously started). | 1.0 | $ 850.00 | $ 850.00 |
| 8/27/2022 | RJS | Relief from Stay Proceedings: Respond to various emails to N. Pattis re effect of automatic stay on the Connecticut proceeding absent agreed order (.5); draft emails to S. Jordan re A. Jones agreement to paragraphs of proposed order re Connecticut Plaintiffs' motion for relief from stay (.1). | 0.6 | $ 625.00 | $ 375.00 |
| 8/27/2022 | RJS | Case Administration: [I]ncorporate comments from K. Lee and R. Battaglia into response to Motion to Expedite Plaintiffs' motion for tort claimants committee/removal of DIP (3.2). | 3.2 | $ 625.00 | $ 2,000.00 |
| 8/27/2022 | KSL | Fee/Employment Applications: Work on revising Amended Disclosures for Special Counsel and gathering facts relating to each firm's payment and amendments from original agreement (3.0). | 3.0 | $ 850.00 | $ 2,550.00 |
| 8/27/2022 | KSL | Relief from Stay Proceedings: Numerous conferences with R. Battaglia on issues relating to Lift Stay Motion agreement and negotiations relating to same (.5); coordinate with Connecticut counsel and R. Battaglia issues to be negotiated with opposing counsel on Lift Stay Motion (1.5); consult CRO on various outstanding issues and walk him through the overlap of issues on retention and Lift Stay Agreement (.5); Zoom call to discuss status of negotiations and outstanding asks from parties (1.0). | 3.5 | $ 850.00 | $ 2,975.00 |
| 8/28/2022 | KSL | Fee/Employment Applications: Work on multiple revisions to the retention orders for special counsel Pattis & Smith and The Reynal Firm (1.0); communicate with CRO and special counsel on forms of order and revisions thereto (.5); handle Amended Declaration to reflect corrections and necessary updates to Declarations (1.5); update US Trustee and negotiate with same on forms of orders for retention of Pattis and Reynal Firm (1.0). | 4.0 | $ 850.00 | $ 3,400.00 |
| 8/28/2022 | RJS | Case Administration: Further incorporate comments to response to motion to expedite Plaintiffs' motion for tort claimants committee (4.0); detailed read through and revisions to the same (2.3); finalize, file, and serve same (.5). | 6.8 | $ 625.00 | $ 4,250.00 |

| 8/28/2022 | KSL | Case Administration: Work on multiple edits and revisions to draft of Response to Motion to Expedite filed by the Conn Plaintiffs (3.0); numerous t/c with R. Battaglia to discuss sections in the Response (.4). | 3.4 | $ 850.00 | $ | 2,890.00 |
|---|---|---|---|---|---|---|
| 8/29/2022 | RJS | Relief from Stay Proceedings: Prepare for (1.5) and attend (.6) hearing re lift stay motion and applications to employ Pattis and Reynal. | 2.1 | $ 850.00 | $ | 1,785.00 |
| 8/29/2022 | KSL | Fee/Employment Applications: Edit and revise retention orders for Special Counsel for Pattis & Smith and The Reynal Firm (1.0); review issues on retention of special counsel with US Trustee and objecting creditors (1.0); analyze issues for hearing with Marc Schwartz (.5); handle matters at the scheduled hearing on Motion to Lift Stay and Retention of Special Counsel (1.0). | 3.5 | $ 850.00 | $ | 2,975.00 |
| 9/6/2022 | KSL | Litigation: Respond to requests from Connecticut counsel for affidavits relating to certain contentions made which are not accurate re: management agreement between FSS and PQPR, and other statements (2.0)[.] | 2.0 | $ 850.00 | $ | 1,700.00 |
| 9/8/2022 | KSL | Litigation: Work on revising affidavit drafts for Norm Pattis from employees of FSS (1.0); edit and revise affidavit of Blake Roddy (.5); continue to review and revise affidavits relating to Google Analytics, analyze state court discovery on same and report findings to Marc Schwartz and counsel and discuss same with Norm Pattis (2.0); review same with Norm Pattis, Blake Roddy and R. Shannon and update affidavit (1.5). | 5.0 | $ 850.00 | $ | 4,250.00 |
| 9/8/2022 | RJS | Litigation: Attention to request from N. Pattis/M. Schwartz re "management agreement" referenced in testimony in Connecticut Litigation and respond to same (.2); attention and respond to various emails re same (.2); draft affidavit re same for M. Schwartz re same for use in Connecticut Litigation (1.5); attention to emails re "Google Analytics" issue (.1); attend calls with N. Pattis, FSS employee Roddy, K. Lee, and M. Schwartz re same (.7); prepare draft Roddy affidavit providing the "Google Analytics" to Connecticut Plaintiffs (2.8); send same to Roddy and N. Pattis for review and editing (.1). | 5.6 | $ 625.00 | $ | 3,500.00 |
| | | | | *TOTAL:* | *$* | *120,547.50* |

## EXHBIT C

**Expenses Allowable under Bankruptcy Code § 503(b)(1)**

| Date | Description | Amount |
|------|-------------|--------|
| 7/29/2022 | Service of Filings: Printing and mailing of Utility Motion (printing and service through vendor). | $ 87.26 |
| 7/29/2022 | Service of Filings: Printing and mailing of Heslin/Lewis Stay Motion, Cash Collateral Motion, Criticial Vendor Motion, and Motion to Extend time for Schedules and Statements (printing and service through vendor). | $ 176.88 |
| 7/31/2022 | Copy Costs: Copy two original sets of proposed Exhibits to share with Marc Schwartz at La Madeleine meeting on Sunday in Preparation for Hearing on Motion to Lift Stay. | $ 50.23 |
| 7/31/2022 | Copy Costs: Rush order binding of 6 Exhibit books for Hearing on Motion to Lift Stay in Favor of Heslin/Lewis on 8.1.22. | $ 221.90 |
| 8/8/2022 | RJS flight to Connecticut for hearing on motion to remand for Connecticut Litigation and return to Houston, TX, on United Airlines (Economy Plus). | $ 861.20 |
| 8/9/2022 | RJS charge for internet access on 8/9/22 flight from Houston, TX to Hartford, CT | $ 10.00 |
| 8/10/2022 | Rental Car: RJS car rental to travel from Windsor Locks, CT/Bradley Int'l Airport to Bridgeport, CT for hearing on Connecticut Plaintiffs' motion to remand. | $ 167.25 |
| 8/11/2022 | Hotel: RJS hotel, taxes, and 1 day internet charge for scheduled in-person hearing before Connecticut Bankruptcy Court related to removed Connecticut Litigation (Stay 8/9/22 to 8/11/22). | $ 394.70 |
| 8/11/2022 | RJS charge for Internet access on return flight on 8/11/22. | $ 10.00 |
| 8/24/2022 | Service of Filings: Service of Pleadings (printing and postage through vendor). | $ 259.00 |
| 9/6/2022 | Printing copies of Exhibits to Motion to Appoint Tort Committee. | $ 54.65 |
| 9/8/2022 | Service of Filings: Service of pleadings on retaining special counsel (printing and postage through vendor). | $ 124.20 |
| 9/15/2022 | Service of Filings: Service of Pleadings (printing and postage through vendor). | $ 98.19 |
| 9/18/2022 | Printing copies of exhibits for hearings on Application | $ 49.08 |
| 9/19/2022 | Binders and dividers for Exhibit Binders for Trial | $ 109.02 |
| 9/19/2022 | Copy costs of exhibits 3X for hearing on Application | $ 375.95 |
| | TOTAL: | $ 3,049.51 |