# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| . | § | Case No. 22-60043 (CML) |
| | § | |
| Debtor. | § | Jointly Administered |

## THE DEBTOR AND SUBCHAPTER V TRUSTEE'S JOINT OBJECTION TO W. MARC SCHWARTZ AND SHANNON &LEE LLP'S MOTIONS FOR ORDER ALLOWING ADMINISTRATIVE EXPENSE CLAIMS

Free Speech Systems, LLC (the "Debtor" or "FSS"), the debtor and debtor-in-possession in the above captioned chapter 11 case, and Melissa Haselden, the subchapter v trustee (the "Subchapter V Trustee"), file this joint objection regarding *Shannon & Lee LLP's Motion for Order Allowing Administrative Expense Claim and Granting Related Relief* [Docket No. 251] and *Motion of W. Marc Schwartz and Schwartz Associates, LLC for Order Allowing Administrative Expense Claim and Granting Related Relief* [Docket No. 252] (jointly, the "Administrative Expense Applications") and states the following:

### BACKGROUND

1. The Debtor commenced this bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and electing to proceed under subchapter V of chapter 11 on July 29, 2022 (the "Petition Date").

2. On August 2, 2022, the Office of the United States Trustee for Region 7 appointed Melissa A. Haselden as the Subchapter V Trustee in this case [Docket No. 22].

3. Prior to the Petition Date, FSS retained W. Marc Schwartz ("Schwartz") as Chief Restructuring Officer and retained Schwartz & Associates to perform various related accounting and forensic work. FSS also retained Shannon & Lee LLP ("S&L") as co-counsel to the Debtor.

4. On August 20, 2022, the Debtor filed its *Application of Debtor for an Order (A) Authorizing Employment of W. Marc Schwartz and Schwartz Associates LLC as Chief Restructuring Officer, (B) Authorizing Employment of Staff of Schwartz Associates, LLC in Discharge of Duties as Chief Restructuring Officer, and (C) Granting Related Relief* [Docket No. 83] and the *Application of Debtor for an Order (A) Authorizing Employment of Shannon & Lee LLP as Bankruptcy Co-Counsel for the Debtor, and (B) Granting Related Relief* [Docket No. 85].

5. On September 20, 2022, the Court entered the *Order (A) Denying Employment of W. Marc Schwartz as Chief Restructuring Officer, (B) Denying Employment of Staff of Schwartz Associates, LLC in Discharge of Duties as Chief Restructuring Officer, and (C) Granting Related Relief* [Docket No. 181] and the *Order Denying Debtor's Application to Employ Bankruptcy Co-Counsel* [Docket No. 182] (collectively, the "<u>Orders Denying Employment</u>").

6. On October 24, 2022, the Administrative Expense Applications were filed.

## O<small>BJECTION</small>

7. The Administrative Expense Applications cannot be granted because there is not a basis under the Bankruptcy Code supporting their allowance. The Debtor and Subchapter V Trustee object at this time to the Administrative Expense Applications solely with respect to the lack of legal authority for granting the Administrative Expense Applications. Any response with regards to value to the estate is reserved.

**As Unretained Professionals of the Debtor, Schwartz and S&L Are Not Able to Seek Compensation Pursuant to Sections 330 or 503 of the Bankruptcy Code.**

8. Schwartz and S&L seek compensation pursuant to sections 330 and 503 of the Bankruptcy Code. However, sections 330 and 503 do not provide authority for the claims to be allowed.

9.      The question presented similar to that recently faced by a court *In re Medley LLC*, 21-10526 (KBO) (Bankr. D. Del. December 13, 2021).  In *Medley*, the court denied a request to compromise under FRBP 9019 that included the payment of a portion of a law firm's fees.  The law firm previously filed a retention application under section 327, but after multiple objections, withdrew its application.  The liquidating trustee filed a 9019 motion seeking payment of a portion of the law firm's fees for work done prior to the withdrawal.  The court denied the request and found that

> [A]ny fees or expenses that are incurred on behalf of a debtor cannot be recovered by [the law firm], as substantial contribution or otherwise, because the Code doesn't allow for it under 503.  As an estate professional, the proper procedure was to obtain approval of the retention under 327 and then seek compensation under 330, and that didn't occur.

Tr. 31–32.

10.      Like the law firm in *Medley*, Schwartz and S&L did not obtain approval of their retentions under section 327 of the Bankruptcy Code.  Therefore, Schwartz and S&L cannot now seek compensation under sections 330 or 503 of the Bankruptcy Code.

I.      **Schwartz and S&L's Fees Are Not Compensable Pursuant to Section 330.**

11.      Section 330 of the Bankruptcy Code provides that "after notice . . . and a hearing . . . the court may award *to a professional person employed under section 327* . . . reasonable compensation for actual, necessary services rendered . . . and . . . reimbursement for actual, necessary expenses."  11 U.S.C. § 330 (emphasis added).  Retention under section 327 is a perquisite for professionals seeking compensation under section 330 of the Bankruptcy Code.  *See Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) "A debtor's attorney not engaged as provided by § 327 is simply not included within the class of persons eligible for compensation.").

12.      Neither Schwartz nor S&L are employed under section 327 of the Bankruptcy Code.  *See* Orders Denying Employment.  "As such, the plain wording of the statute dictates that

3

the application be denied." *Decloutte v. Austin (In re Decloutte)*, 2018 Bankr. LEXIS 1869, *43 (Bankr. S.D. Tex. June 20, 2018).

## II. Schwartz and S&L Are Ineligible to Seek Compensation Pursuant to Section 503(b)(1)(A).

13. Section 503(b)(1)(A) of the Bankruptcy Code provides that "after notice and a hearing, there shall be allowed administrative expenses . . . the actual, necessary costs and expenses of preserving the estate including— (i) wages, salaries, and commissions for services rendered after the commencement of the case[.]" 11 U.S.C. § 503(b)(1)(A).

14. Professionals cannot circumvent the requirements of section 327(a) of the Bankruptcy Code by seeking compensation as an administrative expense under section 503(b). *See e.g. F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 109 (3d Cir. 1988) (concluding that if a professional "were able to be compensated under section 503(b)(1)(A), it would render section 327(a) nugatory and would contravene Congress' intent in providing for prior approval"); *In re Milwaukee Engraving Co., Inc.*, 219 F.3d 635, 636 (7th Cir. 2000) ("By making express provision for employment under § 327, payment under § 330, and priority under § 503(b)(2), the Code logically forecloses the possibility of treating § 503(b)(1)(A) as authority to pay (and give priority to) claims that do not meet its substantive requirements"); *Cushman & Wakefield of Conn., Inc. v. Keren Ltd. P'Ship (In re Keren Ltd. P'ship)*, 189 F.3d 86, 88 (2d Cir. 1999) ("[A] broker or other professional generally may not avoid the requirements of Sections 327 and 330 by seeking administrative expense allowance under Section 503(b)(1)(A) rather than Section 503(b)(2)"); *In re Cutler Mfg. Corp.*, 95 Bankr. 230, 231-32 (Bankr. M.D. Fla. 1989) ("Nor does this Court believe that Congress contemplated that individuals who would be ineligible to be employed as professionals under the facts in this case could come back later and seek compensation under § 503 for the same activities which they would be denied compensation under

§ 327."); *In re Garden Ridge Corp.*, 326 B.R. 278, 281 (Bankr. D. Del. 2005) ("the Court is simply unable to extend *nunc pro tunc* analysis to the present situation after the Third Circuit unequivocally held that section 503(b)(1)(A) cannot be used to reimburse professionals for services rendered to the estate."); *In re Southern Div. Props. Inc.*, 110 B.R. 992, 996–97 (Bankr. N.D. Ga. 1990) ("This court cannot condone or permit a trustee, or an attorney representing a trustee, to circumvent the requirements of section 327(a) by seeking an administrative expense allowance under section 503(b)(3)(D) and (b)(4)").

15. Because Schwartz and S&L's employment applications were denied, neither is a section 327 retained professional and are therefore ineligible to seek an administrative claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code. The Debtor and the Trustee recognize the harsh consequence to professionals who provided services to a debtor post-petition but whose retention is not approved by a court. However, a request for allowance of an administrative expense claim under section 503 cannot be used to circumvent the requirements of section 327 of the Bankruptcy Code. The Court should deny the requests.

Dated: November 14, 2022

/S/ Raymond W. Battaglia
Raymond W. Battaglia
State Bar No. 01918055
rbattaglialaw@outlook.com
66 Granburg Circle
San Antonio, Texas 78218
Tel. (210) 601-9405

*Counsel to the Debtor and Debtor-In Possession*

and

/s/ *Elizabeth Freeman*
**JACKSON WALKER LLP**
Elizabeth Freeman (TX Bar No. 2400922)
Sean Gallagher (TX Bar No. 24101781)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: efreeman@jw.com
sgallagher@jw.com

*Counsel for Melissa Haselden, Subchapter V Trustee*

6

## CERTIFICATE OF SERVICE

I certify that on November 14, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Elizabeth Freeman*
Elizabeth Freeman