**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | Case No. 22-60043 (CML) |
| | § | |
| Debtor. | § | Jointly Administered |

**NOTICE OF RULE 2004 SUBPOENA DUCES TECUM**

TO:   Elevated Solutions 512Group Holdings, LLC via its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 East 7th Street, Suite 620 Austin, TX 78701-3218.

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Bankruptcy Local Rules of the Southern District of Texas, Melissa Haselden ("Subchapter V Trustee") hereby serves the attached Rule 2004 Request upon Elevated Solutions 512Group Holdings, LLC ("ESG") and requests production of the documents listed in **Exhibit A** attached hereto.

The Debtors must produce the requested documents listed on the Subpoena Duces Tecum attached hereto as **Exhibit A** to the undersigned counsel at the offices of Jackson Walker LLP, 100 Congress Ave., Suite 1100, Austin, Texas 78701 within fourteen (14) of service of this Notice. Alternatively to physical production, ESG may produce the requested documents electronically via ShareFile to liz@lizfreemanlaw.com or sgallagher@jw.com.

Houston, TX
Dated: April 26, 2023

/s/ *Elizabeth Freeman*

**LAW OFFICE OF LIZ FREEMAN**
Liz Freeman (TX Bar No. 2400922)
PO Box 61209
Houston, TX 77208-1209
Telephone: (832) 779-3580
Email: liz@lizfreemanlaw.com


**JACKSON WALKER LLP**
Sean Gallagher (TX Bar No. 24101781)
100 Congress Ave., Suite 1100
Austin, TX 78701
Telephone: (512) 236-2014
Facsimile: (713) 752-4221
Email: sgallagher@jw.com

*Counsel for Melissa Haselden, Subchapter V Trustee*

## **CERTIFICATE OF CONFERENCE**

I certify that on April 20, 2023 I conferred with a representative for ESG regarding this Notice of Rule 2004 Subpoena Duces Tecum.

*/s/ Sean F. Gallagher*
Sean F. Gallagher

## **CERTIFICATE OF SERVICE**

I certify that on April 26, 2023 a true and correct copy of the above and foregoing was served via CM/ECF to all parties registered to receive electronic notice.

*/s/ Elizabeth Freeman*
Elizabeth Freeman

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

For the Southern District of Texas (Houston Division)

In re   Free Speech Systems, LLC
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.   Case No. 22-60043 (CML)

Chapter _____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:   Elevated Solutions 512Group Holdings, LLC via its registered agent Corporation Services Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 East 7th Street, Suite 620, Austin, TX 78701

*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **The documents described in Exhibit A**

| PLACE   100 Congress Ave., Suite 1100, Austin, TX 78701 | DATE AND TIME
May 10, 2023 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 26, 2023

CLERK OF COURT

OR

_____          ____/s/ *Liz Freeman*_____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
   Subchapter V Trustee, Melissa Hasleden, who issues or requests this subpoena, are:
   Liz Freeman, PO Box 61209, liz@lizfreemanlaw.com, (832) 779-3580.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Case 22-60043 Document 569 Filed in TXSB on 04/26/23 Page 5 of 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **DEFINITIONS**

All definitions apply throughout without regard to capitalization. Terms are defined as follows:

1. The terms "and" and "or" are to be read and applied inclusively to have the broadest reasonable meaning.

2. The terms "any" or "all" are synonymous and are to be read and applied inclusively to have the broadest reasonable meaning.

3. "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written.

4. "Communication" shall mean and include, without limitation, any documents, telephone conversations, text messages, discussions, facsimiles, e-mails, meetings, memorandums, digital messaging services, including iMessage, Slack, Telegram, Facebook messenger, Instagram messenger, WhatsApp, Discord, Twitter, Signal, WeChat, QQ Messenger, Viber, Line, Snapchat, or other social media websites or messaging platforms, and any other medium through which any information is or has been conveyed.

5. The terms "concerning," "regarding," "relating to," "referring to," and "arising out of" are to be understood in their broadest sense and each means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, consisting of, dealing with, comprising, or in any way pertaining to the subject matter identified, in whole or in part.

6. The terms "document" or "documents" have the broadest meaning that can be ascribed to them, including, without limitation, all final forms and all drafts and revisions of any type of written or graphic matter, original or reproduced, and all copies thereof which are different in any way from the original, regardless of whether designated "confidential," "privileged," or otherwise restricted. Without limiting the foregoing, the term "document" includes video tapes, films, audio tapes, electronic mail, computer disks, compact disks, books, papers, letters, telegrams, memoranda, communications, minutes, notes, schedules, tabulations, vouchers, accounts, statements, affidavits, reports, abstracts, agreements, contracts, diaries, calendars, plans, specifications, drawings, sketches, photographs, charts, graphs and other similar objects, summaries or records of telephone conversations, and any kind of transcript, transcription or recording of any conversation, discussion or oral presentation of any kind, and any information stored on and reproducible in documentary form from a computer or other electronic information storage device.

7. "FSS" refers to Free Speech Systems, LLC and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, legacies, divisions, departments and operating units, funds, any Persons acting on its behalf or under its control, and its respective advisors, attorneys, agents, directors, employees, members, partners, representatives, and staff as well as any "insider" of FSS as that term is defined in 11 U.S.C. § 101(31).

8. The terms "Person" and "Persons" mean any and all natural persons, male or female, and all types and kinds of businesses or other entities, including, but not limited to, corporations, partnerships, joint ventures, sole proprietorships, and governmental agencies (state or federal) or their employees.

9. "ESG" refers to Elevated Solutions 512Group Holdings, LLC, and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, legacies, divisions, departments and operating units, funds, any Persons acting on its behalf or under its control, and its respective advisors, attorneys, agents, directors, employees, members, partners, representatives, and staff as well as any "insider" of FSS as that term is defined in 11 U.S.C. § 101(31).

10. The terms "you" and "your" shall mean ESG as defined above.

11. The use of the singular form of any word includes the plural and vice versa.

12. The past tense shall include the present tense and vice versa.

**INSTRUCTIONS**

1. In responding to these requests, furnish all information that is available to ESG regardless of whether the records are possessed directly by the company or ESG's owners, members, agents, attorneys, employees, representatives, superiors, or investigators.

2. If any records cannot be produced in full, ESG should produce to the extent possible, specifying the ESG's reason(s) for its inability to produce the records in full and stating whatever information, knowledge, or beliefs the ESG has concerning the unproduced portion.

3. If after producing the records, ESG obtains or become aware of any further records that are responsive to the requests for production, ESG must timely produce such additional records.

4. To the extent that ESG has previously produced in this case a record responsive to the requests contained herein, it need not produce such record again in connection with these requests.

5. To the extent that any of the following requests for production may call for what ESG believes to be information subject to a claim of privilege, answer so much of each Request for Production and each part thereof as does not request, in ESG's view, privileged information and set forth, in writing in a privilege log, with particularity, the basis for ESG's claim of privilege with respect to the information it withholds, including the sender and recipient of the information and the date the information was created ("Privilege Log"), and provide a copy of the Privilege Log contemporaneously with ESG's production of the records requested in the Requests for Production.

6. The scope, definitions, and instructions applicable to these discovery requests are coextensive with the applicable sections of the Federal Rules of Civil Procedure, and each discovery request requires the production of documents and information to the fullest extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

7. You are requested to serve copies of all responsive documents with your response pursuant to Federal Rule of Civil Procedure 34. However, if responsive documents are voluminous, produce the responsive documents for inspection at the office of Jackson Walker LLP, 100 Congress Ave., Suite 1100, Austin, Texas 78701. You may also produce documents electronically to proposed counsel to the Subchapter V Trustee via email to **liz@lizfreemanlaw.com** and **sgallagher@jw.com**.

8. In producing documents, please produce them in their original form. Documents shall be produced in the same sequence as they are contained or found in their original file folder.

## EXHIBIT A

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:** All Communications or Documents in your possession, custody, or control related to any business dealings between Andrew Tate or any entity or person working in concert with him, on the one hand, and Alex Jones, or any entity or individual working in concert with him, on the other.

**REQUEST FOR PRODUCTION NO. 2:** All Communications or Documents in your possession, custody, or control related to any business dealings between Andrew Tate or any entity or person working in concert with him, on the one hand, and FSS, or any entity or individual working in concert with FSS, on the other.