IN THE UNITED STATE BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11, SUBCHAPTER V |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | CASE NO. 22-60043 |
| | § | |
| DEBTOR | § | |

## SECURITY BANK OF TEXAS' MOTION TO LIFT STAY

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AS LEAST SEVEN (7) DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING, EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**THE HEARING ON THIS MOTION WILL TAKE PLACE ON _____, 2023 AT 1:00 P.M., COURTROOM 401, 515 RUSK, HOUSTON, TEXAS 77002.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Security Bank of Texas formerly known as Security Bank of Crawford ("SBT"), secured creditor in this matter, files this Motion to Lift Stay and in support states as follows:

1. Free Speech Systems, LLC (the "Debtor") filed his voluntary Petition for Chapter 11 relief on July 29, 2022, pursuant to 11 U.S.C. 5362(d), and 553(a) of Title 11 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §1409(a). This matter is core pursuant to 28 U.S.C. §§157(b)(2)(G).

3. SBT filed its Proof of Claim on August 30, 2022. See Proof of Claim No. 2 (the "Claim"). The Claim at that time was $80,161.04, secured by a lien on a 2021 Winnebago Adventurer motor home, VIN 1F66F5DN1L0A03038 ("Motor Home").

4. On November 13, 2020, the Debtor executed a Promissory Note in favor of SBT in the original principal sum of $114,074.00 (the "Note"). A true and correct copy of the Note is attached to the Claim. Pursuant to Security Agreement and the Texas Certificate of Title executed concurrently with the Note, the Note is secured by the Motor Home. The Security Agreement and the Texas Certificate of Title are also attached to the Claim. SBT has a perfected lien on the Motor Home.

5. The Debtor is in default on the obligation to SBT in that the Debtor has failed to make the regular monthly installment payments when due and owing pursuant to the terms of the Note.

6. As of May 5, 2023 the status of the indebtedness was as follows:

   a. Debtor is due for the December, 2022, January, February, March, April and May 2023 post petition payments. Payments are currently $2,196.25 per month plus late fees. The post petition past due amount owing to SBT is $10,981.25 ($2,196.25 x 5 = $10,981.25) plus late fees in the amount of $329.43, for a total amount delinquent $11,310.68 ($10,981.25 + $329.43 = $11,310.68).

   b. Additional fees include SBT's attorney's fees and costs in the amount of approximately $650.00 plus filing fees of $188.00.

7. SBT seeks relief from the automatic stay pursuant to 11 U.S.C.S. §362(d)(2). A Court may also terminate or modify the automatic stay under 11 U.S.C.S. §362(d)(2) "if the debtor does not have an equity interest in such property and such property and is not necessary to an effective reorganization. "

8. SBT requests that the Court terminate the automatic stay pursuant to the provisions of the Bankruptcy Code to allow SBT to exercise all of its rights and remedies against the Debtor under state law, including but not limited to the repossessing and selling of the Motor Home. Good cause exists for the lifting of the automatic stay because the Debtor has little or no equity in the Motor Home. In addition, the Motor Home is not necessary for an effective reorganization of the Debtor.

9. The term "equity," as used in Section 362(d)(2) is the difference between the value of the subject property and the encumbrances against it. In re Sutton, 904 F.2d 327, 329 (5th Cir. 1990). A creditor seeking relief from the automatic stay pursuant to 362(d)(2) has the burden to prove the debtor's lack of equity while the debtor has the burden to prove that the subject property is necessary to effectively reorganize. United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365 (1988).

10. In the alternative, adequate protection of lender's interest in property is required when the lender has an interest in property that is used by the debtor-in-possession. 11 U.S.C. §363(e).

11. Accordingly, the Debtor is required to provide SBT with adequate protection against the diminution in value occurring as a result of Debtor's continued use of the Motor Home.

12. Where SBT's collateral is declining in value, SBT is entitled to cash payment such that the value of SBT's interest remains constant.

13. Pursuant to §363 and 361(l), the Debtor should be required to provide SBT with adequate protection in the form of monthly cash payments in the amount of the monthly payment due and owing under the Note ($2,196.25).

14. It has been necessary for SBT to hire the Law Office of John A. Montez, P.C. to collect the debt owed to it through this Court, and the Debtor should be ordered to pay reasonable attorney's fees to SBT. Pursuant to the Note, SBT is entitled to reimbursement of its reasonable attorney's fees and costs for their services.

15. The provision of Rule 4001(a)(3) should be waived and SBT be permitted to immediately enforce and implement any order granting relief from the automatic stay.

WHEREFORE, PREMISES CONSIDERED, SBT hereby prays that (i) the Court grant this Motion to Lift Stay; (ii) waive the stay required by Rule 4001(a)(3); and (iii) such further relief to which it may justly be entitled.

Respectfully submitted

JOHN MALONE, PLLC

BY: _____John Malone_____
JOHN MALONE
ATTORNEY FOR CREDITOR
SBOT #12874200
5400 Bosque Blvd., Ste. 308
Waco, Texas 76710
(254) 772-3722
Fax No. (254) 772-3172
Email: john@johnmalonepc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached Motion to Lift Stay has been served upon the following by electronic means as listed on the Court's ECF noticing systems or by United States first class mail, postage prepaid on this the 12th day of May, 2023.

Debtor:   Free Speech Systems, LLC
          3019 Alvin Devane Blvd., Ste. 300
          Austin, Texas 78741

Trustee:  Melissa A Haselden
          Pennzoil Place
          700 Milam, Ste. 1300
          Houston, Texas 77002

VIA CERTIFIED MAIL RETURN RECEIPT:
Debtor's
Attorney: Raymond William Battaglia
          66 Granburg Circle
          San Antonio, Texas 78218

_____John Malone_____
JOHN MALONE

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on May 3, 2023 an email was sent to Debtor's attorney to determine if Debtor opposed the relief requested by this Motion and no response was received.

_____John Malone_____
JOHN MALONE

IN THE UNITED STATE BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 SUBCHAPTER V |
| FREE SPEECH SYSTEMS, LLC, | § § | CASE NO. 22-60043 |
| DEBTOR | § | |

### ORDER GRANTING RELIEF FROM STAY

Upon the motion of Security Bank of Texas, formerly Security Bank of Crawford ("SBT"), hearing was held on the date set forth below, and after due consideration, it is

ORDERED that the stay provided for by Section 362(a) of Title 11, <u>United States Code</u>, be and is hereby modified to permit SBT to accelerate maturity of a $114,074.00 note secured by a Texas Certificate of Title for a 2021 Winnebago Adventurer motor home, VIN 1F66F5DN1L0A03038 ("Motor Home"), and that upon non-payment thereof, to initiate any remedy available to SBT against the Motor Home securing the above referenced note.

IT IS FURTHER ORDERED:

1. That the 14 day stay required under Rule 4001(a)(3) is waived and this Order shall be effective immediately upon entry of this Order by the Court.

###