# PROMISSORY NOTE

$25,300,000.00	Austin, Texas	November 10, 2021

**THIS PROMISSORY NOTE** (the **"Note"**) is made as of the date first written above by and between Free Speech Systems, LLC, a Texas Limited Liability Company, 3005 South Lamar Blvd., Suite D109-317, Austin, TX 78704 (**"Maker"**) and PQPR Holdings Limited, LLC a Nevada Limited Liability Company, 100 Congress Ave., 18th Floor, Austin, TX 78701 (**"Payee"**).

Pursuant to the terms set forth herein, Maker, for value received, promises and agrees to pay, as herein provided, to the order of Payee or to such bank account as Payee may direct, in lawful money of the United States of America, the principal sum of Twenty-Five Million Three Hundred Thousand and 00/100 Dollars ($25,300,000.00). This Note memorializes the accrued and current obligations owed by Maker to Payee and provides for the payment of such obligations as provided herein below.

1. **Payment of Principal and Interest; Security**

    (a)  Principal and Interest (as provided below), are due and payable in annual installments of $1,939,644.81 on each anniversary of the Note at the address listed above (unless otherwise directed in writing by Payee) with the final payment being due and payable on November 10, 2036 (the **"Maturity Date"**), when the remaining balance of unpaid principal and accrued, unpaid interest will be payable in full. Pre-payments, if any, will be applied first to accrued interest, then to any costs or expenses due under the Note, and the remainder to reduction of the principal. Notwithstanding the foregoing, if the date on which payment is due is not a day on which banks are open for business in the State of Texas (a **"Business Day"**), then such payment shall be due on the Business Day next succeeding the payment date.

    (b)  The principal balance outstanding from time to time under this Note (after giving effect to all adjustments thereto made pursuant to the terms of this Note) shall bear interest at the lesser of (i) [**one and 80/100 percent (1.80%)**] per annum (**"Contract Rate"**); (ii) or the maximum rate of nonusurious interest allowed from time to time by applicable law. Interest shall be calculated at a daily rate based on a year of 365 or 366 days, as the case may be, with the daily rate so determined being applied for the actual number of days elapsed. All past due principal and accrued interest on this Note shall bear interest from maturity until paid at the lesser of (i) **five percent (5%),** or (ii) the highest rate for which Maker may legally contract under applicable law.

    (c)  This Note is secured by a Security Agreement executed by Maker dated August 13, 2020 and evidenced by a UCC-1 recorded with the State of Texas on November 18, 2020.

2. **Maximum Interest Rate** - It is the intention of Maker and Payee to conform strictly to applicable usury laws. Accordingly, if the interest payable on this Note would be usurious under applicable law, in that event, notwithstanding anything to the contrary herein, it is agreed that the aggregate of all consideration that constitutes interest under applicable law that is taken, reserved, contracted for, charged or received under this Note shall under no circumstances exceed the maximum amount of interest allowed by applicable law, and any excess shall be canceled automatically and, if theretofore paid, shall be credited on this Note by Payee (or, to the extent that this Note shall have been or would thereby be

paid in full, refunded to Maker). All sums paid or agreed to be paid to Payee for the use, forbearance or detention of sums included in the amounts owing to Payee by Maker shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of this Note until paid in full so that the rate or amount of interest on account of indebtedness does not exceed the applicable usury ceiling, if any. As used in this Note, the term "applicable law" shall mean the law of the State of Texas.

**3. Prepayment** – Borrower reserves the right to prepay, prior to maturity, all or any part of the principal of this Note without penalty. Any prepayments will be solely at Borrower's option and will be applied first to accrued interest, then to fees and expenses due under this Note, and then to principal. Borrower will provide written notice to the holder of this Note of any such prepayment of all or any part of the principal at the time thereof. All payments and prepayments of principal or interest on this Note will be made in lawful money of the United States of America in immediately available funds, at the address of Lender indicated above, or such other place as the holder of this Note may designate in writing to Borrower.

**4. Waiver** - Maker expressly waives demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate the maturity hereof, notice of the acceleration of the maturity hereof, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith. Maker also waives any obligation that Payee pursue or exhaust its rights against any security for the Note prior to taking actions to collect the Note.

**5. Amendments** - Any term or provision of this Note and any obligation of Maker hereunder or with respect hereto, may be changed or modified, partially or completely, or noncompliance may be consented to or authorized, by written agreement between Maker and Payee.

**6. Events of Default** - The occurrence and continuance of any of the following events shall be considered an **"Event of Default"** for purposes of this Note: (a) default is made in the payment of principal or interest when due (b) any involuntary case or other proceeding shall be commenced against Maker that seeks liquidation, reorganization or other relief with respect to it or its debts or other liabilities under any bankruptcy, insolvency or other similar law now or hereafter in effect or seeking the appointment of a trustee, receiver, liquidator or custodian unless dismissed or stayed within 90 days after the institution thereof (provided that upon ineffectiveness of any stays, an Event of Default shall exist); (c) Maker shall commence a voluntary case or other proceeding seeking liquidation, reorganization or other relief with respect to itself or its debts or other liabilities under any bankruptcy, insolvency or other similar law now or hereafter in effect or seeking the appointment of a trustee, receiver, liquidator, custodian or other similar official with respect to Maker, or shall consent to any such relief or to the appointment of, or taking possession by, any such official in an involuntary case or other proceeding commenced against it, or shall make a general assignment for the benefit of creditors or shall fail generally or shall admit in writing its inability to pay its debts generally as they become due or shall take any corporate action to authorize or effect any of the foregoing; (d) a judgment in excess of $100,000 is entered against Maker which is not superseded within ten (10) of the date that it is entered; Maker shall cease business operations.

**7. Remedy** - Upon the occurrence of payment default as provided paragraph 6 (a) and the expiration of ten (10) days' notice and opportunity to cure, and upon the occurrence of any other Event of Default as provided in paragraph 6(b) -(d) and the expiration of thirty (30) days' notice and opportunity to cure, the entire principal amount and accrued interest of the Note then outstanding shall become immediately due and payable.

PQPR-3

**8. Governing Law and Venue** - This Note and the rights and obligations hereunder shall be governed by and construed in accordance with the laws of the State of Texas without regard to its principles concerning conflicts of law. Venue for any action brought to collect this Note shall be in Travis County, Texas.

**9. Attorneys' Fees and Expenses** - In the event Payee institutes an action to collect this Note, then in addition to all other amounts due and owing hereunder, Maker shall be liable for and pay to Payee reasonable fees and costs, including attorneys' fees and expenses, of collection.

EXECUTED to be effective as of the date first above written.

**MAKER:**

Free Speech Systems, LLC

By _____

Alexander E. Jones, Manager

**ACKNOWLEDGEMENT BY PAYEE:**

PQPR Holdings Limited, LLC

By _____

David R. Jones, Manager

**PQPR-3**