IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| FREE SPEECH SYSTEMS, LLC | § | CASE NO. 22-60043 |
|     DEBTOR | § | CHAPTER 11, SUBCHAPTER V |
| | | |
| SECURITY BANK OF TEXAS | § | |
|     MOVANT | § | |
| | § | |
| v. | § | Hearing Date: JUNE 8, 2023 |
| | § | Hearing Time: 10:00 A.M. |
| FREE SPEECH SYSTEMS, LLC | § | |
|     DEBTOR | § | |

## AGREED ORDER MODIFYING AUTOMATIC STAY

Came on for consideration the Motion of Relief from Stay ("Motion") filed by Security Bank of Texas ("Movant") as Document No. 589. The Court having considered the Motion, any and all responses filed thereto, and the agreement of counsel, is of the opinion that the following Agreed Order Modifying Automatic Stay should be entered. It is therefore, ORDERED that:

1. <u>Automatic Stay</u>. The automatic stay provided by 11 U.S.C. §362 shall remain in effect as to the 2021 Winnebago Adventurer Motor Home ("Motor Home"), except as provided below.

2. <u>Adequate Protection Payments</u>. Beginning no later than June 30, 2023, and continuing each month thereafter, Debtor shall remit directly to Movant or cause to be remitted to Movant the regular post-petition monthly payment in the amount of $2,196.25 pursuant to the Note and Security Agreement referred to in the Motion. All payments shall be made directly to Movant at the following address:

    Security Bank of Texas
    P.O. Box 90
    Crawford, Texas 76638

3. <u>Insurance</u>. Debtor shall maintain full coverage insurance on the Motor Home in amounts not less than the current minimum insurance requirements under the Texas Safety Responsibility Act showing Movant as loss payee and provide such proof of insurance to Movant. Such insurance coverage shall be for a term of not less than 180 days. Debtor shall also maintain the following insurance coverage on the Motor Home with deductibles of not less than $1,000.00:

    a) Collision; and
    b) Comprehensive.

4. <u>Plan Payments</u>. Debtor shall timely make all Plan payments and/or direct payments to Movant according to the provisions of Debtor's Chapter 11 Plan once confirmed.

5. <u>Default</u>. Should Debtor default on any terms of this Order, Movant shall mail notice of the default to Debtor and its attorney by U.S. First Class Mail, postage prepaid. Should Debtor not cure the default plus pay Movant's $50.00 default letter charge, within ten (10) days of the date Movant mails the notice, the Automatic Stay of 11 U.S.C. §362 shall be and is hereby ordered lifted with respect to Movant's collateral. Debtor's right to default and cure within the prescribed ten (10) day period is limited to two (2) such events, and nothing contained herein shall entitle Debtor to cure a third or subsequent default as to the terms of this Agreed Order. In the event of termination of the automatic stay for any reason whatsoever, the requirements of Rule 4001(a)(3) shall be waived and Movant, or its successor in interest, shall be authorized to enforce its lien rights and pursue its statutory and contractual remedies to gain possession of the Motor Home.

6. Movant shall notify the Court, Debtor, Debtor's attorney, and the creditors in this case (a) if the automatic stay is terminated; and (b) in the event that it forecloses/repossesses its interest upon the Motor Home.

Houston, Texas
Dated: June___, 2023

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND APPROVED BY:

_____
JOHN MALONE
SBOT No. 12874200
John Malone, PLLC
5400 Bosque Blvd., Ste. 308
Waco, Texas 76710
Email: john@johnmalonepc.com
ATTORNEY FOR MOVANT

_____
RAYMOND WILLIAM BATTAGLIA (with permission)
SBOT No. 01918055
66 Granburg Circle
San Antonio, Texas 78218
Email: rbattaglialaw@outlook.com
ATTORNEY FOR DEBTOR