UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-60043 |
| **FREE SPEECH SYSTEMS, LLC.,** | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtor. | § | |

### DEBTOR'S MOTION FOR TURNOVER OF PROPERTY

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Free Speech Systems, LLC ("FSS" or the "Debtor"), the debtor and debtor-in-possession in the above captioned case (the "Case"), and files this *Debtor's Motion for Turnover of Property* (the "Motion") seeking to compel Cicack Holdings, LLC. to turnover funds it is holding in violation of the automatic stay. In support of the Motion, the Debtor respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O). Venue is proper in this Court under 28 U.S.C. § 1408.

2. The statutory basis for the relief requested herein is sections 105(a), 362(a) and 542(a)

---

MOTION TO COMPEL TURNOVER

1

of the Bankruptcy Code.

## BACKGROUND

3. On July 29, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued to operate its businesses and manage its affairs as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. Elevated Solutions Group, LLC, ("ESG") and FSS were parties to a Professional Services Agreement – Affiliate Marketing MOU ("Agreement") under which FSS engaged ESG as an independent contractor to facilitate and manage the direct communication, accounting and marketing of select affiliate services and/or products. Under the Agreement ESG was to develop a zero cost marketing revenue stream for FSS. A copy of the Agreement is attached as Exhibit A.

5. The Agreement provided that ESG was to be paid 30% of the Net Sales revenue received during the term of the Agreement. The Agreement was intended as short term contract to permit the parties to evaluate the suitability of a longer term commitment. Accordingly, the Agreement was for a term of 90 days commencing on November 30, 2022.

6. The Agreement expired on February 28, 2023. FSS determined not to enter into any further agreements with ESG. ESG was only entitled to compensation under the Agreement for "compensation" earned at the time the Agreement was terminated.

7. On information and belief, ESG relied upon Cicack Holdings, LLC ("Cicack") to generate marketing contacts for referral to FSS. After termination of the Agreement Cicack has continued to receive revenue for marketing on FSS channels which it refuses to remit to FSS. According to counsel for Cicack, as of May 3, 2023, Cicack was holding "well in excess of $400,000" of FSS' funds. Additional revenue has likely been received since May 3, 2023.

8. FSS is entitled to an accounting of all funds held by Cicack on account of marketing revenue generated from FSS' platform. Cicack should also provide an accounting to FSS of all funds generated from FSS' platform.

9. Cicack refuses to turn the money it is holding over to FSS without a communication from ESG acknowledging that it is not entitled to any portion of those funds. ESG has refused to issue confirmation to Cicack, notwithstanding the terms of the Agreement. Cicack's continued dominion over the Debtor's assets is a violation of the automatic stay.

## BASIS FOR RELIEF

10. By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a), 362(a) and 542(a) of the Bankruptcy Code, (i) for the turnover of the revenue owed to FSS by Cicack which Cicack is withholding in violation of the automatic stay, (ii) compelling Cicack to provide an accounting of the funds owed to FSS, and (iii) enforcing the automatic stay against Cicack and ESG by enjoining it from withholding future payments owed to FSS. A proposed form of order granting the relief requested in this Motion is attached hereto (the "Proposed Order").

### A. Turnover of FSS Property

11. Section 542(a) of the Bankruptcy Code requires persons in possession of property of the estate to turn over that property to a debtor in possession. Specifically, the Bankruptcy Code provides that,

> [e]xcept as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

12. Bankruptcy Code section 541's definition of 'property" is broadly construed to include all of a debtor's legal and equitable property interests, whether reachable by state-law creditors or

MOTION TO COMPEL TURNOVER

3

not, and whether vested or contingent. 11 U.S.C. § 541(a)(1); *U.S. v. Rauer,* 963 F.2d 1332 (10th Cir. 1992); *In re Yonikus,* 996 F.2d 866 (7th Cir. 1993) (holding that virtually all property of debtor becomes property of the estate; in fact, every conceivable interest of the debtor, including future, non-possessory, contingent, speculative, and derivative, is within the scope of Section 541); *see also In re S.I. Acquisition, Inc.,* 817 F.2d 1142, 1149 (5th Cir. 1987) ("the term 'all legal and equitable interests of the debtor in property' is all-encompassing and includes rights of action as bestowed by either federal or state law") (quoting *In re MortgageAmerica*, 714 F.2d 1266, 1274 (5th Cir. 1983)).

13. The Debtor maintains an interest in all funds held by Cicack derived from or relating to marketing revenue generated from FSS' platform.

14. In order to secure the turnover of estate property, a debtor must establish that the property sought to be recovered was in possession or control of the party proceeded against at the time of the proceeding. *See In re Bathrick,* 1 B.R. 428, 432 (Bankr. S.D. Tex. 1979). Cicack is in possession of payments for advertising placed on FSS' platform by third parties for their products and services. As a result of the termination of the Agreement, ESG is not entitled to any of those proceeds and Cicack has no contract with FSS through which it is entitled to any of the funds it is holding.

15. As property of the estate, FSS is entitled to the turnover of any proceeds arising from or relating to marketing revenue generated from FSS' platform. In addition, Cicack has yet to provide FSS with accounting information regarding the funds it is holding for FSS. Because those funds are estate property, FSS is entitled to an accounting of such property.

**B.  Enforcement of the Automatic Stay**

16. The automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws."

---
**MOTION TO COMPEL TURNOVER**

4

*S.I. Acquisition, Inc.*, 817 F.2d at 1146 (5th Cir. 1987) (internal quotations omitted); *see also Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986); *see also Fid. Mortg. Inv'rs v. Camelia Builders, Inc.,* 550 F.2d 47, 55 (2d Cir. 1976) ("The stay insures that the debtor's affairs will be centralized, initially, in a single forum in order to prevent conflicting judgments from different courts and in order to harmonize all of the creditors' interests with one another.").

17. By withholding the payments, Cicack has violated the automatic stay because it is exercising control over property of FSS' estate. *See, e.g., Lowe v. Am. Student Fin. Grp., Inc. (In re Dickinson)*, 2020 Bankr. LEXIS 1669, at *59 (Bankr. W.D. Tex. Jan. 23, 2020) (finding that withholding payments owed to a debtor was a violation of the automatic stay). To the extent that Cicack continues to withhold the funds from FSS it will continue to be in violation of the automatic stay. It is therefore essential that Cicack be compelled to transfer proceeds it is holding derived from or relating to marketing revenue generated from FSS' platform.

WHEREFORE, the Debtor requests that the Court enter an order substantially similar to the Proposed Order (i) ordering Cicack to turn over of all proceeds it is holding derived from or relating to marketing revenue generated from FSS' platform, (ii) compelling Cicack to provide an accounting of those funds, and (iii) enforcing the automatic stay against Cicack and granting such further relief to which the Debtor may be entitled.

Respectfully submitted, June 19, 2023

                                           THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
                                           66 Granburg Circle
                                           San Antonio, Texas 78218
                                           Telephone (210) 601-9405
                                           Email: rbattaglialaw@outlook.com

                                           By: */s/ Raymond W. Battaglia*
                                                   Raymond W. Battaglia
                                                   Texas Bar No. 01918055

                                          **ATTORNEYS FOR FREE SPEECH SYSTEMS,**

LLC.

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system. I further certify that it has been transmitted by first class mail to the parties below:

Walter J. Cicack
Hawash, Cicack & Glaston, LLP
3401 Allen Parkway
Suite 200
Houston, Texas 77019

Johnie Patterson
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX  77208

/s/ Raymond W. Battaglia
Raymond W. Battaglia