```
 1                  UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                         HOUSTON DIVISION

 3                                  )   CASE NO: 22-60043-CML
                                    )
 4   FREE SPEECH SYSTEMS LLC,       )   Houston, Texas
                                    )
 5           Debtor.                )   Wednesday, June 14, 2023
                                    )
 6                                  )   10:00 a.m. to 10:15 a.m.
     -------------------------------)
 7

 8                  MOTION FOR RELIEF FROM STAY

 9        BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ
                UNITED STATES BANKRUPTCY JUDGE
10

11   APPEARANCES:

12   For the Debtor:         RAYMOND WILLIAM BATTAGLIA
                             Law Offices of Ray Battaglia, PLLC
13                           66 Granburg Circle
                             San Antonio, TX 78218
14
     For the U.S. Trustee:   JAYSON RUFF
15                           Office of the U.S. Trustee
                             515 Rusk Street, Suite 3516
16                           Houston, TX 77002

17   For Texas Plaintiffs:   JENNIFER J. HARDY
                             Willkie Farr & Gallagher LLP
18                           600 Travis Street
                             Houston, TX 77002
19
                             JARROD B. MARTIN
20                           Chamberlain Hrdlicka White Williams
                             & Aughtry PC
21                           1200 Smith Street, Suite 1400
                             Houston, TX 77002
22
     For the Committee:      DAVID ZENSKY
23                           Akin Gump Strauss Hauer & Feld LLP
                             2300 N. Field Street, Suite 1800
24                           Dallas, TX 75201

25
```

```
1    Court Reporter:          ZILDE COMPEAN

2    Courtroom Deputy:        ZILDE COMPEAN

3    Transcribed by:          Veritext Legal Solutions
                              330 Old Country Road, Suite 300
4                             Mineola, NY 11501
                              Tel: 800-727-6396
5

6

7    Proceedings recorded by electronic sound recording;
     Transcript produced by transcription service.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1        HOUSTON, TEXAS; WEDNESDAY, JUNE 14, 2023; 10:00 AM

2                        (Call to Order)

3            THE COURT:  Okay.  Good morning, everyone.  This
4    is Judge Lopez.  Today is June 14th.  I'm going to call the
5    10:00 o'clock matter or a number of matters.  A couple of
6    applications for compensation I have signed those orders and
7    that hearing is canceled.

8            So, we're going to go right into 22-33553 and 22-
9    60043.  Jones and Free Speech cases here on connection with
10   motions for relief from stay.

11           Let me go ahead and to the extent any party wishes
12   to speak today who's on the line, Mr. Battaglia, I see you
13   there.  Mr. Zensky maybe wish to speak from the Committee.
14   I'm going to ask that you please hit five star now.  Just
15   keep your phone on mute.  Once I unmute your line, if any
16   party wishes to make an appearance in the courtroom, feel
17   free to do so now.  Thank you.

18           MR. RUFF:  Good morning, Your Honor.  I'm Jayson
19   Ruff and Ha Nguyen from the U.S. Trustee's Office.  Also, we
20   have with us our summer intern.  I don't know if you -- if
21   we're introducing her yet or not, but Shania (indiscernible)
22   is with us today.

23           THE COURT:  Okay.  Good morning.  Welcome.

24           MR. MARTIN:  Good morning, Your Honor.  Jarrod
25   Martin and Jennifer Hardy with us.

1                THE COURT:  Okay.  Good morning.  I'm going to
2   unmute.  There's two lines.  It's the 212 line.  I unmuted
3   the 212 line.  Do you wish to make an appearance?
4                MR. ZENSKY:  Yes.  Good morning, Your Honor, David
5   Zensky of Akin for the Official Committee of Unsecured
6   Creditors.  I don't anticipate the committee needing to
7   offer any commentary today, but we're available if the need
8   arises or the Court has questions.
9                THE COURT:  Thank you.  Okay.  Okay, 210.
10               MR. BATTAGLIA:  Your Honor, Ray Battaglia for Free
11  Speech Systems.
12               THE COURT:  Okay, good morning.  Okay.  I don't
13  know who wants to take lead on either of these.  Anyone?  I
14  suspect they're both connected.  I mean, I've read
15  everything.  I just thought it was important just to kind of
16  lay out what was -- to the extent what can be said can be
17  said on the record.  And then I just had a couple of
18  questions about the order.  So ,but go ahead, sorry.
19               MS. HARDY:  Sure, Your Honor.  Jennifer Hardy on
20  behalf of the Texas plaintiffs.  Your Honor, you said you
21  read everything.  This is obviously on an issue and a motion
22  by the Texas plaintiffs to lift the stay, to liquidate
23  claims for three of our clients have -- who do not have
24  active stated claims.  And we have, like we've been
25  promising for a while, we have come to a settlement with the

1    Debtors regarding liquidation of those claims.  Those

2    motions were filed, 9019 motions, in connection that

3    settlement, last week on the 8th and 9th.  There is a 21-day

4    notice period for the 9019 motions.  So, you know, we're not

5    seeking today approval of the 9019s.  We -- on those

6    motions, essentially, they -- you know, there's a hearing on

7    that and we'll obviously explain those in further detail,

8    but it allows like a temporary reprieve in state court

9    litigation regarding those claims while we determine if

10   there is, you know, bankruptcy settlement that's available.

11   If there is not an agreed plan among the plaintiff parties

12   and the Debtors, then the Debtors have agreed to lift the

13   stay with respect to those claims so that a hearing at our

14   state court action can occur in October 20th for one set of

15   plaintiffs and by December 1st for the third plaintiff.

16            So, it allows for claim settlement until -- unless

17   and until we get to those dates and there is not a

18   consensual agreement.  If there's not a consensual

19   agreement, then the claim settlement drops away and we then

20   litigate in state court.  So, that's how we structured the

21   settlements to protect all parties in the event that there

22   is and isn't a -- two instances of (indiscernible).

23            THE COURT:  I reviewed those motions.  And the

24   orders (indiscernible) since you're here, I can ask you and,

25   again, everybody's rights are preserved in connection with

1   the actual motion.  I understand where you're going.  When
2   we talk about -- when you, when you talk about in the orders
3   the stay remains in effect until -- let's just use one from
4   August 31st, 2023.  It's just one of the dates, right, one
5   of the deadline dates.  The question I'm just going to want
6   to confirm is whether that means that, you know, August
7   31st, 2023, you know, at 12:01, you know, a stroke past
8   midnight the stay lift is in effect.  So, if there's not a
9   documented deal -- and I'm going to be asking, you know, if
10  there's no documented consensual agreement, right?  Is that
11  -- what is -- I'm just -- I want to understand what that
12  means.  What is a documented consensual agreement, just to
13  explore what that means, so no one comes in on the 31st and
14  says, no, it was documented, it was consensual.
15           I just want to have it on the record as to what
16  that document would look like and whether that means if no
17  document is reached by August 31st, so really that just
18  means, you know, August 30th at 11:59 p.m.  So, at the
19  stroke of midnight, August 31st, you know, everybody's off
20  to the races.  And what -- just trying to explore what that
21  means just so that there's clarity among the parties and
22  whether no one thought that they actually had the 31st or
23  October 20th to strike an extra day on the deal.  I just
24  want there to be 100 percent clarity because once everything
25  is lifted, then there's a lot that could be moved.

1                And then the other thing I would ask that the
2    parties consider is, you know, it talks about a consensual
3    extension of some of the deadlines without further order of
4    the Court.  Obviously, parties will tell me.  I'm, at a
5    minimum, I'm going to want that any, if there is an
6    extension, that the deadline itself -- just essentially get
7    somebody on the record just noting that the deadline has
8    moved just so there's transparency.
9                Everyone can -- again, everyone can come in and
10   argue about the motion.  Those are the two things that I
11   just wanted to make sure that we had clear as the parties
12   prepare for on the record, just so that there's no confusion
13   about what it is and where things go.  I just wanted to make
14   sure that there was nothing I needed to handle today, and
15   everything is really going to kind of get pushed,
16   essentially, to the 9019.  And if that gets approved, that
17   essentially deems resolved, at least on a temporary basis.
18               And am I understand right that the amounts are
19   going to pursued, essentially, they're settled amounts, but
20   that amount could go away, right?  There's no documented
21   consensual deal.  So, it's there but not really.
22               MS. HARDY:  That's right --
23               THE COURT:  It's not final until it's final.
24               MS. HARDY:  Right, that's right.  It's there for
25   the consensual deal.  But if the deadlines pass and there's

1    no consensual extension of the deadlines, then the claims

2    deal goes away, and the stay lifts to proceed with

3    (indiscernible).

4            THE COURT:  Which I'm assuming is the reason you

5    all want to make sure that the number is, is under seal

6    because the number can change, and you want everyone's

7    rights to be preserved in the event that it's not.

8            MS. HARDY:  That's exactly right, Your Honor.  We

9    anticipate it being, you know, highly publicized, you know.

10   For litigation purposes, we can't --

11           THE COURT:  Got it.  Because it could be a, could

12   be a real or it could not in terms of what, what happens.

13   Okay.  I just wanted to understand.  And sometimes it's

14   helpful for me to just ask questions and kind of wait until

15   the time.  And I want to make sure that this was kind of --

16   the 9019 was tracking, and at least we had it on the record

17   that it was tracking, essentially the motion to lift stay so

18   that your rights are still preserved in connection with the

19   9019 if something happens.

20           MS. HARDY:  Yes, Your Honor.

21           THE COURT:  Okay.

22           MS. HARDY:  We do expect --

23           THE COURT:  Go ahead.

24           MS. HARDY:  We do expect this to fully resolve the

25   state motion because either way, a consensual deal or not a

```
 1   consensual, the consensual deal, we have, you know, a claims
 2   amount; nonconsensual deal, we have an agreement on the date
 3   to lift the stay.  So that that motion will be finalized as
 4   well.
 5           THE COURT:  So, the only thing I want you all to
 6   think about is a consensual documented deal, whatever, if
 7   there's going to be one by a certain date, I would want
 8   something on the docket, and then that would at least, in my
 9   mind, confirm there's a documented consensual deal that no
10   one can say, you know, it was, it wasn't, there was
11   agreement, we had emails going back and forth.  If something
12   gets signed with, you know, just -- I just want to make sure
13   that everybody's really clear on it.  Because once I sign
14   orders, then they're the orders and everybody's rights are
15   what they are.  And no one waives rights to make additional
16   arguments later on down the line.
17           But to the extent that I can clarify some
18   confusion, at least in my mind upfront, at least I know what
19   the parties is intended by what these words meant, and we
20   can kind of get there.  I just want everybody thinking about
21   that on the upfront.  And maybe everybody knows the answers.
22   I'm just putting it out there.  Just -- I'm going to ask
23   these questions in a bit.
24           MS. HARDY:  That that makes perfect sense, Your
25   Honor.  So, yeah, we'll, we'll discuss it with the Debtors,
```

1  but I would suggest that, you know, either way, on the
2  deadline or day before the deadline, we'll discuss the
3  details.  You know we will file a notice that either says
4  we're extending the deadline or we're not extending the
5  deadline or there was a consensual deal and, you know, you
6  know, parties agree that there's a consensual deal.  So, the
7  deadline, you know, is not --
8              THE COURT:  Exactly.  That's exactly where I'm
9  going.
10             MS. HARDY:  So, a notice of that one of those
11 three contingences --
12             THE COURT:  So, in my mind, documented consensual
13 deal is something that folks have signed.  I want something
14 on the docket there unless the parties tell me otherwise.  I
15 just don't want further faults.  That's where I'm going with
16 this.  I know the parties don't want it either.  I just at
17 it sooner than later.
18             So, I don't want to, again, I've probably gone too
19 far into the substance of the motions, but I just want to
20 make sure that we were one, tracking the lift stay.  And if
21 not -- that there was nothing that we needed to do today.
22 I'm incredibly sensitive to the hearings.  And I said I
23 wanted to keep things moving.  So, I just thought it made
24 sense to have a check in to see where we were.
25             MS. HARDY:  Perfect.  We appreciate that.  And

1  thanks for the feedback.  I think it makes, it makes a lot
2  of sense, and we'll certainly discuss it among the parties
3  and revise the order.
4         THE COURT:  Okay, okay.  So, let me open it up
5  just in case, since I opened up the door, if anyone wishes
6  to say anything for purposes of today?  Everyone's rights
7  are preserved.  Everyone, we're just having a discussion.  I
8  haven't ruled out anything or said anything.  But to the
9  extent anyone wished to address the Court today in
10 connection with the motions to lift stay.  In the courtroom
11 I'll start.  Anyone on the phone?  There's one party that --
12 just let me know.
13        MR. BATAGLIA:  Your Honor --
14        THE COURT:  Yes.
15        MR. BATTAGLIA:  Ray Battaglia.
16        THE COURT:  Mr. Battaglia.
17        MR. BATTAGLIA:  A couple of things, Your Honor.
18 Ray Battaglia on behalf of Free Speech Systems.  I think Ms.
19 Driver and I both filed motions to seal the exhibit.  And if
20 the Court would entertain those and enter the orders, we'll
21 upload on a sealed basis, the exhibit that was referenced in
22 the motion.  I believe Ms. Driver circulated to save the
23 same.  They're companion motion in both cases.  So, I
24 believe Ms. Driver had circulated it.  If that's not the
25 case and the parties will let me know, I'll make sure they

1  get a copy of it, the appropriate parties.  So, that's the
2  first thing.
3             I understood consensual deal to be the plan, a
4  plan, a consensual plan filed of both parties.  However, if
5  we document that, I understand the Court's comments and take
6  them to heart.  I know this was filed on negative notice
7  language.  I do know that we have a hearing set on the 29th
8  on our cash collateral.  I don't know whether it makes sense
9  for the Court to just set this, and frankly, the parties who
10 are implicated are on this call.  But I leave that up to the
11 Court.
12            THE COURT:  Is --
13            MR. BATTAGLIA:  I do have another motion that I
14 will want to file and get set on the 29th and I'll talk to
15 Ms. Saldana about that after the hearing.
16            THE COURT:  Let's see.
17            MR. BATTAGLIA:  I think it's the 29th at 11:00,
18 Judge.
19            THE COURT:  Yeah, yeah, yeah.  Why don't we?
20 Let's do that because I know that that date works.  So, we
21 can set a hearing on this on the 29th.  And you can, you
22 know, we can set both of these motions and the motions to
23 seal.  I may sign the motions to seal before then, but I
24 don't want to do it just now.  I'll give it a, give it a
25 little time.  I will consider the arguments that anyone

1  makes, but I just want to make sure we're having
2  transparency in the process and making sure everybody was on
3  the same page.  Mr. Battaglia, whatever those words mean to
4  the parties, that's fine with me.  I just want to make sure
5  that we at least have the discussion so that we talk about
6  it on the front end, rather than on the back end.  That was
7  -- I don't want to --
8          MR. BATTAGLIA:  Understood.
9          THE COURT:  Okay.  What I didn't want to leave
10 with anyone was the impression that I wanted my words to be
11 inserted or what my thoughts are.  It's irrelevant.  It's
12 what the parties have agreed to, and I just want to make
13 sure that I understand what that means so that there's
14 transparency there.
15         Okay.  Anyone else wish to address the Court?  All
16 right.  Well, thanks everyone for your time.  I really
17 appreciate it.  That's all I had.  So, we will reset --
18 well, I won't reset.  I will set the motions to for
19 compromise, and the motion to seal for June 29th at 11:00
20 a.m.  Thanks everyone.  Have a good day.
21         DEPUTY:  All rise.
22      (Proceedings adjourned at 10:15 a.m.)
23
24
25

```
1                    C E R T I F I C A T I O N
2
3         I, Sonya Ledanski Hyde, certified that the foregoing
4    transcript is a true and accurate record of the proceedings.
5
6    [signature: Sonya M. Ledanski Hyde]
7
8    Sonya Ledanski Hyde
9
10
11
12
13
14
15
16
17
18
19
20   Veritext Legal Solutions
21   330 Old Country Road
22   Suite 300
23   Mineola, NY 11501
24
25   Date:  June 21, 2023
```