**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re<br><br>Alexander E. Jones,<br><br>      Debtor, | Bankruptcy<br>Case No. 22-33553 (CML)<br><br>Chapter 11 |
| In re<br><br>Free Speech Systems LLC,<br><br>      Debtor, | Bankruptcy<br>Case No. 22-60043 (CML)<br><br>Chapter 11 |

**AGREED ORDER ON DEBTORS' MOTION FOR APPROVAL OF COMPROMISE**
**AND SETTLEMENT UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

In consideration of the *Debtors' Motion for Approval of Compromise of Settlement Under Federal Rule of Bankruptcy Procedure 9019* [Docket No. [515] (the "Motion")[1] and based on the specific facts and circumstances surrounding the Settlement by and between Alexander E. Jones ("Jones"), Free Speech Systems, LLC ("FSS," and together with Jones, the "Debtors"), and the Texas Plaintiffs (collectively the "Parties") in the chapter 11 cases, the Court finding that the Debtors have engaged with the Texas Plaintiffs on a suitable resolution to the Motion; and the Debtors and Texas Plaintiffs agreeing that issues relating to the automatic stay's effect on the Texas Plaintiffs' state court proceedings are most efficiently resolved together; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

---

[1] Capitalized terms not otherwise defined in this Order shall share the meanings ascribed to them in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having found that the relief set forth herein is in the best interests of the Debtors' estates, their

creditors, and other parties in interest; and appropriate notice having been provided under the

circumstances of the Motion, and that no other or further notice is required; and the Court having

determined that the consensual settlement of certain issues among the Debtors and the Texas

Plaintiffs establish just cause for the relief granted herein;

**NOW, THEREFORE, IT IS AGREED AND ORDERED THAT:**

1.      With respect to the state court action styled as *Leonard Pozner and Veronique De

La Rosa v. Alex E. Jones, Infowars, LLC, and Free Speech Systems, LLC*, Cause No. D-1-GN-18-

001842, brought in the 345th District Court of Travis County, Texas (the "Pozner/De La Rosa

Action"), the automatic stay shall remain in effect until August 31, 2023 at 12:01 a.m (CST) or until

otherwise ordered by this Court.  If no documented consensual agreement among the Debtors, the

Texas Plaintiffs and the Connecticut Plaintiffs with respect to a chapter 11 plan for each of the

Debtors has been reached by August 31, 2023 at 12:01 a.m (CST), the automatic stay shall be

lifted solely to allow pre- trial proceedings and discovery to move forward in the Pozner/De La

Rosa Action with no further action required by this Court or the Texas Plaintiffs.

2.      If no documented consensual agreement among the Debtors, the Texas Plaintiffs

and the Connecticut Plaintiffs with respect to a chapter 11 plan for each of the Debtors has been

reached by October 16, 2023 at 12:01 a.m (CST), then at that time, the automatic stay shall be

lifted with respect to the Pozner/De La Rosa Action as to the Debtors and the state court action

styled as *Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Kit

Daniels*, Cause No. D-1-GN-18- 001605, in the 459th District Court for Travis County, Texas (the

2

"<u>Fontaine Action</u>") as to FSS only solely for the purposes of liquidating damages.  For the avoidance of doubt, nothing in this order shall permit the Texas Plaintiffs to act to enforce any judgment against property of the Debtors' estates, to act to obtain possession or control over property of the estates, to create, perfect or enforce a lien against property of the estates, or to otherwise seek to collect from the Debtors outside of these bankruptcy cases.

3.      The Texas Plaintiffs shall not commence additional sanctions actions with respect to any act or action of a non-Debtor taking place prior to the date of this order with respect to the litigation among one or more of the Debtors and one or more Texas Plaintiffs, until December 1, 2023; *provided, however,* that any sanctions action by the Texas Plaintiffs against a non-Debtor commenced prior to the date hereof may proceed.

4.      Those certain Texas Plaintiffs set forth on <u>Exhibit A</u> hereto shall have allowed claims solely for the purposes of bankruptcy, including voting and distributions in the Debtors' chapter 11 cases in the amounts set forth next to their names on <u>Exhibit A</u>; *provided, however,* that such claim amounts shall no longer be applicable upon the lifting of the automatic stay on October 16, 2023 at 12:01 a.m (CST), unless such deadline is consensually extended by the Debtors and the Texas Plaintiffs.

5.      The Debtors and the Texas Plaintiffs may consensually extend one or more deadlines set forth in this order upon written agreement among the Debtors and the Texas Plaintiffs without further order of this Court.  The Parties may also seek to continue the trial date without further order of this Court.

6.      At least one day prior to the aforementioned deadlines, on August 30, 2023 and October 15, 2023, respectively, the parties must file a joint notice, signed by representatives of the

3

Texas Plaintiffs and the Debtors' estates, with the Court as to whether there is consensual agreement regarding a chapter 11 plan, a consensual agreement to extend the deadline to lift the automatic stay, or recognition that the Texas Plaintiffs intend to lift the stay and initiate pre-trial proceedings with respect to either the Pozner/De La Rosa Action or Fontaine Action.

7.      Appeals of any judgment against one or more Debtor with respect to any Texas Plaintiff's state court litigation may proceed without further order of this Court.

8.      Notwithstanding Bankruptcy Rule 4001(a)(3), the 14-day stay of an order granting relief from the automatic stay is waived.

9.      This Court shall retain sole and exclusive jurisdiction with respect to the automatic stay, its application to any state court actions, and any disputes relating to any party's failure to meet a necessary condition of the agreement reached between the parties and approved herein.

Dated: _____, 2023
        Houston, Texas

_____
**CHRISTOPHER LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**

4

## **EXHIBIT A**

*Filed Under Seal*