IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | |
| | § | |
| Debtor. | § | Case No. 22-60043 |
| | § | |

**ALEXANDER JONES' MOTION FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503(B)(1)**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

Alexander E. Jones ("Jones"), as a creditor and party in interest in the above-captioned Chapter 11 Case, hereby submits this motion (the "Motion") pursuant to Section 503(b) of the United States Bankruptcy Code (the "Code"). In support of this Motion, Jones respectfully represents as follows:

### I.   JURISDICTION

1.   This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding and this Application is proper in this district pursuant

to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory basis for the relief requested herein is Section 503(b) of the Code.

## II.    BACKGROUND

3.    Jones hosts a syndicated radio and video talk show in Austin, Texas. Free Speech Systems, LLC ("FSS") is a single member LLC, 100% owned by Jones, that produces and syndicates much of the show. In addition, FSS offers high-end dietary supplement products, books, t-shirts, and other products, which are solely promoted and advertised by Jones during his radio and streaming video talk shows, for online sale to customers at the Infowars web site.

4.    FSS filed for Chapter 11 Bankruptcy under Subchapter V in the Southern District of Texas Bankruptcy Court, Houston Division, Case No. 22-60043 (the "FSS Bankruptcy Case") on July 29, 2022; and Jones filed his own Chapter 11 Bankruptcy case, Case No. 22-33553 (the "Jones Bankruptcy Case") on December 2, 2022.

5.    As of the filing of the FSS Bankruptcy Case and the Jones Bankruptcy Case, FSS and Jones were parties to an Employment Agreement dated April 14, 2022 (the "Employment Agreement")[1]. Under the terms of the Employment Agreement, Jones agreed to produce his show on FSS's platform in exchange for an annual salary of One Million, Three Hundred Thousand Dollars and NO/100 ($1,300,000.00).

6.    In or about August 2022, FSS ceased paying Jones his full compensation owed under the Employment Agreement, reducing his bi-weekly compensation from $50,000.00 to $20,000.00[2] (a 60% reduction). This payment reduction resulted in a claim of $290,000.00 by

---

[1] True and correct copies of the Employment Agreement available upon request.
[2] Jones was paid only $10,000 per pay period under the *Interim Order Authorizing Debtor's Use of Cash Collateral and Providing Partial Adequate Protection* (the "Interim Cash Collateral Order") (Doc. No. 41). Jones' salary was increased to $20.000 per pay period in the Second *Interim Order Authorizing Debtor's Use of Cash Collateral and Providing Partial Adequate Protection* (Doc. No. 98).

**JONES' MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503(B)(1) – Page 2**

Jones against FSS as of December 2, 2022, and an ongoing claim accrual of $30,000.00 per month since then based upon Jones' current compensation rate (as Jones has performed as agreed under the Prior Employment Agreement). The current post-petition total due and owing to Jones by FSS under the Employment Agreement as of May 31, 2023, is **$680,000.00** (the "Administrative Claim").[3]

7. While FSS and Jones continue to work together going forward and have negotiated the terms of an updated employment contract, each working with and through their own separate counsel, this process is not yet completed due to the informal objections by the Committee to a long-term contract. As of the date hereof, Jones and FSS continue to work with the Committee to reach an agreement on an interim compensation increase and either that agreement or a motion to approve the next employment agreement between Jones and FSS will be filed in short order. The above referenced claim is based upon the existing Employment Agreement.

### III.     RELIEF REQUESTED AND BASIS THEREFORE

8. Bankruptcy Code section 503(b)(1)(A) provides that: "After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under § 502(f) of this title, including … the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

9. In the period prior to assumption or rejection, the non-debtor party to an executory contract is required to perform, but the contract is unenforceable as against the debtor until assumption. *See, e.g., NLRB v. Bildisco*, 465 U.S. 513, 532 (1984). Nonetheless, "[i]f the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, *the debtor-in-possession is obligated to pay*

---

[3] If Jones' salary is not approved to be increased as of June, 1, 2023, and is paid at current rate, then the Administrative Claim will continue to accrue an additional $30,000.00 per month.

**JONES' MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503(B)(1) – Page 3**

*for the reasonable value of those services….*" *Id*. at 531 (emphasis added).

10. The services provided to FSS by Jones under the Employment Agreement have conferred a post-petition benefit on the FSS estate by ensuring FSS is able to continue to broadcast a show and sell products. Jones' services ensure FSS operations continue and maintain their going-concern value. Indeed, FSS' CRO has stated that when Jones does not broadcast his show, FSS endures much lower revenue from sales, causing a dip in its enterprise value.

11. Accordingly, Jones is entitled to an administrative claim pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2). A prima facie case under Section 503(b)(1) may be established by evidence that (1) the claim arises from a transaction with the debtor-in-possession; and (2) the goods or services supplied enhanced the ability of the debtor-in-possession's business to function as a going concern. *Matter of TransAmerican Natural Gas Corp.*, 978 F.2d 1409 (5th Cir. 1992); *In re Coastal Carriers Corp.*, 128 B.R. 400, 403 (Bankr. D. Md. 1991); *Kimzey v. Premium Casing Equipment, LLC*, Civ. A. No. 16-CV-01490, 2018 WL 1321971, at *4 (W.D. La. March 14, 2018).

12. The Administrative Claim arises from the Employment Agreement (a transaction with FSS), and the services supplied by Jones certainly enhance the ability of FSS to function as a going concern. In fact, it can be safely said that FSS would not be able to function as a going concern without the services supplied by Jones. Thus, a prima facie case under Section 503(b)(1) is established.

13. The question of whether the estate has benefited is not limited to a dollars and cents calculation. *TransAmerican*, 978 F.2d at 1420. The purpose of the priority treatment afforded by Section 503 is to encourage third parties to provide necessary goods and services to the debtor-in-possession so that it can continue to conduct its business, thus generating funds from which prepetition creditors can be paid. *Id*. Although the estate receives a benefit that can generally be

measured by the actual cost of necessary goods or services supplied, the estate also receives other less readily calculable benefits, such as the ability to continue to conduct business as usual. *Id*.; *see also In re Coastal Carriers*, 128 B.R. at 404; *Kimzey*, 2018 WL 1321971 at *3. Again, the value provided by Jones' services to FSS more than meet the stated metric. Jones' continued participation in the show production and product sales allows FSS to continue to conduct business as usual.

14. Finally, Jones would request that the Court direct FSS to pay the Administrative expense immediately, as it is able. These funds would be very helpful in paying time sensitive administrative expenses in the Jones Bankruptcy Case. Furthermore, directing a debtor to pay administrative expenses prior to plan confirmation is at the discretion of the Court. *See In re Austin*, No. 85-40639, 1994 WL 245224, at *1 (Bankr. S.D. Ga. Feb. 8, 1994) ("the time of payment of … administrative expenses … is entirely within the discretion of the bankruptcy court"); *In re Dakota Indus., Inc.*, 31 B.R. 23, 26 (D. S.D. 1983) ("There is no restriction on the debtor's paying administrative claims prior to confirmation of the plan in a Chapter 11 case…."); *In re Isis Foods, Inc.*, 27 B.R. 156, 157-58 (W.D. Mo. 1982) (affirming bankruptcy court order that debtor make immediate payment on administrative expense claims). Therefore, to the extent there are funds available, FSS should be compelled to make immediate payment to Jones on account of the Administrative Claim.

WHEREFORE, Jones respectfully requests that the Court enter an order allowing the Administrative Claim in an amount of not less than $680,000.00, directing FSS to immediately pay Jones the Administrative Claim, and granting Jones such other and further relief as may be just and proper.

## IV. NOTICE

15. Notice of this Motion has been provided to: (a) the Offices of the United States Trustee; (b) the Sub V Trustee; (c) Debtor's 20 largest unsecured creditors; (d) the Debtor's secured lenders; (e) any notices of appearance. Jones submits the above notice is sufficient and that no further notice is necessary.

Dated: July 6, 2023.       **CROWE & DUNLEVY, P.C.**

By: */s/ Christina W. Stephenson*
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

-and-

Shelby A. Jordan
State Bar No. 11016700
S.D. No. 2195
Antonio Ortiz
State Bar No. 24074839
S.D. No. 1127322
**JORDAN & ORTIZ, P.C.**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX  78401
Telephone: (361) 884-5678
Facsimile:  (361) 888-5555
Email:  sjordan@jhwclaw.com
         aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com

**ATTORNEYS FOR ALEXANDER E. JONES**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing pleading was served upon the parties via e-mail, and/or electronic transmission via the Court's ECF noticing system on this 6th day of July, 2023.

                                      */s/ Christina W. Stephenson*
                                      Christina W. Stephenson