UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 22-60043 |
| FREE SPEECH SYSTEMS, LLC | § | |
| | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |
| | § | SUBCHAPTER V |

## CHAPTER 11 FEE APPLICATION SUMMARY

| | | |
|---|---|---|
| **Name of Applicant:** | Melissa A. Haselden | |
| **Applicant's Role in Case:** | Chapter 11 Subchapter V Trustee | |
| **Indicate whether this is an interim or final application:** | Interim | |
| **Date Notice of Appointment Signed:** | August 2, 2022 [ECF No. 22] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | August 2, 2022 | June 30, 2023 |
| **Time period(s) covered by prior Applications:** | N/A | N/A |
| **Total amounts awarded in all prior Applications:** | | N/A |
| **Total fees requested in this Application:** | | $376,585.00 |
| **Total professional fees requested in this Application:** | | $314,935.00 |
| **Total actual professional hours covered by this Application:** | | 676.60 |
| **Average hourly rate for professionals:** | | $465.47 |
| **Total paraprofessional fees requested in this Application:** | | $61,650.00 |
| **Total actual paraprofessional hours covered by this Application:** | | 432 |
| **Average hourly rate for paraprofessionals:** | | $142.71 |
| **Reimbursable expenses sought in this application:** | | $9,334.82 |
| **Total to be Paid to Priority Unsecured Creditors:** | | N/A |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | | N/A |
| **Total to be Paid to General Unsecured Creditors:** | | N/A |
| **Anticipated % Dividend to General Unsecured Creditors:** | | N/A |
| **Date of Confirmation Hearing:** | | N/A |
| **Indicate whether plan has been confirmed:** | | no |

First Interim Fee Application

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 22-60043 |
| FREE SPEECH SYSTEMS, LLC | § | |
| | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |
| | § | (Subchapter V) |

**FIRST INTERIM APPLICATION OF MELISSA A. HASELDEN AND**
**HASELDEN FARROW, PLLC FOR ALLOWANCE OF COMPENSATION**
**FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES**
**AS SUBCHAPTER V TRUSTEE FOR THE PERIOD FROM**
**AUGUST 2, 2022 TO JUNE 30, 2023**

---

**NOTICE PURSUANT TO LOCAL RULE 9013-1**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN **21 DAYS** OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE,

Melissa A. Haselden ("**Trustee**") and Haselden Farrow, PLLC ("**HF**"), Subchapter V Trustee for FREE SPEECH SYSTEMS, LLC. ("**FSS" or "Debtor"**) files this First Interim Application for Allowance of Compensation ("**Application**"), requesting fees in the amount of $376,585.00, reimbursement of expenses of $9,334.82, and reimbursement of $2,750.00 for preparing, serving and prosecuting this Application, for the period from August 2, 2022 through June 30, 2023 (the "**Compensation Period**"), pursuant to Sections 330 and 331 of the 11 U.S.C.

2

§ 101, *et seq.* (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and S.D. Tex. L.B.R. 2016-1(c).  In support of this Application, Trustee respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction to hear and determine the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

### INTRODUCTION

2.      On July 29, 2022 (the "**Petition Date**"), Free Speech Systems, LLC filed a voluntary petition under Subchapter V of Chapter 11 of the Bankruptcy Code ("**Bankruptcy Case**") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**").

3.      On August 2, 2022, the United States Trustee filed a Notice of Appointment of Subchapter V Trustee which appointed Trustee to act as the Subchapter V Trustee in the Bankruptcy Case. [Docket No. 22].

4.      On September 20, 2022, the Court entered an order expanding Trustee's powers under 11 U.S.C. §1183(b)(2) and requiring that a report be filed pursuant to 11 U.S.C. §1106(a)(3) & (4) [Docket No. 183].

5.      As a result of her expanded duties, Trustee worked with her staff and professionals, Debtor's counsel and the CRO of FSS to help stabilize operations, conduct an investigation into the Debtor's business, investigated transfers from FSS and sought a global resolution of outstanding issues in this case.

6.      In connection with the investigation, Trustee subpoenaed documents, conducted numerous interviews with relevant parties, reviewed tens of thousands of documents produced by various parties, researched public records in various states, met on various occasions with the

primary constituencies in this case and filed an in depth report detailing the results of her investigation. Trustee also worked closely with the CRO to monitor Debtor's financial and general business operations.

7.      On April 4, 2023, Trustee filed her Initial Findings of Investigation of Free Speech Systems, LLC [Docket Nos. 549& 550]. A supplement to this report was filed on April 28, 2023 [Docket Nos. 573 & 574].   Trustee continues to work with the various constituencies on a global resolution to this case and the investigation remains open.

**PRIOR FEE APPLICATIONS**

8.      Trustee has not filed any prior interim fee applications. This Application covers all fees and expenses of Trustee through June 30, 2023.

**FIRST INTERIM FEE APPLICATION**

9.      This Application is Trustee's first interim application  for compensation which covers professional and paraprofessional services performed and expenses incurred from August 2, 2022 through June 30, 2023.   During the Compensation Period, HF incurred fees totaling $376,585.00 and reimbursable expenses totaling $9,334.82.  Trustee expended a total of 1108.60 hours for services rendered, including 676.6 hours related to professional services provided and 432.0 for paraprofessional services.  A complete and itemized accounting of the foregoing time was provided to the Debtor and is set forth in the invoices attached as **Exhibit A** ("**Invoices**"). The Invoices record the Trustee's daily time entries and include a description of the nature and substance of the services rendered, the date on which the services were performed, and the attorney, clerk, or paralegal, who performed the services and the amount of time actually spent as well as the costs incurred or advanced by the Trustee.

10.     In the ordinary course of HF's practice, HF maintains records of the time expended to render the professional services in this case.  For the convenience of the Court, attached hereto

as **Exhibit B** is a summary of fees incurred and hours expended during the Compensation Period, setting forth the (a) the name of each attorney and paraprofessional who worked on this chapter 11 case; (b) each attorney's year of bar admission; (c) the aggregate time expended and fees billed by each attorney and each paraprofessional during the Compensation Period; (d) the hourly billing rate for each attorney and each paraprofessional; and (e) a calculation of total compensation requested using each attorney's and paraprofessionals billing rates.

11.     As the Invoices show, HF categorizes fees into Matter Categories.  A schedule setting forth (a) a description of the Matter Categories utilized in this case, (b) the number of hours expended by HF's partners, associates, and paraprofessionals by matter, and (c) the aggregate fees associated with each matter is attached as **Exhibit C**.

12.     In the ordinary course of HF's practice, HF maintains a record of expenses incurred in the rendition of the professional services for the benefit of the Debtor and its estate and for which reimbursement is sought.  These expenses appear in the Invoices attached in Exhibit A.  For the convenience of the Court, attached hereto as **Exhibit D** is a summary of the expenses for which HF is seeking reimbursement by category.

13.     The fees and expenses during the applicable period are broken down as follows:

| Period | Hours | Fees | Expenses | Total |
|--------|-------|------|----------|-------|
| August 2 – August 31, 2022 | 35.7 | $16,065.00 | $51.00 | $16,116.00 |
| September 1 – September 30, 2022 | 188.6 | $60,300.00 | $927.50 | $61,227.50 |
| October 1 – October 31, 2022 | 75.9 | $27,135.00 | $15.00 | $27,150.00 |
| November 1 – November 30, 2022 | 45.8 | $16,350.00 | $15.00 | $16,365.00 |
| December 1 – December 31, 2022 | 24.2 | $10,170.00 | $15.00 | $10,185.00 |
| January 1 – January 31, 2023 | 38.6 | $13,980.00 | $15.00 | $13,995.00 |
| February 1 – February 28, 2023 | 81.7 | $26,570.00 | $1,296.00 | $27,866.00 |
| March 1 – March 31, 2023 | 345.1 | $102,965.00 | $4,883.22 | $107,848.22 |
| April 1- April 14, 2023 | 178.0 | $67,580.00 | $20.00 | $67,600.00 |
| May 1 – May 31, 2023 | 76.3 | $26,610.00 | $2,070.10 | $28,680.10 |
| June 1- June 30, 2023 | 18.7 | $8,860.00 | $27.00 | $8,887.00 |

| Period | Hours | Fees | Expenses | Total |
|---|---|---|---|---|
| Totals | 1108.6 | $376,585.00 | $9,334.82 | $385,919.82 |

14.    In addition to the fees and expenses listed above totaling $385,919.82, HF is also requesting reimbursement of $2,750.00 to prepare, serve and prosecute this Application, for an aggregate total of $388,669.82.

NOTICES OF DISTRIBUTION OF RETAINER

15.    On September 30, 2022, the Court entered the Order Establishing Procedure for Interim Compensation of Professionals ("**Fee Procedures Order**")[Docket No. 202].  Pursuant to the Fee Procedures Order, HF circulated monthly fee statements ("**Fee Statements**") for partial payment of its fees and full payment of its expenses.

16.    Below is a summary of the Fee Statements submitted for review in accordance with the Fee Procedures Order.  No objections were made to these Fee Statements and a total of $280,129.72 has been distributed to HF.

| Period | Total Fees | 80% Fees | Expenses | Total Due On Fee Statement | Total Paid |
|---|---|---|---|---|---|
| August 2022[1] | $16,065.00 | $12,852.00 | $51.00 | $12,903.00 | $12,903.00 |
| September 2022 | $60,300.00 | $48,240.00 | $927.50 | $49,167.50 | $49,167.50 |
| October 2022 | $27,135.00 | $21,708.00 | $15.00 | $21,723.00 | $21,723.00 |
| November 2022 | $16,350.00 | $13,080.00 | $15.00 | $13,095.00 | $13,095.00 |
| December 2022 | $10,170.00 | $8,136.00 | $15.00 | $8,151.00 | $8,151.00 |
| January 2023 | $13,980.00 | $11,184.00 | $15.00 | $11,199.00 | $11,199.00 |
| February 2023 | $26,570.00 | $21,256.00 | $1,296.00 | $22,552.00 | $22,552.00 |
| March 2023 | $102,965.00 | $82,372.00 | $4,883.22 | $87,255.22 | $87,255.22 |
| April 2023[2] | $67,580.00 | $54,064.00 | $20.00 | $54,084.00 | $54,084.00 |

---

[1] A combined fee statement for the period Aug 2022-December 2022 was remitted to the Debtor.  No objections were received to the fee statement and Debtor paid the full balance of the invoices totaling $131,043.50.  HF Farrow applied $104,016.00 to the invoices in this fee statement, which represents 80% of the fee requested and $1,023.50 toward expenses.  The remaining balance of $26,004.00 is currently held in trust in HF's Iolta account.

[2] No objections were received to the April 2023 fee statement and Debtor remitted $67,580.00 for this fee statement.  HF Farrow applied $54,084.00 to the invoices in this fee statement, which represents 80% of the fee requested and $20.00 toward expenses.  The remaining balance of $13,496.00 is currently held in trust in HF's Iolta account.  HF is

| May 2023[3] | $26,610.00 | $21,288.00 | $2,070.10 | $23,358.10 | 0.00 |
| **Totals** | $367,725.00 | $294,180.00 | $9,307.82 | $303,487.82 | $280,129.72 |

17.     In addition, for the period June 1 – June 30, 2023, HF billed total fees in the amount of $8,860.00 and incurred expenses in the amount of $27.00, for an aggregate amount owed for June 2023 invoices of $8,887.00. A Fee Statement has not been remitted for the June 2023 invoices. Payment of the June 2023 invoices is sought in this Application.

<u>**SUMMARY OF SERVICES RENDERED**</u>

18.     The services rendered by the Trustee to the Debtor were necessary and appropriate. The compensation requested is commensurate with the complexity and nature of the issues and tasks involved.

19.     The following project categories detail the activities performed by the Trustee and the time spent in performance of each such service are as follows.

<u>**LEGAL SERVICES PROVIDED TO DEBTOR**</u>

**A.  110-Case Administration                           791.50 Hrs.          $254,640.00**

20.     During the ten month period covered by this Application, Trustee billed time to this matter to review and execute documents relative to appointment as Trustee; prepare for and attend various contested hearings on first day motions including payment of prepetition payroll, request for adequate assurance to utility providers, and various hearing on continued use of cash collateral. Trustee further billed time to this matter to prepare for and attend initial debtor interview, Debtor's 341 meeting of creditors and numerous status conferences. Trustee also billed time to this matter relative the motion to remove the Debtor

---

currently holding an aggregate of $39,500.00 in trust which it will seek to apply toward payment of this Application upon approval

[3] The May 2023 fee statement was remitted on June 28, 2023 and has not yet been paid.

filed by the plaintiffs as well as the motion to direct Subchapter V Trustee to investigate operations of the Debtor, including review of numerous pleadings, communications with various constituencies in this case, and prepare for and attend various hearings on these matters. Trustee also billed time to review various pleadings filed in this case related to case administration, including Debtor's schedules and statement of financial affairs and related amendments thereto; monthly operating reports; and status report. Trustee further billed time for various telephone conferences, meetings and email with counsel for the CRO, counsel for Debtor, counsel for Mr. Jones, counsel for US trustee's office and communications with various creditor constituents.  Trustee further billed time to review various documents relative case administration.  Trustee also billed time to this matter to review various documents and attend hearings in Mr. Jones personal bankruptcy case which were relevant to the Debtor's case. Trustee also billed time to this matter to review and revise status reports and attend relevant hearings regarding the same.

21.    Additionally, Trustee billed time to this matter relative to the general investigation that was required by the Court and efforts at reaching a mediated settlement amongst the parties.  Trustee expended time traveling to Debtor's facility and meeting with the CRO and other parties; conducting numerous interviews with the CRO and other relevant parties to this case, including current and former employees and contractors of FSS, vendors of the Debtor, and relatives of Mr. Jones. Trustee also subpoenaed and reviewed tens of thousands of documents produced by various parties; and researched public records in various states. Trustee further  billed time to prepare and finalize Trustee's report, with related exhibits, which was filed at Docket Nos. 549& 550 and later supplemented at Docket Nos. 549& 550. Trustee's report answered questions posed by the Court, including transfers from FSS to Mr. Jones and validity of PQPR debt, and brought transparency to this case.  Trustee was also able to highlight areas of

improvement in Debtor's operations, continued areas of concern, and potential paths forward for the Debtor.

22.     Trustee also billed time to this matter relative to efforts to achieve a mediation between the Debtor and plaintiffs. The parties subsequently agreed to mediation which is currently ongoing.  Trustee met with her professionals, Judge Isgur and other constituencies in this case on numerous occasions seeking to mediate the dispute and reach a global settlement.  Trustee also billed time for communications with Trustee's professionals, CRO, counsel for Debtor and other parties related to the mediation efforts.

23.     Trustee also worked closely with the CRO to monitor Debtor's financial and general business operations on virtually a daily basis.  As a result of Trustee's efforts, much more transparency exists in this case and the temperature amongst the various constituencies has been significantly lowered which has allowed the Debtor to focus on stabilizing operations and work toward a consensual Chapter 11 plan.

**B.  140-Relief from Automatic Stay                              5.60 Hrs.           $2,545.00**

24.     The Trustee billed time to this matter relative to various motions for relief from stay filed in this case, including an emergency motion for relief filed by the Texas plaintiffs at the outset of the case, as well as several other motions for relief from stay filed by plaintiffs and a motion for relief from stay filed by Security Bank of Crawford. Trustee reviewed various pleadings relative to these matters including the motions and related objections, hearing exhibits, and other relevant pleadings. Trustee also conducted phone conferences and email with various constituencies regarding these matters.   Trustee billed time to prepare for and attend various hearing related to these motions.

**C.  160-Professionals**                                    **70.10 Hrs.**          **$27,910.00**

25.     Trustee billed time relative to engagement of various professionals in this case, including applications to employ various bankruptcy and litigation counsel for Debtor, initial application to employ CRO to the Debtor, as well  to prepare for and attend hearing on denial of applications to employ Debtor's counsel as well as the proposed CRO.  These matters required Trustee to expend time reviewing applications and related objections and responses, numerous meetings and communications with parties regarding these applications, and prepare for and attend various hearings on the applications and various hearings on motions to reconsider the denial of the same. Trustee also billed time to this matter to review and comment on the application to employ the current CRO in this case and attend the hearing on approval of his application.  Trustee also billed time to this matter to review and comment on various applications to employ Trustee's professionals including counsel to the Trustee and applications to employ financial advisors to Trustee, as well as applications to employ professionals engaged in Mr. Jones personal bankruptcy case.  Trustee further billed time to this matter to review various monthly fee statements submitted by professionals.

**D.  185-Executory Contracts and Leases**          **11.90 Hrs.**          **$5,455.00**

26.     The Trustee billed time to relative to post petition contracts the Debtor sought to enter regarding credit card processing and fulfillment.  Trustee worked with the CRO to review and discuss these matters, as well as met with the counter party to the contracts. Trustee reviewed and commented on the contracts, the motions to approve the same, as well as other relevant pleadings.  Trustee also billed time to this matter for related communications with parties and to prepare for and attend hearings on the same.

**E.  210-Business Operations**                     **130.50 Hrs.**        **$49,315.00**

27.     The Trustee billed time to this matter relative to operational issues of FSS. Trustee's expanded powers required monitoring Debtor's affairs. As a result, Trustee worked closely with the CRO on virtually a daily basis to discuss operational issues and stabilize operations. Trustee billed time for discussions and meetings with CRO, Trustee's professionals, counsel for Debtor, counsel and financial advisors for Mr. Jones, other constituents and vendors regarding operational issues. Trustee traveled to the FSS facility on various occasions and worked with CRO to resolve various irregularities which occurred (such as the Mountain Way and bitcoin issues), including assist with resolution and disclosure of the same. Trustee billed time to this matter meeting with and communicating with various parties to resolve contested operational issues, as well as reviewing various pleadings and prepare for and attend various hearing related to these matters.  As a result of Trustee's efforts, much more transparency exists in this case.

**F.  230-Cash Collateral / Financing**              **63.60 Hrs.**        **$22,330.00**

28.     The Trustee billed time to this matter to review Debtor's motions to authorize use of cash collateral along with related exhibits, proposed orders and objections to the same. Trustee consulted with the CRO regarding various budgetary matters; reviewed and commented on various cash collateral budgets as well as prepared for and attended numerous cash collateral hearings. Time was also billed related to conferences with CRO, Debtor's counsel and creditors regarding use of cash collateral. Trustee also billed time to this matter related to dispute with former credit card processor and general issues relative to PQPR debt.

**G.  310-Claims**                                   **2.90 Hrs.**         **$1,215.00**

29.     The Trustee billed time to this matter to review various claims filed in Debtor's case, including claims filed by plaintiffs, PQPR, comptroller of accounts and administrative

expense claims filed by Shannon and Lee and Mr. Schwartz.  Trustee also billed time to this matter related to communications regarding these matters.

**H.  320-Chapter 11 Plan**              **32.50 Hrs.**        **$13,175.00**

30.     Trustee billed time to this matter related to meetings and ongoing communications with CRO to help formulate a consensual Chapter 11 Plan.  Trustee also billed time for meetings and communications with Debtor's counsel, counsel for Mr. Jones, Trustee's professionals and other constituencies relative to the same.  Trustee further billed time to review and comment on Debtor's proposed Chapter 11 plan, with exhibits, and attend status conferences regarding the same.

## COMPENSATION REQUESTED

31.     As set forth in this Application, Trustee and HF seek approval of $376,585.00 in fees and $9,334.82 in expenses incurred from August 2, 2022 through June 30, 2023.  The blended hourly rate for HF timekeepers is $339.69.

32.     The Application readily meets the standards of section 330 and applicable case law for compensation for services rendered by the Trustee.  The time HF spent on the services rendered and the rates charged for such services were reasonable and necessary, given the complexities of this case, to fulfill its role as Subchapter V Trustee in line with the Johnson factors adopted by the Fifth Circuit in *In re First Colonial Corp.*, 544 F.2d 1291, 1299 (5th Cir. 1977) as further discussed below.

## FIRST COLONIAL FACTORS

33.     Pursuant to Bankruptcy Local Rule 2016(a), fee applications must include a discussion of the factors considered in *American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of America)*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977).

Consideration of the factors listed in First Colonial Corp. indicates that the compensation requested by Trustee for the services rendered during the Compensation Period is reasonable:

(i) <u>Time and Labor Required.</u> As set forth in detail on Exhibit A, the Trustee spent 1108.60 hours during the Compensation Period performing her required duties as Trustee to the Debtor. Of this amount, 432 hours were billed at paraprofessional hourly rate of $150.00 by Elyse M. Farrow, an attorney at HF[4]. Utilization of Ms. Farrow to assist the Trustee in performance of her duties resulted in a significant savings to the estate.

(ii) <u>Novelty and Difficulty of the Questions.</u> The services of a Subchapter V Trustee require special knowledge of the Bankruptcy Code. This case also presented certain challenges not customarily found in most Subchapter V cases due to the notoriety of the Debtor and its principal.

(iii) <u>Skill Requisite to Perform the Service Properly.</u> As stated above, acting as a Subchapter V Trustee required knowledge of the Bankruptcy Code and, in particular, its' provisions as they relate to Debtors' rights and duties under Chapter 11 of the Bankruptcy Code.

(iv) <u>Preclusion of Other Employment Due to the Acceptance of the Case.</u> To the extent the Trustee devoted time performing her duties and assisting the Debtor, she was precluded from performing legal services on behalf of other clients. Aside from the foregoing, there was no preclusion from other employment.

(v) <u>Customary Fee.</u> The Trustee has requested a total fee which she feels is reasonable under the circumstances, given the expanded scope of her appointment. The hourly rates applied for are the normal rates charged by the Trustee during the period of its service. In the opinion of

---

[4] The US Trustee's office was contacted about the utilization of Ms. Farrow to assist Trustee with her expanded role in this case. The US Trustee's office indicated no objection to the use of Ms. Farrow if she was billed at paraprofessional rate instead of her normal hourly rate of $350.00, while reserving rights to object to the reasonableness of any fees billed.

the Trustee, such rates are in line with the community standard for comparable work. Additionally, the $150 hourly rates charged for Ms. Farrow are reduced from her normal hourly rate of $350.00, which provided a benefit to the estate.

    (vi)    <u>Whether the Fee is Fixed or Contingent.</u> The fees in a bankruptcy proceeding are always contingent upon ultimate approval by the court and contingent upon there being assets available with which to pay such fees.

    (vii)    <u>Time Limitations imposed by client and other circumstances.</u> Subchapter V imposes certain deadlines which must be met.  No other time limitations were imposed by this case.

    (viii)    <u>Amount Involved and Results Obtained.</u>  Trustee worked to monitor Debtor's operations and investigate financial transfers.  Trustee assisted in stabilizing the Debtor's operations and was instrumental in persuading the Debtor and the plaintiffs to mediate their dispute.  The mediation is ongoing and the Debtor hopes to achieve a global resolution of disputes through a consensual plan.

    (ix)    <u>The experience, reputation, and ability of the professionals.</u> Melissa A. Haselden is board certified in business bankruptcy by the Texas Board of Legal Specialization.  She believes she is generally recognized in this district for her abilities and competency, particularly in the field of bankruptcy law.

    (x)    <u>The Undesirability of the Case.</u>  The notoriety of Debtor's principal and related litigation with the plaintiffs lend a level of undesirability to this case.

    (xi)    <u>Nature and Length of Professional Relationship with Client.</u> The nature and length of professional relationship with client is not a factor in this proceeding.

(xii)     <u>Awards in Similar Cases.</u>  Trustee maintains that the fees requested herein are similar to fees awarded in other cases of a similar nature.  The Trustee made every effort to limit fees while also providing necessary services and support to the Debtor.

<b>FIRST INTERIM APPLICATION.</b>

34.     The Trustee requests the Court to authorize compensation to be paid to Trustee and HF in the amount of $376,585.00 for fees which it incurred between August 2, 2022 and June 30, 2023.  The Trustee also requests that this Court authorize reimbursement to it for expenses totaling $9,334.82.

<b>ESTIMATED AMOUNT TO PREPARE FIRST INTERIM FEE APPLICATION.</b>

35.     The Trustee further requests payment of $2,750.00 related to prepare, serve and prosecute this Application, for an aggregate total of $388,669.82.

<b>CONCLUSION.</b>

WHEREFORE, the Subchapter V Trustee requests that the Court:

a)     Authorize allowance, payment and reimbursement of $388,669.82 to Trustee, representing (i) fees of $376,585.00; (ii) expenses of $9,334.82; and (iii) costs of $2,750.00 for the preparation, service and prosecution of this Application, less the sum of $280,129.72 (representing payments made pursuant to the Fee Procedures Order);

b)     Authorize Trustee to apply the $39,500.00 in funds held in trust to the outstanding fees and expense allowed in this Application;

c)     Authorize approval of payment of $69,040.10 to Applicant and that Debtor make the payment from any funds currently held; and

d)     Grant such other and further relief to which the Subchapter V Trustee may show itself to be justly entitled.

15

DATED:      July 10, 2023                    Respectfully submitted,

                                             **HASELDEN FARROW PLLC**

                                             By: */s/ Melissa A. Haselden*
                                             Melissa A. Haselden
                                             State Bar No. 00794778
                                             700 Milam, Suite 1300
                                             Pennzoil Place
                                             Houston, Texas 77002
                                             Telephone: (832) 819-1149
                                             Facsimile: (866) 405-6038
                                             mhaselden@haseldenfarrow.com
                                             **Subchapter V Trustee**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2023, a copy of the foregoing *First Interim Application of Melissa A. Haselden and Haselden Farrow, PLLC, Subchapter V Trustee, for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period from August 2, 2022 to June 30, 2023* has been served via through the ECF system to the parties listed below:

**22-60043 Notice will be electronically mailed to:**
Raymond William Battaglia on behalf of Debtor Free Speech Systems LLC
rbattaglialaw@outlook.com, rwbresolve@gmail.com

Raymond William Battaglia on behalf of Interested Party Alex E Jones
rbattaglialaw@outlook.com, rwbresolve@gmail.com

Joseph S.U. Bodoff on behalf of Creditor ADP TotalSource, Inc.
jbodoff@rubinrudman.com

Marty L Brimmage on behalf of Creditor Committee Official Committee Of Unsecured Creditors
mbrimmage@akingump.com,
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor Committee Official Committee of Unsecured Creditors of Alexander E. Jones
mbrimmage@akingump.com,
lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor David Wheeler, et al.
mbrimmage@akingump.com, lmonreal@akingump.com;
bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor Leonard Pozner
mbrimmage@akingump.com, lmonreal@akingump.com;
bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor Marcel Fontaine
mbrimmage@akingump.com, lmonreal@akingump.com;
bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor Neil Heslin
mbrimmage@akingump.com, lmonreal@akingump.com;
bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor Scarlett Lewis
mbrimmage@akingump.com, lmonreal@akingump.com;
bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Marty L Brimmage on behalf of Creditor Veronique De La Rosa
mbrimmage@akingump.com, lmonreal@akingump.com;
bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com

Ryan E Chapple on behalf of Creditor David Wheeler, et al.
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Creditor Richard M. Coan
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Carlee Soto-Parisi
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Carlos M. Soto
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff David Wheeler
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Donna Soto
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Francine Wheeler
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Ian Hockley
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Jacqueline Barden
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Jennifer Hensel
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Jillian Soto Marino
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Mark Barden
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Nicole Hockley
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Richard M. Coan
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Robert Parker
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff William Sherlach
rchapple@cstrial.com, aprentice@cstrial.com

Ryan E Chapple on behalf of Plaintiff Wlliam Aldenberg
rchapple@cstrial.com, aprentice@cstrial.com

Walter J Cicack on behalf of Interested Party Sweetwater Holdings Group, Inc.
wcicack@hcgllp.com, mallen@hcgllp.com

Walter J Cicack on behalf of Witness Charles "Charlie" Cicack
wcicack@hcgllp.com, mallen@hcgllp.com

Vickie L Driver on behalf of Interested Party Alex E Jones
Vickie.Driver@crowedunlevy.com, elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Christopher Dylla on behalf of Creditor Texas Comptroller of Public Accounts, Revenue
Accounting Division
bk-cdylla@oag.texas.gov, Sherri.Simpson@oag.texas.gov

Elyse M Farrow on behalf of Trustee Melissa A Haselden
EFarrow@HaseldenFarrow.com, elysefarrow@gmail.com

Elizabeth Carol Freeman on behalf of Trustee Melissa A Haselden
liz@lizfreemanlaw.com, kgradney@jw.com;dtrevino@jw.com;
jpupo@jw.com;JacksonWalkerLLP@jubileebk.net

Jennifer Jaye Hardy on behalf of Creditor Leonard Pozner
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Creditor Marcel Fontaine
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Creditor Neil Heslin
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Creditor Scarlett Lewis
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Creditor Veronique De La Rosa
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Plaintiff Estate of Marcel Fontaine
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Plaintiff Leonard Pozner
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Plaintiff Neil Heslin
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Plaintiff Scarlett Lewis
jhardy2@willkie.com, mao@willkie.com

Jennifer Jaye Hardy on behalf of Plaintiff Veronique De La Rosa
jhardy2@willkie.com, mao@willkie.com

Melissa A Haselden
mhaselden@haseldenfarrow.com, haseldenbankruptcytrustee@gmail.com;
mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com

Melissa Anne Haselden on behalf of Trustee Melissa A Haselden
mhaselden@haseldenfarrow.com, haseldenbankruptcy@gmail.com,
haselden.melissaa.r104367@notify.bestcase.com

Shelby A Jordan on behalf of Defendant Alexander E. Jones
cmadden@jhwclaw.com

Shelby A Jordan on behalf of Interested Party Alex E Jones
cmadden@jhwclaw.com

Shelby A Jordan on behalf of Interested Party Shelby A Jordan
cmadden@jhwclaw.com

Kyung Shik Lee on behalf of Attorney Kyung Shik Lee
kslee50@gmail.com, Courtnotices@kasowitz.com

Kyung Shik Lee on behalf of Debtor Free Speech Systems LLC
kslee50@gmail.com, Courtnotices@kasowitz.com

Stephen Wayne Lemmon on behalf of Creditor PQPR Holdings Limited, LLC
lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon on behalf of Defendant PLJR HOLDINGS LIMITED, LLC
lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon on behalf of Defendant PLJR HOLDINGS, LLC
lemmon@slollp.com, mates@slollp.com

Stephen Wayne Lemmon on behalf of Defendant PQPR HOLDINGS LIMITED, LLC
lemmon@slollp.com, mates@slollp.com

John D Malone on behalf of Creditor Security Bank of Crawford
myra@johnmalonepc.com, myra@johnmalonepc.com

Jarrod B. Martin on behalf of Creditor Leonard Pozner
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com; valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Creditor Marcel Fontaine
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com; valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Creditor Neil Heslin
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com; valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Creditor Scarlett Lewis
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com; valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Creditor Veronique De La Rosa
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Plaintiff Estate of Marcel Fontaine
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Plaintiff Leonard Pozner
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Plaintiff Marcel Fontaine
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Plaintiff Neil Heslin
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Plaintiff Scarlett Lewis
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Jarrod B. Martin on behalf of Plaintiff Veronique De La Rosa
jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;
atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com

Avi Moshenberg on behalf of Creditor Leonard Pozner
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Creditor Marcel Fontaine
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Creditor Neil Heslin
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Creditor Scarlett Lewis
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Creditor Veronique De La Rosa
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Plaintiff Estate of Marcel Fontaine
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Plaintiff Leonard Pozner
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Plaintiff Leonard Pozner
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Plaintiff Marcel Fontaine
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Plaintiff Neil Heslin
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Plaintiff Neil Heslin
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Plaintiff Scarlett Lewis
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Plaintiff Scarlett Lewis
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Plaintiff Veronique De La Rosa
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Avi Moshenberg on behalf of Plaintiff Veronique De La Rosa
avi.moshenberg@mhllp.com, patricia.flores@mhllp.com

Ha Minh Nguyen on behalf of U.S. Trustee US Trustee
ha.nguyen@usdoj.gov

Bradley J. Reeves on behalf of Creditor Reeves Law, PLLC
bradley.reeves@pillsburylaw.com

Federico Andino Reynal on behalf of Defendant AEJ HOLDINGS, LLC
areynal@frlaw.us

Federico Andino Reynal on behalf of Defendant AEJ TRUST 2018
areynal@frlaw.us

Federico Andino Reynal on behalf of Defendant Free Speech Systems, LLC
areynal@frlaw.us
Federico Andino Reynal on behalf of Defendant Alex E. Jones
areynal@frlaw.us

Michael P Ridulfo on behalf of Other Prof. Schwartz Associates, LLC
mridulfo@krcl.com, rcoles@krcl.com

Michael P Ridulfo on behalf of Other Prof. Schwartz and Associates, LLC
mridulfo@krcl.com, rcoles@krcl.com

Michael P Ridulfo on behalf of Other Prof. Marc Schwartz
mridulfo@krcl.com, rcoles@krcl.com

Michael P Ridulfo on behalf of Other Prof. W. Marc Schwartz
mridulfo@krcl.com, rcoles@krcl.com

Stephen A Roberts on behalf of Interested Party David Ross Jones
sroberts@srobertslawfirm.com, 1222805420@filings.docketbird.com

Jayson B. Ruff on behalf of U.S. Trustee US Trustee
jayson.b.ruff@usdoj.gov

R. J. Shannon on behalf of Attorney Shannon & Lee LLP
rshannon@shannonpllc.com,
rshannon@shannonleellp.com;7044075420@filings.docketbird.com

R. J. Shannon on behalf of Debtor Free Speech Systems LLC
rshannon@shannonpllc.com,
rshannon@shannonleellp.com;7044075420@filings.docketbird.com

Jason Starks on behalf of Creditor Travis County
bkecf@traviscountytx.gov

Christina Walton Stephenson on behalf of Debtor Free Speech Systems LLC
Crissie.Stephenson@crowedunlevy.com,
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

Christina Walton Stephenson on behalf of Interested Party Alex E Jones
Crissie.Stephenson@crowedunlevy.com,
elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Kimberly A Walsh on behalf of Creditor Texas Comptroller of Public Accounts, Revenue Accounting Division
bk-kwalsh@oag.texas.gov, sherri.simpson@oag.texas.gov

/s/ Melissa A. Haselden
Melissa A. Haselden