IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | | |
| Free Speech Systems, LLC, | § | CASE NO. | 22-60043 |
|     DEBTOR | § | | |
| | § | | |

### RESPONSE TO DEBTOR'S MOTION FOR TURNOVER OF PROPERTY

**COMES NOW**, Elevated Solutions Group, LLC ("ESG"), and files this *Response To Debtor's Motion For Turnover Of Property,* and in support would respectfully show:

1. It is settled law in the Fifth Circuit that a request for turnover of property or money from non-debtor third parties must be made by an adversary complaint instead of a motion.

   > Rule 7001 of the Bankruptcy Rules provides that an action by the Trustee against a third party for turnover relief pursuant to § 542 constitutes an adversary proceeding. See FED. R. BANKR. P. 7001(1) (providing that a proceeding "to recover money or property, except a proceeding to compel the debtor to deliver property to the trustee" constitutes an adversary proceeding); *Haber Oil Co. v. Swinehart (In re Haber Oil Co.)*, 12 F.3d 426, 437 (5th Cir.1994) ("[A] proceeding to recover money or property is an adversary proceeding ...." (internal quotation marks omitted)). "Adversary proceedings are governed by Part VII of the Bankruptcy Rules, Bankruptcy Rule 7001, and the rules in Part VII generally 'either incorporate or are adaptations of most of the Federal Rules of Civil Procedure.'" Id. (quoting FED. R. BANKR. P. 7001 advisory committee's note). *As such, a request for turnover relief against someone other than the debtor must be commenced by complaint rather than by motion*. See FED. R. BANKR. P. 7003 (providing that an adversary proceeding "is commenced by filing a complaint with the court"); *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir.1990)

> ("A turnover proceeding commenced by motion rather than by complaint will be dismissed, and a turnover order entered in an action commenced by motion will be vacated." (citations omitted)); *Smith v. Wheeler Tech., Inc. (In re Wheeler Tech., Inc.)*, 139 B.R. 235, 240 (B.A.P. 9th Cir.1992) ("A turnover action is an adversary proceeding which must be commenced by a properly filed and served complaint." (internal quotation marks omitted)); *Mayex II Corp. v. Du-An Prods ., Inc. (In re Mayex II Corp.)*, 178 B.R. 464, 467 (Bankr.W.D.Mo.1995) (dismissing a motion for turnover relief on the ground that an action for turnover relief must be commenced by a properly filed and served complaint); *In re Taronji*, 174 B.R. 964, 966 (Bankr.N.D.Ill.1994) ( "Ordinarily, a trustee must bring a separate adversary proceeding in order to recover disputed property of the estate, but when the property is held by the debtor, the trustee may proceed by motion."); *In re Realty Southwest Assoc.*, 140 B.R. 360, 365 n. 2 (Bankr.S.D.N.Y.1992) ("Pursuant to 11 U.S.C. § 542, 'turnover' involves an action by the debtor or trustee to recover money or property to the estate. Such an action must be accomplished by adversary proceeding.").

*In re Hinsley*, 149 F.3d 1179 (5th Cir. 1998) (emphasis added); reported in full at *Hinsley v. Boudloche (In re Hinsley)*, No. 97-20967, 1998 U.S. App. LEXIS 39954, *34-*37 (5th Cir. 1998).

2. ESG does not waive its rights under the adversary rules and objects to proceeding with this matter proceeding as a contested matter.

3. In addition, ESG does not waive its rights to seek contractually agreed arbitration of the issues that may be raised by a properly filed and served complaint.

4. Subject to the objections raised above, ESG responds as follows:

5. ESG admits that this Court has jurisdiction, denies that this is a core proceeding, and admits that venue is proper as alleged in paragraph 1 of the Motion.

6. Paragraph 2 of the Motion does not contain factual allegations that require a response.
7. ESG admits the factual allegations contained in paragraph 3 of the Motion.
8. ESG admits that it is a party to the Professional Services Agreement and would refer to the agreement itself regarding the terms and contents of the agreement as alleged in paragraph 4 of the Motion.
9. ESG denies that the intent has any bearing on the agreement itself and would refer to the agreement regarding the allegations concerning the content as alleged in paragraph 5 of the Motion.
10. ESG would refer to the agreement regarding the terms of the agreement as alleged in paragraph 6 of the Motion. In further response, entitlement under the agreement to anything by any party would be a legal conclusion for the court to determine.
11. ESG is unable to admit or deny the beliefs held by the Debtor as alleged in paragraph 7 of the Motion.
12. There are no allegations concerning ESG in paragraph 8 of the Motion. To the extent a response is required, the allegations are denied.
13. ESG is unable to admit or deny Cicack's communications with the Debtor as alleged in paragraph 9 of the Motion.
14. Paragraph 10 of the Motion does not contain factual allegations that require a response.
15. Paragraph 11 of the Motion does not contain factual allegations that require a response.
16. Paragraph 12 of the Motion does not contain factual allegations that require a response.
17. ESG denies the factual allegations contained in paragraph 13 of the Motion.
18. ESG admits that Cicack in is possession of funds and denies the remaining factual allegations contained in paragraph 14 of the Motion.

19. ESG is unable to admit or deny what Cicack has provided to the Debtor and denies the remaining factual allegations contained in paragraph 15 of the Motion.

20. Paragraph 16 of the Motion does not contain factual allegations that require a response.

21. ESG denies the factual allegations contained in paragraph 17 of the Motion.

**WHEREFORE**, ESG requests the Court to enter an Order denying the Motion and to grant it such other and further relief, at law or in equity, to which it may be entitled.

Dated:   July 11, 2023

>Respectfully submitted,
>By:   */s/ Johnie Patterson*
>Johnie Patterson
>COUNSEL FOR ESG
>SBN 15601700

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 956-5570 (fax)

### CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing Response was served on all parties entitled to receive notice pursuant to the Court's CM/ECF noticing service by electronic transmission, on July 11, 2023.

>   */s/Johnie Patterson*
>Johnie Patterson