IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 11 |
| FREE SPEECH SYSTEMS LLC | § | CASE NO. 22-60043 |
| *Debtor* | § | |

**CICACK HOLDINGS, LLC'S MOTION TO DISMISS**
[Relates to Dkt. 628]

COMES NOW, Cicack Holdings, LLC ("Respondent") and files this Motion to Dismiss Debtor's Motion for Turnover of Property (Dkt. No. 628), and in support thereof, Respondent respectfully submits the following:

**Motion to Dismiss**

Bankruptcy Rule 7001(1) governs this dispute. A request for turnover of property or money from non-debtor third parties must be made by an adversary complaint, not a motion. See *In re Hinsley*, 149 F.3d 1179 (5th Cir. 1998); *In re: Ester M. McCray*, 2018 WL 6422719, *2 (W.D. La. Dec. 4, 2018).

In the instant case, Respondent is a non-debtor. Although Debtor's Motion is not the model of clarity, it is clear the Debtor is alleging that it is entitled to some funds that Respondent is holding pursuant to an agreement the Debtor has with Elevated Solutions Group, LLC ("ESG"). ESG likewise is a non-debtor.

It is important to note that the Debtor does not allege that it has a contract with Respondent. Debtor's contract is with ESG. ESG is not related to or affiliated with Respondent. In fact, ESG and Respondent are parties to a separate contract concerning the funds at issue, and the Debtor is not even a party to that contract.

Respondent has been placed in the middle of a dispute between ESG and the Debtor. Respondent has communicated to the Debtor on multiple occasions that it would send the funds to

1

whomever the Debtor and ESG jointly instructed. More than once the Debtor has communicated to Respondent that such a joint instruction was forthcoming. However, it never has. Instead, without warning or notice, Debtor filed the procedurally defective Motion for Turnover. Respondent is now given to understand that the Debtor and ESG do not agree on the disposition of the funds at issue.

The funds at issue are not property of the bankruptcy estate. They are funds that are subject to a three-party dispute. To date, ESG has failed to confirm that the funds at issue should be payable to the Debtor. The dispute between ESG and the Debtor has put Respondent in the position of facing a situation where it could be responsible for paying the funds twice if it were to pay the funds over to the Debtor without ESG's consent.

Given that (i) ESG and Respondent are non-debtor third-parties, (ii) the Debtor does not have a contract with Respondent, (iii) ESG has a contract with Respondent concerning the funds at issue, and (iv) ESG and the Debtor cannot agree on the disposition of the funds at issue, a motion for turnover is not the proper procedural mechanism to resolve the dispute. Bankruptcy Rule 7001(1) and Fifth Circuit precedent mandate that this dispute be brought pursuant to an adversary complaint. Accordingly, the Motion for Turnover should be dismissed.

### Response to Motion for Turnover (Subject to Motion to Dismiss)

1. Respondent admits the allegations in paragraph 1 of the Motion for Turnover.

2. Respondent denies the allegations in paragraph 2 of the Motion for Turnover.

3. Respondent admits the allegations in paragraph 3 of the Motion for Turnover.

4. Respondent does not have sufficient information to admit or deny the allegations in paragraph 4 of the Motion for Turnover.

5. Respondent does not have sufficient information to admit or deny the allegations in paragraph 5 of the Motion for Turnover.

6. Respondent does not have sufficient information to admit or deny the allegations in paragraph 6 of the Motion for Turnover.

7. Respondent denies the allegations in paragraph 7 of the Motion for Turnover.

8. Respondent denies the allegations in paragraph 8 of the Motion for Turnover.

9. Respondent admits to the allegations in paragraph 9 of the Motion for Turnover except Respondent denies that the funds Respondent is holding are assets belonging to the Debtor.

10. Respondent denies that the debtor is entitled to any of the relief requested in paragraph 10 of the motion for Turnover.

11. Respondent admits the allegations in paragraph 11 of the Motion for Turnover.

12. Respondent admits the allegations in paragraph 12 of the Motion for Turnover.

13. Respondent denies the allegations in paragraph 13 of the Motion for Turnover.

14. Respondent does not have sufficient information to admit or deny the allegations in paragraph 14 of the Motion for Turnover.

15. Respondent denies the allegations in paragraph 15 of the Motion for Turnover.

16. Respondent admits the allegations in paragraph 16 of the Motion for Turnover.

17. Respondent denies the allegations in paragraph 17 of the Motion for Turnover.

**Prayer**

Respondent respectfully requests that Debtor's Motion for Turnover of Property (Dkt. 628) be dismissed and that Respondent be given such other and additional relief to which it is entitled.

Respectfully submitted,

 */s/ Walter J. Cicack*
WALTER J. CICACK
State Bar No. 04250535
wcicack@hcgllp.com
**HAWASH CICACK & GASTON LLP**
711 W. Alabama St., Suite 200
Houston, Texas 77006
(713) 658-9015 - tel/fax
***Attorneys for Cicack Holdings, LLC***

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document has been served on parties registered to receive electronic notice via the Court's CM/ECF system on July 11, 2023.

 */s/ Walter J. Cicack*
Walter J. Cicack

4