**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTSON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | Case No. 22-60043 (CML) |
| | § | |
| Debtor. | § | Jointly Administered |
| | § | |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING**
**THE DEBTORS TO RETAIN AND EMPLOY HAROLD MAY AND**
**EVIDENT TAX, LLC AS TAX CONSULTANTS AND ADVISORS**

---

**NOTICE PURSUANT TO LOCAL RULE 9013-1**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

TO THE HONORABLE CHRISTOPHER LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Free Speech Systems, LLC, ("**Debtor**"), debtor, file this *Application for Entry of an Order (I) Authorizing the Debtors to Retain and Employ Harold May and Evident Tax, LLC as Tax Consultants and Advisors* (the "**Application**"), and in support thereof Debtors would respectfully show the Court as follows:

**SUMMARY OF APPLICATION**

1. Debtor seeks to retain and employ Mr. Harold "Hap" May ("May") and his firm Evident Tax, LLC ("Evident") as Tax Consultant and Advisor to assist the Debtor with various federal and state tax issues arising from the case and plan for repayment.

## JURISDICTION

2. This Court has jurisdiction by virtue of 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (M).

## VENUE

3. Venue is proper in this district pursuant to pursuant to 28 U.S.C. §§ 1408(1) and (2) and 11 U.S.C. § 101(2)(A).

## BACKGROUND

4. The Debtor filed a voluntary petition for relief under Chapter 11 Subchapter V of the Bankruptcy Code on July 29, 2022[Docket No. 1]. On August 2, 2022, Melissa Haselden was appointed Subchapter V Trustee [Docket No. 22]. On October 13, 2022, the Court entered an order authorizing the employment of Patrick Magill as Chief Restructuring officer ("CRO") [Docket No. 239] and assist Debtor and provide services during the pendency of the chapter 11 Subchapter V case including facilitating the reorganization of the Debtors' assets.

## ENGAGEMENT OF PROPOSED TAX ADVISORS

5. In this bankruptcy case, the Debtor seeks to legally minimize their large tax burden while paying back the creditors. Evident and I are experienced in working with the diverse sections of the Internal Revenue Code ("IRC") and assisting companies minimize their tax burdens. The services rendered or to be rendered by Evident and myself are:

  a. Provide information to debtor's council for tax issues concerning the entity and the plan of reorganization.

b. Devise and recommend tax related provisions of a plan that will minimize the burden to the entity while complying Federal and State Tax law;

c. Be prepared to testify, if necessary, to provide the court with sufficient evidence in the form of expert testimony;

d. Assist in the implementation of the plan and;

e. Assist in Federal and State Tax law compliance and reporting requirements.

f. Determine for federal income tax purposes:

1. If payments to judgment creditors of either actual damages or punitive damages are deductible

2. When under the "all events test" in IRC §461 any deduction would be allowed

3. If IRC §108 excludes income the Debtor may have from the discharge of indebtedness and if so, what is the effect on the Debtor's tax attributes and future income and deductions

4. If the status of being a disregarded entity is in the best interest of the creditors and other interested parties

5. If the Debtor can and should elect to be taxed as a corporation

6. If the Debtor can and should invoke the provisions of 11 USC § 505 (b)(2) to enable the Debtor to obtain an accelerated determination by the Internal Revenue Service ("IRS")

7. If the Debtor should obtain a private letter ruling ("PLR") from the IRS under Revenue Procedure 2023-1

8. If applicable prepare and file a PLR with the IRS

9. Prepare a memorandum and if necessary, a brief in support of the tax positions taken regarding the plan and any tax filings

10. Draft and review provisions of the plan and all related disclosures relevant to any tax consequence

11. Assess the risk of adverse rulings from the IRS or other taxing authorities and determine appropriate reserves and alternate strategies in the event of an adverse tax ruling

12. Weigh the pros and cons of litigation any disputed tax ruling and assist in the drafting of any pleadings in the event of any such litigation

13. Develop an understanding how the taxation of the Debtor has and will affect the tax consequences of related parties

14. Review previously filed tax returns for the Debtor and related parties and determine if any returns should be amended

15. Assist in the preparation of Debtor tax returns or if Debtor remains a DRE then assist in the preparation of schedules and accountant's workpapers relating to the information delivered to the single member of the Debtor

16. Review corporate or LLC governance documents and contractual documents affecting the Debtor to determine their effect on tax matters and procedures relating to tax matters

17. Review statuary, regulatory and case law applicable to the tax matters relevant to the Debtor.

6.      In connection with the performance of its duties and obligations, the Debtor now seeks authority to employ Mr. May and Evident Tax, LLC ("Evident") for the purpose of assisting

the Debtors in strategizing the best method to legally minimize various tax burdens to help ensure maximum creditor repayment. Moreover, Mr. May and Evident will assist in drafting terms of the repayment plan in such a way that the plan will comply with the Internal Revenue Code, any applicable state tax provisions, and all applicable reporting requirements.

7.      Mr. May and Evident have extensive experience in handling tax matters in connection with bankruptcy cases. Mr. May is a Certified Public Accountant and a Board-Certified Attorney in Tax law, with an L.L.M. in Tax Law. Mr. May has been selected to be an adjunct professor of law at the University of Houston Law Center and will be teaching Bankruptcy Tax in the spring of 2024. MMS has worked with the intersection of reorganization and tax for over thirty (30) years and currently maintains offices at 1500 S. Dairy Ashford, Suite 325, Houston, Texas 77077. He and Evident also have a background in providing similar services to companies in Debtor's situation. Debtor will benefit from Mr. May's pervasive experience as a Certified Public Accountant. Mr. May's resume is attached hereto as **Exhibit A**.

8.      Mr. May and Evident require a retainer of $50,000.00. Mr. May and Evident will provide these services on an hourly fee basis described as follows:

| Professional | Hourly Rate |
| --- | --- |
| Harold "Hap" May | $600.00 |
| Associate Attorneys | $250.00 |
| Senior Accountants | $350.00 |
| Accountants | $250.00 |
| Support Staff | $150.00 to $50.00 |

9.      Debtor believes that Mr. May and Evident are well qualified to handle tax issues, repayment plan provision drafting, and other compliance issues. The proposed Engagement Letter with Mr. May and Evident is attached hereto as **Exhibit B.**

10.     Debtor does not believe that the services to be provided by Mr. May and Evident will unnecessarily overlap and duplicate with the services of other professionals in these cases. To prevent any overlap and duplication, Debtor will coordinate with Mr. May and Evident and other similarly situated professionals.

## DISINTERESTEDNESS

11.     Mr. May and Evident have identified the following connections with other parties in interest:

a.  Mr. May was a former employee of Hoover Slovacek, LLP ("**HSLLP**"). His employment ended nine (9) years ago, in August 2014. While at HSLLP he worked with Melissa Haselden on various bankruptcy matters. After leaving, he and Melissa Haselden maintained a working relationship through a few bankruptcy cases needing the services of a tax professional.

b.  Mr. May has worked with Chief Restructuring Officer Patrick Magill on South Coast Supply's bankruptcy case[1] during June 2018. In that case, Patrick Magill was the Chief Restructuring Officer. South Coast Supply sold substantially all its assets to Solstice Capital, LLC, of which Mr. May owns a fifteen percent (15%) interest in. After the sale, Solstice Capital, LLC entered into an agreement with Patrick Magill for consulting services lasting approximately 12 months.

c.  Mr. May represents Patrick Magill in Mr. Magill's capacity as Liquidating Trustee in The Tifaro Group Ltd. case.[2] This case and Mr. May representation in this case are ongoing.

d.  Mr. May represented Patrick Magill in a case styled DMM Group, Inc v. J. Patrick Magill et al.[3] This case was resolved in the summer of 2021 and the representation then ended.

Debtors do not believe that these connections create an adverse relationship with their estates.

12.     In compliance with 11 U.S.C. §327(a) and Rule 2014, Mr. May and Evident have attached the declaration of Harold May (the **"May Declaration"**) as **Exhibit C**, detailing the

---

[1] Case No. 17-35898 US Bankruptcy Court for the Southern District of Texas Houston Division
[2] Case No. 17-80171-11 US Bankruptcy Court for the Southern District of Texas Galveston Division
[3] Cause No. 2008-63200 in the District Court of Harris County Texas 281 Judicial District

foregoing connections with the Debtor and other parties in interest. Based upon the May

Declaration and Debtor's knowledge, Mr. May and Evident do not represent any interest adverse

to Debtor, its estate, creditors, equity holders, or affiliates in the matters upon which Mr. May and

Evident are to be engaged and are a "disinterested person" within the meaning of section 101(14)

of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required

by § 327(a) of the Bankruptcy Code.

13.     To the extent the Declaration does not disclose a connection, Debtor believes any

unknown and undisclosed connections are not sufficient to prohibit employment of Mr. May and

Evident as Tax Advisors and Consultants for the Debtor. Further, if Mr. May and Evident discover

any information not disclosed herein or in the Declaration, which is deemed to require disclosure,

Mr. May and Evident will file a supplemental disclosure with the Court.

14.     No previous application for the relief requested herein has been made in this case.

15.     The Debtor does not believe that the connections disclosed herein are sufficient to

prohibit the limited engagement contemplated herein.

## LEGAL BASIS

16.     Courts routinely approve the employment of consultants and professionals. *See In*

*re Logix Communications*, Case No. 02-32105-H5-11 (Bankr. S.D. Tex.); *In re American*

*Homestar*, Case No. 01-80017-G3-11 (Bankr. S.D. Tex.); *In re Perry Gas Companies, Inc.*, 00-

37884-H5-11 (Bankr. S.D. Tex.); *In re American Rice*, Case No. 98-21254-C-11 (Bankr. S.D.

Tex.).

17.     Retention of professionals is specifically provided for in the Bankruptcy Code.

"[T]he trustee, with the court's approval, may employ one or more . . . other professional persons

that do not hold an interest adverse to the estate ...." 11 U.S.C. §327(a).  Such professionals must

not have a connection with Debtor and must be "disinterested persons" as that term is defined in the code.

18.     As set forth in the Declaration, Mr. May, Evident and its employees are disinterested persons as contemplated by 11 U.S.C. § 327(a).  Any connections between Debtor and Mr. May and Evident do not create a materially adverse interest to Debtor's bankruptcy estates or any class of creditors or security equity holders. Accordingly, these connections do not preclude employment of Mr. May and Evident in this matter. Moreover, Mr. May's proficiency and familiarity with specialized Tax matters and its effect on Chapter 11 Debtors will legally save the estate costs and ultimately benefit the estate.

19.     Additionally, Debtor asserts that the proposed compensation to Mr. May and Evident as set forth above and in the Engagement Agreement is both reasonable and well within the range of fees and commissions typically paid to accountants in connection with transactions and projects similar to those contemplated in this instance. For the foregoing reasons, Debtor assert that employment of Mr. May and Evident on such terms and conditions is in the best interest of all parties in interest in these cases. Therefore, approval of Mr. May and Evident's compensation under section 327(a) of the Bankruptcy Code is appropriate.

20.     Based on the foregoing, Debtor request that the retention of Mr. May and Evident as Tax Advisors and Consultants for Debtors.

**Reimbursement of Expenses**

21.     Mr. May and Evident informed the Debtor that disbursements for expenses are not included in the Firm's hourly rates and will be separately billed as expenses of this proposed engagement. A table demonstrating the expenses is below. Subject to the limitations set forth in

General Order 2001-2, Mr. May and Evident will charge the actual cost of these expenses in a manner and at rates consistent with charges made to Mr. May and Evident's other clients.

| Client Expenses | Hourly Rate |
|---|---|
| Deliveries & Couriers | At Cost |
| Travel, Lodging and Meals* | At Cost (No charge for travel) |
| Filing Fees & Misc. Expenses | At Cost |

Expenses will be billed at the rates listed below in accordance with normal and customary billing practices.

22.     Based on the foregoing, Debtor submits that the retention of Mr. May and Evident to devise a strategy for the tax issues in compliance with the IRC and the Bankruptcy Code, is in the best interests of the Debtor's estate.

WHEREFORE, Debtor prays that the Court authorize the employment of Mr. May and Evident to advise a strategy for legally the Debtor's tax burdens in compliance with the IRC, state tax laws, the Bankruptcy Code, assist with other tax compliance and reporting issues, and related work described in the Engagement Letter, and grant such other and further relief as is just and proper.

DATED:  July 12, 2023

## CERTIFICATE OF SERVICE

I certify that on the July 12, 2023, a copy of the foregoing *Debtors' Application for Entry of an Order (I) Authorizing the Debtors to Retain and Employ Harold May and Evident Tax, LLC as Tax Consultants and Advisors* was sent to the parties listed below by the Court's ECF notification system and via First-Class U.S. Mail to parties listed on the Master Service List. A

9

supplemental declaration of mailing evidencing service on all other parties to the Master Service List will be filed separately.