United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 07, 2023
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-60043 |
| FREE SPEECH SYSTEMS, LLC., | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtor. | § | |

**ORDER APPROVING DEBTOR'S APPLICATION TO EMPLOY EMPLOY HAROLD MAY AND EVIDENT TAX, LLC AS TAX CONSULTANTS AND ADVISORS**

Upon the application (the "Application")[1] filed by the Debtor for Entry of an Order (I) Authorizing the Debtors to Retain and Employ Harold May and Evident Tax, LLC as Tax Consultants and Advisors (the "Firm") pursuant to Bankruptcy Code §§ 327(a) and 330 and Bankruptcy Local Rule 2014-1, as more fully set forth in the Application and all exhibits and attachments to the Application; and upon the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Application and the May Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Orders and procedures of this Court; (v) the Firm does not represent an interest adverse to the Debtor's estate with respect to the matters upon which it is to be engaged; (vi) the Firm is qualified to represent the Debtor's estate under § 327 of the Bankruptcy Code; (vii) the terms of the Firm's employment have been disclosed and are reasonable under the circumstances; (viii) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is necessary; (ix) the legal and factual bases set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interest of the Debtor's estate; and (xi) any timely objection to

---
[1] Capitalized terms not defined herein have the meaning set forth in the Application.

the Application having been withdrawn or overruled for the reasons stated on the record at the hearing on the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. In accordance with Bankruptcy Code §§ 327(e) and 330 and Bankruptcy Local Rule 2014-1, the Debtor is authorized to employ and retain the Firm as Tax Consultants and Advisors under the terms and conditions set forth in the Application, this Order and the Engagement Letter attached to the Application as <u>Exhibit B</u>.

2. The Firm is authorized to perform Professional Services for the Debtor that are necessary or appropriate in connection with serving as special counsel in connection with he matters disclosed in the Application.

3. The Firm shall be compensated for its services and reimbursed for related expenses in accordance with the terms and conditions of the Engagement Agreement, as set forth in the Application and subject to the procedures Bankruptcy Code §§ 330 and 331 of the Bankruptcy Code, and in accordance with applicable Federal Rules of Bankruptcy Procedure, Local Rules, and any orders of this Court.

4. All compensation for services rendered and reimbursement for expenses incurred in connection with the above-captioned bankruptcy case shall be paid by the Debtor after further application to and order of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and any orders of this Court.

5. This Order shall be immediately effective and enforceable upon entry.

6. This Order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

7. Notwithstanding anything to the contrary in the Application, the Engagement Agreement, or the Declaration attached to the Application, the Firm shall not be entitled to reimbursement of expenses or fees from the Debtor in connection with any objection to its fees without further order of the Court.

8. The Firm shall not charge a markup to the Debtor with respect to any fees billed by contract attorneys who are hired by the Firm to provide services to the Debtor and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

9. The Firm shall provide ten-business-days' notice to the Debtor and the U.S. Trustee before any increases in the rates set forth in the Application or the Engagement Agreement are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code. Furthermore, the Court retains the right to review any rate increases pursuant to § 330 of the Bankruptcy Code.

10. The Firm shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals.

11. The Firm will review its files periodically during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration as required by FED. R. BANKR. P. 2014(a).

12. To the extent that any of the Application, the May Declaration, or the Engagement Agreement are inconsistent with this Order, the terms of the Order shall govern.

13. The Debtor and the Firm are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: August 07, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

| In re: | Case No. 22-60043-cml |
|---|---|
| Free Speech Systems LLC | Chapter 11 |
| Official Committee of Unsecured Creditor | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| District/off: 0541-4 | User: ADIuser | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Aug 07, 2023 | Form ID: pdf002 | Total Noticed: 21 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^     Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

\#     Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 09, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Free Speech Systems LLC, 3019 Alvin Devane Blvd. STE 300, Austin, TX 78741-7417 |
| aty | | Kyung Shik Lee, Shannon & Lee LLP, Pennzoil Place-Suite 1300, HOUSTON, TX 77027, UNITED STATES |
| aty | + | Richard A. Cochrane, Caldwell Cassady Curry PC, 2121 N. Pearl St., Ste. 1200, Dallas, TX 75201-2494 |
| aty | + | Shannon & Lee LLP, 700 Milam Street, STE 1300, Houston, TX 77002-2736 |
| intp | + | Alex E Jones, c/o Jordan & Ortiz PC, 500 N Shoreline Blvd, Ste 900, Corpus Christi, TX 78401-0658 |
| cr | + | Ally Bank, c/o Quilling, Selander, et al, 2001 Bryan Street, Suite 1800, Dallas, TX 75201-3070 |
| cr | + | David Wheeler, et al., c/o Cain & Skarnulis PLLC, 303 Colorado Street, Suite 2850, Austin, TX 78701-0137 |
| cr | + | Elevated Solutions Group, LLC, c/o Walker & Patterson, P.C., P.O. Box 61301, Houston, TX 77208-1301 |
| cr | #+ | Leonard Pozner, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| cr | #+ | Marcel Fontaine, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin, Suite 2700 Houston, TX 77002-6774 |
| cr | #+ | Neil Heslin, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| crcm | + | Official Committee of Unsecured Creditors of Alexa, c/o Marty L. Brimmage, Jr., Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, TX 75201-4675 |
| cr | + | Reeves Law, PLLC, 702 Rio Grande St., Ste. 203, Austin, TX 78701-2720 |
| cr | + | Richard M. Coan, c/o Cain & Skarnulis PLLC, 303 Colorado Street, Suite 2850, Austin, TX 78701-0137 |
| cr | #+ | Scarlett Lewis, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |
| cr | + | Security Bank of Crawford, P.O. BOx 90, Crawford, Tx 76638-0090 |
| cr | #+ | Veronique De La Rosa, c/o McDowell Hetherington LLP, Attention: Avi Moshenberg, 1001 Fannin Street, Suite 2700 Houston, TX 77002-6774 |

TOTAL: 17

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | Aug 07 2023 20:36:44 | Ally Bank, c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| crcm | + | Email/Text: mbrimmage@akingump.com | Aug 07 2023 20:16:00 | Official Committee of Unsecured Creditors of Alexa, c/o Marty L. Brimmage, Jr., Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, TX 75201-4675 |
| cr | + | Email/Text: lemaster@slollp.com | Aug 07 2023 20:15:00 | PQPR Holdings Limited, LLC, c/o Streusand Landon Ozburn & Lemmon LLP, attn: Stephen Lemmon, 1801 S. Mopac Expressway, Suite 320, Austin, TX 78746-9817 |
| cr | ^ | MEBN | Aug 07 2023 20:09:22 | Texas Comptroller of Public Accounts, Revenue Acco, Christopher J. Dylla, P.O. Box 12548, Austin, TX 78711-2548 |
| cr | + | Email/Text: BKECF@traviscountytx.gov | Aug 07 2023 20:16:00 | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |

TOTAL: 5

| District/off: 0541-4 | User: ADIuser | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Aug 07, 2023 | Form ID: pdf002 | Total Noticed: 21 |

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| aty | | Akin Gump Strauss Hauer & Feld LLP |
| cr | | ADP TotalSource, Inc. |
| wit | | Charles "Charlie" Cicack |
| res | | Cicack Holdings, LLC |
| intp | | David Ross Jones |
| op | | Marc Schwartz |
| op | | Marc Schwartz |
| op | | Schwartz Associates, LLC |
| op | | Schwartz and Associates, LLC |
| intp | | Shelby A Jordan |
| intp | | Sweetwater Holdings Group, Inc. |
| op | | W. Marc Schwartz |

TOTAL: 12 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 09, 2023          Signature:          /s/Gustava Winters