IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | Case No. 22-60043 |
| | § | |
| Debtor. | § | |
| ------------------------------------------------ | § | |
| In re: | § | |
| | § | |
| **ALEXANDER E. JONES,** | § | Case No. 22-33553 |
| | § | |
| Debtor. | § | |

**DEBTORS' JOINT MOTION TO APPROVE EMPLOYMENT CONTRACT
PURSUANT TO 11 U.S.C. §§ 105 AND 363(b)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Jones") and Free Speech Systems, LLC ("FSS") (collectively, "Debtors"), as debtors and debtors-in-possession in the above-captioned Chapter 11 Cases, hereby submit this joint motion (the "Motion") pursuant to Sections 105 and 363(b) of the United States Bankruptcy Code (the "Code"). In support of this Motion, Debtors respectfully represent as follows:

## I. JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding, and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Sections 105 and 363(b) of the Code.

## II. BACKGROUND

3. Jones hosts a syndicated radio and video talk show in Austin, Texas. FSS is a single member LLC, 100% owned by Jones, that produces and syndicates much of the show. In addition, FSS offers high-end dietary supplement products, books, t-shirts, and other products, which are solely promoted and advertised by Jones during his radio and streaming video talk shows, for online sale to customers at the Infowars web site.

4. FSS filed for Chapter 11 Bankruptcy under Subchapter V in the Southern District of Texas Bankruptcy Court, Houston Division, Case No. 22-60043 (the "FSS Bankruptcy Case") on July 29, 2022; and Jones filed his individual chapter 11 bankruptcy case (the "Jones Bankruptcy Case") on December 2, 2022.

5. As of the filing of the FSS Bankruptcy Case and the Jones Bankruptcy Case, FSS and Jones were parties to a prior Employment Agreement dated April 14, 2022 ("Prior Employment Agreement"). Under the terms of the Prior Employment Agreement, Jones agreed to produce his show on FSS's platform in exchange for an annual salary of One Million, Three Hundred Thousand Dollars and NO/100 ($1,300,000.00).[1] The validity of the Prior Employment Agreement is disputed by FSS.

6. In or about August 2022, FSS ceased paying the full compensation as provided for

---

[1] Plus personal assistant costs of approximately $200,000.

**DEBTORS' JOINT MOTION TO APPROVE EMPLOYMENT CONTRACT PURSUANT TO 11 U.S.C. §§ 105 AND 363(b) – Page 2**

in the Prior Employment Agreement, reducing his bi-weekly compensation from $50,000.00 to $20,000.00 (a 60% reduction).  Jones maintains he is entitled to an administrative claim against FSS for the reduction in compensation, and has filed that certain *Application for Administrative expense Claim Under §503(B)(1)* (the "Admin Claim Motion") [Dkt. No. 659].  While FSS agrees that Jones has been undercompensated, FSS has expressed generally its disagreement as to the amount of any administrative claim and the timing of payment of any allowed administrative claim. Both Jones and FSS agree that a new employment agreement is necessary and appropriate to govern the obligations between FSS and Jones on a going forward basis.

7. FSS and Jones seek to continue to work together going forward and have negotiated the terms of a new employment contract, each working with and through their own separate counsel.  The proposed form of new contract is attached hereto as **Exhibit "A"** (the "New Employment Agreement").

8. While the Employment Agreement has a five year term beginning upon the confirmation of the FSS plan of reorganization; Jones and FSS solely seek approval of the Employment Contract for the interim period as described therein. Approval of the remaining five year term shall be sought in connection with confirmation of the FSS, and possibly Hones, plans of reorganization.

### III.   RELIEF REQUESTED AND BASIS THEREFORE

9. Section 363(b) of the Code authorizes a debtor-in-possession to use, sell, or lease property of the estate other than in the ordinary course of business after notice and a hearing, subject to bankruptcy court approval.  11 U.S.C. § 363(b). Debtors submit that the New Employment Agreement is within the ordinary course of Debtors' business.  However, out of an abundance of caution, Debtors seek the Court's approval of such contract.

10. Furthermore, Section 105 of the Code directs that "[t]he court may issue any order,

process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.  To the extent that such approval is necessary or appropriate, Debtors submit that Section 105, in conjunction with Section 363(b), gives the Court authority to approve the New Employment Agreement.

11. The New Employment Agreement provides a base salary for Jones of $1,500,000.00, expense reimbursement, as well as incentive bonuses for increased revenue milestones, to be applicable following confirmation of an FSS plan of reorganization.

12. Jones believes that entering into the New Employment Agreement will benefit the Jones bankruptcy estate because the increased funds will allow Jones to fund additional administrative expenses and budget for greater plan payments going forward.  The bonus incentives for higher FSS revenues also incentivize Jones to work harder, bringing in additional funds to the Jones estate.

13. FSS believes that entering into the New Employment Agreement will benefit the FSS estate because, through negotiated terms with Jones, it provides stability and Jones' renewed commitment to the FSS platform.  FSS submits that it benefits immensely from having Jones as its primary talent, and that a binding contract that commits Jones to a good-faith effort to generate revenue for FSS is necessary for the continued survival of FSS as a business.

14. Jones commitment to FSS is vital to FSS.  When Jones is absent from FSS broadcasts, FSS experiences gross revenue declines of as much as 40%.  Furthermore, the bonus structure, while incentivizing Jones, also results in higher revenues to FSS, bringing additional funds to the FSS estate.

15. Debtors have determined in their business judgment that it is in the best interest of their estates to enter into the New Employment Agreement. Courts should authorize business transactions outside the ordinary course of business if debtors have exercised sound business

judgment. *See In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir.1983). Further,

> The court is expected to defer to management's views in applying the business judgment test. *See Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.),* 756 F.2d 1043, 1046 (4th Cir.1985); *Polin v. Conductron Corp.,* 552 F.2d 797, 809 (8th Cir.1977). Only if a proposed transaction…does not serve business purposes may the court substitute its judgment for that of management. *In re Richmond Metal Finishers, Inc.,* 756 F.2d at 1047 ("[C]ourts should defer to-should not interfere with-decisions of corporate directors upon matters entrusted to their business judgment except upon a finding of bad faith or gross abuse of their 'business discretion.' "); *Computer Sales Int'l, Inc. v. Fed. Mogul Global, Inc. (In re Fed. Mogul Global, Inc.),* 293 B.R. 124, 126 (D.Del.2003) ("As [the business judgment test is] applied in the Third Circuit, a court should approve a debtor's use of assets outside the ordinary course of business if the debtor can demonstrate a sound business justification for the proposed transaction.") (citing *In re Martin,* 91 F.3d 389, 396 (3d Cir.1996) (in turn citing *In re Schipper,* 933 F.2d 513, 515 (7th Cir.1991))).

*In re Mirant Corp.*, 348 B.R. 725, 744 (Bankr. N.D.Tex. 2006).

16. Accordingly, while Debtors submit the New Employment Agreement to be part of their ordinary course of business, out of an abundance of caution, Debtors seek the Court's approval of such contract herein. Debtors have utilized their business judgment and for the foregoing reasons, approval of the proposed contract is in the best interest of Debtors, Debtors' estates and creditors.

### IV.    NOTICE

14. Notice of this Motion has been provided to: (a) the Offices of the United States Trustee; (b) Debtors' 20 largest unsecured creditors; (c) the Debtors' secured lenders; (d) counsel for the Official Unsecured Creditors Committee in the Jones Bankruptcy Case; (e) counsel for the Subchapter V Trustee in the FSS Bankruptcy Case; and (f) any notices of appearance. Debtors submit the above notice is sufficient and that no further notice is necessary.

WHEREFORE, Debtors respectfully request the Court enter an order authorizing Debtors' entry into the New Employment Agreement, and for such other and further relief to which Debtors may show themselves justly entitled.

**DEBTORS' JOINT MOTION TO APPROVE EMPLOYMENT CONTRACT PURSUANT TO 11 U.S.C. §§ 105 AND 363(b) – Page 5**

Dated: August 28, 2023.

| | |
|---|---|
| **CROWE & DUNLEVY, P.C.**<br><br>By: */s/ Vickie Driver*<br>Vickie L. Driver<br>State Bar No. 24026886<br>Christina W. Stephenson<br>State Bar No. 24049535<br>2525 McKinnon St., Suite 425<br>Dallas, TX 75201<br>Telephone: 737.218.6187<br>Email: dallaseservice@crowedunlevy.com<br><br>-and-<br><br>Shelby A. Jordan<br>State Bar No. 11016700<br>S.D. No. 2195<br>Antonio Ortiz<br>State Bar No. 24074839<br>S.D. No. 1127322<br>**JORDAN & ORTIZ, P.C.**<br>500 North Shoreline Blvd., Suite 900<br>Corpus Christi, TX  78401<br>Telephone: (361) 884-5678<br>Facsimile:  (361) 888-5555<br>Email:  sjordan@jhwclaw.com<br>            aortiz@jhwclaw.com<br>Copy to: cmadden@jhwclaw.com<br><br>**ATTORNEYS FOR ALEXANDER E. JONES** | **LAW OFFICES OF RAY BATTAGLIA, PLLC**<br><br>*/s/  Raymond Battaglia*<br>Raymond W. Battaglia<br>State Bar No. 01918055<br>rbattaglialaw@outlook.com<br>66 Granburg Circle<br>San Antonio, Texas 78218<br>Telephone: (210) 601-9405<br><br>**COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION, FREE SPEECH SYSTEMS, LLC** |

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system on August 28, 2023.

                                          */s/Raymond Battaglia*
                                          Raymond W. Battaglia