UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-60043 |
| **FREE SPEECH SYSTEMS, LLC.,** | § | Chapter 11 (Subchapter V) |
| | § | |
| **Debtor.** | § | |

### DEBTOR'S RESPONSE ALEXANDER JONES' MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503(B)(1)

Free Speech Systems, LLC ("FSS" or "Debtor") debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Bankruptcy Case"), hereby submits this response (the "Response") to *Alexander Jones' Motion for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503(B)(1)* (Dkt. No. 659) (the "Motion") and for its response would respectfully show the Court as follows.

### I.   PRELIMINARY STATEMENT

1. FSS business is centered around Alex Jones ("Jones"). Jones has a large and loyal audience of followers who listen to his broadcasts and purchase products through the FSS sales channel. While FSS has other personalities who broadcast on the FSS network, their audience following is fraction of Jones' following.

2. According to FSS analysis, product sales and concomitantly, FSS revenue drop off significantly when Jones is not broadcasting. Jones value to FSS is not materially disputed.

3. FSS limited objection to the Motion relates solely to the amount of the administrative claim owed to Jones and the manner and timing of payment of any claim this Court might allow.

## II.     BACKGROUND AND RESPONSE

4. On July 29, 2022, FSS filed a voluntary chapter 11 petition and elected to proceed under Subchapter V. Melissa A. Haselden has been appointed as the Chapter 11 Subchapter V Trustee in FSS's.

5. FSS has always been a family run business and since 2015 has been owned by Jones as its single member. For income tax purposes, FSS was and remains a disregarded entity. As such, Jones' compensation has been comprised of both W-2 income and draws. Jones' draws included amounts calculated to satisfy Jones' pass through income tax obligations as required under the FSS Company Agreement.

6. Jones W-2 income has historically accounted for less than 20% of his annual income (net of taxes) derived from FSS. Jones' total income (net of income tax reserves) from FSS has exceeded $2.5 million per year.

7. In 2022 FSS and Jones negotiated an Employment Agreement intended to reduce Jones annual compensation from its prior levels to $1.3 million per year. FSS takes the position that that agreement, while indicative, is not a valid and binding agreement.

8. Following the Petition Date, FSS ability to pay Jones an appropriate salary was limited by cash collateral budgets approved by this Court. For the month of August 2022, Jones' compensation was limited to $10,000 per pay period. Beginning in September 2022 Jones compensation was increased to $20,000 per pay period where it has remained through the current period.

9. FSS disputes the amount of the administrative claim alleged in the Motion and would show that certain offsets should further reduce the amount of any claim that the Court might determine to be an allowable claim.

### III. SPECIFIC RESPONSES TO MOTION

10. FSS admits the allegations in paragraphs 1 through 4 of the Motion.

11. FSS admits that there was an Employment Agreement as described in paragraph 5 of the Motion but denies that the Agreement is enforceable.

12. FSS admits that it paid Jones $10,000 per pay period in August 2022 and $20,000 per pay period thereafter through the current date but denies the balance of the allegations in paragraph 6 of the Motion.

13. FSS admits that it has negotiated the terms of an employment contract with Jones for his continued employment which has been submitted to the Court for approval as alleged in paragraph 7 of the Motion. For further response, FSS would show that the proposed employment agreement speaks for itself.

14. Paragraphs 8 through 14 of the Motion consist entirely of argument and factual and legal conclusions to which a response is not required. To the extent that a response is necessary, FSS denies those allegations.

### IV. ARGUMENT

15. The Motion posits that upon allowance, the claim should be paid during the pendency of the case. However, no provision of the Bankruptcy Code provides for the immediate payment of allowed administrative claims. To the contrary, section 1129(a)(9) only requires that a claim allowed under section 507(a)(2) or 507(a)(3) of this title, be paid on the effective date of the plan.

16. The Motion relies upon three dated cases which are not binding authority on this Court and cites no authority from with this judicial circuit or from any appellate court.

17. Based on the cases cited in the Motion, movant asserts that FSS should pay any administrative claim allowed by this Court if the Debtor has sufficient funds to pay the administrative claim. While FSS disputes the legal premise stated in the limited authority relied upon by Movant, FSS disputes that the requirements of those case are met here,

18. In the first instance, FSS' cash balance fluctuates on a monthly basis and are highly influenced by sales volumes in the prior month and the variability of the timing of inventory purchases. Moreover, FSS operating capital requirements are paramount in determining the availability of cash to satisfy any allowed administrative claim.

WHEREFORE, Debtor respectfully requests that the Court deny the Motion and grant any other relief that is just and proper.

Dated: October 2, 2023.

Respectfully submitted.

LAW OFFICES OF RAY BATTAGLIA, PLLC

/S/ RAYMOND W. BATTAGLIA
Raymond W. Battaglia
State Bar No. 01918055
rbattaglialaw@outlook.com
66 Granburg Circle
San Antonio, Texas 78218
Tel. (210) 601-9405

*Counsel to the Debtor and Debtor-In-Possession*

## CERTIFICATE OF SERVICE

    A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system.

                                              */s/Raymond W. Battaglia*
                                              Raymond W. Battaglia

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-60043 |
| FREE SPEECH SYSTEMS, LLC., | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtor. | § | |

**ORDER DENYING LEXANDER JONES' MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503(B)(1)**

Before the Court for consideration is *Alexander Jones' Motion for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503(B)(1)* (the "Motion"). After due deliberation and sufficient cause appearing therefor, and for the reasons set forth on the record, it is hereby **ORDERED THAT**:

1. Motion is **DENIED**.

Dated: October _____, 2023

_____
**UNITED STATES BANKRUPTCY JUDGE**