## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FREE SPEECH SYSTEMS LLC, | ) Case No. 22-60043 |
| | ) |
| Debtor. | ) |

### SUBCHAPTER V TRUSTEE'S APPLICATION TO RETAIN
### THE LAW OFFICE OF LIZ FREEMAN, PLLC

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Melissa Haselden, Subchapter V Trustee ("Trustee"), files this application (this "Application") for entry of an order (the "Order"), authorizing the retention and employment of The Law Office of Liz Freeman as her co-general bankruptcy counsel in the above-captioned bankruptcy case. In further support of this Application, the Trustee submits the Declaration of Elizabeth Freeman, (the "Freeman Declaration"), attached as Exhibit B, and represents as follows:

### I. APPLICATION

1. The Trustee is the duly qualified and acting Subchapter V Trustee for the estate of the Free Speech Systems, LLC ("Debtor"). The Debtor initiated the bankruptcy case on July 29, 2022 (the "Petition Date") via the filing of a voluntary chapter 11 petition.

2. On September 20, 2022, the Court entered the *Order Expanding the Subchapter V Trustee's Duties Pursuant to 11 U.S.C. § 1183(b)(2) of the Bankruptcy Code* [Docket No. 183].

3. In recognition of the unique complexities involved in this matter, the Trustee sought approval to retain Jackson Walker LLP ("JW"), as general bankruptcy counsel with JW partner Elizabeth Freeman acting as attorney-in-charge. [Docket No. 230]. The Court entered an order approving the retention of JW on November 7, 2022 [Docket No. 265]. In December 2022, Ms. Freeman left JW and formed The Law Office of Liz Freeman, PLLC. The Trustee seeks to retain The Law Office of Liz Freeman, PLLC ("Freeman") as co-general counsel with JW. Freeman and JW will work in close coordination but in such a way so as to avoid duplication of effort.

4. The Trustee files this Application pursuant to §§ 327(a), 328, and 704 of the Bankruptcy Code. The Trustee requests authority to retain Freeman, as co-counsel pursuant to the terms of the attached proposed engagement agreement (the "Engagement Letter"), which is attached as Exhibit A.

5. The Trustee requests that the employment be effective as of December 5, 2022. The Bankruptcy Court for the Southern District of Texas authorizes retroactively effective employment applications. *See* BANKR. S.D. TEX. LOC. R. 2014-1(b). The application must include: (A) An explanation of why the application was not filed earlier; (B) An explanation why the order authorizing employment is required *nunc pro tunc*; (C) An explanation, to the best of the applicant's knowledge, how approval of the application may prejudice any parties-in-interest. BANKR. S.D. TEX. LOC. R. 2014-1(b)(2)(A)–(C). The Trustee is cognizant of *Triangle Chemicals* and its progeny. *See Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir. 1983) (holding that the bankruptcy court had discretion, as a court of equity to consider whether approval of attorney's employment should be granted *nunc pro tunc*).

6. The Trustee entered into the engagement letter with Freeman in January 2023 and an application to employ was prepared and approved. The application was not immediately filed

due to a oversight. Ms. Freeman was previously employed and designated as counsel in charge through the order authorizing the employment of Jackson Walker LLP. [Docket #265] Ms. Freeman provided valuable services to the Trustee, including helming the Subchapter V Trustee's Initial Findings of Free Speech Systems LLC [Docket #550]. Ms. Freeman has taken an active role in this case, including frequent meetings and discussions with counsel to parties in an effort to facilitate resolution and has made appearances at hearings on behalf of the Trustee. Ms. Freeman is continuing to provide necessary services to the Trustee.

7. No party will be prejudiced by approval of this application *nunc pro tunc*. Approval of the application will not result in a delay of these proceedings. Ms. Freeman's role and contributions to the matter are well known to the parties.

8. Ms. Freeman has not yet sought compensation from the estate. Ms. Freeman is holding $100,000 in her IOLTA account on account of this matter.

9. The Trustee selected Freeman to render professional services to her in her role as Subchapter V Trustee, which include, but are not limited to, the following:

> a) Conducting an investigation required by the Court;
>
> b) Assisting the Trustee in analyzing claims owned by the estate against third parties arising under chapter 5 of the Bankruptcy Code and other applicable law;
>
> c) Conducting appropriate examinations of witnesses, claimants, and other parties-in-interest in connection with the Trustee's duties in the case;
>
> d) Representing the Trustee in the bankruptcy case, any adversary proceedings, and other proceedings before the Bankruptcy Court, and in any other judicial or administrative proceeding;

e) Performing any other legal services that may be appropriate in connection with the foregoing.

10. The Trustee selected Ms. Freeman because she has extensive experience in matters relating to bankruptcy, commercial litigation, and asset collection. Ms. Freeman has the expertise and capacity to address the needs of the estate. The Trustee believes that the continued involvement of Ms. Freeman will ensure continuity in the provision of the required legal expertise to allow the Trustee to administer the estate and discharge her fiduciary duties under the circumstances effectively and prudently. The Trustee believes retention of Freeman is necessary due to its array of expertise in various, relevant areas of law and with complex bankruptcy matters and knowledge with regards to this case.

11. Freeman's mailing address is PO Box 61209, Houston, TX 77208-1209. Freeman's telephone number is 832-779-3580. Ms. Freeman's e-mail address is liz@lizfreemanlaw.com. Ms. Freeman is licensed by the State Bar of Texas and admitted to practice before this Court. Ms. Freeman is qualified to act as lead general counsel for the Trustee.

## II. COMPENSATION[1]

12. The Trustee negotiated a compensation agreement designed to fit the particular needs and possibilities of this case. Ms. Freeman will maintain the previously approved rate of $750/hr. Ms. Freeman agrees to not raise her rates with regards to the matters for which it is being retained without seeking further order of this Court.

13. Elizabeth Freeman will continue to be designated as attorney-in-charge. She will coordinate effort and avoid duplication with JW in its representation of the Trustee.

14. Freeman's work will be clearly reflected in the invoices and any fee applications. Freeman will maintain detailed records of costs and expenses incurred in connection with its legal services, and these will be set forth in detail as part of the invoices and fee applications.

15. Ms. Freeman has been licensed to practice in the State if Texas since 1998 and is admitted to practice before the Southern District of Texas. Ms. Freeman has over 20 years of experience in complex bankruptcy and reorganization matters and representation of trustees. Ms. Freeman is Board Certified in Business Bankruptcy Law by the Texas Board of Legal Specialization.

### STATEMENT REGARDING CONNECTION TO THE CASE

16. To the best of the Trustee's knowledge, Freeman does not represent or hold any interest adverse to the Debtor, its estate, creditors, equity security holders, or affiliates that would preclude Freeman from serving as counsel for the purposes stated herein. Freeman has no connection with the Trustee, Debtor, the creditors, or any other party-in-interest, their respective attorneys and advisors, the United States Trustee, or any person employed in the office of the United States Trustee other than what is disclosed in the Freeman Declaration and are "disinterested persons" within the definition of § 101(14) of the Bankruptcy Code on the matters for which it is to be engaged as general bankruptcy counsel.

### CONCLUSION

17. Section 327(a) authorizes the Trustee's retention of Freeman as co-general bankruptcy counsel for the Trustee to be compensated in accordance with § 328 as set forth herein and in the Engagement Agreement. The Trustee has not given any compensation or promised any compensation to Freeman, except as set forth in the Engagement Agreement. In addition, the

Trustee has not sought or obtained leave to employ any other professional to represent the Trustee on the same matters as she proposes Freeman represent her.

18.     In reaching her decision, the Trustee evaluated the estate's available resources, the complexity of the case, the investigation and associated risks.  Under the circumstances, the Trustee believes that the terms of the proposed compensation arrangement are both reasonable and prudent and provide her the necessary assistance for the case.

WHEREFORE, the Trustee respectfully requests that an order be entered (a) approving this Application and authorizing the Trustee to employ and retain The Law Office of Liz Freeman, PLLC to represent the Trustee as her co-general bankruptcy counsel consistent with the terms set forth herein and in the Engagement Agreement effective December 5, 2022; and (b) granting the Trustee any other relief that is just and proper.

Dated: January 19, 2024.                                  */s/ Melissa Haselden*
                                                          Melissa Haselden, Subchapter V Trustee
                                                          Free Speech Systems LLC

**Certificate of Service**

      I certify that on January 19, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and upon all creditors as reflected on the attached list.

*/s/ Elizabeth C. Freeman*
Elizabeth C. Freeman

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FREE SPEECH SYSTEMS LLC, | ) Case No. 22-60043 |
| | ) |
| Debtor. | ) |
| | ) |

**ORDER AUTHORIZING THE RETENTION OF THE LAW OFFICE OF LIZ FREEMAN, PLLC AS CO-COUNSEL FOR THE SUBCHAPTER V TRUSTEE**

CAME ON FOR CONSIDERATION the Application to Retain The Law Office of Liz Freeman as Co-Counsel the Subchapter V Trustee (the "Application"). Having reviewed the Application and the supporting documents, and finding that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; that the Application was properly filed and served; that this is a core proceeding pursuant to 28 U.SC. § 157(b); and that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and based upon good and sufficient cause appearing therefor; the Court ORDERS THAT:

1. The Trustee is authorized to retain and employ The Law Office of Liz Freeman, PLLC ("Freeman") as counsel upon the terms and conditions set forth in the Application and as modified herein effective December 5, 2022.

2. Freeman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. For billing purposes, Freeman shall keep its time in one tenth (1/10) hour increments. Freeman will use its

best effort to avoid any duplication of services provided by any of the other professionals in this case.

3. Freeman will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Freeman will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a).

4. To the extent that the Application or the Freeman Declaration is inconsistent with this Order, the terms of this Order shall govern.

5. Notwithstanding anything to the contrary in the Application, Freeman shall not be entitled to reimbursement for fees and expenses incurred in connection with any objection to its fees absent further order of this Court.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2024

                                                  CHRISTOPHER LÓPEZ
                                                  UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| FREE SPEECH SYSTEMS LLC, | ) Case No. 22-60043 |
| Debtor. | ) |

## DECLARATION OF ELIZABETH FREEMAN IN SUPPORT OF THE APPLICATION TO RETAIN THE LAW OFFICE OF LIZ FREEMAN, PLLC AS CO-COUNSEL FOR THE SUBCHAPTER V TRUSTEE

The undersigned proposed attorney for the above-captioned debtor and debtor-in-possession submits this verified statement of disinterestedness pursuant to Bankruptcy Rule 2014(a).

1. My name is Elizabeth Freeman. I am over the age of 18 years, I am competent to make this declaration, and I have personal knowledge of the facts stated herein. Each and every statement contained herein is true and correct.

2. I am an attorney admitted to practice in the State of Texas and in this Court.

3. I am a member of The Law Office of Liz Freeman, PLLC (the "Firm"). The Firm's mailing address is PO Box 61209, Houston, TX 77208-1209. The Firm's telephone number is 832-779-3580. My e-mail address is liz@lizfreemanlaw.com.

4. In conjunction with the Trustee's retention of the Firm, I searched of the Firm's conflict system for each of the Debtor, the Debtor's creditors, affiliates, and insiders, principals of the Debtor, officers and directors of the Debtors (the "Potential Parties in Interest").

5. The Firm may represent other affiliates whose identities and affiliation did not show up on the conflicts system. It is possible that there are creditors whom the Debtor did not identify

in their records that are clients of the Firm. I did not find that I nor my Firm had connections with the Debtor, its creditors and their current and former officers, directors, and professionals.

A.  **The Firm's Prior Relationship to the Trustee**

6. My prior firm, Jackson Walker, LLP and the Trustee entered into the Engagement on October 11, 2022. The Firm has no other representation of the Trustee. The Trustee and I have known one another for a number of years and have worked on matters as opposing counsel and also as counsel representing parties with common interests. On occasion, I refer potential clients to the Trustee.

B.  **Current Clients of the Firm that are Creditors of the Debtor**

7. The Firm does not represent entities or affiliates of creditors of the Debtor.

C.  **Creditors of the Debtor that are Adverse to the Firm's Clients**

8. The Firm did not find that it represents, or has represented in the past, clients that are adverse or potentially adverse to creditors (or affiliates of creditors) of the Debtor.

D.  **The Firm's Connections with the Debtor, Officers, and Professionals**

9. Neither I nor the Firm have had any connection with the Debtor, insiders or affiliates of the Debtor, the Debtor's creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the Office of the United States Trustee. I believe that the Firm and I am a are disinterested persons within the meaning of 11 U.S.C. § 101(14), to the best of my knowledge.

E.  **Statement Regarding United States Trustee Guidelines**

10. The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.

11.     The Firm will periodically review both the changes in identifiable parties in interest of the Debtor and clients of the Firm as such information becomes available or relevant.  I will update this disclosure as appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed January 19, 2024

/s/ *Elizabeth C. Freeman*
Elizabeth C. Freeman

## Schedule 1
### Schedule of Searched Parties/Terms

Elevated Solution
Free Speech
Greenair
Christopher Sadowski
Copycat Legal
Edgecast
Atomial
Ready Alliance
Cloudfare
Getty Images
Jacquelyn Blott
RatsMed
Rapid Med
Joel Skousen
David Icke
Icke Book
Ickonic
Commerce Con
WWCR
Paul Watson
JW JIB
Brennan Gilmore
Civil Rights Clinic
CustomTattoo
AT&T
Justin Lair
PQPR
David Ross Jones
Carol Jones
Ally Bank
Wisconsin Department
Texas Comptroller
American Express
Shelby Jordan
Vickie Driver
Travis County
Security Bank of Crawford
Reeves Law
Sweetwater Holdings
Patrick McGill
Reynal
ADP
Cicak
Richard Coan
Alex Woolverton
Stephen Lemmon
Melissa Haselden

3

| | |
|---|---|
| Anthony Gucciardi | Carlee Soto Parisi |
| Aurium | Carlos M. Soto |
| Patrick Riley | Jillian Soto-Marino |
| Blue Ascension | William Aldenberg |
| Neil Heslin | William Sherlach |
| Scarlett Lewis | Robert Parker |
| Leonard Pozner | Joey Delassio |
| Veronique De La Rosa | Elevated Solutions |
| Marcel Fontaine | Ray Battaglia |
| David Wheeler | Bradley Reeves |
| Francine Wheeler | Amex |
| Jacqueline Barden | Texas Comptroller |
| Mark Barden | Jason Ruff |
| Nicole Hockley | Ha Nguyen |
| Ian Hockley | Ally Bank |
| Jennifer Hensel | AIS Portfolio |
| Donna Soto | |