UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22--60043 |
| | § | |
| DEBTOR. | § | (Subchapter V Debtor) |
| | § | Chapter 11 |

**EMERGENCY MOTION OF THE LAW OFFICES OF RAY BATTAGLIA, PLLC, TO WITHDRAW AS COUNSEL FOR FREE SPEECH SYSTEMS, LLC**

NOTICE UNDER BANKRUPTCY LOCAL RULE 9013-1(b) AND 9013-1(i)

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **EMERGENCY RELIEF IS NEEDED BY MARCH 11, 2024.**
>
> **THERE WILL BE A HEARING ON THIS MATTER ON MARCH 11, 2024, AT 3:00 P.M. (PREVAILING CENTRAL TIME) IN COURTROOM 401, 515 RUSK ST., HOUSTON, TX 77002.**

**TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW the Law Offices of Ray Battaglia, PLLC (the "Movant") and files this Motion to Withdraw as Counsel for Free Speech Systems, LLC (the "Motion"). In support of this Motion,

the Movant respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Texas. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is 11 U.S.C. §327, Federal Rule of Bankruptcy Procedure 2016(a), and the Local Rules of this Court.

## BACKGROUND

3. On July 29, 2022 (the "Petition Date"), Free Speech Systems, LLC (the "Debtor" or "FSS") commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (the "Case") with the Court.

4. On August 20, 2022, the Debtor filed its *Application to Employ the Law Offices of Ray Battaglia, PLLC as Bankruptcy Co-counsel Effective as of July 29. 2022* [ECF #84]. On September 20.2022, this Court approved the retention of Applicant as co-counsel for the Debtor (the "Retention Order") (ECF #180).

5. Movant was originally retained to serve as Co-counsel with the firm of Shannon & Lee. Movant is a sole practitioner and the Debtor sought to retain the firms as co-counsel to insure sufficient capacity to fulfill all obligations to the Court and the Debtor's creditors.

6. On September 20, 2022, the Court denied the Debtor's application to employ Shannon and Lee [ECF # 182]. At the same time, the Court denied the application to retain Marc Schwarz as Chief Restructuring Officer of the Debtor. [ECF #181].

7. The Court's denial of the retention of co-counsel left Movant solely responsible for

all aspects of the representation of the Debtor. Movant expressed reservations regarding the unexpected increase in its duties and obligations at the September 20, 2022, hearing. Nevertheless, Movant has fulfilled those duties and obligations and has zealously represented the Debtor as sole counsel for the ensuing 17 months.

8. On October 3, 2022, Movant, on behalf of the Debtor filed an Emergency Application to retain Patrick Magill as Chief Restructuring Officer ("CRO") [ECF # 205]. The Court approved the CRO's retention on October 14, 2022 [ECF# 239]. That Order imposed certain limits on the authority of the CRO at the request of the United States Trustee.

9. Movant and the CRO had no relationship prior to his retention as CRO and for the most part have had a constructive working relationship since his appointment as CRO. Over time the relationship has deteriorated. Recently the CRO instructed Movant as FSS counsel that it had no authority to "negotiate on behalf of FSS, including a decision to extend a deadline". The CRO's instructions run afoul of the Texas Lawyers Creed which states "I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel."

10. Moreover, a key objective of a chapter 11 bankruptcy is seeking consensual resolution of disputes. Movant has endeavored to find common ground on all contested matters which have come before the Court. Negotiations between principals in this case are not feasible as the Sandy Hook plaintiffs have only participated in this case through counsel. The CRO's instructions not to engage in negotiations is contrary to the duties of debtor's counsel in a chapter11 case.

11. On January 25, 2024, Movant and the CRO discussed pursuit of a specific litigation

claim.  Movant advised that pursuit of that claim at this time was ill advised for reasons discussed and strongly recommended against pursuit of the claim in question at that time.  The CRO instructed Movant to file the lawsuit.  Movant refused to do so on the basis that pursuit of the claim was not in the Debtor's best interest at the time.

12.     Since that heated exchange between Movant and the CRO, the CRO withheld payment of Movant's fees and expenses in January and February of 2024.  The CRO paid fees due to other case professionals as well as his own monthly compensation.  Movant's compensation was intentionally withheld on instructions of the CRO as a rebuke for the January 25th disagreement.

13.     Movant's compensation was identified to be paid in the Debtor's interim cash collateral budgets for January and February 2024 [ECF# 779 and ECF# 797 respectively]. Moreover, withholding payment of Movant's fees was in violation of this Court's Order Granting Movant's Third Interim Fee Application [ECF# 783] and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals.* [ECF # 202].

14.     On February 20, 2024, Movant sent the CRO an email advising that Movant would file this Motion to Withdraw as Counsel for the Debtor if the CRO failed to pay the outstanding balance of fees and expenses owed to Movant by the close of business on February 23, 2024.  To this date, the CRO has neither paid the overdue compensation nor responded to Movant's email.

15.     On February 9, 2024, the CRO caused to be filed an Emergency Application to approve the employment of Harold "Hap" May PC as Co-Counsel [ECF# 806].  Mr. May's firm has previously been employed as special tax counsel in this case.  While Movant welcomes Mr. May's participation on behalf of the Debtor, the CRO never contacted Movant to discuss the

expansion of the May firm's role in this case or more importantly to discuss coordination of efforts between the two firms in order to assign areas of responsibility and to avoid duplication of expense.

## DISCUSSION

16. Rule 1.15 of the Texas Disciplinary Rules of Prof. Conduct provides in part that a lawyer may withdraw from representing a client if: "a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement". In addition, Rule 1.15 provides for withdrawal for "other good cause".

17. At this time, it remains unclear whether the CRO remains intent on pursuing the ill advised litigation. However, the CRO's demand that Movant pursue that objective satisfies the requirements of Rule 1.15 of the Texas Disciplinary Rules of Prof. Conduct. Moreover, the lack of communications following the argument with the CRO and his blatant retaliation by withholding payment to Movant is evidence that the lawyer client relationship is fundamentally broken, and the trust required between client and lawyer irreparably damaged. Finally, the CRO's failure to pay Movant's allowed fees and expenses pursuant to Orders of this Court is sufficient cause for Movant's withdrawal as counsel for the Debtor.

18. The Debtor will not be prejudiced by Movant's withdrawal. Mr. May's firm is familiar with the Debtor, its operations and the Debtor's Amended Plan of Reorganization. Mr. May participated in drafting the Trust and Trust Distribution Procedures which are an integral part of the Plan. There are no contested or adversary matters currently on the docket, affording the May firm adequate time to transition.

## BASIS FOR EMERGENCY RELIEF

19. Movant respectfully request emergency consideration of this Motion in accordance

with Bankruptcy Local Rule 9013-1(i).  Confirmation of the Debtor's Amended Plan of Reorganization is set for March 25, 2024, although the parties are currently in discussions to reschedule those hearings until late April 2024.  Emergency relief is warranted under the circumstances to ensure that Mr. May's firm can assume full responsibility for those hearings.  Accordingly, the Debtor respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

WHEREFORE PREMISES CONSIDERED, the Law Offices of Ray Battaglia, PLLC requests that the Court grant the Motion authorizing the firm and its professionals to withdraw from the representation of the Debtor in this case and all related adversary proceedings and grant such other and further relief as the Cout may deem appropriate.

Respectfully submitted February 29, 2024.

THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
66 Granburg Circle
San Antonio, Texas 78218
Telephone (210) 601-9405
Email: rbattaglialaw@outlook.com


By:  */s/ Raymond W. Battaglia*
Raymond W. Battaglia
Texas Bar No. 01918055

**ATTORNEYS FOR FREE SPEECH SYSTEMS, LLC.**

## CERTIFICATE OF ACCURACY

I hereby certify that the forgoing statements are true and accurate to the best of my knowledge and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ Raymond W. Battaglia

## CERTIFICATE OF SERVICE

On February 29, 2024, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below.

/s/ Raymond W. Battaglia