IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
<u>HOUSTON</u> DIVISION

| | § | |
|---|---|---|
| In re | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | Case No. 22-60043 (CML) |
| | § | |
| Debtor. | § | |

**SUBCHAPTER V TRUSTEE'S EMERGENCY MOTION TO SUPPLEMENT THE ORDER (A) AUTHORIZING EMPLOYMENT OF PATRICK MAGILL AS CHIEF RESTRUCTURING OFFICER, (B) AUTHORIZING EMPLOYMENT OF STAFF OF MAGILL PC IN DISCHARGE OF DUTIES AS CHIEF RESTRUCTURING OFFICER, AND (C) GRANTING RELATED RELIEF**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**
>
> **Emergency relief has been requested. The Subchapter V Trustee requests consideration of this Motion the week of March 18, 2024.**
>
> **If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

To Judge Christopher López, United States Bankruptcy Judge:

Melissa Haselden, (the "**Subchapter V Trustee**"), files this Emergency Motion to Supplement the Order (a) Authorizing Employment of Patrick McGill as Chief Restructuring Officer, (b) Authorizing Staff of Patrick McGill PC in Discharge of Duties as Chief Restructuring Officer, and (c) Granting Related Relief ("**Motion**"), and represents as follows:

1

**SUMMARY OF THE EMERGENCY APPLICATION**

1. Amendment of the order authorizing the employment of the CRO will provide necessary clarity with regard to the CRO's authority to manage the bankruptcy process of the Debtor. The Debtor and its new proposed counsel require this certainty as soon as possible to ensure timely negotiation or prosecution of litigation matters and in order to prepare for confirmation of the Debtor's plan.

**JURISDICTION**

2. This Court has jurisdiction by virtue of 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (M).

**VENUE**

3. Venue is proper in this district pursuant to pursuant to 28 U.S.C. §§ 1408(1) and (2) and 11 U.S.C. § 101(2)(A).

**BACKGROUND**

4. The Debtor filed a voluntary petition for relief under Chapter 11 Subchapter V of the Bankruptcy Code on July 29, 2022 [Docket No. 1]. On August 2, 2022, Melissa Haselden was appointed Subchapter V Trustee [Docket No. 22]. On October 13, 2022, the Court entered an order authorizing the employment of Patrick Magill as Chief Restructuring officer ("CRO") [Docket No. 239] (the "CRO Order") to assist Debtor and provide services during the pendency of the chapter 11 Subchapter V case including facilitating the reorganization of the Debtor's assets.

5. On September 20, 2022, the Court entered an order approving the engagement of the Law Offices of Ray Battaglia, PLLC ("Battaglia") as counsel for the Debtor. [Docket #180]. Unfortunately, there has been a breakdown in the relationship of Battaglia and the CRO.

On February 29, 2024, Battaglia filed a request to withdraw from representation of the Debtor. [Docket #830]. The Trustee understands that the CRO does not oppose the withdrawal.

6. It appears that the root of the failure of the relationship was in part due to the question of the extent of CRO's authority and whether it was necessary to consult with and take direction from the CRO on matters related to the restructuring.

7. Given the history of business operations of this Debtor, both before the case was filed, and during the case's pendency, a truly independent party representing the Debtor's estate is essential. The CRO demonstrated his willingness and ability to address hard issues head on. The CRO's authority with regards to the restructuring should not be left to question. It benefits the Debtor's estate to have a strong, independent fiduciary that the parties and the Court may trust and rely upon.

8. The Trustee consulted the United States Trustee regarding the relief requested and the United States Trustee is not opposed.

**EMERGENCY CONSIDERATION IS APPROPRIATE**

9. Trustee requests that the CRO Order be clarified to reflect that the exclusive decision-making authority with regards to matters relating to the bankruptcy case. The Debtor requires assistance as soon as possible on litigation related matters and in order to prepare for and prosecute confirmation of the Debtor's plan. The Trustee believes the modification of the CRO Order is in the best interests of the Debtor's estate. The Trustee requests consideration of this Motion as soon as the Court has availability after March 15, 2024. The Trustee understands that counsel for PQPR is not available March 19 and 20, 2024.

WHEREFORE, the Trustee prays that the Court entered a supplement to CRO Order and grant such other and further relief as is just and proper.

DATED:  March 18, 2024

/s/ Elizabeth C. Freeman
**The Law Office of Liz Freeman**
Elizabeth C. Freeman (TX Bar No. 2400922)
PO Box 61209
Houston, TX 77208-1209
Telephone: (832) 779-3580
Email: liz@lizfreemanlaw.com

Proposed Counsel to Melissa Haselden, Subchapter V Trustee

## CERTIFICATE OF SERVICE

I certify that on March 6, 2024, a copy of this Motion was sent to the parties listed below by the Court's ECF notification system.

/s/ Elizabeth C. Freeman
Elizabeth C. Freeman

4