UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 22-60043-CML |
| | § | |
| FREE SPEECH SYSTEMS LLC, | § | Chapter 11 (Subchapter V) |
| | § | |
| DEBTOR | § | Objection Deadline: March 8, 2024 |
| | § | Hearing: March 25-27, 2024 |

**TEXAS COMPTROLLER OF PUBLIC ACCOUNTS' LIMITED OBJECTION TO DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
(Related to Docket No. 756)

The Texas Comptroller of Public Accounts, Revenue Accounting Division (the "Texas Comptroller"), through the Texas Attorney General's office, files this limited objection to Debtor's First Amended Plan of Reorganization Under Subchapter V of the Bankruptcy Code (the "Plan")[Docket No. 756].

1. The Plan should not be confirmed unless it is amended to comply with all provisions of Chapter 11 of the United States Code (the "Bankruptcy Code"). 11 U.S.C. § 1129(a)(1).

**Administrative Expenses**

2. Debtor is required to report and pay Texas franchise and sales taxes to the Texas Comptroller on a timely basis. *See* TEX. TAX CODE §§ 171.202, 171.152, 151.401, and 151.402. Debtor has incurred post-petition tax liabilities. Specifically, (a) franchise tax for the 2024 privilege period for which the return and payment are due May 15, 2024; and (b) daily sales tax accruals for which the returns and payments are due on the 20th of each month.

3. Post-petition taxes are § 503(b)(1)(B) administrative expenses of the estate. The Plan does not clearly provide for payment of post-petition taxes, if any, in accordance with the Bankruptcy Code. To the extent Debtor is current with Texas franchise and sales taxes as of the Effective Date of the Plan, the Texas Comptroller has no objection to the Plan. However, to the extent Debtor is

1

delinquent with Texas franchise or sales taxes as of the Effective Date of the Plan, the Texas Comptroller objects to the Plan on a limited basis.

4. Pursuant to 28 U.S.C. §§ 959 and 960, Debtor is required to remain current with tax reporting and payments while operating under the protection of the Bankruptcy Code. To the extent, if any, Debtor has accrued administrative expenses as of the Effective Date, § 1129(a)(9)(A) of the Bankruptcy Code mandates those expenses be paid in full *on* the Effective Date, unless the holder of the claim agrees to a different treatment. To the extent administrative expenses are due to the Texas Comptroller on or before the Effective Date, they should be paid in full, including all accrued penalty and interest, on the Effective Date as mandated by § 1129(a)(9)(A). To the extent taxes come due to the Texas Comptroller after the Effective Date, they should be paid in full when due under and in accordance with state law.

5. The Plan defines "Non-Ordinary Course Administrative Expense Claim[s]" ("Non-OCAE"), in part, as a liability of Debtor arising from the violation of law or regulation. A delinquency under the Texas Tax Code would be a violation of law. Section 4.1.2 of the Plan provides for Non-OCAE. The Texas Comptroller objects to Section 4.1.2.1. provisions requiring holders of Non-OCAE to file a request for payment within thirty (30) days of the Effective Date in order to become an Allowed Administrative Expense Claim. Section 503(b)(1)(D) of the Bankruptcy Code excepts the Texas Comptroller from such requirement by providing that "a governmental unit shall not be required to file a request for payment of an [administrative expense] as a condition of its being an allowed administrative expense."

6. Finally, the Texas Comptroller objects to the Plan's denial of interest on Claims. Under the Plan, "Claim" is as defined in § 101(5) of the Bankruptcy Code. Section 101(5) defines a claim as a right to payment which would include both pre- and post-petition liabilities. Section 10.5 of the Plan says that no interest shall accrue or be paid on any Claim or any Disputed Claim. Penalty

2

and interest on post-petition tax claims are administrative expenses entitled to the same priority as the underlying tax. "[T]he government is entitled to a first priority expense of the bankruptcy estate to full payment of the taxes claimed, the penalties for failure to pay them on time, and interest from the date that it accrued." *See* In re Friendship College, Inc., 737 F.2d 430, 433 (4th Cir. 1984). *See also* In re Weinstein, 272 F.3d 39 (1st Cir. 2001), In re Mort Hall Acquisition, Inc., 181 B.R. 860, 865 (Bankr. S.D. Tex. 1994), In re Flo Lizer, Inc., 916 F.2d 363 (6th Cir. 1990), In re Mark Anthony Constr., Inc., 886 F.2d 1101, 1102 (9th Cir. 1989), and In re Allied Mechanical Servs., Inc., 885 F.2d 837, 839 (11th Cir. 1989). To the extent there is any delay in Debtor's reporting or payment of post-petition taxes to the Texas Comptroller, the Texas Comptroller is entitled to all tax, penalty and interest accrued from the date of the delinquency to the date of final payment, as an administrative expense of the estate.

WHEREFORE, unless Debtors takes steps to resolve the above objections, the Texas Comptroller requests the Court deny confirmation and grant such other relief to which the Texas Comptroller is entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**RACHEL R. OBALDO**
Chief for Bankruptcy & Collections Division

*/s/ Kimberly A. Walsh*
**KIMBERLY A. WALSH**
Assistant Attorney General
Texas State Bar No. 24039230
Southern District of Texas Bar No. 36315

Office of the Attorney General
Bankruptcy & Collections Division
P. O. Box 12548, Capitol Station
Austin, TX 78711-2548
Telephone: (512) 475-4863
Facsimile: (512) 936-1409
kimberly.walsh@oag.texas.gov

**ATTORNEYS FOR THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS**

**CERTIFICATE OF SERVICE**

I certify that on March 7, 2024, a true copy of the foregoing was served by the method and on the following parties as indicated:

By First Class Mail:

Free Speech Systems LLC
3019 Alvin Devane Blvd. Ste. 300
Austin, TX 78741

By Electronic Mean as listed on the Court's ECF Noticing System:

- **Raymond William Battaglia** rbattaglialaw@outlook.com, rwbresolve@gmail.com
- **Joseph S.U. Bodoff** jbodoff@rubinrudman.com
- **Marty L Brimmage** mbrimmage@akingump.com, lmonreal@akingump.com;bkemp@akingump.com;apraestholm@akingump.com;txdocketing@akingump.com
- **Annie E Catmull** aecatmull@o-w-law.com, aecatmull@ecf.courtdrive.com,llumtacae@gmail.com
- **Ryan E Chapple** rchapple@cstrial.com, aprentice@cstrial.com;corozco@cstrial.com
- **Walter J Cicack** wcicack@hcgllp.com, mallen@hcgllp.com
- **Vickie L Driver** Vickie.Driver@crowedunlevy.com, elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com
- **Christopher Dylla** Christopher.Dylla@azag.gov
- **Elyse M Farrow** EFarrow@HaseldenFarrow.com, elysefarrow@gmail.com
- **Bennett Greg Fisher** Bennett.Fisher@lewisbrisbois.com, amber.kaiser@lewisbrisbois.com;audrey.bridges@lewisbrisbois.com;jann.pigg@lewisbrisbois.com;maria.brito@lewisbrisbois.com;daniel.david@lewisbrisbois.com
- **Elizabeth Carol Freeman** liz@lizfreemanlaw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net
- **Jennifer Jaye Hardy** jhardy2@willkie.com, mao@willkie.com
- **Melissa A Haselden** mhaselden@haseldenfarrow.com, haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;haselden.melissaa.r104367@notify.bestcase.com
- **Melissa Anne Haselden** mhaselden@haseldenfarrow.com, haseldenbankruptcy@gmail.com,haselden.melissaa.r104367@notify.bestcase.com
- **Shelby A Jordan** cmadden@jhwclaw.com
- **Kyung Shik Lee** kslee50@gmail.com, Courtnotices@kasowitz.com
- **Stephen Wayne Lemmon** lemmon@slollp.com, mates@slollp.com
- **Patrick Michael Lynch** plynch@qslwm.com, jtownzen@qslwm.com
- **John D Malone** myra@johnmalonepc.com, myra@johnmalonepc.com
- **Jarrod B. Martin** jarrod.martin@chamberlainlaw.com, Lara.Coleman@chamberlainlaw.com;atty_jmartin@bluestylus.com;valerie.herrera@chamberlainlaw.com
- **Harold N May** hap.may@may-firm.com
- **Avi Moshenberg** avi.moshenberg@mhllp.com, monica.rodriguez@mhllp.com

- **Ha Minh Nguyen** ha.nguyen@usdoj.gov
- **Johnie J Patterson** wandp.ecf@gmail.com;WalkerPatterson@jubileebk.net;wp@ecf.courtdrive.com
- **Bradley J. Reeves** bradley.reeves@pillsburylaw.com
- **Federico Andino Reynal** areynal@frlaw.us
- **Michael P Ridulfo** mridulfo@krcl.com, rcoles@krcl.com
- **Stephen A Roberts** sroberts@srobertslawfirm.com, 1222805420@filings.docketbird.com
- **Jayson B. Ruff** jayson.b.ruff@usdoj.gov
- **R. J. Shannon** rshannon@shannonleellp.com, rshannon@shannonleellp.com;7044075420@filings.docketbird.com
- **Jason Starks** bkecf@traviscountytx.gov
- **Christina Walton Stephenson** Crissie.Stephenson@crowedunlevy.com, elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com
- **US Trustee** USTPRegion07.HU.ECF@USDOJ.GOV
- **Jennifer F Wertz** jwertz@jw.com, kgradney@jw.com;jpupo@jw.com;steso@jw.com;dduhon@jw.com

*/s/ Kimberly A. Walsh*
**KIMBERLY A. WALSH**