IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FREE SPEECH SYSTEMS LLC, | ) | Case No. 22-60043 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**AMENDED DECLARATION OF ELIZABETH FREEMAN IN SUPPORT
OF THE APPLICATION TO RETAIN THE LAW OFFICE OF LIZ
FREEMAN, PLLC AS CO-COUNSEL FOR THE SUBCHAPTER V TRUSTEE**

The undersigned proposed attorney for the above-captioned debtor and debtor-in-possession submits this verified statement of disinterestedness pursuant to Bankruptcy Rule 2014(a).

1. My name is Elizabeth Freeman. I am over the age of 18 years, I am competent to make this declaration, and I have personal knowledge of the facts stated herein. Each and every statement contained herein is true and correct.

2. I am an attorney admitted to practice in the State of Texas and in this Court.

3. I am a member of The Law Office of Liz Freeman, PLLC (the "Firm"). The Firm's mailing address is PO Box 61209, Houston, TX 77208-1209. The Firm's telephone number is 832-779-3580. My e-mail address is liz@lizfreemanlaw.com.

4. In conjunction with the Trustee's retention of the Firm, I searched of the Firm's conflict system for each of the Debtor, the Debtor's creditors, affiliates, and insiders, principals of the Debtor, officers and directors of the Debtors (the "Potential Parties in Interest").

5. The Firm may represent other affiliates whose identities and affiliation did not show up on the conflicts system. It is possible that there are creditors whom the Debtor did not identify

**PQPR-7**

in their records that are clients of the Firm. I did not find that I nor my Firm had connections with the Debtor, its creditors and their current and former officers, directors, and professionals.

6. The Firm was sent $100,000 from FSS on December 22, 2023. An additional $50,000 was sent to the Firm by FSS on January 26, 2024. These Funds were deposited into and remain in the Firm's IOLTA account. The Firm has not been paid for any work in this case.

### A. The Firm's Prior Relationship to the Trustee

6. My prior firm, Jackson Walker, LLP and the Trustee entered into the Engagement on October 11, 2022. Jackson Walker continues to be engaged by the Trustee. I am primary counsel for the Trustee. Jackson Walker assists the Trustee on discovery matters related to the Trustee's investigation. The two firms are careful to avoid duplication of effort. The Firm does not bill the estate for discovery work addressed by Jackson Walker. The Firm does utilize the information and materials obtained in discovery in preparation of the Trustee's investigation reports.

7. The Firm has no other representation of the Trustee. The Trustee and I have known one another for a number of years and have worked on matters as opposing counsel and also as counsel representing parties with common interests. On occasion, I refer potential clients to the Trustee.

### B. Current Clients of the Firm that are Creditors of the Debtor

8. The Firm does not represent entities or affiliates of creditors of the Debtor.

### C. Creditors of the Debtor that are Adverse to the Firm's Clients

8. The Firm did not find that it represents, or has represented in the past, clients that are adverse or potentially adverse to creditors (or affiliates of creditors) of the Debtor.

### D. The Firm's Connections with the Debtor, Officers, and Professionals

2

PQPR-7

9. Neither I nor the Firm have had any connection with the Debtor, insiders or affiliates of the Debtor, the Debtor's creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the Office of the United States Trustee. I believe that the Firm and I am a are disinterested persons within the meaning of 11 U.S.C. § 101(14), to the best of my knowledge.

### E. Statement Regarding United States Trustee Guidelines

10. The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.

11. The Firm will periodically review both the changes in identifiable parties in interest of the Debtor and clients of the Firm as such information becomes available or relevant. I will update this disclosure as appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed February 1, 2024

/s/ *Elizabeth C. Freeman*
Elizabeth C. Freeman

PQPR-7

## Schedule 1

### Schedule of Searched Parties/Terms

Elevated Solution
Free Speech
Greenair
Christopher Sadowski
Copycat Legal
Edgecast
Atomial
Ready Alliance
Cloudfare
Getty Images
Jacquelyn Blott
RatsMed
Rapid Med
Joel Skousen
David Icke
Icke Book
Ickonic
Commerce Con
WWCR
Paul Watson
JW JIB
Brennan Gilmore
Civil Rights Clinic
CustomTattoo
AT&T
Justin Lair
PQPR
David Ross Jones
Carol Jones
Ally Bank
Wisconsin Department
Texas Comptroller
American Express
Shelby Jordan
Vickie Driver
Travis County
Security Bank of Crawford
Reeves Law
Sweetwater Holdings
Patrick McGill
Reynal
ADP
Cicak
Richard Coan
Alex Woolverton
Stephen Lemmon
Melissa Haselden
Anthony Gucciardi
Aurium
Patrick Riley
Blue Ascension
Neil Heslin
Scarlett Lewis
Leonard Pozner
Veronique De La Rosa
Marcel Fontaine
David Wheeler
Francine Wheeler
Jacqueline Barden
Mark Barden
Nicole Hockley
Ian Hockley
Jennifer Hensel
Donna Soto
Carlee Soto Parisi
Carlos M. Soto
Jillian Soto-Marino
William Aldenberg
William Sherlach
Robert Parker
Joey Delassio
Elevated Solutions
Ray Battaglia
Bradley Reeves
Amex
Texas Comptroller
Jason Ruff
Ha Nguyen
Ally Bank
AIS Portfolio