## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **FREE SPEECH SYSTEMS, LLC,** | § | |
| | § | **Case No. 22-60043 (CML)** |
| Debtor. | § | |

### PQPR HOLDINGS LIMITED, LLC'S RESPONSE AND OBJECTION TO EMERGENCY MOTION OF THE LAW OFFICE OF RAY BATTAGLIA, PLLC, TO WITHDRAW AS COUNSEL FOR FREE SPEECH SYSTEMS, LLC
### [DOCKET 830]

PQPR Holdings Limited, LLC ("PQPR"), secured creditor and party in interest, respectfully submits this Response and Objection to Emergency Motion to Withdraw [Docket No. 830] as follows:

### I.    OVERVIEW

1.    Ray Battaglia has ably and honestly represented Debtor Free Speech Systems LLC ("FSS") since the petition date.  On behalf of the estate, he has dealt fairly with all estate constituents. For inexplicable reasons Patrick Magill, the Chief Restructuring Officer (the "CRO") refused to talk to Mr. Battaglia for extended periods of time, including at crucial points in the case.  Mr. Magill even instructed Mr. Battaglia that he has no authority to attend settlement conferences, let alone negotiate on behalf of FSS, including routine decisions like extending a deadline, and to not work towards a consensual resolution of plan confirmation issues or to seek consensual disputes of pending contested matters before the Court. These highly unusual actions by the CRO appear contrary to the fiduciary duties of Debtor's counsel in a Chapter 11 case. Mr. Battaglia has been and still is essential to the reorganization efforts.  There is no real

reason to replace Mr. Battaglia.  His absence from the case will set back the reorganization efforts by many months if not an additional year.  The facts speak more than anything else to management issues.  Replacing Mr. Battaglia will exacerbate rather than solve those management issues.

## II.    BACKGROUND FACTS

2.    This case commenced with the filing of a Chapter 11 Petition on July 29, 2022.  Since before that time, Ray Battaglia has served as debtor's counsel.  Mr. Battaglia has performed exemplary services.  Mr. Battaglia is an experienced debtor's lawyer known for his integrity.  He is familiar with all aspects of reorganization cases and associated bankruptcy litigation.

3.    Patrick Magill was appointed as Chief Restructuring Officer of the debtor on October 13, 2022.  Mr. Magill serves as the chief office of the debtor but is not a manager of the debtor entity. That manager role was expressly reserved to Alex Jones after the US Trustee's office strongly suggested that Mr. Jones retain the manager role.  Mr. Magill is the primary contact for retained counsel.  Mr. Magill has extensive experience working with Melissa Haselden, the Subchapter V Trustee.  Mr. Magill has promptly paid Ms. Haselden and other professionals in the case, but has withheld payment from Mr. Battaglia, apparently to punish him for engaging in plan and litigation settlement discussions with various creditors (though Mr. Battaglia informed Mr. Magill of the discussions well in advance).  Mr. Magill has similarly refused to pay trial counsel currently involved in defending the company in litigation which is not stayed.

4.      Mr. Magill refused to speak to Mr. Battaglia for weeks.  Mr. Battaglia was forced to communicate with Mr. Magill by e mail. Even then, Mr. Magill was largely uncommunicative.

5.      Needless to say, a primary responsibility of a CRO is to communicate with counsel.

6.      Moreover, Mr. Magill has refused to evaluate the financial issues involved in litigation, even though he claims to be involved in the litigation which is based on those financial issues.  He has refused to engage in discussions regarding settlement of plan objections and related litigation. The reasons for Mr. Magill's failure to engage (despite repeated efforts to have him engage) are unknown to PQPR.

7.      PQPR does not dispute the factual allegations in Mr. Battaglia's motion to withdraw.  As to the response filed by the debtor, it appears to really be a response from the CRO and not the debtor.  It appears to be riddled with inaccuracies.

### III.     THIS COURT SHOULD DENY THE MOTION TO WITHDRAW AND ORDER THAT COUNSEL BE PAID

8.      Mr. Battaglia is not the problem. He knows his duties and has done a great job on behalf of the estate.  For some reason, Mr. Magill has determined to make Mr. Battaglia's life as hard as possible. There is no excuse for Mr. Magill paying himself and others while not paying Mr. Battaglia.  There is no excuse for Mr. Magill refusing to engage in crucial settlement negotiations, let alone punishing counsel for doing his job. The facts are troubling, and it is hard to not draw the conclusion that Mr. Magill is not behaving in the best interests of the estate or acting as all parties and the Court should expect an estate-retained professional to act. By Motion filed concurrently with this

response, PQPR suggests that the Court Order the appointment of an examiner with special powers to take over strategic legal decisions and settlement negotiations relative to the reorganization efforts in this case or alternatively to convert this case to Chapter 7. Working with an examiner with special powers, Mr. Magill could remain in his business role unrelated to the plan and litigation efforts.

WHEREFORE, PQPR respectfully requests that the Court deny the Motion to Withdraw, enter an order that counsel be paid, and grant such other relief as is just and proper.


Dated:  March 7, 2024                    Respectfully submitted,

By: */s/ Stephen W. Lemmon*
Stephen W. Lemmon
Texas Bar. No. 12194500
STREUSAND, LANDON, OZBURN
   & LEMMON, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
lemmon@slollp.com

**ATTORNEYS FOR**
**PQPR HOLDINGS LIMITED, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2024, a true and correct copy of the foregoing instrument has been served on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Stephen W. Lemmon*
Stephen W. Lemmon