IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-60043 |
| | § | |
| FREE SPEECH SYSTEMS, LLC | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtor. | § | |
| | § | |

**JONES' RESPONSE AND OBJECTION TO (I) DEBTOR'S RESPONSE TO THE EMERGENCY MOTION OF THE LAW OFFICES OF RAY BATTAGLIA, PLLC TO WITHDRAW AS COUNSEL FOR FREE SPEECH SYSTEMS, LLC, (II) DEBTOR'S AMENDED EMERGENCY APPLICATION TO EMPLOY HAROLD "HAP" MAY AS COUNSEL, (III) EMERGENCY MOTION OF THE LAW OFFICES OF RAY BATTAGLIA, PLLC TO WITHDRAW AS COUNSEL FOR FREE SPEECH SYSTEMS, LLC, AND (IV) DEBTOR'S EMERGENCY APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY O'CONNORWECHSLER, PLLC AS BANKRUPTCY COUNSEL AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Alexander E. Jones ("Jones"), as creditor and party in interest in the above-referenced Chapter 11 case, files this *Response and Objection* (the "Response") *to Debtor's Response to the Emergency Motion of the Law Offices of Ray Battaglia, PLLC to Withdraw as Counsel for Free Speech Systems, LLC, (II) Debtor's Amended Emergency Application to Employ Harold "Hap" May as Counsel (III) Emergency Motion of the Law Offices of Ray Battaglia, PLLC to Withdraw as Counsel for Free Speech Systems, LLC, and (IV) Debtor's Emergency Application for Entry of an Order (I) Authorizing the Debtors to Retain and Employ O'ConnorWechsler, PLLC as Bankruptcy Counsel and (II) Granting Related Relief* (collectively, the "Pleadings") and respectfully states as follows:

**INTRODUCTION**

1. On July 29, 2022 (the "Petition Date"), Free Speech Systems, LLC (the "Debtor" or "FSS") commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (the "Case") with the Court.

2. On February 12, 2024, the Debtor filed its *Amended Emergency Application for Entry of an Order Authorizing the Debtor to Retain and Employ Harold "Hap" May, PC as Co-Counsel* [Doc. No. 809] (the "May Application") in order to proceed with litigation related matters as soon as possible in order to prepare for and prosecute confirmation of the Debtor's plan.

3. On February 29, 2024, Ray Battaglia, PLLC filed its *Emergency Motion of the Law Offices of Ray Battaglia, PLLC, to Withdraw as Counsel for Free Speech Systems, LLC* [Doc. No. 830] (the "Withdrawal Motion") to withdraw from representation for the Debtor in this case and all related adversary proceedings.

4. On March 5, 2024, O'ConnorWechsler, PLLC filed its *Debtor's Emergency Application for Entry of an Order (I) Authorizing the Debtors to Retain and Employ O'ConnorWechsler, PLLC as Bankruptcy Counsel and (II) Granting Related Relief* [Doc. No. 835] (the "O'ConnorWechsler Application") to represent the Debtor in this case as general bankruptcy counsel and to assist with related litigation.

5. On March 5, 2024, O'ConnorWechsler, PLLC, ostensibly on behalf of the Debtor, filed *Debtor's Response to the Emergency Motion of the Law Offices of Ray Battaglia, PLLC to Withdraw as Counsel for Free Speech Systems, LLC* [Doc. No. 836] (the "FSS Response").

6. A Second Amended Agreed Scheduling Order for Confirmation Hearing was entered on March 5, 2024 [Doc. No. 624 in the Jones Case No. 22-33553], continuing the Confirmation Hearing out to the week of May 21-22, 2024. It is presumed, as the Court indicated

that it wanted the Jones and FSS confirmation hearings to be conducted together, that the FSS confirmation hearing will also be continued to that setting.

## OBJECTION

7. Jones files this Response to object to certain matters misstated in the Pleadings, as well as to give the Court an understanding of his position as to the matters stated therein.

8. Initially, Jones is still the 100% owner and manager of FSS. In the *Order (A) Authorizing Employment of Patrick Magill as Chief Restructuring Officer, (B) Authorizing Employment of Staff of Magill PC in Discharge of Duties as Chief Restructuring Officer, and (C) Granting Related Relief* [Doc. No. 239] (the "CRO Order"), it was made clear that the CRO is to report to the members of the Debtor, and that the CRO Order does not remove or displace any member of the Debtor under the FSS Company Agreement. Furthermore, the CRO Agreement states that the CRO would make operational decisions with consultation of current ownership, directed to maximizing the value of FSS.[1]

9. Notwithstanding the CRO's duties to work with Jones as the sole owner and manager of FSS, Jones was not consulted at any time regarding any of the proposed changes to the professional team of FSS. Instead, the proposed new professional team has taken a preemptive and completely unwarranted and unnecessary strike at Jones in the FSS Response, accusing him of being unreliable and unable to manage the affairs of FSS. While Jones would give proposed new counsel the benefit of the doubt, not having been involved in this case for very long, the CRO well knows that the CRO appointment in FSS was not due to any mismanagement on Jones' part. Jones agreed to the appointment of a CRO to help run things and restructure the business during this

---

[1] The second sentence of #9 "Notwithstanding the same, CRO shall be solely responsible for making all operational decisions." was struck by the CRO Order.

**Response and Objection – Page 3**

chapter 11 case.

10. The FSS Response also makes a convoluted reference to the pre-petition selection of FSS counsel and CRO and alludes to the fact that Jones and his professionals "hand-selected" them and their employment was not approved by the Court (¶4). As the manager and 100% owner of FSS, it would have been highly unusual for Jones to *not* be the person approving professionals' retention prior to the bankruptcy filing. This is another odd and pointless attempt to cast aspersions on Jones. Jones also agreed to the hiring of the current CRO, who appears to have escaped being tainted by Jones' approval.

11. Furthermore, Jones presumes that the "inappropriate use of FSS assets by Mr. Jones" that the FSS Response refers to in ¶5 is the Mountain Way deal, a matter that has already been thoroughly disclosed to the Court and all funds that were raised by Jones have been distributed as agreed. The CRO was well-aware of this deal well in advance of this disclosure, as it was discussed with him in meetings with Jones and his professionals. Reference to this issue now is completely inappropriate and unnecessary. It also seeks to infer, without cause, some bad behavior on the part of Jones, which is untrue and helps no one.

12. The FSS Response states that the CRO has attempted in good faith to negotiate with major constituencies in this case (¶6) and takes his responsibilities to this Court with the utmost seriousness (¶7). The FSS Response also states that the CRO's overarching concern has been for "speed." (¶18). However, the CRO has refused to allow Mr. Battaglia to participate in negotiations numerous times with major parties. This behavior is hardly "zeal" or "good faith." Furthermore, refusal to even negotiate or engage with other parties directly conflicts with a stated desire for "speed."

13. Jones does not deny that the CRO has made some operational changes that were

beneficial to FSS. However, these attacks on Jones and Mr. Battaglia are undeserved.

14. It is an understatement in the FSS Response to say that "Jones is undoubtedly important to both bankruptcy cases." FSS Response at ¶3. Jones is the human being in chapter 11 in his own case and it would be incongruous to state that Jones was not integral to the continuance of FSS as a going concern. Without Jones' active and willing participation, there is zero percent chance that FSS could reorganize and pay its creditors.

15. Turning to the FSS professionals, Jones believes that Mr. Battaglia has done a stellar job representing the interests of FSS and no delays that have occurred have been caused by him. With the case being so close to confirmation, it seems like a huge waste of resources to hire new counsel and have them have to get up to speed on all the numerous parties, the history, the issues. However, Jones would also not expect Mr. Battaglia to continue to work without being paid, nor can he continue to work if there cannot be a resurrection of the working relationship between he and the CRO.

16. Further, undersigned counsel must correct the misconception that Mr. Battaglia answered to Jones or his professionals. Mr. Battaglia has *never* confused his representation of the Debtor with Jones. In fact, Mr. Battaglia and Ms. Driver have disagreed mightily during the pendency of these cases. Jones further hasn't spoken with Mr. Battaglia without his own counsel in months. Ms. Driver and Mr. Jordan have witnessed Mr. Battaglia clarifying to Jones, that he represents FSS, not Jones. Disagreements need not lead to a breakdown in professional relationships; on the contrary, it is our professional duty to disagree, negotiate, and if no deal can be reached, bring it to this Court, all while maintaining a duty of candor and professionalism.

17. In addition, there are other responses to allegations contained in the Response that Jones is unable to include in this pleading without referring to redacted portions of the publicly

filed document. However, after reviewing the unredacted document, it is unclear the basis for the redactions, and they may leave the Court and the public with a misimpression of the facts. Because of the redactions, Jones will respond to those allegations in Court, if allowed.

18. The Pleadings also present inconsistencies from the FSS professionals, rendering them incapable of being approved as submitted. The May Application states that the May firm and Mr. Battaglia's firm agreed to a division of labor in the case (see ¶11), but upon information and belief, this was not accurate at the time and cannot be accurate now. Furthermore, the May Application seeks to have May responsible for the day to day management of the case, including all routine activities typical to the Chapter 11 case (¶12). The O'ConnorWechsler Application seeks employment as general bankruptcy counsel (¶12). While FSS states that the services to be provided by O'ConnorWechsler won't unnecessarily overlap and duplicate with the services of other professionals in the case, there is no explanation for any proposed division of duties or areas of representation between the May and O'ConnorWechsler firms. Until that division is made clear, neither application can be granted.

19. Jones also points the Court to the Declaration[2] filed by Ms. Catmull in support of her firm's Application. While undersigned counsel much appreciates the very detailed and fulsome nature of the disclosures, the Declaration reveals concerns.

20. First, Ms. Catmull discloses that she personally represents Mr. Randy Williams as a Chapter 7 Trustee in a current matter. Mr. Williams represents some of the Plaintiffs who have been very active in these cases and hold very adversarial positions to the Debtor and hold millions of dollars in judgments against the Debtor. In the event Mr. Williams is working on a contingency basis, he personally has a financial interest in this case, raising the issue of disinterestedness. The

---

[2] The Corrected version is filed at Docket No. 843

**Response and Objection – Page 6**

Declaration goes on to state that she has represented him in other matters. Given the emergency nature of the Application, undersigned counsel has not been able to conduct discovery on this issue. The Court should consider whether this issue needs further disclosure, or whether it rises to the level of precluding her firm's employment.

21. Second, between the filing of the O'ConnorWechsler firm's Application and the filing of this pleading, the Sub V Trustee, has filed to expand the powers of the CRO in this case to include unfettered rights for all matters related to the bankruptcy case.  While not facially inappropriate, the optics of the Sub V Trustee, a current and frequent client and personal friend of Ms. Catmull's, seeking to enhance the power of the CRO in this case, rather than maintaining neutrality, seem to exacerbate the already confusing accounts by Mr. Battaglia and the CRO of the breakdown in their relationship and potential additional confusion of to whom the O'ConnorWechsler firm would represent.  While reporting to the CRO is appropriate, it would be legally incorrect to confuse representing a CRO and a debtor for whom he owes a fiduciary duty. It is obvious this blurring of the lines must cease.

## RESERVATION OF RIGHTS

22. Jones reserves all rights and remedies with regard to the Pleadings identified herein, including without limitation, the right to amend, supplement or clarify this Response as allowed under applicable law.

WHEREFORE, Jones respectfully requests that the Court sustain his objections set forth herein and grant him such other and further relief as the Court may deem just and proper.

Dated: March 8, 2024

       Respectfully submitted,

       **CROWE & DUNLEVY, P.C.**

       By: */s/ Vickie L. Driver*
       Vickie L. Driver
       State Bar No. 24026886
       Christina W. Stephenson
       State Bar No. 24049535
       2525 McKinnon St., Suite 425
       Dallas, TX 75201
       Telephone: 737.218.6187
       Email: crissie.stephenson@crowedunlevy.com

       -and-

       Shelby A. Jordan
       State Bar No. 11016700
       S.D. No. 2195
       Antonio Ortiz
       State Bar No. 24074839
       S.D. No. 1127322
       **JORDAN & ORTIZ, P.C.**
       500 North Shoreline Blvd., Suite 900
       Corpus Christi, TX  78401
       Telephone: (361) 884-5678
       Facsimile:  (361) 888-5555
       Email:  sjordan@jhwclaw.com
              aortiz@jhwclaw.com
       Copy to: cmadden@jhwclaw.com

       **ATTORNEYS FOR DEBTOR**
       **ALEXANDER E. JONES**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties registered to receive notices via the Court's ECF noticing system, including the United States Trustee, on this 8th day of March 2024.

                                                                 */s/ Vickie L. Driver*
                                                                 Vickie L. Driver