**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | ) Case No. 22-60043 (CML) |
| Debtor. | ) |

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| Free Speech Systems LLC, | § § | Case No. 22-60043 (CML) |
| Debtor. | § | |

**PQPR HOLDINGS LIMITED, LLC'S OBJECTION TO DEBTOR'S AMENDED EMERGENCY APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY HAROLD "HAP" MAY, PC AS CO-COUNSEL**

PQPR Holdings Limited, LLC ("PQPR") files this Objection to the *Debtor's Amended Emergency Application for Entry of an Order Authorizing the Debtor to Retain and Employ Harold "Hap" May, PC as Co-Counsel* [Docket No. 809] (the "Application"). In support of the Objection, PQPR states as follows:

1. PQPR is a creditor secured by a perfected lien on virtually all assets of the Debtor, together with proceeds.

2. The Debtor, by and through this Application, seeks to enlarge Mr. May's role from tax consulting to various broad ranging roles, including the following: "strategizing with regards to the plan, addressing claims and causes of action, and prosecuting confirmation of the plan, and including assisting with the discovery process." *See* Page 3 ¶7 of the Application.

3. The Application fails to describe any reason for the emergency nature of the relief requested. The Debtor has already filed its Chapter 11 Plan and confirmation is pending, a hearing has been set for Monday, March 25, 2024. No apparent emergency exists.

4. No parties were consulted with respect to the Application.

5. Mr. May also requires a $50,000.00 post-petition retainer for this proposed new role in the case. No request for this additional use of cash collateral has been filed and it is not budgeted for in the approved Cash Collateral Orders.

6. PQPR has agreed to the use of cash collateral based upon the budgets provided by the Debtor and under multiple Court Orders entered in this case. PQPR was not consulted prior to the filing of the Application and would object to the use of its cash collateral if such authority is sought by the Debtor as both unfocused and repetitive of Mr. Battaglia's role in the case.

7. The Debtor is properly and capably represented by Mr. Battaglia, the Debtor's counsel.

8. The timelines in this case will not allow for additional counsel to be effective in relation to bringing Mr. May up to speed. Moreover, there is no division of labor described in the Application and all matters that are described are redundant to the Debtor's counsel's existing role.

WHEREFORE, PQPR prays that the Application is denied and grant any other and further relief PQPR may be entitled to as this Court deems just and proper.

Respectfully submitted,

*/s/ Stephen W. Lemmon*
Stephen W. Lemmon
Texas Bar. No. 12194500
STREUSAND, LANDON, OZBURN & LEMMON, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
lemmon@slollp.com

**ATTORNEYS FOR
PQPR HOLDINGS LIMITED, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2024, a true and correct copy of the foregoing instrument was served electronically on all parties registered to receive notice of filings in this case via the Courts ECF notification system.

　　　　　　　　　　　　　　　　　　*/s/ Stephen W. Lemmon*　　　　　
　　　　　　　　　　　　　　　　　　Stephen W. Lemmon