**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | ) Case No. 22-60043 (CML) |
| Debtor. | ) |

**EXHIBIT 6**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| **FREE SPEECH SYSTEMS, LLC** ) | |
| ) | Case No. 22-60043 |
| **Debtor** ) | |
| ) | |

**DEBTOR'S EMERGENCY APPLICATION FOR ENTRY OF AN ORDER (I)
AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY
O'CONNNORWECHSLER, PLLC AS BANKRUPTCY COUNSEL
AND (II) GRANTING RELATED RELIEF**

[Request for Hearing on or be March 11, 2024, at 3:00 p.m.]

---

Notice Pursuant to Local Rule 9013-1

APPLICANT HAS REQESTED A HEARING ON THIS MATTER BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ ON MARCH 11, 2024 AT 3:00 P.M. IN THE UNITED STATES BANKRUPTCY COURTROOM 403, 515 RUSK, HOUSTON, TEXAS 77002. PARTIES ARE AUTHORIZED TO APPEAR IN PERSON OR VIRTUALLY BY VIDEO AND TELEPHONE. PARTIES SHOULD CONSULT THE COURT'S WEBSITE FOR INSTRUCTION ON APPEARING IN COURT.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

---

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Free Speech Systems, LLC ("**FSS**" or "**Debtor**"), debtor and debtor in possession, files this *Application for Entry of an Order (I) Authorizing the Debtor to Retain and Employ O'ConnorWechsler, PLLC* as Bankruptcy Counsel effective March 1, 2024 (the "Application"), and in support thereof Debtor would respectfully show the Court as follows:

## SUMMARY OF APPLICATION

1. Debtor seeks to retain and employ O'ConnorWechsler, PLLC ("**OWPLLC**") as general bankruptcy counsel and to assist with related litigation. This representation includes all representation as to any requests for relief from the automatic stay, claim estimation, objections to claims, dismissal disputes, and other matters relative to the routine activities typical to the Chapter 11 case. Employment of OWPLLC is in the best interests of the Debtor's estate due to the skill sets of its attorneys; i.e., Annie Catmull's expertise in bankruptcy matters and Kathleen O'Connor's litigation skills.

## JURISDICTION

2. This Court has jurisdiction by virtue of 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (M).

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and (2) and 11 U.S.C. § 101(2)(A).

**BASIS FOR RELIEF**

4. The basis for the relief sought are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code") Rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the U.S. Bankruptcy Court for the Southern district of Texas (the "Local Rules").

**BACKGROUND**

A. **Overview of the Debtor**

5. On July 29, 2022 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a petition for relief under chapter 11, subchapter v, of the bankruptcy Code under the captioned case number.

6. The Debtor continues to operate its business and manage its assets as a debtor and debtor in possession pursuant to Bankruptcy Code sections 1108(a) and 1108 of the Bankruptcy Code..

7. On August 22, 2022, Melissa A. Haselden was appointed as Subchapter V Trustee in this case [Docket No. 22].

8. Debtor is a Texas limited liability company engaged as a media company. FSS also operates an online platform for the sale of books, nutritional supplements, coins and collectibles, long-term stored foods, and assorted t-shirts, bumper stickers and other miscellaneous items. FSS currently operates in Austin, Texas.

9. On September 20, 2022, the Court entered the Order Expanding the Subchapter V trustee's Duties Pursuant to 11 U.S.C. § 1183(b)(2) of the Bankruptcy Code [Docket No. 183].

3

10. The Debtor believes that the assistance of counsel is necessary and appropriate. Previous bankruptcy counsel, Raymond William Battaglia, has filed a motion seeking withdrawal as counsel for FSS. [ Docket No. 830].

11. The Debtor has filed its Chapter 11 Plan of Reorganization and amendment thereto. [Docket No. 756]. Currently, confirmation is scheduled for March 25, 2024.

## ENGAGEMENT OF PROPOSED COUNSEL

12. The Debtor proposes to engage OWPLLC to assist the Debtor with general bankruptcy matters and litigation matters, including matters related to the Sandy Hook Litigation, and related to the PQPR litigation assigned adversary proceeding no. 23-03127.

13. Ms. Catmull attended the S. J. Quinney College of Law at the University of Utah and graduated in 1995 and the same year the State of Texas licensed her to practice law. Ms. Catmull is employed (of counsel) by OWPLLC which maintains offices at 4400 Post Oak Parkway, Suite 2360, Houston, TX 77027. Ms. Catmull has extensive experience in chapter 11 bankruptcy cases, including litigation therein. A copy of Ms. Catmull's CV is attached hereto as **Exhibit A.**

14. A copy of the proposed engagement agreement and fee schedule between the Debtor and OWPLLC is attached hereto as **Exhibit B** (the "**Engagement Agreement**").

15. Ms. Catmull will be the person primarily responsible for this engagement. However, other attorneys at OWLLC, primarily Kathleen O'Connor, likely will provide additional services.

16. Ms. Catmull will charge an hourly rate of $500.00, which is her customary rate. Other professionals at OWPLLC may provide services to the Debtor. The names and hourly rates to be charged are as follows:

| Professional | Title | Rate |
|---|---|---|
| Kathleen O'Connor | Principal | $450 |
| Jeri Wechsler | Of Counsel | $350 |
| Paralegal services | Any OWPLLC attorney whose particular services are properly billed as paralegal, rather than attorney | Between $150 and $250 |

17. The hourly rates for these professionals are the customary 2024 rates charged by OWPLLC.

18. In connection with this representation, OWPLLC requires a retainer of $75,000.

19. Debtor believes that the attorneys at OWPLLC are well qualified to handle the matters described herein.

20. Debtor understands that the services to be provided by OWPLLC will not unnecessarily overlap and duplicate with the services of other professionals in this case. To prevent any overlap and duplication, Debtor will coordinate with OWPLLC and other professionals representing Debtor.

## DISINTERESTEDNESS

21. Ms. Catmull and OWPLLC have identified the following connections with other parties in interest or their counsel:

| Party in Interest or its Counsel | Connection |
|---|---|
| Melissa Haselden and HFPLLC | Melissa Hasleden is the Subchapter V Trustee in this FSS case.<br><br>First, between 2010 and 2017, Catmull worked with Ms. Haselden at Hoover Slovacek LLP's bankruptcy section then led by (now retired) Edward Rothberg.<br><br>Second, Ms. Haselden was the Subchapter V Trustee in the bankruptcy case[1] of Cypress Creek Emergency Medical Service, Inc., case no. 21-33733, in which Catmull represents the chapter |

---

[1] All bankruptcy cases mentioned herein are Southern District of TX cases unless otherwise indicted.

5

| Party in Interest or its Counsel | Connection |
|---|---|
| | 11 debtor, and the liquidating trustee (J. Patrick Magill, the CRO in the FSS case). This case is largely wound down.<br><br>Third, Ms. Haselden represents a non-debtor affiliate of the chapter 11 debtor, All Texas Electrical Contractors, Inc., case no. 20-34656, wherein Catmull represents the debtor. This case is largely winding down.<br><br>Fourth, Ms. Haselden and Catmull were co-counsel for the unsecured creditors committee, and now are co-counsel for the liquidating trustee, in the (largely wound down) chapter 11 bankruptcy case of John Daugherty Real Estate, case no. 20-31293.<br><br>Fifth, Catmull and OWPLLC represented Ms. Haselden and HFPLLC in discrete litigation in the chapter 11 bankruptcy case 11500 Space Center 21-32299. Post-confirmation, Catmull and OWPLLC also represented the debtor in a contested matter.<br><br>Sixth, Catmull represented the owner of the chapter 11 debtor known as Midway Oilfield Constructors, case no. 18-34567. Ms. Haselden (and at first, Hoover Slovacek, and later at HFPLLC) represented the debtor.<br><br>Seventh, Catmull and OWPLLC represent the owner of Burnside Services, Inc., a chapter 7 debtor in bankruptcy case no. 22-31458. Ms. Haselden and HFPLLC represent the debtor.<br><br>Eighth, Catmull and OWPLLC represented the chapter 11 debtor as co-counsel to Ms. Haselden and HFPLLC in the chapter 11 of United Engineers, bankruptcy case no. 23-33166.<br><br>Ninth, Catmull and Haselden occasionally consult one another in matters that are not public.<br><br>Tenth, Catmull considers Ms. Haselden, and her partner, Elysse Farrow, social friends. |
| J. Patrick Magill | Mr. Magill is the CRO for the debtor, FSS.<br><br>Mr. Magill, was also the court-appointed CRO in the bankruptcy case of Cypress Creek Emergency Medical Service, Inc., case no. 21-33733, in which Catmull represented the chapter 11 debtor. Mr. Magill is now the liquidating trustee in the case. |

Case 22-60043 Document 856 Filed in TXSB on 03/08/24 Page 7 of 14

| Party in Interest or its Counsel | Connection |
|---|---|
| Ha M. Nguyen and Jason B. Ruff | These individuals are identified as counsel for the U.S. Trustee and have appeared in this case. We have appeared in some of the same bankruptcy cases in the last few years. |
| Stephen Lemmon | Stephen Lemmon represents PQPR Holdings Ltd in the FSS bankruptcy case.<br><br>Ms. Catmull has known, and known of, Stephen Lemmon for at least 20 years. To her recollection, they have represented parties in the same cases in a Corpus Christi oil and gas case bankruptcy case in 2000, the bankruptcy case of Cody Smith, and, more recently, represented partially aligned parties in 2017 bankruptcy case of Advantage Energy Joint Venture, and a related bankruptcy case of the debtor's principal.<br><br>Ms. Catmull and Mr. Lemmon occasionally refer each other business. And as it happens, they attended the same high school, though during different years. |
| Vianey Garza | Ms. Garza is counsel for the U.S. Trustee who has not appeared in this case.<br><br>She joined Hoover Slovacek shortly after Catmull departed from that law firm. Also, in the past, for several years Catmull and Garza were board members and officers together for the Arthur-Moller Inn of Court.[2] Ms. Catmull considers her a friend. |
| Walter Cicack | Walter Cicack represents Cicack Holdings and Sweetwater Holdings in this case.<br><br>Ms. Catmull worked with Mr. Cicack for aligned parties in the 2015 bankruptcy case of Technicool Systems (and related litigation) Ms. Catmull and Mr. Cicack represented adverse parties in the 2017 bankruptcy case of Advantage Energy Joint Venture, and a related bankruptcy case of the debtor's principal.<br><br>Ms. Catmull and Mr. Cicack sometimes refer each other work. |
| Federico Andino Reynal | Mr. Reynal is litigation counsel for Alex Jones and FSS.<br><br>Approximately 2015, Ms. Catmull represented the debtor in the bankruptcy case of Mud King. Mr. Reynal represented partially aligned parties. Since that time, Ms. Catmull and Mr. Reynal have occasionally worked together on cases (including the |

---

[2] Ms. Haselden and other bankruptcy attorneys in this case have been and may still be members of the Arthur Moller Inn of Court, and Ms. Haselden at one time was a board member.

7

| Party in Interest or its Counsel | Connection |
|---|---|
|  | Courtland Energy bankruptcy case), and referred each other potential business. Ms. Catmull has also informally assisted Mr. Reynal (and assisted through professional relationships) in connection with a claim of less than $20,000 in a Delaware bankruptcy.<br><br>In addition, before and after FSS' bankruptcy filing, Ms. Catmull and Mr. Reynal have had brief conversations about Alex Jones related litigation. In preparing for the application process, it occurred to Ms. Catmull that one call included an out-of-state attorney who Mr. Reynal advised represents Alex Jones. The undersigned does not recall his name but allows that it may have been Norm Pattis. |
| Shelby Jordan | Shelby Jordan represents Alex Jones.<br><br>During 1999 through approximately July of 2021, Ms. Catmull was employed by Shelby Jordan's Corpus Christi law firm, Jordan Hyden Womble. Mr. Jordan is Alex Jones' counsel. |
| Ray Battaglia | Ms. Catmull has known or known of, though not well, Mr. Battaglia for at least 20 years. He assisted her with a Western District subpoena project several years ago in a litigation matter. |
| Kyung Lee | Kyung Lee and his law firm were the original proposed counsel for FSS. Ms. Catmull has known, and known of, Mr. Lee for at least 20 years. They have been in a few bankruptcy cases together.<br><br>Ms. Catmull had occasion to interact Mr. Lee (in 2021) during OWPLLC's representation of W. Marc Schwartz, in his capacity as a receiver appointed by the Judicial District Court of Harris County, TX, including in the bankruptcy cases of Massood Danesh Pajooh, U.S. Capital Investments, and County Investments LP. |
| W Marc Schwartz | Ms. Catmull represented W. Marc Schwartz, in his capacity as a receiver appointed by the Judicial District Court of Harris County, TX, including in the bankruptcy cases of Massood Danesh Pajooh, U.S. Capital Investments, and County Investments LP. |
| Mike Ridulfo | Mike Ridulfo appeared by W. Marc Schwartz in this case.<br><br>Ms. Catmull has known Mike Ridulfo since approximately 1998 back when she was practicing law in Corpus Christi. They have been in many cases together. |
| Marty Brimmage and the attorneys in this case | Marty Brimmage and his law firm represent the committee in a complex case pending before Judge Marvin Isgur, wherein a |

| Party in Interest or its Counsel | Connection |
|---|---|
| employed by Akin Gump Strauss Hauer & Feld LLP | chapter 11 plan has been recently confirmed. OWPLLC is local counsel to the future claimants' representative in that case. |
| Randy Willaims | Randy Williams represents David Wheeler, et al, that is, multiple Sandy Hook plaintiffs.<br><br>In the past Annie Catmull has represented Randy Williams, in his capacity as chapter 7 trustee, in a handful of matters.<br><br>OWPLLC and Catmull currently represents Randy Williams as the chapter 7 trustee of Gulfstream Trucking, LLC. |

Debtor does not believe that these connections create an adverse relationship with respect to its estate.

22. In compliance with 11 U.S.C. §327(a) and Rule 2014, Ms. Catmull and OWPLLC have attached the declaration of Annie Catmull (the **"Catmull Declaration"**) as **Exhibit C**, detailing the foregoing connections with the Debtor and other parties in interest. Based upon the Catmull Declaration and Debtor's knowledge, Ms. Catmull and OWPLLC do not represent any interest adverse to Debtor, its estate, creditors, equity holders, or affiliates in the matters upon which Ms. Catmull and OWPLLC are to be engaged and are a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required by § 327(a) of the Bankruptcy Code. Likewise, they are disinterested persons under §327(e), if applicable.

23. Debtor believes that the above-discussed connections are not sufficient to prohibit employment of Ms. Catmull and OWPLLC as bankruptcy counsel for the Debtor's estate. Further, if Ms. Catmull and OWPLLC discover any information not disclosed herein or in the Declaration, then Ms. Catmull and OWPLLC will file a supplemental disclosure with the Court.

24. No previous application for the relief requested herein has been made in this case.

## LEGAL BASIS

25. Courts routinely approve the employment of consultants and professionals. *See In re Logix Communications*, Case No. 02-32105-H5-11 (Bankr. S.D. Tex.); *In re American Homestar*, Case No. 01-80017-G3-11 (Bankr. S.D. Tex.); *In re Perry Gas Companies, Inc.*, 00-37884-H5-11 (Bankr. S.D. Tex.); *In re American Rice*, Case No. 98-21254-C-11 (Bankr. S.D. Tex.).

26. Retention of professionals is specifically provided for in the Bankruptcy Code. "[T]he trustee, with the court's approval, may employ one or more . . . other professional persons that do not hold an interest adverse to the estate ...." 11 U.S.C. §327(a). Such professionals must be "disinterested persons" as that term is defined in the Code.

27. Further, section 328(a) provides, in part, that the debtor "…with the court's approval, may employ or authorize the employment of a professional person under section . . . 1103 of this title . . . on any reasonable terms and conditions of employment …." 11 U.S.C. § 328(a). Of course, under section 328(a), the proposed compensation remains reviewable by the Court "if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time" this Application is approved. *Id.*

28. As set forth in the Declaration, Ms. Catmull and OWPLLC and its employees are disinterested persons as contemplated by 11 U.S.C. § 327(a) and §327(e) (if applicable). Any connections between Debtor and Ms. Catmull and OWPLLC do not create a materially adverse interest to Debtor's bankruptcy estate or any class of creditors or security equity holders. These connections, as such, do not preclude employment of Ms. Catmull and OWPLLC in this matter. Moreover, OWPLLC's proficiency in litigation will benefit the Debtor's estate. Exhibit A hereto lists a sample of first chair bankruptcy trials handled by Ms. Catmull. Also, OWPLLC's principal, Kathleen O'Connor, is a member of the American Board of Trial Advocates, an invitation-only

10

national association of experienced trial lawyers and judges. She has taken 30 jury trials to verdict (civil and criminal), over 21 bench trials to verdict (criminal and civil). She has experience litigating in Bankruptcy Court.

29. Additionally, Debtor asserts that the proposed compensation Ms. Catmull and OWPLLC as set forth above and in the Engagement Agreement is both reasonable and well within the range of fees and commissions typically paid to litigation counsel in connection with matters similar to those contemplated in this instance.

30. For the foregoing reasons, Debtor asserts that employment of Ms. Catmull and OWPLLC on such terms and conditions is in the best interest of all parties in interest in these cases. Therefore, approval of Ms. Catmull and OWPLLC's compensation under section 328(a) of the Bankruptcy Code is appropriate.

31. Based on the foregoing, Debtor requests approval of the retention of Ms. Catmull and OWPLLC as counsel for the Debtor.

## Reimbursement of Expenses

32. Ms. Catmull and OWPLLC informed Debtor that disbursements for expenses are not included in the Firm's hourly rates and will be separately billed as expenses of this proposed engagement. A table demonstrating the expenses is below. Subject to the limitations set forth in General Order 2001-2, Ms. Catmull and OWPLLC will charge the actual cost of these expenses in a manner and at rates consistent with charges made to Ms. Catmull and OWPLLC's other clients.

| Client Expenses | Hourly Rate |
| --- | --- |
| Deliveries & Couriers | At Cost |
| Travel, Lodging and Meals* | At Cost (No charge for travel) |
| Filing Fees & Misc. Expenses | At Cost |
| Contract professionals | At Cost |

11

Expenses will be billed at the rates listed below in accordance with normal and customary billing practices.

33. Based on the foregoing, Debtor submits that the retention of Ms. Catmull and OWPLLC is in the best interests of the Debtor's estate.

### Certificate of Emergency Circumstances

34. The Debtor's current counsel has filed a motion to withdraw set for hearing on March 11, 2024. Debtor must have counsel to proceed with plan confirmation.

### Prayer

WHEREFORE, the Debtor respectfully requests that the Court enter an Order authorizing employment of Ms. Catmull and OWPLLC on the terms set forth herein and in the Engagement Agreement and grant such other relief as is just.

DATED: March 5, 2024

Respectfully submitted,

O'CONNORWECHSLER PLLC
By: */s/ Annie Catmull*
Annie E. Catmull
State Bar No. 00794932
aecatmull@o-w-law.com
Kathleen A. O'Connor
State Bar. No. 00793468
4400 Post Oak Plaza, Suite 2360
Houston, Texas 77027
Telephone: (281) 814-5977

PROPOSED COUNSEL FOR FREE SPEECH SOLUTIONS, LLC

12

## CERTIFICATE OF SERVICE

      I certify that on the March 5, 2024, a copy of the foregoing *Debtor's Application for Entry of an Order (I) Authorizing the Debtors to Retain and Employ O'ConnorWechsler, PLLC as Counsel* was served to the parties listed below by the Court's ECF notification system.

      By: */s/ Annie Catmull*
      ANNIE CATMULL