**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | ) Case No. 22-60043 (CML) |
| Debtor. | ) |

# EXHIBIT 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | Case No. 22-60043 |
| | § | |
| Debtor. | § | |

**DEBTOR'S EMERGENCY MOTION TO FILE UNDER SEAL AN UNREDACTED VERSION OF THE REDACTED FILING AT ECF # 836, DEBTOR'S RESPONSE TO THE MOTION TO WITHDRAW OF COUNSEL ASSIGNED ECF # 830, UNOPPOSED BY MOVANT**
**[Relief Requested on or by March 11, 2024 at 9:00 a.m.]**
[Relates to ECF #s 830 and 836]

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

The Debtor respectfully shows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1, 9013-1, and 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## RELEVANT BACKGROUND

4. On July 22, 2022, (the "Petition Date"), Free Speech Systems (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On September 20, 2022, the Court entered an order approving Debtor's employment of Ray Battaglia as counsel to the Debtor. ECF # 180.

6. On October 13, 2024, the Court entered an order appointing J. Patrick Magill the chief restructuring officer of the Debtor. ECF # 239.

7. On February 29, 2024, Ray Battaglia filed a motion to withdraw as counsel citing deterioration of his relationship with the CRO. ECF # 830. The Debtor does not oppose withdrawal and, through the undersigned, is working on the terms of an agreed order approving the withdrawal.

8. On March 5, 2024, FSS filed a partially redacted response to ECF # 830. The response makes clear that there is no opposition to withdrawal. However, the response addresses certain allegations that, if left unaddressed, might leave the Court with a misimpression regarding management and the status of negotiations.

9. The problem is that the motion describes communications between the CRO and movant in a manner that violates Rule 1.05 of the Texas Rules of Professional Ethics. To respond to those allegations, FSS must discuss the same confidential communications. FSS, therefore, filed a partially redacted response. See ECF # 830. For these reasons, the Debtor brings this

2

motion asking that the Court allow FSS to file under seal an unredacted version of the response at ECF # 830.

### CERTIFICATE OF SERVICE OF UNREDACTED VERSION OF ECF # 836 TO INTERESTED PARTIES WHO HAVE AGREED TO KEEP INFORMATION CONFIDENTIAL

10. I certify that the following parties have been emailed unredacted versions of the document at ECF # 836: (i) Ray Battaglia, (ii) Ha Nguyen, attorney for the U.S, Trustee, (iii) bankruptcy counsel for Alex Jones, Vicky Driver, (iv) counsel for PQPR, Stephen Lemmon, counsel for the Texas plaintiffs, Jen Hardy, and (v) counsel for the Connecticut plaintiffs, Kyle Kimpler, (vi) the Subchapter V Trustee, Melissa Haselden, and (vii) counsel for the Subchapter V Trustee, Elizabeth Freeman.

### CERTIFICATE OF EMERGENCY CIRCUMSTANCES

11. The undersigned certifies that the reason for the emergency request is that the Court is set to take up the withdrawal motion assigned #ECF 830 on March 11, 2024.

### CERTIFICATE OF CONFERENCE

12. The undersigned has conferred with Mr. Battaglia. He does not agree that Rule 1.05 has been violated. Reasonable people disagree. He advises, however, that he does not oppose the relief sought herein. (Also, the response at ECF # 836 indicates that Mr. Battaglia has been personal counsel for Mr. Jones in more than one prior matter. Mr. Battaglia has indicated that it was only one matter. Apologies to the Court and Mr. Battaglia for the error.)

### AUTHORITY AND ARGUMENT

13. The Bankruptcy Code provides strong support for redacting confidential information. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment

3

that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code authorizes courts to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b)(1). *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is ***required*** to protect such an entity on request of a party in interest.") (emphasis in original). Although section 107(b) of the Bankruptcy Code is an exception to the general rule, its application in a bankruptcy proceeding is appropriate. *Id.* at 654 ("[T]he very existence of the exception demonstrates Congress' anticipation that the administration of bankruptcy cases might, by their very nature, require special intervention to protect some kinds of information from dissemination to the world.").

14. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

> On motion or on its own initiative, with or , the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . .

Fed. R. Bankr. P. 9018. Additionally, Bankruptcy Local Rule 9037-1 provides, in relevant part, that:

4

> [a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal.

15. If the Court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d. Cir. 1994) (emphasis in original). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Orion*, 21 F.3d at 28; *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).

16. A party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Orion*, 21 F.3d at 28. Significantly, commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Nor is the term "commercial information" limited to information that will give an entity's competitors an unfair advantage. *See In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D. N.Y. 2003).

17.     The Debtor recognizes the presumption in favor of public access to court records, and has narrowly tailored the request set forth in this motion to protect only the kind of confidential information that is entitled to be protected under section 107 of the Bankruptcy Code.

## CONCLUSION

**WHEREFORE**, the Debtor requests that the Court enter the attached proposed order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Houston, Texas<br>Dated: March 7, 2024 | O'CONNORWECHSLER PLLC<br><br> */s/ Annie E. Catmull* <br>Annie E. Catmull (Texas Bar No. 00794932)<br>4400 Post Oak Parkway, Suite 2360<br>Houston, Texas 77027<br>Telephone: (281) 814-5977<br>Email: aecatmull@o-w-law.com<br><br>*Proposed Counsel to the Chief Restructuring Officer* |

6