**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | ) Case No. 22-60043 (CML) |
| Debtor. | ) |

**EXHIBIT 13**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | Case No. 22-60043 (CML) |
| Debtor. | § | |

**PQPR HOLDINGS LIMITED, LLC'S MOTION FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER, OR, IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7**

PQPR Holdings Limited, LLC ("PQPR"), a secured creditor and party in interest, respectfully files this Motion (the "Motion") for the entry of an order directing the appointment of an examiner pursuant to 11 U.S.C. § 1104 (c), or, in the alternative, to convert this case to Chapter 7 liquidation. In support thereof, PQPR respectfully states:

## I. PRELIMINARY STATEMENT

Recent activities in this case have illustrated management dysfunction as concerns the pending reorganization and confirmation of the proposed plan. While there is no indication of the operation of the business being compromised, at this time, issues between the Chief Restructuring Officer ("CRO") and experienced and capable bankruptcy counsel for the Debtor have raised overall concerns regarding the Debtor's ability to reorganize. This sub chapter V case has been on file for almost two years. Current management, led by the CRO, does not appear to be capable of navigating the legal issues relating to the Plan, including the give and take in the confirmation process and has acted in a very unorthodox and unprofessional fashion. PQPR respectfully requests that the Court Order the appointment of an examiner with special powers to oversee plan confirmation process and to work with all constituents toward an achievable reorganization. In the

alternative, due to the existing conflicts and disfunction, PQPR requests that the Court order the conversion of this case to chapter 7.

## II. JURISDICTION and VENUE

1.      This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. FACTUAL BACKGROUND

2.      This case commenced with the filing of a Chapter 11 Petition on July 29, 2022 by Free Speech Systems LLC (the "Debtor").  Since that time, the Debtor has operated as a debtor in possession pursuant to subchapter V.  Patrick Magill was appointed as Chief Restructuring Officer of the Debtor by order of the Court dated October 13, 2022 (Docket 239).

3.      On November 18, 2023 the Debtor filed its First Amended Plan of Reorganization Under Subchapter V of the Bankruptcy Code (the "Plan").  The confirmation hearing for the Plan is scheduled for March 25, 2024.  The deadline to file objections to the Plan is March 8, 2024.

4.      Mr. Magill has served capably as concerns the company's business operations. However, it appears that Mr. Magill lacks the required and necessary experience to formulate and execute a legal strategy related to confirmation or to handle negotiations concerning the proposed Plan.  The issues raised by Mr. Battaglia's motion to withdraw are troubling.  Mr. Magill, in a fit of pique, refused to pay Mr. Battaglia because he believed Mr. Battaglia was not following his directions.[1]  Those directions included to refuse to engage with counter parties to litigation, including confirmation issues related to the Plan.  Mr. Magill also refused to even speak with Mr.

---

[1] On information and belief, Mr. Magill even paid professionals who were not retained while withholding payment from retained professionals.

Battaglia for extended periods of time. This is not what is expected of an estate-retained professional.

### IV.  APPOINTMENT OF AN EXAMINER IS IN THE BEST INTEREST OF THE CREDITORS AND THE ESTATE

5. The appointment of an examiner in a chapter 11 case shall occur at any time before the confirmation of a plan, that is based upon a request by a party-in-interest or the United States trustee, and after notice and a hearing, and if either:

> (d)(i) such appointment is in the interests of creditors, any equity security holders and other interests of the estate or (d)(ii) the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000. 11 U.S.C. § 1104 (c) (West).

The appointment of an examiner is mandatory whenever the $5 million unsecured debt threshold of 11 U.S.C. § 1104(c)(2) is met. *In re Schepps Food Stores, Inc.,* 148 B.R. 27 (S.D. Tex. 1992); *See also, In re Erickson Ret. Communities, LLC*, 425 B.R. 309, 311 (Bankr. N.D. Tex. 2010) ("This court agrees with such courts that, where the $5 million unsecured debt threshold is met, a bankruptcy court ordinarily has no discretion.").

6. As part of the duties of an examiner appointed under section 1104(d), unless the court orders otherwise, the examiner is to investigate "any other matter relevant to the case or to the formulation of a plan." 11 U.S.C.A. § 1106(a)(3)-(b). This catch-all clause of this provision authorizes an examiner, subject to limitations only set by the court, to investigate up to the limits of the court's jurisdiction. *In re Mirant Corp.*, No. 03-46590, 2004 WL 2983945, at *2 (Bankr. N.D. Tex. Sept. 1, 2004).

7. Additionally, the Court has broad authority to grant an examiner with added "powers" beyond those specified in section 1106. Id. ("Nothing in the language of this provision

suggests Congress intended to prevent a court from granting to an examiner a specific power or an aggregation of powers.").

8. Various courts have appointed examiners with additional powers or duties, including to aid in attempting to resolve impasses surrounding plan negotiations. *In re UNR Indus., Inc.*, 72 B.R. 789, 795-796 (Bankr. N.D. Ill. 1987) ("It is abundantly clear that it is within the court's discretion 'to give the examiner additional duties as the circumstances warrant.' […] "The primary role of the Examiner shall be to determine whether negotiations toward a consensual plan of reorganization are at an impasse"); *In re Pub. Serv. Co. of New Hampshire*, 99 B.R. 177, 183 (Bankr. D.N.H. 1989) (Determine that a clear impasse at negotiations had occurred and there was a need for an examiner to mediate); *In re BDP Innovative Chemicals Co.*, No. 6:16-BK-00184-RAC, 2016 WL 11708176, at *2 (Bankr. M.D. Fla. Aug. 19, 2016) (one of the examiner's additional duties was to "[a]id in mediating and attempting to resolve the impasse surrounding plan negotiations.").

9. To the extent that plan negotiations continue to be stalled and do not move forward then in the alternative the case should convert to a Chapter 7 case and the assets of the Debtor should be liquidated for the benefit of all creditors. 11 U.S.C. 1112(b). Here without the appointment of an Examiner with special powers, there is no reasonable likelihood that the Plan can be confirmed, and such conversion is in the best interest of the creditors of the estate.

### V. AN EXAMINER IS APPROPRIATE IN THIS SITUATION

10. There are in excess of $5 Million in unsecured creditors in this case, so an Examiner should be appointed under Section 1104(c) of the Bankruptcy Code.

11. In this case, there is a great deal of disfunction and the need for someone to take on the role of resolving impasses related to the Plan and the confirmation process should be granted to

an Examiner with special powers. The CRO has not engaged in this process and will not engage with Debtor's counsel and has even withheld the Debtor's counsel fees for the "sin" of attempting to resolve disputes. All parties, except for the CRO have at times agreed to work towards a consensual plan.

### VI. IN THE ALTERNATIVE, THE COURT SHOULD ORDER THE CONVERSION OF THIS CASE TO CHAPTER 7

12. This case has experienced severe dysfunction. Despite the best efforts of many experienced professionals and the indulgence of this Court, the case has not succeeded. The actions of the Chief Restructuring Officer are troubling and indicate continuing issues. There is no reason to believe the current manner of operations will yield a reorganization. The best interests of the creditors and estate would be served by a conversion.

WHEREFORE PQPR requests that this court enter an order directing the appointment of an examiner or, in the alternative, order the conversion of the case to chapter 7, and granting such other and further relief as the Court finds just and appropriate.

Dated: March 7, 2024                Respectfully submitted,

By: */s/ Stephen W. Lemmon*
Stephen W. Lemmon
Texas Bar. No. 12194500
STREUSAND, LANDON, OZBURN
  & LEMMON, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
lemmon@slollp.com

**ATTORNEYS FOR
PQPR HOLDINGS LIMITED, LLC**

## CERTIFICATE OF SERVICE

  I hereby certify that on March 7, 2024, a true and correct copy of the foregoing instrument has been served on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

            */s/ Stephen W. Lemmon*
            Stephen W. Lemmon