EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | Case No. 22-60043 (CML) |
| | § | |
| Debtor. | § | |
| | § | |

**DECLARATION OF HAROLD "HAP" MAY PROPOSED CO-COUNSEL
AND DISCLOSURE OF COMPENSATION**

| THE STATE OF TEXAS | § |
|---|---|
| | § |
| COUNTY OF HARRIS | § |

I, Harold "Hap" May, hereby submits the following statement of disinterestedness pursuant to Bankruptcy Rule 2014 and further declare, pursuant to 28 U.S.C. § 1746, that the following is true and correct, under penalty of pe1jury:

1. My name is Harold "Hap" May. I am over the age of eighteen (18) years. am competent to make this Declaration. I am a Certified Public Accountant. I am also an Attorney, Board Certified in Tax Law. Additionally, I have an LL.M. in Tax Law.

2. I am a principal of Harold "Hap" May PC **("May").** I have worked on restructuring matters for more than thirty (30) years. I currently maintain offices at 1500 S. Dairy Ashford, Suite 325, Houston, Texas 77077. I am duly authorized to make and submit this declaration ("Declaration") in accordance with 11 USC § 327 (a) of the Bankruptcy Code and in conjunction with Rule 2014(a) of Federal Rules of Bankruptcy Procedure. Neither I, nor Evident, represent any interest adverse to the Debtor, the above-captioned debtor, as required by 11 U.S.C. §§ 327(a). Additionally, May and I are disinterested persons, as defined by 11 U.S.C. § 101(14).

3. May and I identified the following connections with other parties in interest:

16

a. I was a former employee of Hoover Slovacek, LLP **("HSLLP").** My employment ended nine (9) years ago, in August 2014. While at HSLLP, I worked with Melissa Haselden on various bankruptcy matters. After I left, Melissa Haselden and I maintained a working relationship through a few bankruptcy cases needing the services of a tax professional.

b. I worked with Chief Restructuring Officer Patrick Magill on South Coast Supply's bankruptcy case during June 2018. In that case, Patrick Magill was the Chief Restructuring Officer. South Coast Supply sold substantially all of its assets to Solstice Capital, LLC, of which I own a fifteen percent (15%) interest in. After the sale, Solstice Capital, LLC entered into an agreement with Patrick Magill for consulting services lasting approximately 12 months.

c. I represent Patrick Magill in Mr. Magill's capacity as Liquidating Trustee in The Tifaro Group Ltd. case.
[1] This case and my representation in this case are ongoing.

d. I represented Patrick Magill in a case styled DMM Group, Inc v. J. Patrick Magill *et al*.[2] This case was resolved in the summer of 2021 and the representation then ended.

e. My tax consulting firm, Evident Tax, LLC, is employed by the Debtor.

4. May performed the following actions to determine whether it or any of its employees has any disclosable connections, to the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas.

5. I conducted a search of May's files to determine using the list of parties in interest listed in Schedule 1 hereto whether May had any connections to or represented any of the parties

---

[1] Case No. 17-80171-11 US Bankruptcy Court for the Southern District of Texas Galveston Division
[2] Cause No. 2008-63200 in the District Court of Harris County Texas 281 Judicial District

17

listed on Schedule 1. Except as disclosed above, the search revealed that May did not represent any of the patties listed on Schedule 1. It is possible that May provided services to creditors or other parties in interest inadvertently omitted from Schedule 1 or the description above. If such connections exist, they would be on matters wholly unrelated to the service for which the Debtor seeks to engage May.

6. The results of the foregoing connections search process confirm that neither I, May nor any of its employees or partners, to the best of my knowledge, have any disqualifying connections.

Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I can ascertain, I and May do not hold an interest adverse to the Debtor of the estate with respect to the matter on which the Firm is to be employed.

7. Other than my employment as a tax consultant through Evident, neither May nor I are not a creditors, an equity security holder, or an insider of the Debtor; I am not and was not within 2 years before the Petition Date a director of the Debtor; and I do not have any interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

8. May is not a creditor, an equity security holder, or an insider of the Debtor; May is not and was not within 2 years before the Petition Date an employee, officer, or director of the Debtor; and May does not have any interest materially adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders.

9. May does not possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate. May does not possess or assert any economic interest that would create either an actual or potential dispute in which the estate is a rival claimant. May does not have any incentive to act contrary to the best interests of the estate and its creditors.

10. In this bankruptcy case, the Debtor seeks to legally minimize their large tax burden while paying back the creditors. May and I are experienced in working on bankruptcy matters on behalf of debtors. The services rendered or to be rendered by May and myself are:

    a. Assist in the drafting and implementation of the plan; and

    b. Assist in discovery matters;

    c. Assist in prosecuting and defending claims and causes of action; and

18

d. Any other needed tasks typical for a chapter 11 case.

11. May and I require one retainer of $50,000 to assist the Debtor.

12. In connection with these services, Debtor will be required to pay May on an hourly fee basis. Hourly fees will be charged as follows:

| Professional | Hourly Rate |
|---|---|
| Harold "Hap" May | $600.00 |
| Associate Attorneys | $250.00 |
| Support Staff | $150.00 to $50.00 |

13. In addition, May will charge out-of-pocket expenses incurred in connection with its engagement. The expenses will be charged as set forth below.

| Client Expenses | Hourly Rate |
|---|---|
| Deliveries & Couriers | At Cost |
| Travel, Lodging and Meals* | At Cost (No Charge for Travel) |
| Filing Fees & Misc. Expenses | At Cost |

14. May and I have been advised that, except as provided by other order of this Court, its compensation may be paid only after making an appropriate application to this Court.

15. The undersigned further states that he has not shared, or agreed to share with any person, other than with members of the undersigned's firm, any compensation, except as herein set forth.

       /s/ *Hap May*      
Harold "Hap" May

19

## SCHEDULE 1

## MAY DECLARATION

### SEARCHED PARTIES

Debtor & Professionals

    Law Office of Ray Battaglia
    Evident Tax, LLC                                 J. Patrick Magill

Debtor's Equity

    Alexander E. Jones

Largest 20 Unsecured Creditors & Litigation Claimants

Elevated Solutions Group
Atomial LLC
Cloudfare, Inc.
Jacquelyn Blott
Joel Skousen
eCommerce CDN LLC Paul Watson
Greenair, Inc.
Edgecast, Inc.
Ready Alliance Group, Inc. Getty Images, Inc.
RatsMedical.com
David Icke Books Limited
WWCR
CustomTattoNow.com AT&T
Justin Lair Brennan
Gilmore Carlee Soto-Parisi Carlos Soto
Christopher Sadowski Joey Delassio Anthony Gucciardi
Carol Jones

Dona Soto
Erica Lafferty
Francine Wheeler Ian Hockley
Jacqueline Barden Jennifer Hensel Jeremy Richman Jillian Soto Leonard Pozner Marcel Fontaine Mark Barden Neil Heslin Nicole Hockley
PQPR Holdings Limited, LLC
Robert Parker
Scarlett Lewis
Veronique De La Rosa William Sherlach William Aledenberg Larry Klayman Randazza Legal Group Aurium
David Jones

Attorneys for Creditors and Parties in Interest

Kaster Lynch Farrar & Ball LLP
Koskoff Koskoff & Bieder
Fertitta & Reynal LLP

Zeisler & Zeisler P.C.
Jordan & Ortiz, P.C.
McDowell Heterhington LLP

The Akers Law Firm PLLC

Copycat Legal PLLC
Waller Lansden Dortch & Davis, LLP
Jackson Walker LLP
Cain & Skarnulis PLLC
Hawash Cicack & Gaston LLP
Streusand, Landon, Ozburn & Lemmon, LLP

Akin Gump Strauss Hauer & Feld LLP
Paul Weiss Rifkin & Garrison, LLP
Willkie Farr & Gallagher LLP
Law Office of Liz Freeman
Chamberlain Hrdlicka
Melissa Haselden
Stephen A Roberts, P.C.

U.S. Bankruptcy Judges and Staff

Judge Marvin Isgur
Judge Christopher M. Lopez
Judge Jeffrey P. Norman
Judge Eduardo V. Rodriguez
Ana Castro
Tyler Laws
Zilde Martinez Compean

Tracey Conrad

Rosario Saldana

Jeannie Chavez

Sierra Thomas Anderson

Tyler Laws

Mario Rios

U.S. Trustee Personnel

Alicia Barcomb
Jacqueline Boykin
Luci Johnson-Davis
Hector Duran
Barbra Griffin
Brian Henault
Linda Motton
Ha Nguyen
Glenn Otto
Yasmin Rivera

Jayson B. Ruff
Millie Sall
Patricia Schmidt
Christy Simmons
Gwen Smith
Stephen Statham
Christopher R. Travis
Clarissa Waxton
Jana Whitworth