IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | Case No. 22-60043 |
| Debtor. | § | |

**DEBTOR'S RESPONSE TO THE "MOTION … TO CONVERT THE CASE TO CHAPTER 7" FILED BY PQRP HOLDINGS LIMITED, LLC**
[Relates to ECF #847]

Free Speech Systems LLC ("FSS"), debtor ("Debtor"), respectfully shows:

### Joint Tracking With FSS Plan Confirmation

1. As announced at the March 11th hearing, FSS asks the Court to schedule a hearing on PQPR's conversion request on the same date that the Court hears FSS's plan confirmation. The undersigned has conferred with movant's counsel and June 14, 2024, works for both FSS and movant. However, there is disagreement with some of the plaintiffs on that date. For that reason, FSS will ask the Court to conduct a short status conference to address scheduling.

### Admissions & Denials

2. The allegations in the following paragraphs are admitted: 1 and 2 (see also admissions below).

3. The allegations in the following paragraphs are denied: the entirety of the first un-numbered paragraph immediately following the subheading "Preliminary Statement" (except that FSS admits that there is no indication that operations are compromised and that the case has been pending since July 29, 2022),  3 (except the first sentence is admitted),  for the reasons in ECF #

1

863, paragraph 4[1] as qualified in ECF # 863 (except the first sentence is admitted), 5-11 (which allegations are now moot because movant filed a withdrawal of the request for appointment of an examiner) and 12 (except as described in ECF #863).

4. FSS lacks sufficient information to admit or deny whether all professionals have given their best efforts. The allegation, therefore, is denied.

5. To the extent not otherwise addressed above, the allegations are denied.

## Affirmative Defenses

6. *Standing*. For the reasons set forth in the amended complaint in adversary proceeding no. 23-03127 (which is incorporated herein by reference), movant holds no allowable claim against the FSS estate. In addition, for reasons of its own, and in violation of Bankruptcy Rule 3001(c)'s clear mandate, movant did not attach the alleged notes and alleged security agreement on which PQPR bases its claim for payment. Nor did PQPR attach an affidavit explaining why those documents are not available to attach. B.R. 3001(c)(1). The PQRP proof of claim, as such, does not enjoy the (typical pre-resolution of claim litigation) presumption of validity. See B.R. 3001(f). For these reasons, movants have no standing to seek conversion.

7. *Failure to state a claim for which relief can be granted*. Part (b)(4) of section 1112 of the Bankruptcy Code defines "cause" for conversion or dismissal. The motion describes nothing defined therein as "cause." Indeed, the motion affirmatively states that "there is no indication of the operations of the business being compromised." The motion should be denied for failure to state a claim.

8. *Unclean hands – fraudulent transferee*. As set forth in FSS's amended complaint filed adversary proceeding no. 023-03127, movant is an insider to FSS who orchestrated

---

[1] FSS assumes footnote 1 in the motion is a reference to payment to the trustee's counsel after her switching to a new firm. The new firm is holding the funds in trust.

fraudulent transfers out of FSS in anticipation of and to the detriment of FSS's plaintiff-creditors. The relief sought by PQPR should be barred by the doctrine of unclean hands.

## Prayer

FSS prays that the Court (a) set a hearing on the conversion request on the same day that the Court sets FSS plan confirmation, and (b) deny the motion to convert.

Respectfully submitted,

O'CONNORWECHSLER PLLC
By: /s/ Annie Catmull
Annie E. Catmull
State Bar No. 00794932
aecatmull@o-w-law.com
Kathleen A. O'Connor
State Bar. No. 00793468
4400 Post Oak Plaza, Suite 2360
Houston, Texas 77027
Telephone: (281) 814-5977

COUNSEL FOR FREE SPEECH SOLUTIONS, LLC

## Certificate of Conference

I certify that on March 27, 2024, I conferred with movant and the dispute remains unresolved. However, movant indicates that a joint June 14, 2024, hearing is acceptable.

/s/ Annie Catmull
Annie E. Catmull

## Certificate of Service

I certify that on March 28, 2024, all parties who have made an electronic appearance were served a copy of the attached FSS response through the Court's ECF notification system.

/s/ Annie Catmull
Annie E. Catmull