IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § § | Case No. 22-60043 |
| | § § | |
| Debtor. | § § | |

**DEBTOR'S REQUEST FOR A STATUS CONFERENCE REGARDING THE SCHEDULING OF A HEARING ON FSS PLAN CONFIRMATION AND CONVERSION**

1. For the reasons below, Free Speech Systems LLC ("FSS") asks the Court to conduct a status conference on dates for the FSS plan confirmation hearing.

*No Conference With Trustee & the Conflict on May 21-22*

2. On March 3, 2024, this Court set plan confirmation for May 21-22 in the Alex Jones bankruptcy case. Case 22-33553 at ECF # 624. At the time that the hearing was set, there was no need to confirm that the dates worked for the subchapter V trustee and her counsel. And, in fact, there were discussions occurring between the parties that the FSS plan confirmation hearing should trail the Alex Jones plan confirmation hearing. The subchapter V trustee and her counsel-- likely for these reasons --were not asked about their ability to appear and participate on May 21-22. The subchapter V trustee reports that she has a conflict for those dates.

1

### *The Plan for Separate Confirmation Hearings & the Court's March 11th Remarks Regarding Duplicate Testimony*

3.  On March 11, 2024 (at a hearing on the motion to withdraw of FSS's prior bankruptcy counsel), when the topic of scheduling an FSS plan confirmation arose, the following colloquy occurred:

> <u>Ms. Freeman</u>:  … The one open question is whether the Free Speech confirmation hearing will be contemporaneous with Jones' case [too soft to hear] trailing a few days. We will consult with the court's case manager and across the parties, and we'll submit a proposal with a scheduling order. ....
>
> <u>The Court</u>:   I remember. I will say, it sounds like everyone's trying to be as efficient as possible. It will, both scheduling orders, what I don't want is duplication of testimony. I know that you all are thinking about this. So if it [FSS plan confirmation] trails a few days, it's not with the understanding that the witnesses who are going to testify about any plaintiffs, they're going to have to come in.

3/11/24 audio at 12:52.

### *June 14th and Jointly Tracking PQPR's Motion to Convert With FSS Plan Confirmation*

4.  A few days prior to the March 11th hearing, PQPR filed a motion to convert the FSS case to chapter 7.  ECF #s 847.  As announced at the March 11th hearing, PQPR and FSS agree to conduct a joint hearing on both FSS's plan confirmation and PQPR's motion to convert.

5.  After the March 11th hearing, the undersigned obtained potential FSS plan confirmation dates from this Court's case manager.  With those potential dates, the undersigned conferred with the debtors, professionals, the trustee and her counsel, counsel for plaintiffs, and counsel for the PQPR party seeking conversion.   Based on those conferences, June 14th is a day on which all parties have availability.  Counsel for the office of the U.S. Trustee has also agreed to June 14th.

*Fort Worth Settlement Conference, Then the Jones Plan Confirmation,*
*Then the FSS/PQPR Joint Hearing*

6. Debtor Alex Jones will be going forward with plan confirmation on May 21st and May 22nd. FSS is fine with that, in part because FSS's confirmation hearing trailing the Jones's confirmation hearing was already the debtors' informal plan, and in part because (i) the cases are not jointly administered, (ii) FSS's Subchapter V plan confirmation standard is materially different[1] than the standard Alex Jones must meet, (iii) FSS's subchapter V plan confirmation evidentiary presentation will be much more streamlined than the evidentiary presentation anticipated at the Alex Jones confirmation hearing, (iv) setting a June 14th confirmation hearing will give FSS time to amend its plan to conform to any settlements that are reached at the Fort Worth settlement conference scheduled for April 17th and 18th, and (v) it is not economically efficient to force FSS to prepare for a May conversion hearing when, depending on events at the settlement conference and the May hearing, FSS may elect not to oppose.

7. FSS requests a scheduling status conference because Connecticut plaintiffs do not agree to an FSS plan confirmation hearing on dates other than May 21st and 22nd.

## Prayer

FSS prays that the Court conduct a status conference at its earliest convenience.

---

[1] Unlike the Jones case, the FSS case is in subchapter V. By comparison to a non-subchapter V case, the evidentiary presentation is streamlined, and the confirmation standard is materially different.

Respectfully submitted,

O'CONNORWECHSLER PLLC
By: */s/ Annie Catmull*
Annie E. Catmull
State Bar No. 00794932
aecatmull@o-w-law.com
Kathleen A. O'Connor
State Bar. No. 00793468
4400 Post Oak Plaza, Suite 2360
Houston, Texas 77027
Telephone: (281) 814-597,7

COUNSEL FOR FREE SPEECH SOLUTIONS, LLC

**Certificate of Service**

I certify that on April 10, 2024, all parties who have made an electronic appearance were served a copy of the attached FSS response through the Court's ECF notification system.

*/s/ Annie Catmull*
Annie E. Catmull

4