IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| **FREE SPEECH SYSTEMS, LLC** ) | |
| ) | Case No. 22-60043 |
| Debtor ) | |
| ) | |

**DEBTOR'S MOTION FOR ENTRY OF AN
ORDER REQUIRING AXOS BANK, INC.
TO TURNOVER FUNDS HELD ON BEHALF OF THE DEBTOR**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

Free Speech Systems, L.L.C., ("FSS") the above-captioned debtor and debtor in possession (the "Debtor"), hereby files this *Motion for Entry of an Order Requiring Axos Bank Inc. to Turnover Funds Held on Behalf of the Debtor* (the "Motion"), and in support hereof, respectfully state as follows:

**I.   BACKGROUND AND REQUEST FOR RELIEF**

1.   Axos Bank ("Decker"), the Debtor's former bank has in its possession approximately $65,000.00 belonging to the Debtor. Axos Bank de-banked FSS, resulting in the closing of two bank accounts. The Debtor has made several attempts to resolve the matter without

the Court. The Debtor is working very hard to account for all funds that can be used in confirming the plan and paying creditors.

2. There were two accounts opened at Axos Bank. The first was opened under the name INFOW and the second account was in the name of INFOWAR. Although similarly named, INFOW was opened by a separate entity that is no longer in existence. The only signatory on the account is W. Marc Schwartz. He is no longer associated with this case.

3. INFOWAR is an account owned by Debtor, FSS. INFOWAR was primarily used as an escrow account and funds were held there until the CFO approved them to be transferred or paid to vendors.

4. Unfortunately, Axos Bank decided to close both accounts without notice to either account holder. Prior to the closure, $65,000 was transferred to INFOW in error by the Debtor's accounting department. The error was identified by the accounting department. But before a reversal could occur, Axos Bank closed the accounts.

5. Axos Bank issued a cashier's check in the amount of $65,000 to INFOW, but subsequently cancelled the check and holds the undisputed funds.

6. There are no claims to the $65,000 other than by Debtor, but Axos Bank will not turnover the funds at this time.

7. Accordingly, the Debtor respectfully requests that this Court use its inherent authority under section 105(a) of the Bankruptcy Code and other applicable law to enter an order requiring Axos Bank to turn over funds due to the Debtor.

8. Section 541 of the Bankruptcy Code provides that property of a debtor's bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the

commencement of the case" and "any interest in property that the estate acquires after commencement of the case."  11 U.S.C. § 541(a)(1), (7).

9. Under Bankruptcy Code section 542(b), "any entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver the trustee [or debtor in possession], and account for, such property or the value of such property …" and any "entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order shall pay such debt to, or on the order of, the trustee [or debtor in possession], except to the extent that such debt may be offset under section 553 [of the Bankruptcy Code] against a claim of the debtor."  11 U.S.C. § 542(a), (b).

10. Section 543(b) of the Bankruptcy Code requires a custodian to deliver and account for any property of the debtor held by or transferred to such custodian, including the proceeds of such property.  11 U.S.C. § 543(b).

11. During the time the Debtor's chapter 11 case is being administered by this Court, section 362 of the Bankruptcy Code provides an automatic stay which protects all of the Debtors' assets from interference with the conduct of business without prior agreement or Court order.  The automatic stay specifically prohibits, among other things, (i) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate, (ii) any act to collect, assess, or recover a claim against a debtor that arose before the commencement of the bankruptcy case, and (iii) an act to set off a debt owing to a debtor that arose before the commencement of the bankruptcy case.  *See* 11 U.S.C. § 361(a)(1)-(8).

12. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11 U.S.C. § 105(a). Additionally, the Court has ample authority to police the conduct of parties and to prevent Axos Bank's abuse of the bankruptcy process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (explaining a court's broad authority when a party disobeys court orders); *see also In re Dobbs*, 535 B.R. 675, 691 (Bankr. N.D. Miss. 2015) (explaining that judicially-created inherent powers articulated in *Chambers* supplement the bankruptcy court's authority under section 105(a) of the Bankruptcy Code). Stated differently, this Court is empowered to police conduct that abuses the judicial process and vexatiously multiplies bankruptcy proceedings. *Matter of Volpert*, 110 F.3d 494, 501 (7th Cir. 1997). The Debtors submit that the Court should invoke its broad authority to grant the relief requested in this Motion.

13. Debtor further asks for the award of attorney fees and costs to bring this motion. 11 U.S.C. § 105(a).

## II. Prayer

The Debtor respectfully requests that this Court enter an order (i) requiring Axos Bank to turn over property and proceeds to the Debtors, and (ii) granting such other and further relief as may be just and proper.

Respectfully submitted on the 30th day of April, 2024.

                            Respectfully submitted:

                            O'CONNORWECHSLER PLLC
                            By: */s/ Annie Catmull*
                                Annie Catmull
                                State Bar No. 00794932
                                aecatmull@o-w-law.com
                                4400 Post Oak Parkway, Suite 2360
                                Houston, Texas 77027
                                T: (281)814-5977

ATTORNEYS FOR FREE SPEECH SYSTEMS, LLC

**Certificate of Service**

I certify that on April 30, 2024, the attached motion for turnover was served via the Court's ECF notification system to all registered parties who have made an appearance in this case, and to Axos Bank c/o Diana Camarena at **dcamarena@axosbank.com**
, and via first class mail to 4350 La Jolla Village Drive,  S. San Diego, CA 92122.

By: */s/ Annie Catmull*
Annie Catmull