IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| FREE SPEECH SYSTEMS, LLC, | § § | CASE NO. 22-60043 |
| Debtor. | § § § | CHAPTER 11 |

**AXOS BANK'S AMENDED RESPONSE AND LIMITED OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER REQUIRING AXOS BANK <u>TO TURNOVER FUNDS HELD ON BEHALF OF DEBTOR</u>**

On April 30, 2024 Debtor Free Speech Systems, LLC ("Debtor") filed its Motion for Entry of an Order Requiring Axos Bank to Turnover Funds Held on Behalf of Debtor [Doc. 901] ("Motion") alleging Axos Bank is improperly holding funds belonging to Debtor and refusing to release said funds, and requesting relief in the form of turnover of those funds and attorneys' fees. Axos Bank. ("Axos") is in agreement with Debtor's request for an order from this Court to release the funds to Debtor and has only held them to this point as the account holder appears to be a defunct entity and no proper account signatory or documentation showing authority to act on behalf of the account holder has been provided to Axos in order for it to release the funds. Axos does not, however, believe relief in the form of attorneys' fees is appropriate given these circumstances. Axos therefore files this, its Response and Limited Objection to Debtor's Motion for Entry of an Order Requiring Axos Bank to Turnover Funds Held on Behalf of Debtor, and in support thereof would respectfully show as follows:

1.  Axos admits it is holding funds on behalf of an entity related to the Debtor herein, but would more specifically aver it holds $85,722.78 on behalf of Infow, LLC. Axos lacks sufficient information to admit or deny the remaining facts asserted in Paragraph 1 of the Motion, and same are therefore denied.

2. Axos admits it held two accounts as stated in Paragraph 2 of the Motion, but lacks sufficient knowledge or information to admit or deny the remaining allegations therein and same are therefore denied.

3. Axos lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 3 of the Motion and same are therefore denied.

4. Axos denies it failed to provide notice of closure of the accounts to the account holders as alleged in Paragraph 4 of the Motion. Axos lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 4 of the Motion and same are therefore denied.

5. Axos admits it issued a cashiers check for the balance of the Infow, LLC account upon closing it, but would specifically aver that the cashiers check was issued in the amount of $85,772.78 and sent via UPS to the mailing address of Infow, LLC. True and correct copies of the cashiers check ("**Exhibit A**") and UPS shipping label ("**Exhibit B**") are attached hereto.

6. Axos denies that it will not turnover the funds as stated in Paragraph 6 of the Motion and has offered to reissue funds upon request of an authorized person on the account or an appropriate court order; Axos lacks sufficient information to admit or deny the remaining allegations in Paragraph 6 of the Motion and same are therefore denied.

7. Paragraph 7 of the Motion contains no factual allegations which Axos can admit or deny, but Axos would again assert it has no opposition to entry of an order directing turnover of the relevant funds to the proper person or entity.

8. Paragraph 8 of the Motion contains legal conclusions to which no response is required.

9. Paragraph 9 of the Motion contains legal conclusions to which no response is required.

10. Paragraph 10 of the Motion contains legal conclusions to which no response is required.

11. Paragraph 11 of the Motion contains legal conclusions to which no response is required.

12. Paragraph 12 of the Motion contains legal conclusions to which no response is required, but Axos would specifically deny it has taken any action or actions that would constitute an abuse of the bankruptcy process as stated in Paragraph 12 of the Motion and would show its actions have always been in compliance with all legal and regulatory requirements.

13. Paragraph 13 of the Motion requests relief in the form of attorneys' fees which Axos would respectfully request the Court deny.

Axos Bank respectfully requests the Court grant Debtor's Motion for Entry of An Order Requiring Axos Bank to Turnover Funds Held on Behalf of the Debtor only to the extent it requests an order directing turnover of the relevant funds held by Axos Bankand in all other respects it be denied.

DATED May 21, 2024.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(214) 871-2100 (telephone)
(214) 871-2111 (telefax)


By: /s/ Patrick M. Lynch
    Patrick M. Lynch
    State Bar Number 24065655
    Email: plynch@qslwm.com

ATTORNEYS FOR RESPONDENT,
AXOS BANK

## CERTIFICATE OF CONFERENCE

__XX__ Prior to filing this Objection, AXOS Bant believes that AXOS Bank and Debtor will reach an agreement, or Debtors agreed to the relief sought in the Objection.

## CERTIFICATE OF SERVICE

      I certify that on May 21, 2024, I caused to be served a true and correct copy of the foregoing by electronic mail or by first class mail with postage prepaid on the following:

*Via CM/ECF/ECF:*
Raymond William Battaglia
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218
rbattaglialaw@outlook.com

Melissa A Haselden
Haselden Farrow PLLC
Pennzoil Place
700 Milam
Suite 1300
Houston, TX 77002
mhaselden@haseldenfarrow.com

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002

*Via US Mail:*

Free Speech Systems LLC
3019 Alvin Devane Blvd. STE 300
Austin, TX 78741

Official Committee of Unsecured Creditors of
Alexander E. Jones
c/o Marty L. Brimmage, Jr.
Akin Gump Strauss Hauer & Feld LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201

Christopher Hopkins
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Walter J. Cicack
HAWASH CICACK & GASTON LLP
3401 Allen Parkway, Suite 200
Houston, Texas 77019

DELIA GARZA
Travis County Attorney
P.O. Box 1748
Austin, TX 78767

Kyung S. Lee
Shannon & Lee LLP
Pennzoil Place-13th Floor
700 Milam
Houston, Texas 77002

Avi Moshenberg
1001 Fannin Street
Suite 2700
Houston, TX 77002

Jarrod B. Martin
Chamberlain Hrdlicka
1200 Smith Street, Suite 1400
Houston, TX 77002

Randy W. Williams
BYMAN & ASSOCIATES PLLC
7924 Broadway, Suite 104
Pearland, Texas 77581

*Via US Mail:*

Ryan E. Chapple
CAIN & SKARNULIS PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701

Rachel C. Strickland
Stuart R. Lombardi
Ciara A. Sisco
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019

Jennifer J. Hardy
WILLKIE FARR & GALLAGHER LLP
600 Travis Street
Houston, Texas 77002

Bradley J. Reeves
REEVES LAW, PLLC
702 Rio Grande St., Suite 203
Austin, Texas 78701

John Malone
5400 Bosque Blvd., Ste 308
Waco, Texas 76710

R.J. Shannon
Shannon & Lee LLP
Pennzoil Place-13th Floor
700 Milam
Houston, Texas 77002

Stephen A. Roberts
Stephen A. Roberts, PC
1400 Marshall Ln
Austin, TX 78703

Christopher J. Dylla
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, Texas 78711-2548

Shelby A. Jordan
JORDAN & ORTIZ, P.C.
500 North Shoreline Blvd, Suite 900
Corpus Christi, Texas 78401


/s/Patrick M. Lynch
Patrick M Lynch