United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 28, 2024
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | Case No. 22--60043 |
| | § | |
| DEBTOR. | § | (Subchapter V Debtor) |
| | § | Chapter 11 |

### ORDER GRANTING FOURTH INTERIM AND FINAL FEE APPLICATION OF LAW OFFICES OF RAY BATTAGLIA, PLLC, FORMER COUNSEL TO FREE SPEECH SYSTEMS, LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM JULY 29, 2022, THROUGH MARCH 11, 2024

On this day came on for consideration the Fourth Interim and Final Fee Application of the **LAW OFFICES OF RAY BATTAGLIA, PLLC,** Counsel to Free Speech Systems, LLC, ("Debtor") for legal services rendered from July 29, 2022, through March 11, 2024 (the "Application") seeking allowance of compensation incurred during such period of time, and the Court having jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after considering the pleadings of record and the arguments of counsel;

THE COURT FINDS that the legal services provided by Applicant were necessary and beneficial to the estate and that the fees and expenses sought are reasonable after considering the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions

presented; (3) the customary fee; (4) whether the fee is fixed or contingent; (5) the amount involved and the results obtained; (6) the experience, reputation and ability of the professionals; (7) the "undesirability" of the case; and (8) awards in similar cases.

IT APPEARING that to the extent herein provided, that final compensation and reimbursement of out-of-pocket expenses should be authorized; it is, therefore,

ORDERED THAT:

1. The **LAW OFFICES OF RAY BATTAGLIA, PLLC** shall be, and hereby is awarded **FINAL** compensation in the amount of $778,212.21 for services rendered and expenses incurred as legal counsel to the Debtor for the period from July 29, 2022, through March 11, 2024, and for services rendered thereafter in aid of transition to substitute counsel for the Debtor (the "Application Period").

2. Reimbursement to the **LAW OFFICES OF RAY BATTAGLIA, PLLC** for expenses incurred during the Application Period is allowed on a **FINAL** basis in the amount of $24,006.77.

3. The **LAW OFFICES OF RAY BATTAGLIA, PLLC** is awarded on a **FINAL** basis fees and costs as an administrative expense for the Application Period, as follows:

```
Fees:      $778,212.21
Expenses:  $24,006.77
Total:     $802,218.98
```

4. The **LAW OFFICES OF RAY BATTAGLIA, PLLC** is hereby authorized to withdraw funds from the balance held in its retainer account as partial payment for the allowed compensation and expense reimbursement allowed pursuant to this Order.

Signed: May 28, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

5. The Debtor is authorized and directed to pay The **LAW OFFICES OF RAY BATTAGLIA, PLLC** the balance of the allowed fees and expenses allowed pursuant to this Order which remain unpaid after crediting all payments all fees and expenses.

Houston, Texas
Dated: May___, 2024

                                        UNITED STATES BANKRUPTCY JUDGE