IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § § | Case No. 22-60043 |
| Debtor. | § § § | |

**REQUEST FOR HEARING ON
DEBTOR'S CONTINUED USE OF CASH COLLATERAL
[Relates to ECF # 6]
[Hearing Requested May 31,2024]**

1. For the reasons below, Debtor asks the Court for an emergency hearing regarding its continued use of cash collateral on May 31, 2024, or at the Court's earliest convenience.

2. On July 22, 2022, Free Speech Systems (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On July 29, 2022, Debtor filed its emergency motion for interim and final use of cash collateral. ECF # 6. The Court has entered many interim cash collateral orders since that time but no final order. See ECF #s 41, 64, 98, 151, 258, 287, 333, 403, 459, 540, 575, 607, 643, 710, 725, and 772.

4. On December 5, 2023, the Court entered an interim order approving a cash collateral procedure by which, on a monthly basis, the Debtor files a proposed cash collateral monthly budget, parties in interest have seven days to object, and absent an objection the budgeted use of cash collateral is allowed.

5. On May 24, 2024, through the undersigned, Debtor served PQPR a proposed June budget for cash collateral. One May 27, 2024, Debtor filed its proposed budget. ECF # 912. PQPR has advised that it does not agree to Debtor's continued use of cash collateral.

6. Last week the Court announced that on June 14th the Court will either confirm a plan or dismiss the case. The Court also made it clear that it will <u>not</u> convert the case to chapter 7.

7. PQPR has advised that it does not consent[1] to continued use of cash collateral. PQPR has filed no objection, however.

8. Operations occur during the weekend.[2] Without Court authority (beyond May 31, today) to use cash collateral Debtor will have to cease operating today, an event that would needlessly inflict damage on the value of the bankruptcy estate, two weeks in advance of the crucial June 14th date.

9. As PQPR knows, Debtor's operations bring significant economic value to the estate, including to PQPR's purported collateral. Closing the doors two weeks prior to the crucial June 14th hearing makes no economic sense. It also undermines the expectations of all concerned parties as set by the Court's comments last week.

## **CONCLUSION**

**WHEREFORE**, the Debtor requests that the Court set a hearing at the Court's earliest convenience.

---

[1] Absent conditions to which FSS does not agree.

[2] When the undersigned first recognized the problem she failed to appreciate the operations occur over the weekend and thought that a Monday hearing would suffice. Apologies for the burden on the Court.

Houston, Texas
Dated: May 31, 2024

O'CONNORWECHSLER PLLC

*/s/ Annie E. Catmull*
Annie E. Catmull (Texas Bar No. 00794932)
4400 Post Oak Parkway, Suite 2360
Houston, Texas 77027
Telephone: (281) 814-5977
Email: aecatmull@o-w-law.com

*Counsel for Free Speech Systems, LLC*

**Certificate of Service**

I certify that on May 31, 2024, I caused the attached to be served via ECF notification system to all registered users who have made an appearance.

*/s/ Annie E. Catmull*
Annie E. Catmull