UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22--60043 |
| | § | |
| DEBTOR. | § | (Subchapter V Debtor) |
| | § | Chapter 11 |

**FINAL FEE APPLICATION OF THE REYNAL LAW FIRM, P.C., SPECIAL COUNSEL TO FREE SPEECH SYSTEMS, LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM JULY 29, 2022 TO JUNE 6, 2024.**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

## **SUMMARY**

| | | |
|---|---|---|
| Name of applicant: | | The Reynal Law Firm, P.C. |
| Applicant's professional role in case: | | Special Counsel to Debtor |
| Indicate whether this is an interim or final application: | | Final |
| Date order of employment was signed: | | August 29, 2022 |
| | Beginning of Period | Ending of Period |
| Total period covered in application | July 29, 2022 | Jun 6, 2024 |
| Time periods covered by any prior applications | N/A | N/A |
| Total amounts awarded in all prior applications | | N/A |
| Amount of retainer received in the case from FSS | | $50,000 |
| Amount of retainer received from Alex Jones | | $50,000 |
| Total Fees | | $397,640 |
| Total Fees FSS | | $198,820 |
| Total Fees Alex Jones | | $198,820 |
| Total fees applied for in this application and in all prior applications (include any retainer amounts applied or to be applied) | | $198,820 |
| Total professional fees requested in this application | | $198,820.00 |
| Total professional hours covered by this application | | 684.9 |
| Average hourly rate for professionals | | $580.58 |
| Total paraprofessional hours covered by this application | | 0.0 |
| Average hourly rate for paraprofessionals | | N/A |
| Total Reimbursable expenses | | $11,881.52 |
| Reimbursable expenses sought in this application | | $5,940.76 |

**TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW the Reynal Law Firm, P.C. (the "Applicant") and files this Final Application (the "Application") for approval of Applicant's fees in the total amount of $198,820.00 and

reimbursement of all expenses totaling $5,940.76 incurred during its employment as special counsel to Free Speech Systems, LLC (the "Debtor"). In support of this Application, the Applicant respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Texas. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016, and the Local Rules of this Court.

## RETENTION OF APPLICANT AND PRIOR COMPENSATION

3. On July 29, 2022 (the "Petition Date"), Free Speech Systems, LLC (the "Debtor" or "FSS") commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (the "Case") with the Court.

4. On August 23, 2022, the Debtor filed its *Emergency Application of Debtor for an Order Authorizing Employment of the Reynal Law Firm, P.C., Under 11 U.S.C. § 327(e), as Special Counsel, Nunc Pro Tunc to July 29, 2022* [ECF #94]. On August 29, 2022, this Court approved the retention of Applicant as special counsel for the Debtor (the "Retention Order") (ECF #119). The Retention Order provides that Applicant will receive 50% of its fees from Debtor, with the remaining 50% to be paid by Alex Jones.

5. On September 30, 2022, the Court entered its *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* ("Interim Compensation Order") [ECF # 202] permitting Applicant to receive payment of 80% of

fees and 100% of expenses. Pursuant to the Interim Compensation Order, Applicant has received periodic payments on monthly fee statements as set forth below:

| Date | Fees | Expenses | Total Invoice | Amount Due (FSS) | Payment FSS |
|---|---|---|---|---|---|
| 10.29.22 | 90,400 | 11,196.52 | 116,955 | 49,437.50 | |
| 12.1.22 | 21,360 | | 21,360 | 8,544 | |
| 12.2.22 | | | | | 50,798.26 |
| 12.27.22 | | | | | 19,224 |
| 1.12.23 | 9,680 | | 9,680 | 3,872 | |
| 2.2.23 | 11,640 | | 11,640 | 4,656 | |
| 3.9.23 | | | | | 21,320 |
| 5.22.23 | 41,200 | 685 | 41,885 | 16,822 | |
| 7.14.23 | | | | | 17,165 |
| 8.3.23 | 25,920 | | 25,920 | 10,368 | |
| 9.8.23 | 75,920 | | 75,920 | 30,368 | |
| 10.11.23 | 38,720 | | 38,720 | 15,488 | |
| 11.6.23 | 48,040 | | 48,040 | 19,216 | |
| 12.5.23 | 34,760 | | 34,760 | 13,904 | |
| 03.05.24 | | | | | 35,000 |
| 04.11.24 | | | | | 61,253.76 |
| Total | $397,640 | $11,881.52 | $409,521.52 | $204,760.76 | $204,761.02 |

6. This Application includes fees and expenses incurred during the entire period of the Applicant's engagement.

7. These services were rendered and expenses incurred during the Applicant's representation of the Debtor in this case. Applicant believes such fees and expenses were reasonable, necessary, and appropriate, given the circumstances.

## NATURE AND EXTENT OF LEGAL SERVICES PROVIDED

8. Applicant has provided extensive legal services to the Debtor during the period's seventeen (17) months. Attached to this Application are records of the timekeeping entries during the Period generated by Applicant's personnel who have worked on this engagement (the

"<u>Invoice</u>").[1]   These entries describe the Applicant's services on the Debtor's behalf.

9. The Invoice also specifies each attorney who provided compensable services. Specifically, the Invoice identifies the person providing the service and the following: (1) that person's individual billing rate and (2) the total number of hours expended by that person.

10. Applicant has broken down its legal services rendered according to the project categories propounded by the Guidelines of the Office of the United States Trustee. The pertinent project categories are:

- Asset Analysis and Recovery
- Asset Disposition
- Assumption and Rejection of Leases and Contracts
- Avoidance Action Analysis
- Business Operations
- Case Administration
- Claims Administration and Objections
- Employment and Fee Applications
- Fee/Employment Objections
- Financing and Cash Collateral
- Litigation
- Meetings and Communications with Creditors
- Non-working Travel
- Plan of Reorganization
- Relief from Stay Proceedings

11. The figures for the time and amounts billed per project category cover the Period. The following chart generally describes the services rendered by Applicant to the Debtor in each of the relevant project categories, with more additional detail provided in *Exhibit A*:

---

[1] See *Exhibit A*.

| FEES INCURRED IN PERIOD | | |
|---|---|---|
| CATEGORY OF SERVICE | HOURS | FEES |
| Asset Analysis and Recovery | 0 | 0 |
| Asset Disposition | 0 | 0 |
| Assumption and Rejection of Leases and Contracts | 0 | 0 |
| Avoidance Action Analysis | 0 | 0 |
| Business Operations | 0 | 0 |
| Case Administration | 0 | 0 |
| Claims Administration and Objections | 0 | 0 |
| Employment and Fee Applications | 0 | 0 |
| Fee/Employment Objections | 0 | 0 |
| Financing and Cash Collateral | 0 | 0 |
| Meetings and Communications with Creditors | 0 | 0 |
| Plan of Reorganization | 0 | 0 |
| Litigation | 663.4 | $389,040 |
| Relief from Stay Proceedings | 0 | 0 |
| Non-working Travel[2] | 21.5 | $8,600 |
| **Totals** | **684.9** | **$397,640** |

### REQUEST FOR REIMBURSEMENT OF EXPENSES INCURRED

12. While providing legal services to the Debtor, Applicant incurred certain reasonable and necessary out-of-pocket expenses while representing the Debtor. A detailed record of these expenses is included in the Invoice. Expenses were billed at actual cost. Applicant does not charge for long-distance telephone, outgoing faxes, and in-house charges for copying and postage. Outside copies ($.15 per page) and postage are billed at the rate charged by the vendor. The applicant has made no request for general overhead expenses.

---

[2] Billed at one-half time.

13. Applicant's post-petition expenses are separated into relevant categories as outlined in the table below, with additional detail outlined in *Exhibit A*.

| EXPENSE | AMOUNT |
|---|---|
| Travel - Airfare | $1521.10 |
| Travel - Hotel | $3354.92 |
| Travel – Rental Car | $419.91 |
| Travel – fuel | $25.28 |
| Transcripts | $2,606.72 |
| **Total** | $11,881.52 |

14. Applicant believes that the expense request is reasonable, appropriate, and necessary and requests that the Court grant it reimbursement for $11,881.52 in reimbursable expenses incurred during the Period by Applicant on the Debtor's behalf.

## FACTORS AFFECTING COMPENSATION

15. Courts recognize that factors other than the number of hours spent and the hourly rate normally charged may be considered in fixing the amount of reasonable attorneys' fees to be awarded in a bankruptcy proceeding. Such factors are outlined in *In re First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). One or more of these *Johnson* factors may serve as a basis for enhancing the hourly rate that might otherwise be allowed. *Wolf v. Frank,* 555 F.2d 1213 (5th Cir. 1987). The *Johnson* factors are discussed in further detail below.

A. **Time and Labor Required**. *Exhibit A* lists in detail all the work performed for which compensation is sought. Time entries are broken out by the date the services were rendered, the individual performing such services, a description of the services, and the time expended. Applicant believes that such detail establishes that its request for compensation is reasonable. All the services specified were actual and necessary for the Debtor to perform its statutory duties.

B. **Novelty and Difficulty.** As outlined in more detail in Exhibit A, this case has involved several procedural phases and challenging legal issues. First, the Applicant engaged in post-trial motions practice before the 459th District Court of Travis County, Texas to preserve error for Debtor's appeal. Then, the Applicant worked with co-counsel to draft and file the Debtor's appeal to the Third Court of Appeals. This appeal addressed many complex legal issues, including:

- Whether death penalty sanctions unrelated to the claimed harm were unnecessarily harsh;
- Whether by construing causation to be "established," the trial court relieved Plaintiffs of their burden of proving causation;
- Whether Plaintiffs' intentional infliction of emotional distress claims were really defamation claims and, therefore, barred;
- Whether the trial court violated the Texas Damages Act by improperly bifurcating the trial;
- Whether joint and several liability can be imposed on Defendants for exemplary damages;
- Whether the trial court improperly permitted Plaintiffs to amend their petition to allege new causes of action after trial; and
- Whether the trial court violated established precedent by awarding Plaintiffs approximately $1,000,000 in attorney's fees that were not supported by contemporaneous detailed billing records.

C. **Skill Required to Perform the Legal Services Properly**. This Case required counsel to be familiar with various state laws related to defamation, intentional infliction of emotional distress, personal injury law, and state court trial and appellate practice.

D. **Preclusion of Other Employment**. Applicant is part of a four-lawyer firm. Accordingly, representation in this case has limited Applicant's firm's ability to accept other employment. Representation of this Debtor has required a significant amount of Applicant's capacity (684.9 hours of billable time) over the seventeen (17) months the case has been pending.

E. **Customary Fee**. The hourly rates for each professional are summarized above and in *Exhibit A*

filed in support of this Application. The attorneys' rates reflect the usual rates charged by the Applicant. The hourly rates requested by Applicant compare favorably with average costs for similar legal services provided by law firms representing similarly situated debtors.

F. **Whether the Fee is Fixed or Contingent**. The applicant's fee is neither fixed nor contingent, other than the contingency of court allowance and available assets to pay professionals. It is based on the actual total number of hours worked plus the actual costs incurred.

G. **Amount Involved and Results Obtained**. *Exhibit A* details the Applicant's work during the Period. The dates such services were rendered, the individual performing such services, descriptions of the services and the time expended are all detailed. Applicant believes that such information establishes that its requested compensation is reasonable. As a result of Applicant's efforts during the Interim Period, the Debtor filed its appeal of the more than $40 million dollar judgment entered against it.

H. **Experience, Reputation, and Ability of the Attorneys**.  Since leaving the United States Attorney's Office for the Southern District of Texas in 2012, Mr. Reynal has appeared as trial counsel for individuals in significant cases in the Southern District of Texas and elsewhere. Mr. Reynal has 17 years of experience focusing on trial advocacy and has a positive reputation in the business and legal community.

I. **"Undesirability" of Case**. Representation of the Debtor in this case was undesirable. The Debtor's principal is a controversial figure and the subject of public ire. Further, given the contentious nature of the Sandy Hook Litigation and the underlying claims, even matters that should be easily agreed upon are fiercely contested.

J. **Awards in Similar Cases**. Based on the Applicant's experience in the Texas legal market and

throughout the country, the Applicant's fees are lower than those allowed in proceedings of similar scope for the services rendered and results obtained.

## CONCLUSION

16. Pursuant to this Application, Applicant seeks approval of (i) compensation in the total sum of $198,820.00 and (ii) reimbursement of expenses in the total sum of $13,620.13. Applicant requests approval and payment of all approved, accrued, and unpaid fees and expenses.

## PRAYER

WHEREFORE, Applicant respectfully prays that the Court enter an order (i) approving this Application; (ii) allowing the reasonable attorney fees and expenses claimed herein as allowed administrative expenses of the Debtor's estate; (iii) authorizing and directing the Debtor to pay the remaining balance of approved amounts to Applicant promptly; and (iv) granting such other and further relief to which Applicant is justly entitled.

Respectfully submitted June 7, 2024.

> THE REYNAL LAW FIRM, P.C..
> 917 Franklin Street, Sixth Floor
> Houston, Texas 77002
> Telephone (713) 228-5900
> Email: areynal@frlaw.us
>
> By: /s/ F. Andino Reynal
> F. Andino Reynal
> Texas Bar No. 24060482
>
> **ATTORNEYS FOR FREE SPEECH SYSTEMS, LLC.**

## CERTIFICATE OF SERVICE

On January 11, 2024, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system. A Notice will also be mailed to those creditors who are not registered to receive electronic notice.

*/s/ F. Andino Reynal*
