IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| **FREE SPEECH SYSTEMS, LLC** ) | |
| ) | **Case No. 22-60043** |
| **Debtor** ) | |
| ) | |

**DEBTOR'S EMERGENCY MOTION
FOR COURT INSTRUCTIONS REGARDING (1) DISPOSITION OF DEBTOR'S PROPERTY, AND (2) CLARITY AS TO THE CHIEF RESTRUCTURING OFFICER'S RESPONSIBILITIES AND AUTHORITY, IN THE EVENT OF EITHER A DISMISSAL OF THIS CASE OR CONVERSION TO CHAPTER 7**
[June 14, 2024, Hearing Requested]

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

FSS, through J. Patrick Magill the chief restructuring officer ("CRO"), respectfully shows:

1

### There Will Soon Be a Chapter 7 Trustee Appointed in Jones' Personal Bankruptcy

1. Free Speech Systems LLC is a single member limited liability company and debtor in this subchapter V chapter 11 case.

2. Alex Jones is the 100% owner and manager of FSS. Mr. Jones is in a separate pending chapter 11 bankruptcy case.

3. On October 13, 2022, this Court entered its order appointing the CRO.

4. Last week, Alex Jones filed a motion to convert his personal chapter 11 bankruptcy to one under chapter 7. A debtor in chapter 11 has an absolute right to convert to chapter 7.[1] As such, there will soon be a chapter 7 trustee appointed in the Jones bankruptcy case.

### The Question as to Whether FSS Management Rights Will Be Controlled by the Jones Chapter 7 Trustee.

5. Since becoming involved in the FSS bankruptcy case in March of 2024, the undersigned has observed controversy—given that FSS is a single-member LLC -- regarding the scope of the management rights of the CRO versus the asserted management rights of Alex Jones.

6. Again, on June 14, 2024—if not sooner, given that the conversion right is absolute --it is very likely that the Jones case will convert to chapter 7 and a trustee will be appointed.

7. Particularly in view of this Court's *Envision Healthcare* holding last year, it is the undersigned's view that the Jones chapter 7 trustee will be the sole owner ***and manager*** of FSS.

> Nothing in the Bankruptcy Code renders the economic v. managerial distinction [under Delaware LLC law] meaningful in the context of the creation of the estate. Any such legal or equitable interest at the time of filing comes into the estate. Federal bankruptcy law determines the scope of a debtor's bankruptcy estate. …
> .           .           .           …      .

---

[1] "Subsection (a) [of 1112] gives the debtor an absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case." Senate Report No. 95–989 discussing 11 USC § 1112.

2

> Federal bankruptcy law says that the creation of an estate is automatic and immediate upon a bankruptcy filing. There is no metaphysical moment in time for state law to alter or modify any prepetition legal rights between the filing of the petition and creation of the estate. And the automatic stay begins at the same time the petition is filed to protect a debtor and its creditors. Congressional intent that these events occur simultaneously and instantaneously is supported by § 541(c)(1)(B), which ensures that state law cannot be used to deprive a debtor of property rights because of a bankruptcy filing. … Section 18-304 of the Act directly conflicts with, and must give way to, § 541 of the Bankruptcy Code.

*In re Envision Healthcare Corp.*, 655 BR 701 – (Bankr. S.D. Tex. 2023).   In 2021, the American College of Bankruptcy published a good discussion of the case law on this issue.  See

https://www.americancollegeofbankruptcy.com/file.cfm/29/docs/Consumer%20Panel.Administering%20LLC%20Interests%20in%20Bankruptcy%20-%20Final.Caruso.pdf

### To Whom the CRO Should Transfer Bank Accounts—Holding Millions in Cash -- and Control of Assets in the Event of FSS Dismissal, Rather Than Conversion

8. The CRO has sole control of the FSS bank accounts. On June 14th, FSS, acting through the CRO, will be supporting conversion rather than dismissal of the FSS case.  On the other hand, it appears that the Alex Jones supports dismissal of FSS.

9. Last month the Court indicated that it would likely dismiss the FSS case, rather than convert the FSS case.    If the FSS case is dismissed rather than converted, the CRO anticipates that there will be a dispute between, on the one hand, Alex Jones, and, and on the other hand, the Jones chapter 7 trustee, regarding who should have control of the assets of FSS, ***including the millions of dollars in FSS' bank accounts,*** FSS's supplement inventory, and intellectual property, among other assets.

10. FSS, through the CRO, asks this Court that any order—whether implementing conversion or dismissal of FSS --specify (a) to whom  (and when) the CRO should transfer control of the assets (including bank accounts), and (b) during any transition period, the degree to which

3

the CRO (or any other individual who may be tasked with the transition) has authority (subject to, of course, the rights of any Jones chapter 7 trustee or FSS chapter 7 trustee) to take all actions necessary to maximize and protect the value of FSS and its assets and premises. Without swift clarification on that point, FSS's assets are at unreasonable risk.

11. The CRO continues to attempt to work with the parties regarding a "soft landing" under either a dismissal or conversion scenario.

## Certificate of Emergency Circumstances

12. The undersigned certifies that, as set forth above, circumstances merit emergency consideration.

## Prayer

Movants respectfully request that the Court enter the attached proposed order.

DATED: June 11, 2024.

Respectfully submitted,

O'CONNORWECHSLER PLLC
By: /s/ Annie Catmull
Annie E. Catmull
State Bar No. 00794932
aecatmull@o-w-law.com
Kathleen A. O'Connor
State Bar. No. 00793468
4400 Post Oak Plaza, Suite 2360
Houston, Texas 77027
Telephone: (281) 814-5977

COUNSEL FOR FREE SPEECH SOLUTIONS, LLC

## Certificate of Service

I certify that on June 8, 2024, the attached emergency motion was served via the Court's ECF notification system to all registered parties who have made an appearance in this case.
.

By: /s/ Annie Catmull
Annie E. Catmull