# Exhibit 2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-33553 |
| | § | |
| **ALEXANDER E. JONES** | § | (Chapter 11) |
| | § | |
| Debtor. | § | |
| | § | |

## DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUTPCY CODE

**Emergency relief has been requested. Relief is requested by not later than 10:00 a.m. (prevailing Central Time) on June 14, 2024.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, emergor file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez." Click the settings icon in the upper right corner and enter your number under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

Alexander E. Jones (the "Debtor" or "Jones"), debtor and debtor in possession in the above-referenced chapter 11 case hereby files this motion (the "Motion") for entry of an order, pursuant to section 1112(a) of the title 11 of the United States Code 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code"), converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code. In support of this Motion, the Debtor respectfully states as follows:

## I. JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought are 11 U.S.C. §§ 1112(a), Fed. R. Bankr. P. 1017, and 9013.

## II. BACKGROUND

4. On December 2, 2022 (the "Petition Date"), Debtor Alexander E. Jones filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtor is an employee of Free Speech Systems, LLC ("FSS"), which filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 29, 2022. Jones owns 100% of the outstanding membership interests in FSS.

6. Jones continues in possession of his holdings and is managing as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No request has been made for the appointment of a trustee or examiner. An official unsecured creditors' committee (the "UCC") was appointed on or about December 13, 2022. The Debtor has been liquidating his non-exempt assets in an orderly fashion during the pendency of this chapter 11 case for the benefit of creditors.

7. On or about December 15, 2023, the Debtor filed his Plan of Reorganization (as amended, the "Plan"), and the UCC filed the Creditors' Plan (as amended, the "Creditors' Plan"). Orders were entered conditionally approving the Disclosure Statements and setting various deadlines for both the Plan and the Creditors' Plan on January 25, 2024.

8. The parties have been unable to reach a global resolution that could be incorporated into the terms of a plan of reorganization.

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE – Page 2**

9. On or about June 2, 2024, certain of the creditors of the Debtor and FSS (the "Connecticut Plaintiffs")[1] filed an *Emergency Motion to Convert the FSS Case to Chapter 7* [FSS Docket No. 921]. At a recent hearing, the Bankruptcy Court signaled its intention to dismiss the FSS case if a plan was not confirmed by June 14, 2024. Thus, with the anticipated conversion or dismissal of the FSS case, the Debtor does not believe his own estate would continue to benefit by remaining in chapter 11. Furthermore, the Debtor does not anticipate that a resolution may be reached with the other parties in interest sufficient to confirm a chapter 11 plan of reorganization. Thus, drawing out the chapter 11 process merely to complete the liquidation process would result in additional administrative expense with little benefit to the Debtor's estate. Accordingly, the Debtor submits that this chapter 11 case should be converted to chapter 7.

### III. RELIEF REQUESTED

10. By this Motion, Jones seeks entry of an order, pursuant to section 1112(a) of the Bankruptcy Code, converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code.

### IV. BASIS FOR RELIEF REQUESTED

11. Section 1112(a) of the Bankruptcy Code entitles a debtor to convert its case from chapter 11 to chapter 7, unless (i) the debtor is not a debtor in possession, (ii) the case was originally commenced as an involuntary case under chapter 11, or (iii) the case was converted to a chapter 11 case at the request of a non-debtor party. *See* 11 U.S.C. § 1112(a). The Debtor meets all of these statutory requirements and is thus entitled to convert his case from chapter 11 to chapter 7.

---

[1] The "Connecticut Plaintiffs" are Mark Barden, Jacqueline Barden, Francine Wheeler, David Wheeler, Ian Hockley, Nicole Hockley, Jennifer Hensel, William Aldenberg, William Sherlach, Carlos M. Soto, Donna Soto, Jillian Soto-Marino, Carlee Soto Parisi, and Robert Parker.

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE – Page 3**

12. Section 1112(a) of the Bankruptcy Code "gives the debtor [in possession] the absolute right to convert a voluntarily commenced chapter 11 case . . . to a liquidation case" under chapter 7. *In re Schuler*, 119 B.R. 191, 192 (Bankr. W.D. Mo. 1990) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 117 (1978)); *see also In Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (stating that the plain language of section 1112(a) "gives the debtor an absolute right to convert" unless one of the enumerated exceptions applies); 7 Collier on Bankruptcy ¶ 1112.02[1], at 1112-8 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

13. Provided that the statutory exceptions set forth in Section 1112(a) do not apply, a debtor has an absolute right to convert its case from chapter 11 to chapter 7 of the Bankruptcy Code. *See In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1161 (5th Cir. 1988) (finding that "[a] debtor has the absolute right to convert his or her Chapter 11 case to a Chapter 7 case" under section 1112(a)); *Results Sys. Corp. v. MQVP, Inc.*, 395 B.R. 1, 5 (E.D. Mich. 2008) ("[§] 1112(a) gives the debtor the right to convert a chapter 11 case to a liquidation case under chapter 7 at any time.") (internal citation omitted); *see also* Fed. R. Bankr. P. 1017(f)(1) and 1017(f)(2) (conversion under section 1112(a) is requested by motion under Bankruptcy Rule 9013 but is not to be treated as a contested matter under Bankruptcy Rule 9014).

14. Jones respectfully submits that the requirements for conversion set forth in 1112(a) are satisfied here. Jones is a debtor in possession under Section 1107 and 1108 of the Bankruptcy Code, and he commenced his chapter 11 case voluntarily, and there has been no prior conversion. Furthermore, he is eligible for chapter 7 bankruptcy and could have initiated his case originally under that chapter. Therefore, section 1112(a) provides an absolute right under the circumstances for the debtor to convert his case to one under chapter 7.

15. Alternatively, Bankruptcy Code section 1112(b) also authorizes the same relief if a debtor can demonstrate "cause" in accordance with the statute. *See* 11 U.S.C § 1112(b)(1). "Cause" includes "continuing loss or diminution of the estate and absence of a reasonable likelihood of rehabilitation." *Id.* § 1112(b)(4)(A). Courts have held that continuing to incur quarterly U.S. Trustee fees and legal fees may constitute a continuing loss for purposes of this prong. *See In re FRGR Managing Member LLC*, 419 B.R. 576, 581 (Bankr. S.D.N.Y. 2009). The list of factors set forth under section 1112(b)(4) are non-exclusive examples of cause and a bankruptcy court may consider other factors and employ its equitable powers to reach the result appropriate in the particular case. *See Camden Ordnance Mfg. Co. of Ark., Inc. v. U.S. Trustee (In re Camden Ordnance Mfg. Co. of Ark., Inc.)*, 245 B.R. 794, 798 (E.D. Pa. 2000); *In re Congoleum Corp.*, 414 B.R 44, 61 (D. N.J. 2009); *In re Ramreddy, Inc.*, 440 B.R. 103, 115 (Bankr. E.D. Pa. 2009).

16. Given that there is no reasonable prospect of a successful reorganization, remaining in chapter 11 would incur additional administrative expenses without concomitant benefit to the Debtor's estate. Thus, under these circumstances, the Debtor respectfully submits that the interests of all parties in interest would be best served by converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code.

### V.     CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form attached hereto as **Exhibit A** (i) granting this Motion; (ii) converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code; and (iii) granting such other relief as the Court deems appropriate under the presented facts and circumstances.

Dated: June 5, 2024.

           **CROWE & DUNLEVY, P.C.**

           By: */s/ Christina W. Stephenson*
           Vickie L. Driver
           State Bar No. 24026886
           Christina W. Stephenson
           State Bar No. 24049535
           2525 McKinnon St., Suite 425
           Dallas, TX 75201
           Telephone: 737.218.6187
           Email: dallaseservice@crowedunlevy.com

           **ATTORNEYS FOR DEBTOR ALEXANDER E. JONES**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing pleading was served by the Court's CM/ECF system on all parties registered to receive such service on the date of filing, 5th day of June, 2024.

           */s/ Christina W. Stephenson*
           Christina W. Stephenson

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-33553 |
| | § | |
| **ALEXANDER E. JONES** | § | (Chapter 11) |
| | § | |
| Debtor. | § | |
| | § | |

**ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CASE
UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion") of the Debtor for entry of an order (this "Order"), pursuant to section 1112(a) of the Bankruptcy Code, Bankruptcy Rule 1017 and 9013, converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code, as more fully described in the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, his estate, his creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (if any) (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** as set forth herein.

2.    The Debtor's chapter 11 case is hereby converted, pursuant to 11 U.S.C. § 1112(a), to a case under chapter 7 of the Bankruptcy Code, effective as of the date of the entry of this Order

(the "Conversion Date").

3. The following Conversion Procedures are hereby approved:

a. Professional Fees. To the extent applicable, professionals retained in the chapter 11 case shall submit final fee applications (the "Final Fee Applications") in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court by no later than 14 days after the Conversion Date (the "Final Fee Application Deadline"). The Court will schedule a hearing, at the Court's convenience, on such Final Fee Applications on _____, 2024 at __: __ _. m. All approved amounts owed for professionals' fees and expenses shall be paid (x) first, from each professional's retainer, to the extent such retainers exist; and thereafter (y) from the Debtor's chapter 7 estate.

b. The Committee. On the Conversion Date, the Committee shall be immediately dissolved, and all professionals retained by the Committee shall be immediately discharged, with no further action required by the Debtor or the Committee.

c. Books and Records. As soon as reasonably practicable, but in no event more than fourteen (14) days after the assumption of duties by the chapter 7 trustee, the Debtor shall turn over to the chapter 7 trustee the books and records of the Debtor in the Debtors' possession and control, as required by Bankruptcy Rule 1019(4). For purposes hereof, the Debtors may provide copies (including electronic copies) of such books and records to the chapter 7 trustee, or instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein.

d. Lists and Schedules. To the extent not already filed with the Court, within 14 days

of the Conversion Date, the Debtors shall file the statements and schedules required by Bankruptcy Rules 1019(1)(A) and 1007(b).

e. <u>Schedule of Unpaid Debts</u>. Within 14 days of the Conversion Date, the Debtors shall file a schedule of unpaid debts incurred after commencement of the Debtor's chapter 11 case, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5).

f. <u>Final Report</u>. Within thirty (30) days after the Conversion Date, the Debtor shall file and transmit to the chapter 7 trustee a final report and account in accordance with Bankruptcy Rule 1019(5)(A).

4. A representative of the Debtor and his counsel shall appear at the First Meeting of Creditors pursuant to section 341(a) and 343 of the Bankruptcy Code and such representative shall be available to testify at such meeting.

5. Nothing in this Order or in the conversion of the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code will vacate, nullify, or otherwise modify any order entered in the Debtor's chapter 11 case, including, for the avoidance of any doubt, any Sale Order.

6. The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

7. The terms of this Order shall be effective and enforceable immediately upon its entry.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2024

_____
**UNITED STATES BANKRUPTCY JUDGE**