IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | Case No. 22-60043 |
| | § | |
| Debtor. | § | |

**RESPONSE OF CREDITOR O'CONNORWECHSLER PLLC TO THE EMERGENCY MOTION OF THE CHAPTER 7 TRUSTEE**
**[Relates to ECF # 957]**

Creditor O'ConnorWechsler PLLC ("OWPLLC") respectfully requests that the Court consider the following time sensitive issues when it takes up the chapter 7 trustee's emergency motion at ECF # 957.

1. ***OWPLLC's ethics-driven requests for withdrawal.*** The dismissal order at ECF #957 terminated OWPLLC as counsel for Free Speech Systems PLLC ("FSS"). The same order, however, retained jurisdiction over adversary proceedings 24-3038 (the ESG lawsuit), 23-3127 (the PQPR lawsuit), and 22-3331 (the removed *Heslin et al v. A. Jones et al* lawsuit). FSS is a party in those adversary proceedings and OWPLLC remains as its counsel of record in each proceeding.

2. To make the record clear in the retained PQPR adversary proceedings, OWPLLC has filed a motion to withdraw as counsel in the PQPR litigation. A copy is attached hereto. As set forth with more particularity in the attached motion, the rules of ethics require OWPLLC's withdrawal. Soon similar motions will be filed in the other retained litigation.

3. ***Competing claims of authority over FSS***. At the moment, OWPLLC's withdrawal requests are <u>not</u> ripe. Whether ultimately granted or denied, however, going forward FSS's attorneys (whoever they will be) will need direction from this Court to understand who—as

between the Alex Jones chapter 7 trustee and Alex Jones –has management rights over FSS. Otherwise, counsel will <u>not</u> know from whom to take direction. Without knowing who is in charge, the retained litigation cannot be negotiated or settled, nor meaningfully prosecuted/defended.

4.  ***The turnover order & payment***.  In view of the recent turnover order, FSS appears to lack the ability to pay attorney fees going forward.   That is one of the bases for OWPLLC's pending and contemplated withdrawal requests.   For the retained litigation to be disposed of meaningfully, FSS (or its successor in interest, whoever that is)  must be able to pay FSS's attorneys fee in the retained litigation.

## Prayer

OWPLLC prays that the Court takes the above into consideration when it disposes of the motion at ECF # 957.

Houston, Texas  
Dated: June 26, 2024

O'CONNORWECHSLER PLLC

*/s/ Annie E. Catmull*  
Annie E. Catmull (Texas Bar No. 00794932)  
4400 Post Oak Parkway, Suite 2360  
Houston, Texas 77027  
Telephone: (281) 814-5977  
Email: aecatmull@o-w-law.com

FOR O'CONNORWECHSLER PLLC

## Certificate of Service

I certify that on June 26, 2024, I caused the attached to be served via ECF notification system to all registered users who have made an appearance.

*/s/ Annie E. Catmull*  
Annie E. Catmull

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § § § | Chapter 11 |
| FREE SPEECH SYSTEMS, LLC, | | Bankruptcy Case No. 22-60043 |
| Debtor. | | |

| | | |
|---|---|---|
| FREE SPEECH SYSTEMS, LLC, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Adversary No. 23-03127 |
| PQPR HOLDINGS LIMITED LLC, JLJR HOLDINGS, LLC, PLJR HOLDINGS, LLC, AEJ AUSTIN HOLDINGS, LLC, AEJ 2018 TRUST, CAROL JONES and DAVID JONES. | | |
| Defendants. | | |

**MOTION TO WITHDRAW AS COUNSEL FILED BY ANNIE CATMULL, KATHLEEN O'CONNOR, AND O'CONNORWECHSLER PLLC**

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Annie Catmull, Kathleen O'Connor, and O'ConnorWechsler PLLC (collectively, the "OWPLLC"), respectfully show:

1. By this motion, OWPLLC respectfully requests entry of an order substantially in the form attached hereto granting this motion to withdraw as counsel for Free Speech Systems, LLC ("FSS").

### The Court's Authorization of Debtor's Engagement of OWPLLC

2. On March 13, 2024, this Court entered an order authorizing (then) Subchapter V chapter 11 debtor, FSS, to employ OWPLLC to substitute in for attorney Ray Battaglia who had recently filed a motion to withdraw as counsel. ECF # 869 in the above-styled bankruptcy case.

3. Thereafter, OWPLLC made an appearance in the above-styled adversary proceeding.

4. On June 21, 2024, this Court entered an order in the main bankruptcy case dismissing the FSS bankruptcy case. ECF # 956 in the above-styled bankruptcy case. The same order, however, expressly retained jurisdiction of the above-styled adversary proceeding.

### "Cause" for Withdrawal of OWPLLC

5. ***Termination by this Court***. There is cause for the relief sought in this motion. First, the above-described dismissal order provides as follows: "The employment of all professionals retained in these chapter 11 cases and the Subchapter V Trustee's service is terminated." As such, OWPLLC's services have already been terminated by this Court. This is cause for withdrawal as counsel. Tex. R. Disc. P. 1.15(a)(3) (lawyer "shall" withdraw if discharged). [1]

6. ***Rules of ethics***. Second, to the extend that this Court determines that Alex Jones, as opposed to his chapter 7 trustee controls management rights over FSS, further representation by OWPLLC puts OWPLLC at undue risk of violating the professional rules of ethics. One, because OWPLLC has been discharged, see paragraph 5 above, withdrawal is mandatory. Two, as demonstrated at the June 14th hearing a few weeks ago, there is a fundamental disagreement[2]

---

[1] "A lawyer … shall withdraw, except as stated in paragraph (c), from the representation of a client, if: … the lawyer is discharged, with or without good cause."

[2] See comment 7 to Tex. R. Disc. P. 1.15: "The lawyer also may withdraw where the client insists on pursuing a repugnant or imprudent objective or one with which the lawyer has fundamental disagreement."

between OWPLLC and FSS's sole owner and member manager.[3] [4]

7. **_FSS's inability to pay_**. Third, on June 21, 2024, the Texas plaintiffs filed a motion for turnover in Travis County District Court. The Travis County District Court thereafter[5] entered a turnover order directing FSS to turnover all of its assets to the creditors generally referred to in the FSS bankruptcy as the "Texas plaintiffs." See the emergency motion of the Alex Jones chapter 7 trustee discussing (and attaching) the turnover motion at ECF # 957 in case no. 22-60043 and ECF # 720 in case no. 22-33553. FSS, it appears, no longer has the ability to pay OWPLLC. Unless the Court grants this motion to withdraw, OWPLLC's continuing representation of FSS in this adversary proceeding will be an unreasonable and substantial financial burden on OWPLLC. See Tex. R. Disc. P. 1.15 (b)(6)(cause for withdrawal includes that "the representation will result in an unreasonable financial burden on the lawyer").

8. **_No delay._** Fourth, there is no scheduling order and trial setting in this adversary proceeding. There are no pending deadlines which must be met by FSS.

9. **_FSS has not indicated opposition._** Fifth, FSS, of course, has a right to object to this motion. FSS

---

[3] Subject to the rights of the chapter 7 trustee.

[4] Three: Before this Court appointed J. Patrick Magill as CRO in the bankruptcy case, the Court first denied FSS's application to engage a different proposed CRO, one apparently approved in advance of the FSS bankruptcy case by Alex Jones and his professionals. See ECF # 181. During the hearing that led to this Court's denial of that employment application, the Court made it clear that it (understandably) desires independence from a Court-appointed CRO. See ECF # 194, 9/20/22 tr., p. 215, lines 10-23 (Court questioning proposed CRO's independence by pointing out FSS cash collateral budget items that cover Alex Jone's travel expenses, legal expenses, and money to PQPR, a non-debtor entity indirectly owned by Alex Jones and his family).
During the subsequent hearing on whether to appoint J. Patrick Magill as the CRO, the Court swore Mr. Magill in and asked Mr. Magill if he has any connections to FSS, to Alex Jones, or to any principals or related entities, other than what is in Mr. Magill's filed disclosures. After Mr. Magill answered that he is aware of none, the Court continued: "And you understand, I think we, in prior cases, we've talked about how important I view the role of the CRO. If there's any issues then, how I view the fiduciary role that you would be taking on, and if there's any issues, you are to come to me." ECF # 232, audio tr. 27:56 to 28:38.
To the extent that continued representation of FSS in this adversary proceeding includes investigation of transactions directly or indirectly involving parties related to Alex Jones (or entities that he controls), continued representation unduly risks violation of Tex. R. Disc. P. 1.12. See comment 3 to the rule, offering as an example, how "if an officer [here, the former CRO, J. Patrick Magill] of an organizational client [here, FSS] requests its lawyers to investigate allegations …. [Then] [t]he lawyer may not disclose to such [investigated] constituents information relating to the representation except for disclosures permitted by Rule 1.05."

[5] Apparently later the same day.

is a limited liability company with a single owner/manager, Alex Jones. Alex Jones is in a chapter 7 bankruptcy case and on June 14, 2024, the Office of the U.S. Trustee appointed Chris Murray the interim chapter 7 trustee. OWPLLC has advised FSS—through Chris Murray and his bankruptcy counsel, through Mr. Jones' personal bankruptcy counsel, through FSS's state court counsel, and through FSS's registered agent – of OWPLLC's intent to seek withdrawal. To date there have been no responses indicating either opposition or lack of opposition. And to date it is not clear who has management rights over FSS as between the Alex Jones chapter 7 trustee and Alex Jones. See note 6 herein.

10. ***Position of other parties to this adversary.*** On June 24, 2024, the undersigned emailed counsel for all parties in this adversary to learn whether the parties oppose or do not oppose the relief sought in this motion. To date there have been no responses indicating either opposition or lack of opposition.

11. The undersigned certifies that a copy of this motion was served to FSS (via first class mail, and where indicated, email) at the addresses below.

| **Role With FSS** | **Name and Mailing Address** | **Email Address** |
|---|---|---|
| Chris Murray, the chapter 7 trustee in the Alex Jones bankruptcy case[6] | Chris Murray c/o Erin Jones Jones Murray LLP 602 Sawyer Street, Suite 400 Houston, Texas 77007<br><br>And<br><br>Chris Murray c/o Joshua Wolfshohl 1000 Main St Ste 3600, Houston, TX 77002 | erin@jonesmurray.com<br><br><br><br><br><br>jwolfshohl@porterhedges.com |
| Counsel of record for FSS in in Texas state court proceedings. | Free Speech Systems, LLC c/o Federico "Andino" Reynal 917 Franklin Street, Sixth Floor | areynal@frlaw.us |

---

[6] Based on the authorities set forth in ECF # 933 in case no. 22-60043, the chapter 7 trustee for Alex Jones may have sole management rights over FSS.

| Role With FSS | Name and Mailing Address | Email Address |
|---|---|---|
| | Houston Texas 77002 | |
| Counsel of record for FSS in the following matters in Texas state court proceedings. | Free Speech Systems, LLC<br>c/o Chris Martin<br>Martin Disiere Jefferson & Wisdom<br>808 Travis, Suite 1100<br>Houston, TX 77002 | martin@mdjwlaw.com |
| Counsel for record for Alex Jones in the Alex Jones bankruptcy case | Free Speech Systems, LLC<br>c/o Vickie L. Driver<br>2525 McKinnon Street, Suite 425<br>Dallas, TX 75201<br><br>Free Speech Systems, LLC<br>c/o Shelby Jordan<br>248 Addie Roy Rd., Suite B-301<br>Austin, TX 78746<br><br>and<br><br>Free Speech Systems, LLC<br>c/o Shelby Jordan<br>500 N. Shoreline Blvd. Suite 804<br>Corpus Christi, Texas 78401 | vickie.driver@crowedunlevy.com<br><br><br><br><br>sjordan@jhwclaw.com |
| FSS registered agent | John C. Carsey<br>1100 Guadalupe St<br>Austin, TX 78701 USA | n/a |
| FSS address with Texas Secretary of State | Free Speech Systems, LLC<br>PO Box 19549<br>Austin, TX78701 | n/a |
| FSS address with the U.S. Bankruptcy Court | 3019 Alvin Devane Blvd. STE 300<br>Austin, TX 78741 | n/a |

12. OWPLLC respectfully requests that this Court enter an order granting this motion to withdraw as counsel.

**O'CONNORWECHSLER PLLC**

By: ___/s/ Annie Catmull___

Annie E. Catmull  
State Bar No. 00794932  
aecatmull@o-w-law.com  
4400 Post Oak Plaza, Suite 2360  
Houston, Texas 77027  
Telephone: (281) 814-5977

**FOR O'CONNORWECHSLER PLLC, ANNIE E. CATMULL, AND KATHLEEN A. O'CONNOR**

## CERTIFICATE OF SERVICE

I certify that on June 26, 2024, I served a copy of the attached via the Court's electronic notification system to the parties who have made an electronic appearance in this case.

By: ___/s/ Annie Catmull_____
     Annie E. Catmull