IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22-60043 |
| | § | (Subchapter V) |
| Debtor. | § | |

**FINAL FEE APPLICATION OF MARTIN, DISIERE, JEFFERSON & WISDOM, LLP, SPECIAL COUNSEL TO THE DEBTOR FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM AUGUST 30, 2022, THROUGH JUNE 21, 2024**
(Relates to dkt. nos. 348 & 956)

## SUMMARY COVER SHEET

| Name of Applicant: | | Martin, Disiere, Jefferson & Wisdom, LLP ("***MDJW***") |
|---|---|---|
| MDJW's professional role in case: | | Special Counsel to Debtor |
| Indicate whether this is an interim or final application: | | Final |
| Date order of employment was signed: | | December 21, 2022 |
| | Beginning of Period | Ending of Period |
| Total period covered in application | August 30, 2022 | June 21, 2024 |
| Time periods covered by any prior applications | N/A | N/A |
| Total amounts awarded in all prior applications | | N/A |
| Amount of retainer received from FSS | | None[1] |
| Total Fees | | $662,502.50[2] |

---

[1] No retainer was paid by Debtor to MDJW, but a retainer of $110,000 was paid to MDJW by Alexander E. Jones ("***Jones***"), the debtor in bankruptcy case 22-33553 (the "***Jones Case***").

[2] MDJW requests allowance of all appropriate applicable fees and expenses herein, on a final basis, though wishes to clarify that pursuant to the terms of the *Order Approving Debtor's Application To Employ Martin, Disiere, Jefferson & Wisdom, L.L.P. Under 11 U.S.C. § 327(e), As Special Counsel Effective As Of August 30, 2022* (dkt. # 348, the ("***Order Authorizing Employment***")), Debtor and Jones are each responsible for 50% of these fees and expenses. The order authorizing employment of MDJW in the Jones Case was effective January 8, 2023 (dkt. # 186 in the Jones Case). The Order Authorizing Employment in this case was entered on December 21, 2022, and effective August 30, 2022. Therefore, the total fees sought in this case are larger than the total fees being sought in the Jones Case.

Additionally, there were 61.50 hours of work by MDJW at $425 an hour (totaling $26,137.50) during the period of April 25, 2022, through August 29, 2022, which was prior to the Order Approving Employment of MDJW in this case. Therefore, these fees fall outside the the Application Period and are not included in this Application. Further, 9.10 hours of travel time was incorrectly billed at the full rate of $425, instead of the half-rate as required. Therefore,

| | |
|---|---|
| Total fees applied for in this application and in all prior applications (include any retainer amounts applied or to be applied) | $662,502.50[3] |
| Total professional fees requested in this application | $655,992.00 |
| Total paraprofessional fees requested in this application | $   6,510.50 |
| Total professional hours covered by this application | 1998.60 |
| Average hourly rate for professionals | $328.23 |
| Total paraprofessional hours covered by this application | 45 |
| Average hourly rate for paraprofessionals | $144.68 |
| Total reimbursable expenses | $18,934.01[4] |
| Reimbursable expenses sought in this application | $18,934.01 |

---

$1,955.00 in fees during the Application period have been deducted.  The total of the fees detailed in invoices attached as Exhibit A to this Application is $690,595,00.  After these deductions, the total remaining sum is $662,502.50, which is the total of the fees for which MDJW seeks approval.

[3] Since Jones is to pay 50% of these fees, the amount owed by FSS, pursuant to this Application if approved, is $331,251.25 minus the $78,215.81 in payments by FSS against MDJW's invoices.  This total is $253,035.44.

[4] The expenses itemized in the invoices attached as Exhibit A total $20,188.28, but were reduced by the sum of $1,254.27 in non-reimbursable expenses.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FREE SPEECH SYSTEMS, LLC, | § | Case No. 22-60043 |
| | § | (Subchapter V) |
| Debtor. | § | |

**FINAL FEE APPLICATION OF MARTIN, DISIERE, JEFFERSON & WISDOM, LLP, SPECIAL COUNSEL TO THE DEBTOR FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD FROM AUGUST 30, 2022, THROUGH JUNE 21, 2024.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS**.

**TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P. ("*MDJW*") files this Final Application (the "*Application*") for approval of MDJW's fees in the total amount of $662,502.50 and reimbursement of expenses totaling $18,934.01 incurred during its employment as special counsel to Free Speech Systems, LLC ("*Debtor*"). In support of this Application, MDJW

respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Southern District of Texas. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016, and the Local Rules of this Court.

## RETENTION OF MDJW AND PRIOR COMPENSATION

3. On July 29, 2022 (the "*Petition Date*"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor's principal, Alexander E. Jones ("*Jones*"), subsequently filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in Case No. 22-bk-33553, on December 2, 2022 (the "*Jones Case*").

4. On September 14, 2022, Debtor filed its *Application of Debtor For An Order (A) Authorizing Employment Of Martin, Disiere, Jefferson & Wisdom, L.L.P. Under 11 U.S.C. § 327(e), As Special Counsel, Effective As Of August 30, 2022, And Granting Related Relief* (dkt. #155). On December 21, 2022, this Court approved the retention of MDJW as special counsel for Debtor (the "*Retention Order*") (dkt. # 348). The Retention Order provides, on page 3, that MDJW will receive 50% of its fees and expenses from Debtor, with the remaining 50% to be paid by Jones. Fifty percent of the fees and expenses requested herein would be $331,251.25 and $9,467.01, respectively.

5. This Application includes the fees and expenses incurred during the entire period of the MDJW's engagement (the "*Application Period*"). MDJW asserts such fees and expenses were reasonable, necessary, and appropriate, given the circumstances.

## NATURE AND EXTENT OF LEGAL SERVICES PROVIDED

6. MDJW has provided extensive legal services to Debtor during the Application Period. Attached to this Application as **Exhibit A** are the invoices detailing the timekeeping entries during the Period generated by MDJW's attorneys and paralegals who have worked on the appellate matter for which MDJW was hired (collectively, the "***Invoice***").[5] These entries describe the MDJW's services on the Debtor's and Jones' behalf.

7. The Invoice also specifies each attorney or paralegal who provided compensable services. Specifically, the Invoice identifies the person providing the service and the following: (1) that person's individual billing rate and (2) the total number of hours expended by that person.

8. MDJW has broken down its legal services rendered according to the project categories propounded by the Guidelines of the Office of the United States Trustee. The pertinent project categories are:

- Asset Analysis and Recovery
- Asset Disposition
- Assumption and Rejection of Leases and Contracts
- Avoidance Action Analysis
- Business Operations
- Case Administration
- Claims Administration and Objections
- Employment and Fee Applications
- Fee/Employment Objections
- Financing and Cash Collateral
- Litigation
- Meetings and Communications with Creditors
- Non-working Travel

---

[5] See **Exhibit A**.

- Plan of Reorganization
- Relief from Stay Proceedings

9. The figures for the time and amounts billed per project category cover the Application Period. The following chart generally describes the services rendered by MDJW to the Debtor in each of the relevant project categories, with additional detail provided in the Invoice:

| FEES INCURRED IN PERIOD | | |
|---|---|---|
| **CATEGORY OF SERVICE** | **HOURS** | **FEES** |
| Asset Analysis and Recovery | 0 | 0 |
| Asset Disposition | 0 | 0 |
| Assumption and Rejection of Leases and Contracts | 0 | 0 |
| Avoidance Action Analysis | 0 | 0 |
| Business Operations | 0 | 0 |
| Case Administration | 0 | 0 |
| Claims Administration and Objections | 0 | 0 |
| Employment and Fee Applications | 0 | 0 |
| Fee/Employment Objections | 0 | 0 |
| Financing and Cash Collateral | 0 | 0 |
| Meetings and Communications with Creditors | 0 | 0 |
| Plan of Reorganization | 0 | 0 |
| Litigation | 2022.40 | $657,997.50 |
| Relief from Stay Proceedings | 0 | 0 |
| Non-working Travel[6] | 21.20 | $4,505.00 |
| **Totals** | | |

---

[6] Billed at one-half time. See fn. 2.

## REQUEST FOR REIMBURSEMENT OF EXPENSES INCURRED

10. While providing legal services to the Debtor, MDJW incurred certain reasonable and necessary out-of-pocket expenses related to its representation. A detailed record of these expenses is included in the Invoice. Expenses were billed at actual cost. MDJW does not charge for long-distance telephone, outgoing faxes, and in-house charges for copying and postage. Outside copies ($.15 per page) and postage are billed at the rate charged by the vendor. MDJW has made no request for general overhead expenses.

11. MDJW believes that the expense request is reasonable, appropriate, and necessary and requests that the Court grant it reimbursement for $18,934.01 in reimbursable expenses incurred during the Application Period by MDJW on the Debtor's and Jones' behalf.

## FACTORS AFFECTING COMPENSATION

12. Courts recognize that factors other than the number of hours spent and the hourly rate normally charged may be considered in fixing the amount of reasonable attorneys' fees to be awarded in a bankruptcy proceeding. Such factors are outlined in *In re First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). One or more of these *Johnson* factors may serve as a basis for enhancing the hourly rate that might otherwise be allowed. *Wolf v. Frank,* 555 F.2d 1213 (5th Cir. 1987). The *Johnson* factors are discussed in further detail below.

A. **Time and Labor Required**. The Invoice details all the legal work performed for which compensation is sought. Time entries are broken out by the date the services were rendered, the individual performing such services, a description of the services, and the time expended. MDJW believes that such detail establishes that its request for compensation of its fees is reasonable. All the services specified were actual and necessary for the Debtor to perform its statutory duties.

B. **Novelty and Difficulty.** As detailed in the Invoice, this case has involved several procedural phases and challenging legal issues. First, MDJW engaged in post-trial motions practice before the 459th District Court of Travis County, Texas to preserve error for Debtor's appeal. Then, the MDJW worked with co-counsel to draft and file the Debtor's appeal to the Third Court of Appeals. This appeal addressed many complex legal issues, including:

- Whether death penalty sanctions unrelated to the claimed harm were unnecessarily harsh;
- Whether by construing causation to be "established," the trial court relieved Plaintiffs of their burden of proving causation;
- Whether Plaintiffs' intentional infliction of emotional distress claims were really defamation claims and, therefore, barred;
- Whether the trial court violated the Texas Damages Act by improperly bifurcating the trial;
- Whether joint and several liability can be imposed on Defendants for exemplary damages;
- Whether the trial court improperly permitted Plaintiffs to amend their petition to allege new causes of action after trial; and
- Whether the trial court violated established precedent by awarding Plaintiffs approximately $1,000,000 in attorney's fees that were not supported by contemporaneous detailed billing records.

C. **Skill Required to Perform the Legal Services Properly**. This case required counsel to be familiar with various state laws related to defamation, intentional infliction of emotional distress, personal injury law, and state court trial and appellate practice.

D. **Preclusion of Other Employment**. Given the multiple, complex legal issues involved in the appellate work and the significant time required to address the issues, MDJW's representation in this case has limited MDJW's ability to accept other employment. MDJW is a mid-sized firm but has relatively few lawyers capable of addressing the multiple, complex, issues presented in the appeal. Therefore, the 2,043.60 hours spent by MDJW representing Debtor and Jones has required a significant amount of MDJW's capacity.

E. **Customary Fee**. The hourly rates for each professional are summarized above and detailed in the Invoice filed in support of this Application. The attorneys' rates reflect the usual rates charged by the MDJW. The hourly rates requested by MDJW compare favorably with the rates charged for similar appellate work by law firms representing similarly situated debtors, and are significantly less than those charged by larger firms.

F. **Whether the Fee is Fixed or Contingent**. MDJW's fee is neither fixed nor contingent, other than the contingency of Court allowance and available assets to pay professionals. It is based on the actual total number of hours worked plus the actual costs incurred.

G. **Amount Involved and Results Obtained**. The Invoice details MDJW's work during the period the services were rendered, the individual performing such services, descriptions of the services and the time expended are all detailed. MDJW believes that such information establishes that its requested compensation is reasonable. MDJW and The Reynal Firm, P.C., its co-counsel, ably argued and briefed the issues post-trial and have prepared and filed the appellate brief. Appellees have not yet filed their brief and the appeal is still pending.

H. **Experience, Reputation, and Ability of the Attorneys**. Christopher Martin, whose work was key to MDJW's representation, has decades of experience in advocacy. He is highly regarded by his peers with a very positive reputation in the legal community.

I. **"Undesirability" of Case**. Representation of the Debtor in this case was undesirable. Debtor's principal is a controversial figure and the subject of public ire. Further, given the contentious nature of the Sandy Hook Litigation and the underlying claims, even matters that should have been easily agreed upon were fiercely contested.

J. **Awards in Similar Cases**. Based on the MDJW's experience in the Texas legal market and

throughout the country, the MDJW's fees are lower than those allowed in proceedings of similar scope for the services rendered and results obtained.

## CONCLUSION

13. Pursuant to this Application, MDJW seeks final approval of (i) compensation in the total sum of $662,502.50 and (ii) allowance of expenses in the total sum of $18,934.01. MDJW further seeks compensation and reimbursement of the unpaid portion of Debtor's 50% responsibility of those amounts. MDJW requests approval and payment of all approved, accrued, and unpaid fees and expenses.

## PRAYER

WHEREFORE, MDJW respectfully prays that the Court enter an order (i) approving this Application; (ii) allowing the reasonable attorneys' fees and expenses claimed herein as allowed administrative expenses of Debtor's estate; (iii) authorizing and directing the payment of the remaining balance of approved amounts to MDJW promptly; and (iv) granting such other and further relief to which MDJW is justly entitled.

Respectfully submitted July 5, 2024.

**MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.**
808 Travis, Suite 1100
Houston, Texas 77002
Telephone (713) 632-1700
Facsimile 713-222-0101
Email: martin@mdjwlaw.com

By:  */s/ Christopher W. Martin*
Christopher W. Martin
Texas Bar No. 13057620

**SPECIAL COUNSEL FOR THE DEBTOR**

/s/ *Christina W. Stephenson*
**CROWE & DUNLEVY, P.C.**
Vickie L. Driver
State Bar No. 24026886
Christina W. Stephenson
State Bar No. 24049535
2525 McKinnon St., Suite 425
Dallas, TX 75201
Telephone: 737.218.6187
Email: dallaseservice@crowedunlevy.com

**ATTORNEYS FOR DEBTOR**
**FREE SPEECH SYSTEMS, LLC,**
**on behalf of Martin, Disiere, Jefferson & Wisdom, L.L.P.**

## CERTIFICATE OF SERVICE

On July 5, 2024, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system. A Notice will also be mailed to those creditors who are not registered to receive electronic notice.

*/s/ Christina W. Stephenson*
Christina W. Stephenson