IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | Case No. 22-60043 |
| Debtor. | § | |

**SUMMARY COVER SHEET TO FIRST AND FINAL FEE APPLICATION OF THE LAW OFFICE OF LIZ FREEMAN FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES AS COUNSEL FOR MELISSA HASELDEN, SUBCHAPTER V TRUSTEE FOR THE PERIOD DECEMBER 5, 2022 THROUG JUNE 14, 2024**

| **Name of Applicant:** | The Law Office of Liz Freeman, PLLC |
|---|---|
| Applicant's Role in Case: | Counsel to Melissa Haselden, Subchapter V Trustee |
| Docket No. of Employment Application: | Docket No. 789 |
| Interim Application (   )    No. ___<br>Final Application    (X) | First and Final |

| | **Beginning Date** | **End Date** |
|---|---|---|
| Time period covered by this Application for which interim compensation has not previously been awarded: | December 5, 2022 | June 14, 2024 |

| |
|---|
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? **Yes** |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed?  **Yes** |
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? **Yes** |
| Do expense reimbursements represent actual and necessary expenses incurred?  **Yes** |

| **Compensation Breakdown for Time Period Covered by this Application** | |
|---|---|
| **Total professional fees requested in this Application:** | $324,825 |

1

| | |
|---|---:|
| **Total professional hours covered by this Application:** | 434.2 |
| **Average hourly rate for professionals:** | $750.00 |
| **Total paraprofessional fees requested in this Application:** | N/A |
| **Total paraprofessional hours covered by this Application:** | N/A |
| **Average hourly rate for paraprofessionals:** | N/A |
| **Total fees requested in this Application:** | $324,825[1] |
| **Total expense reimbursements requested in this Application:** | $1,520.94 |
| **Total fees and expenses requested in this Application:** | $326,345.94 |
| **Total fees and expenses awarded in all prior Applications:** | N/A |
| **Plan Status:** The case was dismissed on June 21, 2024. | |
| **Primary Benefits:** As counsel to the subchapter V Trustee, the Applicant provided advice and services to the Trustee permitting the Trustee to fulfill her expanded duties. | |

---

[1] The Firm seeks payment of $275,000 plus actual expenses.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| FREE SPEECH SYSTEMS LLC, | § | |
| | § | Case No. 22-60043 |
| Debtor. | § | |

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The Law Office of Liz Freeman (the "Firm"), proposed counsel to the above-captioned case for Melissa Haselden, Subchapter V Trustee (the "Trustee"), submits its *First and Final Fee Application for Allowance and Payment of Fees and Expenses as Proposed Counsel to Melissa Haselden, the Subchapter V Trustee* (the "Application") for allowance of compensation for professional services provided in the total amount of $324,825 and reimbursement of actual and necessary expenses in the total amount of $1,520.94 that the Firm incurred for the period from December 5, 2022 through June 14, 2024, and payment of $275,000 plus reimbursement of expenses in the amount of $1,520.94 (the "Application Period"). In support of this Application, the Firm states as follows:

**I.     JURISDICTION**

1.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3

3. The basis for the relief requested is section 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Local Rule 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## II. RELIEF REQUESTED

4. The Firm requests that the Court allow on a final basis the Firm's compensation for professional services rendered during the Application Period in the total amount of $324,825, payment of $275,000, and reimbursement of actual and necessary expenses incurred by the Firm in the total amount of $1,520.94.

## III. PROCEDURAL BACKGROUND

5. On July 29, 2022 (the "Petition Date"), Free Speech Systems, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. Melissa Haselden was appointed as the subchapter V trustee (the "Trustee"). On September 20, 2022, the Court entered the *Order Expanding the Subchapter V Trustee's Duties Pursuant to 11 U.S.C. § 1183(b)(2) of the Bankruptcy Code* [Docket No. 183].

7. On June 21, 2024, the Court entered an order dismissing this case, but retaining authority and jurisdiction with regards to applications for compensation. [Docket No. 956].

## IV. THE TRUSTEE'S RETENTION OF THE LAW OFFICE OF LIZ FREEMAN, PLLC

8. In recognition of the complexities involved in this matter, the Trustee sought approval to retain Jackson Walker LLP ("JW"), as general bankruptcy counsel with Elizabeth Freeman acting as attorney-in-charge. [Docket No. 230]. The Court entered an order approving the retention of JW on November 7, 2022 [Docket No. 265].

9.  In December 2022, Ms. Freeman left JW and formed The Law Office of Liz Freeman, PLLC.  The Law Office of Liz Freeman, PLLC ("Freeman") worked as co-general counsel with JW with Ms. Freeman remaining the attorney in charge.  Freeman and JW worked in close coordination but in a way that avoided duplication of effort.

10. The Trustee entered into the engagement letter with Freeman in January 2023 and an application to employ was prepared and approved.  The application was not immediately filed due to an oversight.  Ms. Freeman was previously designated as counsel in charge through the order authorizing the employment of Jackson Walker LLP. [Docket #265]. Ms. Freeman provided valuable services to the Trustee, including helming the extensive report, Subchapter V Trustee's Initial Findings of Free Speech Systems LLC. [Docket #550].  Ms. Freeman took a very active role in this case, including frequent meetings and discussions with counsel to parties in an effort to facilitate resolution and has made appearances at hearings on behalf of the Trustee and spearheading a mediation effort in April 2024.  Ms. Freeman provided necessary and beneficial services to the Trustee.  An application to employ The Law Office of Liz Freeman, PLLC effective as of December 5, 2022 was filed on January 19, 2024. [Docket #789].

11. The Office of the United States Trustee filed an objection to the nunc pro tunc relief requested pursuant to the local rules. [Docket no. 809]. The application remains pending. Ms. Freeman discussed this application to employ Jayson Ruff and Ha Nguyen. The request for compensation with the courtesy discount the Firm determined to give at the inception of its involvement should moot the issue presented in the US Trustee objection. The Firm intends to limit its compensation to be paid to $275,000 (in addition to actual expenses). Out of an abundance of caution, this Application seeks compensation for efforts in preparing the Trustee's Initial Report filed on April 4, 2023 [Docket #550]. Alternatively, the Firm seeks payment for that effort as an administrative claim due to the substantial contribution made to the case through that work. However, this request does ***not*** modify the total professional compensation limit of $275,000. Ms. Freeman will continue discussions with the United States Trustee and anticipates filing a stipulation with the Court related to the employment application and this Application.

12. The Firm performed the services for which it seeks compensation on behalf of the Trustee, and not on behalf of any committee, creditor, or other entity.

13. Except as set forth in the Retention Application regarding payments paid to the Firm to hold in escrow during the case (a total of $200,000 is on deposit in the Firm's IOLTA account), the Firm received no payment and no promises for payment from any source other than through the estate for services provided or to be provided in any capacity whatsoever in connection with the Debtor's case.

14. Pursuant to Bankruptcy Rule 2016(b), the Firm has not shared, nor has the Firm agreed to share (a) compensation it has received or may receive with any other party or person other than the partners, counsel, and associates of the Firm or (b) any compensation another person or party has received or may receive.

## V. COMPLIANCE WITH INTERIM COMPENSATION ORDER

### A. Fees Incurred During the Application Period.

14. On September 30, 2022, the Court entered the *Order Establishing Procedures for Interim Compensation of Professionals* [Docket No. 202], setting forth the procedures for Court-approved professionals to serve monthly fee statements (each, a "Monthly Fee Statement") on certain parties that include a detailed statement of services rendered and expenses incurred by each professional for that particular month. The Firm did not file any Monthly Fee Statements during the Application Period.

15. The rates and expenses charged by the Firm are reasonable based on the customary compensation charged by comparably skilled practitioners in other bankruptcy matters. The Firm only has one timekeeper that billed on these matters. That timekeeper's rate is $750/hour. This is the same rate approved for the timekeeper under the order approving the employment of Jackson Walker. [Docket No. 265].

16. Detailed statements of services rendered, and expenses incurred by the Firm for the time periods are attached as reflected on the table below:

| Time Period | Exhibit | Compensation Requested |
|---|---|---|
| March 2023 | 1A | $29,700 |
| December 20 - December 31, 2023 | 1B | $2,700 |
| January 2024 | 1C | $23,025 |
| February 2024 | 1D | $40,125 |
| March 2024 | 1E | $79,500 |
| April 2024 | 1F | $52,950 |
| May 2024 | 1G | $41,250 |

7

| June 1 – June 14, 2024 | 1H | $54,525 |
|---|---|---|

**B.     Expenses Incurred During the Application Period.**

17.     **Exhibit 3** is a summary of expenses incurred during the Application Period. **Exhibit 3** details the total amount of reimbursement sought with respect to each category of expenses. The total expense request is $1,520.94.

## VI.     CASE SUMMARY

18.     During the Application Period, the Firm assisted the Trustee with fulfilling her duties under the Bankruptcy Code and the expansion of her powers by the Court. The Firm provided legal advice and services regarding numerous issues in this case, including:

(a)     assisting the Debtor in stabilizing business operations;

(b)     Assisting with developing a budgets and courses of actions, including proposed plans;

(c)     Taking discovery related to the investigation as well as litigation and the plan process;

(d)     Conducting an investigation of the Debtor's business, transfers, and other matters pursuant to the Court's expansion of duties;

(e)     Facilitating extensive discussions among the parties and mediations; and

(f)     performing all other services assigned by the Trustee to the Firm as counsel to the Trustee.

19.     Given the extensive involvement of the Trustee and her counsel in this complicated subchapter V case, the compensation and expense reimbursement sought for the Firm's necessary and beneficial professional services were necessary and appropriate, commensurate with the scale, nature, and complexity of this case, and should be approved.

**VII.  TERMS AND CONDITIONS OF EMPLOYMENT AND COMPENSATION**

20. The terms and conditions of the Firm's employment and compensation to be paid to the Firm are outlined in the Retention Application. Compensation is paid to the Firm from the Debtor's estate.

**VIII. PROFESSIONAL SERVICES PROVIDED BY THE FIRM TO THE TRUSTEE**

21. During the Application Period, the Firm provided important professional services to the Trustee in connection with the case. The Firm provided procedural and legal advice to the Trustee based on specialization and experience. Only one timekeeper for the Firm was billed on this matter. There were no rate increases during the period in which the Firm provided services to the Trustee. The Firm did not bill for administrative tasks, such as filing pleadings. The timekeeper was admitted to the bar in 1998 and is board certified in business bankruptcy by the Texas Board of Legal Specialization.

22. The following is a summary, by matter category, of the significant professional services the Firm rendered during this Application Period. A schedule of fees related to each matter sorted by category is attached as **Exhibit 2**.

(a) **Case Administration:  Fees: $78,750; Hours: 105** These fees include time spent by the Firm providing services related to the review of filings in the case, other than cash collateral or the plan. Additionally, the fees included in this category include services that the Firm provided regarding coordinating calls and meetings with the Debtor and other parties in the case. The Firm also reviewed documents and attended hearings in Alex Jones' bankruptcy case. The Firm worked extensively with the Debtor regarding budgeting, operations, products and evaluation of litigation and claims and causes of action. In the weeks leading up to the dismissal of the case, the Trustee worked with the Debtor to address actions taken by Mr. Jones and also preparation of an exit strategy and budget for either a dismissal or conversion of the case.

(b) **Communications:** **Fees: $131,925; Hours: 175.9.** The fees included in this category pertain to time spent by the Firm in corresponding, communicating and meeting with the Debtor and other parties. This case involved extensive facilitation of negotiations between the parties, particularly in 2024. The Trustee and counsel attended a mediation in April 2024.

(c) **Fee/Employment Applications: Fees: $2.3; Hours: 1,725**. The fees included in this category pertains to time spent by the Firm in preparing its retention application and this application for compensation.

(d) **Investigation/Litigation: Fees: $59,775; Hours: 79.7**. These fees relate to the investigations conducted by the Trustee throughout the case. The investigations required depositions, meetings and review of extensive document production culminating in a number of reports prepared and filed by the Trustee.

(e) **Cash Collateral: Fees: $150; Hours: .2**. These fees include time spent by the Firm on financial matters, including cash collateral.

(f) **Plan and Disclosure Statement: Fees: $30,450; Hours: 40.6**. These fees relate to reviewing and commenting on the iterations of the proposed chapter 11 plan, analysis of confirmation issues. The Firm worked extensively in developing and drafting plan proposals.

(g) **Document Preparation: Fees $18,975; Hours 25.3**. These fees relate to the preparation of reports and other pleadings.

### IX. COMPENSATION REQUESTED

23. The Firm seeks approval of $324,825 in fees and $1,520.94 in expenses but seeks to limit the compensation paid to $275,000 plus reimbursement of actual expenses. **Exhibits 1A-1H**, contain detailed time entries related to these fees and expenses. **Exhibit 3** is a chart detailing the summary of expenses for the Application Period, and **Exhibit 2** is a schedule to time entries for compensation requested by project category.

24. The Application meets the standards of Bankruptcy Code section 330 and applicable case law for compensation for services rendered to the Trustee. The Fifth Circuit sets forth the contours of the requirements for allowance of compensation under section 330 in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd., (In re Woerner)*, 783 F.3d 266 (5th Cir. 2015). In *Woerner*, the Fifth Circuit held that a court would allow compensation to an attorney for the debtor for services that are "reasonably likely to benefit" the estate, and that a court should adjudge the reasonableness of requested compensation "at the time at which the service was rendered." *Id*. at 273-74. All of the compensation requested in the Application meets the requirements of section 330 as delineated by the Fifth Circuit and should be approved.

25. The Firm provided necessary and beneficial services to the Trustee in many ways. The time the Firm spent on services rendered and the rates charged for such services were reasonable and necessary consistent with the Firm's role as counsel, in line with the *Johnson*[2] factors adopted by the Fifth Circuit in *In re First Colonial Corp*., 544 F.2d 1291, 1299 (5th Cir. 1977), as follows:

A.  **The Time and Labor Required.**

26. The amount of time spent by the Firm's professionals on this case for the Application Period was significantly greater than the 434.2 hours for which compensation is requested. The Firm was conscientious of the size of the case and the equities since the inception of the matter. The Firm determined andearly in the matter to limit the compensation being sought as a courtesy to the parties so as to avoid duplication with Jackson Walker.

B.  **The Novelty and Difficulty of the Questions Presented by the Case.**

---

[2] *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

27. This case presented a number unique questions of fact and law relevant to both bankruptcy and applicable nonbankruptcy law. Many issues that arose were a first for those involved in the matter.

**C.    The Skill Requisite to Perform the Legal Services Properly.**

28. The Firm possesses the skill required to properly perform the legal services involved, in particular bankruptcy law expertise, as well as practice experience before this Court, and knowledge of its local rules and procedures.

**D.    The Preclusion of Other Employment by the Attorneys due to Acceptance of the Case.**

29. The attorney at the Firm was precluded from employment on other cases by the challenges of this case. This case required quick attention and open availability from the Firm's attorney.

**E.    The Customary Fee for Similar Work in the Community.**

30. The fees charged by the Firm compare favorably with fees charged by other counsel in similar cases in this jurisdiction. The Fee is customary for the Firm. The Firm sets its fees consistent with available market data for similarly sized and situated firms given the years of experience of the attorney.

**F.    Whether the Fees are Fixed or Contingent.**

31. The Firm did not charge fixed or contingent fees.

**G.    Time Pressures Imposed by the Client or Circumstances.**

32. The circumstances of the case imposed time pressures due to the need to take steps to assist the Trustee in her investigation and reacting expeditiously to issues as they arose.

**H.    The Amount Involved and Results Obtained as a Result of the Attorney Services.**

33. Unfortunately, the case did not result in a confirmed plan. However, the Firm assisted the Trustee is fulfilling her role pursuant to the Bankruptcy Code and the Court's expansion of her duties and powers.

## I. The Experience, Reputation, and Ability of the Attorneys.

34. Ms. Freeman has over 25 years of experience in the area of bankruptcy law, including representation of chapter 11 debtors and trustees. Ms. Freeman is board certified in business bankruptcy law by the Texas Board of Legal Specialization.

## J. The Undesirability of the Case.

35. Every case carries some risks due to the uncertainty of payment stemming from the relatively unknown value of the debtor's principal assets and the debtor's ability to pay administrative fees and costs. Becoming involved in a case involving the Debtor presented challenges. There were no additional undesirable elements.

## K. The Nature and Length of the Professional Relationship with the Client.

36. Ms. Freeman has worked with the Trustee as opposing counsel over a number of years. Ms. Freeman has referred matters to the Trustee's firm in the past. This is the first case in which the Firm represented the Trustee.

## L. Awards in Similar Cases.

37. The fees requested are in line with fee awards approved in similar sized cases, by counsel with similar sophistication and experience.

38. The services provided by the Firm were necessary to assist the Trustee during the Application Period and were beneficial at the time at which the services were rendered. Further, the Firm performed the services within a reasonable amount of time commensurate with the complexity, importance, nature of the problems, exigencies, issues, and tasks addressed on behalf of the Trustee. Finally, the compensation sought is reasonable based on the customary

13

compensation charged by comparably skilled practitioners in cases under title 11 of the district. The Firm requests that the Court determine that the nature, extent, and value of these services were appropriate under the circumstances at the time the services were rendered.

39. The Trustee requests an additional $2,875 for preparing this Application.

## X. CONCLUSION

The Firm requests that this Court enter an order (a) granting final allowance and approval of compensation for professional services rendered during the Application Period in the amount of $324,825, and reimbursement of actual and necessary expenses incurred by the Law Office of Liz Freeman during the Application Period in the amount of $1,520.94, (b) authorizing the payment of $275,000 plus expense reimbursement of $1,520.94 as requested, and (c) granting such other and further relief as is just and proper.

Dated: July 5, 2024.

/s/ *Elizabeth C. Freeman*
_____
**LAW OFFICE OF LIZ FREEMAN**
Liz Freeman (TX Bar No. 24009222)
PO Box 61209
Houston, TX 77208-1209
Telephone:     (832) 779-3580
Email:  liz@lizfreemanlaw.com

Proposed Counsel to Melissa Haselden, subchapter V Trustee.