IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 7 |
| § | | |
| FREE SPEECH SYSTEMS LLC, § | | Case No. 22-60043 (CML) |
| § | | |
| Debtor. § | | |
| § | | |

**TRUSTEE'S <u>EXPEDITED</u> MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AMONGST THE TRUSTEE, PQPR HOLDINGS LIMITED LLC, DAVID JONES, CAROL JONES, PLJR HOLDINGS LLC, AND JLJR HOLDINGS LLC <u>PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019</u>**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**
>
> **Expedited relief has been requested. If the Court considers the motion on an expedited basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the expedited consideration is not warranted, you should file an immediate response.**

Christopher R. Murray, the Chapter 7 Trustee (the "<u>Trustee</u>") for the bankruptcy estate of Alexander E. Jones ("<u>Jones</u>" or the "<u>Debtor</u>"), files this expedited motion (the "<u>Motion</u>") requesting entry of an order approving the stipulation and agreed order attached hereto (the "<u>Settlement</u>") by and among the Trustee, on behalf of Free Speech Systems, LLC ("<u>FSS</u>") and PQPR Holdings Limited LLC ("<u>PQPR</u>"), Carol Jones, David Jones, PLJR Holdings LLC ("<u>PLJR</u>"), and JLJR Holdings LLC ("<u>JLJR</u>", collectively the "<u>Settling</u> <u>Defendants</u>") pursuant to Federal Rule of Bankruptcy Procedure 9019.

1

15615176

**I.      Jurisdiction**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"). This Court has constitutional authority to enter a final order with respect to this Motion.

**II.      Background**

**A. The Bankruptcy Cases**

3. FSS was formed on November 16, 2007. Prepetition, Jones was its sole member and owned 100 percent of the membership interests in FSS. On July 29, 2022 (the "FSS Petition Date"), FSS filed its voluntary petition for relief under chapter 11 subchapter V of the Bankruptcy Code. For reasons stated on the hearing held on June 14, 2024, the Court entered an order dismissing (the "Dismissal Order") FSS's chapter 11 case (the "FSS Case") [*See* Case No. 22-60043, Docket Nos. 955 and 956].

4. On December 2, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (prior to the Conversion Date, the "Jones Chapter 11 Case", and after the Conversion Date (defined below), the "Jones Chapter 7 Case").

5. The Debtor continued managing his assets as debtor and debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order Converting Debtor's Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code* [Docket

No. 708] on June 14, 2024 (the "Conversion Date"). On the Conversion Date, the U.S. Trustee appointed Christopher R. Murray as the Chapter 7 Trustee in the Jones Chapter 7 Case.

6. On October 6, 2022, PQPR filed proof of claim no. 11 in the FSS Case, asserting a secured claim against FSS in a total amount of $68,154,691.46 (the "PQPR Claim"). *See* FSS Claim No. 11-1. According to PQPR, the "basis" for the PQPR Claim is "Goods sold, unpaid account, resulting in 2 Promissory Notes and subsequent additional unpaid goods sold." FSS Claim No. 11-1 at 2.

7. The Debtor is an employee of FSS. 100 percent of the outstanding membership interests in FSS are owned by the Debtor's bankruptcy estate.

8. On September 25, 2024, the Court entered its *Order Supplementing Order Dismissing Case* [Case No. 22-60043, Docket No. 1021] (the "Supplemental Dismissal Order"). The Supplemental Dismissal Order provides that, as of the date of the Dismissal Order, all property of the bankruptcy estate of FSS vested in the Jones bankruptcy estate as property of that estate and under the control of the Trustee.

**B. The PQPR Adversary Proceeding**

9. Jones and members of his family hold interests in several entities that conducted business with FSS. One of these entities is PQPR, which is indirectly majority owned by Jones, minority owned by Jones's parents, and managed by Jones's father, David Jones.

10. The assets of FSS are allegedly subject to the claimed liens of PQPR, which are the subject of the adversary proceeding captioned *Free Speech Systems, LLC v. PQPR Holdings Limited LLC, et al.*, Adv. Case No. 23-03127 (Bankr. S.D. Tex.) (the "PQPR Adversary Proceeding") retained by this Court following the dismissal of the chapter 11 bankruptcy case of FSS. The Trustee has control over all of the assets of FSS pursuant to the Dismissal Order and the

Supplemental Dismissal Order, and the Trustee is authorized to administer the assets, which include the causes of action against the Settling Defendants.

11. After entry of the Dismissal Order, the Trustee and his advisors have engaged in extensive negotiations with PQPR, David Jones, and Carol Jones, amongst others, regarding a path forward for FSS that is both value-maximizing and sufficiently attentive to the realities facing the Debtor's estate and FSS.

12. The Connecticut Families and the Texas Families (together, the "Sandy Hook Families") filed lawsuits in Connecticut and Texas in 2018 based on statements made by Jones and FSS in the wake of the Sandy Hook Elementary School shooting. In or around 2020, Jones and PQPR began documenting debt that FSS allegedly owed to PQPR on account of products that PQPR had purchased and paid for from third parties.

13. On August 13, 2020, FSS and PQPR executed a promissory note in the principal amount of $29,588,000 made payable to PQPR, ostensibly to memorialize obligations accrued through December 31, 2018 (the "2020 Promissory Note"). The 2020 Promissory Note bears a 1.75% per annum interest rate and has a maturity date of August 1, 2050. Contemporaneously, FSS executed a security agreement allegedly granting PQPR a lien on all assets and future income of FSS (the "Security Agreement"). The Security Agreement is signed by Jones on behalf of FSS, and his father, David Jones, on behalf of PQPR. The Security Agreement allegedly secured the 2020 Promissory Note and other obligations "now owed or hereafter arising." There are effectively no communications or other documents concerning the negotiation of this almost $30 million 2020 Promissory Note and Security Agreement.

14. On November 10, 2021, FSS and PQPR entered into a second promissory note in a principal amount of $25,300,000 made payable to PQPR, which allegedly memorialized

obligations of FSS to PQPR from January 1, 2019 through December 31, 2020 (the "2021 Promissory Note," together with the 2020 Promissory Note, the "Promissory Notes"). The maturity date for the 2021 Promissory Note is November 10, 2036 and it bears an interest rate of 1.8% per annum.

15. On July 14, 2023, FSS initiated the PQPR Adversary Proceeding. On July 31, 2023, FSS filed its amended complaint (the "Amended Complaint"). [Adv. Docket No. 5]. The Amended Complaint seeks, amongst other things, the avoidance of transfers to PQPR, including granting PQPR security interests via the Security Agreement, incurring obligations to PQPR by the Promissory Notes, and additional cash transfers from FSS to PQPR, and asserted claims against the other Settling Defendants as the alleged mediate or immediate transferees of the transfers. The Complaint also seeks disallowance of the PQPR Claim under section 502(b) of the Bankruptcy Code. On September 8, 2023, certain defendants filed their answer to the Complaint. [Adv. Docket No. 17].

16. On April 19, 2024, certain defendants filed *PQPR Holdings Limited LLC's, JLJR Holdings LLC's, and PLJR Holdings LLC's Motion for Partial Summary Judgment* with respect to an approximately $6.3 million claim allegedly secured by the interests granted under the Security Agreement. [Adv. Docket No. 44]. The Settling Defendants' summary judgment motion states that this $6.3 million claim is owed on account of obligations incurred by FSS after Jones and PQPR executed the Security Agreement on August 13, 2020. On May 20, 2024, the Sandy Hook Families and FSS both filed oppositions to defendants' summary judgment motion. [Adv. Docket Nos. 55 and 59].

17. The Trustee has investigated the claims and causes of action that are the subject of the Settlement, and the Trustee and the Settling Defendants have engaged in extensive negotiations

regarding the terms of the Settlement. The Trustee believes the Settlement is in the best interests of Alex Jones' bankruptcy estate, his creditors, FSS, and its creditors.

### III. The Proposed Settlement

18. The material terms of the Settlement are set forth below:[1]

   a. **Settlement Payments.** For the sake of simplicity, given that the Alex Jones bankruptcy estate indirectly owns 72% of PQPR's equity, the Trustee agrees to pay a total of $375,000.00 ("Settlement Amount") to the David and Carol Jones, which amount shall be paid by the Trustee out of FSS funds held by the Trustee within five (5) business days of the Court's order approving the Settlement becoming a final order. PQPR shall assign the PQPR Lien and any other liens held by PQPR on FSS Assets to the Trustee within five (5) business days of this Stipulation and Agreed Order becoming a final order.

   b. **Releases.** The Settling Defendants shall release all claims and causes of action they hold, individually or collectively, against FSS and the Jones estate, *provided* that such release shall not apply to claims, causes of action, defenses, or offsets Carol or David Jones may have against the Alex Jones estate, and David and Carol Jones shall not be prohibited from filing Proofs of Claim in the Alex Jones case. Any such releases by the Settling Defendants shall be effective upon payment of the Settlement Amount. The Trustee shall release the claims of FSS against the Settling Defendants only as set forth in the Settlement, which are specifically related to the Promissory Notes, the Security Agreement, the PQPR Lien, theories that PQPR is the alter ego of FSS; or claims of FSS (directly or indirectly) against the Settling Defendants pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code or Chapter 24 of the Texas Business and Commerce Code, whether at law or in equity, whether or not asserted in the PQPR Adversary Proceeding. Notwithstanding anything to the contrary in the Settlement, nothing in the Settlement shall affect or otherwise release any claims or causes of action the Trustee, on behalf of Alex Jones's estate, FSS, or any other entity in which the Alex Jones estate owns an interest, may have against any trustees, co-trustees, beneficiaries, and/or settlors of any trusts to the extent the claims relate to property of FSS and/or Alex Jones's estate transferred to the trusts/trustees, and such claims shall not constitute Released FSS Claims (as defined in the Settlement). All rights and defenses with respect to such claims and causes of action are expressly reserved. For the avoidance of doubt, the Trustee is not releasing any claims on behalf of the Alex Jones personal chapter 7 bankruptcy estate and is not releasing any

---

[1] This Motion is intended only to summarize the material terms of the Settlement. The terms of the Settlement shall control. Capitalized terms used in this Motion but not otherwise defined herein shall have the meaning ascribed to them in the Settlement.

15615176

claims or causes of action against the Settling Defendants held by FSS except the Released FSS Claims.

c. **Withdrawal of PQPR Claim.** Within three (3) business days of the Settling Defendants' receipt of the Settlement Payment, PQPR shall file a notice of withdrawal with prejudice of the PQPR Claim.

d. **Dismissal of PQPR Adversary Proceeding and Creditors' Fraudulent Transfer Proceeding.** The Trustee will file the necessary pleadings with the Court to dismiss the Settling Defendants from the PQPR Adversary Proceeding, and Trustee and Defendants will jointly file the pleadings necessary to dismiss the Creditors' Fraudulent Transfer Proceeding (as defined in the Settlement) with prejudice within three (3) business days of payment of the Settlement Payment.

## IV.     Relief Requested

19.     The Trustee believes that the proposed Settlement resolving the dispute with the Settling Defendants is in the best interest of the Alex Jones estate, FSS, their creditors and all parties in interest and, accordingly, files this Motion seeking entry of an order (i) granting this Motion; (ii) approving the Settlement; and (iii) granting all other relief that is appropriate under the circumstances.

## V.     Request for Expedited Consideration

20.     As set forth herein, the Trustee seeks to resolve the issue of PQPR's alleged lien rights and its other alleged claims against FSS, the resolution of which is a crucial part of the administration of FSS's assets, and which the Trustee hopes to resolve before any future sale or other disposition of FSS's assets.  The Trustee is in the process of negotiating a sale of the FSS assets.  As such, the Trustee believes that expedited consideration of the Motion is warranted.

## VI.     Basis for Relief Requested

21.     Bankruptcy Rule 9019(a) authorizes settlements if they are "fair and equitable and in the best interest of the estate." *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980) (citing *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390

U.S. 414, 424 (1968)).  Courts consider the following factors when evaluating whether a compromise is fair and equitable:

a. The probabilities of success in the litigation, with due consideration for uncertainty in fact and law;

b. The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and

c. All other factors bearing on the wisdom of the compromise.

*Official Comm. of Unsecured Creditor v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop.)*, 119 F.3d 349, 356 (5th Cir. 1997).  In addition, under the rubric of the third, catch-all provision, the Fifth Circuit has identified two additional factors bear on the decision to approve a proposed settlement:

a. Whether the compromise serves "the best interests of the creditors, with proper deference to their reasonable views." *Id.* (internal citations omitted).

b. The extent to which the settlement is truly the product of arms-length bargaining and not of fraud or collusion.  *Id.* (internal citations omitted).

22.     The movant bears the burden of establishing that the balance of the settlement factors warrant approval.  However, that burden is not great.  The movant need only show that the settlement falls within the "range of reasonable litigation alternatives." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Cook v. Waldron*, 2006 WL 1007489, at *4 (S.D. Tex. Apr. 8, 2006).  Moreover, the movant is not required to present a mini-trial or evidentiary hearing to adjudicate the issues being settled.  The Court may give weight to the "informed judgments of the . . . debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Group*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

23.     Based on a review and analysis of the Settlement, the facts underlying the claims in the PQPR Adversary Proceeding, and after consultation with counsel, the Trustee has

determined in his reasonable business judgment that entering into the Settlement is in the best interest of the Debtor's estate, FSS, their creditors, and other parties in interest.

24. Given the risk inherent in further litigating the PQPR Adversary Proceeding, the current status of the Jones Chapter 7 Case and the funds available for distribution to creditors from FSS assets, the Trustee believes that settlement is in the best interests of the Debtor's estate, FSS, their creditors, and parties in interest. The Settlement represents a good faith, extensively negotiated arm's length resolution of these issues. Continued litigation of the PQPR Adversary Proceeding will be time-consuming and expensive and may result in the Trustee collecting nothing on a net basis.

25. The Trustee believes that PQPR's alleged liens are likely avoidable with respect to a significant portion of the PQPR Claim, but even if PQPR's alleged liens were avoided, the PQPR Claim would still represent a substantial general unsecured claim unless subordinated or otherwise challenged in further protracted litigation. The PQPR Claim alone is approximately $68 million. In addition, even if PQPR's alleged liens could be avoided, the Sandy Hook Families and other unsecured creditors of FSS would be forced to share pro rata in the proceeds of FSS's assets. The release of the alleged liens and the withdrawal of the PQPR Claim unencumbers significant value for FSS's unsecured creditors. The payment of $375,000 to the Settling Defendants is a small fraction of the amount PQPR, and by extension the other Settling Defendants, believe they are owed. While the Trustee believes that the vast majority of the PQPR Claim is, at best, a general unsecured claim, there is risk that PQPR would prevail on preserving its liens up to $6.3 million, substantially diminishing recoveries to FSS's unsecured creditors.

26. Lastly, while the Trustee believes there are colorable fraudulent transfer claims against one or more of the Settling Defendants, the Trustee is not releasing all such claims with

respect to those funds, as specifically set forth in the Settlement, and further the amounts recoverable from such released claims for the fraudulent transfers are small relative to the value of the release of PQPR's alleged liens and the withdrawal of the PQPR Claim.

27. The Trustee believes the proposed Settlement constitutes a favorable resolution of the dispute with the Settling Defendants and certainly falls within the "range of reasonable litigation alternatives." *See Cook*, 2006 WL 1007489, at 4. Accordingly, the Trustee believes that the Settlement is in the best interest of the Alex Jones estate, FSS, their creditors and parties in interest and files this Motion seeking Court approval of the Settlement.

[*Remainder of page intentionally blank*]

## VII. Prayer

WHEREFORE, the Trustee respectfully requests that the Court enter an order**:** (1) granting this Motion; (ii) approving the Settlement; and (iii) granting all other relief that is appropriate under the circumstances.

Dated: January 3, 2025.

                                              Respectfully Submitted,

By: */s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl (Bar No. 24038592)
Michael B. Dearman (Bar No. 24116270)
Jordan T. Stevens (Bar No. 24106467)
Kenesha L. Starling (Bar No.24114906)
**Porter Hedges LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
mdearman@porterhedges.com
jstevens@porterhedges.com
kstarling@porterhedges.com

*and*

Erin E. Jones (TX 24032478)
**Jones Murray LLP**
602 Sawyer Street, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Fax: (832) 529-3393
erin@jonesmurray.com

*Counsel for Christopher R. Murray, Chapter 7 Trustee*

11

15615176

**CERTIFICATE OF ACCURACY**

I, the undersigned, certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

> */s/ Joshua W. Wolfshohl*
> Joshua W. Wolfshohl

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on January 3, 2025.

> */s/ Joshua W. Wolfshohl*
> Joshua W. Wolfshohl

15615176